# Mark Schlachet, Esq.
3515 Severn Road
Cleveland, Ohio 44118
Tel:216-225-7559
FAX:216-932-5390
Email:markschlachet@me.com

Admitted: OH, NY

July 31, 2019

**VIA CM/ECF**
Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, New York 10007

      Re:    *Thimes Solutions Inc. v. TP Link USA Corporation, et al.,*
                Case No. 1:19-cv-04970

Dear Judge Caproni:

      We represent Plaintiff Thimes Solutions, Inc. (Thimes") and submit this letter in satisfaction of the Court's Notice of Initial Pretrial Conference (ECF No. 21) at paragraph 3:

**Brief Description of Case**

      ***Plaintiff Thimes Solutions Inc.'s Position:*** This is a commercial tort case where plaintiff-business was destroyed as a direct result of defendants' publication of false accusations to Amazon. TP-Link and Auction Brothers, Inc., dba Amazzia libeled plaintiff to be a counterfeiter. Plaintiff tried to reason with TP-Link/Amazzia . . . but they refused to engage. (One original defendant has been dismissed and another, Prevagen, Inc. ("Prevagen") will likely soon be dismissed. Prevagen has preliminarily shown that the challenged complaints made to Amazon in Prevagen's name were, in fact, the work of an imposter.)

      Plaintiff's conduct in all instances was lawful under the First Sale Doctrine and Fair Use Doctrine. Under theses doctrines a trademark holder enjoys a "distribution right" and may initially sell, or not sell, trademarked items to others on such terms as he or she sees fit. However, the trademark holder's exclusive distribution right is limited to the first sale of the trademarked item. The distribution right may be exercised solely with respect to the initial disposition, not to prevent or restrict the resale or further transfer of possession.

Amazon is fully aware of the foregoing and will not enforce IP complaints against a third-party seller such as plaintiff for selling trademarked goods subsequent to their initial distribution.  To circumvent Amazon's limitations on IP enforcement, defendants lied to Amazon and falsely accused plaintiff of conduct Amazon does deem actionable, i.e. counterfeiting, when Defendants never had a good faith belief that plaintiff counterfeited.  As a result of these lies, Plaintiff was expelled from the Amazon platform and may longer sell on Amazon.

Plainitff brought the instant action in libel and tortious interference with existing and prospective contract and economic relations to recover damages, and for declaratory relief to the effect that plaintiff's conduct in selling defendants' products was and is lawful.  The Court has personal jurisdiction of TP-Link and Amazzia by reason of the activities of TP-Link's Tom Lei who, on behalf of TP-Link and in concert wth Amazzia, effected New York purchases, surreptitiously, from plaintiff, which purchases bear an articulable nexus and substantial relationship to the claims at suit. (FAC, ¶29).  Specifically, by reason of such purchases TP-Link/Amazzia is seen to have had (1) *knowledge* that plainitff's TP-Link products were authentic and (2) culpable *intent* to harm.

***Defendant TP-Link USA Corporation's Position:*** As an initial matter, plaintiff has not pleaded facts to establish the amount-in-controversy that would establish that this Court has subject matter jurisdiction over the present case.  The only facts pleaded by plaintiff relate to historic online sales through Amazon; there are no factual allegations to establish that plaintiff has existing inventory of any genuine TP-Link products acquired through legitimate and lawful means that it is blocked from selling on Amazon and has been otherwise unable to sell or sold for a loss.  As a result, the Amended Complaint does not establish federal subject matter jurisdiction.  Further, the facts alleged do not support any independent ground for subject matter jurisdiction under the Declaratory Judgment Act.

Further, plaintiff has not pleaded facts to establish, and TP-Link is not, subject to personal jurisdiction in the United States District Court for the Southern District of New York arising from the allegations set forth in the Amended Complaint.  Accordingly, this case should be dismissed for lack of personal jurisdiciton, and TP-Link intends to file a motion in response to the Amended Complaint to that effect.

These preliminary legal issues regarding subject matter jurisdiction, and peronal jursidiction over TP-Link, should be resolved before the litigation proceeds to discovery or any other further action is undertaken.

Finally, plaintiff has not pleaded facts sufficient to state a viable claim agaisnt TP-Link.  Accordingly, to the extent that the case is not dismissed for lack of personal jurisdiction, the Amended Complaint should be dismissed, with prejudice, for failure to state a claim.  In particular, the Amended Complaint fails to expressly identify any specific statements actually made by TP-Link, and the Amended Complaint fails to plead facts that would establish that any statements actually made are in fact false.  Further, while plaintiff pleads that he purchased some number of TP-Link products from "a reputable supplier," he does not allege facts to establish the application of the First Sale Doctrine or Fair Use Defense (such as, for example, the identity of

the supplier or that the supplier gained possesion of such products in a lawful and proper manner. These failures doom each and every asserted cause of action. In addition, plaintiff's claim for tortious interference with contract requires, as an element, actual breach of an existing contract. However, the Amended Complaint does not plead facts to establish that Amazon, or any other third party, breached any contract with plaintiff

***Defendants Auction Brothers, Inc. and Michael Fikhman's Position***: For similar (and additional) reasons to those set forth by TP-Link above, defendants Auction Brothers, Inc. and Michael Fikhman (collectively "Auction Brothers"), both California residents, intend to move to dismiss the Amended Complaint on the grounds of lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim. Further, it is noted that Michael Fikhman has been sued in this lawsuit for nothing more than his role as CEO of Auction Brothers, Inc. and will move to dismiss for independent reasons (should this issue—which the parties are currently discussing—not be resolved beforehand). Auction Brothers joins in TP-Link's position that these threshold issues should be resolved before the litigation proceeds to discovery.

***Defendant Prevagen, Inc.'s Position***: There is no basis for any liability as against Prevagen because the complaints about Thimes that forms the basis of Thime's claim were submitted not by Prevagen but instead by a third-party "imposter" posing as Prevagen. Accordingly, the action should be dismissed in its entirety as against Prevagen.

In the event the action is not dismissed, Prevagen will move to dismiss the complaint and will defend the matter on the merits.

## Subject Matter jurisdiction

***Plaintiff Thimes Solutions Inc.'s  Position***: This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the citizenship of the parties is diverse and the amount in controversy is in excess of $75,000, exclusive of costs and interest. Plaintiff alleges (¶7, Am. Complt. "FAC") that it "was selling around $400,000-500,000 per month on amazon.com. Net margins were roughly 20%," but that "Defendants' acts destroyed plaintiff's relationship with Amazon, thereby causing the destruction of plaintiff's business.(*Id.* at ¶71). Compensatory damages are at least $5,000,000 (*Id.* at Prayer, ¶A.)

Plaintiff is a New York corporation while TP-Link is a California corporation, Amazzia and Mikhail Fikhman are California residents. This Court also has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. 2201 to declare the legal relations of the parties hereto vis-a-vis plaintiff's right to sell online goods with respect to which defendants or their privies hold trademarks and other intellectual properties.

***Defendant TP-Link USA Corporation's Position:*** As set forth above, plaintiff has not pleaded facts sufficient to establish subject matter jurisdiction under either of the grounds asserted.

## Contemplated Motions

***Defendant TP-Link USA Corporation's Position***: Defendant TP-Link USA Corporation intends to respond to the Amended Complaint by filing a motion to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim.  In another case filed by plaintiff's counsel against TP-Link in the United States District Court for the Eastern District of New York in 2018, arising from similar claims by another plaintiff, TP-Link moved to dismiss for lack of personal jurisdiction.  That motion was heard in April and was taken under submission by the Court at that time, but no decision has yet issued.  *Careful Shopper, LLC v. TP-Link USA Corporation*, 1:18-cv-03019 (RJD)(RML) (E.D.N.Y. filed May 22, 2018).

***Defendants Auction Brothers, Inc. and Michael Fikhman's Position***: As set forth above, Auction Brothers similarly intends to file a motion to dismiss.

***Defendant Prevagen, Inc.'s Position***: In the event that the matter is not dismissed voluntarily, Defendant Prevagen intends to move to dismiss on the grounds, at a minimum, that plaintiff has failed to plead sufficient facts demonstrating that it engaged in any wrongful acts, and that the nature of the underlying contract precludes a claim for tortious interference with contract or tortious interference with business relations, and that plaintiff has failed to allege the elements of libel *per se.*

## Prospect for Settlement

***Plaintiff Thimes Solutions Inc.'s  Position***: During the instant joint-letter process TP-Link alleged that plaintiff had not made a settlement demand but that TP-Link wished to pursue an early settlement, conditioned on plaintiff providing one-way discovery as to the identity of plaintiff's source of TP-Link products.  Plaintiff is prepared to diligently pursue settlement at this time or at any other time through referral to the Magistrate Judge.  Plaintiff in similar EDNY litigation pursued early settlement soon after commencement; but TP-Link never counter-offered.  Here TP-Link appears to be feigning belief that plaintiff merely seeks to recover for being unable to sell its remaining inventory of TP-Link products when, as above stated, plaintiff seeks to recover for the destruction of its Amazon-related business in its entirety by losing access to the Amazon Marketplace and $60,000-$100,000 in monthly profits.  Plaintiff made settlement demands on TP-Link, Auction Brothers, Inc. and Mikhail Fikhman on July 30, 2019.  Plaintiff has provided one of two relevant invoices to TP-Link, sufficient in and of itself to sustain this action.  Plaintiff seeks to share the identity of its second source of TP-Link products with counsel but seeks a means of cooperatively doing so without unnecessarily subjecting that source to commercial harm.  As for authenticity, plaintiff has some 100 units of the subject TP-Link product (from the second, undisclosed source) from the lot in question, in factory sealed packaging, available for examination by TP-Link upon due protocol.  In truth TP-Link's concerns of lawful acquisition (as opposed to authenticity) are *post facto* and were not relevant to TP-Link's misconduct, directed at purchasers from "authorized" (e.g. plaintiff in the EDNY action) and "non-authorized" (e.g. instant case) channels alike.  Finally, TP-Link complained of "counterfeit" to Amazon . . . not stolen.

*Defendant TP-Link USA Corporation's Position*: During the instant joint-letter process, and in response to TP-Link's representation that TP-Link would be open to early settlement negotiations if Plaintiff shared sufficient information to establish that the products it sold were genuine TP-Link products purchased through legal and proper channels, Plaintiff made an opening settlement demand.  Subsequently, Plaintiff has made certain limited disclosures regarding the source of products that TP-Link believes undercut Plaintiff's claims and further demonstrate that the Complaint against it should be dismissed.  Nonetheless, TP-Link is open to pursue the possibility of any early settlement through referral to the Magistrate Judge.

*Defendants Auction Brothers, Inc. and Michael Fikhman's Position*: Auction Brothers' position is that plaintiff's lawsuit fails on jurisdictional grounds and, even if it did not, plaintiff cannot state an actionable claim against Auction Brothers.  As such, Auction Brothers has no liability in this lawsuit.  Nevertheless, Auction Brothers is willing to participate in dispute resolution before a Magistrate Judge upon agreement of all parties to same.

*Defendant Prevagen Inc.'s Position:* Prevagen believes that the matter can and should be dismissed as against it given that it did not engage in the challenged conduct.  Prevagen and plaintiff are in discussions concerning how to implement this dismissal.

### Issues to be Addressed at Initial Pretrial Conference

*Plaintiff Thimes Solutions Inc.'s Position*: Plaintiff wishes to proceed with discovery per the proposed Civil Case Management Plan and Scheduling Order submitted herewith.  Plaintiff agrees to stay discovery if the case is referred to the Magistrate-Judge for mediation, but not otherwise.

*Defendant TP-Link USA Corporation's Position*:TP-Link strongly believes that the preliminary issues of subject matter jurisdiction and personal jurisdiction should be resolved before the litigation proceeds to discovery or any other further action is undertaken.  Accordingly, it is TP-Link's position that the Court's standard form Civil Case Management Plan and Scheduling Order should govern, *except that all dates should be triggered from a decision adjudicating TP-Link's motion to dismiss*.

*Defendants Auction Brothers, Inc. and Michael Fikhman's Position*: Auction Brothers joins in the position that no initial disclosures, discovery or other activity should proceed until at least fourteen (14) days after resolution of the defendants' motions to dismiss.   Beyond the foregoing, and without waiver of any jurisdictional objections, Auction Brothers has no other substantive objections or revisions to the draft Scheduling Order.

*Defendant Prevagen Inc.'s Position***:** joins in the position that no initial disclosures, discovery or other activity should proceed until at least fourteen (14) days after resolution of the defendants' motions to dismiss

Respectfully yours,

 /s/ Mark Schlachet
