UNITED STATED DISTRICT COURT

FOR THE

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THIMES SOLUTIONS, INC.<br><br>Plaintiff,<br><br>vs.<br><br>TP-LINK USA CORPORATION ET AL<br><br>Defendant | Civil Action No.: 2:19-CV-10374-PA-E<br><br>*Notice of Related Civil Cases* |

PLEASE TAKE NOTICE that the captioned case is related to *TP-Link USA Corporation v. Careful Shopper et al,* CASE NO: 8:19-CV-00082-JLS-KES and that this notice is given pursuant to *L.R. 83-1.3.1 Notice of Related Civil Cases:*

It shall be the responsibility of the parties to promptly file a Notice of Related Cases whenever two or more civil cases filed in this District:

1. (a)  arise from the same or a closely related transaction, happening, or event;
2. (b)  call for determination of the same or substantially related or similar questions of law and fact; or
3. (c)  for other reasons would entail substantial duplication of labor if heard by different judges.

. . . .

The Notice of Related Cases must include a brief factual statement that explains how the cases in question are related under the foregoing factors. All facts that appear relevant to such a determination must be set forth.

## MEMORANDUM

### A. This *Thimes* Case and the *Careful Shopper* Case before Judge Staton

This is a commercial tort case where Amazon seller *Thimes Solutions Inc.* was destroyed as a direct result of defendants' publication of false accusations to Amazon. TP-Link USA Corporation ("TP=Link") and Auction Brothers, Inc. dba Amazzia libeled plaintiff on 28 separate occasions to have listed--not sold—counterfeit TP-Link products. Plaintiff tried to reason with TP-Link/Amazzia . . . but they refused to engage.

Plaintiff's conduct in all instances was lawful under the First Sale Doctrine and Fair Use Doctrine. Under theses doctrines a trademark holder enjoys a "distribution right" and may initially sell, or not sell, trademarked items to others on such terms as he or she sees fit. However, the trademark holder's exclusive distribution right is limited to the first sale of the trademarked item. The distribution right may be exercised solely with respect to the initial disposition . . . not to prevent or restrict a lawful purchaser's listing, resale or further transfer of possession.

Amazon is fully aware of the foregoing and will not enforce IP complaints against a third-party seller such as plaintiff for listing or selling trademarked goods subsequent to their initial distribution. To circumvent Amazon's limitations on IP enforcement, defendants lied to Amazon and falsely accused plaintiff of conduct Amazon does deem actionable, i.e. counterfeiting, when defendants never had a good faith belief that plaintiff counterfeited. As a result of these lies, *Thimes* was expelled from the Amazon platform and may longer sell on Amazon.

Plainitff filed this *Thimes* action before the United States District Court for the Southerrn District of New York ("SDNY") in libel and tortious interference with existing and prospective contract and economic relations to recover damages, and for declaratory relief to the effect that plaintiff's conduct in marketing TP-Link products was and is lawful. On December 6, 2019 District Judge Valerie Caproni conducted a Case Management Conference in SDNY and expressed herself strongly that, because the "related case" of *Careful Shopper LLC v. TP-Link USA Corporation, et al.* was pending before Judge Staton in this United States District Court for the Central District of California ("CDCA"), the instant case should be transferred to the CDCA. With Plaintiff's consent Judge Caproni entered the order transferring venue that same day. (Dkt. No.51)

In finding the two cases at bar "related," Judge Caproni likely evaluated relatedness under the SDNY's Rule 13 of the Rules for the Division Of Business Among District Judges:

> (1) General Rule. Subject to the limitations set forth below, a civil case, bankruptcy appeal, or motion to withdraw the bankruptcy reference will be deemed related to one or more civil cases, appeals or motions when the interests of justice and efficiency will be served. In determining relatedness, a judge will consider whether (A) the actions concern the same or substantially similar parties, property, transactions or events; (B) there is substantial factual overlap; (C) the parties could be subjected to conflicting orders; and (D) whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the Court, parties or witnesses.

### B. The *Thimes* and *Careful Shopper* Complaints Present a Multitude of Common Factual and Legal Issues

Plaintiff *Thimes* and *Careful Shopper* have the same attorney, Mark Schlachet, who drafted the complaints in both cases, using similar theories, facts and language. Indeed TP-Link's description of the *Careful Shopper* complaint in EDNY is such that this court can easily grasp that *Careful Shopper* and this *Thimes* case are substantially identical:

The operative Amended Complaint is straightforward. Plaintiff Careful Shopper alleges that it was expelled from the Amazon.com marketplace platform as the result of complaints made by TP-Link USA Corporation ("TP-Link") about the unauthorized marketing and sale of TP-Link products by Plaintiff. Plaintiff claims the complaints were libel *per se*, and constitute tortious interference. *There is no dispute* that the claimed defamatory statements were made by a California-based third-party monitoring service (called "Amazzia") to Amazon in Washington.

. . . .

Plaintiff sold TP-Link-branded technology to downstream consumers using Amazon. The problem with this is that Plaintiff *admits it is not an authorized **reseller** of TP-Link products*. Thus, while Plaintiff represents to consumers that it sells new genuine TP-Link products, it does not in fact do so because TP-Link's warranty does ***not*** convey with such unauthorized resales.

The yellow highlighted parties (TP-link and Amazzia), key facts (unauthorized sales), claims (tortious interference and libel), and defenses (warranty disclaimer as to "unauthorized sales") are common to both cases. In addition, both cases must rely critically upon information as to Amazon.com's practices and policies . . . information that must be obtained directly from Amazon.

### C. Status of the Two Cases

Both cases are in identical status for instant purposes,[1] to wit: in neither case has TP-Link or Amazzia responded to the claims of tortious interference or libel. Nevertheless, Judge Staton has entered a deadlines order initiating discovery, *inter alia,* and both parties have propounded significant discovery to the other. Additionally, Careful Shopper has served a subpoena *duce tecum* on Amazon, returnable January 15, 2019 in Seattle, Washington. Undersigned counsel for

---

[1] The TP-Link case before Judge Staton, for trademark infringement and progeny, was filed while *Careful Shopper* was pending in EDNY. We believe it was filed solely to harass and intimidate Careful Shopper's principals. Subsequent to its file, Judge Raymond Dearie dismissed *Careful Shopper* for want of personal jurisdiction, while denying TP-Link's concurrent motion to compel arbitration. Careful Shopper then refiled its allegations of tortious interference, etc. as counterclaims and third-party claims before Judge Staton.

both plaintiffs has shared all discovery requests, responses, privilege log and Amazon subpoena with Amazzia counsel, which counsel represents Amazia in both cases.

**D.  Common Facts and Law in the Two Cases**

The essence of the complaints is the unlawful combination of Amazzia and TP-Link to eliminate discount sellers of TP-Link products and the execution of their plan to do so. The principal facets of the arrangement are essentially identical, to wit: Tom Lei purchased, received and examined authentic products from Plaintiffs; Amazzia executed contracts with TP-Link to "clean up" the latter's discount seller problem, embracing both Thimes and Careful Shopper; multiple libelous IP complaints for counterfeiting are lodged with Amazon against both Thimes and Careful Shopper; both Thimes" and Careful Shopper's storefronts were destroyed when Amazon implemented its policy of expulsion, applicable to multiple alleged offenders based upon the IP complaints aforesaid; and  both Thimes and Careful Shopper were multiple offenders due sole to the Amazzia-TP-Link combination at suit.

Discovery of this plan and its execution will involve common, indeed identical areas of inquiry.  As well, Amazon will be asked to produce significant amounts of information.  The massive work this case will entail, both in this District and the Western District of Washington, can be halved by a consolidation for pretrial purposes.

TP-Link and Amazzia are the defendants/third-party defendants in both cases.  The only difference in parties is the name(s) of the destroyed plaintiff-businesses.

The factual and legal issues are virtually identical, for example: (1) whether Amazzia/TP-Link lied to Amazon; (2) whether Amazon policy called for the expulsion of the third-party seller reported for counterfeiting but not for trademark infringement; (3) whether destroyed storefronts can recover damages and, if so, under what theories and showing; (4) whether Section

349-b of New York's General Business Law, prohibiting manufacturers from disclaiming new product warranties, applies here; (4) whether the 9th Circuit permits a trademark infringement claim based on differences in warranties; (5) whether, assuming there could be a trademark infringement based upon differences in new product warranties, Amazon would have take action against an alleged infringer; and (6) whether the fact that Amazon would not take such action is the very reason that TP-Link and Amazzia lied and claimed counterfeiting.

Other factors deserving attention are (1) the unnecessary burden upon two District Judges in having to administer separate cases to achieve what one District Judge can achieve with half the resources; (2) Rule 1 FRCP's prescription to dispense justice inexpensively: and (3) the chance that two virtually identical cases will engender of inconsistent rulings.

Respectfully submitted,


LAW OFFICE OF
MARK SCHLACHET

/s/ Mark Schlachet

Mark Schlachet *(pending PHV)*
3515 Severn Road
Cleveland, Ohio 44118
Telephone: (216) 225-7559
Facsimile: (216) 932-5390
markschlachet@me.com

*Attorney for Thimes Solutions, Inc.*