Stephen R. Smerek (State Bar No. 208343)
email:  ssmerek@foley.com
**FOLEY & LARDNER LLP**
555 South Flower Street, Suite 3300
Los Angeles, CA 90071-2411
Telephone:  213-972-4500
Facsimile:   213-486-0065

Attorneys for TP LINK USA CORPORATION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS INC.,<br><br>            Plaintiffs,<br><br>      v.<br><br>TP LINK USA CORPORATION, et al.<br><br>            Defendants. | **Case No:  2:19-cv-10374-PA (Ex)**<br><br>DEFENDANT TP LINK USA CORPORATION'S RESPONSE TO PLAINTIFF'S NOTICE OF RELATED CASES (DKT. 65)<br><br>Courtroom:  9A |

Pursuant to L.R. 83-1.3.3, Defendant TP Link USA Corporation ("TP-Link" or "Defendant") submits this statement in response to Plaintiff Thimes Solutions Inc.'s ("Thimes" or "Plaintiff") Notice of Related Civil Cases (Dkt. 65, the "Notice").

TP-Link hereby responds to Plaintiff's Notice and takes the position that the present case does not qualify as a related case to *TP-Link USA Corporation v. Careful Shopper et al,* Case No. 8:19-cv-00082-JLS-KES (the "*Careful Shopper* Case"), and need not be reassigned. The cases do not 1) "arise from the same or a closely related transaction, happening, or event"; 2) call for determination of the same or substantially related or similar questions of law and fact; or 3) entail substantial duplication of labor if heard by different judges." L.R. 83-1.3.1. Specifically, the present case does not qualify as a related case for the following reasons:

*First*, the parties in the two cases are different. Plaintiff Thimes Solutions is not a party to the *Careful Shopper* Case, and Careful Shopper is not a party to the present case. Separate from the fact that both are represented by the same counsel, the two are wholly-unrelated parties.

*Second*, plaintiff's counsel initially filed claims against Defendant TP-Link in two separate cases in two separate courts, undercutting any newfound claim that the separate claims in these two separate cases should proceed together. Careful Shopper, the Defendant-Counterclaimant and Third-Party Plaintiff in the existing *Careful Shopper* Case, initially filed claims against TP-Link in the Eastern District of New York (Case No. 1:18-cv-03019-RJD-RML). Thimes Solutions was not a part of that case, but separately initiated the present case in the Southern District of New York (Case No. 1:19-cv-04970-VEC).

*Third*, the cases involve different underlying facts and thus the questions of fact, and law applied to those facts, will be distinct for each case. As alleged, the cases do not involve the same or closely related transaction, happening, or event. Rather, each case involves separate and distinct alleged statements to Amazon regarding different conduct by different parties. Thus, the fundamental issues stem from different actions or

1

occurrences. See *CSI Elec. Contractors, Inc. v. Zimmer Am. Corp.*, No. CV 12-10876 CAS (AJWx), 2013 U.S. Dist. LEXIS 73500 (C.D. Cal. May 22, 2013) (denying a motion to consolidate two cases that shared some common issues of fact, but ultimately involved different fundamental issues stemming from different contracts).

*Fourth*, the cases involve different causes of action, and thus different legal issues. In the present case, Plaintiff has asserted a tortious interference with contract claim and a declaratory judgment claim, which are not asserted in the *Careful Shopper* Case. Further, in the *Careful Shopper* Case, TP-Link has asserted claims for violation of the Lanham Act under 15 U.S.C. § 1051, unfair competition under 15 U.S.C. § 1125(a), unfair competition under Cal. Bus. Prof. Code § 17200, common law injury to business reputation, common law unfair competition, common law trademark infringement, and unjust enrichment. See *U.S. Rubber Recycling, Inc. v. Encore Int'l, Inc.*, No. CV 09-09516 SJO (OPx), 2011 U.S. Dist. LEXIS 11678, at *39-43 (C.D. Cal. Jan. 7, 2011) (declining to consolidate two actions, in part because one action asserted four claims that did not exist in the other action).

*Fifth*, there is little risk of inconsistent rulings because the cases involve different parties, different claims, and distinct facts related to each case.

*Sixth*, the posture and status of the two cases are different. In the *Careful Shopper* Case, TP-Link is the plaintiff, *Careful Shopper* has responded to the Complaint, the parties have already conducted the Rule 26(f) conference, the Court has entered a Scheduling Order, and discovery has commenced. By contrast, in the present case, TP-Link is the defendant, no date has been set for a response to the complaint, the parties have not conducted the Rule 26(f) conference, no scheduling order has been entered, and discovery has not commenced.

*Seventh*, L.R. 83-1.3.1 states that the fact that "cases may involve the same patent, trademark, or copyright does not, by itself," mean that the cases are related. Here, there is even less reason to find that the cases related. At most, the cases might share some potential overlap regarding certain legal issues, but this is no different from the shared

4818-8038-8271.2

legal issues concerning patent or trademark infringement, which the Local Rules explicitly state is insufficient in itself to support a finding of related cases.

The only actual connection between the present case, and the *Careful Shopper* Case, appears to be that the same counsel is prosecuting the cases on behalf of Thimes Solutions and Careful Shopper. This is not an appropriate basis to reassign the present case, or to consolidate or coordinate proceedings. *See* L.R. 83-1.3.1.

For the foregoing reasons, TP-Link respectfully requests that the present case not be reassigned or otherwise consolidated or coordinated with the *Careful Shopper* Case.

Dated: December 16, 2019

/s/ *Stephen R. Smerek*
Stephen R. Smerek
**FOLEY & LARDNER LLP**

**Attorneys for TP LINK USA CORPORATION**

4818-8038-8271.2

3