UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10374 PA (Ex) | Date | January 7, 2020 |
|---|---|---|---|
| Title | Thimes Solutions Inc. v. TP Link USA Corporation et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

  Before the Court is a First Amended Complaint filed by plaintiff Thimes Solutions Inc. ("Plaintiff") on July 2, 2019.  (Docket No. 32.)  Plaintiff alleges that the Court possesses diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, but the Complaint fails to adequately show the parties are completely diverse.  Plaintiff also alleges the Court possesses jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, but Plaintiff's prayer for declaratory relief does not create jurisdiction over this action. See City of Colton v. Am. Promotional Events, Inc.-West, 614 F.3d 998, 1006 (9th Cir. 2010) ("It is well settled that the Declaratory Judgment Act does not itself confer federal subject matter jurisdiction but merely provides an additional remedy in cases where jurisdiction is otherwise established.").  The Court therefore dismisses the First Amended Complaint and grants Plaintiff leave to amend to establish federal subject matter jurisdiction.

  Federal Rule of Civil Procedure 8(a) requires, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1).  This District's Local Rules further provide that "[t]he statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in . . . any document invoking this Court's jurisdiction." Local Civil Rule 8-1.  Federal courts have subject matter jurisdiction over only those matters authorized by the Constitution and Congress. Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986). In seeking to invoke this Court's jurisdiction, Plaintiff bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).  Jurisdiction may be based on complete diversity of citizenship, requiring all plaintiffs to have a different citizenship from all defendants and for the amount in controversy to exceed $75,000.00.  See 28 U.S.C. § 1332.

  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  See Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  But residence is not necessarily the same as domicile. Id. ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.").  To establish citizenship for diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10374 PA (Ex) | Date | January 7, 2020 |
|---|---|---|---|
| Title | Thimes Solutions Inc. v. TP Link USA Corporation et al. | | |

business." 28 U.S.C. § 1332(c)(1).  In addition, the citizenship of a partnership or other unincorporated entity is the citizenship of its members.  See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction.").  "[T]o properly plead diversity jurisdiction with respect to a limited liability company, the citizenship of all members must be pled."  Schweiss v. Greenway Health, LLC, 2019 U.S. Dist. LEXIS 90066, at *4 (C.D. Cal. May 29, 2019) (citing NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606 (9th Cir. 2016)) (emphasis added).

      Plaintiff's citizenship allegations in the First Amended Complaint are deficient for several reasons.  First, Plaintiff only alleges that it is "a Suffern, New York business that operates within a market niche which serves as a valuable, efficient segment of the economy." (Docket No. 32 ¶3.)  This information alone is insufficient to determine Plaintiff's state of incorporation or principal place of business.  Second, Plaintiff only alleges that defendant TP-Link USA, Inc. has a "principal place of business at 145 South State College Blvd., Suite 400, Brea, California, 92821" but does not specify its state of incorporation.  (Id. at ¶12.)  Third, Plaintiff does not specify the citizenship of defendant Mikhail J. Fikhman or Auction Brothers, Inc.  It appears that Plaintiff has only presented sufficient citizenship allegations for defendant Prevagen, Inc.  (See id. at ¶41 ("Prevagen, Inc., dba Sugar River Supplements, is a Wisconsin corporation with its principal place of business at 726 Heartland Trl, Ste. 300, Madison, WI 53717.").)  "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."  Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).

      For these reasons, the Court dismisses Plaintiff's First Amended Complaint for lack of subject matter jurisdiction.  Despite these deficiencies, a district court may, and should, grant leave to amend when it appears that subject matter jurisdiction may exist—even though the complaint inadequately alleges jurisdiction.  See 28 U.S.C. § 1653; Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1561 (9th Cir. 1987) ("Leave to amend a complaint should be freely given in the absence of a showing of bad faith or undue delay by the moving party or prejudice to the nonmoving party."). The Court hereby grants Plaintiff leave to amend to attempt to establish federal subject matter jurisdiction.  **Plaintiff's Second Amended Complaint, if any, shall be filed no later than January 21, 2020.**  The failure to timely respond will result in the dismissal of this action without prejudice.  Plaintiff would then be free to pursue its claims in state court.

      IT IS SO ORDERED.