Stephen R. Smerek (State Bar No. 208343)
email: ssmerek@foley.com
Tiffany Kim Sung (State Bar No. 323077)
email: tsung@foley.com
**FOLEY & LARDNER LLP**
555 South Flower Street, Suite 3300
Los Angeles, CA 90071-2411
Telephone: (213) 972-4500
Facsimile: (213) 486-0065

Attorneys for Defendant
TP LINK USA CORPORATION

Alton G. Burkhalter (State Bar No. 119595)
Email: aburkhalter@bkcglaw.com
Andrew M. Cummings (State Bar No. 305081)
Email: acummings@bkcglaw.com
**BURKHALTER KESSLER
  CLEMENT & GEORGE LLP**
2020 Main Street, Suite 600
Irvine, CA 92614-8336
Telephone: (949) 375-7500
Facsimile: (949) 975-7501

Attorneys for Defendant
AUCTION BROTHERS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS INC., | Case No: 2:19-cv-10374-PA (Ex) |
| Plaintiff, | Hon. Percy Anderson |
| v. | DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION TO DISMISS AND/OR STRIKE SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |
| TP LINK USA CORPORATION, et al. | |
| Defendants. | |
| | Fed. R. Civ. P. 12 and Cal. Code Civ. P. 425.16 |
| | Hearing Date:  March 9, 2020<br>Hearing Time:  1:30 p.m.<br>Courtroom:     Courtroom 9A<br>SAC Filed: January 13, 2020 |

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL HEREIN:**

**PLEASE TAKE NOTICE** that on March 9, 2020 at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 9A before the Honorable Percy Anderson of the United States District Court for the Central District of California, located at 350 W. 1st Street, Los Angeles, California.  Defendants TP Link USA Corporation ("TP-Link") and Auction Brothers, Inc. d/b/a Amazzia ("Amazzia"), will move and hereby do move this Court, pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) and California Code of Civil Procedure ("CCP") § 425.16, for an Order dismissing each of the claims asserted and/or striking the state law claims asserted in the Second Amended Complaint filed by Thimes Solutions, Inc. ("Plaintiff") on January 13, 2020, Dkt. No. 78.

Specifically, Defendants seek an order:

(1) Dismissing Plaintiff's trade libel claim pursuant to FRCP 12(b)(6) for failing to plead facts sufficient to demonstrate: (i) any allegedly libelous statement made by Defendants; (ii) the falsity of any statements made by Defendants; (iii) that Defendants acted with actual malice; and (iv) causation; and on the separate grounds that Defendants' statements are protected under the *Noerr-Pennington* doctrine;

(2) Dismissing Plaintiff's tortious interference claim pursuant to FRCP 12(b)(6) for failing to plead facts sufficient to demonstrate: (i) an independently wrongful act; and (ii) causation; and on the separate grounds that Defendants' statements are protected under the *Noerr-Pennington* doctrine;

(3) Dismissing Plaintiff's antitrust claim pursuant to FRCP 12(b)(6) on the grounds that: (i) it is barred by the *Noerr-Pennington* doctrine; (ii) Plaintiff fails to identify a vertical agreement between entities at different levels of a supply chain or a horizontal agreement among competitors; and (iii) the *per se* claims are foreclosed by Supreme Court precedent;

(4) Dismissing Plaintiff's declaratory judgment claim pursuant to FRCP 12(b)(6) on the grounds that: (i) it is barred by the *Noerr-Pennington* doctrine; (ii) there is no case

JOINT MOTION TO DISMISS AND/OR STRIKE
CASE NO:  2:19-CV-10374-PA (EX)

or controversy warranting the Court's declaratory judgment jurisdiction; and (iii) Plaintiff has failed to plead facts sufficient to establish that it has not engaged in trademark infringement; and

(5) Striking Plaintiff's trade libel and tortious interference claims pursuant to California's anti-SLAPP statute, CCP § 425.16(a), because: (i) the claims arise from activity protected by the anti-SLAPP statute; and (ii) Plaintiff cannot establish a probability of prevailing on its claims because (a) Plaintiff fails to state claims for relief; (b) such conduct is separately protected under the *Noerr-Pennington* doctrine; and (c) Defendants' alleged conduct is protected by California's litigation privilege.

**PLEASE TAKE FURTHER NOTICE** that if the Court grants the Motion to Strike Plaintiff's claims for trade libel and tortious interference, Defendants will seek their attorneys' fees and costs incurred in successfully bringing this Motion, pursuant to CCP § 425.16(c), by way of separate motion. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1109 (9th Cir. 2003); *Martin v. Inland Empire Utilities Agency*, 198 Cal. App. 4th 611, 631 (2011).

This Motion is based upon this Notice of Motion; the attached Memorandum of Points and Authorities; the Proposed Order filed and submitted concurrently herewith; and upon such oral or documentary evidence or testimony that may be presented to this Court at or before the hearing on this Motion.

///
///
///
///
///
///
///

JOINT MOTION TO DISMISS AND/OR STRIKE
CASE NO: 2:19-CV-10374-PA (EX)

4826-4878-1491.7

## Compliance with Local Rule 7-3

The Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on Thursday, January 30, 2019.

DATED:  February 6, 2020          **FOLEY & LARDNER LLP**

*/s/Stephen R. Smerek*
Stephen R Smerek
Tiffany Kim Sung
FOLEY & LARDNER LLP
*Attorneys for Defendant*
*TP Link USA Corporation*

**BURKHALTER KESSLER**
  **CLEMENT & GEORGE LLP**

*/s/Andrew M. Cummings*
Alton G. Burkhalter
Andrew M. Cummings
BURKHALTER KESSLER
  CLEMENT & GEORGE LLP
*Attorneys for Defendant*
*Auction Brothers, Inc.*

JOINT MOTION TO DISMISS AND/OR STRIKE
CASE NO:  2:19-CV-10374-PA (EX)

4826-4878-1491.7

# **TABLE OF CONTENTS**

I.      INTRODUCTION ...................................................................................... 1

II.     BACKGROUND ....................................................................................... 2

    A.  Plaintiff's Unauthorized Sale of TP-Link Branded Products ......................... 2

    B.  Defendants' Monitoring of Unauthorized Sales ............................. 2

    C.  Amazzia Notifies Amazon about Potentially Infringing Sales by Plaintiff ......................................................................................... 3

    D.  Plaintiff Files Suit Rather Than Providing Proof of Authenticity ................. 3

III.    LEGAL STANDARDS ............................................................................... 4

    A.  12(b)(6) Legal Standard .......................................................... 4

    B.  California Anti-SLAPP Legal Standard .......................................... 5

IV.     ARGUMENT ............................................................................................ 7

    A.  Plaintiff Has Failed to Sufficiently Plead a Claim for Relief, Warranting Dismissal of All Claims Pursuant to 12(b)(6) .................. 7

        1.  The Facts Pleaded Do Not Establish the Necessary Elements of Trade Libel ................................................................ 7

            a.  Plaintiff has failed to plead with requisite particularity, any allegedly libelous statement by Defendants ...................... 7

            b.  The SAC fails to allege facts sufficient to show the falsity of TP-Link's allegedly fraudulent statements ................. 9

            c.  Plaintiff does not sufficiently allege that Defendants made any statements with actual malice ...................... 10

            d.  The Facts Alleged Do Not Establish Causation ...................... 11

        2.  Plaintiff Fails to State a Claim for Tortious Interference ................. 11

            a.  The facts pleaded do not establish an independently wrongful act designed to disrupt an economic relationship ...................... 12

            b.  The facts pleaded do not establish causation ...................... 13

        3.  Plaintiff Fails to State an Antitrust Claim .......................... 13

            a.  The facts alleged fail to establish any wrongful conduct within Section 1 of the Sherman Act .......................... 14

            b.  Plaintiff has failed to plead facts sufficient to show a *per*

*se* violation of antitrust laws .......................................................15

4.   Plaintiff Fails to State a Claim for Declaratory Judgment ..................16

a.   There is no present case or controversy warranting the Court's discretion under the Declaratory Judgment Act ..........16

b.   The relevant factors weigh against exercise of jurisdiction ................................................................17

c.   Plaintiff has failed to plead facts sufficient to show that it is entitled to a declaratory judgment of noninfringement ........18

5.   *Noerr-Pennington* Doctrine ..............................................19

B.   California's Anti-SLAPP Statute Precludes Plaintiff's State Law Claims ..............................................................21

1.   Plaintiff's Trade Libel and Tortious Interference Claims Arise From Defendants' Protected Activity Under § 425.16(e)(2) ..............21

2.   Plaintiff Cannot Establish a Probability of Prevailing on Its State Law Claims ........................................................22

3.   Defendants Are Entitled to Recover the Attorneys' Fees and Costs Associated with the Anti-SLAPP Motion ................................24

V.   CONCLUSION ..............................................................25

4826-4878-1491.7

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................. 4

*Bayer v. Neiman Marcus Grp.*,
    861 F.3d 853 (9th Cir. 2017) ........................................................... 16, 17

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................. 5

*Copperweld Corp. v. Indep. Tube Corp.*,
    467 U.S. 752 (1984) ........................................................................ 14, 15

*EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp.*,
    711 F. Supp. 2d 1074 (C.D. Cal. 2010) ............................................... 19

*Eldorado Stone, LLC v. Renaissance Stone, Inc.*,
    No. 04cv2562 JM (LSP), 2005 U.S. Dist. LEXIS 45237 (S.D. Cal. Aug.
    9, 2005) ................................................................................................... 7

*Esposito v. Shultz*,
    366 F. Supp. 1059 (N.D. Cal. 1973) .................................................... 16

*First Advantage Background Servs. Corp. v. Private Eyes, Inc.*,
    569 F. Supp. 2d 929 (N.D. Cal. 2008) ........................................ 7, 8, 12

*Fitbit, Inc. v. Laguna 2, LLC*,
    No. 17-cv-00079-EMC, 2018 WL 306724 (N.D. Cal. Jan. 5, 2018) .......................... 23

*Gen-Probe, Inc. v. Amoco Corp., Inc.*,
    926 F. Supp. 948 (S.D. Cal. 1996) ...................................................... 19

*Gov't Emples. Ins. Co. v. Dizol*,
    133 F.3d 1220 (9th Cir. 1998) .............................................................. 18

*Hard2Find Accessories, Inc. v. Amazon.com, Inc.*,
    691 F. App'x 406 (9th Cir. 2017) ................................................... 19, 20

*Harman Int'l Indus. Inc. v. Pro Sounds Gear, Inc.*,
No. 17-cv-06650-ODW, 2018 WL 1989518 (C.D. Cal. Apr. 24, 2018) ............... 10, 19

*Hilton v. Hallmark Cards*,
599 F.3d 894 (9th Cir. 2010) ....................................................................... 5, 6

*HM Elecs., Inc. v. R.F. Techs., Inc.*,
No. 12-cv-2884-MMA-WMC, 2013 WL 12074966 (S.D. Cal. Oct. 3,
2013) .................................................................................. 1, 9, 10, 18, 22

*Jack Russell Terrier Network v. Am. Kennel Club, Inc.*,
407 F.3d 1027 (9th Cir. 2005) ....................................................................... 14

*Kearny v. Foley & Lardner LLP, et al.*,
553 F. Supp. 2d 1178 (S.D. Cal. 2008) ........................................................ 24

*Leegin Creative Leather Products, Inc. v. PSKS, Inc.*,
551 U.S. 877 (2007) ...................................................................................... 16

*Mindy Cosmetics, Inc. v. Dakar*,
611 F.3d 590 (9th Cir. 2010) ...................................................................... 5, 6

*In re Musical Instruments & Equip. Antitrust Litig.*,
798 F.3d 1186 (9th Cir. 2015) ...................................................................... 15

*O'Hagins, Inc. v. M5 Steel Mfg., Inc.*,
276 F. Supp. 2d 1020 (N.D. Cal. 2003) ........................................................ 16

*Og Intern., Ltd. v. Ubisoft Ent.*,
No. 11-cv-04980-CRB, 2012 WL 4809174 (N.D. Cal. Oct. 9, 2012) ........................ 19

*Pistoresi v. Madera Irrigation Dist.*,
2008 U.S. Dist. LEXIS 99164 (E.D. Cal. 2008) ........................................................ 21

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*,
890 F.3d 828 (9th Cir. 2018), amended, 897 F.3d 1224 (9th Cir. 2018) ...................... 6

*Prof'l Real Estate Investors v. Columbia Pictures Indus.*,
508 U.S. 49 (1993) ........................................................................................ 21

*Rock River Commc'ns., Inc. v. Univ. Music Group, Inc.*,
745 F.3d 343 (9th Cir. 2014) ........................................................................ 19

*Rolex Watch, U.S.A., Inc. v. Michel Co.*,
179 F.3d 704 (9th Cir. 1999 ................................................... 9, 10, 18, 19, 22

4826-4878-1491.7

*Sharper Image Corp. v. Target Corp.*,
  425 F. Supp. 2d 1056 (N.D. Cal. 2006) ........................................................ 23

*Sosa v. DIRECTV, Inc.*,
  437 F.3d 923 (9th Cir. 2006) ............................................................... 19, 20

*Sparrow LLC v. Edwin Lora*,
  No. 14-cv-1188-MWF, 2014 WL 12573525 (C.D. Cal. Dec. 4, 2014) ................. 6, 24

*Tensor Law P.C. v. Rubin*,
  No. 2:18-cv-01490-SVW-SK, 2019 WL 3249595 (C.D. Cal. Apr. 10,
  2019) ............................................................................... 6, 21, 22

*Toyo Tire & Rubber Co., Ltd. v. CIA Wheel Group*,
  No. 15-cv-246-JLS, 2015 WL 4545187 (C.D. Cal. July 8, 2015) ...................... 20

*United States v. Gen. Motors Corp.*,
  384 U.S. 127 (1966) ......................................................................... 15

*Vondran v. McLinn*,
  1995 U.S. Dist. LEXIS 21974 (N.D. Cal. July 5, 1995) ................................. 7

**State Cases**

*ARP Pharmacy Services, Inc. v. Gallagher Bassett Services, Inc.*,
  138 Cal. App. 4th 1307 (2006) .............................................................. 6

*Beeman v. Anthem Prescription Mgmt., LLC*,
  58 Cal. 4th 329 (2013) ...................................................................... 6

*Briggs v. Eden Council for Hope & Opportunity*,
  19 Cal. 4th 1106 (1999) ................................................................. 5, 21

*Flatley v. Mauro*,
  39 Cal.4th 299 (2002) .................................................................. 6, 23

*Fontana Fasteners, Inc. v. Foremost Threaded Prods.*,
  No. ED CV 16-846-SJO(AJWx), 2016 WL 9459245 ........................................... 5

*J-M Manufacturing Co., Inc. v. Phillips & Cohen LLP*,
  247 Cal. App. 4th 87 (2016) ................................................................ 7

*Jarrow Formulas, Inc. v. LaMarche*,
  31 Cal. 4th 728 (2003) ...................................................................... 6

*Kashian v. Harriman*,
   98 Cal. App. 4th 892 (2002) ............................................................................. 23, 24

*Korea Supply Co. v. Lockheed Martin Corp.*,
   29 Cal.4th 1134 (2003) ......................................................................................... 12

*Mann v. Quality Old Time Serv., Inc.*,
   139 Cal. App. 4th 328 (2006) ......................................................................... 24, 25

*Navellier v. Stetten*,
   29 Cal. 4th 82 (2002) .............................................................................................. 6

*Roberts v. Los Angeles County Bar Assn.*,
   105 Cal. App. 4th 604 (2003) ................................................................................. 6

*San Jose Constr., Inc. v. S.B.C.C., Inc.*,
   155 Cal. App. 4th 1528 (2007) ....................................................................... 12, 13

*Susan A. v. County of Sonoma*,
   2 Cal. App. 4th 88 (1991) ...................................................................................... 23

*Vogel v. Felice*,
   127 Cal. App. 4th 1006 (2005) ............................................................................... 5

*Youst v. Longo*,
   43 Cal. 3d 64 (1987) ............................................................................................. 12

**Federal Statutes**

Declaratory Judgment Act, 28 U.S.C.
   § 2201(a) .............................................................................................................. 16

Fed. R. Civ. P. 12(b)(6) .................................................................................... 4, 25

Lanham Act ..................................................................................................... 10, 22

Sherman Act
   § 1 ......................................................................................................... 1, 13, 14, 15

**State Statutes**

Cal. Civ. Proc. Code
   § 47(b) .................................................................................................................. 23

JOINT MOTION TO DISMISS AND/OR STRIKE
CASE NO:  2:19-CV-10374-PA (EX)

4826-4878-1491.7

§ 425.16(a) ................................................................................................ 5

§ 425.16(b)(1) ................................................................................. 5, 6, 23

§ 425.16(c)(1) ........................................................................................ 24

§ 425.16 ......................................................................................... 2, 24, 25

§ 425.16(e) ........................................................................................ 5, 21

## Other Authorities

Judicial Council of California Civil Jury Instructions (2017) ........................................ 11

4826-4878-1491.7

# I.   INTRODUCTION

Plaintiff Thimes Solutions Inc. has conceded that it is not an authorized distributor of TP Link USA Corporation's products.   (Dkt. 78, Second Amended Complaint ("SAC") at ¶ 37).)   And, the SAC is devoid of any facts that would establish that, as an unauthorized distributor, Plaintiff's TP-Link branded products were genuine products that conveyed the full bundle of rights to consumers, including the original manufacturer's warranty rights.   Thus, the SAC itself confirms that Defendants had a good faith basis to raise concerns with Amazon that the TP-Link branded products sold by Plaintiff are counterfeit goods, materially different from genuine TP-Link products.   *See HM Elecs., Inc. v. R.F. Techs., Inc.,* No. 12-cv-2884-MMA-WMC, 2013 WL 12074966, at *3 (S.D. Cal. Oct. 3, 2013).   As such, Plaintiff has failed to sufficiently plead that Defendants' alleged complaints to Amazon regarding Plaintiff's infringement of TP-Link's trademarks were wrongful, and each of Plaintiff's claims fail for this reason alone.

Each of Plaintiff's substantive claims fail for several separate, additional reasons.   Plaintiff's claim for trade libel also fails because Plaintiff has not pleaded facts to establish that Defendants acted with malice or that Defendants' alleged statements caused Plaintiff to be expelled from Amazon.   Likewise, Plaintiff's claim for tortious interference with business relationships also fails because Plaintiff has failed to adequately plead that Defendants' alleged complaints were the proximate cause of Plaintiff's expulsion.   Plaintiff's antitrust claim fails because the facts alleged fail to establish any wrongful conduct under Section 1 of the Sherman Act, including conspiring with Amazzia.   Plaintiff has also failed to allege facts to establish a *per se* violation of antitrust laws, which requires a horizontal relationship between TP-Link and Amazzia.

Plaintiff's declaratory judgment action for noninfringement of TP-Link's trademark rights must also be dismissed because there is no actual continuing case or controversy at issue at this time.   Plaintiff has not alleged any facts whatsoever that

JOINT MOTION TO DISMISS AND/OR STRIKE
CASE NO:  2:19-CV-10374-PA (EX)

4826-4878-1491.7

indicate that it is currently selling TP-Link branded products or that it will do so imminently.  This claim also fails for the independent reason that Plaintiff has not pleaded facts sufficient to establish that its TP-Link branded products are genuine.

Finally, the Court should strike Plaintiff's trade libel and tortious interference claims pursuant to California Code of Civil Procedure ("CCP") § 425.16 – California's "anti-SLAPP" statute.  Under the anti-SLAPP statute, Defendants' alleged misconduct in making complaints to Amazon is protected activity.  Moreover, Plaintiff cannot demonstrate a likelihood of success on the merits of its claims because 1) Plaintiff has failed to allege the elements of the claims asserted; 2) the statements are protected under the *Noerr-Pennington* doctrine as constitutionally protected petitioning activity; and 3) the litigation privilege absolutely protects the alleged conduct and bars Plaintiff's state law claims.

## II.   BACKGROUND

### A.   Plaintiff's Unauthorized Sale of TP-Link Branded Products

Plaintiff became a third-party seller on the Amazon.com, Inc. marketplace in 2016 and "signed Amazon's standard Business Solutions Agreement that, among other things, allowed Amazon to terminate [Plaintiff] as a seller for any reason or for no reason at all."  (SAC at ¶ 6.)  Plaintiff sold TP-Link branded products on Amazon, despite its own admission that it is not an authorized TP-Link distributor.  (*Id.* ¶ 37 ([Plaintiff] was not an 'unauthorized seller' except in the commonly-understood sense that it was not specifically authorized under any distributorship agreement (or similar agreement) by TP-Link to purchase TP-Link products directly from TP-Link and thereafter resell such products.").)  Plaintiff provides no factual allegations regarding the identity of the source of the purported TP-Link branded products at issue here that would demonstrate the genuineness of Plaintiff's TP-Link branded products.

### B.   Defendants' Monitoring of Unauthorized Sales

TP-Link is a California corporation with its principal place of business in Brea, California.  (SAC at ¶ 16.)  TP-Link imports and sells various networking products

JOINT MOTION TO DISMISS AND/OR STRIKE
CASE NO:  2:19-CV-10374-PA (EX)

4826-4878-1491.7

through its network of authorized retailers and distributors.  (*Id.* at ¶¶ 14-15.)  TP-Link's products are "available at substantially all major electronics retails, online and in-store."  (*Id.* at ¶ 15.)  TP-Link has contracted with a company called Amazzia to monitor unauthorized sales of its products on Amazon.  (*Id.* at ¶ 20.)  Amazzia monitors certain TP-Link products based on the Amazon Standard Identification Number ("ASIN").  (*Id.* at ¶ 25.)  When Amazzia identifies unauthorized resellers using the ASIN in a confusing manner that would suggest the resellers are authorized distributors, Amazzia completes a complaint form on Amazon to report such activity.  (*Id.* at n.5 and ¶ 25.)

### C.   Amazzia Notifies Amazon about Potentially Infringing Sales

Plaintiff alleges that beginning on January 19, 2018, Amazzia, on behalf of TP-Link, sent 28 complaints to Amazon.  (*Id.* at ¶¶ 18, 28.)  Plaintiff makes a conclusory statement summarizing the alleged substance of those complaints, without identifying any of the individual communications or providing any details, other than that the complaints "all or substantially all [] alleged counterfeiting."  (*Id.* at ¶ 28.)  Amazon's "IP complaints are prepared with an online system that does not provide the complainant with a completed copy … Amazon provides the accused with an edited and redacted version of the allegations … The entire text of the allegations and the signature of the person or entity who filed the complaint are not disclosed."  (*Id.* at n. 5.)  Upon receiving notice from Amazon of Defendants' alleged complaints, Plaintiff emailed Defendants on January 19, 2018 that the "items were purchased from a reputable distributor and are not counterfeit."  (*Id.* at ¶ 42.)  Plaintiff does not allege that it provided any further information about the authenticity of its products.

### D.   Plaintiff Files Suit Rather Than Providing Proof of Authenticity

Plaintiff received numerous notices from Amazon which state: (1) "We received a report from a rights owner concerning the authenticity of the products listed at end of this email;" (2) "If you believe that the reported content is authentic, you may email notice-dispute@amazon.com with ***proof of authenticity***. This includes, but

is not limited to, an invoice or Order ID;" and (3) "We consider allegations of *intellectual property infringement* a serious matter. If we receive more complaints about your listings, we may not allow you to sell on Amazon.com. To learn more about this policy, search for 'Intellectual Property Violations' in Seller Central Help." (*Id.*, Exs. 8.1-8.4 (emphasis added).)   Plaintiff does not allege that it provided any proof of authenticity to Amazon before it was expelled, instead alleging that "*[d]uring this litigation* [Plaintiff] has disclosed its sources of product *to TP-Link*." (*Id.* at ¶ 43 (emphasis added).)   Amazon first suspended Plaintiff, with appeal rights, on May 7, 2018 (*id.* at ¶ 45) and permanently expelled Plaintiff from its platform without appeal rights on August 27, 2018 (*id.* at ¶ 47).   Plaintiff further alleges that, "Amazon is generally permitted to unilaterally restrict any seller from competing in the Marketplace and take such other unilateral actions as Amazon in its business judgment deems appropriate." (*Id.* at ¶ 77.)

On May 29, 2018, Plaintiff filed its initial Complaint against Defendants in the Southern District of New York.   The case was transferred to the Central District of California on December 10, 2019. (Dkt. 52.)   After the case was dismissed for lack of subject matter jurisdiction, Plaintiff filed its Second Amended Complaint on January 13, 2020, reasserting claims for libel, tortious interference, and declaratory judgment, and adding an entirely new claim for *per se* violation of antitrust laws. (Dkt. 78.)

## III.   LEGAL STANDARDS

### A.   12(b)(6) Legal Standard

Under Fed. R. Civ. P. 12(b)(6), a claim should be dismissed if the complaint "fail[s] to state a claim upon which relief can be granted."   To state a claim for relief that is facially plausible, a plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009).   "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the

parties and the court." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (internal quotations omitted).  "Pleadings that contain nothing more than legal conclusions or 'a formulaic recitation of the element of a cause of action' are insufficient."  *Fontana Fasteners, Inc. v. Foremost Threaded Prods.*, No. ED CV 16-846-SJO(AJWx), 2016 WL 9459245, at *1 (quoting *Iqbal*, 556 U.S. at 678).

### B.    California Anti-SLAPP Legal Standard

California's anti-SLAPP statute provides a special motion to strike a complaint or claim where the alleged conduct arises from activity exercising the rights of petition or free speech.   Cal. Civ. Proc. Code ("CCP") § 425.16(b)(1); *Mindy Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 595 (9th Cir. 2010) ("The statute was designed to allow courts 'to promptly expose and dismiss meritless and harassing claims seeking to chill protected expression.'" (citation omitted)).   The California Legislature unambiguously directed that the statute "shall be construed broadly."  *See* CCP § 425.16(a)); *see also Briggs v. Eden Council for Hope & Opportunity*, 19 Cal. 4th 1106, 1121-22 (1999); *Mindy Cosmetics*, 611 F.3d at 595.   Thus, the broad reach of the anti-SLAPP statute applies to all "causes of action, regardless of the underlying theories of recovery, insofar as they are based on an act in furtherance of the defendant's right of petition or free speech."  *Vogel v. Felice*, 127 Cal. App. 4th 1006, 1016 (2005) (internal quotation and citation omitted).   CCP § 425.16(e) lists four categories of protected activity, including "any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law…."

California's anti-SLAPP statute applies in Federal court actions when state law governs the claims asserted—i.e., in diversity jurisdiction cases such as this.   *See Hilton v. Hallmark Cards*, 599 F.3d 894, 900 n.2 (9th Cir. 2010) ("[W]e have long held that the anti-SLAPP statute applies to state law claims that federal courts hear pursuant to their diversity jurisdiction.").   Federal courts interpreting anti-SLAPP

4826-4878-1491.7

motions are bound by the decisions of the California Supreme Court interpreting California law.  *Id.*

Courts follow a two-step process in considering an anti-SLAPP motion.  *First*, the court determines whether the defendant has made a threshold showing that the lawsuit arises from "protected activity" covered by the anti-SLAPP statute.  *See Jarrow Formulas, Inc. v. LaMarche*, 31 Cal. 4th 728, 733 (2003); *Navellier v. Stetten*, 29 Cal. 4th 82, 89 (2002).  *However*, the moving defendant *does not* have to prove, and a court *does not* consider: (1) plaintiff's *intent* in filing the lawsuit in which the special motion to strike is filed (*see Roberts v. Los Angeles County Bar Assn.*, 105 Cal. App. 4th 604, 615, (2003); *Mindy*, 611 F. 3d at 595); or (2) any effects the statute may have on a plaintiff if the special motion to strike is granted (*see ARP Pharmacy Services, Inc. v. Gallagher Bassett Services, Inc.*, 138 Cal. App. 4th 1307, 1323 (2006), *disapproved on other grounds*, *Beeman v. Anthem Prescription Mgmt., LLC*, 58 Cal. 4th 329, 364 (2013)).  The moving party's burden is "only to make a prima facie showing of protected activity, which is 'not an onerous one.'"  *See Tensor Law P.C. v. Rubin*, No. 2:18-cv-01490-SVW-SK, 2019 WL 3249595, at *4 (C.D. Cal. Apr. 10, 2019) (quoting *Okorie v. L.A. Unified Sch. Dist.*, 14 Cal. App. 5th 574, 590 (2017)).

*Second*, if the defendant satisfied its initial burden, the burden shifts to the plaintiff to establish "a probability [of] prevail[ing] on the claim."  CCP § 425.16(b)(1).  Where, as here, "an anti-SLAPP motion to strike challenges only the legal sufficiency of a claim, a district court should apply the [FRCP] 12(b)(6) standard and consider whether a claim is properly stated."  *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018), amended, 897 F.3d 1224 (9th Cir. 2018).  The plaintiff must also overcome substantive defenses, such as litigation privilege, to meet its burden of establishing a probability of success. *Sparrow LLC v. Edwin Lora*, No. 14-cv-1188-MWF (JCx), 2014 WL 12573525, at *5 (C.D. Cal. Dec. 4, 2014); *see Flatley v. Mauro*, 39 Cal.4th 299, 323 (2002).

4826-4878-1491.7

## IV.   ARGUMENT

### A.   Plaintiff Has Failed to Sufficiently Plead a Claim for Relief, Warranting Dismissal of All Claims Pursuant to 12(b)(6)

#### 1.   The Facts Pleaded Do Not Establish the Necessary Elements of Trade Libel

To plead a valid claim for trade libel, Plaintiff must allege facts sufficient to demonstrate that: "(1) Defendants published false statements concerning the quality of Plaintiff's product; (2) the statements induced others not to deal with Plaintiff[]; and (3) special damages." *Vondran v. McLinn*, 1995 U.S. Dist. LEXIS 21974, at *14 (N.D. Cal. July 5, 1995) (citing *Aetna Casualty & Surety Co. v. Centennial Ins. Co.*, 838 F.2d 346, 351 (9th Cir. 1988)).  Further, Plaintiff must show that the statement was "made with actual malice, that is, with knowledge it was false or with reckless disregard for whether it was true or false." *J-M Manufacturing Co., Inc. v. Phillips & Cohen LLP*, 247 Cal. App. 4th 87, 97 (2016).  Trade libel claims are subject to Rule 9(b)'s heightened pleading requirements. *First Advantage Background Servs. Corp. v. Private Eyes, Inc.,* 569 F. Supp. 2d 929, 937 (N.D. Cal. 2008).

#### a.   Plaintiff has failed to plead with requisite particularity, any allegedly libelous statement by Defendants

To satisfy Rule 9(b)'s heightened pleading standards, Plaintiff must, at a minimum, identify the author or speaker, recipient, time, location, and substance of each allegedly libelous statement.  *Id*; *Eldorado Stone, LLC v. Renaissance Stone, Inc.*, No. 04cv2562 JM (LSP), 2005 U.S. Dist. LEXIS 45237, at *10-11 (S.D. Cal. Aug. 9, 2005).  Here, Plaintiff's allegations are deficient in nearly every respect.

Plaintiff has failed to specifically identify the required details, including the author or speaker of each allegedly libelous statement.  The SAC only generally alleges that TP-Link and Amazzia "published written complaints to Amazon, libelous per se, charging Plaintiff with at least 28 instances of infringing TP-Link intellectual property…."  (SAC at ¶ 18.)  This is not a sufficiently specific identification of the

author or speaker of each statement.  Thus, Plaintiff's claim for trade libel fails for this reason alone.  *See First Advantage*, 569 F. Supp. 2d at 937 ("Nothing in the First Amended Counterclaim gives any indication of who from First Advantage made the allegedly libelous statements, to whom they made those statements, when they made the statements, or what exactly they said. … This alone is sufficient basis to grant the motion.")

Plaintiff has also failed to identify the substance of any allegedly libelous statements by Defendants.  Plaintiff only generally alleges that Defendants "published written complaints to Amazon, libelous per se," but does not identify the particular words or statements complained of.  (*Id*. at ¶ 18.)  In fact, Plaintiff fails to articulate the content of any statements by Defendants, libelous or otherwise, beyond asserting generally that Defendants "complained to Amazon on at least 28 separate occasions, all or substantially all of which alleged counterfeiting."  (*Id*. at ¶ 28.)  In effect, Plaintiff seeks to build a trade libel claim on what Plaintiff believes Defendants may have stated.  Plaintiff admits that it does not know exactly what statements Defendants allegedly made to Amazon. (*Id*. at n. 5 (Amazon's "IP complaints are prepared with an online system that does not provide the complainant with a completed copy … Amazon provides the accused with an ***edited and redacted version of the allegations*** … ***The entire text of the allegations*** and the signature of the person or entity who filed the complaint ***are not disclosed***." (emphasis added)).)   Thus, in merely summarizing the general content of Defendants' alleged statements, Plaintiff has failed to plead, with sufficient particularity, the substance of any allegedly libelous statements, and consequently, a claim for trade libel.   Moreover, because any intellectual property complaint is premised on the fact that Plaintiff is not an authorized distributor is demonstrably true based on Plaintiff's own allegations, this failure to specify the actual statements made to Amazon undercuts the heart of Plaintiff's claims.

4826-4878-1491.7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**b.      The SAC fails to allege facts sufficient to show the falsity of TP-Link's allegedly fraudulent statements**

Plaintiff has also separately failed to allege facts sufficient to establish the falsity of any alleged statements made by Defendants.  The SAC contains only general and conclusory allegations regarding the falsity of Defendants' complaints to Amazon, including vague and repetitive assertions that Defendants published "libelous" complaints and "fraudulent IP complaints."  (SAC at ¶¶ 5, 18, 19.)   While, Plaintiff alleges that it purchased TP-Link products from "a reputable supplier," and pleads the legal conclusion that the products are "authentic and not counterfeit," Plaintiff fails to allege sufficient facts to establish that the products themselves are genuine.  (*Id*. at ¶¶ 27, 42.)  Purchasing from "a reputable supplier" that only the Plaintiff uses and knows does not demonstrate that the products are genuine.  If the "reputable supplier" is not an authorized reseller, it is unclear how the supplier obtained its products or whether the products were even obtained legally.  Plaintiff alleges that "[d]uring this litigation [Plaintiff] has disclosed its sources of product to TP-Link," but fails to allege the identity of the "source" and has not pleaded that the source was an authorized distributor.  (*Id*. at ¶ 43.)

Further, as noted above, Plaintiff's allegations establish that it is not an authorized reseller of TP-Link products (*id*. at ¶ 37), and the SAC does not plead any facts to establish that products sold by Plaintiff include the full bundle of rights associated with genuine TP-Link products, including the original manufacturer's warranty.  Thus, the facts pleaded in the SAC fail to demonstrate that the products sold by Plaintiff are not counterfeit products, materially different from those sold by authorized distributors.  *HM Elecs., Inc. v. R.F. Techs., Inc.*, No. 12-cv-2884-MMA-WMC, 2013 WL 12074966, at *3 (S.D. Cal. Oct. 3, 2013) ("Differences in warranties or services accompanying a trademarked product may constitute material differences.").   The sale of materially different products constitutes trademark counterfeiting.  *See, e.g., Rolex Watch, U.S.A., Inc. v. Michel Co.*, 179 F.3d 704, 707-

10 (9th Cir. 1999) (finding "[w]hen an original mark is attached to a product in such a way as to deceive the public, the product itself becomes a 'counterfeit' just as it would if an imitation of the mark were attached"); *Harman Int'l Indus. Inc. v. Pro Sounds Gear, Inc.*, No. 17-cv-06650-ODW (FFMx), 2018 WL 1989518, at *4 (C.D. Cal. Apr. 24, 2018) ("Because the distinction between using a duplication verses using an original has no relevance, where, as here, there is deceptive practices so as to create consumer confusion, the product itself becomes a counterfeit." (internal quotation marks and alteration omitted)).   Accordingly, Plaintiff's allegations establish that Defendants had a good faith basis for their alleged complaints to Amazon, and tend to demonstrate that Plaintiff did engage in counterfeiting and trademark infringement. Because Plaintiff has failed to allege the falsity of Defendants' allegedly libelous statements, Plaintiff's trade libel claim should be dismissed.

### c.   Plaintiff does not sufficiently allege that Defendants made any statements with actual malice

The facts pleaded in the SAC fail to establish that Defendants acted with actual malice in making any statements to Amazon.  Rather, as demonstrated above, the facts pleaded affirmatively establish a reasonable and good faith basis for believing Plaintiff's TP-Link branded products were counterfeit.  Plaintiff admits in its SAC that it is not an authorized reseller of TP-Link products. (SAC at ¶ 37.)   There are no allegations that this fact was ever disclosed to Plaintiff's customers.  Thus, customers would not know that products purchased from Plaintiff are not covered by the original manufacturer's warranty.  As discussed above, *supra* § IV.A.1.b., this difference in warranty protection constitutes a material difference under the Lanham Act, rendering the products "counterfeit."  *See HM Elecs.,* 2013 WL 12074966, at *3; *Rolex Watch*, 179 F.3d at 707-10.  This demonstrates that Defendants did not act with malice in submitting the alleged complaints to Amazon.  Because Plaintiff is not an authorized reseller, it was reasonable for Defendants to conclude that Plaintiff's products do not carry the original manufacturer's warranty, regardless of who Plaintiff obtained the

4826-4878-1491.7

products from.   The SAC establishes that Defendants acted upon a genuine and reasonable belief, which is also supported by case law, that Plaintiff's products were counterfeit.   Because Plaintiff has pleaded facts that affirmatively establish a reasonable and good faith basis for Defendants' alleged complaints, Plaintiff has failed to establish actual malice and Plaintiff's trade libel claim should be dismissed.

### d.      The Facts Alleged Do Not Establish Causation

To plead a claim for trade libel, Plaintiff must plead facts sufficient to show a statement that "would be clearly or necessarily understood to have disparaged the quality" of a plaintiff's product or service; "a statement that was untrue"; defendant's knowledge that the statement was untrue or reckless disregard of truth; reliance by a third party; and ***causation***.  *See* Judicial Council of California Civil Jury Instructions (2017), CACI No. 1731 (emphasis added).   Plaintiff has failed to allege facts sufficient to show that Defendants' alleged statements to Amazon caused Plaintiff to be expelled from Amazon.   Rather, as alleged in the SAC, Amazon raised the concerns with Plaintiff and evaluated the claims through a process that included giving Plaintiff an opportunity to provide proof of authenticity.   Plaintiff admits that after Amazon received Defendants' alleged complaints, it sent an email to Plaintiff, indicating that Plaintiff could provide authenticity of its products (SAC, Exs. 8.1-8.4), and that before Plaintiff was expelled, it was suspended with appeal rights (*id*. at ¶ 45).   In sum, the SAC makes clear that Plaintiff was expressly provided with the opportunity to show it was selling authentic product, and Plaintiff was only expelled when it was unable to do so.   Thus, Plaintiff's damages, if any, were caused by its own failure to demonstrate to Amazon that the products it was selling were not counterfeit or came with the full bundle of rights included with products sold by authorized resellers.

### 2.      Plaintiff Fails to State a Claim for Tortious Interference

To plead a viable claim for tortious interference with prospective economic advantage, Plaintiff must allege facts sufficient to show: "(1) [a]n economic

JOINT MOTION TO DISMISS AND/OR STRIKE
CASE NO:  2:19-CV-10374-PA (EX)

4826-4878-1491.7

relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship (by an independently wrongful act); (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant." *Youst v. Longo*, 43 Cal. 3d 64, 71 n.6 (1987); *San Jose Constr., Inc. v. S.B.C.C., Inc.*, 155 Cal. App. 4th 1528, 1544 (2007). As to the third element, Plaintiff must show independently wrongful conduct by Defendants. "An act is independently wrongful if it is unlawful, that is, if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard . . . . [and the act] must be wrongful by some legal measure, rather than merely a product of an improper, but lawful, purpose or motive." *San Jose Constr.*, 155 Cal. App. 4th at 1544; *see also Korea Supply Co. v. Lockheed Martin Corp.,* 29 Cal.4th 1134, 1158-59 (2003).

### a. The facts pleaded do not establish an independently wrongful act designed to disrupt an economic relationship

Plaintiff's allegations fail to establish legally wrongful conduct by Defendants. Plaintiff alleges that Defendants' "accusations of counterfeiting, wrongful *per se*, made directly to Amazon, were for the improper purpose of suppressing competition." (SAC at ¶ 61.) It is unclear what Plaintiff's basis is for alleging that Defendants' alleged statements were wrongful "*per se*." Even assuming that Plaintiff has premised its tortious interference claim on its trade libel and antitrust claim, Plaintiff's tortious interference claim fails as a matter of law. As discussed *supra* § IV.A.1., Plaintiff has failed to adequately plead a claim for trade libel because it has not identified the author or speaker, recipient, and location of each allegedly libelous statement by Defendants, and has not plead facts sufficient to demonstrate the falsity of any alleged complaints to Amazon. *See First Advantage*, 569 F. Supp. 2d at 937. As discussed *infra* § IV.A.3., Plaintiff has also failed to adequately plead a claim for antitrust

4826-4878-1491.7

violations.  Because Plaintiff's trade libel and antitrust claims fail, it cannot identify any "constitutional, statutory, regulator, common law, or other determinable legal standard" that Defendants violated.  *See San Jose Constr.*, 155 Cal. App. 4th at 1544.

Further, Plaintiff's allegations confirm that Defendants' alleged complaints were not made to wrongfully disrupt Plaintiff's economic relationship with Amazon or to suppress competition, but rather, to protect legitimate business interests.  TP-Link imports and sells various networking products, through its network of authorized retailers and distributors.  (SAC at ¶¶ 14-15.)  TP-Link is vigilant in preventing unauthorized sales of its products by retaining third parties to monitor and prevent the sale of TP-Link's products "outside TP-Link's authorized distribution channels." (*Id.* at ¶ 20.)  Plaintiff is, by its own admission, not an authorized TP-Link reseller. (*Id.* at ¶ 37.)  Thus, as explained previously, *supra* § IV.A.1.b., Defendants had a genuine belief that Plaintiff's products were counterfeits due to lack of warranty protection, and was simply acting to protect its intellectual property interests.  Therefore, Plaintiff has failed to plead facts sufficient to show independently wrongful conduct by TP-Link or Amazzia and its tortious interference claim should be dismissed.

### b. The facts pleaded do not establish causation

For the same reasons discussed above, *supra* § IV.A.1.d., Plaintiff has failed to allege facts sufficient to show that Defendants' alleged statements to Amazon caused it to be expelled from Amazon.  Plaintiff had the opportunity to provide proof of authenticity of its products to Amazon (SAC, Exs. 8.1-8.4) but failed to do so. Plaintiff's own failures proximately caused its expulsion from Amazon.

### 3. Plaintiff Fails to State an Antitrust Claim

The gravamen of Plaintiff's antitrust claim is that TP-Link and Amazzia conspired to exclude Plaintiff from selling on Amazon.  (SAC at ¶¶ 83, 85.)  However, the facts alleged establish that TP-Link and Amazzia were simply acting as a single entity to protect TP-Link's intellectual property rights, which is insufficient to form the basis of an antitrust claim under § 1 of the Sherman Act.

JOINT MOTION TO DISMISS AND/OR STRIKE
CASE NO:  2:19-CV-10374-PA (EX)

4826-4878-1491.7

### a. The facts alleged fail to establish any wrongful conduct within Section 1 of the Sherman Act

"Section 1 of the Sherman Act … reaches unreasonable restraints of trade effected by a 'contract, combination … or conspiracy' between separate entities." *Copperweld Corp. v. Indep. Tube Corp.*, 467 U.S. 752, 768 (1984). Section 1 liability cannot be premised on unilateral conduct. *Id.* Further, *Copperweld's* reasoning has been applied "to a broad[] variety of economic relationships," such that "separate entities with a common economic interest and without divergent interests are incapable of conspiring for § 1 purposes." *Jack Russell Terrier Network v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1034 (9th Cir. 2005). "The crucial question is whether the entities alleged to have conspired maintain an 'economic unity,' and whether the entities were either actual or potential competitors." *Id.*

The facts alleged by Plaintiff demonstrate that TP-Link and Amazzia maintained common economic interests, thereby foreclosing a viable Section 1 claim. Plaintiff alleges that TP-Link "retained Amazzia, to monitor specific TP-Link products on the Amazon marketplace and do a 'third-party seller clean up' of those selling TP-Link products outside TP-Link's authorized distribution channels" (SAC at ¶ 20), and that Amazzia "at all times act[ed] in concert with and on behalf of TP-Link, and with the latter's actual authority and instruction" (*id.* at ¶ 26). These allegations demonstrate that TP-Link and Amazzia had identical economic interests – protecting TP-Link's intellectual property rights.

Further, the SAC is devoid of any allegation that TP-Link and Amazzia are actual or potential competitors. To the contrary, according to the SAC, TP-Link sells Wi-Fi products (*id.* at ¶¶ 13-14), while Amazzia is engaged in brand protection (*id.* at ¶¶ 21, 25). TP-Link engaged Amazzia to enforce its intellectual property rights on Amazon. (*Id.* at ¶ 25.) There are simply no allegations establishing that TP-Link and Amazzia are competitors. Accordingly, because Plaintiff's allegations, even if true,

4826-4878-1491.7

fail to establish a violation of Section 1 of the Sherman Act, Plaintiff's antitrust claim should be dismissed.

**b.      Plaintiff has failed to plead facts sufficient to show a *per se* violation of antitrust laws**

Plaintiff's allegations fail to establish a *per se* violation of antitrust laws.  *Per se* violations are found in limited circumstances that are "so inherently anticompetitive that each is illegal *per se* without inquiry into the harm it has actually caused." *Copperweld*, 467 U.S. at 768.   Horizontal agreements, or agreements made among competitors, that have been found to be *per se* violations are price fixing, division of markets, and refusals to deal.  *In re Musical Instruments & Equip. Antitrust Litig.,* 798 F.3d 1186, 1191 (9th Cir. 2015).

Although Plaintiff alleges that the "elimination of discounters and discounted products from access to the Marketplace by joint collaborative action… is a *per se* violation of the Sherman Anti-Trust Act" (SAC at ¶ 84), the facts alleged fail to establish any sort of horizontal relationship between TP-Link and Amazzia that would qualify as a joint collaborative action.  As discussed *supra* § IV.A.3.a., the SAC is devoid of any allegations that TP-Link and Amazzia are competitors.  Even the case law cited by Plaintiff involved direct competitors – a group of car dealers collaborating to exclude discount car dealers.  *United States v. Gen. Motors Corp.*, 384 U.S. 127, 143 (1966).  Here, there is only a single entity seeking to enforce its intellectual property rights by enlisting a brand protection service.

To the extent that Plaintiff bases its claim on a vertical relationship between TP-Link and Amazzia, Plaintiff has failed to plead facts demonstrating such a vertical relationship.  Vertical agreements are those made up and down the supply chain, such as between a manufacturer and a retailer.  *In re Musical*, 798 F.3d at 1192.  Plaintiff has not plead any facts suggesting such a relationship between TP-Link and Amazzia.  TP-Link sells Wi-Fi products (*id*. at ¶¶ 13-14), while Amazzia is engaged in the separate business of brand protection (*id*. at ¶¶ 21, 25).  Further, even if Plaintiff had

adequately alleged a vertical relationship, "[v]ertical price restraints are to be judged according to the rule of reason" and are not *per se* anticompetitive. *Leegin Creative Leather Products, Inc. v. PSKS, Inc.*, 551 U.S. 877, 907 (2007). Thus, because Plaintiff only alleges a *per se* violation that it has failed to adequately allege, Plaintiff's antitrust claim should be dismissed.

### 4. Plaintiff Fails to State a Claim for Declaratory Judgment

Plaintiff's declaratory judgment claim should be dismissed because it does not warrant the Court's discretionary exercise of jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201(a). The Declaratory Judgment Act does not confer "an absolute right upon the litigant," but is "an enabling Act, which confers a discretion on the courts." *Esposito v. Shultz*, 366 F. Supp. 1059, 1062 (N.D. Cal. 1973) (quoting *Public Service Commission of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952)); *see also O'Hagins, Inc. v. M5 Steel Mfg., Inc.*, 276 F. Supp. 2d 1020, 1025 (N.D. Cal. 2003) ("Yet even when a court determines that an actual controversy exists between the parties, the court is not required to exercise declaratory judgment jurisdiction, but has discretion to decline that jurisdiction.").

### a. There is no present case or controversy warranting the Court's discretion under the Declaratory Judgment Act

To warrant the court's declaratory judgment discretion, Plaintiff must allege facts to demonstrate that a "case or controversy" exists. *Bayer v. Neiman Marcus Grp.*, 861 F.3d 853, 867 (9th Cir. 2017). "A case or controversy exists justifying declaratory relief only when the challenged . . . activity . . . is not contingent, has not evaporated or disappeared, and, by its continuing and brooding presence, casts what may well be a substantial adverse effect on the interests of the . . . parties." *Id.* (internal quotations omitted) (quoting *Seven Words LLC v. Network Sols.*, 260 F.3d 1089, 1098-99 (9th Cir. 2001).

Plaintiff's claim for declaratory judgement requests a declaration of noninfringement of TP-Link's trademark rights. (SAC at ¶¶ 88-92.) However, as an

initial matter, Plaintiff has not alleged that it would have any inclination to continue selling TP-Link branded products on Amazon, or that it is currently selling any TP-Link branded products online.  Thus, there is no actual controversy that would be resolved by a finding that Plaintiff's sale of TP-Link branded products is noninfringing.  Plaintiff is essentially asking for an advisory opinion for possible future conduct which it has not alleged any intention of carrying out, or for previous conduct.  "[A] declaratory judgment merely adjudicating past violations of federal law – as opposed to continuing or future violations of federal law – is not an appropriate exercise of federal jurisdiction. The value of the judicial pronouncement – what makes it a proper judicial resolution of a 'case or controversy' rather than an advisory opinion – is in the settling of some dispute *which affects the behavior of the defendant towards the plaintiff.*"  *Bayer*, 861 F.3d at 868 (emphasis in original) (internal citations and quotations omitted).  Any declaratory judgment by this Court of noninfringement would not affect the behavior of Defendants towards Plaintiff because Plaintiff has not alleged that it is currently selling TP-Link branded products or that it plans to in the future.  Thus, Plaintiff has failed to allege a present case or controversy warranting this Court's declaratory judgment jurisdiction.

### b.   The relevant factors weigh against exercise of jurisdiction

Courts consider several factors in determining whether to exercise discretion under the Declaratory Judgment Act, including: (1) "avoid[ing] needless determination of state law issues"; (2) "discourag[ing] litigants from filing declaratory actions as a means of forum shopping"; (3) "avoid[ing] duplicative litigation"; (4) "whether the declaratory action will settle all aspects of the controversy"; (5) "whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue"; (6) "whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage"; (7) "whether the use of a declaratory action will result in entanglement between the federal and state court

systems"; (8) "the convenience of the parties"; and (9) "the availability and relative convenience of other remedies." *Gov't Emples. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225, n. 5 (9th Cir. 1998). Here, these factors militate against the Court's discretionary exercise of jurisdiction over Plaintiff's declaratory judgment claim.

A declaratory judgment would not settle all aspects of the controversy or serve a useful purpose in clarifying the legal relations at issue because Plaintiff's allegations concern past conduct that a declaratory judgment of noninfringement would not resolve. Even if this Court entered a declaratory judgment of noninfringement, such a ruling would not finally resolve Plaintiff's trade libel, tortious interference, and antitrust claims, which require Plaintiff to demonstrate multiple, separate and additional elements. Plaintiff has not alleged any facts indicating that it is currently selling TP-Link branded products, or that it plans to in the future, and no legal relations would be clarified by a declaratory judgment of noninfringement. Therefore, this Court should decline to exercise its discretion under the Declaratory Judgment Act to provide Plaintiff with an advisory opinion regarding some speculative potential future conduct.

### c. Plaintiff has failed to plead facts sufficient to show that it is entitled to a declaratory judgment of noninfringement

The SAC fails to plead facts sufficient to establish the validity of Plaintiff's claim for declaratory judgment of noninfringement for the same reasons that its trade libel and tortious interference claims fail – Plaintiff has failed to plead facts to demonstrate that its products are genuine TP-Link products. Plaintiff concedes that it is not an authorized reseller of TP-Link products. (SAC at ¶ 37.) Thus, the SAC fails to plead facts demonstrating that Plaintiff's TP-Link branded products carry the full bundle of rights that genuine TP-Link products carry, including the original manufacturer's warranty. *See HM Elecs.*, 2013 WL 12074966, at *3; *Rolex Watch, U.S.A.*, 179 F.3d at 707-10. Plaintiff's sale of materially different products without any warning to consumers that its products do not convey the full bundle of rights that

genuine products carry, constitutes trademark infringement.  *See Rolex Watch,* 179 F.3d at 707-10; *Harman,* 2018 WL 1989518, at *4 ("Because the distinction between using a duplication verses using an original has no relevance, where, as here, there is deceptive practices so as to create consumer confusion, the product itself becomes a counterfeit." (internal quotation marks and alteration omitted)).   Thus, Plaintiff's allegations fail to demonstrate that complaints about Plaintiff's infringement of TP-Link's trademark rights, and Plaintiff's claim for declaratory judgment of noninfringement must fail.

### 5.   *Noerr-Pennington* Doctrine

The *Noerr-Pennington* Doctrine provides a basis separate and apart from the reasons discussed *supra,* to dismiss Plaintiff's SAC in its entirety.  The doctrine "bars any claim, federal or state, common law or statutory, that has as its gravamen constitutionally-protected petitioning activity." *Gen-Probe, Inc. v. Amoco Corp., Inc.*, 926 F. Supp. 948, 956 (S.D. Cal. 1996).  This activity includes pre-suit demand letters and other efforts "to settle legal claims short of filing a lawsuit."  *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006).  Pre-suit infringement notices to third parties are also protected.  *See, e.g., Hard2Find Accessories, Inc. v. Amazon.com, Inc.*, 691 F. App'x 406 (9th Cir. 2017) (infringement notice to Amazon protected by *Noerr-Pennington* immunity); *Rock River Commc'ns., Inc. v. Univ. Music Group, Inc.*, 745 F.3d 343, 351 (9th Cir. 2014) (infringement notice to accused infringer's business partners protected); *EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp.*, 711 F. Supp. 2d 1074, 1082-83 (C.D. Cal. 2010) (threats warning third parties not to continue dealing in plaintiff's non-conforming goods protected); *Og Intern., Ltd. v. Ubisoft Ent.*, No. 11-cv-04980-CRB, 2012 WL 4809174, at *3 (N.D. Cal. Oct. 9, 2012) (claims based on letters to third-party distributors dismissed).

The present case is analogous to *Hard2Find*, where the Ninth Circuit found that an infringement report to Amazon was protected by *Noerr-Pennington* immunity.  In *Hard2Find*, Apple reported to Amazon that Hard2Find was selling counterfeit

JOINT MOTION TO DISMISS AND/OR STRIKE
CASE NO:  2:19-CV-10374-PA (EX)

4826-4878-1491.7

products.  *Hard2Find*, 691 F. App'x at 406-08.  Amazon suspended Hard2Find and Hard2Find then sued Apple for defamation and tortious interference.  *Id*.  The Ninth Circuit affirmed dismissal, holding that "the infringement notice that Apple sent to Amazon [was] sufficiently related to petitioning conduct protected by the Petition Clause."  *Id*. at 407.  Like in *Hard2Find*, Plaintiff alleges that Defendants made complaints to Amazon of trademark infringement and counterfeiting by Plaintiff. (SAC at ¶ 18.)  As the Ninth Circuit found, these infringement notices are protected petitioning activity.  Thus, Plaintiff's claims, which all rely on Defendants' alleged complaints to Amazon, must be dismissed in their entirety.

Contrary to Plaintiff's conclusory allegations in its SAC, the "sham" exception to the *Noerr-Pennington* doctrine does not apply.  To sufficiently allege that the sham litigation exception applies, Plaintiff must plead facts to establish that 1) Defendants' petitioning conduct was "objectively baseless" and 2) Defendants' motive for the petitioning conduct was unlawful.  *Sosa*, 437 F.3d at 938.  Further, sham litigation allegations must be "plead[ed] with particularity."  *Hard2Find*, 691 F. App'x at 407; *see Toyo Tire & Rubber Co., Ltd. v. CIA Wheel Group*, No. 15-cv-246-JLS (DFMx), 2015 WL 4545187, at *2 (C.D. Cal. July 8, 2015) ("[c]onclusory allegations are not sufficient to strip a defendant's activities of *Noerr–Pennington* protection." (citation omitted)).

Plaintiff's allegations fail to establish both that Defendants' alleged complaints were objectively baseless and that Defendants' motive was unlawful.  To the contrary, and as discussed *supra* § IV.A.1.b.-c., the facts pleaded indicate that Defendants had good reason to believe Plaintiff's products did not carry the full bundle of rights that genuine TP-Link products carried and that Plaintiff was therefore engaged in trademark infringement.  Plaintiff's allegations that Defendants made four purchases and thus should have known that Plaintiff's products were "authentic[]" (SAC at ¶ 50) are inapposite and do not change the fact that Plaintiff is an unauthorized reseller (*id*. at ¶ 37) that cannot convey the original manufacturer's warranty.  Further, Plaintiff's

4826-4878-1491.7

merits arguments cannot render Defendants' alleged complaints to Amazon "objectively baseless." *See Prof'l Real Estate Investors v. Columbia Pictures Indus.*, 508 U.S. 49, 60 (1993) (a suit is not objectively baseless if it is "arguably warranted by existing law or at the very least [is] based on an objectively good faith argument for the extension, modification, or reversal of existing law"). Defendants had a good faith belief, based on case law, that Plaintiff was infringing its intellectual property rights and sought to protect those rights. Thus, Plaintiff has failed to sufficiently plead that the *Noerr-Pennington* doctrine's narrow "sham" exception applies and the SAC should be dismissed in its entirety.

**B.      California's Anti-SLAPP Statute Precludes Plaintiff's State Law Claims**

**1.      Plaintiff's Trade Libel and Tortious Interference Claims Arise From Defendants' Protected Activity Under § 425.16(e)(2)**

Statements made to enforce intellectual property rights, like those allegedly made by Defendants to Amazon, fall within the protected activity of California's anti-SLAPP statute. Under the anti-SLAPP statute, "protected activity" is defined as an "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue, and includes . . . any other conduct in furtherance of the exercise of the [aforementioned rights] in connection with a public issue or an issue of public interest." CCP § 425.16(e). This includes "written or oral statements . . . made in connection with an issue under consideration or review by a [] judicial body." CCP § 425.16(e)(2). As courts have stated repeatedly in the context of California's anti-SLAPP statute, "[r]esort to the courts is protected activity." *Pistoresi v. Madera Irrigation Dist.*, 2008 U.S. Dist. LEXIS 99164, *10 (E.D. Cal. 2008); *see also Briggs*, 19 Cal. 4th at 1115 ("The constitutional right to petition . . . . includes the basic act of filing litigation."). This encompasses statements and writings made in connection with civil litigation and "extend[s] to pre-litigation conduct." *Tensor*, 2019 WL 3249595, at *6.

JOINT MOTION TO DISMISS AND/OR STRIKE
CASE NO:  2:19-CV-10374-PA (EX)

4826-4878-1491.7

"[S]tatements made in anticipation of a court action or other official proceeding may be entitled to protection under the anti-SLAPP statute, provided that the statement concerns the subject of the dispute and is made in anticipation of litigation contemplated in good faith and under serious consideration." *Id*. (internal citations omitted) (citing *Digerati Holdings, LLC v. Young Money Entm't, LLC*, 194 Cal. App. 4th 873, 886-87 (2011).

Here, Plaintiff's trade libel and tortious interference claims seek redress for Defendants' alleged misconduct in making intellectual property complaints to Amazon.  These alleged complaints constitute pre-litigation conduct and are therefore protected activity under the anti-SLAPP statute.  Defendants' alleged complaints to Amazon for trademark infringement and counterfeiting (SAC at ¶ 18) are functional equivalents of cease and desist letters.  Defendants discovered that Plaintiff, who was not an authorized reseller (*id*. at ¶ 37) was selling TP-Link branded products on Amazon, without any notice to customers that Plaintiff's products did not carry the original manufacturer's warranty that genuine TP-Link products carry.  As discussed above, *supra* § IV.A.1.b., this difference in warranty protection constitutes a material difference under the Lanham Act, rendering the products "counterfeit."  *See HM Elecs.*, 2013 WL 12074966, at *3; *Rolex Watch*, 179 F.3d at 707-10.  Thus, Defendants' complaints to Amazon were made in an effort to prevent trademark infringement by Plaintiff without having to proceed to court.  However, because Amazon removed the infringing products from its website, Defendants did not have to resort to litigation to protect and enforce TP-Link's intellectual property rights.  Thus, Defendants' alleged complaints to Amazon were made in anticipation of litigation and are considered protected activity under the anti-SLAPP statute.

### 2. Plaintiff Cannot Establish a Probability of Prevailing on Its State Law Claims

Because Defendants have made a threshold showing that Plaintiff's trade libel and tortious interference claims arise from "protected activity" covered by the anti-

JOINT MOTION TO DISMISS AND/OR STRIKE
CASE NO:  2:19-CV-10374-PA (EX)

4826-4878-1491.7

SLAPP statute, Plaintiff has the burden of establishing "a probability [of] prevail[ing] on the claim[s]."  CCP § 425.16(b)(1).

Plaintiff cannot establish a probability of prevailing on its trade libel and tortious interference claims because Plaintiff has failed to plead facts sufficient to establish the elements of the claims.  *See supra* §§ IV.A.1. ("The Facts Pleaded Do Not Establish the Necessary Elements of Trade Libel") and IV.A.2. ("Plaintiff Fails to State a Claim for Tortious Interference").

The *Noerr-Pennington* Doctrine, discussed *supra* § IV.A.5., also provides a separate basis for finding that Plaintiff cannot establish a probability of prevailing on its trade libel and tortious interference claims.

Finally, Defendants' alleged complaints to Amazon are protected by the California litigation privilege, CCP § 47(b), which is an "absolute" privilege and forecloses Plaintiff's trade libel and tortious interference claims.  *Flatley v. Mauro*, 39 Cal.4th at 299, 322 (2006).  CCP § 47(b) provides that communications made in or related to judicial proceedings are immune from tort liability.  The litigation privilege applies to any communications "(1) made in a judicial proceeding; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; (4) that have some connection or logical relation to the action."  *Sharper Image Corp. v. Target Corp.*, 425 F. Supp. 2d 1056, 1077 (N.D. Cal. 2006) (citations omitted).  Courts have found that the litigation privilege applies "regardless whether the communication was made with malice or the intent to harm."  *Kashian v. Harriman*, 98 Cal. App. 4th 892, 913 (2002).  California law has expanded the privilege "to include publication to nonparties with a substantial interest in the proceeding."  *Susan A. v. County of Sonoma*, 2 Cal. App. 4th 88, 94 (1991) (citing *Costa v. Superior Court*, 157 Cal. App. 3d 673, 678 (1984)).

For the same reasons that Defendants' alleged complaints to Amazon are protected as pre-litigation conduct under the anti-SLAPP statute, they are also protected by California's absolute litigation privilege. *See, e.g., Fitbit, Inc. v. Laguna*

JOINT MOTION TO DISMISS AND/OR STRIKE
CASE NO:  2:19-CV-10374-PA (EX)

4826-4878-1491.7

*2, LLC,* No. 17-cv-00079-EMC, 2018 WL 306724, at *9 (N.D. Cal. Jan. 5, 2018). ("Because the Court found in Fitbit's favor on the first part of the anti-SLAPP analysis . . . Fitbit prevails on the litigation privilege as well.").  Additionally, the fact that the alleged statements were made to Amazon does not take the statements outside of the litigation privilege.  Amazon has some interest in the litigation because Plaintiff used the Amazon platform to make its sales of TP-Link branded products and Amazon made the ultimate decision to expel Plaintiff from selling on its website.  (SAC at ¶¶ 6, 47.)  The litigation privilege is a bar to a party meeting the burden of the second step of the anti-SLAPP analysis. *See, e.g., Sparrow*, 2014 WL 12573525, at *5 ("A plaintiff is unable to meet the statutory burden of section 425.16 as a matter of law when the statement, publication, or activities at issue are protected by the litigation privilege of Civil Code § 47." (alterations omitted)); *Kashian*, 98 Cal. App. 4th at 926-27 (where defamation action was barred by litigation privilege, the plaintiff could not demonstrate a probability of prevailing for anti-SLAPP purposes).  Thus, because the litigation privilege applies to Defendants' alleged statements, Plaintiff cannot establish a probability of prevailing on its state law claims and TP-Link's anti-SLAPP motion should be granted.

### 3. Defendants Are Entitled to Recover the Attorneys' Fees and Costs Associated with the Anti-SLAPP Motion

A defendant who prevails on an anti-SLAPP motion is "entitled to recover . . . attorney's fees and costs."  Cal. Code Civ. Proc. § 425.16(c)(1).  "An award of attorney's fees and costs to a successful anti-SLAPP movant is mandatory." *Kearny v. Foley & Lardner LLP, et al.*, 553 F. Supp. 2d 1178, 1181 (S.D. Cal. 2008).  "[A] party who partially prevails on an anti-SLAPP motion must generally be considered a prevailing party unless the results of the motion were so insignificant that the party did not achieve any practical benefit from bringing the motion." *Mann v. Quality Old Time Serv., Inc.*, 139 Cal. App. 4th 328, 340 (2006).  "The determination whether a

party prevailed on an anti-SLAPP motion lies within the broad discretion of a trial court." *Id*.

Because the gravamen of Plaintiff's SAC arises from protected activity and Plaintiff has not demonstrated a probability of success on the merits of any of its state law claims, Defendants should be awarded their attorneys' fees and costs associated with bringing this anti-SLAPP motion to strike. *See Mann*, 139 Cal. App. 4th at 340. Accordingly, Defendants respectfully request that, should the Court grant this motion to strike, Defendants be given an opportunity to provide supplemental briefing by way of separate motion concerning its attorneys' fees and costs under CCP § 425.16.

## V.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss all claims against it pursuant to Rule 12(b)(6) for failure to state claims and/or strike Plaintiff's state law claims in their entirety pursuant to CCP § 425.16.

A Proposed Order is filed herewith.

DATED:  February 6, 2020        **FOLEY & LARDNER LLP**

                                */s/Stephen R. Smerek*
                                Stephen R. Smerek
                                Tiffany Kim Sung
                                FOLEY & LARDNER LLP
                                *Attorneys for Defendant*
                                *TP Link USA Corporation*

                                **BURKHALTER KESSLER**
                                  **CLEMENT & GEORGE LLP**

                                */s/Andrew M. Cummings*
                                Alton G. Burkhalter
                                Andrew M. Cummings
                                BURKHALTER KESSLER
                                  CLEMENT & GEORGE LLP
                                *Attorneys for Defendant*
                                *Auction Brothers, Inc.*