Stephen R. Smerek (State Bar No. 208343)
email: ssmerek@foley.com
Tiffany Kim Sung (State Bar No. 323077)
email: tsung@foley.com
**FOLEY & LARDNER LLP**
555 South Flower Street, Suite 3300
Los Angeles, CA 90071-2411
Telephone: (213) 972-4500
Facsimile: (213) 486-0065

Attorneys for Defendant
TP LINK USA CORPORATION

Alton G. Burkhalter (State Bar No. 119595)
Email: aburkhalter@bkcglaw.com
Andrew M. Cummings (State Bar No. 305081)
Email: acummings@bkcglaw.com
**BURKHALTER KESSLER**
 **CLEMENT & GEORGE LLP**
2020 Main Street, Suite 600
Irvine, CA 92614-8336
Telephone: (949) 375-7500
Facsimile: (949) 975-7501

Attorneys for Defendant
AUCTION BROTHERS, INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS INC., <br><br> Plaintiff, <br><br> v. <br><br> TP LINK USA CORPORATION, et al. <br><br> Defendants. | Case No: 2:19-cv-10374-PA (Ex) <br><br> Hon. Percy Anderson <br><br> [PROPOSED] ORDER GRANTING DEFENDANTS' JOINT MOTION TO DISMISS AND/OR STRIKE SECOND AMENDED COMPLAINT <br><br> Fed. R. Civ. P. 12 and Cal. Code Civ. P. 425.16 <br><br> Hearing Date:  March 9, 2020 <br> Hearing Time:  1:30 p.m. <br> Courtroom:  9A <br><br> SAC Filed: January 13, 2020 |

4835-4670-4308.2

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 9, 2020 at the Court's civil law and motion calendar called at 1:30 p.m, Defendants TP Link USA Corporation's ("TP-Link") and Auction Brothers, Inc. d/b/a/ Amazzia's ("Amazzia") (collectively, "Defendants") Joint Motion to Dismiss and/or Strike Plaintiffs' Second Amended Complaint ("Motion") came on for hearing before this Court.

Defendants brought the Motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that each cause of action alleged in the Second Amended Complaint failed to allege sufficient facts to state a legally cognizable and facially plausible claim for relief against Defendants, and pursuant to Section 425.16 of the California Code of Civil Procedure on the ground that Plaintiff's claims for trade libel and tortious interference arise from protected activity.

This Court has considered the filings and evidence submitted in support of, and in opposition to, Defendants' Motion, including the arguments of counsel during the hearing on the Motion, and finding **GOOD CAUSE APPEARING**, now rules as follows:

    A.    The Court **GRANTS** Defendants' Motion as to each cause of action in Plaintiffs' Second Amended Complaint because each cause of action fails to allege sufficient facts to state a legally cognizable and facially plausible claim for relief against Defendants (*see* Fed. R. Civ. P. 12(b)(6)) and because Plaintiff's state law claims for trade libel and tortious interference arise from protective activity under California's anti-SLAPP statute (*see* C.C.P. § 425.16).

        i.    As to Plaintiff's claim for trade libel, Plaintiff has failed to plead, with the requisite particularity, any allegedly libelous statements by Defendants. Specifically, Plaintiff has failed to identify the author or speaker of Defendants' alleged statements. Additionally, the SAC fails to allege any facts identifying the substance of Defendants' alleged statements. Plaintiff's claim for trade libel also fails for the

additional reason that Plaintiff has failed to allege facts to show the falsity of Defendants' alleged statements.  Plaintiff has conceded that it is not an authorized distributor of TP-Link products and has not alleged any facts to establish that Plaintiff's products carry the full bundle of rights that genuine TP-Link products carry.  As such, the facts pleaded in the SAC fail to establish that Defendants' alleged complaints regarding Plaintiff's infringement of TP-Link's trademark were demonstrably false or made with actual malice.  Further, the facts alleged in the SAC indicate that Plaintiff's expulsion from Amazon was caused by Plaintiff's own failure to meet its contractual obligations to Amazon to establish the authenticity of its products, and not any alleged complaints made by Defendants.

ii. As to Plaintiff's claim for tortious interference with prospective economic advantage, Plaintiff has failed to plead facts sufficient to establish an independently wrongful act by Defendants designed to disrupt Plaintiff's relationship with Amazon.  Rather, the facts alleged tend to establish that Defendants' alleged complaints to Amazon regarding Plaintiff's infringement of TP-Link's trademark, were not false and that Defendants acted to enforce and protect TP-Link's trademark rights.  Plaintiff's claim also fails for the same reason its trade libel claim fails – Plaintiff's allegations fail to show that Defendants' alleged statements to Amazon caused Plaintiff's expulsion.  Rather, Plaintiff's own inability to authenticate its products caused its expulsion.

iii. As to Plaintiff's claim for violation of antitrust laws, Plaintiff fails to identify a vertical agreement between entities at different levels of a supply chain or a horizontal agreement among competitors, thereby foreclosing a viable claim under Section 1 of the Sherman Act.

Plaintiff's allegations fail to establish that Defendants were competitors in any sense, but rather, establish that Defendants had identical economic interests – protecting TP-Link's intellectual property rights.  Thus, Plaintiff's allegations fail to establish any *per se* violation of the Sherman Act.

    iv.    As to Plaintiff's claim for declaratory judgment of noninfringement, Plaintiff has not alleged any facts to establish that a "case or controversy" exists.  Plaintiff has not alleged that it is currently selling TP-Link branded products or that it would have any inclination to continue selling TP-Link branded products in the future.  The Court agrees with Defendants that Plaintiff is essentially asking the Court for an advisory opinion.  Moreover, a declaratory judgment would not resolve any of Plaintiff's other claims because each require Plaintiff to demonstrate multiple, separate and additional elements.  Even if this Court did consider Plaintiff's claim for declaratory judgment, the claim would fail for the same reasons that its trade libel and tortious interference claim fail – Plaintiff has failed to plead facts to demonstrate that its products are genuine TP-Link products.

    v.    Each of Plaintiff's claims also fail for the separate reason that they are barred by the *Noerr-Pennington* Doctrine.  Defendants' alleged statements to Amazon were clearly pre-suit infringement notices that constitute protected activity.  Plaintiff's allegations also fail to establish that Defendants' alleged complaints fall under the "sham" exception because they do not indicate that Defendants' alleged statements were objectively baseless.

    vi.    Finally, Plaintiff's claims for trade libel and tortious interference are precluded by California's Anti-SLAPP statute.  Statements made to protect intellectual property rights, including Defendants' alleged

statements, fall within protected activity as pre-litigation conduct. These alleged statements are also protected by California's absolute litigation privilege for the same reasons. Further, for the reasons explained above, Plaintiff cannot establish a probability of prevailing on its claims.

B. The Court **FINDS** that these pleading defects are incurable through further amendment. Therefore, the Court **DENIES** leave to amend.

C. The Court **DISMISSES** Plaintiff's Second Amended Complaint, and each cause of action therein, on the merits and **with prejudice**.

D. The Court further **ORDERS** Defendants to prepare a proposed judgment for submission to the Court.

**IT IS SO ORDERED.**

DATED: _____

                                                                          _____
Hon. Percy Anderson
United States District Judge
Central District of California