Mark Schlachet (OSB 0009881) [Admitted PHV]
markschlachet@me.com
3515 Severn Road
Cleveland, Ohio 44118
Tel: (216)225-7559 Fax: (216)932-5390
*Attorney for Defendants*

Christopher J. Hammond (SBN 150024)
chammond@bizlawpro.com
21540 Prairie Street, Unit A Chatsworth, CA 91311
Tel: (866)625-2529 Fax: (866)463-9285
*Local Counsel for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THIMES SOLUTIONS INC. <br><br> Plaintiff, <br><br> vs. <br><br> TP-LINK USA CORPORATION, et al <br><br> Defendants. | **CASE NO. CV 19-10374 PA** <br><br> **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MEMORANDUM OF THIMES SOLUTIONS INC. IN OPPOSITION TO DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION TO DISMISS AND/OR STRIKE SECOND AMENDED COMPLAINT** <br><br> **HEARING DATE: MARCH 9, 2013** <br><br> **HEARING TIME: 1:30 PM** <br><br> **COURTROOM: 9A** <br><br> **SAC FILED: JANUARY 13, 2020** |

Plaintiff Thimes Solutions Inc. ("Thimes") hereby respectfully requests that the Court take judicial notice pursuant to Fed.R.Evid. 201 of the following documents described below and attached to the Declaration of Mark Schlachet filed concurrently herewith.  "The Court may take judicial notice of facts not reasonably subject to dispute because they are generally known within the trial court's territorial jurisdiction or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. FRE 201(b)."  *Hard 2 Find Accessories, Inc. v. Amazon.com, Inc.*, 2014 U.S. Dist. LEXIS 160980, at *3 (W.D. Wash. Nov. 17, 2014).

**Exhibit 1:**  it has been disclosed under Rule 26(a)(1) by Auction Brothers, Inc. dba Amazzia that William Fikhman, and brother/former defendant Mikhail Fikhman, are CTO and CEO of Amazzia.  Exhibit 1 is relevant to their veteran status in the relevant market as Amazon third-party sellers, as well as their long-established familiarity with the First Sale Doctrine in particular.

**Authority:** See *Bezi v. Camacho*, No. SACV 11-00677-JLS (DTB), 2016 U.S. Dist. LEXIS 124322, at *10 (C.D. Cal. Aug. 8, 2016), citing and quoting *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015) ("It is well established that a court can take judicial notice of its own files and records under Rule 201 of the Federal Rules of Evidence.").

**Exhibit 2:** Amazon Expert Chris Mc Cabe's Declaration in *Johnson v. Incopro,* Case No. 18-00689, ECF 34 (E.D. VA 2019) is relevant to several of the "nuts and bolts" of the Amazon Infringement Reporting System, its uses and abuses. Examples are the inadequacy of any appellate process at Amazon to arrive at the truth of IP complaints and the severe consequences thereof to amazon sellers.

**Authority:** *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.,* 971 F.2d 244, 248 (9th Cir. 1992) (courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Exhibit 3:** Transcript of Proceedings of May 23, 2019 in *Johnson v. Incopro, Inc. et al*, 1:18-cv-00689 (E.D. VA), contains the ruling of Hon. Leonie M. Brinkema, denying a Rule 12(b)(6) Motion to Dismiss a claim predicated on IP complaints against a third-party seller, sounding in "counterfeit."

**Authority:** this Court noted that "[i]n the absence of any California authority on the issue, the Court considered persuasive authority from other jurisdictions." *Wolfstein v. Morgan, Lewis & Bockius LLP*, No. CV 15-7150 PA, 2016 U.S. Dist. LEXIS 14497, at *23 (C.D. Cal. 2016). See also *United States ex rel. Robinson

*Rancheria Citizens Council v. Borneo, Inc.,* 971 F.2d 244, 248 (9th Cir. 1992) (courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"

----

**Exhibit 4: :** the Transcript of Proceedings of May 23, 2019 in *Eternity Mart, Inc. v. Nature's Sources, LLC* 1:19-cv-02436 (N.D. IL filed April 10, 2019), contains the ruling of Hon. John J. Tharp, Jr., denying a Rule 12(b)(6) Motion to Dismiss a claim predicated on IP complaints against a third-party seller, sounding in "counterfeit."

**Authority:** this Court noted that "[i]n the absence of any California authority on the issue, the Court considered persuasive authority from other jurisdictions." *Wolfstein v. Morgan, Lewis & Bockius LLP*, No. CV 15-7150 PA, 2016 U.S. Dist. LEXIS 14497, at *23 (C.D. Cal. 2016). See also *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.,* 971 F.2d 244, 248 (9th Cir. 1992) (courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"

----

**Exhibit 5:**   Amazzia's seller profile on Amazon.com as of January 20, 2020 showing 31,080 ratings or reviews and thus implying significant activities as an Amazon third-party seller.  This is relevant to Defendants' suggestion that Amazzia is not an actual or potential competitor vis-à-vis TP-Link in the relevant market.

**Authority**: *McMahon v. Take-Two Interactive Software, Inc.*, No. EDCV 13-02032-VAP (SPx), 2014 U.S. Dist. LEXIS 13812, at *5-6 (C.D. Cal. 2014); *Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 965 (C.D. Cal. 2005) (granting judicial notice over two Amazon.com webpages).

**Exhibit 6:**  Marketplace Ratings blog sheet reporting Amazon rating of Amazzia as 7,639th largest Fulfillment by Amazon seller.  This is relevant to Defendants' suggestion that Amazzia is not an actual or potential competitor vis-à-vis TP-Link in the relevant market.

**Authority:** *McMahon v. Take-Two Interactive Software, Inc.*, No. EDCV 13-02032-VAP (SPx), 2014 U.S. Dist. LEXIS 13812, at *5-6 (C.D. Cal.  2014) "Also, a court may take judicial notice of publicly available newspaper and magazine articles and web pages that "indicate what was in the public realm at the time, not whether the contents of those articles were in fact true. *Von Saher v. Norton Simon*

*Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010)." *Wible v. Aetna Life, supra,* taking judicial notice to show matters in public domain.

**Exhibit 7:** a page from Amazzia's LinkedIn site soliciting applications for marketing personnel with broad range of retail skills. This is relevant to Defendants' suggestion that Amazzia is not a competitor vis-à-vis TP-Link in the relevant market.

**Authority:** *Wible v. Aetna Life, supra,* taking judicial notice of website materials.

**Exhibit 8:** a post from Amazon Seller Central in February 2018 advising that most account reviews conclude within 30 days, but Amazon retains discretion to extend that time frame in its discretion. This is relevant to connect the late-June IP complaints (followed by and account review) to the late-August expulsion and permanent shuttering of plaintiff's selling account on August 27, 2020.

**Authority:** See, e.g., *Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 965-66 (C.D. Cal. 2005) (judicial notice of amazon.com pages and web information from medical associations);

****************

For the foregoing reasons, CSC respectfully requests that judicial notice be taken of the above-referenced documents, attached as Exhibits 1-8 to the

concurrently-filed Declaration of Mark Schlachet, pursuant to Federal Rule of Evidence 201.

        Respectfully submitted,

/s/ Mark Schlachet
Mark Schlachet (OSB 0009881)
[Admitted PHV]
markschlachet@me.com
3515 Severn Road
Cleveland, Ohio 44118
Tel: (216)225-7559
Fax: (216)932-5390

Christopher J. Hammond (SBN 150024)
chammond@bizlawpro.com
21540 Prairie Street, Unit A
Chatsworth, CA 91311
Tel: (866)625-2529 Fax: (866)463-9285

*Attorneys for Plaintiff Thimes Solutions Inc.*