Stephen R. Smerek (State Bar No. 208343)
email:  ssmerek@foley.com
Tiffany Kim Sung (State Bar No. 323077)
email:  tsung@foley.com
**FOLEY & LARDNER LLP**
555 South Flower Street, Suite 3300
Los Angeles, CA 90071-2411
Telephone:  (213) 972-4500
Facsimile:  (213) 486-0065

Attorneys for Defendant
TP LINK USA CORPORATION

Alton G. Burkhalter (State Bar No. 119595)
Email: aburkhalter@bkcglaw.com
Josh A. Waldman (State Bar No. 222859)
Email:  jwaldman@bkcglaw.com
**BURKHALTER KESSLER
  CLEMENT & GEORGE LLP**
2020 Main Street, Suite 600
Irvine, CA 92614-8336
Telephone:  (949) 375-7500
Facsimile:  (949) 975-7501

Attorneys for Defendant
AUCTION BROTHERS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS INC., <br><br> Plaintiff, <br><br> v. <br><br> TP LINK USA CORPORATION, et al. <br><br> Defendants. | Case No:  2:19-cv-10374-PA (Ex) <br><br> **Hon. Percy Anderson** <br><br> **DEFENDANTS' JOINT REPLY IN SUPPORT OF MOTION TO DISMISS AND/OR STRIKE SECOND AMENDED COMPLAINT** <br><br> Fed. R. Civ. P. 12 and Cal. Code Civ. P. 425.16 <br><br> Hearing Date:  March 9, 2020 <br> Hearing Time:  1:30 p.m. <br> Courtroom:  Courtroom 9A <br> SAC Filed:  January 13, 2020 |

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................... 1

II. ARGUMENT ................................................................................................... 1

    A. Plaintiff Fails to Plead Facts Sufficient to Establish that the Sham Exception to the *Noerr-Pennington* Doctrine Applies ...................................... 1

    B. The Facts Pleaded Do Not Establish the Elements of Trade Libel ................ 4

        1. Plaintiff Does Not Sufficiently Allege the Falsity of Defendants' Alleged Statements ............................................................ 4

        2. Plaintiff Does Not Sufficiently Allege that Defendants Made Any Statements with Actual Malice ...................................................... 5

        3. The Facts Alleged Do Not Establish Causation ................................. 5

        4. Dismissal Is Warranted Where, as Here, Plaintiff Fails to Plead Facts Sufficient to State a Claim for Relief ........................................ 6

    C. The Facts Pleaded Do Not Establish the Necessary Elements of Tortious Interference ................................................................................... 6

        1. The Facts Pleaded Do Not Establish an Independently Wrongful Act Designed to Disrupt an Economic Relationship ........... 6

        2. The Facts Pleaded Do Not Establish Causation ................................. 7

    D. Plaintiff Fails to State an Antitrust Claim ....................................................... 7

        1. The Facts Alleged in the SAC Fail to Establish Any Wrongful Conduct Within Section 1 of the Sherman Act ................................. 7

        2. Plaintiff Has Failed to Plead Facts to Establish that Defendants Did Not Act as a Single Entity ............................................................ 8

        3. The Facts Alleged in the SAC Fail to Establish That TP-Link and Amazzia are Competitors ............................................................ 9

    E. California's Anti-SLAPP Statute and Litigation Privilege Preclude Plaintiff's State Law Claims ........................................................................... 10

        1. Defendants' Alleged Statements Constitute Protected Activity ......... 10

        2. Defendants' Anti-SLAPP Motion is Timely ...................................... 11

        3. There Is No Bad-Faith Exception to the Protections of the Anti-SLAPP Statute or California's Litigation Privilege ........................... 11

III. CONCLUSION ............................................................................................. 12

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Adobe Sys. Inc. v. Coffee Cup Partners, Inc.*,
No. 11-cv-2243-CW, 2012 WL 3877783 (N.D. Cal. Sept. 6, 2012) .......................... 12

*Am. Needle, Inc. v. NFL*,
560 U.S. 183 (2010) ............................................................................................. 8, 9

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .................................................................................................. 6

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .................................................................................................. 6

*Business Elecs. Corp. v. Sharp Elecs. Corp.*,
485 U.S. 717 ............................................................................................................ 10

*Collins v. Allstate Indem. Co.*,
428 Fed. App'x 688 (9th Cir. 2011) ........................................................................ 12

*Doe v. Gangland Prods., Inc.*,
730 F.3d 946 (9th Cir. 2013) ................................................................................... 12

*EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp.*,
711 F. Supp. 2d 1074 (C.D. Cal. 2010) ..................................................................... 3

*Hand & Nail Harmony, Inc. v. ABC Nails & Spa Prods.*,
2016 U.S. Dist. LEXIS 188902 (C.D. CA 2016) ..................................................... 7

*Harman Int'l Indus. Inc. v. Pro Sounds Gear, Inc.*,
No. 17-cv-06650-ODW, 2018 WL 1989518 (C.D. Cal. Apr. 24, 2018) .................. 2

*HM Elecs., Inc. v. R.F. Techs., Inc.*,
No. 12-cv-2884-MMA-WMC, 2013 WL 12074966 (S.D. Cal. Oct. 3, 2013) ...................................................................................................................... 1, 2

*Jack Russell Terrier Network v. Am. Kennel Club, Inc.*,
407 F.3d 1027 (9th Cir. 2005) ................................................................................... 9

*Leegin Creative Leather Products, Inc. v. PSKS, Inc.*,
551 U.S. 877 (2007) ............................................................................................ 8, 10

*Nexstar Broad., Inc. v. Granite Broad. Corp.*,
  No. 1:11-CV-249 RM, 2012 U.S. Dist. LEXIS 95024 (N.D. Ind. July 9,
  2012) ................................................................................................................... 9

*Og Intern., Ltd. v. Ubisoft Ent.*,
  No. 11-cv-04980-CRB, 2012 WL 4809174 (N.D. Cal. Oct. 9, 2012) ........................ 3

*Prof'l Real Estate Investors v. Columbia Pictures Indus.*,
  508 U.S. 49 (1993) ................................................................................................ 2

*Rock River Commc'ns., Inc. v. Univ. Music Group, Inc.*,
  745 F.3d 343 (9th Cir. 2014) ................................................................................. 3

*Rolex Watch, U.S.A., Inc. v. Michel Co.*,
  179 F.3d 704 (9th Cir. 1999) ................................................................................. 2

*Sarver v. Chartier*,
  813, F.3d 891, 900 (9th Cir. 2016) ...................................................................... 11

*Sosa v. DIRECTV, Inc.*,
  437 F.3d 923 (9th Cir. 2006) ................................................................................. 2

*Theme Promotions, Inc. v. News Am. FSI, Inc.*,
  No. C-97-4617-VRW, 1998 U.S. Dist. LEXIS 23560 (N.D. Cal. May 29,
  1998) ................................................................................................................. 10

*United States v. E. I. Du Pont de Nemours & Co.*,
  351 U.S. 377 (1956) ............................................................................................ 10

*Vondran v. McLinn*,
  1995 U.S. Dist. LEXIS 21974 (N.D. Cal. July 5, 1995) ......................................... 4

*Worldhomecenter.com, Inc. v. KWC Am., Inc.*,
  2011 U.S. Dist. LEXIS 104496 (S.D.N.Y. Sep. 15, 2011) ...................................... 2

**California Cases**

*Flatley v. Mauro*,
  39 Cal.4th 299 (2006) ......................................................................................... 12

*Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism*,
  4 Cal. 5th 637 (2018) .......................................................................................... 11

*Taus v. Loftus*,
  40 Cal.4th 683 (2007) ......................................................................................... 12

**Federal Statutes**

Fed. R. Civ. P. 12(b)(6) ............................................................................................. 12

## I. INTRODUCTION

Plaintiff's Opposition to Defendants' Motion to Dismiss and/or Strike the Second Amended Complaint (Dkt. 87, "Opp.") cannot cure the pleading deficiencies underlying the Second Amended Complaint (Dkt. 78, "SAC"). Importantly, Plaintiff fails to address its admission that it is not an authorized distributor of TP Link USA Corporation's products, and the implications of that admission – that TP-Link had a good faith basis to raise concerns with Amazon that the TP-Link branded products sold by Plaintiff lacked the original manufacturer's warranty rights and were thus counterfeit goods, materially different from genuine TP-Link products. *See HM Elecs., Inc. v. R.F. Techs., Inc.,* No. 12-cv-2884-MMA-WMC, 2013 WL 12074966, at *3 (S.D. Cal. Oct. 3, 2013). In sum, Plaintiff's own admission establishes that Defendants' complaints to Amazon were not wrongful, and each of Plaintiff's claims fails for this reason alone.

Further, Plaintiff's arguments that Defendants are imposing an obligation on Plaintiff to plead around affirmative defenses misses the mark. Defendants' Motion (Dkt. 86) identifies Plaintiff's failure to plead those facts necessary to establish the basic elements of the claims asserted. Defendants' arguments address the specific elements of each claim, as set out by case law, and demonstrate how the facts pleaded in the SAC fall short of establishing the elements of the pleaded claims. Unable to point to specific facts pleaded in the SAC, Plaintiff's opposition largely regurgitates legal conclusions, only further demonstrating that the SAC does not allege facts sufficient to support Plaintiff's claims.

## II. ARGUMENT

### A. Plaintiff Fails to Plead Facts Sufficient to Establish that the Sham Exception to the *Noerr-Pennington* Doctrine Applies

Contrary to Plaintiff's conclusory allegations, the narrow "sham" exception to the *Noerr-Pennington* doctrine does not apply. To sufficiently allege that the sham litigation exception applies, Plaintiff must plead facts to establish that 1) Defendants'

petitioning conduct was "objectively baseless" and 2) Defendants' motive for the petitioning conduct was unlawful.  *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 938 (9th Cir. 2006).  While Plaintiff vociferously repeats that Defendants' alleged complaints were objectively baseless, the facts pleaded by Plaintiff demonstrate otherwise.

All of Plaintiff's arguments fail because the facts pleaded cannot establish that Defendants' alleged complaints to Amazon were objectively baseless.  At the very minimum, the facts pleaded establish that Defendants had a good faith argument, based on case law, for its belief that Plaintiff was infringing TP-Link's intellectual property rights.  *See Prof'l Real Estate Investors v. Columbia Pictures Indus.*, 508 U.S. 49, 60 (1993) (a suit is not objectively baseless if it is "arguably warranted by existing law or at the very least [is] based on an objectively good faith argument for the extension, modification, or reversal of existing law").  Plaintiff has conceded that it is not an authorized reseller of TP-Link products (SAC at ¶ 37), and has not pleaded any facts to establish that the products sold by Plaintiff included the full bundle of rights associated with genuine TP-Link products, including the original manufacturer's warranty.[1]  Thus, the facts pleaded fail to demonstrate that the products sold by Plaintiff were not counterfeit products, materially different from those sold by authorized distributors.  *HM Elecs.*, 2013 WL 12074966, at *3 ("Differences in warranties or services accompanying a trademarked product may constitute material differences.").  The sale of materially different products constitutes trademark counterfeiting.  *See, e.g., Rolex Watch, U.S.A., Inc. v. Michel Co.*, 179 F.3d 704, 707-10 (9th Cir. 1999); *Harman Int'l Indus. Inc. v. Pro Sounds Gear, Inc.*, No.

---

[1] To the extent Plaintiff attempts to avoid dismissal by asserting that N.Y. Gen. Bus. Law § 369-b voids warranty disclaimers in New York and that Defendants' warranty arguments are therefore a "hoax," Plaintiff has alleged no facts demonstrating that TP-Link was aware of Plaintiff's location in New York. Further, the law is unsettled regarding the effect of § 369-b on the determination of whether a product is materially different due to the absence of warranties. *See., e.g., Worldhomecenter.com, Inc. v. KWC Am., Inc.*, 2011 U.S. Dist. LEXIS 104496, at *23 (S.D.N.Y. Sep. 15, 2011) ("blanket disclaimer of warranties for all products sold by 'unauthorized Internet sellers' may be too general to fit within the statutory language of § 369-b, which voids warranty disclaimers for products 'sold by a particular dealer or dealers'").

17-cv-06650-ODW (FFMx), 2018 WL 1989518, at *4 (C.D. Cal. Apr. 24, 2018). Accordingly, Plaintiff's allegations establish that Defendants had a good faith basis for their alleged complaints to Amazon, and tend to demonstrate that Plaintiff engaged in counterfeiting and trademark infringement.

Plaintiff argues that Defendants misrepresented *Rock River Commc'ns., Inc. v. Univ. Music Group, Inc.*, 745 F.3d 343 (9th Cir. 2014) by stating, "infringement notice protected by Noerr-Pennington immunity." (Opp. at 21.)  However, this quote appears nowhere in Defendants' Motion and Plaintiff appears to have derived it from an explanatory parenthetical Defendants included for their citation of a separate case. (*See* Motion at 19.)  Nevertheless, in their Motion, Defendants cited *Rock River* for the proposition that pre-suit infringement notices to third parties are protected.  This is certainly true and not a misrepresentation of *Rock River*.  *See* 745 F.3d 343 at 351 ("Rock River's IIPEA claim seeks to hold UMG liable based on the cease-and-desist letters and threats of litigation UMG made to Rock River's business partners.  Under the Noerr-Pennington doctrine, such pre-litigation material is immune from suit unless the threatened lawsuit was a sham." (internal quotations omitted)).  Further, several courts have applied the *Noerr-Pennington* doctrine to dismiss complaints where the alleged misconduct constituted pre-suit infringement notices to third parties. *See, e.g. EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp.*, 711 F. Supp. 2d 1074, 1082-83 (C.D. Cal. 2010); *Og Intern., Ltd. v. Ubisoft Ent.*, No. 11-cv-04980-CRB, 2012 WL 4809174, at *3 (N.D. Cal. Oct. 9, 2012).

Plaintiff's arguments that it has "specifically pled, non-conclusory, the particulars of the 'Sham Exception' at SAC ¶ 50," is plainly false. (Opp. at 20.)  The SAC at ¶ 50 is devoid of facts and simply concludes that Defendants' alleged complaints were objectively baseless and that Defendants' allegedly made "counterfeiting" complaints to eliminate price competition, while attempting to bolster its insufficient conclusory allegations with unrelated statements made by Amazon and excerpts from case law. (*See* SAC at ¶ 50.)  Plaintiff's conclusory allegations and

vociferous complaints cannot take the place of actual facts. Thus, Plaintiff has failed to sufficiently plead that the *Noerr-Pennington* doctrine's narrow "sham" exception applies and all of Plaintiff's claims fail on this basis alone.

### B. The Facts Pleaded Do Not Establish the Elements of Trade Libel

Plaintiff has not alleged facts sufficient to demonstrate the necessary elements of trade libel: that "(1) Defendants published false statements concerning the quality of Plaintiff's product; (2) the statements induced others not to deal with Plaintiff[]; and (3) special damages." *Vondran v. McLinn*, 1995 U.S. Dist. LEXIS 21974, at *14 (N.D. Cal. July 5, 1995) (citing *Aetna Casualty & Surety Co. v. Centennial Ins. Co.*, 838 F.2d 346, 351 (9th Cir. 1988)).

#### 1. Plaintiff Does Not Sufficiently Allege the Falsity of Defendants' Alleged Statements

Specifically, Plaintiff has failed to plead facts that, even if taken as true, would show that Defendants published *false* statements. There is no dispute that Plaintiff has not pleaded with particularity, the exact statements that were allegedly made to Amazon. Plaintiff has admitted that it does not know exactly what statements Defendants made. (SAC at n 5.) Therefore, even if the factual allegations in the SAC are true, Plaintiff has not established that the statements themselves were false.

Further, although Plaintiff need not *prove* authenticity of its products at the pleading stage, Plaintiff must plead facts that plausibly demonstrate authenticity to show that Defendants' alleged complaints were false. Plaintiff has failed to do so. Simply stating that products are authentic is not a factual allegation, but rather a legal conclusion. Plaintiff has conceded that it is not an authorized distributor of TP-Link products, and the SAC nowhere alleges facts sufficient to demonstrate that the products sold by Plaintiff included the full bundle of rights, including for example original manufacturer warranty rights, that accompany genuine TP-Link branded products. Because the facts alleged in the SAC, even if true, fail to establish that the products sold by Plaintiff are genuine, Plaintiff has not pleaded sufficient facts to

demonstrate the falsity of Defendants' alleged complaints to Amazon for counterfeiting and trademark infringement.

### 2. Plaintiff Does Not Sufficiently Allege that Defendants Made Any Statements with Actual Malice

With regard to the actual malice element of a claim for trade libel, Plaintiff's conclusory allegations that Defendants acted maliciously are insufficient to satisfy Plaintiff's burden to plead facts. Plaintiff argues that it alleged actual malice by stating that Defendants conducted test purchases and should have known that its products were "genuine." But test purchases are inapposite where, as here, the issue of genuineness stems from Plaintiff's status as an unauthorized distributor. As an unauthorized distributor, any TP-Link branded products sold by Plaintiff lack full warranty rights and are thus not genuine. Defendants' alleged complaints were made to enforce TP-Link's intellectual property rights because otherwise, TP-Link would be obliged to honor manufacturer warranty rights on products it has no control over, or risk losing its goodwill to consumers who had no reason to believe they were purchasing a product without full warranty rights.[2] Thus, Plaintiff has failed to allege facts sufficient to show that Defendants made the alleged complaints with malice.

### 3. The Facts Alleged Do Not Establish Causation

Plaintiff has also failed to plead facts sufficient to establish causation – that Defendants' alleged statements induced Amazon not to deal with Plaintiff. Rather, the facts pleaded in the SAC establish that Plaintiff's own failure to show that it was complying with Amazon's policies induced Amazon to expel Plaintiff. As alleged in the SAC, Plaintiff was not immediately removed from Amazon after Defendants' alleged complaints. Instead, Amazon gave Plaintiff the opportunity to prove that it was in compliance with Amazon's policies regarding intellectual property rights.

---

[2] Plaintiff has not alleged that it made consumers aware of the fact that it is not an authorized distributor and thus that original manufacturer warranty rights were not included in its products (thus potentially exposing Amazon to consumer complaints regarding the products sold on its platform).

(SAC at ¶ 45, Exs. 8.1-8.4.) While Plaintiff argues that "[t]here is no genuine opportunity for the accused to overturn Amazon's suspension/expulsion without the complaining IP owner's assistance" (Opp. at 9), the facts alleged in the SAC contradict that argument. Plaintiff alleges that after it was suspended, it appealed and was reinstated. (SAC at ¶ 46.) In sum, the facts pleaded in the SAC establish that Plaintiff's own inability to demonstrate to Amazon that Plaintiff was in compliance with Amazon's intellectual property policies caused Amazon to remove Plaintiff.

  **4. Dismissal Is Warranted Where, as Here, Plaintiff Fails to Plead Facts Sufficient to State a Claim for Relief**

While Plaintiff cites three "authorities" for the proposition that the courts routinely deny 12(b)(6) motions to dismiss defamation and tortious interference claims following IP complaints to Amazon (Opp. at 10-11), none of them excuse Plaintiff from pleading the facts necessary to establish a claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Further, the cases cited by Plaintiff are readily distinguishable because they did not involve the core issue in the present case, where Plaintiff has admitted that it is not an authorized distributor, and there are no allegations that Plaintiff's products contained the full bundle of rights that genuine products contain. In fact, none of the cases Plaintiff cites appear to involve challenges made to the adequacy of the pleadings based on the facts conceded by Plaintiff here. Further, while Plaintiff criticizes Defendants for citing to a non-precedential opinion (Opp. at 19), two of the cases Plaintiff cites are unpublished hearing transcripts.

  **C. The Facts Pleaded Do Not Establish the Necessary Elements of Tortious Interference**

    **1. The Facts Pleaded Do Not Establish an Independently Wrongful Act Designed to Disrupt an Economic Relationship**

Plaintiff again not only does not address its failure to plead facts to establish the necessary elements of tortious interference, but misrepresents case law in arguing that

"an accusation of counterfeiting is a 'wrongful act.'" (Opp. at 14.) Plaintiff cites *Hand & Nail Harmony, Inc. v. ABC Nails & Spa Prods.*, 2016 U.S. Dist. LEXIS 188902, at *13 (C.D. CA 2016) for this proposition. But *Hand & Nail* indicates that *false* accusations of counterfeiting, *with knowledge of the falsity*, may constitute a wrongful act, not that *any* accusation of counterfeiting is a wrongful act. Defendants do not contest that a *false* accusation of counterfeiting would satisfy the "wrongful act" element of a tortious interference claim, but Plaintiff has not pleaded facts sufficient to show that Defendants' accusations of counterfeiting were false. As discussed above, *supra* § II.A., Plaintiff has not pled facts sufficient to demonstrate the falsity of any alleged complaints to Amazon. To the contrary, the facts alleged tend to demonstrate the truthfulness of the alleged complaints.

Further, Plaintiff's allegations confirm that Defendants' complaints were made to protect legitimate business interests rather than to wrongfully disrupt Plaintiff's economic relationship with Amazon. Defendants sought to protect TP-Link's intellectual property rights because otherwise, TP-Link would be obliged to honor manufacturer warranty rights on products it has no control over, or risk losing its goodwill. Thus, Plaintiff has failed to allege facts sufficient to show that Defendants' alleged complaints were made to disrupt Plaintiff's relationship with Amazon.

### 2. The Facts Pleaded Do Not Establish Causation

For the same reasons discussed above, *supra* § II.B.3., Plaintiff has failed to allege facts sufficient to establish causation. Plaintiff's own actions in continuing to sell TP-Link branded products, while failing to demonstrate to Amazon that it had the right to do so, proximately caused Amazon to expel Plaintiff.

### D. Plaintiff Fails to State an Antitrust Claim

#### 1. The Facts Alleged in the SAC Fail to Establish Any Wrongful Conduct Within Section 1 of the Sherman Act

Plaintiff's primary argument, that Defendants "had a conscious commitment to a common scheme designed to achieve an unlawful objective" (Opp. at 14), fails

because the SAC is devoid of facts sufficient to establish that Defendants conspired to commit any wrongful conduct within Section 1 of the Sherman Act. The facts alleged by Plaintiff demonstrate that TP-Link and Amazzia maintained common economic interests, thereby foreclosing a viable Section 1 claim. Plaintiff alleges that TP-Link "retained Amazzia, to monitor specific TP-Link products on the Amazon marketplace and do a 'third-party seller clean up' of those selling TP-Link products outside TP-Link's authorized distribution channels" (SAC at ¶ 20), and that Amazzia "at all times act[ed] in concert with and on behalf of TP-Link, and with the latter's actual authority and instruction" (*id*. at ¶ 26). These allegations demonstrate that TP-Link and Amazzia had identical economic interests – protecting TP-Link's intellectual property rights. This is not an unlawful objective.

Further, Plaintiff's assertions that the "removal of MAP violators" is a *per se* Section 1 violation goes against the weight of authority. (Opp. at 14-15.) Plaintiff acknowledges *Leegin Creative Leather Products, Inc. v. PSKS, Inc.*, 551 U.S. 877 (2007) but ignores the Supreme Court's discussion that the elimination of "discounting retailers" can have pro-competitive effects and its holding that the types of restraints Plaintiff alleges – the maintenance of minimum advertised pricing (Opp. at 14-15) – are not *per se* unlawful. 551 U.S. at 890-91. Thus, Plaintiff has failed to plead facts sufficient to establish any wrongful conduct within Section 1.

### 2. Plaintiff Has Failed to Plead Facts to Establish that Defendants Did Not Act as a Single Entity

Plaintiff's assertion that TP-Link and Amazzia are not a single entity fails to save its deficient allegations of "concerted action" between Defendants. (Opp. at 15.) Plaintiff primarily relies on *Am. Needle, Inc. v. NFL*, 560 U.S. 183 (2010) to argue that Defendants cannot be a "single entity." However, determining whether there is concerted action "does not turn simply on whether the parties involved are legally distinct entities," but rather, courts must evaluate "how the parties involved in the alleged anticompetitive conduct actually operate." *Id*. 560 U.S. at 191. Plaintiff has

not identified any authority for the proposition that a distributor's use of a service provider to protect its brand gives rise to a Section 1 claim.[3] Instead, Plaintiff asserts that *Am. Needle* controls (Opp. at 17-18), which addressed whether independently owned National Football League teams are capable of conspiring for purposes of Section 1. The Court held they could because the "teams compete with one another, not only on the playing field, but to attract fans, for gate receipts, and for contracts with managerial and playing personnel." 560 U.S. at 196-97. In the present case, there is no such allegation that TP-Link seeks to attract customers of brand protection services or that Amazzia targets consumers of TP-Link products. Unlike the NFL teams in *Am. Needle*, which were "separate, profit-maximizing entities" with "distinct, potentially competing interests" (*id.* at 198), the factual allegations in the SAC establish that TP-Link and Amazzia maintained common economic interests – protecting TP-Link's intellectual property rights. (*See* SAC at ¶¶ 20, 26.) Therefore, Defendants are incapable of conspiring for Section 1 purposes. *See Jack Russell Terrier Network v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1034 (9th Cir. 2005).

### 3. The Facts Alleged in the SAC Fail to Establish That TP-Link and Amazzia are Competitors

Plaintiff introduces facts regarding Amazzia's status as a "competitor" of TP-Link for the first time in its Opposition. The only facts alleged in the SAC regarding this point, is that "Amazzia directly or indirectly sells products on Amazon through multiple seller accounts." (SAC at ¶ 41.) However, Plaintiff's allegations are limited to what is stated in its SAC and Plaintiff cannot now add new facts in an attempt to bolster its insufficient claims. Nevertheless, the new facts asserted by Plaintiff fail to

---

[3] Plaintiff incorrectly cites *Nexstar Broad., Inc. v. Granite Broad. Corp.*, No. 1:11-CV-249 RM, 2012 U.S. Dist. LEXIS 95024, at *25-26 (N.D. Ind. July 9, 2012) for the proposition that a service provider and a brand owner can conspire to restrain competition. (Opp. at 16.) However, the two entities involved were both broadcasting companies (*Nexstar*, 2012 U.S. Dist. LEXIS 95024, at *1) and the plaintiff had alleged that "[a]bsent their agreement, [the two entities] would compete for advertisers" (*id.* at *25). Thus, the two entities accused of antitrust violations were competitors and *Nexstar* is distinguishable from the present case.

save its antitrust claim. While Plaintiff argues that Amazzia and TP-Link are at least potential competitors because Amazzia also sells products on Amazon, Plaintiff has failed to allege facts to support this statement. For example, Plaintiff has not alleged any facts regarding the types of products Amazzia sells, or that it has any intention whatsoever to enter the market of products that TP-Link sells. Plaintiff states, in its Opposition, but not in the SAC, that the relevant market is "online retail sales," but this market is far too broad. *See United States v. E. I. Du Pont de Nemours & Co.*, 351 U.S. 377, 395 (1956) ("In considering what is the relevant market for determining the control of price and competition, no more definite rule can be declared than that commodities reasonably interchangeable by consumers for the same purposes make up that part of the trade or commerce."); *Theme Promotions, Inc. v. News Am. FSI, Inc.*, No. C-97-4617-VRW, 1998 U.S. Dist. LEXIS 23560, at *7-8 (N.D. Cal. May 29, 1998) ("The relevant product market includes all products reasonably interchangeable, the determination of which requires consideration of the cross-elasticity of demand."). Thus, because absent competition, there can be no horizontal restraint, Plaintiff has failed to plead facts to establish any violation of Section 1 of the Sherman Act. *See Business Elecs. Corp. v. Sharp Elecs. Corp.*, 485 U.S. 717, 730 ("[r]estraints imposed by agreement between competitors have traditionally been denominated as horizontal restraints."); *Leegin*, 551 U.S. at 886 ("horizontal agreements among competitors to fix prices" are *per se* unlawful").

### E. California's Anti-SLAPP Statute and Litigation Privilege Preclude Plaintiff's State Law Claims

#### 1. Defendants' Alleged Statements Constitute Protected Activity

Contrary to Plaintiff's arguments, Defendants' alleged complaints to Amazon for trademark infringement and counterfeiting by Plaintiff were made in anticipation of litigation. It is objectively clear that Defendants' alleged complaints put Amazon and Plaintiff on notice of the potential anticipated litigation if the complained-of conduct was not terminated. Further, Plaintiff's allegations that Defendants sent

numerous complaints (SAC at ¶ 18) indicates that TP-Link took infringement of its trademark very seriously, and was determined to police against infringement. The logical next step to this policing is litigation. Thus, Defendants' alleged complaints to Amazon were made in anticipation of litigation and are thus protected activity.

### 2. Defendants' Anti-SLAPP Motion is Timely

The anti-SLAPP statute's timing provision, which requires a motion to strike to be filed within 60 days of service of the complaint, is a procedural rule that is in conflict with the Federal Rules of Civil Procedure and thus does not apply in federal court. *See, e.g., Sarver v. Chartier*, 813, F.3d 891, 900 (9th Cir. 2016). Even if the 60-day provision applied here, Defendants' anti-SLAPP motion to strike the state law claims in the SAC is timely because Defendants could not have previously relied on California's Anti-SLAPP statute. Plaintiff filed its SAC on January 13, 2020, asserting, for the first time, California state law claims for trade libel and tortious interference. While Plaintiff correctly states that Defendants must bring an anti-SLAPP motion at the first opportunity, Plaintiff fails to acknowledge that here, the first opportunity Defendants had to bring a California anti-SLAPP motion was upon the filing of the SAC, when Plaintiff first asserted California law claims. *See Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism*, 4 Cal. 5th 637, 640 (2018) ("a defendant must move to strike a cause of action within 60 days of service of the earliest complaint *that contains that cause of action*" (emphasis added)). Defendant could not have brought a California anti-SLAPP claim against Plaintiff's previous complaints, which alleged New York law claims. Thus, Defendants' anti-SLAPP motion was timely filed.

### 3. There Is No Bad-Faith Exception to the Protections of the Anti-SLAPP Statute or California's Litigation Privilege

Plaintiff's arguments that Defendants' alleged statements are not protected conduct because they were wrongful are plainly incorrect. There is no bad-faith exception to the protections of either California's anti-SLAPP statute or litigation

privilege. Both the California Supreme Court and the Ninth Circuit have made clear that in determining whether challenged claims arise from activity protected by the anti-SLAPP statute, a court does not evaluate whether the activity was in good or bad faith or even lawful or unlawful. *See, e.g.*, *Doe v. Gangland Prods., Inc.*, 730 F.3d 946, 954 (9th Cir. 2013) ("California courts consistently hold that defendants may satisfy their burden to show that they were engaged in conduct in furtherance of their right of free speech under the anti-SLAPP statute, even when their conduct was allegedly unlawful."); *see also Adobe Sys. Inc. v. Coffee Cup Partners, Inc.*, No. 11-cv-2243-CW, 2012 WL 3877783, at *12 (N.D. Cal. Sept. 6, 2012); *Taus v. Loftus*, 40 Cal.4th 683, 706-707, 713 (2007). Similarly, California's litigation privilege is absolute (*Flatley v. Mauro*, 39 Cal.4th 299, 322 (2006)) and "the presence or absence of malice or good or bad faith is irrelevant to the inquiry whether the litigation privilege is applicable." *Adobe*, 2012 WL 3877784, at *12 (quoting *Mansell v. Otto*, 108 Cal. App. 4th 265, 279 n.47); *see Collins v. Allstate Indem. Co.*, 428 Fed. App'x 688, 689 (9th Cir. 2011). Thus, Plaintiff's arguments hold no weight and Defendants' alleged statements are non-actionable as protected activity under both the anti-SLAPP statute and California's litigation privilege.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss all claims against it pursuant to Rule 12(b)(6) for failure to state claims and/or strike Plaintiff's state law claims in their entirety pursuant to CCP § 425.16.

DATED: February 24, 2020         **FOLEY & LARDNER LLP**

*/s/Stephen R. Smerek*
Stephen R. Smerek
Tiffany Kim Sung
FOLEY & LARDNER LLP
*Attorneys for Defendant*
*TP Link USA Corporation*

**BURKHALTER KESSLER**
  **CLEMENT & GEORGE LLP**

*/s/Josh A. Waldman*
Alton G. Burkhalter
Josh A. Waldman
BURKHALTER KESSLER
  CLEMENT & GEORGE LLP
*Attorneys for Defendant*
*Auction Brothers, Inc.*