Stephen R. Smerek (State Bar No. 208343)
email: ssmerek@foley.com
Tiffany Kim Sung (State Bar No. 323077)
email: tsung@foley.com
**FOLEY & LARDNER LLP**
555 South Flower Street, Suite 3300
Los Angeles, CA 90071-2411
Telephone: 213-972-4500
Facsimile: 213-486-0065

Attorneys for Defendant
TP LINK USA CORPORATION

Alton G. Burkhalter (State Bar No. 119595)
Email: aburkhalter@bkcglaw.com
Josh A. Waldman (State Bar No. 222859)
Email: jwaldman@bkcglaw.com
**BURKHALTER KESSLER**
 **CLEMENT & GEORGE LLP**
2020 Main Street, Suite 600
Irvine, CA 92614-8336
Telephone: (949) 375-7500
Facsimile: (949) 975-7501

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS INC., <br><br> Plaintiffs, <br><br> v. <br><br> TP LINK USA CORPORATION, et al. <br><br> Defendants. | Case No: 2:19-cv-10374-PA (Ex) <br><br> Hon. Percy Anderson <br><br> **DEFENDANTS' EVIDENTIARY OBJECTIONS TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MEMORANDUM OF THIMES SOLUTIONS INC. IN OPPOSITION TO DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION TO DISMISS AND/OR STRIKE THE SECOND AMENDED COMPLAINT [ECF 89]** <br><br> Hearing Date: March 9, 2020 <br> Hearing Time: 1:30 p.m. <br> Courtroom: 9A <br> SAC Filed: January 13, 2020 |

TO THE COURT, ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Defendants hereby object to, and respectfully ask the Court to deny, Plaintiff's Request for Judicial Notice in Support of Memorandum of Thimes Solutions Inc. in Opposition to Defendants' Joint Notice of Motion and Motion to Dismiss and/or Strike Second Amended Complaint [ECF 89] based upon the following grounds:

**Objection to Exhibits 1-2**

Plaintiff requests judicial notice of certain facts allegedly disclosed pursuant to Rule 26(a)(1), and pleadings and declarations, in other unrelated litigation. While courts may take notice of the fact of proceedings in other cases, here Plaintiff seeks judicial notice for purposes of establishing the facts contained in the underlying materials (for example, that William Fikhman and Mikhail Fikhman are the CTO and CEO of Amazzia and veteran Amazon third-party sellers). Such information does not fall within the scope of Rule 201, and Plaintiff's request for judicial notice of such facts should be denied. *See, e.g., Darbeevision, Inc. v. C&A Mktg., Inc.*, No. SACV 18-00725-AG, 2018 WL 7500284, at *3 (C.D. Cal. Dec. 13, 2018) (declining to take judicial notice of plaintiff's first amended complaint, and exhibits attached thereto, in deciding motion to dismiss defendant's counterclaims because the facts alleged therein were subject to reasonable dispute); *Hicks v. Evans*, No. C 08–1146-SI, 2012 WL 398821, at *3 (N.D. Cal. Feb. 7, 2012) ("[A]llegations in . . . declarations . . . are not the proper subjects of judicial notice even though they are in a court record.").

Further, to the extent that the request seeks to introduce new factual allegations not pleaded in the Second Amended Complaint, it is not a proper use of the request for admission procedure. Further, any such new alleged facts would not cure the underlying deficiencies in the Second Amended Complaint.

**Objection to Exhibits 5-8**

Plaintiff requests judicial notice of information obtained from various websites. However, Plaintiff does not seek judicial notice of the fact of the existence of these pages on the internet, but Plaintiff offers them for the truth of the underlying information allegedly disclosed. The materials include various screenshots and printouts, including a page purportedly from Amazzia's "seller profile" on Amazon.com (Ex. 5); a blog post from a website called "marketplacerating.com" (Ex. 6); a LinkedIn page (Ex. 7); and a comment on an Amazon.com forum purportedly evidencing certain alleged Amazon practices or procedures (Ex. 8). None of these exhibits are proper subjects of judicial notice. *See, e.g., Ricketts v. Kwan*, No. CV 19-4088-ODW, 2019 WL 4033934, at *2 (C.D. Cal. Aug. 23, 2019) ("Unattributed 'comments' on a non-government website are not subject to judicial notice because they are subject to reasonable dispute." (internal citation omitted)); *Kip's Nut-Free Kitchen, LLC v. Kips Dehydrated Foods, LLC*, No. 3:19-CV-00290-LAB, 2019 WL 3766654, at *3 (S.D. Cal. Aug. 9, 2019) ("[T]he blog post from Plaintiff's website is not properly incorporated by reference into the complaint and cannot be considered by the Court on a motion to dismiss."); *Ibey v. Taco Bell Corp.*, No. 12-CV-0583-H, 2012 WL 2401972, at *1 (S.D. Cal. June 18, 2012) ("The Court concludes that Plaintiff's LinkedIn page may not be properly subject to judicial notice because Plaintiff's employment status is not generally known within the Court's jurisdiction, and LinkedIn is not a source whose accuracy cannot be reasonably questioned.").

Further, to the extent that the request seeks to introduce new factual allegations not pleaded in the Second Amended Complaint, it is not a proper use of the request for admission procedure. Further, any such new alleged facts would not cure the underlying deficiencies in the Second Amended Complaint.

| | | |
|---|---|---|
| 1 | Dated: February 24, 2020 | **FOLEY & LARDNER LLP** |
| 2 | | */s/Stephen R. Smerek* |
| 3 | | Stephen R. Smerek |
| 4 | | Tiffany Kim Sung<br>FOLEY & LARDNER LLP |
| 5 | | *Attorneys for Defendant*<br>*TP LINK USA CORPORATION* |
| 6 | | |
| 7 | | **BURKHALTER KESSLER**<br>  **CLEMENT & GEORGE LLP** |
| 8 | | |
| 9 | | */s/Josh A. Waldman* |
| 10 | | Alton G. Burkhalter<br>Josh A. Waldman |
| 11 | | BURKHALTER KESSLER<br>  CLEMENT & GEORGE LLP |
| 12 | | *Attorneys for Defendant*<br>*Auction Brothers, Inc.* |

4819-6956-6133.2

-3-

OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE
CASE NO: 2:19-CV-10374-PA (EX)