Mark Schlachet (OSB 0009881) [Admitted PHV]
markschlachet@me.com
3515 Severn Road
Cleveland, Ohio 44118
Tel: (216)225-7559 Fax: (216)932-5390
*Attorney for Plaintiff*

Christopher J. Hammond (SBN 150024)
chammond@bizlawpro.com
21540 Prairie Street, Unit A Chatsworth, CA 91311
Tel: (866)625-2529 Fax: (866)463-9285
*Local Counsel for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THIMES SOLUTIONS INC. <br><br> Plaintiff, <br><br> vs. <br><br> TP-LINK USA CORPORATION, et al <br><br> Defendants. | **CASE NO. CV 19-10374 PA (EX)** <br><br> PLAINTIFF'S PARTIAL OPPOSTION TO DEFENDANTS' EVIDENTIARY OBJECTIONS TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MEMORANDUM OF THIMES SOLUTIONS INC. IN OPPOSITION TO DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION TO DISMISS AND/OR STRIKE THE SECOND AMENDED COMPLAINT <br><br> Hearing Date: March 9, 2020 <br> Hearing Time: 1:30 p.m. <br> Courtroom: 9A <br> SAC Filed: January 13, 2020 |

1

Plaintiff Thimes Solutions Inc. hereby respectfully opposes in part Defendants' Evidentiary Objections to Plaintiff's Request for Judicial Notice, ECF No. 89.  Specifically, Plaintiff opposes objections to Declaration Exhibits 1, 2, 5 and 8.  Plaintiff withdraws its request for judicial notice as to Exhibits 6 and 7:

- **Exhibit 1:** it is undisputed that William Fikhman has been disclosed under Rule 26(a)(1) as CTO of Amazzia.  Exhibit 1, Mr. Fikhman's own presentation to this Court in another case, reflects Amazzia's veteran status in the relevant market, as well as its full-throated support for the First Sale Doctrine.  Statements of public record in other cases before this court are subject to judicial notice.  *Atkins v. Chappell*, 2016 U.S. Dist. LEXIS 23306, at *5-6 n.5 (C.D. Cal. 2016); *Alvarado v. Foulk*, 2014 U.S. Dist. LEXIS 42338, at *1 n.1 (C.D. Cal. 2014).  Since ¶41 alleges "Amazzia directly or indirectly sells products on Amazon through multiple seller accounts," the inclusion of Declaration Exbibit 1 is not intended, nor is it needed, to plausibly allege that Amazzia is a competitor in the relevant market.

- **Exhibit 2:** Paragraph 1 of the Second Amended Complaint (ECF No. 78) quotes and paraphrases, i.e. relies upon, Amazon Expert Chris McCabe's

conclusions as to the alleged abuse of the Amazon rights reporting system. Exhibit 2 from an unreported case contains Mr. McCabe's detailed support for those conclusions. Plaintiff relies on Mr. McCabe's conclusions in establishing plausibility. Joanes v. United Steelworkers, 2013 U.S. Dist. LEXIS 138881, at *5-6 (E.D. Cal. Sept. 26, 2013); Harris v. County of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) ("[D]ocuments not attached to a complaint may be considered if no party questions their authenticity and the complaint relies on those documents.")  Since SAC at ¶1 and Exhibit 1, p.2, pt.2 (" . . . they simply fire off emails directing you back to the brand, whether there is one, or not.") establishes the necessity of IP complainant's cooperation to secure a retraction," the inclusion of Declaration Exbibit 2 is not intended, nor is it needed, to plausibly allege that IP complainant assistance—not proof of authenticity—is the only true path to retraction and reinstatement.

- **Exhibit 5:** Judge Otis D. Wright II of this Court judicially noticed an actor's internet profile as informative of that actor's range of movie roles. *ITN Flix, LLC v. Hinojosa*, 2015 U.S. Dist. LEXIS 176676 at n.8 and

3

PARTIAL OPPOSITION TO OBJECTION TO JUDICIAL NOTICE
CASE NO.: CV 19-10374 PA (EX)

accompanying text (C.D. Cal. 2015).  We see no reason why Amazzia's Amazon profile, showing extensive retail sales on the Amazon Marketplace, is any less trustworthy or probative.  See *Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 965-66 (C.D. Cal. 2005) (judicial notice of amazon.com pages and web information from medical associations).  Again, since ¶41 alleges "Amazzia directly or indirectly sells products on Amazon through multiple seller accounts," the inclusion of Declaration Exbibit 5 is not intended, nor is it needed, to plausibly allege that Amazzia is a competitor in the relevant market.

- **Exhibit 8:** a posting from the website amazon.com, that appears to be an Amazon employee's explanation of Amazon's account review timing.  While defendants object here to this exhibit, in the related *Careful Shopper* case before Judge Staton (*TP-Link v. Careful Shopper LLC et al*, Case No. 8:19-CV-00082 at ECF No. 62-1), defendants sought judicial notice for several exhibits from this very website.  See *Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 965-66 (C.D. Cal. 2005) (judicial notice of amazon.com pages and web information from medical associations).

As stated, Plaintiff withdraws its request for judicial notice as to Exhibits 6 and 7.

Respectfully submitted,

**LAW OFFICE OF MARK SCHLACHET**

/s/ *Mark Schlachet*
Mark Schlachet (admitted PHV)
3515 Severn Road
Cleveland, OH 44118
Telephone: (216) 225-7559
Facsimile: (216) 932-5390
Email: markschlachet@me.com

**LA LAW GROUP, APLC**

/s/ *Christopher J. Hammond*
Christopher J. Hammond (SBN 150024) 21540 Prairie Street, Unit A
Chatsworth, CA 91311
Telephone: (866) 625-2529
Facsimile: (866) 463-9285
Email: chammond@bizlawpro.com

*Attorneys for Plaintiff Thimes Solutions Inc.*