UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10374 PA (Ex) | Date | March 9, 2020 |
|---|---|---|---|
| Title | Thimes Solutions Inc. v. TP Link USA Corporation et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| T. Jackson | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**     IN CHAMBERS – COURT ORDER

  Before the Court is a Motion to Dismiss and/or Strike Second Amended Complaint filed by defendants TP Link USA Corporation and Auction Brothers, Inc. ("Defendants"). (Dkt. 86.) Plaintiff Thimes Solutions Inc. ("Plaintiff") filed an Opposition, and Defendants filed a Reply. (Dkts. 87 and 94.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing scheduled for March 9, 2020 is vacated, and the matter taken off calendar.

  **I.**  **Background**

  On January 8, 2018, Plaintiff purchased 360 TP-Link AC5400 Routers from a long-time supplier. (Dkt. 78 ("SAC") ¶27.) Plaintiff admits it was not authorized by Defendant TP-Link under any distributorship agreement or other similar agreement to purchase and resell TP-Link products. (Id. at ¶37.) Defendants submitted 28 written complaints to Amazon over the course of January to June 2018 alleging that Plaintiff had infringed TP-Link intellectual property by reselling the products. (Id. at ¶¶18, 27.) Several of the complaints were categorized as "counterfeit" complaints, though neither side has submitted a copy of the actual complaints for the Court to review. (Id. at Exs. 8.1-8.4.) Defendants' complaints ultimately resulted in Plaintiff's permanent expulsion from Amazon Marketplace on August 27, 2018. (Id. at ¶47.) Plaintiff now argues that Defendants' complaints to Amazon contained libelous statements. (Id. at ¶18.)

  Plaintiff filed an action in the United States District Court for the Southern District of New York on May 29, 2019. (Dkt. 1.) The case was transferred to this Court on December 6, 2019 because there was a related case already pending in the Central District of California, TP Link USA Corp. v. Careful Shopper LLC et al., 19-CV-082 (JLS), and the parties all consented to a transfer. (Dkt. 50.) In Plaintiff's Second Amended Complaint, its claims for relief are (1) interference with existing and prospective business relationships, (2) trade libel, (3) per se violation of the antitrust laws, and (4) declaratory judgment of non-infringement. Defendants now seek an order from this Court dismissing Plaintiff's trade libel claim, tortious interference claim, antitrust claim, and declaratory judgment claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant also seeks an order striking Plaintiff's trade libel and tortious interference claims pursuant to California's anti-SLAPP statute. (Dkt. 86 at 2-3.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10374 PA (Ex) | Date | March 9, 2020 |
|---|---|---|---|
| Title | Thimes Solutions Inc. v. TP Link USA Corporation et al. | | |

### II. Discussion

#### A. Request for Judicial Notice

Plaintiff asks the Court to take judicial notice of the following documents: (1) William Fikhman's Notice of Motion and Motion to Dismiss Third Amended Complaint in Vivo Per Lei, Inc. v. Gadi Bruchim, et al., Case No. CV 11-05169 GW (C.D. Cal. 2011); (2) Declaration of Amazon Expert Chris McCabe in Johnson v. John Does, Case No. 18-00689, (E.D. Va. Jan. 10, 2019); (3) Transcript of Proceedings in Eternity Mart, Inc. v. Nature's Sources, LLC, Case No. CV 19-02436 (N.D. Ill. Apr. 10, 2019); (4) Transcript of Proceedings in Johnson v. Incopro, Inc. et al., Case No. CV 18-00689 (E.D. Va. 2019); (5) Defendant Auction Brothers, Inc. dba Amazzia's Amazon Seller Profile on amazon.com; (6) Defendant Amazzia's online seller rating posted by Marketplace Rating; (7) Advertisement on Amazzia's LinkedIn site; and (8) Amazon Seller Central posting dated February 2018. (Dkts. 89-90.) The Court did not rely on any of these documents in reaching its order, and therefore denies Plaintiff's Request for Judicial Notice as moot. Accordingly, Defendant's evidentiary objections, (Dkt. 95), are also hereby denied as moot.

#### B. Motion to Strike

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Because of 'the limited importance of pleadings in federal practice,' motions to strike pursuant to Rule 12(f) are disfavored." Estate of Migliaccio v. Midland Nat'l Life Ins. Co., 436 F. Supp. 2d 1095, 1100 (C.D. Cal. 2006) (quoting Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996)). "Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation." Clark v. State Farm Mut. Auto. Ins. Co., 231 F.R.D. 405, 406 (C.D. Cal. 2005) (quoting Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc., 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002)). "Moreover, when considering a motion to strike, courts must view the pleading in the light more favorable to the pleader." Id. (citing Lazar v. Trans Union LLC, 195 F.R.D. 665, 669 (C.D. Cal. 2000)).

Defendants ask this Court to strike Plaintiff's trade libel and tortious interference claims pursuant to California's anti-SLAPP statute. It appears that Defendants' Motion to Strike "[is] really an attempt to have certain portions of [plaintiff's] complaint dismissed or to obtain summary judgment against [plaintiff] as to those portions of the suit—[these] actions [are] better suited for a Rule 12(b)(6) motion or a Rule 56 motion, not a Rule 12(f) motion." Id. at 974; see also Aliya Medcare Fin., LLC v. Nickell, No. CV 14–07806 MMM (Ex), 2015 WL 11072180, at *19 (C.D. Cal. Sept. 25, 2015) ("Nor will the court strike the alter ego allegations because Aliya has failed adequately to plead alter ego liability. This argument attempts to use a motion to strike to do what a motion to dismiss is intended to do—i.e., to test the legal sufficiency and plausibility of Aliya's alter ego allegations. This is improper.") (collecting cases). Accordingly, Defendants' Motion to Strike is denied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10374 PA (Ex) | Date | March 9, 2020 |
|---|---|---|---|
| Title | Thimes Solutions Inc. v. TP Link USA Corporation et al. | | |

### C. Motion to Dismiss

As part of the Motion to Dismiss, Defendants argue all of Plaintiff's claims are barred by the Noerr–Pennington doctrine. "The essence of the Noerr–Pennington doctrine is that those who petition any department of the government for redress are immune from statutory liability for their petitioning conduct." Theme Promotions, Inc. v. News America Marketing FSI, 546 F.3d 991, 1006 (9th Cir. 2008) (citing Sosa v. DIRECTV, Inc., 437 F.3d 923, 929 (9th Cir.2006). "The majority of courts who have considered the issue have concluded that the immunity is constitutional and rooted in the First Amendment right to petition." Gen-Probe, Inc. v. Amoco Corp., Inc., 926 F. Supp. 948, 956 (S.D. Cal. 1996) (collecting cases); see also Sosa, 437 F.3d at 929; Theme, 546 F.3d at 1006. Thus, courts have found that "Noerr immunity bars any claim, federal or state, common law or statutory, that has as its gravamen constitutionally-protected petitioning activity." Gen-Probe, Inc., 926 F. Supp. at 956; see also White v. Lee, 227 F.3d 1214, 1231 (9th Cir.2000) (Noerr–Pennington doctrine "applies equally in all contexts.").

The Ninth Circuit has held under the doctrine that "pre-litigation material" such as cease-and-desist letters and threats of litigation are "immune from suit unless the threatened lawsuit was a 'sham.'" Rock River Commc'ns, Inc. v. Universal Music Grp., Inc., 745 F.3d 343, 351 (9th Cir. 2014). Similarly, the Circuit has held that pre-suit infringement notices may also be protected. See Hard2Find Accessories, Inc. v. Amazon.com, Inc., 691 F. App'x 406, 407 (9th Cir. 2017) ("The infringement notice that Apple sent to Amazon is sufficiently related to petitioning conduct protected by the Petitions Clause."); see also EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp., 711 F. Supp. 2d 1074, 1082-83 (C.D. Cal. 2010) (finding that "communications with licensees and its website announcements, which were intended to enforce and protect its intellectual property, are sufficiently related to petitioning activity to trigger the Noerr–Pennington doctrine."); Og Intern., Ltd. v. Ubisoft Ent., 2012 WL 4809174, at *3 (N.D. Cal. Oct. 9, 2012) (Noerr–Pennington doctrine covered Defendant's "communication or communications to [third party] falsely alleging that Plaintiffs' Get Up and Dance video game infringed [Defendant's] . . . rights.").

The Noerr-Pennington doctrine recognizes an exception where the moving party's efforts to protect its legal rights were a "sham." Hard2Find Accessories, Inc., 691 F. App'x at 407. Under the exception, the non-moving party must show that the petitioning conduct was "objectively baseless" such that "no reasonable litigant could reasonably expect success on the merits." Theme, 546 F.3d at 1007. Importantly, the sham litigation exception must be "plead[ed] with particularity." Hard2Find, 691 F. App'x at 407; see also Toyo Tire & Rubber Co., Ltd. v. CIA Wheel Group, 2015 WL 4545187, at *2 (C.D. Cal. July 8, 2015) ("[c]onclusory allegations are not sufficient to strip a defendant's activities of Noerr–Pennington protection.") (citation omitted); EcoDisc Tech. AG, 711 F. Supp. 2d at 1083 ("Plaintiff must meet a heightened pleading standard because it seeks damages based on conduct that implicates the First Amendment.").

Plaintiff presents conclusory allegations in the Second Amended Complaint that the sham

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10374 PA (Ex) | Date | March 9, 2020 |
|---|---|---|---|
| Title | Thimes Solutions Inc. v. TP Link USA Corporation et al. | | |

exception applies here: "TP-Links IP complaints sounding in counterfeiting were objectively baseless, andTP-Link knew they were objectively baseless. Having made 4 test purchases through Mr. Lei, and having had opportunity to examine them, TP-Link knew of their authenticity." (SAC ¶50.) Plaintiff argues that "[u]pon information and belief, TP-Link filed IP complaints sounding in trademark infringement that were rejected by Amazon as non-actionable. Only by charging "counterfeiting" unendingly could TP-Link effect TSI's expulsion." (Id.) Without more, Plaintiff has failed to plead the sham exception with particularity and failed to allege sufficient facts to show that Defendants' complaints to Amazon were objectively baseless.

Defendant TP-Link argues it had a good-faith basis to file complaints with Amazon because its products are materially different than the products Plaintiff resold. (Mot. at 20.) Plaintiff is an unauthorized reseller of Defendant TP-Link's products and therefore cannot convey the original manufacturer's warranty. (SAC ¶37; Mot. at 20.) Thus, Plaintiff's goods did not convey "the full bundle of rights to consumers, including the original manufacturer's warranty rights." (Id. at 20.) Defendant therefore argues it "had a genuine belief that Plaintiff's products were counterfeits due to lack of warranty protection, and was simply acting to protect its intellectual property interests." (Mot. at 24.) Defendant also notes that Plaintiff has not identified the supplier it purchased Defendant's products from, and so "it is unclear how the supplier obtained its products or whether the products were even obtained legally." (Id. at 20.)

The Court concludes that Defendants' Motion to Dismiss relies, in part, on facts that would be inappropriate to rely on in deciding a Rule 12(b)(6) motion. For example, the Court cannot take judicial notice of the contents of Defendants' 27 complaints to Amazon because those documents are not attached to the Second Amended Complaint. Nor can the Court take judicial notice of the bare allegation that Defendant TP-Link's products contain a warranty that Plaintiff's resold products do not have. However, Federal Rule 12(d) allows the Court to convert a Rule12(b)(6) motion to dismiss to a Rule 56 motion for summary judgment. See Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."); see also Swedberg v. Marotzke, 339 F.3d 1139, 1146 (9th Cir. 2003) ("A Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment until the district court acts to convert the motion by indicating, preferably by an explicit ruling, that it will not exclude those materials from its consideration.").

The Court hereby provides notice that it is converting Defendants' Motion to Dismiss into a Rule 56 Summary Judgment Motion, solely on the issue of whether the Noerr-Pennington doctrine bars Plaintiff's claims in their entirety. Plaintiff may file a Supplemental Opposition to the Motion for Partial Summary Judgment no later than March 23, 2020. Defendants may file a Supplemental Reply no later than March 30, 2020. Neither filing shall exceed 10 pages. Compare In re Rothery, 143 F.3d 546, 549 (9th Cir. 1998) ("There is no notice requirement for the conversion [of a Rule 12(b)(6) motion into a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10374 PA (Ex) | Date | March 9, 2020 |
|---|---|---|---|
| Title | Thimes Solutions Inc. v. TP Link USA Corporation et al. | | |

Rule 56 motion], but the court must give the parties a reasonable opportunity to present material that would be pertinent under the summary judgement motion."). The matter will be deemed under submission after March 30, 2020. After that date, the Court will either issue a decision on the Motion or notify the parties of a hearing date if the Court concludes that oral argument is necessary.

    IT IS SO ORDERED.