Mark Schlachet (OSB 0009881) [Admitted PHV]
markschlachet@me.com
3515 Severn Road
Cleveland, Ohio 44118
Tel: (216)225-7559 Fax: (216)932-5390
*Attorney for Plaintiff Thimes Solutions Inc.*

Christopher J. Hammond (SBN 150024)
chammond@bizlawpro.com
21540 Prairie Street, Unit A
Chatsworth, CA 91311
Tel: (866)625-2529 Fax: (866)463-9285
*Local Counsel Plaintiff Thimes Solutions Inc.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS INC.<br><br>Plaintiff,<br><br>vs.<br><br>TP-LINK USA CORPORATION, et al<br><br>Defendants. | **CASE NO. CV 19-10374 PA**<br><br>**SUPPLEMENTAL MEMORANDUM OF THIMES SOLUTIONS INC. IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT FOLLOWING COURT'S RULE 12(d) CONVERSION (ECF 99) OF DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION TO DISMISS AND/OR STRIKE SECOND AMENDED COMPLAINT**<br><br>**HEARING DATE: NONE**<br><br>**SAC FILED: JANUARY 13, 2020** |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................... iii

I.   PRELIMINARY ARGUMENT ................................................................. 1

II.  THREE REASONS WHY DEFENDANTS' COUNTERFEITING COMPLAINTS WERE OBJECTIVELY BASELESS SUCH THAT NO REASONABLE LITIGANT COULD REASONABLY EXPECT SUCCESS ON THE MERITS ................................................................. 4

   A. Defendants' Alleged Basis for Charging Plaintiff with Counterfeiting is Wholly Unrelated to the Definition of Counterfeiting ............................. 4

   B. Plaintiff's Sales of TP-Link Products Conveyed the Original Manufacturer's Warranty ........................................................................ 5

      1. Section 369-b of New York General Business Law Rendered any Purported Warranty Disclaimer Null and Void .................................... 5

      2. Plaintiff Satisfies Each Factual Predicate to the Application of Section 369-b ...................................................................................... 7

      3. TP-Link's Arguments that It Had a Good Faith Basis to Ignore Section 369-b are Irrelevant and Unpersuasive .................................... 7

   C. Grey Market TP-Link Products Did Not Lack the Original Manufacturer's Warranty, if Ever, Until Long After TP-Link was Sued in Tortious Interference and Defamation ................................................. 9

III. CONCLUSION ........................................................................................ 10

# TABLE OF AUTHORITIES

**Cases**

*180s, Inc. v. Gordini U.S.A., Inc.*, 602 F. Supp. 2d 635, 641 (D. Md. 2009) .........2

*Alexander Binzel Corp. v. Nu-Tecsys Corp.*, 2000 U.S. Dist. LEXIS 5238, at *19 (N.D. Ill. 2000)................................................................................................4

*Amaretto Ranch Breedables v. Ozimals, Inc.*, No. C 10-05696 CRB, 2010 U.S. Dist. LEXIS 141242, at *5 (N.D. Cal. 2010).........................................................2

*Bel Canto Design, Ltd. v. MSS HiFi, Inc.*, 837 F. Supp. 2d 208 *227; 2011 U.S. Dist. LEXIS 146701, **45................................................................... 6, 7, 8

*Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066 (9th Cir. 2003) ..........................6

*Gillespie v. United States Steel Corp.*, 379 U.S. 148, 162, 85 S. Ct. 308, 316 (1964) ................................................................................................................8

*Gucci Am., Inc. v. Guess?, Inc.*, 868 F. Supp. 2d 207, 242 (S.D.N.Y. 2012).........3

*Hard2Find Accessories, Inc. v. Amazon.com, Inc.*, Case No. 2:14-cv-00950 (W.D. WA 2014)..................................................................................................2

*Henderson v. United States*, 568 U.S. 266, 274, 133 S. Ct. 1121, 1127 (2013).....8

*Huf Worldwide, LLC v. Wal-Mart Stores, Inc.*, 2017 U.S. Dist. LEXIS 28297 (S.D. Cal. 2017) .................................................................................................9

*Intouch Techs., Inc. v. VGo Commc'ns, Inc.*, 2012 U.S. Dist. LEXIS 200685 (C.D. Cal. 2012) .................................................................................................7

*Leider v. Ralfe*, 387 F. Supp. 2d 283, 294 (S.D.N.Y. 2005)...................................6

*Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996)...........................6

*Moroccanoil, Inc. v. Groupon, Inc.*, 278 F. Supp. 3d 1157 (C.D. Cal. 2017)....4, 5

*Mountz v. Global Vision Prods., Inc.*, 3 Misc. 3d 171, 770 N.Y.S.2d 603, 608 (Sup. Ct. 2003) ..................................................................................................6

*NEC Elecs. v. CAL Circuit Abco*, 810 F.2d 1506, 1510 (9th Cir. 1987) ................9

*Obeng-Amponsah v. Don Miguel Apartments*, 744 F. App'x 476, 476 (9th Cir. 2018)..................................................................................................................3

*Rock River Communs., Inc. v. Universal Music Grp.*, 2011 U.S. Dist. LEXIS 161682, at *10 (C.D. Cal. 2011) .....................................................................2, 8

*Rock River Communs., Inc. v. Universal Music Grp., Inc.*, 745 F.3d 343, 350 (9th Cir. 2014) ..................................................................................................................2

*Smith v. Weeknd*, 2019 U.S. Dist. LEXIS 221199, at *5 (C.D. Cal. 2019) ..........10

*Solu-Med, Inc. v. Youngblood Skin Care Products, Inc.,* Case No. 19-60487-RKA (filed March 5, 2020) ......................................................................................3

*Technomarine SA v. Jacob Time, Inc.*, 2012 U.S. Dist. LEXIS 90261, at *9 n.2 (S.D.N.Y. June 22, 2012) ................................................................................. 6, 7, 8

*TP Link USA Corp. v. Careful Shopper LLC et al.*, 19-CV-082 (JLS) ..................3

*Twin Rivers Eng'g v. Fieldpiece Instruments*, 2018 U.S. Dist. LEXIS 227749, at *17 n.4 (C.D. Cal. 2018) ........................................................................................6

*UL LLC v. Space Chariot, Inc.*, 250 F. Supp. 3d 596, 607 (C.D. Cal. 2017). .........4

*Weifang Tengyi Jewelry Trading Co. v. Intuii LLC*, No. 18 C 4651, 2019 U.S. Dist. LEXIS 140160 (N.D. Ill. Aug. 19, 2019) ......................................................5

*Worldhomecenter.com, Inc. v. KWC Am., Inc.*, 2011 U.S. Dist. LEXIS 104496, at *23 (S.D.N.Y. 2011) ...............................................................................................8

**Statutes**

15 U.S.C. § 1116(d)(1)(B) ......................................................................................5

§369-b NYGBL ................................................................................................ passim

## I. PRELIMINARY ARGUMENT

Plaintiff contends defendants' 27 counterfeiting complaints were objectively baseless for at least three (3) reasons:[1] (i) as a pure question of law, defendant has never alleged counterfeiting's essential elements of unlawful trademark reproduction and imitation product; (ii) as a mixed question of fact and law, Section 369-b of New York General Business Law rendered any purported warranty limitation null and void; and (iii) as a pure question of fact, plaintiff has sufficiently alleged and provided probative evidence that TP-Link never limited grey market goods' original manufacturer's warranty until October 2019 at the earliest. For any one of these reasons, no reasonable litigant would anticipate success in proving Thimes Solutions Inc. to have been listing or selling counterfeit TP-Link products between January-July 2018.

Prior to discussing the above three reasons, however, we suggest that the court properly expressed some doubt as to whether *all* infringement notices to Amazon are subject to Noerr-Pennington. ECF 99 at p.3 ("may also be protected"). We respectfully submit that the at-issue notices are not related to litigation conduct, and are thus not eligible for Noerr-Pennington immunity. Defendants cite 4 cases for the proposition that "[p]re-suit infringement notices to third parties are

---

[1] See Declaration of Avraham Eisenberg, CEO of Thimes Solutions Inc ("E. Dec.") at ¶¶4-5 and Exhibit 1 (27 Policy Warnings from Amazon with word "counterfeit" highlighted).

1

SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
CASE NO.: CV 19-10374 PA

also protected." ECF 86 at p. 30. But out of those, three involved legal threats, not just infringement notices (*Rock River, EcoDisc Tech, and Og Intern*), while non-precedential *Hard2Find* involved a complaint sent by Apple's law firm.[2] Defendants have cited no authority that an infringement notice not sent by a law firm that does not threaten litigation can be considered sufficiently related to litigation to be protected. See also *Amaretto Ranch Breedables v. Ozimals, Inc.*, 2010 U.S. Dist. LEXIS 141242, at *5 (N.D. Cal. 2010)(DMCA not litigation activity, Noerr-Pennington inapplicable); *180s, Inc. v. Gordini U.S.A., Inc.*, 602 F. Supp. 2d 635, 641 (D. Md. 2009) (must be part of litigation process).

     In this vein, moreover, we make two brief context observations. First, "[b]oth California and federal law assume that people act lawfully unless proven otherwise." *Rock River Communs., Inc. v. Universal Music Grp., Inc.*, 745 F.3d 343, 350 (9th Cir. 2014). Therefore, the mere fact that plaintiff is "unauthorized" is no basis—objective or otherwise--to charge counterfeiting.

     Second, were TP-Link to justify a complaint for trademark infringement (which it cannot, as discussed *infra*), such justification would not extend to the

---

[2] See *Hard2Find Accessories, Inc. v. Amazon.com, Inc.*, Case No. 2:14-cv-00950 (W.D. WA 2014), ECF 26 at p. 12: "In June 2013, Apple, through its outside legal counsel in California, contacted Amazon to report sales under two ASINs of iPad cases Apple believed to be counterfeit."

2

wholly-distinguishable accusation of counterfeiting,[3]  As evidence we cite TP-Link's early effort on December 11, 2017 to eliminate grey market resales of TP-Link products by Careful Shopper.[4]  In that instance TP-Link filed a trademark infringement complaint without a counterfeiting specification.  Amazon rejected TP-Link's IP complaint, explaining that it found no "misuse of the reported mark."  See Declaration of Mark Schlachet ("S. Dec.") at ¶3 and Exhibit 1.  Only following this rebuff did TP-Link resort to the nuclear option of a "counterfeit" accusation.  In point of fact plaintiff Thimes Solutions received its first Policy Warning for counterfeiting on January 19, 2018.  E. Dec. ¶5 and Exhibit 1 (first page).

Thus, were defendants to justify filing *mere* trademark infringement complaints, such justification would not extend to filing "hard core" counterfeiting complaints.[5]  *Obeng-Amponsah v. Don Miguel Apartments*, 744 F. App'x 476, 476 (9th Cir. 2018)(" However, the district court's dismissal under the *Noerr—Pennington* doctrine was erroneous because Obeng-Amponsah alleges wrongful conduct, including discrimination and retaliation, that is distinct from defendants'

---

[3] "Counterfeiting is the 'hard core' or 'first degree' of trademark infringement that seeks to trick the consumer into believing he or she is getting the genuine article, rather than a 'colorable imitation.'" *Gucci Am., Inc. v. Guess?, Inc.*, 868 F. Supp. 2d 207, 242 (S.D.N.Y. 2012).
[4] *TP Link USA Corp. v. Careful Shopper LLC et al.*, 19-CV-082 (JLS).
[5] See Declaration of Nonparty Amazon.Com, Inc. Custodian Of Records **[**Clarice Cohn] at ¶12, filed in *Solu-Med, Inc. v. Youngblood Skin Care Products, Inc.,*  Case No. 19-60487-RKA (filed March 5, 2020), which identifies and distinguishes trademark infringement (unauthorized use of trademark) from counterfeiting (unlawful reproduction and use of trademark) complaints. S. Dec. at ¶4 and Exhibit 2 at ¶12.

3

litigation activity.")[6]  Manifestly, TP-Link's instant "litigation activity," if any, is trademark infringement and not counterfeiting.  Indeed, the word "counterfeit" does not appear in TP-Link's related *Careful Shopper* complaint.  See S. Dec. at ¶5 and Exhibit 3.

## II.  THREE REASONS WHY DEFENDANTS' COUNTERFEITING COMPLAINTS WERE OBJECTIVELY BASELESS SUCH THAT NO REASONABLE LITIGANT COULD REASONABLY EXPECT SUCCESS ON THE MERITS

### A. Defendants' Alleged Basis for Charging Plaintiff with Counterfeiting is Wholly Unrelated to the Definition of Counterfeiting[7]

The very definition of counterfeiting precludes any objective basis for accusing plaintiff of counterfeiting due to lack of warranty.  At relevant times Amazon counterfeiting policy read: "[a] counterfeit is an unlawful reproduction of a registered trademark—or a mark that is very similar to a registered trademark—in connection with the sale of a product that does not come from the trademark holder."[8]  Amazon's definition, not defendants' elusive approach, is consistent with the definition of counterfeit in the Lanham Act, which does not encompass

---

[6] See also *Alexander Binzel Corp. v. Nu-Tecsys Corp.*, 2000 U.S. Dist. LEXIS 5238, at *19 (N.D. Ill. 2000) (sustaining jury award based on false counterfeit accusation, finding Noerr Pennington did not apply because the litigation charged trademark infringement but not counterfeiting).
[7] See *Moroccanoil, Inc. v. Groupon, Inc.,* 278 F. Supp. 3d 1157 (C.D. Cal. 2017): "'material difference' ... applies only to gray market goods, which are, by definition ... goods that are not counterfeit;" *UL LLC v. Space Chariot, Inc.*, 250 F. Supp. 3d 596, 607 (C.D. Cal. 2017).
[8] See E. Dec. at ¶10 and Exhibit 2 at p. x-35, ¶7.  The definition of "counterfeiting" lately adopted by Amazon is "the product or packaging has an unlawful reproduction of a registered trademark".  See Declaration of Nonparty Amazon.Com. . . ., cited n.5, *supra*, at ¶12.

4

products lawful at the point of manufacture.[9] *Moroccanoil, supra* cited n.7.

TP-Link has stated repeatedly that its basis for reporting plaintiff as a counterfeiter was and is the absence of the manufacturer's original warranty coverage as to grey market products.[10] Thus, even if the warranty did not convey with subject sales, such a deficiency proves nothing of counterfeiting's essential elements of unlawful trademark reproduction and imitation product.[11] No reasonable litigant could anticipate success in proving counterfeiting based on lack of warranty.

### B. Plaintiff's Sales of TP-Link Products Conveyed the Original Manufacturer's Warranty

#### 1. Section 369-b of New York General Business Law Rendered any Purported Warranty Disclaimer Null and Void

Assuming *arguendo* that TP-Link actually attempted to enact and enforce a policy denying warranty coverage to grey market TP-Link products, such a policy was superseded and rendered null and void by Section 369-b of the New York

---

[9] See 15 U.S.C. § 1116(d)(1)(B)(last paragraph): "mark . . . at the time of manufacture or production in question . . . authorized . . . by the holder of the right."

[10] On July 31, 2019 plaintiff disclosed to TP-Link its source for the AC-5400 Routers and offered to allow TP-Link to conduct testing from residual inventory. See S. Dec. at ¶6 and Exhibit 4.

[11] See also *Weifang Tengyi Jewelry Trading Co. v. Intuii LLC*, No. 18 C 4651, 2019 U.S. Dist. LEXIS 140160 (N.D. Ill. Aug. 19, 2019) (claim that Amazon seller was selling counterfeit product "objectively baseless"): "Weifang intended not to stop the sale of counterfeit ULOVEIDO goods, but to target businesses selling even genuine ULOVEIDO goods."

General Business Law: "[a] warranty or guarantee of merchandise may not be limited by a manufacturer doing business in this state solely for the reason that such merchandise is sold by a particular dealer or dealers . . . ." Section 369-b's protection extends worldwide to all customers of New York sellers.[12] *Bel Canto Design, Ltd. v. MSS HiFi, Inc., 837 F. Supp. 2d 208* *227; 2011 U.S. Dist. LEXIS 146701, **45; see also *Technomarine SA v. Jacob Time, Inc.*, 2012 U.S. Dist. LEXIS 90261, at *9 n.2 (S.D.N.Y. June 22, 2012), squarely deciding the instant issue: ". . . Jacob Time's customers would not have received lesser warranty protections - and, in turn, lesser quality watches - on account of Jacob Time being an allegedly unauthorized retailer." TP-Link formally recognizes varying warranty rights under state law.[13] See S.Dec. at ¶7 and Exhibit 5 (redline paragraph at top)

In this regard, TP-Link's sole reason for any warranty deficiency was plaintiff's unauthorized status. That is and must remain its sole justification, as it may not raise new arguments for the first time in a reply brief on summary judgment.[14] Accordingly, filing *any* IP complaint against a New York seller by

---

[12]" . . . use of 'a telemarketing site and even the receipt of Internet orders physically within New York State appear to form a New York locus for a transaction covered by the New York State consumer protection statutes.' *Mountz v. Global Vision Prods., Inc.,* 3 Misc. 3d 171, 770 N.Y.S.2d 603, 608 (Sup. Ct. 2003)." *Leider v. Ralfe*, 387 F. Supp. 2d 283, 294 (S.D.N.Y. 2005)

[13] https://www.tp-link.com/us/support/replacement-warranty

[14] *Twin Rivers Eng'g v. Fieldpiece Instruments*, 2018 U.S. Dist. LEXIS 227749, at *17 n.4 (C.D. Cal. 2018). See *Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066 (9th Cir. 2003) ("[W]e decline to consider new issues raised for the first time in a reply brief."); *Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("'[T]he general rule is that [parties] cannot raise a new issue for the first time in their reply briefs.'").

reason of TP-Link's purported warranty disclaimer would be objectively baseless because any disclaimer solely based upon a selling dealer's unauthorized status would have been rendered null and void by Section 369-b, NYGBL.

### 2. Plaintiff Satisfies Each Factual Predicate to the Application of Section 369-b

We recognize that Section 369-b presents a "question of law based on factual underpinnings." Cf. *Intouch Techs., Inc. v. VGo Commc'ns, Inc.*, 2012 U.S. Dist. LEXIS 200685 (C.D. Cal. 2012). To satisfy its burden, plaintiff presents evidence of its New York domicile through its Entity Information from the Division of Corporations of the New York Department of State. S. Dec. at ¶8 and Exhibit 6. Also, plaintiff declares that it was duly formed in New York as "Thimes Solutions Inc.," has continuously domiciled in New York, and that all of its operations have been physically located in New York from its inception to present. See E. Dec. at ¶9. Lastly, plaintiff provides TP-Link's pre-motion letter from *Careful Shopper* as probative evidence that TP-Link does business in New York. See S. Dec. at ¶9 and Exhibit 7, p.2 at 2d full paragraph (sales rep, 3 distributors).

### 3. TP-Link's Arguments that It Had a Good Faith Basis to Ignore Section 369-b are Irrelevant and Unpersuasive

Contrary to the import of n. 13 *supra* and accompanying text, TP-Link seeks to discount Section 369-b, *Bel Canto* and *Technomarine* because plaintiff did not allege TP-Link's knowledge of plaintiff's New York residence. However,

"*objectively* baseless" means just that, to wit: fact-driven irrespective of TP-Link's particular knowledge, assumptions, beliefs, or opinions. See *Rock River Communs., Inc. v. Universal Music Grp.*, 2011 U.S. Dist. LEXIS 161682, at *10 (C.D. Cal. 2011)("objectively baseless," not the "defendant's subjective intent.") Section 369-b by its terms applies any business done in New York.

As a second ground to disregard Section 369-b defendants cite *Worldhomecenter.com, Inc. v. KWC Am., Inc.*, 2011 U.S. Dist. LEXIS 104496, at *23 (S.D.N.Y. 2011), where, after finding plaintiff lacked standing to sue and had not alleged injury in any event, Judge Buchwald mentioned ("nor is it clear") that a warranty disclaimer policy embracing all "unauthorized internet sellers" *might* be too broad to fit within the statutory language. Judge Buchwald's language was neither a holding nor judicial dicta; rather it was sheer obiter dicta, the least authoritative source of judicial pronouncement.[15] Further, "unsettled law" means that at relevant times actual decisions were neither clearly correct nor incorrect, but unsettled. *Henderson v. United States*, 568 U.S. 266, 274, 133 S. Ct. 1121, 1127 (2013). Judge Buchwald's remarks never reached critical mass of decisional authority because her cited remarks decided nothing. Section 369-b is not unsettled in light of *Bel Canto* and *Technomarine,* which post-dated Judge

---

[15] "Even the English courts, which hold to a doctrine of *stare decisis* more rigid than our own, hold that *obiter dicta* are in no wise controlling." *Gillespie v. United States Steel Corp.*, 379 U.S. 148, 162, 85 S. Ct. 308, 316 (1964)

Buchwald's comments, clearly *decided* the issues at bar, and which were well-established by 2018 when defendants embarked on their conspiracy.

By reason of Section 369-b no reasonable litigant—much less TP-Link itself-- could expect to establish in litigation that plaintiff's New York sales of TP-Link products did not include the manufacturer's original warranty. Defendants' 27 counterfeiting complaints were objectively baseless.[16]

### C. Grey Market TP-Link Products Did Not Lack the Original Manufacturer's Warranty, if Ever, Until Long After TP-Link was Sued in Tortious Interference and Defamation

Prior to *Careful Shopper* commencement on May 22, 2018 and for 17 months thereafter, the at-issue warranty was never dishonored by reason of the grey market provenance of TP-Link products.[17] Hence, "the bare allegation that Defendant TP-Link's products contain a warranty that Plaintiff's resold products do not have"[18] is false.

In *Careful Shopper* plaintiff propounded Rule 34 requests to TP-Link,

---

[16] The Ninth Circuit Court of Appeals has held, moreover, that a sale of genuine product lacking the original manufacturer's warranty does not give rise to an action in trademark infringement. *NEC Elecs. v. CAL Circuit Abco*, 810 F.2d 1506, 1510 (9th Cir. 1987): "If, as NEC-USA alleges, Abco sales agents mislead their buyers about the availability of NEC-USA servicing, then Abco may be liable in contract or tort, but not in trademark." See also *Huf Worldwide, LLC v. Wal-Mart Stores, Inc.*, 2017 U.S. Dist. LEXIS 28297 (S.D. Cal. 2017): "[t]he Ninth Circuit precludes an infringement claim based on voided warranties alone."
[17] Moreover, the warranty policy TP-Link provided to Amazon does not exclude unauthorized sellers. See S. Dec. at Exhibit 8 (highlighted matter at bottom), and "Conditions that Disqualify Product from Warranty" in S. Dec. at Exhibit 5, which lists 5 unrelated conditions (at bottom).
[18] ECF 99 at p. 5.

seeking all documents concerning "[e]ach instance of consumer confusion or consumer complaint related to the absence of an Original Manufacturer's Warranty on Grey Market TP-Link products . . . ." See S. Dec. ¶7. TP-Link produced Document TP000461, dated October 3, 2019 (17 months <u>after</u> TP-Link was first sued in E.D.N.Y.), as the earliest-dated document to advise a TP-Link customer that she did not have warranty coverage because she purchased from an "unauthorized retailer." S. Dec. ¶11 and Exhibit 9. Plaintiff has thus pled (SAC ¶36) and supported with evidence that there was no warranty limitation prior to October 2019. . . "enough to raise a right to relief above the speculative level." *Smith v. Weeknd*, 2019 U.S. Dist. LEXIS 221199, at *5 (C.D. Cal. 2019).

### III. CONCLUSION

As a pure question of law, defendant had zero basis to assert counterfeiting absent its essential elements of unlawful trademark reproduction and/or imitation product. As a mixed question of fact and law, any purported warranty disclaimer was baseless because Section 369-b rendered any such limitation null and void. As a pure question of fact, plaintiff has established a triable issue, i.e. whether TP-Link limited grey market goods' original manufacturer's warranty prior to October 2019. For any one of these reasons, no reasonable litigant would anticipate success in proving Thimes Solutions Inc. to have been listing or selling counterfeit TP-Link products between January-July 2018.

Respectfully submitted,

**LAW OFFICE OF MARK SCHLACHET**
/s/ *Mark Schlachet*
Mark Schlachet (admitted PHV)
3515 Severn Road
Cleveland, OH 44118
Telephone: (216) 225-7559
Facsimile: (216) 932-5390 Email: markschlachet@me.com
*Attorney for Plaintiff Thimes Solutions Inc.*

**LA LAW GROUP, APLC**
/s/ *Christopher J. Hammond*
Christopher J. Hammond (SBN 150024)
21540 Prairie Street, Unit A
Chatsworth, CA 91311
Telephone: (866) 625-2529
Facsimile: (866) 463-9285
Email: chammond@bizlawpro.com
*Attorney for Plaintiff Thimes Solutions Inc.*

**CERTIFICATE OF SERVICE OF MEMORANDUM IN OPPOSITION**

Undersigned counsel to Plaintiff Thimes Solutions Inc. hereby certifies that on March 23, 2020 all parties entitled to service via the Court's ECF system were served accordingly.

/s/Mark Schlachet
Mark Schlachet