Mark Schlachet (OSB 0009881) [Admitted PHV]
markschlachet@me.com
3515 Severn Road
Cleveland, Ohio 44118
Tel: (216)225-7559 Fax: (216)932-5390
*Attorney for Plaintiff Thimes Solutions Inc.*

Christopher J. Hammond (SBN 150024)
chammond@bizlawpro.com
21540 Prairie Street, Unit A Chatsworth, CA 91311
Tel: (866)625-2529 Fax: (866)463-9285
*Local Counsel Plaintiff Thimes Solutions Inc.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS, INC.<br>Plaintiff,<br><br>vs.<br><br>TP-LINK USA CORPORATION, et al<br>Defendant | CASE NO.: **CV 19-10374 PA**<br><br>**DECLARATION OF MARK SCHLACHET IN SUPPORT OF MEMORANDUM OF THIMES SOLUTIONS INC. IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT FOLLOWING COURT'S RULE 12(d) CONVERSION (ECF 99) OF DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION TO DISMISS AND/OR STRIKE SECOND AMENDED COMPLAINT**<br><br>**Hearing Date: None**<br><br>**SAC FILED:   JANUARY 13, 2020** |

**I, Mark Schlachet, hereby declare as follows:**

1.  I submit this Declaration in support of Memorandum of Thimes Solutions Inc. in Opposition to Defendants' Motion for Summary Judgment Following the Court's Rule 12(d) Conversion (ECF 99) of Defendants' Joint Notice of Motion and Motion to Dismiss and/or Strike Second Amended Complaint.

2.  I am an attorney at law admitted pro hac vice to practice before this Court in the captioned case.  I submit this Declaration based upon my personal knowledge and, if called a witness, could and would testify to the matters set forth within.

3.  Exhibit 1 hereto is a true and accurate copy of an email I discovered directly from TP-Link USA Corporation in the related case of *TP Link USA Corp. v. Careful Shopper LLC et al.*, 19-CV-082 (JLS), bearing TP-Link's Bates No. *TPL00252*.  TP-Link served this document upon me as counsel to Careful Shopper in that case.  The email is dated December 11, 2017, addressed by Amazon and sent to email address Compliance USA, an email address identified by Kevin Ryu, TP-Link's Director of Sales and Marketing, as belonging to TP-Link and used by Amazzia to

DECLARATION OF MARK SCHLACHET IN SUPPORT OF MEMORANDUM
IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

file IP complaints with Amazon on TP-Link's behalf.  See ECF 78-1, p.23, ¶4.

4. Exhibit 2 is a true and accurate copy of the Declaration of Amazon.com, explaining certain Amazon selling policies, e.g. original manufacturer's warranty applicability, trademark infringement, and counterfeiting.  This document was filed on March 5, 2020 in *Solu-Med, Inc. v. Youngblood Skin Care Products, Inc.,* Case No. 19-60487-RKA (S.D.FL). I visited the Pacer/ECF page for the Southern District of Florida at https://ecf.flsd.uscourts.gov/cgi-bin/showpage.pl?16 on or about March 7, 2020, navigated to Case No. 19-60487, downloaded the declaration, and introduce it here as Exhibit 2.

5. Exhibit 3 hereto is a true and accurate copy of the Complaint in *TP Link USA Corp. v. Careful Shopper LLC et al.*, 19-CV-082 (JLS).  I obtained this Complaint when a Los Angeles intellectual property law firm emailed it to me on January 15, 2019 with that firm's offer of help in this case.  Thereafter on January 15, 2019 I visited the Court's website (https://ecf.cacd.uscourts.gov/cgi-bin/showpage.pl?16) and verified that Exhibit 3 is what it purports to be, to wit: TP-Link USA Corporation's complaint filed in *Careful Shopper.*

DECLARATION OF MARK SCHLACHET IN SUPPORT OF MEMORANDUM
IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

6.  Exhibit 4 is a true and accurate copy of an email I sent to TP-Link counsel, Steven R. Smerek, Esq., Counsel to TP-Link USA Corporation, on July 31, 2019.

7.  Exhibit 5 is a true and accurate copy of a page of TP-Link's warranty policy I received directly from TP-Link in response to Rule 34 discovery I propounded, on or about November 15, 2019, on behalf of Careful Shopper LLC in *TP Link USA Corp. v. Careful Shopper LLC et al.*, 19-CV-082 (JLS).  RFP 1 thereto requested all documents concerning "[w]hether unauthorized sales of products bearing the TP-LINK® Marks do or do not convey the original manufacturer's warranty."  This page was Bates stamped by TP-Link as TP000403.

8.  Exhibit 6 is a true and accurate copy of Entity Information for Thimes Solutions Inc. available online at the website of the Division of Corporations of the NYS Department of State.  On or about March 13, 2020 I visited https://appext20.dos.ny.gov/corp_public/CORPSEARCH.SELECT_ENTITY and inserted the words "Thimes Solutions Inc." in a search box, thereafter being presented with certain entity information.  I then downloaded same and have now attached it hereto has Exhibit 6.

DECLARATION OF MARK SCHLACHET IN SUPPORT OF MEMORANDUM
IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

9.  Exhibit 7 hereto is a true and accurate copy of TP-Link's pre-motion letter filed as ECF 15 in *Careful Shopper* on August 3, 2018.  As counsel to Careful Shopper, I received this document on August 3, 2018 via ECF, downloaded and copied it to my file, and have copied it for purposes hereof.

10. Exhibit 8 hereto is a true and accurate copy of said "TP-Link warranty policy provided to Amazon" which I downloaded from the internet and present herein as Exhibit 8.  On March 17, 2020 I visited the product page for the TP-Link AC5400 at https://www.amazon.com/TP-Link-MU-MIMO-Tri-Band-Streaming-Comprehensive-Antivirus/dp/B01DXVK3KY. I downloaded "TP-Link warranty policy provided to Amazon", linked from the above page as https://images-na.ssl-images-amazon.com/images/I/71v81cf96iS.pdf.

11. Exhibit 9 is a true and accurate copy of a screen print I discovered from TP-Link in *Careful Shopper* in response to a Rule 34 Request demanding in RFP 18 all documents concerning "[e]ach instance of consumer confusion or consumer complaint related to the absence of an Original Manufacturer's Warranty on Grey Market TP-Link products."  In response thereto TP-Link produced a series of screenprints, the earliest

dated of which was TP000463, dated October 3, 2019, i.e. Exhibit 9 hereto.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 23, 2020, at Surfside, Florida.

/s/ Mark Schlachet (admitted PHV)
Mark Schlachet

6

## EXHIBITS TO DECLARATION OF MARK SCHLACHET

**Exhibit 1:**  A true and accurate copy of an email discovered from TP-Link USA Corporation in the related case of *TP Link USA Corp. v. Careful Shopper LLC et al.*, 19-CV-082 (JLS), bearing TP-Link's Bates No. *TPL00252*. ...................... X-2

**Exhibit 2:** A true and accurate copy of the Declaration of Amazon.com, explaining certain Amazon selling policies, e.g. original manufacturer's warranty applicability, trademark infringement, and counterfeiting. ................................ X-4

**Exhibit 3:**  A true and accurate copy of the Complaint in *TP Link USA Corp. v. Careful Shopper LLC et al.*, 19-CV-082 (JLS)................................................... X-26

**Exhibit 4:** A true and accurate copy of an email sent to TP-Link counsel, Steven R. Smerek, Esq., on July 31, 2019. .................................................................. X-44

**Exhibit 5:** A true and accurate copy of a page of TP-Link's warranty policy... X-47

**Exhibit 6:** A true and accurate copy of Entity Information for Thimes Solutions Inc. available online at the website of the Division of Corporations of the NYS Department of State.  ........................................................................................ X-49

**Exhibit 7:** A true and accurate copy of TP-Link's pre-motion letter filed as ECF 15 in *Careful Shopper* on August 3, 2018.  ...................................................... X-52

**Exhibit 8:** A true and accurate copy of "TP-Link warranty policy provided to Amazon"............................................................................................................ X-57

**Exhibit 9:** A true and accurate copy of a screenprint  from TP-Link in *Careful Shopper* in response to a Rule 34 Request demanding in RFP 18 all documents concerning "[e]ach instance of consumer confusion or consumer complaint related to the absence of an Original Manufacturer's Warranty on Grey Market TP-Link products.......................................................................................................... X-61

# EXHIBIT 1

A true and accurate copy of an email discovered from TP-Link USA Corporation in the related case of *TP Link USA Corp. v. Careful Shopper LLC et al.*, 19-CV-082 (JLS), bearing TP-Link's Bates No. *TPL00252*.

**From:** notice@amazon.com <notice@amazon.com>
**Sent:** Monday, December 11, 2017 11:14 AM
**To:** Compliance USA
**Subject:** Your Report of Rights Infringement on Amazon.com

Hello,

Based on the information you provided, we cannot take action on or complete any requests in your report for the reasons listed below.

-- We reviewed the reported ASIN(s) and found no misuse of the reported mark.

=========================================
honeyintherock
ASIN: B0195Y0A42, TP-Link N300 Wi-Fi Range Extender, AP mode Supported(TL-WA855RE)

Mike Swift Supply, Rally Bargains Inc, JJ's Deals!
ASIN: B014PY9K5M, TP-Link AC1900 Wireless Wi-Fi Gigabit Router with Touch Screen Setup (Touch P5)

Cart4deals, SD A&E, spicyseaweedz, Mike Swift Supply, Chaskin, Your EPower
ASIN: B01DXVK3KY, TP-Link AC5400 Wireless Wi-Fi MU-MIMO Tri-Band Router - Powerful Wi-Fi for Gaming and 4K Streaming, Comprehensive Antivirus and Security, Works with Alexa and IFTTT (Archer C5400)

Triplenet Pricing INC, biddeal_co
ASIN: B00BUSDVBQ, TP-Link AC1750 Wireless Wi-Fi Router, Dual Band Gigabit (Archer C7)

HDD Shop, Cart4deals, Triplenet Pricing INC, OneDealOutlet Online, Brookstone, Zuhof, <mark>carefulshopper,</mark> Office Depot, Inc., "Precious Time", Wi-Fi Mart, Big&Small Deals
ASIN: B06WVCB862, TP-Link Deco M5 Whole Home Mesh WiFi System | Up to 4,500 sq. ft. Coverage | Unique Antivirus Security Protection and Parental Controls | Works with Alexa and IFTTT | 3-Pack

Bargains Of Maine, Vista Distributing
ASIN: B06XZ3S6B8, TP-Link AC2300 Wireless WiFi Router | Powerful 1.8GHz Dual-Core Processor | 802.11ac Wave 2 MU-MIMO (Archer C2300)

Zonvo, Triplenet Pricing INC
ASIN: B0168G0KZY, TP-Link AC1200 Wireless Wi-Fi Dual Band Fast Ethernet Router (Archer C50)

Complaint ID:
1246636551,1246636591,1246636661,1246636561,1246636691,1246636601,1246636571

Sincerely,
Seller Performance Team Amazon.com

*TPL00252*

X-3

# EXHIBIT 2

A true and accurate copy of the Declaration of Amazon.com, explaining certain Amazon selling policies, e.g. original manufacturer's warranty applicability, trademark infringement, and counterfeiting

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| SOLU-MED, INC., | Civil Action No.:  0:19-cv-60487-RKA |
| Plaintiff, | **DECLARATION OF NONPARTY AMAZON.COM, INC. CUSTODIAN OF RECORDS** |
| v. | AMAZON REF NO.: SUB1004122 |
| YOUNGBLOOD SKIN CARE PRODUCTS, LLC, | |
| Defendant. | |

Clarice Cohn declares as follows:

I am over the age of eighteen and I am a duly authorized Custodian of Records for Amazon.com, Inc. ("Amazon").

1.      I am a Litigation Paralegal in the Litigation and Regulatory group at Amazon.  I make this declaration based on my personal knowledge and my review of Amazon records kept, maintained, and relied upon by Amazon in the ordinary course of business.

2.      My responsibilities include working with outside counsel to respond to subpoenas served on Amazon.  This includes gathering, compiling, analyzing, cross-checking, and preparing documents to be produced in response to subpoenas, among many other duties.

3.      On January 14, 2020, Amazon was served with a subpoena from Defendant Youngblood Skin Care Products, LLC ("Defendant") in the above-referenced action.  On January 21, 2020, Amazon served objections to the subpoena.

4.      Amazon selling partners are expected to adhere to selling policies and seller code of conduct when listing products on the Amazon store.  Attached as Exhibit A is a true and

DECLARATION OF NONPARTY AMAZON.COM, INC. CUSTODIAN OF RECORDS
4824-4665-7970v.2 0051461-001872

Exhibit 2 to Declaration of Mark Schlachet p. 1

correct copy of Amazon's Selling Policies and Seller Code of Conduct in effect as of November 1, 2018.

5.      Amazon selling partners are also expected to adhere to the Seller Code of Conduct Principles, including "[n]ever engag[ing] in any misleading, inappropriate or offensive behavior." The Seller Code of Conduct applies to all of selling partners' activities, including "[i]nformation provided in listings, content or images." Ex. A at p. 1.

6.      Among the selling policies, Amazon's Condition Guidelines provide guidance on assigning the correct condition to each item a selling partner lists on the Amazon store. Under the Condition Guidelines, a "new" item means "[a] brand-new, unused, unopened item in its original packaging, with all original packing materials included." Attached as Exhibit B is a true and correct copy of Amazon's Condition Guidelines in effect as of November 1, 2018.

7.      Further, for a new item, "[o]riginal manufacturer's warranty, if any, still applies, with warranty details included in the listing comments." Ex. B at p.1.

8.      Under Amazon Product Authenticity and Quality guidelines, Amazon categorizes two types of violations related to product authenticity. Attached as Exhibit C is a true and correct copy of Amazon Product Authenticity and Quality in effect as of November 1, 2018.

9.      First, "[v]iolations related to product authenticity are categorized as intellectual property violations." Ex. C at p. 1. Selling partners "are responsible for ensuring that the products [they] offer are legal, authorized for sale or re-sale, and that they do not violate intellectual property rights such as copyrights, patents, trademarks, and rights of publicity." *Id.*

10.      Second, Amazon policy prohibits selling partners from listing or shipping "'materially different' products." *Id.* A product listed and shipped by a selling partner "must exactly match the description, pictures, and all other information on the product detail page." *Id.*

DECLARATION OF NONPARTY AMAZON.COM, INC. CUSTODIAN OF RECORDS
4824-4665-7970v.2 0051461-001872

Exhibit 2 to Declaration of Mark Schlachet p. 2

X-6

For instance, listing a product in "new" condition when it is not "brand-new or unused condition, or in un-opened original packaging" is a "[m]aterially different product condition violation." *Id.*

11.     Amazon's Report Infringement form is intended for use by intellectual property rights owners and their agents to notify Amazon of alleged intellectual property infringements using an online form.  The form allows the rights owner or agent to describe the complaint as primarily related to "copyright concerns," "trademark concerns," "patent concerns," or "other concerns."  The form then requests additional information about the specific concern and the product at issue.

12.     If "trademark concerns" is selected, the specific concern options are that "a product detail page is unlawfully using my trademark (e.g. in product title, product images, product description)," "a product or its packaging has my trademark on it," or "a product is counterfeit (the product or packaging has an unlawful reproduction of a registered trademark)."

13.     Amazon also provides a form to report violations of listings against detail pages that do not exactly match their items.  If sellers are listing against detail pages that do not exactly match their items, Amazon asks that violations be reported using the associated contact form.

14.     I hereby certify and declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed on this *1* day of February, 2020, at Seattle, Washington.

CLARICE COHN

DECLARATION OF NONPARTY AMAZON.COM, INC. CUSTODIAN OF RECORDS
4824-4665-7970v.2 0051461-001872

Exhibit 2 to Declaration of Mark Schlachet p. 3

# Exhibit A

Exhibit 2 to Declaration of Mark Schlachet p. 4

X-8

# Selling Policies and Seller Code of Conduct

All sellers are expected to adhere to the following policies when listing products on Amazon. Seller offenses and prohibited content can result in suspension of your Amazon account.

## Seller code of conduct

Amazon enables you to reach hundreds of millions of customers. We strive to ensure a fair and trustworthy buyer and seller experience. At Amazon, we expect you to adhere to the code of conduct principles outlined below. Violation of the code of conduct principles may result in the loss of your selling privileges and removal from Amazon Marketplace.

Seller Code of Conduct Principles:

- Adhere to all applicable laws and abide by all Amazon policies.
- Maintain current account information.
- Never misrepresent yourself.
- Always act in a manner that ensures a trustworthy experience for Amazon customers.
- Never list products that may cause harm to Amazon customers.
- Never engage in any misleading, inappropriate or offensive behavior. This applies to all your activities, including but not limited to:
  - Information provided on your account
  - Information provided in listings, content or images
  - Communication between you and Amazon or you and our customers
- Act fairly at all times. Unfair behavior includes but is not limited to the following:
  - Behavior that could be deemed as manipulation or "gaming" of any part of the buying or selling experience
  - Actions that could be perceived as manipulating customer reviews, including by directly or indirectly contributing false, misleading or inauthentic content
  - Activities that could be perceived as attempting to manipulate Amazon's search results or sales rankings
  - Actions that intentionally damage another seller, their listings or their ratings

To learn more about Amazon policy violations and review a few examples, please watch this short video.

Exhibit 2 to Declaration of Mark Schlachet p. 5

# Exhibit B

Exhibit 2 to Declaration of Mark Schlachet p. 6

X-10

Last Updated 10/30/2018, 6:47:53 AM

# Condition guidelines

Assigning the correct condition to each product you list on Amazon is the first step toward providing a great customer experience. It's important to make a careful assessment of your product before specifying its condition.

For information about selecting a condition for your product, see Selecting Conditions.

## General condition guidelines

The following guidelines apply to all product categories unless otherwise indicated in the Category-Specific Condition Guidelines:

**Note: Certified Refurbished**, **Used – Good**, and **Used – Acceptable** can be used only where noted as acceptable in the category-specific condition guidelines.

*New:*
Just like it sounds. A brand-new, unused, unopened item in its original packaging, with all original packaging materials included. Original protective wrapping, if any, is intact. Original manufacturer's warranty, if any, still applies, with warranty details included in the listing comments.

*Certified Refurbished:*
Use only if noted in the Category-Specific Condition Guidelines.

A product that has been inspected and graded by a qualified manufacturer or a specialized third-party refurbisher to like-new working condition with no visible cosmetic imperfections when held 12 inches away.

The item is backed by a minimum 90-day limited warranty provided by the supplier.

The products may be packaged in a generic box and come with relevant accessories as expected for a new product, with exceptions, if any, mentioned on the product detail page. Certified Refurbished items are sometimes referred to as Pre-Owned or Open-Box products.

*Used - Like New:*
An apparently untouched item in perfect condition. Original protective wrapping may be missing, but the original packaging is intact and pristine. There are absolutely no signs of wear on the item or its packaging. Instructions are included. Item is suitable for presenting as a gift.

*Used - Very Good:*
A well-cared-for item that has seen limited use but remains in great condition. The item is complete, unmarked, and undamaged, but may show some limited signs of wear. Item works perfectly.

*Used - Good:*
Use only if noted in the Category-Specific Condition Guidelines. The item shows wear from consistent use, but it remains in good condition and works perfectly. It may be marked, have identifying markings on it, or show other signs of previous use.

*Exhibit 2 to Declaration of Mark Schlachet p. 7*

*Used - Acceptable:*
Use only if noted in the Category-Specific Condition Guidelines. The item is fairly worn but continues to work perfectly. Signs of wear can include aesthetic issues such as scratches, dents, and worn corners. The item may have identifying markings on it or show other signs of previous use.

## Unacceptable and prohibited items

Items in any of the following conditions are unacceptable for listing on Amazon:

- Item does not work perfectly in every regard.
- Item is not clean, including signs of mold, heavy staining, or corrosion.
- Item is damaged in a way that renders it difficult to use.
- Item is missing essential accompanying material or parts. (This does not necessarily include instructions.)
- Item requires repair or service.
- Item was not created by the original manufacturer or copyright holder. This includes copies, counterfeits, replicas, and imitations.
- Item was originally distributed as a promotional copy, promotional bundle, product sample, or advance reading copy. This includes uncorrected proofs of in-print or not-yet-published books.
- Any aspect of the item is obscured and not able to be read or viewed because of markings, stickers, or other damage.
- Item has passed the expiration date (includes "best by" and "sell by" dates), has an unacceptable portion of its shelf life remaining, or has had the expiration date removed or tampered with.
- Item is prohibited for sale on Amazon.

For more information about prohibited products, see Restricted Products.

Only full retail versions of software may be sold on Amazon. See Software & Computer Games for a list of software products that are prohibited for sale on Amazon.

## Category-specific condition guidelines

The following category-specific condition guidelines should be used as indicated in addition to or in place of the General Condition Guidelines.

## Books – New and Used

In addition to the general condition guidelines, apply the following guidelines to new and used books:

- **New**: Just like it sounds. A brand-new, unused, unread copy in perfect condition. The dust cover and original protective wrapping, if any, are intact. All supplementary materials are included and all access codes for electronic material, if applicable, are valid and/or in working condition. Books with markings of any kind on the cover or pages, books marked as "Bargain" or "Remainder," or with any other labels attached, may not be listed as "New" condition.
- **Used - Like New**: Dust cover is intact, with no nicks or tears. Spine has no signs of creasing. Pages are clean and not marred by notes or folds of any kind. May contain remainder marks on outside edges, which should be noted in listing comments.
- **Used - Very Good**: Pages and dust cover are intact and not marred by notes or highlighting. The spine is undamaged.

Exhibit 2 to Declaration of Mark Schlachet p. 8

- **Used - Good**: All pages and cover are intact (including the dust cover, if applicable). Spine may show signs of wear. Pages may include limited notes and highlighting. May include "From the library of" labels.
- **Used - Acceptable**: All pages and the cover are intact, but the dust cover may be missing. Pages may include limited notes and highlighting, but the text cannot be obscured or unreadable.
- **Unacceptable**: Has missing pages and obscured or unreadable text. We also do not permit the sale of advance reading copies, including uncorrected proofs, of in-print or not-yet-published books.

## Clothing & Accessories

All apparel must be listed in New condition only. You cannot sell used products in this category.

## Industrial & Scientific

Industrial & Scientific products may be listed as New, New – Open Box, Certified Refurbished, Used – Like New, Used – Very Good, Used – Good, or Used – Acceptable.

## Books – Collectible

To ensure that customers are able to buy with confidence from all sellers on Amazon, sellers listing in the Collectible Books category must be pre-approved. For more information, see Collectible Books.

To be considered collectible, a book should be unique in a way that could reasonably be assumed to increase the book's value to a collector:

- First editions and first printings
- Signed, inscribed, or scarce copies
- Advance reading copies and uncorrected proofs of out-of-print books

Collectible books do not include the following:

- Uncorrected proofs of in-print or not-yet-published books
- Former library books
- Remaindered books
- Book club editions

The **General Condition Guidelines** do not apply to collectible books. Use the following condition types for Collectible Books:

- **Collectible - Like New**: All pages and the cover are intact. The dust jacket is intact, if applicable, with no noticeable or very tiny nicks or flaws. Spine has no signs of creasing. Book may have very small but virtually unnoticeable flaws. List items in Fine condition as Like New. Include condition details in the listing comments.
- **Collectible - Very Good**: Pages are intact and not marred by notes or highlighting. Spine shows no sign of creasing. Dust jacket, if applicable, shows signs of some rubbing or chipping. List items in Near Fine condition as Very Good. Include condition details in the listing comments.

Exhibit 2 to Declaration of Mark Schlachet p. 9

- **Collectible - Good**: All pages and the cover are intact, including the dust jacket, if applicable. Spine may show signs of wear. Generally, books in Good condition are not considered to be collectible grade.
- **Collectible - Acceptable**: A readable copy showing significant wear. Dust jacket may be missing. For all but the rarest items, books in Acceptable condition are not considered to be collectible grade.

## Music – New and Used

Music formats include vinyl, magnetic tape, and disc.

If you are listing a club edition against the detail page for the standard edition, use the listing comments to indicate that your item is a club edition. For more about listing club editions, see the exception under **Matching product offers inaccurately** in Prohibited Seller Activities and Actions.

CDs and cassettes must be sold with a protective jewel or cassette case. You may substitute newer packaging when a jewel or cassette case is damaged, but you may not substitute copied cover art or liner notes for the originals.

In addition to the general condition guidelines, the following guidelines apply to new and used music:

- **New**: A brand-new, unused, unopened CD or cassette in perfect condition.
- **Used - Like New:** The jewel case, cassette case, or album cover has no scratches or scuffing. Cover art, liner notes, and inclusions are in perfect condition. The product itself is unmarked with no sign of wear. Packaging may have a remainder cut-out, which should be noted in the listing comments section.
- **Used - Very Good:** The CD or cassette that has been listened to but remains in great condition and plays perfectly. The packaging, cover art, liner notes, or inclusions may show limited signs of wear.
- **Used - Good:** The CD or cassette plays perfectly but has clear signs of wear. The product or its packaging may have identifying markings from its owner.
- **Used - Acceptable:** The CD or cassette plays perfectly but is otherwise the worse for wear. Packaging and inclusions may be damaged, marked, or missing. Note any missing elements in the listing comments section.

A brand-new, unused, unopened CD, MC or record in perfect condition.

*What we will not accept for sale at Amazon.com.tr:*
Music that is in any way unplayable or recorded, recordings not manufactured by the copyright holder, including recopied media in any form. Promotional media is prohibited for sale through Amazon.com.tr Marketplace. Any missing components must be explicitly stated in the description.

Make sure you describe your CDs, MCs, and records accurately. An accurate product description increases buyer satisfaction. Should an item have an obvious cosmetic flaw, sellers are strongly encouraged to make a note in the comments field. The presence of remainder marks or cut-outs should always be noted in comments. Recopied media is not permitted. CDs with surface scratches may be listed as Good or Acceptable, subject to the above guidelines, as long as the quality of the playback is not affected.

## Camera & Photo Electronics & Photo, PC

You may be required to obtain approval to list certain products in the Electronics category. For more information, see Categories Requiring Approval.

In addition to the General Condition Guidelines, apply the following guidelines to Camera & Photo:

Exhibit 2 to Declaration of Mark Schlachet p. 10

- **New:** The original manufacturer's warranty, if any, must apply. Unless otherwise specified, all new camera and photo items are assumed to be in full retail packaging. Bulk, plain white box, or other types of packaging are not allowed unless specifically called out in the product title.
- **Certified Refurbished:** You may use Refurbished in this category. See the General Condition Guidelines for details.
- **Certified Refurbished:** You may use Certified Refurbished in this category. See the General Condition Guidelines for details. A product that has been inspected and graded by a qualified manufacturer or a specialized third-party refurbisher to like-new working condition with no visible cosmetic imperfections when held 12 inches away. The item is backed by an additional 1-year limited warranty provided by the supplier, in addition to buyer's statutory rights. The products may be packaged in a generic box and come with relevant accessories as expected for a new product, with exceptions, if any, mentioned on the product detail page. Certified Refurbished items are sometimes referred to as Pre-Owned or Open-Box products.
- **Used - Like New:** An apparently untouched item in perfect condition. On the 1 to 10 point used-equipment scale, this item must be a 10.
- **Used - Very Good:** On the 1 to 10 point used-equipment scale, this item must be a 9 or better.
- **Used - Good:** On the 1 to 10 point used-equipment scale, this item must be an 8 or better.
- **Used - Acceptable:** On the 1 to 10 point used-equipment scale, this item must be a 7 or better.
- **Unacceptable:** On the 1 to 10 point used-equipment scale, a 6 or lower is **Unacceptable**.

See Selling International Camera & Photo Products for specific listing policies on international version products.

## Music – Collectible

To be considered collectible, the item should be unique in a way that increases value for a collector:

- Signed, inscribed, or scarce
- Unique characteristics such as special pressings, unusual aesthetics (colored vinyl), or limited edition packaging

Seller comments for collectible music should include the following:

- Further detail on condition or completeness of item and packaging
- Notes about the presence of signatures, inscriptions, or other personalization

## Software & Computer Games

You may be required to obtain approval to list certain products in the Software & Computer Games categories. To submit a request to sell restricted products in Software & Computer Games, please contact us.

Only full retail versions of software may be sold on Amazon. The following types of software are prohibited for sale:

- Copied or duplicated software, in any format
- OEM software
- Back-up copies
- Fulfillment software

Exhibit 2 to Declaration of Mark Schlachet p. 11

- Promotional software
- Beta (pre-release) copies
- Unauthorized freeware or shareware
- Academic software requiring pre-purchase verification

In addition to the General Condition Guidelines, please apply the following guidelines to Software & Computer Games.

**Note:** All products in Software & Games with the condition type **Used** will be listed as **Open Box**.

- **New**: Includes the original Universal Product Code (UPC).
- **Open Box - Like New**: The box and jewel case are pristine, with no signs of wear. UPC should be visible.
- **Open Box - Good**: Original UPC should be visible.
- **Open Box - Acceptable**: Original UPC, the original jewel case, or both are missing.
- **Unacceptable**: See the list of prohibited software and computer games earlier in this section.

For more information about listing software for sale on Amazon, see Selling Software.

## Cell Phones & Accessories

For more information on listing products in this category, see Selling Cell Phones & Accessories.

Before shipping a used or certified refurbished cell phone to a buyer, you must do the following:

- Cancel the existing account associated with the phone.
- Remove the SIM card from the phone, if present.
- Clear the phone's memory and restore the default settings.

In addition to the General Condition Guidelines, apply the following guidelines to Cell Phones & Accessories:

- **New**: The original manufacturer's warranty, if any, should still apply, with details of the warranty included in the condition comments.
- **Certified Refurbished**: You may sell **Certified Refurbished** in this category. See the General Condition Guidelines for details.
- **Used - Like New**: The original packaging and all original accessories are intact. There are absolutely no signs of wear on the item or its packaging.
- **Used - Very Good**: Some signs of wear and tear are visible.
- **Used - Good**: The item shows wear from consistent use, but it remains in good condition and works perfectly.
- **Used - Acceptable**: Signs of wear can include aesthetic issues such as scratches, dents, and worn corners.

## Personal Computers

Before selling a computer on Amazon, you must restore the computer's hard drive and any software on it to its original state in one of the following ways:

- Use the Restore discs included with the computer.
- Reformat the computer's hard drive and reinstall the original software.

Exhibit 2 to Declaration of Mark Schlachet p. 12

Include in your shipment any documentation provided with the computer itself and any software installed on the computer.

You must comply with the terms of any software licenses or other agreements governing any software on the computer. This includes any restrictions on transferring software or retaining copies of any software.

In addition to the General Condition Guidelines, apply the following guidelines to Computers:

- **Certified Refurbished**: You may sell **Certified Refurbished** in this category. See the General Condition Guidelines for details.
- **Used - Like New**: The original packaging and software are intact.
- **Used - Acceptable**: The box and nonessential instructions may be missing or damaged. Discs for installed software are included.

## Consumer Electronics

You may be required to obtain approval to list certain products in the Electronics category. For more information, see Categories Requiring Approval.

In addition to the General Condition Guidelines, apply the following guidelines to Electronics:

- **Certified Refurbished**: You may sell **Certified Refurbished** in this category. See the General Condition Guidelines for details.

## Toys & Games - Collectible

Collectible toys and games must be rare, exclusive, one-of-a-kind, or otherwise unique.

**Note:** The General Condition Guidelines do not apply to Collectible Toys & Games.

Use the following condition types for Collectible Toys & Games:

- **Collectible - Like New:** An apparently untouched item in perfect condition. The original protective wrapping, if any, may be missing, but the original packaging is intact. There are absolutely no signs of wear. Suitable for presenting as a gift.
- **Collectible - Very Good:** A well-cared-for item that has seen limited use but remains in great condition. Item and instructions are complete and undamaged but may show some signs of wear.
- **Collectible - Good:** Item shows wear from consistent use, but it remains in good condition. The original instructions are included and in acceptable condition. The item may be marked, identified, or show other signs of previous use. The item works perfectly and is in good shape overall.

## Home & Garden

Besides the general condition guidelines, the following guidelines apply:

*New:*
A brand-new, unused and unopened item in the original packaging with all of the original packaging materials included. The original manufacturer's warranty, if any, should still apply, with details of any such warranty included when you complete the condition note section of the product listing.

Exhibit 2 to Declaration of Mark Schlachet p. 13

X-17

*Used items:*

Refurbished items must be refurbished and warranted by the manufacturer or re-manufacturer.

- **Certified Refurbished:** a product that has been professionally restored to working order. Typically, this means the product has been inspected, cleaned and repaired to meet manufacturer specifications. It may or may not be in its original packaging. The manufacturer warranty or warranty of the company performing the refurbishing services may apply to the product and should be included in the condition notes for the item.
- **Like New:** an apparently untouched item in perfect condition. The original plastic wrap may be missing, but the original packaging is intact. There are absolutely no signs of wear. Suitable for presenting as a gift.
- **Very Good:** a well-cared-for item that has seen limited use but remains in great condition. The item and its instructions are complete and undamaged, but may show some signs of wear. The item works perfectly.
- **Good:** the item shows wear from consistent use, but remains in good condition. The original instructions are included, and are in acceptable condition. The item may be marked or identified, and show other signs of previous use. The item works perfectly and is in good overall shape.
- **Acceptable:** the item is fairly worn, but it continues to work perfectly. The signs of wear can include scratches, dents and other aesthetic problems. The box and non-essential instructions may be missing or damaged. The item may be marked or identified, and show other signs of previous use.

*What we will not accept for sale on Amazon:*

- Items that do not work perfectly in every regard or are damaged in ways that render them difficult to use
- Items not manufactured or printed by the original manufacturer and for which essential accompanying material is missing (this does not necessarily include instructions)
- Consumable items where any part has been used
- Products that require repair or service
- Products whose commercialization is prohibited under the applicable law (e.g. some cutlery products)
- Unclean items are not acceptable

All Home, Kitchen, Garden and Large Appliances equipment, whether new or used, must be safe (that is, there is no risk that the equipment will cause death, personal injury or damage to property) and, where applicable, come with the standard plug for the country where they are sold. . The seller must have used and refurbished equipment tested by an expert prior to listing to verify that it is safe. You must not list any product that has been the subject of a product safety recall.

# Ink and Toner Cartridges

**Note:** Amazon prohibits sellers from listing ink and toner cartridges in **Certified Refurbished** or **Used** condition.

All ink and toner cartridges should be listed as **New**, with "Remanufactured," "Compatible," or "Refilled" in the **Title** field.

See also Office Products.

See also Selling Ink and Toner Cartridges.

Exhibit 2 to Declaration of Mark Schlachet p. 14

# Video, DVD & Blu-ray Discs -- New and Used

We suggest that you list videos and DVDs at a price that is the same as or lower than the Amazon price.

**Collectible videos and DVDs**

Must be rare, out of print or otherwise unique--you will have an opportunity to say why your copy is collectible. We suggest that you list such items at a price that is higher than the Amazon.in price.

**New videos and DVDs**

A brand-new, unused, unopened video or DVD in perfect condition in its original packaging and with all original packaging materials included.

**What we will not accept for sale at Amazon:** Video or DVD recordings not created by the copyright holder, including recopied media in any form. In addition, promotional media is prohibited for sale through the Amazon marketplace, as are recordings in which any aspect of the film is missing or obscured.

**Please note:** 18-certificate videos or DVDs can only be listed if the seller is at least 18 years of age.

Rental DVD and Blu-ray discs are only permitted for sale on Amazon in **Used** condition. If you are listing a rental DVD or Blu-ray disc edition against the detail page for the standard edition, use the listing comments to indicate that your item is a rental edition. For more information about listing rental editions, see the exception under **Matching product offerings inaccurately** in Prohibited Seller Activities and Actions.

In addition to the General Condition Guidelines, apply the following guidelines to used video, DVD & Blu-ray discs:

- **Used - Like New:** Any codes for digital copies or downloadable content must be included and unused.
- **Used - Acceptable:** A product with extensive external signs of wear, but one that continues to play perfectly. The box or jewel case may be damaged. The cover art, liner notes, or other inclusions may be marked, or one or all of these items may be missing. The seller must note any missing inclusions in their listing comments. Combination sets may not be listed with missing discs. If a digital copy is missing, this should be noted in the condition notes. Products must be sold with a protective jewel case or box. Sellers may substitute newer packaging when a jewel case or box is damaged, but they may not substitute copied cover art or liner notes for the originals. The video, disc, or packaging may have identifying markings from its owner.

# Video, DVD & Blu-ray Discs -- Collectible

To be considered collectible, the item should be unique in a way that increases value for a collector:

- Signed or inscribed
- Scarce

Seller comments for collectible media may include the following:

- Further detail on condition or completeness of item and packaging
- Presence of signatures, inscriptions, or other personalization

Exhibit 2 to Declaration of Mark Schlachet p. 15

## Video Games

You may be required to obtain approval to list certain products in the Video Games category. For more information, see Categories Requiring Approval.

**Note:** Unless otherwise specified, all video game items sold on Amazon.com are assumed to be U.S. market products.

In addition to the General Condition Guidelines, apply the following guidelines to Video Games:

- **New:** Unless specified in the product title, all new video game items are assumed to be in full retail packaging. Bulk, plain white box, or other types of packaging are not allowed unless specifically called out in the product title.
- **Used - Like New:** Activation codes for bonus online content may be missing or expired. Product may not include downloadable content.
- **Used - Very Good:** Activation codes for bonus online content may be missing or expired. Product may not include downloadable content.
- **Used - Good:** Activation codes for bonus online content may be missing or expired. Product may not include downloadable content.
- **Used - Acceptable:** You must note whether the box or instructions are missing in the condition notes field. Activation codes for bonus online content may be missing or expired. Product may not include downloadable content.
- **Unacceptable:** Video games without essential accompanying material are not permitted. This does not necessarily include the box or instructions.

## Musical Instruments

In addition to the General Condition Guidelines, apply the following guidelines to Musical Instruments:

- **Certified Refurbished:** You may sell **Certified Refurbished** in this category. See the General Condition Guidelines for details.

## Office Products

In addition to the General Condition Guidelines, apply the following guidelines to Office Products:

- **Certified Refurbished:** You may use **Certified Refurbished** in this category. See the General Condition Guidelines for details.

## Outdoors

In addition to the General Condition Guidelines, apply the following guidelines to Outdoor Living:

- **Certified Refurbished:** You may sell **Certified Refurbished** in this category. See the General Condition Guidelines for details.

## Tools & Hardware

To sell a product as **New** in the Tools & Hardware category, the product must be unopened in its original packaging. All original accessories must be intact in the package, and manuals included.

Exhibit 2 to Declaration of Mark Schlachet p. 16

If the original packaging is missing or opened, you must list the product as **Used – Like New** even if the product appears unused. You can clarify the condition of the product and packaging in the condition comments.

*Before listing a product as refurbished, see Selling Tools and Home Improvement products.

## Toys & Baby

- Toys and game products may be listed in **New** or **Collectible** condition only.
- Baby products may be listed in **New** condition only.

## Watches

All watches must be listed in **New** condition only. You may not sell used products in this category.

All watches must come in their original packaging, including all original packaging materials and instruction manuals.

To ensure that customers are able to buy with confidence from all sellers on Amazon, sellers must be pre-approved to sell products in the Watches category. For more information see Categories Requiring Approval.

Exhibit 2 to Declaration of Mark Schlachet p. 17

X-21

# Exhibit C

Exhibit 2 to Declaration of Mark Schlachet p. 18

https://sellercentral.amazon.com/gp/help/G202010130

Published version on 10/12/2018

## Ensuring product authenticity and quality

Customers trust that they can always buy with confidence on Amazon. As a seller, it's important to understand Amazon's guidelines on product quality and authenticity.

Please take a moment to review our guidelines below. Reviewing and complying with these guidelines will help you keep your account in good health. For additional information, see Best Practices for Listing Quality Improvements, Product Listing Guidelines, and Condition Guidelines.

## Types of violations

Amazon enforces sellers who violate our selling policies. Violations related to product authenticity are categorized as intellectual property violations. Issues with the overall product quality, including products that do not match their descriptions, can be categorized as "materially different" violations.

- Intellectual property violation

  Amazon respects the intellectual property rights of others. As a seller, you are responsible for ensuring that the products you offer are legal, authorized for sale or re-sale, and that they do not violate intellectual property rights such as copyrights, patents, trademarks, and rights of publicity. To learn more about intellectual property violations, see Amazon's Intellectual Property Policy.

- Materially different product condition violation

  The product you list and ship must exactly match the description, pictures, and all other information on the product detail page. Amazon policy prohibits you from listing or shipping "materially different" products. For example:

  - Listing your product in New condition when it is not in brand-new or unused condition, or in un-opened original packaging.
  - Listing your product for sale on any related product detail page when your product does not exactly match the description on that page.
  - Shipping a product that is damaged, defective, misclassified, misrepresented, or missing any of its parts.

  Review and update your listings to confirm your products are accurately described.

  Learn more about Prohibited Seller Activities and Actions.

## Enforcement

Based on the severity of a policy violation, Amazon may take the following actions:

- Cancel your listings
- Limit, suspend, or block your ability to list products
- Suspend or block your ability to sell
- Remove or destroy your FBA inventory

Exhibit 2 to Declaration of Mark Schlachet p. 19

- Withhold your payments

Additionally, we have implemented listing restrictions for certain brands, ASINs, and categories. Approval is required to list under brands, ASINs, or categories with listing restrictions.

## Best Practices in Product Authenticity and Quality

All Amazon sellers are responsible for complying with the law along with Amazon's policies. Customers trust that they can buy with confidence on Amazon and receive authentic products that arrive in the condition they expect. In order to ensure that both sellers and customers have the best experience, here are some tips that sellers might find helpful when listing products on Amazon.

### Sourcing Products

**Are you purchasing your products from a reliable source?**
Know your supplier. Reduce the risk of complaints by researching the manufacturers, resellers, and suppliers from whom you purchase goods.

**Are you confident in the authencity and quality of your goods?**
Verify the authenticity of the products you source. Take time to perform a quality check of the products you source. If you sell branded products on Amazon, ensure that you source the product(s) from a reliable supplier.

**Are you storing documentation for all of your purchases?**
Keep all documents and records of transactions, such as POs and invoices establishing that you sourced products from reliable suppliers.

**Have you considered possible safety concerns with your products?**
Verify that the products you sell are safe. Take time to research whether there are any safety testing or compliance requirements for the products you sell.

Learn more about Amazon's Product Authenticity and Quality program and Anti-counterfeiting Policy.

To learn more about Amazon's safety policies, please visit the Product safety and compliance page and review the Selling products with Safety and Compliance Requirements page on Seller University

### Listing Products

**Are you listing your products correctly?**
When you are offering a branded product that is already listed, make sure you list it under the corresponding ASIN. If your product is generic, do not list the product under a branded ASIN. Offering a product on an ASIN communicates to customers that you are offering that specific item with those specific characteristics. If you are selling a product that has additional listing qualifications, you will be required to apply to sell those products through Seller Central.

**Are you describing your products accurately?**
When selling generic products that are compatible with a branded product, make sure it is clear that your generic item is not a product of that brand.

Clearly state whether your products are new or used, and list your products under the most appropriate Amazon category. Provide detailed and accurate information about the product you are selling.

You can find guidance on how to add your products and manage your inventory under the "Add your products and manage your inventory" section in Seller University.

Exhibit 2 to Declaration of Mark Schlachet p. 20

For more information about listing your products, please review our Best Practices for Listing Quality Improvements, Product Listing Guidelines, and Condition Guidelines

For more information about listing your products, please review our Condition Guidelines

## Storing & Shipping

**Have you considered the unique features of your products?**
Store your products according to their unique features. Thoughtfully storing your products will help you preserve the integrity of your products and their packaging. Some goods will need to be preserved in a particular manner to maintain their freshness. Remember to check the expiration date on your products. If you use the Fulfilled by Amazon services, we may deem your expired products unsellable.

Pack products carefully and include all parts of the product. Buyers expect to receive products in their original packaging. If you purchased your inventory in bulk and the items are unpackaged, be sure to inform customers of this. See more on Packaging best practices.

If you are sourcing from other parts of the world and/or shipping globally, make sure that your products will properly function and comply with all applicable laws in the country where you are selling them.

See more on Seller Fulfilled Shipping and Fulfilled by Amazon.

For additional information, please review Amazon's policies and agreements.

## FAQ

**How can I check to see if I have a product authenticity complaint?**
You can check the "Product Authenticity Customer Complaints" link under the "Product Policy Compliance" section in Account Health. We may also send you an email if Amazon has concerns about your listings.

**What should I do if my listing(s) has been removed or my account has been suspended due to product authenticity complaints?**
If your listings are removed, your account has been suspended or your ability to list new products has been removed, we will notify you via email. We may ask you to submit invoices from your supplier or provide your supplier's contact information. We may also ask for a plan of action that describes steps you took to resolve the issue and prevent similar complaints, or an authorization letter from the manufacturer. You can submit the documents through the account health dashboard or via email.

For additional information, see:

Appeal the restriction or removal of selling privileges

Amazon Anti-Counterfeiting Policy

Policies and Agreements

**Important:** Providing fabricated documents will result in the removal of your Amazon selling privileges.

Exhibit 2 to Declaration of Mark Schlachet p. 21

# EXHIBIT 3

A true and accurate copy of the Complaint in *TP Link USA Corp. v. Careful Shopper LLC et al.*, 19-CV-082 (JLS).

1 | LTL Attorneys LLP
2 | Heather F. Auyang (Bar No. 191776)
  |   heather.auyang@ltlattorneys.com
3 | Joe H. Tuffaha (Bar No. 253723)
  |   joe.tuffaha@ltlattorneys.com
4 | Prashanth Chennakesavan (Bar No. 284022)
  |   prashanth.chennakesavan@ltlattorneys.com
5 | 300 South Grand Ave., 14th Floor
  | Los Angeles, CA 90071
6 | Tel.: (213) 612-8900
  | Fax: (213) 612-3773
7 |
8 | Counsel for Plaintiff
  | TP-Link USA Corporation
9 |

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| TP-LINK USA CORPORATION, a California Corporation, | Case No. 8:19-CV-00082 |
| Plaintiff, | **COMPLAINT** |
| v. | 1. **Violation of the Lanham Act** |
| CAREFUL SHOPPER, LLC, a New York company, ADAM STARKE, an individual, SORA STARKE, an individual, and DOES 1 through 10, inclusive, | 2. **Cal. Business & Professions Code § 17200** *et seq.* |
| | 3. **Common Law Injury to Business Reputation** |
| | 4. **Common Law Unfair Competition** |
| Defendants. | 5. **Common Law Trademark Infringement** |
| | 6. **Unjust Enrichment** |
| | **JURY TRIAL DEMANDED** |

COMPLAINT

Exhibit 3 to Declaration of Mark Schlachet p. 1

1      Plaintiff TP-Link USA Corporation ("TP-Link"), by and through its attorneys,
2  brings this action against Defendants Careful Shopper, LLC ("Careful Shopper"),
3  Adam Starke, Sora Starke, and DOES 1 through 10 (collectively, "Defendants"),
4  and hereby alleges as follows.

5                **<u>NATURE OF ACTION</u>**

6      1.    For more than 20 years, TP-Link has been engaged in the marketing
7  and sale of high-quality computer networking products, including switches, routers,
8  wireless adapters, and other computer accessories. TP-Link and its affiliates sell
9  products throughout the United States and internationally, including in this district.

10     2.    TP-Link is the exclusive licensee of numerous registered trademarks
11  for the mark "TP-LINK" in connection with computer networking products
12  (collectively, "TP-LINK® Marks").

13     3.    Pursuant to the license agreement, TP-Link has the exclusive right to
14  market, sell, distribute or offer products and services in connection with the TP-
15  LINK® Marks. TP-Link also has the right to sublicense or assign the use of the TP-
16  LINK® Marks to any third-party for use in the United States.

17     4.    TP-Link has the right to take all actions necessary to protect the rights
18  in the TP-LINK® Marks, including, without limitation, making demands and claims
19  and filing suit in connection with any alleged infringement and unfair competition,
20  including for past, present or future claims, and is entitled to retain all damages, fees
21  and any other amounts awarded.

22     5.    This action arises out of Defendants' unauthorized incorporation and
23  infringing use of the TP-LINK® Marks in connection with networking products,
24  including routers, switches, range extenders, PowerLine adapters, modems,
25  adapters, smart home products, and cameras.

26     6.    Defendants have been on notice of their infringement of TP-Link's
27  intellectual property, including the TP-LINK® Marks since at least March 2018,
28  when they received a notice from Amazon. TP-Link brings this action for

1
COMPLAINT

Exhibit 3 to Declaration of Mark Schlachet p. 2

1  infringement of the TP-LINK® Marks in violation of the Lanham Act, 15 U.S.C.

2  § 1051 *et seq.*; for unfair competition and false designation of origin in violation of

3  15 U.S.C. § 1125(a); for unfair competition arising under Cal. Bus. & Prof. Code

4  § 17200 *et seq.*; for common law injury to business reputation; for unfair

5  competition and trademark infringement under the common law of the State of

6  California; and for unjust enrichment.

**JURISDICTION AND VENUE**

7      7.      This Court has original subject matter jurisdiction over this action

8  pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121. This Court has

9  supplemental claim jurisdiction over the state law claims pursuant to 28 U.S.C.

10  § 1338(b) and 28 U.S.C. § 1367.

11      8.      This Court has personal jurisdiction over Defendants because, upon

12  information and belief, Defendants, either directly or through its agents, transacts

13  business in the State of California and in this judicial district ("district"), directed its

14  activities to the State of California and this district, committed the tort of

15  infringement in this district, and/or expected or should reasonably have expected its

16  acts to have consequences in the State of California and this district.

17      9.      Venue is proper in this district under 28 U.S.C. § 1391 because this

18  action arises out of wrongful acts, including advertising, offering for sale, and

19  selling and distributing products, by Defendants within this judicial district, and/or a

20  substantial part of the events or omissions giving rise to the claims occurred in this

21  district.

**PARTIES**

22      10.      Plaintiff TP-Link USA Corporation is a corporation organized under

23  the laws of the State of California, with its principal place of business located at 145

24  South State College Blvd., Suite 400, Brea, California, 92821.

25      11.      On information and belief, Defendant Careful Shopper, LLC is

26  registered under the laws of the State of New York, with its principal place of

2

COMPLAINT

Exhibit 3 to Declaration of Mark Schlachet p. 3

X-29

1  business in Brooklyn, New York.

2      12.     On information and belief, Defendant Adam Starke, is the Owner and

3  Managing Member of Careful Shopper, LLC, and resides in Brooklyn, New York.

4      13.     On information and belief, Defendant Sora Starke is a Member of

5  Careful Shopper, LLC, and resides in Brooklyn, New York. Upon information and

6  belief, Sora Stake actively participated in the business activities of Careful Shopper,

7  including the advertising, listing and sale of the at-issue products bearing the TP-

8  LINK® Marks.

9      14.     Upon information and belief, Careful Shopper, Adam Starke, and Sora

10  Starke are and have been marketing and selling infringing networking products in

11  and around the Los Angeles, California area and, on information and belief,

12  throughout the United States.

13      15.     The true names or capacities of Defendants named herein as DOES 1

14  through 10 are presently unknown to TP-Link. Therefore, TP-Link sues said

15  Defendants by such fictitious names, and it will amend this Complaint to show their

16  true names and capacities when the same has been ascertained. TP-Link is informed

17  and believes, and based thereon alleges, that Defendants sued as DOES 1 through

18  10, and each of them, are liable in whole or in part for the wrongful acts alleged

19  herein.

20      16.     On information and belief, each Defendant, including DOES 1 through

21  10, inclusive, have willfully aided and abetted each of the other Defendants in the

22  wrongful concerted action described herein, or acted with or in furtherance of that

23  action, or assisted in carrying out its purpose alleged in this Complaint.

24      17.     Defendants, and each of them, are individually sued as participants and

25  aiders and abettors in the wrongful conduct complained of herein, and the liability of

26  each arises from the fact that each has engaged in all or part of the improper acts,

27  plans, schemes, conspiracies, or transactions complained of herein.

28

3

COMPLAINT

Exhibit 3 to Declaration of Mark Schlachet p. 4

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

**A.    TP-Link's Registered Trademarks**

18.    TP-Link is the exclusive licensee with all rights to enforce U.S. Trademark Registration Nos. 3,175,495, 4,307,337, and 4,244,599 (the "TP-LINK® Marks") in both standard character and stylized design forms. Copies of the registrations of TP-LINK® trademarks are attached hereto as **Exhibit 1**.

19.    U.S. Trademark Registration No. 3,175,495 is the registration for "TP-LINK" in International Class 9 for "Modems, optical fiber converters, optical transmitters, optical receivers, optical switches, transmitters of electronic signals, network switches, network hubs, receiver servers, routers, videophones." On December 8, 2011, TP-Link filed a Combined Declaration of Use and Incontestability under Sections 8 & 15 with the United States Patent and Trademark Office for the TP-LINK mark. Accordingly, the TP-LINK mark is valid, subsisting, and incontestable pursuant to 15 U.S.C. §§ 1065 and 1115(b).

20.    U.S. Trademark Registration No. 4,307,337 is registered in International Class 9 for "Modems; Network routers; adapters; Ethernet switches; switch modules; Network cards, namely, local area network computer cards for connecting portable computer devices to computer networks; optical fiber converters; telephone sets; Computer Network switches; antennas; transmitters of electronic signals; Optical communication devices, namely, optical transmitters and optical receivers; intercoms; wireless adapters for computers; Wireless access Point devices; computer peripheral devices; electronic data processing apparatus; Computer storage devices, namely blank flash drives and external computer hard drives; Electric connectors; blank integrated circuit cards; cell phones; fluorescent screens; printed circuits"; and in International Class 38 for "Radio broadcasting; television broadcasting; on-line services, namely, message sending; communications by computer terminals; communications via fiber-optic networks; providing user access to a global computer network."

4

COMPLAINT

Exhibit 3 to Declaration of Mark Schlachet p. 5

21.    U.S. Trademark Registration No. 4244599 is registered in International Class 16 for "Writing paper; Printed matter, namely, newsletters and brochures in the field of networking products; Catalogs for the products in the field of networking products; Envelopes; Notebooks; Writing pads; Greeting cards; Posters; Instruction manuals for networking products; Paper bags for packaging; Plastic bags for packaging; Document files; Stationery; Stickers; Stamp cases; Adhesive tapes for stationery purposes."

22.    The registrations of TP-LINK® Marks are valid and subsisting.

23.    TP-Link has continuously used the TP-LINK® Marks in interstate commerce in connection with the sale, distribution, promotion, and advertising of its high-quality computer networking products, including switches, routers, wireless adapters, and other computer accessories products since at least 2008.

24.    The arbitrary and distinctive TP-LINK® Marks are highly recognizable by the consuming public and throughout the United States and serve to identify the source and origin of the goods as TP-Link. Through longstanding use, advertising and registration, the TP-LINK® Marks have achieved a high degree of consumer recognition.

25.    TP-Link has achieved sales of millions of dollars annually from goods bearing the TP-LINK® Marks. As such, the TP-LINK® Marks and the goodwill associated therewith are valuable assets of TP-Link.

26.    TP-Link has expended a considerable amount of money in advertising, promoting, and marketing goods featuring the TP-LINK® Marks.

**B.    Defendants' Infringing Conduct**

27.    Upon information and belief since at least 2016, Defendants have been marketing and selling, and continues to market and sell, networking products bearing the infringing TP-LINK® Marks, including such products on the Amazon marketplace.

28.    Defendants are unauthorized re-sellers of products bearing the TP-

Exhibit 3 to Declaration of Mark Schlachet p. 6

1  LINK® Marks. Upon information and belief, Defendants' annual sales were over

2  $1.5 million, in part, gained by the unauthorized listing and selling of goods bearing

3  the TP-LINK® Marks. Unauthorized sales of products bearing the TP-LINK® Marks

4  do not convey the manufacturer's original warranty and as such are materially

5  different than genuine TP-Link products.

6       29.  TP-Link is informed and believes, and based thereon alleges, that

7  Defendants caused hundreds of products infringing the TP-LINK® Marks to enter

8  into interstate commerce, including California and this judicial district.

9       30.  Defendants' use and incorporation of the TP-LINK® Marks is likely to

10  cause confusion, mistake or deception in the minds of consumers as to the source of

11  Defendants' products, as to TP-Link's affiliation, connection, or association with

12  Defendants, and/or as to TP-Link's approval or sponsorship of Defendants' products

13  or commercial activities.

14       31.  Defendants' infringing use of the TP-LINK® Marks has and will

15  financially harm TP-Link by diminishing the value of the TP-LINK® Marks as an

16  indicator of the source of TP-Link networking products.

17       32.  The presence of Defendants' listing and selling of products in the

18  marketplace bearing the TP-LINK® Marks and in advertising injures and damages

19  the value of TP-Link's exclusive rights in its registered trademarks. Among other

20  things, TP-Link has suffered advertising injury due to Defendants' selling, offering

21  for sale, and advertising of products bearing the TP-LINK® Marks.

22       33.  Upon information and belief, Defendants' use and incorporation of the

23  TP-LINK® Marks will and did increase the popularity and profitability of

24  Defendants' sale of products and business. Moreover, TP-Link and consumers were

25  and will be harmed by such confusion as Defendants unjustly benefit from the false

26  association with the TP-LINK® Marks at no cost to Defendants. This will and has

27  harmed TP-Link by endangering and undermining the ability of the TP-LINK®

28  Marks to serve as a unique and distinctive indicator of the quality and characteristics

6

COMPLAINT

Exhibit 3 to Declaration of Mark Schlachet p. 7

X-33

1  of the goods bearing the marks.

2      34.    TP-Link is informed and believes, and based thereon alleges, that

3  Defendants have offered for sale, advertised, and sold products bearing the TP-

4  LINK® Marks in connection with networking products with the intent to benefit

5  from TP-Link's goodwill and reputation in the networking products market, to

6  deceive the public as to the source or origin of Defendants' networking products,

7  and to profit from the demand created by TP-Link's specialized, high-quality

8  computer networking products.

9      35.    Defendants have used and affixed marks confusingly similar to the TP-

10  LINK® Marks in connection with the advertising, sales and/or offers for sale of

11  products in such a way that these marks are likely to cause confusion, or to cause

12  mistake, or to deceive as to the origin of Defendants' products.

13      36.    TP-Link is informed and believes, and based thereon alleges, that

14  Defendants, and each of them, through their servants and/or agents, have used in

15  connection with sales and/or offers for sale of products bearing the TP-LINK®

16  Marks false designations of origin, false or misleading descriptions of fact, and/or

17  false or misleading representations of fact, which were and are likely to cause

18  confusion, or to cause mistake, or to deceive as to the origin of the products with the

19  intent to benefit from TP-Link's reputation and goodwill in the computer

20  networking products market, to deceive the public as to the origin of the products

21  bearing the TP-LINK® Marks, and to profit from the demand created by TP-Link for

22  its specialized, high-quality computer networking products.

23      37.    Defendants are well aware of TP-Link's rights in the TP-LINK® Marks.

24  Indeed, Defendants were sent at least two notices by Amazon that their use of the

25  TP-LINK® Marks constituted a violation of TP-Link's intellectual property rights.

26  True and correct copies of Amazon's notices to Defendants dated March 31, 2018

27  and April 9, 2018 are attached hereto as **Exhibit 2**.

28      38.    On or around May 17, 2018, Adam Starke, as Managing Member of

7

COMPLAINT

Exhibit 3 to Declaration of Mark Schlachet p. 8

1    Careful Shopper, sent a letter to Amazon's General Counsel David Zapolsky,
2    concerning Defendants' ongoing issues with the unauthorized sales and violation of
3    TP-Link's intellectual property rights over a three year period.  A true and correct
4    copy of Starke's May 17, 2018 letter is attached hereto as **Exhibit C**.

5         39.    Defendant's actions have been deliberate, willful, malicious and
6    intentional and conducted with the intent of trading on the goodwill that inures to
7    the TP-LINK® Marks and reputation of TP-Link.

8         40.    This is an exceptional case entitling TP-Link to treble damages and
9    attorneys' fees as allowed for under the Lanham Act and California law.

10              **<u>FIRST CAUSE OF ACTION</u>**
11       **(Violation of the Lanham Act, 15 U.S.C. § 1051, *et seq.*)**
12                  **Against All Defendants**

13        41.    TP-Link incorporates by reference the paragraphs above as if fully set
14    forth herein.

15        42.    The TP-LINK® Marks are inherently distinctive and have acquired
16    secondary meaning among consumers of networking products. Purchasers associate
17    the TP-LINK® Marks only with genuine TP-Link products that convey with the
18    original manufacturer's warranty. The TP-LINK® Marks are nationally recognized
19    as being affixed to goods and merchandise of high quality and originating from TP-
20    Link. This is a result of the marks' inherent distinctiveness, and of extensive
21    advertising and sales throughout the United States and internationally of TP-Link's
22    products bearing the TP-LINK® Marks.

23        43.    Defendants' unauthorized use of TP-LINK® Marks in connection with
24    networking products in interstate commerce and advertising relating to the same
25    constitutes false designation of origin and a false representation that the products
26    sold by Defendants are offered, sponsored, authorized, licensed by or otherwise
27    connected with TP-Link or come from the same source as TP-Link's goods and are
28    of the same quality as that assured by the TP-LINK® Marks.

Exhibit 3 to Declaration of Mark Schlachet p. 9

44.     Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that TP-Link has sponsored, authorized, licensed or is otherwise connected or affiliated with the products bearing the TP-LINK® Marks sold by Defendants in violation of 15 U.S.C. § 1114.

45.     Upon information and belief, Defendants' ongoing acts of infringement are willful and deliberate, and are intended to confuse the public as to the source of good bearing the TP-LINK® Marks and to injure TP-Link and reap the benefit of TP-Link's goodwill associated with the TP-LINK® Marks.

46.     As a direct and proximate result of Defendants' willful and unlawful conduct, TP-Link has been injured and will continue to suffer injury to its business and reputation unless Defendants are restrained by this Court from infringing the TP-LINK® Marks.

47.     Defendants' foregoing acts are causing irreparable harm to TP-Link for which there is no adequate remedy at law.

48.     In light of the foregoing, TP-Link is entitled to injunctive relief prohibiting Defendants from using the TP-LINK® Marks, or any marks confusingly similar thereto, for any purpose, and to recover from Defendants all damages that TP-Link has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount to be determined, as well as the costs of this action, attorneys' fees and treble damages, and/or statutory damages pursuant to 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION

### (Unfair Competition, 15 U.S.C. § 1125(a))

### Against All Defendants

49.     TP-Link incorporates by reference the paragraphs above as if fully set forth herein.

50.     By reason of Defendants' acts complained of herein concerning use of

9

COMPLAINT

Exhibit 3 to Declaration of Mark Schlachet p. 10

1  the TP-LINK® Marks in connection with the marketing and sales of networking
2  products, Defendants have intentionally engaged in conduct that constitutes false
3  advertising, false designation of origin, false or misleading description of fact, false
4  or misleading representation of fact tending wrongfully and falsely to describe or
5  represent a connection between TP-Link's goods and Defendants' goods bearing the
6  TP-LINK® Marks in violation of 15 U.S.C. § 1125(a). TP-Link believes that
7  customers have been and are likely to be confused by Defendants' use of such false
8  designations of origin, false descriptions or representations regarding the sale of
9  products bearing the TP-LINK® Marks by Defendants.

10      51.    In addition, Defendants' false designations of origin, false descriptions,
11  and misrepresentations, including in advertising, regarding the use of the TP-LINK®
12  Marks in connection with networking products, are likely to confuse networking
13  product purchasers into thinking that TP-Link is the source of goods sold by
14  Defendants, that TP-Link has sponsored Defendants' use of the TP-LINK® Marks,
15  that Defendants' goods are in some manner affiliated with TP-Link, or that the
16  Defendants' goods are the same as TP-Link's networking products, including that
17  Defendants' products convey with the original manufacturer's warranty.

18      52.    Defendants' use of the TP-LINK® Marks constitutes a false designation
19  of origin in violation of 15 U.S.C. § 1125(a).

20      53.    Defendants' past and ongoing acts of unfair competition and false
21  designation of origin are willful and deliberate, and result in substantial damage to
22  TP-Link in an amount to be determined.

23      54.    Because of Defendants' conduct, TP-Link has been irreparably harmed
24  in its business. Moreover, TP-Link will continue to suffer irreparable harm unless
25  Defendants are restrained from making false designations of origin, false
26  descriptions, or misrepresentations regarding the use of the TP-LINK® Marks in
27  connection with networking products.

28  ///

COMPLAINT

Exhibit 3 to Declaration of Mark Schlachet p. 11

**THIRD CAUSE OF ACTION**

**(Unfair Competition, Cal. Bus. Prof. Code §17200 *et seq*.)**

**Against All Defendants**

55.   TP-Link incorporates by reference the paragraphs above as if fully set forth herein.

56.   Defendants' actions discussed herein constitute unfair competition in violation of Cal. Bus. Prof. Code § 17200 *et seq*.  By committing the acts herein alleged, including adoption of and use in commerce in the State of California of goods bearing the TP-LINK® Marks in connection with the sale of goods, Defendants have unfairly appropriated the TP-LINK® Marks and the reputation and goodwill associated therewith.

57.   Defendants' conduct constitutes, among other things, unfair competition, infringement of registered trademarks, passing off, deceptive advertising, unfair trade practices, dilution of the distinctive quality of the TP-LINK® Marks, and injury to TP-Link's reputation.

58.   On information and belief, Defendants' acts have been done oppressively, fraudulently and maliciously and with an intent to trade upon the goodwill of TP-Link and to injure TP-Link.

59.   Because of this unfair competition, TP-Link has been irreparably harmed in its business. Defendants' will continue the acts of unfair competition described above to the irreparable injury of TP-Link and the public unless restrained and enjoined.

60.   TP-Link is entitled to disgorgement of all of Defendants' profits associated with this unfair competition.

**FOURTH CAUSE OF ACTION**

**(Common Law Injury to Business Reputation)**

**Against All Defendants**

61.   TP-Link incorporates by reference the paragraphs above as if fully set

Exhibit 3 to Declaration of Mark Schlachet p. 12

X-38

1   forth herein.

2   62.   Defendants' use of the TP-LINK® Marks injures and creates a
3   likelihood of injury to TP-Link's business reputation because persons encountering
4   Defendants and their products will believe that TP-Link is affiliated with or related
5   to or has the approval of TP-Link, and any adverse reaction by the public to
6   Defendants' and the quality of their products and the nature of their business will
7   injure the business reputation of TP-Link and the goodwill that it enjoys in
8   connection with the TP-LINK® Marks.

9   63.   Defendant's ongoing acts injuring TP-Link's business reputation are
10  willful and deliberate, and result in substantial damage to TP-Link in an amount to
11  be determined.  TP-Link is entitled to punitive damages against Defendants.

12  **FIFTH CAUSE OF ACTION**
13  **(Common Law Unfair Competition)**
14  **Against All Defendants**

15  64.   TP-Link incorporates by reference the paragraphs above as if fully set
16  forth herein.

17  65.   Defendants' actions constitute unfair competition under the common
18  law of the State of California.

19  66.   Defendant's ongoing acts of unfair competition are willful and
20  deliberate, and result in substantial damage to TP-Link in an amount to be
21  determined.  TP-Link is entitled to punitive damages against Defendants.

22  **SIXTH CAUSE OF ACTION**
23  **(Common Law Trademark Infringement)**
24  **Against All Defendants**

25  67.   TP-Link incorporates by reference the paragraphs above as if fully set
26  forth herein.

27  68.   The general consuming public of California widely recognizes the TP-
28  LINK® Marks as designating TP-Link as the source of networking products. TP-

12
COMPLAINT

Exhibit 3 to Declaration of Mark Schlachet p. 13

X-39

1  Link has common law trademark rights in the TP-LINK® Marks under California

2  law.

3      69. Defendants' actions, as hereinbefore alleged, constitute trademark

4  infringement in violation of the common law of the State of California.

5      70. Defendants' ongoing acts of infringement are willful and deliberate,

6  and result in substantial damage to TP-Link in an amount to be determined.  TP-

7  Link is entitled to punitive damages against Defendants.

8  **SEVENTH CAUSE OF ACTION**

9  **(Unjust Enrichment)**

10  **Against All Defendants**

11      71. TP-Link incorporates by reference the paragraphs above as if fully set

12  forth herein.

13      72. Defendants' use of the TP-LINK® Marks has confused and deceived

14  consumers to believe falsely that the goods marketed and sold by Defendants are

15  sponsored, endorsed by and/or otherwise affiliated with TP-Link.

16      73. The circumstances are such that it would be inequitable,

17  unconscionable, and unjust to permit Defendants to retain the benefit of the sales

18  they have unfairly obtained from using the TP-LINK® Marks.

19      74. TP-Link requests disgorgement of all profits wrongfully obtained by

20  Defendants through their use of the TP-LINK® Marks, and restitution to TP-Link in

21  an amount to be proven at trial.

22  **PRAYER FOR RELIEF**

23  WHEREFORE, TP-Link prays for the following relief:

24      A. That Defendants and their agents, officers, employees, representatives

25  successors, assigns, attorneys, and all other persons in active concert or participation

26  with Defendants, be permanently enjoined from:

27      1. advertising, promoting, marketing, offering for sale, selling or

28  using the TP-LINK® Marks in connection with networking products;

13

COMPLAINT

Exhibit 3 to Declaration of Mark Schlachet p. 14

1         2.    infringing the TP-LINK® Marks;

2         3.    making any designations of origin, descriptions or

3 representations that TP-Link is the source of products sold by Defendants, that TP-

4 LINK has sponsored products sold by Defendants, that products sold by Defendants

5 are in some manner affiliated with TP-Link, or that products sold by Defendants are

6 the same as TP-Link's products; and

7         4.    otherwise deceptively or unfairly competing with TP-Link in the

8 sale of networking products;

9     B.    That Defendants be directed to file with this Court, within *thirty* days

10 after entry of any injunction in this case, a written statement, under oath, setting

11 forth in detail the manner in which Defendants have complied with the injunction;

12     C.    That TP-Link be awarded damages in an amount to be determined, but

13 in excess of $500,000, based on Defendants':

14         1.    infringement of the TP-LINK® Marks;

15         2.    false designations of origin, descriptions and representations

16 regarding products bearing the TP-LINK® Marks sold by Defendants; and

17         3.    acts of injury to business reputation, unfair competition,

18 trademark infringement, and unjust enrichment against TP-Link;

19     D.    That, pursuant to 15 U.S.C. § 1117, Defendants be held liable for all

20 damages suffered by TP-Link resulting from the acts alleged herein;

21     E.    That Defendants be compelled to account to TP-Link for any and all

22 profits derived by it from its illegal acts complained of herein;

23     F.    That the Court declare this to be an exceptional case and award TP-

24 Link, treble damages, its full costs and reasonable attorneys' fees pursuant to 15

25 U.S.C. § 1117;

26     G.    That TP-Link be awarded under 15 U.S.C. § 1117 enhanced damages

27 up to three times the amount found as actual damages in an amount to be

28 determined;

---

14

COMPLAINT

Exhibit 3 to Declaration of Mark Schlachet p. 15

1    H.    That the Court grant TP-Link any other remedy to which it may be

2  entitled as provided for in 15 U.S.C. §§ 1116 and 1117 or under state law;

3    I.    That Defendants be ordered pursuant to 15 U.S.C. § 1118 to deliver to

4  TP-Link for destruction all labels, signs, prints, packages, wrappers, receptacles,

5  advertising materials, products or the like that bear marks confusingly similar to the

6  TP-LINK® Marks, or that result in any unfair competition by Defendants against

7  TP-Link;

8    J.    That TP-Link be awarded its reasonable attorneys' fees and costs in

9  accordance any and all applicable statutes, rules and common law based on

10  Defendants' illegal acts complained of herein;

11    K.    That TP-Link be awarded punitive and/or treble damages in an amount

12  to be determined; and

13    L.    That TP-Link be awarded such other relief as the Court may deem just

14  and proper.

15

16

17  Dated: January 15, 2019              Respectfully submitted,

18                                       **LTL ATTORNEYS LLP**

19                                       By:   /s/ *Heather F. Auyang*

20                                       _____

21                                       Heather F. Auyang
                                         Joe H. Tuffaha
                                         Prashanth Chennakesavan

22

23                                       *Counsel for Plaintiff*
                                         *TP-Link USA Corporation*

24

25

26

27

28

---

COMPLAINT

Exhibit 3 to Declaration of Mark Schlachet p. 16

**DEMAND FOR A JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff TP-Link USA Corporation hereby demands a trial by jury on all issues raised by the Complaint that are triable by jury.

Dated: January 15, 2019                    Respectfully submitted,

                                           **LTL ATTORNEYS LLP**

                                           By:  /s/ Heather F. Auyang

                                                Heather F. Auyang
                                                Kevin M. Bringuel
                                                Prashanth Chennakesavan

                                                *Counsel for Plaintiff*
                                                *TP-Link USA Corporation*

16
DEMAND FOR JURY TRIAL

Exhibit 3 to Declaration of Mark Schlachet p. 17

X-43

# EXHIBIT 4

A true and accurate copy of an email sent to TP-Link counsel, Steven R. Smerek, Esq., on July 31, 2019.

**From:** **Mark Schlachet** markschlachet@me.com 
**Subject:** Thimes Solutions Inc. v. TP-Link USA Corporation et al
**Date:** July 31, 2019 at 6:10 PM
**To:** Stephen R. Smerek ssmerek@winston.com

Steve,

We have decided to share the invoice for the AC5400's with TP-Link as well. As stated, we have some 100 units in inventory from the lot represented by the invoice; and we can arrange for an examination of a sample if you wish.

Regards,

Mark

The Surplus Company, LLC
5904 Avenue D.
Brooklyn, NY 11203
Sales@TheSurplusCompany.com
www.TheSurplusCompany.com
1.800.606.2338



THIMES SOLUTIONS INC.
3 LITMAN LANE
SUFFERN, NY 10901

# INVOICE

| | |
|---|---|
| **Invoice #** | 33063 |
| **Invoice Date** | 01/08/2018 |
| **Due Date** | 01/08/2018 |

| Item | Description | Unit Price | Quantity | Amount |
|---|---|---|---|---|
| Product | TP-Link AC5400<br>UPC: 845973094577<br>CONDITION:<br>NEW. In manufacturers case pack. master carton. | 164.00 | 480.00 | 78,720.00 |

<u>NOTES:</u> ALL Products are being sold AS-IS
ALL SALES ARE FINAL, NO RETURNS

All Shortages must be reported within 48 hours.

Credit cards will be charged 2.9%

Please include Invoice number in wire description.

Exhibit 4 to Declaration of Mark Schlachet p. 1

X-45

| | | |
|---|---|---|
| **Subtotal** | 78,720.00 |
| **Total** | 78,720.00 |
| **Amount Paid** | 0.00 |
| **Balance Due** | $78,720.00 |

Mark Schlachet
3515 Severn Road
Cleveland, Ohio 44118
(216)225-7559
(216)932-5390(f)
markschlachet@me.com

This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. This e-mail message and any files transmitted with it are also subject to the attorney-client privilege and attorney work-product doctrine, and contain confidential information intended only for the person(s) to whom this e-mail message is addressed. If you have received this e-mail message in error, please notify the sender immediately by telephone at (216) 225-7559 or by electronic mail to markschlachet@me.com and destroy the original message without making a copy. Thank you.

Exhibit 43 to Declaration of Mark Schlachet p. 2

# EXHIBIT 5

A true and accurate copy of a page of TP-Link's warranty policy



## Warranty & RMA Policy

**Dear Customers:**

Thank you for purchasing TP-Link products. In order to protect your rights and interests, please read the following Warranty Policy carefully.  PLEASE NOTE THAT THIS WARRANTY POLICY GIVES YOU SPECIFIC LEGAL RIGHTS, AND YOU MAY ALSO HAVE OTHER RIGHTS WHICH VARY FROM STATE TO STATE.

1. Limited Warranty
2. Warranty Period
3. Replacement Procedure
4. Appendix

### Limited Warranty

TP-Link USA Corp. ("TP-Link USA") provides a limited warranty on all eligible TP-Link products purchased in the United States. The limited warranty covers failures due to defects in material or workmanship on devices, antennas and accessories*. Packaging, software products and technical data are not covered under the limited warranty. The limited warranty is only applicable to the original purchaser of the product. Proof of purchase and a complete product serial number are required to receive any services guaranteed as part of the limited warranty. The maximum liability of TP-Link USA is equal to, and no higher than, the product's purchase price.

The limited warranty does not apply to refurbished products or products that were resold by unauthorized resellers. For TP-Link Refurbished Product Warranty Policy, please visit http://www.tp-link.com/us/support/refurbished/

TP-Link USA does not provide refunds under the limited warranty in any conditions. TP-Link will replace defective units with factory refurbished products. If a factory refurbished unit is not available, then the defective unit will be replaced with a brand new product. If the defective unit is discontinued, TP-Link will replace it with product(s) of equivalent value and features. Product warranty periods do not renew with replacement units. The original purchase date and warranty period will apply to replacement products.

Click here to view "Conditions that Disqualify Products from the Limited Warranty"



**Conditions that disqualify products from the limited warranty include, but are not limited to:**

- Any defects or damages caused by normal wear and tear, accidents, improper installation or maintenance, misuse (including failure to follow product documentation), neglect, disassembly, alterations to the hardware or supporting setting files, servicing other than by TP-Link USA authorized technicians, and external causes such as, but not limited to, natural disaster, water damage, extreme thermal or environmental conditions
- Any defects caused by software, virus or improper use of self-made, non-public or third party/open source software
- Any unauthorized obliteration or tearing up of the product bar code
- Any defects caused by transportation or loading during returning voyage
- Any other defects that are not caused by workmanship or product quality

**For external power supplies, conditions that disqualify products from the limited warranty include, but are not limited to:**

- Returned power supply units that have obvious hard object damage, fissure, broken legs and/or severe deformation;
- Returned power cord that is broken, has an exposed core or similar damages.

TP000403

# EXHIBIT 6

A true and accurate copy of Entity Information for Thimes Solutions Inc. available online at the website of the Division of Corporations of the NYS Department of State

# NYS Department of State

## Division of Corporations

### Entity Information

The information contained in this database is current through March 12, 2020.

Selected Entity Name: THIMES SOLUTIONS INC.
Selected Entity Status Information

| | |
|---|---|
| **Current Entity Name:** | THIMES SOLUTIONS INC. |
| **DOS ID #:** | 5041265 |
| **Initial DOS Filing Date:** | NOVEMBER 21, 2016 |
| **County:** | NEW YORK |
| **Jurisdiction:** | NEW YORK |
| **Entity Type:** | DOMESTIC BUSINESS CORPORATION |
| **Current Entity Status:** | ACTIVE |

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**

AVRAHAM EISENBERG
431 AUDUBON AVE
STE 53
NEW YORK, NEW YORK, 10033

**Registered Agent**

Exhibit 6 to Declaration of Mark Schlachet p. 1

X-50

NONE

This office does not record information regarding the names and addresses of officers, shareholders or directors of nonprofessional corporations except the chief executive officer, if provided, which would be listed above. Professional corporations must include the name(s) and address(es) of the initial officers, directors, and shareholders in the initial certificate of incorporation, however this information is not recorded and only available by viewing the certificate.

### *Stock Information

| # of Shares | Type of Stock | $ Value per Share |
|---|---|---|
| 200 | No Par Value | |

*Stock information is applicable to domestic business corporations.

### Name History

| Filing Date | Name Type | Entity Name |
|---|---|---|
| NOV 21, 2016 | Actual | THIMES SOLUTIONS INC. |

A **Fictitious** name must be used when the **Actual** name of a foreign entity is unavailable for use in New York State. The entity must use the fictitious name when conducting its activities or business in New York State.

NOTE: New York State does not issue organizational identification numbers.

Search Results   New Search

Services/Programs   |   Privacy Policy   |   Accessibility Policy   |   Disclaimer   |   Return to DOS Homepage   |   Contact Us

Exhibit 6 to Declaration of Mark Schlachet p. 2

X-51

# EXHIBIT 7

A true and accurate copy of TP-Link's pre-motion letter filed as ECF 15 in *Careful Shopper* on August 3, 2018



LTL ATTORNEYS LLP
300 SOUTH GRAND AVENUE, 14TH FLOOR
LOS ANGELES, CALIFORNIA 90071
TEL: 213-612-8900  |  FAX: 213-612-3773
WWW.LTLATTORNEYS.COM

LOS ANGELES  |  SAN FRANCISCO  |  ORANGE COUNTY

Vɪᴀ ECF

August 3, 2018

The Honorable Raymond J. Dearie
United States District Court Judge, Eastern District of New York

Re: *Careful Shopper, LLC v. TP-Link USA Corp., et al.*, Case No. 1:18-cv-03019-RJD-RML

Dear Judge Dearie:

We represent defendant TP-Link USA Corporation ("TP-Link"), which also does business as co-defendant TP-Link North America, Inc., in the above-referenced action. We write to request a pre-motion conference to discuss TP-Link's contemplated motion to dismiss the operative Amended Complaint ("AC") (ECF No. 6) pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(2).

Plaintiff was allegedly a third-party seller on Amazon.com[1] and sold TP-Link-branded technology products to downstream consumers. AC ¶¶ 1, 22–24.[2] However, Plaintiff admits that it is not an authorized TP-Link reseller. AC ¶ 31. At all times relevant, Amazon.com was in possession of the TP-Link products sold by Plaintiff. AC ¶ 26. Between March and April 2018, Plaintiff alleges TP-Link notified Amazon that three TP-Link-branded products sold by Plaintiff were counterfeit and infringed on TP-Link's intellectual property rights. AC ¶¶ 27, 32.[3] Following email exchanges, Amazon expelled Plaintiff from its platform. AC ¶¶ 33–37. Plaintiff alleges that the goods were not counterfeit, and that TP-Link's complaints constitute tortious interference with existing and prospective business relationships and libel *per se*. AC ¶¶ 45–59.

TP-Link is a California corporation with its principal place of business in Brea, California. AC ¶ 6. Amazon.com, Inc. is a Delaware corporation with its principal place of business in Seattle, Washington. The at-issue emails were sent from a TP-Link email account to an Amazon email account. Plaintiff is located in this District. AC ¶ 2.

**I.   This Action Should Be Dismissed Under Rule 12(b)(2) for Lack of Personal Jurisdiction**

Plaintiff bears the burden of establishing jurisdiction based on a two-part analysis that: (1) there is

---

[1] Plaintiff's relationship with Amazon is governed by the Amazon Services Business Solutions Agreement ("Amz. Agmt."). AC ¶ 21 (available at https://amzn.to/2mQtq5K).

[2] For purposes of the motion to dismiss, TP-Link accepts as true well-pleaded factual allegations. In conjunction with its motion, TP-Link intends to submit declarations that establish facts relevant to the Court's jurisdiction.

[3] A California-based third-party monitoring service sent the emails to Amazon using a TP-Link email account. TP-Link does not extend warranty coverage to products sold by unauthorized resellers like Plaintiff, rendering such products materially different from those sold by authorized resellers. The sale of materially different products constitutes trademark infringement. *See Original Appalachian Artworks, Inc. v. Granada Elecs., Inc.*, 816 F.2d 68, 72–73 (2d Cir. 1987); *Bell Canto Design, Ltd. v. MSS Hifi, Inc.*, 837 F. Supp. 2d 208, 225–26 (S.D.N.Y. 2011).

Exhibit 7 to Declaration of Mark Schlachet p. 1

**LTL ATTORNEYS**

PAGE 2 OF 4

jurisdiction under New York law; and (2) the "exercise of jurisdiction [] is consistent with federal due process requirements." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999) (citation omitted). Plaintiff cannot establish either general or specific jurisdiction over TP-Link.

    a.   <u>There is no general jurisdiction over TP-Link in New York</u>

A court may only exercise general jurisdiction over a foreign defendant if the defendant's affiliations with the forum "are so constant and pervasive 'as to render [it] essentially at home in the forum State.'" *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)); *see also Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 95 (2d Cir. 2000) (CPLR § 301 requires "continuous, permanent, and substantial activity" to subject a foreign corporation to general jurisdiction).

Plaintiff does not assert TP-Link is subject to general jurisdiction. *See* AC ¶¶ 16–17. Nor could it amend to so allege. General jurisdiction is only proper where a corporation is "at home"—typically in the state of incorporation or principal place of business. *Goodyear*, 564 U.S. at 919. Significant sales in the forum or "continuous and systematic" contacts are insufficient if a corporation's affiliations do not render it "essentially at home." *Daimler AG*, 571 U.S. at 138–39 (citation and quotation marks omitted). TP-Link's New York contacts are limited to: (i) employing a single sales manager in New York between 2016 and 2018; (ii) distributing products through three third-party New York-based companies; and (iii) placing products in the stream of commerce, some of which are sold to New York customers. TP-Link's contacts fall well short of the forum activity the Court found insufficient in *Daimler AG*.

    b.   <u>There is no specific jurisdiction over TP-Link based on the alleged conduct</u>

Specific jurisdiction "depends on an affiliation between the forum and the underlying controversy." *Goodyear*, 564 U.S. at 919 (internal quotation marks and citation omitted); *see also* CPLR § 302(a). The only basis for personal jurisdiction Plaintiff alleges is under CPLR § 302(a)(3)(i), which permits jurisdiction for torts committed outside the state that cause injury in New York if the defendant "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in [New York]." AC ¶ 17. According to Plaintiff, although TP-Link allegedly sent wrongful emails from California "directly to Amazon" in Washington, jurisdiction is proper because of TP-Link's supposedly extensive business activity in New York. AC ¶¶ 17, 48.

Fatal to Plaintiff's claim for libel *per se*, however, is the fact that section 302(a)(3) explicitly excludes from its ambit "a cause of action for defamation." CPLR § 302(a)(3); *see also Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 245–46 (2d Cir. 2007). Defamation "consist[s] of the twin torts of libel and slander." *Albert v. Loksen*, 239 F.3d 256, 265 (2d Cir. 2001). The analysis also applies to Plaintiff's tortious interference claim because it is based entirely on the same allegedly defamatory statements that give rise to the libel claim. *Cantor Fitzgerald, L.P. v. Peaslee*, 88 F.3d 152, 154–57 (2d Cir. 1996) (defamation exception applied because the "entire complaint sound[ed] in defamation" and additional claims were "based upon [defendant's] alleged defamatory statements"); *Fischer v. Stiglitz*, No. 15-CV-6266 (AJN), 2016 WL 3223627, at *5 (S.D.N.Y. June 8, 2016) (plaintiff cannot avoid defamation exception even if he "withdraw[s] his defamation claim

Exhibit 7 to Declaration of Mark Schlachet p. 2



P<small>AGE</small> 3 <small>OF</small> 4

while continuing to pursue other claims").[4] Thus, there is no personal jurisdiction over TP-Link.

**II.   The Complaint Should Be Dismissed Under Rule 12(b)(1) based on Plaintiff's**
**Agreement to Dispute Resolution by Binding Arbitration under the Amazon Agreement**

Plaintiff states that it and Amazon are parties to the Amazon Agreement, which "bind[s] both parties to the terms thereof and policies adopted thereunder." AC ¶ 21. The Amazon Agreement contains a broad, binding arbitration provision: "Amazon and [Plaintiff] both consent that **any . . . claim relating in any way to this Agreement or [Plaintiff's] use of the Services** will be resolved by binding arbitration . . . ." Amz. Agmt. § 19 (emphasis added). There is no subject matter jurisdiction over disputes governed by arbitration agreements. *See Cartagena Enters., Inc. v. J. Walter Thompson Co.*, No. 13-CV-4238 (SAS), 2013 WL 5664992, at *2–5 (S.D.N.Y. Oct. 16, 2013). A court must enforce an arbitration agreement if: (1) the parties agreed to arbitrate; and (2) the scope of the agreement encompasses the claims at issue. *Holick v. Cellular Sales of N.Y., LLC*, 802 F.3d 391, 394 (2d Cir. 2015) (citation omitted).

Although TP-Link does not have a contractual relationship with Plaintiff, under the doctrine of equitable estoppel, a non-signatory may enforce an arbitration agreement if claims are "intertwined" with arbitrable claims. *Denney v. BDO Seidman, L.L.P.*, 412 F.3d 58, 70 (2d Cir. 2005) (citations omitted). Courts examine whether: (1) "claims arise under the 'subject matter' of the [arbitrable] agreement, and (2) whether there is a 'close relationship' between the signatory and the non-signatory party." *In re A2P SMS Antitrust Litig.*, 972 F. Supp. 2d 465, 476 (S.D.N.Y. 2013) (citations and quotation marks omitted); *Thomson CSF, S.A. v. Am. Arbitration Ass'n*, 64 F.3d 773, 779 (2d Cir. 1995). As to the first prong, there is no doubt that Plaintiff's claims—which are premised on its supposed exclusion from the Amazon platform, "relat[e] . . . to [Plaintiff's] use of the Services." Amz. Agmt. § 19. Indeed, if litigated, this action will necessarily require extensive discovery into Amazon's conduct, including its reasons for terminating its relationship with Plaintiff. *See, e.g., Grigson v. Creative Artists Agency L.L.C.*, 210 F.3d 524, 525 (5th Cir. 2000) (compelling arbitration where signatory claimed non-signatory tortiously interfered with contract containing arbitration provision). The second prong of the "intertwinedness" test requires an analysis of whether the circumstances "support[] the conclusion that [the signatory] had consented to extend its agreement to the [non-signatory], or [] made it inequitable for [the signatory] to refuse to arbitrate." *In re A2P*, 972 F. Supp. 2d at 479 (citation and quotation marks omitted). This prong is met because Plaintiff initiated a relationship with TP-Link by selling its products; Plaintiff was certainly aware of its agreement to arbitrate all disputes relating to its use of the Amazon platform when it chose to offer TP-Link products for sale on Amazon. A plaintiff's knowledge that its activities pursuant to an arbitrable agreement will give rise to a relationship with a non-signatory is sufficient to "allow[] the latter to avail itself of the arbitration agreement." *Ragone v. Atl. Video at Manhattan Ctr.*, 595 F.3d 115, 128 (2d Cir. 2010). Plaintiff is equitably estopped from avoiding arbitration, warranting dismissal of this action under Rule 12(b)(1).

We look forward to discussing these issues with the Court and counsel for Plaintiff.

---

[4] Because jurisdiction fails under CPLR § 302(a)(3), the Court need not engage in a constitutional inquiry. *Best Van Lines*, 490 F.3d at 243–44. However, under the constitutional "effects" test, the forum state must be the "focal point of the torts alleged," considering the nexus between the suit-related conduct and the forum state. *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 340–41(2d Cir. 2016). Here, the New York effects were merely tangential to TP-Link's allegedly tortious complaints to Amazon in Washington.

Exhibit 7 to Declaration of Mark Schlachet p. 3



PAGE 4 OF 4

Respectfully submitted,

_/s/ Joedat H. Tuffaha_

Joedat H. Tuffaha
LTL Attorneys LLP


cc (via ECF): Mark Schlachet
            3515 Severn Rd.
            Cleveland, Ohio 44118
            Telephone: (216) 225-7559
            Email: markschlachet@me.com

_Attorney for Plaintiff_

Exhibit 7 to Declaration of Mark Schlachet p. 4

# EXHIBIT 8

A true and accurate copy of "TP-Link warranty policy provided to Amazon



## Limited Warranty

TP-LINK USA CORPORATION provides limited warranty to all TP-LINK products purchased in USA. The warranty covers the main device, antenna and external power supply failures due to defects in material or workmanship. Packaging, various cables, software products, technical data and other accessories are not covered here. The maximum liability of TP-LINK is equal to or no higher than the product's purchased price.

TP-LINK does not refund in any conditions. If the returned product is discontinued, TP-LINK will replace it with an equivalent product.

Click here to view **"Conditions that Disqualify Product from Warranty"**

## Warranty Period

From October 1, 2011, TP-LINK USA CORPORATION provides 2-Year warranty to our SOHO class products and 5-Year warranty to our SMB class products. If you need help to classify your product(s), please click here.

| Product type | Warranty Period |
| --- | --- |
| TP-LINK SOHO Products | 2-Year |
| TP-LINK SMB Products | 5-Year |
| TP-LINK Other Products | 1-Year |

## Replacement Procedure

### Express Replacement

If you are experiencing product defects within the warranty period, please **FIRST** contact the online/retail store where you originally purchased the product(s) from to ensure expedient replacement.

### Normal Replacement

Exhibit 8 to Declaration of Mark Schlachet p. 1

If the store no longer accepts your claim, you may process it through TP-LINK's RMA program by following the steps below.



[Click here](#) to view detailed procedures for **Common Service**

[Click here](#) to view detailed procedures for **Advanced Service**

**Please Note:**

- TP-LINK may reject or return products without accessories or assigned RMA number.
- If purchase receipt can't be provided, the purchase date shall be calculated 3-month from the product's manufacturing date and the product has the same warranty period. The first three digits of the Serial Number (SN) represent the manufacturing date (year and month). For example "121" represents the year of 2012 (12) and month of January (1). "12A" represents the year of 2012 (12) and month of October (A). (B) represents the month of November and (C) represents the month of December. The warranty period ends on the last day of the corresponding month.
- Customers who apply for the Advanced Service will receive a free return label coming with the replacement and ship the defective product back to TP-LINK USA CORPORATION Customer Service Center;
  Customers who apply Common Service, are responsible for the one-way shipping fee and send defective product to TP-LINK USA CORPORATION Customer Service Center.
- TP-LINK USA CORPORATION is not responsible for damage occurred during shipment.
- TP-LINK USA CORPORATION will charge a service fee to replace your product if it is out of warranty.

Exhibit 8 to Declaration of Mark Schlachet p. 2

## Appendix:

1. Warranty service stated above is only valid for products sold in the Continental US. Any other additional warranty service agreed during purchase shall only be effective based on the contract signed by TP-LINK USA CORPORATION.
2. Any warranty service made by the distributor is beyond this warranty policy, TP-LINK USA CORPORATION shall not be held liable. Please obtain documents during purchase in order to be honored by the distributor.
3. Any direct or indirect damage that prohibited the product to function normally, TP-LINK USA CORPORATION shall only be liable for the duties stipulated by the state law.
4. TP-LINK USA CORPORATION shall neither, on any account, respond to any lost caused by damages such as improper use of applications and configurations, nor respond to any accusation put forward by a third party.

**Remarks:** TP-LINK USA CORPORATION reserves all rights including interpretation and modification to this warranty policy.

Manufacturers' warranties may not apply in all cases, depending on factors such as use of the product, where the product was purchased, or who you purchased the product from. Please review the warranty carefully, and contact the manufacturer if you have any questions.

Exhibit 8 to Declaration of Mark Schlachet p. 3

X-60

# EXHIBIT 9

A true and accurate copy of a screenprint  from TP-Link in *Careful Shopper* in response to a Rule 34 Request demanding in RFP 18 all documents concerning "[e]ach instance of consumer confusion or consumer complaint related to the absence of an Original Manufacturer's Warranty on Grey Market TP-Link products.

