Stephen R. Smerek (State Bar No. 208343)
email: ssmerek@foley.com
Tiffany Kim Sung (State Bar No. 323077)
email: tsung@foley.com
**FOLEY & LARDNER LLP**
555 South Flower Street, Suite 3300
Los Angeles, CA 90071-2411
Telephone: (213) 972-4500
Facsimile: (213) 486-0065

Attorneys for Defendant
TP LINK USA CORPORATION

Alton G. Burkhalter (State Bar No. 119595)
Email: aburkhalter@bkcglaw.com
Josh A. Waldman (State Bar No. 222859)
Email: jwaldman@bkcglaw.com
**BURKHALTER KESSLER
  CLEMENT & GEORGE LLP**
2020 Main Street, Suite 600
Irvine, CA 92614-8336
Telephone: (949) 375-7500
Facsimile: (949) 975-7501

Attorneys for Defendant
AUCTION BROTHERS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS INC., | **Case No: 2:19-cv-10374-PA (Ex)** |
| PLAINTIFF, | **Hon. Percy Anderson** |
| V. | **DEFENDANTS' JOINT SUPPLEMENTAL REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT UNDER THE NOERR-PENNINGTON DOCTRINE AS ORDERED BY THE COURT [ECF 99]** |
| TP LINK USA CORPORATION, ET AL. | |
| DEFENDANTS. | |

Hearing Date:     TBD
Hearing Time:     TBD
Courtroom:        Courtroom 9A
SAC Filed:        January 13, 2020

4849-6838-7768.4

# **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................1

II.   ARGUMENT ......................................................................................................1

      A.    Defendants' Complaints Constitute Protected Activity under the
            Noerr-Pennington doctrine ......................................................................1

      B.    TP-Link Products Sold by Unauthorized Resellers Lack the Original
            Manufacturer's Warranty ........................................................................3

      C.    Defendants' Basis for Charging Plaintiff with Counterfeiting and
            Trademark Infringement is Supported by Case Law and Amazon's
            Selling Policies .......................................................................................4

            1.    Case Law Indicates that the Sale of Materially Different
                  Products Constitutes Trademark Counterfeiting ..................................4

            2.    Amazon's Selling Policies Indicate that Defendants'
                  Complaints Were Not Objectively Baseless..........................................6

      D.    Defendants' Complaints Were Not Objectively Baseless Because it Is
            Unsettled Whether N.Y. Gen. Bus. Law § 369-b Applies ............................8

            1.    Defendants Had No Basis to Know that Plaintiff Was Located
                  in New York...........................................................................................8

            2.    The Law is Unsettled as to Whether N.Y. Gen. Bus. Law § 369-
                  b Applies to TP-Link's Warranty Policies...........................................9

      E.    Plaintiff's Expulsion from Amazon Demonstrates that Defendants'
            Complaints Were Not Objectively Baseless .................................................9

III.  CONCLUSION..................................................................................................10

# I.   INTRODUCTION

Plaintiff's Supplemental Opposition (ECF 100) largely regurgitates the same arguments Plaintiff made in its previous briefings, which the Court has already considered in converting Defendants' Motion to Dismiss to a Partial Motion for Summary Judgment (ECF 99).   And, the facts that Plaintiff does put forward in its Supplemental Brief affirmatively establish that TP-Link's published warranty does not extend to products sold by unauthorized resellers and Defendant's complaints to Amazon were not objectively baseless.   (*See* Schlachet Decl., Ex. 5 (ECF 100-2 at p. 54) (TP-Link Warranty) ("The limited warranty does not apply to refurbished products or products that were resold by unauthorized resellers."); s*ee also*, Schlachet Decl., Ex. 2 (ECF 100-2 at pp. 12 & 17 (Amazon Condition Guidelines) (requiring that genuine trademarked products may only be listed as "new" where the "[o]riginal manufacturer's warranty, if any, still applies, with warranty details included in the listing comments."); Schlachet Decl., Ex. 9 (ECF 100-2 at p. 68) (email exchange rejecting warranty claim with proof of purchase from unauthorized reseller).)   As the Court noted in its prior Order on Defendants' motion to dismiss, "[w]ithout more, Plaintiff has failed to plead the sham exception with particularity and failed to allege sufficient facts to show that Defendants' complaints to Amazon were objectively baseless."   (ECF 99 at p. 4.)   What more Plaintiff has now brought forward affirmatively establishes that Defendants' complaints to Amazon were not objectively baseless, that Plaintiff cannot plead or prove the sham exception to the Noerr-Pennington doctrine, and that Defendants are entitled to entry of judgment in their favor on all claims under the Noerr-Pennington doctrine.

# II.   ARGUMENT

## A.   Defendants' Complaints Constitute Protected Activity under the Noerr-Pennington doctrine

Plaintiff largely repeats the same arguments it previously made in its opening opposition brief and again attempts to distinguish cases cited by Defendants for the proposition that pre-suit infringement notices to third parties are protected under the

4849-6838-7768.4

Noerr-Pennington doctrine.  (*See* Supplemental Opposition at pp. 1-2.)   However, the parties have already hashed out this issue in their opening briefs, and the Court has already considered the parties' arguments, even citing several of the cases in its Order. (*See* Dkt. 99 at p. 3.)

Plaintiff's renewed attempt to distinguish the Ninth Circuit's controlling decision in *Hard2Find Access., Inc. v. Amazon.com, Inc*., 691 F. App'x 406 (9th Cir. 2017) again fall shorts.   While Defendant argues that *Hard2Find* is distinguishable because the complaint in that case was submitted by a law firm, the Ninth Circuit's decision did not rest on that fact, nor was that fact even mentioned in the Court's analysis.  While Plaintiff cites to the district court decision, the Ninth Circuit's decision affirming application of the Noerr-Pennington doctrine references only the complaint that "Apple sent to Amazon."  *Id*. at 407.  In short, the Ninth Circuit did not place any importance on the distinction between a notice submitted by a party, its law firm, or any other agent.[1]

The two other cases Plaintiff cites for the first time in its Supplemental Brief— *Amaretto Ranch Breedables v. Ozimals, Inc.*, 2010 U.S. Dist. LEXIS 141242, at *5 (N.D. Cal. 2010)) and *180s, Inc. v. Gordini U.S.A., Inc.*, 602 F. Supp. 2d 635, 641 (D. Md. 2009)—do not alter the analysis.  As an initial matter, both cases are district court decisions decided well before the Ninth Circuit's controlling decision in *Hard2Find*. This alone is enough to cast them aside.   Further, the *Amaretto Ranch* decision involved notice under the Digital Millennium Copyright Act and does not include any analysis applicable to the present case.  Likewise, the *180s, Inc.* decision involved statements made after litigation commenced, which the parties conceded were not pre-lawsuit communications.  In sum, the additional cases Plaintiff references in an effort to resurrect its argument to avoid application of the Noerr-Pennington doctrine fall far short.

---

[1] There is also a public policy argument to be made against requiring pre-suit notices to be submitted by law firms.  Requiring companies to hire an attorney before making a complaint would have the deleterious effect of promoting unnecessary filings and encouraging the progression of litigation.

JOINT SUPPLEMENTAL REPLY ISO MSJ
CASE NO:  2:19-CV-10374-PA (EX)

4849-6838-7768.4

Finally, Plaintiff's heavy reliance on separate litigation commenced by TP-Link (*TP-Link USA Corporation v. Careful Shopper LLC et al*, Case No. 8:19-cv-00082-JLS-KES) also cannot save their claims.  (*See* Supplemental Opposition at pp. 2-4.)  Plaintiff relies on the complaint filed in the *Careful Shopper* case to argue that because TP-Link did not allege counterfeiting in that case, Defendants' complaints regarding counterfeiting in the present case were not justified.  However, Plaintiff has not shown, and cannot show, how claims made by TP-Link in another, unrelated case, have any bearing on the scope of Defendants' pre-litigation activity in the present case.[2]  As discussed in detail below, Defendants had a reasonable, good faith basis for making its complaints to Amazon regarding Plaintiff's counterfeiting and trademark infringement.

**B.     TP-Link Products Sold by Unauthorized Resellers Lack the Original Manufacturer's Warranty**

The consistent and undisputed evidence affirmatively establishes that TP-Link's published warranty policy does not extend to products sold by unauthorized resellers.  Indeed, as set forth in the relevant TP-Link warranty policy as disclosed in the declaration of Mark Schlachet: "The limited warranty does not apply to refurbished products or products that were resold by unauthorized resellers."  (Schlachet Decl., Ex. 5 (ECF 100-2 at p. 54); *see also* Shu Decl. at ¶ 3).  While Plaintiff attempts to argue that "the warranty policy TP-Link provided to Amazon does not exclude unauthorized sellers," the page referenced by Plaintiff includes a hyperlink to the relevant exclusions: "Click here to view 'Conditions that Disqualify Products from Warranty.'" (Supplemental Opposition at p. 9, n. 17; Schlachet Decl. at Ex. 8 (ECF 100-2 at p. 64).)  That hyperlink connects consumers back to TP-Link's warranty policy, which again includes the following limitation:  "The limited warranty does not apply to refurbished products or products that were resold by unauthorized resellers."  (Shu Decl. at ¶ 3.)

---

[2] It is also noteworthy that, since Plaintiff filed its Supplemental Opposition, U.S. District Judge Stanton granted TP-Link's Motion to Strike or Dismiss Careful Shopper's counterclaims.  *TP-Link USA Corporation v. Careful Shopper LLC et al*, Case No. 8:19-cv-00082-JLS-KES, Dkt. 82.

JOINT SUPPLEMENTAL REPLY ISO MSJ
CASE NO:  2:19-CV-10374-PA (EX)

4849-6838-7768.4

Thus, the undisputed evidence proves that TP-Link's online warranty policy, and the warranty policy disclosed on Amazon, both demonstrate that TP-Link products sold by unauthorized resellers do not include the original manufacturer's warranty.

Plaintiff's argument pinpoints the exact issue that TP-Link's warranty policies are designed to prevent. TP-Link limits its warranty policies to products sold by authorized distributors or resellers so that it can monitor and insure the quality of new TP-Link branded products sold under the TP-Link brand. (*Id.* ¶ 4.) TP-Link cannot guarantee the quality of products sold by unauthorized distributors or resellers. Thus, if TP-Link were to provide the original manufacturer's warranty for products sold by unauthorized distributors or resellers, it would be put in a position where it would need to provide warranty services for products of unknown quality that may have been degraded at the fault of the unauthorized reseller, or chain of unauthorized resellers, rather than the manufacturing or authorized distribution process.

Among the additional material Plaintiff relies on in its Supplemental Opposition is a document produced in a separate, unrelated litigation that demonstrates that TP-Link rejected a warranty claim for a product sold by an unauthorized seller. (*See* Schlachet Decl., Ex. 9 (ECF 100-2 at p. 68).) Any suggestion that Defendants' complaints in the present case were a sham because this was the only document regarding consumer complaints related to warranty claims identified in discovery in another case, falls far short of proving that TP-Link honors warranty claims for products sold by unauthorized resellers. Quite the contrary, if anything, this document demonstrates that TP-Link enforces its warranty policy. Thus, the undisputed facts prove that Defendants' complaints to Amazon were not objectively baseless.

## C. Defendants' Basis for Charging Plaintiff with Counterfeiting and Trademark Infringement is Supported by Case Law and Amazon's Selling Policies

### 1. Case Law Indicates that the Sale of Materially Different Products Constitutes Trademark Counterfeiting

JOINT SUPPLEMENTAL REPLY ISO MSJ
CASE NO: 2:19-CV-10374-PA (EX)

4849-6838-7768.4

Contrary to Plaintiff's repeated arguments, Defendants' basis for its trademark infringement and counterfeiting complaints to Amazon – that Plaintiff is not an authorized reseller of TP-Link products and thus Plaintiff's products are counterfeit as they do not carry the original manufacturer's warranty – is plainly supported by case law. Defendants have explained this basis in law multiple times, but Plaintiff simply chooses to ignore the case law that goes against its position. "Differences in warranties or services accompanying a trademarked product may constitute material differences." *HM Elecs., Inc. v. R.F. Techs., Inc.*, No. 12-cv-2884-MMAWMC, 2013 WL 12074966, at *3 (S.D. Cal. Oct. 3, 2013). Several courts have found that the sale of materially different products constitutes trademark counterfeiting, especially when the differences deceive the public. *See, e.g., Rolex Watch, U.S.A., Inc. v. Michel Co.*, 179 F.3d 704, 707- 10 (9th Cir. 1999) (finding "[w]hen an original mark is attached to a product in such a way as to deceive the public, the product itself becomes a 'counterfeit' just as it would if an imitation of the mark were attached"); *Harman Int'l Indus. Inc. v. Pro Sounds Gear, Inc.*, No. 17-cv-06650-ODW (FFMx), 2018 WL 1989518, at *4 (C.D. Cal. Apr. 24, 2018) ("Because the distinction between using a duplication verses using an original has no relevance, where, as here, there is deceptive practices so as to create consumer confusion, the product itself becomes a counterfeit." (internal quotation marks and alteration omitted)).

Plaintiff did not indicate in its listings that its TP-Link branded products did not carry the original manufacturer's warranty, thus causing confusion with consumers as to whether the products carried the full bundle of rights as genuine products. Thus, because Defendants' basis for its complaints is supported by case law, Defendants' complaints cannot be objectively baseless. *See Prof'l Real Estate Investors v. Columbia Pictures Indus.*, 508 U.S. 49, 60 (1993) (a suit is not objectively baseless if it is "arguably warranted by existing law or at the very least [is] based on an objectively good faith argument for the extension, modification, or reversal of existing law"). While Plaintiff cites cases allegedly to the contrary, the fact that there exists case law to support

JOINT SUPPLEMENTAL REPLY ISO MSJ
CASE NO: 2:19-CV-10374-PA (EX)

4849-6838-7768.4

Defendants' basis for its complaints renders the complaints reasonable and therefore not objectively baseless.

Additionally, Plaintiff again cites cases that do not stand for the propositions they are cited to support.  Plaintiff cites *Weifang Tengyi Jewelry Trading Co. v. Intuii LLC*, No. 18 C 4651, 2019 U.S. Dist. LEXIS 140160 (N.D. Ill. Aug. 19, 2019) to support its argument that "even if the warranty did not convey with subject sales, such a deficiency proves nothing of counterfeiting's essential elements of unlawful trademark reproduction and imitation product."  (Supplemental Opposition at p. 5.)  However, the decision in *Weifang* did not involve the facts presented here, specifically that the complaints were made in good faith based on a lack of original manufacturer's warranty.  This issue was not addressed, considered, or even present in *Weifang*.  Accordingly, the *Weifang* decision has no bearing on the present case.

### 2.   Amazon's Selling Policies Indicate that Defendants' Complaints Were Not Objectively Baseless

Amazon's selling policies, as cited by Plaintiff, also support a finding that Defendants' complaints were not objectively baseless.  (*See* Schlachet Decl., Ex. 2 (ECF 100-2 at pp. 12 & 17).)  Amazon's Condition Guidelines describe a "new" product as "[a] brand-new, unused, unopened item in its original packaging, with all original packaging materials included. Original protective wrapping, if any, is intact.  ***Original manufacturer's warranty, if any, still applies, with warranty details included in the listing comments.***"  (*Id*. at p. 17 (emphasis added); Amazzia Decl. at ¶ 9.)  Further, Amazon's policies describes a "[m]aterially different product condition violation" as when a listed product does not "exactly match the description, pictures, and all other information on the product detail page." (Schlachet Decl., Ex. 2 (ECF 100-2 at p. 29).)

Plaintiff listed its TP-Link branded products as "new" (Amazzia Decl. at ¶ 4) but did not disclose to consumers that its products did not carry the original manufacturer's warranty, as required by Amazon's policies.  Plaintiff did not include these warranty details in the listing comments, leading consumers to believe that they were purchasing a

JOINT SUPPLEMENTAL REPLY ISO MSJ
CASE NO:  2:19-CV-10374-PA (EX)

4849-6838-7768.4

product that included the full bundle of rights as a genuine TP-Link product.  This also constituted a "materially different product condition violation" because Plaintiff's product did not "exactly match the description, pictures, and all information on the product detail page" as it did not include the original manufacturer's warranty.  Because Amazzia understands that TP-Link products sold by unauthorized resellers lack the original manufacturer's warranty, Amazzia deemed Plaintiff's products counterfeit per Amazon's policies. (Amazzia Decl. at ¶ 9.)   Thus, out of the limited options presented in Amazon's form complaint, Amazzia chose the option it believed was most applicable – "a product is counterfeit (the product or packaging has an unlawful reproduction of a registered trademark." Plaintiff's (*Id*. at ¶¶ 6, 8.)

Further, the online form complaint also allows the complaining party limited space to enter additional information regarding the more specific basis for the complaint. (Amazzia Decl. at ¶ 6.)   Amazzia's general business patterns and practices would be to include a comment to the effect that: "The seller indicated herein is selling products that do not include the same bundle of rights that authentic products include.  Desired Action: Immediate removal of the seller's offer of this counterfeit product."   (*Id*. at ¶ 8.) Defendants had no further role in Amazon's determination regarding its response to Defendants' complaints. (*Id*.)  Defendants simply alerted Amazon of the basis for their belief that Plaintiff's products were counterfeit, but it would ultimately be Amazon's decision to determine whether Plaintiff's products were in compliance with Amazon's seller polices.  Plaintiff's ultimate expulsion from Amazon indicates that Plaintiff was unable to prove to the authenticity of its products, further supporting a finding that Defendants' complaints were not objectively baseless.[3]

---

[3] Plaintiff notes that "**[o]n July 31, 2019**, plaintiff disclosed to TP-Link its source for the AC-5400 Routers and offered to allow TP-Link to conduct testing from residual inventory" (Supplemental Opposition at 5, n. 10 (emphasis added).)   However, it is unclear how this has any relevance to the determination of whether Defendants' complaints for counterfeiting, which were allegedly made in 2018 (SAC, ECF 78 at 9-10), were objectively baseless at the time they were made.  At the time the complaints were made, Defendants did now know how Plaintiff had obtained TP-link branded products or whether those products themselves were obtained legally.

4849-6838-7768.4

**D.      Defendants' Complaints Were Not Objectively Baseless Because it Is Unsettled Whether N.Y. Gen. Bus. Law § 369-b Applies**

Plaintiff again simply reiterates and rehashes the arguments it made in its previous briefing regarding whether N.Y. Gen. Bus. Law § 369-b bars TP-Link's warranty disclaimer.   However, Plaintiff fails to offer any facts or evidence to show that Defendants knew that Plaintiff was a New York seller.   Further, Plaintiff fails to recognize that the law is open regarding whether N.Y. Gen. Bus. Law § 369-b bars warranty disclaimers against unauthorized resellers and that therefore, Defendants complaints were not objectively baseless.

**1.      Defendants Had No Basis to Know that Plaintiff Was Located in New York**

Plaintiff argues that it is a New York seller and that N.Y. Gen. Bus. Law § 369-b bars TP-Link's warranty disclaimer, but offers no facts or evidence that Defendants were aware of or should have been aware of Plaintiff's status.   Importantly, while Plaintiff offers a copy of the "Entity Information for Thimes Solutions Inc." (Schlachet Decl., Ex. 6 (ECF 100-2 at pp. 56-57)), Plaintiff's Amazon seller account was not "Thimes Solutions Inc." but rather, "Universal Goods and Sales" (Amazzia Decl. at ¶ 4). Plaintiff's Amazon seller account had no indication of any relationship to Thimes Solutions Inc. and therefore Defendants had no reason to know that Plaintiff was a New York-based company.   Defendants were unaware of Universal Goods and Sales' true corporate name and its location in New York until Plaintiff initiated this litigation. (Amazzia Decl. at ¶ 5.)   Thus, even assuming that N.Y. Gen. Bus. Law § 369-b barred TP-Link's warranty disclaimer, at the time Defendants made its complaints, Defendants had no knowledge that Plaintiff was a New York seller nor any reason to believe that New York state law would apply.   Without such knowledge, it was reasonable for Defendants to believe that Plaintiff's TP-Link branded products did not carry the full bundle of rights as genuine TP-Link products and Defendants' complaints were therefore not objectively baseless.

2.      **The Law is Unsettled as to Whether N.Y. Gen. Bus. Law § 369-b Applies to TP-Link's Warranty Policies**

Further, even if Defendants had knowledge that Plaintiff was a New York-based company with sales made in New York, Defendants' complaints were not objectively baseless because there was an open question of law as to whether N.Y. Gen. Bus. Law § 369-b voids TP-Link's warranty policy against unauthorized resellers. *See Prof'l Real Estate*, 508 U.S. at 60 (a suit is not objectively baseless if it is "arguably warranted by existing law or at the very least [is] based on an objectively good faith argument for the extension, modification, or reversal of existing law"). The law is unsettled regarding the effect of § 369-b on the determination of whether a product is materially different due to the absence of the original manufacturer's warranties.

In *Worldhomecenter.com, Inc. v. KWC Am., Inc.*, 2011 U.S. Dist. LEXIS 104496, at *23 (S.D.N.Y. Sep. 15, 2011) the court discussed whether N.Y. Gen. Bus. Law § 369-b would bar a warranty policy just like TP-Link's – a "blanket disclaimer of warranties for all products sold by 'unauthorized Internet sellers.'" The court stated that it is unclear whether such a warranty policy violated § 369-b because it "may be too general to fit within the statutory language of § 369-b, which voids warranty disclaimers for products 'sold by a *particular* dealer or dealers.'" *Id*. (emphasis in original). Based on the court's discussion, Defendants had a reasonable, good faith argument that the § 369-b did not bar its warranty policy. And, at the very least, Defendants had an objectively good faith argument for the modification of existing law since the *Worldhomecenter.com* court had expressed the same belief. Thus, even if Defendants had known that Plaintiff was a New York seller, Defendants complaints would not have been objectively baseless.

E.      **Plaintiff's Expulsion from Amazon Demonstrates that Defendants' Complaints Were Not Objectively Baseless**

Plaintiff's Supplemental Opposition further demonstrates that it was Plaintiff's own failure to authenticate its products that resulted in its expulsion from Amazon. As discussed previously, Defendants would have simply alerted Amazon of the basis for

JOINT SUPPLEMENTAL REPLY ISO MSJ
CASE NO:  2:19-CV-10374-PA (EX)

their belief that Plaintiff's products were counterfeit, but it would ultimately be Amazon's decision to determine whether or not Plaintiff's products were in compliance with Amazon's seller polices.  The Amazon Product Authenticity and Quality Guidelines cited by Plaintiff states that Plaintiff should "[k]eep all documents and records of transactions, such as POs and invoices establishing that you sourced products from reliable suppliers."  (Schlachet Decl., Ex. 2 (ECF 100-2 at p. 30).)  However, the facts show that Plaintiff failed to demonstrate to Amazon that its products were authentic. Further, the Eisenberg Declaration affirmatively demonstrates that Plaintiff repeatedly continued to list the same TP-Link router product for sale even after Amazon repeatedly warned Plaintiff of the counterfeiting complaint and removed the product listing. (Eisenberg Decl., Ex. 1 (ECF 100-1 at pp. 7-33) (noting 26 complaints regarding the listing for ASIN B01DXVK3KY TP-Link AC5400 Wireless Wi-Fi MU-MIMO Tri-Band Router between January 19, 2018 and June 21, 2018).)  If anything, the facts submitted by Plaintiff prove that it was Plaintiff's own failure to authenticate its products over a period of months and in violation of its obligations as a seller, as well as Plaintiffs repeated listing of products that Amazon had affirmatively removed from its platform, that caused Amazon to expel Plaintiff as a seller.  The fact that Plaintiff could not demonstrate to Amazon that it was in compliance with Amazon's policies for the sale of new, genuine and authentic products, only further confirms that Defendants' complaints were not objectively baseless.

## III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant Defendants' Partial Motion for Summary Judgment under the Noerr-Pennington doctrine and dismiss Plaintiff's claims in their entirety.

4849-6838-7768.4

DATED:  March 30, 2020

**FOLEY & LARDNER LLP**

*/s/ Stephen R. Smerek*
Stephen R. Smerek
Tiffany Kim Sung
FOLEY & LARDNER LLP
*Attorneys for Defendant*
*TP Link USA Corporation*

**BURKHALTER KESSLER**
  **CLEMENT & GEORGE LLP**

*/s/ Josh A. Waldman*
Alton G. Burkhalter
Josh A. Waldman
BURKHALTER KESSLER
  CLEMENT & GEORGE LLP
*Attorneys for Defendant*
*Auction Brothers, Inc.*

JOINT SUPPLEMENTAL REPLY ISO MSJ
CASE NO:  2:19-CV-10374-PA (EX)

4849-6838-7768.4