1  BURKHALTER KESSLER CLEMENT & GEORGE LLP
   Alton G. Burkhalter, Esq., SBN 119594
2  E-mail: aburkhalter@bkcglaw.com
   Joshua A. Waldman, Esq., SBN 222859
3  E-mail: jwaldman@bkcglaw.com
   2020 Main Street, Suite 600
4  Irvine, California 92614
   Telephone: (949) 975-7500
5  Facsimile: (949) 975-7501

6  Attorneys for Defendant Auction Brothers, Inc. dba Amazzia

7

8                    UNITED STATES DISTRICT COURT

9           CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10 | THIMES SOLUTIONS INC. | CASE NO. 2:19-cv-10374-PA-Ex |
|---|---|
| Plaintiff, | Assigned For All Purposes To: Honorable Percy Anderson Courtroom: 9A |
| vs. | |
| TP-LINK USA CORPORATION, MIKHAIL FIKHMAN DBA AMAZZIA, PREVAGEN, INC. | |
| Defendants. | **DECLARATION OF WILLIAM FIKHMAN IN SUPPORT OF DEFENDANT AUCTION BROTHERS, INC. dba AMAZZIA'S MOTION FOR SUMMARY JUDGMENT** |
| And | |
| AUCTION BROTHERS, INC. DBA AMAZZIA c/o MIKHAIL J. FINKHAM, Registered Agent 19528 Ventura Blvd. Tarzana, CA 91356-2917 | Fed. R. Civ. P. 56 |
| | Hearing Date:  TBD Courtroom:  9A |
| | Second Amended Complaint Filed: January 13, 2020 |

**DECLARATION OF WILLIAM FIKHMAN**

# DECLARATION OF WILLIAM FIKHMAN

I, William Fikhman, declare as follows:

1. I am the Chief Strategy Officer for Defendant Auction Brothers, Inc. dba Amazzia. I have personal knowledge of the facts set forth in this Declaration, and if called as a witness, I could and would testify competently thereto.

2. I have been employed by Auction Brothers, Inc. for approximately the past fifteen years, and I have worked in my current role as Chief Strategy Officer for approximately the past year. My duties and responsibilities as Chief Strategy Officer generally include oversight of sales, management and Amazon strategy. Prior to working in the role of Chief Strategy Officer, I worked as Vice President for approximately 14 years. My duties and responsibilities as Vice President were generally the same as my duties and responsibilities as Chief Strategy Officer.

3. Auction Brothers, Inc. dba Amazzia ("Amazzia") has been in the business of providing brand protection services for approximately four years. Amazzia's brand protection process generally consists of searching for its clients' products for sale on Amazon.com ("Amazon") in order to identify sellers who are not specifically authorized under a distribution agreement to purchase products directly from Amazzia's client(s) and thereafter sell such products (hereafter an "Unauthorized Reseller"). Once Amazzia identifies an Unauthorized Reseller that Amazzia knows is selling products to consumers that lack the same bundle of rights that a consumer would receive from an authorized seller, Amazzia generally notifies Amazon of the counterfeit products in the manner set forth below.

4. One of Amazzia's clients was TP-Link USA Corporation ("TP-Link"). Amazzia has only provided brand protection services for TP-Link, and at no time has Amazzia (including any other dba or "alter ego" of Auction Brothers, Inc.) ever distributed TP-Link's products, nor does Amazzia have any intent to do so, nor

does Amazzia (including any other dba or "alter ego") currently have any plans to distribute any networking products. As part of its brand protection services, Amazzia discovered that a company identified on Amazon's website only as "Universal Goods and Sales" was selling TP-Link's 360 TP-Link AC5400 Routers (the "Routers") through Amazon. Universal Goods and Sales represented that the Routers it offered for sale on Amazon were "New" products, despite the fact that Amazzia understood that Universal Goods and Sales was not an authorized reseller of TP-Link's Router, and as such, Amazzia understood that Universal Goods and Sales could not provide to purchasers of the Routers the same bundle of rights (such as warranty and service) that an authorized reseller could. In its Amazon posting, Universal Goods and Sales did not indicate that it was not an authorized distributor of TP-Link products.

5. Until Thimes Solutions, Inc. initiated this litigation, Amazzia only knew of this seller on Amazon as "Universal Goods and Sales" because that was the name that this seller used to identify itself on Amazon. Amazzia was unaware of the true corporate name and location of Universal Goods and Sales until Amazzia came to learn through this litigation that Universal Goods and Sales is apparently a dba of Thimes Solutions, Inc.

6. For several years, Amazon has maintained a "Report Infringement" online form that enables Amazon sellers or their agents to report complaints to Amazon regarding sellers who are violating intellectual property rights. The form allows the complaining party to first identify whether the complaint relates to copyright concerns, patent concerns or trademark concerns. If a complaining party identifies trademark concerns, then the form provides the complaining party with three options to choose from, which are: (1) "a product detail page is unlawfully using my trademark (e.g., in product title, product images, product description), (2) a product or packaging has my trademark in it, or (3) a product is counterfeit (the product or packaging has an unlawful reproduction of a registered trademark." A complaining

3

**DECLARATION OF WILLIAM FIKHMAN**

party must choose from one of the three options, as Amazon does not provide any alternative options. In addition to identifying one of the three available options, the form further allows the complaining party limited space to enter additional information regarding the more specific basis for the complaint. Amazon generally sends Amazzia an email through Amazon's internal e-mail communication system with sellers, confirming that a complaint had been received, but Amazon does not send a copy of the submission itself and Amazzia does not otherwise maintain any record of specific complaints made on Amazon's online system.

7. Based on the limited information available to Amazzia from Amazon's online complaint system, and consistent with Amazzia's regular practice, Amazzia does not have, nor has it ever had, copies of the specific complaints it made to Amazon regarding Universal Goods and Sales. Moreover, as described above, Amazon did not provide Amazzia copies of the complaints.

8. Although Amazzia does not have a copy of the complaint made to Amazon regarding Universal Goods and Sales, based on its general business pattern and practice in connection with brand protection services for reporting counterfeit sales to Amazon, Amazzia would have used the Amazon Report Infringement Form to inform Amazon that Universal Goods and Sales was selling "counterfeit" Routers by choosing the option (3) referenced above (i.e., "a product is counterfeit (the product or packaging has an unlawful reproduction of a registered trademark.") and Amazzia would also have provided additional comments to Amazon to the effect that: "The seller indicated herein is selling products that do not include the same bundle of rights that authentic products include. Desired Action: Immediate removal of the seller's offer of this counterfeit product."

9. Amazzia selects the "counterfeit" option on Amazon's Report Infringement Form as its standard business practice because Amazzia understands that Amazon's "Condition Guidelines" specify that a product described as "New" must,

among other things, provide that the "Original manufacturer's warranty, if any, still applies, with warranty details included in the listing comments." Because Amazzia understands that the products that an Unauthorized Reseller like Universal Goods and Sales sells lacks the original manufacturer's warranty, Amazzia deems those products as counterfeit per Amazon's policies. Attached hereto as Exhibit "A" is a true and correct copy of Amazon's Condition Guidelines that I understand were in effect during the relevant time.

10. Amazzia has no reason to believe that its communications with Amazon regarding Universal Goods and Sales' sale of the unauthorized Routers were inconsistent with its above described standard business pattern and practice.

11. Once Amazzia submits a complaint to Amazon through its Report Infringement online form that a seller of goods on Amazon is an Unauthorized Reseller as described above, Amazzia has no further role in Amazon's determination regarding how it will respond to the complaint (if it responds at all) and whether Amazon ultimately elects to remove the Unauthorized Reseller's product from Amazon's site. Consistent with the above, Amazzia had no further role in any decisions Amazon may have made regarding Universal Goods and Sales' ability to sell Routers on Amazon after Amazzia notified Amazon that Universal Goods and Sales sold counterfeits goods as described above.

I declare, under penalty of perjury of the laws of the United States and the State of California, that the foregoing is true and correct. Executed on March 27, 2020 at Reseda, California.

WILLIAM FIKHMAN

**DECLARATION OF WILLIAM FIKHMAN**