MARK POE (S.B. #223714)
 mpoe@gawpoe.com
RANDOLPH GAW (S.B. #223718)
 rgaw@gawpoe.com
VICTOR MENG (S.B. #254102)
 vmeng@gawpoe.com
GAW | POE LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

MARK SCHLACHET (*pro hac vice*)
markschlachet@me.com
3515 Severn Road
Cleveland, OH 44118
Telephone: (216) 225-7559
Facsimile: (216) 932-5390

CHRISTOPHER J. HAMMOND
(S.B. #150024)
chammond@bizlawpro.com
21540 Prairie Street, Unit A
Chatsworth, CA 91311
Telephone: (866) 625-2529
Facsimile: (866) 463-9285

Attorneys for Plaintiff
Thimes Solutions Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

|  |  |
|---|---|
| THIMES SOLUTIONS INC.<br><br>                Plaintiffs,<br><br>        v.<br><br>TP-LINK USA CORPORATION,<br>and AUCTION BROTHERS, INC.<br>d/b/a AMAZZIA<br><br>                Defendant. | Case No. 2:19-cv-10374-PA-E<br><br>**THIMES SOLUTIONS INC.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**<br><br>Judge:        The Hon. Percy Anderson<br>Courtroom:  Courtroom 9A<br>Date:        August 10, 2020<br>Time:        1:30 pm<br><br>**[no hearing per "COVID-19 Notice"]** |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on August 10, 2020, in Courtroom 9A of the Honorable Percy Anderson, located at  350 West 1st Street, Los Angeles, California 90012, plaintiff Thimes Solutions Inc. ("TSI") will, and hereby does, move for leave to file a Fourth Amended Complaint.

By the proposed amendment, TSI seeks to assert five new causes of action against defendants TP-Link USA Corporation and Auction Brothers, Inc. d/b/a Amazzia: (1) false advertising, in violation of section 43(a) of the Lanham Act, 15 U.S.C.A. § 1125(a)(1)(B); (2) an association-in-fact enterprise with intent to defraud and (3) conspiracy to engage in such enterprise, in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c) and (d); and (4) monopolization and (5) attempted monopolization, in violation of Section 2 of the Sherman Antitrust Act, 15 U.S.C. § 2.

This motion is made pursuant to Federal Rule of Civil Procedure 15(a)(2) on the grounds that leave to amend should be granted freely when justice so requires, and that TSI's assertion of these five new claims will not unduly prejudice defendants, is not sought in bad faith, does not create undue delay, and is not futile.

This motion is based on this notice of motion , the attached memorandum of points and authorities, the attached Proposed Fourth Amended Complaint, the Declaration of Mark Poe, and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 that took place on June 30, 2020.

Dated:  July 8, 2020

GAW | POE LLP

By:

Mark Poe
Attorneys for Plaintiff

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff Thimes Solutions Inc. ("TSI") respectfully moves for leave to file a Fourth Amended Complaint to assert five new causes of action against defendants TP-Link USA Corporation ("TP-Link") and Auction Brothers, Inc. d/b/a Amazzia ("Amazzia") (collectively, the "Defendants").[1]

On June 8, 2020, this Court granted leave for TSI to amend its claim for violation of Section 1 of the Sherman Antitrust Act.  (ECF No. 103 at 12.)  TSI immediately began seeking and engaged counsel experienced in antitrust matters. (Declaration of Mark Poe ("Poe Decl.") ¶¶ 2-3.)  With new counsel, TSI now seeks leave to add five additional federal causes of action.  Specifically, TP-Link and Amazzia's submission of the series of 27 complaints to Amazon that falsely accuse TSI of listing and selling counterfeit versions of TP-Link's products constitutes: (1) false advertising, in violation of section 43(a) of the Lanham Act, 15 U.S.C.A. § 1125(a)(1)(B); (2) an association-in-fact enterprise with intent to defraud and (3) a conspiracy to engage in such enterprise, in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c) and (d).  In addition, TP-Link's using Amazzia to eliminate competitors on Amazon, under the guise of "brand protection," constitutes (4) monopolization and (5) attempted monopolization of the global and nationwide market for direct-to-consumer sales of wireless local area network routers, in violation of Section 2 of the Sherman Antitrust Act, 15 U.S.C.

---

[1] The next operative complaint is the Third Amended Complaint, but Court ordered TSI to obtain leave before asserting new claims, and stated that failure to file a Third Amended Complaint could result in dismissal without warning.  (ECF No. 103 at 12.)  Thus, to avoid dismissal before this motion is decided, TSI is concurrently filing a Third Amended Complaint that asserts only a declaratory relief claim.  The allegations in the proposed Fourth Amended Complaint are identical to those in the Third Amended Complaint, except for the inclusion of the five new causes of action TSI is seeking leave to assert in this motion.  Pursuant to Local Civil Rule 15-1, a copy of the proposed Fourth Amended Complaint is attached as Exhibit A.

§ 2.

Given the strong presumption favoring amendments under Rule 15, and the absence of any evidence that would support overriding that presumption, the Court should grant TSI leave to amend to file its proposed Fourth Amended Complaint.

## II.     RELEVANT BACKGROUND

TSI filed its initial complaint on May 29, 2019 in the Southern District of New York against defendants TP-Link, Mikhail Fikhman dba Amazzia, 3PM Shield LLC, and Prevagen, Inc., alleging state law claims for Interference with Existing and Prospective Business Relationships, Tortious Interference with Contract, Libel Per Se, and Declaratory Judgment.  (ECF No. 1.)  It thereafter dismissed defendants 3PM Shield LLC, Mikhail Fikhman, and Prevagen, Inc.  (ECF Nos. 30, 40, 42.)  On July 2, 2019, TSI amended its complaint to include Amazzia.  (ECF No. 32.)

On August 14, 2019, the Southern District of New York stayed deadlines for discovery and responding to the complaint pending a settlement conference.  (ECF No. 43.)  The parties held a series of telephonic settlement conferences before a magistrate judge but were unable to settle the case.  (*See* Minute Entries on September 6, September 18, and October 16, 2019; ECF No. 47.)  On December 6, 2019, after holding a status conference, the Southern District of New York transferred the case to this District pursuant to 28 U.S.C. § 1404(a).  (ECF No. 50.)  The case was assigned to this Court on December 10, 2019.  (ECF No. 53.)

On January 7, 2020, this Court *sua sponte* dismissed the First Amended Complaint for lack of federal subject matter jurisdiction.  (ECF No. 73.)  TSI filed its Second Amended Complaint on January 13, 2020, adding a cause of action under Section 1 of the Sherman Antitrust Act.  (ECF No. 78.)  Defendants jointly moved to dismiss the SAC on February 6, 2020.  (ECF No. 86.)  On June 8, 2020, the Court granted Defendants' motion to strike TSI's state law claims pursuant to California's anti-SLAPP statute, and dismissed with leave to amend TSI's Section 1 claim.  (ECF No. 103 at 7-12.)  The deadline for TSI to file its Third Amended

1    Complaint is July 8, 2020.  (ECF No. 105.)

2         No discovery has taken place in this action to date.  (Poe Decl. ¶ 4.)

3    **III.    ARGUMENT**

4         Federal Rule of Civil Procedure 15(a)(2) provides that district courts "should

5    freely give leave [to amend] when justice so requires."  This rule reflects a policy

6    that favors amendment of pleadings.  *Guerrero v. RJM Acquisitions LLC*, 499 F.3d

7    926, 933 (9th Cir. 2007).  "Amendments seeking to add claims are to be granted

8    more freely than amendments adding parties."  *Union Pac. R.R. Co. v. Nev. Power*

9    *Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991).

10        The Ninth Circuit holds that the policy favoring amendments should be

11   applied with "extreme liberality."  *Morongo Band of Mission Indians v. Rose*, 893

12   F.2d 1074, 1079 (9th Cir. 1990).  "Courts may decline to grant leave to amend only

13   if there is strong evidence of '[1] undue delay, [2] bad faith or dilatory motive on

14   the part of the movant, [3] repeated failure to cure deficiencies by amendments

15   previously allowed, [4] undue prejudice to the opposing party by virtue of

16   allowance of the amendment, [or] [5] futility of amendment, etc.'"  *Sonoma County*

17   *Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013)

18   (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Of these *Foman* factors, "the

19   consideration of prejudice to the opposing party . . . carries the greatest weight."

20   *Eminence*, 316 F.3d at 1052.  "Absent prejudice, or a strong showing of any of the

21   remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of

22   granting leave to amend."  *Id.* (emphasis in original).  "Generally, this determination

23   should be performed with all inferences in favor of granting the motion."  *Griggs v.*

24   *Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

25        The non-moving party bears the burden of demonstrating why leave to

26   amend should not be granted.  *Perez v. Performance Food Group, Inc.*, No. 17-cv-

27   00357 JAK (SKx), 2017 WL 8239633, at *6 (C.D. Cal. Oct. 2, 2017).

28        None of the *Forman* factors that could serve to override the presumption in

MOTION FOR LEAVE TO FILE
FOURTH AMENDED COMPLAINT
CASE NO. 2:19-CV-10374-PA-E

favor of amendment is present here.

### A.   Defendants Cannot Show The Requisite Prejudice.

Turning to the most important *Foman* factor first, Defendants cannot establish the requisite showing of substantial prejudice to justify denial of leave to amend.  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("The party opposing amendment bears the burden of showing prejudice."); *Hip Hop Beverage Corp. v. RIC Representcoes Importacao e Comercio Ltda.*, 220 F.R.D. 614, 622 (C.D. Cal. 2003) ("'Undue prejudice' means substantial prejudice or substantial negative effect.")

The parties have not conducted any discovery (Poe Decl. ¶ 4), so there is no concern of duplication of (or wasted) effort.  The proposed amendments will also not disrupt the case schedule, as no trial date has been set and there are no pending discovery deadlines.  (And given the disruption to all the dockets within the Central District caused by the COVID-19 pandemic, TSI assumes that the scheduling of trials has become even more complicated.)  To the extent Defendants complain that the delay from allowing amendment is prejudicial, this Court has held that "delay[ing] the resolution of this matter" is "not sufficient to overcome the 'extreme liberality' with which the Court must grant leave to amend."  *Gardner v. Health Net, Inc.*, No. 10-cv-2140 PA (CWx), 2010 WL 3910359, at *2 (C.D. Cal. Oct. 4, 2010) (J. Anderson) (granting leave to plaintiffs to file proposed fourth amended complaint).

Further, the proposed new claims all stem from the same set of facts that TSI pled in its previous complaints, so the proposed amendments would not alter the nature of the litigation, nor would Defendants need to do anything materially different to defend themselves against these amendments.  *See, e.g.*, *CTC Glob. Corp. v. Huang*, No. 17-cv-02202 AG (KESx), 2019 WL 2610971, at *3 (C.D. Cal. Apr. 15, 2019) (finding amendment would not unduly prejudice defendants because the proposed claim "involves facts that overlap with other claims" and amendment

MOTION FOR LEAVE TO FILE
FOURTH AMENDED COMPLAINT
CASE NO. 2:19-CV-10374-PA-E

would not require additional discovery); *see also Tyco Thermal Controls LLC v. Redwood Indus.*, No. 14-cv-00272-MEJ, 2009 WL 4907512, at *3 (N.D. Cal. Dec. 14, 2009) ("[n]either delay resulting from the proposed amendment nor the prospect of additional discovery needed by the non-moving party in itself constitutes a sufficient showing of prejudice."); *Caputo v. City of San Diego Police Dep't*, No. 16-CV-00943-AJB-BLM, 2017 WL 6557753, at *5 (S.D. Cal. Dec. 22, 2017) (granting leave to file fourth amended complaint and finding that, while Plaintiff altered and transformed the claims pled, Defendants would not be substantially prejudiced because the allegations that led up to her claims remain the same).

## B. There Is No Evidence of Bad Faith or Undue Delay.

There is no evidence, much less "strong evidence," of bad faith or undue delay at issue here. *Sonoma County Ass'n*, 708 F.3d at 1117 (holding that Courts may decline to grant leave to amend only if there is "strong evidence" of the *Foman* factors). TSI did not unduly delay seeking leave to amend, and there is no evidence of it acting in bad faith. Indeed, TSI diligently began seeking experienced antitrust counsel following the Court's June 8 Order. (Poe Decl. ¶ 2.) It retained Gaw | Poe LLP shortly thereafter and new counsel thoroughly conferred with Defendants regarding the proposed amendments. (*Id*. ¶ 3.)

As noted, the proposed amendments would not unduly delay or materially alter the litigation. (*Supra* Section III.A.) This is not a situation where TSI is seeking amendment at or after the close of discovery. TSI initiated this case in May 2019 (ECF No. 1), but the litigation did not take its current form until December 2019, after TSI added Amazzia and dismissed the three other defendants, and the Southern District of New York transferred the case to this District. (ECF Nos. 30, 32, 40, 42, 50.) This case is also still at the pleading stage, no scheduling conference has taken place, discovery has not started, and the proposed amendment would not require amending any scheduling order. Courts routinely grant leave to file amended pleadings in cases that have been pending, and more actively litigated,

for longer periods of time. *See, e.g.*, *Conde v. Open Door Mktg., LLC*, No. 15-CV-04080-KAW, 2017 WL 2652051, at *3 (N.D. Cal. June 20, 2017) (granting leave to file fourth amended complaint 21 months after initial complaint filed, and noting Ninth Circuit's instruction that "delay, by itself, is insufficient to justify denial of leave to amend."); *EFG Bank AG, Cayman Branch v. Transamerica Life Ins. Co*., No. 2:16-CV-08104-CAS-GJSX, 2019 WL 5784739, at *5 (C.D. Cal. Nov. 4, 2019) (granting leave to file fourth amended complaint three years after initial complaint filed).

Defendants may contend that TSI knew, or should have known, all of the facts underlying the proposed amendments earlier in the litigation, and thus encourage the Court to deny leave. That contention fails as a matter of fact and law. Some of TSI's proposed new allegations are based on the deposition testimony given by Amazzia's Rule 30(b)(6) witness in the matter entitled *Solu-Med, Inc. v. Youngblood Skin Care Products*, currently pending in the Southern District of Florida. (Poe Decl. ¶ 5.) The transcript of that testimony became publicly available on March 6, 2020, almost two months *after* TSI filed its Second Amended Complaint. (*Id.*; ECF No. 78.)

More importantly, "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading" is "[r]elevant to evaluating the delay issue," *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990), but it is not the end of the inquiry. The Ninth Circuit holds that "[t]he purpose of the litigation process is to vindicate meritorious claims." *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973). Thus, "[r]efusing, solely because of delay, to permit an amendment to a pleading in order to state a potentially valid claim would hinder this purpose while not promoting any other sound judicial policy." *Id.* at 1190. Absent undue prejudice or bad faith, Ninth Circuit precedent holds that it is an abuse of discretion to deny litigants leave to amend. *Id.* at 1190-1191 (reversing decision to deny leave to amend based solely

MOTION FOR LEAVE TO FILE
FOURTH AMENDED COMPLAINT
CASE NO. 2:19-CV-10374-PA-E

on an unjustified delay of five years and noting "where there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion."); *see Roberts v. Arizona Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981) ("Ordinarily, leave to amend pleadings should be granted regardless of the length of time of delay by the moving party absent a showing of bad faith by the moving party or prejudice to the opposing party.")

### C.   There Has Not Been a Repeated Failure to Cure Deficiencies.

Nor is this a situation where TSI has "repeated[ly] fail[ed] to cure deficiencies by amendments previously allowed."  *Sonoma County Ass'n*, 708 F.3d at 1117.  TSI filed its First Amended Complaint "as a matter of course" under Rule 15(a)(1), merely to add defendant Amazzia.  (Fed. R. Civ. Proc. 15(a)(1); ECF No. 32.)  It filed the Second Amended Complaint in response to the Court's *sua sponte* order (ECF No. 73) to clarify federal subject matter jurisdiction, and alleged for the first time its claim under Section 1 of the Sherman Antitrust Act (ECF No. 78). And its concurrently-filed Third Amended Complaint was limited to just the declaratory relief claim per the order of this Court.  TSI has not had an opportunity to demonstrate the validity of its proposed claims under the Lanham Act, RICO, and Section 2 of the Sherman Antitrust Act, and respectfully submits that it should be given the chance to do so.  Indeed, this would be the rare case if leave to amend was not granted when the parties had engaged in motion practice only once over whether the allegations in a pleading adequately state a claim for relief.

### D.   Amendment Would Not Be Futile.

A proposed amended pleading is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."  *Miller v. RykoffSexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). To prevail on this theory, Defendants must show that the proposed amendment is "legally insufficient."  *See Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646,

650 (9th Cir. 1984).

Defendants cannot show that leave to amend would be futile.  At this stage, Ninth Circuit courts look to a plaintiff's allegations as set forth in the complaint, not defendants' assessment of the merits of the underlying claims.  *Rieve v. Coventry Health Care, Inc.*, No. 11-cv-1032 DOC, 2012 WL 929737, at *3 (C.D. Cal. Mar. 19, 2012); *Gardner*, 2010 WL 3910359, at *1 (J. Anderson) ("While the legal sufficiency of a proposed amendment may be determined using the same standard as applied on a Rule 12(b)(6) motion, such issues are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend.")  Accordingly, district courts will ordinarily defer consideration of the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.  *Gardner*, 2010 WL 3910359, at *1 (J. Anderson).

Given the liberal framework of pleading amendments, and the fact that the TSI's amendment will not unduly prejudice Defendants or disrupt the case schedule, TSI respectfully ask that its motion for leave to amend be granted.

## IV.    CONCLUSION

For the foregoing reasons, TSI respectfully requests leave to file the Fourth Amended Complaint.

Dated:  July 8, 2020                              GAW | POE LLP


                                                  By: _____
                                                        Mark Poe

                                                  Attorneys for Plaintiff
                                                  Thimes Solutions Inc.

MOTION FOR LEAVE TO FILE
FOURTH AMENDED COMPLAINT
CASE NO. 2:19-CV-10374-PA-E