Stephen R. Smerek (State Bar No. 208343)
  ssmerek@foley.com
Tiffany Kim Sung (State Bar No. 323077)
  tsung@foley.com
**FOLEY & LARDNER LLP**
555 South Flower Street, Suite 3300
Los Angeles, CA 90071-2411
Telephone:  (213) 972-4500
Facsimile:  (213) 486-0065

Attorneys for Defendant
TP LINK USA CORPORATION

Alton G. Burkhalter (State Bar No. 119595)
  aburkhalter@bkcglaw.com
Josh A. Waldman (State Bar No. 222859)
  jwaldman@bkcglaw.com
**BURKHALTER KESSLER
CLEMENT & GEORGE LLP**
2020 Main Street, Suite 600
Irvine, CA 92614-8336
Telephone:  (949) 375-7500
Facsimile:  (949) 975-7501

Attorneys for Defendant
AUCTION BROTHERS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS INC., | Case No:  2:19-cv-10374-PA (Ex) |
| Plaintiff, | Hon. Percy Anderson |
| v. | DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |
| TP LINK USA CORPORATION, et al. | |
| Defendants. | Fed. R. Civ. P. 12 |
| | Hearing Date:     August 31, 2020<br>Hearing Time:     1:30 p.m.<br>Courtroom:         Courtroom 9A<br>TAC Filed:          July 8, 2020 |

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL HEREIN:**

**PLEASE TAKE NOTICE** that on Monday, August 31, 2020 at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 9A before the Honorable Percy Anderson of the United States District Court for the Central District of California, located at 350 W. 1st Street, Los Angeles, California.  Defendants TP Link USA Corporation ("TP-Link") and Auction Brothers, Inc. d/b/a Amazzia ("Amazzia", together with TP-Link, "Defendants"), will move and hereby do move this Court, pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(1), for an Order dismissing the sole cause of action for declaratory relief asserted in the Third Amended Complaint filed by Thimes Solutions, Inc. ("Plaintiff") on July 8, 2020.  (Dkt. 112.)

Specifically, Defendants seek an order dismissing Plaintiff's declaratory judgment claim pursuant to FRCP 12(b)(1) on the grounds that there is no case or controversy warranting the Court's subject matter jurisdiction.

This Motion is based upon this Notice of Motion; the attached Memorandum of Points and Authorities; the Proposed Order filed and submitted concurrently herewith; and upon such oral or documentary evidence or testimony that may be presented to this Court at or before the hearing on this Motion.

## COMPLIANCE WITH LOCAL RULE 7-3

The Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on July 10, 2020.

DATED:  July 27, 2020               **FOLEY & LARDNER LLP**

                                    */s/Stephen R. Smerek*
                                    Stephen R Smerek
                                    Tiffany Kim Sung
                                    FOLEY & LARDNER LLP
                                    *Attorneys for Defendant*
                                    *TP Link USA Corporation*

JOINT MOTION TO DISMISS
CASE NO:  2:19-CV-10374-PA (EX)

4847-9488-2242.6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**BURKHALTER KESSLER
CLEMENT & GEORGE LLP**

*/s/Josh A. Waldman*
Alton G. Burkhalter
Josh A. Waldman
BURKHALTER KESSLER
  CLEMENT & GEORGE LLP
*Attorneys for Defendant
Auction Brothers, Inc.*

JOINT MOTION TO DISMISS
CASE NO:  2:19-CV-10374-PA (EX)

4847-9488-2242.6

# **TABLE OF CONTENTS**

Page

I.    INTRODUCTION .................................................................................... 1

II.   FACTUAL ALLEGATIONS ................................................................... 1

III.  PROCEDURAL POSTURE ..................................................................... 2

IV.   LEGAL STANDARD .............................................................................. 4

V.    ARGUMENT ........................................................................................... 5

    A.    Plaintiff Fails to Establish that Subject Matter Jurisdiction Exists for Its Declaratory Judgment Cause of Action ............................ 5

        1.    There is no present case or controversy. ............................... 5

        2.    The relevant DJA factors weigh against exercise of jurisdiction. ........ 8

VI.   CONCLUSION ........................................................................................ 9

4847-9488-2242.6

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*,
  300 U.S. 227 (1937)...................................................................................4

*Bayer v. Neiman Marcus Grp.*,
  861 F.3d 853 (9th Cir. 2017) ..................................................................5, 7

*Gov't Employees Ins. Co. v. Dizol*,
  133 F.3d 1220 (9th Cir. 1998) .................................................................4, 8

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
  511 U.S. 375 (1994)...................................................................................5

*Leite v. Crane Co.*,
  749 F.3d 1117 (9th Cir. 2014) ....................................................................5

*Malava, LLC v. Innovative Grp. Holdings, Inc.*,
  No. 09cv173 WQH (WVG), 2010 U.S. Dist. LEXIS 123968, 2010 WL
  4868024 (S.D. Cal. Nov. 22, 2010) ............................................................7

*MedImmune, Inc. v. Genentech, Inc.*,
  549 U.S. 118 (2007)...................................................................................4

*O'Hagins, Inc. v. M5 Steel Mfg., Inc.*,
  276 F. Supp. 2d 1020 (N.D. Cal. 2003) ......................................................8

*Prasco, LLC v. Medicis Pharm. Corp.*,
  537 F.3d 1329 (Fed. Cir. 2008) ..................................................................4

*Safe Air for Everyone v. Meyer*,
  373 F.3d 1035 (9th Cir. 2004) ....................................................................5

*Sobini Films v. Tri-Star Pictures, Inc.*,
  No. CV 01-06615 ABC, 2001 U.S. Dist. LEXIS 23509 (C.D. Cal. Nov.
  21, 2001) ...................................................................................................6

*Windsurfing Intern. Inc. v. AMF Inc.*,
  828 F.2d 755 (Fed. Cir. 1989) ..................................................................5, 7

JOINT MOTION TO DISMISS
CASE NO: 2:19-CV-10374-PA (EX)

4847-9488-2242.6

1

**Federal Statutes**

28 U.S.C.
§ 2201(a) ............................................................................................4

Federal Rules of Civil Procedure Rule 12(b)(1) ..........................................*passim*

4847-9488-2242.6

## I.     INTRODUCTION

At its core, Plaintiff's Third Amended Complaint [Dkt. 112 ("TAC")] is nothing more than an improper request for an advisory opinion from the Court.  Plaintiff spends the bulk of the Third Amended Complaint attempting to paint Defendants as bad actors, operating an illegal enterprise aimed at "squash[ing] the competitive threat posed by" Plaintiff and other similarly situated unauthorized distributors on Amazon.  (*See* TAC at ¶¶ 10, 34.)  However, not only are such conclusory allegations unsupported by the facts pleaded, the allegations are wholly irrelevant to Plaintiff's sole remaining claim for declaratory judgment of noninfringement.  Fatal to Plaintiff's standalone declaratory judgment claim is the fact that it turns not on ***past*** or hypothetical ***future*** conduct, but on whether there exists an actual case or controversy at present.  That is simply not the case here.  While Plaintiff suggests that declaratory relief is appropriate here because it allegedly cannot sell its products on Amazon, Plaintiff's own pleading establishes that, since August 27, 2018, Amazon has ***permanently*** banned Plaintiff from selling on Amazon's platform.  Critically, there are no allegations that Plaintiff's relationship with Amazon would change if Plaintiff prevailed on its declaratory judgment claim.  Finally, Plaintiff does not allege that it has sold its products through any other distribution channel apart from Amazon, or that Defendants have taken any steps to prevent Plaintiff from selling products through any other distribution channels.

In sum, there is no present case or controversy, and the sole remaining claim for declaratory judgment must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## II.    FACTUAL ALLEGATIONS

Plaintiff alleges that it became a third-party seller on the Amazon Marketplace in 2016.  (TAC at ¶ 20.)  As its business model, Plaintiff generally alleges that it "buys and re-sells products in the manufacturer's original packaging, and does not repackage, modify, or otherwise change the product for re-sale."  (*Id.*)  While Plaintiff alleges that it "legally purchases large volumes of these products from other distributors who sell them

at a steep discount to the manufacturer's suggested retail price", the Third Amended Complaint does not include any factual allegations regarding the identity of the source of the purported TP-Link branded products at issue here that would demonstrate the genuineness of Plaintiff's TP-Link branded products.   (*Id*.)   Likewise, the Third Amended Complaint does not actually identify any specific, registered trademarks, or products, that allegedly form the basis for its request for declaratory judgment of noninfringement.

According to the Third Amended Complaint, Amazon first suspended Plaintiff, with appeal rights, in May 2018. (TAC at ¶ 46)   Thereafter, in August 2018, after Plaintiff failed to satisfy Amazon's request for proof that the products Plaintiff was selling were genuine products in compliance with Amazon's policies, Amazon permanently expelled Plaintiff from platform without appeal rights.   (*Id*. at ¶ 47).   Plaintiff does not allege that there are any restrictions on Amazon's right to permanently ban sellers from its platform.   Based on the facts alleged in the Third Amended Complaint, Plaintiff stopped selling products on Amazon in 2018.   The Third Amended Complaint does not name Amazon as a defendant, and it does not include any allegations that, if true, would establish that declaratory judgment in favor of Plaintiff would alter the permanent ban Amazon has placed on Plaintiff.   Plaintiff does not allege that it has ever sold any products through any other distribution channels, nor does Plaintiff allege that Defendants have ever taken or threatened any action to block Plaintiff from selling lawfully obtained, genuine products through other distribution channels.

## III.   PROCEDURAL POSTURE

Plaintiff first commenced this case more than a year ago in the Southern District of New York, filing the initial Complaint in May 2019.  (Dkt. 1.)   Before Defendants responded, in July 2019, Plaintiff filed its First Amended Complaint as a matter of right. (Dkt. 32.)   The parties met and conferred regarding Defendants' anticipated motion to dismiss for lack of personal jurisdiction in New York.   Plaintiff initially refused to dismiss or transfer the case to California.  Following an initial scheduling conference in

August 2019, the Court continued the deadline for Defendants' to respond to the First Amended Complaint, ordering the parties to early mediation. Mediation was unsuccessful, and the parties appeared before the Court for a further scheduling conference on December 6, 2019. At that time, Plaintiff consented to transfer of the case to California to avoid a motion to dismiss for lack of personal jurisdiction. (Dkt. 50.)

Upon transfer, this Court, on its own accord, dismissed the First Amended Complaint for failure to plead federal subject matter jurisdiction and granted Plaintiff leave to amend. (Dkt. 73.) Notably, the Court's order was strictly limited to granting Plaintiff an opportunity to "attempt to establish federal subject matter jurisdiction." (*Id.*) Nevertheless, Plaintiff took advantage of the order to allege an entirely new claim for per se federal antitrust violations without leave of Court. (Dkt. 78.)

After extensive motion practice regarding the Second Amended Complaint, including supplemental briefing ordered by the Court, on June 8, 2020, the Court granted Defendants' anti-SLAPP motion to strike Plaintiff's claims for trade libel and interference with existing and prospective business relationships. (Dkt. 103.) The Court also denied Plaintiff's claim for per se violation of the antitrust laws with leave to amend. (*Id.*) While the order provided Plaintiff with an opportunity to file an amended complaint, the Court did not otherwise address Plaintiff's remaining claim for declaratory judgment. (*Id.*) Finally, given Plaintiff's prior conduct, the order mandated that "[n]o new claims may be asserted without leave from the Court." (*Id.*)

In response to the adverse ruling, Plaintiff filed its Third Amended Complaint on July 8, 2020, asserting a single cause of action for declaratory judgment. (Dkt. 112.) And, notably, Plaintiff abandoned its claim for per se violation of the federal antitrust laws. (*Id.*) Concurrently therewith, Plaintiff also filed a motion for leave to file a Fourth Amended Complaint again seeking to add multiple new claims, including: (1) Lanham Act – False Advertising; (2) RICO – substantive; (3) RICO – conspiracy; (4) Sherman Act – Section 2 – Maintenance of Monopoly; and (5) Sherman Act – Section 2 – Attempted Monopolization. (Dkt. 113.)

## IV.     LEGAL STANDARD

FRCP 12(b)(1) provides for dismissal of a complaint for lack of subject-matter jurisdiction.   Fed. R. Civ. P. 12(b)(1).   Article III of the United States Constitution restricts federal judicial power to the adjudication of "Cases" or "Controversies."  U.S. Const. art. III, § 2.  The Declaratory Judgment Act ("DJA") provides: "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).   A lawsuit seeking federal declaratory relief under the DJA cannot proceed unless the plaintiff first establishes an actual case or controversy within the meaning of Article III, section 2 of the United States Constitution.  *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1222-23 (9th Cir. 1998).

Subject matter jurisdiction in a declaratory judgment action thus depends on the existence of "a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).  "The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240-241 (1937); *see also Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1339 (Fed. Cir. 2008) ("[A] case or controversy must be based on a real and immediate injury or threat of future injury that is caused by the defendants—an objective standard that cannot be met by a purely subjective or speculative fear of future harm.").  "In a trademark case, the 'actual case or controversy' test requires the plaintiff to establish: (1) that the defendant's conduct created 'a real and reasonable apprehension of liability on the part of the plaintiff,' and (2) that the plaintiff engaged in a course of conduct which has brought it into adversarial conflict with the defendant." *Windsurfing Intern. Inc. v. AMF Inc.*, 828 F.2d 755, 757-58 (Fed. Cir. 1989).

Plaintiff, as the party seeking to invoke jurisdiction, has the burden of establishing

4847-9488-2242.6

that jurisdiction exists.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Under FRCP 12(b)(1), a defendant may challenge the plaintiff's assertion of jurisdiction in one of two ways.  *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). First, a "'facial' attack accepts the truth of the plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'"  *Id.* (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)).  In such a case, the district court resolves a facial attack as it would a motion to dismiss under FRCP 12(b)(6).  *Id.* "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  *Safe Air for Everyone*, 373 F.3d at 1039.

Here, Defendants assert a facial attack on subject matter jurisdiction.

## V.   ARGUMENT

### A.   Plaintiff Fails to Establish that Subject Matter Jurisdiction Exists for Its Declaratory Judgment Cause of Action

Plaintiff's claim for declaratory judgment of non-infringement should be dismissed because there is no present case or controversy warranting the Court's discretionary exercise of subject matter jurisdiction under the DJA.

#### 1.   There is no present case or controversy.

Plaintiff's claim for declaratory judgement requests a declaration of non-infringement of TP-Link's trademark rights, but the Third Amended Complaint fails to allege any facts to demonstrate that a "case or controversy" exists.  *Bayer v. Neiman Marcus Grp.*, 861 F.3d 853, 867 (9th Cir. 2017).  "To show that an actual controversy exists in declaratory judgment matter involving intellectual property, a plaintiff must show both (1) an explicit threat which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity."  *Sobini Films v. Tri-Star Pictures, Inc.*, No. CV 01-06615 ABC (RNBx), 2001 U.S. Dist. LEXIS 23509, at *28-29 (C.D. Cal. Nov. 21, 2001) (emphasis in

JOINT MOTION TO DISMISS
CASE NO: 2:19-CV-10374-PA (EX)

4847-9488-2242.6

original).

The California Central District Court's decision in *Sobini* is instructive here.  In *Sobini*, a plaintiff film company filed suit against defendants asserting a claim for declaratory judgment of non-infringement of defendant's trademark as it related to the production, marketing, and distribution of a filmed version of plaintiff's "treatment" of the Zorro character from the defendants' film, "The Mask of Zorro."  *Sobini*, 2001 U.S. Dist. LEXIS 23509, at *2.   Defendants filed a motion to dismiss Plaintiff's complaint on grounds that it failed to state a claim for relief and presented no justiciable case or controversy.  *Id*. at *3.  In granting defendants' FRCP 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the court found it critical that plaintiff had "not engaged in sufficient activity to constitute concrete steps to engage in present activity that could amount to infringement."  *Id*. at *17.  Specifically, the court found that plaintiff was "not 'immediately prepared' to produce 'Zorro 2040'" in light of the fact that plaintiff had "not even reached 'preliminary agreements' or obtained commitments from 'key talent' such as a director and lead actors, nor ha[d] [plaintiff] even entered into a contract with a writer (or writers) to create a screenplay for 'Zorro 2040.'"  *Id*. at *18.

Here, as an initial matter, Plaintiff has not alleged any inclination to continue selling TP-Link branded products on Amazon, or that it is currently selling any TP-Link branded products online through other distribution channels.   Thus, by definition, the Third Amended Complaint asks this Court to render an advisory opinion regarding potential future conduct by Plaintiff, and Plaintiff's apprehension regarding actions that Defendants may take (but have not taken or threatened).   Like the plaintiff in *Sobini*, Plaintiff fails to plead that it has—or even can—take concrete steps that would constitute actionable infringement in order to demonstrate a present case or controversy.  Indeed, the Third Amended Complaint affirmatively establishes that on August 27, 2018, Amazon **permanently** prohibited Plaintiff from selling products on Amazon.  (TAC at ¶ 47.)  Assuming, *arguendo*, the Court decides in Plaintiff's favor on its claim for declaratory judgment, there are no allegations that such a judgement would affect

4847-9488-2242.6

Plaintiff's prohibition from using Amazon as a platform to sell its products. Plaintiff also fails to allege that it has ever resold TP-Link's products through any other distribution channel other than Amazon, or that TP-Link has ever taken any affirmative action to prevent Plaintiff from reselling TP-Link products in any distribution channel other than Amazon.

Rather than seek declaratory judgment on a present controversy, Plaintiff essentially requests an improper advisory opinion regarding past conduct or possible future conduct. *See, e.g., Windsurfing Int'l, Inc.*, 828 F.2d at 758 ("Rather than use the mark, get sued, and fight it out in court, [defendant] was saying, 'We would like to use the mark, but before we do, we want a court to say we may do so safely.' Thus [defendant's] complaint and counterclaim sought an advisory opinion, something a federal court may not give.") (citation omitted). "[A] declaratory judgment merely adjudicating past violations of federal law—as opposed to continuing or future violations of federal law—is not an appropriate exercise of federal jurisdiction. The value of the judicial pronouncement—what makes it a proper judicial resolution of a 'case or controversy' rather than an advisory opinion—is in the settling of some dispute *which affects the behavior of the defendant towards the plaintiff.*" *Bayer*, 861 F.3d at 868 (emphasis in original) (internal citations and quotations omitted); *see also Malava, LLC v. Innovative Grp. Holdings, Inc.*, No. 09cv173 WQH (WVG), 2010 U.S. Dist. LEXIS 123968, 2010 WL 4868024, at *2-3 (S.D. Cal. Nov. 22, 2010) (holding that even where a party had "previously used" a mark, and a trademark infringement action had been filed, there was no case or controversy sufficient to support a declaratory judgment action where the party "had ceased using" the term and the trademark owner had sought voluntary dismissal of its trademark infringement claims).

For all of the foregoing reasons, there is no actual controversy in this lawsuit that would be resolved by a finding that Plaintiff's future sale of TP-Link branded products is non-infringing. Accordingly, the Third Amended Complaint must be dismissed for lack of subject matter jurisdiction pursuant to FRCP 12(b)(1).

### 2.     The relevant DJA factors weigh against exercise of jurisdiction.

For the reasons set forth above, Plaintiff has failed to meet its burden to establish that there is an actual present case or controversy, and the Court therefore lacks subject matter jurisdiction over Defendants.  Further, even if subject matter jurisdiction existed, the exercise of such jurisdiction is within the discretion of the Court, and the relevant factors strongly weigh against exercise of jurisdiction in this case.  *O'Hagins, Inc. v. M5 Steel Mfg., Inc.,* 276 F. Supp. 2d 1020, 1025 (N.D. Cal. 2003) ("Yet even when a court determines that an actual controversy exists between the parties, the court is not required to exercise declaratory judgment jurisdiction, but has discretion to decline that jurisdiction.").

As set forth by the Ninth Circuit, courts consider several factors in determining whether to exercise discretion under the DJA, including: (1) "avoid[ing] needless determination of state law issues"; (2) "discourag[ing] litigants from filing declaratory actions as a means of forum shopping"; (3) "avoid[ing] duplicative litigation"; (4) "whether the declaratory action will settle all aspects of the controversy"; (5) "whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue"; (6) "whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage"; (7) "whether the use of a declaratory action will result in entanglement between the federal and state court systems"; (8) "the convenience of the parties"; and (9) "the availability and relative convenience of other remedies."  *Gov't Emples. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225, n. 5 (9th Cir. 1998).  Here, these factors militate against the Court's discretionary exercise of jurisdiction over Plaintiff's declaratory judgment claim.

A declaratory judgment would not settle all aspects of the controversy or serve a useful purpose in clarifying the legal relations at issue because Plaintiff's allegations concern ***past*** and hypothetical ***future*** conduct that a declaratory judgment of non-infringement would not resolve.  As detailed above, Plaintiff fails to allege any facts indicating that it is currently selling TP-Link branded products through Amazon or any

4847-9488-2242.6

other distribution channel, or that it plans to do so in the future.  Thus, no legal relations would be clarified by a declaratory judgment of non-infringement at this time.  Therefore, this Court should decline to exercise its discretion under the DJA to provide Plaintiff with an advisory opinion regarding some speculative potential future conduct that may never occur.

## VI.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss Plaintiff's claim for declaratory judgment for non-infringement pursuant to FRCP 12(b)(1) for lack of subject matter jurisdiction.

A Proposed Order is filed concurrently herewith.

DATED:  July 27, 2020

**FOLEY & LARDNER LLP**

*/s/Stephen R. Smerek*
Stephen R. Smerek
Tiffany Kim Sung
FOLEY & LARDNER LLP
*Attorneys for Defendant*
*TP Link USA Corporation*

**BURKHALTER KESSLER**
 **CLEMENT & GEORGE LLP**

*/s/Josh A. Waldman*
Alton G. Burkhalter
Josh A. Waldman
BURKHALTER KESSLER
 CLEMENT & GEORGE LLP
*Attorneys for Defendant*
*Auction Brothers, Inc.*

JOINT MOTION TO DISMISS
CASE NO:  2:19-CV-10374-PA (EX)

4847-9488-2242.6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ATTESTATION CLAUSE

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer of this document attests that all of the signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.


DATED: July 27, 2020          **FOLEY & LARDNER LLP**
                              STEPHEN R. SMEREK
                              TIFFANY KIM SUNG



                              */s/ Stephen R. Smerek*
                              Stephen R. Smerek
                              ATTORNEYS FOR DEFENDANT TP LINK USA
                              CORPORATION

JOINT MOTION TO DISMISS
CASE NO: 2:19-CV-10374-PA (EX)

4847-9488-2242.6