MARK POE (S.B. #223714)
mpoe@gawpoe.com
RANDOLPH GAW (S.B. #223718)
rgaw@gawpoe.com
VICTOR MENG (S.B. #254102)
vmeng@gawpoe.com
GAW | POE LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

MARK SCHLACHET (*pro hac vice*)
markschlachet@me.com
3515 Severn Road
Cleveland, OH 44118
Telephone: (216) 225-7559
Facsimile: (216) 932-5390

CHRISTOPHER J. HAMMOND
(S.B. #150024)
chammond@bizlawpro.com
21540 Prairie Street, Unit A
Chatsworth, CA 91311
Telephone: (866) 625-2529
Facsimile: (866) 463-9285

Attorneys for Plaintiff
Thimes Solutions Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

|  |  |
|---|---|
| THIMES SOLUTIONS INC.<br><br>Plaintiffs,<br><br>v.<br><br>TP-LINK USA CORPORATION, and AUCTION BROTHERS, INC. d/b/a AMAZZIA<br><br>Defendant. | Case No. 2:19-cv-10374-PA-E<br><br>**THIMES SOLUTIONS INC.'S REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**<br><br>Judge:      The Hon. Percy Anderson<br>Courtroom: Courtroom 9A<br>Date:       TBD<br>Time:       TBD<br><br>**[no hearing per "COVID-19 Notice"]** |

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................1

I.    THERE IS NO UNDUE PREJUDICE TO DEFENDANTS. ...........................2

II.    THIMES DID NOT ENGAGE IN UNDUE DELAY.......................................5

III.    THIMES HAS HAD LIMITED OPPORTUNITIES TO AMEND. .................6

IV.    THIMES DID NOT ACT IN BAD FAITH.......................................................6

V.    THIMES' PROPOSED AMENDMENTS ARE NOT FUTILE. ......................7

        A.    The Lanham Act Claim Is Not Futile.......................................................8

        B.    The RICO Claims Are Not Futile. ..........................................................11

        C.    The Sherman Act Claims Are Not Futile.................................................11

1
2

## <u>TABLE OF AUTHORITIES</u>

3

**Page(s)**

4

**Federal Cases**

5

*AIG Prop. Cas. Co. v. Cosby*
6
  No. 15-CV-04842-BRO, 2016 WL 6662730 (C.D. Cal. Jan. 8, 2016)................. 3

7

*Allen v. City of Beverly Hills*
8
  911 F.2d 367 (9th Cir. 1990) ..................................................................... 5

9

*AmerisourceBergen Corp. v. Dialysist West, Inc.*
10
  465 F.3d 946 (9th Cir. 2006) .............................................................. 3, 5

11

*Brown v. Stored Value Cards, Inc.*
  953 F.3d 567 (9th Cir. 2020) .............................................................. 2, 5
12

13

*California v. Neville Chemical Co.*
  213 F. Supp. 2d 1142 (C.D. Cal. 2002) ................................................... 7
14

15

*Capp v. County of San Diego*
  940 F.3d 1046 (9th Cir. 2019) ............................................................. 11
16

17

*Chudacoff v. Univ. Med. Ctr. of So. Nev.*
  649 F.3d 1143 (9th Cir. 2011) ............................................................... 1
18

19

*DCD Programs, Ltd. v. Leighton*
  833 F.2d 183 (9th Cir. 1987) ................................................................. 2
20

*Factory Direct Wholesale, LLC v. Itouchless Housewares & Prods.*
  411 F. Supp. 3d 905 (N.D. Cal. 2019) ................................................... 10
21

22

*C.F. ex rel. Farnan v. Capistrano Unified School Dist.*
  654 F.3d 975 (9th Cir. 2011) ................................................................. 2
23

24

*Foman v. Davis*
  371 U.S. 178 (1962) ...................................................................... 1, 2
25

*Garmon Corp. v. Vetnique Labs, LLC*
26
  No. 19-cv-8251, 2020 WL 3414983 (N.D. Ill. June 22, 2020) ................... 8, 9, 10

27
28

*Gocke v. United States*
No. 16-CV-1560-MWF, 2018 WL 4945685 (C.D. Cal. Feb. 23, 2018) .................................................................................................. 8

*GWS Techs.. Inc. v. Furth*
No. 08-CV-00586-CJC, 2009 WL 10675903 (C.D. Cal. Dec. 4, 2009) .................................................................................................. 3

*Jackson v. Bank of Hawaii*
902 F.2d 1385 (9th Cir. 1990) ..................................................... 4

*Johnson v. Am. Airlines, Inc.*
834 F.2d 721 (9th Cir. 1987) ....................................................... 8

*Learjet v. Oneok, Inc.*
715 F.3d 716 (9th Cir. 2013) ....................................................... 6

*Lexmark Int'l, Inc. v. Static Control Components*
572 U.S. 118 (2014) ........................................................... 10, 11

*Mireles v. Paragon Systems, Inc.*
No. 13-CV-122 L (BGS), 2014 WL 2727001 (S.D. Cal. June 16, 2014) .................................................................................................. 7

*Morongo Band of Mission Indians v. Rose*
893 F.2d 1074 (9th Cir. 1990) .................................................. 4, 5

*Novation Ventures, LLC v. J.G. Wentworth Co.*
156 F. Supp. 3d 1094, 1102 (C.D. Cal. 2015) .......................... 12

*Owens v. Kaiser Found. Health Plan, Inc.*
244 F.3d 708 (9th Cir. 2001) .................................................... 3, 5

*Quach v. CVS Pharmacy, Inc.*
No. 13-cv-2695 EMC, 2014 WL 524042 (N.D. Cal. Feb. 6, 2014) ...................... 3

*Rebel Oil Co. v. Atlantic Richfield Co.*
51 F.3d 1421 (9th Cir. 1995) ..................................................... 12

*Retrophin, Inc. v. Questcor Pharmaceuticals, Inc.*
41 F. Supp. 3d 906, 918 (C.D. Cal. 2014) ................................ 12

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*
442 F.3d 741 (9th Cir. 2006) ..................................................... 6

*Royal Ins. Co. of Am. v. Southwest Marine*
   194 F.3d 1009 (9th Cir. 1999) ............................................................. 5, 6

*Sky Billiards, Inc. v. WolVol, Inc.*
   No. 15-CV-02182 RGK, 2016 WL 7479426 (C.D. Cal. 2016) ........................ 10

*SmileCare Dental Group v. Delta Dental Plan of Calif.*
   88 F.3d 780 (9th Cir. 1996) ................................................................. 12

*Solu-Med, Inc. v. Youngblood Skin Care*
   No. 19-CV-60487-PKA (S.D. Fla.) ...................................................... 6, 7

*Sonoma County Ass'n of Retired Employees v. Sonoma County*
   708 F.3d 1109 (9th Cir. 2013) ............................................................. 1, 7

*Unicorn Glob., Inc. v. GoLabs, Inc.*
   No. 3:19-CV-0754-N, __ F. Supp. 3d __, 2020 WL 1325235 (N.D.
   Tex. Mar. 20, 2020) ............................................................................. 9

*Wells Fargo & Co. v. ABD Ins. & Fin. Services, Inc.*
   758 F.3d 1069 (9th Cir. 2014) .............................................................. 10

*Xyratex Tech., Ltd. v. Teradyne, Inc.*
   No. 08-CV-04545 SJO, 2009 WL 10702551 (C.D. Cal. Apr. 10,
   2009) ................................................................................................ 4

**Federal Statutes**

15 U.S.C. § 1125(a)(1)(B) ........................................................... 8, 9, 10

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ............................................................... 11

Fed. R. Civ. P. Rule 15(a) ............................................................ 1, 2

REPLY ISO MOTION FOR LEAVE TO FILE
FOURTH AMENDED COMPLAINT
CASE NO. 2:19-CV-10374-PA-E

**PRELIMINARY STATEMENT**

To deny leave to amend, the Ninth Circuit requires "***strong evidence*** of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma County Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) (emphasis added).  Defendants failed to meet this burden, as their opposition presents little to no evidence at all about any of the *Foman* factors.  Defendants did not file any supporting declarations, and many of the assertions in their opposition brief are conspicuously presented without citation to anything in the record.

Defendants' inability to present the requisite evidence to defeat TSI's motion is not surprising, because this case is no different from the many cases where the Ninth Circuit has held that leave to amend should have been granted.  No discovery has occurred.  There is no scheduling order in place, let alone a trial date.  Prior to TSI filing this motion for leave to amend, Defendants had moved to dismiss TSI's claims only once before.  (ECF No. 86.)  Thus, while Defendants claim they "would essentially need to restart much of their defense from the beginning" (*see* Opp. at 6), the docket and lack of supporting evidence reveal that whatever "restart" Defendants might need does not overcome the "extreme liberality" standard that the Ninth Circuit mandates.  (Mot. at 3; Opp. at 1.)

"Rule 15(a) is designed 'to facilitate [a] decision on the merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Ctr. of So. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011) (citation omitted).  "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Here, TSI proposes to allege, in great detail, facts setting forth Defendants' systematic effort to unfairly eliminate TSI as a competitor

through the repeated and knowing publication of materially false facts about TSI's products.  These claims should be tested on their merits.

## I.      THERE IS NO UNDUE PREJUDICE TO DEFENDANTS.

Defendants do not dispute that "[o]f the *Foman* factors, prejudice to the opposing party carries the most weight." *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (citing *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)).  Nor do they dispute that "'[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a ***presumption*** under Rule 15(a) in favor of granting leave to amend.'"  *C.F. ex rel. Farnan v. Capistrano Unified School Dist.*, 654 F.3d 975, 985 (9th Cir. 2011) (quoting *Eminence Capital*, 316 F.3d at 1051) (emphasis in original).

Here, Defendants are unable to demonstrate that undue prejudice exists (or present a strong showing for the other *Foman* factors, *see infra* at 5-12), and thus do not overcome the presumption that the Court should grant TSI leave to file the Fourth Amended Complaint.  Their argument goes something like this: because the new causes of action TSI seeks to add are based on different statutes, Defendants, ergo, are unduly prejudiced because they have to "explore different defenses and facts that support those defenses."  (Opp. at 5-6.)  Defendants claim they "essentially need to restart much of their defense from the beginning, for a third time" and that they had "invested substantial resources into developing their strategy and defending" themselves.  But they cite only their (single) motion to dismiss and their reply, and the Court's order granting that motion as the purported support for whatever time and energy they had invested to date.  (Opp. at 6-7 (citing ECF Nos. 86, 101, 103).)

Nothing Defendants have described constitutes undue prejudice as a matter of law.  "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183 (9th Cir. 1987).  If it were true that adding additional causes of action

would prejudice the opposing party to warrant denial of request for leave to amend, "no party could move for leave to amend its complaint to add new causes of action —the additional claims would certainly always require additional time and expense to the detriment of the party opposing amendment." *AIG Prop. Cas. Co. v. Cosby*, No. 15-CV-04842-BRO (RAOx), 2016 WL 6662730, at *6 (C.D. Cal. Jan. 8, 2016). And as the Ninth Circuit has held, there is no undue prejudice when "an amendment caused no delay in the proceedings and required no ***additional*** discovery." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (emphasis added). Here, ***no discovery has taken place***, so the Fourth Amended Complaint cannot result in any "***additional*** discovery" taking place. *See also Quach v. CVS Pharmacy, Inc.*, No. 13-cv-2695 EMC, 2014 WL 524042, at *3 (N.D. Cal. Feb. 6, 2014) (granting leave to amend and finding no prejudice because "trial is ten months away, discovery is ongoing, and no depositions had been taken at the time Mr. Quach filed his motion for leave to amend.").

Moreover, Defendants' complaints that they've expended resources in litigating the case up to this point is irrelevant as a matter of law. The Ninth Circuit has noted that there is no authority "holding that prejudice should be measured by litigation expenses incurred before a motion to amend is filed." *Owens*, 244 F.3d at 712. And courts in this district hold that "[a]ny litigation expenses incurred before [a party] moved for leave to amend do not constitute prejudice precluding leave to amend." *GWS Techs.. Inc. v. Furth*, No. 08-CV-00586-CJC (PLAx), 2009 WL 10675903, at *2 (C.D. Cal. Dec. 4, 2009).

The cases Defendants cite are all easily distinguishable because discovery had already taken place before the moving party sought to dramatically upend the nature of the lawsuit itself. *See, e.g., AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 949, 955 (9th Cir. 2006) (affirming denial of leave to amend (1) that sought to contradict judicial admissions in prior pleading, (2) that was filed to avoid losing on motion for judgment on the pleadings and delay final judgment

thereon, and (3) in which discovery was already underway); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (affirming denial of leave to amend when case had been litigated for nearly two years and which the new claims "would have required defendants to have undertaken, ***at a late hour***, an entirely new course of defense") (emphasis added); *Xyratex Tech., Ltd. v. Teradyne, Inc.*, No. 08-CV-04545 SJO (PLAx), 2009 WL 10702551, at *4 (C.D. Cal. Apr. 10, 2009) (denying leave to amend because "permitting the proposed amendment while allowing the case to proceed on the present schedule would force Xyratex to perform increased discovery, as well as complex legal and factual analyses, on an expedited schedule."); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (affirming denial of leave to amend when motion was brought to add new RICO claims one year after completion of discovery and "additional discovery would have to be undertaken on appellants' new claims).

    Finally, it is important to note that Defendants overstate whatever work they might have done on this case up to this point.  Counsel for Defendants did not appear in this case until after TSI filed its Amended Complaint.  (*See* ECF Nos. 32, 33, 39.)  Indeed, TP-Link did not respond to the initial complaint and Amazzia was not yet a party.  Then on August 14, 2019, the parties were ordered to participate in a settlement conference.  (ECF No. 43).  A telephonic settlement conference took place on October 16, 2019 (ECF No. 45) and the case was transferred back to the SDNY district court judge on November 4, 2019.  (ECF No. 48.)  On November 27, 2019, Defendants announced their intent to move to dismiss for lack of personal jurisdiction and failure to state a claim but did not provide any briefing at that time.  (ECF No. 49 at 5.)  Two weeks later, the parties then ***consented*** to a transfer of this case to this Court, without Defendants filing any briefing.  (ECF No. 50.)  Nothing then happened for a month until the Court *sua sponte* dismissed the First Amended Complaint for lack of subject matter jurisdiction on January 7, 2020.  (ECF No. 73 at 1.)  As noted, past litigation expenses is not a factor in evaluating prejudice, *see*

*Owens*, 244 F.3d at 712, but even if it were, Defendants' activities come nowhere close to the amount of litigation undertaken by the non-moving parties in *AmerisourceBergen*, *Morongo*, and their other cited cases.[1]

## II.   THIMES DID NOT ENGAGE IN UNDUE DELAY.

Defendants' arguments about undue delay boil down to a single point – that, in its opinion, TSI's original counsel could have brought these new, proposed claims from the very beginning.  (Opp. at 7-9.)  But none of the cases they cite are remotely analogous to the present litigation.  *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) ("It is implausible to suggest that justice somehow requires that Allen, a 14-year veteran attorney for the City and self-described 'literary father' of much of the City's code, must be given a fourth attempt to locate a portion of the municipal code or state law which creates a property interest in his employment."); *Royal Ins. Co. of Am. v. Southwest Marine*, 194 F.3d 1009, 1017 (9th Cir. 1999) ("Considering that Royal had twice before amended its complaint and moved to amend a third time only after the district court dismissed its claims on summary judgment, the district court did not abuse its discretion by denying Royal's motion to amend.").

Defendants also fail to address any of the cases cited by TSI in its opening brief on this topic, and, of course, do not deny that this case is only at the pleading stage, there has been no discovery, and there's not even a scheduling order in place. (Mot. at 5-7.)  They apparently recognize that whatever delay that might ensue does not weigh in favor of denying TSI's motion for leave to amend.  *See also Brown*, 953 F.3d at 574-575 ("We acknowledge that Brown sought leave to amend long after she filed her original complaint and after two previous amendments.  But the Federal Rules call for liberal amendment of pleadings before trial.").

---

[1] Defendants also appear to argue that it suffers undue prejudice because TSI has retained additional co-counsel (*see* Opp. at 7), but do not cite any authority showing why that has any relevance to the undue prejudice inquiry.

Finally, Defendants do not deny that some of TSI's proposed new allegations come from Amazzia's Rule 30(b)(6) deposition testimony in the *Solu-Med, Inc. v. Youngblood Skin Care Products* case pending in the Southern District of Florida. (Mot. at 6; Poe Decl. (ECF No. 113-3 ¶ 5.)  Instead, Defendants argue that this deposition testimony "became available in January" and that TSI's counsel did not identify it during his meet and confer on January 30, 2020.  (Opp. at 9.)  This claim is false, as the ECF filing stamp on the document in question plainly discloses that it was not publicly filed until March 6, 2020, long after TSI filed the Second Amended Complaint.  (*See* Ex. A[2]; *see also* Poe Decl. ¶ 5.)

## III.   THIMES HAS HAD LIMITED OPPORTUNITIES TO AMEND.

Defendants do not dispute that it is rare for courts to deny leave to amend when the parties had engaged in motion practice only once over whether the allegations in a pleading adequately state a claim for relief.  (Mot. at 7.)  Indeed, this apparently is a rare enough phenomenon that Defendants did not identify any such examples among the cases it cited.  *See, e.g.*, *Royal Ins.*, 194 F.3d at 1017 (leave to amend requested after summary judgment already granted); *Learjet v. Oneok, Inc.*, 715 F.3d 716, 727-28, 738 (9th Cir. 2013) (leave to amend requested after multiple motions to dismiss and motions for summary judgment already filed).

## IV.   THIMES DID NOT ACT IN BAD FAITH.

According to Defendants' own authorities, "bad faith" in the context of a motion for leave to amend means "acting with intent to deceive, harass, delay, or disrupt."  (Opp. at 11.)  There is no such ***evidence*** here.  Rather, the evidence in the record shows that the allegations and claims raised in the proposed Fourth Amended Complaint are consistent with TSI bringing in new, experienced antitrust

---

[2] TSI requests that the Court take judicial notice of Exhibit A to this reply brief – page 28 of 110 for ECF No. 107-1 in *Solu-Med, Inc. v. Youngblood Skin Care*, No. 19-CV-60487-PKA (S.D. Fla.), as it is a true and correct excerpt of a court filing. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").

counsel into this case (Mot. at 1; Poe Decl. ¶¶ 2-3) and obtaining new evidence via the public filing of Amazzia's Rule 30(b)(6) deposition testimony in the *Solu-Med* action.  (Mot. at 6; Poe Decl. ¶ 5.)  Defendants' accusation that this course of action constituted "pure gamesmanship" (Opp. at 12) is hyperbolic to say the least.

In any event, Defendants have failed to cite any authorities where any court held that a similar fact pattern constituted bad faith.  In particular, Defendants' citation to *Mireles v. Paragon Systems, Inc.*, No. 13-CV-122 L (BGS), 2014 WL 2727001 (S.D. Cal. June 16, 2014), is inapposite.  There, the plaintiffs sought to add a new ***class action*** claim six months after they learned the facts giving rise to that claim.  *Id.* at **2, 4.  More importantly, they sought leave to amend six weeks after they had already filed their motion for class certification and they had also failed to raise the subject when they had sought, and obtained, ***multiple*** extensions of time to file their motion for class certification after they had learned of the facts regarding that claim.  *Id.* at **1, 4.

## V.   THIMES' PROPOSED AMENDMENTS ARE NOT FUTILE.

Defendants argue that all of TSI's proposed new claims are futile without acknowledging the requisite standard – that futility requires a showing that "no set of facts can be proved under the amendment" that would state a claim for relief.  (Mot. at 7.)  *See also Sonoma County*, 708 F.3d at 1188 (amendment not futile so long as moving party "***may*** be able to amend its complaint to state a claim that will survive a motion to dismiss") (emphasis added).  Instead, Defendants cite *California v. Neville Chemical Co.*, 213 F. Supp. 2d 1142, 1144-45 (C.D. Cal. 2002), for the proposition that amendment is futile "if the new claim ***could be*** defeated by a motion to dismiss or a motion for summary judgment."  (Opp. at 12.)  *Neville* obviously is no longer even persuasive authority in light of the Ninth Circuit's holding in *Sonoma County*  More importantly, *Neville* put forward an incorrect standard from the outset, as is clear from the precedent that it had cited, *Johnson v. Am. Airlines, Inc.*, 834 F.2d 721, 724 (9th Cir. 1987) ("But courts have

discretion to deny leave to amend a complaint for 'futility,' and futility includes the ***inevitability of a claim's defeat*** on summary judgment.") (emphasis added) (citations omitted).  The "inevitability" of defeat is not the same as a claim that "could be" defeated.

Thus, Defendants' arguments under this section are all "futile" as they are premised on the wrong standard.  (Opp. at 13 ("[A]s demonstrated below, each of Plaintiff's five newly proposed claims ***can be*** defeated by a motion to dismiss[.]") (emphasis added.)  Defendants also ignore that this Court has held that it should ordinarily defer consideration of the merits of the proposed amendments until after the amended pleading has been filed.  (Mot. at 8.)  *See also Gocke v. United States*, No. 16-CV-1560-MWF (DTBx), 2018 WL 4945685, at *5 (C.D. Cal. Feb. 23, 2018) ("Challenges to the pleading are usually deferred until after the pleading has been granted[.]").  But TSI addresses the merits of those arguments, nonetheless.[3]

### A.    The Lanham Act Claim Is Not Futile.

TSI proposes to bring a new claim under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).  (Proposed 4AC ("P4AC") (ECF No. 113-2) ¶¶ 55-65.) This claim stems from the factual allegations that Defendants' false or misleading representations of fact about TSI and its products (i.e., that TSI was re-selling counterfeit TP-Link products on Amazon) constituted false advertising / unfair competition under the meaning of section 43(a).  (*Id.*)

As an initial matter, this claim satisfies the futility standard – that TSI "may be able… to state a claim that will survive a motion to dismiss" – because two different federal district courts recently denied motions to dismiss similar Lanham Act claims brought by similar plaintiffs under similar circumstances.  The first is *Garmon Corp. v. Vetnique Labs, LLC*, No. 19-cv-8251, 2020 WL 3414983 (N.D. Ill. June 22, 2020).  The plaintiffs in that action sold nutritional supplements for

---

[3] TSI's declaratory relief claim is already pled in its Third Amended Complaint, and so the futility analysis is inapplicable to that claim.

1   pets on Amazon.  *Id.* at *1.  The defendant also sold its own brand of nutritional

2   supplements for pets on Amazon, for which it had obtained a patent to treat a

3   certain type of disease.  *Id.*  The defendant notified Amazon that the plaintiffs'

4   supplements were infringing on its patent, despite knowing that this allegation

5   lacked merit.  *Id.*  As a result of the defendant's false allegation made to Amazon,

6   Amazon barred the plaintiffs from selling the allegedly infringing products.  *Id.* at

7   **1-2.  In denying defendant's motion to dismiss plaintiffs' section 43(a) claim, the

8   court held that the plaintiffs had adequately stated a claim because the defendant

9   "falsely told Amazon–its intended audience… and Amazon was deceived by that

10  statement and removed the plaintiffs' products from its website as a result."  *Id.* at

11  **5-6.

12          In *Unicorn Glob., Inc. v. GoLabs, Inc*., No. 3:19-CV-0754-N, __ F. Supp. 3d

13  __, 2020 WL 1325235, at *5 (N.D. Tex. Mar. 20, 2020), the plaintiff and defendant

14  were competing manufacturers of hoverboards.  *Id.* at *1.  The plaintiff had filed

15  complaints with Amazon alleging that the defendant's hoverboards infringed its

16  patents and, in response, Amazon de-listed all of the defendant's products.  *Id.*  The

17  defendant brought counterclaims under both the Lanham Act and the Sherman Act,

18  and the plaintiff moved to dismiss them.  *Id.* at *5.  Much like the *Garmon* court,

19  the *Unicorn* court also held that the defendant had adequately stated a section 43(a)

20  counterclaim because it had alleged that (1) the plaintiff had falsely represented to

21  Amazon that the defendant had infringed its patents, (2) these misrepresentations

22  caused Amazon to de-list the defendant's products, and (3) the de-listing caused

23  financial and reputational injury to the defendant.  *Id.*

24          These cases by themselves show that TSI's proposed Lanham Act claim is

25  not futile.  But TSI nevertheless addresses Defendants' specific arguments.  First, it

26  is untrue that courts have found that false representations made to Amazon do not

27  give rise to a section 43(a) claim.  (Opp. at 14.)  The first case Defendants cite –

28  *Factory Direct Wholesale, LLC v. Itouchless Housewares & Prods.*, 411 F. Supp.

REPLY ISO MOTION FOR LEAVE TO FILE
FOURTH AMENDED COMPLAINT
CASE NO. 2:19-CV-10374-PA-E

1    3d 905 (N.D. Cal. 2019) – literally held the opposite.  *Id.* at \*924 ("The gravamen

2    of Plaintiff's FAC concerning the 4ZB4 Listing is that Defendant 'caused Amazon

3    to make changes' to Plaintiff's 4ZB4 Listing through false and misleading

4    statements…. Plaintiff adequately alleges a Lanham Act false advertising claim as

5    to Plaintiff's 4ZB4 Listing.").  The Section 43(a) claims that the *Factory Direct*

6    court dismissed (with leave to amend) were because the defendant's false

7    representations **had no effect** on the plaintiff's Amazon listings, and thus there was

8    no false statement in a commercial advertisement.  *Id.* at 911, 925.  As for *Sky*

9    *Billiards, Inc. v. WolVol, Inc.*, No. 15-CV-02182 RGK (KKx), 2016 WL 7479426,

10   at \*\*2-3 (C.D. Cal. 2016), TSI acknowledges that Judge Klausner's opinion holds

11   that complaints made by competing sellers to Amazon do not state a claim under

12   Section 43(a).  TSI respectfully submits that this opinion apparently stands alone,

13   because the Supreme Court has held that a Section 43(a) claim encompasses false

14   statements made by a defendant to other re-sellers when they dissuade the re-sellers

15   from selling the plaintiff's products to consumers.  *Lexmark Int'l, Inc. v. Static*

16   *Control Components*, 572 U.S. 118, 123, 138-39 (2014).

17         Defendants' remaining arguments are easily disposed of.  Contrary to their

18   contention, a Lanham Act does not require a plaintiff to allege facts regarding "how

19   the consumer views the advertisement[.]"  *See Garmon*, 2020 WL 3414983, at \*6

20   (noting no case law holds that customers need to be confused by the deceptive

21   statements).  Instead, the applicable standard is whether the statement "deceived…

22   a substantial segment of its **audience**" and was "likely to influence the purchasing

23   decision" and mentions nothing about consumers or the public.  (Opp. at 13.)  *See*

24   *also Wells Fargo & Co. v. ABD Ins. & Fin. Services, Inc.*, 758 F.3d 1069, 1071 (9th

25   Cir. 2014).  Indeed, *Lexmark* concerned false statements made **to other businesses**,

26   as opposed to consumers.  572 U.S. at 123.  In any event, TSI has alleged that

27   Defendants' false statements influenced the purchasing decision of consumers –

28   because they led to Amazon users being unable to buy TSI's products at all.  (P4AC

¶¶ 61-64.)

As for Defendants' standing argument, that is also negated by the *Lexmark* decision.  572 U.S. at 138 ("When a defendant harms a plaintiff's reputation by casting aspersions on its business, the plaintiff's injury flows directly from the audience's belief in the disparaging statements.  Courts have therefore afforded relief under § 1125(a)[.]").  (*See also* P4AC ¶ 64 ("Because of these false complaints, Amazon permanently expelled TSI from the Marketplace.").)[4]

### B.    The RICO Claims Are Not Futile.

TSI's proposed RICO claims easily pass muster.  It is hard to imagine how Defendants can assert with a straight face that TSI's allegations posit "an innocent, alternative explanation for Defendants action" (*see* Opp. at 17) given the actual allegations set forth in the P4AC.  (P4AC ¶¶ 4-10, 20, 23, 29-51, 54, 68-80, 83-87.)  Whether Defendants could plausibly believe that a factory-sealed, unaltered TP-Link product constituted a legally "counterfeit" product is a merits question, not a pleading question.  Also, TSI ***did*** allege facts showing Defendants' specific intent to defraud (*see id.* ¶¶ 74-76), which are presumed to be true under the Rule 12(b)(6) standard.  *Capp v. County of San Diego*, 940 F.3d 1046, 1052 (9th Cir. 2019).

Defendants next argue that TSI failed to properly allege proximate causation arising out of their conduct.  (Opp. at 19.)  That is untrue.  (P4AC ¶ 80.)  Similarly, Defendants' arguments about the RICO conspiracy claim fail (*see* Opp. at 20) because TSI did adequately pled a substantive RICO violation.

### C.    The Sherman Act Claims Are Not Futile.

Defendants' arguments against the Sherman Act claims can also be summarily dispensed with.  To begin, they admit TSI has stated antitrust injury with respect to the Amazon Marketplace.  (Opp. at 21.)  As for the other markets, Defendants cite *Novation Ventures, LLC v. J.G. Wentworth Co.*, 156 F. Supp. 3d

---

[4] Defendants also argue that TSI did not allege any facts showing that they made any false statements.  (Opp. at 14.)  That is incorrect.  (P4AC ¶¶ 23, 36-42, 45, 56-58.)

1094, 1102 (C.D. Cal. 2015) for the incorrect proposition that antitrust injury
requires a plaintiff to allege that it has been "foreclosed" from competing in those
markets.  (Opp. at 21.)  *Novation* never holds this is the standard; it just happened to
be that specific plaintiff's specific allegation of antitrust injury.  156 F. Supp. 3d at
1102.  Instead, antitrust injury is a far broader inquiry, and plaintiff need only
"prove that his loss flows from an anticompetitive aspect or effect of the
defendant's behavior[.]"  *Rebel Oil Co. v. Atlantic Richfield Co.*, 51 F.3d 1421,
1433 (9th Cir. 1995).  TSI's allegations easily meet that standard.

Regarding injury to competition and consumers, Defendants apparently
misunderstand what it takes to establish that element.  (Opp. at 21-22.)  "If the
plaintiff puts forth evidence of restricted output and supracompetitive prices, that is
direct proof of the injury to competition which a competitor with market power may
inflict[.]"  *Rebel Oil*, 51 F.3d at 1434.  Here, TSI alleges both restricted output and
supracompetitive pricing.  (P4AC ¶¶ 5-7, 10, 34, 94.)  TSI also alleged how
consumer choice for ***other*** consumer WLAN products was reduced.  (*Id.* ¶ 95.)

Finally, regarding Defendants' argument that its activities were excused as
legitimate business justifications (*see* Opp. at 22-23), TSI alleged why that was not
the case.  (*Id.* ¶ 92.)  In any event, "the initial burden is with [defendant] to assert a
business justification, not with [plaintiff] to demonstrate the absence of one."
*Retrophin, Inc. v. Questcor Pharmaceuticals, Inc.*, 41 F. Supp. 3d 906, 918 (C.D.
Cal. 2014) (citation omitted).  Moreover, "the existence of valid business reasons is
ordinarily a question of fact[.]"  *SmileCare Dental Group v. Delta Dental Plan of
Calif.*, 88 F.3d 780, 786 (9th Cir. 1996).

Dated:  August 10, 2020                    GAW | POE LLP


By:
                                            Randolph Gaw
                                            Attorneys for Plaintiff
                                            Thimes Solutions Inc.

REPLY ISO MOTION FOR LEAVE TO FILE
FOURTH AMENDED COMPLAINT
CASE NO. 2:19-CV-10374-PA-E