Stephen R. Smerek (State Bar No. 208343)
    ssmerek@foley.com
Tiffany Kim Sung (State Bar No. 323077)
    tsung@foley.com
**FOLEY & LARDNER LLP**
555 South Flower Street, Suite 3300
Los Angeles, CA 90071-2411
Telephone:  (213) 972-4500
Facsimile:  (213) 486-0065

Attorneys for Defendant
TP LINK USA CORPORATION

Alton G. Burkhalter (State Bar No. 119595)
    aburkhalter@bkcglaw.com
Joshua A. Waldman (State Bar No. 222859)
    jwaldman@bkcglaw.com
**BURKHALTER KESSLER CLEMENT & GEORGE LLP**
2020 Main Street, Suite 600
Irvine, CA 92614-8336
Telephone:  (949) 375-7500
Facsimile:  (949) 975-7501

Attorneys for Defendant
AUCTION BROTHERS, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS INC., <br><br> Plaintiff, <br><br> v. <br><br> TP LINK USA CORPORATION, et al. <br><br> Defendants. | Case No:  2:19-cv-10374-PA (Ex) <br><br> Hon. Percy Anderson <br><br> **DEFENDANTS' REPLY IN SUPPORT OF JOINT MOTION TO DISMISS THIRD AMENDED COMPLAINT** <br><br> Fed. R. Civ. P. 12 <br><br> Hearing Date:  August 31, 2020 <br> Hearing Time:  1:30 p.m. <br> Courtroom:  Courtroom 9A <br> TAC Filed:  July 8, 2020 |

4844-7211-2583.5

## I. INTRODUCTION

Nothing in Plaintiff's opposition [Dkt. 122 ("Opp./Opposition")] can change the fact that the sole remaining claim for declaratory judgment alleged in the Third Amended Complaint asks this Court to give an advisory opinion. To the contrary, Plaintiff's Opposition only further demonstrates why the Third Amended Complaint must be dismissed.

First, Plaintiff affirmatively pleads that it has been permanently banned from selling on the Amazon platform—not banned from selling TP-Link branded product, but ***permanently*** banned from selling ***any*** products on Amazon's platform. Further, Plaintiff admits in its pleading that Amazon only imposed this permanent ban after Plaintiff was given the right to appeal but failed to show it was in compliance with Amazon's policies. Amazon is not a party to this action, Plaintiff has not alleged that Amazon acted improperly in permanently banning Plaintiff from its platform, and no decision in this action will reopen the Amazon platform to Plaintiff. Notably, Plaintiff does not argue in its opposition that a ruling in this case will necessarily allow it back into the Amazon marketplace.

Second, Plaintiff affirmatively pleads in the Third Amended Complaint, and again concedes in its Opposition, that it has not even attempted to sell any products—on Amazon directly, or through third-party intermediaries—since August 2018, some nine months before filing the original complaint. Nor has Plaintiff pleaded any facts—in either the Third Amended Complaint or the proposed Fourth Amended Complaint—to demonstrate that it has taken concrete steps to sell TP-Link branded products to other Amazon resellers or through other distribution channels. Moreover, even if it could plead such concrete steps about potential future conduct, there would still not be any present case or controversy for the Court to decide. Defendants have not taken any affirmative steps to prevent Plaintiff from selling authentic, lawfully obtained TP-Link products through Amazon resellers or other distribution channels, and Plaintiff's request for a

decision concerning such future, hypothetical sales, without access to the specific facts surrounding such speculative transactions, is the definition of an advisory opinion.

Finally, Plaintiff is incorrect that Defendants' Joint Motion to Dismiss the Third Amended Complaint [Dkt. 118 ("Motion")] is moot.  This Court has not granted Plaintiff leave to file its Fourth Amended Complaint, and as detailed in Defendants' opposition to Plaintiff's motion, Plaintiff should be denied a fourth bite at the apple.  Moreover, the claim for declaratory judgment is repeated—without any additional or different factual basis—in both the Third Amended Complaint and the proposed Fourth Amended Complaint.  It fails in both iterations for the same reasons.

For the reasons stated herein and in the Motion, the Third Amended Complaint's sole remaining claim for declaratory judgment must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## II.   ARGUMENT

### A.   Plaintiff Seeks an Advisory Opinion

As an initial matter, the Opposition does not dispute that in order for Plaintiff to carry its burden of demonstrating an actual controversy, Plaintiff must show "<u>both</u> (1) an explicit threat which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit, <u>and</u> (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity."  *Sobini Films v. Tri-Star Pictures, Inc.*, No. CV 01-06615 ABC (RNBx), 2001 U.S. Dist. LEXIS 23509, at *28-29 (C.D. Cal. Nov. 21, 2001) (emphasis in original).  Plaintiff fails to satisfy either prong.

#### 1.   <u>No Explicit Threat Regarding Hypothetical Future Conduct</u>

Addressing the first prong, the Third Amended Complaint fails to demonstrate that Defendants engaged in conduct that creates a "reasonable apprehension" on Plaintiff's part that it will face an infringement suit based on hypothetical future sales of TP-Link branded products to Amazon resellers or through other distribution channels.  Indeed, there are no facts pled that Defendants have ever initiated or threatened formal litigation

to prevent Plaintiff from reselling authentic and lawfully obtained TP-Link branded products to other Amazon resellers or through any other online or brick and mortar distribution channel. Nor are there allegations that Defendants have ever threatened or filed suit against Plaintiff for undercutting TP-Link's minimum advertised price for its products.

Despite the foregoing, Plaintiff asks the Court to render an advisory opinion regarding hypothetical future conduct regarding actions that Defendants *may* take, but have clearly not taken or threatened. In sum, there is no explicit threat and no reasonable apprehension regarding any action against Plaintiff arising from hypothetical future sales to other Amazon resellers or through other distribution channels. Moreover, Plaintiff's argument that Defendants have not explicitly promised to refrain from bringing suit against it does not confer jurisdiction; the absence of a promise not to sue does not create a present case or controversy. *See, e.g.*, *Paramount Pictures Corp. v. RePlayTV*, 298 F. Supp. 2d 921, 928 (C.D. Cal. 2004) (granting motion to dismiss and finding no subject matter jurisdiction in part because "the Copyright Owners' failure to covenant not to sue the proposed plaintiffs does not raise an objectively reasonable apprehension of liability."). For these reasons, Plaintiff fails to satisfy the first prong.

### 2. No Concrete Action to Engage in Future, Hypothetical Sales

Regarding the second prong, the Opposition argues that Plaintiff has taken concrete steps to conduct potentially infringing because it purchased "360 TP-Link routers" in January 2018, and it "is 'immediately prepared' to sell the products remaining in its inventory." (Opp. at 7:8-11.) However, even if Plaintiff has existing inventory that could be sold, Plaintiff does not plead any concrete steps taken to sell its inventory through any other Amazon resellers, or any other distribution channels, since it was expelled from Amazon in August 2018—nine months before it even filed the present case. Moreover, in its previous pleadings, Plaintiff affirmatively pleaded that its expulsion from Amazon rendered it "unable to sell its aging inventory." [Dkt. 78, Second Amended Complaint, ¶ 53.] Thus, notwithstanding Plaintiff's curt argument that

its desire to sell product through other online marketplaces was so obvious it need not be pleaded, the facts Plaintiff does plead affirmatively establish that Plaintiff's permanent expulsion from Amazon left it unable to sell its inventory, and Plaintiff clearly lacked any immediate intention to make future, hypothetical sales through other distribution channels.

The Third Amended Complaint also fails to allege facts sufficient to establish that Plaintiff could even sell any alleged existing inventory on Amazon after obtaining declaratory relief, in light of its permanent ban from the platform. Indeed, Plaintiff fails to shed any light on why it failed in the appeal of its initial suspension from Amazon on May 7, 2018. (*Id.* at ¶ 46.) Instead, Plaintiff alleges that Amazon "**permanently** expelled" Plaintiff from reselling *any* product on the Amazon platform, not just TP-Link branded products. (*Id.* at ¶ 47) (emphasis added). Thus, there is no basis to speculate that the declaratory relief sought by Plaintiff regarding the TP-Link branded products at issue here would cause Amazon to lift its permanent expulsion of Plaintiff from selling any products on the Amazon marketplace. Amazon is not a defendant in this action, there are no allegations that Amazon acted wrongfully in expelling Plaintiff, and there are no facts plead that Amazon would lift the permanent ban and reinstate Plaintiff should it obtain declaratory relief.

For these reasons, as detailed in the opening brief, like the plaintiff in *Sobini*, Plaintiff has not taken any concrete steps or engaged in any present conduct that would constitute allegedly infringing activity, and Plaintiff's attempt to distinguish *Sobini* on this basis falls short. *Sobini*, No. CV 01-06615 ABC (RNBx), 2001 U.S. Dist. LEXIS 23509, at *2. As here, the plaintiff in *Sobini* sought declaratory judgment of noninfringement of defendant's intellectual property. In granting defendants' FRCP 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the court found it critical that plaintiff had "not engaged in sufficient activity to constitute concrete steps to engage in present activity that could amount to infringement." *Id*. at *17. There, the court placed great weight on the fact that plaintiff had failed to take any meaningful steps

to producing the potentially infringing reimagining of the Zorro character. *Id*. at *18. The same is true here; Plaintiff took no steps to sell TP-Link branded product through other Amazon resellers, or other distribution channels. To the contrary, Plaintiff has affirmatively pleaded that its expulsion from Amazon rendered it unable to sell any existing inventory.

Plaintiff's attempt to distinguish *Windsurfing* fails for the same reasons. *Windsurfing Int'l, Inc. v. AMF Inc*., 828 F.2d 755 (Fed. Cir. 1989). In that case, the Ninth Circuit affirmed dismissal of plaintiff's declaratory judgment claim because defendant's mere desire to use trademarked terms to promote its products did not, by itself, place defendant in justiciable adversarial conflict with plaintiff regarding the trademark registration issue. *Id*. at 757-58. Plaintiff attempts to avoid the application of the Ninth Circuit's decision here, arguing that it is not "merely 'interested' in selling TP-Link products" but "was actually doing so (successfully) before Defendants' unlawful conduct. . . ." (Opp. at 7:22-25.) However, the facts alleged establish that Plaintiff was not actually selling products to other Amazon resellers, or through other distribution channels. There are no facts alleged that Plaintiff has taken concrete steps to do so, and the facts actually alleged affirmatively establish that Plaintiff has no such immediate plans. The Opposition lays bare that Plaintiff is in fact just **merely interested** in selling TP-Link products through other channels. Notably, since August 27, 2018, Plaintiff has not made a single attempt to sell its "aging product." (Opp. at 8:12-15.) Indeed, Plaintiff fails to allege that it has ever resold TP-Link's products through any other distribution channel other than Amazon, or that TP-Link has ever taken any affirmative action to prevent Plaintiff from reselling TP-Link products in any distribution channel other than Amazon.[1]

---

[1] In a faint effort to save its ill-fated claim, the Opposition footnotes that Plaintiff "is willing to allege in an amended complaint that it has previously engaged in wholesale sales of products to other Amazon re-sellers and that it wants to sell its remaining TP-Link inventory to other Amazon re-sellers, but cannot do so unless TSI indemnifies these re-sellers against similar complaints of counterfeiting made by Defendants." (Opp. at 4:25-28.) Of course, it is improper for the Court to consider any new factual allegations

Finally, Plaintiff's reliance on *Societe* is misplaced. *Societe de Conditionnement en Aluminium v. Hunter Eng'g Co.*, 655 F.2d 938, 944 (9th Cir. 1981). In *Societe*, the plaintiff was the manufacturer of an allegedly patented product that was the subject of defendant's litigation threat. *Id.* at 944. At the time of the suit, the plaintiff was engaged in the on-going manufacture of the product. *Id.* In other words, the plaintiff was engaged in ***present activity*** that could constitute infringement, which crystallized the adverse legal positions of the parties. *Id.* ("When the plaintiff is . . . . an actual manufacturer of a product that may infringe the patent owned by another, the adverse legal positions of the parties are more crystallized and the possibility that the court will be asked to render an advisory opinion on a set of hypothetical facts is minimized.") Unlike in *Societe*, Plaintiff has not alleged any facts to indicate that it is engaged in present conduct that would constitute infringing activity, or even that it has taken concrete steps to do so. Plaintiff has not alleged that it is currently selling TP-Link branded products and even concedes that it has not made a single attempt to sell its products in any other distribution channel since its permanent expulsion from Amazon. Thus, there is no threat or apprehension of liability and Plaintiff is asking the Court to "render an advisory opinion on a set of hypothetical facts." *Id.* Further, the fact that the court found relevant that defendant did not affirmatively agree to not sue the presently infringing plaintiff is inapposite here, where there is no presently infringing activity and thus no threat of liability. (Opp. at 5:11-14 (citing *id.* at 945).)

Likewise, *Chesebrough-Pond* is inapplicable here. Specifically, the defendant in *Chesbrough-Pond* had filed an opposition proceeding with the Patent and Trademark Office against the defendant's trademark application. *Chesebrough-Pond's, Inc. v.*

---

that were not pled in the Third Amended Complaint. *See, e.g.*, *Benitez v. Montoya*, No. C 03-00392 JSW, 2004 U.S. Dist. LEXIS 21743, at *20 (N.D. Cal. Oct. 20, 2004) ("This contention is outside of the pleadings and, therefore, not properly considered on a motion to dismiss under Rule 12(b)(6)."). Moreover, even this fact, if pleaded, would not establish that Plaintiff has taken the concrete steps necessary to establish jurisdiction over its claim for declaratory judgment; at best, such allegations would establish mere interest in such future, hypothetical sales.

*Faberge, Inc.*, 666 F.2d 393, 395 (9th Cir. 1982). The opposition proceeding was still pending at the time of the declaratory judgment action. *Id*. Thus, as in *Societe,* and unlike in the present case, there was present activity in *Chesebrough-Pond* that created a threat of liability. Further, in response to the plaintiff's declaratory judgment claim, the defendant filed a counterclaim seeking damages for infringement. *Id*. at 397. "The actual filing of a counterclaim for infringement bolsters [the plaintiff's] claim that a real threat existed." *Id*. Such is not the case here. Plaintiff has not pled that Defendants are seeking damages for past infringement and or that Plaintiff is presently engaged in potentially infringing activity. Thus, unlike in *Chesebrough-Pond*, there is no reasonable apprehension of liability for Plaintiff.

### B. Even If Subject Matter Jurisdiction Exists (It Does Not), the Court Should Not Exercise Jurisdiction

As detailed herein and in the Motion, the Third Amended Complaint seeks nothing more than an advisory opinion and should be dismissed for lack of subject matter jurisdiction. Assuming, *arguendo*, that the Court found a present case or controversy, it should nonetheless decline to exercise jurisdiction under the DJA because declaratory relief will not "settle all aspects of the controversy". *Gov't Emples. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225, n. 5 (9th Cir. 1998). Plaintiff avers, "there is nothing 'hypothetical' about whether [Plaintiff] wants to sell the aging TP-Link routers in its inventory or the reasonableness of its apprehension that it will be subject to liability if it continues selling TP-Link routers below the minimum advertised price." (Opp. at 8:12-15.) However, Amazon is not a party to this litigation, and, for whatever unpled reason Plaintiff may have, it is only through Amazon that Plaintiff wishes to resume selling its product. Therefore, granting Plaintiff declaratory relief will ***not*** settle all aspects of the controversy, as the Third Amended Complaint fails to plead that Amazon will reinstate Plaintiff's seller privileges should it succeed in obtaining declaratory relief.

The Opposition also asserts that, "[a]bsent a declaratory judgment, [Plaintiff] will be left with the uncertainty of whether it can lawfully pursue a business activity that it has

a right to do", and that, "[t]his is the type of 'dilemma that it was the very purpose of the Declaratory Judgment Act to ameliorate.'"  (Opp. at 8:27-9:4 (quoting *Cat Tech LLC v. TubeMaster, Inc.*, 528 F.3d 871, 883-884 (Fed. Cir. 2008).)  Not so.  There are no facts pled that suggest Plaintiff cannot sell its products through other distribution channels.  Critically, the Third Amended Complaint does not allege that Defendants have taken any action to prevent Plaintiff from doing so.  Rather, the reality is that Plaintiff has not alleged an attempt—much less an intent—to sell its products since its permanent ban from Amazon on August 27, 2018.

Finally, *Cat Tech LLC* cannot save Plaintiff's declaratory judgment claim.  *Cat Tech LLC v. TubeMaster, Inc.*, 528 F.3d 871 (Fed. Cir. 2008).  The "type of dilemma" that the court in *Cat Tech LLC* was referring to was nothing like the situation here where Plaintiff is permanently banned by an independent third-party—who is not part of the litigation—from continuing its prior sales activity, and the facts pled establish that Plaintiff never sold products through any other distribution channels.  The *Cat Tech* case concerned a declaratory judgment of noninfringement of a patent where the plaintiff affirmatively sued defendant for patent infringement.  In deciding whether declaratory judgment was proper, the court applied a completely different legal standard to determine whether there was a present case or controversy—specifically, whether there was "meaningful preparation" for making or using the patented product at issue.  *Id.* at 880-82 (finding that "the test for justiciability 'looks to the accused infringer's conduct and ensures that the controversy is sufficiently real and substantial'") (citing *Lang v. Pac. Marine & Supply Co.*, 895 F.2d 761, 764 (Fed Cir. 1990)).

## III. CONCLUSION

For the foregoing reasons and as further detailed in the Motion, Defendants respectfully request that this Court dismiss Plaintiff's claim for declaratory judgment for non-infringement pursuant to FRCP 12(b)(1) for lack of subject matter jurisdiction.

///

///

DATED: August 17, 2020

**FOLEY & LARDNER LLP**

<u>/s/Stephen R. Smerek</u>
Stephen R. Smerek
Tiffany Kim Sung
FOLEY & LARDNER LLP
*Attorneys for Defendant*
*TP Link USA Corporation*

**BURKHALTER KESSLER**
  **CLEMENT & GEORGE LLP**

<u>/s/Josh A. Waldman</u>
Alton G. Burkhalter
Joshua A. Waldman
BURKHALTER KESSLER
  CLEMENT & GEORGE LLP
*Attorneys for Defendant*
*Auction Brothers, Inc.*

## ATTESTATION CLAUSE

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer of this document attests that all of the signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: August 17, 2020

**FOLEY & LARDNER LLP**
STEPHEN R. SMEREK
TIFFANY KIM SUNG

*/s/ Stephen R. Smerek*
Stephen R. Smerek
ATTORNEYS FOR DEFENDANT TP LINK USA CORPORATION