UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10374 PA (Ex) | Date | August 31, 2020 |
|---|---|---|---|
| Title | Thimes Solutions Inc. v. TP Link USA Corporation et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| T. Jackson | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a (1) Motion for Leave to file Fourth Amended Complaint filed by Plaintiff Thimes Solutions Inc., (Dkt. 113), and (2) Motion to Dismiss the Third Amended Complaint filed by defendants TP Link USA Corporation and Auction Brothers, Inc. d/b/a Amazzia, (Dkt. 118). The parties have filed their respective Opposition and Reply briefs. (Dkts. 119, 121, 122, 123.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.

### I.   Background

When Plaintiff commenced this action in May 2019, it alleged claims for (1) interference with existing and prospective business relationships, (2) interference with contract, (3) libel per se, and (4) declaratory judgment of non-infringement. (Dkt. 1.) Plaintiff amended its complaint on July 2, 2019 to add Amazzia as a defendant, but it did not add any new claims. (Dkt. 32.) After the action was transferred to this Court in January 2020, the Court dismissed the First Amended Complaint for lack of subject matter jurisdiction. (Dkts. 71, 73.) Plaintiff filed a Second Amended Complaint on January 13, 2020, dropping its claim for interference with contract and adding a claim for per se violation of Section 1 of the Sherman Antitrust Act. (Dkt. 78.) On June 8, 2020, the Court struck Plaintiff's remaining state law claims under California's anti-SLAPP statute, and dismissed the Section 1 antitrust claim with leave to amend. (Dkt. 103.) The Court instructed Plaintiff to seek leave from the Court before asserting any new claims.

On July 8, 2020, Plaintiff filed a Third Amended Complaint that stated a single claim for declaratory judgment of non-infringement, which Plaintiff has maintained since the beginning of this litigation. (Dkt. 112.) That same day, Plaintiff also filed a Motion for Leave to File a Fourth Amended Complaint, seeking leave to add the following new claims: (1) false advertising under Section 43(a) of the Lanham Act; (2) association-in-fact enterprise under the Racketeer Influenced and Corrupt Organizations ("RICO") Act; (3) RICO conspiracy; (4) monopolization under Section 2 of the Sherman Antitrust Act; and (5) attempted monopolization under Section 2. On July 27, 2020, Defendants filed a Motion to Dismiss the Third Amended Complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10374 PA (Ex) | Date | August 31, 2020 |
|---|---|---|---|
| Title | Thimes Solutions Inc. v. TP Link USA Corporation et al. | | |

### II.  Legal Standard

The Court has not yet issued a Scheduling Order.  Therefore, Plaintiff's motion is considered under Federal Rule of Civil Procedure 15, which allows amendment to a party's pleading by leave of the court at any time, and such leave "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a); DCD Programs, Ltd., v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (leave to amend should be granted with "extreme liberality" to "facilitate decision on the merits rather than on pleadings or technicalities"). The Court considers five factors for a motion for leave to amend: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint."  Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004).  "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend."  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

### III.  Analysis

The Court finds that Defendants have not made a strong enough showing of bad faith, undue delay, or prejudice to overcome the presumption in favor of Plaintiff granting leave to amend.  The Court has not issued a Scheduling Order setting pretrial deadlines for discovery or dispositive motions. Nor has the Court set a trial date for this action.  Although permitting an amended complaint to be filed might delay the resolution of this matter, this is not sufficient to overcome the "extreme liberality" with which the Court must grant leave to amend. See Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).  In evaluating the final factor of futility, the Court finds that Plaintiff's proposed claims under the Lanham Act and RICO Act are futile.  Therefore, the Court denies the leave to amend on those grounds.

A motion for leave to amend should be denied on futility grounds when "no set of facts can be proved under the amendment . . . that would constitute a valid and sufficient claim or defense."  B-K Lighting, Inc. v. Fresno Valves & Casting, 2008 WL 11338299, at *3 (C.D. Cal. Jan. 7, 2008); Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999) ("Where the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend.").  "A proposed amendment is futile if the new claim could be defeated by a motion to dismiss or a motion for summary judgment." California v. Neville Chem. Co., 213 F. Supp. 2d 1142, 1144-45 (C.D. Cal. 2002) (citing Johnson v. Am. Airlines, Inc., 834 F.2d 721, 724 (9th Cir. 1987)).  "Futility alone can justify a court's refusal to grant leave to amend."  Novak v. United States, 795 F.3d 1012, 1020 (9th Cir. 2015); Hanlon v. Hartford Life & Accident Ins. Co., 81 F. App'x 961, 961 (9th Cir. 2003) (same).

#### A.  Lanham Act Claim is Futile

Plaintiff must set forth non-conclusory facts that show the existence of a false statement of fact by the defendant in a commercial advertisement about its own product.  See Champion Labs., Inc. v. Parker-Hannifin Corp., 2011 U.S. Dist. LEXIS 52853, *45-46 n.20 (E.D. Cal. May 16, 2011) (quoting Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134, 1139 (9th Cir. 1997).  The false statement

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10374 PA (Ex) | Date | August 31, 2020 |
|---|---|---|---|
| Title | Thimes Solutions Inc. v. TP Link USA Corporation et al. | | |

must be disseminated sufficiently to the relevant purchasing public to constitute advertising or promotion within that industry.  See Rice v. Fox Broadcasting Co., 330 F.3d 1170, 1181 (9th Cir. 2003) (quoting Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co., 173 F.3d 725, 735 (9th Cir. 1999)).

      Plaintiff concedes that "the proposed new claims all stem from the same set of facts that TSI pled in its previous complaints, so the proposed amendments would not alter the nature of the litigation." (Dkt. 113 at 6.)  According to Plaintiff, Defendants' complaints to Amazon about Plaintiff selling counterfeit goods "are considered to be 'advertisements' under the Lanham Act.  They were commercial speech by TP-Link." (Dkt. 113, Ex. A ¶59.)  But Defendants' complaints were made directly to Amazon—who is not a consumer—and the complaints were not disseminated to the relevant purchasing public (i.e., Amazon users who might purchase Plaintiff's products).  "A reasonable inference cannot be made that by contacting Amazon, Defendant[s] ha[ve] made a commercial speech for the purpose of influencing consumers."  Sky Billiards, Inc. v. WolVol, Inc., 2016 U.S. Dist. LEXIS 193629, at *7 (C.D. Cal. Feb. 22, 2016) (dismissing Lanham Act claim with prejudice where "Plaintiff only alleges Defendant contacted Amazon and alleged thirty-two of Plaintiff's products violated Defendant's intellectual property rights."); see also BLM Prods. v. Covves, LLC, 2017 U.S. Dist. LEXIS 222229, at *16 (C.D. Cal. Oct. 26, 2017) (dismissing Lanham Act claim and reasoning, "Covves made representations to Amazon by filling out an infringement form on Amazon.com. . . . it was not 'disseminated sufficiently to the relevant purchasing public' . . . [I]nstead, the representation was made only to Amazon, out of view of the general public.").  Accordingly, the Court finds that the proposed Lanham Act claim is futile, and therefore denies leave to amend on this basis.

      **B.**    **RICO Claims are Futile**

      To prevail on a civil RICO claim, Plaintiff must prove that Defendants engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity and (5) Defendants caused injury to plaintiff's business or property.  Chaset v. Fleer/Skybox Int'l, LP, 300 F.3d 1083, 1086 (9th Cir. 2002).  Courts "should [] strive to flush out frivolous RICO allegations at an early stage of the litigation." Wagh v. Metris Direct Servs., Inc., 348 F.3d 1102, 1108 (9th Cir. 2003) (quotations omitted), overruled on other grounds, Odom v. Microsoft Corp., 486 F.3d 541, 551 (9th Cir. 2007).  Courts have overwhelmingly rejected attempts to characterize routine commercial relationships, in which the parties transact to provide services, as RICO enterprises.  See, e.g., Gomez v. Gunthy-Renker, LLC, 2015 U.S. Dist. LEXIS 90725, at *22-23 (C.D. Cal. July 13, 2015) ("[V]ery few Courts have been willing to . . . treat allegations of routine commercial relationships as sufficient to support a RICO claim") (collecting cases); Woodell v. Expedia Inc., 2019 U.S. Dist. LEXIS 121633, at *21 (W.D. Wash July 22, 2019) ("Allegations that are consistent with ordinary business activities or purposes are insufficient when pleading an association-in-fact RICO enterprise.").

      Plaintiff alleges that "TP-Link and Amazzia were members of an association-in-fact RICO enterprise.  The goal of this enterprise was to eliminate all third-party sellers of TPLink WLAN products on the Amazon Marketplace . . . so that TP-Link could prevent anyone on Amazon from selling TP-Link WLAN products at a price lower than TP-Link's MSRP or MAP." (Dkt. 113 Ex. A ¶68.)  When the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10374 PA (Ex) | Date | August 31, 2020 |
|---|---|---|---|
| Title | Thimes Solutions Inc. v. TP Link USA Corporation et al. | | |

Court sets aside Plaintiff's various legal conclusions, all that remains is a routine contract for services between Defendants. Under the TP-Link-Amazon Brand Protection Agreement, Amazzia promised to report non-compliant sellers to Amazon until they are removed. TP-Link hired Amazzia to perform certain services, and Amazzia would be compensated in exchange for those services. "Parties that enter commercial relationships 'for their own gain or benefit' do not constitute an 'enterprise.'" In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig., 2012 U.S. Dist. LEXIS 184429, at *29 (C.D. Cal. June 29, 2012) (collecting cases); In re WellPoint, Inc. Out–of–Network UCR Rates Litig., 865 F. Supp. 2d 1002, 1034-35 (C.D. Cal. 2011). In light of the facts presented, Plaintiff's enterprise allegations have not risen "from the realm of the possible to the plausible." Shaw v. Nissan North America, Inc., 220 F. Supp. 3d 1046, 1057 (C.D. Cal. 2016) (dismissing RICO claim without leave to amend).

In addition, Plaintiff has not plausibly alleged "racketeering activity" to support a viable RICO claim. Plaintiff "must establish that Defendants had the specific intent to defraud, and Plaintiff[] may establish that intent by showing the existence of a plausible fraudulent scheme." Eclectic Props. East, LLC v. Marcus & Millichap Co., 751 F.3d 990, 997 (9th Cir. 2014) (affirming dismissal of RICO claim under Federal Rule 8(a) and 9(b) for failure to support a plausible inference that defendants had the required specific intent to defraud). Because Defendants' business relationship is "facially legitimate," and Defendants "operate legitimate businesses" and "otherwise act as routine participants in American commerce, a significant level of factual specificity is required to allow a court to infer reasonably that such conduct is plausibly part of a fraudulent scheme." Id. at 997-98 (emphasis added).

Plaintiff alleges that Defendants "engaged in wire fraud by sending to Amazon, by electronic mail, complaints falsely attesting under penalty of perjury that TSI was selling counterfeit TP-Link WLAN products." (Dkt. 113 Ex. A at ¶74.) Defendants "knew that these complaints were false at the time they submitted them to Amazon. . . . [and] intended to deceive Amazon into thinking that TSI was selling counterfeit product." (Id. at ¶¶75-76.) However, Defendants have alleged throughout this litigation that they had a good faith basis to believe Plaintiff was an unauthorized reseller of TP-Link products that lacked the original manufacturer's warranty. Defendants therefore complained to Amazon that Plaintiff's products were counterfeit. "When faced with two possible explanations, only one of which can be true and only one of which results in liability, plaintiffs cannot offer allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation. Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible." In re Century Aluminum Co. Secs. Litig., 729 F.3d 1104, 1108 (9th Cir. 2013).

Plaintiff's allegations illustrate a private business dispute that does not rise to the level of a viable RICO claim. See Manos v. MTC Fin., Inc., 2018 U.S. Dist. LEXIS 226227, at *17 (C.D. Cal. Apr. 2, 2018); Bhatti v. Goldman, 2014 U.S. Dist. LEXIS 167699, at *5 (C.D. Cal. Dec. 2, 2014) (dismissing RICO claim and finding "[t]here is no question that a dispute exists between the parties, but it is a run-of-the-mill business dispute involving fraud, and the case squarely belongs in state court."). Because Plaintiff has not presented a viable RICO claim, the Court finds that Plaintiff's proposed conspiracy claim is also deficient. See Howard v. America Online, 208 F.3d 741, 751 (9th Cir. 2000)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10374 PA (Ex) | Date | August 31, 2020 |
|---|---|---|---|
| Title | Thimes Solutions Inc. v. TP Link USA Corporation et al. | | |

("Plaintiffs cannot claim that a conspiracy to violate RICO existed if they do not adequately plead a substantive violation of RICO."). The Court therefore denies Plaintiff leave to amend on these bases.

### C.   Sherman Antitrust Act Claims are Not Futile

To state a claim under Section 2 of the Sherman Antitrust Act, Plaintiff must allege that: "(1) the defendant possesses monopoly power in the relevant market; (2) the defendant has willfully acquired or maintained that power; and (3) the defendant's conduct has caused antitrust injury." Cost Mgmt. Servs., Inc. v. Wash. Natural Gas Co., 99 F.3d 937, 949 (9th Cir. 1996). And to support a claim for attempted monopolization, Plaintiff must adequately plead: (1) specific intent to control prices or destroy competition; (2) predatory or anticompetitive conduct to accomplish the monopolization; (3) dangerous probability of success; and (4) causal antitrust injury. Id. at 949-50.

In the proposed Fourth Amended Complaint, Plaintiff alleges Defendant TP-Link possesses monopoly power in the relevant market—i.e., Amazon Marketplace. Defendant TP-Link had a 44.08% global market share for all WLAN products in 2017, and TP-Link represents that it is "the world's number one provider of consumer Wi-Fi networking devices." (Dkt. 113 Ex. A ¶90.) Therefore, Plaintiff alleges that "[TP-Link] had at least a 50% market share of the global, United States, and New York-centered Amazon marketplace for sales of new/factory-sealed consumer WLAN products." (Id.) "TP-Link willfully maintained monopoly power in the aforementioned markets by engaging in anticompetitive conduct, such as by working with Amazzia to repeatedly submit false complaints to Amazon that TSI, and other third-party sellers, were selling counterfeit TP-Link WLAN products in order to get Amazon to expel these sellers from the Amazon Marketplace." (Id. at ¶91.) This conduct "caused injury to competition and to consumers." (Id. at ¶94.) "TP-Link's conduct has allowed it to charge supracompetitive prices for its consumer WLAN products. . . . reduce the output of such products to consumers . . . [and] eliminate[] consumer choice for different consumer WLAN products." (Id. at ¶¶94-95.) Defendants have also directly harmed Plaintiff by filing allegedly false complaints that resulted in Amazon expelling Plaintiff from selling the Marketplace website. (Id. at ¶97.) Based on these allegations in the proposed Fourth Amended Complaint, the Court finds that Plaintiff's Sherman Antitrust Act claims are not futile. The Court therefore grants leave to amend on this basis.

### Conclusion

The Court grants Plaintiff leave to amend the complaint and add claims for monopolization and attempted monopolization. The Court denies Plaintiff leave to add claims for violation of the Lanham Act and RICO Act. Plaintiff shall file an amended complaint, if any, no later than seven (7) days from the date this order is entered. No new claims may be asserted without leave of Court. The failure to file an amended complaint by the deadline specified in this order may result, without further warning, in dismissal of this action. Defendants' Motion to Dismiss the Third Amended Complaint is hereby denied as moot.

IT IS SO ORDERED.