Stephen R. Smerek (State Bar No. 208343)
email: ssmerek@foley.com
Tiffany Kim Sung (State Bar No. 323077)
email: tsung@foley.com
**FOLEY & LARDNER LLP**
555 South Flower Street, Suite 3300
Los Angeles, CA 90071-2411
Telephone: (213) 972-4500
Facsimile: (213) 486-0065

Attorneys for Defendant
TP LINK USA CORPORATION

Alton G. Burkhalter (State Bar No. 119595)
Email: aburkhalter@bkcglaw.com
Joshua A. Waldman (State Bar No. 222859)
Email: jwaldman@bkcglaw.com
**BURKHALTER KESSLER**
 **CLEMENT & GEORGE LLP**
2020 Main Street, Suite 600
Irvine, CA 92614-8336
Telephone: (949) 375-7500
Facsimile: (949) 975-7501

Attorneys for Defendant
AUCTION BROTHERS, INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS INC., <br><br> Plaintiff, <br><br> v. <br><br> TP LINK USA CORPORATION, et al. <br><br> Defendants. | Case No: 2:19-cv-10374-SB (Ex) <br><br> Hon. Stanley Blumenfeld, Jr. <br><br> **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS FOURTH AMENDED COMPLAINT** <br><br> [Filed concurrently with Notice of Motion and Motion to Dismiss; Memorandum of Point and Authorities in Support of; and Proposed Order re Motion] <br><br> Hearing Date: November 9, 2020 <br> Hearing Time: 1:30 p.m. <br> Courtroom: Courtroom 6C <br> FAC Filed: September 7, 2020 |

4847-5318-9580.4

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL HEREIN:**

PLEASE TAKE NOTICE that Defendants TP Link USA Corporation ("TP-Link") and Auction Brothers, Inc. d/b/a Amazzia ("Amazzia") (collectively, "Defendants"), hereby respectfully request that the Court take judicial notice of the following facts and webpages in support of Defendants' Motion to Dismiss the Fourth Amended Complaint:

1. The Amazon website identified by Plaintiff in the Fourth Amended Complaint as one method of distribution, and in fact, the platform Plaintiff has been barred from, is a platform where consumers can purchase wireless routers and other wireless local area network or WLAN products, as alleged in the Fourth Amended Complaint. *See* Dkt. 126 ("FAC") at ¶¶ 3, 6, 21-22, 48-49.

2. A search for "wireless local area network products" on Amazon results in hundreds of products from a myriad of companies, including wireless adapters, security cameras, WiFi extenders, smart plugs, smart lightbulbs, wireless ear buds, tablets, and routers, ranging from less than fifty dollars to thousands of dollars. An exemplar of the search results depicting the first few hundred listings is attached as Exhibit A. (*See* https://www.amazon.com/s?k=wireless+local+area+network+products&ref=nb_sb_noss (last accessed on September 28, 2020).)

3. A search for "WLAN products" on Amazon results in hundreds of products, including wireless adapters, laptops, mobile hotspots, cellular phones, security cameras, and routers, ranging from less than fifty dollars to thousands of dollars. An exemplar of the search results depicting the first few hundred listings is attached as Exhibit B. (*See* https://www.amazon.com/s?k=WLAN+product&ref=nb_sb_noss (last accessed on September 28, 2020).)

4. A search for "wireless router" on Amazon results in hundreds of products, ranging from less than fifty dollars to several hundreds of dollars, and sold by numerous manufacturers such as NETGEAR, Linksys, Amazon, ASUS, D-Link, and Cisco.  An exemplar of the search results depicting the first few hundred listings is attached as Exhibit C.  (*See* https://www.amazon.com/s?k=wireless+router&ref=nb_sb_noss (last accessed on September 28, 2020).)

"A court must take judicial notice if a party requests it and supplies the court with the requisite information." *Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 965 (C.D. Cal. 2005); Fed. R. Evid. 201(d).  The grounds upon which the Court may take judicial notice are stated in Federal Rules of Evidence, Rule 201(b), which provides that "the court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Thus, "this Court may take judicial notice of its own records, and documents that are public records and capable of accurate and ready confirmation by sources that cannot reasonably be questioned." *Wible*, 375 F. Supp. 2d at 965 (citing *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)).  Courts have found judicial notice proper over publicly available websites. *See Loomis v. Slendertone Distribution, Inc.*, 420 F. Supp. 3d 1046, 1063 (S.D. Cal. 2019) (collecting cases).  Webpages from Amazon.com are therefore proper subjects for judicial notice. *See id*. at 1062-63 (taking judicial notice of Amazon.com listing); *Wible*, 375 F. Supp. 2d at 965-66 (taking judicial notice of Amazon webpages).

Defendants therefore respectfully request that the court take judicial notice of the facts listed above.

| | | |
|---|---|---|
| 1 | DATED: September 29, 2020 | **FOLEY & LARDNER LLP** |
| 2 | | |
| 3 | | <u>/s/Stephen R. Smerek</u><br>Stephen R. Smerek |
| 4 | | Tiffany Kim Sung<br>FOLEY & LARDNER LLP |
| 5 | | *Attorneys for Defendant* |
| 6 | | *TP Link USA Corporation* |
| 7 | | **BURKHALTER KESSLER** |
| 8 | | **  CLEMENT & GEORGE LLP** |
| 9 | | <u>/s/Josh Waldman</u><br>Alton G. Burkhalter |
| 10 | | Josh A. Waldman<br>BURKHALTER KESSLER |
| 11 | |   CLEMENT & GEORGE LLP |
| 12 | | *Attorneys for Defendant*<br>*Auction Brothers, Inc.* |

# ATTESTATION CLAUSE

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer of this document attests that all of the signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: September 29, 2020

**FOLEY & LARDNER LLP**
STEPHEN R. SMEREK
TIFFANY KIM SUNG

*/s/ Stephen R. Smerek*
Stephen R. Smerek
ATTORNEYS FOR DEFENDANT TP LINK USA CORPORATION