RANDOLPH GAW (S.B. #223718)
 rgaw@gawpoe.com
MARK POE (S.B. #223714)
 mpoe@gawpoe.com
VICTOR MENG (S.B. #254102)
 vmeng@gawpoe.com
GAW | POE LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

MARK SCHLACHET (*pro hac vice*)
markschlachet@me.com
3515 Severn Road
Cleveland, OH 44118
Telephone: (216) 225-7559
Facsimile: (216) 932-5390

CHRISTOPHER J. HAMMOND
(S.B. #150024)
chammond@bizlawpro.com
21540 Prairie Street, Unit A
Chatsworth, CA 91311
Telephone: (866) 625-2529
Facsimile: (866) 463-9285

Attorneys for Plaintiff Thimes Solutions Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS INC.<br><br>Plaintiff,<br><br>v.<br><br>TP-LINK USA CORPORATION, and AUCTION BROTHERS, INC. d/b/a AMAZZIA<br><br>Defendants. | Case No. 2:19-cv-10374-SB (Ex)<br><br>**THIMES SOLUTIONS INC.'S OBJECTION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**<br><br>Judge:      Hon. Stanley Blumenfeld, Jr.<br>Courtroom:  Courtroom 6C<br>Date:       December 4, 2020<br>Time:       10:30 am |

1   Plaintiff Thimes Solutions Inc. ("TSI") objects to Defendants' request for

2   judicial notice.

3   A judicially noticed fact must be one "not subject to reasonable dispute"

4   because it (1) is "generally known within the trial court's territorial jurisdiction," or

5   (2) "can be accurately and readily determined from sources whose accuracy cannot

6   reasonably be questioned." Fed. R. Evid. 201(b). If the Court takes judicial notice

7   of documents, it does so for the fact that the documents exist, but not for "the truth

8   of the facts recited therein." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir.

9   2001) (explaining that a court can take notice of the existence of pleadings, but not

10  "the truth of the facts recited therein").

11  The Court should deny Defendants' request to judicially notice the five

12  disparate webpage printouts from Amazon.com. (ECF Nos. 131, 131-1 through

13  131-6.) These five printouts purport to reflect searches conducted by Defendants'

14  counsel. (ECF No. 131 at 1-2.) That fact is "subject to reasonable dispute," and

15  cannot be "accurately and readily determined from sources whose accuracy cannot

16  reasonably be questioned." Fed. R. Evid. 201(b). Among the missing facts are: (1)

17  who performed the search, (2) what date(s) were these searches performed, (3) what

18  past searches had been performed on that same computer, (4) what "cookies" were

19  stored on the computer at the time of the search, and countless other variables.

20  Amazon's search engine uses complex algorithms to generate the results to the user,

21  which Defendants do not even attempt to explain in their Request. Indeed, as an

22  experiment, TSI's counsel ran a similar search for "wireless local area network

23  products" on Amazon, and the process generated entirely different product listings

24  compared to Defendants' analogue (ECF No. 131-1.) (*See* Gaw Decl., Ex. 1.) The

25  exact same listing should have showed up if judicial notice were proper, and thus

26  Defendants have not provided any basis to enable the Court or TSI to assess the

27  veracity or accuracy of the searches Defendants conducted that resulted in these

28  webpage printouts. *See Experian Info. Sols., Inc. v. Lifelock, Inc.*, 633 F. Supp. 2d

1   1104, 1107 (C.D. Cal. 2009) (denying request to judicially notice "the web page of

2   the Governor of Connecticut" because "the material on the Governor's web page is

3   not 'capable of accurate and ready determination by resort to sources whose

4   accuracy cannot be questioned.'").

5         Moreover, Defendants improperly ask the Court to take judicial notice of the

6   Amazon webpage printouts not for the fact that the webpages exist, but rather as to

7   the truth of the purported facts asserted therein—that searches on Amazon yield

8   "hundreds of products," from "a myriad of companies," and "ranging from less than

9   fifty dollars to several hundreds of dollars."  (ECF No. 131 at 1-2.)  The cases

10   Defendants cite are distinguishable.  *Wible v. Aetna Life Ins. Co.*, 375 F.Supp.2d

11   956, 965-66 (C.D. Cal. 2005) took judicial notice of two Amazon webpages

12   reflecting the fact that plaintiff's expert witness, a "nationally recognized Lupus

13   expert," authored two published books on the disease, the "definitive clinical

14   reference work" and the "leading popular book on [Lupus]."  And in *Loomis v.*

15   *Slendertone Distribution, Inc.*, 420 F.Supp.3d 1046 (S.D. Cal. 2019), the court took

16   judicial notice of defendant's website and its product listing on Amazon because

17   plaintiff alleged that defendant's advertisements on those pages were false or

18   misleading, and plaintiff did not dispute their contents.  *Id.* at 1058-1059, 1062-

19   1063.

20         Here, in contrast, the contents of the Amazon webpage printouts Defendants

21   seek judicial notice of have nothing to do with TSI's allegations.  TSI also disputes

22   the contents of those Amazon webpage printouts.  Moreover, as shown in

23   Defendants' motion to dismiss, Defendants seek judicial notice of the printouts for

24   the impermissibly purpose of "the truth of the facts recited therein"—that the

25   purported searches on Amazon yielded "hundreds of products" from "a myriad of

26   companies."  (ECF 130 at 2 n.1, 6, 14 n.6.)

27

28

1

## CONCLUSION

2 For the foregoing reasons, the Court should deny Defendants' request for

3 judicial notice.

4

5 Dated:  November 6, 2020                    GAW | POE LLP

6                                             By:

7                                                 Randolph Gaw
                                                  Attorneys for Plaintiff
8                                                 Thimes Solutions Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S OBJECTION TO
DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
CASE NO. 2:19-CV-10374-SB-EX