1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15

THIMES SOLUTIONS INC.

         Plaintiff(s),

v.

TP LINK USA CORPORATION, et al.

         Defendant(s).

Case No. 2:19–cv–10374–SB–E

**MANDATORY SCHEDULING CONFERENCE (MSC) ORDER**

**Date:**        **March 5, 2021**

**Time:**        **8:30 a.m.**

**Courtroom:**    **6C**

16
17
18

**READ THIS ORDER CAREFULLY BECAUSE IT CONTROLS THIS CASE**

**AND DIFFERS IN PART FROM THE LOCAL RULES.**

19
20
21
22

    This case has been assigned to Judge Stanley Blumenfeld, Jr. and is set for a scheduling conference pursuant to Fed. R. Civ. P. 16(b) on the above date in Courtroom 6C of the First Street Courthouse, 350 West First Street, Los Angeles, CA, 90012.

23
24
25
26
27
28

**TABLE OF CONTENTS**

**A.**   **PRELIMINARY MATTERS**

**B.**   **MANDATORY SCHEDULING CONFERENCE (MSC)**

**C.**   **JOINT 26(F) REPORT**

**D.**   **CASE MANAGEMENT ORDER (CMO)**

## A.     PRELIMINARY MATTERS

1.   **<u>Self-Represented Parties</u>**.  Parties appearing in propria persona ("pro per") must comply with the Federal Rules of Civil Procedure and the Local Rules. *See* Local Rule 1-3, 83-2.2.3. "Counsel," as used in this order, includes parties appearing in pro per.

2.   **<u>Notice to be Provided by Counsel</u>**.  Plaintiff's counsel or, if plaintiff is a pro per, defendant's counsel, shall provide this Order to all known parties who have not yet appeared or who appear after the date of this Order.

3.   **<u>Court's Website</u>**.  This and all other applicable orders in this case are available on <u>Judge Blumenfeld's Webpage</u> (scroll to bottom). The Local Rules are available on the <u>Central District of California Website</u>.

4.   **<u>Pleadings</u>**.  If plaintiff has not previously served the operative complaint on all defendants, plaintiff shall promptly do so and file proof(s) of service within 3 days thereafter. Each defendant likewise shall promptly serve and file a responsive pleading and file proof of service within 3 days thereafter (if not previously done). At the scheduling conference, the Court will dismiss all remaining DOE defendants and set a deadline within 60 days for hearing motions to amend the pleadings or add parties.

5.   **<u>Discovery</u>**.  The parties are reminded of their obligations to (i) make initial disclosures "without awaiting a discovery request" (Fed. R. Civ. P. 26(a)(1)) and (ii) confer on a discovery plan at least 21 days before the scheduling conference (Fed. R. Civ. P. 26(f)). The Court encourages counsel to agree to begin to conduct discovery actively *before* the scheduling conference. At the very least, the parties shall comply fully with Fed. R. Civ. P. 26(a), producing most of what is required in the early stage of discovery, because the Court will impose strict deadlines to complete discovery in the case management order.

///

**B.   MANDATORY SCHEDULING CONFERENCE (MSC)**

    **1.**   <u>**Continuance**</u>.  A request to continue the scheduling conference will be granted only for good cause.

    **2.**   <u>**Vacating the Conference**</u>.  The Court may vacate the scheduling conference and issue a case management order based on the Report.

    **3.**   <u>**Participation**</u>.  Lead trial counsel must attend the scheduling conference, unless excused by the Court for good cause prior to the conference.

**C.   JOINT RULE 26(F) REPORT**

*Caption*.  Under the title, list the dates of the (i) Original Complaint; (ii) Removal (if removed); (iii) Responsive Pleading; (iv) Trial (Proposed); and (v) MSC.

*Due Date*.  File the Joint Rule 26(f) Report (Report) *no later than 7 days* before the scheduling conference and deliver it to Judge Blumenfeld's <u>Chambers email</u> (in Word format) and Chambers Copy box outside the Clerk's Office (4th floor).

*Jointly Filed*.  Plaintiff shall draft the Report–unless plaintiff is self-represented and not a lawyer or the parties agree otherwise–but it shall be jointly signed and filed (i.e., a single report submitted by all parties).

*Contents*.  The Report shall include all the following information *using section headings and sub-headings that correspond precisely to those below*:

    **1.**   <u>**Subject Matter Jurisdiction**</u>.  State the basis of federal jurisdiction, including supplemental jurisdiction. For federal question jurisdiction, cite the federal law under which the claim arises. For diversity jurisdiction, state each party's citizenship and the amount in controversy.

    **2.**   <u>**Statement of the Case**</u>.  A short synopsis (three-page maximum) of the main claims, counterclaims, affirmative defenses, and procedural history.

///

///

3

3. **Damages/Insurance**.

    a. *Damages*.  The realistic range of provable damages.

    b. *Insurance*.  Whether there is insurance coverage, the extent of coverage, and whether there is a reservation of rights.

4. **Parties, Evidence, etc**.  A list of parties, percipient witnesses, and key documents on the main issues in the case. For conflict purposes, corporate parties must identify all subsidiaries, parents, and affiliates.

5. **Discovery**.

    a. *Status of Discovery*.  A discussion of the present state of discovery, including a summary of completed discovery.

    b. *Discovery Plan*.  A detailed discovery plan, as contemplated by Fed. R. Civ. P. 26(f). State any proposed changes in the disclosures under Fed. R. Civ. P. 26(a), the subject(s) on which discovery may be needed, whether applicable limitations should be changed or others imposed, and whether the Court should enter other orders. A general statement that discovery will be conducted on all claims and defenses (or other similarly vague description) is unacceptable.

6. **Legal Issues**.  A brief description of the key legal issues, including any unusual substantive, procedural, or evidentiary issues.

7. **Motions**.

    a. *Procedural Motions*.  A statement of the likelihood of motions to add other parties or claims, file amended pleadings, transfer venue, etc.

    b. *Dispositive Motions*.  A description of the issues or claims that any party believes may be determined by motion to dismiss or motion for summary judgment (MSJ). For the Court's Standing Order governing MSJs, see MSJ Order (scroll to bottom of webpage).

    c. *Class Certification Motions*.  For a putative class action, the parties shall provide a proposed briefing schedule for the class certification

motion that allows for at least three weeks between the filing of the reply and the hearing. The parties must act diligently and begin discovery immediately, because the motion must be filed no later than 120 days from the date *originally* set for the scheduling conference, unless the Court orders otherwise. Any request for additional time beyond the 120 days must be supported by a detailed "Class Certification Plan"–attached as an exhibit at the end of the Report– showing all anticipated activity and the corresponding date for each activity, up to the hearing on the motion.

8. **Alternative Dispute Resolution (ADR)**.

   a. *Prior Discussions*.  A description of all prior oral or written settlement discussions (without stating the terms).

   b. *ADR Selection*.  The parties shall state their preference for mediation before: (i) the magistrate judge, (ii) the court mediation panel, or (iii) a private mediator (at the parties' expense). Failure to state a preference shall be construed as authorizing the Court to select at will. Participation in ADR by all parties, including an officer with full settlement authority for corporate parties, is mandatory.

9. **Trial**.

   a. *Proposed Trial Date*.  The trial date is set within a prescribed period from the original due date of the initial responsive pleading. The period depends on the relative level of factual and legal complexity: (i) Low Level–6 Months (e.g., ADA cases); (ii) Medium Level–12 Months (e.g., employment cases); and (iii) High Level–18 Months (e.g., class actions). The parties must justify the proposed trial date, even if it is a joint request, as the strength of the justification rather than the fact of agreement will dictate the trial setting.

///

     b. *Time Estimate*.  A realistic estimate of the number of court days required for trial, specifying the number of witnesses each party contemplates calling. If the time estimate exceeds four days, counsel should be prepared to discuss in detail the basis for the estimate.

     c. *Jury or Court Trial*.  Specify whether trial will be by jury or by court. The default will be a court trial if the parties fail to specify.

     d. *Magistrate Judge*.  Whether the parties agree to try the case (either by jury or court trial) before a magistrate judge. *See* 28 U.S.C. § 636 (requiring party consent). The parties may choose any magistrate judge identified on the Central District Website.

     e. *Trial Counsel*.  The names of the attorneys who will try the case (and their respective roles if a party has more than one attorney).

**10.** **Special Requests/Other Issues**.

     a. *Independent Expert or Master*.  Whether the Court should consider appointing a master (Fed. R. Civ. P. 53) or an independent expert (if the case involves, for example, substantial discovery disputes, or complex scientific issues for the bench).

     b. *Manual for Complex Litigation*.  Whether the procedures of the Manual for Complex Litigation should be used in whole or part.

     c. *Other Issues*.  A statement of any other issues affecting case management−e.g., unusually complex technical issues, discovery in foreign jurisdiction(s), protective-order disputes, accommodation needs (interpreters, ADA requests, etc.), and any proposed ordering of proof (severance, bifurcation, etc.).

///

///

///

///

**D.   CASE MANAGEMENT ORDER (CMO)**

**1.   Pretrial Dates**.  The Pretrial Conference (PTC) will be set about three weeks before the trial date. All other pretrial dates generally will be set the following number of *weeks before the PTC*:

| Pretrial Event | PTC | Notes |
|---|---|---|
| **Fact Discovery** Cutoff: | **18** weeks | Last day for responses/depos. Don't wait to the last minute or risk not having time for dispute resolution. |
| **Expert Discovery** Cutoff: | **14** weeks | Initial/Rebuttal Disclosures−20/18 weeks. Parties may modify so long as the cut-off is unchanged. |
| **Discovery Motion** Cutoff: | **14** weeks | Complete discovery in advance of cut-off in time for hearing *and* any court-ordered discovery. |
| **Non-Discovery Motion** Cutoff: | **12** weeks | For summary judgment motions, see MSJ Order on the Court's webpage (scroll to bottom). |
| **ADR** Cutoff: | **10** weeks | Set before cut-off to allow for follow-up sessions. A status conference is set within 2 weeks of the cut-off. |
| **Trial Filings** (1st Set): | **4** weeks | See Trial and Pretrial Order on the Court's webpage (scroll to bottom). |
| **Trial Filings** (2nd Set): | **2** weeks | See Trial and Pretrial Order on the Court's webpage (scroll to bottom). |

**2.   Continuances**.  The CMO deadlines will *not* be continued absent a *timely* showing of *good cause* presented in a Word document along with a proposed order delivered to Judge Blumenfeld's Chambers email.

a.   *Good cause*.  Good cause requires a specific, detailed, and non-conclusory showing of diligence from the outset of the case, describing: (i) all relevant work previously done (including when each item was completed), (ii) all relevant work that remains to be done, (iii) why the remaining work could not previously have been done (including efforts made to complete each remaining item), and (iv) why the amount of time requested is needed to complete the remaining work. A desire to engage is settlement discussions generally does not constitute good cause.

b.   *Table*.  Include a table of dates specified below in the format below. (i) Use the following date format: 00/00/00. (ii) All current and proposed dates must be included even if a current and proposed

date is the same (i.e., leave no blanks). (iii) Insert "none" in a cell if no date has been set. (iv) Add more columns for "Prior Dates" as necessary to show all prior extensions. (v) Add rows if other dates not shown in the table were set.

| __Event__ | __Prior Dates__ | __Current Dates__ | __Proposed Dates__ |
|---|---|---|---|
| **Trial** | | | |
| **Pretrial Conf.** | | | |
| **Motion to Amend Pleadings** | | | |
| **Fact Discovery Cutoff** | | | |
| **Expert Discovery Cutoff** | | | |
| **Discovery Motion Hearing Cutoff** | | | |
| **Non-Discovery Motion Hearing Cutoff** | | | |
| **Settlement Conf. Deadline** | | | |
| **Post-Settle. Conf.** (Rep. due 3 days bef.) | | | |
| **Trial Filings (1ˢᵗ Set)** | | | |
| **Trial Filings (2ⁿᵈ Set)** | | | |

    c.   *Caption*.  List the dates of the original (i) Complaint; and (ii) Responsive Pleading below the caption title.

    d.   *Proposed Order*.  A party must use the CMO Continuance Order template on the Court's website. As reflected in the template, the proposed order *shall* contain the same table as above in a Word document that states the following:

"Having considered the request to continue the deadlines in the case management order (CMO) and finding good cause to grant a continuance, the Court hereby modifies the CMO by adopting the Proposed Dates (as may have been modified) in the table below."

The proposed order shall not contain: (i) attorney names, addresses, etc. on the caption page; (ii) a footer with the document

///

8

1   name or other information; or (iii) a watermark or designation of

2   the firm name.

3

4

5   Dated:  January 28, 2021

6   _____

    Stanley Blumenfeld, Jr.
7   United States District Court Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28