RANDOLPH GAW (S.B. #223718)
 rgaw@gawpoe.com
MARK POE (S.B. #223714)
 mpoe@gawpoe.com
VICTOR MENG (S.B. #254102)
 vmeng@gawpoe.com
GAW | POE LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

MARK SCHLACHET (*pro hac vice*)
 markschlachet@me.com
3515 Severn Road
Cleveland, OH 44118
Telephone: (216) 225-7559
Facsimile: (216) 932-5390

CHRISTOPHER J. HAMMOND
(S.B. #150024)
 chammond@bizlawpro.com
21540 Prairie Street, Unit A
Chatsworth, CA 91311
Telephone: (866) 625-2529
Facsimile: (866) 463-9285

Attorneys for Plaintiff
Thimes Solutions Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS INC.<br><br>                    Plaintiff,<br><br>        v.<br><br>TP-LINK USA CORPORATION, and AUCTION BROTHERS, INC. d/b/a AMAZZIA<br><br>                    Defendants. | Case No. 2:19-cv-10374-SB-E<br><br>**JOINT RULE 26(f) REPORT**<br><br>Original Complaint:   May 29, 2019<br>Responsive Pleading:  N/A<br>Trial (Proposed):     July 11, 2022<br>MSC:                  March 5, 2021<br><br>Judge:     Hon. Stanley Blumenfeld, Jr.<br>Courtroom: 6C |

Plaintiff Thimes Solutions LLC and Defendants TP-Link USA Corporation ("TP-Link USA") and Auction Brothers, Inc. ("Amazzia"), hereby submit this Joint Rule 26(f) Statement in accordance with the Court's Mandatory Scheduling Conference Order (ECF No. 140), Rules 16 and 26(f) of the Federal Rules of Civil Procedure, and Rule 26-1 of the Local Rules for the United States District Court for the Central District of California.

**1.    Subject Matter Jurisdiction**

*Plaintiff's Position*

On February 17, 2021, the Court dismissed Plaintiff's Fourth Amended Complaint and granted Plaintiff leave to file a Fifth Amended Complaint. (ECF No. 141.) Should Plaintiff elect to file an amended complaint, the Court will have federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff's amended claims would arise under the federal Sherman Antitrust Act, 15 U.S.C. § 2, and the Declaratory Judgment Act, 28 U.S.C. § 2201.

*Defendants' Position*

The Court has dismissed the Fourth Amended Complaint without prejudice, and thus there are currently no operative claims asserted against Defendants. Defendants further contend, as detailed in their joint motion to dismiss the Fourth Amended Complaint, that the Court does not have subject matter jurisdiction over the previously asserted declaratory judgment claim because there is no present case or controversy for this Court to adjudicate.

**2.    Statement of the Case**

*Plaintiff's Position*

Plaintiff is a small reseller that enjoyed robust sales and healthy profits selling authentic, factory-sealed TP-Link USA consumer wireless router products on the Amazon Marketplace, the largest e-commerce platform in the United States

1    and globally.  TP-Link USA then conspired with Amazzia to eliminate the
2    competitive threat posed by Plaintiff and other small re-sellers offering TP-Link
3    USA's consumer wireless router products below the manufacturer's minimum
4    advertised price.  The scheme consisted of having Amazzia, under the guise of
5    "brand protection," lodge a barrage of complaints to Amazon falsely accusing the
6    re-seller of selling counterfeit products.  Defendants were aware that Amazon
7    rubberstamps these types of complaints and abused the process to eliminate 90% of
8    TP-Link USA's competitors on Amazon.  This scheme allowed TP-Link USA to
9    reduce the availability of lowered priced wireless router products these resellers
10   offered to consumers, thereby forcing consumers to pay TP-Link USA's
11   supracompetitive, minimum advertised price.  Plaintiff can show TP-Link USA's
12   prices are supracompetitive because Plaintiff was able to maintain a high profit
13   margin despite selling TP-Link USA products at a price considerably lower than
14   the manufacturer's minimum advertised price.  Because resellers like Plaintiff
15   carry multiple brands, Defendants' eliminating them from Amazon also reduced
16   consumer choice of alternative wireless router products.  TP-Link USA's scheme
17   has allowed it to—in its own words—become "the world's number one provider of
18   consumer Wi-Fi networking devices" and hold the "dominant position as the
19   market leader in WLAN products for the 29th consecutive quarter."  Plaintiff
20   alleges that TP-Link USA acted in an anticompetitive manner to preserve its
21   monopoly power over consumer wireless routers products, and that such conduct
22   violates the federal Sherman Antitrust Act.
23          Given Defendants' conduct alleged in the complaint, it is also reasonable for
24   Plaintiff to apprehend that TP-Link USA will do anything to prevent Plaintiff from
25   selling TP-Link USA wireless router products on the Amazon Marketplace or other
26
27
28

distribution channels.  Plaintiff thus also has a justiciable "case or controversy" under the Declaratory Judgment Act.

***Defendants' Position***

Plaintiff concedes that it is not an authorized distributor of TP-Link branded products.  Nevertheless, Plaintiff sold products on the Amazon marketplace representing that they were genuine TP-Link branded products without advising consumers that Plaintiff was not an authorized distributor and that TP-Link's published product warranties only extended to sales by authorized distributors.  Plaintiff has never established that the products it sold were genuine TP-Link branded products, that TP-Link had any obligation to warranty any products sold by Plaintiff or other unauthorized resellers, or that Plaintiff came into possession of the products at issue legally.

According to Plaintiff, after Amazzia complained to Amazon regarding Plaintiff's sales of TP-Link branded products, Amazon gave Plaintiff multiple opportunities to demonstrate that Plaintiff was in compliance with Amazon's policies.  Again, according to Plaintiff, Plaintiff was unable to demonstrate to Amazon that Plaintiff was in compliance with Amazon's policies, and Amazon banned Plaintiff from its platform.  Plaintiff has not made any claim that Amazon acted outside its legal rights to ban Plaintiff from the Amazon marketplace.  Notably, Amazon did not merely block Plaintiff from selling TP-Link branded wireless routers, the only product about which Defendants allegedly complained, but banned Plaintiff from selling on the marketplace completely.  In short, Plaintiff's own allegations establish that Plaintiff was not permanently banned from the Amazon marketplace because of Defendants' complaints regarding sales of TP-Link branded wireless routers; but rather, Plaintiff was banned from selling any products on the Amazon marketplace because Plaintiff continued its conduct

without demonstrating to Amazon that Plaintiff was in compliance with Amazon's policies.

### Procedural History

Plaintiff filed its initial complaint on May 29, 2019 in the Southern District of New York against defendants TP-Link, Mikhail Fikhman dba Amazzia, 3PM Shield LLC, and Prevagen, Inc., alleging state law claims for Interference with Existing and Prospective Business Relationships, Tortious Interference with Contract, Libel Per Se, and Declaratory Judgment.  (ECF No. 1.)  It thereafter dismissed defendants 3PM Shield LLC, Mikhail Fikhman, and Prevagen, Inc.  (ECF Nos. 30, 40, 42.)  On July 2, 2019, Plaintiff amended its complaint to include Amazzia.  (ECF No. 32.)

On August 14, 2019, the Southern District of New York stayed deadlines for discovery and responding to the complaint pending a settlement conference.  (ECF No. 43.)  The parties held a series of telephonic settlement conferences before a magistrate judge but were unable to settle the case.  (*See* Minute Entries on September 6, September 18, and October 16, 2019; ECF No. 47.)  On December 6, 2019, after holding a status conference, the Southern District of New York transferred the case to this District pursuant to 28 U.S.C. § 1404(a).  (ECF No. 50.)  The case was assigned to this Court on December 10, 2019.  (ECF No. 53.)

On January 7, 2020, the Honorable Percy Anderson *sua sponte* dismissed the First Amended Complaint for lack of federal subject matter jurisdiction.  (ECF No. 73.)  Plaintiff filed its Second Amended Complaint on January 13, 2020, adding a cause of action under Section 1 of the Sherman Antitrust Act.  (ECF No. 78.)  Defendants jointly moved to dismiss the SAC on February 6, 2020.  (ECF No. 86.)  On June 8, 2020, after supplemental briefing ordered by the Court, Judge Anderson granted Defendants' motion to strike Plaintiff's state law claims pursuant to

- 4 -

JOINT RULE 26(f) REPORT
CASE NO. 2:19-CV-10374-SB-E

California's anti-SLAPP statute, and dismissed Plaintiff's Section 1 claim with leave to amend. (ECF No. 103 at 7-12.)

On July 8, 2020, Plaintiff concurrently filed a Third Amended Complaint and a motion for leave to file a Fourth Amended Complaint, because Judge Anderson ordered Plaintiff to obtain leave before asserting new claims, and stated that failure to file a Third Amended Complaint could result in dismissal without warning. (ECF No. 103 at 12.) Judge Anderson granted leave for Plaintiff to File a Fourth Amended Complaint to add claims for monopolization and attempted monopolization under the Sherman Act, but denied Plaintiff leave to add claims for violation of the Lanham Act and RICO Act. (ECF No. 125.) Plaintiff filed its Fourth Amended Complaint on September 7, 2020. (ECF No. 126.)

The case was transferred from Judge Anderson to this Court on September 28, 2020. (ECF No. 129.)

On September 29, 2020, Defendants jointly moved to dismiss Plaintiff's Fourth Amended Complaint. (ECF No. 130.) The Court heard that motion on December 4, 2020. (ECF No. 139.) On February 17, 2021, this Court granted Defendants' Joint Motion to Dismiss Plaintiff's Fourth Amended Complaint with leave to file a fifth amended complaint by no later than March 10, 2021. (ECF 141.)

The parties conferred on February 22, 2021. Plaintiff has not yet determined if it will file a Fifth Amended Complaint.

**3.** **Damages/Insurance**

*Plaintiff's Position*

Pursuant to 15 U.S.C. § 15(a), any damages awarded for a Sherman Act violation are subject to mandatory trebling, plus mandatory attorneys' fees. While damages will certainly be a matter for expert analysis and testimony, Plaintiff anticipates provable damages of at least $5 million, excluding any trebling of such damages. This figure is very preliminary and was reached without the benefit of consulting with an expert witness.

*Defendants' Position*

The Court has dismissed the Fourth Amended Complaint without prejudice, and thus there are currently no operative claims asserted against Defendants. Defendants further state that Plaintiff is not entitled to any compensatory, punitive, or other damages under any claim previously pleaded. Defendants are not aware of any insurance agreements applicable to any of the claims previously pleaded. Defendants are not claiming any damages at this time, but reserve the right to supplement this disclosure as may be permitted pursuant to Rule 26 of the Federal Rules of Civil Procedure.

**4.    Parties, Evidence, Etc.**

*Plaintiff*

| Parties | Thimes Solutions Inc. |
|---|---|
| **Witnesses** | <ul><li>Avi Eisenberg, founder of Thimes Solutions Inc.</li><li>TP-Link USA Rule 30(b)(6) designee</li><li>Tom Lei, employee of TP-Link USA</li><li>TP-Link Technologies Co., Ltd. Rule 30(b)(6) designee</li><li>Amazon Rule 30(b)(6) designee</li><li>Amazzia Rule 30(b)(6) designee</li><li>Expert(s)</li></ul> |
| **Key Documents** | <ul><li>Amazon Brand Protection Agreements between TP-Link USA and Amazzia</li><li>Defendants' communications and interactions with each other and Amazon regarding TP-Link USA's wireless router products</li><li>Defendants' communications and interactions with Amazon regarding resolution of intellectual property complaints</li><li>Defendants' communications and interactions regarding the unauthorized sales of TP-Link USA's wireless router products</li><li>Other financial and sales documents and ESI from Plaintiff, Defendants, TP-Link Technologies Co., Ltd., and Amazon</li></ul> |

| *Defendant TP-Link USA* | |
|---|---|
| **Parties** | TP-Link USA |
| **Witnesses** | - Avi Eisenberg, founder of Thimes Solutions Inc.<br>- Amazon Rule 30(b)(6) designee<br>- Amazzia Rule 30(b)(6) designee<br>- Other individuals disclosed by the parties in discovery<br>- Expert(s) |
| **Key Documents** | - Plaintiff's sourcing of products to sell on the Amazon marketplace<br>- Plaintiff's communications and interactions with Amazon, including communications and interactions regarding the resolution of intellectual property complaints<br>- Plaintiff's efforts to circumvent the permanent ban imposed by Amazon by operating under other names or aliases<br>- Plaintiff's communications and interactions with its customers on the Amazon marketplace<br>- Plaintiff's financial records and valuation documents<br>- Market share data regarding the relevant product markets |
| *Defendant Auction Brothers, Inc. d/b/a Amazzia* | |
| **Parties** | Defendant Amazzia |
| **Witnesses** | - William Fikhman, Amazzia – Business operations and relationship between the parties.<br>- Priscilla Arellano, Amazzia – Relationship between the parties.<br>- Amazzia Rule 30(b)(6) designee(s)<br>- Expert(s)<br>- Other individuals disclosed by other parties in this action |
| **Key Documents** | - Amazon documents regarding Plaintiff and its Amazon storefront<br>- Documents regarding Plaintiff's unauthorized sales of Defendant TP-Link wireless router products<br>- Defendant TP-Link documents reflecting its share of the wireless router product market |

|  | • Any documents produced by other parties/non-parties to this action or later discovered by Amazzia |
|---|---|

## 5. Discovery

### a) Status of Discovery

Plaintiff served its first set of document requests on TP-Link USA and Amazzia on September 25, 2020. Defendants timely served responses to those requests on November 9, 2020, and have begun a limited document production. No other discovery has been conducted. On November 6, 2020, the parties jointly filed a stipulated protective order, which Magistrate Judge Eick granted. (ECF No. 137.)

On December 10, 2020, the parties agreed to an informal stay of discovery pending the Court's ruling on Defendants' motion to dismiss.

### b) Discovery Plan

**Initial Disclosures**

The Parties do not propose any changes to the timing, form, or requirement for disclosures under Rule 26(a), and agree to serve initial disclosures fourteen (14) days after Defendants file their Answers.

**Subjects / Phasing of Discovery**

*Plaintiff's Position*

From Plaintiff's perspective, the issues raised in the Fifth Amended Complaint (should Plaintiff elect to file one) and Defendants' forthcoming Answers will define the scope of discovery. Plaintiff anticipates conducting discovery on various subjects, including but not limited to: (1) Defendants' communications and interactions with each other and Amazon regarding TP-Link USA's wireless router products; (2) TP-Link USA's market share of wireless router products; (3) Defendants' communications and interactions with Amazon regarding resolution of intellectual property complaints; (4) Defendants' communications and interactions regarding the unauthorized sales of TP-Link

USA's wireless router products; (5) Plaintiff's sales of TP-Link USA's wireless router products; and (6) the factual bases for Defendants' affirmative defenses. Plaintiff does not believe discovery should be conducted in phases otherwise be limited.

### *Defendants' Position*

The Court has dismissed the Fourth Amended Complaint without prejudice, and thus there are currently no operative claims asserted against Defendants. As such, it is not currently feasible to ascertain the scope of permissible discovery should Plaintiff elect to proceed with a Fifth Amended Complaint. Under the circumstances, Defendants contend that further discovery is premature until the pleadings are settled. In particular, Plaintiff's failure to plead a viable product market to support its Sherman Act antitrust claims renders it impossible to ascertain the appropriate scope of relevant discovery. Should Plaintiff file a Fifth Amended Complaint, and should such Fifth Amended Complaint survive any motion to dismiss, Defendants expect to take discovery regarding subjects relevant to liability and damages for any claims that remain, including (1) the sourcing of products sold by Plaintiff and the manner in which such product were transported and warehoused, (2) all complaints submitted to Amazon regarding Plaintiff's sales of products on the Amazon platform, (3) Plaintiff's communications with Amazon in connection with its sales on the Amazon platform and communications between Plaintiff and Amazon regarding Plaintiff's permanent ban from selling on the Amazon platform – including whether Amazon's ban on Plaintiff extended to individuals associated with Plaintiff and the basis for any such ban, (4) Plaintiff's efforts to continue to sell product on the Amazon platform, or similar efforts by any individuals associated with Plaintiff, through other business entities and Amazon's response to those efforts, (5) Plaintiff's efforts to sell product through other channels, and (6) alleged barriers to entry, start up costs, and business valuation of Plaintiff's business.

The parties propose the following pretrial schedule:

| Event | Date |
|---|---|
| Trial | July 11, 2022<br>*The requirement of the Local Rule 16-10 Trial Brief is hereby waived. |
| Final Pretrial Conference | June 17, 2022 |
| Fact Discovery Cut-Off | February 11, 2022 |
| Expert Discovery Cut-off | March 11, 2022 |
|    Initial Expert Disclosures | February 18, 2022 |
|    Rebuttal Expert Disclosures | February 25, 2022 |
| Hearing Date for Discovery Motion | March 11, 2022 |
| Hearing Date for Dispositive/Daubert Motions | March 25, 2022 |
| ADR | April 8, 2022 |
| Trial Filings (1st Set) | May 20, 2022 |
| Trial Filings (2nd Set) | June 3, 2022 |

**Disclosure / Preservation of Electronically Stored Information**

The Parties have discussed the preservation of discoverable information and have also discussed this subject with their respective clients. The Parties have also conferred on the production of ESI. Each has agreed to consult with their clients on the manner of retention for documents, and a production protocol for ESI.

**Privileged Materials**

The Parties do not anticipate any issues concerning claims of attorney-client privilege, attorney work product, or other similar legal protection. The Parties agree that privilege logs are not required for privileged communications between the Parties and counsel of record.

**Limitations on Discovery**

*Plaintiff's Position*

Plaintiff does not believe that there should be any changes made in the limitations on discovery imposed under the Local Rules and the Federal Rules of Civil Procedure.

*Defendants' Position*

Defendants believe that each Party should be permitted to take one Rule 30(b)(6) deposition not to exceed seven (7) hours, and no more than four (4) additional fact witness depositions, not to exceed seven (7) hours each, absent good cause and leave of Court for additional depositions or time.  Defendants further believe that each Party should be permitted to depose any testifying expert identified by any other Party for up to seven (7) hours without leave of Court.

**Other Orders**

The Parties expect to engage in discovery of potentially proprietary and/or confidential material in the possession of the other party.  To facilitate such discovery, the Parties have submitted a joint application for a proposed stipulated protective order to protect such information from unrestricted disclosure pursuant to Fed. R. Civ. P. 26(c), which Magistrate Judge Eick granted.  (ECF No. 137.)

6. **Legal Issues**

*Plaintiff's Position*

Concerning Plaintiff's antitrust claims, there are questions as to whether TP-Link USA has monopoly power in the consumer wireless router product market in Plaintiff's proposed geographic markets or, if not, whether its actions were done with the intent to achieve monopoly power and created a high probability of achieving monopoly power.  There are also issues as to whether TP-Link USA's alleged monopoly power allowed it to charge supracompetitive prices on its consumer wireless router products.

Concerning Plaintiff's Declaratory Judgment Act claim, the issue is whether Plaintiff has "a real and reasonable apprehension that [it] will be subject to liability" if it continues selling TP-Link USA consumer wireless router products below the manufacturer's minimum advertised price.

*Defendants' Position*

The Court has dismissed the Fourth Amended Complaint without prejudice, and thus there are currently no operative claims asserted against Defendants.

**7. Motions**

    *a)    Procedural Motions*

*Plaintiff's Position*

As to discovery, Plaintiff recently served its first set of document requests on TP-Link USA and Amazzia, to which Defendants have served responses and begun limited document production. Plaintiff reserves the right to bring any appropriate procedural motions if evidence obtained in discovery makes those motions necessary.

Separately, Plaintiff may move under 28 U.S.C. § 1292(b) for an order certifying for interlocutory appeal the Court's June 8, 2020 order striking Plaintiff's state law claims under the anti-SLAPP statute (ECF No. 103) and its order denying leave for Plaintiff to bring a Lanham Act claim (ECF No. 125) or, in the alternative, for reconsideration of those orders.

*Defendants' Position*

Defendants would oppose any motion for an order certifying interlocutory appeal, or for reconsideration, as both untimely and contrary to the interests of avoiding piecemeal litigation. Further, Defendants have not presented any new facts or law that would warrant reconsideration.

b) *Dispositive Motions*

***Plaintiff's Position***

The Court has granted Plaintiff leave to file a Fifth Amended Complaint by no later than March 10, 2021. Plaintiff is evaluating how to proceed, and will promptly alert Defendants counsel should it elect to file a Fifth Amended Complaint.

***Defendants' Position***

At present, Plaintiff has not indicated to Defendants whether it intends to file a Fifth Amended Complaint, and Plaintiff has not provided any additional facts to Defendants that would overcome the substantial additional deficiencies in its prior pleadings not addressed by the Court in dismissing the Fourth Amended Complaint. Further, in response to Plaintiff's formal document requests, TP-Link produced independent, third party data demonstrating that TP-Link's share of the narrowed wireless router market was well under 15% (measured in units and/or dollars) through the relevant period. As such, if Plaintiff proceeds with a Fifth Amended Complaint, Defendants anticipate filing another motion to dismiss.

The Parties anticipate that they will file motions for summary judgment, or partial summary judgment, following the completion of discovery. A cut-off date for those motions is included in each party's proposed case schedule.

c) *Class Certification Motions*

Not applicable.

**8.     Alternative Dispute Resolution (ADR)**

a) *Prior Discussions*

Plaintiff and Defendant TP-Link have engaged in preliminary settlement discussions.

b) *ADR Selection*

During their September 24, 2020 conference, counsel for the Parties discussed the potential for alternative dispute resolution and the potential that a

magistrate judge could help further each sides' investigation and understanding of the merits of the case. Pursuant to Local Rule 16-15.4 and the Order, the Parties have selected ADR Procedure No. 1 (to appear before a magistrate judge).

**9. Trial**

  a) *Proposed Trial Date*

The Parties propose a jury trial date of July 11, 2022.

  b) *Time Estimate*

Plaintiff estimates a jury trial will take 10 court days. Plaintiff anticipates calling at least the seven witnesses it identified Section 4 above.

Defendants estimate that a jury trial will take no more than 4-5 court days.

  c) *Jury or Court Trial*

All Parties have requested a jury trial.

  d) *Magistrate Judge*

Plaintiff does not consent to have the case tried before a magistrate judge.

  e) *Trial Counsel*

Plaintiff will be represented at trial by Randolph Gaw (first chair), Mark Poe (second chair), Victor Meng, and Mark Schlachet.

Defendant TP-Link USA will be represented at trial by Stephen R. Smerek (first chair) and Tiffany Sung (second chair).

Defendant Amazzia will be represented at trial by Alton G. Burkhalter (first chair) and Joshua A. Waldman (second chair).

**10. Special Requests/Other Issues**

  a) *Independent Expert or Master*

The Parties do not believe appointment of a master pursuant to Federal Rule of Procedure 53 or independent scientific expert is necessary.

  b) *Manual for Complex Litigation*

The Parties do not believe that this case is complex or that any of the procedures of the Manual For Complex Litigation should be utilized.

    *c)*    *Other Issues*

Plaintiff has allotted additional time into its proposed schedule to accommodate potential delays and complications associated with the COVID-19 pandemic and related safety precautions. Otherwise, Plaintiff does not currently anticipate any additional issues that may affect the status or management of the case. If any such issues arise, Plaintiff will promptly confer with opposing counsel and bring such issues to the Court's attention.

Dated: February 26, 2021

    *s – Randolph Gaw*
Randolph Gaw
GAW | POE LLP

Attorneys for Plaintiff
Thimes Solutions Inc.

Dated: February 26, 2021

    *s - Stephen R. Smerek*
Stephen R. Smerek
FOLEY & LARDNER LLP

Attorneys for Defendant
TP-Link USA Corporation

Dated: February 26, 2021

    *s - M. Michelle Rohani*
M. Michelle Rohani
BURKHALTER KESSLER
CLEMENT & GEORGE LLP

Attorneys for Defendant
Auction Brothers, Inc.