1     UNITED STATES DISTRICT COURT

2     CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

3     HONORABLE STANLEY BLUMENFELD

4     UNITED STATES DISTRICT JUDGE PRESIDING

5                        - - -

6
Thimes Solutions, Inc.,              )
7                        PLAINTIFF,   )
                                      )
8     VS.                             )   NO. CV 19-10374 SB
                                      )
9     TP Link USA Corporation, et al.,)
                        DEFENDANT,    )
10    _____)

11

12

13     REPORTER'S TRANSCRIPT OF PROCEEDINGS

14          LOS ANGELES, CALIFORNIA

15         FRIDAY, DECEMBER 4, 2020

16

17

18     _____

19          KATIE E. THIBODEAUX, CSR 9858
            U.S. Official Court Reporter
20               Suite 4311
             350 West 1st Street
21          Los Angeles, CA  90012

22

23

24

25

```
1    APPEARANCES OF COUNSEL:

2

3    FOR PLAINTIFF:

4    Randolph Gaw
     Victor Meng
5    Gaw Poe LLP
     4 Embarcadero Center
6    Suite 1400
     San Francisco, CA 94111
7
     Mark Schlachet
8    Law Office of Mark Schlachet
     3515 Severn Road
9    Cleveland, OH 44118

10

11   FOR DEFENDANT TP LINK:

12   Stephen R. Smerek
     Tiffany Kim Sung
13   Foley and Lardner LLP
     555 South Flower Street
14   Suite 3300
     Los Angeles, CA 90071
15

16   FOR DEFENDANT AUCTION BROTHERS:

17   Joshua A. Waldman
     Michelle Rohani
18   Burkhalter Kessler Clement and George LLP
     2020 Main Street
19   Suite 600
     Irvine, CA 92614-8336
20

21

22

23

24

25
```

```
 1          LOS ANGELES, CALIFORNIA; MONDAY, DECEMBER 4, 2021

 2                        10:01 A.M.

 3                       - - - - -

 4

 5

 6       (The following proceedings were held via

 7        videoconference:)

 8          THE CLERK:  Calling Item No. 6, Case

 9  No. CC19-10374 SB, Thimes Solutions, Inc. versus TP Link

10  USA Corporation, et al.

11          Counsel, would you please state your

12  appearances starting with plaintiff's counsel first.

13          MR. GAW:  Good morning, your Honor.  Randolph Gaw

14  and my colleague Victor Meng on behalf of plaintiff

15  Thimes Solutions, Inc.

16          MR. SCHLACHET:  Mark Schlachet appearing on behalf

17  of Thimes Solutions, Inc., and I am not dressed for the

18  occasion, your Honor, and I apologize in advance.

19          THE COURT:  Let me hear from defense, please, an

20  appearance.

21          MR. SMEREK:  Your Honor, Steven Smerek from Foley

22  on behalf of defendant TP Link USA Corporation, and with

23  me is my colleague Tiffany Sung.

24          MR. WALDMAN:  Good morning, your Honor.  Joshua

25  Waldman on behalf of defendant Auction Brothers, Inc.,
```

1  and with me is my colleague Michelle Rohani.

2       THE COURT:  All right.  First of all, just a

3  reminder, please make sure that you are not recording,

4  publishing or broadcasting these proceedings in any way.

5            This is here on a motion to dismiss.  Let me

6  first understand who is part of this motion to dismiss.

7            And, Mr. Smerek, are you arguing on behalf of

8  TP Link?

9       MR. SMEREK:  Yes, I am, your Honor.

10      THE COURT:  Who is arguing on behalf of the

11  plaintiff in this case?

12      MR. GAW:  I am, your Honor.

13      THE COURT:  And that is you, Mr. Gaw?

14      MR. GAW:  Yes, I'm sorry.  Randolph Gaw.

15      THE COURT:  And Mr. Waldman, what, if any,

16  participation do you and Ms. Rohani have in this matter.

17      MR. WALDMAN:  Your Honor, we are a joint

18  defendant.  We filed the motion jointly, but we intend

19  that Mr. Smerek is going to be arguing on behalf of

20  defendants unless you have specific questions.

21      THE COURT:  All right.  First of all, I am going

22  to give the parties 10 minutes each.

23            It is your motion, Mr. Smerek, if you wish to

24  reserve two minutes, I will allow you to reserve two

25  minutes.  Do you wish to reserve two minutes?

```
 1          MR. SMEREK:  I do, your Honor.
 2          THE COURT:  I do want to first start, Mr. Smerek
 3   with a question, and that is I want you to assume as you
 4   have to and we have to that the allegations in the
 5   complaint are factual, that they can be proven and,
 6   specifically, that your client is wrongfully stating to
 7   Amazon through a surrogate that the plaintiff and other
 8   unauthorized resellers are selling counterfit goods that
 9   is deliberately done essentially to make those
10   unauthorized sellers go away.
11          My question to you is has your client done
12   anything legally wrong?  Anything legally wrong?
13          MR. SMEREK:  And, your Honor, I think the answer
14   to that question is we have not acted as plaintiff to
15   ascertain what scope of claim could or could not be
16   brought.  However, what we have done is address all of
17   the specific claims that plaintiffs in this case have
18   brought.
19          THE COURT:  Mr. Smerek, may I just please
20   interject.  I anticipated that you might respond in that
21   way.  Let me just suggest to you I am going to give you
22   an opportunity, and that your nonresponse may not be
23   helpful to your side.
24          MR. SMEREK:  Thank you.  Thank you, your Honor.
25   We do not contend that it would be appropriate to
```

1    intentionally make false statements that if it could be

2    proven that false statements were made, then there may be

3    some claim that could be brought.

4        THE COURT:  And even if the false claims of

5    counterfeit were directly for the purpose of snuffing out

6    unauthorized resellers -- and, again I am putting it in

7    the terms most favorable to the plaintiffs.  I don't mean

8    to suggest that this is at all factual.  You are saying

9    that even in that circumstance, the plaintiffs cannot

10   state an antitrust claim.  It appears they have tried to

11   assert RICO claims, infringement claims.  They tried to

12   assert a lot of different claims, and each claim that

13   they have tried to assert has not been successful.

14        Judge Anderson says, okay, I am going to let

15   you amend, I don't think it is going to be futile to

16   assert antitrust claims, and, even at this point, they

17   can't even assert antitrust claims is your client's

18   position.

19        MR. SMEREK:  And, your Honor, the question for the

20   antitrust claim -- and we think they are reaching at

21   straws when they failed to be able to state other claims,

22   and the answer is yes and the specific circumstances of

23   the facts pleaded here which are -- which where they

24   failed, one, to identify a relevant product market and

25   the reason they do that I think is because they want to

1    try to tie to this press release so they try to identify

2    a market that matches the press release but they failed

3    to identify an antitrust-capable product market.

4            And then antitrust law is not driven to

5    resellers.  Antitrust law is driven to a market.  So,

6    here, the market is, as they allege in the complaint,

7    WLAN products which we think is hopelessly on its face

8    unsustainable because it doesn't actually identify a

9    product.

10    THE COURT:  And, Mr. Smerek, why don't you assume

11    for purposes of this argument that I construe their

12    allegation, and I am not suggesting I will, but I

13    construe their allegation to refer to the specific

14    product, the router products that they attempted to sell

15    as referenced in the complaint.

16    MR. SMEREK:  Thank you, your Honor.  If they were

17    allowed to proceed based on the wireless router as the

18    product, the first thing is the narrow definition that

19    they offered for the first time in footnote 2 to their

20    opposition, wireless routers and adapters and switches

21    and access points and a number of other products, the

22    first issue is that new definition also fails, and that

23    new definition fails because in the opposition,

24    plaintiffs say the sole function of a wireless router is

25    to connect users to the Internet.

1          And there is no allegation in the complaint,

2    there is no information or allegation in the opposition.

3    There is nothing anywhere that even remotely suggests if

4    true that all of those other products, switches and

5    access points and adapters provide the sole function of

6    connecting users to the Internet.

7          So the first issue the plaintiffs have is even

8    their new definition fails to adequately address the

9    shortcoming.  And the second is it is clear why it fails.

10   They want to try again to tie it back to this press

11   release, but the press release talks about this broader

12   category.  And just as in the Staley v. Gilead Sciences

13   case which the court allowed to proceed on a narrow

14   definition of a product market brace, specific drug and

15   its generic equivalents, at the same time, at the

16   pleading stage, the court struck the broader definition.

17         So, here, the broader definition fails and

18   their attempt to narrow it, if it were narrowed, your

19   Honor, to just wireless router products and economic

20   substitutes that form, with the function of connecting

21   users to the Internet, we would concede that that would

22   be an adequate product market definition to meet that

23   aspect of their antitrust claim.

24       THE COURT:  Let me stop you.  Let me stop you

25   there.

 1          I will give you -- well, actually I have given

 2    you more than eight minutes, but I am reluctant to stop

 3    you, however, because let me let you finish the thought,

 4    and then I will turn to Mr. Gaw.

 5          MR. SMEREK:  Just the point there is even on that

 6    narrow definition and even narrowed to just wireless

 7    router products, they have no facts pleaded that our

 8    client has either direct evidence of market power or

 9    indirect evidence of market power, and I would like to be

10    heard on those.  But I will stop there.

11          THE COURT:  All right.  I appreciate it,

12    Mr. Smerek.

13          Mr. Gaw, why don't you simply say in your

14    complaint, if this is what you are concerned about, that

15    the product or the product or routers are economic

16    substitutes?

17          MR. GAW:  I suppose we could have, your Honor.  I

18    have no good reason as to why we didn't allege it that

19    plainly, but at the same time I don't believe there is

20    any precedent requiring us precisely to find the exact

21    contours of a relevant product market at the pleading

22    stage.  We are simply supposed to (inaudible) something

23    that is not facially unsustainable.

24          THE COURT:  Mr. Gaw, let me stop you if I can on

25    that.  I don't want you to misconstrue my questions to

1    Mr. Smerek to suggest that I think that the product

2    definition that you have included is fabulously on point.

3    You don't even give a description in your fourth amended

4    complaint as to the scope of such products, do you?

5        MR. GAW:  That is true, your Honor.  We do not.

6        THE COURT:  So if someone who has no familiarity

7    with these products were to pick up the complaint and

8    read what you have described it as, what would that

9    person know as to its scope?

10       MR. GAW:  I would submit, your Honor, that the

11   general public has some general sense as to what a WLAN

12   product is, but, more importantly, under the notice

13   pleading standard, it is whether the defendant

14   understands what a WLAN product is.

15       THE COURT:  So, Mr. Gaw, I will make it easier for

16   you.  I am not a Luddite.  What am I to understand its

17   scope.  You say everyone knows about it, the general

18   public does.  So tell me, since it is so obvious, what

19   does it include?  List exhaustively what it includes.

20       MR. GAW:  I would submit, your Honor, that under

21   the Brown Shoe factors, it is understood in the industry

22   that it refers to devices that help people connect to the

23   Internet -- routers, adapters, switches and other devices

24   with similar functionality.

25       THE COURT:  And go on.  What additional devices

1    specifically are included?

2        MR. GAW:  I am unable to precisely define the

3    contours at this time, your Honor.

4        THE COURT:  So how is it that you can claim that

5    it is adequate if you, the lawyer for the party, is not

6    even able to establish its contours?

7        MR. GAW:  Because typically, in my experience,

8    this is done at the summary judgment level between

9    experts who they get together and decide, well, I have

10   done my analysis of demand elasticity, I have applied the

11   Brown Shoe factors, and I find that these are the

12   products that are economic substitutes of each other.

13   And the other expert says, well, I disagree, I find that,

14   based on my analysis, it is a broader set of economic

15   substitutes and each side presents calculations and

16   market share depending on each other's definition.

17           I am just simply not aware of this being done

18   or being required to be done at the pleading stage where

19   you simply have to show that it is not facially

20   unsustainable, your Honor.

21       THE COURT:  Would you acknowledge, Mr. Gaw, that

22   product definition is a threshold step in any antitrust

23   analysis?

24       MR. GAW:  Yes.  It has to be facially sustainable.

25       THE COURT:  And would you acknowledge that the

```
 1   reason it is so fundamental is because in the absence of

 2   understanding the contours of the product definition or

 3   the market definition, it is impossible in a Section 2

 4   case, for example, to know whether the defendant has

 5   market power.

 6             Would you agree with that?

 7        MR. GAW:  I'm sorry, your Honor.  I didn't quite

 8   understand your question.

 9        THE COURT:  In other words, there is no such thing

10   as a monopolist, some type of free-standing monopolist.

11   Once a monopolist you are a monopolist for all purposes.

12   There is no such economic concept like that, is there?

13        MR. GAW:  Correct, your Honor.

14        THE COURT:  So monopoly power is necessarily

15   tethered to a market, isn't it.

16        MR. GAW:  Yes, your Honor.

17        THE COURT:  So in the absence of having a

18   reasonably defined market, it is impossible to analyze

19   whether the defendant has monopoly power; true?

20        MR. GAW:  Yes.

21        THE COURT:  And so if your analysis is correct and

22   all you have to do is loosely, even when the lawyer can't

23   define what the product is or the product contours are,

24   that you also kind of get a pass on whether you have

25   sufficiently alleged market power; true?
```

1          MR. GAW:  Well, again, I would not agree that I

2     would get a pass on it, your Honor.  I would contend that

3     I have adequately defined the market as that being

4     products that enable people to connect to the Internet.

5          THE COURT:  But you get a pass, Mr. Gaw, because

6     the court without understanding whether, in fact, what

7     your market definition is, the court has no way of

8     determining whether you have facially, plausibly asserted

9     market power; isn't that true.

10         MR. GAW:  I would say, yes, your Honor.  If any

11    court doesn't understand what a product market is alleged

12    to be, then it cannot assess whether market power exists.

13         THE COURT:  And also can't assess antitrust injury

14    because all of this ties together; right?  And it ties

15    from the threshold as to the market definition; isn't

16    that all right?

17         MR. GAW:  By that, you mean the injury to

18    competition aspect, then, yes, because you have to show

19    that, among other things, there was harm to consumers

20    with respect to the product market.  I'm sorry for

21    interrupting, your Honor.

22         THE COURT:  That is okay, Mr. Gaw.  And so that is

23    why courts refer to it as a threshold step in the

24    analysis because everything else flows from it; right?

25         MR. GAW:  Yes, your Honor.

```
 1        THE COURT:  And so why should I not grant the

 2   motion here?

 3        MR. GAW:  Well, your Honor, for the reasons that

 4   we stated in our brief, but, also, because the defendant

 5   has itself stated we are a market leader in consumer WLAN

 6   products and on their Facebook and YouTube pages, they

 7   claim to, quote, be the world's number one provider of

 8   consumer Wi-Fi networking devices.

 9        So in the situation where you have facts

10   alleging that defendant is clearly aware of what is the

11   WLAN market because it itself refers to the WLAN market,

12   your Honor, I would respectfully submit that the notice

13   can be satisfied.  They are aware of what market they

14   contend we have monopoly power over and that it is an

15   issue of fact as to the precise contours of the market,

16   what products are in fact economic substitutes for

17   routers, for adapters and so forth and whether TP Link

18   has sufficient market share to show monopoly power there.

19        THE COURT:  And, Mr. Gaw, are you arguing that the

20   court should adopt the Conley Rolaid standard,

21   C-O-N-L-E-Y, and, with a twist, if the defendant should

22   know what you are talking about, the Conley standard is

23   satisfied?

24        MR. GAW:  I confess I don't -- my computer

25   glitched a little bit so part of your question was not
```

 1    heard by me, but what I think -- if you are saying that

 2    there is some kind of new pleading standard here, no, I

 3    don't contend there should be any new or lessened

 4    pleading standard.  I am saying that if we meet the

 5    Twombly pleading standard as an antitrust case obviously

 6    and we meet the standards of setting forth a short and

 7    simple statement plausibly setting forth the claims for

 8    relief, if the facts that we pleaded are true, then these

 9    are anticompetitive acts by someone with market power

10    over a product market and a geographic market that the

11    defendants (inaudible).

12         THE COURT:  All right.  Mr. Smerek, you will have

13    two minutes.

14         MR. SCHLACHET:  Thank you, your Honor.

15             First, I just want to point out that in that Q

16    and A, plaintiff's counsel identified multiple different

17    new product markets.  He identified products that, quote,

18    help people connect to the Internet whatever that would

19    mean, and then he separately said that products that

20    enable people to connect to the Internet.  So it is

21    unclear here what product market plaintiff has

22    identified.

23             And, here, the key is that plaintiff is, as

24    the master of the complaint, identifying the product

25    market that they are claiming there is a monopoly in.  He

1    doesn't say anything with respect to this idea that TP

2    Link knows what products are incorporated.  The first one

3    is they continue to rely on a press release that they

4    submitted to the court with their request for judicial

5    notice.  That press release is copyrighted to TP Link

6    Corporation Limited, a Chinese company issued out of

7    Shenzhen.  That is not the company that is the defendant

8    here, and that company does not sell product in the

9    United States.  Product sales in the United States are

10   solely through the defendant here, TP Link USA

11   Corporation.

12          But, more importantly, and the reason for the

13   Amazon searches as your Honor pointed out, this is -- if

14   you look at WLAN products, if you search that term on one

15   of the markets that plaintiffs identify --

16       THE COURT:  Mr. Smerek, let me stop you because

17   you asked for judicial notice, and the court is denying

18   that request.  I am not going to to search the Internet

19   to see what results may come up.  I am willing to search

20   the complaint which is what I should be searching.  And I

21   agree with you that, Mr. Gaw, if anything, acknowledged

22   that his pleading is flawed.

23          Anything further?

24       MR. SMEREK:  No, your Honor.  Thank you.

25       THE COURT:  All right.  Just so the parties know,

1   the only question in my mind is whether I am going to

2   grant leave to amend.  I am frankly inclined to do it

3   notwithstanding the fact Mr. Gaw has had multiple

4   opportunities, although I don't know about multiple

5   opportunities on the antitrust claims.

6           I will say that I am troubled by the manner in

7   which these pleadings have proceeded, and I am troubled

8   by how loose the allegations are of something as

9   fundamental as a market in an antitrust case particularly

10  when we are on our fourth amended complaint.  If I grant

11  leave to amend, the plaintiffs ought to understand what I

12  am saying very clearly and not make another mistake as

13  they so clearly did with this pleading.

14          With that, this matter is submitted.  Thank

15  you, counsel.

16      MR. GAW:  Thank you, your Honor.

17      MR. SMEREK:  Thank you, your Honor.

18      (Proceedings concluded.)

19

20

21

22

23

24

25

```
 1                          CERTIFICATE

 2

 3

 4    I hereby certify that pursuant to Section 753, Title 28,

 5    United States Code, the foregoing is a true and correct

 6    transcript of the stenographically reported proceedings held

 7    in the above-entitled matter and that the transcript page

 8    format is in conformance with the regulations of the

 9    Judicial Conference of the United States.

10    Date:  June 18, 2021

11

12     /s/ Katie Thibodeaux, CSR No. 9858, RPR, CRR

13

14

15

16

17

18

19

20

21

22

23

24

25
```

MR. GAW: [21]
MR. SCHLACHET: [2]   3/15 15/13
MR. SMEREK: [10]
MR. WALDMAN: [2]   3/23 4/16
THE CLERK: [2]   3/7
THE COURT: [31]

**/**

/s [1]   18/12

**1**

10 [1]   4/22
10374 [2]   1/8 3/9
10:01 [1]   3/2
1400 [1]   2/6
18 [1]   18/10
19-10374 [1]   1/8
1st [1]   1/20

**2**

2020 [2]   1/15 2/18
2021 [2]   3/1 18/10
28 [1]   18/4

**3**

3300 [1]   2/14
350 [1]   1/20
3515 [1]   2/8

**4**

4311 [1]   1/20
44118 [1]   2/9

**5**

555 [1]   2/13

**6**

600 [1]   2/19

**7**

753 [1]   18/4

**8**

8336 [1]   2/19

**9**

90012 [1]   1/21
90071 [1]   2/14
92614-8336 [1]   2/19
94111 [1]   2/6
9858 [2]   1/19 18/12

**A**

A.M [1]   3/2
able [2]   6/21 11/6
about [5]   8/11 9/14 10/17 14/22 17/4
above [1]   18/7
above-entitled [1]   18/7
absence [2]   12/1 12/17
access [2]   7/21 8/5
acknowledge [2]   11/21 11/25
acknowledged [1]   16/21
acted [1]   5/14
acts [1]   15/9
actually [2]   7/8 9/1
adapters [4]   7/20 8/5 10/23 14/17
additional [1]   10/25
address [2]   5/16 8/8
adequate [2]   8/22 11/5
adequately [2]   8/8 13/3
adopt [1]   14/20
advance [1]   3/18
again [3]   6/6 8/10 13/1
agree [3]   12/6 13/1 16/21

al [2]   1/3 3/10
Allen [1]   3/10
allegation [4]   7/12 7/13 8/1 8/2
allegations [2]   5/4 17/8
allege [2]   7/6 9/18
alleged [2]   12/25 13/11
alleging [1]   14/10
allow [1]   4/24
allowed [2]   7/17 8/13
also [4]   7/22 12/24 13/13 14/4
although [1]   17/4
am [21]
Amazon [2]   5/7 16/13
amend [3]   6/15 17/2 17/11
amended [2]   10/3 17/10
among [1]   13/19
analysis [5]   11/10 11/14 11/23 12/21 13/24
analyze [1]   12/18
Anderson [1]   6/14
ANGELES [4]   1/14 1/21 2/14 3/1
another [1]   17/12
answer [2]   5/13 6/22
anticipated [1]   5/20
anticompetitive [1]   15/9
antitrust [13]
antitrust-capable [1]   7/3
any [6]   4/4 4/15 9/20 11/22 13/10 15/3
anything [5]   5/12 5/12 16/1 16/21 16/23
anywhere [1]   8/3
apologize [1]   3/18
appearance [1]   3/20
appearances [2]   2/1 3/12
appearing [1]   3/16
appears [1]   6/10
applied [1]   11/10
appreciate [1]   9/11
appropriate [1]   5/25
are [29]
arguing [4]   4/7 4/10 4/19 14/19
argument [1]   7/11
as [22]
ascertain [1]   5/15
asked [1]   16/17
aspect [2]   8/23 13/18
assert [5]   6/11 6/12 6/13 6/16 6/17
asserted [1]   13/8
assess [2]   13/12 13/13
assume [2]   5/3 7/10
attempt [1]   8/18
attempted [1]   7/14
AUCTION [2]   2/16 3/25
aware [3]   11/17 14/10 14/13
away [1]   5/10

**B**

back [1]   8/10
based [2]   7/17 11/14
be [19]
because [13]
been [1]   6/13
behalf [7]   3/14 3/16 3/22 3/25 4/7 4/10 4/19
being [3]   11/17 11/18 13/3
believe [1]   9/19
between [1]   11/8
bit [1]   14/25
BLUMENFELD [1]   1/3
brace [1]   8/14
brief [1]   14/4
broadcasting [1]   4/4
broader [4]   8/11 8/16 8/17

11/14
BROTHERS [2]   1/12 3/23
brought [3]   5/16 5/18 6/3
Brown [2]   10/21 11/11
Burkhalter [1]   2/18

**C**

C-O-N-L-E-Y [1]   14/21
CA [4]   1/21 2/6 2/14 2/19
calculations [1]   11/15
CALIFORNIA [3]   1/2 1/14 3/1
Calling [1]   3/8
can [4]   5/5 9/24 11/4 14/13
can't [3]   6/17 12/22 13/13
cannot [2]   6/9 13/12
capable [1]   7/3
case [7]   3/8 4/11 5/17 8/13 12/4 15/5 17/9
category [1]   8/12
CC19 [1]   3/9
Center [1]   2/5
CENTRAL [1]   1/2
CERTIFICATE [1]   18/1
certify [1]   18/4
Chinese [1]   16/6
circumstance [1]   6/9
circumstances [1]   6/22
claim [8]   5/15 6/3 6/10 6/12 6/20 8/23 11/4 14/7
claiming [1]   15/25
claims [10]
clear [1]   8/9
clearly [3]   14/10 17/12 17/13
Clement [1]   2/18
Cleveland [1]   2/9
client [3]   5/6 5/11 9/8
client's [1]   6/17
Code [1]   18/5
colleague [3]   3/14 3/23 4/1
come [1]   16/19
company [3]   16/6 16/7 16/8
competition [1]   13/18
complaint [10]
computer [1]   14/24
concede [1]   8/21
concept [1]   12/12
concerned [1]   9/14
concluded [1]   17/18
Conference [1]   18/9
confess [1]   14/24
conformance [1]   18/8
Conley [2]   14/20 14/22
connect [5]   7/25 10/22 13/4 15/18 15/20
connecting [2]   8/6 8/20
construe [2]   7/11 7/13
consumer [2]   14/5 14/8
consumers [1]   13/19
contend [4]   5/25 13/2 14/14 15/3
continue [1]   16/3
contours [6]   9/21 11/3 11/6 12/2 12/23 14/15
copyrighted [1]   16/5
Corporation [5]   1/9 3/10 3/22 16/6 16/11
correct [3]   12/13 12/21 18/5
could [5]   5/15 5/15 6/1 6/3 9/17
counsel [5]   2/1 3/11 3/12 15/16 17/15
counterfeit [1]   6/5
counterfit [1]   5/8
court [10]
courts [1]   13/23
CRR [1]   18/12
CSR [2]   1/19 18/12
CV [1]   1/8

**D**

Date [1]  18/10
DECEMBER [2]  1/15 3/1
decide [1]  11/9
defendant [14]
defendants [2]  4/20 15/11
defense [1]  3/19
define [2]  11/2 12/23
defined [2]  12/18 13/3
definition [16]
deliberately [1]  5/9
demand [1]  11/10
denying [1]  16/17
depending [1]  11/16
described [1]  10/8
description [1]  10/3
determining [1]  13/8
devices [4]  10/22 10/23
 10/25 14/8
did [1]  17/13
didn't [2]  9/18 12/7
different [2]  6/12 15/16
direct [1]  9/8
directly [1]  6/5
disagree [1]  11/13
dismiss [2]  4/5 4/6
DISTRICT [3]  1/1 1/2 1/4
DIVISION [1]  1/2
do [10]
does [3]  10/18 10/19 16/8
doesn't [3]  7/8 13/11 16/1
don't [10]
done [7]  5/9 5/11 5/16 11/8
 11/10 11/17 11/18
dressed [1]  3/17
driven [2]  7/4 7/5
drug [1]  8/14

**E**

each [5]  4/22 6/12 11/12
 11/15 11/16
easier [1]  10/15
economic [6]  8/19 9/15 11/12
 11/14 12/12 14/16
eight [1]  9/2
either [1]  9/8
elasticity [1]  11/10
else [1]  13/24
Embarcadero [1]  2/5
enable [2]  13/4 15/20
entitled [1]  18/7
equivalents [1]  8/15
essentially [1]  5/9
establish [1]  11/6
et [2]  1/9 3/10
even [11]
everyone [1]  10/17
everything [1]  13/24
evidence [2]  9/8 9/9
exact [1]  9/20
example [1]  12/4
exhaustively [1]  10/19
exists [1]  13/12
experience [1]  11/7
expert [1]  11/13
experts [1]  11/9

**F**

fabulously [1]  10/2
face [1]  7/7
Facebook [1]  14/6
facially [4]  9/23 11/19
 11/24 13/8
fact [4]  13/6 14/15 14/16
 17/3
factors [2]  10/21 11/11
facts [4]  6/23 9/7 14/9 15/8
factual [2]  5/5 6/8

failed [3]  6/21 6/24 7/2
falls [5]  11/1 16/18/21
 8/17
false [3]  6/1 6/2 6/4
familiarity [1]  10/6
favorable [1]  6/7
Fi [1]  14/8
filed [1]  4/18
find [3]  9/20 11/11 11/13
finish [1]  9/3
first [11]
flawed [1]  16/22
Flower [1]  2/13
flows [1]  13/24
Foley [2]  2/13 3/21
following [1]  3/6
footnote [1]  7/19
foregoing [1]  18/5
form [1]  8/20
format [1]  18/8
forth [3]  14/17 15/6 15/7
fourth [2]  10/3 17/10
Francisco [1]  2/6
frankly [1]  17/2
free [1]  12/10
free-standing [1]  12/10
FRIDAY [1]  1/15
function [3]  7/24 8/5 8/20
functionality [1]  10/24
fundamental [2]  12/1 17/9
further [1]  16/23
futile [1]  6/15

**G**

Gaw [15]
general [3]  10/11 10/11
 10/17
generic [1]  8/15
geographic [1]  15/10
George [1]  2/18
get [4]  11/9 12/24 13/2 13/5
Gilead [1]  8/12
give [4]  4/22 5/21 9/1 10/3
given [1]  9/1
glitched [1]  14/25
go [2]  5/10 10/25
going [7]  4/19 4/21 5/21
 6/14 6/15 16/18 17/1
good [3]  3/13 3/24 9/18
goods [1]  5/8
grant [3]  14/1 17/2 17/10

**H**

had [1]  17/3
harm [1]  13/19
has [13]
have [28]
having [1]  12/17
he [3]  15/17 15/19 15/25
hear [1]  3/19
heard [2]  9/10 15/1
held [2]  3/6 18/6
help [2]  10/22 15/18
helpful [1]  5/23
here [10]
hereby [1]  18/4
his [1]  16/22
Honor [33]
HONORABLE [1]  1/3
hopelessly [1]  7/7
how [2]  11/4 17/8
however [2]  5/16 9/3

**I**

I'm [3]  4/14 12/7 13/20
idea [1]  16/1
identified [3]  15/16 15/17
 15/22

identify [5]  6/24 7/1 7/3
identifying [1]  15/24
importantly [2]  10/12 16/12
impossible [2]  12/3 12/18
inaudible [2]  9/22 15/11
Inc [5]  1/6 3/9 3/15 3/17
 3/25
inclined [1]  17/2
include [1]  10/19
included [2]  10/2 11/1
includes [1]  10/19
incorporated [1]  16/2
indirect [1]  9/9
industry [1]  10/21
information [1]  8/2
infringement [1]  6/11
injury [2]  13/13 13/17
intend [1]  4/18
intentionally [1]  6/1
interject [1]  5/20
Internet [8]  7/25 8/6 8/21
 10/23 13/4 15/18 15/20 16/18
interrupting [1]  13/21
Irvine [1]  2/19
is [86]
isn't [3]  12/15 13/9 13/15
issue [3]  7/22 8/7 14/15
issued [1]  16/6
it [41]
Item [1]  3/8
its [5]  7/7 8/15 10/9 10/16
 11/6
itself [2]  14/5 14/11

**J**

joint [1]  4/17
jointly [1]  4/18
Joshua [2]  2/17 3/24
JUDGE [2]  1/4 6/14
judgment [1]  11/8
judicial [3]  16/4 16/17 18/9
June [1]  18/10
just [10]

**K**

KATIE [2]  1/19 18/12
Kessler [1]  2/18
key [1]  15/23
Kim [1]  2/12
kind [2]  12/24 15/2
know [5]  10/9 12/4 14/22
 16/25 17/4
knows [2]  10/17 16/2

**L**

Lardner [1]  2/13
law [3]  2/8 7/4 7/5
lawyer [2]  11/5 12/22
leader [1]  14/5
leave [2]  17/2 17/11
legally [2]  5/12 5/12
lessened [1]  15/3
let [10]
level [1]  11/8
like [2]  9/9 12/12
Limited [1]  16/6
Link [9]  1/9 2/11 3/9 3/22
 4/8 14/17 16/2 16/5 16/10
List [1]  10/19
little [1]  14/25
LLP [3]  2/5 2/13 2/18
look [1]  16/14
loose [1]  17/8
loosely [1]  12/22
LOS [4]  1/14 1/21 2/14 3/1
lot [1]  6/12
Luddite [1]  10/16

**M**

made [1]   6/2
Main [1]   2/18
make [5]   4/3 5/9 6/1 10/15
  17/12
manner [1]   17/6
Mark [3]   2/7 2/8 3/16
market [35]
markets [2]   15/17 16/15
master [1]   15/24
matches [1]   7/2
matter [3]   4/16 17/14 18/7
may [4]   5/19 5/22 6/2 16/19
me [12]
mean [3]   6/7 13/17 15/19
meet [3]   8/22 15/4 15/6
Meng [2]   2/4 3/14
Michelle [2]   2/17 4/1
might [1]   5/20
mind [1]   17/1
minutes [6]   4/22 4/24 4/25
  4/25 9/2 15/13
misconstrue [1]   9/25
mistake [1]   17/12
MONDAY [1]   3/1
monopolist [4]   12/10 12/10
  12/11 12/11
monopoly [5]   12/14 12/19
  14/14 14/18 15/25
more [3]   9/2 10/12 16/12
morning [2]   3/13 3/24
most [1]   6/7
motion [5]   4/5 4/6 4/18 4/23
  14/2
Mr. [22]
Mr. Gaw [11]
Mr. Smerek [10]
Mr. Waldman [1]   4/15
Ms. [1]   4/16
Ms. Rohani [1]   4/16
multiple [3]   15/16 17/3 17/4
my [10]

**N**

narrow [4]   7/18 8/13 8/18
  9/6
narrowed [2]   8/18 9/6
necessarily [1]   12/14
networking [1]   14/8
new [6]   7/22 7/23 8/8 15/2
  15/3 15/17
no [12]
No. [2]   3/8 3/9
No. 6 [1]   3/8
No. CC19-10374 [1]   3/9
nonresponse [1]   5/22
not [22]
nothing [1]   8/3
notice [4]   10/12 14/12 16/5
  16/17
notwithstanding [1]   17/3
number [2]   7/21 14/7

**O**

obvious [1]   10/18
obviously [1]   15/5
occasion [1]   3/18
offered [1]   7/19
Office [1]   2/8
Official [1]   1/19
OH [1]   2/9
okay [2]   6/14 13/22
Once [1]   12/11
one [4]   6/24 14/7 16/2 16/14
only [1]   17/1
opportunities [2]   17/4 17/5
opportunity [1]   5/22
opposition [3]   7/20 7/23 8/2

**other [9]**   5/7 6/21 7/21 8/4
  10/21 12/1 13/16 14/5 15/15
other's [1]   11/16
ought [1]   17/11
our [3]   9/7 14/4 17/10
out [4]   6/5 15/15 16/6 16/13
over [2]   14/14 15/10

**P**

page [1]   18/7
pages [1]   14/6
part [2]   4/6 14/25
participation [1]   4/16
particularly [1]   17/9
parties [2]   4/22 16/25
party [1]   11/5
pass [3]   12/24 13/2 13/5
people [4]   10/22 13/4 15/18
  15/20
person [1]   10/9
pick [1]   10/7
plainly [1]   9/19
plaintiff [8]   1/7 2/3 3/14
  4/11 5/7 5/14 15/21 15/23
plaintiff's [2]   3/12 15/16
plaintiffs [7]   5/17 6/7 6/9
  7/24 8/7 16/15 17/11
plausibly [2]   13/8 15/7
pleaded [3]   6/23 9/7 15/8
pleading [9]   8/16 9/21 10/13
  11/18 15/2 15/4 15/5 16/22
  17/13
pleadings [1]   17/7
please [4]   3/11 3/19 4/3
  5/19
Poe [1]   2/5
point [4]   6/16 9/5 10/2
  15/15
pointed [1]   16/13
points [2]   7/21 8/5
position [1]   6/18
power [11]
precedent [1]   9/20
precise [1]   14/15
precisely [2]   9/20 11/2
presents [1]   11/15
PRESIDING [1]   1/4
press [6]   7/1 7/2 8/10 8/11
  16/3 16/5
proceed [2]   7/17 8/13
proceeded [1]   17/7
proceedings [5]   1/13 3/6 4/4
  17/18 18/6
product [25]
products [16]
proven [2]   5/5 6/2
provide [1]   8/5
provider [1]   14/7
public [2]   10/11 10/18
publishing [1]   4/4
purpose [1]   6/5
purposes [2]   7/11 12/11
pursuant [1]   18/4
putting [1]   6/6

**Q**

question [7]   5/3 5/11 5/14
  6/19 12/8 14/25 17/1
questions [2]   4/20 9/25
quite [1]   12/7
quote [2]   14/7 15/17

**R**

Randolph [3]   2/4 3/13 4/14
reaching [1]   6/20
read [1]   10/8
reason [4]   6/25 9/18 12/1
  16/12

**reasonably [1]**   12/18
recording [1]   4/3
refer [2]   7/13 13/23
referenced [1]   7/15
refers [2]   10/22 14/11
regulations [1]   18/8
release [6]   7/1 7/2 8/11
  8/11 16/3 16/5
relevant [2]   6/24 9/21
relief [1]   15/8
reluctant [1]   9/2
rely [1]   16/3
reminder [1]   4/3
remotely [1]   8/3
reported [1]   18/6
Reporter [1]   1/19
REPORTER'S [1]   1/13
request [2]   16/4 16/18
required [1]   11/18
requiring [1]   9/20
resellers [3]   5/8 6/6 7/5
reserve [3]   4/24 4/24 4/25
respect [2]   13/20 16/1
respectfully [1]   14/12
respond [1]   5/20
results [1]   16/19
RICO [1]   6/11
right [8]   4/2 4/21 9/11
  13/14 13/16 13/24 15/12
  16/25
Road [1]   2/8
Rohani [3]   2/17 4/1 4/16
Rolaid [1]   14/20
router [5]   7/14 7/17 7/24
  8/19 9/7
routers [4]   7/20 9/15 10/23
  14/17
RPR [1]   18/12

**S**

said [1]   15/19
sales [1]   16/9
same [2]   8/15 9/19
San [1]   2/6
satisfied [2]   14/13 14/23
say [6]   7/24 9/13 10/17
  13/10 16/11 17/6
saying [4]   6/8 15/1 15/4
  17/12
says [2]   6/14 11/13
SB [2]   1/8 3/9
Schlachet [3]   2/7 2/8 3/16
Sciences [1]   8/12
scope [4]   5/15 10/4 10/9
  10/17
search [3]   16/14 16/18 16/19
searches [1]   16/13
searching [1]   16/20
second [1]   8/9
Section [2]   12/3 18/4
see [1]   16/19
sell [2]   7/14 16/8
sellers [1]   5/10
selling [1]   5/8
sense [1]   10/11
separately [1]   15/19
set [1]   11/14
setting [2]   15/6 15/7
Severn [1]   2/8
share [2]   11/16 14/18
Shenzhen [1]   16/7
Shoe [2]   10/21 11/11
short [1]   15/6
shortcoming [1]   8/9
should [5]   14/1 14/20 14/21
  15/3 16/20
show [3]   11/19 13/18 14/18
side [2]   5/23 11/15

15/14 16/24 17/14 17/16

**S**

similar [1] 10/24
simple [1] 15/7
simply [4] 9/13 9/22 11/17
11/19
since [1] 10/18
situation [1] 14/9
Smerek [12]
snuffing [1] 6/5
so [21]
sole [2] 7/24 8/5
solely [1] 16/10
Solutions [4] 1/6 3/9 3/15
3/17
some [4] 6/3 10/11 12/10
15/2
someone [2] 10/6 15/9
something [2] 9/22 17/8
sorry [3] 4/14 12/7 13/20
South [1] 2/13
specific [5] 4/20 5/17 6/22
7/13 8/14
specifically [2] 5/6 11/1
stage [3] 8/16 9/22 11/18
Staley [1] 8/12
standard [6] 10/13 14/20
14/22 15/2 15/4 15/5
standards [1] 15/6
standing [1] 12/10
STANLEY [1] 1/3
start [1] 5/2
starting [1] 3/12
state [3] 3/11 6/10 6/21
stated [2] 14/4 14/5
statement [1] 15/7
statements [2] 6/1 6/2
STATES [6] 1/1 1/4 16/9 16/9
18/5 18/9
stating [1] 5/6
stenographically [1] 18/6
step [2] 11/22 13/23
Stephen [1] 2/12
Steven [1] 3/21
stop [6] 8/24 8/24 9/2 9/10
9/24 16/16
straws [1] 6/21
Street [3] 1/20 2/13 2/18
struck [1] 8/16
submit [3] 10/10 10/20 14/12
submitted [2] 16/4 17/14
substitutes [5] 8/20 9/16
11/12 11/15 14/16
successful [1] 6/13
such [3] 10/4 12/9 12/12
sufficient [1] 14/18
sufficiently [1] 12/25
suggest [3] 5/21 6/8 10/1
suggesting [1] 7/12
suggests [1] 8/3
Suite [4] 1/20 2/6 2/14 2/19
summary [1] 11/8
Sung [2] 2/12 3/23
suppose [1] 9/17
supposed [1] 9/22
sure [1] 4/3
surrogate [1] 5/7
sustainable [1] 11/24
switches [3] 7/20 8/4 10/23

**T**

talking [1] 14/22
talks [1] 8/11
tell [1] 10/18
term [1] 16/14
terms [1] 6/7
tethered [1] 12/15
than [1] 9/2
Thank [8] 5/24 5/24 7/16

15/14 16/24 17/14 17/16
that [103]
their [8] 7/11 7/13 7/19 8/8
8/18 8/23 14/6 16/4
then [7] 6/2 7/4 9/4 13/12
13/18 15/8 15/19
there [16]
these [5] 4/4 10/7 11/11
15/8 17/7
they [26]
THIBODEAUX [2] 1/19 18/12
Thimes [4] 1/6 3/9 3/15 3/17
thing [2] 7/18 12/9
things [1] 13/19
think [7] 5/13 6/15 6/20
6/25 7/7 10/1 15/1
this [20]
those [3] 5/9 8/4 9/10
thought [1] 9/3
threshold [3] 11/22 13/15
13/23
through [2] 5/7 16/10
tie [2] 7/1 8/10
ties [2] 13/14 13/14
Tiffany [2] 2/12 3/23
time [4] 7/19 8/15 9/19 11/3
Title [1] 18/4
together [2] 11/9 13/14
TP [9] 1/9 2/11 3/9 3/22 4/8
14/17 16/1 16/5 16/10
transcript [3] 1/13 18/6
18/7
tried [3] 6/10 6/11 6/13
troubled [2] 17/6 17/7
true [7] 8/4 10/5 12/19
12/25 13/9 15/8 18/5
try [3] 7/1 7/1 8/10
turn [1] 9/4
twist [1] 14/21
two [4] 4/24 4/24 4/25 15/13
Twombly [1] 15/5
type [1] 12/10
typically [1] 11/7

**U**

U.S [1] 1/19
unable [1] 11/2
unauthorized [3] 5/8 5/10
6/6
unclear [1] 15/21
under [2] 10/12 10/20
understand [5] 4/6 10/16
12/8 13/11 17/11
understanding [2] 12/2 13/6
understands [1] 10/14
understood [1] 10/21
UNITED [6] 1/1 1/4 16/9 16/9
18/5 18/9
unless [1] 4/20
unsustainable [3] 7/8 9/23
11/20
up [2] 10/7 16/19
us [1] 9/20
USA [4] 1/9 3/10 3/22 16/10
users [3] 7/25 8/6 8/21

**V**

versus [1] 3/9
very [1] 17/12
via [1] 3/6
Victor [2] 2/4 3/14
videoconference [1] 3/7

**W**

Waldman [3] 2/17 3/25 4/15
want [6] 5/2 5/3 6/25 8/10
9/25 15/15

was [2] 13/19 14/25
way [5] 4/24 6/3 6/13 7/1
13/23 14/1
we [21]
well [5] 9/1 11/9 11/13 13/1
14/3
were [6] 3/6 6/2 6/5 7/16
8/18 10/7
West [1] 1/20
WESTERN [1] 1/2
what [25]
whatever [1] 15/18
when [3] 6/21 12/22 17/10
where [3] 6/23 11/18 14/9
whether [9] 10/13 12/4 12/19
12/24 13/6 13/8 13/12 14/17
17/1
which [6] 6/23 6/23 7/7 8/13
16/20 17/7
who [4] 4/6 4/10 10/6 11/9
why [6] 7/10 8/9 9/13 9/18
13/23 14/1
Wi [1] 14/8
Wi-Fi [1] 14/8
will [8] 4/24 7/12 9/1 9/4
9/10 10/15 15/12 17/6
willing [1] 16/19
wireless [5] 7/17 7/20 7/24
8/19 9/6
wish [2] 4/23 4/25
without [1] 13/6
WLAN [7] 7/7 10/11 10/14
14/5 14/11 14/11 16/14
words [1] 12/9
world's [1] 14/7
would [17]
wrong [2] 5/12 5/12
wrongfully [1] 5/6

**Y**

yes [9] 4/9 4/14 6/22 11/24
12/16 12/20 13/10 13/18
13/25
you [66]
your [46]
YouTube [1] 14/6