**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 15 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THIMES SOLUTIONS, INC., | No.   21-55407 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-10374-SB-E |
| v. | MEMORANDUM* |
| TP LINK USA CORPORATION; AUCTION BROTHERS, INC., DBA Amazzia, | |
| Defendants-Appellees, | |
| and | |
| MIKHAIL J. FIKHMAN, DBA Amazzia; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Stanley Blumenfeld, Jr., District Judge, Presiding

Argued and Submitted April 7, 2022
Pasadena, California

Before:  MURGUIA, Chief Judge, and GRABER and BEA, Circuit Judges.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Plaintiff Thimes Solutions, Inc., timely appeals the judgment in favor of Defendants TP-Link USA Corporation and Auction Brothers, Inc., d.b.a. Amazzia. We review de novo the legal issues on appeal. See Kearney v. Foley & Lardner, LLP, 590 F.3d 638, 643 (9th Cir. 2009) (failure to state a claim); id. (granting of a motion to strike under California's anti-SLAPP statute); id. (the Noerr-Pennington doctrine); Wochos v. Tesla, Inc., 985 F.3d 1180, 1197 (9th Cir. 2021) (futility of amending a complaint). We affirm in part, reverse in part, and remand.

1. The district court erred in granting Defendants' anti-SLAPP special motion to strike. Even if Defendants prevail at step one of the inquiry, see Kettler v. Gould, 231 Cal. Rptr. 3d 580, 592 (Cal. Ct. App. 2018) (starting the anti-SLAPP analysis, in similar circumstances, by considering the litigation privilege at step two), Defendants fail at step two. Step two of the anti-SLAPP inquiry requires Plaintiff to show that it has a probability of success on its claims. Olivares v. Pineda, 253 Cal. Rptr. 3d 213, 221 (Cal. Ct. App. 2019). Plaintiff's complaint states a prima facie case on the state-law claims, and Defendants' sole argument to the contrary is that California's litigation privilege shields their complaints to Amazon from all litigation. But California's litigation privilege applies only to communications preliminary to "proposed" litigation that was seriously contemplated at the time of the communication. E.g., Makaeff v. Trump Univ., LLC, 715 F.3d 254, 264 (9th Cir. 2013); Strawn v. Morris Polich & Purdy, LLP,

242 Cal. Rptr. 3d 216, 224 (Cal. Ct. App. 2019).  Defendants' complaints to Amazon did not propose litigation.  Nor, taking the facts in the light most favorable to Plaintiff, did Defendants seriously contemplate litigation at that time.  California's litigation privilege therefore does not shield Defendants' complaints to Amazon from litigation.  Accordingly, Plaintiff prevails on the anti-SLAPP inquiry.

    2.  The district court correctly dismissed Plaintiff's claim under the Lanham Act.  The Lanham Act applies only to communications that are disseminated to the "relevant purchasing public."  Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co., 173 F.3d 725, 735 (9th Cir. 1999).  The only recipient of the communication, Amazon, is not a purchaser.  No circuit precedent supports Plaintiff's argument that dissemination to a non-purchaser suffices.  And nothing in the Act supports Plaintiff's unduly broad reading of the Act's requirement of "commercial advertising or promotion," 15 U.S.C. § 1125(a)(1)(B), as encompassing private communications to a single non-purchasing entity.

    3.  The district court correctly dismissed Plaintiff's claims under the Sherman Antitrust Act.  Plaintiff failed to allege plausibly either that Defendant TP-Link restricted output or that manufacturers lack the capacity to increase output.  Rebel Oil Co. v. Atl. Richfield Co., 51 F.3d 1421, 1434, 1441 (9th Cir. 1995).

4. The district court correctly held that the Noerr-Pennington doctrine does not apply. The doctrine protects a person's ability to petition the government, including the courts, for redress. The doctrine prohibits lawsuits challenging communications made during litigation. In order to provide persons with "breathing space" to exercise the right to petition, we have extended the doctrine to encompass prelitigation settlement demands and cease-and-desist letters sent to potential defendants. Sosa v. DIRECTV, Inc., 437 F.3d 923, 929–32, 942 (9th Cir. 2006). But we have never applied, and we see no justification to apply, the doctrine to the communications sent here, which were delivered solely to a third party and which did not propose or threaten litigation.

5. In sum, we affirm the dismissal of the federal-law claims, we reverse the dismissal of the state-law claims, and we remand for further proceedings. Because we reverse the dismissal of the state-law claims, we also reverse the district court's related award of attorney's fees pursuant to California Code of Civil Procedure section 425.16(c)(1).

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED. Each party shall bear its own costs on appeal.**