BURKHALTER KESSLER CLEMENT & GEORGE LLP
Alton G. Burkhalter, Esq., Bar No. 119594
Email: aburkhalter@bkcglaw.com
Joshua A. Waldman, Esq., Bar No. 222859
Email: jwaldman@bkcglaw.com
M. Michelle Rohani, Esq., Bar No. 198214
2020 Main Street, Suite 600
Irvine, California 92614
Telephone: (949) 975-7500
Facsimile:  (949) 975-7501

Attorneys for Defendant Auction Brothers, Inc. d/b/a Amazzia

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TP-LINK USA CORPORATION and AUCTION BROTHERS, INC. d/b/a AMAZZIA <br><br> Defendants. | Case No.  2:19-CV-10374-SB-E <br> Honorable Stanley Blumenfeld Jr. <br> Courtroom 6C <br><br> **ANSWER TO AMENDED FIFTH AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES** <br><br> Complaint Filed: May 23, 2022 <br> Trial Date:  January 9, 2023 |

Defendant Auction Brothers, Inc. dba Amazzia ("Amazzia"), by and through its counsel, hereby answers the Fifth Amended Complaint ("Complaint") of Plaintiff Thimes Solutions, Inc. ("Plaintiff"), as follows.

## **INTRODUCTION**[1]

1. Amazzia lacks knowledge or belief sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and, on that basis, denies the allegations.

2. Amazzia lacks knowledge or belief sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and, on that basis, denies the allegations.

3. Amazzia lacks knowledge or belief sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint and, on that basis, denies the allegations.

4. Amazzia lacks knowledge or belief sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and, on that basis, denies the allegations.

5. The allegations in paragraph 5 of the Complaint are denied as a conclusion of law. To the extent a response is required, Amazzia lacks knowledge or belief sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint and, on that basis, denies the allegations.

6. Amazzia lacks knowledge or belief sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint and, on that basis, denies the allegations.

---

[1] For ease of reference, Amazzia follows the outline headings used in the Complaint. To the extend such headings are making factual allegations, Amazzia does not adopt or admit them.

7. Amazzia lacks knowledge or belief sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint and, on that basis, denies the allegations.

## JURISDICTION AND VENUE

8. The allegations in paragraph 8 of the Complaint are denied as a conclusion of law. To the extent a response is required, Amazzia lacks knowledge or belief sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint and, on that basis, denies the allegations.

9. Admitted in part, denied in part. It is admitted only that Amazzia was duty incorporated in California on August 13, 2004 and maintains its principal place of business at 7040 Darby Avenue, Reseda, California 91335. As to the remaining allegations in paragraph 9, Amazzia lacks knowledge or belief sufficient to form a belief as to the truth of these allegations and, on that basis, denies the allegations.

10. The initial statement in this paragraph is denied as a conclusion of law. To the extent that the allegations discuss Plaintiff's business, Amazzia lacks knowledge or belief sufficient to form a belief as to the truth of these allegations in paragraph 10 of the Complaint and, on that basis, denies the allegations.

11. The allegations in paragraph 11 of the Complaint are denied as a conclusion of law. Amazzia specifically denies committing wrongful conduct in this or any other district.

**FACTS**

12. Amazzia lacks knowledge or belief sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint and, on that basis, denies the allegations.

13. Amazzia lacks knowledge or belief sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint and, on that basis, denies the allegations.

14. Amazzia lacks knowledge or belief sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint and, on that basis, denies the allegations.

15. Amazzia lacks knowledge or belief sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint and, on that basis, denies the allegations.

16. Amazzia lacks knowledge or belief sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint and, on that basis, denies the allegations.

17. Denied as stated. It is admitted only that Amazzia provides brand protection services and, pursuant to information and instructions supplied to it, submitted complaints to Amazon, per Amazon's policies and using Amazon forms, alleging Plaintiff's offering of counterfeit TP-Link goods that infringed on TP-Link trademarks.

18. The initial statement in this paragraph is denied as a conclusion of law. To the extent a response is required, Amazzia denies the allegations asserted in paragraph 18 of the Complaint.

19. Denied as stated. It is admitted only that Amazzia provides brand protection services and, pursuant to information and instructions supplied to it, submitted complaints to Amazon, per Amazon's policies and using Amazon forms, alleging Plaintiff's offering of counterfeit TP-Link goods that infringed on TP-Link trademarks. As to other allegations in this paragraph, Amazzia lacks knowledge or belief sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint and, on that basis, denies the allegations.

20. Amazzia admits that the allegations in paragraph 20 purport to reproduce a quote, refers to the original for a complete and accurate statement of its contents and denies any allegations inconsistent with the same. It is admitted only that Amazzia provides brand protection services.

21. Amazzia admits that the allegations in paragraph 21 purport to reproduce an image, refers to the original for a complete and accurate statement of its contents and denies any allegations inconsistent with the same. It is admitted only that Amazzia provides brand protection services.

22. Amazzia admits that the allegations in paragraph 22 purport to reproduce a quote, refers to the original for a complete and accurate statement of its contents and denies any allegations inconsistent with the same. It is admitted only that Amazzia provides brand protection services.

23. Amazzia admits that the allegations in paragraph 23 purport to reproduce a quote, refers to the original for a complete and accurate statement of its contents and denies any allegations inconsistent with the same. It is admitted only that Amazzia provides brand protection services.

24. Amazzia admits that the allegations in paragraph 24 reference an agreement, refers to the original for a complete and accurate statement of its contents and denies any allegations inconsistent with the same.  Amazzia admits it entered into a TP-Link Amazon Brand Protection Agreement with Defendant TP-Link USA, Inc.  It is admitted only that Amazzia provides brand protection services and, pursuant to information and instructions supplied to it, submitted complaints to Amazon, per Amazon's policies and using Amazon forms, alleging Plaintiff's offering of counterfeit TP-Link goods that infringed on TP-Link trademarks.

25. Denied as stated.  It is admitted only that Amazzia provides brand protection services and, pursuant to information and instructions supplied to it, submitted complaints to Amazon, per Amazon's policies and using Amazon forms, alleging Plaintiff's offering of counterfeit TP-Link goods that infringed on TP-Link trademarks.

26. Denied as stated.  It is admitted only that Amazzia provides brand protection services and, pursuant to information and instructions supplied to it, submitted complaints to Amazon, per Amazon's policies and using Amazon forms,

alleging Plaintiff's offering of counterfeit TP-Link goods that infringed on TP-Link trademarks.

27. Amazzia lacks knowledge or belief sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint and, on that basis, denies the allegations.

28. Denied as stated. It is admitted only that, pursuant to information and instructions supplied to it, Amazzia submitted complaints to Amazon, per Amazon's policies and using Amazon forms, alleging Plaintiff's offering of counterfeit TP-Link goods that infringed on TP-Link trademarks.

29. Amazzia lacks knowledge or belief sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint and, on that basis, denies the allegations.

30. Denied as stated. It is admitted only that, pursuant to information and instructions supplied to it, Amazzia submitted complaints to Amazon, per Amazon's policies and using Amazon forms, alleging Plaintiff's offering of counterfeit TP-Link goods that infringed on TP-Link trademarks.

31. The allegations in paragraph 31 of the Complaint are denied as a conclusion of law. To the extent a response is required, Amazzia denies the allegations in paragraph 35 of the Complaint. It is admitted only that, pursuant to information and instructions supplied to it, Amazzia submitted complaints to Amazon, per Amazon's policies and using Amazon forms, alleging Plaintiff's offering of counterfeit TP-Link goods that infringed on TP-Link trademarks.

32. Amazzia lacks knowledge or belief sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint and, on that basis, denies the allegations.

33. The allegations in paragraph 33 of the Complaint are denied as a conclusion of law.

34. Denied as stated. Amazzia denies that it is "the Amazon expert and planned this conspiracy with expressed knowledge and intent to 'remove' Gray Market sellers." Amazzia lacks knowledge or belief sufficient to form a belief as to the truth of the other allegations in paragraph 34 of the Complaint and, on that basis, denies the allegations. It is admitted only that, pursuant to information and instructions supplied to it, Amazzia submitted complaints to Amazon, per Amazon's policies and using Amazon forms, alleging Plaintiff's offering of counterfeit TP-Link goods that infringed on TP-Link trademarks.

35. Denied.

36. Amazzia lacks knowledge or belief sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint and, on that basis, denies the allegations.

37. Amazzia lacks knowledge or belief sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint and, on that basis, denies the allegations.

38. The allegations in paragraph 38 of the Complaint are denied as a conclusion of law. To the extent a response is required, Amazzia lacks knowledge or belief sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint and, on that basis, denies the allegations.

39. The allegations in paragraph 39 of the Complaint are denied as a conclusion of law. To the extent a response is required, Amazzia lacks knowledge or belief sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint and, on that basis, denies the allegations.

40. The allegations in paragraph 40 of the Complaint are denied as a conclusion of law. To the extent a response is required, Amazzia lacks knowledge or belief sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint and, on that basis, denies the allegations. It is admitted only that, pursuant to information and instructions supplied to it, Amazzia submitted complaints to

Amazon, per Amazon's policies and using Amazon forms, alleging Plaintiff's offering of counterfeit TP-Link goods that infringed on TP-Link trademarks.

41. Amazzia lacks knowledge or belief sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint and, on that basis, denies the allegations.

42. Amazzia lacks knowledge or belief sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint and, on that basis, denies the allegations. It is admitted only that, pursuant to information and instructions supplied to it, Amazzia submitted complaints to Amazon, per Amazon's policies and using Amazon forms, alleging Plaintiff's offering of counterfeit TP-Link goods that infringed on TP-Link trademarks.

43. Amazzia lacks knowledge or belief sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint and, on that basis, denies the allegations.

44. Amazzia lacks knowledge or belief sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint and, on that basis, denies the allegations.

45. Amazzia lacks knowledge or belief sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint and, on that basis, denies the allegations.

46. Amazzia lacks knowledge or belief sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint and, on that basis, denies the allegations. It is admitted only that, pursuant to information and instructions supplied to it, Amazzia submitted complaints to Amazon, per Amazon's policies and using Amazon forms, alleging Plaintiff's offering of counterfeit TP-Link goods that infringed on TP-Link trademarks.

47. Amazzia admits that the allegations in paragraph 47 purport to reproduce an image, refers to the original for a complete and accurate statement of its contents and denies any allegations inconsistent with the same.

48. Denied as stated. It is admitted only that, pursuant to information and instructions supplied to it, Amazzia submitted complaints to Amazon, per Amazon's policies and using Amazon forms, alleging Plaintiff's offering of counterfeit TP-Link goods that infringed on TP-Link trademarks.

49. The allegations in paragraph 49 of the Complaint are denied as a conclusion of law. To the extent a response is required, Amazzia lacks knowledge or belief sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint and, on that basis, denies the allegations. It is admitted only that Amazzia provides brand protection services and, pursuant to information and instructions supplied to it, submitted complaints to Amazon, per Amazon's policies and using Amazon forms, alleging Plaintiff's offering of counterfeit TP-Link goods that infringed on TP-Link trademarks.

50. The allegations in paragraph 50 of the Complaint are denied as a conclusion of law. To the extent a response is required, Amazzia lacks knowledge or belief sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint and, on that basis, denies the allegations.

51. The allegations in paragraph 51 of the Complaint are denied as a conclusion of law. To the extent a response is required, Amazzia lacks knowledge or belief sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint and, on that basis, denies the allegations.

52. The allegations in paragraph 52 of the Complaint are denied as a conclusion of law. To the extent a response is required, Amazzia lacks knowledge or belief sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint and, on that basis, denies the allegations.

53. The allegations in paragraph 53 of the Complaint are denied as a conclusion of law. To the extent a response is required, Amazzia lacks knowledge or belief sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint and, on that basis, denies the allegations.

54. The allegations in paragraph 54 of the Complaint are denied as a conclusion of law. To the extent a response is required, Amazzia lacks knowledge or belief sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint and, on that basis, denies the allegations.

55. The allegations in paragraph 55 of the Complaint are denied as a conclusion of law. To the extent a response is required, Amazzia lacks knowledge or belief sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Complaint and, on that basis, denies the allegations.

## CLAIM I: INTERFERENCE WITH EXISTING AND PROSPECTIVE BUSINESS RELATIONSHIPS

56. The foregoing paragraphs are incorporated herein by reference.

57. The allegations in paragraph 57 of the Complaint are denied as a conclusion of law.

58. Denied.

59. Amazzia lacks knowledge or belief sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint and, on that basis, denies the allegations.

60. Denied.
61. Denied.
62. Denied.
63. Denied.
64. Denied.

## CLAIM II: TRADE LIBEL

65. The foregoing paragraphs are incorporated herein by reference.

66. The allegations in paragraph 66 of the Complaint are denied as a conclusion of law.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

## PRAYER

Plaintiff's Prayer for relief is denied as a conclusion of law to which no response is required. Responding further, it is specifically denied that Plaintiff is entitled to any relief. Plaintiff's prayer for relief should be denied in its entirety, with prejudice, and Plaintiff should receive nothing.

Plaintiff's demand for a jury trial is denied as a conclusion of law to which no responsive pleading is required.

## AFFIRMATIVE DEFENSES

Amazzia asserts the following defenses and/or affirmative defenses, without assuming any burden of proof it does not have as a matter of law:

## FIRST DEFENSE
**(Failure to state a claim upon which relief may granted)**

1. Upon information and belief, Plalintiff's claims fail to state a cause of action upon which relief may be granted.

## SECOND DEFENSE

### (Failure to mitigate)

2. Any damages alleged to have been sustained by Plaintiff were the direct consequence of its own actions or failure to act, or the actions or failure to act of third parties for which Amazzia is not liable.

## THIRD DEFENSE

### (Unclean Hands)

3. Amazzia alleges, without admitting any liability or obligation, if any, and without impairing the general denials herein, that Plaintiff, by its conduct, is guilty of unclean hands, which bars and reduces the recovery, if any, to which Plaintiff is entitled.

## FOURTH DEFENSE

### (Justification)

4. Amazzia alleges, without admitting any liability or obligation, if any, and without impairing the general denials herein, that the acts, conduct or omissions of Amazzia were justified.

## FIFTH DEFENSE

### (Fault)

5. Amazzia alleges, without admitting any liability or obligation, if any, and without impairing the general denials herein, that the Complaint is barred, in whole or in part, because any damages allegedly suffered by Plaintiff was due to Plaintiff's own conduct.

## SIXTH DEFENSE

### (Negligence/Failure to Act)

6. Amazzia alleges, without admitting any liability or obligation, if any, and without impairing the general denials herein, that the proximate cause of any purported damage to Plaintiff, if any, was the wrongful conduct, failure to act and/or negligence (including but not limited to contributory and/or comparative negligence) of Plaintiff and/or third parties.

## SEVENTH DEFENSE

### (Intervening or Superseding Acts)

7. Cross-Defendant is informed and believes and on that basis alleges that the proximate cause of any purported damage to Cross-Complainant, if any, was the wrongful conduct, failure to act and/or negligence of Cross-Complainant and/or third parties and that this failure to act, negligence and/or wrongful act was the intervening or superseding cause of the damage of which Cross-Complainant herein complains.

## EIGTH DEFENSE

### (Proximate Cause/Degree of Fault)

8. Amazzia alleges, without admitting any liability or obligation, if any, and without impairing the general denials herein, that if Plaintiff has suffered or claimed any damage, then that damage was proximately caused and contributed to by persons and/or entities other than Amazzia. The liability of such parties, named or unnamed, should be apportioned according to the relative degree of fault, and the liability of Amazzia, if any such liability exists, and the same is expressly denied herein, should be reduced accordingly.

# NINTH DEFENSE

## (Equitable Apportionment)

9. Amazzia alleges, without admitting any liability or obligation, if any, and without impairing the general denials herein, that it is entitled to equitable apportionment, by reason of the conduct of each and every other party, named and unnamed in this action, and/or by reason of the conduct of other third persons and/or entities, named or unnamed.

**WHEREFORE**, Amazzia respectfully requests judgment dismissing the Complaint in its entirety, with prejudice.

Dated: May 27, 2022

**BURKHALTER KESSLER CLEMENT & GEORGE LLP**

By: /s/M. Michelle Rohani
Alton G. Burkhalter
Joshua A. Waldman
M. Michelle Rohani
*Attorneys for Defendant Auction Brothers, Inc. d/b/a Amazzia*

# DECLARATION OF ELECTRONIC SERVICE

## Central District of California

Service of the attached documents was accomplished pursuant to Central District of California, Order Authorizing Electronic Filing, General Order No. 08-03 and Local Rule 5.3-3, which provide in part: "Upon the electronic filing of a document, a Notice of Electronic Filing (NEF) is automatically generated by the CM/ECF system and sent by e-mail to all attorneys in the case who are registered as CM/ECF Users and have consented to electronic service. Service by this electronic NEF constitutes service pursuant to the Federal Rules of Civil and Criminal Procedure for all attorneys who have consented to electronic service."

I, declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on May 27, 2022, at Irvine, California.

By: */s/ M. Michelle Rohani*