LTL ATTORNEYS LLP
Joe H. Tuffaha (SBN 253723)
  joe.tuffaha@ltlattorneys.com
Prashanth Chennakesavan (SBN 284022)
  prashanth.chennakesavan@ltlattorneys.com
Heather F. Auyang (SBN 191776)
  heather.auyang@ltlattorneys.com
300 South Grand Ave., 14th Floor
Los Angeles, CA 90071
Tel:  (213) 612-8900
Fax:  (213) 612-3773

Attorneys for Defendant and
Counterclaimant TP-Link USA Corporation

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS INC., <br><br> Plaintiff, <br><br> v. <br><br> TP-LINK USA CORPORATION, and AUCTION BROTHERS, INC. d/b/a AMAZZIA, <br><br> Defendants. | CASE NO.: 2:19-cv-10374-SB-E <br><br> **DEFENDANT TP-LINK USA'S ANSWER, DEFENSES, AND COUNTERCLAIM FOR VIOLATION OF THE LANHAM ACT** <br><br> **JURY TRIAL DEMANDED** <br><br> Judge:      Hon. Stanley Blumenfeld Jr. <br> Trial Date:   January 9, 2023 |
| TP-LINK USA CORPORATION, <br><br> Counterclaimant, <br><br> v. <br><br> THIMES SOLUTIONS INC., <br><br> Counter-Defendant. | |

## ANSWER

Defendant TP-Link USA Corporation ("TP-Link USA" or "Defendant"), by and through its counsel, hereby answers each allegation of the <u>Amended</u> Fifth Amended Complaint ("5AC") (ECF No. 173-3) of Thimes Solution, Inc. ("Thimes" or "Plaintiff") as follows.

1. Defendant states that this paragraph does not contain allegations to which a response is required, and on that basis it denies the allegations set forth in ¶ 1.

2. Defendant states that this paragraph does not contain allegations to which a response is required, and on that basis it denies the allegations set forth in ¶ 2.

3. Paragraph 3 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in ¶ 3.

4. Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 4, except upon information and belief, Thimes did not purchase TP-Link products from an authorized distributor.

5. Paragraph 5 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in ¶ 5.

6. Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 6.

7. Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 7.

8. Defendant admits that ¶ 8 asserts jurisdiction is proper pursuant to 28 U.S.C. § 1332(a)(1).  Defendant denies the remaining allegations in ¶ 8.

9. As to Thimes and Amazzia, Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 9.  Defendant admits that it is a California corporation, having its principal place of business located at 10

Mauchly, Irvine, California, 92618.

10. Paragraph 10 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in ¶ 10.

11. Defendant admits that ¶ 11 asserts venue is proper pursuant to 28 U.S.C. § 1391 (b), (c) and (d). Defendant admits that it is a resident in this district. Defendant denies the remaining allegations in ¶ 11.

12. Paragraph 12 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in ¶ 12.

13. Defendant admits it is a subsidiary of TP-Link UK Limited. Defendant admits that it markets and sells networking products. Defendant denies the remaining allegations in ¶ 13.

14. Defendant refers the Court to the referenced URL for its contents, and otherwise denies the allegations set forth in ¶ 14.

15. Paragraph 15 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in ¶ 15.

16. Paragraph 16 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in ¶ 16.

17. Defendant admits that Amazzia submitted complaints to Amazon concerning Thimes. Otherwise, ¶ 17 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in ¶ 17.

18. Paragraph 18 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. To the extent a

response is required, Defendant denies the allegations in ¶ 18.

19.     Defendant admits it retained third-party Amazzia to monitor the sale of certain TP-Link products on Amazon.  Defendant denies the remaining allegations in ¶ 19.

20.     Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 20.

21.     Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 21.

22.     Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 22.

23.     Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 23.

24.     Defendant refers the Court to the referenced document for its contents, and otherwise denies the allegations set forth in ¶ 24.

25.     Defendant denies the allegations in ¶ 25, except Defendant admits it lacks control over Amazzia's business operations.

26.     Paragraph 26 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  Defendant refers the Court to the referenced documents for their contents.  To the extent a response is required, Defendant denies the allegations in ¶ 26.

27.     Paragraph 27 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in ¶ 27.

28.     Defendant admits that Thimes lists four email addresses using the tp-link.com domain, but otherwise denies the allegations set forth in ¶ 28.

29.     Defendant states that this paragraph does not contain allegations to which a response is required, and on that basis it denies the allegations set forth in ¶ 29.

30.     Paragraph 30 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in ¶ 30.

31.     Paragraph 31 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in ¶ 31.

32.     Paragraph 32 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in ¶ 32.

33.     Defendant states that the allegations set forth in ¶ 33 contain legal conclusions to which no response is required; otherwise, Defendant denies the allegations set forth therein.

34.     Paragraph 34 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in ¶ 34.

35.     Paragraph 35 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in ¶ 35.

36.     Paragraph 36 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in ¶ 36.

37.     Paragraph 37 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in ¶ 37.

38.     Defendant states that the allegations set forth in ¶ 38 contain legal conclusions to which no response is required; otherwise, Defendant denies the allegations set forth therein.

39.     Paragraph 39 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in ¶ 39.

40.     Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 40.  Defendant denies Thimes is entitled to any damages.

41.     Defendant refers the Court to the referenced document for its contents, and otherwise denies the allegations set forth in ¶ 41.

42.     Paragraph 42 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in ¶ 42.

43.     Defendant refers the Court to the referenced document for its contents, and otherwise denies the allegations set forth in ¶ 43.

44.     Defendant refers the Court to the referenced document for its contents, and otherwise denies the allegations set forth in ¶ 44.

45.     Defendant refers the Court to the referenced document for its contents, and otherwise denies sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 45.

46.     Paragraph 46 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in ¶ 46.

47.     Defendant refers the Court to the referenced URL for its contents, admits that Amazzia submitted complaints to Amazon concerning Thimes, and otherwise denies the allegations set forth in ¶ 47.

48.     Paragraph 48 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in ¶ 48.

49.     Paragraph 49 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations in ¶ 49.

50.     Paragraph 50 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations in ¶ 50.

51.     Paragraph 51 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations in ¶ 51.

52.     Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 52.

53.     Defendant states that this paragraph does not contain allegations to which a response is required, and on that basis it denies the allegations set forth in ¶ 53.

54.     Paragraph 54 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations in ¶ 54.

55.     Paragraph 55 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations in ¶ 55.

## CLAIM I: INTERFERENCE WITH EXISTING AND PROSPECTIVE BUSINESS RELATIONSHIPS

56.     Defendant incorporates its responses to each and every allegation, as set forth above.

57.     Defendant states that the allegations set forth in ¶ 57 contain legal conclusions to which no response is required; otherwise, Defendant denies the allegations set forth therein.

58.     Paragraph 58 contains Thimes's characterizations of its claims, legal

DEFENDANT TP-LINK USA'S ANSWER, DEFENSES, AND COUNTERCLAIM

assertions, and/or conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in ¶ 58.

59. Paragraph 59 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in ¶ 59.

60. Paragraph 60 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in ¶ 60.

61. Paragraph 61 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in ¶ 61.

62. Paragraph 62 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in ¶ 62.

63. Paragraph 63 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in ¶ 63.

64. Paragraph 64 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in ¶ 64.

## CLAIM II:  TRADE LIBEL

65. Defendant incorporates its responses to each and every allegation, as set forth above.

66. Paragraph 66 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in ¶ 66.

67. Paragraph 67 contains Thimes's characterizations of its claims, legal

assertions, and/or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in ¶ 67.  Moreover, in *TP-Link USA Corporation v. Careful Shopper*, the parties amicably resolved all differences.

68.    Paragraph 68 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in ¶ 68.

69.    Paragraph 69 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in ¶ 69.

70.    Defendant states that the allegations set forth in ¶ 70 contain legal conclusions to which no response is required; otherwise, Defendant denies the allegations set forth therein.

71.    Paragraph 71 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in ¶ 71.

## PRAYER FOR RELIEF

TP-Link USA denies that Thimes is entitled to any relief from TP-Link USA or the Court.

## DEFENSES AND AFFIRMATIVE DEFENSES

TP-Link USA asserts the following defenses and affirmative defenses (collectively "defenses") as to each claim alleged in the 5AC without assuming the burden of proof on such defenses that would otherwise fall on Thimes.  TP-Link USA reserves the right to supplement and/or amend these defenses, including to assert new defenses, as discovery is conducted.

## FIRST DEFENSE

The 5AC fails to state a claim upon which relief can be granted.  For example, Thimes's claims are barred in whole or in part because any statements, as alleged by

Thimes, were not directed at consumers.

## SECOND DEFENSE

Thimes is not entitled to relief because its violation of TP-Link's intellectual property rights constitutes, in part, trademark infringement and trademark counterfeiting. Thimes's claims are barred, in whole or in part, because TP-Link USA's conduct and statements did not misrepresent the nature, characteristics or qualities of Thimes's goods and/or commercial activities.

## THIRD DEFENSE

Each of the purported claims set forth in the 5AC is barred by the doctrines of waiver, acquiescence, and estoppel.

## FOURTH DEFENSE

Thimes's claims are barred in whole or in part by laches, in that Thimes has unreasonably delayed to enforce its rights, if any, despite its full awareness of TP-Link USA's actions.

## FIFTH DEFENSE

Thimes's claims are barred in whole or in part by the doctrine of unclean hands.

## SIXTH DEFENSE

Thimes's claims are barred in whole or in part by the First Amendment to the Constitution of the United States.

## SEVENTH DEFENSE

Thimes's claims are barred in whole or in part because Thimes's injuries or damages, if any, were directly and proximately caused and contributed to by Thimes's own conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct.

## EIGHTH DEFENSE

Thimes's claims are barred in whole or in part because TP-Link USA is not liable for the acts of others over whom it has no control and/or agency relationship.

## NINTH DEFENSE

Thimes's claims are barred in whole or in part by the applicable statute of limitations.

## TENTH DEFENSE

Thimes seeks to recover lost profits or damages that are completely speculative in nature.

## ADDITIONAL DEFENSES

TP-Link USA reserves the right to assert additional defenses.

WHEREFORE, TP-Link USA prays for judgment as follows:

1.  That Thimes takes nothing by way of its 5AC;

2.  That the 5AC, and each of its claims for relief, be dismissed with prejudice;

3.  That TP-Link USA be awarded its costs of suit incurred herein, including attorneys' fees and expenses; and

4.  For such other and further relief as the Court deems just and proper.

## COUNTERCLAIM

For its counterclaim of violation of the Lanham Act, Defendant and Counterclaimant TP-Link USA Corporation ("TP-Link USA") complains and alleges as follows against Plaintiff and Counter-defendant Thimes Solution Inc. ("Thimes").

## PRELIMINARY STATEMENT

1.  For more than 20 years, TP-Link has been engaged in the marketing and sale of high-quality computer networking products, including routers.  TP-Link and its affiliates sell products throughout the United States and internationally, including in this district.

2.  To protect this brand recognition, TP-Link obtained numerous registered

trademarks in connection with computer networking products, including U.S. Trademark Registration No. 3,175,495 ("TP-LINK® Mark").

3.     TP-Link USA is the exclusive licensee of the TP-LINK® Mark.  Pursuant to the license agreement, TP-Link has the exclusive right to market, sell, distribute or offer products and services in connection with the TP-LINK® Mark.  TP-Link also has the right to sublicense or assign the use of the TP-LINK® Mark to any third-party for use in the United States.

4.     TP-Link USA has the right to take all actions necessary to protect the rights in the TP-LINK® Mark, including, without limitation, making demands and claims and filing suit in connection with any alleged infringement and unfair competition, including for past, present or future claims, and is entitled to retain all damages, fees and any other amounts awarded.

5.     This action arises out of Thimes's unauthorized incorporation and infringing use of the TP-LINK® Mark in connection with the sale and advertising of networking products, including routers.

6.     In stark contrast to TP-Link's innovation and brand building, Thimes admits it has built a business based on the unauthorized sales of third-party products. On information and belief, this business model has resulted in Thimes being accused of violating others' intellectual property rights, as well as resulted in issues with Amazon and other marketplace platforms.

7.     Thimes has been on notice of its infringement of TP-Link's intellectual property, including the TP-LINK® Mark, since at least January 2018, when it alleges that it received notices from Amazon.  Thimes also alleges that it continued to receive numerous notices from Amazon regarding violations of TP-Link's intellectual property rights.  Despite receiving such notices, Thimes willfully continued to market and sell TP-Link products.

8.     Upon information and belief, Thimes's conduct has created a likelihood

of substantial confusion among consumers as to the source or origin of TP-Link products and has deceived consumers into thinking that Thimes is affiliated with, sponsored by, or endorsed by TP-Link.  It is not.  TP-Link has not and does not consent to Thimes's use of its marks in the sale of products.  Thimes's actions harm consumers who mistakenly believe that its products convey the manufacturer's original warranty and service when it does not.

9. Consistent with a pattern of violating the rights of others, upon information and belief, the founder and President of Thimes, Avraham "Avi" Eisenberg, is accused of defrauding at least $14 million from investors. *See* https://karlstack.substack.com/p/anatomy-of-an-alleged-dao-scam?s=r which states:

**Summary:** Avraham Mayer Eisenberg is a New York resident, who during the period of December 2021 to April 2022 defrauded ~6,000 FortressDAO (FORT) investors https://discord.gg/7xnFkU3PSN https://twitter.com/FortressDAO out of millions of dollars through the following actions. He conned $14M of investor treasury funds into his solely owned and controlled US-Dollar pegged cryptocurrency stablecoin project FUSD, and succeeded in keeping at least $7M of it for himself. He did this by pitching FortressDAO investors a stablecoin project FortressUSD (FUSD), without disclosing that this project would be solely controlled and owned by himself. After creation of FUSD, he converted the entire treasury into FUSD and thereby conned the community out of their funds. After the community raised hell on twitter about this, he decided to offer back as little of the funds as possible so that people would be satisfied. At the time of this writing (April 8 2022), he has distributed back approximately $6-7M and has kept at least $7M for himself. This document will outline some of the actions taken by Avraham that can hopefully serve as a basis for investigation.

*See also* "Another Fork Bites the Dust: The Looming Fall of Fortress DAO and the Perils of Off-Chain Governance" ("The problem is that the $14M isn't really in its treasury anyway.  It's in a separate project, one that was funded by the Fortress DAO treasury, but is now completely in control of its chief technical officer, Avraham Eisenberg, who has shown no interest in giving it back."), https://thedefiant.io/fall-fortress-dao-olympus-forking/ (attached hereto as **Exhibit 1**).

10. Accordingly, by its Counterclaim, TP-Link USA seeks to recover against Thimes for its willful and intentional trademark infringement and trademark

counterfeiting. In doing so, TP-Link USA is standing by its commitment to its customers that it will protect the value and quality of TP-Link products. TP-Link USA brings this action for infringement of the TP-LINK® Mark in violation of the Lanham Act, 15 U.S.C. § 1051 *et seq*.

## THE PARTIES

11. Counterclaimant TP-Link USA Corporation is a California corporation, having its principal place of business located at 10 Mauchly, Irvine, California, 92618.

12. Upon information and belief, Counter-defendant Thimes Solutions Inc. is a New York corporation having its principal place of business at 431 Audubon Avenue, Suite 53, New York, New York, 10033. Upon information and belief, Avraham "Avi" Eisenberg (the Founder and President of Thimes), is the alter ego of Thimes, and has willfully aided and abetted Thimes in the wrongful concerted action described herein, or acted with or in furtherance of that action, or assisted in carrying out its purpose alleged in this Counterclaim.

## JURISDICTION AND VENUE

13. This is an action arising under the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq*. (the "Lanham Act").

14. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b) and 15 U.S.C. § 1121.

15. This Court has personal jurisdiction over Thimes because Thimes brought this action in this Court and thereby consented to its jurisdiction. Alternatively, this Court has personal jurisdiction over Thimes because, upon information and belief, Thimes, either directly or through its agents, transacts business in the State of California and in this district, directed its activities to the State of California and this district, committed the tort of infringement in this district, and/or expected or should reasonably have expected its acts to have consequences in the State of California and this district.

16.　Venue is proper in this district because Thimes brought this action in this Court and thereby consented to venue.  Alternatively, venue is proper in this district under 28 U.S.C. § 1391 because this action arises out of wrongful acts, including advertising, offering for sale, and selling and distributing products, by Thimes within this judicial district, and/or a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTUAL ALLEGATIONS

### A.　TP-Link's Registered Trademarks

17.　TP-Link is the exclusive licensee with all rights to enforce U.S. Trademark Registration No. 3,175,495 (the "TP-LINK® Mark").  A copy of the TP-LINK® Mark is attached hereto as **Exhibit 2**.

18.　U.S. Trademark Registration No. 3,175,495 is the registration for "TP-LINK" in International Class 9 for goods including "routers."  On December 8, 2011, TP-Link filed a Combined Declaration of Use and Incontestability under Sections 8 & 15 with the United States Patent and Trademark Office for this mark.  Accordingly, the TP-LINK® Mark is valid, subsisting, and incontestable pursuant to 15 U.S.C. §§ 1065 and 1115(b).

19.　TP-Link USA has continuously used the TP-LINK® Mark in interstate commerce in connection with the sale, distribution, promotion, and advertising of its high-quality computer networking products, including routers and other computer accessories products since at least 2008.

## THIMES'S INFRINGING CONDUCT

20.　Upon information and belief since at least 2018, Thimes has been marketing and selling, and continues to market and sell, networking products bearing the infringing TP-LINK® Mark.

21.　Thimes is an unauthorized re-sellers of products bearing the TP-LINK® Mark.  Thimes's annual sales were, in part, gained by the unauthorized listing and

No. 2:19-cv-10374-SB-E

DEFENDANT TP-LINK USA'S ANSWER, DEFENSES, AND COUNTERCLAIM

selling of goods bearing the TP-LINK® Mark.  Unauthorized sales of products bearing the TP-LINK® Mark do not convey the manufacturer's original warranty or service from TP-Link USA, and as such are materially different than genuine TP-Link products.

22.     Upon information and belief, Thimes caused hundreds of products infringing the TP-LINK® Mark to enter into interstate commerce, including California and this judicial district.

23.     Upon information and belief, Thimes's use and incorporation of the TP-LINK® Mark is likely to cause confusion, mistake or deception in the minds of consumers as to the source of Thimes's products, as to TP-Link's affiliation, connection, or association with Thimes, and/or as to TP-Link's approval or sponsorship of Thimes's products or commercial activities.

24.     Upon information and belief, Thimes's infringing use of the TP-LINK® Mark has and will financially harm TP-Link by diminishing the value of the TP-LINK® Mark as an indicator of the source of TP-Link networking products.

25.     Upon information and belief, Thimes's use and incorporation of the TP-LINK® Mark will and did increase the popularity and profitability of Thimes's sale of products and business.

26.     Upon information and belief, Thimes has offered for sale, advertised, and sold products bearing the TP-LINK® Mark in connection with networking products with the intent to benefit from TP-Link's goodwill and reputation in the networking products market, to deceive the public as to the source or origin of Thimes's networking products, and to profit from the demand created by TP-Link's specialized, high-quality computer networking products.

27.     Thimes is well-aware of TP-Link's rights in the TP-LINK® Mark. Indeed, Thimes claims it was sent numerous notices by Amazon that its use of the TP-LINK® Mark violates TP-Link's intellectual property rights.

28.     Upon information and belief, Thimes has had issues with the unauthorized sales and violation of the intellectual property rights of third parties, as well as had numerous issues with Amazon not involving TP-Link products.

29.     Thimes's actions have been deliberate, willful, malicious and intentional and conducted with the intent of trading on the goodwill that inures to the TP-LINK® Mark and reputation of TP-Link.

30.     This is an exceptional case entitling TP-Link USA to treble damages and attorneys' fees as allowed for under the Lanham Act.

## CAUSE OF ACTION

### (Violation of the Lanham Act, 15 U.S.C. § 1051, *et seq.*)

31.     The foregoing allegations are incorporated as if re-alleged herein.

32.     The TP-LINK® Mark is incontestable.   The TP-LINK® Mark is nationally recognized as being affixed to goods of high quality and originating from TP-Link.   Purchasers associate the TP-LINK® Mark only with genuine TP-Link products that convey with the original manufacturer's warranty and service.

33.     Upon information and belief, Thimes's unauthorized use of TP-LINK® Mark is likely to lead to and result in confusion, mistake or deception, and is likely to cause the public to believe that TP-Link has sponsored, authorized, licensed or is otherwise connected or affiliated with the products bearing the TP-LINK® Mark sold by Thimes in violation of 15 U.S.C. § 1114, which at a minimum constitute trademark infringement and trademark counterfeiting.

34.     Upon information and belief, Thimes's ongoing acts of infringement and counterfeiting are willful and deliberate, and are intended to confuse the public as to the source of good bearing the TP-LINK® Mark and to injure TP-Link and reap the benefit of TP-Link's goodwill associated with the TP-LINK® Mark.

35.     As a direct and proximate result of Thimes's willful and unlawful conduct, TP-Link USA has been injured and will continue to suffer injury to its business and

reputation unless Thimes is restrained by this Court from infringing the TP-LINK® Mark.

36.    Thimes's foregoing acts are causing irreparable harm to TP-Link for which there is no adequate remedy at law.

37.    In light of the foregoing, TP-Link USA is entitled to injunctive relief prohibiting Thimes from using the TP-LINK® Mark, or any marks confusingly similar thereto, for any purpose, and to recover from Thimes all damages that TP-Link USA has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Thimes as a result thereof, in an amount to be determined, as well as the costs of this action, attorneys' fees and treble damages, and/or statutory damages pursuant to 15 U.S.C. § 1117.

## PRAYER FOR RELIEF

WHEREFORE, TP-Link USA prays for judgment and relief against Thimes as follows:

1.    Injunctive relief where appropriate;

2.    An accounting by Thimes of its profits for all infringement of the TP-LINK® Mark;

3.    Actual damages in an amount to be proven at trial;

4.    Punitive or exemplary damages where appropriate;

5.    Reasonable costs and attorneys' fees pursuant to applicable law;

6.    Pre and post-judgment interest as applicable; and

7.    Any other relief the Court deems appropriate.

1

## DEMAND FOR A JURY TRIAL

2      Defendant and Counterclaimant TP-Link USA Corporation hereby demands a

3  jury trial of all issues raised in its Counterclaim which are triable by jury.

4

5

6  Dated: May 27, 2022

LTL ATTORNEYS LLP

7

8                                             By:   */s/ Heather F. Auyang*
Joedat H. Tuffaha
9                                                   Prashanth Chennakesavan
Heather F. Auyang
10

11
                                                   *Attorneys for Defendant and*
12                                                 *Counterclaimant TP-Link USA*
*Corp.*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28