RANDOLPH GAW (S.B. #223718)
 rgaw@gawpoe.com
MARK POE (S.B. #223714)
 mpoe@gawpoe.com
VICTOR MENG (S.B. #254102)
 vmeng@gawpoe.com
GAW | POE LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

MARK SCHLACHET (*pro hac vice*)
markschlachet@me.com
3515 Severn Road
Cleveland, OH 44118
Telephone: (216) 225-7559
Facsimile: (216) 932-5390

Attorneys for Plaintiff Thimes Solutions Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS INC.<br><br>              Plaintiffs,<br><br>       v.<br><br>TP-LINK USA CORPORATION, and AUCTION BROTHERS, INC. d/b/a AMAZZIA<br><br>              Defendant. | Case No. 2:19-CV-10374-SB-E<br><br>**<u>DISCOVERY MATTER</u>**<br><br>**DECLARATION OF VICTOR MENG IN SUPPORT OF PLAINTIFF'S MOTIONS TO COMPEL DOCUMENT PRODUCTION**<br><br>Date: July 8, 2022<br>Time: 9:30 am<br>Courtroom: 750, 7th Floor |

I, Victor Meng, declare as follows:

1.      I am a partner in the law firm of Gaw | Poe LLP, co-counsel for plaintiff Thimes Solutions Inc.  If called to testify at a hearing or trial, I could and would testify to the following, which is based on my personal knowledge.  I submit this declaration in support of Plaintiff's Motions to Compel Defendants to Produce Documents.

2.      Attached as Exhibit 1 is a true and correct copy of Defendant TP-Link USA Corporation's Objections and Responses to Plaintiff Thimes Solutions, Inc.'s First Request for Production of Documents.

3.      Attached as Exhibit 2 is a true and correct copy of Defendant Auction Brothers, Inc., DBA Amazzia's Response to Request for Production of Documents, Set One.

4.      Attached as Exhibit 3 is a true and correct copy of a November 24, 2020 meet and confer letter sent by me to Defendant TP-Link's then-counsel Stephen Smerek.

5.      Attached as Exhibit 4 is a true and correct copy of a November 24, 2020 meet and confer letter sent by me to Defendant Auction Brothers' counsel Joshua Waldman.

6.      After I sent the meet and confer letters to Defendants, counsel between the parties agreed to an informal stay of discovery pending resolution of Defendants' motion to dismiss the Fourth Amended Complaint, which had been filed on September 29, 2020.

7.      Attached as Exhibit 5 is a true and correct copy of a May 19, 2022 meet and confer letter sent by me to Defendant TP-Link's counsel Heather Auyang and Prashanth Chennakesavan.

8.      Attached as Exhibit 6 is a true and correct copy of a May 20, 2022 meet and confer letter sent by me to Defendant Auction Brothers' counsel Joshua Waldman and Michelle Rohani.

MENG DECL. ISO PLTF'S MTC DOC PROD.
CASE NO. 2:19-CV-10374-SB-EX

9.      I held a telephonic meet and confer with Ms. Auyang and Ms. Rohani on May 26, 2022.  During that call, both Defendants took the position that they needed to serve new responses to Plaintiff's RFPs.  Both Defendants also claimed to need 21 days to serve new responses and would not commit to any date for producing documents.  Both Defendants also stated that they would need to review the authorities plaintiff sent on the need for the parties to cooperate regarding ESI matters.

10.      Gaw | Poe LLP has billing software.  By checking that software, I can see that partner Randolph Gaw spent 5.4 hours in preparing the motion to compel papers against TP-Link and 2 hours in preparing the motion to compel papers against Amazzia.  Mr. Gaw is a 2002 graduate of Stanford Law School and has been practicing law continuously since then.  His ordinary billing rate is $740 per hour and he is charging Plaintiff a discounted rate of $500 per hour.  Thus, Plaintiff requests monetary sanctions in the amount of $2,700 against TP-Link and $1,000 against Amazzia in connection with the fees it incurred in the preparation of those motions.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed on June 7, 2022, at Alameda, California.

_____
Victor Meng

# EXHIBIT 1

Stephen R. Smerek (State Bar No. 208343)
email:  ssmerek@foley.com
Tiffany Kim Sung (State Bar No. 323077)
email:  tsung@foley.com
**FOLEY & LARDNER LLP**
555 South Flower Street, Suite 3300
Los Angeles, CA 90071-2411
Telephone:  213-972-4500
Facsimile:  213-486-0065

Attorneys for Defendant
TP LINK USA CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS INC., | Case No:  **2:19-cv-10374-SB (Ex)** |
| Plaintiffs, | **DEFENDANT TP-LINK USA CORPORATION'S OBJECTIONS AND RESPONSES TO PLAINTIFF THIMES SOLUTIONS, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |
| v. | |
| TP LINK USA CORPORATION, et al. | |
| Defendants. | |

Defendant TP LINK USA CORPORATION ("TP-Link"), by and through and its undersigned counsel, hereby objects and responds to Plaintiff THIMES SOLUTIONS INC.'s First Request for Production ("RFP").

**Objections to Definitions and Instructions**

1.      TP-Link objects to the Definitions and Instructions to the extent that they seek to impose any burdens inconsistent with, or in addition to, TP-Link's obligations under the applicable rules, including the Federal Rules of Civil Procedure, the Local Rules for the Central District of California, any order of this Court, or any stipulation or agreement between the parties.

2.      TP-Link objects to the Definitions and Instructions to the extent that they seek premature disclosure in light of the timetable for the disclosure of certain categories of information, as provided by the Federal Rules of Civil Procedure, the Local Rules for the Central District of California, any order of this Court, or any stipulation or agreement between the parties.

3.      TP-Link objects to the Definitions and Instructions to the extent that they purport to require production of documents that is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

4.      TP-Link objects to the Definitions and Instructions to the extent that they call for production of documents, things, communications, or information not in TP-Link's possession, custody, or control, call for TP-Link to prepare documents or things that do not already exist, or call for documents, things, communications, or information that are not obtainable by means of a reasonably diligent search, including, without limitation, documents, things, communications, or information that are not maintained by TP-Link in the normal course of business.

1

5.     TP-Link objects to the Definitions and Instructions to the extent that they seek documents, things, communications, or information that are protected from disclosure by the attorney-client privilege, the work-product immunity doctrine, the common-interest privilege, and/or any other applicable privilege or protection from disclosure afforded by law or regulation.  Inadvertent production of such information shall not constitute the waiver of any applicable privilege, prohibition, limitation, doctrine, immunity, protection, or objection, including, but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, work-product, privilege, and/or admissibility as evidence.

6.     TP-Link objects to the Definitions and Instructions to the extent that they seek production of documents, things, communications, or information that are trade secrets and/or confidential or proprietary business information of TP-Link or any third party.  Subject to these general objections to the definitions and instructions, and all specific objections, TP-Link shall produce responsive documents after the parties have executed, and the Court has approved and entered, a stipulated protective order governing production of documents in this action.

7.     TP-Link objects to the Definitions and Instructions on the grounds that they are overly broad and/or unduly burdensome to the extent that they are not limited to a timeframe relevant to this action.  Subject to these general objections to the definitions and instructions, and all specific objections, TP-Link shall produce responsive documents dated from January 2018 through the filing of the original complaint in this action.

8.     TP-Link objects to Plaintiff's definition of "YOU" to the extent that Plaintiff seeks to compel TP-Link to collect or produce information, communications, or documents from parties from whom TP-Link has no right or obligation to collect information or documents.  TP-Link further objects to the definitions of the term "YOU" as being vague, overbroad, and unduly burdensome to the extent that Plaintiff purports to impose discovery obligations on any person who is not a party to this litigation.

4812-8146-7854.5

9.      TP-Link objects to Plaintiff's definition of "RELATING TO" or "RELATE TO" as vague, ambiguous, confusing, overly broad and unduly burdensome as used.

10.      TP-Link will produce its documents in TIFF or PDF form, in black and white, and with load files.  TP-Link will consider reasonable requests for native versions and/or color versions of individual documents made in good faith for good cause (so long as and to the extent to which Plaintiff agrees to do the same).

11.      TP-Link objects to the scope and timing of Plaintiff's first set of document requests on the grounds that the pleadings have not been settled, and, if TP-Link's motion to dismiss is granted in full or part, many of the requests will not be drawn to any relevant subject matter.  TP-Link's investigation into the parties' claims and defenses is continuing, and TP-Link's objections and responses to these requests for production are based upon the information in its possession after diligent inquiry at the time of preparation of these responses.   TP-Link reserves the right to amend, supplement, modify, and/or correct its objections or responses based on developments in this litigation and as additional information becomes available to TP-Link in the course of its investigation.

## Specific Objections and Responses

### Request No. 1:

All COMMUNICATIONS between YOUR employees RELATING TO TSI's re-sales of YOUR wireless router products.

### Objections and Response to Request No. 1:

TP-Link specifically objects to this request on the grounds that it is vague, ambiguous, overly broad and not proportional to the needs of the case based on the overly broad definition of the term "RELATING TO" as used in the request.  TP-Link further specifically objects to this request on the grounds that it seeks production of documents not relevant to any claim to the extent that it seeks discovery regarding "YOUR wireless router products," a term which is not defined in the document requests and not identified as a relevant product market in the Fourth Amended Complaint.   TP-Link also

4812-8146-7854.5

specifically objects to this request on the grounds that the phrase "re-sales of YOUR wireless router products" renders the request vague and ambiguous and otherwise calls upon TP-Link to assume facts that have not been established.  TP-Link also specifically objects to this request to the extent that it seeks privileged and confidential information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or protection.

Subject to these Specific Objections, and all Objections to the Definitions and Instructions, TP-Link responds that it will produce internal communications during the relevant period referencing Thimes Solutions, if any, in its possession, custody, or control located after a reasonable search.

**Request No. 2:**

All COMMUNICATIONS between YOUR employees RELATING TO YOUR decision to use AMAZZIA to monitor authorized sales of YOUR wireless router products on Amazon.

**Objections and Response to Request No. 2:**

TP-Link specifically objects to this request on the grounds that it is vague, ambiguous, overly broad and not proportional to the needs of the case based on the overly broad definition of the term "RELATING TO" as used in the request.  TP-Link further specifically objects to this request on the grounds that it seeks production of documents not relevant to any claim to the extent that it seeks discovery regarding "YOUR wireless router products," a term which is not defined in the document requests and not identified as a relevant product market in the Fourth Amended Complaint.   TP-Link also specifically objects to this request on the grounds that the phrase "authorized sales of YOUR wireless router products" renders the request vague and ambiguous and otherwise calls upon TP-Link to assume facts that have not been established.   TP-Link also specifically objects to this request to the extent that it seeks privileged and confidential information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or protection.

4

Subject to these Specific Objections, and all Objections to the Definitions and Instructions, TP-Link responds that it will produce internal communications during the relevant period referencing Thimes Solutions, if any, in its possession, custody, or control located after a reasonable search.

**Request No. 3:**

All COMMUNICATIONS YOU sent to or received from AMAZZIA RELATING TO TSI's re-sales of YOUR wireless router products.

**Objections and Response to Request No. 3:**

TP-Link specifically objects to this request on the grounds that it is vague, ambiguous, overly broad and not proportional to the needs of the case based on the overly broad definition of the term "RELATING TO" as used in the request. TP-Link further specifically objects to this request on the grounds that it seeks production of documents not relevant to any claim to the extent that it seeks discovery regarding "YOUR wireless router products," a term which is not defined in the document requests and not identified as a relevant product market in the Fourth Amended Complaint. TP-Link also specifically objects to this request on the grounds that the phrase "re-sales of YOUR wireless router products" renders the request vague and ambiguous and otherwise calls upon TP-Link to assume facts that have not been established. TP-Link also specifically objects to this request to the extent that it seeks privileged and confidential information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or protection.

Subject to these Specific Objections, and all Objections to the Definitions and Instructions, TP-Link responds that it will produce communications sent to or received from Amazzia during the relevant period referencing Thimes Solutions, if any, in its possession, custody, or control located after a reasonable search.

**Request No. 4:**

All COMMUNICATIONS YOU sent to or received from Amazon.com, Inc. or Amazon Services LLC RELATING TO TSI's re-sales of YOUR wireless router products.

5

**Objections and Response to Request No. 4:**

TP-Link specifically objects to this request on the grounds that it is vague, ambiguous, overly broad and not proportional to the needs of the case based on the overly broad definition of the term "RELATING TO" as used in the request. TP-Link further specifically objects to this request on the grounds that it seeks production of documents not relevant to any claim to the extent that it seeks discovery regarding "YOUR wireless router products," a term which is not defined in the document requests and not identified as a relevant product market in the Fourth Amended Complaint. TP-Link also specifically objects to this request on the grounds that the phrase "re-sales of YOUR wireless router products" renders the request vague and ambiguous and otherwise calls upon TP-Link to assume facts that have not been established.

Subject to these Specific Objections, and all Objections to the Definitions and Instructions, TP-Link responds that it will produce communications sent to or received from Amazon.com, Inc. or Amazon Services LLC during the relevant period referencing Thimes Solutions, if any, in its possession, custody, or control located after a reasonable search.

**Request No. 5:**

All COMMUNICATIONS YOU sent to or received from AMAZZIA RELATING TO "non-compliant sellers" of YOUR wireless router products, as that term is used in the Amazon Brand Protection Agreement(s) between YOU and AMAZZIA.

**Objections and Response to Request No. 5:**

TP-Link specifically objects to this request on the grounds that it is vague, ambiguous, overly broad and not proportional to the needs of the case based on the overly broad definition of the term "RELATING TO" as used in the request. TP-Link further specifically objects to this request on the grounds that it seeks production of documents not relevant to any claim to the extent that it is not limited in scope to TSI or any product market alleged in the Fourth Amended Complaint. TP-Link further specifically objects to this request on the grounds that it seeks production of documents not relevant to any

6

claim to the extent that it seeks discovery regarding "YOUR wireless router products," a term which is not defined in the document requests and not identified as a relevant product market in the Fourth Amended Complaint.  TP-Link also specifically objects to this request on the grounds that the request appears to make use of confidential, non-public materials, obtained by plaintiff and/or plaintiff's counsel outside the scope of discovery in this matter.  TP-Link also specifically objects to this request to the extent that it seeks privileged and confidential information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or protection.

Subject to these Specific Objections, and all Objections to the Definitions and Instructions, TP-Link responds that it will produce communications sent to or received from Amazzia during the relevant period referencing Thimes Solutions, if any, in its possession, custody, or control located after a reasonable search.

**Request No. 6:**

All COMMUNICATIONS YOU sent to or received from AMAZZIA RELATING TO "the cleanup project," as that term is used in the Amazon Brand Protection Agreement(s) between YOU and AMAZZIA.

**Objections and Response to Request No. 6:**

TP-Link specifically objects to this request on the grounds that it is vague, ambiguous, overly broad and not proportional to the needs of the case based on the overly broad definition of the term "RELATING TO" as used in the request.  TP-Link further specifically objects to this request on the grounds that it seeks production of documents not relevant to any claim to the extent that it is not limited in scope to Thimes Solutions or any product market alleged in the Fourth Amended Complaint.  TP-Link also specifically objects to this request on the grounds that the request appears to make use of confidential, non-public materials, obtained by plaintiff and/or plaintiff's counsel outside the scope of discovery in this matter.  TP-Link also specifically objects to this request to the extent that it seeks privileged and confidential information protected from disclosure

7

by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or protection.

Subject to these Specific Objections, and all Objections to the Definitions and Instructions, TP-Link responds that it will produce communications sent to or received from Amazzia during the relevant period referencing Thimes Solutions, if any, in its possession, custody, or control located after a reasonable search.

**Request No. 7:**

All COMMUNICATIONS YOU sent to or received from AMAZZIA RELATING TO re-sellers of YOUR wireless router products on the Amazon Marketplace.

**Objections and Response to Request No. 7:**

TP-Link specifically objects to this request on the grounds that it is vague, ambiguous, overly broad and not proportional to the needs of the case based on the overly broad definition of the term "RELATING TO" as used in the request. TP-Link further specifically objects to this request on the grounds that it seeks production of documents not relevant to any claim to the extent that it seeks discovery regarding "YOUR wireless router products," a term which is not defined in the document requests and not identified as a relevant product market in the Fourth Amended Complaint. TP-Link also specifically objects to this request on the grounds that the phrase "re-sellers of YOUR wireless router products" renders the request vague and ambiguous and otherwise calls upon TP-Link to assume facts that have not been established. TP-Link also specifically objects to this request to the extent that it seeks privileged and confidential information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or protection.

Subject to these Specific Objections, and all Objections to the Definitions and Instructions, TP-Link responds that it will produce communications sent to or received from Amazzia during the relevant period referencing Thimes Solutions, if any, in its possession, custody, or control located after a reasonable search.

4812-8146-7854.5

**Request No. 8:**

All COMMUNICATIONS YOU sent to or received from Amazon.com, Inc. or Amazon Services LLC RELATING TO re-sellers of YOUR wireless router products.

**Objections and Response to Request No. 8:**

TP-Link specifically objects to this request on the grounds that it is vague, ambiguous, overly broad and not proportional to the needs of the case based on the overly broad definition of the term "RELATING TO" as used in the request.  TP-Link further specifically objects to this request on the grounds that it seeks production of documents not relevant to any claim to the extent that it seeks discovery regarding "YOUR wireless router products," a term which is not defined in the document requests and not identified as a relevant product market in the Fourth Amended Complaint.   TP-Link also specifically objects to this request on the grounds that the phrase "re-sellers of YOUR wireless router products" renders the request vague and ambiguous and otherwise calls upon TP-Link to assume facts that have not been established.

Subject to these Specific Objections, and all Objections to the Definitions and Instructions, TP-Link responds that it will produce communications sent to or received from Amazon.com, Inc. or Amazon Services LLC during the relevant period referencing Thimes Solutions, if any, in its possession, custody, or control located after a reasonable search.

**Request No. 9:**

All COMMUNICATIONS YOU sent to or received from AMAZZIA RELATING TO YOUR minimum advertised price for YOUR wireless router products.

**Objections and Response to Request No. 9:**

TP-Link specifically objects to this request on the grounds that it is vague, ambiguous, overly broad and not proportional to the needs of the case based on the overly broad definition of the term "RELATING TO" as used in the request.  TP-Link further specifically objects to this request on the grounds that it seeks production of documents not relevant to any claim to the extent that it seeks discovery regarding "YOUR wireless

4812-8146-7854.5

router products," a term which is not defined in the document requests and not identified as a relevant product market in the Fourth Amended Complaint.    TP-Link also specifically objects to this request to the extent that it seeks privileged and confidential information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or protection.

Subject to these Specific Objections, and all Objections to the Definitions and Instructions, TP-Link responds that it will produce communications sent to or received from Amazzia during the relevant period referencing any minimum advertised price for the TP-Link wireless routers identified in the Fourth Amended Complaint, if any, in its possession, custody, or control located after a reasonable search.

**Request No. 10:**

All COMMUNICATIONS YOU sent to or received from Amazon.com, Inc. or Amazon Services LLC RELATING TO YOUR minimum advertised price for YOUR wireless router products.

**Objections and Response to Request No. 10:**

TP-Link specifically objects to this request on the grounds that it is vague, ambiguous, overly broad and not proportional to the needs of the case based on the overly broad definition of the term "RELATING TO" as used in the request.    TP-Link further specifically objects to this request on the grounds that it seeks production of documents not relevant to any claim to the extent that it seeks discovery regarding "YOUR wireless router products," a term which is not defined in the document requests and not identified as a relevant product market in the Fourth Amended Complaint.

Subject to these Specific Objections, and all Objections to the Definitions and Instructions, TP-Link responds that it will produce communications sent to or received from Amazon.com, Inc. or Amazon Services LLC during the relevant period referencing any minimum advertised price for the TP-Link wireless routers identified in the Fourth Amended Complaint, if any, in its possession, custody, or control located after a reasonable search.

4812-8146-7854.5

**Request No. 11:**

All COMMUNICATIONS YOU sent to or received from AMAZZIA RELATING TO complaints AMAZZIA filed to Amazon.com, Inc. or Amazon Services LLC RELATING TO YOUR wireless router products.

**Objections and Response to Request No. 11:**

TP-Link specifically objects to this request on the grounds that it is vague, ambiguous, overly broad and not proportional to the needs of the case based on the overly broad definition of the term "RELATING TO" as used in the request.  TP-Link further specifically objects to this request on the grounds that it seeks production of documents not relevant to any claim to the extent that it seeks discovery regarding "YOUR wireless router products," a term which is not defined in the document requests and not identified as a relevant product market in the Fourth Amended Complaint.  TP-Link also specifically objects to this request to the extent that it seeks privileged and confidential information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or protection.

Subject to these Specific Objections, and all Objections to the Definitions and Instructions, TP-Link responds that it will produce communications sent to or received from Amazzia during the relevant period referencing Thimes Solutions, if any, in its possession, custody, or control located after a reasonable search.

**Request No. 12:**

All COMMUNICATIONS YOU sent to or received from AMAZZIA RELATING TO Amazon.com, Inc. or Amazon Services LLC's resolution of intellectual property complaints filed by manufacturers against unauthorized re-sellers of those manufacturer's products.

**Objections and Response to Request No. 12:**

TP-Link specifically objects to this request on the grounds that it is vague, ambiguous, overly broad and not proportional to the needs of the case based on the overly broad definition of the term "RELATING TO" as used in the request.  TP-Link further

11

specifically objects to this request on the grounds that it seeks production of documents not relevant to any claim to the extent that it is not limited in scope to Thimes Solutions or any product market alleged in the Fourth Amended Complaint.  TP-Link also specifically objects to this request on the grounds that the term "unauthorized re-sellers of those manufacturer's products" renders the request vague and ambiguous and otherwise calls upon TP-Link to assume facts that have not been established.  TP-Link also specifically objects to this request to the extent that it seeks privileged and confidential information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or protection.

Subject to these Specific Objections, and all Objections to the Definitions and Instructions, TP-Link responds that it will produce communications sent to or received from Amazzia during the relevant period referencing Thimes Solutions, if any, in its possession, custody, or control located after a reasonable search.

**Request No. 13:**

All drafts of any contracts between YOU and AMAZZIA.

**Objections and Response to Request No. 13:**

TP-Link specifically objects to this request on the grounds that it is overbroad to the extent it is not limited to contractual relationships governing complaints to Amazon put at issue in the Fourth Amended Complaint.  TP-Link also specifically objects to this request on the grounds that it seeks production of documents not relevant to any claim and not proportionate to the needs of the case to the extent it requests "All drafts of any contracts." TP-Link also specifically objects to this request to the extent that it seeks privileged and confidential information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or protection.

Subject to these Specific Objections, and all Objections to the Definitions and Instructions, TP-Link responds that it will produce relevant agreements, if any, in its possession, custody, or control located after a reasonable search.

**Request No. 14:**

12

All DOCUMENTS and COMMUNICATIONS authored by or transmitted between YOUR employees RELATING TO unauthorized sales of YOUR wireless router products on Amazon.com, Inc. or Amazon Services LLC.

**Objections and Response to Request No. 14:**

TP-Link specifically objects to this request on the grounds that it is vague, ambiguous, overly broad and not proportional to the needs of the case based on the overly broad definition of the term "RELATING TO" as used in the request. TP-Link further specifically objects to this request on the grounds that it seeks production of documents not relevant to any claim to the extent that it seeks discovery regarding "YOUR wireless router products," a term which is not defined in the document requests and not identified as a relevant product market in the Fourth Amended Complaint. TP-Link also specifically objects to this request on the grounds that the phrase "unauthorized sales of YOUR wireless router products" renders the request vague and ambiguous and otherwise calls upon TP-Link to assume facts that have not been established. TP-Link also specifically objects to this request to the extent that it seeks privileged and confidential information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or protection.

Subject to these Specific Objections, and all Objections to the Definitions and Instructions, TP-Link responds that it will produce internal communications during the relevant period referencing Thimes Solutions, if any, in its possession, custody, or control located after a reasonable search.

**Request No. 15:**

All DOCUMENTS and COMMUNICATIONS authored by or transmitted between YOUR employees RELATING TO any impact that TSI may have on either the sales or profitability of YOUR wireless router products.

**Objections and Response to Request No. 15:**

TP-Link specifically objects to this request on the grounds that it is vague, ambiguous, overly broad and not proportional to the needs of the case based on the overly

13

4812-8146-7854.5

broad definition of the term "RELATING TO" as used in the request.  TP-Link further specifically objects to this request on the grounds that it seeks production of documents not relevant to any claim to the extent that it seeks discovery regarding "YOUR wireless router products," a term which is not defined in the document requests and not identified as a relevant product market in the Fourth Amended Complaint.   TP-Link also specifically objects to this request to the extent that it seeks privileged and confidential information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or protection.

Subject to these Specific Objections, and all Objections to the Definitions and Instructions, TP-Link responds that it will produce internal communications during the relevant period referencing Thimes Solutions, if any, in its possession, custody, or control located after a reasonable search.

**Request No. 16:**

All DOCUMENTS and COMMUNICATIONS authored by or transmitted between YOUR employees RELATING TO any impact that unauthorized re-sellers of YOUR wireless router products, including but not limited to TSI, have on the either the supply or the demand for such products in any geographic market.

**Objections and Response to Request No. 16:**

TP-Link specifically objects to this request on the grounds that it is vague, ambiguous, overly broad and not proportional to the needs of the case based on the overly broad definition of the term "RELATING TO" as used in the request.  TP-Link further specifically objects to this request on the grounds that it seeks production of documents not relevant to any claim to the extent that it seeks discovery regarding "YOUR wireless router products," a term which is not defined in the document requests and not identified as a relevant product market in the Fourth Amended Complaint.   TP-Link also specifically objects to this request on the grounds that the phrase "unauthorized re-sellers of YOUR wireless router products" renders the request vague and ambiguous and otherwise calls upon TP-Link to assume facts that have not been established.  TP-Link

4812-8146-7854.5

also specifically objects that the phrase "the supply or demand for such products" is vague and ambiguous as used.  TP-Link also specifically objects to this request to the extent that it seeks privileged and confidential information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or protection.

Subject to these Specific Objections, and all Objections to the Definitions and Instructions, TP-Link responds that it will produce internal communications during the relevant period referencing Thimes Solutions, if any, in its possession, custody, or control located after a reasonable search.

**Request No. 17:**

All DOCUMENTS and COMMUNICATIONS authored by or transmitted between YOUR employees RELATING TO any impact that unauthorized re-sellers of YOUR wireless router products, including but not limited to TSI, have on the either the supply or the demand for such products on the Amazon Marketplace.

**Objections and Response to Request No. 17:**

TP-Link specifically objects to this request on the grounds that it is vague, ambiguous, overly broad and not proportional to the needs of the case based on the overly broad definition of the term "RELATING TO" as used in the request.  TP-Link further specifically objects to this request on the grounds that it seeks production of documents not relevant to any claim to the extent that it seeks discovery regarding "YOUR wireless router products," a term which is not defined in the document requests and not identified as a relevant product market in the Fourth Amended Complaint.   TP-Link also specifically objects to this request on the grounds that the phrase "unauthorized re-sellers of YOUR wireless router products on the Amazon Marketplace" renders the request vague and ambiguous and otherwise calls upon TP-Link to assume facts that have not been established.  TP-Link also specifically objects that the phrase "the supply or demand for such products" is vague and ambiguous as used.  TP-Link also specifically objects to this request to the extent that it seeks privileged and confidential information protected

15

from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or protection.

Subject to these Specific Objections, and all Objections to the Definitions and Instructions, TP-Link responds that it will produce internal communications during the relevant period referencing Thimes Solutions, if any, in its possession, custody, or control located after a reasonable search.

**Request No. 18:**

All DOCUMENTS and COMMUNICATIONS authored by or transmitted between YOUR employees RELATING to the market share that YOUR wireless router products possessed in any geographic market that includes New York (i.e., regardless of whether any otherwise responsive documents view market regions on a national, regional, or state-specific basis).

**Objections and Response to Request No. 18:**

TP-Link specifically objects to this request on the grounds that it is vague, ambiguous, overly broad and not proportional to the needs of the case based on the overly broad definition of the term "RELATING TO" as used in the request.  TP-Link further specifically objects to this request on the grounds that it seeks production of documents not relevant to any claim to the extent that it seeks discovery regarding "YOUR wireless router products," a term which is not defined in the document requests and not identified as a relevant product market in the Fourth Amended Complaint.

**Request No. 19:**

All DOCUMENTS and COMMUNICATIONS authored by or transmitted between YOUR employees RELATING to the market share that YOUR wireless router products possessed on the Amazon Marketplace (i.e., regardless of whether any otherwise responsive documents view markets on any other basis).

**Objections and Response to Request No. 19:**

TP-Link specifically objects to this request on the grounds that it is vague, ambiguous, overly broad and not proportional to the needs of the case based on the overly

16

broad definition of the term "RELATING TO" as used in the request. TP-Link further specifically objects to this request on the grounds that it seeks production of documents not relevant to any claim to the extent that it seeks discovery regarding "YOUR wireless router products," a term which is not defined in the document requests and not identified as a relevant product market in the Fourth Amended Complaint.

**Request No. 20:**

DOCUMENTS sufficient to reflect the total number of wireless router products that YOU, or YOUR authorized re-sellers, sold on a monthly basis from 2017 to the present, broken out by each separate or distinct wireless router product. Such data should also be reported on a state-by-state basis.

**Objections and Response to Request No. 20:**

TP-Link specifically objects to this request on the grounds that it seeks production of documents not relevant to any claim to the extent that it seeks discovery regarding "wireless router products," a term which is not defined in the document requests and not identified as a relevant product market in the Fourth Amended Complaint.

**Request No. 21:**

DOCUMENTS sufficient to reflect the total number of wireless router products that YOU, or YOUR authorized re-sellers, sold on a monthly basis on the Amazon Marketplace from 2017 to the present, broken out by each separate or distinct wireless router product.

**Objections and Response to Request No. 21:**

TP-Link specifically objects to this request on the grounds that it seeks production of documents not relevant to any claim to the extent that it seeks discovery regarding "wireless router products," a term which is not defined in the document requests and not identified as a relevant product market in the Fourth Amended Complaint.

**Request No. 22:**

DOCUMENTS sufficient to reflect the actual revenue and cost data for the wireless router products YOU, or YOUR authorized re-sellers, sold on a monthly basis

from 2017 to the present, broken out by each separate or distinct wireless router product (or at the most disaggregate level maintained by YOU).

**<u>Objections and Response to Request No. 22</u>:**

TP-Link specifically objects to this request on the grounds that it seeks production of documents not relevant to any claim to the extent that it seeks discovery regarding "wireless router products," a term which is not defined in the document requests and not identified as a relevant product market in the Fourth Amended Complaint. TP-Link further specifically objects to this request on the grounds that the phrase "actual revenue and cost data for the wireless router products" is vague, ambiguous, and confusing.

**<u>Request No. 23</u>:**

All analyses, forecasts, revenue projections or cost projections for the wireless router products YOU, or YOUR authorized re-sellers, sold on a monthly basis from 2017 to the present, broken out by each separate or distinct wireless router product (or at the most disaggregate level maintained by YOU). Such DOCUMENTS include any analyses of net present value, discounted cash flow or incremental probability.

**<u>Objections and Response to Request No. 23</u>:**

TP-Link specifically objects to this request on the grounds that it seeks production of documents not relevant to any claim to the extent that it seeks discovery regarding "wireless router products," a term which is not defined in the document requests and not identified as a relevant product market in the Fourth Amended Complaint. TP-Link further specifically objects to this request on the grounds that the phrase "[a]ll analyses, forecasts, revenue projections or cost projections for the wireless router products" is vague, ambiguous, and confusing, overly broad and unduly burdensome, and otherwise seeks discovery not proportionate to the needs of the case.

**<u>Request No. 24</u>:**

All market analyses, studies, or reports (such as the IDC Quarterly Wireless LAN Tracker), whether formal or informal, internal or external, regarding the wireless router markets in which YOU sell wireless router products.

**Objections and Response to Request No. 24:**

TP-Link specifically objects to this request on the grounds that it seeks production of documents not relevant to any claim to the extent that it seeks discovery regarding "wireless router markets" and "wireless router products," terms which are not defined in the document requests and not identified as a relevant product market in the Fourth Amended Complaint.  TP-Link further specifically objects to this request on the grounds that the phrase "[a]ll market analyses, studies, or reports … whether formal or informal" is vague, ambiguous, and confusing, overly broad and unduly burdensome, and otherwise seeks discovery not proportionate to the needs of the case.

**Request No. 25:**

All DOCUMENTS and COMMUNICATIONS RELATING to an analysis, evaluation or study of any kind, whether formal or informal, internal or external, of YOUR competitors in the wireless router product market.

**Objections and Response to Request No. 25:**

TP-Link specifically objects to this request on the grounds that it seeks production of documents not relevant to any claim to the extent that it seeks discovery regarding the "wireless router product market," a term which is not defined in the document requests and not identified as a relevant product market in the Fourth Amended Complaint. TP-Link further specifically objects to this request on the grounds that it is vague, ambiguous, overly broad and not proportional to the needs of the case based on the overly broad definition of the term "RELATING TO," and the phrase "analysis, evaluation or study of any kind, whether formal or informal," as used in the request.

**Request No. 26:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR business strategy in competing against unauthorized re-sellers of YOUR wireless router products for sales of those products.

**Objections and Response to Request No. 26:**

TP-Link specifically objects to this request on the grounds that it seeks production of documents not relevant to any claim to the extent that it seeks discovery regarding the "wireless router products," a term which is not defined in the document requests and not identified as a relevant product market in the Fourth Amended Complaint.  TP-Link further specifically objects to this request on the grounds that it is vague, ambiguous, overly broad and not proportional to the needs of the case based on the overly broad definition of the term "RELATING TO," and the phrase "business strategy in competing against unauthorized re-sellers of YOUR wireless router products," as used in the request.

**Request No. 27:**

All DOCUMENTS and COMMUNICATIONS that support any of YOUR affirmative defenses.

**Objections and Response to Request No. 27:**

TP-Link specifically objects to this request on the grounds that it seeks privileged and confidential information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, among other privileges and protections.  TP-Link further specifically objects to this request on the grounds that it fails to adequately describe the documents sought with reasonable particularity and seeks premature disclosure of documents and things outside any scheduling order entered in this litigation.

Dated:  November 9, 2020

    /s/ *Stephen R. Smerek*
Stephen R. Smerek
**FOLEY & LARDNER LLP**

**Attorneys for TP LINK USA
CORPORATION**

4812-8146-7854.5

**PROOF OF SERVICE**

I am employed in the **County of Los Angeles**, **State of California**. I am over the age of 18 and not a party to this action; my current business address is 555 South Flower Street, Suite 3300**, Los Angeles, CA 90071-2411.**

On **November 9, 2020**, I served the foregoing document(s) described as: TP-LINK USA CORPORATION'S OBJECTION TO THIMES SOLUTIONS, INC.S FIRST REQUEST FOR PRODUCTION on the interested parties in this action as follows:

Mark Poe
Randolph Gaw
Victor Meng
GAW | POE LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
email:     mpoe@gawpoe.com
           rgaw@gawpoe.com
           vmeng@gawpoe.com

Mark Schlachet
3515 Severn Road
Cleveland, OH 44118
email: markschlachet@me.com

Christopher J. Hammond
21540 Prairie Street, Unit A
Chatsworth, CA 91311
email:     chammond@bizlawpro.com

Joshua A. Waldman
Burkhalter Kessler Clement & George LLP
2020 Main Street, Suite 600
Irvine, CA 92614
email: jwaldman@bkcglaw.com

____     BY MAIL

         ____     I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service; the firm deposits the collected correspondence with the United States Postal Service that same day, in the ordinary course of business, with postage thereon fully prepaid, at Los Angeles, **California**. I placed the envelope(s) for collection and mailing on the above date following ordinary business practices.

_x_     BY E-MAIL

         _x_     I served the foregoing document via e-mail to the addressees above at the e-mail addresses listed therein.

____     BY HAND DELIVERY. I delivered the envelope(s) **by hand** to addressee(s).

____     BY EXPRESS SERVICE CARRIER (**Via Overnight Courier Service**)

         ____     I am readily familiar with the firm's practice for collection and processing of correspondence for delivery by FEDERAL EXPRESS:    collected packages are picked up by an express carrier representative on the same day, with the Airbill listing the account number for billing to sender, at Los Angeles**, California**, in the ordinary course of business.  I placed the envelope(s) in an envelope or package designated by the express service carrier for collection and processing for express service delivery on the above date following ordinary business practices.

1

 X    Executed on **November 9, 2020**, at Los Angeles**, California**.

 X         I declare that I am employed in the office of a member of the bar of this
           court at whose direction the service was made.


_____
Lian P. Saptoro

# EXHIBIT 2

1   BURKHALTER KESSLER CLEMENT & GEORGE LLP
    Alton G. Burkhalter, Esq., Bar No. 119594
2   Email Address: aburkhalter@bkcglaw.com
    Joshua A. Waldman, Esq., Bar No. 222859
3   Email Address: jwaldman@bkcglaw.com
    2020 Main Street, Suite 600
4   Irvine, California 92614
    Telephone: (949) 975-7500
5   Facsimile: (949) 975-7501

6   Attorneys for Defendant Auction Brothers, Inc. dba Amazzia

7

8                      **UNITED STATES DISTRICT COURT**

9                     **CENTRAL DISTRICT OF CALIFORNIA**

10                            WESTERN DIVISION

11  THIMES SOLUTIONS, INC.,                CASE NO.:  CV 19-10374 SB

12
                    Plaintiff,
13                                          **DEFENDANT AUCTION BROTHERS,**
    vs.                                     **INC., DBA AMAZZIA'S RESPONSE**
14                                          **TO REQUEST FOR PRODUCTION**
    TP-LINK USA CORPORATION, et al.,        **OF DOCUMENTS, SET ONE**
15

16
                    Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

**RESPONDING PARTY:**      Defendant Auction Brothers dba Amazzia

**PROPOUNDING PARTY:**      Plaintiff Thimes Solutions, Inc.

**SET NO.:**  One

Defendant Auction Brothers dba Amazzia ("Responding Party") hereby responds to Plaintiff Thimes Solutions, Inc.'s ("Propounding Party") first set of Request for production of documents.

## PRELIMINARY STATEMENT

The following responses are based upon the facts and information presently known and available to Responding Party.  The responses refer only to those contentions which have been asserted to date by Responding Party based on the facts now known to it.  Discovery, investigation, research and analysis are still ongoing in this case and may disclose the existence of additional facts, variations, and changes to these responses. Without obligation to do so, Responding Party reserves the right to change or supplement these responses as additional facts are discovered, revealed, recalled or otherwise ascertained, and as further analysis and research disclose additional facts, contentions or legal theories which may well apply.

## GENERAL OBJECTIONS

The responses which are set forth below are submitted subject to the objections set forth herein, and are based upon the current knowledge of Responding Party, and upon such investigation which was reasonable for Responding Party to undertake under the circumstances of the case.   Responding Party interposes the following general objections to these requests.  These objections are made to each and every individual request, and subpart thereof, and are incorporated by reference into each of the specific responses which are set forth below.

1

**DEFENDANT AUCTION BROTHERS, INC., DBA AMMAZZIAS RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

These responses are made solely for the purpose of this specific action. Each answer is subject to all appropriate objections including, but not limited to, objections concerning competency, relevancy, materiality, propriety and admissibility, which would require the exclusion of any statement contained herein if the question were asked of, or any statement contained herein were made by, a witness present and testifying in court. All such objections and grounds are reserved and may be interposed at the time of trial.

Furthermore, Responding Party has not completed its investigation of the facts relating to this case, has not completed discovery in this action, has not yet received all reports and/or opinions from its expert witnesses, and has not completed preparation for trial. All of the responses contained herein are based only upon such information and documents that are immediately available to and specifically known at this time to Responding Party. As discovery proceeds, information, facts and witnesses may be discovered that were not identified in response to these document requests, but which may have been responsive to requests.

Additionally, facts and evidence now known may be imperfectly understood, or the relevance or consequence of such facts and evidence may be imperfectly understood and, accordingly, such facts and evidence may, in good faith, not be identified in response to these requests.

It is also anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, as well as establish entire new factual conclusions and legal contentions, all of which may lead to substantial additions to or changes in these responses.

These responses are thus given without prejudice to Responding Party's right to later use or produce any such documents, facts or witnesses which Responding Party may later locate, recall or ascertain. Responding Party accordingly reserves the right to change any and all answers contained herein accordingly, if a proper supplemental request is made.

**DEFENDANT AUCTION BROTHERS, INC., DBA AMMAZZIAS RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

Responding Party assumes no obligation beyond those imposed by law to voluntarily supplement or amend these responses to reflect witnesses, facts and evidence following the service of these responses.  In addition, because some of these responses may have been ascertained by Responding Party's agents, attorneys and/or investigators, Responding Party may not have personal knowledge of the information from which these responses are derived.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

Subject to and without waiving the foregoing general objections to the Requests for Production of Documents, each of which is incorporated herein by this reference into each of the responses set forth below, Responding Party responds as follows:

**REQUEST FOR PRODUCTION NO. 1:**

All COMMUNICATIONS between YOUR employees RELATING TO TSI's re-sales of TP-LINK's wireless router products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Responding Party objects to this request on the grounds that it is vague, ambiguous, and overbroad as to time and as to the terms "RELATING TO," "TSI's re-sales" and "TP-LINK's wireless router products."  Responding party further objects to this request on the ground that, as drafted, the request calls for production of documents protected by the Attorney Work Product doctrine and Attorney-Client privilege. Subject to, and without waiver of, the foregoing objections and its General Objections, Responding Party responds as follows: after a reasonable search, Responding Party will comply with this request and produce non-privileged internal communications in its possession, custody or control, if any, referencing Propounding Party, during the relevant time period.

3

**REQUEST FOR PRODUCTION NO. 2:**

All COMMUNICATIONS YOU sent to or received from TP-LINK RELATING TO TSI's re-sales of TP-LINK's wireless router products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Responding Party objects to this request on the grounds that it is vague, ambiguous, and overbroad as to time and as to the terms "RELATING TO," "TSI's re-sales" and "TP-LINK's wireless router products." Responding party further objects to this request on the ground that, as drafted, the request calls for production of documents protected by the Attorney Work Product doctrine and Attorney-Client privilege. Subject to, and without waiver of, the foregoing objections and its General Objections, Responding Party responds as follows: after a reasonable search, Responding Party will comply with this request and produce non-privileged communications sent to or received from TP-Link in its possession, custody or control, if any, referencing Propounding Party, during the relevant time period.

**REQUEST FOR PRODUCTION NO. 3:**

All COMMUNICATIONS YOU sent to or received from Amazon.com, Inc. or Amazon Services LLC RELATING TO TSI's re-sales of TP-LINK's wireless router products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Responding Party objects to this request on the grounds that it is vague, ambiguous, and overbroad as to time and as to the terms "RELATING TO," "TSI's re-sales" and "TP-LINK's wireless router products." Responding party further objects to this request on the ground that, as drafted, the request calls for production of documents protected by the Attorney Work Product doctrine and Attorney-Client privilege. Subject to, and without waiver of, the foregoing objections and its General Objections, Responding Party responds as follows: after a reasonable search, Responding Party will comply with this request and produce non-privileged communications sent to or received

4

**DEFENDANT AUCTION BROTHERS, INC., DBA AMMAZZIAS RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

from Amazon.com, Inc. or Amazon Services LLC in its possession, custody or control, if any, referencing Propounding Party, during the relevant time period.

**REQUEST FOR PRODUCTION NO. 4:**

All COMMUNICATIONS YOU sent to or received from TP-LINK RELATING TO "non-compliant sellers" of TP-LINK's wireless router products, as that term is used in the Amazon Brand Protection Agreement(s) between YOU and TP-LINK.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Responding Party objects to this request on the grounds that the documents sought are overbroad, assume facts not in evidence and not described with reasonable particularity.  Responding Party further objects to this request on the grounds that it is vague, ambiguous as to the terms "RELATING TO," "non-compliant sellers" and "TP-LINK's wireless router products."  Responding Party further objects to this request on the ground that, as drafted, the request calls for production of documents protected by the Attorney Work Product doctrine and Attorney-Client privilege. Subject to, and without waiver of, the foregoing objections and its General Objections, Responding Party responds as follows: after a reasonable search, Responding Party will comply with this request and produce non-privileged communications sent to or received from TP-Link in its possession, custody or control, if any, referencing Propounding Party, during the relevant time period.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS and COMMUNICATIONS authored by or transmitted between YOUR employees RELATING TO "non-compliant sellers," as that term is used in the Amazon Brand Protection Agreement(s) between YOU and TP-LINK.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Responding Party objects to this request on the grounds that the documents sought are overbroad, assume facts not in evidence and not described with reasonable

**DEFENDANT AUCTION BROTHERS, INC., DBA AMMAZZIAS RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

1   particularity.  Responding Party further objects to this request on the grounds that it is
2   vague, ambiguous and overbroad as to time and as to the terms "RELATING TO," and
3   "non-compliant sellers."  Additionally, this request is improper to the extent it is overly
4   broad seeking "All DOCUMENTS and COMMUNICATIONS authored by or
5   transmitted between YOUR employees" regardless of the allegations set forth in the
6   operative pleading.  Further, this request is objectionable to the extent it seeks discovery
7   of confidential, proprietary and trade secret information.  Responding Party further
8   objects to this request on the ground that, as drafted, the request calls for production of
9   documents protected by the Attorney Work Product doctrine and Attorney-Client
10  privilege. Subject to, and without waiver of, the foregoing objections and its General
11  Objections, Responding Party responds as follows: after a reasonable search, Responding
12  Party will comply with this request and produce non-privileged internal communications
13  in its possession, custody or control, if any, referencing Propounding Party, during the
14  relevant time period.

15

16  **REQUEST FOR PRODUCTION NO. 6:**

17          All COMMUNICATIONS YOU sent to or received from TP-LINK
18  RELATING TO "the cleanup project," as that term is used in the Amazon Brand
19  Protection Agreement(s) between YOU and TP-LINK.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

21          Responding Party objects to this request on the grounds that the documents
22  sought are overbroad, assume facts not in evidence and not described with reasonable
23  particularity.  Responding Party further objects to this request on the grounds that it is
24  vague, ambiguous as to the terms "RELATING TO," and "the cleanup project."
25  Responding Party further objects to this request on the ground that, as drafted, the request
26  calls for production of documents protected by the Attorney Work Product doctrine and
27  Attorney-Client privilege. Subject to, and without waiver of, the foregoing objections and
28  its General Objections, Responding Party responds as follows: after a reasonable search,

6

**DEFENDANT AUCTION BROTHERS, INC., DBA AMMAZZIAS RESPONSE TO
REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

Responding Party will comply with this request and produce non-privileged communications sent to or received from TP-Link in its possession, custody or control, if any, referencing Propounding Party, during the relevant time period.

**REQUEST FOR PRODUCTION NO. 7:**

All COMMUNICATIONS YOU sent to or received from TP-LINK RELATING TO re-sellers of TP-LINK's wireless router products on the Amazon Marketplace.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Responding Party objects to this request on the grounds that it is vague, ambiguous, and overbroad as to time and as to the terms "RELATING TO," "re-sales" and "TP-LINK's wireless router products." Responding Party further objects to this request on the ground that, as drafted, the request calls for production of documents protected by the Attorney Work Product doctrine and Attorney-Client privilege. Subject to, and without waiver of, the foregoing objections and its General Objections, Responding Party responds as follows: after a reasonable search, Responding Party will comply with this request and produce non-privileged communications sent to or received from TP-Link in its possession, custody or control, if any, referencing Propounding Party, during the relevant time period.

**REQUEST FOR PRODUCTION NO. 8:**

All COMMUNICATIONS YOU sent to or received from Amazon.com, Inc. or Amazon Services LLC RELATING TO re-sellers of TP-LINK's wireless router products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Responding Party objects to this request on the grounds that the documents sought are overbroad, assume facts not in evidence and not described with reasonable

7

**DEFENDANT AUCTION BROTHERS, INC., DBA AMMAZZIAS RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

particularity.  Responding Party further objects to this request on the grounds that it is vague, ambiguous and overbroad as to time and the terms "RELATING TO," "re-sellers" and "TP-LINK's wireless router products."  Responding Party further objects to this request on the ground that, as drafted, the request calls for production of documents protected by the Attorney Work Product doctrine and Attorney-Client privilege. Subject to, and without waiver of, the foregoing objections and its General Objections, Responding Party responds as follows: after a reasonable search, Responding Party will comply with this request and produce non-privileged communications sent to or received from Amazon.com, Inc. or Amazon Services LLC in its possession, custody or control, if any, referencing Propounding Party, during the relevant time period.

**REQUEST FOR PRODUCTION NO. 9:**

All COMMUNICATIONS YOU sent to or received from TP-LINK RELATING TO TP-LINK's minimum advertised price for its wireless router products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Responding Party objects to this request on the grounds that the documents sought are overbroad, assume facts not in evidence and not described with reasonable particularity.  Responding Party further objects to this request on the grounds that it is vague, ambiguous and overbroad as to time and as to the terms "RELATING TO," "minimum advertised price" and "wireless router products."  Responding Party further objects to this request on the ground that, as drafted, the request calls for production of documents protected by the Attorney Work Product doctrine and Attorney-Client privilege. Subject to, and without waiver of, the foregoing objections and its General Objections, Responding Party responds as follows: after a reasonable search, Responding Party will comply with this request and produce non-privileged communications sent to or received from TP-Link in its possession, custody or control, if any, referencing minimum advertised price for wire router products identified in the operative pleading during the relevant time period.

**DEFENDANT AUCTION BROTHERS, INC., DBA AMMAZZIAS RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

**REQUEST FOR PRODUCTION NO. 10:**

All COMMUNICATIONS YOU sent to or received from Amazon.com, Inc. or Amazon Services LLC RELATING TO TP-LINK's minimum advertised price for its wireless router products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Responding Party objects to this request on the grounds that the documents sought are overbroad, assume facts not in evidence and not described with reasonable particularity. Responding Party further objects to this request on the grounds that it is vague, ambiguous and overbroad as to time and as to the terms "RELATING TO," "minimum advertised price" and "wireless router products." Responding Party further objects to this request on the ground that, as drafted, the request calls for production of documents protected by the Attorney Work Product doctrine and Attorney-Client privilege. Subject to, and without waiver of, the foregoing objections and its General Objections, Responding Party responds as follows: after a reasonable search, Responding Party will comply with this request and produce non-privileged communications sent to or received from TP-Link in its possession, custody or control, if any, referencing minimum advertised price for wire router products identified in the operative pleading during the relevant time period.

**REQUEST FOR PRODUCTION NO. 11:**

All COMMUNICATIONS YOU sent to or received from TP-LINK RELATING TO any price or brand protection services offered by YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Responding Party objects to this request on the grounds that the documents sought are overbroad, assume facts not in evidence and not described with reasonable particularity. Responding Party further objects to this request on the grounds that it is vague, ambiguous and overbroad as to time and as to the terms "RELATING TO," and

9

**DEFENDANT AUCTION BROTHERS, INC., DBA AMMAZZIAS RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

"price or brand protection services."  Additionally, this request is improper to the extent it is overly broad seeking "any price or brand protection services" regardless of the allegations set forth in the operative pleading.  Further, this request is objectionable to the extent it seeks discovery of confidential, proprietary and trade secret information. Responding Party further objects to this request on the ground that, as drafted, the request calls for production of documents protected by the Attorney Work Product doctrine and Attorney-Client privilege. Subject to, and without waiver of, the foregoing objections and its General Objections, Responding Party responds as follows: after a reasonable search, Responding Party will comply with this request and produce non-privileged communications sent to or received from TP-Link in its possession, custody or control, if any, referencing price or brand protection services, during the relevant time period.

**REQUEST FOR PRODUCTION NO. 12:**

All COMMUNICATIONS YOU sent to or received from TP-LINK RELATING TO complaints YOU filed to Amazon.com, Inc. or Amazon Services LLC RELATING TO TP-LINK's wireless router products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Responding Party objects to this request on the grounds that the documents sought are overbroad, assume facts not in evidence and not described with reasonable particularity.  Responding Party further objects to this request on the grounds that it is vague, ambiguous and overbroad as to time and as to the terms "RELATING TO," "complaints" and "TP-LINK's wireless router products."  Responding Party further objects to this request on the ground that, as drafted, the request calls for production of documents protected by the Attorney Work Product doctrine and Attorney-Client privilege. Subject to, and without waiver of, the foregoing objections and its General Objections, Responding Party responds as follows: after a reasonable search, Responding Party will comply with this request and produce non-privileged communications sent to

**DEFENDANT AUCTION BROTHERS, INC., DBA AMMAZZIAS RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

or received from TP-Link in its possession, custody or control, if any, referencing Propounding Party, during the relevant time period.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS and COMMUNICATIONS authored by or transmitted between YOUR employees RELATING TO YOUR policies or procedures for filing complaints to Amazon.com, Inc. or Amazon Services LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Responding Party objects to this request on the grounds that the documents sought are overbroad, assume facts not in evidence and not described with reasonable particularity. Responding Party further objects to this request on the grounds that it is vague, ambiguous and overbroad as to time and as to the terms "RELATING TO," and "policies or procedures for filing complaints." Additionally, this request is improper to the extent it is overly broad seeking "All DOCUMENTS and COMMUNICATIONS authored by or transmitted between YOUR employees" regardless of the allegations set forth in the operative pleading. Further, this request is objectionable to the extent it seeks discovery of confidential, proprietary and trade secret information. Responding Party further objects to this request on the ground that, as drafted, the request calls for production of documents protected by the Attorney Work Product doctrine and Attorney-Client privilege. The request furthermore seeks the production of documents and information that is irrelevant.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS and COMMUNICATIONS authored by or transmitted between YOUR employees RELATING TO Amazon.com, Inc. or Amazon Services LLC's resolution of intellectual property complaints filed by manufacturers against unauthorized re-sellers of those manufacturer's products.

11

**DEFENDANT AUCTION BROTHERS, INC., DBA AMMAZZIAS RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Responding Party objects to this request on the grounds that the documents sought are overbroad, assume facts not in evidence and not described with reasonable particularity.  Responding Party further objects to this request on the grounds that it is vague, ambiguous and overbroad as to time and as to the terms "RELATING TO," "resolution of intellectual property complaints," "unauthorized re-sellers," and "manufacturer's products."  Additionally, this request is improper to the extent it is overly broad seeking "All DOCUMENTS and COMMUNICATIONS authored by or transmitted between YOUR employees" regardless of the allegations set forth in the operative pleading.  Further, this request is objectionable to the extent it seeks discovery of confidential, proprietary and trade secret information.  Responding Party further objects to this request on the ground that, as drafted, the request calls for production of documents protected by the Attorney Work Product doctrine and Attorney-Client privilege. Subject to, and without waiver of, the foregoing objections and its General Objections, Responding Party responds as follows:   after a reasonable search, Responding Party will comply with this request and produce non-privileged internal communications in its possession, custody or control, if any, referencing Propounding Party, during the relevant time period.

**REQUEST FOR PRODUCTION NO. 15:**

All COMMUNICATIONS YOU sent to or received from TP-LINK RELATING TO Amazon.com, Inc. or Amazon Services LLC's resolution of intellectual property complaints filed by manufacturers against unauthorized resellers of those manufacturer's products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Responding Party objects to this request on the grounds that the documents sought are overbroad, assume facts not in evidence and not described with reasonable particularity.  Responding Party further objects to this request on the grounds that it is

12

**DEFENDANT AUCTION BROTHERS, INC., DBA AMMAZZIAS RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

vague, ambiguous and overbroad as to time and as to the terms "RELATING TO," "resolution of intellectual property complaints," "unauthorized resellers," and "manufacturer's products." Further, this request is objectionable to the extent it seeks discovery of confidential, proprietary and trade secret information. Responding Party further objects to this request on the ground that, as drafted, the request calls for production of documents protected by the Attorney Work Product doctrine and Attorney-Client privilege. Subject to, and without waiver of, the foregoing objections and its General Objections, Responding Party responds as follows: after a reasonable search, Responding Party will comply with this request and produce non-privileged communications sent to or received from TP-Link in its possession, custody or control, if any, referencing Propounding Party, during the relevant time period.

**REQUEST FOR PRODUCTION NO. 16:**

   All drafts of any Amazon Brand Protection Agreements between YOU and TP-LINK.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

   Responding Party objects to this request on the grounds that the documents sought are overbroad, assume facts not in evidence and not described with reasonable particularity. Responding Party further objects to this request on the grounds that it is vague, ambiguous and overbroad as to time and as to the terms "drafts." Further, this request is objectionable to the extent it seeks discovery of confidential, proprietary and trade secret information. Responding Party further objects to this request on the ground that, as drafted, the request calls for production of documents protected by the Attorney Work Product doctrine and Attorney-Client privilege. The request furthermore seeks the production of documents and information that is irrelevant.

**DEFENDANT AUCTION BROTHERS, INC., DBA AMMAZZIAS RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

**REQUEST FOR PRODUCTION NO. 17:**

All COMMUNICATIONS between YOUR employees RELATING TO YOUR negotiations with TP-LINK over Amazon Brand Protection Agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Responding Party objects to this request on the grounds that the documents sought are overbroad, assume facts not in evidence and not described with reasonable particularity. Responding Party further objects to this request on the grounds that it is vague, ambiguous and overbroad as to time and as to the terms "RELATING TO," and "negotiations." Further, this request is objectionable to the extent it seeks discovery of confidential, proprietary and trade secret information. Responding Party further objects to this request on the ground that, as drafted, the request calls for production of documents protected by the Attorney Work Product doctrine and Attorney-Client privilege. The request furthermore seeks the production of documents and information that is irrelevant. Subject to, and without waiver of, the foregoing objections and its General Objections, Responding Party responds as follows: after a reasonable search, Responding Party will comply with this request and produce non-privileged internal communications in its possession, custody or control, if any, referencing Propounding Party, during the relevant time period.

**REQUEST FOR PRODUCTION NO. 18:**

All COMMUNICATIONS YOU sent to or received from TP-LINK reflecting negotiations over any Amazon Brand Protection Agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Responding Party objects to this request on the grounds that the documents sought are overbroad, assume facts not in evidence and not described with reasonable particularity. Responding Party further objects to this request on the grounds that it is vague, ambiguous and overbroad as to time and as to the term "negotiations." Further,

14

this request is objectionable to the extent it seeks discovery of confidential, proprietary and trade secret information.  Responding Party further objects to this request on the ground that, as drafted, the request calls for production of documents protected by the Attorney Work Product doctrine and Attorney-Client privilege. Subject to, and without waiver of, the foregoing objections and its General Objections, Responding Party responds as follows: after a reasonable search, Responding Party will comply with this request and produce non-privileged internal communications in its possession, custody or control, if any, referencing Propounding Party, during the relevant time period.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS and COMMUNICATIONS authored by or transmitted between YOUR employees RELATING TO sales of TP-LINK's wireless router products by unauthorized re-sellers on Amazon.com, Inc. or Amazon Services LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Responding Party objects to this request on the grounds that the documents sought are overbroad, assume facts not in evidence and not described with reasonable particularity.  Responding Party further objects to this request on the grounds that it is vague, ambiguous and overbroad as to time and as to the terms "RELATING TO," "unauthorized resellers," and "TP-LINK's wireless router products."   Additionally, this request is improper to the extent it is overly broad seeking "All DOCUMENTS and COMMUNICATIONS authored by or transmitted between YOUR employees" regardless of the allegations set forth in the operative pleading.   Further, this request is objectionable to the extent it seeks discovery of confidential, proprietary and trade secret information.  Responding Party further objects to this request on the ground that, as drafted, the request calls for production of documents protected by the Attorney Work Product doctrine and Attorney-Client privilege. Subject to, and without waiver of, the foregoing objections and its General Objections, Responding Party responds as follows: after a reasonable search, Responding Party will comply with this request and produce

15

**DEFENDANT AUCTION BROTHERS, INC., DBA AMMAZZIAS RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

non-privileged internal communications in its possession, custody or control, if any, referencing Propounding Party, during the relevant time period.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS and COMMUNICATIONS sent to or received from TPLINK RELATING to TP-LINK's business strategy in competing against re-sellers for sales of TP-LINK's wireless router products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Responding Party objects to this request on the grounds that the documents sought are overbroad, assume facts not in evidence and not described with reasonable particularity.  Responding Party further objects to this request on the grounds that it is vague, ambiguous and overbroad as to time and as to the terms "RELATING TO," "business strategy," "re-sellers," and "TP-LINK's wireless router products."  Further, this request is objectionable to the extent it seeks discovery of confidential, proprietary and trade secret information.  Responding Party further objects to this request on the ground that, as drafted, the request calls for production of documents protected by the Attorney Work Product doctrine and Attorney-Client privilege.  Subject to, and without waiver of, the foregoing objections and its General Objections, Responding Party responds as follows: after a reasonable search, Responding Party will comply with this request and produce non-privileged communications sent to or received from TP-Link in its possession, custody or control, if any, referencing Propounding Party, during the relevant time period.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS and COMMUNICATIONS that support any of YOUR affirmative defenses.

**DEFENDANT AUCTION BROTHERS, INC., DBA AMMAZZIAS RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Responding Party objects to this request as overbroad, unduly burdensome and premature and untimely.  Further, Responding Party objects to this request on the ground that, as drafted, the request calls for production of documents protected by the Attorney Work Product doctrine and Attorney-Client privilege.  Discovery has just begun and is on-going and Responding Party reserves all rights to supplement and produce all non-privileged responsive documents in its possession, custody or control when available and to the extend not already produced.

DATED:  November 9, 2020            BURKHALTER KESSLER CLEMENT &
                                   GEORGE LLP

                         By:    */s/ Joshua A. Waldman*
                                Alton G. Burkhalter, Esq.
                                Joshua A. Waldman, Esq.
                                Attorneys for Defendant,
                                Auction Brothers dba Amazzia

17

**VERIFICATION**

**UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA**
WESTERN DIVISION

I have read the following document and know its contents:

**DEFENDANT AUCTION BROTHERS, INC., DBA AMAZZIA'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

\_\_\_    I am a party to this action.  The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

 X     I am an authorized agent of Amazzia, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.   X  I am informed and believe and on that ground allege that the matters stated in the foregoing documents are true.  X  The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

\_\_\_    I am one of the attorneys for _____, a party to this action.  Such party is absent from the County aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason.  I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on this  9th     , day of November, 2020, at  Reseda         , California.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


By:  Mikhail Fikhman\_\_\_

*Miko Fikhman*
_____
Signature

1
**VERIFICATION**

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California.  I am over the age of 18 years and not a party to the within action; my business address is 2020 Main Street, Suite 600, Irvine, California 92614.

On **November 9, 2020** I caused the foregoing document described as **DEFENDANT AUCTION BROTHERS, INC., DBA AMAZZIA'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**   to be served on the interested parties in this action **[X]** by placing [  ] the original **[X]** a true copy thereof enclosed in a sealed envelope addressed as stated on the attached service list.

**[X]    BY MAIL**

**[X]** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with U.S. postal service on that same day in the ordinary course of business.  I am aware that, on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[X]    BY ELECTRONIC TRANSMISSION**

**[X]**    I sent via electronic transmission on this date a copy of the above-referenced document to the addressee stated on the attached Service List.

**[X]    (Federal)**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **November 9**, **2020** at **Irvine, California**.


*/s/ M. Michelle Rohani*

# <u>SERVICE LIST</u>

MARK POE (S.B. #223714)
 mpoe@gawpoe.com
RANDOLPH GAW (S.B. #223718)
rgaw@gawpoe.com
VICTOR MENG (S.B. #254102)
vmeng@gawpoe.com
 GAW | POE LLP 4
Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

MARK SCHLACHET (pro hac vice)
 markschlachet@me.com
3515 Severn Road Cleveland, OH
44118 Telephone: (216) 225-7559
Facsimile: (216) 932-5390

CHRISTOPHER J. HAMMOND (S.B. #150024)
chammond@bizlawpro.com
21540 Prairie Street, Unit A Chatsworth, CA 91311
Telephone: (866) 625-2529
Facsimile: (866) 463-9285

Attorneys for Plaintiff Thimes Solutions Inc.

# EXHIBIT 3

# GAW | POE LLP

4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Phone: (415) 766 7451
Fax: (415) 737 0642

**VIA E-MAIL**

November 24, 2020

Stephen R. Smerek
Foley & Lardner LLP
555 South Flower Street / Suite 3300
Los Angeles, CA 90071-2418
ssmerek@foley.com

Re:  *Thimes Solutions Inc. v. TP Link USA Corporation et al*
     TP-Link's Responses to Thimes's First RFPs

Counsel:

Pursuant to Local Rule 37.1, we write to request a conference of counsel to address the following deficiencies in Defendant TP-Link's responses to Thimes's First Set of Requests for Production, and to request a pre-filing conference of counsel concerning those deficiencies within the next 10 days.

## General Objections

TP-Link purports to apply a series of "Objections to the Definitions and Instructions" to each of its responses.  Such "general…objections…are not proper objections," and fail to satisfy TP-Link's burden of "clarifying, explaining, and supporting its objections."  *U.S. ex rel. O'Connell v. Chapman University*, 245 F.R.D. 646, 648-649 (C.D. Cal. 2007).  As a rule, courts decline to consider general objections to requests for production. *California Sportfishing Prot. All. v. Chico Scrap Metal, Inc.*, No. 2:10-CV-1207-GEB-AC, 2014 WL 5093398, at *5 (E.D. Cal. Oct. 9, 2014).  Accordingly, such objections warrant no further consideration here.

## Relevance Objection

With the exception of its response to request number 27, TP-Link has asserted a relevance objection to each of its responses on the basis that the term "wireless router products" is undefined and not expressly identified in the complaint.  This position fails as a matter of law.  For starters, parties are entitled to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" so long as it is "proportional to the needs of the case."  Fed. R. Civ. Proc. 26(b)(1).  Rule 26 does not limit the scope of discovery to matters expressly alleged in the complaint, and information need not be admissible in evidence to be discoverable.  *Id.*  The relevance objection is also unconvincing as a matter of fact:  Thimes references the term "routers" throughout its complaint, and TP-Link itself uses the term "wireless router products" in its Amazon Brand Protection Agreement(s) with Amazzia.

**GAW | POE LLP**

4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Phone: (415) 766 7451
Fax: (415) 737 0642

**Objection to the Term "Relating To"**

The objection to the term "relating to" on the grounds that it is "vague, ambiguous, overly broad and not proportional to the needs of the case" likewise fails to satisfy TP-Link's discovery obligations.  As the party resisting discovery, TP-Link has "the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections."  *Carson v. Experian Info. Sols., Inc.*, No. 8:17-cv-02232-JVS-KESx, 2019 WL 3249617, at *2 (C.D. Cal. Apr. 19, 2019).  Courts in the Central District uniformly reject non-specific, conclusory objections to discovery because they fail to satisfy TP-Link's burden of "clarifying, explaining, and supporting its objections." *U.S. ex rel. O'Connell*, 245 F.R.D. at 648.  TP-Link cannot merely state that a request is "vague," "overly broad," or "not proportional."  Rather, it must explain why, in the context of the case and the request, the request is objectionable, and to what extent it is claimed to be so.

**"Privileged and Confidential"**

TP-Link also objects to Request Nos. 1-3, 5-7, 9, 11-17, and 27 on grounds that the information sought is "privileged and confidential."  Under Rule 34(b)(2)(C), a party objecting on grounds of "privilege" must "state whether any responsive materials are being withheld on the basis of that objection."  *In re Rivera*, No. CV 16-4676 JAK (SSX), 2017 WL 5163695, at *2 (C.D. Cal. Apr. 14, 2017) ("Pursuant to the revisions to the Federal Rules effective December 1, 2015, if objections are posed, the 'objection must state whether any responsive materials are being withheld on the basis of that objection.'").  If so, that party must identify responsive documents withheld via a privilege log.  FRCP 26(b)(5).  TP-Link has not specified whether it withheld responsive documents on the basis of attorney-client privilege.  Nor has it produced a privilege log, thus depriving Thimes the right to evaluate the basis for and validity of TP-Link's privilege claims.  TP-Link must either promptly prepare a sufficiently detailed privilege log or withdraw this objection.

TP-Link's unsupported and generalized assertion that documents are "confidential" is likewise an inappropriate basis for withholding production because the parties have stipulated to a protective order.  (ECF No. 133.)  Substantively, the objection is also insufficient as it fails to identify what "information," or even what categories of information, are confidential, and likewise fails to explain why such information warrants protection.  "[C]onclusory arguments [are] insufficient to establish requested documents are trade secrets and meritorious of confidential status and protection" *Hill v. Eddie Bauer*, 242 F.R.D. 556, 562 (C.D. Cal. 2007)(citation omitted).  To qualify for protection, TP-Link must show that the information is "trade secret or other confidential … commercial information," and it must show that it would be harmed by the disclosure of such information.  *Id.* at 561.  As noted, TP-Link must also specify whether it is withholding responsive documents on this basis.

**GAW | POE LLP**

4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Phone: (415) 766 7451
Fax: (415) 737 0642

**Specific Requests**

RFP No. 1:  TP-Link states that it will produce internal communications referencing "Thimes Solutions."  As you know from TP-Link's intellectual property complaints and from earlier complaints in this case, Thimes Solutions' screen name is "Universal Goods & Sales."  Please ensure that your search for documents and ESI includes that term; this applies to every response where TP-Link agreed to produce documents or information referencing Thimes.

RFP No. 2:  In addition to the boilerplate objections referenced above, TP-Link also objects that the term "authorized sales of YOUR wireless router products" renders the request vague and ambiguous.  This assertion fails to satisfy TP-Link's burden "to show such vagueness or ambiguity by demonstrating that more tools beyond mere reason and common sense are necessary to attribute ordinary definitions to terms and phrases." *Local.com Corp. v. Fry's Elecs., Inc.*, No. 12-cv-0976-JGB (JPRx), 2013 WL 12139096, at *2 (C.D. Cal. Feb. 22, 2013).

TP-Link's response—that it would produce internal communications referencing Thimes Solutions—also fails to comply with the request, which seeks TP-Link's internal communications relating to the decision to use Amazzia to monitor sales of TP-Link's wireless products on Amazon.

RFP No. 5:  TP-Link objects on the grounds that Thimes "appears to make use of confidential, nonpublic materials, obtained by plaintiff and/or plaintiff's counsel outside the scope of discovery in this matter."

As far as Thimes is aware, it was TP-Link that voluntarily made public the Amazon Brand Protection Agreement in February 2019 in the *Careful Shopper, LLC* matter pending in the Eastern District of New York, No. 1:18-cv-03019-RJD-RML, attached as an exhibit to the supplemental declaration of Kevin Ryu in support of TP-Link's motion to dismiss (ECF No. 35-1).  Even if TP-Link had not voluntarily disclosed that agreement publicly, Thimes is not aware of any authority in the Ninth Circuit (or elsewhere) suggesting that a requesting party's reliance on "nonpublic materials" is a proper basis for the responding party to resist production of responsive documents.

TP-Link's response—that it would produce "communications sent to or received from Amazzia during the relevant period referencing Thimes Solutions"—does not comport with Thimes' request, which seeks communications TP-Link exchanged with Amazzia regarding "non-compliant sellers" of TP-Link's wireless router products.  There's no basis for TP-Link to limit the scope of the request to documents referencing Thimes.

**GAW | POE LLP**

4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Phone: (415) 766 7451
Fax: (415) 737 0642

RFP Nos. 6-10:

Request Nos. 6 seeks communications TP-Link exchanged with Amazzia relating to "the cleanup project."  Request Nos. 7 and 8 seek communications TP-Link exchanged with Amazzia and Amazon relating to re-sellers of TP-Link's wireless router products on Amazon.  Request Nos. 9 and 10 seek communications TP-Link exchanged with Amazzia and Amazon relating to TP-Link's minimum advertised price for its wireless products.  Request No. 14 seeks TP-Link's internal documents and communications relating to unauthorized sales of TP-Link wireless router products on Amazon.

All of these requests are relevant to Thimes's allegations that Defendants conspired to eliminate Thimes and other re-sellers offering TP-Link's WLAN products below the manufacturer's minimum advertised price from Amazon.  It is thus improper for TP-Link to unilaterally decide to restrict production to communications sent or received from Amazzia and Amazon or internal communications referencing Thimes Solutions (Nos. 6-8, 14), or the minimum advertised price for TP-Link wireless routers identified in the complaint (Nos. 9-10).  TP-Link must withdraw its improper limitations and produce all responsive information and documents as requested.

RFP Nos. 11-12:

These requests seek communications TP-Link exchanged with Amazzia relating to (1) complaints Amazzia filed to Amazon relating to TP-Link's wireless router products, and (2) Amazon's resolution of complaints unauthorized resales of manufacturers' products.  These requests are relevant to Thimes's allegations that Defendants abused Amazon's infringement notice process to eliminate TP-Link's competitors on Amazon.

TP-Link's unilateral decision to produce only communications referencing Thimes is improper.  TP-Link must revise its response to produce the documents and information as requested.

RFP No. 13:  Thimes is not aware of any authority permitting a party responding to discovery to restrict production of documents to what it unilaterally determines to be "relevant."  Thimes would be happy to review any authority TP-Link provides on this point.  Otherwise, please amend the response to include all responsive documents as requested.

RFP Nos. 15-17:  These requests seek information regarding any impact that Thimes or unauthorized resellers may have on either the sales or profitability of (No. 15), or supply and demand for (Nos. 16-17), TP-Link's wireless router products in certain geographic markets and Amazon.  Information responsive to these requests is relevant to Thimes's allegations that Defendants conspired to eliminate Thimes from offering TP-Link's WLAN products below the manufacturer's minimum advertised price on Amazon.  It is also relevant to our expert's antitrust analysis on product and geographic markets.  None

**GAW | POE LLP**

4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Phone: (415) 766 7451
Fax: (415) 737 0642

of the stated objections is a proper basis for TP-Link to unilaterally limit production to internal communications referencing Thimes Solutions.

RFP Nos. 18-19:  the requested information and documents are relevant to our expert's antitrust analysis on establishing TP-Link's market share of the wireless router product market.

RFP Nos. 20-24:  TP-Link's sales, revenue, and cost data for online and geographic markets, as well as any third party market analyses and reports concerning wireless router markets that TP-Link analyzed, are relevant towards Thimes' antitrust claims and establishing TP-Link's market power.

RFP Nos. 25-26:  TP-Link's analyses of its competitors in the wireless router product market and communications regarding the same are relevant to Thimes's allegations that Defendants conspired to eliminate Thimes and other re-sellers offering TP-Link's WLAN products below the manufacturer's minimum advertised price from Amazon.

RFP No. 27:  this request seeks information supporting TP-Link's affirmative defenses. Documents responsive to this request is, by definition, relevant.

**Scope of Collection, Status of Production**

In addition to the above, we would like to discuss which sources and custodians of ESI TP-Link is collecting from and what search terms it used for the collection.  Furthermore, please let us know when TP-Link anticipates beginning production, and when it will be completed.

Please tell us dates within the next ten days when you are available for the conference of counsel described in Local Rule 37-1.

Regards,

Victor Meng

# EXHIBIT 4

# GAW | POE LLP

4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Phone: (415) 766 7451
Fax: (415) 737 0642

**VIA E-MAIL**

November 24, 2020

Joshua A. Waldman
BURKHALTER KESSLER CLEMENT & GEORGE LLP
2020 Main Street, Suite 600
Irvine, CA 92614
jwaldman@bkcglaw.com

Re: *Thimes Solutions Inc. v. TP Link USA Corporation et al*
    Amazzia's Responses to Thimes's First RFPs

Counsel:

Pursuant to Local Rule 37.1, we write to request a conference of counsel to address the following deficiencies in Defendant Amazzia's responses to Thimes's First Set of Requests for Production, and to request a pre-filing conference of counsel concerning those deficiencies within the next 10 days.

## General Objections

Amazzia purports to assert a series of "General Objections" to each of its responses. Such "general…objections…are not proper objections," and fail to satisfy Amazzia's burden of "clarifying, explaining, and supporting its objections." *U.S. ex rel. O'Connell v. Chapman University*, 245 F.R.D. 646, 648-649 (C.D. Cal. 2007). As a rule, courts decline to consider general objections to requests for production. *California Sportfishing Prot. All. v. Chico Scrap Metal, Inc.*, No. 2:10-CV-1207-GEB-AC, 2014 WL 5093398, at *5 (E.D. Cal. Oct. 9, 2014). Accordingly, such objections warrant no further consideration here.

## Objection to the Term "Relating To"

The objection to terms such as "relating to" (amongst others) on the grounds that it is "vague, ambiguous, and over broad" likewise fails to satisfy Amazzia's discovery obligations. As the party resisting discovery, Amazzia has "the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Carson v. Experian Info. Sols., Inc.*, No. 8:17-cv-02232-JVS-KESx, 2019 WL 3249617, at *2 (C.D. Cal. Apr. 19, 2019). Courts in the Central District uniformly reject non-specific, conclusory objections to discovery because they fail to satisfy Amazzia's burden of "clarifying, explaining, and supporting its objections." *U.S. ex rel. O'Connell*, 245 F.R.D. at 648. Amazzia cannot merely state that a request is "vague," "ambiguous," or "over broad." Rather, it must meet its burden of explaining why, in the

1

# GAW | POE LLP

context of the case and the request, the request is objectionable, and to what extent it is claimed to be so.

### "Attorney Work Product doctrine and Attorney-Client privilege"

Amazzia also objects to each request on grounds that the information sought is "protected by the Attorney Work Product doctrine and Attorney-Client privilege."  Under Rule 34(b)(2)(C), a party objecting on grounds of "privilege" must "state whether any responsive materials are being withheld on the basis of that objection."  *In re Rivera*, No. CV 16-4676 JAK (SSX), 2017 WL 5163695, at *2 (C.D. Cal. Apr. 14, 2017) ("Pursuant to the revisions to the Federal Rules effective December 1, 2015, if objections are posed, the 'objection must state whether any responsive materials are being withheld on the basis of that objection.'").  If so, that party must identify responsive documents withheld via a privilege log.  FRCP 26(b)(5).  Amazzia has not specified whether it withheld responsive documents on the basis of attorney-client privilege.  Nor has it produced a privilege log, thus depriving Thimes the right to evaluate the basis for and validity of Amazzia's privilege claims.  Amazzia must either promptly prepare a sufficiently detailed privilege log or withdraw this objection.

Amazzia unsupported and generalized assertion that documents responsive to Request Nos. 5, 11, 13-20 are "confidential, proprietary and trade secret information" is likewise an inappropriate basis for withholding production because the parties have stipulated to a protective order.  (ECF No. 133.)  Substantively, the objection is also  insufficient as it fails to identify what "information," or even what categories of information, are confidential or qualify for trade secret protection, and likewise fails to explain why such information warrants protection.  "[C]onclusory arguments [are] insufficient to establish requested documents are trade secrets and meritorious of confidential status and protection" *Hill v. Eddie Bauer*, 242 F.R.D. 556, 562 (C.D. Cal. 2007)(citation omitted).  To qualify for protection, Amazzia must show that the information is "trade secret or other confidential … commercial information," and it must show that it would be harmed by the disclosure of such information.  *Id*. at 561.  As noted, Amazzia must also specify whether it is withholding responsive documents on this basis.

### Responses/Objections to Specific Requests for Production

RFP No. 1:  Amazzia states that it will produce internal communications referencing "Thimes Solutions, Inc."  As you know from TP-Link's intellectual property complaints and from earlier complaints in this case, Thimes Solutions, Inc.' screen name is "Universal Goods & Sales."  Please ensure that your search for documents and ESI includes that term; this applies to every response where Amazzia agreed to produce documents or information referencing Thimes.

RFP Nos. 4-10:  There is no basis for Amazzia to object to the terms "non-compliant sellers" and "the cleanup project" as vague and ambiguous, as Amazzia's own Amazon Brand Protection Agreement uses those terms.  Moreover, this assertion fails to satisfy

**GAW | POE LLP**

4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Phone: (415) 766 7451
Fax: (415) 737 0642

Amazzia's burden "to show such vagueness or ambiguity by demonstrating that more tools beyond mere reason and common sense are necessary to attribute ordinary definitions to terms and phrases." *Local.com Corp. v. Fry's Elecs., Inc.*, No. 12-cv-0976-JGB (JPRx), 2013 WL 12139096, at *2 (C.D. Cal. Feb. 22, 2013).

Request Nos. 4 and 5 seek communications Amazzia exchanged internally and with TP-Link relating to "non-compliant sellers." Request Nos. 6 seeks communications Amazzia exchanged with TP-Link relating to "the cleanup project." Request Nos. 7 and 8 seek communications Amazzia exchanged with TP-Link (No. 7) and Amazon (No. 8) relating to re-sellers of TP-Link's wireless router products on Amazon. Request Nos. 9 and 10 seek communications Amazzia exchanged with TP-Link and Amazon relating to TP-Link's minimum advertised price for its wireless products. Request No. 12 seeks communications exchanged with TP-Link relating to complaints Amazzia filed to Amazon regarding TP-Link's wireless router products. Request No. 19 seeks internal communications relating to sales of TP-Link wireless router products on Amazon by unauthorized resellers. Request No. 20 seeks communications exchanged with TP-Link regarding TP-Link's strategy for competing against re-sellers of TP-Link's wireless router products.

All of these requests are relevant to Thimes's allegations that Defendants conspired to eliminate Thimes and other re-sellers offering TP-Link's WLAN products below the manufacturer's minimum advertised price from Amazon. It is thus improper for Amazzia to unilaterally decide to restrict production to communications sent or received from TP-Link and Amazon or internal communications referencing Thimes Solutions (Nos. 4-8, 11, 19-20), or the minimum advertised price for TP-Link wireless routers identified in the complaint (Nos. 9-10). TP-Link must withdraw its improper limitations and produce all responsive information and documents as requested.

RFP Nos. 12, 14-15:

These requests seek communications Amazzia exchanged internally and with TP-Link relating to (1) complaints Amazzia filed to Amazon relating to TP-Link's wireless router products (No. 12), and (2) Amazon's resolution of complaints unauthorized resales of manufacturers' products (Nos. 14-15). These requests are relevant to Thimes's allegations that Amazzia and TP-Link abused Amazon's infringement notice process to eliminate TP-Link's competitors on Amazon.

TP-Link's unilateral decision to produce only communications referencing Thimes Solutions sent or received from Amazzia referencing Thimes Solutions is improper. TP-Link must revise its response to produce the documents and information as requested.

RFP Nos. 13, 16-18:

Request No. 13 seeks Amazzia's policies or procedures for filing complaints to Amazon. Request No. 16 seeks drafts of any Amazon Brand Protection Agreements between

# GAW | POE LLP

4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Phone: (415) 766 7451
Fax: (415) 737 0642

Amazzia and TP-Link, and Request Nos. 17-18 seek communications Amazzia exchanged internally and with TP-Link relating to negotiations over those agreements.

These requests are relevant to Thimes's allegations that Defendants conspired to eliminate Thimes and other re-sellers from Amazon and abused Amazon's notice infringement process to eliminate TP-Link's competitors on Amazon.

Amazzia has refused to produce any documents responsive to Request Nos. 13 and 16. All of Thimes's authorities cited above concerning Amazzia's boilerplate objections apply equally here. Furthermore, Thimes is not aware of any authority permitting a party responding to discovery to refuse production of responsive documents based on what it unilaterally determines to be "irrelevant." Thimes would be happy to review any authority Amazzia provides on this point. Otherwise, please amend the response to include all responsive documents as requested.

Likewise, Amazzia unilaterally decided to produce only internally communications referencing Thimes in response to Request Nos. 17 and 18. Please provide authority that permits a responding party to unilaterally alter the scope of documents and information requested. Otherwise, we expect Amazzia to amend its responses to include all responsive documents requested.

RFP No. 21: this request seeks information supporting Amazzia's affirmative defenses. Documents responsive to this request is, by definition, relevant.

**Scope of Collection, Status of Production**

In addition to the above, we would like to discuss which sources and custodians of ESI Amazzia is collecting from and what search terms it used for the collection. Furthermore, please let us know when Amazzia anticipates beginning production, and when it will be completed.

Please tell us dates within the next ten days when you are available for the conference of counsel described in Local Rule 37-1.

Regards,

Victor Meng

4

# EXHIBIT 5

# GAW | POE LLP

4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Phone: (415) 766 7451
Fax: (415) 737 0642

**VIA E-MAIL**

May 19, 2022

Heather Auyang (heather.auyang@ltlattorneys.com)
Prashanth Chennakesavan (prashanth.chennakesavan@ltlattorneys.com)
LTL Attorneys
300 South Grand Ave.
14th Floor
Los Angeles, California 90071

Re: *Thimes Solutions Inc. v. TP Link USA Corporation et al*
　　TP-Link's Responses to Thimes's First RFPs

Counsel:

We write to request a Local Rule 37-1 prefiling conference of counsel regarding deficiencies in TP-Link's November 9, 2020 responses to Thimes's first set of Requests for Production of Documents, which are detailed in the attached letter we sent on November 24, 2020.  I met and conferred with TP-Link's previous counsel on December 3, 2020, but counsel demurred on all issues raised given the then-pending motion to dismiss.  The parties then agreed to an informal stay of discovery on December 10, 2020 pending the Court's ruling on defendants' motion to dismiss.

With the exception of Request Numbers 18 through 23 that concern Thimes's antitrust claims, all of the issues raised in Thimes's November 24, 2020 letter remain outstanding. Please let us know your availability for a pre-filing conference of counsel regarding those issues within the next 10 days.

In addition to the issues raised in the letter as to TP-Link's objections and responses to specific requests, we would like to discuss the sources and custodians of ESI TP-Link will be collecting from and what search terms it plans to use for the collection.  To address TP-Link's previous contention that it is not required to confer on such issues, below is authority on a responding party's duty to cooperate in identifying and collecting ESI.

- The Sedona Conference's principles encourages "cooperative, collaborative, and transparent discovery."  *The Sedona Conference*, *The Sedona Conference Cooperation Proclamation Preface* (Nov. 2012); *U.S. ex rel. Carter v. Bridgepoint Educ., Inc.*, 305 F.R.D. 225, 239 (S.D. Cal. 2015) ("The Sedona Conference has created a framework for the best electronic discovery practices that attempts to account for both this evolving case law and new technologies. The Conference itself and its publications have been described as 'the leading authorities on electronic document retrieval and production.'").

1

**GAW | POE LLP**

4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Phone: (415) 766 7451
Fax: (415) 737 0642

- The producing party has the obligation to identify proper custodians. *See*, *e.g.*, *NuVasive, Inc. v. Alphatec Holdings, Inc.*, 2019 WL 4934477, at *2 (S.D. Cal. Oct. 7, 2019) ("nothing in Rule 34 requires a requesting party to identify custodians"); *California Earthquake Auth. v. Metro. W. Sec., LLC*, 2012 WL 5880345, at *5 (E.D. Cal. Nov. 21, 2012) ("the burden to identify appropriate custodians is on Evergreen, not CEA").

- "[A] responding party has no right to demand a requesting party actively assist the responding party with evaluating and selecting the procedures, methodologies, and technologies for meeting the responding party's preservation and production obligations. For example, a responding party cannot unilaterally demand the requesting party submit proposed search terms and a list of custodians against which to run the search terms, or use the requesting party's reluctance to provide search terms as a shield to defend its own inadequate search terms." Comment 6.b, *The Sedona Principles: Third Edition Best Practices, Recommendations & Principles for Addressing Electronic Document Production*, 19 Sedona Conf. J. 1, 123 (2018).

- "[T]he best solution in the entire area of electronic discovery is cooperation among counsel." *Toyo Tire & Rubber Co. v. CIA Wheel Grp.*, No. SA-CV-1500246-DOC-DFMx, 2016 WL 6246384, at *1 (C.D. Cal. Feb. 23, 2016).

- "[T]ransparency and collaboration is essential to meaningful, cost-effective discovery." *Apple, Inc. v. Samsung Elecs. Co.*, No. 12-0630, 2013 WL 1942163, at *3 (N.D. Cal. May 9, 2013); *In re Nat'l Ass'n of Music Merchants, Musical Instruments & Equip. Antitrust Litig.*, No. MDL 2121, 2011 WL 6372826, at *3 (S.D. Cal. Dec. 19, 2011) ("[W]hile key word searching is a recognized method to winnow relevant documents from large repositories, use of this technique must be a cooperative and informed process.")

Please also be prepared to discuss when TP-Link anticipates beginning production, and when it will be completed.

Regards,

Victor Meng

Attachment(s): 1

# GAW | POE LLP

4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Phone: (415) 766 7451
Fax: (415) 737 0642

**VIA E-MAIL**

November 24, 2020

Stephen R. Smerek
Foley & Lardner LLP
555 South Flower Street / Suite 3300
Los Angeles, CA 90071-2418
ssmerek@foley.com

Re: *Thimes Solutions Inc. v. TP Link USA Corporation et al*
    TP-Link's Responses to Thimes's First RFPs

Counsel:

Pursuant to Local Rule 37.1, we write to request a conference of counsel to address the following deficiencies in Defendant TP-Link's responses to Thimes's First Set of Requests for Production, and to request a pre-filing conference of counsel concerning those deficiencies within the next 10 days.

## General Objections

TP-Link purports to apply a series of "Objections to the Definitions and Instructions" to each of its responses. Such "general…objections…are not proper objections," and fail to satisfy TP-Link's burden of "clarifying, explaining, and supporting its objections." *U.S. ex rel. O'Connell v. Chapman University*, 245 F.R.D. 646, 648-649 (C.D. Cal. 2007). As a rule, courts decline to consider general objections to requests for production. *California Sportsfishing Prot. All. v. Chico Scrap Metal, Inc.*, No. 2:10-CV-1207-GEB-AC, 2014 WL 5093398, at *5 (E.D. Cal. Oct. 9, 2014). Accordingly, such objections warrant no further consideration here.

## Relevance Objection

With the exception of its response to request number 27, TP-Link has asserted a relevance objection to each of its responses on the basis that the term "wireless router products" is undefined and not expressly identified in the complaint. This position fails as a matter of law. For starters, parties are entitled to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" so long as it is "proportional to the needs of the case." Fed. R. Civ. Proc. 26(b)(1). Rule 26 does not limit the scope of discovery to matters expressly alleged in the complaint, and information need not be admissible in evidence to be discoverable. *Id.* The relevance objection is also unconvincing as a matter of fact: Thimes references the term "routers" throughout its complaint, and TP-Link itself uses the term "wireless router products" in its Amazon Brand Protection Agreement(s) with Amazzia.

1

**GAW | POE LLP**

4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Phone: (415) 766 7451
Fax: (415) 737 0642

## Objection to the Term "Relating To"

The objection to the term "relating to" on the grounds that it is "vague, ambiguous, overly broad and not proportional to the needs of the case" likewise fails to satisfy TP-Link's discovery obligations.  As the party resisting discovery, TP-Link has "the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Carson v. Experian Info. Sols., Inc.*, No. 8:17-cv-02232-JVS-KESx, 2019 WL 3249617, at *2 (C.D. Cal. Apr. 19, 2019).  Courts in the Central District uniformly reject non-specific, conclusory objections to discovery because they fail to satisfy TP-Link's burden of "clarifying, explaining, and supporting its objections." *U.S. ex rel. O'Connell*, 245 F.R.D. at 648.  TP-Link cannot merely state that a request is "vague," "overly broad," or "not proportional."  Rather, it must explain why, in the context of the case and the request, the request is objectionable, and to what extent it is claimed to be so.

## "Privileged and Confidential"

TP-Link also objects to Request Nos. 1-3, 5-7, 9, 11-17, and 27 on grounds that the information sought is "privileged and confidential."  Under Rule 34(b)(2)(C), a party objecting on grounds of "privilege" must "state whether any responsive materials are being withheld on the basis of that objection."  *In re Rivera*, No. CV 16-4676 JAK (SSX), 2017 WL 5163695, at *2 (C.D. Cal. Apr. 14, 2017) ("Pursuant to the revisions to the Federal Rules effective December 1, 2015, if objections are posed, the 'objection must state whether any responsive materials are being withheld on the basis of that objection.'").  If so, that party must identify responsive documents withheld via a privilege log.  FRCP 26(b)(5).  TP-Link has not specified whether it withheld responsive documents on the basis of attorney-client privilege.  Nor has it produced a privilege log, thus depriving Thimes the right to evaluate the basis for and validity of TP-Link's privilege claims.  TP-Link must either promptly prepare a sufficiently detailed privilege log or withdraw this objection.

TP-Link's unsupported and generalized assertion that documents are "confidential" is likewise an inappropriate basis for withholding production because the parties have stipulated to a protective order.  (ECF No. 133.)  Substantively, the objection is also insufficient as it fails to identify what "information," or even what categories of information, are confidential, and likewise fails to explain why such information warrants protection.  "[C]onclusory arguments [are] insufficient to establish requested documents are trade secrets and meritorious of confidential status and protection" *Hill v. Eddie Bauer*, 242 F.R.D. 556, 562 (C.D. Cal. 2007)(citation omitted).  To qualify for protection, TP-Link must show that the information is "trade secret or other confidential … commercial information," and it must show that it would be harmed by the disclosure of such information.  *Id.* at 561.  As noted, TP-Link must also specify whether it is withholding responsive documents on this basis.

**GAW | POE LLP**

4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Phone: (415) 766 7451
Fax: (415) 737 0642

**Specific Requests**

**RFP No. 1:**  TP-Link states that it will produce internal communications referencing "Thimes Solutions."  As you know from TP-Link's intellectual property complaints and from earlier complaints in this case, Thimes Solutions' screen name is "Universal Goods & Sales."  Please ensure that your search for documents and ESI includes that term; this applies to every response where TP-Link agreed to produce documents or information referencing Thimes.

**RFP No. 2:**  In addition to the boilerplate objections referenced above, TP-Link also objects that the term "authorized sales of YOUR wireless router products" renders the request vague and ambiguous.  This assertion fails to satisfy TP-Link's burden "to show such vagueness or ambiguity by demonstrating that more tools beyond mere reason and common sense are necessary to attribute ordinary definitions to terms and phrases." *Local.com Corp. v. Fry's Elecs., Inc.*, No. 12-cv-0976-JGB (JPRx), 2013 WL 12139096, at *2 (C.D. Cal. Feb. 22, 2013).

TP-Link's response—that it would produce internal communications referencing Thimes Solutions—also fails to comply with the request, which seeks TP-Link's internal communications relating to the decision to use Amazzia to monitor sales of TP-Link's wireless products on Amazon.

**RFP No. 5:**  TP-Link objects on the grounds that Thimes "appears to make use of confidential, nonpublic materials, obtained by plaintiff and/or plaintiff's counsel outside the scope of discovery in this matter."

As far as Thimes is aware, it was TP-Link that voluntarily made public the Amazon Brand Protection Agreement in February 2019 in the *Careful Shopper, LLC* matter pending in the Eastern District of New York, No. 1:18-cv-03019-RJD-RML, attached as an exhibit to the supplemental declaration of Kevin Ryu in support of TP-Link's motion to dismiss (ECF No. 35-1).  Even if TP-Link had not voluntarily disclosed that agreement publicly, Thimes is not aware of any authority in the Ninth Circuit (or elsewhere) suggesting that a requesting party's reliance on "nonpublic materials" is a proper basis for the responding party to resist production of responsive documents.

TP-Link's response—that it would produce "communications sent to or received from Amazzia during the relevant period referencing Thimes Solutions"—does not comport with Thimes' request, which seeks communications TP-Link exchanged with Amazzia regarding "non-compliant sellers" of TP-Link's wireless router products. There's no basis for TP-Link to limit the scope of the request to documents referencing Thimes.

# GAW | POE LLP

RFP Nos. 6-10:

Request Nos. 6 seeks communications TP-Link exchanged with Amazzia relating to "the cleanup project." Request Nos. 7 and 8 seek communications TP-Link exchanged with Amazzia and Amazon relating to re-sellers of TP-Link's wireless router products on Amazon. Request Nos. 9 and 10 seek communications TP-Link exchanged with Amazzia and Amazon relating to TP-Link's minimum advertised price for its wireless products. Request No. 14 seeks TP-Link's internal documents and communications relating to unauthorized sales of TP-Link wireless router products on Amazon.

All of these requests are relevant to Thimes's allegations that Defendants conspired to eliminate Thimes and other re-sellers offering TP-Link's WLAN products below the manufacturer's minimum advertised price from Amazon. It is thus improper for TP-Link to unilaterally decide to restrict production to communications sent or received from Amazzia and Amazon or internal communications referencing Thimes Solutions (Nos. 6-8, 14), or the minimum advertised price for TP-Link wireless routers identified in the complaint (Nos. 9-10). TP-Link must withdraw its improper limitations and produce all responsive information and documents as requested.

RFP Nos. 11-12:

These requests seek communications TP-Link exchanged with Amazzia relating to (1) complaints Amazzia filed to Amazon relating to TP-Link's wireless router products, and (2) Amazon's resolution of complaints unauthorized resales of manufacturers' products. These requests are relevant to Thimes's allegations that Defendants abused Amazon's infringement notice process to eliminate TP-Link's competitors on Amazon.

TP-Link's unilateral decision to produce only communications referencing Thimes is improper. TP-Link must revise its response to produce the documents and information as requested.

RFP No. 13: Thimes is not aware of any authority permitting a party responding to discovery to restrict production of documents to what it unilaterally determines to be "relevant." Thimes would be happy to review any authority TP-Link provides on this point. Otherwise, please amend the response to include all responsive documents as requested.

RFP Nos. 15-17: These requests seek information regarding any impact that Thimes or unauthorized resellers may have on either the sales or profitability of (No. 15), or supply and demand for (Nos. 16-17), TP-Link's wireless router products in certain geographic markets and Amazon. Information responsive to these requests is relevant to Thimes's allegations that Defendants conspired to eliminate Thimes from offering TP-Link's WLAN products below the manufacturer's minimum advertised price on Amazon. It is also relevant to our expert's antitrust analysis on product and geographic markets. None

# GAW | POE LLP

4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Phone: (415) 766 7451
Fax: (415) 737 0642

of the stated objections is a proper basis for TP-Link to unilaterally limit production to internal communications referencing Thimes Solutions.

RFP Nos. 18-19:  the requested information and documents are relevant to our expert's antitrust analysis on establishing TP-Link's market share of the wireless router product market.

RFP Nos. 20-24:  TP-Link's sales, revenue, and cost data for online and geographic markets, as well as any third party market analyses and reports concerning wireless router markets that TP-Link analyzed, are relevant towards Thimes' antitrust claims and establishing TP-Link's market power.

RFP Nos. 25-26:  TP-Link's analyses of its competitors in the wireless router product market and communications regarding the same are relevant to Thimes's allegations that Defendants conspired to eliminate Thimes and other re-sellers offering TP-Link's WLAN products below the manufacturer's minimum advertised price from Amazon.

RFP No. 27:  this request seeks information supporting TP-Link's affirmative defenses. Documents responsive to this request is, by definition, relevant.

**Scope of Collection, Status of Production**

In addition to the above, we would like to discuss which sources and custodians of ESI TP-Link is collecting from and what search terms it used for the collection.  Furthermore, please let us know when TP-Link anticipates beginning production, and when it will be completed.

Please tell us dates within the next ten days when you are available for the conference of counsel described in Local Rule 37-1.

Regards,

Victor Meng

# EXHIBIT 6

# GAW | POE LLP

4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Phone: (415) 766 7451
Fax: (415) 737 0642

**VIA E-MAIL**

May 20, 2022

Joshua A. Waldman (jwaldman@bkcglaw.com)
Michelle Rohani (mrohani@bkcglaw.com)
BURKHALTER KESSLER CLEMENT & GEORGE LLP
2020 Main Street, Suite 600
Irvine, CA 92614

Re: *Thimes Solutions Inc. v. TP Link USA Corporation et al*
    Amazzia's Responses to Thimes's First RFPs

Counsel:

We write to request a Local Rule 37-1 prefiling conference of counsel regarding deficiencies in Amazzia's November 9, 2020 responses to Thimes's first set of Requests for Production of Documents, which are detailed in the attached letter we sent on November 24, 2020.  Michelle and I met and conferred on December 3, 2020, but did not resolve any of the issues given the then-pending motion to dismiss.  The parties then agreed to an informal stay of discovery on December 10, 2020 pending the Court's ruling on defendants' motion to dismiss.

With the exception of Request Numbers 18 through 23 that concern Thimes's antitrust claims, all of the issues raised in Thimes's November 24, 2020 letter remain outstanding. Please let us know your availability for a pre-filing conference of counsel regarding those issues within the next 10 days.

In addition to the issues raised in the letter as to Amazzia's objections and responses to specific requests, we would like to discuss the sources and custodians of ESI Amazzia will be collecting from and what search terms it plans to use for the collection.  To help facilitate that discussion, below is authority on a responding party's duty to cooperate in identifying and collecting ESI.

- The Sedona Conference's principles encourages "cooperative, collaborative, and transparent discovery."  *The Sedona Conference, The Sedona Conference Cooperation Proclamation Preface* (Nov. 2012); *U.S. ex rel. Carter v. Bridgepoint Educ., Inc.*, 305 F.R.D. 225, 239 (S.D. Cal. 2015) ("The Sedona Conference has created a framework for the best electronic discovery practices that attempts to account for both this evolving case law and new technologies. The Conference itself and its publications have been described as 'the leading authorities on electronic document retrieval and production.'").

# GAW | POE LLP

4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Phone: (415) 766 7451
Fax: (415) 737 0642

- The producing party has the obligation to identify proper custodians.  *See*, *e.g.*, *NuVasive, Inc. v. Alphatec Holdings, Inc.*, 2019 WL 4934477, at *2 (S.D. Cal. Oct. 7, 2019) ("nothing in Rule 34 requires a requesting party to identify custodians");  *California Earthquake Auth. v. Metro. W. Sec., LLC*, 2012 WL 5880345, at *5 (E.D. Cal. Nov. 21, 2012) ("the burden to identify appropriate custodians is on Evergreen, not CEA").

- "[A] responding party has no right to demand a requesting party actively assist the responding party with evaluating and selecting the procedures, methodologies, and technologies for meeting the responding party's preservation and production obligations. For example, a responding party cannot unilaterally demand the requesting party submit proposed search terms and a list of custodians against which to run the search terms, or use the requesting party's reluctance to provide search terms as a shield to defend its own inadequate search terms."  Comment 6.b, *The Sedona Principles: Third Edition Best Practices, Recommendations & Principles for Addressing Electronic Document Production*, 19 Sedona Conf. J. 1, 123 (2018).

- "[T]he best solution in the entire area of electronic discovery is cooperation among counsel."  *Toyo Tire & Rubber Co. v. CIA Wheel Grp.*, No. SA-CV-1500246-DOC-DFMx, 2016 WL 6246384, at *1 (C.D. Cal. Feb. 23, 2016).

- "[T]ransparency and collaboration is essential to meaningful, cost-effective discovery."  *Apple, Inc. v. Samsung Elecs. Co.*, No. 12-0630, 2013 WL 1942163, at *3 (N.D. Cal. May 9, 2013); *In re Nat'l Ass'n of Music Merchants, Musical Instruments & Equip. Antitrust Litig.*, No. MDL 2121, 2011 WL 6372826, at *3 (S.D. Cal. Dec. 19, 2011) ("[W]hile key word searching is a recognized method to winnow relevant documents from large repositories, use of this technique must be a cooperative and informed process.")

Please also be prepared to discuss when Amazzia anticipates beginning production, and when it will be completed.

Regards,

Victor Meng

Attachment(s):  1

# GAW | POE LLP

4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Phone: (415) 766 7451
Fax: (415) 737 0642

**VIA E-MAIL**

November 24, 2020

Joshua A. Waldman
BURKHALTER KESSLER CLEMENT & GEORGE LLP
2020 Main Street, Suite 600
Irvine, CA 92614
jwaldman@bkcglaw.com

Re: *Thimes Solutions Inc. v. TP Link USA Corporation et al*
    Amazzia's Responses to Thimes's First RFPs

Counsel:

Pursuant to Local Rule 37.1, we write to request a conference of counsel to address the following deficiencies in Defendant Amazzia's responses to Thimes's First Set of Requests for Production, and to request a pre-filing conference of counsel concerning those deficiencies within the next 10 days.

## General Objections

Amazzia purports to assert a series of "General Objections" to each of its responses. Such "general…objections…are not proper objections," and fail to satisfy Amazzia's burden of "clarifying, explaining, and supporting its objections."  *U.S. ex rel. O'Connell v. Chapman University*, 245 F.R.D. 646, 648-649 (C.D. Cal. 2007).  As a rule, courts decline to consider general objections to requests for production.  *California Sportfishing Prot. All. v. Chico Scrap Metal, Inc.*, No. 2:10-CV-1207-GEB-AC, 2014 WL 5093398, at *5 (E.D. Cal. Oct. 9, 2014).  Accordingly, such objections warrant no further consideration here.

## Objection to the Term "Relating To"

The objection to terms such as "relating to" (amongst others) on the grounds that it is "vague, ambiguous, and over broad" likewise fails to satisfy Amazzia's discovery obligations.  As the party resisting discovery, Amazzia has "the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections."  *Carson v. Experian Info. Sols., Inc.*, No. 8:17-cv-02232-JVS-KESx, 2019 WL 3249617, at *2 (C.D. Cal. Apr. 19, 2019).  Courts in the Central District uniformly reject non-specific, conclusory objections to discovery because they fail to satisfy Amazzia's burden of "clarifying, explaining, and supporting its objections." *U.S. ex rel. O'Connell*, 245 F.R.D. at 648.  Amazzia cannot merely state that a request is "vague," "ambiguous," or "over broad."  Rather, it must meet its burden of explaining why, in the

**GAW | POE LLP**

4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Phone: (415) 766 7451
Fax: (415) 737 0642

context of the case and the request, the request is objectionable, and to what extent it is claimed to be so.

## "Attorney Work Product doctrine and Attorney-Client privilege"

Amazzia also objects to each request on grounds that the information sought is "protected by the Attorney Work Product doctrine and Attorney-Client privilege."  Under Rule 34(b)(2)(C), a party objecting on grounds of "privilege" must "state whether any responsive materials are being withheld on the basis of that objection."  *In re Rivera*, No. CV 16-4676 JAK (SSX), 2017 WL 5163695, at *2 (C.D. Cal. Apr. 14, 2017) ("Pursuant to the revisions to the Federal Rules effective December 1, 2015, if objections are posed, the 'objection must state whether any responsive materials are being withheld on the basis of that objection.'").  If so, that party must identify responsive documents withheld via a privilege log.  FRCP 26(b)(5).  Amazzia has not specified whether it withheld responsive documents on the basis of attorney-client privilege.  Nor has it produced a privilege log, thus depriving Thimes the right to evaluate the basis for and validity of Amazzia's privilege claims.  Amazzia must either promptly prepare a sufficiently detailed privilege log or withdraw this objection.

Amazzia unsupported and generalized assertion that documents responsive to Request Nos. 5, 11, 13-20 are "confidential, proprietary and trade secret information" is likewise an inappropriate basis for withholding production because the parties have stipulated to a protective order.  (ECF No. 133.)  Substantively, the objection is also  insufficient as it fails to identify what "information," or even what categories of information, are confidential or qualify for trade secret protection, and likewise fails to explain why such information warrants protection.  "[C]onclusory arguments [are] insufficient to establish requested documents are trade secrets and meritorious of confidential status and protection" *Hill v. Eddie Bauer*, 242 F.R.D. 556, 562 (C.D. Cal. 2007)(citation omitted). To qualify for protection, Amazzia must show that the information is "trade secret or other confidential … commercial information," and it must show that it would be harmed by the disclosure of such information.  *Id*. at 561.  As noted, Amazzia must also specify whether it is withholding responsive documents on this basis.

## Responses/Objections to Specific Requests for Production

RFP No. 1:  Amazzia states that it will produce internal communications referencing "Thimes Solutions, Inc."  As you know from TP-Link's intellectual property complaints and from earlier complaints in this case, Thimes Solutions, Inc.' screen name is "Universal Goods & Sales."  Please ensure that your search for documents and ESI includes that term; this applies to every response where Amazzia agreed to produce documents or information referencing Thimes.

RFP Nos. 4-10:  There is no basis for Amazzia to object to the terms "non-compliant sellers" and "the cleanup project" as vague and ambiguous, as Amazzia's own Amazon Brand Protection Agreement uses those terms.  Moreover, this assertion fails to satisfy

**GAW | POE LLP**

4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Phone: (415) 766 7451
Fax: (415) 737 0642

Amazzia's burden "to show such vagueness or ambiguity by demonstrating that more tools beyond mere reason and common sense are necessary to attribute ordinary definitions to terms and phrases." *Local.com Corp. v. Fry's Elecs., Inc.*, No. 12-cv-0976-JGB (JPRx), 2013 WL 12139096, at *2 (C.D. Cal. Feb. 22, 2013).

Request Nos. 4 and 5 seek communications Amazzia exchanged internally and with TP-Link relating to "non-compliant sellers." Request Nos. 6 seeks communications Amazzia exchanged with TP-Link relating to "the cleanup project." Request Nos. 7 and 8 seek communications Amazzia exchanged with TP-Link (No. 7) and Amazon (No. 8) relating to re-sellers of TP-Link's wireless router products on Amazon. Request Nos. 9 and 10 seek communications Amazzia exchanged with TP-Link and Amazon relating to TP-Link's minimum advertised price for its wireless products. Request No. 12 seeks communications exchanged with TP-Link relating to complaints Amazzia filed to Amazon regarding TP-Link's wireless router products. Request No. 19 seeks internal communications relating to sales of TP-Link wireless router products on Amazon by unauthorized resellers. Request No. 20 seeks communications exchanged with TP-Link regarding TP-Link's strategy for competing against re-sellers of TP-Link's wireless router products.

All of these requests are relevant to Thimes's allegations that Defendants conspired to eliminate Thimes and other re-sellers offering TP-Link's WLAN products below the manufacturer's minimum advertised price from Amazon. It is thus improper for Amazzia to unilaterally decide to restrict production to communications sent or received from TP-Link and Amazon or internal communications referencing Thimes Solutions (Nos. 4-8, 11, 19-20), or the minimum advertised price for TP-Link wireless routers identified in the complaint (Nos. 9-10). TP-Link must withdraw its improper limitations and produce all responsive information and documents as requested.

RFP Nos. 12, 14-15:

These requests seek communications Amazzia exchanged internally and with TP-Link relating to (1) complaints Amazzia filed to Amazon relating to TP-Link's wireless router products (No. 12), and (2) Amazon's resolution of complaints unauthorized resales of manufacturers' products (Nos. 14-15). These requests are relevant to Thimes's allegations that Amazzia and TP-Link abused Amazon's infringement notice process to eliminate TP-Link's competitors on Amazon.

TP-Link's unilateral decision to produce only communications referencing Thimes Solutions sent or received from Amazzia referencing Thimes Solutions is improper. TP-Link must revise its response to produce the documents and information as requested.

RFP Nos. 13, 16-18:

Request No. 13 seeks Amazzia's policies or procedures for filing complaints to Amazon. Request No. 16 seeks drafts of any Amazon Brand Protection Agreements between

**GAW | POE LLP**

4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Phone: (415) 766 7451
Fax: (415) 737 0642

Amazzia and TP-Link, and Request Nos. 17-18 seek communications Amazzia exchanged internally and with TP-Link relating to negotiations over those agreements.

These requests are relevant to Thimes's allegations that Defendants conspired to eliminate Thimes and other re-sellers from Amazon and abused Amazon's notice infringement process to eliminate TP-Link's competitors on Amazon.

Amazzia has refused to produce any documents responsive to Request Nos. 13 and 16. All of Thimes's authorities cited above concerning Amazzia's boilerplate objections apply equally here. Furthermore, Thimes is not aware of any authority permitting a party responding to discovery to refuse production of responsive documents based on what it unilaterally determines to be "irrelevant." Thimes would be happy to review any authority Amazzia provides on this point. Otherwise, please amend the response to include all responsive documents as requested.

Likewise, Amazzia unilaterally decided to produce only internally communications referencing Thimes in response to Request Nos. 17 and 18. Please provide authority that permits a responding party to unilaterally alter the scope of documents and information requested. Otherwise, we expect Amazzia to amend its responses to include all responsive documents requested.

RFP No. 21: this request seeks information supporting Amazzia's affirmative defenses. Documents responsive to this request is, by definition, relevant.

**Scope of Collection, Status of Production**

In addition to the above, we would like to discuss which sources and custodians of ESI Amazzia is collecting from and what search terms it used for the collection. Furthermore, please let us know when Amazzia anticipates beginning production, and when it will be completed.

Please tell us dates within the next ten days when you are available for the conference of counsel described in Local Rule 37-1.

Regards,

Victor Meng

# EXHIBIT 7

| | |
|---|---|
| **From:** | M. Michelle Rohani |
| **To:** | Prashanth Chennakesavan; Victor Meng; Heather Auyang |
| **Cc:** | Josh Waldman; Patice Gore; Randolph Gaw; Mark Schlachet; Mark Poe |
| **Subject:** | Re: Thimes v. TP Link: M&C re Thimes 1st RFP |
| **Date:** | Friday, June 3, 2022 10:37:15 AM |

Victor,

Apologies for the delay.  My husband and youngest tested positive for covid on Wednesday and are symptomatic so I've been dealing with quarantining and caregiving.  We are agreeable to serving supplemental responses without the need for your client reserving the requests. Document production will follow per FCRP.

As for mediation, what are your suggestions, seeing that none of the proposed dates work? Should we try to get an extension from the Court?  Are you available for mediation next week, assuming the mediator and TP-Link are available?


Get Outlook for iOS

---

**From:** Prashanth Chennakesavan <Prashanth.Chennakesavan@ltlattorneys.com>
**Sent:** Friday, June 3, 2022 9:07:21 AM
**To:** Victor Meng <vmeng@gawpoe.com>; Heather Auyang <Heather.Auyang@ltlattorneys.com>; M. Michelle Rohani <mrohani@bkcglaw.com>
**Cc:** Josh Waldman <jwaldman@bkcglaw.com>; Patice Gore <patice.gore@ltlattorneys.com>; Randolph Gaw <rgaw@gawpoe.com>; Mark Schlachet <markschlachet@me.com>; Mark Poe <mpoe@gawpoe.com>
**Subject:** RE: Thimes v. TP Link: M&C re Thimes 1st RFP

Victor—

We will be serving amended responses.  We will be following the FRCP for document production.

We will review any stipulation you send and respond accordingly.  Your threats are unavailing.  Rest assured that discovery cooperation is a two-way street.

---

**From:** Victor Meng <vmeng@gawpoe.com>
**Sent:** Friday, June 3, 2022 11:46 AM
**To:** Heather Auyang <Heather.Auyang@ltlattorneys.com>; M. Michelle Rohani <mrohani@bkcglaw.com>
**Cc:** Prashanth Chennakesavan <Prashanth.Chennakesavan@ltlattorneys.com>; Josh Waldman <jwaldman@bkcglaw.com>; Patice Gore <patice.gore@ltlattorneys.com>; Randolph Gaw <rgaw@gawpoe.com>; Mark Schlachet <markschlachet@me.com>; Mark Poe <mpoe@gawpoe.com>
**Subject:** Re: Thimes v. TP Link: M&C re Thimes 1st RFP

[EXTERNAL EMAIL] This email originated from outside of the **LTL Attorneys** organization. **DO NOT CLICK** links or

open attachments unless you recognize the sender and know the content is safe.

Counsel,

I infer from your silence to two separate inquiries that Defendants do not intend to serve amended responses or produce any documents.  We will begin the process of preparing a joint stipulation to seek court relief and monetary sanctions.  Defendants can explain to the magistrate why they could not respond to a simple question for over a week.

Regards,
Victor


Victor Meng
Gaw | Poe LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
415.895.0862


> On Jun 1, 2022, at 4:47 PM, Victor Meng <vmeng@gawpoe.com> wrote:
>
> Hi Heather, Michelle,
>
> Following up on this.  Let us know if defendants agree to serve amended responses and begin production of documents on June 9.
>
> Thanks,
> Victor
>
>
> Victor Meng
> Gaw | Poe LLP
> 4 Embarcadero Center, Suite 1400
> San Francisco, CA 94111
> Direct: 415.895.0862
> Main: 415.766.7451
> Fax: 415.737.0642

---

**From:** Victor Meng <vmeng@gawpoe.com>
**Sent:** Thursday, May 26, 2022 5:22 PM
**To:** 'Heather Auyang' <Heather.Auyang@ltlattorneys.com>; 'M. Michelle Rohani'

<mrohani@bkcglaw.com>
**Cc:** 'Prashanth Chennakesavan' <Prashanth.Chennakesavan@ltlattorneys.com>; 'Josh
Waldman' <jwaldman@bkcglaw.com>; 'Patice Gore' <patice.gore@ltlattorneys.com>;
'Randolph Gaw' <rgaw@gawpoe.com>; 'Mark Schlachet' <markschlachet@me.com>;
Mark Poe <mpoe@gawpoe.com>
**Subject:** Thimes v. TP Link: M&C re Thimes 1st RFP

Hi Heather, Michelle,
Thanks for your time on the call today.  After discussion, Thimes believes that its first
set of requests (with the exception of numbers 18-24) apply equally to the two state
law claims, and re-serving another set is not necessary.  But Thimes will agree to give
defendants 14 days to serve amended responses, provided that defendants agree to
begin production of documents at the same time.  Please let us know if you agree to
that proposal, and your position on sharing the sources and custodians of ESI
defendants are planning to collect from and the search terms to use for the collection.
Thanks,
Victor


Victor Meng
Gaw | Poe LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Direct: 415.895.0862
Main: 415.766.7451
Fax: 415.737.0642