BURKHALTER KESSLER CLEMENT & GEORGE LLP
Alton G. Burkhalter, Esq., Bar No. 119594
Email: aburkhalter@bkcglaw.com
Joshua A. Waldman, Esq., Bar No. 222859
Email: jwaldman@bkcglaw.com
M. Michelle Rohani, Esq., Bar No. 198214
2020 Main Street, Suite 600
Irvine, California92614
Telephone: (949) 975-7500
Facsimile:  (949) 975-7501

Attorneys for Defendant Auction Brothers, Inc. d/b/a Amazzia

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TP-LINK USA CORPORATION and AUCTION BROTHERS, INC. d/b/a AMAZZIA <br><br> Defendants. | Case No. 2:19-cv-10374-SB-E <br><br> **DISCOVERY MATTER** <br><br> Date: July 8, 2022 <br> Time: 9:30 am <br> Courtroom: 750, 7th Floor <br><br> **DECLARATION OF M. MICHELLE ROHANI IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANT AUCTION BROTHERS TO PRODUCE DOCUMENTS** <br><br> Discovery Cutoff:    Sept. 30, 2022 <br> Pretrial Conference:  Dec. 30, 2022 <br> Trial Date:            Jan. 9, 2023 <br><br> Complaint Filed:  May 29, 2019 <br> Am. 5th Am. Com. Filed:  May 27, 2022 |

1

**DECLARATION OF M. MICHELLE ROHANI IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANT AUCTION BROTHERS TO PRODUCE DOCUMENTS**

I, M. Michelle Rohani, Esq., declare:

1.      I am an attorney with the law firm of Burkhalter Kessler Clement & George LLP ("BKCG"), counsel of record for Defendant Auction Brother, Inc. d/b/a Amazzia ("Amazzia") in the above-referenced lawsuit. I make this declaration in support of Amazzia's opposition to Plaintiff Thimes Solutions Inc.'s ("Plaintiff") motion to compel Amazzia and defendant TP-Link USA Corporation ("TP-Link") (collectively referred to as "Defendants") to produce documents, wherein Amazzia is also seeking monetary sanctions of $4,500. I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify competently thereto.

2.      On May 26, 2022, I participated in a telephone conference with Heather Auyang, counsel for TP-Link, and Victor Meng, counsel for Plaintiff, to discuss Plaintiff's proposal that the parties pick up from where they left off on Plaintiff's document requests from 2020.  In the telephone conference, I expressed that while the parties must move diligently in discovery, Plaintiff should serve new document demands given that the requests Plaintiff had served in 2020, pertained to a different complaint asserting no-longer applicable causes of action and thus Amazzia's responses thereto (served in 2020) are also no longer applicable.  I proposed that Plaintiff serve new document demands that actually seek documents pertinent to the causes of action now at issue (rather than the parties deal with a now outdated set of document demands and responses that addressed no longer applicable anti-trust claims).  Counsel for Plaintiff said Plaintiff would prefer Defendants to produce documents in response to the prior document requests, but Plaintiff would withdraw certain specific document requests that Plaintiff conceded pertained solely to the no longer applicable anti-trust claims, including specifically, document requests numbers 18 through 23.  In response,

**DECLARATION OF M. MICHELLE ROHANI IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANT AUCTION BROTHERS TO PRODUCE DOCUMENTS**

I asked Amazzia to be given about three weeks to supplement its prior responses from 2020 so that Amazzia could assert proper objections and responses to account for the fact that the causes of action (and corresponding discoverability of documents) has changed dramatically since Plaintiff served its document demands, and to review for responsive documents with the new causes of actions in mind.  I explained that the previously served responses to the document requests from November 2020 were based on the prior pleadings, claims and unclear status of the case.  I also stated that the meet and confer from 2020 does not suffice to cover whatever new objections and/or responses Amazzia may raise in its supplements. Mr. Meng stated he will discuss the issues with Plaintiff's "camp."

3.    Later that same day, Mr. Meng emailed that Plaintiff would not re-serve the requests but would "agree to give defendants 14 days to serve amended response, provided that defendants agree to production of documents at that same time." A true and correct copy of Mr. Meng's May 26, 2022, email is attached hereto and incorporated herein as Exhibit "1."

4.    On June 1, 2022, Mr. Meng emailed asking if Amazzia would agree to serve amended responses by June 9, 2022.  A true and correct copy of Mr. Meng's June 1, 2022, email is attached hereto and incorporated herein as Exhibit "2."

5.    On June 3, 2022, Mr. Meng emailed stating Plaintiff would prepare "a joint stipulation to seek court relief and monetary sanctions." A true and correct copy of Mr. Meng's June 3, 2022, email is attached hereto and incorporated herein as Exhibit "3."

6.    I emailed Mr. Meng that same day apologizing for the short delay in responding, explaining that I was caring for and quarantining two family members infected and symptomatic with Covid.   I also stated that Amazzia would produce supplemental responses without the need for Plaintiff to re-serve its document demands,

**DECLARATION OF M. MICHELLE ROHANI IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANT AUCTION BROTHERS TO PRODUCE DOCUMENTS**

with document production to follow consistent with the Federal Rules of Civil Procedure. A true and correct copy of my June 3, 2022, email to Mr. Meng is attached hereto and incorporated herein as Exhibit "4."

7. On June 6, 2022, Mr. Meng emailed stating Plaintiff would be serving joint stipulations to both Defendants regarding this motion. A true and correct copy Mr. Meng's June 6, 2022, email is attached hereto and incorporated herein as Exhibit "5."

8. In response, that same day, I emailed Mr. Meng, asking for clarification as Plaintiff's threatened motion appeared premature since Amazzia had agreed to serve supplemental responses that Plaintiff had yet to even receive. A true and correct copy of my June 6, 2022, email to Mr. Meng is attached hereto and incorporated herein as Exhibit "6."

9. In response, on June 7, 2022, Mr. Meng served Plaintiff's portion of the joint stipulation for Plaintiff's pending motion to compel. A true and correct copy of Mr. Meng's June 7, 2022, email is attached hereto and incorporated herein as Exhibit "7."

10. On June 9, 2022, Amazzia served its supplemental responses, as requested by Plaintiff. A true and correct copy of Amazzia's Supplemental Response to Thimes Solutions Inc.'s Request for Production of Documents, Set One, served on June 9, 2022, is attached hereto and incorporated herein as Exhibit "8."

11. On the same day, I asked Mr. Meng if Plaintiff would be amending its portion of the joint stipulation to account for Amazzia's supplemental responses and stated willingness to produce documents consistent with the FRCP. A true and correct copy of my June 9, 2022, email to Mr. Meng is attached hereto and incorporated herein as Exhibit "9."

---

4

**DECLARATION OF M. MICHELLE ROHANI IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANT AUCTION BROTHERS TO PRODUCE DOCUMENTS**

12. In response, on June 10, 2022, Mr. Meng said Plaintiff would not amend its portion of the joint stipulation to account for Plaintiff's receipt of amended responses and Amazzia's stated willingness to produce responsive documents per the FRCP, but instead Plaintiff would address the supplemental responses in its supplemental brief on the motion to compel. A true and correct copy of Mr. Meng's June 10, 2022, email is attached hereto and incorporated herein as Exhibit "10."

13. Mr. Meng communicated to me in writing and orally that Plaintiff was withdrawing request number 18 through 23 (I assume it was an accident because the requests only went to 21) as they concerned Plaintiff's anti-trust claims. A true and correct copy of Mr. Meng's May 20, 2022, correspondence to me regarding this is attached hereto and incorporated herein as Exhibit "11."

14. I prepared Amazzia's portion of the joint stipulation regarding Plaintiff's motion to compel and this declaration. I graduated from UC Hastings College of Law in 1998 and was admitted to practice in California in that same year. I am currently an attorney in the Firm's litigation practice group in the field of civil litigation. My hourly billing rate which Amazzia is billed for and pays is currently $500.00.

15. I have spent over 9 hours to date in connection with Amazzia's portion of the joint stipulation and this declaration, including:

    a. Reviewing Plaintiff's portion of the joint stipulation;

    b. Researching and drafting Amazzia's portion of the joint stipulation; and

    c. Preparing this declaration.

16. Thus, Amazzia seeks $4,500 as monetary sanctions against Plaintiff.

---

5

**DECLARATION OF M. MICHELLE ROHANI IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANT AUCTION BROTHERS TO PRODUCE DOCUMENTS**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on June 14, 2022, at Irvine, California.

*/s/M. Michelle Rohani*
M. Michelle Rohani, Esq.

**DECLARATION OF M. MICHELLE ROHANI IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANT AUCTION BROTHERS TO PRODUCE DOCUMENTS**

# EXHIBIT "1"

From: Victor Meng <vmeng@gawpoe.com>

Sent: Thursday, May 26, 2022 5:22 PM

To: 'Heather Auyang' <Heather.Auvang@ltlattornev.s.com>; 'M. Michelle Rohani'

<mrohani@bkcglaw.com>

Cc: 'Prashanth Chennakesavan' <Prashanth.Chennakesavan@ltlattorneys.com>; 'Josh Waldman'

<jwaldman@bkcglaw.com>; 'Patice Gore' <patice.gore@ltlattorneys.com>; 'Randolph Gaw'

<rgaw@gawpoe.com>; 'Mark Schlachet' <markschlachet@me.com>; Mark Poe

<mpoe@gawpoe.com>

Subject: Thimes v. TP Link: M&C re Thimes 1st RFP

Hi Heather, Michelle,

Thanks for your time on the call today. After discussion, Thimes believes that its first set of requests (with the exception of numbers 18-24) apply equally to the two state law claims, and re-serving another set is not necessary. But Thimes will agree to give defendants 14 days to serve amended responses, provided that defendants agree to begin production of documents at the same time. Please let us know if you agree to that proposal, and your position on sharing the sources and custodians of ESI defendants are planning to collect from and the search terms to use for the collection.

Thanks,

Victor

Victor Meng

Gaw | Poe LLP

4 Embarcadero Center, Suite 1400

San Francisco, CA 94111

Direct: 415.895.0862

Main: 415.766.7451

Fax: 415.737.0642

# EXHIBIT "2"

On Jun 1, 2022, at 4:47 PM, Victor Meng <vmeng@gawpoe.com> wrote:

Hi Heather, Michelle,

Following up on this. Let us know if defendants agree to serve amended responses and begin production of documents on June 9.

Thanks,

Victor

Victor Meng

Gaw | Poe LLP

4 Embarcadero Center, Suite 1400

San Francisco, CA 94111

Direct: 415.895.0862

Main: 415.766.7451

Fax: 415.737.0642

# EXHIBIT "3"

From: Victor Meng <vmeng@gawpoe.com>

Sent: Friday, June 3, 2022 11:46 AM

To: Heather Auyang <Heather.Auyang@ltlattornevs.com>; M. Michelle Rohani <mrohani@bkcglaw.com>

Cc: Prashanth Chennakesavan <Prashanth.Chennakesavan@ltlattorneys.com>; Josh Waldman

<jwaldman@bkcglaw.com>; Patice Gore <patice.gore@ltlattorneys.com>; Randolph Gaw <rgaw@gawpoe.com>; Mark Schlachet <markschlachet@me.com>; Mark Poe <mpoe@gawpoe.com>

Subject: Re: Thimes v. TP Link: M&C re Thimes 1st RFP

[EXTERNAL EMAIL] This email originated from outside of the LTL Attorneys organization. DO NOT CLICK links or open attachments unless you recognize the sender and know the content is safe.

Counsel,

I infer from your silence to two separate inquiries that Defendants do not intend to serve amended responses or produce any documents. We will begin the process of preparing a joint stipulation to seek court relief and monetary sanctions. Defendants can explain to the magistrate why they could not respond to a simple question for over a week.

Regards,

Victor

Victor Meng

Gaw | Poe LLP

4 Embarcadero Center, Suite 1400

San Francisco, CA 94111

415.895.0862

# EXHIBIT "4"

From: M. Michelle Rohani <mrohani@bkcglaw.com>

Sent: Friday, June 3, 2022 10:37 AM

To: Prashanth Chennakesavan <Prashanth.Chennakesavan@ltlattorneys.com>; Victor Meng

<vmeng@.gawpoe.com>; Heather Auyang <Heather.Auyang@ltlattorneys.com>

Cc: Josh Waldman <jwaldman@bkcglaw.com>; Patice Gore <patice.gore@ltlattorneys.com>; Randolph Gaw<rgaw@gawpoe.com>; Mark Schlachet <markschlachet@me.com>; Mark Poe <mpoe@gawpoe.com>

Subject: Re: Thimes v. TP Link: M&C re Thimes 1st RFP

Victor,

Apologies for the delay. My husband and youngest tested positive for covid on Wednesday and are symptomatic so I've been dealing with quarantining and caregiving. We are agreeable to serving supplemental responses without the need for your client reserving the requests. Document production will follow per FCRP.

As for mediation, what are your suggestions, seeing that none of the proposed dates work? Should we try to get an extension from the Court? Are you available for mediation next week, assuming the mediator and TP-Link are available?

Get Outlook for iOS

# EXHIBIT "5"

From: Victor Meng <vmeng@gawRoe.com>

Sent: Monday, June 6, 2022 9:26 AM

To: M. Michelle Rohani <mrohani@bkcglaw.com>; Prashanth Chennakesavan

<Prashanth.Chennakesavan@ltlattorneys.com>; Heather Auyang <Heather.Auyang@ltlattorneys.com>

Cc: Josh Waldman <jwaldman@bkcglaw.com>; Patice Gore <Patice.gore@ltlattorneys.com>; Randolph Gaw

<rgaw@gawpoe.com>; Mark Schlachet <markschlachet@me.com>; Mark Poe <mpoe@gawpoe.com>

Subject: RE: Thimes v. TP Link: M&C re Thimes 1st RFP

Hi Michelle,

I'm sorry to hear about your family's illness; hope they recover quickly.

For mediation, I think if we can agree on a mediator and date, the Court will be much more likely to approve a stipulation and proposed order allowing us relief from the deadline since we'll have something scheduled already. I don't think the Court would otherwise grant relief. Trying for mediation this week might be problematic, but we are willing to consider it.

We will be serving joint stipulations to both Defendants regarding our forthcoming motions to compel discovery per Local Rule 37.

Victor Meng

Gaw I Poe LLP

4 Embarcadero Center, Suite 1400

San Francisco, CA 94111

Direct: 415.895.0862

Main: 415.766.7451

Fax: 415.737.0642

# EXHIBIT "6"

**From:** M. Michelle Rohani <mrohani@bkcglaw.com>
**Sent:** Monday, June 6, 2022 11:23 AM
**To:** Victor Meng <vmeng@gawpoe.com>; Prashanth Chennakesavan <Prashanth.Chennakesavan@ltlattorneys.com>; Heather Auyang <Heather.Auyang@ltlattorneys.com>
**Cc:** Josh Waldman <jwaldman@bkcglaw.com>; Patice Gore <patice.gore@ltlattorneys.com>; Randolph Gaw <rgaw@gawpoe.com>; Mark Schlachet <markschlachet@me.com>; Mark Poe <mpoe@gawpoe.com>
**Subject:** Re: Thimes v. TP Link: M&C re Thimes 1st RFP

Thanks Victor.  Recovery and quarantine have both worked well.

Since your side is not available the entire week of June 20th, how does June 30th work.  TP-Link, Amazzia and the mediator are all available on that date.

As for the motion to compel, I would appreciate clarification.  It appears premature since we have agreed to serve the supplemental responses and you have yet to see them.


M. Michelle Rohani



2020 Main Street, Suite 600
Irvine, CA 92614
T: 949.975.7500
F: 949.975.7501
E: mrohani@bkcglaw.com
www.bkcglaw.com

This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us by telephone, and return the original message to us at the above e-mail address, deleting all copies from your e-mail system

# EXHIBIT "7"

**RE: Thimes v. TP Link: M&C re Thimes 1st RFP**

Victor Meng <vmeng@gawpoe.com>

Tue 6/7/2022 8:57 AM

To: M. Michelle Rohani <mrohani@bkcglaw.com>;Prashanth Chennakesavan
<Prashanth.Chennakesavan@ltlattorneys.com>;Heather Auyang <Heather.Auyang@ltlattorneys.com>

Cc: Josh Waldman <jwaldman@bkcglaw.com>;Patice Gore <patice.gore@ltlattorneys.com>;Randolph Gaw
<rgaw@gawpoe.com>;Mark Schlachet <markschlachet@me.com>;Mark Poe <mpoe@gawpoe.com>

Hi Michelle,

June 30 works for us and Thimes for mediation.

Regarding the motions to compel, here are Thimes's portions of the draft joint stipulations and supporting
documents setting forth our position against TP-Link and Amazzia. Per Local Rule 37, TP-Link and Amazzia are to
return their respective inserts by no later than June 14.

Victor Meng
Gaw | Poe LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Direct: 415.895.0862
Main: 415.766.7451
Fax: 415.737.0642

Exhibit "7" Page 21

# EXHIBIT "8"

BURKHALTER KESSLER CLEMENT & GEORGE LLP
Alton G. Burkhalter, Esq., Bar No. 119594
Email Address: aburkhalter@bkcglaw.com
M. Michelle Rohani, Esq., Bar No. 198214
Email Address: mrohani@bkcglaw.com
Joshua A. Waldman, Esq., Bar No. 222859
Email Address: jwaldman@bkcglaw.com
2020 Main Street, Suite 600
Irvine, California 92614
Telephone: (949) 975-7500
Facsimile: (949) 975-7501

Attorneys for Defendant Auction Brothers, Inc. dba Amazzia

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> TP-LINK USA CORPORATION, et al., <br><br> Defendants. | CASE NO.:  2:19-CV-10374-SB-E <br> Assigned to: Hon. Stanley Blumenfeld, Jr. <br><br><br> **DEFENDANT AUCTION BROTHERS, INC., DBA AMAZZIA'S SUPPLEMENTAL RESPONSE TO THIMES SOLUTIONS, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE** <br><br> Amended Complaint filed: May 23, 2022 <br> Trial date: January 9, 2023 |

**DEFENDANT AUCTION BROTHERS, INC., DBA AMAZZIA'S SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**   Exhibit "8" Page 23

**RESPONDING PARTY:**      Defendant Auction Brothers dba Amazzia

**PROPOUNDING PARTY:**      Plaintiff Thimes Solutions, Inc.

**SET NO.:**  One

        Defendant Auction Brothers dba Amazzia ("Responding Party") hereby provides supplemental responses to Plaintiff Thimes Solutions, Inc.'s ("Propounding Party") first set of Request for production of documents.

## PRELIMINARY STATEMENT

        The following supplemental responses are based upon the facts and information presently known and available to Responding Party and upon the current operative complaint in this matter.  The supplemental responses refer only to those contentions which have been asserted to date by Responding Party based on the facts now known to it.  Discovery, investigation, research and analysis are still ongoing in this case and may disclose the existence of additional facts, variations, and changes to these responses.  Without obligation to do so, Responding Party reserves the right to change or supplement these responses as additional facts are discovered, revealed, recalled or otherwise ascertained, and as further analysis and research disclose additional facts, contentions or legal theories which may well apply.

## GENERAL OBJECTIONS

        The supplemental responses which are set forth below are submitted subject to the objections set forth herein, and are based upon the current knowledge of Responding Party, and upon such investigation which was reasonable for Responding Party to undertake under the circumstances of the case.  Responding Party interposes the following general objections to these requests.  These objections are made to each and

2

every individual request, and subpart thereof, and are incorporated by reference into each of the specific responses which are set forth below.

These supplemental responses are made solely for the purpose of this specific action and are limited to the relevant time period between January 1, 2018 through the date of the filing of the initial complaint in this matter.

Each answer is subject to all appropriate objections including, but not limited to, objections concerning competency, relevancy, materiality, propriety and admissibility, which would require the exclusion of any statement contained herein if the question were asked of, or any statement contained herein were made by, a witness present and testifying in court.   All such objections and grounds are reserved and may be interposed at the time of trial.

Furthermore, Responding Party has not completed its investigation of the facts relating to this case, has not completed discovery in this action, has not yet received all reports and/or opinions from its expert witnesses, and has not completed preparation for trial.  All of the responses contained herein are based only upon such information and documents that are immediately available to and specifically known at this time to Responding Party.  As discovery proceeds, information, facts and witnesses may be discovered that were not identified in response to these document requests, but which may have been responsive to requests.

Additionally, facts and evidence now known may be imperfectly understood, or the relevance or consequence of such facts and evidence may be imperfectly understood and, accordingly, such facts and evidence may, in good faith, not be identified in response to these requests.

It is also anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, as well as establish entire new factual conclusions and legal contentions, all of which may lead to substantial additions to or changes in these responses.

**DEFENDANT AUCTION BROTHERS, INC., DBA AMMAZZIA'S SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**   Exhibit "8" Page 25

These supplemental responses are thus given without prejudice to Responding Party's right to later use or produce any such documents, facts or witnesses which Responding Party may later locate, recall or ascertain. Responding Party accordingly reserves the right to change any and all answers contained herein accordingly, if a proper supplemental request is made.

Responding Party assumes no obligation beyond those imposed by law to voluntarily supplement or amend these responses to reflect witnesses, facts and evidence following the service of these responses. In addition, because some of these responses may have been ascertained by Responding Party's agents, attorneys and/or investigators, Responding Party may not have personal knowledge of the information from which these responses are derived.

## SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

Subject to and without waiving the foregoing, and previously served, general objections to the Requests for Production of Documents, each of which is incorporated herein by this reference into each of the responses set forth below, Responding Party responds as follows:

**REQUEST FOR PRODUCTION NO. 1:**

All COMMUNICATIONS between YOUR employees RELATING TO TSI's re-sales of TP-LINK's wireless router products.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Responding Party will comply with this request and, in a reasonable time of less than one month, produce communications between its employees regarding Propounding Party's re-sales of TP-Link wireless router products.

4

**DEFENDANT AUCTION BROTHERS, INC., DBA AMMAZZIA'S SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE** Exhibit "8" Page 26

**REQUEST FOR PRODUCTION NO. 2:**

All COMMUNICATIONS YOU sent to or received from TP-LINK RELATING TO TSI's re-sales of TP-LINK's wireless router products.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Responding Party will comply with this request and, in a reasonable time of less than one month, produce communications between it and TP-Link regarding Propounding Party's re-sales of TP-Link wireless router products.

**REQUEST FOR PRODUCTION NO. 3:**

All COMMUNICATIONS YOU sent to or received from Amazon.com, Inc. or Amazon Services LLC RELATING TO TSI's re-sales of TP-LINK's wireless router products.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Responding Party will comply with this request and, in a reasonable time of less than one month, produce communications between it and Amazon regarding Propounding Party's re-sales of TP-Link wireless router products.

**REQUEST FOR PRODUCTION NO. 4:**

All COMMUNICATIONS YOU sent to or received from TP-LINK RELATING TO "non-compliant sellers" of TP-LINK's wireless router products, as that term is used in the Amazon Brand Protection Agreement(s) between YOU and TP-LINK.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Responding Party objects to this request on the grounds that the documents sought are related to Propounding Party's dismissed anti-trust claims and not relevant to the current Amended Fifth Amended Complaint's two state law claims for interference with Propounding Party's existing and prospective business relationships and trade libel for accusations against Propounding Party.  Responding Party will comply with this

5

**DEFENDANT AUCTION BROTHERS, INC., DBA AMMAZZIA'S SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**   Exhibit "8" Page 27

request and, in a reasonable time of less than one month, produce communications between it and TP-Link referencing Propounding Party as a non-complaint seller.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS and COMMUNICATIONS authored by or transmitted between YOUR employees RELATING TO "non-compliant sellers," as that term is used in the Amazon Brand Protection Agreement(s) between YOU and TP-LINK.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Responding Party objects to this request on the grounds that the documents sought are related to Propounding Party's dismissed anti-trust claims and not relevant to the current Amended Fifth Amended Complaint's two state law claims for interference with Propounding Party's existing and prospective business relationships and trade libel for accusations against Propounding Party.  Responding Party will comply with this request and, in a reasonable time of less than one month, produce communications between its employees referencing Propounding Party as a non-complaint seller.

**REQUEST FOR PRODUCTION NO. 6:**

All COMMUNICATIONS YOU sent to or received from TP-LINK RELATING TO "the cleanup project," as that term is used in the Amazon Brand Protection Agreement(s) between YOU and TP-LINK.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Responding Party objects to this request on the grounds that the documents sought are related to Propounding Party's dismissed anti-trust claims and not relevant to the current Amended Fifth Amended Complaint's two state law claims for interference with Propounding Party's existing and prospective business relationships and trade libel for accusations against Propounding Party.  Responding Party will comply with this

**DEFENDANT AUCTION BROTHERS, INC., DBA AMMAZZIA'S SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**   Exhibit "8" Page 28

request and, in a reasonable time of less than one month, produce communications between its employees referencing Propounding Party in "the cleanup project."

**REQUEST FOR PRODUCTION NO. 7:**

All COMMUNICATIONS YOU sent to or received from TP-LINK RELATING TO re-sellers of TP-LINK's wireless router products on the Amazon Marketplace.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Responding Party will comply with this request and, in a reasonable time of less than one month, produce communications between it and TP-Link referencing Propounding Party as a reseller of TP-Link's wireless router products on Amazon.

**REQUEST FOR PRODUCTION NO. 8:**

All COMMUNICATIONS YOU sent to or received from Amazon.com, Inc. or Amazon Services LLC RELATING TO re-sellers of TP-LINK's wireless router products.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Responding Party will comply with this request and, in a reasonable time of less than one month, produce communications between it and Amazon referencing Propounding Party as a reseller of TP-Link's wireless router products.

**REQUEST FOR PRODUCTION NO. 9:**

All COMMUNICATIONS YOU sent to or received from TP-LINK RELATING TO TP-LINK's minimum advertised price for its wireless router products.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Responding Party objects to this request on the grounds that the documents sought are related to Propounding Party's dismissed anti-trust claims and not relevant to

7

the current Amended Fifth Amended Complaint's two state law claims for interference with Propounding Party's existing and prospective business relationships and trade libel for accusations against Propounding Party.

**REQUEST FOR PRODUCTION NO. 10:**

All COMMUNICATIONS YOU sent to or received from Amazon.com, Inc. or Amazon Services LLC RELATING TO TP-LINK's minimum advertised price for its wireless router products.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Responding Party objects to this request on the grounds that the documents sought are related to Propounding Party's dismissed anti-trust claims and not relevant to the current Amended Fifth Amended Complaint's two state law claims for interference with Propounding Party's existing and prospective business relationships and trade libel for accusations against Propounding Party.

**REQUEST FOR PRODUCTION NO. 11:**

All COMMUNICATIONS YOU sent to or received from TP-LINK RELATING TO any price or brand protection services offered by YOU.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

This request is not relevant to or proportional to the current Amended Fifth Amended Complaint's two state law claims for interference with Propounding Party's existing and prospective business relationships and trade libel for accusations against Propounding Party.  Responding Party will comply with this request and, in a reasonable time of less than one month, produce communications between it and TP-Link regarding price or brand protection services offered by it relating to Propounding Party.

**DEFENDANT AUCTION BROTHERS, INC., DBA AMMAZZIA'S SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**    Exhibit "8" Page 30

**REQUEST FOR PRODUCTION NO. 12:**

All COMMUNICATIONS YOU sent to or received from TP-LINK RELATING TO complaints YOU filed to Amazon.com, Inc. or Amazon Services LLC RELATING TO TP-LINK's wireless router products.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

This request is not relevant to or proportional to the current Amended Fifth Amended Complaint's two state law claims for interference with Propounding Party's existing and prospective business relationships and trade libel for accusations against Propounding Party.  Responding Party will comply with this request and, in a reasonable time of less than one month, produce communications between it and TP-Link regarding complaints filed to Amazon referencing Propounding Party.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS and COMMUNICATIONS authored by or transmitted between YOUR employees RELATING TO YOUR policies or procedures for filing complaints to Amazon.com, Inc. or Amazon Services LLC.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

This request is objectionable to the extent it seeks discovery of confidential, proprietary and trade secret information not relevant to or proportional to the current Amended Fifth Amended Complaint's two state law claims for interference with Propounding Party's existing and prospective business relationships and trade libel for accusations against Propounding Party.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS and COMMUNICATIONS authored by or transmitted between YOUR employees RELATING TO Amazon.com, Inc. or Amazon Services

9

LLC's resolution of intellectual property complaints filed by manufacturers against unauthorized re-sellers of those manufacturer's products.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Responding Party will comply with this request and, in a reasonable time of less than one month, produce internal documents between its employees relating to Amazon's resolution of intellectual property complaints referencing Propounding Party with regard to TP-Link.

**REQUEST FOR PRODUCTION NO. 15:**

All COMMUNICATIONS YOU sent to or received from TP-LINK RELATING TO Amazon.com, Inc. or Amazon Services LLC's resolution of intellectual property complaints filed by manufacturers against unauthorized resellers of those manufacturer's products.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Responding Party will comply with this request and, in a reasonable time of less than one month, produce internal documents between it and TP-Link relating to Amazon's resolution of intellectual property complaints referencing Propounding Party with regard to TP-Link.

**REQUEST FOR PRODUCTION NO. 16:**

All drafts of any Amazon Brand Protection Agreements between YOU and TP-LINK.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Responding Party will comply with this request and, in a reasonable time of less than one month, produce drafts of Amazon Brand Protection Agreements exchanged between it and TP-Link.

**DEFENDANT AUCTION BROTHERS, INC., DBA AMMAZZIA'S SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**   Exhibit "8" Page 32

**REQUEST FOR PRODUCTION NO. 17:**

All COMMUNICATIONS between YOUR employees RELATING TO YOUR negotiations with TP-LINK over Amazon Brand Protection Agreements.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

This request is not relevant to or proportional to the current Amended Fifth Amended Complaint's two state law claims for interference with Propounding Party's existing and prospective business relationships and trade libel for accusations against Propounding Party.

**REQUEST FOR PRODUCTION NO. 18:**

Withdrawn per counsel for Propounding Party.

**REQUEST FOR PRODUCTION NO. 19:**

Withdrawn per counsel for Propounding Party.

**REQUEST FOR PRODUCTION NO. 20:**

Withdrawn per counsel for Propounding Party.

**REQUEST FOR PRODUCTION NO. 21:**

Withdrawn per counsel for Propounding Party.

DATED: June 9, 2022          BURKHALTER KESSLER CLEMENT & GEORGE LLP

By:     */s/ M. Michelle Rohani*
        Alton G. Burkhalter, Esq.
        Joshua A. Waldman, Esq.
        Attorneys for Defendant,
        Auction Brothers dba Amazzia

11

**DEFENDANT AUCTION BROTHERS, INC., DBA AMMAZZIA'S SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**   Exhibit "8" Page 33

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California.  I am over the age of 18 years and not a party to the within action; my business address is 2020 Main Street, Suite 600, Irvine, California 92614.

On **June 9, 2022** I caused the foregoing document described as **DDEFENDANT AUCTION BROTHERS, INC., DBA AMAZZIA'S SUPPLEMENTAL RESPONSE TO THIMES SOLUTIONS, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**   to be served on the interested parties in this action **[X]** by placing [  ] the original **[X]** a true copy thereof enclosed in a sealed envelope addressed as stated on the attached service list.

**[X]    BY ELECTRONIC TRANSMISSION**

**[X]**    I sent via electronic transmission on this date, originating from **afrljuckic@bkcglaw.com**, a copy of the above-referenced document to the addressee(s) at the e-mail address(es) indicated on the attached Service List.

**[X]    (Federal)**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **June 9, 2022** at **Irvine, California**.

_/s/ Andrea Frljuckic_____

ANDREA FRLJUCKIC

---

1

# SERVICE LIST

MARK POE (S.B. #223714)
 mpoe@gawpoe.com
RANDOLPH GAW (S.B. #223718)
rgaw@gawpoe.com
VICTOR MENG (S.B. #254102)
vmeng@gawpoe.com
 GAW | POE LLP 4
Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

MARK SCHLACHET (pro hac vice)
 markschlachet@me.com
3515 Severn Road Cleveland, OH
44118 Telephone: (216) 225-7559
Facsimile: (216) 932-5390

CHRISTOPHER J. HAMMOND (S.B. #150024)
chammond@bizlawpro.com
21540 Prairie Street, Unit A Chatsworth, CA 91311
Telephone: (866) 625-2529
Facsimile: (866) 463-9285

Attorneys for Plaintiff Thimes Solutions Inc.

2

# EXHIBIT "9"

From: M. Michelle Rohani <mrohani@bkcglaw.com>

Sent: Thursday, June 9, 2022 6:20 PM

To: Andrea Frljuckic <aFrljuckic@bkcglaw.com>; mpoe@gawpoe.com; vmeng@gawpoe.com; rgaw@gawpoe.com; markschlachet@me.com; chammond@bizlawpro.com; patice.gore@ltlattorneys.com; heather.auyang@ltlattorneys.com; prashanth.chennakesavan@ltlattorneys.com; caleb.liang@ltlattorneys.com; stephen.smerek@doj.ca.gov; tsung@foley.com

Cc: Josh Waldman <jwaldman@bkcglaw.com>

Subject: Re: THIMES SOLUTIONS, INC. v. TP-LINK USA CORPORATION, et al.

Victor,

After your review of the supplemental responses, please inform us if you will be amending your client's portion of the joint stip re motion to compel or not. I would appreciate hearing from you tomorrow regarding this.

Thanks,

Michelle

M. Michelle Rohani



2020 Main Street, Suite 600

Irvine, CA 92614

T: 949.975.7500

F: 949.975.7501

E: mrohani@bkcglaw.com

www.bkcglaw.com

This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us by telephone, and return the original message to us at the above e-mail address, deleting all copies from your e-mail system

# EXHIBIT "10"

From: Victor Meng <vmeng@gawgoe.com>

Sent: Friday, June 10, 2022 2:39 PM

To: M. Michelle Rohani <mrohani@bkcglaw.com>; Josh Waldman <jwaldman@bkcglaw.com>

Cc: Heather Auyang <Heather.Auyang@ltlattorneys.com>; Prashanth Chennakesavan

<Prashanth.Chennakesavan@ltlattorneys.com>; Patice Gore <gatice.gore@ltlattorneys.com>; Randolph
Gaw <rgaw@gawpoe.com>; Mark Schlachet <markschlachet@me.com>; Mark Poe
<mgoe@gawpoe.com>

Subject: RE: THIM ES SOLUTIONS, INC. v. TP-LINK USA CORPORATION, et al.

[EXTERNAL EMAIL] This email originated from outside of the LTL Attorneys organization. DO NOT CLICK
links or open attachments unless you recognize the sender and know the content is safe.

Hi Michelle,

We don't plan to amend our portion of the joint stipulation, as we're not be able to do that in time to
keep the July 8 hearing date. We will address Defendants' supplemental responses in our supplemental
briefs on the motions to compel.

Thanks,

Victor

Victor Meng

Gaw | Poe LLP

4 Embarcadero Center, Suite 1400

San Francisco, CA 94111

Direct: 415.895.0862

Main: 415. 766.7451

Fax: 415. 73 7.0642

# EXHIBIT "11"

# GAW | POE LLP

4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Phone: (415) 766 7451
Fax: (415) 737 0642

**VIA E-MAIL**

May 20, 2022

Joshua A. Waldman (jwaldman@bkcglaw.com)
Michelle Rohani (mrohani@bkcglaw.com)
BURKHALTER KESSLER CLEMENT & GEORGE LLP
2020 Main Street, Suite 600
Irvine, CA 92614

Re:  *Thimes Solutions Inc. v. TP Link USA Corporation et al*
     Amazzia's Responses to Thimes's First RFPs

Counsel:

We write to request a Local Rule 37-1 prefiling conference of counsel regarding deficiencies in Amazzia's November 9, 2020 responses to Thimes's first set of Requests for Production of Documents, which are detailed in the attached letter we sent on November 24, 2020.  Michelle and I met and conferred on December 3, 2020, but did not resolve any of the issues given the then-pending motion to dismiss.  The parties then agreed to an informal stay of discovery on December 10, 2020 pending the Court's ruling on defendants' motion to dismiss.

With the exception of Request Numbers 18 through 23 that concern Thimes's antitrust claims, all of the issues raised in Thimes's November 24, 2020 letter remain outstanding. Please let us know your availability for a pre-filing conference of counsel regarding those issues within the next 10 days.

In addition to the issues raised in the letter as to Amazzia's objections and responses to specific requests, we would like to discuss the sources and custodians of ESI Amazzia will be collecting from and what search terms it plans to use for the collection.  To help facilitate that discussion, below is authority on a responding party's duty to cooperate in identifying and collecting ESI.

• The Sedona Conference's principles encourages "cooperative, collaborative, and transparent discovery."  *The Sedona Conference*, *The Sedona Conference Cooperation Proclamation Preface* (Nov. 2012); *U.S. ex rel. Carter v. Bridgepoint Educ., Inc.*, 305 F.R.D. 225, 239 (S.D. Cal. 2015) ("The Sedona Conference has created a framework for the best electronic discovery practices that attempts to account for both this evolving case law and new technologies. The Conference itself and its publications have been described as 'the leading authorities on electronic document retrieval and production.'").

1

Exhibit "11" Page 41

# GAW | POE LLP

4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Phone: (415) 766 7451
Fax: (415) 737 0642

- The producing party has the obligation to identify proper custodians.  *See*, *e.g.*, *NuVasive, Inc. v. Alphatec Holdings, Inc.*, 2019 WL 4934477, at *2 (S.D. Cal. Oct. 7, 2019) ("nothing in Rule 34 requires a requesting party to identify custodians");  *California Earthquake Auth. v. Metro. W. Sec., LLC*, 2012 WL 5880345, at *5 (E.D. Cal. Nov. 21, 2012) ("the burden to identify appropriate custodians is on Evergreen, not CEA").

- "[A] responding party has no right to demand a requesting party actively assist the responding party with evaluating and selecting the procedures, methodologies, and technologies for meeting the responding party's preservation and production obligations. For example, a responding party cannot unilaterally demand the requesting party submit proposed search terms and a list of custodians against which to run the search terms, or use the requesting party's reluctance to provide search terms as a shield to defend its own inadequate search terms."  Comment 6.b, *The Sedona Principles: Third Edition Best Practices, Recommendations & Principles for Addressing Electronic Document Production*, 19 Sedona Conf. J. 1, 123 (2018).

- "[T]he best solution in the entire area of electronic discovery is cooperation among counsel."  *Toyo Tire & Rubber Co. v. CIA Wheel Grp.*, No. SA-CV-1500246-DOC-DFMx, 2016 WL 6246384, at *1 (C.D. Cal. Feb. 23, 2016).

- "[T]ransparency and collaboration is essential to meaningful, cost-effective discovery."  *Apple, Inc. v. Samsung Elecs. Co.*, No. 12-0630, 2013 WL 1942163, at *3 (N.D. Cal. May 9, 2013); *In re Nat'l Ass'n of Music Merchants, Musical Instruments & Equip. Antitrust Litig.*, No. MDL 2121, 2011 WL 6372826, at *3 (S.D. Cal. Dec. 19, 2011) ("[W]hile key word searching is a recognized method to winnow relevant documents from large repositories, use of this technique must be a cooperative and informed process.")

Please also be prepared to discuss when Amazzia anticipates beginning production, and when it will be completed.

Regards,

Victor Meng

Attachment(s):  1

Exhibit "11" Page 42