LTL ATTORNEYS LLP
Joe H. Tuffaha (SBN 253723)
  joe.tuffaha@ltlattorneys.com
Prashanth Chennakesavan (SBN 284022)
  prashanth.chennakesavan@ltlattorneys.com
Heather F. Auyang (SBN 191776)
  heather.auyang@ltlattorneys.com
Patice A. Gore (SBN 258776)
  patice.gore@ltlattorneys.com
300 South Grand Ave., 14th Floor
Los Angeles, CA 90071
Tel:  (213) 612-8900
Fax:  (213) 612-3773

Attorneys for Defendant and
Counterclaimant TP-Link USA Corporation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS INC., | CASE NO.: 2:19-cv-10374-SB-E |
| Plaintiff, | **DISCOVERY MATTER** |
| v. | **DECLARATION OF HEATHER F. AUYANG IN SUPPORT OF TP-LINK USA'S OPPOSITION TO JOINT STIPULATION REGARDING THIMES'S SOLUTIONS MOTION TO COMPEL DISCOVERY** |
| TP-LINK USA CORPORATION, and AUCTION BROTHERS, INC. d/b/a AMAZZIA, | |
| Defendants. | |
| TP-LINK USA CORPORATION, | |
| Counterclaimant, | |
| v. | |
| THIMES SOLUTIONS INC., | |

1    Counter-Defendant.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF HEATHER F. AUYANG

I, Heather F. Auyang, hereby declare and state as follows:

1.     I submit this Declaration in support of TP-Link USA Corporation's Opposition to the Joint Stipulation Regarding Thimes Solutions Motion to Compel Discovery.  I am an attorney admitted to practice before this Court and am a partner with LTL Attorneys LLP, counsel of record for Defendant and Counterclaimant TP-Link USA Corporation in the above-captioned case. I submit this Declaration based upon my personal knowledge, and if called as a witness could and would testify to the matters set forth.

2.     Counsel for Thimes sent a L.R. 37-1 letter dated November 24, 2020 concerning Thimes's First Set of Requests for Production to TP-Link.  A true and correct copy of Thimes's letter is attached hereto as **Exhibit A**.

3.     Starting on May 26, 2022, counsel for the parties exchanged emails concerning supplementing discovery culminating in Thimes serving its portion of the joint stipulation on June 7, 2022.  A true and correct copy of this email thread is attached hereto as **Exhibit B**.

4.     On June 9, 2022, TP-Link served supplemental responses to Thimes's First Set of Requests for Production.  A true and correct copy of TP-Link's supplemental responses is attached hereto as **Exhibit C**.

5.     Counsel for the parties did not hold any additional substantive meet and confers after TP-Link and Amazzia served supplemental responses.

6.     From June 9 to June 10, 2022, counsel for the parties exchanged emails concerning asking Thimes to revise and re-serve its joint stipulation in view of both TP-Link and Amazzia's supplemental responses, which Thimes refused.  A true and correct copy of this email thread is attached hereto as **Exhibit D**.

1

2          I declare under penalty of perjury that the foregoing is true and correct.

3   Executed on June 14, 2022 in Mill Valley, California.

4

5

6                                          By:   */s/ Heather F. Auyang*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AUYANG DECLARATION ISO TP-LINK'S OPPOSITION TO COMPEL

# EXHIBIT A

# GAW | POE LLP

4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Phone: (415) 766 7451
Fax: (415) 737 0642

**VIA E-MAIL**

November 24, 2020

Stephen R. Smerek
Foley & Lardner LLP
555 South Flower Street / Suite 3300
Los Angeles, CA 90071-2418
ssmerek@foley.com

Re:  *Thimes Solutions Inc. v. TP Link USA Corporation et al*
     TP-Link's Responses to Thimes's First RFPs

Counsel:

Pursuant to Local Rule 37.1, we write to request a conference of counsel to address the following deficiencies in Defendant TP-Link's responses to Thimes's First Set of Requests for Production, and to request a pre-filing conference of counsel concerning those deficiencies within the next 10 days.

## General Objections

TP-Link purports to apply a series of "Objections to the Definitions and Instructions" to each of its responses. Such "general…objections…are not proper objections," and fail to satisfy TP-Link's burden of "clarifying, explaining, and supporting its objections." *U.S. ex rel. O'Connell v. Chapman University*, 245 F.R.D. 646, 648-649 (C.D. Cal. 2007). As a rule, courts decline to consider general objections to requests for production. *California Sportfishing Prot. All. v. Chico Scrap Metal, Inc.*, No. 2:10-CV-1207-GEB-AC, 2014 WL 5093398, at *5 (E.D. Cal. Oct. 9, 2014). Accordingly, such objections warrant no further consideration here.

## Relevance Objection

With the exception of its response to request number 27, TP-Link has asserted a relevance objection to each of its responses on the basis that the term "wireless router products" is undefined and not expressly identified in the complaint. This position fails as a matter of law. For starters, parties are entitled to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" so long as it is "proportional to the needs of the case." Fed. R. Civ. Proc. 26(b)(1). Rule 26 does not limit the scope of discovery to matters expressly alleged in the complaint, and information need not be admissible in evidence to be discoverable. *Id.* The relevance objection is also unconvincing as a matter of fact: Thimes references the term "routers" throughout its complaint, and TP-Link itself uses the term "wireless router products" in its Amazon Brand Protection Agreement(s) with Amazzia.

1

**Auyang Declaration Exhibit A - page 3**

# GAW | POE LLP

4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Phone: (415) 766 7451
Fax: (415) 737 0642

**Objection to the Term "Relating To"**

The objection to the term "relating to" on the grounds that it is "vague, ambiguous, overly broad and not proportional to the needs of the case" likewise fails to satisfy TP-Link's discovery obligations.  As the party resisting discovery, TP-Link has "the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections."  *Carson v. Experian Info. Sols., Inc.*, No. 8:17-cv-02232-JVS-KESx, 2019 WL 3249617, at *2 (C.D. Cal. Apr. 19, 2019).  Courts in the Central District uniformly reject non-specific, conclusory objections to discovery because they fail to satisfy TP-Link's burden of "clarifying, explaining, and supporting its objections." *U.S. ex rel. O'Connell*, 245 F.R.D. at 648.  TP-Link cannot merely state that a request is "vague," "overly broad," or "not proportional."  Rather, it must explain why, in the context of the case and the request, the request is objectionable, and to what extent it is claimed to be so.

**"Privileged and Confidential"**

TP-Link also objects to Request Nos. 1-3, 5-7, 9, 11-17, and 27 on grounds that the information sought is "privileged and confidential."  Under Rule 34(b)(2)(C), a party objecting on grounds of "privilege" must "state whether any responsive materials are being withheld on the basis of that objection."  *In re Rivera*, No. CV 16-4676 JAK (SSX), 2017 WL 5163695, at *2 (C.D. Cal. Apr. 14, 2017) ("Pursuant to the revisions to the Federal Rules effective December 1, 2015, if objections are posed, the 'objection must state whether any responsive materials are being withheld on the basis of that objection.'").  If so, that party must identify responsive documents withheld via a privilege log.  FRCP 26(b)(5).  TP-Link has not specified whether it withheld responsive documents on the basis of attorney-client privilege.  Nor has it produced a privilege log, thus depriving Thimes the right to evaluate the basis for and validity of TP-Link's privilege claims.  TP-Link must either promptly prepare a sufficiently detailed privilege log or withdraw this objection.

TP-Link's unsupported and generalized assertion that documents are "confidential" is likewise an inappropriate basis for withholding production because the parties have stipulated to a protective order.  (ECF No. 133.)  Substantively, the objection is also insufficient as it fails to identify what "information," or even what categories of information, are confidential, and likewise fails to explain why such information warrants protection.  "[C]onclusory arguments [are] insufficient to establish requested documents are trade secrets and meritorious of confidential status and protection" *Hill v. Eddie Bauer*, 242 F.R.D. 556, 562 (C.D. Cal. 2007)(citation omitted).  To qualify for protection, TP-Link must show that the information is "trade secret or other confidential … commercial information," and it must show that it would be harmed by the disclosure of such information.  *Id*. at 561.  As noted, TP-Link must also specify whether it is withholding responsive documents on this basis.

# GAW | POE LLP

4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Phone: (415) 766 7451
Fax: (415) 737 0642

**Specific Requests**

RFP No. 1:  TP-Link states that it will produce internal communications referencing "Thimes Solutions."  As you know from TP-Link's intellectual property complaints and from earlier complaints in this case, Thimes Solutions' screen name is "Universal Goods & Sales."  Please ensure that your search for documents and ESI includes that term; this applies to every response where TP-Link agreed to produce documents or information referencing Thimes.

RFP No. 2:  In addition to the boilerplate objections referenced above, TP-Link also objects that the term "authorized sales of YOUR wireless router products" renders the request vague and ambiguous.  This assertion fails to satisfy TP-Link's burden "to show such vagueness or ambiguity by demonstrating that more tools beyond mere reason and common sense are necessary to attribute ordinary definitions to terms and phrases." *Local.com Corp. v. Fry's Elecs., Inc.*, No. 12-cv-0976-JGB (JPRx), 2013 WL 12139096, at *2 (C.D. Cal. Feb. 22, 2013).

TP-Link's response—that it would produce internal communications referencing Thimes Solutions—also fails to comply with the request, which seeks TP-Link's internal communications relating to the decision to use Amazzia to monitor sales of TP-Link's wireless products on Amazon.

RFP No. 5:  TP-Link objects on the grounds that Thimes "appears to make use of confidential, nonpublic materials, obtained by plaintiff and/or plaintiff's counsel outside the scope of discovery in this matter."

As far as Thimes is aware, it was TP-Link that voluntarily made public the Amazon Brand Protection Agreement in February 2019 in the *Careful Shopper, LLC* matter pending in the Eastern District of New York, No. 1:18-cv-03019-RJD-RML, attached as an exhibit to the supplemental declaration of Kevin Ryu in support of TP-Link's motion to dismiss (ECF No. 35-1).  Even if TP-Link had not voluntarily disclosed that agreement publicly, Thimes is not aware of any authority in the Ninth Circuit (or elsewhere) suggesting that a requesting party's reliance on "nonpublic materials" is a proper basis for the responding party to resist production of responsive documents.

TP-Link's response—that it would produce "communications sent to or received from Amazzia during the relevant period referencing Thimes Solutions"—does not comport with Thimes' request, which seeks communications TP-Link exchanged with Amazzia regarding "non-compliant sellers" of TP-Link's wireless router products.  There's no basis for TP-Link to limit the scope of the request to documents referencing Thimes.

**Auyang Declaration Exhibit A - page 5**

# GAW | POE LLP

4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Phone: (415) 766 7451
Fax: (415) 737 0642

RFP Nos. 6-10:

Request Nos. 6 seeks communications TP-Link exchanged with Amazzia relating to "the cleanup project." Request Nos. 7 and 8 seek communications TP-Link exchanged with Amazzia and Amazon relating to re-sellers of TP-Link's wireless router products on Amazon. Request Nos. 9 and 10 seek communications TP-Link exchanged with Amazzia and Amazon relating to TP-Link's minimum advertised price for its wireless products. Request No. 14 seeks TP-Link's internal documents and communications relating to unauthorized sales of TP-Link wireless router products on Amazon.

All of these requests are relevant to Thimes's allegations that Defendants conspired to eliminate Thimes and other re-sellers offering TP-Link's WLAN products below the manufacturer's minimum advertised price from Amazon. It is thus improper for TP-Link to unilaterally decide to restrict production to communications sent or received from Amazzia and Amazon or internal communications referencing Thimes Solutions (Nos. 6-8, 14), or the minimum advertised price for TP-Link wireless routers identified in the complaint (Nos. 9-10). TP-Link must withdraw its improper limitations and produce all responsive information and documents as requested.

RFP Nos. 11-12:

These requests seek communications TP-Link exchanged with Amazzia relating to (1) complaints Amazzia filed to Amazon relating to TP-Link's wireless router products, and (2) Amazon's resolution of complaints unauthorized resales of manufacturers' products. These requests are relevant to Thimes's allegations that Defendants abused Amazon's infringement notice process to eliminate TP-Link's competitors on Amazon.

TP-Link's unilateral decision to produce only communications referencing Thimes is improper. TP-Link must revise its response to produce the documents and information as requested.

RFP No. 13: Thimes is not aware of any authority permitting a party responding to discovery to restrict production of documents to what it unilaterally determines to be "relevant." Thimes would be happy to review any authority TP-Link provides on this point. Otherwise, please amend the response to include all responsive documents as requested.

RFP Nos. 15-17: These requests seek information regarding any impact that Thimes or unauthorized resellers may have on either the sales or profitability of (No. 15), or supply and demand for (Nos. 16-17), TP-Link's wireless router products in certain geographic markets and Amazon. Information responsive to these requests is relevant to Thimes's allegations that Defendants conspired to eliminate Thimes from offering TP-Link's WLAN products below the manufacturer's minimum advertised price on Amazon. It is also relevant to our expert's antitrust analysis on product and geographic markets. None

**Auyang Declaration Exhibit A - page 6**

# GAW | POE LLP

4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Phone: (415) 766 7451
Fax: (415) 737 0642

of the stated objections is a proper basis for TP-Link to unilaterally limit production to internal communications referencing Thimes Solutions.

RFP Nos. 18-19:  the requested information and documents are relevant to our expert's antitrust analysis on establishing TP-Link's market share of the wireless router product market.

RFP Nos. 20-24:  TP-Link's sales, revenue, and cost data for online and geographic markets, as well as any third party market analyses and reports concerning wireless router markets that TP-Link analyzed, are relevant towards Thimes' antitrust claims and establishing TP-Link's market power.

RFP Nos. 25-26:  TP-Link's analyses of its competitors in the wireless router product market and communications regarding the same are relevant to Thimes's allegations that Defendants conspired to eliminate Thimes and other re-sellers offering TP-Link's WLAN products below the manufacturer's minimum advertised price from Amazon.

RFP No. 27:  this request seeks information supporting TP-Link's affirmative defenses. Documents responsive to this request is, by definition, relevant.

**Scope of Collection, Status of Production**

In addition to the above, we would like to discuss which sources and custodians of ESI TP-Link is collecting from and what search terms it used for the collection.  Furthermore, please let us know when TP-Link anticipates beginning production, and when it will be completed.

Please tell us dates within the next ten days when you are available for the conference of counsel described in Local Rule 37-1.

Regards,

Victor Meng

5

**Auyang Declaration Exhibit A - page 7**

# EXHIBIT B

| | |
|---|---|
| **From:** | Victor Meng |
| **To:** | M. Michelle Rohani; Prashanth Chennakesavan; Heather Auyang |
| **Cc:** | Josh Waldman; Patice Gore; Randolph Gaw; Mark Schlachet; Mark Poe |
| **Subject:** | RE: Thimes v. TP Link: M&C re Thimes 1st RFP |
| **Date:** | Tuesday, June 7, 2022 8:57:11 AM |
| **Attachments:** | image001.png |
| | draft Joint Stipulations and supporting documents.zip |

---

[EXTERNAL EMAIL] This email originated from outside of the **LTL Attorneys** organization. **DO NOT CLICK** links or open attachments unless you recognize the sender and know the content is safe.

---

Hi Michelle,

June 30 works for us and Thimes for mediation.

Regarding the motions to compel, here are Thimes's portions of the draft joint stipulations and supporting documents setting forth our position against TP-Link and Amazzia.  Per Local Rule 37, TP-Link and Amazzia are to return their respective inserts by no later than June 14.

Victor Meng
Gaw | Poe LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Direct: 415.895.0862
Main: 415.766.7451
Fax: 415.737.0642

---

**From:** M. Michelle Rohani <mrohani@bkcglaw.com>
**Sent:** Monday, June 6, 2022 11:23 AM
**To:** Victor Meng <vmeng@gawpoe.com>; Prashanth Chennakesavan <Prashanth.Chennakesavan@ltlattorneys.com>; Heather Auyang <Heather.Auyang@ltlattorneys.com>
**Cc:** Josh Waldman <jwaldman@bkcglaw.com>; Patice Gore <patice.gore@ltlattorneys.com>; Randolph Gaw <rgaw@gawpoe.com>; Mark Schlachet <markschlachet@me.com>; Mark Poe <mpoe@gawpoe.com>
**Subject:** Re: Thimes v. TP Link: M&C re Thimes 1st RFP

Thanks Victor.  Recovery and quarantine have both worked well.

Since your side is not available the entire week of June 20th, how does June 30th work.  TP-Link, Amazzia and the mediator are all available on that date.

**Auyang Declaration Exhibit B - page 8**

As for the motion to compel, I would appreciate clarification.  It appears premature since we have agreed to serve the supplemental responses and you have yet to see them.

M. Michelle Rohani



2020 Main Street, Suite 600
Irvine, CA 92614
T: 949.975.7500
F: 949.975.7501
E: mrohani@bkcglaw.com
www.bkcglaw.com

This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us by telephone, and return the original message to us at the above e-mail address, deleting all copies from your e-mail system

**From:** Victor Meng <vmeng@gawpoe.com>
**Sent:** Monday, June 6, 2022 9:26 AM
**To:** M. Michelle Rohani <mrohani@bkcglaw.com>; Prashanth Chennakesavan <Prashanth.Chennakesavan@ltlattorneys.com>; Heather Auyang <Heather.Auyang@ltlattorneys.com>
**Cc:** Josh Waldman <jwaldman@bkcglaw.com>; Patice Gore <patice.gore@ltlattorneys.com>; Randolph Gaw <rgaw@gawpoe.com>; Mark Schlachet <markschlachet@me.com>; Mark Poe <mpoe@gawpoe.com>
**Subject:** RE: Thimes v. TP Link: M&C re Thimes 1st RFP

Hi Michelle,

I'm sorry to hear about your family's illness; hope they recover quickly.

For mediation, I think if we can agree on a mediator and date, the Court will be much more likely to approve a stipulation and proposed order allowing us relief from the deadline since we'll have something scheduled already.  I don't think the Court would otherwise grant relief.  Trying for mediation this week might be problematic, but we are willing to consider it.
We will be serving joint stipulations to both Defendants regarding our forthcoming motions to compel discovery per Local Rule 37.

Victor Meng

Gaw | Poe LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Direct: 415.895.0862
Main: 415.766.7451
Fax: 415.737.0642

---

**From:** M. Michelle Rohani <mrohani@bkcglaw.com>
**Sent:** Friday, June 3, 2022 10:37 AM
**To:** Prashanth Chennakesavan <Prashanth.Chennakesavan@ltlattorneys.com>; Victor Meng <vmeng@gawpoe.com>; Heather Auyang <Heather.Auyang@ltlattorneys.com>
**Cc:** Josh Waldman <jwaldman@bkcglaw.com>; Patice Gore <patice.gore@ltlattorneys.com>; Randolph Gaw <rgaw@gawpoe.com>; Mark Schlachet <markschlachet@me.com>; Mark Poe <mpoe@gawpoe.com>
**Subject:** Re: Thimes v. TP Link: M&C re Thimes 1st RFP

Victor,

Apologies for the delay.  My husband and youngest tested positive for covid on Wednesday and are symptomatic so I've been dealing with quarantining and caregiving.  We are agreeable to serving supplemental responses without the need for your client reserving the requests.   Document production will follow per FCRP.

As for mediation, what are your suggestions, seeing that none of the proposed dates work? Should we try to get an extension from the Court?  Are you available for mediation next week, assuming the mediator and TP-Link are available?

Get Outlook for iOS

---

**From:** Prashanth Chennakesavan <Prashanth.Chennakesavan@ltlattorneys.com>
**Sent:** Friday, June 3, 2022 9:07:21 AM
**To:** Victor Meng <vmeng@gawpoe.com>; Heather Auyang <Heather.Auyang@ltlattorneys.com>; M. Michelle Rohani <mrohani@bkcglaw.com>
**Cc:** Josh Waldman <jwaldman@bkcglaw.com>; Patice Gore <patice.gore@ltlattorneys.com>; Randolph Gaw <rgaw@gawpoe.com>; Mark Schlachet <markschlachet@me.com>; Mark Poe <mpoe@gawpoe.com>
**Subject:** RE: Thimes v. TP Link: M&C re Thimes 1st RFP

Victor—

We will be serving amended responses.  We will be following the FRCP for document production.

We will review any stipulation you send and respond accordingly.  Your threats are unavailing.  Rest assured that discovery cooperation is a two-way street.

---

**From:** Victor Meng <vmeng@gawpoe.com>
**Sent:** Friday, June 3, 2022 11:46 AM
**To:** Heather Auyang <Heather.Auyang@ltlattorneys.com>; M. Michelle Rohani <mrohani@bkcglaw.com>
**Cc:** Prashanth Chennakesavan <Prashanth.Chennakesavan@ltlattorneys.com>; Josh Waldman <jwaldman@bkcglaw.com>; Patice Gore <patice.gore@ltlattorneys.com>; Randolph Gaw <rgaw@gawpoe.com>; Mark Schlachet <markschlachet@me.com>; Mark Poe <mpoe@gawpoe.com>
**Subject:** Re: Thimes v. TP Link: M&C re Thimes 1st RFP

> [EXTERNAL EMAIL] This email originated from outside of the **LTL Attorneys** organization. **DO NOT CLICK** links or open attachments unless you recognize the sender and know the content is safe.

Counsel,

I infer from your silence to two separate inquiries that Defendants do not intend to serve amended responses or produce any documents.  We will begin the process of preparing a joint stipulation to seek court relief and monetary sanctions.  Defendants can explain to the magistrate why they could not respond to a simple question for over a week.

Regards,
Victor


Victor Meng
Gaw | Poe LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
415.895.0862



On Jun 1, 2022, at 4:47 PM, Victor Meng <vmeng@gawpoe.com> wrote:

Hi Heather, Michelle,

Following up on this.  Let us know if defendants agree to serve amended responses and begin production of documents on June 9.

Thanks,

Victor


Victor Meng
Gaw | Poe LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Direct: 415.895.0862
Main: 415.766.7451
Fax: 415.737.0642


**From:** Victor Meng <vmeng@gawpoe.com>
**Sent:** Thursday, May 26, 2022 5:22 PM
**To:** 'Heather Auyang' <Heather.Auyang@ltlattorneys.com>; 'M. Michelle Rohani'
<mrohani@bkcglaw.com>
**Cc:** 'Prashanth Chennakesavan' <Prashanth.Chennakesavan@ltlattorneys.com>; 'Josh
Waldman' <jwaldman@bkcglaw.com>; 'Patice Gore' <patice.gore@ltlattorneys.com>;
'Randolph Gaw' <rgaw@gawpoe.com>; 'Mark Schlachet' <markschlachet@me.com>;
Mark Poe <mpoe@gawpoe.com>
**Subject:** Thimes v. TP Link: M&C re Thimes 1st RFP

Hi Heather, Michelle,
Thanks for your time on the call today.  After discussion, Thimes believes that its first
set of requests (with the exception of numbers 18-24) apply equally to the two state
law claims, and re-serving another set is not necessary.  But Thimes will agree to give
defendants 14 days to serve amended responses, provided that defendants agree to
begin production of documents at the same time.  Please let us know if you agree to
that proposal, and your position on sharing the sources and custodians of ESI
defendants are planning to collect from and the search terms to use for the collection.
Thanks,
Victor


Victor Meng
Gaw | Poe LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Direct: 415.895.0862
Main: 415.766.7451
Fax: 415.737.0642

# EXHIBIT C

1  LTL ATTORNEYS LLP
   Joe H. Tuffaha (SBN 253723)
2    joe.tuffaha@ltlattorneys.com
   Prashanth Chennakesavan (SBN 284022)
3    prashanth.chennakesavan@ltlattorneys.com
4  Heather F. Auyang (SBN 191776)
     heather.auyang@ltlattorneys.com
5  Patice A. Gore (SBN 258776)
     patice.gore@ltlattorneys.com
6  300 South Grand Ave., 14th Floor
7  Los Angeles, CA 90071
   Tel:  (213) 612-8900
8  Fax:  (213) 612-3773

9  Attorneys for Defendant and
10 Counterclaimant TP-Link USA Corporation

11            UNITED STATES DISTRICT COURT
              CENTRAL DISTRICT OF CALIFORNIA
12
13            WESTERN DIVISION

14 THIMES SOLUTIONS INC.,              CASE NO.: 2:19-cv-10374-SB-E

15           Plaintiff,               **DEFENDANT TP-LINK USA
16                                    CORPORATION'S
                                      SUPPLEMENTAL OBJECTIONS
17     v.                             AND RESPONSES TO PLAINTIFF
                                      THIMES SOLUTIONS, INC.'S
18 TP-LINK USA CORPORATION, and       FIRST REQUEST FOR
19 AUCTION BROTHERS, INC. d/b/a       PRODUCTION OF DOCUMENTS**
   AMAZZIA,
20
21           Defendants.
22
23 TP-LINK USA CORPORATION,
24
25           Counterclaimant,
26     v.
27 THIMES SOLUTIONS INC.,
28

No. 2:19-cv-10374-SB-E

1         Counter-Defendant.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT TP-LINK USA'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO THIMES
REQUESTS FOR PRODUCTION, SET ONE

**Auyang Declaration Exhibit C - page 14**

Defendant TP LINK USA CORPORATION ("TP-Link"), by and through and its undersigned counsel, hereby submits the following supplemental objections and responses to Plaintiff THIMES SOLUTIONS INC.'s First Request for Production ("RFP").

## Objections to Definitions and Instructions

1.      TP-Link objects to the Definitions and Instructions to the extent that they seek to impose any burdens inconsistent with, or in addition to, TP-Link's obligations under the applicable rules, including the Federal Rules of Civil Procedure, the Local Rules for the Central District of California, any order of this Court, or any stipulation or agreement between the parties.

2.      TP-Link objects to the Definitions and Instructions to the extent that they seek premature disclosure in light of the timetable for the disclosure of certain categories of information, as provided by the Federal Rules of Civil Procedure, the Local Rules for the Central District of California, any order of this Court, or any stipulation or agreement between the parties.

3.      TP-Link objects to the Definitions and Instructions to the extent that they purport to require production of documents that is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

4.      TP-Link objects to the Definitions and Instructions to the extent that they call for production of documents, things, communications, or information not in TP-Link's possession, custody, or control, call for TP-Link to prepare documents or things that do not already exist, or call for documents, things, communications, or information that are not obtainable by means of a reasonably diligent search, including,  without limitation, documents, things, communications, or information that are not maintained

by TP-Link in the normal course of business.

5.     TP-Link objects to the Definitions and Instructions to the extent that they seek documents, things, communications, or information that are protected from disclosure by the attorney-client privilege, the work-product immunity doctrine, the common-interest privilege, and/or any other applicable privilege or protection from disclosure afforded by law or regulation.  Inadvertent production of such information shall not constitute the waiver of any applicable privilege, prohibition, limitation, doctrine, immunity, protection, or objection, including, but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, work-product, privilege, and/or admissibility as evidence.

6.     TP-Link objects to the Definitions and Instructions to the extent that they seek production of documents, things, communications, or information that are trade secrets and/or confidential or proprietary business information of TP-Link or any third party.  Subject to these general objections to the definitions and instructions, and all specific objections, TP-Link shall produce responsive documents after the parties have executed, and the Court has approved and entered, a stipulated protective order governing production of documents in this action.

7.     TP-Link objects to the Definitions and Instructions on the grounds that they are overly broad and/or unduly burdensome to the extent that they are not limited to a timeframe relevant to this action.  Subject to these general objections to the definitions and instructions, and all specific objections, TP-Link shall produce responsive documents dated from January 2018 through the filing of the original complaint in this action.

8.     TP-Link objects to Plaintiff's definition of "YOU" to the extent that Plaintiff seeks to compel TP-Link to collect or produce information, communications, or documents from parties from whom TP-Link has no right or obligation to collect information or documents.  TP-Link further objects to the definitions of the term

1   "YOU" as being vague, overbroad, and unduly burdensome to the extent that Plaintiff

2   purports to impose discovery obligations on any person who is not a party to this

3   litigation.

4       9.      TP-Link objects to Plaintiff's definition of "RELATING TO" or

5   "RELATE TO" as vague, ambiguous, confusing, overly broad and unduly burdensome

6   as used.

7       10.     TP-Link will produce its documents in TIFF or PDF form, in black and

8   white, and with load files.  TP-Link will consider reasonable requests for native

9   versions and/or color versions of individual documents made in good faith for good

10  cause (so long as and to the extent to which Plaintiff agrees to do the same).

11      11.     TP-Link objects to the scope and timing of Plaintiff's first set of document

12  requests on the grounds that the pleadings have not been settled, and, if TP-Link's

13  motion to dismiss is granted in full or part, many of the requests will not be drawn to

14  any relevant subject matter.  TP-Link's investigation into the parties' claims and

15  defenses is continuing, and TP-Link's objections and responses to these requests for

16  production are based upon the information in its possession after diligent inquiry at the

17  time of preparation of these responses.  TP-Link reserves the right to amend,

18  supplement, modify, and/or correct its objections or responses based on developments

19  in this litigation and as additional information becomes available to TP-Link in the

20  course of its investigation.

21              **Specific Objections and Responses**

22  **Request No. 1:**

23      All COMMUNICATIONS between YOUR employees RELATING TO TSI's

24  re-sales of YOUR wireless router products.

25  **Objections and Response to Request No. 1:**

26      TP-Link specifically objects to this request on the grounds that it is vague,

27  ambiguous, overly broad and not proportional to the needs of the case based on the

28

**Auyang Declaration Exhibit C - page 17**

overly broad definition of the term "RELATING TO" as used in the request.  TP-Link further specifically objects to this request on the grounds that it seeks production of documents not relevant to any claim to the extent that it seeks discovery regarding "YOUR wireless router products," a term which is not defined in the document requests and not identified as a relevant product market in the Fourth Amended Complaint. TP-Link also specifically objects to this request on the grounds that the phrase "re-sales of YOUR wireless router products" renders the request vague and ambiguous and otherwise calls upon TP-Link to assume facts that have not been established.  TP-Link also specifically objects to this request to the extent that it seeks privileged and confidential information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or protection.

Subject to these Specific Objections, and all Objections to the Definitions and Instructions, TP-Link responds that it will produce internal communications during the relevant period referencing Thimes Solutions, if any, in its possession, custody, or control located after a reasonable search.

**Supplemental Response to Request No. 1**:

TP-Link responds that it will produce internal communications during the relevant period referencing Thimes Solutions and Universal Goods & Sales, if any, in its possession, custody, or control located after a reasonable search.  TP-Link will produce documents within three weeks.

**Request No. 2:**

All COMMUNICATIONS between YOUR employees RELATING TO YOUR decision to use AMAZZIA to monitor authorized sales of YOUR wireless router products on Amazon.

**Objections and Response to Request No. 2:**

TP-Link specifically objects to this request on the grounds that it is vague, ambiguous, overly broad and not proportional to the needs of the case based on the

overly broad definition of the term "RELATING TO" as used in the request. TP-Link further specifically objects to this request on the grounds that it seeks production of documents not relevant to any claim to the extent that it seeks discovery regarding "YOUR wireless router products," a term which is not defined in the document requests and not identified as a relevant product market in the Fourth Amended Complaint. TP-Link also specifically objects to this request on the grounds that the phrase "authorized sales of YOUR wireless router products" renders the request vague and ambiguous and otherwise calls upon TP-Link to assume facts that have not been established. TP-Link also specifically objects to this request to the extent that it seeks privileged and confidential information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or protection.

Subject to these Specific Objections, and all Objections to the Definitions and Instructions, TP-Link responds that it will produce internal communications during the relevant period referencing Thimes Solutions, if any, in its possession, custody, or control located after a reasonable search.

**Supplemental Response to Request No. 2**:

TP-Link responds that it will produce internal communications during the relevant period referencing Thimes Solutions and Universal Goods & Sales, if any, in its possession, custody, or control located after a reasonable search. TP-Link will produce documents within three weeks.

**Request No. 3:**

All COMMUNICATIONS YOU sent to or received from AMAZZIA RELATING TO TSI's re-sales of YOUR wireless router products.

**Objections and Response to Request No. 3:**

TP-Link specifically objects to this request on the grounds that it is vague, ambiguous, overly broad and not proportional to the needs of the case based on the overly broad definition of the term "RELATING TO" as used in the request. TP-Link

**Auyang Declaration Exhibit C - page 19**

1  further specifically objects to this request on the grounds that it seeks production of

2  documents not relevant to any claim to the extent that it seeks discovery regarding

3  "YOUR wireless router products," a term which is not defined in the document requests

4  and not identified as a relevant product market in the Fourth Amended Complaint. TP-

5  Link also specifically objects to this request on the grounds that the phrase "re-sales of

6  YOUR wireless router products" renders the request vague and ambiguous and

7  otherwise calls upon TP-Link to assume facts that have not been established.  TP-Link

8  also specifically objects to this request to the extent that it seeks privileged and

9  confidential information protected from disclosure by the attorney-client privilege, the

10  attorney work-product doctrine, and/or any other privilege or protection.

11      Subject to these Specific Objections, and all Objections to the Definitions and

12  Instructions, TP-Link responds that it will produce communications sent to or received

13  from Amazzia during the relevant period referencing Thimes Solutions, if any, in its

14  possession, custody, or control located after a reasonable search.

15  **Supplemental Response to Request No. 3**:

16      TP-Link responds that it will produce communications sent to or received from

17  Amazzia during the relevant period referencing Thimes Solutions and Universal Goods

18  & Sales, if any, in its possession, custody, or control located after a reasonable search.

19  TP-Link will produce documents within three weeks.

20  **Request No. 4:**

21      All COMMUNICATIONS YOU sent to or received from Amazon.com, Inc. or

22  Amazon Services LLC RELATING TO TSI's re-sales of YOUR wireless router

23  products.

24  **Objections and Response to Request No. 4:**

25      TP-Link specifically objects to this request on the grounds that it is vague,

26  ambiguous, overly broad and not proportional to the needs of the case based on the

27  overly broad definition of the term "RELATING TO" as used in the request.  TP-Link

28

DEFENDANT TP-LINK USA'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO THIMES
REQUESTS FOR PRODUCTION, SET ONE

**Auyang Declaration Exhibit C - page 20**

further specifically objects to this request on the grounds that it seeks production of documents not relevant to any claim to the extent that it seeks discovery regarding "YOUR wireless router products," a term which is not defined in the document requests and not identified as a relevant product market in the Fourth Amended Complaint. TP-Link also specifically objects to this request on the grounds that the phrase "re-sales of YOUR wireless router products" renders the request vague and ambiguous and otherwise calls upon TP-Link to assume facts that have not been established.

Subject to these Specific Objections, and all Objections to the Definitions and Instructions, TP-Link responds that it will produce communications sent to or received from Amazon.com, Inc. or Amazon Services LLC during the relevant period referencing Thimes Solutions, if any, in its possession, custody, or control located after a reasonable search.

**Supplemental Response to Request No. 4**:

TP-Link responds that it will produce communications sent to or received from Amazon.com, Inc. or Amazon Services LLC during the relevant period referencing Thimes Solutions and Universal Goods & Sales, if any, in its possession, custody, or control located after a reasonable search. TP-Link will produce documents within three weeks.

**Request No. 5:**

All COMMUNICATIONS YOU sent to or received from AMAZZIA RELATING TO "non-compliant sellers" of YOUR wireless router products, as that term is used in the Amazon Brand Protection Agreement(s) between YOU and AMAZZIA.

**Objections and Response to Request No. 5:**

TP-Link specifically objects to this request on the grounds that it is vague, ambiguous, overly broad and not proportional to the needs of the case based on the overly broad definition of the term "RELATING TO" as used in the request. TP-Link

**Auyang Declaration Exhibit C - page 21**

1  further specifically objects to this request on the grounds that it seeks production of

2  documents not relevant to any claim to the extent that it is not limited in scope to TSI

3  or any product market alleged in the Fourth Amended Complaint.  TP-Link further

4  specifically objects to this request on the grounds that it seeks production of documents

5  not relevant to any claim to the extent that it seeks discovery regarding "YOUR

6  wireless router products," a term which is not defined in the document requests and not

7  identified as a relevant product market in the Fourth Amended Complaint.  TP-Link

8  also specifically objects to this request on the grounds that the request appears to make

9  use of confidential, non-public materials, obtained by plaintiff and/or plaintiff's

10  counsel outside the scope of discovery in this matter.  TP-Link also specifically objects

11  to this request to the extent that it seeks privileged and confidential information

12  protected from disclosure by the attorney-client privilege, the attorney work-product

13  doctrine, and/or any other privilege or protection.

14       Subject to these Specific Objections, and all Objections to the Definitions and

15  Instructions, TP-Link responds that it will produce communications sent to or received

16  from Amazzia during the relevant period referencing Thimes Solutions, if any, in its

17  possession, custody, or control located after a reasonable search.

18  **Supplemental Response to Request No. 5**:

19       TP-Link responds that it will produce communications sent to or received from

20  Amazzia during the relevant period referencing Thimes Solutions and Universal Goods

21  & Sales, if any, in its possession, custody, or control located after a reasonable search.

22  TP-Link will produce documents within three weeks.

23  **Request No. 6:**

24       All COMMUNICATIONS YOU sent to or received from AMAZZIA

25  RELATING TO "the cleanup project," as that term is used in the Amazon Brand

26  Protection Agreement(s) between YOU and AMAZZIA.

27

28

DEFENDANT TP-LINK USA'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO THIMES
REQUESTS FOR PRODUCTION, SET ONE

**Auyang Declaration Exhibit C - page 22**

**Objections and Response to Request No. 6:**

TP-Link specifically objects to this request on the grounds that it is vague, ambiguous, overly broad and not proportional to the needs of the case based on the overly broad definition of the term "RELATING TO" as used in the request.  TP-Link further specifically objects to this request on the grounds that it seeks production of documents not relevant to any claim to the extent that it is not limited in scope to Thimes Solutions or any product market alleged in the Fourth Amended Complaint. TP-Link also specifically objects to this request on the grounds that the request appears to make use of confidential, non-public materials, obtained by plaintiff and/or plaintiff's counsel outside the scope of discovery in this matter.   TP-Link also specifically objects to this request to the extent that it seeks privileged and confidential information protected from disclosure by the attorney client privilege, the attorney work-product doctrine, and/or any other privilege or protection.

Subject to these Specific Objections, and all Objections to the Definitions and Instructions, TP-Link responds that it will produce communications sent to or received from Amazzia during the relevant period referencing Thimes Solutions, if any, in its possession, custody, or control located after a reasonable search.

**Supplemental Response to Request No. 6:**

TP-Link responds that it will produce communications sent to or received from Amazzia during the relevant period referencing Thimes Solutions and Universal Goods & Sales, if any, in its possession, custody, or control located after a reasonable search. TP-Link will produce documents within three weeks.

**Request No. 7:**

All COMMUNICATIONS YOU sent to or received from AMAZZIA RELATING TO re-sellers of YOUR wireless router products on the Amazon Marketplace.

**Auyang Declaration Exhibit C - page 23**

**Objections and Response to Request No. 7:**

TP-Link specifically objects to this request on the grounds that it is vague, ambiguous, overly broad and not proportional to the needs of the case based on the overly broad definition of the term "RELATING TO" as used in the request.  TP-Link further specifically objects to this request on the grounds that it seeks production of documents not relevant to any claim to the extent that it seeks discovery regarding "YOUR wireless router products," a term which is not defined in the document requests and not identified as a relevant product market in the Fourth Amended Complaint.  TP-Link also specifically objects to this request on the grounds that the phrase "re-sellers of YOUR wireless router products" renders the request vague and ambiguous and otherwise calls upon TP-Link to assume facts that have not been established.  TP-Link also specifically objects to this request to the extent that it seeks privileged and confidential information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or protection.

Subject to these Specific Objections, and all Objections to the Definitions and Instructions, TP-Link responds that it will produce communications sent to or received from Amazzia during the relevant period referencing Thimes Solutions, if any, in its possession, custody, or control located after a reasonable search.

**Supplemental Response to Request No. 7**:

TP-Link responds that it will produce communications sent to or received from Amazzia during the relevant period referencing Thimes Solutions and Universal Goods & Sales, if any, in its possession, custody, or control located after a reasonable search. TP-Link will produce documents within three weeks.

**Request No. 8:**

All COMMUNICATIONS YOU sent to or received from Amazon.com, Inc. or Amazon Services LLC RELATING TO re-sellers of YOUR wireless router products.

**Objections and Response to Request No. 8:**

TP-Link specifically objects to this request on the grounds that it is vague, ambiguous, overly broad and not proportional to the needs of the case based on the overly broad definition of the term "RELATING TO" as used in the request.  TP-Link further specifically objects to this request on the grounds that it seeks production of documents not relevant to any claim to the extent that it seeks discovery regarding "YOUR wireless router products," a term which is not defined in the document requests and not identified as a relevant product market in the Fourth Amended Complaint.  TP-Link also specifically objects to this request on the grounds that the phrase "re-sellers of YOUR wireless router products" renders the request vague and ambiguous and otherwise calls upon TP-Link to assume facts that have not been established.

Subject to these Specific Objections, and all Objections to the Definitions and Instructions, TP-Link responds that it will produce communications sent to or received from Amazon.com, Inc. or Amazon Services LLC during the relevant period referencing Thimes Solutions, if any, in its possession, custody, or control located after a reasonable search.

**Supplemental Response to Request No. 8**:

TP-Link responds that it will produce communications sent to or received from Amazon.com, Inc. or Amazon Services LLC during the relevant period referencing Thimes Solutions and Universal Goods & Sales, if any, in its possession, custody, or control located after a reasonable search.  TP-Link will produce documents within three weeks.

**Request No. 9:**

All COMMUNICATIONS YOU sent to or received from AMAZZIA RELATING TO YOUR minimum advertised price for YOUR wireless router products.

**Objections and Response to Request No. 9:**

TP-Link specifically objects to this request on the grounds that it is vague,

**Auyang Declaration Exhibit C - page 25**

1  ambiguous, overly broad and not proportional to the needs of the case based on the
2  overly broad definition of the term "RELATING TO" as used in the request.  TP-Link
3  further specifically objects to this request on the grounds that it seeks production of
4  documents not relevant to any claim to the extent that it seeks discovery regarding
5  "YOUR wireless router products," a term which is not defined in the document requests
6  and not identified as a relevant product market in the Fourth Amended Complaint.  TP-
7  Link also specifically objects to this request to the extent that it seeks privileged and
8  confidential information protected from disclosure by the attorney-client privilege, the
9  attorney work-product doctrine, and/or any other privilege or protection.

10      Subject to these Specific Objections, and all Objections to the Definitions and
11  Instructions, TP-Link responds that it will produce communications sent to or received
12  from Amazzia during the relevant period referencing any minimum advertised price
13  for the TP-Link wireless routers identified in the Fourth Amended Complaint, if any,
14  in its possession, custody, or control located after a reasonable search.

15  **Supplemental Response to Request No. 9**:

16      TP-Link specifically objects to this request on the grounds that it is vague,
17  ambiguous, overly broad and not proportional to the needs of the case based on the
18  limited state law claims; rather, this request relates to Plaintiff's now-dismissed
19  antitrust claims.  TP-Link will not respond to this request.

20  **Request No. 10:**

21      All COMMUNICATIONS YOU sent to or received from Amazon.com, Inc. or
22  Amazon Services LLC RELATING TO YOUR minimum advertised price for YOUR
23  wireless router products.

24  **Objections and Response to Request No. 10:**

25      TP-Link specifically objects to this request on the grounds that it is vague,
26  ambiguous, overly broad and not proportional to the needs of the case based on the
27  overly broad definition of the term "RELATING TO" as used in the request.  TP-Link
28

14      No. 2:19-cv-10374-SB-E

1   further specifically objects to this request on the grounds that it seeks production of

2   documents not relevant to any claim to the extent that it seeks discovery regarding

3   "YOUR wireless router products," a term which is not defined in the document requests

4   and not identified as a relevant product market in the Fourth Amended Complaint.

5        Subject to these Specific Objections, and all Objections to the Definitions and

6   Instructions, TP-Link responds that it will produce communications sent to or received

7   from Amazon.com, Inc. or Amazon Services LLC during the relevant period

8   referencing any minimum advertised price for the TP-Link wireless routers identified

9   in the Fourth Amended Complaint, if any, in its possession, custody, or control located

10  after a reasonable search.

11  **Supplemental Response to Request No. 10**:

12       TP-Link specifically objects to this request on the grounds that it is vague,

13  ambiguous, overly broad and not proportional to the needs of the case based on the

14  limited state law claims; rather, this request relates to Plaintiff's now-dismissed

15  antitrust claims.  TP-Link will not respond to this request.

16  **Request No. 11:**

17       All COMMUNICATIONS YOU sent to or received from AMAZZIA

18  RELATING TO complaints AMAZZIA filed to Amazon.com, Inc. or Amazon

19  Services LLC RELATING TO YOUR wireless router products.

20  **Objections and Response to Request No. 11:**

21       TP-Link specifically objects to this request on the grounds that it is vague,

22  ambiguous, overly broad and not proportional to the needs of the case based on the

23  overly broad definition of the term "RELATING TO" as used in the request.  TP-Link

24  further specifically objects to this request on the grounds that it seeks production of

25  documents not relevant to any claim to the extent that it seeks discovery regarding

26  "YOUR wireless router products," a term which is not defined in the document requests

27  and not identified as a relevant product market in the Fourth Amended Complaint.  TP-

28

No. 2:19-cv-10374-SB-E

DEFENDANT TP-LINK USA'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO THIMES
REQUESTS FOR PRODUCTION, SET ONE

**Auyang Declaration Exhibit C - page 27**

Link also specifically objects to this request to the extent that it seeks privileged and confidential information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or protection.

Subject to these Specific Objections, and all Objections to the Definitions and Instructions, TP-Link responds that it will produce communications sent to or received from Amazzia during the relevant period referencing Thimes Solutions, if any, in its possession, custody, or control located after a reasonable search.

**Supplemental Response to Request No. 11**:

TP-Link responds that it will produce communications sent to or received from Amazzia during the relevant period referencing Thimes Solutions and Universal Goods & Sales, if any, in its possession, custody, or control located after a reasonable search. TP-Link will produce documents within three weeks.

**Request No. 12:**

All COMMUNICATIONS YOU sent to or received from AMAZZIA RELATING TO Amazon.com, Inc. or Amazon Services LLC's resolution of intellectual property complaints filed by manufacturers against unauthorized re-sellers of those manufacturer's products.

**Objections and Response to Request No. 12:**

TP-Link specifically objects to this request on the grounds that it is vague, ambiguous, overly broad and not proportional to the needs of the case based on the overly broad definition of the term "RELATING TO" as used in the request.  TP-Link further specifically objects to this request on the grounds that it seeks production of documents not relevant to any claim to the extent that it is not limited in scope to Thimes Solutions or any product market alleged in the Fourth Amended Complaint. TP-Link also specifically objects to this request on the grounds that the term "unauthorized re-sellers of those manufacturer's products" renders the request vague and ambiguous and otherwise calls upon TP-Link to assume facts that have not been

**Auyang Declaration Exhibit C - page 28**

established.  TP-Link also specifically objects to this request to the extent that it seeks privileged and confidential information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or protection.

Subject to these Specific Objections, and all Objections to the Definitions and Instructions, TP-Link responds that it will produce communications sent to or received from Amazzia during the relevant period referencing Thimes Solutions, if any, in its possession, custody, or control located after a reasonable search.

**Supplemental Response to Request No. 12**:

TP-Link responds that it will produce communications sent to or received from Amazzia during the relevant period referencing Thimes Solutions and Universal Goods & Sales, if any, in its possession, custody, or control located after a reasonable search. TP-Link will produce documents within three weeks.

**Request No. 13:**

All drafts of any contracts between YOU and AMAZZIA.

**Objections and Response to Request No. 13:**

TP-Link specifically objects to this request on the grounds that it is overbroad to the extent it is not limited to contractual relationships governing complaints to Amazon put at issue in the Fourth Amended Complaint.  TP-Link also specifically objects to this request on the grounds that it seeks production of documents not relevant to any claim and not proportionate to the needs of the case to the extent it requests "All drafts of any contracts."  TP-Link also specifically objects to this request to the extent that it seeks privileged and confidential information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or protection.

Subject to these Specific Objections, and all Objections to the Definitions and Instructions, TP-Link responds that it will produce relevant agreements, if any, in its possession, custody, or control located after a reasonable search.

**Supplemental Response to Request No. 13**:

TP-Link responds that it will produce Amazon Brand Protection Agreements with Amazzia during the relevant period in its possession, custody, or control located after a reasonable search.  TP-Link will produce documents within three weeks.

**Request No. 14:**

ALL DOCUMENTS and COMMUNICATIONS authorized by or transmitted between YOUR employees RELATING TO unauthorized sales of YOUR wireless router products on Amazon.com, Inc. or Amazon Services LLC.

**Objections and Response to Request No. 14:**

TP-Link specifically objects to this request on the grounds that it is vague, ambiguous, overly broad and not proportional to the needs of the case based on the overly broad definition of the term "RELATING TO" as used in the request.  TP-Link further specifically objects to this request on the grounds that it seeks production of documents not relevant to any claim to the extent that it seeks discovery regarding "YOUR wireless router products," a term which is not defined in the document requests and not identified as a relevant product market in the Fourth Amended Complaint.  TP-Link also specifically objects to this request on the grounds that the phrase "unauthorized sales of YOUR wireless router products" renders the request vague and ambiguous and otherwise calls upon TP-Link to assume facts that have not been established.  TP-Link also specifically objects to this request to the extent that it seeks privileged and confidential information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or protection.

Subject to these Specific Objections, and all Objections to the Definitions and Instructions, TP-Link responds that it will produce internal communications during the relevant period referencing Thimes Solutions, if any, in its possession, custody, or control located after a reasonable search.

**Supplemental Response to Request No. 14**:

TP-Link responds that it will produce internal communications during the relevant period referencing Thimes Solutions and Universal Goods & Sales, if any, in its possession, custody, or control located after a reasonable search.   TP-Link will produce documents within three weeks.

**Request No. 15:**

All DOCUMENTS and COMMUNICATIONS authored by or transmitted between YOUR employees RELATING TO any impact that TSI may have on either the sales or profitability of YOUR wireless router products.

**Objections and Response to Request No. 15:**

TP-Link specifically objects to this request on the grounds that it is vague, ambiguous, overly broad and not proportional to the needs of the case based on the overly broad definition of the term "RELATING TO" as used in the request. TP-Link further specifically objects to this request on the grounds that it seeks production of documents not relevant to any claim to the extent that it seeks discovery regarding "YOUR wireless router products," a term which is not defined in the document requests and not identified as a relevant product market in the Fourth Amended Complaint.  TP-Link also specifically objects to this request to the extent that it seeks privileged and confidential information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or protection.

Subject to these Specific Objections, and all Objections to the Definitions and Instructions, TP-Link responds that it will produce internal communications during the relevant period referencing Thimes Solutions, if any, in its possession, custody, or control located after a reasonable search.

**Supplemental Response to Request No. 15**:

TP-Link specifically objects to this request on the grounds that it is vague, ambiguous, overly broad and not proportional to the needs of the case based on the

**Auyang Declaration Exhibit C - page 31**

limited state law claims; rather, this request relates to Plaintiff's now-dismissed antitrust claims.  TP-Link will not respond to this request.

**Request No. 16:**

All DOCUMENTS and COMMUNICATIONS authored by or transmitted between YOUR employees RELATING TO any impact that unauthorized re-sellers of YOUR wireless router products, including but not limited to TSI, have on the either the supply or the demand for such products in any geographic market.

**Objections and Response to Request No. 16:**

TP-Link specifically objects to this request on the grounds that it is vague, ambiguous, overly broad and not proportional to the needs of the case based on the overly broad definition of the term "RELATING TO" as used in the request.  TP-Link further specifically objects to this request on the grounds that it seeks production of documents not relevant to any claim to the extent that it seeks discovery regarding "YOUR wireless router products," a term which is not defined in the document requests and not identified as a relevant product market in the Fourth Amended Complaint.  TP-Link also specifically objects to this request on the grounds that the phrase "unauthorized re-sellers of YOUR wireless router products" renders the request vague and ambiguous and otherwise calls upon TP-Link to assume facts that have not been established. TP-Link also specifically objects to the phrase "the supply or demand for such products" is vague and ambiguous as used.  TP-Link also specifically objects to this request to the extent that it seeks privileged and confidential information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or protection.

Subject to these Specific Objections, and all Objections to the Definitions and Instructions, TP-Link responds that it will produce internal communications during the relevant period referencing Thimes Solutions, if any, in its possession, custody, or control located after a reasonable search.

DEFENDANT TP-LINK USA'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO THIMES REQUESTS FOR PRODUCTION, SET ONE

**Auyang Declaration Exhibit C - page 32**

**Supplemental Response to Request No. 16**:

TP-Link specifically objects to this request on the grounds that it is vague, ambiguous, overly broad and not proportional to the needs of the case based on the limited state law claims; rather, this request relates to Plaintiff's now-dismissed antitrust claims.  TP-Link will not respond to this request.

**Request No. 17:**

All DOCUMENTS and COMMUNICATIONS authored by or transmitted between YOUR employees RELATING TO any impact that unauthorized re-sellers of YOUR wireless router products, including but not limited to TSI, have on the either the supply or the demand for such products on the Amazon Marketplace.

**Objections and Response to Request No. 17:**

TP-Link specifically objects to this request on the grounds that it is vague, ambiguous, overly broad and not proportional to the needs of the case based on the overly broad definition of the term "RELATING TO" as used in the request.  TP-Link further specifically objects to this request on the grounds that it seeks production of documents not relevant to any claim to the extent that it seeks discovery regarding "YOUR wireless router products," a term which is not defined in the document requests and not identified as a relevant product market in the Fourth Amended Complaint.  TP-Link also specifically objects to this request on the grounds that the phrase "unauthorized re-sellers of YOUR wireless router products on the Amazon Marketplace" renders the request vague and ambiguous and otherwise calls upon TP-Link to assume facts that have not been established. TP-Link also specifically objects that the phrase "the supply or demand for such products" is vague and ambiguous as used.  TP-Link also specifically objects to this request to the extent that it seeks privileged and confidential information protected from disclosure by the attorney-client privilege or protection.

Subject to these Specific Objections, and all Objections to the Definitions and

**Auyang Declaration Exhibit C - page 33**

1  Instructions, TP-Link responds that it will produce internal communications during the
2  relevant period referencing Thimes Solutions, if any, in its possession, custody, or
3  control located after a reasonable search.

4  **Supplemental Response to Request No. 17**:

5        TP-Link specifically objects to this request on the grounds that it is vague,
6  ambiguous, overly broad and not proportional to the needs of the case based on the
7  limited state law claims; rather, this request relates to Plaintiff's now-dismissed
8  antitrust claims.  TP-Link will not respond to this request.

9  **Request No. 18:**

10        All DOCUMENTS and COMMUNICATIONS authored by or transmitted
11  between YOUR employees RELATING to the market share that YOUR wireless router
12  products possessed in any geographic market that includes New York (i.e., regardless
13  of whether any otherwise responsive documents view market regions on a national,
14  regional, or state-specific basis).

15  **Objections and Response to Request No. 18:**

16        TP-Link specifically objects to this request on the grounds that it is vague,
17  ambiguous, overly broad and not proportional to the needs of the case based on the
18  overly broad definition of the term "RELATING TO" as used in the request.  TP-Link
19  further specifically objects to this request on the grounds that it seeks production of
20  documents not relevant to any claim to the extent that it seeks discovery regarding
21  "YOUR wireless router products," a term which is not defined in the document requests
22  and not identified as a relevant product market in the Fourth Amended Complaint.

23  **Supplemental Response to Request No. 18**:

24        Plaintiff withdrew this request as related to its now-dismissed antitrust claims.
25  *See* May 26, 2022 email from Thimes to TP-Link.  TP-Link will not respond to this
26  request.

27

28

**Request No. 19:**

All DOCUMENTS and COMMUNICATIONS authored by or transmitted between YOUR employees RELATING to the market share that YOUR wireless router products possessed on the Amazon Marketplace (i.e., regardless of whether any otherwise responsive documents view markets on any other basis).

**Objections and Response to Request No. 19:**

TP-Link specifically objects to this request on the grounds that it is vague, ambiguous, overly broad and not proportional to the needs of the case based on the overly broad definition of the term "RELATING TO" as used in the request. TP-Link further specifically objects to this request on the grounds that it seeks production of documents not relevant to any claim to the extent that it seeks discovery regarding "YOUR wireless router products," a term which is not defined in the document requests and not identified as a relevant product market in the Fourth Amended Complaint.

**Supplemental Response to Request No. 19**:

Plaintiff withdrew this request as related to its now-dismissed antitrust claims. *See* May 26, 2022 email from Thimes to TP-Link.  TP-Link will not respond to this request.

**Request No. 20:**

DOCUMENTS sufficient to reflect the total number of wireless router products that YOU, or YOUR authorized re-sellers, sold on a monthly basis from 2017 to the present, broken out by each separate or distinct wireless router product. Such data should also be reported on a state-by-state basis.

**Objections and Response to Request No. 20:**

TP-Link specifically objects to this request on the grounds that it seeks production of documents not relevant to any claim to the extent that it seeks discovery regarding "wireless router products," a term which is not defined in the document requests and not identified as a relevant product market in the Fourth Amended

**Auyang Declaration Exhibit C - page 35**

1  Complaint.

2  **Supplemental Response to Request No. 20**:

3      Plaintiff withdrew this request as related to its now-dismissed antitrust claims.

4  *See* May 26, 2022 email from Thimes to TP-Link.  TP-Link will not respond to this

5  request.

6  **Request No. 21:**

7      DOCUMENTS sufficient to reflect the total number of wireless router products

8  that YOU, or YOUR authorized re-sellers, sold on a monthly basis on the Amazon

9  Marketplace from 2017 to the present, broken out by each separate or distinct wireless

10  router product.

11  **Objections and Response to Request No. 21:**

12      TP-Link specifically objects to this request on the grounds that it seeks

13  production of documents not relevant to any claim to the extent that it seeks discovery

14  regarding "wireless router products," a term which is not defined in the document

15  requests and not identified as a relevant product market in the Fourth Amended

16  Complaint.

17  **Supplemental Response to Request No. 21**:

18      Plaintiff withdrew this request as related to its now-dismissed antitrust claims.

19  *See* May 26, 2022 email from Thimes to TP-Link.  TP-Link will not respond to this

20  request.

21  **Request No. 22:**

22      DOCUMENTS sufficient to reflect the actual revenue and cost data for the

23  wireless router products YOU, or YOUR authorized re-sellers, sold on a monthly basis

24  from 2017 to the present, broken out by each separate or distinct wireless router product

25  (or at the most disaggregate level maintained by YOU).

26  **Objections and Response to Request No. 22:**

27      TP-Link specifically objects to this request on the grounds that it seeks

28

production of documents not relevant to any claim to the extent that it seeks discovery regarding "wireless router products," a term which is not defined in the document requests and not identified as a relevant product market in the Fourth Amended Complaint. TP-Link further specifically objects to this request on the grounds that the phrase "actual revenue and cost data for the wireless router products" is vague, ambiguous, and confusing.

**Supplemental Response to Request No. 22**:

Plaintiff withdrew this request as related to its now-dismissed antitrust claims. *See* May 26, 2022 email from Thimes to TP-Link.  TP-Link will not respond to this request.

**Request No. 23:**

All analyses, forecasts, revenue projections or cost projections for the wireless router products YOU, or YOUR authorized re-sellers, sold on a monthly basis from 2017 to the present, broken out by each separate or distinct wireless router product (or at the most disaggregate level maintained by YOU). Such DOCUMENTS include any analyses of net present value, discounted cash flow or incremental probability.

**Objections and Response to Request No. 23:**

TP-Link specifically objects to this request on the grounds that it seeks production of documents not relevant to any claim to the extent that it seeks discovery regarding "wireless router products," a term which is not defined in the document requests and not identified as a relevant product market in the Fourth Amended Complaint.  TP-Link further specifically objects to this request on the grounds that the phrase "[a]ll analyses, forecasts, revenue projections or cost projections for the wireless router products" is vague, ambiguous, and confusing, overly broad and unduly burdensome, and otherwise seeks discovery not proportionate to the needs of the case.

**Supplemental Response to Request No. 23**:

Plaintiff withdrew this request as related to its now-dismissed antitrust claims.

**Auyang Declaration Exhibit C - page 37**

1  *See* May 26, 2022 email from Thimes to TP-Link.  TP-Link will not respond to this

2  request.

3  **Request No. 24:**

4      All market analyses, studies, or reports (such as the IDC Quarterly Wireless

5  LAN Tracker), whether formal or informal, internal or external, regarding the wireless

6  router markets in which YOU sell wireless router products.

7  **Objections and Response to Request No. 24:**

8      TP-Link specifically objects to this request on the grounds that it seeks

9  production of documents not relevant to any claim to the extent that it seeks discovery

10  regarding "wireless router markets" and "wireless router products," terms which are

11  not defined in the document requests and not identified as a relevant product market in

12  the Fourth Amended Complaint.  TP-Link further specifically objects to this request

13  on the grounds that the phrase "[a]ll market analyses, studies, or reports … whether

14  formal or informal" is vague, ambiguous, and confusing, overly broad and unduly

15  burdensome, and otherwise seeks discovery not proportionate to the needs of the case.

16  **Supplemental Response to Request No. 24**:

17      Plaintiff withdrew this request as related to its now-dismissed antitrust claims.

18  *See* May 26, 2022 email from Thimes to TP-Link.  TP-Link will not respond to this

19  request.

20  **Request No. 25:**

21      All DOCUMENTS and COMMUNICATIONS RELATING to an analysis,

22  evaluation or study of any kind, whether formal or informal, internal or external, of

23  YOUR competitors in the wireless router product market.

24  **Objections and Response to Request No. 25:**

25      TP-Link specifically objects to this request on the grounds that it seeks

26  production of documents not relevant to any claim to the extent that it seeks discovery

27  regarding the "wireless router product market," a term which is not defined in the

28

document requests and not identified as a relevant product market in the Fourth Amended Complaint. TP-Link further specifically objects to this request on the grounds that it is vague, ambiguous, overly broad and not proportional to the needs of the case based on the overly broad definition of the term "RELATING TO," and the phrase "analysis, evaluation or study of any kind, whether formal or informal," as used in the request.

**Supplemental Response to Request No. 25:**

TP-Link specifically objects to this request on the grounds that it is vague, ambiguous, overly broad and not proportional to the needs of the case based on the limited state law claims; rather, this request relates to Plaintiff's now-dismissed antitrust claims. TP-Link will not respond to this request.

**Request No. 26:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR business strategy in competing against unauthorized re-sellers of YOUR wireless router products for sales of those products

**Objections and Response to Request No. 26:**

TP-Link specifically objects to this request on the grounds that it seeks production of documents not relevant to any claim to the extent that it seeks discovery regarding the "wireless router products," a term which is not defined in the document requests and not identified as a relevant product market in the Fourth Amended Complaint. TP-Link further specifically objects to this request on the grounds that it is vague, ambiguous, overly broad and not proportional to the needs of the case based on the overly broad definition of the term "RELATING TO," and the phrase "business strategy in competing against unauthorized re-sellers of YOUR wireless router products," as used in the request.

**Supplemental Response to Request No. 26:**

TP-Link specifically objects to this request on the grounds that it is vague,

27

ambiguous, overly broad and not proportional to the needs of the case based on the limited state law claims; rather, this request relates to Plaintiff's now-dismissed antitrust claims.  TP-Link will not respond to this request.

**Request No. 27:**

All DOCUMENTS and COMMUNICATIONS that support any of YOUR affirmative defenses.

**Objections and Response to Request No. 27:**

TP-Link specifically objects to this request on the grounds that it seeks privileged and confidential information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, among other privileges and protections. TP-Link further specifically objects to this request on the grounds that it fails to adequately describe the documents sought with reasonable particularity and seeks premature disclosure of documents and things outside any scheduling order entered in this litigation.

**Supplemental Response to Request No. 27**:

TP-Link responds that it will produce documents responsive to this request as discovery progresses.

Dated: June 9, 2022

LTL ATTORNEYS LLP

By: */s/ Heather F. Auyang*
Joedat H. Tuffaha
Prashanth Chennakesavan
Heather F. Auyang
Patice A. Gore

*Attorneys for Defendant and
Counterclaimant TP-Link USA
Corp.*

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to this action. My business address is: 300 S. Grand Ave, 14th Floor, Los Angeles, CA 90071.

On this date **June 9, 2022**, I served the foregoing document(s) described as

- **DEFENDANT TP-LINK USA CORPORATION'S <u>SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF THIMES SOLUTIONS, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS</u>**

on the interested parties in this action.

| | |
|---|---|
| Randolph Gaw<br>Mark Poe<br>Victor Meng<br>**GAW | POE LLP**<br>4 Embarcadero Center, Suite 1400<br>San Francisco, CA 94111<br>E-mail: rgaw@gawpoe.com<br>      mpoe@gawpoe.com<br>      vmeng@gawpoe.com | Attorneys for Plaintiff and Counter-Defendant Thimes Solutions Inc. |
| Mark Schlachet<br>**Law Offices of Mark Schlachet**<br>43 West 43d Street, Suite 220<br>New York, New York 10036<br>E-mail: markschlachet@me.com | |
| Joshua A. Waldman<br>M. Michelle Rohani,<br>**Burkhalter Kessler Clement & George LLP**<br>2020 Main Street, Suite 600<br>Irvine, CA 92614<br>E-mail: jwaldman@bkcglaw.com<br>      mrohani@bkcglaw.com | Attorneys for Defendant<br>Auction Brothers, Inc d/b/a Amazzia |

No. 2:19-cv-10374-SB-E

[X]   **BY ELECTRONIC MAIL** I transmitted the above listed document(s) to the e-mail address set forth above on this date.

Executed on **June 9, 2022**, at Los Angeles, California.

[X]   (Federal) I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

| Erika Santoyo | */s/ Erika Santoyo* |
|:---:|:---:|
| *Print Name* | *Signature* |

DEFENDANT TP-LINK USA'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO THIMES REQUESTS FOR PRODUCTION, SET ONE

**Auyang Declaration Exhibit C - page 42**

# EXHIBIT D

| | |
|---|---|
| **From:** | <u>Victor Meng</u> |
| **To:** | <u>Heather Auyang</u>; <u>M. Michelle Rohani</u>; <u>Josh Waldman</u> |
| **Cc:** | <u>Prashanth Chennakesavan</u>; <u>Patice Gore</u>; <u>Randolph Gaw</u>; <u>Mark Schlachet</u>; <u>Mark Poe</u> |
| **Subject:** | RE: THIMES SOLUTIONS, INC. v. TP-LINK USA CORPORATION, et al. |
| **Date:** | Friday, June 10, 2022 4:51:57 PM |
| **Attachments:** | <u>image001.png</u> |
| | <u>image002.png</u> |
| | <u>image003.png</u> |
| | <u>image004.png</u> |
| | <u>image005.png</u> |
| | <u>image006.png</u> |
| | <u>image007.png</u> |
| | <u>image008.png</u> |
| | <u>image009.jpg</u> |

**[EXTERNAL EMAIL]** This email originated from outside of the **LTL Attorneys** organization. **DO NOT CLICK** links or open attachments unless you recognize the sender and know the content is safe.

Hi Heather,

Thanks for your email.  Thimes will not revise and re-serve its portion of the joint stipulation.

Have a great weekend,
Victor


Victor Meng
Gaw | Poe LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Direct: 415.895.0862
Main: 415.766.7451
Fax: 415.737.0642


**From:** Heather Auyang <<u>Heather.Auyang@ltlattorneys.com</u>>
**Sent:** Friday, June 10, 2022 3:35 PM
**To:** Victor Meng <<u>vmeng@gawpoe.com</u>>; M. Michelle Rohani <<u>mrohani@bkcglaw.com</u>>; Josh
Waldman <<u>jwaldman@bkcglaw.com</u>>
**Cc:** Prashanth Chennakesavan <<u>Prashanth.Chennakesavan@ltlattorneys.com</u>>; Patice Gore
<<u>patice.gore@ltlattorneys.com</u>>; Randolph Gaw <<u>rgaw@gawpoe.com</u>>; Mark Schlachet
<<u>markschlachet@me.com</u>>; Mark Poe <<u>mpoe@gawpoe.com</u>>
**Subject:** RE: THIMES SOLUTIONS, INC. v. TP-LINK USA CORPORATION, et al.

Hi Victor:

Thimes's stipulation violates L.R. 37-2.1.  First, L.R. 37-2.1 limits a party's introductory statement
to three pages in length.  Thimes's introductory statement is over three pages by its improper

**Auyang Declaration Exhibit D - page 43**

inclusion of "Pertinent Facts," which is little more than self-serving argument.

Second, L.R. 37-2.1 states that the "stipulation should present the disputed issues as concisely as the subject matter permits." Given that TP-Link and Amazzia served supplemental responses on the agreed upon date, Thimes's stipulation was premature and fails to "present the disputed issues as concisely as the subject matter permits." Addressing TP-Link and Amazzia's supplemental responses using L.R. 37-2.3 (Supplemental Memorandum) does not obviate the requirements of L.R. 37-2.1. In fact, your email below suggests that Thimes intentionally served a premature stipulation to secure an earlier hearing date, which is plainly improper.

Thimes's refusal to follow the rules is a waste of judicial and party resources. If Thimes does not revise and re-serve its stipulation, TP-Link will seek sanctions.

Please confirm today that Thimes will revise and re-serve its stipulation.

Thanks,
Heather

### Heather F. Auyang



Los Angeles | San Francisco | New York | Orange County

LTL ATTORNEYS LLP

600 California St. | 15th Floor
San Francisco, California 94108
tel: 650-422-2130 | fax: 650-241-2142
dir: 650-422-2126
heather.auyang@ltlattorneys.com | www.ltlattorneys.com

**CONFIDENTIALITY NOTICE**
The information in this e-mail (including attachments, if any) is confidential information intended only for the use of the individual or entity to whom it is addressed, and may be privileged. The information herein may also be protected by the Electronic Communications Privacy Act, 18 USC Sections 2510-2521. Any review, use, disclosure, distribution, or copying of this e-mail is prohibited except by or on behalf of the intended recipient. If you have received this email in error, please notify the sender immediately by reply email, delete this email, and do not disclose its contents to anyone. Thank you.



---

**From:** Victor Meng <vmeng@gawpoe.com>
**Sent:** Friday, June 10, 2022 2:39 PM
**To:** M. Michelle Rohani <mrohani@bkcglaw.com>; Josh Waldman <jwaldman@bkcglaw.com>
**Cc:** Heather Auyang <Heather.Auyang@ltlattorneys.com>; Prashanth Chennakesavan <Prashanth.Chennakesavan@ltlattorneys.com>; Patice Gore <patice.gore@ltlattorneys.com>; Randolph Gaw <rgaw@gawpoe.com>; Mark Schlachet <markschlachet@me.com>; Mark Poe <mpoe@gawpoe.com>
**Subject:** RE: THIMES SOLUTIONS, INC. v. TP-LINK USA CORPORATION, et al.

**[EXTERNAL EMAIL]** This email originated from outside of the **LTL Attorneys** organization. **DO NOT CLICK** links or open attachments unless you recognize the sender and know the content is safe.

Hi Michelle,

We don't plan to amend our portion of the joint stipulation, as we're not be able to do that in time to keep the July 8 hearing date.  We will address Defendants' supplemental responses in our supplemental briefs on the motions to compel.

Thanks,
Victor

Victor Meng
Gaw | Poe LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Direct: 415.895.0862
Main: 415.766.7451
Fax: 415.737.0642

**From:** M. Michelle Rohani <mrohani@bkcglaw.com>
**Sent:** Thursday, June 9, 2022 6:20 PM
**To:** Andrea Frljuckic <aFrljuckic@bkcglaw.com>; mpoe@gawpoe.com; vmeng@gawpoe.com; rgaw@gawpoe.com; markschlachet@me.com; chammond@bizlawpro.com; patice.gore@ltlattorneys.com; heather.auyang@ltlattorneys.com; prashanth.chennakesavan@ltlattorneys.com; caleb.liang@ltlattorneys.com; stephen.smerek@doj.ca.gov; tsung@foley.com
**Cc:** Josh Waldman <jwaldman@bkcglaw.com>
**Subject:** Re: THIMES SOLUTIONS, INC. v. TP-LINK USA CORPORATION, et al.

Victor,

After your review of the supplemental responses, please inform us if you will be amending your client's portion of the joint stip re motion to compel or not.   I would appreciate hearing from you tomorrow regarding this.

Thanks,
Michelle

**Auyang Declaration Exhibit D - page 45**

M. Michelle Rohani



2020 Main Street, Suite 600
Irvine, CA 92614
T: 949.975.7500
F: 949.975.7501
E: mrohani@bkcglaw.com
www.bkcglaw.com

This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us by telephone, and return the original message to us at the above e-mail address,

deleting all copies from your e-mail system

---

**From:** Andrea Frljuckic <aFrljuckic@bkcglaw.com>
**Sent:** Thursday, June 9, 2022 5:02 PM
**To:** mpoe@gawpoe.com <mpoe@gawpoe.com>; vmeng@gawpoe.com <vmeng@gawpoe.com>;
rgaw@gawpoe.com <rgaw@gawpoe.com>; markschlachet@me.com <markschlachet@me.com>;
chammond@bizlawpro.com <chammond@bizlawpro.com>; patice.gore@ltlattorneys.com
<patice.gore@ltlattorneys.com>; heather.auyang@ltlattorneys.com
<heather.auyang@ltlattorneys.com>; prashanth.chennakesavan@ltlattorneys.com
<prashanth.chennakesavan@ltlattorneys.com>; caleb.liang@ltlattorneys.com
<caleb.liang@ltlattorneys.com>; stephen.smerek@doj.ca.gov <stephen.smerek@doj.ca.gov>;
tsung@foley.com <tsung@foley.com>
**Cc:** M. Michelle Rohani <mrohani@bkcglaw.com>; Josh Waldman <jwaldman@bkcglaw.com>
**Subject:** THIMES SOLUTIONS, INC. v. TP-LINK USA CORPORATION, et al.

Dear Counsel,

Please see the attached in regard to the above referenced matter.

Respectfully,

Andrea Frljuckic



Burkhalter Kessler
Clement & George LLP;

2020 Main Street, Suite 600
Irvine, CA 92614
T: 949.975.7500
F: 949.975.7501
E: Afrljuckic@bkcglaw.com

WWW.BKCGLAW.COM

THIS TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE ADDRESSEE AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF YOU ARE NOT THE INTENDED RECIPIENT, OR RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE E-MAIL ADDRESS, DELETING ALL COPIES FROM YOUR E-MAIL SYSTEM