RANDOLPH GAW (S.B. #223718)
 rgaw@gawpoe.com
MARK POE (S.B. #223714)
 mpoe@gawpoe.com
VICTOR MENG (S.B. #254102)
 vmeng@gawpoe.com
GAW | POE LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

MARK SCHLACHET (*pro hac vice*)
 markschlachet@me.com
43 West 43d Street, Suite 220
New York, New York 10036
Telephone: (216) 225-7559
Facsimile: (216) 932-5390

Attorneys for Plaintiff
Thimes Solutions Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS INC.<br><br>              Plaintiffs,<br><br>   v.<br><br>TP-LINK USA CORPORATION, and AUCTION BROTHERS, INC. d/b/a AMAZZIA<br><br>              Defendant. | Case No. 2:19-cv-10374-SB-E<br><br>**THIMES SOLUTIONS INC.'S NOTICE OF MOTION AND MOTION TO STRIKE PARAGRAPH 9 OF TP-LINK USA CORPORATION'S COUNTERCLAIM**<br><br>Date:        July 15, 2022<br>Time:       8:30 am<br>Courtroom:  6C<br><br>Trial Date:           Jan. 9, 2023<br>Am. 5th Am. Com. Filed:  May 27, 2022 |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on July 15, 2022 at 8:30 a.m., or as soon thereafter as counsel may be heard, before the Honorable Stanley Blumenfeld Jr., District Judge of the United States District Court, Central District of California, located at 350 West 1st Street, Courtroom 6C, Los Angeles, California 90012, plaintiff Thimes Solutions Inc. will and hereby does move the Court for an order striking paragraph 9 of defendant TP-Link USA Corporation's counterclaim (ECF No. 175 at 13 of 19) pursuant to Federal Rule of Civil Procedure 12(f), on the grounds that the allegations contained in paragraph 9 are immaterial and impertinent.

This motion will be based on this notice of motion, the memorandum of points and authorities below, the declaration of Victor Meng, and any oral argument or other evidence presented at the hearing of this motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3 that took place on June 8, 2022.

Dated: June 17, 2022

GAW | POE LLP

By: _/s/ Victor Meng_____
Victor Meng

Attorneys for Plaintiff
Thimes Solutions Inc.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## INTRODUCTION

Paragraph 9 of TP-Link USA Corporation's counterclaim contains only immaterial and impertinent matter that have no possible bearing on the trademark infringement claim it asserts against Thimes Solutions Inc.

The allegations in paragraph 9—based only on information and belief and cut-and-pasted from what appears to be a blog—concern unproven accusations by unknown individuals that Thimes's founder Avi Eisenberg had purportedly defrauded investors in a cryptocurrency scheme called FortressDAO. *See* Answer and Counterclaim (ECF No. 175) ¶ 9 at 13 of 19. But neither FortressDAO, nor Mr. Eisenberg's purported conduct, nor even the purportedly defrauded investors, bears any relation to Thimes, TP-Link, the TP-Link branded wireless router products, or TP-Link's trademark(s) at issue in this case. Rather, TP-Link appears to have inserted them merely to make Mr. Eisenberg look bad. The allegations in paragraph 9 of TP-Link's counterclaim thus "have no possible bearing on the subject matter of the litigation," and the Court should strike them under Rule 12(f). *Golz v. Am. Income Life Ins. Co.*, No. 18-CV-9879-R, 2019 WL 8545845, at *1 (C.D. Cal. Apr. 2, 2019).

## I. LEGAL STANDARD

Federal Rule of Civil Procedure Rule 12(f) states that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Proc. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds by 510 U.S. 517 (1994). A matter is immaterial if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Id.* Allegations are "impertinent" when they "do not pertain, and are not necessary, to

the issues in question." *Id.*

Whether to grant a motion to strike lies within the sound discretion of the district court. *Id.* at 1528. Courts may grant a motion to strike where "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Golz*, 2019 WL 8545845, at *1. "The possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw 'unwarranted' inferences at trial is the type of prejudice that is sufficient to support the granting of a motion to strike." *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). "[W]here the motion may have the effect of making the trial of the action less complicated, or have the effect of otherwise streamlining the ultimate resolution of the action, the motion to strike will be well taken." *State of Cal. ex rel. State Lands Comm'n v. United States*, 512 F. Supp. 36, 38 (N.D. Cal. 1981).

## II. THE COURT SHOULD STRIKE PARAGRAPH 9 OF TP-LINK'S COUNTERCLAIM BECAUSE THE ALLEGATIONS CONTAINED THEREIN ARE IMMATERIAL AND IMPERTINENT.

TP-Link asserts one counterclaim against Thimes for trademark infringement under the Lanham Act. *See* Answer and Counterclaim (ECF No. 175) at 17 of 19. TP-Link's allegations concerning FortressDAO "have no possible bearing on the subject matter of [trademark infringement]." *Golz*, 2019 WL 8545845, at *1.

To prevail on a trademark infringement claim under the Lanham Act, "a plaintiff must prove two basic elements: (1) it has a valid, protectable trademark, and (2) [the defendant's] use of the mark is likely to cause confusion." *So. Cal. Darts Ass'n v. Zaffina*, 762 F.3d 921, 929 (9th Cir. 2014). "The first of these basic elements is comprised of two sub-parts: the mark's protectability and the plaintiff's ownership of the mark." *Id.* As to whether the defendant's use of the mark is likely to cause confusion, courts consider the eight *Sleekcraft* factors: "(1) the strength of the mark; (2) the proximity of the goods; (3) the similarity of the marks; (4) evidence of actual confusion; (5) the marketing channels used; (6) the type of

1  goods and the degree of care likely to be exercised by the purchaser; (7) the
2  defendant's intent in selecting the mark; and (8) the likelihood of expansion of the
3  product lines." *Zaffina*, 762 F.3d at 930.

4      TP-Link contended during the Local Rule 7-3 conference that the accusations
5  by FortressDAO investors against Mr. Eisenberg are relevant to the issue of whether
6  Thimes's use of TP-Link's mark is likely to confuse customers. Meng Decl. ¶¶ 2-3.
7  Thimes is not aware of any authority suggesting how unproven accusations in an
8  unrelated matter levied against the founder of an alleged trademark infringer are
9  relevant to the determination of the *Sleekcraft* factors. Instead, cases from this
10 district show that it is within the sound discretion of the Court to strike such
11 immaterial and impertinent allegations.

12     In *Mireskandari v. Daily Mail & General Trust PLC*, Judge Morrow struck
13 allegations that defendants' employees engaged in blackmail because they were
14 immaterial and impertinent to the cause of action alleged by the plaintiff. No. 12-
15 cv-02943 MMM (FFMx), 2013 WL 12129642, at *5 (C.D. Cal. July 31, 2013).

16     In *Survivor Productions LLC v. Fox Broadcasting Company,* Judge Baird
17 struck language describing defendants' show in pejorative and colloquial terms
18 because "permitting such allegations to be developed at trial will simply distract
19 from the core issue of copyright infringement, and will needlessly complicate the
20 proceedings." No. 01-CV-3234 LGB (SHX), 2001 WL 35829270, at *6 (C.D. Cal.
21 June 12, 2001).

22     In *SST Sterling Swiss Trust 1987 AG v. New Line Cinema, Corporation*, Judge
23 Fischer struck allegations of discriminatory treatment from the complaint because
24 they had "no essential or important relationship to the claim for relief" and likely
25 "cast a cruelly derogatory light on a party." No. 05-cv-2835 DSF (VBKx), 2005
26 WL 6141290, at *5 (C.D. Cal. Oct. 31, 2005).

27     The Court should likewise strike the allegations in paragraph 9 because Mr.
28 Eisenberg's purported conduct vis-à-vis the FortressDAO investors have no

1  relevance to Thimes's purported trademark infringement or the determination of the
2  *Sleekcraft* factors, and allowing them to remain in this litigation will distract from
3  the core issue of trademark infringement.

### III. PRESERVING PARAGRAPH 9 OF TP-LINK'S COUNTERCLAIM WILL UNDULY PREJUDICE THIMES.

The undue prejudice to Thimes for allowing these unfounded accusations to remain in the litigation is evident. For one, the superfluous allegations may cause the jury to draw unwarranted inferences at trial against Thimes, by virtue of the allegations concerning potential cryptocurrency fraud. *California Dep't of Toxic Substances Control*, 217 F. Supp. 2d at 1033 ("The possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw 'unwarranted' inferences at trial is the type of prejudice that is sufficient to support the granting of a motion to strike."); *SST Sterling Swiss Trust 1987 AG*, 2005 WL 6141290, at *5 (finding that the opposition's argument "fails to recognize that including such allegations in the [] pleading gives the appearance that these allegations are legally relevant to the dispute."). At bottom, TP-Link wants to use these allegations to sidestep the rules restricting the use of character evidence and implicitly suggest to a jury that Thimes's claims for relief, as well as its defenses to TP-Link's counterclaim, lack merit because Mr. Eisenberg is supposedly untrustworthy. Not striking these allegations would also result in a mini-trial over the merits of those accusations, as Thimes would have to show that Mr. Eisenberg did not do anything improper to the FortressDAO investors to avoid a potential loss of credibility before the jury.

In addition, TP-Link has already propounded discovery on the topic, unduly prejudicing Thimes by requiring it to expend time and resources responding to requests on issues that have no bearing on the issues in this case. Meng Decl. ¶ 4. TP-Link will undoubtedly propound additional written discovery and question Mr. Eisenberg during deposition on this topic, compounding the prejudice to Thimes and

THIMES'S MOTION TO STRIKE
PARA. 9 OF TP-LINK'S COUNTERCLAIM
CASE NO. 2:19-CV-10374-SB-E

1  wasting judicial resources by inevitable motion practice that will follow. *See*
2  *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) ("The
3  function of a 12(f) motion to strike is to avoid the expenditure of time and money
4  that must arise from litigating spurious issues by dispensing with those issues prior
5  to trial.")
6      Accordingly, the Court should issue an order striking the allegations in
7  paragraph 9 from TP-Link's counterclaim.

## CONCLUSION

9      For these reasons, Thimes respectfully requests that the Court strike
10 paragraph 9 of TP-Link's counterclaim as immaterial and impertinent under Rule
11 12(f).

13 Dated: June 17, 2022　　　　　　　　GAW | POE LLP

14 　　　　　　　　　　　　　　　　　By: _/s/ Victor Meng_____
15 　　　　　　　　　　　　　　　　　　　　Victor Meng

16 　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　Thimes Solutions Inc.