LTL ATTORNEYS LLP
Joe H. Tuffaha (SBN 253723)
  joe.tuffaha@ltlattorneys.com
Prashanth Chennakesavan (SBN 284022)
  prashanth.chennakesavan@ltlattorneys.com
Heather F. Auyang (SBN 191776)
  heather.auyang@ltlattorneys.com
Patice A. Gore (SBN 258776)
  patice.gore@ltlattorneys.com
300 South Grand Ave., 14th Floor
Los Angeles, CA 90071
Tel: (213) 612-8900
Fax: (213) 612-3773

Attorneys for Defendant and
Counterclaimant TP-Link USA Corporation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS INC., <br><br> Plaintiff, <br><br> v. <br><br> TP-LINK USA CORPORATION, and AUCTION BROTHERS, INC. d/b/a AMAZZIA, <br><br> Defendants. | CASE NO.: 2:19-cv-10374-SB-E <br><br> **TP-LINK USA'S OPPOSITION TO THIMES'S MOTION TO STRIKE** |
| TP-LINK USA CORPORATION, <br><br> Counterclaimant, <br><br> v. | |

| | |
|---|---|
| THIMES SOLUTIONS INC., | |
| Counter-Defendant. | |

## I. INTRODUCTION

Thimes is an unauthorized reseller caught selling products on Amazon in a manner designed to deceive end-customers into believing that it was affiliated with TP-Link and that TP-Link sponsored such sales, when it did not. Consumers would then naturally believe that a product purchased from Thimes conveyed with all the same benefits of a TP-Link product purchased from an authorized reseller, when it does not. Trademark law protects consumers from this type of conduct. Thimes failed to heed repeated warning to stop such behavior (even after other third parties lodged similar complaints[1]), and as a result <u>Amazon</u> made the decision to expel Thimes from the Amazon.com marketplace.

Thimes seeks to strike Paragraph 9 of TP-Link's counterclaim for trademark infringement and counterfeiting related to the reputation of Thimes's Founder and President Avraham Eisenberg. But Thimes has failed to meet the motion to strike standard that Paragraph 9 has "no possible bearing on the subject matter of litigation." Mr. Eisenberg's reputation—in conjunction with Thimes's use of the TP-Link's mark—is relevant to TP-Link's potential damages sustained as a result of Thimes's violation of TP-Link's intellectual property rights.

Accordingly, TP-Link respectfully requests that the Court deny Thimes's motion to strike.

## II. LEGAL STANDARD

The court may "strike from a pleading ... any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike portions of a pleading are "generally disfavored" and "generally not granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of litigation."

---

[1] Thimes original complaint named two additional defendants (Prevagen, Inc. and 3PM Shield LLC) along with details of the complaints lodged with Amazon by these entities against Thimes. *See* ECF No. 1, ¶¶ 40-72. Thimes, however, inexplicably dismissed these two additional defendants.

*Shabaz* v. *Polo Ralph Lauren Corp.,* 586 F. Supp. 2d 1205, 1209 (C.D. Cal. 2008) (internal citations and quotations omitted). "In determining whether to grant a motion to strike, a district court views the pleadings in a light most favorable to the non-moving party, and 'resolves any doubt as to the ... sufficiency of a defense in defendant's favor.'" *Mag Instrument, Inc.* v. *JS Products, Inc.,* 595 F. Supp. 2d 1102, 1106 (C.D. Cal 2008) (quoting *State of Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002)).

### III. PARAGRAPH 9 HAS A DIRECT BEARING ON TP-LINK'S DAMAGES

Paragraph 9 has a direct bearing on TP-Link's trademark infringement counterclaim. The Ninth Circuit permits recovery of actual damages for trademark infringement, including damages for injury to business reputation and loss of goodwill. *Deckers Outdoor Corporation v. Ego Shoes Ltd.*, No. CV 20-11351-MWF (Ex), 2021 WL 5933111, at *2 (C.D. Cal. November 19, 2021) (finding plaintiff was entitled to recover damages for injury to its business reputation and loss of goodwill) (citing Model Civ. Jury Instr. 9th Cir. 15.27 (2021) ("recognizing loss of profits and injury to reputation and goodwill as actual damages in a trademark action")). Here, Mr. Eisenberg's negative reputation as the Founder and President of Thimes is relevant to the harm to TP-Link's business reputation and loss of goodwill, as Mr. Eisenberg and Thimes affiliated themselves with TP-Link in order to sell TP-Link products.

Mr. Eisenberg's LinkedIn page (https://www.linkedin.com/in/avraham-eisenberg-1a909b107) informs consumers that he is the Founder and CEO of Thimes Solutions Inc. *See* Declaration of Heather F. Auyang ("Auyang Decl."), Ex. A. Paragraph 9 cites both a blog and article (also attached as ECF No. 175-1) that detail Mr. Eisenberg's success in absconding with investors' money—certainly issues for which TP-Link does not want to be associated.

Thimes's focus on the *Sleekcraft* Test likelihood of confusion factors is misplaced. ECF No. 187 (Thimes's Motion ("Mot.") at 2-4). As TP-Link explained

to Thimes during the parties' Local Rule 7-3 conference, Paragraph 9 relates to injury to TP-Link's reputation and goodwill. Auyang Decl. ¶ 3.

Thimes relies on *SST Sterling Swiss Trust 1987 AG v. New Line Cinema, Corp.*, but there the court also denied a motion to strike rights of publicity allegations because "rights of publicity allegations are most properly construed as a claim for damages." No. CV 05-2835 DSF (VBKx), 2005 WL 6141290, at *5 (C.D. Cal. Oct. 31, 2005). Like *SST Sterling*, Paragraph 9 relates to TP-Link's claim for damages.

Thimes argues that it will be unduly prejudiced because Mr. Eisenberg's reputation "may cause the jury to draw unwarranted inferences at trial against Thimes." Mot. at 4. Given the relevance of Paragraph 9, the proper time to raise this argument is in a motion *in limine*. Likewise, Thimes contends that it is prejudiced because "TP-Link has already propounded discovery on this topic." Mot. at 4. TP-Link, however, could seek discovery on this topic regardless of Paragraph 9, and a motion to strike is the improper vehicle to address unripe discovery issues.

## IV.   CONCLUSION

For the foregoing reasons, TP-Link respectfully requests that the Court deny Thimes's Motion to Strike Paragraph 9 of TP-Link's counterclaim.

Date: June 24, 2022                    LTL ATTORNEYS LLP

By: /s/ *Heather F. Auyang*
Joe H. Tuffaha
Prashanth Chennakesavan
Heather F. Auyang
Patice A. Gore

Counsel for Defendant and Counterclaimant
TP-Link USA Corporation