RANDOLPH GAW (S.B. #223718)
 rgaw@gawpoe.com
MARK POE (S.B. #223714)
 mpoe@gawpoe.com
VICTOR MENG (S.B. #254102)
 vmeng@gawpoe.com
GAW | POE LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

MARK SCHLACHET (*pro hac vice*)
 markschlachet@me.com
43 West 43d Street, Suite 220
New York, New York 10036
Telephone: (216) 225-7559
Facsimile: (216) 932-5390

Attorneys for Plaintiff
Thimes Solutions Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS INC.<br><br>              Plaintiff,<br><br>  v.<br><br>TP-LINK USA CORPORATION, and AUCTION BROTHERS, INC. d/b/a AMAZZIA<br><br>           Defendant. | Case No. 2:19-cv-10374-SB-E<br><br>**<u>DISCOVERY MATTER</u>**<br><br>Date: July 8, 2022<br>Time: 9:30 am<br>Courtroom: 750, 7th Floor<br><br>**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTIONS TO COMPEL DEFENDANTS TO PRODUCE DOCUMENTS**<br><br>Discovery Cutoff:    Sept. 30, 2022<br>Pretrial Conference:  Dec. 30, 2022<br>Trial Date:         Jan. 9, 2023<br><br>Complaint Filed:  May 29, 2019<br>Am. 5th Am. Com. Filed:  May 27, 2022 |

1   Defendants' conduct exposes their gamesmanship and the necessity for
2   Plaintiff's motion to compel.  Despite the abbreviated discovery cutoff, both
3   Defendants dragged their feet on their discovery obligations by:

4       1.      requesting that Plaintiffs serve entirely new discovery requests without
5   explaining why the existing requests are "stale" and not applicable.

6       2.      claiming they need **21** days to serve amended responses without
7   providing any good-faith explanation as to why.

8       3.      ignoring two follow-up e-mails following the parties' LR 37-1
9   conference for a week.

10      4.      claiming they would serve amended discovery responses without
11  specifying which responses they would amend, when they would serve the
12  responses, and when they would begin producing documents.

13  Plaintiffs then caught Defendants flat-footed by providing their motions to
14  compel sooner than they expected.  Both Defendants then promptly served their
15  amended discovery responses ahead of schedule and largely agreed to produce the
16  documents that Plaintiffs have been requesting.

17  Now, hoping to draw attention away from their conduct, Defendants brazenly
18  accuse Plaintiff of bad faith tactics.  But the record is self evident and demonstrates
19  the need for judicial intervention for Plaintiff to have a fair opportunity to conduct
20  discovery to gather evidence to prove its entitlement for relief in this action.

21  **I.      THE COURT SHOULD COMPEL DEFENDANTS TO FINISH THEIR
22          PRODUCTION BY JULY 18.**

23  TP-Link claims it will produce its documents "within three weeks" and that
24  "[t]his resolves Thimes's complaint concerning receipt of TP-Link's production."
25  (ECF No. 185-1 at 72 of 104.)  Accordingly, there is no reason why the Court
26  should not issue an order compelling TP-Link to finish its document production by
27  July 18.

28  As for Amazzia, it appears to argue that "Plaintiff has offered no reason or

- 1 -

legal basis" as to why Amazzia has to finish its document production prior to the September 30, 2022 discovery cut-off.  (ECF No. 184-1 at 62 of 93.)  It's unclear what it means by that argument, however.  Plaintiff explained that it needed documents by July 18 in order for it to timely use them for depositions and for review by expert witness(es).  (*Id.* at 61.)  Amazzia does not dispute that reasoning.  As for the legal basis, there can be no serious dispute that a court can set a deadline for a party to produce documents.  *See*, *e.g.*, *Shenwick v. Twitter, Inc.*, No. 16-CV-05314-JST (SK), 2018 WL 1801290, at *3 (N.D. Cal. Apr. 12, 2018) ("The Court orders Defendants to complete production of documents by July 1, 2018[.]").

Plaintiff also notes that a court order compelling production is a prerequisite for the imposition of harsher sanctions, such as evidence or issue preclusion, should Defendants not end up timely or completely producing the requested documents.  *See* Fed. R. Civ. P. 37(b)(2)(A).  *See also Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992) ("But Rule 37(b)(2)'s requirement that there be some form of court order that has been disobeyed has not been read out of existence).  Plaintiff needs an order compelling production by a specific deadline to obligate Defendants to finish the job.  Had Plaintiff not moved to compel and relied solely upon Defendants' representations that they would produce documents by a certain date, Plaintiff would have no means to hold Defendants to their discovery obligations in a timely fashion (especially given the inherent lag time imposed by the Local Rules as to when a party may bring a discovery motion in the first instance).

## II.  THE COURT SHOULD COMPEL DEFENDANTS TO PRODUCE THE SPECIFIC REQUESTED CATEGORIES OF DOCUMENTS.

TP-Link represents that it will produce documents responsive to RFPs 1, 3-4, 13, and 27.  That being settled, the Court should issue an order compelling production of those documents so that TP-Link faces the threat of harsher sanctions should it fail to comply with its obligation to produce all responsive documents.

As for RFPs 2, 5-12, 14-16, and 26, TP-Link claims it does not need to produce any documents beyond those that directly reference Plaintiff because its state law claims are "limited" and do not involve third-parties.  But as Plaintiff already explained, these documents are relevant and necessary to show whether Defendants genuinely believed their assertion that Plaintiff was selling "counterfeit" TP-Link products on Amazon.  Knowledge of falsity, or reckless disregard for the truth, is one of the elements of Plaintiff's trade libel claim. *Melaleuca, Inc. v. Clark*, 66 Cal. App. 4th 1344, 1364-65 (1998) ("Because Clark's statements were about products, which have no reputation entitled to protection by the law of defamation, both the common law and the Constitution require a showing of knowledge on Clark's part that her statements were false or that she acted recklessly in making them.").  And Plaintiffs can establish Defendants' knowledge or reckless disregard by showing that Defendants engaged in an indiscriminate campaign of accusing every "unauthorized" TP-Link reseller on Amazon of selling "counterfeit" products.  Consequently, Defendants' documents and communications relating to third parties are relevant to Plaintiffs' "limited" state law claims.  Indeed, given Amazzia's extensive history of "brand protection" for other manufacturers (*see* ECF No. 178 ¶¶ 20-23) and the widespread knowledge about how companies like Amazzia abuse Amazon's private dispute resolution process (*see id.* ¶ 29), there are likely only few communications specifically addressing or targeting Plaintiff, and Plaintiff was just one of multiple "unauthorized" sellers caught up in Defendants' sweep.

Turning to Amazzia, it represents that will produce documents in response to RFPs 1-3 and 16, and thus the Court should formalize that obligation via an order. For RFPs 4-8, 12, 14, and 15, Amazzia echoes TP-Link's arguments as to why their production should be limited to only documents referencing Plaintiff.  The same rationale for compelling TP-Link to produce such documents therefore equally applies to Amazzia.

1    Amazzia also refuses to produce any documents at all in response to RFPs 9-
2    11, 13, and 17 based upon newly asserted objections.  But "'[i]f a party fails to
3    file *timely* objections to [discovery] requests, such a failure constitutes a waiver of
4    any objections which a party might have to the requests.'  Therefore, the court will
5    not consider any objections that were not asserted in the responding party's original
6    discovery responses[.]"  *Ramirez v. Cnty. of Los Angeles*, 231 F.R.D. 407, 409–10
7    (C.D. Cal. 2005) (internal citations omitted) (emphasis and alterations in original).
8        Finally, Amazzia refuses to produce any documents in response to RFPs 18-
9    21 on the grounds that Plaintiff "withdrew" RFPs 18-23 (and then later RFPs 18-
10   24) because they pertained only to antitrust issues.  It should be rather obvious that
11   the reference to RFPs 18-23 were only to Plaintiff's RFPs to **TP-Link**, as there are
12   no RFPs 22-23 (or 24) for Amazzia.  (ECF No. 184-2 at 46 of 79.)  It should also be
13   obvious from looking at the RFPs themselves—e.g., RFP 21 calls for "All
14   DOCUMENTS and COMMUNICATIONS that support any of YOUR affirmative
15   defenses."  Amazzia cannot seriously contend that this RFP pertains solely to
16   antitrust-related issues.

17   **III.    DEFENDANTS MUST COOPERATE REGARDING ESI.**

18       Plaintiff has made only modest requests with respect to ESI, that Defendants
19   disclose (1) the sources and custodians from which it is collecting responsive ESI
20   and (2) whatever search terms they apply to locate such documents.  Defendants do
21   not explain how either request is burdensome or inappropriate.  Rather, TP-Link
22   simply states that there is no cited case law expressly requiring it to provide such
23   disclosures and Amazzia adds the same argument along with the (strange) claim
24   that Plaintiff's requests are moot.

25       The cooperation requested by Plaintiff is, in its counsel's experience, both
26   routine and uncontroversial.  Defendants' refusal to do so, without articulating any
27   hardship or any other substantive reasons why, strikes Plaintiff as just more
28   gamesmanship.  Given the rapidly approaching discovery cut-off, the Court should

1   require Defendants to provide the requested disclosures so that Plaintiff will have

2   sufficient time to seek relief should the parties disagree as to the scope of

3   Defendants' document collection efforts.

4   **IV.    THE COURT SHOULD AWARD SANCTIONS TO PLAINTIFF.**

5          Courts are not unfamiliar with the practice by a litigant of belatedly

6   complying with discovery after its opponent serves a motion to compel and then

7   claiming that the opponent should have waited or that the motion is moot.  As the

8   Ninth Circuit has stated:

9          Rule 37(a)(5)(A) requires the court to award attorneys fees in most

10         circumstances where "the disclosure or requested discovery is

11         provided after the motion was filed," even though in such a

12         circumstance, there would be no order compelling the party to do

13         what it has already done. The victory sought is getting the answers or

14         documents, not getting an order to produce them.

15   *See Balla v. Idaho*, 677 F.3d 910, 920 (9th Cir. 2012).  *See also* Fed. R. Civ. P.

16   37(a)(5)(A).  Here, Defendants revealed their lack of substantial justification by

17   capitulating in providing responses **_and_** dropping most of their baseless objections.

18   As for their argument that the requests were previously inapposite because they

19   concerned antitrust issues, that lacks merit given that the facts underlying this case

20   have not changed across the iterations of the complaint—Defendants falsely

21   accused Plaintiff of selling counterfeit products for the purpose of removing

22   Plaintiff from Amazon.  There is no unique "antitrust" issue touched upon by RFPs

23   seeking to have Defendants produce documents that memorialize those actions or

24   demonstrate their contemporaneous awareness that Plaintiff was not selling any

25   counterfeit products.

26

27

28

1

2

Dated:  June 24, 2022            GAW | POE LLP

3

By: _____

4                                          Randolph Gaw
                                           Attorneys for Plaintiff Thimes Solutions
5                                          Inc.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28