UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  CV19-10374 SB (Ex)                                          Date: June 29, 2022

Title    Thimes Solutions Inc. v. TP Link USA Corporation et al.

Present:   The Honorable Charles F. Eick, United States Magistrate Judge

| Valencia Munroe | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorney Present for Plaintiff: | Attorney Present for Defendant: |
|---|---|
| None present | None present |

**Proceedings:  IN CHAMBERS**

The Magistrate Judge has read and considered all papers filed in support of and in opposition to "Plaintiff's Motion to Compel Defendant TP-Link to Produce Documents" ("the Motion"), filed June 15, 2022. The previously noticed July 8, 2022 hearing is vacated. The Magistrate Judge has taken the Motion under submission without oral argument.

Plaintiff served the subject requests for production in 2020, when all of the pleaded claims were antitrust claims. Now, the operative "Amended Fifth Amended Complaint," filed May 27, 2022, alleges only trade libel and interference claims. Primarily at issue in the Motion is the extent to which the subject requests are relevant and proportional to the current claims, notwithstanding the fact that none of those claims had been pleaded at the time the requests were served. See Fed. R. Civ. P. 26(b).

Preliminarily, although strict compliance with the Local Rules is ordinarily required, the Magistrate Judge declines to deny the Motion based on Plaintiff's alleged failure to comply strictly with Local Rule 37. Plaintiff's compliance was substantial, any non-compliance was ultimately immaterial, and the schedule set by the District Judge on May 20, 2022, suggests a need to resolve the present discovery dispute expeditiously.

The Motion is granted in part and denied in part as follows:

Request No. 1: Granted.

Request No. 2: Denied as not proportional.

Request No. 3: Granted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   CV19-10374 SB (Ex)                                                                                             Date: June 29, 2022

Title        Thimes Solutions Inc. v. TP Link USA Corporation et al.

Request No. 4: Granted.

Request No. 5: Denied as not proportional.

Request No. 6: Denied as not proportional.

Request No. 7: Granted in part, but limited to communications relating to Plaintiff. Otherwise denied as not proportional.

Request No. 8: Granted in part, but limited to communications relating to Plaintiff. Otherwise denied as not proportional.

Request No. 9: Denied as not proportional.

Request No. 10: Denied as not proportional.

Request No. 11.: Granted in part, but limited to communications relating to complaints about Plaintiff. Otherwise denied as not proportional.

Request No. 12: Granted in part, but limited to communications relating to Amazon's resolution of intellectual property complaints filed against Plaintiff by or on behalf of Defendant. Otherwise denied as not proportional.

Request No. 13: Granted in part, but limited to contracts (and drafts thereof) related to Amazon. Otherwise denied as irrelevant or not proportional.

Request No 14: Granted in part, limited to documents and communications relating to unauthorized sales by Plaintiff. Otherwise denied as not proportional.

Request No. 15: Denied as not proportional.

Request No. 16: Denied as not proportional.

Request No. 26: Denied as not proportional.

Request No. 27: Granted.

To the extent the Motion is granted, the Magistrate Judge has determined that: (1) the documents sought are relevant to the parties' claims or defenses and proportional to the needs of the case, within

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  CV19-10374 SB (Ex)                                         Date: June 29, 2022

Title     Thimes Solutions Inc. v. TP Link USA Corporation et al.

the meaning of Rule 26(b); and (2) Plaintiff's need for the documents outweighs the asserted interest of Defendant TP-Link USA Corp. ("Defendant") in maintaining the alleged confidentiality of the documents under any potentially applicable qualified privilege (such as trade secret), particularly given the "Stipulated Protective Order," filed November 6, 2020.

To the extent the Motion is granted, Defendant forthwith shall conduct a reasonable and diligent search for responsive documents within Defendant's possession, custody or control. On or before July 18, 2022, Defendant must produce all responsive documents other than those documents withheld under claim of the attorney-client privilege or the work product doctrine. All such withheld documents must be identified with particularity on a privilege log served on or before July 18, 2022.

The Motion is denied to the extent the Motion seeks an order requiring Defendant to disclose "the sources and custodians from which [Defendant] is collecting ESI, as well as the search terms ..." ("Plaintiff's Notice of Motion etc.," filed June 15, 2022, at p. 1). "Generally, discovery on discovery is disfavored and, to be both relevant and proportional to the needs of the case, a party seeking it must show a specific deficiency in the other party's production." Uschold v. Carriage Services, Inc., 2019 WL 8298261, at *4 (N.D. Cal. Jan. 22, 2019)(citations and quotations omitted). Plaintiff has failed to show any specific deficiency here.

Except as expressly stated herein, the Motion is denied. All parties' requests for sanctions are also denied.

                                                                                         :
                                                        Initials of Preparer       VM