RANDOLPH GAW (S.B. #223718)
 rgaw@gawpoe.com
MARK POE (S.B. #223714)
 mpoe@gawpoe.com
VICTOR MENG (S.B. #254102)
 vmeng@gawpoe.com
GAW | POE LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

MARK SCHLACHET (*pro hac vice*)
 markschlachet@me.com
43 West 43d Street, Suite 220
New York, New York 10036
Telephone: (216) 225-7559
Facsimile: (216) 932-5390

Attorneys for Plaintiff
Thimes Solutions Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS INC.<br><br>            Plaintiffs,<br><br>    v.<br><br>TP-LINK USA CORPORATION, and AUCTION BROTHERS, INC. d/b/a AMAZZIA<br><br>            Defendant. | Case No. 2:19-CV-10374-SB-E<br><br>**REPLY IN SUPPORT OF THIMES SOLUTIONS INC.'S MOTION TO STRIKE PARAGRAPH 9 OF TP-LINK USA CORPORATION'S COUNTERCLAIM**<br><br>Date:        July 15, 2022<br>Time:        8:30 am<br>Courtroom: 6C |

1  TP-Link's opposition confirms that it is appropriate for the Court to strike paragraph 9 of TP-Link's counterclaim as immaterial and impertinent under Rule 12(f).

Thimes's opening brief showed that the allegations in paragraph 9 "have no possible bearing" on TP-Link's counterclaim—the unproven accusations that Thimes's founder Avi Eisenberg had purportedly defrauded investors in an unrelated cryptocurrency scheme bear no relation to Thimes, TP-Link, the TP-Link branded wireless router products, or TP-Link's trademark(s) at issue in this case. *See* Mot. 1, 3. Thimes likewise noted the lack of authority suggesting how unproven accusations in an unrelated matter levied against the founder of an alleged trademark infringer are relevant to determining the *Sleekcraft* factors. *Id.* at 3.

TP-Link doesn't dispute these points. *See* Opp. Its only response is that "Mr. Eisenberg's reputation—in conjunction with Thimes's use of the TP-Link's mark—is relevant to TP-Link's potential damages sustained as a result of Thimes's violation of TP-Link's intellectual property rights." *Id.* at 1; at 2 ("Mr. Eisenberg's negative reputation as the Founder and President of Thimes is relevant to the harm to TP-Link's business reputation and loss of goodwill, as Mr. Eisenberg and Thimes affiliated themselves with TP-Link in order to sell TP-Link products."); at 3 ("Paragraph 9 relates to injury to TP-Link's reputation and goodwill.") This contention betrays the weakness of TP-Link's position, and underscores Thimes's point that TP-Link included the allegations to smear Mr. Eisenberg. Mot. at 1, 4.

Setting aside the fact that the allegations in paragraph 9 are (1) based only on information and belief, (2) cut-and-pasted from a blog, and (3) concern unproven accusations (4) by unknown individuals, TP-Link fails to explain how the purported fraud Mr. Eisenberg carried out "during the period of December 2021 to April 2022" (Counterclaim (ECF No. 175) ¶ 9) could have any "possible bearing" on "TP-Link's reputation and goodwill" during the first six months of 2018, the period of time in which Thimes purportedly infringed on TP-Link's mark when selling

1  products on the Amazon Marketplace.  Nor does TP-Link articulate how consumers
2  looking to purchase TP-Link products in 2018 could somehow be influenced by
3  "Mr. Eisenberg's negative reputation" (Opp. at 2) based on conduct that he did not
4  allegedly commit until four years later in December 2021.  TP-Link's position is
5  untenable.

6  Cherry-picking one sentence from *SST Sterling Swiss Trust 1987 AG v. New*
7  *Line Cinema, Corporation*, TP-Link next contends that striking paragraph 9 is
8  improper because "rights of publicity allegations are most properly construed as a
9  claim for damages" and "[p]aragraph 9 relates to TP-Link's claim for damages."
10 Opp. at 3 (citing No. 05-CV-2835 DSF (VBKx), 2005 WL 6141290, at *5 (C.D.
11 Cal. Oct. 31, 2005)).  TP-Link's reliance on *SST Sterling* misses the mark.  Judge
12 Fischer denied a motion to strike allegations that defendants fraudulently induced
13 plaintiff to grant the right to use his name and likeness, finding the allegations
14 relevant because damages is an element of the fraudulent inducement claim and the
15 "discussion of the allegedly fraudulent conveyance of publicity rights pursuant to
16 the Agreement is more properly construed as a request for damages."  2005 WL
17 6141290, at *3, n.2.  The allegations at issue there concerned plaintiff's detrimental
18 reliance—which occurred contemporaneously with defendants' fraudulent
19 representations—and thus relevant to the issue of damages.  Here, in contrast, the
20 allegations in paragraph 9 concern a scheme Mr. Eisenberg purportedly carried out
21 almost four years ***after*** Thimes's alleged infringement of TP-Link's mark.  TP-Link
22 does not explain—because it cannot—how Mr. Eisenberg's conduct vis-à-vis
23 FortressDAO in 2022 could impact "TP-Link's claim for damages" for Thimes's
24 alleged trademark infringement in 2018.  *SST Sterling* is inapposite.

25 TP-Link's opposition shows that the allegations in paragraph 9 "have no
26 possible bearing on the subject matter of the litigation," and that TP-Link included
27 \\\
28 \\\

them to in an attempt sidestep evidentiary rules restricting the use of character evidence. The Court should strike them under Rule 12(f). *Golz v. Am. Income Life Ins. Co.*, No. 18-CV-9879-R, 2019 WL 8545845, at *1 (C.D. Cal. Apr. 2, 2019).

Dated: July 1, 2022

GAW | POE LLP

By: /s/ Victor Meng
Victor Meng

Attorneys for Plaintiff
Thimes Solutions Inc.