UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:19-cv-10374-SB-E | Date: | July 11, 2022 |
|---|---|---|---|

| Title: | *Thimes Solutions Inc. v. TP Link USA Corporation et al.* |
|---|---|

| Present: The Honorable | STANLEY BLUMENFELD, JR., U.S. District Judge |
|---|---|

| Jennifer Graciano | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**  [In Chambers] ORDER DENYING PLAINTIFF'S MOTION TO STRIKE [Dkt. No. 187]

  Following an appeal to the Ninth Circuit and remand to this Court, Plaintiff Thimes Solutions Inc. (Thimes) filed a Fifth Amended Complaint alleging claims arising out of Defendants' purported libelous statements about, and tortious interference with, Thimes's business relationship with Amazon Services LLC. Dkt. No. 168.  Defendant TP Link USA Corporation (TP Link) filed a counterclaim for trademark infringement under the Lanham Act.  Dkt. No. 175. Thimes moves to strike one paragraph of factual allegations from TP Link's counterclaim.  Dkt. No. 187.  TP Link filed an opposition, Dkt. No. 188, and Thimes timely replied, Dkt. No. 192.  The Court finds this matter suitable for resolution without oral argument and vacates the July 15, 2022 hearing.  Fed. R. Civ. P. 78; L.R. 7-15.  For the reasons stated below, Thimes's motion is **DENIED**.

  Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  A motion to strike, however, is disfavored because it typically has limited importance, and any benefit is usually outweighed by its cost, potential for

needless delay, and the risk of premature adjudication on an undeveloped factual and legal record.  As a result, "there appears to be general judicial agreement . . . that [a motion to strike] should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice" to the moving party.  5C Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1382 (3d ed.); *see also, e.g.*, *Vogel v. Linden Optometry APC*, No. CV 13-00295 GAF (SHx), 2013 WL 1831686, at *2 (C.D. Cal. Apr. 30, 2013) (same).

Thimes seeks to strike paragraph 9 of TP Link's counterclaim, which alleges that Thimes's President and founder, Avraham Eisenberg, has been accused of defrauding investors in a cryptocurrency scheme.  Dkt. No. 175 ¶ 9 (linking articles describing the accusation).  Thimes argues that this information is irrelevant to TP Link's trademark infringement claim, while TP Link asserts that Eisenberg's reputation is relevant to its request for damages because it bears on the alleged harm to TP Link's reputation and goodwill (by associating it with allegedly fraudulent conduct).  Motion at 2–3; Opp. at 2–3.

Thimes raises serious questions about whether the probative value of the challenged allegation is substantially outweighed by the potential for undue prejudice and consumption of time at trial.  *See* Fed. R. Evid. 403.  But these concerns are more properly addressed in this case, if necessary, in a discovery motion if TP Link is being abusive and an in limine motion if TP Link insists on raising the issue at trial.  Thus, Thimes fails to establish that it likely would be prejudiced if its motion to strike were denied.  *See Gibbens v. Quick Collect, Inc.*, No. C21-1643RSL, 2022 WL 168507, at *1 (W.D. Wash Jan. 18, 2022) (denying motion to strike allegations that were "not likely to prejudice" the defendant).

Accordingly, Thimes's motion to strike paragraph 9 of TP Link's counterclaim is **DENIED**.