RANDOLPH GAW (S.B. #223718)
rgaw@gawpoe.com
MARK POE (S.B. #223714)
mpoe@gawpoe.com
VICTOR MENG (S.B. #254102)
vmeng@gawpoe.com
GAW | POE LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

MARK SCHLACHET (*pro hac vice*)
markschlachet@me.com
43 West 43d Street, Suite 220
New York, New York 10036
Telephone: (216) 225-7559
Facsimile: (216) 932-5390

Attorneys for Plaintiff
Thimes Solutions, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

THIMES SOLUTIONS, INC.,

Plaintiff,

v.

TP-LINK USA CORPORATION and AUCTION BROTHERS, INC. d/b/a AMAZZIA

Defendants.

TP-LINK USA CORPORATION,

Counterclaimant,

v.

THIMES SOLUTIONS, INC.,

Counter-Defendant.

Case No. 2:19-CV-10374-SB-E

**THIMES SOLUTIONS, INC.'S ANSWER TO TP-LINK'S COUNTERCLAIM FOR VIOLATION OF THE LANHAM ACT, 15 U.S.C. § 1051, *et seq.***

JURY TRIAL DEMANDED

Judge: Hon. Stanley Blumenfeld Jr.
Trial: January 9, 2023

**ANSWER TO TP-LINK'S COUNTERCLAIM**

Plaintiff Thimes Solutions, Inc. dba Universal Goods & Sales ("Thimes"), by and through its counsel, hereby answers each allegation of defendant TP-Link USA Corporation's ("TP-Link") counterclaim for "Violation of the Lanham Act, 15 U.S.C. § 1051, *et seq.*," as follows:

1. Thimes states that this paragraph does not contain allegations to which a response is required, and on that basis it denies the allegations set forth in paragraph 1.

2. Thimes denies sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph, and on that basis it denies the allegations set forth in paragraph 2.

3. Thimes denies sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph, and on that basis it denies the allegations set forth in paragraph 3.

4. Paragraph 4 contains TP-Link's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. To the extent a response is required, Thimes denies the allegations in paragraph 4.

5. Paragraph 5 contains TP-Link's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. To the extent a response is required, Thimes denies the allegations in paragraph 5.

6. Paragraph 6 contains TP-Link's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. To the extent a response is required, Thimes denies the allegations in paragraph 6.

7. Paragraph 7 contains TP-Link's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. Thimes admits that it received notices in 2018 from Amazon regarding purported violations of TP-Link's intellectual property rights. Unless expressly admitted, Thimes denies the allegations in paragraph 7.

8. Paragraph 8 contains TP-Link's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. To the extent a response is required, Thimes denies the allegations in paragraph 8.

9. Paragraph 9 contains TP-Link's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. To the extent a response is required, Thimes denies the allegations in paragraph 9.

10. Paragraph 10 contains TP-Link's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. To the extent a response is required, Thimes denies the allegations in paragraph 10.

11. Thimes denies sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph, and on that basis it denies the allegations set forth in paragraph 11.

12. Thimes admits that it is a corporation formed under the laws, and has its principal place of business in the state, of New York. The remainder of paragraph 10 contains TP-Link's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. Unless expressly admitted, Thimes denies the allegations of paragraph 12.

13. Paragraph 13 contains TP-Link's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. To the extent a response is required, Thimes denies the allegations in paragraph 13.

14. Thimes admits that paragraph 14 asserts jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b) and 15 U.S.C. § 1121. Unless expressly admitted, Thimes denies the allegations of paragraph 13.

15. Paragraph 15 contains TP-Link's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. To the extent a response is required, Thimes denies the allegations in paragraph 15.

16. Thimes admits that paragraph 16 asserts venue is proper pursuant to 28 U.S.C. § 1391. Unless expressly admitted, Thimes denies the allegations of

paragraph 16.

17. Thimes denies sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph, and on that basis it denies the allegations set forth in paragraph 17.

18. Thimes denies sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph, and on that basis it denies the allegations set forth in paragraph 18.

19. Thimes denies sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph, and on that basis it denies the allegations set forth in paragraph 19.

20. Thimes admits that it sold TP-Link branded wireless router products on the Amazon Marketplace in 2018. Unless expressly admitted, Thimes denies the allegations of paragraph 20.

21. Paragraph 21 contains TP-Link's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. To the extent a response is required, Thimes denies the allegations in paragraph 21.

22. Paragraph 22 contains TP-Link's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. To the extent a response is required, Thimes denies the allegations in paragraph 22.

23. Paragraph 23 contains TP-Link's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. To the extent a response is required, Thimes denies the allegations in paragraph 23.

24. Paragraph 24 contains TP-Link's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. To the extent a response is required, Thimes denies the allegations in paragraph 24.

25. Paragraph 25 contains TP-Link's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. To the extent a response is required, Thimes denies the allegations in paragraph 25.

26. Thimes admits that it sold TP-Link branded wireless router products on the Amazon Marketplace in 2018. The remainder of paragraph 26 contains TP-Link's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. Unless expressly admitted, Thimes denies the allegations in paragraph 26.

27. Paragraph 27 contains TP-Link's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. Thimes admits that it received notices in 2018 from Amazon regarding purported violations of TP-Link's intellectual property rights. Unless expressly admitted, Thimes denies the allegations in paragraph 27.

28. Paragraph 28 contains TP-Link's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. To the extent a response is required, Thimes denies the allegations in paragraph 28.

29. Paragraph 29 contains TP-Link's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. To the extent a response is required, Thimes denies the allegations in paragraph 29.

30. Paragraph 30 contains TP-Link's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. To the extent a response is required, Thimes denies the allegations in paragraph 30.

**CAUSE OF ACTION**

**(Violation of the Lanham Act, 15 U.S.C. § 1051, *et seq*.)**

31. Thimes incorporates its responses to each and every allegation, as set forth above.

32. Paragraph 32 contains TP-Link's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. To the extent a response is required, Thimes denies the allegations in paragraph 32.

33. Paragraph 33 contains TP-Link's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. To the extent a

response is required, Thimes denies the allegations in paragraph 33.

34. Paragraph 34 contains TP-Link's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. To the extent a response is required, Thimes denies the allegations in paragraph 34.

35. Paragraph 35 contains TP-Link's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. To the extent a response is required, Thimes denies the allegations in paragraph 35.

36. Paragraph 36 contains TP-Link's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. To the extent a response is required, Thimes denies the allegations in paragraph 36.

37. Paragraph 37 contains TP-Link's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. To the extent a response is required, Thimes denies the allegations in paragraph 37.

## PRAYER FOR RELIEF

Thimes denies that TP-Link is entitled to any relief from Thimes or the Court.

## DEFENSES AND AFFIRMATIVE DEFENSES

Thimes asserts the following defenses and affirmative defenses (collectively "defenses") as to the claim alleged in TP-Link's answer and counterclaim (ECF No. 175) without assuming the burden of proof on such defenses that would otherwise fall on TP-Link. Thimes reserves the right to supplement and/or amend these defenses, including to assert new defenses, as discovery is conducted.

### FIRST DEFENSE

TP-Link's counterclaim fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

TP-Link's counterclaim is barred by the doctrines of waiver, acquiescence, and estoppel.

### THIRD DEFENSE

TP-Link's counterclaim is barred in whole or in part by the doctrine of unclean

hands.

**FOURTH DEFENSE**

TP-Link's counterclaim is barred in whole or in part because its purported injuries or damages, if any, were directly and proximately caused and contributed to by TP-Link's own conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct.

**FIFTH DEFENSE**

TP-Link's counterclaim is barred whole or in part by the applicable statute of limitations.

**SIXTH DEFENSE**

TP-Link seeks to recover lost profits or damages that are completed speculative in nature.

**ADDITIONAL DEFENSES**

Thimes reserves the right to assert additional defenses.

WHEREFORE, Thimes prays for judgment as follows:

1. That TP-Link takes nothing by way of its counterclaim;

2. That the counterclaim for relief be dismissed with prejudice;

3. That Thimes be awarded its costs of suit incurred herein, including attorneys' fees and expenses; and

4. For such other and further relief as the Court deems just and proper.

Dated: July 25, 2022

GAW | POE LLP

By: ______________________
Randolph Gaw

Attorneys for Plaintiff
Thimes Solutions Inc.

**DEMAND FOR A JURY TRIAL**

Plaintiff and Counter-defendant Thimes Solutions, Inc. hereby demands a jury trial for all issues raised by Defendants TP-Link USA Corporation's counterclaim that are triable by jury.

Dated: July 25, 2022

GAW | POE LLP

By: ______________________
Randolph Gaw

Attorneys for Plaintiff
Thimes Solutions, Inc.