RANDOLPH GAW (S.B. #223718)
 rgaw@gawpoe.com
MARK POE (S.B. #223714)
 mpoe@gawpoe.com
VICTOR MENG (S.B. #254102)
 vmeng@gawpoe.com
GAW | POE LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

MARK SCHLACHET (*pro hac vice*)
 markschlachet@me.com
43 West 43d Street, Suite 220
New York, New York 10036
Telephone: (216) 225-7559
Facsimile: (216) 932-5390

Attorneys for Plaintiff Thimes Solutions Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS INC.<br><br>Plaintiffs,<br><br>v.<br><br>TP-LINK USA CORPORATION, and AUCTION BROTHERS, INC. d/b/a AMAZZIA<br><br>Defendant. | Case No. 2:19-CV-10374-SB-E<br><br>**DISCOVERY MATTER**<br><br>**DECLARATION OF VICTOR MENG IN SUPPORT OF PLAINTIFF'S OPPOSITION TO TP-LINK'S MOTION TO COMPEL DISCOVERY**<br><br>Date: August 26, 2022<br>Time: 9:30 am<br>Courtroom: 750, 7th Floor |

I, Victor Meng, declare as follows:

1.      I am a partner in the law firm of Gaw | Poe LLP, co-counsel for plaintiff Thimes Solutions Inc.  If called to testify at a hearing or trial, I could and would testify to the following, which is based on my personal knowledge.  I submit this declaration in support of Plaintiff's Opposition to TP-Link's Motion to Compel Discovery.

2.      I met and conferred with TP-Link's counsel Heather Auyang on July 21, 2022 for approximately three hours concerning the issues raised in TP-Link's motion to compel.

3.      During that July 21 conference:

        a.      I told Ms. Auyang that Thimes did not submit the complaints to Amazon and did not have copies of them.  I also referenced the fact that the complaints were the subject of pending subpoenas issued to Amazon by defendants TP-Link and Auction Brothers, Inc. ("Amazzia").

        b.      I agreed to ascertain whether Thimes had additional communications concerning "account issues" and, if so, agreed to produce those communications by July 28, 2022.  These communications are included in Thimes's supplemental production served on July 28, 2022.

        c.      I told Ms. Auyang that Thimes is still gathering data to support its claims for damages, and that Thimes's expert would be providing detailed information concerning plaintiff's damages calculations.

        d.      I told Ms. Auyang that Thimes agreed to and would produce documents reflecting Thimes's income since its expulsion from the Amazon Marketplace.

        e.      I explained to Ms. Auyang the reason for the purported discrepancy between the two invoices from The Surplus Company:  Thimes intended to buy 480 units of TP-Link's AC5400 routers from The Surplus Company, but was then told that another entity had already purchased 120 units

from the same lot of routers that The Surplus Company had available, thus leaving Thimes with only 360 units.

        f.     I identified the specific Bates numbers from Thimes's production of the two invoices reflecting Thimes's purchases of all TP-Link products it sold on the Amazon Marketplace.

        g.     I explained that Thimes conducted the vast majority of its sales on the Amazon Marketplace.  But because of its expulsion from the Amazon Marketplace, Thimes is not in possession of any documents concerning its listings of TP-Link products on the Amazon Marketplace.  Thimes also sold a small amount of TP-Link products through Wal-Mart.  I informed Ms. Auyang that Thimes would ascertain whether it had any documents reflecting the small of amount of sales it transacted through Wal-Mart, and supplement its responses and production as appropriate.

        h.     I told Ms. Auyang that to the extent any emails Thimes produced was missing attachments, Thimes would reproduce those emails complete with the attachments.  Thimes then endeavored to reproduce all emails with missing attachments from its initial production in its supplemental production on July 28, 2022.

    4.     On July 28, 2022, Thimes served supplemental responses to TP-Link's first sets of interrogatories and document requests, true and correct copies of which are attached as **Exhibits 1** and **2**.

    5.     Also on July 28, 2022, Thimes served a Dropbox link to access its supplemental production of documents containing 259 documents.  As of July 28, 2022, Thimes has produced a total of 474 documents.

    6.     Attached as **Exhibit 3** is a true and correct copy of the Court's June 29, 2022 order concerning Thimes's motion to compel TP-Link to produce documents, filed in the docket as ECF No. 191.

    7.     As of the date of this declaration, TP-Link has produced a total of 91

documents, served on July 18, 2022.  Of those 91 documents, only 14 are communications TP-Link exchanged with Amazzia.  All 14 communications were sent or received between April 19 and June 18, 2018.  Thimes will be moving to compel TP-Link to comply with the Court's June 29 order.

8.    To date, Thimes has produced: balance sheets for the years 2017 through 2021, annual profit and loss statements for the years 2017 through 2020, monthly profit and loss statements for the years 2017 and 2018, and monthly profit and loss statements for the years 2015 through 2018, downloaded from InventoryLab.  In addition, Thimes has already produced transaction-level details concerning its sales of all products on the Amazon Marketplace.

9.    The Oxford dictionary defines the term "operation" as "an activity in which a business is involved," which can be found online at: https://www.google.com/search?q=operation+definition&rlz=1C1CHBF_enUS923US923&oq=operation+definition&aqs=chrome..69i57j0i512l9.2880j1j7&sourceid=chrome&ie=UTF-8.

10.    Mr. Eisenberg operates Thimes.

11.    A search of the term "TP-Link" in Thimes's email brought back 1,042 hits.

12.    Attached as **Exhibit 4** is a true and correct copy of Judge Blumenfeld's July 11 order on plaintiff's motion to strike, filed in the docket as ECF No. 194.

13.    Attached as **Exhibit 5** is a true and correct copy of Thimes's responses to Amazzia's requests for admission, served on July 7, 2022.

\\\

\\\

\\\

1       14.    Thimes produced its emails in PDF format.  Right-clicking on a PDF

2 allows a user to see the "properties" of the document, which shows information

3 concerning the dates the PDF was "Created" and "Modified."  The emails included

4 in Thimes's productions were "created" when the emails were printed to PDF, and

5 "modified" when Bates labels were added to the PDF.

6

7       I declare under penalty of perjury under the laws of the United States that the

8 foregoing is true and correct.  Executed on August 1, 2022, at Alameda, California.

9

10

11                       Victor Meng

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 1

RANDOLPH GAW (S.B. #223718)
 rgaw@gawpoe.com
MARK POE (S.B. #223714)
 mpoe@gawpoe.com
VICTOR MENG (S.B. #254102)
 vmeng@gawpoe.com
GAW | POE LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

MARK SCHLACHET (*pro hac vice*)
 markschlachet@me.com
43 West 43d Street, Suite 220
New York, New York 10036
Telephone: (216) 225-7559
Facsimile: (216) 932-5390

Attorneys for Plaintiff
Thimes Solutions Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS INC.<br><br>Plaintiffs,<br><br>v.<br><br>TP-LINK USA CORPORATION, and AUCTION BROTHERS, INC. d/b/a AMAZZIA<br><br>Defendant. | Case No. 2:19-cv-10374-SB-E<br><br>**THIMES SOLUTIONS INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT TP-LINK USA CORPORATION'S FIRST SET OF INTERROGATORIES** |

PROPOUNDING PARTY:     Defendant TP-Link USA Corporation

RESPONDING PARTY:      Plaintiff Thimes Solutions Inc.

SET NO.:                          One

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Thimes Solutions Inc. hereby issues supplemental objections and responses to Defendant TP-Link USA Corporation's First Set of Interrogatories to Plaintiff, served on June 2, 2022.

## SUPPLEMENTAL RESPONSES TO INTERROGATORIES

## INTERROGATORY NO. 1:

Describe in detail element-by-element all facts and circumstances that support or otherwise relate to YOUR claim for interference with existing and prospective business relationships.

## RESPONSE TO INTERROGATORY NO. 1:

Plaintiff objects to this Interrogatory as overbroad and unduly burdensome because it requires the statement of "all" facts "that support or otherwise relate to" Plaintiff's claim. Plaintiff will construe this Interrogatory as requesting the statement of "all material facts" supporting the claim. Plaintiff also objects to this Interrogatory as premature because discovery only recently commenced. Plaintiff further objects to the definition of "YOUR" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objections, based on information reasonably available at this time, Plaintiff responds as follows: Plaintiff's Amended Fifth Amended Complaint (ECF No. 178) describes the factual basis for Plaintiff's claim for interference with existing and prospective business relationships. Thimes has had an established economic relationship with Amazon since 2016, sold over 175,000 products on the Amazon Marketplace with a 98% lifetime positive feedback rating, and had $2 million in sales during the first six months of 2018. TP-Link knew of Thimes's successful sales on the Amazon Marketplace, as evidenced by TP-Link's entering into the Amazon Brand Protection Agreement with Amazzia for the specific purpose of eliminating third-party resellers—like Thimes—of TP-Link branded products on the Amazon

1  Marketplace.  Defendants submitted 28 complaints to Amazon alleging that

2  Thimes was selling counterfeit products for the specific purpose of disrupting and

3  stopping Thimes's sales on the Amazon Marketplace.  Amazzia has admitted that it

4  submitted the 28 complaints to Amazon with the goal of "[i]mmediate removal of

5  the seller's offer of this counterfeit product."  As a result of Defendants'

6  complaints, Amazon suspended and expelled Thimes from the Amazon

7  Marketplace.  As a result of the expulsion, Thimes was unable to sell its aging

8  inventory, access its funds stored with Amazon, and continue its profitable sales

9  track record on the Amazon Marketplace.

10      Plaintiff will supplement this Interrogatory response as appropriate after

11  discovery is substantially complete.

12  **INTERROGATORY NO. 2:**

13      Describe in detail element-by-element all facts and circumstances that support

14  or otherwise relate to YOUR claim for trade libel.

15  **RESPONSE TO INTERROGATORY NO. 2:**

16      Plaintiff objects to this Interrogatory as overbroad and unduly burdensome

17  because it requires the statement of "all" facts "that support or otherwise relate to"

18  Plaintiff's claim.  Plaintiff will construe this Interrogatory as requesting the

19  statement of "all material facts" supporting the claim.  Plaintiff also objects to this

20  Interrogatory as premature because discovery only recently commenced.  Plaintiff

21  further objects to the definition of "YOUR" as overbroad, and interprets it to mean

22  Thimes Solutions Inc. d/b/a Universal Goods & Sales.

23      Subject to and without waiving the foregoing objections, based on

24  information reasonably available at this time, Plaintiff responds as follows:

25  Plaintiff's Amended Fifth Amended Complaint (ECF No. 178) describes the

26  factual basis for Plaintiff's claim for trade libel.  Each of the 28 complaints

27  Defendants submitted to Amazon alleging that Thimes was selling counterfeit

28  products constitutes a disparaging statement that was published to others in writing

1  and induced Amazon not to deal with Plaintiff. Each of Defendants' 28 complaints

2  constitutes libel per se under California law.

3  In addition, each of the 28 complaints included a statement, submitted under

4  penalty of perjury, that Defendants had a good-faith belief that the content of the

5  complaint is correct and accurate. Defendants submitted the counterfeiting

6  complaints to Amazon despite knowing the allegations were false. Thimes

7  purchased the authentic, factory-sealed TP-Link AC5400 routers from The Surplus

8  Company, a reputable supplier that Thimes had dealt with extensively, and TP-

9  Link confirmed the authenticity of the products by purchasing eight of those

10  routers itself. Furthermore, Defendants submitted the first complaint to Amazon

11  on January 19, 2018, three days before the routers TP-Link purchased from Thimes

12  on the Amazon Marketplace were even delivered to TP-Link. TP-Link then twice

13  ignored Thimes's requests for the specific basis for TP-Link's counterfeit

14  allegations.

15  Plaintiff will supplement this Interrogatory response as appropriate after

16  discovery is substantially complete.

17  **INTERROGATORY NO. 3:**

18  Describe in detail all facts and circumstances that support or otherwise relate

19  to YOUR claim for compensatory damages, including YOUR damages calculations.

20  **RESPONSE TO INTERROGATORY NO. 3:**

21  Plaintiff objects to this Interrogatory as overbroad and unduly burdensome

22  because it requires the statement of "all" facts "that support or otherwise relate to"

23  Plaintiff's claim. Plaintiff will construe this Interrogatory as requesting the

24  statement of "all material facts" supporting the claim. Plaintiff also objects to this

25  Interrogatory as premature because discovery only recently commenced. Plaintiff

26  further objects to this Interrogatory as duplicative of Interrogatory Nos. 1 and 2.

27  Plaintiff further objects to the definition of "YOUR" as overbroad, and interprets it

28  to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

1      Subject to and without waiving the foregoing objections, based on

2  information reasonably available at this time, Plaintiff responds as follows:

3  Plaintiff's Amended Fifth Amended Complaint (ECF No. 178) describes the factual

4  basis for Plaintiff's claim for compensatory damages, based on information

5  reasonably available at this time.  Specifically, TP-Link tortiously interfered with

6  Thimes's economic relationship with Amazon by submitting to Amazon 28

7  complaints alleging that Thimes was selling counterfeit products, for the specific

8  purpose of disrupting and stopping Thimes's sales on the Amazon Marketplace.

9  Thimes had an established economic relationship with Amazon since 2016, sold

10  over 175,000 products on the Amazon Marketplace with a 98% lifetime positive

11  feedback rating, and had $2 million in sales during the first six months of 2018.  TP-

12  Link knew of Thimes's successful sales on the Amazon Marketplace, and entered

13  into the Amazon Brand Protection Agreement with Amazzia for the specific purpose

14  of eliminating third-party resellers like Thimes of TP-Link branded products on the

15  Amazon Marketplace.

16      TP-Link's conduct constitutes trade libel, as each of the 28 complaints

17  Defendants submitted to Amazon alleging that Thimes was selling counterfeit

18  products constitutes a disparaging statement that was published to others in writing

19  and induced Amazon not to deal with Plaintiff, and is libel per se under California

20  law.

21      As a result of TP-Link's complaints, Amazon suspended and expelled Thimes

22  from the Amazon Marketplace.  Plaintiff has been damaged by TP-Link's tortious

23  interference because Plaintiff had to sell much of its inventory at a loss, could not

24  access its funds stored with Amazon, and could not continue its profitable sales track

25  record on the Amazon Marketplace.

26      Plaintiff will supplement this Interrogatory response as appropriate after

27  discovery is substantially complete.

28

1   **INTERROGATORY NO. 4:**

2       Describe in detail all facts and circumstances relating to the specific conduct

3   by TP-LINK USA which YOU contend was wrongful in connection with YOUR

4   claim for interference with existing and prospective business relationships.

5   **RESPONSE TO INTERROGATORY NO. 4:**

6       Plaintiff objects to this Interrogatory as overbroad and unduly burdensome

7   because it requires the statement of "all" facts "relating to" Plaintiff's claim.

8   Plaintiff will construe this Interrogatory as requesting the statement of "all material

9   facts" supporting the claim. Plaintiff also objects to this Interrogatory as premature

10  because discovery only recently commenced. Plaintiff further objects to this

11  Interrogatory as duplicative of Interrogatory No. 1. Plaintiff further objects to the

12  definition of "YOU" and "YOUR" as overbroad, and interprets them to mean

13  Thimes Solutions Inc. d/b/a Universal Goods & Sales.

14      Subject to and without waiving the foregoing objections, based on

15  information reasonably available at this time, Plaintiff responds as follows:

16  Plaintiff's Amended Fifth Amended Complaint (ECF No. 178) describes the

17  factual basis for Plaintiff's claim for interference with existing and prospective

18  business relationships. Thimes has had an established economic relationship with

19  Amazon since 2016, sold over 175,000 products on the Amazon Marketplace with

20  a 98% lifetime positive feedback rating, and had $2 million in sales during the first

21  six months of 2018. TP-Link knew of Thimes's successful sales on the Amazon

22  Marketplace, as evidenced by TP-Link's entering into the Amazon Brand

23  Protection Agreement with Amazzia for the specific purpose of eliminating third-

24  party resellers—like Thimes—of TP-Link branded products on the Amazon

25  Marketplace. TP-Link instructed Amazzia to submit 28 complaints to Amazon

26  alleging that Thimes was selling counterfeit products for the specific purpose of

27  disrupting and stopping Thimes's sales on the Amazon Marketplace. TP-Link had

28  no reasonable basis for alleging to Amazon that Thimes sold counterfeit TP-Link

1  branded products, as TP-Link lodged such complaints before it ever received any

2  orders of TP-Link products from Thimes.  Furthermore, after TP-Link received

3  orders of TP-Link products from Thimes and had an opportunity to inspect them, it

4  knew that these products were still factory-sealed and thus unaltered in any way,

5  yet it continued to knowingly or recklessly allege to Amazon that Thimes sold

6  counterfeit TP-Link branded products.  Actual disruption occurred, as Amazon

7  suspended and expelled Thimes from the Amazon Marketplace.  As a result of the

8  expulsion, Thimes was unable to sell its aging inventory, access its funds stored

9  with Amazon, and continue its profitable sales track record on the Amazon

10  Marketplace.

11       Plaintiff will supplement this Interrogatory response as appropriate after

12  discovery is substantially complete.

13  **INTERROGATORY NO. 5:**

14       Describe in detail all facts and circumstances relating to the specific conduct

15  by AMAZZIA which YOU contend was wrongful in connection with YOUR claim

16  for interference with existing and prospective business relationships.

17  **RESPONSE TO INTERROGATORY NO. 5:**

18       Plaintiff objects to this Interrogatory as overbroad and unduly burdensome

19  because it requires the statement of "all" facts "relating to" Plaintiff's claim.

20  Plaintiff will construe this Interrogatory as requesting the statement of "all material

21  facts" supporting the claim.  Plaintiff also objects to this Interrogatory as premature

22  because discovery only recently commenced.  Plaintiff further objects to this

23  Interrogatory as duplicative of Interrogatory No. 1.  Plaintiff further objects to the

24  definition of "YOU" and "YOUR" as overbroad, and interprets them to mean

25  Thimes Solutions Inc. d/b/a Universal Goods & Sales.

26       Subject to and without waiving the foregoing objections, based on

27  information reasonably available at this time, Plaintiff responds as follows:

28  Plaintiff's Amended Fifth Amended Complaint (ECF No. 178) describes the

factual basis for Plaintiff's claim for interference with existing and prospective business relationships.  Thimes has had an established economic relationship with Amazon since 2016, sold over 175,000 products on the Amazon Marketplace with a 98% lifetime positive feedback rating, and had $2 million in sales during the first six months of 2018.  Amazzia knew of Thimes's successful sales on the Amazon Marketplace, as evidenced by Amazzia's entering into the Amazon Brand Protection Agreement with TP-Link for the specific purpose of eliminating third-party resellers—like Thimes—of TP-Link branded products on the Amazon Marketplace.  Amazzia submitted 28 complaints to Amazon, per instruction from TP-Link, alleging that Thimes was selling counterfeit products for the specific purpose of disrupting and stopping Thimes's sales on the Amazon Marketplace. Amazzia has admitted that it submitted the 28 complaints to Amazon with the goal of "[i]mmediate removal of the seller's offer of this counterfeit product."  Amazzia had no reasonable basis for alleging to Amazon that Thimes sold counterfeit TP-Link branded products, as Amazzia lodged such complaints before it ever received any orders of TP-Link products from Thimes.  Furthermore, after TP-Link received orders of TP-Link products from Thimes and had an opportunity to inspect them, it knew that these products were still factory-sealed and thus unaltered in any way, yet Amazzia continued to knowingly or recklessly allege to Amazon that Thimes sold counterfeit TP-Link branded products.  Actual disruption occurred, as Amazon suspended and expelled Thimes from the Amazon Marketplace.  As a result of the expulsion, Thimes was unable to sell its aging inventory, access its funds stored with Amazon, and continue its profitable sales track record on the Amazon Marketplace.

Plaintiff will supplement this Interrogatory response as appropriate after discovery is substantially complete.

**INTERROGATORY NO. 6:**

Identify each statement made by TP-LINK USA to customers (or entities

1   alleged to be customers) of THIMES (including, but not limited to, the date of the

2   statement, the manner in which the statement was conveyed, and the speaker).

3   **RESPONSE TO INTERROGATORY NO. 6:**

4        Plaintiff objects to this Interrogatory to the extent it seeks information solely

5   in the possession of TP-Link or Amazzia.  Plaintiff further objects to the term

6   "customers (or entities alleged to be customers) of THIMES" as vague and

7   ambiguous.  Plaintiff further objects to this Interrogatory on grounds of relevance.

8   Plaintiff also objects to this Interrogatory as premature because discovery only

9   recently commenced.  Plaintiff further objects to the definition of "THIMES" as

10  overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods &

11  Sales.  Plaintiff also alleges that the Interrogatory is unduly burdensome and not

12  proportional to the legitimate needs of discovery to the extent it seeks Plaintiff to

13  describe "the manner in which" TP-Link made any statement to any "customer" of

14  Thimes.

15       Subject to and without waiving the foregoing objections, based on

16  information reasonably available at this time, Plaintiff responds as follows:

17  Amazzia submitted complaints to Amazon on behalf of TP-Link via Amazon's

18  Notice Infringement Process on the following dates: January 19, 2018, January 21,

19  January 26, 2018, February 14, 2018, February 21, 2018, February 28, 2018, March

20  2, 2018, March 3, 2018, March 10, 2018, March 13, 2018, March 21, 2018, March

21  31, 2018, April 2, 2018, April 5, 2018, April 6, 2018, April 7, 2018, April 9, 2018,

22  April 10, 2018, April 11, 2018, April 12, 2018, April 24, 2018, April 25, 2018, April

23  26, 2018, April 30, 2018, May 28, 2018, May 30, 2018, June 7, 2018, and June 21,

24  2018.

25       Plaintiff will supplement this Interrogatory response as appropriate after

26  discovery is substantially complete.

27  **INTERROGATORY NO. 7:**

28       Identify each statement made by AMAZZIA to customers (or entities alleged

1  to be customers) of THIMES (including, but not limited to, the date of the statement,

2  the manner in which the statement was conveyed, and the speaker).

3  **RESPONSE TO INTERROGATORY NO. 7:**

4      Plaintiff objects to this Interrogatory to the extent it seeks information solely

5  in the possession of Amazzia.  Plaintiff further objects to the term "customers (or

6  entities alleged to be customers) of THIMES" as vague and ambiguous.  Plaintiff

7  further objects to this Interrogatory on grounds of relevance.  Plaintiff also objects to

8  this Interrogatory as premature because discovery only recently commenced.

9  Plaintiff further objects to the definition of "THIMES" as overbroad, and interprets

10  it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.  Plaintiff also

11  alleges that the Interrogatory is unduly burdensome and not proportional to the

12  legitimate needs of discovery to the extent it seeks Plaintiff to describe "the manner

13  in which" Amazzia made any statement to any "customer" of Thimes.

14      Subject to and without waiving the foregoing objections, based on

15  information reasonably available at this time, Plaintiff responds as follows:

16  Amazzia submitted complaints to Amazon on behalf of TP-Link via Amazon's

17  Notice Infringement Process on the following dates: January 19, 2018, January 21,

18  January 26, 2018, February 14, 2018, February 21, 2018, February 28, 2018, March

19  2, 2018, March 3, 2018, March 10, 2018, March 13, 2018, March 21, 2018, March

20  31, 2018, April 2, 2018, April 5, 2018, April 6, 2018, April 7, 2018, April 9, 2018,

21  April 10, 2018, April 11, 2018, April 12, 2018, April 24, 2018, April 25, 2018, April

22  26, 2018, April 30, 2018, May 28, 2018, May 30, 2018, June 7, 2018, and June 21,

23  2018.

24      Plaintiff will supplement this Interrogatory response as appropriate after

25  discovery is substantially complete.

26  **INTERROGATORY NO. 8:**

27      Identify each customer that YOU contend did not do business with YOU due

28  to a statement by AMAZZIA and the circumstances of that transaction.

THIMES SUPP. RESPONSE TO
TP-LINK FIRST ROGS
CASE NO. 2:19-CV-10374-SB-E

1  **RESPONSE TO INTERROGATORY NO. 8:**

2   Plaintiff objects to this Interrogatory to the extent it seeks information solely

3  in the possession of third parties.  Plaintiff further objects to the term "circumstances

4  of that transaction" as vague and ambiguous.  Plaintiff further objects to the

5  definition of "YOU" as overbroad, and interprets it to mean Thimes Solutions Inc.

6  d/b/a Universal Goods & Sales.

7   Subject to and without waiving the foregoing objections, Plaintiff responds as

8  follows:  Amazzia's submission of the 28 complaints on behalf of TP-Link to

9  Amazon accusing Plaintiff of selling counterfeit goods induced Amazon to suspend

10  and expel Plaintiff from the Amazon Marketplace, thereby depriving Plaintiff of the

11  ability to market and transact on the Amazon Marketplace, the largest e-commerce

12  platform in the world and where half of all online retail sales take place.  Following

13  Amazon's expulsion of Plaintiff from the Amazon Marketplace on August 27, 2018,

14  each customer searching on the Amazon Marketplace for any product that Plaintiff

15  had in stock in its inventory is a lost transaction.

16   Plaintiff will supplement this Interrogatory response as appropriate after

17  discovery is substantially complete.

18  **INTERROGATORY NO. 9:**

19   Identify each customer that YOU contend did not do business with YOU due

20  to a statement by TP-LINK USA and the circumstances of that transaction.

21  **RESPONSE TO INTERROGATORY NO. 9:**

22   Plaintiff objects to this Interrogatory to the extent it seeks information solely

23  in the possession of third parties.  Plaintiff further objects to the term "circumstances

24  of that transaction" as vague and ambiguous.  Plaintiff further objects to the

25  definition of "YOU" as overbroad, and interprets it to mean Thimes Solutions Inc.

26  d/b/a Universal Goods & Sales.

27   Subject to and without waiving the foregoing objections, Plaintiff responds as

28  follows:  per TP-Link's instruction, Amazzia submitted 28 complaints to Amazon

accusing Plaintiff of selling counterfeit goods that induced Amazon to suspend and expel Plaintiff from the Amazon Marketplace, thereby depriving Plaintiff of the ability to market and transact on the Amazon Marketplace, the largest e-commerce platform in the world and where half of all online retail sales take place.  Following Amazon's expulsion of Plaintiff from the Amazon Marketplace on August 27, 2018, each customer searching on the Amazon Marketplace for any product that Plaintiff had in stock in its inventory, or would have eventually purchased for re-sale on Amazon in the ordinary course of its business, is a lost transaction.

Plaintiff will supplement this Interrogatory response as appropriate after discovery is substantially complete.

**INTERROGATORY NO. 10:**

Identify each transaction (including sales) which YOU contend did not occur due to a statement by AMAZZIA and the circumstances of that transaction.

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff objects to this Interrogatory to the extent it seeks information concerning a "transaction" that "did not occur."  Plaintiff further objects to the term "circumstances of that transaction" as vague and ambiguous.  Plaintiff further objects to the definition of "YOU" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:  per TP-Link's instruction, Amazzia submitted 28 complaints to Amazon accusing Plaintiff of selling counterfeit goods that induced Amazon to suspend and expel Plaintiff from the Amazon Marketplace, thereby depriving Plaintiff of the ability to market and transact on the Amazon Marketplace, the largest e-commerce platform in the world and where half of all online retail sales take place.  Following Amazon's expulsion of Plaintiff from the Amazon Marketplace on August 27, 2018, each customer searching on the Amazon Marketplace for any product that Plaintiff had in stock in its inventory, or would have eventually purchased for re-sale on

1   Amazon in the ordinary course of its business, is a lost transaction.

2        Plaintiff will supplement this Interrogatory response as appropriate after

3   discovery is substantially complete.

4   **INTERROGATORY NO. 11:**

5        Identify each transaction (including sales) which YOU contend did not occur

6   due to a statement made by TP-LINK USA and the circumstances of that

7   transaction.

8   **RESPONSE TO INTERROGATORY NO. 11:**

9        Plaintiff objects to this Interrogatory to the extent it seeks information

10   concerning a "transaction" that "did not occur."  Plaintiff further objects to the term

11   "circumstances of that transaction" as vague and ambiguous.  Plaintiff further

12   objects to the definition of "YOU" as overbroad, and interprets it to mean Thimes

13   Solutions Inc. d/b/a Universal Goods & Sales.

14        Subject to and without waiving the foregoing objections, Plaintiff responds

15   as follows:  per TP-Link's instruction, Amazzia submitted 28 complaints to Amazon

16   accusing Plaintiff of selling counterfeit goods that induced Amazon to suspend and

17   expel Plaintiff from the Amazon Marketplace, thereby depriving Plaintiff of the

18   ability to market and transact on the Amazon Marketplace, the largest e-commerce

19   platform in the world and where half of all online retail sales take place.  Following

20   Amazon's expulsion of Plaintiff from the Amazon Marketplace on August 27, 2018,

21   each customer searching on the Amazon Marketplace for any product that Plaintiff

22   had in stock in its inventory, or would have eventually purchased for re-sale on

23   Amazon in the ordinary course of its business, is a lost transaction.

24        Plaintiff will supplement this Interrogatory response as appropriate after

25   discovery is substantially complete.

26   **INTERROGATORY NO. 12:**

27        Describe in detail any concerns, claims, or complaints regarding THIMES or

28   any account run by AVRAHAM EISENBERG, including, but not limited to,

1  intellectual property violations (trademark, patent or copyright), negative customer

2  feedback, account issues (e.g., inadequate product descriptions, insufficient security,

3  or performance evaluations), warnings (including the "Amazon's warning letter"

4  referred to in 5AC ¶ 26 and "single imposter's complaint" referred to in 5AC ¶ 58),

5  suspensions, removals, and expulsions.

6  **RESPONSE TO INTERROGATORY NO. 12:**

7  Plaintiff objects to this Interrogatory as compound.  Plaintiff further objects to

8  the terms "concerns … regarding THIMES or account run by AVRAHAM

9  EISENBERG," "negative customer feedback," "account issues," and "warnings" as

10  vague and ambiguous.  Plaintiff further objects to the Interrogatory to the extent it

11  seeks information solely in the possession of third parties.  Plaintiff further objects

12  to this Interrogatory as overbroad and unduly burdensome because it requires a

13  description "in detail any concerns, claims or complaints" regarding Plaintiff.

14  Plaintiff will construe this Interrogatory as requesting Plaintiff to describe "claims,

15  or complaints" that Plaintiff is aware of.  Plaintiff further objects to the definition of

16  "THIMES" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a

17  Universal Goods & Sales.  Plaintiff further objects that any relevance of identifying

18  "each" communication it received from Amazon for "intellectual property violations

19  (trademark, patent or copyright), negative customer feedback, account issues (e.g.,

20  inadequate product descriptions, insufficient security, or performance evaluations),

21  warnings, suspensions, removals, and expulsions" is minimal, is greatly outweighed

22  by the burden of tracking down all such communications, and on that ground, is

23  disproportional to the needs of the case, considering the parties' resources, the

24  importance of the discovery in resolving the issues, and whether the burden or

25  expense of the proposed discovery outweighs its likely benefit.  Plaintiff will only

26  identify the e-mails it received from Amazon containing warnings or complaints of

27  intellectual property infringement (such as trademark infringement or

28  counterfeiting), suspensions, removals, or expulsion.

Subject to and without waiving the foregoing objections, based on information reasonably available at this time, Plaintiff responds as follows: Amazzia submitted complaints to Amazon on behalf of TP-Link via Amazon's Notice Infringement Process on the following dates: January 19, 2018, January 21, January 26, 2018, February 14, 2018, February 21, 2018, February 28, 2018, March 2, 2018, March 3, 2018, March 10, 2018, March 13, 2018, March 21, 2018, March 31, 2018, April 2, 2018, April 5, 2018, April 6, 2018, April 7, 2018, April 9, 2018, April 10, 2018, April 11, 2018, April 12, 2018, April 24, 2018, April 25, 2018, April 26, 2018, April 30, 2018, May 28, 2018, May 30, 2018, June 7, 2018, and June 21, 2018.

Plaintiff also received an e-mail from Amazon on May 7, 2018 notifying Plaintiff about Amazon's suspension of Plaintiff for alleged infringement of intellectual property rights.

Plaintiff also received an e-mail from Amazon on August 27, 2018 notifying Plaintiff that it had been permanently expelled from the Amazon marketplace.

Plaintiff also received an e-mail from Amazon containing a Notice of Intellectual Property Rights Infringement from True Touch on January 13, 2017, and a subsequent e-mail on October 19, 2017 stating that Amazon had reinstated that content following Plaintiff's appeal.  Plaintiff also received e-mails from Amazon containing Notices of Intellectual Property Rights Infringement on June 26, 2017 from J&L and on May 11, 2018 from Apple.   Plaintiff additionally received e-mails from Amazon containing a notice of trademark infringement on the following dates: May 31, 2018; June 24, 2018, and August 22, 2018.  Plaintiff also received e-mails from Amazon regarding purported counterfeit Prevagen products on June 9, 2018, June 10, 2018, June 21, 2018, and June 23, 2018.  Pursuant to Rule 33(d), Plaintiff directs TP-Link to THIMES00268, THIMES00280, THIMES00287, THIMES00303, THIMES00316, THIMES00315, THIMES00318, THIMES00330, THIMES00333.

1

2    Dated:  July 28, 2022                              GAW | POE LLP

3                                                       By:
                                                       _____
4                                                         Randolph Gaw
                                                          Attorneys for Plaintiff
5                                                         Thimes Solutions Inc.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **<u>VERIFICATION</u>**

I, Avraham Eisenberg, declare that I am authorized to make this verification on behalf of Plaintiff Thimes Solutions Inc.  I have read **THIMES SOLUTIONS INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT TP-LINK USA CORPORATION'S FIRST SET OF INTERROGATORIES**, know their contents, and certify that the same are true of my own knowledge, and as to those things of which I do now have personal knowledge, I am informed and believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and this verification was executed on July 28, 2022, at San Juan, Puerto Rico.


*Avraham Eisenberg*

# CERTIFICATE OF SERVICE

I am over 18 years of age and not a party to the action.  I hereby certify that on July 28, 2022, I served the following document(s) on the parties in the above-entitled action:

**THIMES SOLUTIONS INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT TP-LINK USA CORPORATION'S FIRST SET OF INTERROGATORIES**

**Via E-mail:**  The document(s) described above were transmitted by electronic mail to the addresses on record for the following parties and their counsel:

| | |
|---|---|
| Heather Auyang<br>Heather.Auyang@ltlattorneys.com<br>Prashanth Chennakesavan<br>Prashanth.Chennakesavan@ltlattorneys.com<br>Patice Gore<br>patice.gore@ltlattorneys.com | Chris Frost<br>chris@wgfcounsel.com<br>Ashley Morris<br>ashley@wgfcounsel.com |
| LTL Attorneys LLP<br>600 California St. \| 15th Floor<br>San Francisco, California 94108 | Weinberg Gonser Frost LLP<br>10866 Wilshire Blvd, Suite 1650<br>Los Angeles, California 90024 |
| Attorneys for Defendant<br>TP Link USA Corporation | Attorneys for Defendant<br>Auction Brothers, Inc. |

I declare under penalty of perjury that the foregoing is a true and correct statement.

Dated:  July 28, 2022

Victor Meng

Exhibit 2

1   RANDOLPH GAW (S.B. #223718)           MARK SCHLACHET (*pro hac vice*)
2    rgaw@gawpoe.com                        markschlachet@me.com
    MARK POE (S.B. #223714)               43 West 43d Street, Suite 220
3    mpoe@gawpoe.com                      New York, New York 10036
    VICTOR MENG (S.B. #254102)           Telephone: (216) 225-7559
4    vmeng@gawpoe.com                     Facsimile: (216) 932-5390
5   GAW | POE LLP
6   4 Embarcadero Center, Suite 1400
    San Francisco, CA 94111
7   Telephone: (415) 766-7451
8   Facsimile: (415) 737-0642

9   Attorneys for Plaintiff
    Thimes Solutions Inc.
10

11                  **UNITED STATES DISTRICT COURT**

12                  **CENTRAL DISTRICT OF CALIFORNIA**

13                       **WESTERN DIVISION**

14

15   THIMES SOLUTIONS INC.              Case No. 2:19-cv-10374-SB-E

16                  Plaintiffs,          **THIMES SOLUTIONS INC.'S**
                                         **SUPPLEMENTAL OBJECTIONS**
17          v.                           **AND RESPONSES TO DEFENDANT**
                                         **TP-LINK USA CORPORATION'S**
18   TP-LINK USA CORPORATION,            **FIRST SET OF REQUESTS FOR**
     and AUCTION BROTHERS, INC.          **PRODUCTION**
19   d/b/a AMAZZIA

20                  Defendant.

21

22

23   PROPOUNDING PARTY:        Defendant TP-Link USA Corporation

24   RESPONDING PARTY:         Plaintiff Thimes Solutions Inc.

25   SET NO.:                  One

26

27

28

1    Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure,

2    Plaintiff Thimes Solutions Inc. hereby issues the following supplemental

3    objections and responses to Defendant TP-Link USA Corporation's First Set of

4    Interrogatories to Plaintiff, served on June 2, 2022.

5    **SUPPLEMENTAL RESPONSES TO INTERROGATORIES**

6    **REQUEST NO. 1:**

7    All DOCUMENTS and COMMUNICATIONS CONCERNING TP-LINK

8    USA, including TP-Link products.

9    **RESPONSE TO REQUEST NO. 1:**

10   Plaintiff objects to this Request as overbroad, unduly burdensome, and

11   disproportional to the needs of the case insofar as it seeks "all" documents and

12   communications concerning every TP-Link product Plaintiff has ever purchased or

13   sold.  Plaintiff also objects on grounds of relevance to the extent that this Request

14   demands documents concerning Plaintiff's purchases of TP-Link products from

15   sellers other than TP-Link, as liability on Plaintiff's claims turns on TP-Link's

16   conduct, not Plaintiff's purchase of TP-Link products from other sellers.  Plaintiff

17   further objects that any relevance of "all" documents and communications is

18   minimal, is greatly outweighed by the burden of tracking down all such documents

19   and communications, and on that ground, is disproportional to the needs of the case,

20   considering the parties' resources, the importance of the discovery in resolving the

21   issues, and whether the burden or expense of the proposed discovery outweighs its

22   likely benefit.  Plaintiff also objects to this Request to the extent it calls for the

23   production of information protected from disclosure by the attorney-client privilege,

24   the work product doctrine, or other applicable protections and privileges.

25   Subject to and without waiving the foregoing objections, Plaintiff responds as

26   follows:  Plaintiff will produce all responsive, non-privileged documents in its

27   possession, custody, or control that are located after a reasonably diligent search (1)

28   reflecting Plaintiff's purchases of TP-Link products that it subsequently re-sold on

1   Amazon or (2) reflecting Plaintiff's sales on Amazon of TP-Link products.

2   **REQUEST NO. 2:**

3       All DOCUMENTS and COMMUNICATIONS related to any concerns,

4   claims, or complaints regarding THIMES or any account run by AVRAHAM

5   EISENBERG, including, but not limited to, intellectual property violations

6   (trademark, patent, or copyright), negative customer feedback, account issues (e.g.,

7   inadequate product descriptions, insufficient security, or performance evaluations),

8   warnings (including the "Amazon's warning letter" referred to in 5AC ¶ 26 and

9   "single imposter's complaint" referred to in 5AC ¶ 58), suspensions, removals, and

10  expulsions.

11  **RESPONSE TO REQUEST NO. 2:**

12      Plaintiff objects to the terms "concerns, claims, or complaints regarding

13  Thimes or any account run by AVRAHAM EISENBERG," "negative customer

14  feedback," "account issues," and "warnings" as vague and ambiguous.  Plaintiff

15  further objects that any relevance of "all" such documents and communications is

16  minimal, is greatly outweighed by the burden of tracking down those documents,

17  and on that ground, is disproportional to the needs of the case, considering the

18  parties' resources, the importance of the discovery in resolving the issues, and

19  whether the burden or expense of the proposed discovery outweighs its likely

20  benefit.  Plaintiff further objects to the definition of "THIMES" as overbroad, and

21  interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.  Plaintiff

22  also objects to this Request to the extent it calls for the production of information

23  protected from disclosure by the attorney-client privilege, the work product doctrine,

24  or other applicable protections and privileges.

25      Subject to and without waiving the foregoing objections, Plaintiff responds as

26  follows:  Plaintiff will produce all e-mails sent to it by Amazon regarding

27  complaints, policy warning notices, notices of intellectual property violations, or

28  negative feedback.

1  **REQUEST NO. 3:**

2      All DOCUMENTS and COMMUNICATIONS between THIMES and any

3  third-party (including, but not limited to, AMAZON and customers)

4  CONCERNING TP-LINK USA or any TP-Link product.

5  **RESPONSE TO REQUEST NO. 3:**

6      Plaintiff objects to this Request as overbroad, unduly burdensome, and

7  disproportional to the needs of the case insofar as it seeks "all DOCUMENTS and

8  COMMUNICATIONS" concerning every TP-Link product Plaintiff has ever

9  purchased or sold. Plaintiff further objects that any relevance of "all" documents and

10  communications is minimal, is greatly outweighed by the burden of tracking down

11  all such documents and communications, and on that ground, is disproportional to

12  the needs of the case, considering the parties' resources, the importance of the

13  discovery in resolving the issues, and whether the burden or expense of the proposed

14  discovery outweighs its likely benefit.  Plaintiff further objects to the definition of

15  "THIMES" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a

16  Universal Goods & Sales.  Plaintiff also objects to this Request to the extent it calls

17  for the production of information protected from disclosure by the attorney-client

18  privilege, the work product doctrine, or other applicable protections and privileges.

19  Plaintiff further objects to this Request as duplicative of Request No. 1.

20  **REQUEST NO. 4:**

21      All DOCUMENTS and COMMUNICATIONS between AVRAHAM

22  EISENBERG and any third-party (including, but not limited to, AMAZON and

23  customers) CONCERNING TP-LINK USA or any TP-Link product.

24  **RESPONSE TO REQUEST NO. 4:**

25      Plaintiff objects to this Request as overbroad, unduly burdensome, and

26  disproportional to the needs of the case insofar as it seeks "all DOCUMENTS and

27  COMMUNICATIONS" concerning every TP-Link product Plaintiff has ever

28  purchased or sold.  Plaintiff further objects that any relevance of "all" documents

- 3 -

1  and communications is minimal, is greatly outweighed by the burden of tracking

2  down all such documents and communications, and on that ground, is

3  disproportional to the needs of the case, considering the parties' resources, the

4  importance of the discovery in resolving the issues, and whether the burden or

5  expense of the proposed discovery outweighs its likely benefit.  Plaintiff further

6  objects to the definition of "AVRAHAM EISENBERG" as overbroad, and interprets

7  it to mean Avraham Eisenberg.  Plaintiff also objects to this Request to the extent it

8  calls for the production of information protected from disclosure by the attorney-

9  client privilege, the work product doctrine, or other applicable protections and

10  privileges.

11  **REQUEST NO. 5:**

12      All DOCUMENTS and COMMUNICATIONS showing that AMAZON

13  purchased any products as a customer of THIMES, including invoices and

14  purchase orders.

15  **RESPONSE TO REQUEST NO. 5:**

16      Plaintiff objects to the term "as a customer of THIMES" as vague and

17  ambiguous.  Plaintiff further objects to the definition of "THIMES" as overbroad,

18  and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

19      Subject to and without waiving the foregoing objections, Plaintiff responds as

20  follows:  Plaintiff participated in Amazon's Vendor Express program, where

21  Plaintiff sold products directly to Amazon.  But Plaintiff no longer has access to its

22  Amazon account and, after completing a reasonably diligent search of documents in

23  its possession, custody, or control, is not in possession of any documents or

24  communications showing that Plaintiff sold products directly to Amazon.

25  **REQUEST NO. 6:**

26      All DOCUMENTS and COMMUNICATIONS concerning statements made

27  by TP-LINK USA to customers (or entities alleged to be customers) of THIMES.

28

**RESPONSE TO REQUEST NO. 6:**

Plaintiff objects to this Request as vague and ambiguous as it does not know what would be a document or communication "concerning statements made by TP-Link USA to customers" and it similarly does not know what would constitute an "entit[y] alleged to be [a] customer[ ]." Plaintiff further objects that documents reflecting statements made by TP-Link to customers are equally in TP-Link's possession, and considering the parties' relative access to relevant information per Rule 26(b)(1), are more easily collected by TP-Link itself. Plaintiff further objects to the definition of "THIMES" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales. Plaintiff also objects to this Request to the extent it calls for the production of information protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable protections and privileges.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff no longer has access to its Amazon account and it does not have any way of accessing Amazon listings as they were displayed back in 2018. Plaintiff similarly has no way of accessing TP-Link's websites and social media accounts as they were displayed back in 2018. Therefore, apart from the various complaints that TP-Link / Amazzia submitted to Amazon regarding Plaintiff during 2018, Plaintiff is not in possession of any other documents or communications that reflect any communications made by TP-Link to any customers or potential customers of Plaintiff.

**REQUEST NO. 7:**

All DOCUMENTS and COMMUNICATIONS concerning statements made by AMAZZIA to customers (or entities alleged to be customers) of THIMES.

**RESPONSE TO REQUEST NO. 7:**

Plaintiff objects to this Request as vague and ambiguous as it does not know what would be a document or communication "concerning statements made by

1   AMAZZIA to customers" and it similarly does not know what would constitute an

2   "entit[y] alleged to be [a] customer[ ]."  Plaintiff further objects that documents

3   reflecting statements made by Amazzia to customers are equally in Amazzia's

4   possession, and considering the parties' relative access to relevant information per

5   Rule 26(b)(1), are more easily collected by Amazzia.  Plaintiff further objects to the

6   definition of "THIMES" as overbroad, and interprets it to mean Thimes Solutions

7   Inc. d/b/a Universal Goods & Sales.  Plaintiff also objects to this Request to the

8   extent it calls for the production of information protected from disclosure by the

9   attorney-client privilege, the work product doctrine, or other applicable protections

10   and privileges.

11        Subject to and without waiving the foregoing objections, Plaintiff responds as

12   follows:  Plaintiff no longer has access to its Amazon account and it does not have

13   any way of accessing Amazon listings as they were displayed back in 2018.

14   Plaintiff similarly has no way of accessing Amazzia's websites and social media

15   accounts as they were displayed back in 2018.  Therefore, apart from the various

16   complaints that TP-Link / Amazzia submitted to Amazon regarding Plaintiff during

17   2018, Plaintiff is not in possession of any other documents or communications that

18   reflect any communications made by Amazzia to any customers or potential

19   customers of Plaintiff.

20   **REQUEST NO. 8:**

21        All DOCUMENTS CONCERNING the sourcing of any TP-Link product,

22   including the "360 TP-Link AC5400 Routers" cited in 5AC ¶ 26.

23   **RESPONSE TO REQUEST NO. 8:**

24        Plaintiff objects to the term "sourcing of any TP-Link product" as vague and

25   ambiguous.  Plaintiff also objects to this Request to the extent it calls for the

26   production of information protected from disclosure by the attorney-client privilege,

27   the work product doctrine, or other applicable protections and privileges.

28        Subject to and without waiving the foregoing objections, Plaintiff responds as

follows:  Plaintiff will produce all responsive, non-privileged documents in its possession, custody, or control that are located after a reasonably diligent search reflecting Plaintiff's purchases of the "360 TP-Link AC5400 Routers" referenced in paragraph 26 of the Amended Fifth Amended Complaint.

**REQUEST NO. 9:**

DOCUMENTS sufficient to show the sourcing of THIMES's products sold on AMAZON, including any TP-Link products.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to this Request on grounds of relevance, as the source of non-TP-Link branded products that Plaintiff sold on the Amazon Marketplace has no bearing on any issue on Plaintiff's claims or TP-Link's counterclaim.  Plaintiff further objects to the term "sourcing of Thimes's products" as vague and ambiguous.  Plaintiff further objects to the definition of "THIMES" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales. Plaintiff also objects to this Request to the extent it calls for the production of information protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable protections and privileges.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:  Plaintiff will produce responsive, non-privileged documents in its possession, custody, or control that are located after a reasonably diligent search reflecting Plaintiff's purchases of TP-Link products.

**REQUEST NO. 10:**

All DOCUMENTS and COMMUNICATIONS with AMAZON CONCERNING THIMES's account, including, but not limited to, the signed Amazon's standard Business Solutions Agreement (referred to in ¶ 6 of the 5AC), "appeal" (referred to in ¶ 45 of the 5AC: "Plaintiff appealed and got reinstated from the May 7th suspension."), and "administrative options" (referred to in ¶ 51 of the 5AC: "Plaintiff exhausted all possible administrative options at Amazon,

1  including appellate procedures.").

2  **RESPONSE TO REQUEST NO. 10:**

3      Plaintiff objects to this Request as overbroad, unduly burdensome, and

4  disproportional to the needs of the case insofar as it seeks "all" documents and

5  communications concerning Thimes's account.  Plaintiff further objects that any

6  relevance of "all" such documents and communications is minimal, is greatly

7  outweighed by the burden of tracking down all such documents and

8  communications, and on that ground, is disproportional to the needs of the case,

9  considering the parties' resources, the importance of the discovery in resolving the

10  issues, and whether the burden or expense of the proposed discovery outweighs its

11  likely benefit.  Plaintiff further objects to the definition of "THIMES" as overbroad,

12  and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

13  Plaintiff also objects to this Request to the extent it calls for the production of

14  information protected from disclosure by the attorney-client privilege, the work

15  product doctrine, or other applicable protections and privileges.

16      Subject to and without waiving the foregoing objections, Plaintiff responds as

17  follows:  Plaintiff will produce all e-mails that it sent to, or received from, Amazon

18  concerning Amazon's standard Business Solutions Agreement, the appeal referred to

19  in paragraph 45 of the Amended Fifth Amended Complaint, and the administrative

20  options referred to in paragraph  51 of the Amended Fifth Amended Complaint.

21  **REQUEST NO. 11:**

22      All DOCUMENTS and COMMUNICATIONS with AMAZON

23  CONCERNING any account run by AVRAHAM EISENBERG (including under

24  other names or aliases).

25  **RESPONSE TO REQUEST NO. 11:**

26      Plaintiff objects to this Request on grounds of relevance, as liability on

27  Plaintiff's claims turns on TP-Link's conduct, not Mr. Eisenberg's, and any

28  relevance of the documents requested is minimal, is greatly outweighed by the

burden of tracking down all such documents and communications, and on that ground, is disproportional to the needs of the case, considering the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to the definition of "AVRAHAM EISENBERG" as overbroad, and interprets it to mean Avraham Eisenberg.  Plaintiff also objects to this Request to the extent it calls for the production of information protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable protections and privileges.

**REQUEST NO. 12:**

DOCUMENTS sufficient to show THIMES business activities and source of income since August 27, 2018.

**RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to the terms "business activities" and "source of income" as vague and ambiguous.  Plaintiff further objects to the definition of "THIMES" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objection, Plaintiff states that it will produce responsive, non-privileged documents in its possession, custody, or control that are located after a reasonably diligent search.

**REQUEST NO. 13:**

DOCUMENTS sufficient to show AVRAHAM EISENBERG's business activities and source of income since August 27, 2018.

**RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to the terms "business activities" and "source of income" as vague and ambiguous.  Plaintiff further objects to this Request on grounds of relevance, as liability on Plaintiff's claims turns on TP-Link's conduct, not Mr. Eisenberg's, and any relevance of the documents requested is minimal, is greatly

1    outweighed by the burden of tracking down all such documents and

2    communications, and on that ground, is disproportional to the needs of the case,

3    considering the parties' resources, the importance of the discovery in resolving the

4    issues, and whether the burden or expense of the proposed discovery outweighs its

5    likely benefit.  Plaintiff further objects to the definition of "AVRAHAM

6    EISENBERG" as overbroad, and interprets it to mean Avraham Eisenberg.

7    **REQUEST NO. 14:**

8        All DOCUMENTS and COMMUNICATIONS about Fortress DAO

9    CONCERNING investors' contention that millions of dollars in investors' funds

10   have been improperly retained (*see* Counterclaims ¶ 9).

11   **RESPONSE TO REQUEST NO. 14:**

12       Plaintiff objects to this Request because the relevance of the documents

13   requested is nonexistent and is also greatly outweighed by the burden of tracking

14   down all such documents and communications, and on that ground, is

15   disproportional to the needs of the case, considering the parties' resources, the

16   importance of the discovery in resolving the issues, and whether the burden or

17   expense of the proposed discovery outweighs its likely benefit.

18   **REQUEST NO. 15:**

19       All DOCUMENTS supporting Thimes's allegation in ¶ 7 of the 5AC that it

20   "sold over 175,000 products to customers on Amazon with a 98% lifetime positive

21   feedback rating. Plaintiff reached $2 million in sales during the first six months of

22   2018. As of its expulsion from Amazon, TSI was selling around $400,000-500,000

23   per month on amazon.com. Net margins were roughly 20%."

24   **RESPONSE TO REQUEST NO. 15:**

25       Plaintiff objects to this Request to the extent it calls for the production of

26   information protected from disclosure by the attorney-client privilege, the work

27   product doctrine, or other applicable protections and privileges.

28       Subject to and without waiving the foregoing objections, Plaintiff responds as

follows:  Plaintiff will produce all responsive, non-privileged documents in its

possession, custody, or control that are located after a reasonably diligent search.

**REQUEST NO. 16:**

All DOCUMENTS supporting Thimes's allegation in ¶ 52 of the 5AC that

"[b]y reason of the expulsion Plaintiff was unable to sell its aging inventory (at

least $1.1 million) or access its funds in Amazon's hands (about $80,000). Plaintiff

was forced to hire counsel at substantial expense."

**RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to this Request to the extent it calls for the production of

information protected from disclosure by the attorney-client privilege, the work

product doctrine, or other applicable protections and privileges.

Subject to and without waiving the foregoing objection, Plaintiff responds as

follows:  Plaintiff will produce all responsive, non-privileged documents in its

possession, custody, or control that are located after a reasonably diligent search.

**REQUEST NO. 17:**

All DOCUMENTS CONCERNING YOUR assets, including, but not limited

to, funding and bank account balances, since formation.

**RESPONSE TO REQUEST NO. 17:**

Plaintiff objects to this Request as overbroad, unduly burdensome, and

disproportional to the needs of the case insofar as it seeks "all" documents

concerning Plaintiff's finances.  Plaintiff also objects on grounds of relevance, as

liability on Plaintiff's claims turns on TP-Link's conduct, not Plaintiff's "assets" or

"funding and bank account balances."  Plaintiff further objects that any relevance of

"all" documents is minimal, is greatly outweighed by the burden of tracking down

all such documents and communications, and on that ground, is disproportional to

the needs of the case, considering the parties' resources, the importance of the

discovery in resolving the issues, and whether the burden or expense of the proposed

discovery outweighs its likely benefit.  Plaintiff further objects to the definition of

"YOUR" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.  Plaintiff further objects to this Request to the extent it calls for the production of information protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable protections and privileges.

**REQUEST NO. 18:**

All DOCUMENTS, such as ledgers, invoices, or merchant account summaries, since THIMES began selling products, evidencing purchases and sales of any products that YOU advertised, marketed, promoted, or listed for sale.

**RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to this Request as overbroad, unduly burdensome, and disproportional to the needs of the case insofar as it seeks "all DOCUMENTS" concerning every product Plaintiff has ever "advertised, marketed, promoted, or listed for sale."  Plaintiff also objects on grounds of relevance to the extent that this Request demands documents concerning Plaintiff's purchases and sales of non-TP-Link branded products, as such documents have no possible bearing on Plaintiff's claims or TP-Link's counterclaim.  Plaintiff further objects that any relevance of the requested documents is minimal, is greatly outweighed by the burden of tracking down all such documents and communications, and on that ground, is disproportional to the needs of the case, considering the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to the definition of "THIMES" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.  Plaintiff also objects to this Request to the extent it calls for the production of information protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable protections and privileges.

**REQUEST NO. 19:**

All financial statements for THIMES, including year-end and interim balance sheets, income statements, monthly profit and loss statements, and statements of cash flow.

**RESPONSE TO REQUEST NO. 19:**

Plaintiff objects to this Request as overbroad, unduly burdensome, and disproportional to the needs of the case insofar as it seeks "all" of Plaintiff's financial statements.  Plaintiff further objects to the definition of "THIMES" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows:  Plaintiff will produce its annual profit and loss statements and balance sheets.

**REQUEST NO. 20:**

DOCUMENTS sufficient to show financial information CONCERNING YOUR sales, on a monthly basis, by product description, units sold, month-end inventory details by product, total revenue collected, costs, gross profits, and net profits.

**RESPONSE TO REQUEST NO. 20:**

Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.  Plaintiff further objects to this Request as overbroad, unduly burdensome, and disproportional to the needs of the case insofar as it seeks documents and information concerning Plaintiff's sales of non-TP-Link branded products.

**REQUEST NO. 21:**

All DOCUMENTS and COMMUNICATIONS CONCERNING the TP-LINK® MARK, including any trademark search, clearance, or other inquiry conducted by or on behalf of YOU related to the TP-LINK® MARK.

**RESPONSE TO REQUEST NO. 21:**

Plaintiff objects to the definition of "YOU" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.  Plaintiff also objects to this Request to the extent it calls for the production of information protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable protections and privileges.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:  No responsive documents exist as Plaintiff never performed a trademark search, clearance, or other similar inquiry related to any trademarks held by TP-Link.

**REQUEST NO. 22:**

All DOCUMENTS CONCERNING any advertising, marketing, promotion, or listing for sale of any TP-Link products by YOU on any platform (including without limitation on AMAZON), including any agreements between YOU and any platform.

**RESPONSE TO REQUEST NO. 22:**

Plaintiff objects to this Request as overbroad, unduly burdensome, and disproportional to the needs of the case insofar as it seeks "all" documents concerning every TP-Link product Plaintiff has ever purchased or sold.  Plaintiff also objects on grounds of relevance, as liability on Plaintiff's claims turns on TP-Link's conduct, not Plaintiff's "advertising, marketing, promotion, or listing for sale" of TP-Link products.  Plaintiff further objects that any relevance of "all" such documents is minimal, is greatly outweighed by the burden of tracking down all such documents and communications, and on that ground, is disproportional to the needs of the case, considering the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff further objects to the definition of "YOU" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods &

Sales.  Plaintiff also objects to this Request to the extent it calls for the production of information protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable protections and privileges.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:  Plaintiff sold TP-Link products on the Amazon Marketplace.  But Plaintiff no longer has access to its Amazon account and, after completing a reasonably diligent search of documents in its possession, custody, or control, is not in possession of any documents concerning its listings of TP-Link products on the Amazon Marketplace.  Plaintiff also sold a small amount of TP-Link products through Wal-Mart.  But Plaintiff's online Wal-Mart account does not provide information concerning historical sales and, after completing a reasonably diligent search of documents in its possession, custody, or control, Plaintiff is not in possession of any documents concerning its listings of TP-Link products sold through Wal-Mart.

**REQUEST NO. 23:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING warranties related to any TP-Link product that YOU advertised, marketed, promoted, or listed for sale.

**RESPONSE TO REQUEST NO. 23:**

Plaintiff objects to the definition of "YOU" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.  Plaintiff further objects to the term "warranties related to any TP-Link product" as vague and ambiguous. Plaintiff also objects to this Request to the extent it calls for the production of information protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable protections and privileges.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:  Plaintiff states that it no longer has access to its Amazon account and therefore is not in possession of any documents or communications concerning

1   warranties related to any TP-Link product that it sold on Amazon.

2   **REQUEST NO. 24:**

3         All DOCUMENTS CONCERNING YOUR disclosures to end consumers

4   about any limitations or restrictions for any TP-Link product purchased from YOU.

5   **RESPONSE TO REQUEST NO. 24:**

6         Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to

7   mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.  Plaintiff further objects

8   to the term "limitations or restrictions for any TP-Link product purchased from

9   YOU" as vague and ambiguous.  Plaintiff also objects to this Request to the extent it

10  calls for the production of information protected from disclosure by the attorney-

11  client privilege, the work product doctrine, or other applicable protections and

12  privileges.

13        Subject to and without waiving the foregoing objections, Plaintiff responds as

14  follows:  Plaintiff states that it no longer has access to its Amazon account and

15  therefore is not in possession of any disclosures related to any TP-Link product that

16  it sold on Amazon.

17  **REQUEST NO. 25:**

18        All DOCUMENTS CONCERNING any authorization YOU have to

19  advertise, market, promote, or list for sale any product, including TP-Link

20  products.

21  **RESPONSE TO REQUEST NO. 24:**

22        Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to

23  mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.  Plaintiff further objects

24  to the term "authorization YOU have to advertise, market, promote, or list for sale

25  any product" as vague and ambiguous.  Plaintiff also objects to this Request to the

26  extent it calls for the production of information protected from disclosure by the

27  attorney-client privilege, the work product doctrine, or other applicable protections

28  and privileges.

**REQUEST NO. 26:**

All DOCUMENTS CONCERNING YOUR formation and operation including, but not limited to, articles of organization, articles of incorporation, bylaws, operating agreements and amendments, statements of information, shareholder ledgers, stock certificates, members units, and minutes.

**RESPONSE TO REQUEST NO. 26:**

Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.  Plaintiff further objects to this Request on grounds of relevance, as the requested documents have no possible bearing on Plaintiff's claims or TP-Link's counterclaim.  Plaintiff also objects to this Request to the extent it calls for the production of information protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable protections and privileges.

**REQUEST NO. 27:**

All DOCUMENTS identified in THIMES's Initial Disclosures.

**RESPONSE TO REQUEST NO. 27:**

Plaintiff objects to the definition of "THIMES" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:  Plaintiff will produce all responsive, non-privileged documents in its possession, custody, or control that are located after a reasonably diligent search.

**REQUEST NO. 28:**

All DOCUMENTS and COMMUNICATIONS YOU intend to rely on as part of YOUR claims and defenses in this action.

**RESPONSE TO REQUEST NO. 28:**

Plaintiff objects to the definition of "YOU" and "YOUR" as overbroad, and interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales. Plaintiff also objects to this Request to the extent it calls for the production of

1   information protected from disclosure by the attorney-client privilege, the work

2   product doctrine, or other applicable protections and privileges.

3        Subject to and without waiving the foregoing objections, Plaintiff responds as

4   follows:  Plaintiff will produce all responsive, non-privileged documents in its

5   possession, custody, or control that are located after a reasonably diligent search.

6   **REQUEST NO. 29:**

7        All DOCUMENTS reviewed, identified, or described in responding to TP-

8   LINK USA's Interrogatories to THIMES, Set One.

9   **RESPONSE TO REQUEST NO. 29:**

10        Plaintiff objects to the definition of "THIMES" as overbroad, and interprets it

11   to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

12        Subject to and without waiving the foregoing objections, Plaintiff responds as

13   follows:  Plaintiff will produce all responsive, non-privileged documents in its

14   possession, custody, or control that are located after a reasonably diligent search.

15

16    Dated:  July 28, 2022                    GAW | POE LLP

17                                            By: _____

18                                                Randolph Gaw
                                                 Attorneys for Plaintiff
19                                                Thimes Solutions Inc.

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

I am over 18 years of age and not a party to the action.  I hereby certify that on July 28, 2022, I served the following document(s) on the parties in the above-entitled action:

**THIMES SOLUTIONS INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT TP-LINK USA CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION**

**Via E-mail:**  The document(s) described above were transmitted by electronic mail to the addresses on record for the following parties and their counsel:

| | |
|---|---|
| Heather Auyang<br>Heather.Auyang@ltlattorneys.com<br>Prashanth Chennakesavan<br>Prashanth.Chennakesavan@ltlattorneys.com<br>Patice Gore<br>patice.gore@ltlattorneys.com | Chris Frost<br>chris@wgfcounsel.com<br>Ashley Morris<br>ashley@wgfcounsel.com |
| LTL Attorneys LLP<br>600 California St. \| 15th Floor<br>San Francisco, California 94108 | Weinberg Gonser Frost LLP<br>10866 Wilshire Blvd, Suite 1650<br>Los Angeles, California 90024 |
| Attorneys for Defendant<br>TP Link USA Corporation | Attorneys for Defendant<br>Auction Brothers, Inc. |

I declare under penalty of perjury that the foregoing is a true and correct statement.

Dated:  July 28, 2022

Victor Meng

# Exhibit 3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV19-10374 SB (Ex)                                    Date: June 29, 2022

Title      Thimes Solutions Inc. v. TP Link USA Corporation et al.

Present:   The Honorable Charles F. Eick, United States Magistrate Judge

|                    Valencia Munroe                    |                    N/A                    |
| :---: | :---: |
| Deputy Clerk | Court Reporter / Recorder |

|   Attorney Present for Plaintiff:   |   Attorney Present for Defendant:   |
| :---: | :---: |
| None present | None present |

**Proceedings:  IN CHAMBERS**

The Magistrate Judge has read and considered all papers filed in support of and in opposition to "Plaintiff's Motion to Compel Defendant TP-Link to Produce Documents" ("the Motion"), filed June 15, 2022. The previously noticed July 8, 2022 hearing is vacated. The Magistrate Judge has taken the Motion under submission without oral argument.

Plaintiff served the subject requests for production in 2020, when all of the pleaded claims were antitrust claims. Now, the operative "Amended Fifth Amended Complaint," filed May 27, 2022, alleges only trade libel and interference claims. Primarily at issue in the Motion is the extent to which the subject requests are relevant and proportional to the current claims, notwithstanding the fact that none of those claims had been pleaded at the time the requests were served. See Fed. R. Civ. P. 26(b).

Preliminarily, although strict compliance with the Local Rules is ordinarily required, the Magistrate Judge declines to deny the Motion based on Plaintiff's alleged failure to comply strictly with Local Rule 37. Plaintiff's compliance was substantial, any non-compliance was ultimately immaterial, and the schedule set by the District Judge on May 20, 2022, suggests a need to resolve the present discovery dispute expeditiously.

The Motion is granted in part and denied in part as follows:

Request No. 1: Granted.

Request No. 2: Denied as not proportional.

Request No. 3: Granted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   CV19-10374 SB (Ex)                              Date: June 29, 2022

Title      Thimes Solutions Inc. v. TP Link USA Corporation et al.


Request No. 4: Granted.

Request No. 5: Denied as not proportional.

Request No. 6: Denied as not proportional.

Request No. 7: Granted in part, but limited to communications relating to Plaintiff. Otherwise denied as not proportional.

Request No. 8: Granted in part, but limited to communications relating to Plaintiff. Otherwise denied as not proportional.

Request No. 9: Denied as not proportional.

Request No. 10: Denied as not proportional.

Request No. 11.: Granted in part, but limited to communications relating to complaints about Plaintiff. Otherwise denied as not proportional.

Request No. 12: Granted in part, but limited to communications relating to Amazon's resolution of intellectual property complaints filed against Plaintiff by or on behalf of Defendant. Otherwise denied as not proportional.

Request No. 13: Granted in part, but limited to contracts (and drafts thereof) related to Amazon. Otherwise denied as irrelevant or not proportional.

Request No 14: Granted in part, limited to documents and communications relating to unauthorized sales by Plaintiff. Otherwise denied as not proportional.

Request No. 15: Denied as not proportional.

Request No. 16: Denied as not proportional.

Request No. 26: Denied as not proportional.

Request No. 27: Granted.

To the extent the Motion is granted, the Magistrate Judge has determined that: (1) the documents sought are relevant to the parties' claims or defenses and proportional to the needs of the case, within

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   CV19-10374 SB (Ex)                         Date: June 29, 2022

Title       Thimes Solutions Inc. v. TP Link USA Corporation et al.

the meaning of Rule 26(b); and (2) Plaintiff's need for the documents outweighs the asserted interest of Defendant TP-Link USA Corp. ("Defendant") in maintaining the alleged confidentiality of the documents under any potentially applicable qualified privilege (such as trade secret), particularly given the "Stipulated Protective Order," filed November 6, 2020.

To the extent the Motion is granted, Defendant forthwith shall conduct a reasonable and diligent search for responsive documents within Defendant's possession, custody or control. On or before July 18, 2022, Defendant must produce all responsive documents other than those documents withheld under claim of the attorney-client privilege or the work product doctrine. All such withheld documents must be identified with particularity on a privilege log served on or before July 18, 2022.

The Motion is denied to the extent the Motion seeks an order requiring Defendant to disclose "the sources and custodians from which [Defendant] is collecting ESI, as well as the search terms ..." ("Plaintiff's Notice of Motion etc.," filed June 15, 2022, at p. 1). "Generally, discovery on discovery is disfavored and, to be both relevant and proportional to the needs of the case, a party seeking it must show a specific deficiency in the other party's production." Uschold v. Carriage Services, Inc., 2019 WL 8298261, at *4 (N.D. Cal. Jan. 22, 2019)(citations and quotations omitted). Plaintiff has failed to show any specific deficiency here.

Except as expressly stated herein, the Motion is denied. All parties' requests for sanctions are also denied.

|                      | :         |
|----------------------|-----------|
| Initials of Preparer | VM        |

# Exhibit 4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:19-cv-10374-SB-E | | Date: | July 11, 2022 |
|---|---|---|---|---|

| Title: | *Thimes Solutions Inc. v. TP Link USA Corporation et al.* |
|---|---|

| Present: The Honorable | **STANLEY BLUMENFELD, JR., U.S. District Judge** |
|---|---|

| Jennifer Graciano | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] ORDER DENYING PLAINTIFF'S MOTION TO STRIKE [Dkt. No. 187]**

Following an appeal to the Ninth Circuit and remand to this Court, Plaintiff Thimes Solutions Inc. (Thimes) filed a Fifth Amended Complaint alleging claims arising out of Defendants' purported libelous statements about, and tortious interference with, Thimes's business relationship with Amazon Services LLC. Dkt. No. 168. Defendant TP Link USA Corporation (TP Link) filed a counterclaim for trademark infringement under the Lanham Act. Dkt. No. 175. Thimes moves to strike one paragraph of factual allegations from TP Link's counterclaim. Dkt. No. 187. TP Link filed an opposition, Dkt. No. 188, and Thimes timely replied, Dkt. No. 192. The Court finds this matter suitable for resolution without oral argument and vacates the July 15, 2022 hearing. Fed. R. Civ. P. 78; L.R. 7-15. For the reasons stated below, Thimes's motion is **DENIED**.

Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A motion to strike, however, is disfavored because it typically has limited importance, and any benefit is usually outweighed by its cost, potential for

needless delay, and the risk of premature adjudication on an undeveloped factual and legal record. As a result, "there appears to be general judicial agreement . . . that [a motion to strike] should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice" to the moving party. 5C Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1382 (3d ed.); *see also, e.g.*, *Vogel v. Linden Optometry APC*, No. CV 13-00295 GAF (SHx), 2013 WL 1831686, at *2 (C.D. Cal. Apr. 30, 2013) (same).

Thimes seeks to strike paragraph 9 of TP Link's counterclaim, which alleges that Thimes's President and founder, Avraham Eisenberg, has been accused of defrauding investors in a cryptocurrency scheme. Dkt. No. 175 ¶ 9 (linking articles describing the accusation). Thimes argues that this information is irrelevant to TP Link's trademark infringement claim, while TP Link asserts that Eisenberg's reputation is relevant to its request for damages because it bears on the alleged harm to TP Link's reputation and goodwill (by associating it with allegedly fraudulent conduct). Motion at 2–3; Opp. at 2–3.

Thimes raises serious questions about whether the probative value of the challenged allegation is substantially outweighed by the potential for undue prejudice and consumption of time at trial. *See* Fed. R. Evid. 403. But these concerns are more properly addressed in this case, if necessary, in a discovery motion if TP Link is being abusive and an in limine motion if TP Link insists on raising the issue at trial. Thus, Thimes fails to establish that it likely would be prejudiced if its motion to strike were denied. *See Gibbens v. Quick Collect, Inc.*, No. C21-1643RSL, 2022 WL 168507, at *1 (W.D. Wash Jan. 18, 2022) (denying motion to strike allegations that were "not likely to prejudice" the defendant).

Accordingly, Thimes's motion to strike paragraph 9 of TP Link's counterclaim is **DENIED**.

Exhibit 5

RANDOLPH GAW (S.B. #223718)
 rgaw@gawpoe.com
MARK POE (S.B. #223714)
 mpoe@gawpoe.com
VICTOR MENG (S.B. #254102)
 vmeng@gawpoe.com
GAW | POE LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

MARK SCHLACHET (*pro hac vice*)
 markschlachet@me.com
43 West 43d Street, Suite 220
New York, New York 10036
Telephone: (216) 225-7559
Facsimile: (216) 932-5390

Attorneys for Plaintiff
Thimes Solutions Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS INC.<br><br>Plaintiffs,<br><br>v.<br><br>TP-LINK USA CORPORATION, and AUCTION BROTHERS, INC. d/b/a AMAZZIA<br><br>Defendant. | Case No. 2:19-cv-10374-SB-E<br><br>**THIMES SOLUTIONS INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT AUCTION BROTHERS, INC. d/b/a AMAZZIA'S FIRST SET OF REQUESTS FOR ADMISSION** |

PROPOUNDING PARTY:     Defendant Auction Brothers, Inc. d/b/a Amazzia

RESPONDING PARTY:     Plaintiff Thimes Solutions Inc.

SET NO.:          One

Pursuant to Rules 36 and 34 of the Federal Rules of Civil Procedure, Plaintiff Thimes Solutions Inc. hereby objects and responds to Defendant Auction Brothers, Inc. d/b/a Amazzia's First Set of Requests for Admission to Plaintiff, served on June 7, 2022.

## **PRELIMINARY STATEMENT**

1.  Plaintiff objects to the Requests and to each definition, instruction, and Request therein to the extent they purport to impose on Plaintiff obligations that differ from or exceed those of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District of California, or any order or ruling by the Court in this action. Plaintiff will respond to the Requests and produce documents in conformity with applicable rules and orders and not necessarily in accordance with the instructions, definitions, or other statements in the Requests.

2.  Plaintiff objects to the Requests and to each Request therein to the extent they seek information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

3.  Plaintiff objects to the Requests and to each Request therein to the extent they purport to call for information protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable protections and privileges.

4.  Plaintiff's responses are made without conceding the relevance of any information provided.  Plaintiff reserves the right to object on any ground to the admission of the Requests or any information produced in response to the Requests.

5.  Plaintiff's responses are not intended to be, and should not be construed as agreement or concurrence with any characterization of the facts, circumstances, or legal arguments contained in the Requests.  Plaintiff reserves the right to contest such characterizations.  Plaintiff also objects to the Requests to the extent they contain express or implied assumptions of fact or law with respect to matters at issue

in this litigation.  Any answer by Plaintiff is not an admission that any factual or legal predicate stated in the Requests is accurate.

6.   These General Objections are incorporated into Plaintiff's response to each Request. To the extent that Plaintiff responds to any Request covered by these General Objections and any specific objections, Plaintiff's response is without waiver of those objections.

<u>**RESPONSES TO REQUESTS FOR ADMISSIONS**</u>

<u>**REQUEST NO. 1:**</u>

Admit that YOU had more than 29 "complaints," as that term is used by YOU in Paragraph 58 of the COMPLAINT, filed with Amazon against YOU for products YOU listed on Amazon's website.

<u>**RESPONSE TO REQUEST NO. 1:**</u>

Plaintiff objects to the definition of "YOU" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.  Plaintiffs also objects to this Request as vague with respect to time, as Paragraph 58 specifically references only the spring of 2018.  Plaintiff additionally objects to this Request as vague with respect to the use of the word "complaint," as the full phrase used in paragraph 58 is "IP complaints alleging sale of counterfeit products."  Accordingly, Plaintiff interprets this Request to refer to the time period covered by the spring of 2018 and to only encompass IP complaints alleging sale of counterfeit products.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:  Denied, as Plaintiff does not have access to any complaints that were filed against it but rejected by Amazon, and therefore Plaintiff would have no way to know how many complaints were filed against it during any particular time period.

<u>**REQUEST NO. 2:**</u>

Admit that YOU do not know "Amazon's algorithmic surveil," as the term is used by YOU in Paragraph 46 of the COMPLAINT.

1  **RESPONSE TO REQUEST NO. 2:**

2      Plaintiff objects to the definition of "YOU" as overbroad, and interprets it to

3  mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

4      Subject to and without waiving the foregoing objections, Plaintiff responds as

5  follows:  Deny.

6  **REQUEST NO. 3:**

7      Admit that YOU do not know what caused YOUR "permanent expulsion as

8  a seller on the Amazon website, effective on or about August 27, 2018," as alleged

9  by YOU in Paragraph 18 of the COMPLAINT.

10  **RESPONSE TO REQUEST NO. 3:**

11      Plaintiff objects to the definition of "YOU" and "YOUR" as overbroad, and

12  interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

13      Subject to and without waiving the foregoing objections, Plaintiff responds as

14  follows:  Deny.

15  **REQUEST NO. 4:**

16      Admit that the TP-Link products YOU sold and/or offered to sell on

17  Amazon did not provide to the purchaser the same warranty rights as those

18  obtained by purchasers of authorized TP-Link distributors.

19  **RESPONSE TO REQUEST NO. 4:**

20      Plaintiff objects to the definition of "YOU" and "YOUR" as overbroad, and

21  interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

22      Subject to and without waiving the foregoing objections, Plaintiff responds as

23  follows:  Deny.

24  **REQUEST NO. 5:**

25      Admit that YOU do not know of any statements made by Amazzia to YOUR

26  customers regarding TP-Link products sold and/or offered for sale by YOU on

27  Amazon.

28

THIMES RESPONSE TO
AMAZZIA FIRST RFA
CASE NO. 2:19-CV-10374-SB-E

**RESPONSE TO REQUEST NO. 5:**

Plaintiff objects to the definition of "YOU" and "YOUR" as overbroad, and interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:  Plaintiff admits that it is not aware if Amazzia made any statements directly to any customers that purchased from Plaintiff's Amazon Marketplace account.  Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST NO. 6:**

Admit that YOU do not know of any statements made by TP-Link to YOUR customers regarding TP-Link products sold and/or offered for sale by YOU on Amazon.

**RESPONSE TO REQUEST NO. 6:**

Plaintiff objects to the definition of "YOU" and "YOUR" as overbroad, and interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:  Deny.

**REQUEST NO. 7:**

Admit that TP-Link never authorized YOU to resell TP-Link's products.

**RESPONSE TO REQUEST NO. 7:**

Plaintiff objects to the definition of "YOU" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:  Admit that Plaintiff did not enter into any agreements with TP-Link USA Corporation concerning distribution of TP-Link branded wireless router products. Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST NO. 8:**

Admit that YOU never entered into any agreement with TP-Link through which TP-Link authorized YOU to serve as a reseller of TP-Link's products.

**RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to the definition of "YOU" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:  Admit that Plaintiff did not enter into any agreements with TP-Link USA Corporation concerning distribution of TP-Link branded wireless router products. Unless expressly admitted, Plaintiff denies this Request for Admission.


Dated:  July 7, 2022                                GAW | POE LLP

                                                    By: _____
                                                         Randolph Gaw
                                                         Attorneys for Plaintiff
                                                         Thimes Solutions Inc.

# CERTIFICATE OF SERVICE

I am over 18 years of age and not a party to the action.  I hereby certify that on July 7, 2022, I served the following document(s) on the parties in the above-entitled action:

**THIMES SOLUTIONS INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT AUCTION BROTHERS, INC. d/b/a AMAZZIA'S FIRST SET OF REQUESTS FOR ADMISSION**

**Via E-mail:**  The document(s) described above were transmitted by electronic mail to the addresses on record for the following parties and their counsel:

| | |
|---|---|
| Heather Auyang<br>Heather.Auyang@ltlattorneys.com<br>Prashanth Chennakesavan<br>Prashanth.Chennakesavan@ltlattorneys.com<br>Patice Gore<br>patice.gore@ltlattorneys.com<br><br>LTL Attorneys LLP<br>600 California St. \| 15th Floor<br>San Francisco, California 94108 | Joshua A. Waldman<br>jwaldman@bkcglaw.com<br>M. Michelle Rohani<br>mrohani@bkcglaw.com<br><br><br><br>Burkhalter Kessler Clement &<br>George LLP<br>2020 Main Street, Suite 600<br>Irvine, CA 92614 |
| Attorneys for Defendant<br>TP Link USA Corporation | Attorneys for Defendant<br>Auction Brothers, Inc. |

I declare under penalty of perjury that the foregoing is a true and correct statement.

Dated:  July 7, 2022

Randolph Gaw

THIMES RESPONSE TO
AMAZZIA FIRST RFA
CASE NO. 2:19-CV-10374-SB-E