LTL ATTORNEYS LLP
Joe H. Tuffaha (SBN 253723)
  joe.tuffaha@ltlattorneys.com
Prashanth Chennakesavan (SBN 284022)
  prashanth.chennakesavan@ltlattorneys.com
Heather F. Auyang (SBN 191776)
  heather.auyang@ltlattorneys.com
Patice A. Gore (SBN 258776)
  patice.gore@ltlattorneys.com
300 South Grand Ave., 14th Floor
Los Angeles, CA 90071
Tel: (213) 612-8900
Fax: (213) 612-3773

Attorneys for Defendant and
Counterclaimant TP-Link USA Corporation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS INC.,<br><br>Plaintiff,<br><br>v.<br><br>TP-LINK USA CORPORATION, and AUCTION BROTHERS, INC. d/b/a AMAZZIA,<br><br>Defendants. | CASE NO.: 2:19-cv-10374-SB-E<br><br>**TP-LINK USA'S *EX PARTE* APPLICATION TO SHORTEN TIME FOR THIMES SOLUTIONS, INC. AND AUCTION BROTHERS, INC. TO PRODUCE DOCUMENTS**<br><br>[Declaration of Heather F. Auyang and Proposed Order filed concurrently herewith]<br><br>Complaint Filed:       May 29, 2019<br>Amended 5th Amended<br>Complaint Filed        May 27, 2022<br>Trial Date:            Jan. 9, 2023 |

TP-LINK USA CORPORATION,

       Counterclaimant,

  v.

THIMES SOLUTIONS INC.,

       Counter-Defendant.

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Local Rule 7-19 and this Court's Standing Order, Defendant and Counterclaimant TP-Link USA Corporation ("TP-Link") hereby applies *ex parte* for an order to shorten time for Plaintiff Thimes Solutions, Inc. ("Thimes") and Co-Defendant Auction Brothers, Inc. d/b/a Amazzia ("Amazzia") to produce documents pursuant to Federal Rule of Civil Procedure 34(b)(2).

On May 29, 2019, Thimes sued TP-Link and Amazzia "following its commercial and financial ruination resulting from [TP-Link and Amazzia's] libelous statements to Amazon and consequential tortious interference." ECF No. 1, ¶ 6. The case progressed through numerous motions to dismiss and a Ninth Circuit appeal. After the case returned to this Court, on May 20, 2022, a Case Management Order issued setting summary judgment briefing beginning in August and expert reports due on August 1 and August 8, respectively, with the close of fact and expert discovery set for September 30, 2022. ECF No. 170. The parties are engaged in discovery. On August 1, Thimes served its damages expert report to support its eight-figure monetary claim.

On August 2, Auction Brother's filed a Notice of Lodging Consent Order Granting Substitution of Attorney ("Notice of Lodging"). ECF No. 200. Filed with the Notice of Lodging was the Declaration of Christopher Frost in Support of Substitution of Counsel *and to Advise of Conditional Settlement* ("Frost Declaration"). ECF No. 200-2. The Frost Declaration states that Thimes and Auction Brothers have reached a settlement:

> I am pleased to report that [Auction Brother's counsel] has now negotiated a settlement with [Thimes] in this action. The settlement will be the subject of an anticipated motion for determination of good faith settlement and in that context, the details of the settlement will be made known to the Court. In short, the settlement provides a single payment and dismissal of Amazzia, with mutual general releases.

ECF No. 200-2. TP-Link had no knowledge of this settlement agreement and related

discussions.

TP-Link should have the opportunity to fairly assess whether to oppose the impending motion for determination of good faith settlement, including because of the alleged role that Amazzia played in Thimes's expulsion from Amazon (detailed in the supporting Memorandum) and shared potential liability given Thimes's eight-figure monetary claim. In order to do so, TP-Link today served narrowly tailored requests for documents and communications related to the settlement.

TP-Link expects Amazzia to file it motion shortly given the case schedule. ECF No. 170. The 30-day response period under Fed. R. Civ. P. 34(b)(2)(A) will not provide sufficient time for TP-Link to obtain the required information to assess whether to oppose (and indeed likely oppose) Amazzia's impending motion for a good faith settlement. Accordingly, good cause exists for the Court to grant this *ex parte* application and order a shortened response time of seven days (August 10, 2022) for Thimes and Amazzia to produce responsive documents.

Pursuant to Local Rule 7-19, the names, addresses, telephone numbers and email addresses of Thimes and Amazzia's counsel are set forth below:

**Thimes's Counsel**

Randolph Gaw, Esq.
Mark Poe, Esq.
Victor Meng, Esq.
Gaw Poe LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Tel: (415) 766-7451
Email: rgaw@gawpoe.com
mpoe@gawpoe.com
vmeng@gawpoe.com

Mark Schlachet, Esq.
Law Offices of Mark Schlachet
43 West 43d Street, Suite 220
New York, NY 10036

Tel: (216) 225-7559
Email: markschlachet@me.com

**Amazzia's Counsel**

Christopher Frost, Esq.
Ashley Morris, Esq.
Weinberg Gonser Frost LLP
10866 Wilshire Boulevard, Suite 1650
Los Angeles, CA 90024
Tel: (424) 239-2851
Email: chris@wgfcounsel.com
ashley@wgfcounsel.com

This Application is based upon the Memorandum of Points and Authorities attached hereto, the accompanying Declaration of Heather F. Auyang, all other pleadings and papers in the Court's file, and such other argument as may be presented to the Court.

Date: August 3, 2022

LTL ATTORNEYS LLP

By: */s/ Heather F. Auyang*
Joe H. Tuffaha
Prashanth Chennakesavan
Heather F. Auyang
Patice A. Gore

Counsel for Defendant and Counterclaimant
TP-Link USA Corporation

## MEMORANDUM OF POINTS AND AUTHORITIES

A party seeking an *ex parte* application for relief "must show that it 'will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures,' and that the moving party 'is without fault in creating the crisis that requires ex parte relief.'" *ELT Sight, Inc. v. EyeLight, Inc.*, No. CV 19-5545 JAK (RAOx), 2019 WL 7166063, at *2 (C.D. Cal. Oct. 29, 2019) (quoting *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)).  TP-Link's Application satisfies both prongs of this requirement.

The relief sought in this *ex parte* application is narrow; TP-Link merely seeks an order shortening the time for Thimes and Amazzia to produce documents and communications related to their settlement so that TP-Link can assess whether to oppose Amazzia's impending motion for determination of good faith settlement.  *See Tech-Bilt, Inc v. Woodward-Clyde & Assoc.*, 38 Cal. 3d 488, 499-500 (1985) (factors determining good faith).  Non-settling defendants are entitled to discovery related to settlement in order to meet their statutory burden of proof on the issue of lack of "good faith."  *See J. Allen Radford Co. v. Sup.Ct. (La Mirada Partners),* 216 Cal.App.3d 1418, 1423-1424 (1989).  Such discovery includes the settlement agreement and any communications.  *See City of Colton v. American Promotional Events, Inc.*, No. CV 09-01864-PSG (SSx), 2012 WL 13013154, at * 2 (C.D. Cal. Sept. 7, 2012) (finding "[o]nce these Motions [for good faith determination of settlement] are filed, it is clear that communications or documents concerning settlement negotiations with the [settling party] will become relevant and discoverable" and "the nature of the settlement negotiations is critical in assessing whether the settlement was fair and entered into in good faith.").

Based on Fed. R. Civ. P. 34(b)(2)(A), Thimes and Amazzia are required to respond to TP-Link's discovery requests by September 2, 2022.  This is likely well after Amazzia's motion is filed and TP-Link's opposition is due, with no guarantee that

Thimes and Amazzia will actually produce documents. Following the regular noticed motion procedures, TP-Link's motion to shorten time would again encounter the same issues—TP-Link's motion would not be heard until after Amazzia's motion is filed and TP-Link's opposition is likely due.

## I. TP-Link Will Be Irreparably Prejudiced if the Court Hears the Motion to Shorten Time to Produce Documents After Amazzia Files Its Impending Motion for Determination of Good Faith Settlement

Plaintiff Thimes and co-defendant Amazzia reached a settlement and Amazzia informed the Court that it plans to file a motion for determination of good faith settlement. ECF No. 200-2. TP-Link had no knowledge of this settlement agreement and related discussions. Declaration of Heather F. Auyang ("Auyang Decl."), ¶ 2. In order to assess whether to oppose Amazzia's motion, on August 3, 2022, TP-Link served narrowly tailored discovery to both Thimes and Amazzia seeking the production of documents and communications related to the settlement agreement. Auyang Decl., ¶¶ 3-4, Exs. A and B.

Under Rule 34 governing the production of documents, "[t]he party to whom the request is directed must respond in writing within 30 days after being served. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court." Fed. R. Civ. P. 34(b)(2)(A). To obtain an order shortening the response time, a party must show good cause. *See, e.g.*, *Scentsy, Inc. v. Performance Mfg., Inc.,* No. CV08-553-S-EJL, 2009 WL 1240131, at *2 (D. Idaho May 4, 2009) (applying a good cause standard in evaluating whether to shorten time under Rule 34(b)(2)). Good cause exists here because responses to TP-Link's discovery are due on September 2, 2022, very likely after Amazzia's motion is filed and TP-Link's deadline to oppose passes.

Given Thimes resistance to producing documents, TP-Link filed its motion to compel documents today. ECF No. 201. Similarly, given Amazzia's stealth in settling

without TP-Link's knowledge (Auyang Decl., ¶ 2), Amazzia will presumably resist discovery.  Both parties should be required to actually produce documents by August 10, 2022.

Following the regular noticed motion procedures will result in the same prejudice as permitting a 30-day period to respond to discovery.  Without a shortened time to respond to the discovery requests, TP-Link will be unfairly forced to assess whether to oppose (and likely will oppose) without the full set of facts related to the settlement.  The Court should also have access to all documents and communications in its assessment.

TP-Link has a legitimate basis to question whether Thimes and Amazzia's settlement is in good faith given, as alleged by Thimes, the extent of Amazzia's involvement leading to this litigation and Thimes's eight-figure damages demand.

Thimes was an unauthorized reseller of TP-Link products on Amazon.  ECF No. 178 (operative amended Fifth Amended Complaint ("5AC")), ¶¶ 6, 36.  Thimes characterizes Amazzia as "the Amazon expert" who "planned this conspiracy with expressed knowledge and intent" to remove unauthorized resellers. *Id*., 34.  The 5AC alleged that "TP-Link retained Amazzia, to monitor specific TP-Link products on the Amazon marketplace and do a 'third-party seller clean up' of those selling TP-Link products outside TP-Link's authorized distribution channels." *Id*., ¶ 19.  Thimes describes Amazzia's business model as follows:

> As your *dedicated partner*, *we keep your brand safe from unauthorized agents*, *ensure Amazon compliant distribution* and amazing growth through price protection, optimization and targeted marketing.
> . . . .
> **Removing Un-Authorized Sellers**
> *Effective and proven strategies* to report and remove Un-Authorized Resellers from your listings

*Id*., ¶ 20 (italics added, bold in original); *see also id*., ¶¶ 21-22 (describing how Amazzia "ensure[s] protection of [its] clients' brands").  Thimes further elaborated

Amazzia's role:

> Amazzia entered into a TP-Link-Amazon Brand Protection Agreement under which (i) *Amazzia* committed to an "Amazon cleanup," (ii) TP-Link provided Amazzia with specific ASIN's to be watched, (iii) *Amazzia* promised to "report noncompliant sellers to Amazon until they are removed by Amazon" (iv) *Amazzia's* commitment was to rid the Marketplace of "resellers" as follows: "50% of resellers to be removed in 60 days, 75% in 90 days, and 90% in 120 days," and (v) *Amazzia* promised TP-Link "full access to our team for any questions regarding the cleanup project."

*Id.*, 24 (emphasis added). Thimes further alleged with respect to Amazzia:

> Unable to eliminate [Thimes] sales as "unauthorized" or "discounted"—all perfectly lawful--*Amazzia* sent fraudulent IP complaints to Amazon charging Plaintiff with counterfeiting, at all times acting in concert with and on behalf of TP-Link, and with the latter's actual authority and instructions.
>
> *Amazzia directly caused* Plaintiff's May suspension and permanent expulsion from the Amazon Marketplace in coordination with the following scheme [].

*Id.*, ¶¶ 25-26 (emphasis added). Moreover, "TP-Link/Amazzia used four (4) different identities in complaining to Amazon, indicating a combination and conspiracy, to wit: compliance-us@tp-link.com, compliance-usa@tp-link.com, us-compliance@tp-link.com and compliance.usa@tp-link.com." *Id.*, ¶ 28. Further, "TP-Link/TPN/Amazzia acted maliciously and intentionally in reporting to Amazon that [Thimes] was listing counterfeit products and, in fact, about two dozen reports were issued in conscious disregard of the truth." *Id.*, 31.

Thimes alleged that Amazzia is also liable for punitive damages:

> Amazzia is generally malevolent toward the public, has conducted itself as above described with respect to numerous innocent vendors, wantonly destroys businesses of others for pay and, by reason of the foregoing, is (along with TP-Link) subject to punitive damages herein.

*Id.*, 40; *see also id.*, ¶¶ 50-55 (Thimes's allegations applicable to all defendants; "But for Defendants' IP complaints to Amazon [Thimes] would not have been expelled from the Amazon Marketplace"); ¶ 64 (allegations concerning Amazzia and TP-Link's "acts" resulted in "damages at a Present Value of $7,785,270, after discounting by $1,214,730 total cash flows of $9,000,000"); ¶ 67 (allegations concerning "defendants' scheme").

Thimes "prays for relief against Defendants, jointly and severally" for "[c]ompensatory damages of at least $5,000,000," "[t]reble damages of $15,000,000," and "[p]unitive damages of not less than $5,000,000," as well as attorneys' fees and costs. *Id.*, Prayer for Relief.

Given the extent of Amazzia's alleged involvement and Thimes's eight-figure monetary claim, discovery concerning the parties' settlement is warranted in order to assess the factors for good faith settlement. *See Tech-Bilt, Inc.*, 38 Cal. 3d at 499-500.

## II.   TP-Link is Without Fault for the Necessity of *Ex Parte* Relief

The need for *ex parte* relief is a result of both parties settling without TP-Link's knowledge. TP-Link first learned of the parties' settlement from the Frost Declaration filed yesterday. Auyang Decl., ¶ 2. Because of the case schedule, TP-Link anticipates that Amazzia will file its motion shortly.

Thimes will not agree to the stipulation and Amazzia did not provide a definitive response. Auyang Decl., ¶ 5. TP-Link is thus forced to apply *ex parte* for an order to shorten responses to discovery to ensure that Thimes and Amazzia actually produce documents before Amazzia files its motion and/or TP-Link's opposition is due.

## III.  TP-Link Provided Notice to Thimes and Amazzia

Counsel for Thimes are Randolph Gaw, Mark Poe, and Victor Meng of Gaw Poe LLP, 4 Embarcadero Center, Suite 1400, San Francisco, CA 94111. Their office telephone number is (415) 766-7451, and their email addresses are rgaw@gawpoe.com, mpoe@gawpoe.com, and vmeng@gawpoe.com. Additional

counsel for Thimes is Mark Schlachet, Law Offices of Mark Schlachet, 43 West 43d Street, Suite 220, New York, NY 10036.  His office telephone number is (216) 225-7559, and email address is markschlachet@me.com.

Counsel for Amazzia are Christopher Frost and Ashley Morris of Weinberg Gonser Frost LLP, 10866 Wilshire Boulevard, Suite 1650, Los Angeles, CA 90024. Their office telephone number is (424) 407-4119, and their email addresses are chris@wgfcounsel.com and ashley@wgfcounsel.com.

Pursuant to Local Rules 7-19 and 7-19.1, TP-Link provided notice of this Application to counsel for Thimes and Amazzia by phone and email today. Specifically, on August 3, 2022, Heather Auyang, counsel for TP-Link, left a voicemail on the voicemail box of Victor Meng at 12:36 p.m., and spoke with Christopher Frost at 12:42 pm, as well as sent counsel listed above an email.  Auyang Decl. ¶ 5, Ex. C. TP-Link's counsel informed Thimes and Amazzia's counsel that TP-Link intended to seek *ex parte* relief to shorten the time to respond to TP-Link's discovery and that TP-Link intended to file its *Ex Parte* Application this day.  *Id*.  TP-Link's counsel asked in order to avoid the need to seek *ex parte* relief that Thimes and Amazzia's counsel stipulate to shortening the time to respond to TP-Link's discovery to August 10, 2022. *Id*.  TP-Link also informed Thimes and Amazzia's counsel that opposing papers are to be filed no later than 48 hours following service or by 3:00 p.m. on the first court day after the service, whichever is later.  *Id*.  TP-Link's counsel requested Thimes and Amazzia's positions.  *Id*.  Counsel for Amazzia did not provide a definitive response. *Id*.  Counsel for Thimes indicated that Thimes will oppose.  *Id*.

**IV.  Conclusion**

For the foregoing reasons, TP-Link respectfully requests that the Court grant its *Ex Parte* Application to Shorten the Time for Thimes and Amazzia to produce documents by August 10, 2022.

| | |
|---|---|
| Date: August 3, 2022 | LTL ATTORNEYS LLP |
| | By: */s/ Heather F. Auyang* |
| | Joe H. Tuffaha |
| | Prashanth Chennakesavan |
| | Heather F. Auyang |
| | Patice A. Gore |
| | |
| | Counsel for Defendant and Counterclaimant |
| | TP-Link USA Corporation |