# EXHIBIT A

LTL ATTORNEYS LLP
Joe H. Tuffaha (SBN 253723)
  joe.tuffaha@ltlattorneys.com
Prashanth Chennakesavan (SBN 284022)
  prashanth.chennakesavan@ltlattorneys.com
Heather F. Auyang (SBN 191776)
  heather.auyang@ltlattorneys.com
Patice A. Gore (SBN 258776)
  patice.gore@ltlattorneys.com
300 South Grand Ave., 14th Floor
Los Angeles, CA 90071
Tel:  (213) 612-8900
Fax:  (213) 612-3773

Attorneys for Defendant and
Counterclaimant TP-Link USA Corporation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS INC., | CASE NO.: 2:19-cv-10374-SB-E |
| Plaintiff, | **TP-LINK USA'S REQUESTS FOR PRODUCTION TO THIMES SOLUTIONS INC., SET FIVE** |
| v. | |
| TP-LINK USA CORPORATION, and AUCTION BROTHERS, INC. d/b/a AMAZZIA, | Judge:       Hon. Stanley Blumenfeld Jr.<br>Trial Date:  January 9, 2023 |
| Defendants. | |
| TP-LINK USA CORPORATION, | |
| Counterclaimant, | |
| v. | |

1    THIMES SOLUTIONS INC.,

2              Counter-Defendant.

3

4

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant and Counterclaimant TP-Link USA Corporation ("TP-Link USA") requests that Plaintiff and Counter-Defendant Thimes Solutions Inc. ("Thimes") produce copies of documents and things requested herein, in accordance with all applicable Rules and the Definitions and Instructions set forth below, at the offices of LTL Attorneys LLP, 300 South Grand Avenue, 14th Floor, Los Angeles, CA 90071. These requests are continuing, and Thimes's response to these requests must be promptly supplemented when appropriate or necessary in accordance with Federal Rule of Civil Procedure 26(e).

## **INSTRUCTIONS**

1.    Pursuant to applicable Federal Rules, you are required to obtain and furnish all responsive documents and information available to you or in your possession, custody, or control, or available to or in the possession, custody or control of any of your employees, predecessors, successors, parents, subsidiaries, divisions, affiliates, partners, joint venturers, brokers, accountants, financial advisors, representatives, agents, attorneys, or other persons acting on your behalf, without regard to the physical location of the documents and information.

2.    Documents shall be produced with Bates numbering.

3.    If any document or request for information or definition or instruction is objected to in whole or in part, specify all grounds on which objection rests. Respond to all portions of each such request to which no objection is asserted. In addition, state whether any responsive information has been omitted from any response or whether and in what way the search for responsive information has been delimited or circumscribed on the basis of any such objection.

4.    All electronically stored information shall be produced in its original native format with its accompanying metadata.

5.    The documents produced in response to the request herein shall include all attachments and enclosures.

6.    If you believe that any of the requests herein calls for an assertion of a claim of privilege, answer so much of the request as is not objected to, state that part of each request to which you raise objection, and set forth the basis for your claim of privilege with respect to such information you refuse to give.

7.    For all documents for which a claim of privilege is raised as grounds for non-production, a privilege log must be provided listing:

      a.    The place, date and manner of preparing the document;

      b.    The name and title of the sender;

      c.    The identity of each person participating in the preparation of the document;

      d.    The identity and title of the person supplying the attorney with the information requested above;

      e.    The identity of each person to whom the contents of the document have summarization, the dates of said communication, and the employer and title of the person at the time of communication;

      f.    Type of document;

      g.    Subject matter (without revealing the relevant information for which privilege or statutory authority is claimed); and

      h.    Factual and legal basis for claim of privilege.

8.    Should the producing party seek to redact any document, the producing party shall supply a list of the documents for which a privilege is claimed, indicating:

      a.    The claimed grounds for the redaction;

      b.    The nature of the redacted material (e.g., "trade secret"); and

      c.    A description of the exact process used for redaction.

9.    If, for reasons other than a claim of privilege, you refuse to answer any request, please state the grounds upon which the refusal is based with sufficient specificity to permit determination of the propriety of such refusal.

10.    Each request calls for the production of the original document.   Each

request also includes a request for production of all preliminary drafts of documents that differ in any respect from the original or final draft or from each other (e.g., by reason of handwritten notes or comments added to one copy of a document).

11. If any documents requested have been lost or destroyed, the documents lost or destroyed must be identified by author, date and subject matter.

12. If any document was, but no longer is, in your possession, subject to your control, or in existence, include a statement:

        a. Identifying the document;

        b. Describing where the document is now;

        c. Identifying who has control of the document;

        d. Describing how the document became lost or destroyed or was transferred; and

        e. Identifying each of those persons responsible for or having knowledge of the loss, destruction, or transfer of the document from your possession, custody or control.

13. If you do not agree with any definition of the terms provided herein, you are instructed to provide a reasonable, alternative definition for that term, consistent with industry custom and usage.

14. Each of the definitions and instructions herein shall be fully applicable to each request notwithstanding that a definition or instruction may, in whole or in part, be reiterated in a particular request and notwithstanding that a particular request may incorporate supplemental instructions or definitions.

15. Unless otherwise indicated, each request is to be construed as encompassing all documents from the date the document (or thing) was first created, generated, or received and continues to the date of production.

## **DEFINITIONS**

1. "YOU," "YOUR," and "THIMES" mean Plaintiff and Counter-Defendant THIMES SOLUTIONS INC. d/b/a Universal Goods & Sales and its authorized agents.

2.     "TP-LINK" means Defendant and Counterclaimant TP-Link USA Corporation.

3.     "AMAZZIA" means Co-Defendant AUCTION BROTHERS, INC. d/b/a AMAZZIA.

4.     "PERSON" includes the plural as well as the singular, and includes any natural person or any legal entity, including but not limited to, any firm, association, partnership, corporation, business, or government entity.

5.     The term "DOCUMENT," as used in these Requests has the broadest meaning accorded that term by Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, and includes, but is not limited to, any kind of written or graphic material, however produced or reproduced, of any kind or description, whether sent or received or neither, including originals, copies, and drafts. If a document has been prepared in several copies, or additional copies have been made, or copies are not identical (or which by reason of subsequent modification of a copy by the addition of notations or other modifications, are no longer identical), each non-identical copy as a separate document.

6.     The terms "COMMUNICATION" or "COMMUNICATIONS" mean any manner or means of disclosure, transfer or exchange of information with any person (whether internal or external to an organization), including but not limited to by means of verbal conversation, letter, memoranda, message, note, telegram, telex, electronic mail, facsimile, text message, chat message, instant message, social media message, posting, or by any other DOCUMENTS.

7.     The term "CONCERNING" means embodying, referring to, relating to, summarizing, constituting, containing, analyzing, studying, explaining, mentioning, showing, discussing, supporting, refuting, reflecting, memorializing, describing, commenting upon, and/or connected in any way factually or logically with, the matter therein.

8.     The use of any tense of any verb includes all other tenses of the verb.  The

use of the singular form of any word includes the plural and vice versa.

## **REQUESTS FOR PRODUCTION**

### **REQUEST FOR PRODUCTION NO. 48:**

ALL DOCUMENTS and COMMUNICATIONS between THIMES and AMAZZIA concerning settlement.

### **REQUEST FOR PRODUCTION NO. 49:**

YOUR and AMAZZIA's settlement agreement, including drafts.


Date:  August 3, 2022                           LTL ATTORNEYS LLP


                                    By:  */s/ Heather F. Auyang*
                                         Joe H. Tuffaha
                                         Prashanth Chennakesavan
                                         Heather F. Auyang
                                         Patice A. Gore

                                         Counsel for Defendant and
                                         Counterclaimant
                                         TP-Link USA Corporation

1

## PROOF OF SERVICE

2    I am employed in the County of Los Angeles State of California.  I am over

3 the age of eighteen years and not a party to this action.  My business address is 300

4 South Grand Ave., 14th Floor, Los Angeles, CA 90071.

5    On **August 3, 2022**, I served the following document(s) described as:

6    **TP-LINK USA'S REQUESTS FOR PRODUCTION TO THIMES**
         **SOLUTIONS INC., SET FIVE**

7   on the interested parties in this action.

8

| | |
|---|---|
| Randolph Gaw<br>Mark Poe<br>Victor Meng<br>**GAW \| POE LLP**<br>4 Embarcadero Center, Suite 1400<br>San Francisco, CA 94111<br>E-mail: rgaw@gawpoe.com<br>   mpoe@gawpoe.com<br>   vmeng@gawpoe.com | Attorneys for Plaintiff and Counter-Defendant Thimes Solutions Inc. |
| Mark Schlachet<br>**Law Offices of Mark Schlachet**<br>43 West 43d Street, Suite 220<br>New York, New York 10036<br>E-mail: markschlachet@me.com | |
| Joshua A. Waldman<br>M. Michelle Rohani,<br>**Burkhalter Kessler Clement & George LLP**<br>2020 Main Street, Suite 600<br>Irvine, CA 92614<br>E-mail: jwaldman@bkcglaw.com<br>   mrohani@bkcglaw.com | Attorneys for Defendant<br>Auction Brothers, Inc d/b/a Amazzia |
| Chris Frost<br>Ashley Morris<br>**WEINBERG GONSER FROST LLP**<br>10866 Wilshire Boulevard, Suite 1650<br>Los Angeles, California 90024<br>E-Mail: chris@wgfcounsel.com<br>   ashley@wgfcounsel.com | |

28

PROOF OF SERVICE

[ ]     **BY MAIL** I placed such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

  As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]     **BY ELECTRONIC MAIL** I transmitted the above-listed document(s) to the e-mail address(es) set forth above on this date.

Executed on **August 3, 2022**, at Los Angeles, California.

[X]     (Federal)     I declare under penalty of perjury under the laws of the United States that the above is true and correct.


_____          _____
            Erika Santoyo                                    Signature
            Print Name

2
PROOF OF SERVICE