| | |
|---|---|
| RANDOLPH GAW (S.B. #223718)<br> rgaw@gawpoe.com<br>MARK POE (S.B. #223714)<br> mpoe@gawpoe.com<br>VICTOR MENG (S.B. #254102)<br> vmeng@gawpoe.com<br>GAW \| POE LLP<br>4 Embarcadero Center, Suite 1400<br>San Francisco, CA 94111<br>Telephone: (415) 766-7451<br>Facsimile: (415) 737-0642 | MARK SCHLACHET (*pro hac vice*)<br> markschlachet@me.com<br>43 West 43d Street, Suite 220<br>New York, New York 10036<br>Telephone: (216) 225-7559<br>Facsimile: (216) 932-5390 |

Attorneys for Plaintiff
Thimes Solutions Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS INC.<br><br>        Plaintiff,<br><br>   v.<br><br>TP-LINK USA CORPORATION, and AUCTION BROTHERS, INC. d/b/a AMAZZIA<br><br>        Defendant. | Case No. 2:19-cv-10374-SB-E<br><br>**DISCOVERY MATTER**<br><br>Date: September 2, 2022<br>Time: 9:30 am<br>Courtroom: 750, 7th Floor<br><br>**JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL FURTHER INTERROGATORY RESPONSES FROM DEFENDANT TP-LINK**<br><br>Discovery Cutoff:   Sept. 30, 2022<br>Pretrial Conference: Dec. 30, 2022<br>Trial Date:         Jan. 9, 2023<br><br>Complaint Filed:  May 29, 2019<br>Am. 5th Am. Com. Filed:  May 27, 2022 |

## TABLE OF CONTENTS

PLAINTIFF'S POSITION ............................................................................................... 1

TP-LINK'S POSITION ................................................................................................... 2

I.   THE COURT SHOULD COMPEL TP-LINK TO SUPPLEMENT ITS
     RESPONSES TO INTERROGATORY NOS. 1 AND 3. ........................................ 5

    A.   Interrogatory No. 1 ................................................................................ 5

        1.   Plaintiff's Interrogatory and TP-Link's Response ............................ 5

        2.   Reasons Why The Court Should Compel TP-Link to Supplement its
               Response.......................................................................................... 7

        3.   TP-Link's Response ......................................................................... 8

    B.   Interrogatory No. 3 ............................................................................... 10

        1.   Plaintiff's Interrogatory and TP-Link's Response ........................... 10

        2.   Reasons Why The Court Should Compel TP-Link to Supplement its
               Response........................................................................................ 11

        3.   TP-Link's Response ....................................................................... 12

Pursuant to Local Rule 37-2.1, the parties submit this joint stipulation regarding plaintiff Thimes Solutions, Inc.'s ("Thimes") motion to compel defendant TP-Link USA Corporation ("TP-Link") to issue further responses to Thimes's interrogatory nos. 1 and 3.

## PLAINTIFF'S POSITION

Thimes asserts claims against TP-Link for intentionally interfering with Thimes's economic relationship with Amazon and for trade libel. The claims are based on 28 complaints TP-Link instructed defendant Auction Brothers, Inc. ("Amazzia") to submit to Amazon. 27 of those complaints alleged that Thimes was selling counterfeit TP-Link branded wireless router products (one complained of trademark infringement). TP-Link instructed Amazzia to submit the complaints, even though it had test bought the products from Thimes and confirmed that the routers were sealed in the original packaging. Moreover, TP-Link instructed Amazzia to submit the first of the 28 complaints to Amazon alleging counterfeiting before the routers it test bought from Thimes were even delivered to TP-Link, discrediting any contention that TP-Link had a good faith basis to assert that Thimes was selling counterfeit products.

Thimes's interrogatory no. 1 asks TP-Link to "describe all facts that [it] contemporaneously relied upon" to support the first complaint TP-Link instructed Amazzia to send to Amazon on January 19, 2018. Interrogatory no. 3 asks TP-Link to describe the contemporaneous facts it relied upon to support the 27 subsequent complaints it instructed Amazzia to submit to Amazon. TP-Link responded to both interrogatories by stating that it "lacks sufficient knowledge or information" as to whether complaints were submitted. TP-Link's response lacks credibility, for three independent reasons.

*First*, TP-Link produced an internal email it received from Amazon establishing that TP-Link submitted the first complaint to Amazon on January 19, 2018. (Meng Decl. ¶ 4, Ex. 2 (TP000071).) That email destroys any credible basis

1  for TP-Link to contend that it "lacks sufficient knowledge or information as to
2  whether a complaint was submitted to Amazon on January 19, 2018."

3  *Second*, Amazzia admits to submitting the first complaint to Amazon on
4  January 19, 2018, *id.* ¶ 5, Ex. 3 at 4, and on fifteen subsequent dates between
5  January and June 2018, **per TP-Link's instruction**, *id*. at 4-5, 7-9, 11.  It is
6  disingenuous for TP-Link to contend a lack of knowledge.

7  *Third*, Rule 33 obligates TP-Link to make a reasonable investigation of facts
8  available to it, either from "what its agents know, or what is in records available to
9  it, or even, for purposes of Rule 33, information others have given it on which it
10 intends to rely in its suit." *Murrey v. City of Los Angeles*, No. CV 19-2501 FMO
11 (AS), 2020 WL 2065019, at *5 (C.D. Cal. Feb. 21, 2020); Fed. R. Civ. P.
12 33(b)(1)(B).  Amazzia admits to submitting the complaints to Amazon, and that TP-
13 Link instructed it to do so.  Per Rule 33(b)(1)(B), TP-Link has a duty to "furnish the
14 information available to [it]."

15 Thimes respectfully requests that the Court compel TP-Link to issue further
16 responses to Thimes's interrogatory nos. 1 and 3.

## **TP-LINK'S POSITION**

18 Thimes's motion should be denied because TP-Link lacks sufficient
19 knowledge or information to provide further responses to Thimes's Interrogatories in
20 the manner it demands. Thimes acknowledges that Amazzia, not TP-Link, lodged the
21 at-issue complaints and Amazzia has provided responses to Thimes's discovery
22 requests. In any case, TP-Link's responses to Interrogatory Nos. 1 and 3 detail the
23 facts supporting intellectual property complaints against Thimes relating to TP-Link
24 products. Thimes disregards the facts to which it is fully aware, and inexplicably
25 wants to try and force TP-Link to further respond to its Interrogatories while ignoring
26 the problems with its questions.

27 What cannot be overlooked here is that while it makes unreasonable demands
28 on TP-Link, Thimes has continued to perpetuate fraud on the Court. From the

1  beginning, Thimes has unwaveringly represented that it had a spotless record with
2  Amazon until the "counterfeit" complaints about TP-Link products: "As of the spring
3  of 2018 Plaintiff was a third-party seller on Amazon and thriving. Aside from a single
4  imposter's complaint, the only IP complaints to Amazon alleging [Thimes's] sale of
5  counterfeit products were the work of TP-Link and Amazzia." Declaration of Heather
6  Auyang ("Auyang Decl."), Ex. A (ECF No. 78 (Second Amended Complaint)), ¶ 59;
7  *see also* Ex. B (ECF No. 178 (amended Fifth Amended Complaint)), ¶ 58 (same)).
8  This is simply not true.

9       Thimes's document production provides a glimpse into Thimes's troubled
10 business operations. For example, Thimes received counterfeit complaints for other
11 third-party products. *See, e.g.*, Auyang Decl., Ex. C.

12      Thimes was also caught data scraping Amazon's Application Program
13 Interface in violation of Amazon's policies and suspended on June 28, 2018.
14 Amazon's suspension notice disclosed other prior violations leading to this
15 suspension: "Because we have warned you about **similar activities in the past**, your
16 account has been suspended and will not be reactivated unless you acknowledge that
17 you understand our policies, reaffirm your commitment to adhere to them, and
18 communicate your plan of action to avoid these activities (and any similar activities)
19 in the future. To sell on Amazon.com, please send us a plan that explains how you
20 will address this problem."  Auyang Decl., Ex. D.

21      Mr. Eisenberg (the sole proprietor of Thimes) refuses to face the hard truth for
22 his failed business—Thimes had many violations and negative issues selling products
23 on Amazon unrelated to TP-Link that resulted in repeated warnings, suspensions and
24 expulsions—and is simply attempting to profiteer, posting on social media that he is
25 aiming for $29 million dollars.

> **Avraham Eisenberg**
> @avi_eisen
>
> Replying to @moskowitz @jamesdavid and 2 others
>
> In my case it was false trademark infringement claims which led to a $29 million lawsuit against tp-link courtlistener.com/docket/1656255... (see docket 78 for complaint)
>
> I'm not directly familiar with many patent cases, but here's a few of the ones I've been tracking 1/X
>
> courtlistener.com
> Docket for Thimes Solutions Inc. v. TP Link USA Corporatio...
> Docket for Thimes Solutions Inc. v. TP Link USA Corporation, 2:19-cv-10374 — Brought to you by the RECA...
>
> 3:27 PM · May 7, 2020 · Twitter Web App

With respect to Thimes's contention that TP-Link "test bought the products from Thimes and confirmed that the routers were sealed in the original packaging," because these purchases in 2018 were made by a former employee, TP-Link has already responded to Thimes's Requests for Admission that it lacks sufficient information as to the condition of the routers.

Moreover, just because Thimes claims its products "were sealed in the original packaging" does not make such products genuine. Thimes had repeated issues about inauthentic products sold in retail packaging resulting in Amazon's removal of the product listings. Thimes contends that the last complaint concerning a TP-Link product was made on June 21, 2018, but it dealt with a plethora of violations after this. As one example, on July 25, 2018, Amazon sent a follow-up email to Thimes stating that Amazon "still need[ed] more information about [Thimes's] plan to address Inauthenticity complaints." Auyang Decl., Ex. E. On July 26, 2018, Mr. Eisenberg responded, in part, that going forward: "We have instituted the following practices []: 1. We *now* only purchase from authorized distributors that are trusted to sell only authentic products. [] We also inspect the condition to ensure it is in full compliance with the Condition Guidelines." *Id*. (emphasis added); *see also* Auyang Decl., Ex. F (May 14, 2018 email from Amazon ("We have removed your listing because of a buyer complaint **about the condition** of an item they received from you."; Complaint Type: "**Inauthentic**"; Product: "New Original Samsung Galaxy

- 4 -

JOINT STIP. RE: PLAINTIFF'S
MOTION TO COMPEL RE TP-LINK
CASE NO. 2:19-CV-10374-SB-E

Note 4 IV Battery for BN910BB SM-N910 N910AN910T - **Retail Packaging**."); June 28, 2018 email from Amazon ("We removed some of your listings because of buyer complaints **about the authenticity** of an item they received from you." Complaint Type: "**Inauthentic Item**"; Product: "New Original Samsung Galaxy Note 4 IV Battery for BN910BB SM-N910 N910A N910T – **Retail Packaging**")).

And as other violations, third-party complaints, and customer complaints accumulated, Amazon again expelled Thimes from the Amazon Marketplace on August 3, 2018 (due to authenticity and counterfeit issues). *See* Auyang Decl., Ex. G (Aug. 3, 2018 email from Amazon: "You may no longer sell on Amazon.com because of concerns about the authenticity of the items at the end of this email. [] The sale of counterfeit products on Amazon is strictly prohibited."). Thimes was then permanently expelled by Amazon on August 27, 2018.

Respectfully, the Court should deny Thimes's motion.

## I.  THE COURT SHOULD COMPEL TP-LINK TO SUPPLEMENT ITS RESPONSES TO INTERROGATORY NOS. 1 AND 3.

### A.  Interrogatory No. 1

#### 1.  Plaintiff's Interrogatory and TP-Link's Response

**INTERROGATORY NO. 1:**

DESCRIBE all facts that YOU contemporaneously relied upon to support the complaint submitted either by YOU, or on YOUR behalf, to Amazon on January 19, 2018 alleging counterfeiting by Thimes.

**RESPONSE INTERROGATORY NO. 1:**

TP-Link incorporates by reference herein its General Statement and Objections stated above. TP-Link objects to this Interrogatory as overbroad, unduly burdensome, and seeking information irrelevant to the claims and defenses asserted in this case and/or are not proportional to the needs of the case. TP-Link objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or other applicable

1  privileges or immunities.

2      TP-Link's response to this Interrogatory is based on information currently
3  known to TP-Link through its reasonable investigation thus far, and is subject to
4  amendment and/or supplementation. By providing this response, TP-Link does not,
5  and does not intend to, waive its right to rely on evidence or information that is
6  subsequently discovered through TP-Link's continuing investigation and/or included
7  in an amended or supplemental response. TP-Link expressly reserves all rights to
8  supplement, revise, and/or amend this response.

9      TP-Link further objects to this Interrogatory as vague, ambiguous, overbroad,
10 and unduly burdensome, especially with regard to the phrases and terms
11 "DESCRIBE all facts." TP-Link objects to Plaintiff's definition of "YOU" to the
12 extent that Plaintiff seeks to compel TP-Link to collect or produce information,
13 communications, or documents from parties from whom TP-Link has no right or
14 obligation to collect information or documents. TP-Link further objects to the
15 definition of the term "YOU" as being vague, overbroad, and unduly burdensome to
16 the extent that Plaintiff purports to impose discovery obligations on any person who
17 is not a party to this litigation. TP-Link objects to the definition of "YOU" as
18 impermissibly vague, ambiguous, and overbroad, and renders any related requests
19 unduly burdensome, unreasonable, and oppressive. TP-Link responds to this
20 Interrogatory on behalf of itself alone, and no other entity.

21     Subject to the foregoing specific and General objections, TP-Link responds as
22 follows:

23     TP-Link lacks sufficient knowledge or information as to whether a complaint
24 was submitted to Amazon on January 19, 2018 alleging counterfeiting by Thimes.
25 However, Thimes is not an authorized reseller of TP-Link products. TP-Link's policy
26 is that it does not provide the original manufacturer's warranty and service to
27 customers who purchase from unauthorized sellers. As such, TP-Link had a good
28 faith belief that Thimes's listings violated its intellectual property rights and that use

of the Amazon marketplace listing for such unauthorized sales was contrary to law.

Thimes has never confirmed that it informed its customers that it was not authorized to sell TP-Link products and that the TP-Link products sold by Thimes did not convey with the same benefits as purchasing from an authorized reseller.

### 2. Reasons Why The Court Should Compel TP-Link to Supplement its Response

TP-Link's response that it "lacks sufficient knowledge or information as to whether a complaint was submitted to Amazon on January 19, 2018 alleging counterfeiting by Thimes" lacks credibility. As an initial matter, TP-Link produced an internal email it received from Amazon on January 19, 2018 confirming Amazon's receipt of TP-Link's complaint:

> From: Amazon <notice@amazon.com>
> Sent: Friday, January 19, 2018 10:21 AM
> To: Compliance USA
> Subject: We Have Received Your Infringement Complaint about B00PDLRHFW, B01N4R01UJ, B01DXVK3KY
>
> Hello,
>
> We received your email. Amazon respects the intellectual property rights of others. After we process your notice, we will notify you by email. This usually takes 1 to 2 days.
>
> Complaint ID: 1359628891, 1359628881, 1359628871
>
> Sincerely,
> Amazon.com

(Meng Decl. ¶ 4, Ex. 2 (TP000071).)

In addition, Amazzia has also admitted that it submitted a complaint to Amazon on that date. (*Id.* ¶ 5, Ex. 3 (Amazzia Amended Responses to Thimes's First Set of Requests for Admission) at 4.) TP-Link has also judicially admitted that Amazzia acted as its agent. (*Id.* ¶ 6, Ex. 4 (ECF No. 175) ¶ 19.) TP-Link has further judicially admitted that Amazzia submitted complaints to Amazon regarding Thimes. (*Id.* ¶ 47.) Thus, to the extent TP-Link contends that it "does not know if a 'counterfeit' complaint was submitted," Federal Rule of Civil Procedure 33 obligates

TP-Link to make a reasonable investigation of facts available to it, either from "**what its agents know**, or what is in records available to it, or even, for purposes of Rule 33, information others have given it on which it intends to rely in its suit." *Murrey*, 2020 WL 2065019, at *5 (emphasis added); Fed. R. Civ. P. 33(b)(1)(B).

### 3. TP-Link's Response

Thimes's interrogatory asks TP-Link about a specific "counterfeiting" complaint made on a specific date: "DESCRIBE all facts that YOU contemporaneously relied upon to support the complaint submitted either by YOU, or on YOUR behalf, to Amazon *on January 19, 2018 alleging counterfeiting* by Thimes."

TP-Link does not deny that a complaint was made to Amazon on or around January 19, 2018. Rather, TP-Link's issue is that it does not know if the complaint was for trademark *counterfeiting*. Thimes relies on an email (TP000071), but that email does not mention "counterfeiting." Accordingly, TP-Link's response was proper—"TP-Link lacks sufficient knowledge or information as to whether a complaint was submitted to Amazon on January 19, 2018 alleging *counterfeiting* by Thimes." As discussed during the meet and confer process, TP-Link does not have copies of the complaints and Thimes has failed to produce any of the complaints made to Amazon. Auyang Decl. at ¶ 9.

Thimes next contends that TP-Link should further respond because "Amazzia has also admitted that it submitted a complaint to Amazon on that date" (citing Amazzia Amended Responses to Thimes's First Set of Requests for Admission) at 4.). This misrepresents Amazzia's response. Although Amazzia admitted to submitting a complaint on January 19, 2018, Amazzia does not admit it was a counterfeit complaint:

**REQUESTS FOR ADMISSION NO. 1:**

Admit that YOU submitted *a complaint* concerning Thimes to Amazon on behalf of TP-Link on January 19, 2018 from the email address us-compliance@tplink. com.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 1:**

Admit *a complaint was filed* on this date. Cannot confirm the email address used.

Auyang Decl., Ex. H at 4.

Although TP-Link disputes Thimes's characterization of the relationship between Thimes and Amazzia, Thimes next contends that TP-Link should seek information from Amazzia. As explained during the meet and confer process, Amazzia has already provided the information that it "knows," including in response to Thimes's discovery request, and therefore TP-Link has met its obligations. Specifically, "[a]s part of its brand protection services, Amazzia discovered that a company identified on Amazon's website only as "Universal Goods and Sales" [Thimes] was selling TP-Link's 360 TP-Link AC5400 Routers (the "Routers") through Amazon." Auyang Decl., Ex. I (ECF No. 101-2 Declaration of Amazzia's Chief Strategy Officer) at ¶ 4. Amazzia attested that it does not have the complaints submitted to Amazon:

> Based on the limited information available to Amazzia from Amazon's online complaint system, and consistent with Amazzia's regular practice, Amazzia ***does not have, nor has it ever had, copies of the specific complaints it made to Amazon*** regarding Universal Goods and Sales. Moreover, as described above, Amazon did not provide Amazzia copies of the complaints.

*Id*. at ¶ 7 (emphasis added). Amazzia also agreed to produce documents related to Thimes. *See* Auyang Decl., Ex. J (Amazzia's Supplemental Responses to Thimes RFPs, Set One).

- 9 -

1  TP-Link's response to Interrogatory No. 1 details the facts supporting
2  intellectual property complaints against Thimes relating to TP-Link products.
3  Accordingly, the Court should deny Thimes's attempt to compel TP-Link to provide
4  a further response to Interrogatory No. 1.

5  **B.    Interrogatory No. 3**

6         1.    <u>Plaintiff's Interrogatory and TP-Link's Response</u>

7  **INTERROGATORY NO. 3:**

8  DESCRIBE all facts that YOU contemporaneously relied upon to support
9  each of the submitted either by YOU, or on YOUR behalf to Amazon, between
10 January 21, 2018 and June 21, 2018, alleging counterfeiting or trademark
11 infringement by Thimes.

12 **RESPONSE INTERROGATORY NO. 3:**

13 TP-Link incorporates by reference herein its General Statement and
14 Objections stated above. TP-Link objects to this Interrogatory as overbroad, unduly
15 burdensome, and seeking information irrelevant to the claims and defenses asserted
16 in this case and/or are not proportional to the needs of the case. TP-Link objects to
17 this Interrogatory to the extent it seeks information protected from disclosure by the
18 attorney-client privilege, the attorney work product doctrine, and/or other applicable
19 privileges or immunities.

20 TP-Link's response to this Interrogatory is based on information currently
21 known to TP-Link through its reasonable investigation thus far, and is subject to
22 amendment and/or supplementation. By providing this response, TP-Link does not,
23 and does not intend to, waive its right to rely on evidence or information that is
24 subsequently discovered through TP-Link's continuing investigation and/or included
25 in an amended or supplemental response. TP-Link expressly reserves all rights to
26 supplement, revise, and/or amend this response.

27 TP-Link further objects to this Interrogatory as vague, ambiguous, overbroad,
28 and unduly burdensome, especially with regard to the phrases and terms

"DESCRIBE all facts" and the non-sensical phrase "relied upon to support each of the submitted either by YOU …." TP-Link objects to Plaintiff's definition of "YOU" to the extent that Plaintiff seeks to compel TP-Link to collect or produce information, communications, or documents from parties from whom TP-Link has no right or obligation to collect information or documents. TP-Link further objects to the definition of the term "YOU" as being vague, overbroad, and unduly burdensome to the extent that Plaintiff purports to impose discovery obligations on any person who is not a party to this litigation. TP-Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive. TP-Link responds to this Interrogatory on behalf of itself alone, and no other entity.

Subject to the foregoing specific and General objections, TP-Link responds as follows:

TP-Link lacks sufficient knowledge or information as to whether complaints were submitted to Amazon between January 21, 2018 and June 21, 2018 alleging counterfeiting or trademark infringement by Thimes. However, Thimes is not an authorized reseller of TP-Link products. TP-Link's policy is that it does not provide the original manufacturer's warranty and service to customers who purchase from unauthorized sellers. As such, TP-Link had a good faith belief that Thimes's listings violated its intellectual property rights and that use of the Amazon marketplace listing for such unauthorized sales was contrary to law.

Thimes has never confirmed that it informed its customers that it was not authorized to sell TP-Link products and that the TP-Link products sold by Thimes did not convey with the same benefits as purchasing from an authorized reseller.

2. <u>Reasons Why The Court Should Compel TP-Link to Supplement its Response</u>

TP-Link's contention that it "lacks sufficient knowledge or information" fails for the same reasons described above. As an initial matter, Amazzia admitted that it

1  did submit complaints on the vast majority of dates identified in Thimes's
2  allegations: *i.e.*, January 19, 2018, January 21, 2018, January 26, 2018, February 14,
3  2018, February 21, 2018, March 2, 2018, March 3, 2018, March 31, 2018, April 6,
4  2018, April 7, 2018, April 9, 2018, April 11, 2018, April 12, 2018, May 28, 2018,
5  May 30, 2018, and June 7, 2018. (Meng Decl. ¶ 5, Ex. 3, at 4-5, 7-9, 11.) Amazzia
6  also admitted that it submitted the complaints to Amazon per instruction by TP-Link.
7  (*Id.* at 12 ("Admit that TP-Link instructed to file complaints.").)

8        In addition, TP-Link has judicially admitted that Amazzia acted as its agent.
9  (*Id.* ¶ 6, Ex. 4 (ECF No. 175) ¶ 19.) TP-Link has also judicially admitted that
10 Amazzia submitted complaints to Amazon regarding Thimes. (*Id.* ¶ 47.) As such,
11 TP-Link cannot credibly contend that it lacks "sufficient knowledge or information,"
12 as it is under a duty to make a reasonable investigation of facts available to it, either
13 from "**what its agents know**, or what is in records available to it, or even, for
14 purposes of Rule 33, information others have given it on which it intends to rely in
15 its suit." *Murrey*, 2020 WL 2065019, at *5 (emphasis added); Fed. R. Civ. P.
16 33(b)(1)(B).

17                3.    <u>TP-Link's Response</u>

18      TP-Link incorporates it response to Interrogatory No. 1.

19      Moreover, Interrogatory No. 3 seeks a response about "each of the submitted"
20 complaints in a six-month period (between January 21, 2018 and June 21, 2018)
21 about trademark infringement or trademark counterfeiting. As discussed for
22 Interrogatory No. 1, TP-Link did not submit the complaints and does not have copies
23 of the complaints, nor has Thimes produced any of the complaints. TP-Link has
24 insufficient knowledge whether Amazzia selected trademark infringement or
25 trademark counterfeiting when using Amazon's online template for reporting
26 violations of Intellectual Property Rights, which the parties agree was used here to
27 submit all the at-issue complaints.

28      To further compound the problems with Interrogatory No. 3, Amazzia's

contests the number of complaints and when the complaints were filed in response to Thimes's discovery requests:

**REQUESTS FOR ADMISSION NO. 29**:

Admit that TP-Link instructed YOU to submit each of the twenty eight (28) complaints YOU sent to Amazon concerning Thimes between January 19, 2018 and June 21, 2018.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 29**:

Admit that TP-Link instructed to file complaints. Deny as to the number and time frame.

Auyang Decl., Ex. H at 11-12. And while Thimes contends there were 28 complaints, it acknowledges that Amazzia only has records for 16 of the 28 complaints. *See* Thimes's portion to the Joint Stipulation for Interrogatory No. 3 (listing 16 complaints identified by Amazzia).

In any case, TP-Link's response to Interrogatory No. 3 details the facts supporting intellectual property complaints against Thimes relating to TP-Link products. Accordingly, the Court should deny Thimes's attempt to compel TP-Link to provide a further response to Interrogatory No. 3.

| | | |
|---|---|---|
| Dated: August 10, 2022 | GAW \| POE LLP | |
| | By: | /s/ - Victor Meng |
| | | VICTOR MENG (S.B. #254102)<br>vmeng@gawpoe.com<br>GAW \| POE LLP<br>4 Embarcadero, Suite 1400<br>San Francisco, CA 94111<br>Telephone: (415) 766-7451<br>Facsimile: (415) 737-0642 |
| | | Attorneys for Plaintiff Thimes Solutions |
| Dated: August 9, 2022 | LTL ATTORNEYS LLP | |
| | By: | /s/ - *Heather Auyang* |
| | | HEATHER AUYANG (S.B. #191776)<br>heather.auyang@ltlattorneys.com<br>LTL ATTORNEYS LLP<br>300 South Grand Ave., 14th Floor<br>Los Angeles, CA 90071<br>Telephone: (213) 612-8900<br>Facsimile: (213) 612-3773 |
| | | Attorneys for Defendant TP-Link USA Corporation |