RANDOLPH GAW (S.B. #223718)
 rgaw@gawpoe.com
MARK POE (S.B. #223714)
 mpoe@gawpoe.com
VICTOR MENG (S.B. #254102)
 vmeng@gawpoe.com
GAW | POE LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

MARK SCHLACHET (*pro hac vice*)
 markschlachet@me.com
43 West 43d Street, Suite 220
New York, New York 10036
Telephone: (216) 225-7559
Facsimile: (216) 932-5390

Attorneys for Plaintiff Thimes Solutions Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS INC.<br><br>Plaintiffs,<br><br>v.<br><br>TP-LINK USA CORPORATION, and AUCTION BROTHERS, INC. d/b/a AMAZZIA<br><br>Defendant. | Case No. 2:19-CV-10374-SB-E<br><br>**DISCOVERY MATTER**<br><br>**DECLARATION OF VICTOR MENG IN SUPPORT OF PLAINTIFF'S OPPOSITION TO TP-LINK'S MOTION TO COMPEL DISCOVERY**<br><br>Date: September 2, 2022<br>Time: 9:30 am<br>Courtroom: 750, 7th Floor |

I, Victor Meng, declare as follows:

1.      I am a partner in the law firm of Gaw | Poe LLP, co-counsel for plaintiff Thimes Solutions Inc.  If called to testify at a hearing or trial, I could and would testify to the following, which is based on my personal knowledge.  I submit this declaration in support of Plaintiff's motion to compel defendant TP-Link USA Corporation to issue further responses to Thimes's interrogatory nos. 1 and 3.

2.      I met and conferred with TP-Link's counsel Heather Auyang on July 15, 2022 concerning the issues raised in this motion.  I followed up with Ms. Auyang by email that same day.  Ms. Auyang responded to my email on July 18, 2022, stating TP-Link's position on its responses to interrogatory nos. 1 and 3.  I responded to Ms. Auyang on July 22, 2022, informing her that Plaintiff would be seeking Court relief.

3.      Attached as **Exhibit 1** is a true and correct copy of the Scheduling Order for this matter, filed in this action on May 20, 2022 (ECF No. 170).

4.      Attached as **Exhibit 2** is a true and correct copy of a document produced by TP-Link in this action, bearing the Bates label TP000071.

5.      Attached as **Exhibit 3** is a true and correct copy of defendant Auction Brothers, Inc. d/b/a Amazzia's Amended Responses to Thimes Solution Inc.'s First Set of Requests for Admission, served on July 20, 2022.

6.      Attached as **Exhibit 4** is a true and correct copy of TP-Link's Answer and Counterclaim, filed in this action on May 27, 2022 (ECF No. 175).

7.      Attached as **Exhibit 5** is a true and correct copy of TP-Link's supplemental responses to Thimes's first set of interrogatories, served on July 29, 2022.

\\\
\\\
\\\

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed on August 2, 2022, at Alameda, California.

_____

Victor Meng

MENG DECL. ISO PLTF'S OPP.
TO TP-LINK'S MTC
CASE NO. 2:19-CV-10374-SB-EX

# Exhibit 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:19-cv-10374-SB-E | Date: | May 20, 2022 |
|---|---|---|---|

Title: *Thimes Solutions Inc. v. TP Link USA Corporation et al.*

Present: The Honorable **STANLEY BLUMENFELD, JR., U.S. District Judge**

| Jennifer Graciano | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:     [In Chambers] CASE MANAGEMENT ORDER**

This case was remanded to this Court from the Ninth Circuit on May 9, 2022; the Court held a status conference on May 20, 2022 and issues this case management order.  The DOE defendants remaining after July 18, 2022 are dismissed by operation of this Order and without further notice.  Defendants shall file any objection to private mediation **by no later than May 23, 2022**.

The Court has reviewed the Joint Rule 26(f) Report and sets the pretrial and trial dates noted in the table below based on an evaluation of the complexity of the case. A more complete description of these deadlines is contained in the Mandatory Scheduling Conference Order (MSC Order).  The deadlines below will *not* be continued absent *a timely showing of good cause*.  **Good cause** requires a specific, detailed, and non-conclusory showing of diligence from the outset of the case, describing: (i) all relevant work previously done (including when each item was completed), (ii) all relevant work that remains to be done, (iii) why the remaining work could not previously have been done (including efforts made to complete each remaining item), and (iv) why the amount of time requested is needed to complete the remaining work.  *The **Attachment to this Order** describes the*

*requirements in more detail, and failure to comply with them will result in denial of the request with prejudice.*

| | |
|---|---|
| **Trial** ☐ Court ☒ Jury (Mon., 8:30 a.m.) | January 9, 2023 |
| **Pretrial Conference** (Fri., 10:00 a.m.) (including hearing on motions in limine) | December 30, 2022 |
| **Motion to Amend Pleadings/Add Parties** (Hearing Deadline) | July 18, 2022 |
| **Discovery Deadline – Nonexpert** | September 30, 2022 |
| **Discovery Deadline – Expert** | September 30, 2022 |
| Initial Expert Disclosure | August 1, 2022 |
| Rebuttal Expert Disclosure | August 8, 2022 |
| **Discovery Motion Hearing Deadline** | October 7, 2022 |
| **Non-Discovery Motion Hearing Deadline** | October 7, 2022 |
| **Early Mediation Deadline** | June 21, 2022 |
| **Settlement Conference Deadline** ☐ 1. Mag. J. ☐ 2. Panel ☒ 3. Private | October 21, 2022 |
| **Post-Settlement Status Conf.** (Fri., 8:30 a.m.): | November 4, 2022 |
| Status Report Due (7 court days before *by 9:00 a.m.*): | October 28, 2022 |
| **Trial Filings (First Set) Deadline** | December 9, 2022 |
| **Trial Filings (Second Set) Deadline** | December 16, 2022 |

All motion deadlines reflect *the last day when a motion may be heard*, and a hearing must be set on *an open hearing date*. Consult the Court's website before scheduling a hearing to determine availability. A party that waits until the last day to have a motion heard on a date that turns out to be unavailable risks having the motion stricken and not heard.

The parties should plan to complete discovery far enough in advance of the discovery deadline to allow for the filing of a discovery motion if necessary and complete the discovery allowed if relief is granted. Delaying discovery (e.g., a deposition) until receiving other discovery (e.g., written discovery)—or deciding not to conduct a deposition remotely—generally does not constitute good cause to

continue the discovery or other deadlines.  The parties should take this risk into account when deciding whether to engage in strategic ordering of discovery or to conduct in-person depositions.

**cc:  ADR**

## ATTACHMENT

The parties should prepare this case without expecting an extension of any pretrial or trial deadline, even if the extension request is by stipulation. The Court applies the same standard of good cause for all requests (whether opposed or unopposed).

A continuance will be granted only for good cause as defined in the Order above. The showing shall be placed in a table in chronological order and shall include *all* discovery and significant procedural events from the outset of the case in the format illustrated below.

| Completed Work | | | |
|---|---|---|---|
| **Date** | **Pty** | **Event** | **Explanation** |
| __/__/__ | Π | Complaint | |
| __/__/__ | Δ | Answer | |
| __/__/__ | Π | Initial Disclosures | |
| __/__/__ | Δ | Initial Disclosures | |
| __/__/__ | Π | Interrog., RFPs, RFAs (Set #1)[1] | |
| __/__/__ | Δ | Interrog., RFPs, RFAs (Set #1) | |
| __/__/__ | Π | Smith Depo | |
| **Remaining Work[2]** | | | |
| __/__/__ | Π | Jones Depo | Detail: (1) why it was not already done; (2) prior efforts to complete it; and (3) why the amount of time requested is necessary. |

The requesting party/parties also must submit a proposed order *in Word format* using the exact "CMO Continuance Order template" provided on the Court's website.

### *Failure to comply with the above requirements will result in the denial of the request with prejudice.*

---

[1] Each discovery item (e.g., RFAs) must be separately listed *unless* they all occurred on the same date.

[2] Each remaining discovery item must be listed separately with a proposed date for completion in the first column, the party taking the discovery in the second column, a description of the discovery in the third column, and an explanation in the fourth column of (1) why the discovery was not already done, (2) the prior efforts to complete it, and (3) why the amount of time requested is necessary.

# Exhibit 2

| | |
|---|---|
| **From:** | Compliance USA |
| **Sent:** | Thursday, July 18, 2019 12:42 PM PDT |
| **To:** | Daniel@amazzia.com |
| **Subject:** | Fw: We Have Received Your Infringement Complaint about B00PDLRHFW,  B01N4R01UJ, B01DXVK3KY |

**From:** Amazon <notice@amazon.com>
**Sent:** Friday, January 19, 2018 10:21 AM
**To:** Compliance USA
**Subject:** We Have Received Your Infringement Complaint about B00PDLRHFW, B01N4R01UJ, B01DXVK3KY

Hello,

We received your email. Amazon respects the intellectual property rights of others. After we process your notice, we will notify you by email. This usually takes 1 to 2 days.

Complaint ID: 1359628891, 1359628881, 1359628871

Sincerely,
Amazon.com

CONFIDENTIAL

# Exhibit 3

1

BURKHALTER KESSLER CLEMENT & GEORGE LLP
Alton G. Burkhalter, Esq., Bar No. 119594

2

Email Address: aburkhalter@bkcglaw.com
M. Michelle Rohani, Esq., Bar No. 198214

3

Email: mrohani@bkcglaw.com
Joshua A. Waldman, Esq., Bar No. 222859

4

Email Address: jwaldman@bkcglaw.com
2020 Main Street, Suite 600

5

Irvine, California 92614
Telephone: (949) 975-7500

6

Facsimile: (949) 975-7501

7

Attorneys for Defendant Auction Brothers, Inc. dba Amazzia

8

## UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10

WESTERN DIVISION

11

THIMES SOLUTIONS, INC.,

CASE NO.:  CV 19-10374 SB

12

13

Plaintiff,

**DEFENDANT AUCTION BROTHERS,**

14

vs.

**INC., DBA AMAZZIA'S AMENDED RESPONSES TO THIMES**

15

TP-LINK USA CORPORATION, et al.,

**SOLUTIONS, INC.'s FIRST SET OF REQUESTS FOR ADMISSION**

16

17

Defendants.

Amended Complaint filed: May 23, 2022
Trial date: January 9, 2023

18

19

20

21

22

23

24

25

26

27

28

---

**DEFENDANT AUCTION BROTHERS, INC., DBA AMAZZIA'S  AMENDED RESPONSE TO FIRST SET OF REQUEST FOR ADMISSION**

**RESPONDING PARTY:**     Defendant Auction Brothers dba Amazzia

**PROPOUNDING PARTY:**     Plaintiff Thimes Solutions, Inc.

**SET NO.:**  One

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Responding Party Defendant Auction Brothers dba Amazzia ("Responding Party") by and through its attorneys, hereby amends its prior response to Plaintiff Thimes Solutions, Inc. ("Propounding Party") First Set of Requests for Admission (the "Requests") as follows:

## PRELIMINARY STATEMENT

Although Responding Party has made a diligent and good faith effort to gather the information with which to respond to Propounding Party's Requests discovery in this matter is ongoing. Moreover, Responding Party has not yet completed its investigation of this matter. For those reasons, Responding Party's responses may be incomplete. Accordingly, all of the following responses are given without prejudice to and with the express reservation of Responding Party's right to supplement or modify its responses to the extent required by applicable law to incorporate later discovered information, and to rely upon any and all such information at trial or otherwise. Likewise, Responding Party shall not be prejudiced if any of its present responses are based on an incomplete knowledge or comprehension of the facts, events, or occurrences involved in this matter.

## GENERAL OBJECTIONS

The responses which are set forth below are submitted subject to the objections set forth herein, and are based upon the current knowledge of Responding Party, and upon such investigation which was reasonable for Responding Party to undertake under the circumstances of the case.   Responding Party interposes the following general objections to these requests.  These objections are made to each and

2

**DEFENDANT AUCTION BROTHERS, INC., DBA AMAZZIA'S  AMENDED RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION**

every individual request, and subpart thereof, and are incorporated by reference into each of the specific responses which are set forth below.

These responses are made solely for the purpose of this specific action. Each answer is subject to all appropriate objections including, but not limited to, objections concerning competency, relevancy, materiality, propriety and admissibility, which would require the exclusion of any statement contained herein if the question were asked of, or any statement contained herein were made by, a witness present and testifying in court. All such objections and grounds are reserved and may be interposed at the time of trial.

Furthermore, Responding Party has not completed its investigation of the facts relating to this case, has not completed discovery in this action, has not yet received all reports and/or opinions from its expert witnesses, and has not completed preparation for trial. All of the responses contained herein are based only upon such information and documents that are immediately available to and specifically known at this time to Responding Party. As discovery proceeds, information, facts and witnesses may be discovered that were not identified in response to these document requests, but which may have been responsive to requests.

Additionally, facts and evidence now known may be imperfectly understood, or the relevance or consequence of such facts and evidence may be imperfectly understood and, accordingly, such facts and evidence may, in good faith, not be identified in response to these requests.

It is also anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, as well as establish entire new factual conclusions and legal contentions, all of which may lead to substantial additions to or changes in these responses.

These responses are thus given without prejudice to Responding Party's right to later use or produce any such documents, facts or witnesses which Responding Party may later locate, recall or ascertain. Responding Party accordingly reserves the

**DEFENDANT AUCTION BROTHERS, INC., DBA AMAZZIA'S  AMENDED
RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION**

right to change any and all answers contained herein accordingly, if a proper request is made.

Responding Party assumes no obligation beyond those imposed by law to voluntarily supplement or amend these responses to reflect witnesses, facts and evidence following the service of these responses.  In addition, because some of these responses may have been ascertained by Responding Party's agents, attorneys and/or investigators, Responding Party may not have personal knowledge of the information from which these responses are derived.

**RESPONSES TO REQUESTS FOR ADMISSION**

Subject to and without waiving the foregoing, and previously served, general objections to the Requests for Admission, each of which is incorporated herein by this reference into each of the responses set forth below, Responding Party responds as follows:

**REQUESTS FOR ADMISSION NO. 1:**

Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on January 19, 2018 from the email address us-compliance@tp-link.com.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 1:**

Admit a complaint was filed on this date. Cannot confirm the email address used.

**REQUESTS FOR ADMISSION NO. 2:**

Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on January 21, 2018 from the email address us-compliance@tp-link.com.

4

**DEFENDANT AUCTION BROTHERS, INC., DBA AMAZZIA'S  AMENDED RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION**

**RESPONSE TO REQUESTS FOR ADMISSION NO. 2:**

Admit a complaint was filed on this date. Cannot confirm the email address used.

**REQUESTS FOR ADMISSION NO. 3:**

Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on January 26, 2018 from the email address us-compliance@tp-link.com.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 3:**

Admit a complaint was filed on this date. Cannot confirm the email address used.

**REQUESTS FOR ADMISSION NO. 4:**

Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on February 14, 2018 from the email address compliance-us@tp-link.com.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 4:**

Admit a complaint was filed on this date. Cannot confirm the email address used.

**REQUESTS FOR ADMISSION NO. 5:**

Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on February 21, 2018 from the email address compliance-us@tp-link.com.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 5:**

Admit a complaint was filed on this date. Cannot confirm the email address used.

**DEFENDANT AUCTION BROTHERS, INC., DBA AMAZZIA'S  AMENDED RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION**

**REQUESTS FOR ADMISSION NO. 6:**

Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on February 28, 2018 from the email address compliance-us@tp-link.com.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 6:**

Deny.  No complaint was filed on this date.

**REQUESTS FOR ADMISSION NO. 7:**

Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on March 2, 2018 from the email address compliance-us@tp-link.com.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 7:**

Admit a complaint was filed on this date. Cannot confirm the email address used.

**REQUESTS FOR ADMISSION NO. 8:**

Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on March 3, 2018 from the email address compliance-us@tp-link.com.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 8:**

Admit a complaint was filed on this date. Cannot confirm the email address used.

**REQUESTS FOR ADMISSION NO. 9:**

Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on March 10, 2018 from the email address compliance-us@tp-link.com.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 9:**

Deny.  No complaint was filed on this date.

6

**DEFENDANT AUCTION BROTHERS, INC., DBA AMAZZIA'S  AMENDED RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION**

**REQUESTS FOR ADMISSION NO. 10:**

Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on March 13, 2018 from the email address compliance-us@tp-link.com.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 10:**

Deny.  No complaint was filed on this date.

**REQUESTS FOR ADMISSION NO. 11:**

Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on March 21, 2018 from the email address compliance-us@tp-link.com.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 11:**

Deny.  No complaint was filed on this date.

**REQUESTS FOR ADMISSION NO. 12:**

Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on March 31, 2018 from the email address compliance-usa@tp-link.com.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 12:**

Admit a complaint was filed on this date. Cannot confirm the email address used.

**REQUESTS FOR ADMISSION NO. 13:**

Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on April 2, 2018 from the email address compliance-usa@tp-link.com.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 13:**

Deny.  No complaint was filed on this date.

7

**DEFENDANT AUCTION BROTHERS, INC., DBA AMAZZIA'S  AMENDED RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION**

**REQUESTS FOR ADMISSION NO. 14:**

Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on April 5, 2018 from the email address compliance-usa@tp-link.com.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 14:**

Deny.  No complaint was filed on this date.

**REQUESTS FOR ADMISSION NO. 15:**

Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on April 6, 2018 from the email address compliance-usa@tp-link.com.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 15:**

Admit a complaint was filed on this date. Cannot confirm the email address used.

**REQUESTS FOR ADMISSION NO. 16:**

Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on April 7, 2018 from the email address compliance-usa@tp-link.com.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 16:**

Admit a complaint was filed on this date. Cannot confirm the email address used.

**REQUESTS FOR ADMISSION NO. 17:**

Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on April 9, 2018 from the email address compliance-usa@tp-link.com.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 17:**

Admit a complaint was filed on this date. Cannot confirm the email address used.

8

**DEFENDANT AUCTION BROTHERS, INC., DBA AMAZZIA'S  AMENDED
RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION**

**REQUESTS FOR ADMISSION NO. 18:**

Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on April 10, 2018 from the email address compliance-usa@tp-link.com.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 18:**

Deny.  No complaint was filed on this date.

**REQUESTS FOR ADMISSION NO. 19:**

Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on April 11, 2018 from the email address compliance-usa@tp-link.com.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 19:**

Admit a complaint was filed on this date. Cannot confirm the email address used.

**REQUESTS FOR ADMISSION NO. 20:**

Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on April 12, 2018 from the email address compliance-usa@tp-link.com.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 20:**

Admit a complaint was filed on this date. Cannot confirm the email address used.

**REQUESTS FOR ADMISSION NO. 21:**

Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on April 24, 2018 from the email address compliance-usa@tp-link.com.

9

**DEFENDANT AUCTION BROTHERS, INC., DBA AMAZZIA'S  AMENDED RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION**

**RESPONSE TO REQUESTS FOR ADMISSION NO. 21:**

Deny.  No complaint was filed on this date.

**REQUESTS FOR ADMISSION NO. 22:**

Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on April 25, 2018 from the email address compliance-usa@tp-link.com.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 22:**

Deny.  No complaint was filed on this date.

**REQUESTS FOR ADMISSION NO. 23:**

Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on April 26, 2018 from the email address compliance-usa@tp-link.com.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 23:**

Deny.  No complaint was filed on this date.

**REQUESTS FOR ADMISSION NO. 24:**

Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on April 30, 2018 from the email address compliance-usa@tp-link.com.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 24:**

Deny.  No complaint was filed on this date.

**REQUESTS FOR ADMISSION NO. 25:**

Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on May 28, 2018 from the email address compliance-usa@tp-link.com.

10

**DEFENDANT AUCTION BROTHERS, INC., DBA AMAZZIA'S  AMENDED RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION**

**RESPONSE TO REQUESTS FOR ADMISSION NO. 25:**

Admit a complaint was filed on this date. Cannot confirm the email address used.

**REQUESTS FOR ADMISSION NO. 26:**

Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on May 30, 2018 from the email address compliance-usa@tp-link.com.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 26:**

Admit a complaint was filed on this date. Cannot confirm the email address used.

**REQUESTS FOR ADMISSION NO. 27:**

Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on June 7, 2018 from the email address compliance-us@tp-link.com.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 27:**

Admit a complaint was filed on this date. Cannot confirm the email address used.

**REQUESTS FOR ADMISSION NO. 28:**

Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on June 21, 2018 from the email address compliance-usa@tp-link.com.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 28:**

Deny.  No complaint was filed on this date.

**REQUESTS FOR ADMISSION NO. 29:**

Admit that TP-Link instructed YOU to submit each of the twenty eight (28) complaints YOU sent to Amazon concerning Thimes between January 19, 2018 and June 21, 2018.

11

**DEFENDANT AUCTION BROTHERS, INC., DBA AMAZZIA'S  AMENDED RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION**

**RESPONSE TO REQUESTS FOR ADMISSION NO. 29:**

Admit that TP-Link instructed to file complaints. Deny as to the number and time frame.

**REQUESTS FOR ADMISSION NO. 30:**

Admit that YOU did not have possession of any TP-Link branded wireless router products that Thimes offered for sale on the Amazon Marketplace before YOU submitted the complaint to Amazon on January 19, 2018.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 30:**

Admit.

**REQUESTS FOR ADMISSION NO. 31:**

Admit that TP-LINK did not have possession of any TP-Link branded wireless router products that Thimes offered for sale on the Amazon Marketplace before YOU submitted the complaint to Amazon on January 19, 2018.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 31:**

Unable to admit or deny what products TP-Link had or did not have in its possession.

**REQUESTS FOR ADMISSION NO. 32:**

Admit that TP-Link retained YOU to identify and remove unauthorized resellers of TP-Link branded networking products.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 32:**

Admit insofar as those authorized sellers were selling TP-Link goods on Amazon.

**AMENDED RESPONSE TO REQUESTS FOR ADMISSION NO. 32:**

Admit insofar as those listings by unauthorized resellers included selling TP-Link goods on Amazon.

12

**REQUESTS FOR ADMISSION NO. 33:**

Admit that TP-Link retained YOU to monitor certain TP-Link branded networking products based on the Amazon Standard Identification Number TP-Link provided to YOU.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 33:**

Admit that TP-Link provided the Amazon Standard Identification Number of TP-Link branded products to monitor.

**REQUESTS FOR ADMISSION NO. 34:**

Admit that the "TP-Link Amazon Brand Protection Agreement" YOU entered into with TP-Link, as alleged in paragraph 24 of the answer YOU filed on May 27, 2022 (ECF No. 174), requires YOU to send a complaint to Amazon every time YOU identify unauthorized resellers selling TP-Link branded networking products bearing the Amazon Standard Identification Number TP-Link provided to YOU.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 34:**

Deny.

**REQUESTS FOR ADMISSION NO. 35:**

Admit that the "TP-Link Amazon Brand Protection Agreement" YOU entered into with TP-Link, as alleged in paragraph 24 of the answer YOU filed on May 27, 2022 (ECF No. 174), requires YOU to report non-compliant sellers to Amazon until they are removed by Amazon.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 35:**

Deny.

DATED:  July 20, 2022      BURKHALTER KESSLER CLEMENT &  GEORGE LLP
By:   */s/ M. Michelle Rohani*
Alton G. Burkhalter, Esq.
M. Michelle Rohani, Esq.
Joshua A. Waldman, Esq.
Attorneys for Defendant,  Auction Brothers dba Amazzia

13

**DEFENDANT AUCTION BROTHERS, INC., DBA AMAZZIA'S  AMENDED
RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION**

## VERIFICATION

## UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA- WESTERN DIVISION

I have read the following document and know its contents:

## DEFENDANT AUCTION BROTHERS, INC., DBA AMAZZIA'S AMENDED RESPONSES TO THIMES SOLUTIONS, INC.'s FIRST SET OF REQUESTS FOR ADMISSION

___     I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

_X_     I am _X_ an authorized agent of Auction Brothers, Inc. dba Amazzia, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ____ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. _X_ The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

___     I am one of the attorneys for _____, a party to this action. Such party is absent from the County aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on this __19th__, day of July, 2022, at __Tarzana__, California. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Auction Brothers, Inc. dba Amazzia

__Mike Fikhman__           By:    _Mike Fikhman_
Type or Print Name                              Signature

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action; my business address is 2020 Main Street, Suite 600, Irvine, California 92614.

On **July 20, 2022** I caused the foregoing document described as **DEFENDANT AUCTION BROTHERS, INC., DBA AMAZZIA'S RESPONSES TO THIMES SOLUTIONS, INC.'s FIRST SET OF REQUESTS FOR ADMISSION** to be served on the interested parties in this action **[X]** by placing [ ] the original **[X]** a true copy thereof enclosed in a sealed envelope addressed as stated on the attached service list.

**[X]   BY ELECTRONIC TRANSMISSION**

**[X]**   I sent via electronic transmission on this date, originating from **afrljuckic@bkcglaw.com**, a copy of the above-referenced document to the addressee(s) at the e-mail address(es) indicated on the attached Service List.

**[X]   (Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **July 20**, **2022** at **Irvine, California**.


*/s/ Andrea Frljuckic*
ANDREA       FRLJUCKIC

## SERVICE LIST

MARK POE (S.B. #223714)
mpoe@gawpoe.com
RANDOLPH GAW (S.B. #223718)
rgaw@gawpoe.com
VICTOR MENG (S.B. #254102)
vmeng@gawpoe.com
GAW | POE LLP 4
Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

MARK SCHLACHET (pro hac vice)
markschlachet@me.com
3515 Severn Road
Cleveland, OH 44118
Telephone: (216) 225-7559
Facsimile: (216) 932-5390

CHRISTOPHER J. HAMMOND (S.B. #150024)
chammond@bizlawpro.com
21540 Prairie Street, Unit A
Chatsworth, CA 91311
Telephone: (866) 625-2529
Facsimile: (866) 463-9285

Attorneys for Plaintiff Thimes Solutions Inc.

2

# Exhibit 4

LTL ATTORNEYS LLP
Joe H. Tuffaha (SBN 253723)
  joe.tuffaha@ltlattorneys.com
Prashanth Chennakesavan (SBN 284022)
  prashanth.chennakesavan@ltlattorneys.com
Heather F. Auyang (SBN 191776)
  heather.auyang@ltlattorneys.com
300 South Grand Ave., 14th Floor
Los Angeles, CA 90071
Tel: (213) 612-8900
Fax: (213) 612-3773

Attorneys for Defendant and
Counterclaimant TP-Link USA Corporation

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS INC., | CASE NO.: 2:19-cv-10374-SB-E |
| Plaintiff, | **DEFENDANT TP-LINK USA'S ANSWER, DEFENSES, AND COUNTERCLAIM FOR VIOLATION OF THE LANHAM ACT** |
| v. | |
| TP-LINK USA CORPORATION, and AUCTION BROTHERS, INC. d/b/a AMAZZIA, | |
| Defendants. | **JURY TRIAL DEMANDED** |
| | Judge: Hon. Stanley Blumenfeld Jr. |
| TP-LINK USA CORPORATION, | Trial Date: January 9, 2023 |
| Counterclaimant, | |
| v. | |
| THIMES SOLUTIONS INC., | |
| Counter-Defendant. | |

No. 2:19-cv-10374-SB-E
DEFENDANT TP-LINK USA'S ANSWER, DEFENSES, AND COUNTERCLAIM

## **ANSWER**

Defendant TP-Link USA Corporation ("TP-Link USA" or "Defendant"), by and through its counsel, hereby answers each allegation of the Amended Fifth Amended Complaint ("5AC") (ECF No. 173-3) of Thimes Solution, Inc. ("Thimes" or "Plaintiff") as follows.

1. Defendant states that this paragraph does not contain allegations to which a response is required, and on that basis it denies the allegations set forth in ¶ 1.

2. Defendant states that this paragraph does not contain allegations to which a response is required, and on that basis it denies the allegations set forth in ¶ 2.

3. Paragraph 3 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in ¶ 3.

4. Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 4, except upon information and belief, Thimes did not purchase TP-Link products from an authorized distributor.

5. Paragraph 5 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in ¶ 5.

6. Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 6.

7. Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 7.

8. Defendant admits that ¶ 8 asserts jurisdiction is proper pursuant to 28 U.S.C. § 1332(a)(1). Defendant denies the remaining allegations in ¶ 8.

9. As to Thimes and Amazzia, Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 9. Defendant admits that it is a California corporation, having its principal place of business located at 10

Mauchly, Irvine, California, 92618.

10. Paragraph 10 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in ¶ 10.

11. Defendant admits that ¶ 11 asserts venue is proper pursuant to 28 U.S.C. § 1391 (b), (c) and (d). Defendant admits that it is a resident in this district. Defendant denies the remaining allegations in ¶ 11.

12. Paragraph 12 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in ¶ 12.

13. Defendant admits it is a subsidiary of TP-Link UK Limited. Defendant admits that it markets and sells networking products. Defendant denies the remaining allegations in ¶ 13.

14. Defendant refers the Court to the referenced URL for its contents, and otherwise denies the allegations set forth in ¶ 14.

15. Paragraph 15 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in ¶ 15.

16. Paragraph 16 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in ¶ 16.

17. Defendant admits that Amazzia submitted complaints to Amazon concerning Thimes. Otherwise, ¶ 17 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in ¶ 17.

18. Paragraph 18 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. To the extent a

response is required, Defendant denies the allegations in ¶ 18.

19.     Defendant admits it retained third-party Amazzia to monitor the sale of certain TP-Link products on Amazon.  Defendant denies the remaining allegations in ¶ 19.

20.     Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 20.

21.     Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 21.

22.     Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 22.

23.     Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 23.

24.     Defendant refers the Court to the referenced document for its contents, and otherwise denies the allegations set forth in ¶ 24.

25.     Defendant denies the allegations in ¶ 25, except Defendant admits it lacks control over Amazzia's business operations.

26.     Paragraph 26 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  Defendant refers the Court to the referenced documents for their contents.  To the extent a response is required, Defendant denies the allegations in ¶ 26.

27.     Paragraph 27 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in ¶ 27.

28.     Defendant admits that Thimes lists four email addresses using the tp-link.com domain, but otherwise denies the allegations set forth in ¶ 28.

29.     Defendant states that this paragraph does not contain allegations to which a response is required, and on that basis it denies the allegations set forth in ¶ 29.

30.     Paragraph 30 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in ¶ 30.

31.     Paragraph 31 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in ¶ 31.

32.     Paragraph 32 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in ¶ 32.

33.     Defendant states that the allegations set forth in ¶ 33 contain legal conclusions to which no response is required; otherwise, Defendant denies the allegations set forth therein.

34.     Paragraph 34 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in ¶ 34.

35.     Paragraph 35 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in ¶ 35.

36.     Paragraph 36 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in ¶ 36.

37.     Paragraph 37 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in ¶ 37.

38.     Defendant states that the allegations set forth in ¶ 38 contain legal conclusions to which no response is required; otherwise, Defendant denies the allegations set forth therein.

DEFENDANT TP-LINK USA'S ANSWER, DEFENSES, AND COUNTERCLAIM

39.     Paragraph 39 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in ¶ 39.

40.     Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 40.  Defendant denies Thimes is entitled to any damages.

41.     Defendant refers the Court to the referenced document for its contents, and otherwise denies the allegations set forth in ¶ 41.

42.     Paragraph 42 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in ¶ 42.

43.     Defendant refers the Court to the referenced document for its contents, and otherwise denies the allegations set forth in ¶ 43.

44.     Defendant refers the Court to the referenced document for its contents, and otherwise denies the allegations set forth in ¶ 44.

45.     Defendant refers the Court to the referenced document for its contents, and otherwise denies sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 45.

46.     Paragraph 46 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in ¶ 46.

47.     Defendant refers the Court to the referenced URL for its contents, admits that Amazzia submitted complaints to Amazon concerning Thimes, and otherwise denies the allegations set forth in ¶ 47.

48.     Paragraph 48 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in ¶ 48.

49.     Paragraph 49 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in ¶ 49.

50.     Paragraph 50 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in ¶ 50.

51.     Paragraph 51 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in ¶ 51.

52.     Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 52.

53.     Defendant states that this paragraph does not contain allegations to which a response is required, and on that basis it denies the allegations set forth in ¶ 53.

54.     Paragraph 54 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in ¶ 54.

55.     Paragraph 55 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in ¶ 55.

## CLAIM I: INTERFERENCE WITH EXISTING AND PROSPECTIVE BUSINESS RELATIONSHIPS

56.     Defendant incorporates its responses to each and every allegation, as set forth above.

57.     Defendant states that the allegations set forth in ¶ 57 contain legal conclusions to which no response is required; otherwise, Defendant denies the allegations set forth therein.

58.     Paragraph 58 contains Thimes's characterizations of its claims, legal

DEFENDANT TP-LINK USA'S ANSWER, DEFENSES, AND COUNTERCLAIM

assertions, and/or conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in ¶ 58.

59. Paragraph 59 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in ¶ 59.

60. Paragraph 60 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in ¶ 60.

61. Paragraph 61 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in ¶ 61.

62. Paragraph 62 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in ¶ 62.

63. Paragraph 63 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in ¶ 63.

64. Paragraph 64 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in ¶ 64.

## CLAIM II:  TRADE LIBEL

65. Defendant incorporates its responses to each and every allegation, as set forth above.

66. Paragraph 66 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in ¶ 66.

67. Paragraph 67 contains Thimes's characterizations of its claims, legal

assertions, and/or conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in ¶ 67. Moreover, in *TP-Link USA Corporation v. Careful Shopper*, the parties amicably resolved all differences.

68. Paragraph 68 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in ¶ 68.

69. Paragraph 69 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in ¶ 69.

70. Defendant states that the allegations set forth in ¶ 70 contain legal conclusions to which no response is required; otherwise, Defendant denies the allegations set forth therein.

71. Paragraph 71 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in ¶ 71.

## PRAYER FOR RELIEF

TP-Link USA denies that Thimes is entitled to any relief from TP-Link USA or the Court.

## DEFENSES AND AFFIRMATIVE DEFENSES

TP-Link USA asserts the following defenses and affirmative defenses (collectively "defenses") as to each claim alleged in the 5AC without assuming the burden of proof on such defenses that would otherwise fall on Thimes. TP-Link USA reserves the right to supplement and/or amend these defenses, including to assert new defenses, as discovery is conducted.

## FIRST DEFENSE

The 5AC fails to state a claim upon which relief can be granted. For example, Thimes's claims are barred in whole or in part because any statements, as alleged by

DEFENDANT TP-LINK USA'S ANSWER, DEFENSES, AND COUNTERCLAIM

Thimes, were not directed at consumers.

## SECOND DEFENSE

Thimes is not entitled to relief because its violation of TP-Link's intellectual property rights constitutes, in part, trademark infringement and trademark counterfeiting. Thimes's claims are barred, in whole or in part, because TP-Link USA's conduct and statements did not misrepresent the nature, characteristics or qualities of Thimes's goods and/or commercial activities.

## THIRD DEFENSE

Each of the purported claims set forth in the 5AC is barred by the doctrines of waiver, acquiescence, and estoppel.

## FOURTH DEFENSE

Thimes's claims are barred in whole or in part by laches, in that Thimes has unreasonably delayed to enforce its rights, if any, despite its full awareness of TP-Link USA's actions.

## FIFTH DEFENSE

Thimes's claims are barred in whole or in part by the doctrine of unclean hands.

## SIXTH DEFENSE

Thimes's claims are barred in whole or in part by the First Amendment to the Constitution of the United States.

## SEVENTH DEFENSE

Thimes's claims are barred in whole or in part because Thimes's injuries or damages, if any, were directly and proximately caused and contributed to by Thimes's own conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct.

## EIGHTH DEFENSE

Thimes's claims are barred in whole or in part because TP-Link USA is not liable for the acts of others over whom it has no control and/or agency relationship.

## **NINTH DEFENSE**

Thimes's claims are barred in whole or in part by the applicable statute of limitations.

## **TENTH DEFENSE**

Thimes seeks to recover lost profits or damages that are completely speculative in nature.

## **ADDITIONAL DEFENSES**

TP-Link USA reserves the right to assert additional defenses.

WHEREFORE, TP-Link USA prays for judgment as follows:

1.  That Thimes takes nothing by way of its 5AC;
2.  That the 5AC, and each of its claims for relief, be dismissed with prejudice;
3.  That TP-Link USA be awarded its costs of suit incurred herein, including attorneys' fees and expenses; and
4.  For such other and further relief as the Court deems just and proper.

## **COUNTERCLAIM**

For its counterclaim of violation of the Lanham Act, Defendant and Counterclaimant TP-Link USA Corporation ("TP-Link USA") complains and alleges as follows against Plaintiff and Counter-defendant Thimes Solution Inc. ("Thimes").

## **PRELIMINARY STATEMENT**

1.  For more than 20 years, TP-Link has been engaged in the marketing and sale of high-quality computer networking products, including routers. TP-Link and its affiliates sell products throughout the United States and internationally, including in this district.

2.  To protect this brand recognition, TP-Link obtained numerous registered

trademarks in connection with computer networking products, including U.S. Trademark Registration No. 3,175,495 ("TP-LINK® Mark").

3. TP-Link USA is the exclusive licensee of the TP-LINK® Mark. Pursuant to the license agreement, TP-Link has the exclusive right to market, sell, distribute or offer products and services in connection with the TP-LINK® Mark. TP-Link also has the right to sublicense or assign the use of the TP-LINK® Mark to any third-party for use in the United States.

4. TP-Link USA has the right to take all actions necessary to protect the rights in the TP-LINK® Mark, including, without limitation, making demands and claims and filing suit in connection with any alleged infringement and unfair competition, including for past, present or future claims, and is entitled to retain all damages, fees and any other amounts awarded.

5. This action arises out of Thimes's unauthorized incorporation and infringing use of the TP-LINK® Mark in connection with the sale and advertising of networking products, including routers.

6. In stark contrast to TP-Link's innovation and brand building, Thimes admits it has built a business based on the unauthorized sales of third-party products. On information and belief, this business model has resulted in Thimes being accused of violating others' intellectual property rights, as well as resulted in issues with Amazon and other marketplace platforms.

7. Thimes has been on notice of its infringement of TP-Link's intellectual property, including the TP-LINK® Mark, since at least January 2018, when it alleges that it received notices from Amazon. Thimes also alleges that it continued to receive numerous notices from Amazon regarding violations of TP-Link's intellectual property rights. Despite receiving such notices, Thimes willfully continued to market and sell TP-Link products.

8. Upon information and belief, Thimes's conduct has created a likelihood

DEFENDANT TP-LINK USA'S ANSWER, DEFENSES, AND COUNTERCLAIM

of substantial confusion among consumers as to the source or origin of TP-Link products and has deceived consumers into thinking that Thimes is affiliated with, sponsored by, or endorsed by TP-Link. It is not. TP-Link has not and does not consent to Thimes's use of its marks in the sale of products. Thimes's actions harm consumers who mistakenly believe that its products convey the manufacturer's original warranty and service when it does not.

9. Consistent with a pattern of violating the rights of others, upon information and belief, the founder and President of Thimes, Avraham "Avi" Eisenberg, is accused of defrauding at least $14 million from investors. *See* https://karlstack.substack.com/p/anatomy-of-an-alleged-dao-scam?s=r which states:

> **Summary:** Avraham Mayer Eisenberg is a New York resident, who during the period of December 2021 to April 2022 defrauded ~6,000 FortressDAO (FORT) investors https://discord.gg/7xnFkU3PSN https://twitter.com/FortressDAO out of millions of dollars through the following actions. He conned $14M of investor treasury funds into his solely owned and controlled US-Dollar pegged cryptocurrency stablecoin project FUSD, and succeeded in keeping at least $7M of it for himself. He did this by pitching FortressDAO investors a stablecoin project FortressUSD (FUSD), without disclosing that this project would be solely controlled and owned by himself. After creation of FUSD, he converted the entire treasury into FUSD and thereby conned the community out of their funds. After the community raised hell on twitter about this, he decided to offer back as little of the funds as possible so that people would be satisfied. At the time of this writing (April 8 2022), he has distributed back approximately $6-7M and has kept at least $7M for himself. This document will outline some of the actions taken by Avraham that can hopefully serve as a basis for investigation.

*See also* "Another Fork Bites the Dust: The Looming Fall of Fortress DAO and the Perils of Off-Chain Governance" ("The problem is that the $14M isn't really in its treasury anyway. It's in a separate project, one that was funded by the Fortress DAO treasury, but is now completely in control of its chief technical officer, Avraham Eisenberg, who has shown no interest in giving it back."), https://thedefiant.io/fall-fortress-dao-olympus-forking/ (attached hereto as **Exhibit 1**).

10. Accordingly, by its Counterclaim, TP-Link USA seeks to recover against Thimes for its willful and intentional trademark infringement and trademark

counterfeiting.  In doing so, TP-Link USA is standing by its commitment to its customers that it will protect the value and quality of TP-Link products.  TP-Link USA brings this action for infringement of the TP-LINK® Mark in violation of the Lanham Act, 15 U.S.C. § 1051 *et seq*.

## THE PARTIES

11.    Counterclaimant TP-Link USA Corporation is a California corporation, having its principal place of business located at 10 Mauchly, Irvine, California, 92618.

12.    Upon information and belief, Counter-defendant Thimes Solutions Inc. is a New York corporation having its principal place of business at 431 Audubon Avenue, Suite 53, New York, New York, 10033.  Upon information and belief, Avraham "Avi" Eisenberg (the Founder and President of Thimes), is the alter ego of Thimes, and has willfully aided and abetted Thimes in the wrongful concerted action described herein, or acted with or in furtherance of that action, or assisted in carrying out its purpose alleged in this Counterclaim.

## JURISDICTION AND VENUE

13.    This is an action arising under the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq*. (the "Lanham Act").

14.    This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b) and 15 U.S.C. § 1121.

15.    This Court has personal jurisdiction over Thimes because Thimes brought this action in this Court and thereby consented to its jurisdiction.  Alternatively, this Court has personal jurisdiction over Thimes because, upon information and belief, Thimes, either directly or through its agents, transacts business in the State of California and in this district, directed its activities to the State of California and this district, committed the tort of infringement in this district, and/or expected or should reasonably have expected its acts to have consequences in the State of California and this district.

16.     Venue is proper in this district because Thimes brought this action in this Court and thereby consented to venue.  Alternatively, venue is proper in this district under 28 U.S.C. § 1391 because this action arises out of wrongful acts, including advertising, offering for sale, and selling and distributing products, by Thimes within this judicial district, and/or a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTUAL ALLEGATIONS

### A.     TP-Link's Registered Trademarks

17.     TP-Link is the exclusive licensee with all rights to enforce U.S. Trademark Registration No. 3,175,495 (the "TP-LINK® Mark").  A copy of the TP-LINK® Mark is attached hereto as **Exhibit 2**.

18.     U.S. Trademark Registration No. 3,175,495 is the registration for "TP-LINK" in International Class 9 for goods including "routers."  On December 8, 2011, TP-Link filed a Combined Declaration of Use and Incontestability under Sections 8 & 15 with the United States Patent and Trademark Office for this mark.  Accordingly, the TP-LINK® Mark is valid, subsisting, and incontestable pursuant to 15 U.S.C. §§ 1065 and 1115(b).

19.     TP-Link USA has continuously used the TP-LINK® Mark in interstate commerce in connection with the sale, distribution, promotion, and advertising of its high-quality computer networking products, including routers and other computer accessories products since at least 2008.

## THIMES'S INFRINGING CONDUCT

20.     Upon information and belief since at least 2018, Thimes has been marketing and selling, and continues to market and sell, networking products bearing the infringing TP-LINK® Mark.

21.     Thimes is an unauthorized re-sellers of products bearing the TP-LINK® Mark.  Thimes's annual sales were, in part, gained by the unauthorized listing and

selling of goods bearing the TP-LINK® Mark.  Unauthorized sales of products bearing the TP-LINK® Mark do not convey the manufacturer's original warranty or service from TP-Link USA, and as such are materially different than genuine TP-Link products.

22.    Upon information and belief, Thimes caused hundreds of products infringing the TP-LINK® Mark to enter into interstate commerce, including California and this judicial district.

23.    Upon information and belief, Thimes's use and incorporation of the TP-LINK® Mark is likely to cause confusion, mistake or deception in the minds of consumers as to the source of Thimes's products, as to TP-Link's affiliation, connection, or association with Thimes, and/or as to TP-Link's approval or sponsorship of Thimes's products or commercial activities.

24.    Upon information and belief, Thimes's infringing use of the TP-LINK® Mark has and will financially harm TP-Link by diminishing the value of the TP-LINK® Mark as an indicator of the source of TP-Link networking products.

25.    Upon information and belief, Thimes's use and incorporation of the TP-LINK® Mark will and did increase the popularity and profitability of Thimes's sale of products and business.

26.    Upon information and belief, Thimes has offered for sale, advertised, and sold products bearing the TP-LINK® Mark in connection with networking products with the intent to benefit from TP-Link's goodwill and reputation in the networking products market, to deceive the public as to the source or origin of Thimes's networking products, and to profit from the demand created by TP-Link's specialized, high-quality computer networking products.

27.    Thimes is well-aware of TP-Link's rights in the TP-LINK® Mark. Indeed, Thimes claims it was sent numerous notices by Amazon that its use of the TP-LINK® Mark violates TP-Link's intellectual property rights.

No. 2:19-cv-10374-SB-E

DEFENDANT TP-LINK USA'S ANSWER, DEFENSES, AND COUNTERCLAIM

28.     Upon information and belief, Thimes has had issues with the unauthorized sales and violation of the intellectual property rights of third parties, as well as had numerous issues with Amazon not involving TP-Link products.

29.     Thimes's actions have been deliberate, willful, malicious and intentional and conducted with the intent of trading on the goodwill that inures to the TP-LINK® Mark and reputation of TP-Link.

30.     This is an exceptional case entitling TP-Link USA to treble damages and attorneys' fees as allowed for under the Lanham Act.

## CAUSE OF ACTION

### (Violation of the Lanham Act, 15 U.S.C. § 1051, *et seq.*)

31.     The foregoing allegations are incorporated as if re-alleged herein.

32.     The TP-LINK® Mark is incontestable.  The TP-LINK® Mark is nationally recognized as being affixed to goods of high quality and originating from TP-Link.  Purchasers associate the TP-LINK® Mark only with genuine TP-Link products that convey with the original manufacturer's warranty and service.

33.     Upon information and belief, Thimes's unauthorized use of TP-LINK® Mark is likely to lead to and result in confusion, mistake or deception, and is likely to cause the public to believe that TP-Link has sponsored, authorized, licensed or is otherwise connected or affiliated with the products bearing the TP-LINK® Mark sold by Thimes in violation of 15 U.S.C. § 1114, which at a minimum constitute trademark infringement and trademark counterfeiting.

34.     Upon information and belief, Thimes's ongoing acts of infringement and counterfeiting are willful and deliberate, and are intended to confuse the public as to the source of good bearing the TP-LINK® Mark and to injure TP-Link and reap the benefit of TP-Link's goodwill associated with the TP-LINK® Mark.

35.     As a direct and proximate result of Thimes's willful and unlawful conduct, TP-Link USA has been injured and will continue to suffer injury to its business and

reputation unless Thimes is restrained by this Court from infringing the TP-LINK® Mark.

36.    Thimes's foregoing acts are causing irreparable harm to TP-Link for which there is no adequate remedy at law.

37.    In light of the foregoing, TP-Link USA is entitled to injunctive relief prohibiting Thimes from using the TP-LINK® Mark, or any marks confusingly similar thereto, for any purpose, and to recover from Thimes all damages that TP-Link USA has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Thimes as a result thereof, in an amount to be determined, as well as the costs of this action, attorneys' fees and treble damages, and/or statutory damages pursuant to 15 U.S.C. § 1117.

## PRAYER FOR RELIEF

WHEREFORE, TP-Link USA prays for judgment and relief against Thimes as follows:

1.    Injunctive relief where appropriate;

2.    An accounting by Thimes of its profits for all infringement of the TP-LINK® Mark;

3.    Actual damages in an amount to be proven at trial;

4.    Punitive or exemplary damages where appropriate;

5.    Reasonable costs and attorneys' fees pursuant to applicable law;

6.    Pre and post-judgment interest as applicable; and

7.    Any other relief the Court deems appropriate.

# **DEMAND FOR A JURY TRIAL**

Defendant and Counterclaimant TP-Link USA Corporation hereby demands a jury trial of all issues raised in its Counterclaim which are triable by jury.

Dated: May 27, 2022

LTL ATTORNEYS LLP

By: /s/ Heather F. Auyang
Joedat H. Tuffaha
Prashanth Chennakesavan
Heather F. Auyang

*Attorneys for Defendant and Counterclaimant TP-Link USA Corp.*

DEFENDANT TP-LINK USA'S ANSWER, DEFENSES, AND COUNTERCLAIM

Exhibit 5

LTL ATTORNEYS LLP
Joe H. Tuffaha (SBN 253723)
  joe.tuffaha@ltlattorneys.com
Prashanth Chennakesavan (SBN 284022)
  prashanth.chennakesavan@ltlattorneys.com
Heather F. Auyang (SBN 191776)
  heather.auyang@ltlattorneys.com
Patice A. Gore (SBN 258776)
  patice.gore@ltlattorneys.com
300 South Grand Ave., 14th Floor
Los Angeles, CA 90071
Tel:  (213) 612-8900
Fax:  (213) 612-3773

Attorneys for Defendant and
Counterclaimant TP-Link USA Corporation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS INC., | CASE NO.: 2:19-cv-10374-SB-E |
| Plaintiff, | **TP-LINK USA CORPORATION'S** |
| v. | **SUPPLEMENTAL RESPONSES TO THIMES SOLUTIONS, INC.'S FIRST SET OF INTERROGATORIES (Nos. 1-25)** |
| TP-LINK USA CORPORATION, and AUCTION BROTHERS, INC. d/b/a AMAZZIA, | |
| Defendants. | |
| TP-LINK USA CORPORATION, | |
| Counterclaimant, | |
| v. | |
| THIMES SOLUTIONS INC., | |

1          Counter-Defendant.

TP-LINK'S SUPPLEMENTAL RESPONSES TO THIMES'S FIRST SET OF INTERROGATORIES (NOS. 1-25)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant and Counterclaimant TP-LINK USA CORPORATION ("TP-Link") hereby submits the following supplemental objections and responses to Plaintiff THIMES SOLUTIONS INC.'s First Set of Interrogatories as follows:

**GENERAL STATEMENT AND OBJECTIONS**

1.     Discovery is still continuing in this case. The following responses are based on discovery available as of the date of this response.  TP-Link has not completed its investigation of the facts and information relating to this case.  Further discovery, independent investigation and analysis may supply additional facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to additions, changes to, or variations from the information herein set forth.  Accordingly, TP-Link's responses to these Interrogatories are based only upon TP-Link's current knowledge and reasonable belief.  TP-Link expressly reserves the right to further modify and/or supplement any response, and to assert additional objections to these Interrogatories as necessary and/or appropriate.

2.     Nothing in these responses shall be deemed an admission by TP-Link regarding the existence of any information, the relevance or admissibility of any information, for any purpose, or the truth or accuracy of any statement or characterization contained in any Interrogatory.

3.     These responses are made solely for the purpose of discovery in this action. Nothing herein is intended to waive TP-Link's objections, which are expressly reserved, including but not limited to the following: any objections as to competence, relevance, authenticity, propriety, materiality and admissibility of the subject matter of the discovery requests; any objections as to the use of any information provided in response to the Interrogatories; and any objections to the admissibility of any responses as evidence in any proceeding, including the trial of this action or any subsequent proceeding.  Moreover, by agreeing to provide information responsive to a particular

TP-LINK'S SUPPLEMENTAL RESPONSES TO THIMES'S FIRST SET OF INTERROGATORIES (NOS. 1-25)

discovery request, TP-Link does not admit the relevance or admissibility of the information provided.  Nothing contained in any response herein shall be deemed an admission, concession, or waiver by TP-Link as to the relevance, materiality, or admissibility of any information provided in response to the Interrogatories.

4.     The following general objections apply to each of the Interrogatories and are hereby incorporated within each specific response set forth below.  No specific objection is intended to constitute, or should be construed as constituting, a waiver of any general objection.

5.     TP-Link objects to the Definitions and Instructions to the extent that they are vague and ambiguous and/or seek to impose any burdens inconsistent with, or in addition to, TP-Link's obligations under the applicable rules, including the Federal Rules of Civil Procedure, the Local Rules for the Central District of California, any order of this Court, or any stipulation or agreement between the parties.

6.     TP-Link objects to the Definitions and Instructions to the extent that they seek premature disclosure in light of the timetable for the disclosure of certain categories of information, as provided by the Federal Rules of Civil Procedure, the Local Rules for the Central District of California, any order of this Court, or any stipulation or agreement between the parties.

7.     TP-Link objects to the extent the Interrogatories seek information which is (a) not in TP-Link's possession, custody, or control; (b) in the possession, custody, or control of Thimes; (c) publicly available; or (d) equally available and/or as readily accessible to Thimes as it is to TP-Link.  The responses given herein are based upon information reasonably available to TP-Link and documents within TP-Link's possession, custody, or control that can be located after a reasonable inquiry.

8.     TP-Link objects generally to each Interrogatory to the extent that it seeks confidential information protected from disclosure by the attorney-client privilege, the work-product immunity doctrine, the common-interest privilege, and/or any other

applicable privilege or protection from disclosure afforded by law or regulation. Inadvertent production of such information shall not constitute the waiver of any applicable privilege, prohibition, limitation, doctrine, immunity, protection, or objection, including, but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, work-product, privilege, and/or admissibility as evidence. TP-Link therefore construes each Interrogatory to exclude information protected by attorney-client privilege, work-product doctrine, and any other applicable privilege or protection.

9. TP-Link objects generally to each Interrogatory to the extent it is overly broad, unduly burdensome and/or oppressive, including without limitation to the extent that an Interrogatory is not limited to a timeframe relevant to this action. Subject to these general objections to the definitions and instructions, and all specific objections, TP-Link's response is limited to January 2018 through the filing of the original complaint in this action.

10. TP-Link objects generally to each Interrogatory to the extent that it purports to require TP-Link to provide sensitive business or financial information, confidential research, trade secret information, development or commercial information, or confidential or private personal information. To the extent that such information is produced in this case, it shall be subject to a protective order entered by the Court.

11. TP-Link objects to the extent the Interrogatories purport to define words or phrases to have a meaning different from their legal, contractual, or intended meaning, and to the extent that it is vague, unintelligible, and/or susceptible to various interpretations, such that TP-Link is unable to discern its meaning and/or respond. TP-Link also objects to the Interrogatories to the extent they purport to define words or phrases in a manner inconsistent with the normal usage and meaning of the terms to constitute an unreasonable expansion of the Interrogatories, cause confusion, or unduly

TP-LINK'S SUPPLEMENTAL RESPONSES TO THIMES'S FIRST SET OF INTERROGATORIES (NOS. 1-25)

burden TP-Link.

12.     TP-Link objects generally to each Interrogatory to the extent that it seeks information protected by the common law, constitutional and/or statutory rights of privacy.  Any inadvertent production of such information is not intended to be and should not be constructed as a waiver.

13.     TP-Link objects generally to each Interrogatory to the extent that it seeks information that is not relevant to Thimes's claims or defenses and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  By providing information responsive to a particular request, TP-Link does not admit to the relevance or admissibility of the information provided.

14.     TP-Link objects generally to each Interrogatory as premature to the extent it seeks information that is the subject of expert testimony.

15.     TP-Link objects to each and every Interrogatory to the extent it assumes disputed facts or legal conclusions in defining the information requested.  TP-Link denies any such disputed facts or legal conclusions.  Any information provided by TP-Link with respect to the Interrogatories is without prejudice to this objection.

16.     TP-Link objects to the extent each Interrogatory is compound and joins subparts that seek information about discrete subjects, and therefore constitutes two or more Interrogatories under Rule 33(a) of the Federal Rules of Civil Procedure.

17.     TP-Link objects to each Interrogatory to the extent it is duplicative or cumulative of another Interrogatory.  TP-Link specifically incorporates herein by reference the objections in TP-Link's responses and objections to Thimes's First Set of Requests for Production of Documents and Requests for Admission.

18.     TP-Link objects to the definition of "YOU" as "TP-Link USA

TP-LINK'S SUPPLEMENTAL RESPONSES TO THIMES'S FIRST SET OF INTERROGATORIES (NOS. 1-25)

Corporation and all of its agents, brokers, employees, contractors, officers, directors and all persons or entities acting or purporting on its behalf or its their control" is impermissibly vague, ambiguous, and overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive.   TP-Link responds to these Requests on behalf of itself alone, and no other entity.

19.   TP-Link objects to Plaintiff's definition of "YOU" to the extent that Plaintiff seeks to compel TP-Link to collect or produce information, communications, or documents from parties from whom TP-Link has no right or obligation to collect information or documents.  TP-Link further objects to the definition of the term "YOU" as being vague, overbroad, and unduly burdensome to the extent that Plaintiff purports to impose discovery obligations on any person who is not a party to this litigation.

20.   TP-Link objects to Plaintiff's definition of "Amazzia" as being vague, overbroad, and unduly burdensome.

21.   TP-Link objects to Plaintiff's definition of "Thimes" as being vague, overbroad, and unduly burdensome.

Subject to the foregoing General Statement and Objections, TP-Link responds as follows:

## SPECIFIC OBJECTIONS AND RESPONSES

Without waving or restricting the General Statement and Objections previously set forth, TP-Link responds as follows:

**INTERROGATORY NO. 1:**

DESCRIBE all facts that YOU contemporaneously relied upon to support the complaint submitted either by YOU, or on YOUR behalf, to Amazon on January 19, 2018 alleging counterfeiting by Thimes.

**RESPONSE INTERROGATORY NO. 1:**

TP-Link incorporates by reference herein its General Statement and Objections stated above.  TP-Link objects to this Interrogatory as overbroad, unduly burdensome,

and seeking information irrelevant to the claims and defenses asserted in this case and/or are not proportional to the needs of the case.  TP-Link objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges or immunities.

TP-Link's response to this Interrogatory is based on information currently known to TP-Link through its reasonable investigation thus far, and is subject to amendment and/or supplementation.  By providing this response, TP-Link does not, and does not intend to, waive its right to rely on evidence or information that is subsequently discovered through TP-Link's continuing investigation and/or included in an amended or supplemental response.  TP-Link expressly reserves all rights to supplement, revise, and/or amend this response.

TP-Link further objects to this Interrogatory as vague, ambiguous, overbroad, and unduly burdensome, especially with regard to the phrases and terms "DESCRIBE all facts." TP-Link objects to Plaintiff's definition of "YOU" to the extent that Plaintiff seeks to compel TP-Link to collect or produce information, communications, or documents from parties from whom TP-Link has no right or obligation to collect information or documents. TP-Link further objects to the definition of the term "YOU" as being vague, overbroad, and unduly burdensome to the extent that Plaintiff purports to impose discovery obligations on any person who is not a party to this litigation.  TP-Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive.  TP-Link responds to this Interrogatory on behalf of itself alone, and no other entity.

Subject to the foregoing specific and General objections, TP-Link responds as follows:

TP-Link lacks sufficient knowledge or information as to whether a complaint

was submitted to Amazon on January 19, 2018 alleging counterfeiting by Thimes. However, Thimes is not an authorized reseller of TP-Link products.  TP-Link's policy is that it does not provide the original manufacturer's warranty and service to customers who purchase from unauthorized sellers.  As such, TP-Link had a good faith belief that Thimes's listings violated its intellectual property rights and that use of the Amazon marketplace listing for such unauthorized sales was contrary to law.

Thimes has never confirmed that it informed its customers that it was not authorized to sell TP-Link products and that the TP-Link products sold by Thimes did not convey with the same benefits as purchasing from an authorized reseller.

**INTERROGATORY NO. 2:**

IDENTIFY all DOCUMENTS that support YOUR response to Interrogatory No. 1.

**RESPONSE INTERROGATORY NO. 2:**

TP-Link incorporates by reference herein its General Statement and Objections stated above.  TP-Link objects to this Interrogatory as overbroad, unduly burdensome, and seeking information irrelevant to the claims and defenses asserted in this case and/or are not proportional to the needs of the case.   TP-Link objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges or immunities.

TP-Link further objects to this Interrogatory as vague, ambiguous, overbroad, and unduly burdensome, especially with regard to the phrases and terms "IDENTIFY all DOCUMENTS."  TP-Link also objects to this Interrogatory on the grounds that it seeks documents which are not currently in the possession, custody or control of TP-Link and are within the possession, custody or control of others, including Thimes and Amazon.   TP-Link objects to the definition of "YOU" as impermissibly vague,

ambiguous, and overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive.  TP-Link responds to this Interrogatory on behalf of itself alone, and no other entity.

Subject to the foregoing specific and General objections, TP-Link responds as follows:

TP-Link lacks sufficient knowledge or information as to whether a complaint was submitted to Amazon on January 19, 2018 alleging counterfeiting by Thimes. However, Thimes is not an authorized reseller of TP-Link products.  TP-Link's policy is that it does not provide the original manufacturer's warranty and service to customers who purchase from unauthorized sellers.  As such, TP-Link had a good faith belief that Thimes's listings violated its intellectual property rights and that use of the Amazon marketplace listing for such unauthorized sales was contrary to law.  Requiring a responding party to identify "all" documents is not proportional to the needs of the case, accordingly, TP-Link refers Thimes to the following examples: TP-Link's Warranty & RMA Policy (e.g., Bates Nos. TP000158-TP000307); Amazon website regarding policies and procedures, Amazon's anti-counterfeiting policy, TP-Link Mark, and Amazon "Condition guidelines."

**INTERROGATORY NO. 3:**

DESCRIBE all facts that YOU contemporaneously relied upon to support each of the submitted either by YOU, or on YOUR behalf to Amazon, between January 21, 2018 and June 21, 2018, alleging counterfeiting or trademark infringement by Thimes.

**RESPONSE INTERROGATORY NO. 3:**

TP-Link incorporates by reference herein its General Statement and Objections stated above.  TP-Link objects to this Interrogatory as overbroad, unduly burdensome, and seeking information irrelevant to the claims and defenses asserted in this case and/or are not proportional to the needs of the case.  TP-Link objects to this

Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges or immunities.

TP-Link's response to this Interrogatory is based on information currently known to TP-Link through its reasonable investigation thus far, and is subject to amendment and/or supplementation.  By providing this response, TP-Link does not, and does not intend to, waive its right to rely on evidence or information that is subsequently discovered through TP-Link's continuing investigation and/or included in an amended or supplemental response.  TP-Link expressly reserves all rights to supplement, revise, and/or amend this response.

TP-Link further objects to this Interrogatory as vague, ambiguous, overbroad, and unduly burdensome, especially with regard to the phrases and terms "DESCRIBE all facts" and the non-sensical phrase "relied upon to support each of the submitted either by YOU …."  TP-Link objects to Plaintiff's definition of "YOU" to the extent that Plaintiff seeks to compel TP-Link to collect or produce information, communications, or documents from parties from whom TP-Link has no right or obligation to collect information or documents.  TP-Link further objects to the definition of the term "YOU" as being vague, overbroad, and unduly burdensome to the extent that Plaintiff purports to impose discovery obligations on any person who is not a party to this litigation.  TP-Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive.  TP-Link responds to this Interrogatory on behalf of itself alone, and no other entity.

Subject to the foregoing specific and General objections, TP-Link responds as follows:

TP-Link lacks sufficient knowledge or information as to whether complaints were submitted to Amazon between January 21, 2018 and June 21, 2018 alleging

counterfeiting or trademark infringement by Thimes. However, Thimes is not an authorized reseller of TP-Link products.  TP-Link's policy is that it does not provide the original manufacturer's warranty and service to customers who purchase from unauthorized sellers.  As such, TP-Link had a good faith belief that Thimes's listings violated its intellectual property rights and that use of the Amazon marketplace listing for such unauthorized sales was contrary to law.

Thimes has never confirmed that it informed its customers that it was not authorized to sell TP-Link products and that the TP-Link products sold by Thimes did not convey with the same benefits as purchasing from an authorized reseller.

**INTERROGATORY NO. 4:**

IDENTIFY all DOCUMENTS that support YOUR response to Interrogatory No. 3.

**RESPONSE INTERROGATORY NO. 4:**

TP-Link incorporates by reference herein its General Statement and Objections stated above.  TP-Link objects to this Interrogatory as overbroad, unduly burdensome, and seeking information irrelevant to the claims and defenses asserted in this case and/or are not proportional to the needs of the case.   TP-Link objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges or immunities.

TP-Link further objects to this Interrogatory as vague, ambiguous, overbroad, and unduly burdensome, especially with regard to the phrases and terms "IDENTIFY all DOCUMENTS."  TP-Link also objects to this Interrogatory on the grounds that it seeks documents which are not currently in the possession, custody or control of TP-Link and are within the possession, custody or control of others, including Thimes and Amazon.   TP-Link objects to the definition of "YOU" as impermissibly vague,

TP-LINK'S SUPPLEMENTAL RESPONSES TO THIMES'S FIRST SET OF INTERROGATORIES (NOS. 1-25)

ambiguous, and overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive.  TP-Link responds to this Interrogatory on behalf of itself alone, and no other entity.

Subject to the foregoing specific and General objections, TP-Link responds as follows:

TP-Link lacks sufficient knowledge or information as to whether complaints were submitted to Amazon between January 21, 2018 and June 21, 2018 alleging counterfeiting or trademark infringement by Thimes. However, Thimes is not an authorized reseller of TP-Link products.  TP-Link's policy is that it does not provide the original manufacturer's warranty and service to customers who purchase from unauthorized sellers.  As such, TP-Link had a good faith belief that Thimes's listings violated its intellectual property rights and that use of the Amazon marketplace listing for such unauthorized sales was contrary to law.  Requiring a responding party to identify "all" documents is not proportional to the needs of the case, accordingly, TP-Link refers Thimes to the following examples: TP-Link's Warranty & RMA Policy (e.g., Bates Nos. TP000158-TP000307); Amazon website regarding policies and procedures, Amazon's anti-counterfeiting policy, TP-Link Mark, and Amazon "Condition guidelines."

**INTERROGATORY NO. 5:**

If YOU contend that the submission of the complaints to Amazon by YOU, or on YOUR behalf, did not cause Amazon to expel Thimes from the Amazon Marketplace, then DESCRIBE all facts that support YOUR contention.

**RESPONSE INTERROGATORY NO. 5:**

TP-Link incorporates by reference herein its General Statement and Objections stated above.  TP-Link objects to this Interrogatory as overbroad, unduly burdensome, and seeking information irrelevant to the claims and defenses asserted in this case

and/or are not proportional to the needs of the case. TP-Link objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges or immunities.

TP-Link's response to this Interrogatory is based on information currently known to TP-Link through its reasonable investigation thus far, and is subject to amendment and/or supplementation. By providing this response, TP-Link does not, and does not intend to, waive its right to rely on evidence or information that is subsequently discovered through TP-Link's continuing investigation and/or included in an amended or supplemental response. TP-Link expressly reserves all rights to supplement, revise, and/or amend this response.

TP-Link further objects to this Interrogatory as vague, ambiguous, overbroad, and unduly burdensome, especially with regard to the phrases and terms "DESCRIBE all facts." TP-Link objects to Plaintiff's definition of "YOU" to the extent that Plaintiff seeks to compel TP-Link to collect or produce information, communications, or documents from parties from whom TP-Link has no right or obligation to collect information or documents. TP-Link further objects to the definition of the term "YOU" as being vague, overbroad, and unduly burdensome to the extent that Plaintiff purports to impose discovery obligations on any person who is not a party to this litigation. TP-Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive. TP-Link responds to this Interrogatory on behalf of itself alone, and no other entity.

TP-Link further objects to this contention Interrogatory as premature. The Advisory Committee Notes accompanying Rule 33(c) of the Federal Rules of Civil Procedure recognize that contention interrogatories are often "best resolved after much or all of the other discovery has been completed." Fed. R. Civ. P. 33(c) (subdivision

(b) of advisory committee note to 1970 amendment).  *Nestle Food Corp. v. Aetna Casualty and Surety Co.*, 135 F.R.D. 101, 110-11 (D.N.J. 1990) (contention interrogatories are more appropriate after a substantial amount of discovery has been conducted).  Discovery is ongoing and, to date, a substantial amount of discovery has not been conducted.

Subject to the foregoing specific and General objections, TP-Link responds as follows:

Non-party Amazon is in the best position to respond to this Interrogatory, which seeks the "cause" as to why "Amazon [] expel[led] Thimes from the Amazon Marketplace."  Pursuant to the terms of Amazon's Business Solutions Agreement, Amazon is authorized to terminate Thimes as a seller "any reason or for no reason at all."  (Amended Fifth Amended Complaint, ¶ 6.)  Moreover, Amazon's Anti-Counterfeiting Policy states, in part:

> Products offered for sale on Amazon must be authentic. The sale of counterfeit products is strictly prohibited. **Failure to abide by this policy may result in loss of selling privileges, funds being withheld, and disposal of inventory in our possession**.
>
> It is each seller's and supplier's responsibility to source, sell, and fulfill only authentic products. Prohibited products include bootlegs, fakes, or pirated copies of products or content; products that have been illegally replicated, reproduced, or manufactured; **and products that infringe another party's intellectual property rights**. **If you sell or supply inauthentic products, we may immediately suspend or terminate your Amazon selling account (and any related accounts) and dispose of any inauthentic products in our fulfillment centers at your expense**. In addition, we do not pay sellers until we are confident our customers have received the authentic products they ordered. We may withhold payments if we determine that an Amazon account has been used to sell inauthentic goods, commit fraud, or engage in other illegal activity.
>
> We work with manufacturers, rights holders, content owners, vendors, and sellers to improve the ways we detect and prevent

inauthentic products from reaching our customers. **As a result, we remove suspect listings based on our own review of products**.

\*   \*   \*

Amazon strives to ensure a trustworthy shopping experience for our customers. By selling on Amazon, you agree that:

- The sale of counterfeit products is strictly prohibited.

- You may not sell any products that are not legal for sale, such as products that have been illegally replicated, reproduced, or manufactured

- **You must provide records about the authenticity of your products if Amazon requests that documentation**

Failure to abide by this policy may result in loss of selling privileges, funds being withheld, destruction of inventory in our fulfillment centers, and other legal consequences.

More Information

- Sell Only Authentic and Legal Products. It is your responsibility to source, sell, and fulfill only authentic products that are legal for sale. Examples of prohibited products include: []

    o Products that infringe another party's intellectual property rights

- Maintain and Provide Inventory Records. Amazon may request that you provide documentation (such as invoices) showing the authenticity of your products or your authorization to list them for sale. You may remove pricing information from these documents, **but providing documents that have been edited in any other way or that are misleading is a violation of this policy and will lead to enforcement against your account**.

- Consequences of Selling Inauthentic Products. If you sell inauthentic products, we may immediately suspend or terminate your Amazon selling account (and any related

16

TP-LINK'S SUPPLEMENTAL RESPONSES TO THIMES'S FIRST SET OF INTERROGATORIES (NOS. 1-25)

accounts), dispose of any inauthentic products in our fulfillment centers at your expense, and/or withhold payments to you.

*       *       *

- Reporting Inauthentic Products. We stand behind the products sold on our site with our A-to-z Guarantee, and we encourage rights owners who have product authenticity concerns to notify us. We will promptly investigate and take all appropriate actions to protect customers, sellers, and rights holders. You may view counterfeit complaints on the Account Health page in Seller Central.

Emphasis added. The link for "notify us" under Amazon's Anti-Counterfeiting Policy is for the "Report Infringement" webpage, which is the same webpage cited in Paragraph 47, n.14 of the 5AC for reporting trademark infringement and trademark counterfeiting complaints to Amazon.

In addition to the terms and conditions set forth by Amazon, Thimes itself has identified other intervening causes for its expulsion from the Amazon Marketplace. According to Thimes, it was "Amazon's algorithmic surveil [that] caused Plaintiff's permanent expulsion (without appeal rights) from the Amazon Marketplace on August 27, 2018." ECF No. 178, ¶ 47. In its Original Complaint, Thimes named Prevagen and 3PM Shield, LLC as defendants and alleged these entities lodged multiple complaints against Thimes. Furthermore, Thimes admits "3PM [Shield, LLC] played a critical role in [Thimes's] final expulsion from the Amazon Marketplace. [3PM Shield, LLC's August 22, 2018 complaint] was 'the straw that broke the camel's back' just prior to Plaintiff's non-appealable expulsion on August 27, 2018." ECF No. 1, ¶ 70.

Thimes also engaged in action which constitute violations of Amazon's policy warranting Thimes's immediate suspension or removal. Amazon's Anti-Counterfeiting Policy states:

By selling on Amazon, you agree that:

- The sale of counterfeit products is strictly prohibited.

  …

- **You must provide records about the authenticity of your products if Amazon requests that documentation**

  Failure to abide by this policy may result in loss of selling privileges, funds being withheld, destruction of inventory in our fulfillment centers, and other legal consequences.

Amazon requested Thimes provide, among other things, proof of authenticity which "must clearly prove that your products do not infringe on the intellectual property of the rights owner." In a January 20, 2018 email (Bates No. THIMES00070), Thimes responded to Amazon's query by reattaching a supposed invoice showing only the amount of product purchased and the amount paid, along with a terse response. The response and invoice provide no information to prove Thimes's products do not infringe on the IP rights of TP-Link. Additionally, despite Amazon's request for a plan of action to prevent the infringement of the intellectual property rights of others in the future, Thimes provided no further plan of action and stated that "no further POA is required."

Finally, TP-Link did not request that Amazon expel Thimes from the Amazon marketplace.

## INTERROGATORY NO. 6:

If YOU contend that the TP-Link branded wireless router products sold by Thimes on the Amazon Marketplace were counterfeit, then DESCRIBE all facts that support YOUR contention.

## RESPONSE INTERROGATORY NO. 6:

TP-Link incorporates by reference herein its General Statement and Objections stated above. TP-Link objects to this Interrogatory as overbroad, unduly burdensome, and seeking information irrelevant to the claims and defenses asserted in this case and/or are not proportional to the needs of the case. TP-Link objects to this Interrogatory to the extent it seeks information protected from disclosure by the

attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges or immunities.

TP-Link's response to this Interrogatory is based on information currently known to TP-Link through its reasonable investigation thus far, and is subject to amendment and/or supplementation. By providing this response, TP-Link does not, and does not intend to, waive its right to rely on evidence or information that is subsequently discovered through TP-Link's continuing investigation and/or included in an amended or supplemental response. TP-Link expressly reserves all rights to supplement, revise, and/or amend this response.

TP-Link further objects to this Interrogatory as vague, ambiguous, overbroad, and unduly burdensome, especially with regard to the phrases and terms "DESCRIBE all facts." TP-Link objects to Plaintiff's definition of "YOU" to the extent that Plaintiff seeks to compel TP-Link to collect or produce information, communications, or documents from parties from whom TP-Link has no right or obligation to collect information or documents. TP-Link further objects to the definition of the term "YOU" as being vague, overbroad, and unduly burdensome to the extent that Plaintiff purports to impose discovery obligations on any person who is not a party to this litigation. TP-Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive. TP-Link responds to this Interrogatory on behalf of itself alone, and no other entity.

TP-Link further objects to this contention Interrogatory as premature. The Advisory Committee Notes accompanying Rule 33(c) of the Federal Rules of Civil Procedure recognize that contention interrogatories are often "best resolved after much or all of the other discovery has been completed." Fed. R. Civ. P. 33(c) (subdivision (b) of advisory committee note to 1970 amendment). *Nestle Food Corp. v. Aetna Casualty and Surety Co*., 135 F.R.D. 101, 110-11 (D.N.J. 1990) (contention

TP-LINK'S SUPPLEMENTAL RESPONSES TO THIMES'S FIRST SET OF INTERROGATORIES (NOS. 1-25)

interrogatories are more appropriate after a substantial amount of discovery has been conducted). Discovery is ongoing and, to date, a substantial amount of discovery has not been conducted.

Subject to the foregoing specific and General objections, TP-Link responds as follows:

Thimes is not an authorized reseller of TP-Link products. TP-Link's policy is that it does not provide the original manufacturer's warranty and service to customers who purchase from unauthorized sellers. As such, TP-Link had a good faith belief that Thimes's listings violated its intellectual property rights and that use of the Amazon marketplace listing for such unauthorized sales was contrary to law.

Thimes has never confirmed that it informed its customers that it was not authorized to sell TP-Link products and that the TP-Link products sold by Thimes did not convey with the same benefits as purchasing from an authorized reseller.

Additionally, Thimes was selling TP-Link products on Amazon as "New." This is in violation of Amazon's Seller's Condition Guidelines, which define a "New" product as follows: "Just like it sounds. A brand-new item. **Original manufacturer's warranty**, if any, still applies, with warranty details included in the listing comments." (Emphasis added).

**INTERROGATORY NO. 7:**

IDENTIFY all DOCUMENTS that support YOUR response to Interrogatory No. 6.

**RESPONSE INTERROGATORY NO. 7:**

TP-Link incorporates by reference herein its General Statement and Objections stated above. TP-Link objects to this Interrogatory as overbroad, unduly burdensome, and seeking information irrelevant to the claims and defenses asserted in this case and/or are not proportional to the needs of the case. TP-Link objects to this

1  Interrogatory to the extent it seeks information protected from disclosure by the
2  attorney-client privilege, the attorney work product doctrine, and/or other applicable
3  privileges or immunities.

4      TP-Link further objects to this Interrogatory as vague, ambiguous, overbroad,
5  and unduly burdensome, especially with regard to the phrases and terms "IDENTIFY
6  all DOCUMENTS."  TP-Link also objects to this Interrogatory on the grounds that it
7  seeks documents which are not currently in the possession, custody or control of TP-
8  Link and are within the possession, custody or control of others, including Thimes and
9  Amazon.  TP-Link objects to the definition of "YOU" as impermissibly vague,
10 ambiguous, and overbroad, and renders any related requests unduly burdensome,
11 unreasonable, and oppressive.  TP-Link responds to this Interrogatory on behalf of
12 itself alone, and no other entity.

13     Subject to the foregoing specific and General objections, TP-Link responds as
14 follows:

15     Thimes is not an authorized reseller of TP-Link products.  TP-Link's policy is
16 that it does not provide the original manufacturer's warranty and service to customers
17 who purchase from unauthorized sellers.  As such, TP-Link had a good faith belief that
18 Thimes's listings violated its intellectual property rights and that use of the Amazon
19 marketplace listing for such unauthorized sales was contrary to law.

20     Thimes has never confirmed that it informed its customers that it was not
21 authorized to sell TP-Link products and that the TP-Link products sold by Thimes did
22 not convey with the same benefits as purchasing from an authorized reseller.

23     Additionally, Thimes was selling TP-Link products on Amazon as "New."  This
24 is violation of Amazon's Seller's Condition Guidelines, which define a "New" product
25 as follows: "Just like it sounds. A brand-new item.  **Original manufacturer's**
26 **warranty**, if any, still applies, with warranty details included in the listing comments."
27 (Emphasis added).  Requiring a responding party to identify "all" documents is not
28

proportional to the needs of the case, accordingly, TP-Link refers Thimes to the following examples: TP-Link's Warranty & RMA Policy (e.g., Bates Nos. TP000158-TP000307); Amazon website regarding policies and procedures, Amazon's anti-counterfeiting policy, TP-Link Mark, and Amazon "Condition guidelines."

**INTERROGATORY NO. 8:**

DESCRIBE each instance where consumers were confused about the warranty coverage when purchasing TP-Link branded wireless router products from Thimes on the Amazon Marketplace.

**RESPONSE INTERROGATORY NO. 8:**

TP-Link incorporates by reference herein its General Statement and Objections stated above.  TP-Link objects to this Interrogatory as overbroad, unduly burdensome, and seeking information irrelevant to the claims and defenses asserted in this case and/or are not proportional to the needs of the case.  TP-Link objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges or immunities.

TP-Link's response to this Interrogatory is based on information currently known to TP-Link through its reasonable investigation thus far, and is subject to amendment and/or supplementation.  By providing this response, TP-Link does not, and does not intend to, waive its right to rely on evidence or information that is subsequently discovered through TP-Link's continuing investigation and/or included in an amended or supplemental response.  TP-Link expressly reserves all rights to supplement, revise, and/or amend this response.

TP-Link further objects to this Interrogatory as vague, ambiguous, overbroad, and unduly burdensome, especially with regard to the phrases and terms "DESCRIBE each instance."

TP-LINK'S SUPPLEMENTAL RESPONSES TO THIMES'S FIRST SET OF INTERROGATORIES (NOS. 1-25)

Subject to the foregoing specific and General objections, TP-Link responds as follows:

Thimes is not an authorized reseller of TP-Link products.  TP-Link's policy is that it does not provide the original manufacturer's warranty and service to customers who purchase from unauthorized sellers.  As such, consumers were confused about the warranty coverage each time a customer purchased TP-Link products from Thimes on the Amazon Marketplace.

Thimes has never confirmed that it informed its customers that it was not authorized to sell TP-Link products and that the TP-Link products sold by Thimes did not convey with the same benefits as purchasing from an authorized reseller.

**INTERROGATORY NO. 9:**

IDENTIFY all DOCUMENTS that support YOUR response to Interrogatory No. 8.

**RESPONSE INTERROGATORY NO. 9:**

TP-Link incorporates by reference herein its General Statement and Objections stated above.  TP-Link objects to this Interrogatory as overbroad, unduly burdensome, and seeking information irrelevant to the claims and defenses asserted in this case and/or are not proportional to the needs of the case.   TP-Link objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges or immunities.

TP-Link further objects to this Interrogatory as vague, ambiguous, overbroad, and unduly burdensome, especially with regard to the phrases and terms "IDENTIFY all DOCUMENTS."  TP-Link also objects to this Interrogatory on the grounds that it seeks documents which are not currently in the possession, custody or control of TP-Link and are within the possession, custody or control of others, including Thimes and

Amazon.   TP-Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive.   TP-Link responds to this Interrogatory on behalf of itself alone, and no other entity.

Subject to the foregoing specific and General objections, TP-Link responds as follows:

Thimes is not an authorized reseller of TP-Link products.   TP-Link's policy is that it does not provide the original manufacturer's warranty and service to customers who purchase from unauthorized sellers.   As such, consumers were confused about the warranty coverage each time a customer purchased TP-Link products from Thimes on the Amazon Marketplace.

Thimes has never confirmed that it informed its customers that it was not authorized to sell TP-Link products and that the TP-Link products sold by Thimes did not convey with the same benefits as purchasing from an authorized reseller.   Requiring a responding party to identify "all" documents is not proportional to the needs of the case.   Moreover, each time Thimes sold a TP-Link product, it generated information and documents responsive to this request.   Thimes would be in possession, custody, or control of documents responsive to this request.

**INTERROGATORY NO. 10:**

DESCRIBE how YOU determined that the TP-Link branded wireless router products purchased by YOU, or on YOUR behalf, from Thimes on January 18, 2018 and March 5, 2018 were counterfeit.

**RESPONSE INTERROGATORY NO. 10:**

TP-Link incorporates by reference herein its General Statement and Objections stated above.   TP-Link objects to this Interrogatory as overbroad, unduly burdensome, and seeking information irrelevant to the claims and defenses asserted in this case

and/or are not proportional to the needs of the case.  TP-Link objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges or immunities.

TP-Link's response to this Interrogatory is based on information currently known to TP-Link through its reasonable investigation thus far, and is subject to amendment and/or supplementation.  By providing this response, TP-Link does not, and does not intend to, waive its right to rely on evidence or information that is subsequently discovered through TP-Link's continuing investigation and/or included in an amended or supplemental response.  TP-Link expressly reserves all rights to supplement, revise, and/or amend this response.

TP-Link further objects to this Interrogatory as vague, ambiguous, overbroad, and unduly burdensome, especially with regard to the phrases and terms "DESCRIBE how you determined."  TP-Link objects to Plaintiff's definition of "YOU" to the extent that Plaintiff seeks to compel TP-Link to collect or produce information, communications, or documents from parties from whom TP-Link has no right or obligation to collect information or documents.  TP-Link further objects to the definition of the term "YOU" as being vague, overbroad, and unduly burdensome to the extent that Plaintiff purports to impose discovery obligations on any person who is not a party to this litigation.  TP-Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive.  TP-Link responds to this Interrogatory on behalf of itself alone, and no other entity.

Subject to the foregoing specific and General objections, TP-Link responds as follows:

Thimes is not an authorized reseller of TP-Link products.  TP-Link's policy is that it does not provide the original manufacturer's warranty and service to customers

who purchase from unauthorized sellers.  As such, TP-Link had a good faith belief that Thimes's listings violated its intellectual property rights and that use of the Amazon marketplace listing for such unauthorized sales was contrary to law.

Thimes has never confirmed that it informed its customers that it was not authorized to sell TP-Link products and that the TP-Link products sold by Thimes did not convey with the same benefits as purchasing from an authorized reseller.

**INTERROGATORY NO. 11:**

If YOU contend that the original manufacturer's warranty YOU offer on YOUR wireless router products does not extend to the TP-Link branded wireless router products sold by Thimes on the Amazon Marketplace, then DESCRIBE all facts that support YOUR contention.

**RESPONSE INTERROGATORY NO. 11:**

TP-Link incorporates by reference herein its General Statement and Objections stated above.  TP-Link objects to this Interrogatory as overbroad, unduly burdensome, and seeking information irrelevant to the claims and defenses asserted in this case and/or are not proportional to the needs of the case.   TP-Link objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges or immunities.

TP-Link's response to this Interrogatory is based on information currently known to TP-Link through its reasonable investigation thus far, and is subject to amendment and/or supplementation.  By providing this response, TP-Link does not, and does not intend to, waive its right to rely on evidence or information that is subsequently discovered through TP-Link's continuing investigation and/or included in an amended or supplemental response.  TP-Link expressly reserves all rights to supplement, revise, and/or amend this response.

TP-LINK'S SUPPLEMENTAL RESPONSES TO THIMES'S FIRST SET OF INTERROGATORIES (NOS. 1-25)

TP-Link further objects to this Interrogatory as vague, ambiguous, overbroad, and unduly burdensome, especially with regard to the phrases and terms "DESCRIBE all facts." TP-Link objects to Plaintiff's definition of "YOU" to the extent that Plaintiff seeks to compel TP-Link to collect or produce information, communications, or documents from parties from whom TP-Link has no right or obligation to collect information or documents. TP-Link further objects to the definition of the term "YOU" as being vague, overbroad, and unduly burdensome to the extent that Plaintiff purports to impose discovery obligations on any person who is not a party to this litigation. TP-Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive. TP-Link responds to this Interrogatory on behalf of itself alone, and no other entity.

TP-Link further objects to this contention Interrogatory as premature. The Advisory Committee Notes accompanying Rule 33(c) of the Federal Rules of Civil Procedure recognize that contention interrogatories are often "best resolved after much or all of the other discovery has been completed." Fed. R. Civ. P. 33(c) (subdivision (b) of advisory committee note to 1970 amendment). *Nestle Food Corp. v. Aetna Casualty and Surety Co*., 135 F.R.D. 101, 110-11 (D.N.J. 1990) (contention interrogatories are more appropriate after a substantial amount of discovery has been conducted). Discovery is ongoing and, to date, a substantial amount of discovery has not been conducted.

Subject to the foregoing specific and General objections, TP-Link responds as follows:

Thimes is not an authorized reseller of TP-Link products. TP-Link's policy is that it does not provide the original manufacturer's warranty and service to customers who purchase from unauthorized sellers. Even prior to 2018, TP-Link's policy consistently stated that the original manufacturer's warranty is only valid for products

1  sold by TP-Link or its authorized resellers.

2       Pursuant to Federal Rule of Civil Procedure 33(d), documents from which
3  information responsive to this Interrogatory may be derived or ascertained may be
4  found in TP-Link's forthcoming document production.

5

6  **INTERROGATORY NO. 12:**

7       State every documented instance in which YOU refused to honor YOUR
8  warranty on one of YOUR products because that product had been purchased by the
9  customer on the Amazon Marketplace from someone other than one of YOUR
10  authorized re-sellers.

11  **RESPONSE INTERROGATORY NO. 12:**

12       TP-Link incorporates by reference herein its General Statement and Objections
13  stated above.  TP-Link objects to this Interrogatory as overbroad, unduly burdensome,
14  and seeking information irrelevant to the claims and defenses asserted in this case
15  and/or are not proportional to the needs of the case.  TP-Link objects to this
16  Interrogatory to the extent it seeks information protected from disclosure by the
17  attorney-client privilege, the attorney work product doctrine, and/or other applicable
18  privileges or immunities.

19       TP-Link's response to this Interrogatory is based on information currently
20  known to TP-Link through its reasonable investigation thus far, and is subject to
21  amendment and/or supplementation.  By providing this response, TP-Link does not,
22  and does not intend to, waive its right to rely on evidence or information that is
23  subsequently discovered through TP-Link's continuing investigation and/or included
24  in an amended or supplemental response.  TP-Link expressly reserves all rights to
25  supplement, revise, and/or amend this response.

26       TP-Link further objects to this Interrogatory as vague, ambiguous, overbroad,
27  and unduly burdensome, especially with regard to the phrases and terms "State every

28

documented instance" and "refused to honor."  TP-Link objects to Plaintiff's definition of "YOU" to the extent that Plaintiff seeks to compel TP-Link to collect or produce information, communications, or documents from parties from whom TP-Link has no right or obligation to collect information or documents.  TP-Link further objects to the definition of the term "YOU" as being vague, overbroad, and unduly burdensome to the extent that Plaintiff purports to impose discovery obligations on any person who is not a party to this litigation.   TP-Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive.   TP-Link responds to this Interrogatory on behalf of itself alone, and no other entity.

Subject to the foregoing specific and General objections, TP-Link responds as follows:

TP-Link's policy is that it does not provide the original manufacturer's warranty and service to customers who purchase from unauthorized sellers.  Even prior to 2018, TP-Link's policy consistently stated that the original manufacturer's warranty is only valid for products sold by TP-Link or its authorized resellers.

Pursuant to Federal Rule of Civil Procedure 33(d), documents with examples from which information responsive to this Interrogatory may be derived or ascertained may be found in TP-Link's forthcoming document production.

**INTERROGATORY NO. 13:**

IDENTIFY all DOCUMENTS that constituted YOUR policies, procedures, or practices, if any, for responding to a COMMUNICATION from sellers on the Amazon Marketplace that are the subject of complaints lodged by YOU or on YOUR behalf with Amazon.

**RESPONSE INTERROGATORY NO. 13:**

TP-Link incorporates by reference herein its General Statement and Objections

stated above.  TP-Link objects to this Interrogatory as overbroad, unduly burdensome, and seeking information irrelevant to the claims and defenses asserted in this case and/or are not proportional to the needs of the case.   TP-Link objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges or immunities.

TP-Link's response to this Interrogatory is based on information currently known to TP-Link through its reasonable investigation thus far, and is subject to amendment and/or supplementation.  By providing this response, TP-Link does not, and does not intend to, waive its right to rely on evidence or information that is subsequently discovered through TP-Link's continuing investigation and/or included in an amended or supplemental response.  TP-Link expressly reserves all rights to supplement, revise, and/or amend this response.

TP-Link further objects to this Interrogatory as vague, ambiguous, overbroad, and unduly burdensome, especially with regard to the phrases and terms "IDENTIFY all DOCUMENTS."  TP-Link objects to Plaintiff's definition of "YOU" to the extent that Plaintiff seeks to compel TP-Link to collect or produce information, communications, or documents from parties from whom TP-Link has no right or obligation to collect information or documents.   TP-Link further objects to the definition of the term "YOU" as being vague, overbroad, and unduly burdensome to the extent that Plaintiff purports to impose discovery obligations on any person who is not a party to this litigation.   TP-Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive.   TP-Link responds to this Interrogatory on behalf of itself alone, and no other entity.

Subject to the foregoing specific and General objections, TP-Link responds as follows:  this request is outside the scope of discovery.  *See* Discovery Order (ECF No.

TP-LINK'S SUPPLEMENTAL RESPONSES TO THIMES'S FIRST SET OF INTERROGATORIES (NOS. 1-25)

191).  TP-Link will not provide a response.

**INTERROGATORY NO. 14:**

IDENTIFY all DOCUMENTS that constituted YOUR policies, procedures, or practices, if any, concerning the resale of TP-Link branded wireless router products by sellers outside of YOUR authorized distribution channels.

**RESPONSE INTERROGATORY NO. 14:**

TP-Link incorporates by reference herein its General Statement and Objections stated above.  TP-Link objects to this Interrogatory as overbroad, unduly burdensome, and seeking information irrelevant to the claims and defenses asserted in this case and/or are not proportional to the needs of the case.   TP-Link objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges or immunities.

TP-Link's response to this Interrogatory is based on information currently known to TP-Link through its reasonable investigation thus far, and is subject to amendment and/or supplementation.  By providing this response, TP-Link does not, and does not intend to, waive its right to rely on evidence or information that is subsequently discovered through TP-Link's continuing investigation and/or included in an amended or supplemental response.  TP-Link expressly reserves all rights to supplement, revise, and/or amend this response.

TP-Link further objects to this Interrogatory as vague, ambiguous, overbroad, and unduly burdensome, especially with regard to the phrases and terms "IDENTIFY all DOCUMENTS" and "by sellers outside of YOUR authorized distribution channels."  TP-Link objects to Plaintiff's definition of "YOU" to the extent that Plaintiff seeks to compel TP-Link to collect or produce information, communications, or documents from parties from whom TP-Link has no right or obligation to collect

information or documents.  TP-Link further objects to the definition of the term "YOU" as being vague, overbroad, and unduly burdensome to the extent that Plaintiff purports to impose discovery obligations on any person who is not a party to this litigation.  TP-Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive.  TP-Link responds to this Interrogatory on behalf of itself alone, and no other entity.

Subject to the foregoing specific and General objections, TP-Link responds as follows:  this request is outside the scope of discovery.  *See* Discovery Order (ECF No. 191).  TP-Link will not provide a response.

**INTERROGATORY NO. 15:**

If YOU contend that YOU are not liable under Thimes's first cause of action, then DESCRIBE all facts that support that contention.

**RESPONSE INTERROGATORY NO. 15:**

TP-Link incorporates by reference herein its General Statement and Objections stated above.  TP-Link objects to this Interrogatory as overbroad, unduly burdensome, and seeking information irrelevant to the claims and defenses asserted in this case and/or are not proportional to the needs of the case.  TP-Link objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges or immunities.

TP-Link's response to this Interrogatory is based on information currently known to TP-Link through its reasonable investigation thus far, and is subject to amendment and/or supplementation.  By providing this response, TP-Link does not, and does not intend to, waive its right to rely on evidence or information that is subsequently discovered through TP-Link's continuing investigation and/or included

TP-LINK'S SUPPLEMENTAL RESPONSES TO THIMES'S FIRST SET OF INTERROGATORIES (NOS. 1-25)

in an amended or supplemental response.  TP-Link expressly reserves all rights to supplement, revise, and/or amend this response.

TP-Link further objects to this Interrogatory as vague, ambiguous, overbroad, and unduly burdensome, especially with regard to the phrases and terms "DESCRIBE all facts."  TP-Link objects to Plaintiff's definition of "YOU" to the extent that Plaintiff seeks to compel TP-Link to collect or produce information, communications, or documents from parties from whom TP-Link has no right or obligation to collect information or documents.  TP-Link further objects to the definition of the term "YOU" as being vague, overbroad, and unduly burdensome to the extent that Plaintiff purports to impose discovery obligations on any person who is not a party to this litigation.  TP-Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive.  TP-Link responds to this Interrogatory on behalf of itself alone, and no other entity.

TP-Link further objects to this contention Interrogatory as premature.  The Advisory Committee Notes accompanying Rule 33(c) of the Federal Rules of Civil Procedure recognize that contention interrogatories are often "best resolved after much or all of the other discovery has been completed." Fed. R. Civ. P. 33(c) (subdivision (b) of advisory committee note to 1970 amendment).  *Nestle Food Corp. v. Aetna Casualty and Surety Co.*, 135 F.R.D. 101, 110-11 (D.N.J. 1990) (contention interrogatories are more appropriate after a substantial amount of discovery has been conducted).  Discovery is ongoing and, to date, a substantial amount of discovery has not been conducted.

TP-Link objects to this Interrogatory as premature to the extent is seeks expert opinions before the appropriate deadlines or to the extent that it calls for a legal conclusion.

Subject to the foregoing specific and General objections, TP-Link responds as

TP-LINK'S SUPPLEMENTAL RESPONSES TO THIMES'S FIRST SET OF INTERROGATORIES (NOS. 1-25)

follows:

Thimes is not an authorized reseller of TP-Link products.  TP-Link's policy is that it does not provide the original manufacturer's warranty and service to customers who purchase from unauthorized sellers.  As such, TP-Link had a good faith belief that Thimes's listings violated its intellectual property rights and that use of the Amazon marketplace listing for such unauthorized sales was contrary to law.

Thimes has never confirmed that it informed its customers that it was not authorized to sell TP-Link products and that the TP-Link products sold by Thimes did not convey with the same benefits as purchasing from an authorized reseller.

Thimes states that "Amazon regards complaints as to sellers with high sales volumes as warranting heightened scrutiny and discipline."  ECF No. 1 (Thimes's Original Complaint), ¶ 68.

Prevagen and 3PM Shield, LLC (and likely others) also lodged numerous complaints against Thimes, including after any supposed complaints related to Thimes's sales of TP-Link's products.  *See, e.g.*, ECF No. 1, ¶ 95:

95.  The most recent of the subject accusations are as follows:

- TP-Link filed its 27th counterfeiting complaint on June 21, 2018;
- Prevagen filed its fourth counterfeiting complaint on June 23, 2018; and
- 3PM filed its complaint on August 22, 2018.

Thimes states that "3PM [Shield, LLC] played a critical role in Plaintiff's final expulsion from the Amazon Marketplace.  It was 'the straw that broke the camel's back' just prior to Plaintiff's non-appealable expulsion on August 27, 2018."  ECF No. 1, ¶ 70.  According to Thimes, it was "Amazon's algorithmic surveil [that] caused Plaintiff's permanent expulsion (without appeal rights) from the Amazon Marketplace on August 27, 2018."  ECF No. 178, ¶ 47.

**INTERROGATORY NO. 16:**

If YOU contend that YOU are not liable under Thimes's second cause of action, then DESCRIBE all facts that support that contention.

**RESPONSE INTERROGATORY NO. 16:**

TP-Link incorporates by reference herein its General Statement and Objections stated above.  TP-Link objects to this Interrogatory as overbroad, unduly burdensome, and seeking information irrelevant to the claims and defenses asserted in this case and/or are not proportional to the needs of the case.   TP-Link objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges or immunities.

TP-Link's response to this Interrogatory is based on information currently known to TP-Link through its reasonable investigation thus far, and is subject to amendment and/or supplementation.  By providing this response, TP-Link does not, and does not intend to, waive its right to rely on evidence or information that is subsequently discovered through TP-Link's continuing investigation and/or included in an amended or supplemental response.  TP-Link expressly reserves all rights to supplement, revise, and/or amend this response.

TP-Link further objects to this Interrogatory as vague, ambiguous, overbroad, and unduly burdensome, especially with regard to the phrases and terms "DESCRIBE all facts."  TP-Link objects to Plaintiff's definition of "YOU" to the extent that Plaintiff seeks to compel TP-Link to collect or produce information, communications, or documents from parties from whom TP-Link has no right or obligation to collect information or documents.  TP-Link further objects to the definition of the term "YOU" as being vague, overbroad, and unduly burdensome to the extent that Plaintiff purports to impose discovery obligations on any person who is not a party to this litigation.  TP-Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and

overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive.  TP-Link responds to this Interrogatory on behalf of itself alone, and no other entity.

TP-Link further objects to this contention Interrogatory as premature.  The Advisory Committee Notes accompanying Rule 33(c) of the Federal Rules of Civil Procedure recognize that contention interrogatories are often "best resolved after much or all of the other discovery has been completed." Fed. R. Civ. P. 33(c) (subdivision (b) of advisory committee note to 1970 amendment).  *Nestle Food Corp. v. Aetna Casualty and Surety Co.*, 135 F.R.D. 101, 110-11 (D.N.J. 1990) (contention interrogatories are more appropriate after a substantial amount of discovery has been conducted).  Discovery is ongoing and, to date, a substantial amount of discovery has not been conducted.

TP-Link objects to this Interrogatory as premature to the extent is seeks expert opinions before the appropriate deadlines or to the extent that it calls for a legal conclusion.

Subject to the foregoing specific and General objections, TP-Link responds as follows:

Thimes is not an authorized reseller of TP-Link products.  TP-Link's policy is that it does not provide the original manufacturer's warranty and service to customers who purchase from unauthorized sellers.  As such, TP-Link had a good faith belief that Thimes's listings violated its intellectual property rights and that use of the Amazon marketplace listing for such unauthorized sales was contrary to law.

Thimes has never confirmed that it informed its customers that it was not authorized to sell TP-Link products and that the TP-Link products sold by Thimes did not convey with the same benefits as purchasing from an authorized reseller.

Thimes states that "Amazon regards complaints as to sellers with high sales volumes as warranting heightened scrutiny and discipline."  ECF No. 1 (Thimes's

Original Complaint), ¶ 68.

Prevagen and 3PM Shield, LLC (and likely others) also lodged numerous complaints against Thimes, including after any supposed complaints related to Thimes's sales of TP-Link's products. *See, e.g.*, ECF No. 1, ¶ 95:

> 95.  The most recent of the subject accusations are as follows:
>
> - TP-Link filed its 27th counterfeiting complaint on June 21, 2018;
> - Prevagen filed its fourth counterfeiting complaint on June 23, 2018; and
> - 3PM filed its complaint on August 22, 2018.

Thimes states that "3PM [Shield, LLC] played a critical role in Plaintiff's final expulsion from the Amazon Marketplace.  It was 'the straw that broke the camel's back' just prior to Plaintiff's non-appealable expulsion on August 27, 2018." ECF No. 1, ¶ 70.  According to Thimes, it was "Amazon's algorithmic surveil [that] caused Plaintiff's permanent expulsion (without appeal rights) from the Amazon Marketplace on August 27, 2018." ECF No. 178, ¶ 47.

**INTERROGATORY NO. 17:**

DESCRIBE all facts that support each of the affirmative defenses listed in YOUR answer filed with the Court on May 27, 2022 (ECF No. 175).

**RESPONSE INTERROGATORY NO. 17:**

TP-Link incorporates by reference herein its General Statement and Objections stated above.  TP-Link objects to this Interrogatory as overbroad, unduly burdensome, and seeking information irrelevant to the claims and defenses asserted in this case and/or are not proportional to the needs of the case.   TP-Link objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges or immunities.

TP-Link's response to this Interrogatory is based on information currently known to TP-Link through its reasonable investigation thus far, and is subject to amendment and/or supplementation.  By providing this response, TP-Link does not, and does not intend to, waive its right to rely on evidence or information that is subsequently discovered through TP-Link's continuing investigation and/or included in an amended or supplemental response.  TP-Link expressly reserves all rights to supplement, revise, and/or amend this response.

TP-Link further objects to this Interrogatory as vague, ambiguous, overbroad, and unduly burdensome, especially with regard to the phrases and terms "DESCRIBE all facts."  TP-Link also objects to this Interrogatory on the grounds that it seeks information which is not currently in the possession, custody or control of TP-Link and is within the possession, custody or control of others, including Thimes and Amazon. TP-Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive.  TP-Link responds to this Interrogatory on behalf of itself alone, and no other entity.

TP-Link further objects to this Interrogatory because it is compound and, counting each discrete subpart, constitutes multiple Interrogatories.

TP-Link objects to this Interrogatory as premature to the extent is seeks expert opinions before the appropriate deadlines or to the extent that it calls for a legal conclusion.

Subject to the foregoing specific and General objections, TP-Link responds as follows:

Discovery is ongoing.  As one example, the amended Fifth Amended Complaint fails to state a claim upon which relief can be granted as Thimes's claims are barred in whole or in part because any statements, as alleged by Thimes, were not directed at consumers.

As another example, Thimes is not an authorized reseller of TP-Link products. TP-Link's policy is that it does not provide the original manufacturer's warranty and service to customers who purchase from unauthorized sellers. As such, TP-Link had a good faith belief that Thimes's listings violated its intellectual property rights and that use of the Amazon marketplace listing for such unauthorized sales was contrary to law.

Thimes has never confirmed that it informed its customers that it was not authorized to sell TP-Link products and that the TP-Link products sold by Thimes did not convey with the same benefits as purchasing from an authorized reseller.

Both Amazon and Thimes received numerous intellectual property complaints from other non-parties concerning Thimes. *See, e.g.*, ECF No. 1, ¶¶ 40-54 (detailing Prevagen's complaints to both Amazon and Thimes that Thimes was selling counterfeit products); *id*. at ¶¶ 55-72 (detailing 3PM Shield, LLC complaints to Amazon that Thimes was selling products that infringed on other's intellectual property rights). Thimes has unclean hands, is barred by estoppel, as well as Thimes's supposed injuries or damages were directly and proximately caused and contributed to by Thimes's own misconduct.

**INTERROGATORY NO. 18:**

DESCRIBE all facts that support the allegations in paragraph 5 of YOUR counterclaim concerning "Thimes's unauthorized incorporation and infringing use of the TP-LINK® Mark in connection with the sale and advertising of networking products, including routers."

**RESPONSE INTERROGATORY NO. 18:**

TP-Link incorporates by reference herein its General Statement and Objections stated above. TP-Link objects to this Interrogatory as overbroad, unduly burdensome, and seeking information irrelevant to the claims and defenses asserted in this case and/or are not proportional to the needs of the case. TP-Link objects to this Interrogatory to the extent it seeks information protected from disclosure by the

attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges or immunities.

TP-Link's response to this Interrogatory is based on information currently known to TP-Link through its reasonable investigation thus far, and is subject to amendment and/or supplementation. By providing this response, TP-Link does not, and does not intend to, waive its right to rely on evidence or information that is subsequently discovered through TP-Link's continuing investigation and/or included in an amended or supplemental response. TP-Link expressly reserves all rights to supplement, revise, and/or amend this response.

TP-Link further objects to this Interrogatory as vague, ambiguous, overbroad, and unduly burdensome, especially with regard to the phrases and terms "DESCRIBE all facts." TP-Link also objects to this Interrogatory on the grounds that it seeks information which is not currently in the possession, custody or control of TP-Link and is within the possession, custody or control of others, including Thimes and Amazon. TP-Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive. TP-Link responds to this Interrogatory on behalf of itself alone, and no other entity.

TP-Link objects to this Interrogatory as premature to the extent is seeks expert opinions before the appropriate deadlines or to the extent that it calls for a legal conclusion.

Subject to the foregoing specific and General objections, TP-Link responds as follows:

Thimes is not an authorized reseller of TP-Link products. TP-Link's policy is that it does not provide the original manufacturer's warranty and service to customers who purchase from unauthorized sellers. As such, TP-Link had a good faith belief that Thimes's listings violated its intellectual property rights and that use of the Amazon

TP-LINK'S SUPPLEMENTAL RESPONSES TO THIMES'S FIRST SET OF INTERROGATORIES (NOS. 1-25)

marketplace listing for such unauthorized sales was contrary to law.

Thimes has never confirmed that it informed its customers that it was not authorized to sell TP-Link products and that the TP-Link products sold by Thimes did not convey with the same benefits as purchasing from an authorized reseller.

Additionally, Thimes was selling TP-Link products on Amazon as "New." This is violation of Amazon's Seller's Condition Guidelines, which define a "New" product as follows: "Just like it sounds. A brand-new item. **Original manufacturer's warranty**, if any, still applies, with warranty details included in the listing comments." (Emphasis added).

Thimes states that it "became a third-party seller on Amazon in 2016." ECF No. 178, ¶ 6. Thimes claims that "[o]n January 8, 2018 Plaintiff purchased 360 TP-Link AC5400 Routers []. Plaintiff has possession of approximately 100 of these items to date. [] Amazon continues to hold a number of Plaintiff's TP-Link AC5400 Routers." Amazon typically has one product listing page. Thimes has never denied that it used TP-Link's product page for the unauthorized listing and sales of the TP-Link AC5400 Routers. Thimes has never confirmed that it informed its customers that it was not authorized to sell TP-Link products and that the TP-Link products sold by Thimes did not convey with the same benefits as purchasing from an authorized reseller. Thimes has never denied that it sold TP-Link AC5400 Routers to unsuspecting customers.

Moreover, Thimes sold at least nine different product models and over 400 units of TP-Link products. *See* Bates No. THIMES00001. Thimes has never denied that it used TP-Link's product pages (or similar) for the unauthorized listing and sales of TP-Link products.

**INTERROGATORY NO. 19:**

DESCRIBE each instance where "Thimes's conduct has created a likelihood of substantial confusion among consumers as to the source or origin of TP-Link products

and deceived consumers into thinking that Thimes is affiliated with, sponsored by, or endorsed by TP-Link," as alleged in paragraph 8 of YOUR counterclaim.

**RESPONSE INTERROGATORY NO. 19:**

TP-Link incorporates by reference herein its General Statement and Objections stated above.  TP-Link objects to this Interrogatory as overbroad, unduly burdensome, and seeking information irrelevant to the claims and defenses asserted in this case and/or are not proportional to the needs of the case.   TP-Link objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges or immunities.

TP-Link's response to this Interrogatory is based on information currently known to TP-Link through its reasonable investigation thus far, and is subject to amendment and/or supplementation.  By providing this response, TP-Link does not, and does not intend to, waive its right to rely on evidence or information that is subsequently discovered through TP-Link's continuing investigation and/or included in an amended or supplemental response.  TP-Link expressly reserves all rights to supplement, revise, and/or amend this response.

TP-Link further objects to this Interrogatory as vague, ambiguous, overbroad, and unduly burdensome, especially with regard to the phrases and terms "DESCRIBE each instance."  TP-Link also objects to this Interrogatory on the grounds that it seeks information which is not currently in the possession, custody or control of TP-Link and is within the possession, custody or control of others, including Thimes and Amazon. TP-Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive.  TP-Link responds to this Interrogatory on behalf of itself alone, and no other entity.

TP-Link objects to this Interrogatory as premature to the extent is seeks expert

opinions before the appropriate deadlines or to the extent that it calls for a legal conclusion.

Subject to the foregoing specific and General objections, TP-Link responds as follows:

Thimes is not an authorized reseller of TP-Link products.  TP-Link's policy is that it does not provide the original manufacturer's warranty and service to customers who purchase from unauthorized sellers.  As such, TP-Link had a good faith belief that Thimes's listings violated its intellectual property rights and that use of the Amazon marketplace listing for such unauthorized sales was contrary to law.

Thimes has never confirmed that it informed its customers that it was not authorized to sell TP-Link products and that the TP-Link products sold by Thimes did not convey with the same benefits as purchasing from an authorized reseller.

Additionally, Thimes was selling TP-Link products on Amazon as "New."  This is violation of Amazon's Seller's Condition Guidelines, which define a "New" product as follows: "Just like it sounds. A brand-new item.  **Original manufacturer's warranty**, if any, still applies, with warranty details included in the listing comments." (Emphasis added).

Thimes states that it "became a third-party seller on Amazon in 2016."  ECF No. 178, ¶ 6.  Thimes claims that "[o]n January 8, 2018 Plaintiff purchased 360 TP-Link AC5400 Routers [].  Plaintiff has possession of approximately 100 of these items to date. [] Amazon continues to hold a number of Plaintiff's TP-Link AC5400 Routers." Amazon typically has one product listing page.  Thimes has never denied that it used TP-Link's product page for the unauthorized listing and sales of the TP-Link AC5400 Routers.  Thimes has never confirmed that it informed its customers that it was not authorized to sell TP-Link products and that the TP-Link products sold by Thimes did not convey with the same benefits as purchasing from an authorized reseller.  Thimes has never denied that it sold TP-Link AC5400 Routers to unsuspecting customers.

Moreover, Thimes sold at least nine different product models and over 400 units of TP-Link products.  *See* Bates No. THIMES00001.   Thimes has never denied that it used TP-Link's product pages (or similar) for the unauthorized listing and sales of TP-Link products.

**INTERROGATORY NO. 20:**

DESCRIBE all facts that support the allegation in paragraph 8 of YOUR counterclaim that "Thimes's actions harm consumers who mistakenly believe that its products convey the manufacturer's original warranty and service when it does not."

**RESPONSE INTERROGATORY NO. 20:**

TP-Link incorporates by reference herein its General Statement and Objections stated above.  TP-Link objects to this Interrogatory as overbroad, unduly burdensome, and seeking information irrelevant to the claims and defenses asserted in this case and/or are not proportional to the needs of the case.   TP-Link objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges or immunities.

TP-Link's response to this Interrogatory is based on information currently known to TP-Link through its reasonable investigation thus far, and is subject to amendment and/or supplementation.  By providing this response, TP-Link does not, and does not intend to, waive its right to rely on evidence or information that is subsequently discovered through TP-Link's continuing investigation and/or included in an amended or supplemental response.  TP-Link expressly reserves all rights to supplement, revise, and/or amend this response.

TP-Link further objects to this Interrogatory as vague, ambiguous, overbroad, and unduly burdensome, especially with regard to the phrases and terms "DESCRIBE all facts."  TP-Link also objects to this Interrogatory on the grounds that it seeks

information which is not currently in the possession, custody or control of TP-Link and is within the possession, custody or control of others, including Thimes and Amazon. TP-Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive.  TP-Link responds to this Interrogatory on behalf of itself alone, and no other entity.

TP-Link objects to this Interrogatory as premature to the extent is seeks expert opinions before the appropriate deadlines or to the extent that it calls for a legal conclusion.

Subject to the foregoing specific and General objections, TP-Link responds as follows:

Thimes is not an authorized reseller of TP-Link products.  TP-Link's policy is that it does not provide the original manufacturer's warranty and service to customers who purchase from unauthorized sellers.  As such, TP-Link had a good faith belief that Thimes's listings violated its intellectual property rights and that use of the Amazon marketplace listing for such unauthorized sales was contrary to law.

Thimes has never confirmed that it informed its customers that it was not authorized to sell TP-Link products and that the TP-Link products sold by Thimes did not convey with the same benefits as purchasing from an authorized reseller.

Additionally, Thimes was selling TP-Link products on Amazon as "New."  This is violation of Amazon's Seller's Condition Guidelines, which define a "New" product as follows: "Just like it sounds. A brand-new item.  **Original manufacturer's warranty**, if any, still applies, with warranty details included in the listing comments." (Emphasis added).

Thimes states that it "became a third-party seller on Amazon in 2016."  ECF No. 178, ¶ 6.  Thimes claims that "[o]n January 8, 2018 Plaintiff purchased 360 TP-Link AC5400 Routers [].  Plaintiff has possession of approximately 100 of these items to

TP-LINK'S SUPPLEMENTAL RESPONSES TO THIMES'S FIRST SET OF INTERROGATORIES (NOS. 1-25)

date. [] Amazon continues to hold a number of Plaintiff's TP-Link AC5400 Routers." Amazon typically has one product listing page.  Thimes has never denied that it used TP-Link's product page for the unauthorized listing and sales of the TP-Link AC5400 Routers.  Thimes has never confirmed that it informed its customers that it was not authorized to sell TP-Link products and that the TP-Link products sold by Thimes did not convey with the same benefits as purchasing from an authorized reseller.  Thimes has never denied that it sold TP-Link AC5400 Routers to unsuspecting customers.

Moreover, Thimes sold at least nine different product models and over 400 units of TP-Link products.  *See* Bates No. THIMES00001.   Thimes has never denied that it used TP-Link's product pages (or similar) for the unauthorized listing and sales of TP-Link products.

**INTERROGATORY NO. 21:**

DESCRIBE each fact concerning the accusations against Avraham "Avi" Eisenberg of "defrauding at least $14 million from investors," as alleged in paragraph 9 of YOUR counterclaim, that YOU contend would establish that Thimes violated the Lanham Act by selling TP-Link branded products.

**RESPONSE INTERROGATORY NO. 21:**

TP-Link incorporates by reference herein its General Statement and Objections stated above.  TP-Link objects to this Interrogatory as overbroad, unduly burdensome, and seeking information irrelevant to the claims and defenses asserted in this case and/or are not proportional to the needs of the case.   TP-Link objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges or immunities.

TP-Link's response to this Interrogatory is based on information currently known to TP-Link through its reasonable investigation thus far, and is subject to

amendment and/or supplementation.  By providing this response, TP-Link does not, and does not intend to, waive its right to rely on evidence or information that is subsequently discovered through TP-Link's continuing investigation and/or included in an amended or supplemental response.  TP-Link expressly reserves all rights to supplement, revise, and/or amend this response.

TP-Link further objects to this Interrogatory as vague, ambiguous, overbroad, and unduly burdensome, especially with regard to the phrases and terms "DESCRIBE each fact."  TP-Link also objects to this Interrogatory on the grounds that it seeks information which is not currently in the possession, custody or control of TP-Link and is within the possession, custody or control of others, including Thimes and Amazon. TP-Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive.  TP-Link responds to this Interrogatory on behalf of itself alone, and no other entity.

TP-Link further objects to this contention Interrogatory as premature.  The Advisory Committee Notes accompanying Rule 33(c) of the Federal Rules of Civil Procedure recognize that contention interrogatories are often "best resolved after much or all of the other discovery has been completed." Fed. R. Civ. P. 33(c) (subdivision (b) of advisory committee note to 1970 amendment).  *Nestle Food Corp. v. Aetna Casualty and Surety Co.*, 135 F.R.D. 101, 110-11 (D.N.J. 1990) (contention interrogatories are more appropriate after a substantial amount of discovery has been conducted).  Discovery is ongoing and, to date, a substantial amount of discovery has not been conducted.

Subject to the foregoing specific and General objections, TP-Link responds as follows:

The accusations against Avraham "Avi" Eisenberg of "defrauding at least $14 million from investors," as alleged in paragraph 9 of the counterclaim, are relevant to

TP-LINK'S SUPPLEMENTAL RESPONSES TO THIMES'S FIRST SET OF INTERROGATORIES (NOS. 1-25)

1  TP-Link's potential damages sustained as a result of Thimes's trademark infringement.
2  The Ninth Circuit permits recovery of actual damages for trademark infringement,
3  including damages for injury to business reputation and loss of goodwill. *Deckers*
4  *Outdoor Corporation v. Ego Shoes Ltd.*, No. CV 20-11351-MWF (Ex), 2021 WL
5  5933111, at \*2 (C.D. Cal. November 19, 2021) (finding plaintiff was entitled to recover
6  damages for injury to its business reputation and loss of goodwill) (citing Model Civ.
7  Jury Instr. 9th Cir. 15.27 (2021) ("recognizing loss of profits and injury to reputation
8  and goodwill as actual damages in a trademark action")).

9       The accusations contained in Paragraph 9 directly relate to and reflect Mr.
10 Eisenberg's       reputation.       Mr.       Eisenberg's       LinkedIn       page
11 (https://www.linkedin.com/in/avraham-eisenberg-1a909b107) informs consumers that
12 he is the Founder and CEO of Thimes Solutions Inc.  Here, Mr. Eisenberg's negative
13 reputation as the Founder and President of Thimes is relevant to the harm to TP-Link's
14 business reputation and loss of goodwill, as Mr. Eisenberg and Thimes affiliated
15 themselves with TP-Link in order to sell TP-Link products.  Mr. Eisenberg's success
16 in absconding with investors' money—certainly issues for which TP-Link does not
17 want to be associated.

18

19 **INTERROGATORY NO. 22:**

20       DESCRIBE all facts that support the allegation in paragraph 21 of YOUR
21 counterclaim that Thimes's listing and selling of goods bearing the TP-LINK® Mark
22 is "unauthorized."

23 **RESPONSE INTERROGATORY NO. 22:**

24       TP-Link incorporates by reference herein its General Statement and Objections
25 stated above.  TP-Link objects to this Interrogatory as overbroad, unduly burdensome,
26 and seeking information irrelevant to the claims and defenses asserted in this case
27 and/or are not proportional to the needs of the case.  TP-Link objects to this

28

Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges or immunities.

TP-Link's response to this Interrogatory is based on information currently known to TP-Link through its reasonable investigation thus far, and is subject to amendment and/or supplementation. By providing this response, TP-Link does not, and does not intend to, waive its right to rely on evidence or information that is subsequently discovered through TP-Link's continuing investigation and/or included in an amended or supplemental response. TP-Link expressly reserves all rights to supplement, revise, and/or amend this response.

TP-Link further objects to this Interrogatory as vague, ambiguous, overbroad, and unduly burdensome, especially with regard to the phrases and terms "DESCRIBE all facts." TP-Link objects to Plaintiff's definition of "YOU" to the extent that Plaintiff seeks to compel TP-Link to collect or produce information, communications, or documents from parties from whom TP-Link has no right or obligation to collect information or documents. TP-Link further objects to the definition of the term "YOU" as being vague, overbroad, and unduly burdensome to the extent that Plaintiff purports to impose discovery obligations on any person who is not a party to this litigation. TP-Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive. TP-Link responds to this Interrogatory on behalf of itself alone, and no other entity.

Subject to the foregoing specific and General objections, TP-Link responds as follows:

Thimes is not an authorized reseller of TP-Link products. TP-Link's policy is that it does not provide the original manufacturer's warranty and service to customers who purchase from unauthorized sellers. As such, TP-Link had a good faith belief that

1  Thimes's listings violated its intellectual property rights and that use of the Amazon
2  marketplace listing for such unauthorized sales was contrary to law.

3  Thimes has never confirmed that it informed its customers that it was not
4  authorized to sell TP-Link products and that the TP-Link products sold by Thimes did
5  not convey with the same benefits as purchasing from an authorized reseller.

6  Additionally, Thimes was selling TP-Link products on Amazon as "New." This
7  is violation of Amazon's Seller's Condition Guidelines, which define a "New" product
8  as follows: "Just like it sounds. A brand-new item.  **Original manufacturer's**
9  **warranty**, if any, still applies, with warranty details included in the listing comments."
10 (Emphasis added).

11 **INTERROGATORY NO. 23:**

12 DESCRIBE all facts that support the allegation in paragraph 23 of YOUR
13 counterclaim that "Thimes's use and incorporation of the TP-LINK® Mark is likely to
14 cause confusion, mistake or deception in the minds of consumers."

15 **RESPONSE INTERROGATORY NO. 23:**

16 TP-Link incorporates by reference herein its General Statement and Objections
17 stated above.  TP-Link objects to this Interrogatory as overbroad, unduly burdensome,
18 and seeking information irrelevant to the claims and defenses asserted in this case
19 and/or are not proportional to the needs of the case.   TP-Link objects to this
20 Interrogatory to the extent it seeks information protected from disclosure by the
21 attorney-client privilege, the attorney work product doctrine, and/or other applicable
22 privileges or immunities.

23 TP-Link's response to this Interrogatory is based on information currently
24 known to TP-Link through its reasonable investigation thus far, and is subject to
25 amendment and/or supplementation.  By providing this response, TP-Link does not,
26 and does not intend to, waive its right to rely on evidence or information that is
27 subsequently discovered through TP-Link's continuing investigation and/or included

28

TP-LINK'S SUPPLEMENTAL RESPONSES TO THIMES'S FIRST SET OF INTERROGATORIES (NOS. 1-25)

in an amended or supplemental response.  TP-Link expressly reserves all rights to supplement, revise, and/or amend this response.

TP-Link further objects to this Interrogatory as vague, ambiguous, overbroad, and unduly burdensome, especially with regard to the phrases and terms "DESCRIBE all facts."  TP-Link also objects to this Interrogatory on the grounds that it seeks information which is not currently in the possession, custody or control of TP-Link and is within the possession, custody or control of others, including Thimes and Amazon. TP-Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive.  TP-Link responds to this Interrogatory on behalf of itself alone, and no other entity.

TP-Link objects to this Interrogatory as premature to the extent is seeks expert opinions before the appropriate deadlines or to the extent that it calls for a legal conclusion.

Subject to the foregoing specific and General objections, TP-Link responds as follows:

Thimes is not an authorized reseller of TP-Link products.  TP-Link's policy is that it does not provide the original manufacturer's warranty and service to customers who purchase from unauthorized sellers.  As such, TP-Link had a good faith belief that Thimes's listings violated its intellectual property rights and that use of the Amazon marketplace listing for such unauthorized sales was contrary to law.

Thimes has never confirmed that it informed its customers that it was not authorized to sell TP-Link products and that the TP-Link products sold by Thimes did not convey with the same benefits as purchasing from an authorized reseller.

Additionally, Thimes was selling TP-Link products on Amazon as "New."  This is violation of Amazon's Seller's Condition Guidelines, which define a "New" product as follows: "Just like it sounds. A brand-new item. **Original manufacturer's**

1  **warranty**, if any, still applies, with warranty details included in the listing comments."
2  (Emphasis added).

3  　　Thimes states that it "became a third-party seller on Amazon in 2016." ECF No.
4  178, ¶ 6. Thimes claims that "[o]n January 8, 2018 Plaintiff purchased 360 TP-Link
5  AC5400 Routers []. Plaintiff has possession of approximately 100 of these items to
6  date. [] Amazon continues to hold a number of Plaintiff's TP-Link AC5400 Routers."
7  Amazon typically has one product listing page. Thimes has never denied that it used
8  TP-Link's product page for the unauthorized listing and sales of the TP-Link AC5400
9  Routers. Thimes has never confirmed that it informed its customers that it was not
10  authorized to sell TP-Link products and that the TP-Link products sold by Thimes did
11  not convey with the same benefits as purchasing from an authorized reseller. Thimes
12  has never denied that it sold TP-Link AC5400 Routers to unsuspecting customers.

13  　　Moreover, Thimes sold at least nine different product models and over 400 units
14  of TP-Link products. *See* Bates No. THIMES00001. Thimes has never denied that it
15  used TP-Link's product pages (or similar) for the unauthorized listing and sales of TP-
16  Link products.

17

18  **INTERROGATORY NO. 24:**

19  　　If YOU contend that Thimes is liable under YOUR counterclaim, then
20  DESCRIBE all facts that support that contention.

21  **RESPONSE INTERROGATORY NO. 24:**

22  　　TP-Link incorporates by reference herein its General Statement and Objections
23  stated above. TP-Link objects to this Interrogatory as overbroad, unduly burdensome,
24  and seeking information irrelevant to the claims and defenses asserted in this case
25  and/or are not proportional to the needs of the case. TP-Link objects to this
26  Interrogatory to the extent it seeks information protected from disclosure by the
27  attorney-client privilege, the attorney work product doctrine, and/or other applicable
28

1 privileges or immunities.

2     TP-Link's response to this Interrogatory is based on information currently
3 known to TP-Link through its reasonable investigation thus far, and is subject to
4 amendment and/or supplementation.  By providing this response, TP-Link does not,
5 and does not intend to, waive its right to rely on evidence or information that is
6 subsequently discovered through TP-Link's continuing investigation and/or included
7 in an amended or supplemental response.  TP-Link expressly reserves all rights to
8 supplement, revise, and/or amend this response.

9     TP-Link further objects to this Interrogatory as vague, ambiguous, overbroad,
10 and unduly burdensome, especially with regard to the phrases and terms "DESCRIBE
11 all facts."  TP-Link also objects to this Interrogatory on the grounds that it seeks
12 information which is not currently in the possession, custody or control of TP-Link and
13 is within the possession, custody or control of others, including Thimes and Amazon.
14 TP-Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and
15 overbroad, and renders any related requests unduly burdensome, unreasonable, and
16 oppressive.  TP-Link responds to this Interrogatory on behalf of itself alone, and no
17 other entity.

18     TP-Link further objects to this contention Interrogatory as premature.  The
19 Advisory Committee Notes accompanying Rule 33(c) of the Federal Rules of Civil
20 Procedure recognize that contention interrogatories are often "best resolved after much
21 or all of the other discovery has been completed." Fed. R. Civ. P. 33(c) (subdivision
22 (b) of advisory committee note to 1970 amendment).  *Nestle Food Corp. v. Aetna
23 Casualty and Surety Co.*, 135 F.R.D. 101, 110-11 (D.N.J. 1990) (contention
24 interrogatories are more appropriate after a substantial amount of discovery has been
25 conducted).  Discovery is ongoing and, to date, a substantial amount of discovery has
26 not been conducted.

27     TP-Link objects to this Interrogatory as premature to the extent is seeks expert
28

opinions before the appropriate deadlines or to the extent that it calls for a legal conclusion.

Subject to the foregoing specific and General objections, TP-Link responds as follows:

Thimes is not an authorized reseller of TP-Link products.  TP-Link's policy is that it does not provide the original manufacturer's warranty and service to customers who purchase from unauthorized sellers.  As such, TP-Link had a good faith belief that Thimes's listings violated its intellectual property rights and that use of the Amazon marketplace listing for such unauthorized sales was contrary to law.

Thimes has never confirmed that it informed its customers that it was not authorized to sell TP-Link products and that the TP-Link products sold by Thimes did not convey with the same benefits as purchasing from an authorized reseller.

Additionally, Thimes was selling TP-Link products on Amazon as "New."  This is violation of Amazon's Seller's Condition Guidelines, which define a "New" product as follows: "Just like it sounds. A brand-new item.  **Original manufacturer's warranty**, if any, still applies, with warranty details included in the listing comments." (Emphasis added).


**INTERROGATORY NO. 25:**

If YOU contend that Thimes is liable under YOUR counterclaim, then DESCRIBE all facts that demonstrate or quantify the financial harm that YOU suffered from such trademark infringement.

**RESPONSE INTERROGATORY NO. 25:**

TP-Link incorporates by reference herein its General Statement and Objections stated above.  TP-Link objects to this Interrogatory as overbroad, unduly burdensome, and seeking information irrelevant to the claims and defenses asserted in this case and/or are not proportional to the needs of the case.  TP-Link objects to this

Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges or immunities.

TP-Link's response to this Interrogatory is based on information currently known to TP-Link through its reasonable investigation thus far, and is subject to amendment and/or supplementation.  By providing this response, TP-Link does not, and does not intend to, waive its right to rely on evidence or information that is subsequently discovered through TP-Link's continuing investigation and/or included in an amended or supplemental response.  TP-Link expressly reserves all rights to supplement, revise, and/or amend this response.

TP-Link further objects to this Interrogatory as vague, ambiguous, overbroad, and unduly burdensome, especially with regard to the phrases and terms "DESCRIBE all facts."  TP-Link also objects to this Interrogatory on the grounds that it seeks information which is not currently in the possession, custody or control of TP-Link and is within the possession, custody or control of others, including Thimes and Amazon. TP-Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive.  TP-Link responds to this Interrogatory on behalf of itself alone, and no other entity.

TP-Link further objects to this contention Interrogatory as premature.  The Advisory Committee Notes accompanying Rule 33(c) of the Federal Rules of Civil Procedure recognize that contention interrogatories are often "best resolved after much or all of the other discovery has been completed." Fed. R. Civ. P. 33(c) (subdivision (b) of advisory committee note to 1970 amendment).  *Nestle Food Corp. v. Aetna Casualty and Surety Co*., 135 F.R.D. 101, 110-11 (D.N.J. 1990) (contention interrogatories are more appropriate after a substantial amount of discovery has been conducted).  Discovery is ongoing and, to date, a substantial amount of discovery has

TP-LINK'S SUPPLEMENTAL RESPONSES TO THIMES'S FIRST SET OF INTERROGATORIES (NOS. 1-25)

1  not been conducted.

2      TP-Link objects to this Interrogatory as premature to the extent is seeks expert

3  opinions before the appropriate deadlines or to the extent that it calls for a legal

4  conclusion.

5      Subject to the foregoing specific and General objections, TP-Link responds as

6  follows:

7      Discovery is ongoing.  As an example, TP-Link is entitled to at least the

8  disgorgement of Thimes's profits from any sales of TP-Link products or statutory

9  damages for trademark counterfeiting, as well as treble damages and attorneys' fees

10  for Thimes's intentional and willful infringement.

11

12  Dated: July 29, 2022

                        LTL ATTORNEYS LLP

14                    By:  */s/ Heather F. Auyang*

Joedat H. Tuffaha

15                         Prashanth Chennakesavan

16                         Heather F. Auyang

Patice A. Gore

17

18                         *Attorneys for Defendant and*

19                         *Counterclaimant TP-Link USA*

*Corp.*

20

21

22

23

24

25

26

27

28

TP-LINK'S SUPPLEMENTAL RESPONSES TO THIMES'S FIRST SET OF INTERROGATORIES (NOS. 1-25)

## **VERIFICATION**

I, Antoine Liu, declare and affirm as follows:

1.        I am the Senior Product Strategy Manager of TP-Link USA Corporation ("TP-Link") and am duly authorized to verify TP-Link's Supplemental Responses to Thimes's First Set of Interrogatories ("TP-Link's Responses").

2.        I have read TP-Link's Responses and am aware of their contents.

3.        To the best of my knowledge, information, and belief, based on reasonable inquiry, the foregoing Responses are true and correct.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on July 29, 2022.

*Antoine Liu*
Antoine Liu (Jul 29, 2022 16:05 PDT)

## PROOF OF SERVICE

I am employed in the County of Los Angeles State of California.  I am over the age of eighteen years and not a party to this action.  My business address is 300 South Grand Ave., 14th Floor, Los Angeles, CA 90071.

On **July 29, 2022**, I served the following document(s) described as:

**TP-LINK USA CORPORATION'S SUPPLEMENTAL RESPONSES TO THIMES SOLUTIONS, INC.'S FIRST SET OF INTERROGATORIES (Nos. 1-25) AND VERIFICATION**

on the interested parties in this action.

| | |
|---|---|
| Randolph Gaw<br>Mark Poe<br>Victor Meng<br>**GAW \| POE LLP**<br>4 Embarcadero Center, Suite 1400<br>San Francisco, CA 94111<br>E-mail: rgaw@gawpoe.com<br>  mpoe@gawpoe.com<br>  vmeng@gawpoe.com | Attorneys for Plaintiff and Counter-Defendant Thimes Solutions Inc. |
| Mark Schlachet<br>**Law Offices of Mark Schlachet**<br>43 West 43d Street, Suite 220<br>New York, New York 10036<br>E-mail: markschlachet@me.com | |
| Joshua A. Waldman<br>M. Michelle Rohani,<br>**Burkhalter Kessler Clement & George LLP**<br>2020 Main Street, Suite 600<br>Irvine, CA 92614<br>E-mail: jwaldman@bkcglaw.com<br>  mrohani@bkcglaw.com | Attorneys for Defendant Auction Brothers, Inc d/b/a Amazzia |
| Chris Frost<br>Ashley Morris<br>**WEINBERG GONSER FROST LLP**<br>10866 Wilshire Boulevard, Suite 1650<br>Los Angeles, California 90024<br>E-Mail: chris@wgfcounsel.com<br>  ashley@wgfcounsel.com | |

1

[ ]    **BY MAIL** I placed such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]    **BY ELECTRONIC MAIL** I transmitted the above-listed document(s) to the e-mail address(es) set forth above on this date.

Executed on **July 29, 2022**, at Los Angeles, California.

[X]    (Federal)     I declare under penalty of perjury under the laws of the United States that the above is true and correct.

_____          _____
              Erika Santoyo                                             Signature
              Print Name