1  LTL ATTORNEYS LLP
2  Joe H. Tuffaha (SBN 253723)
     joe.tuffaha@ltlattorneys.com
3  Prashanth Chennakesavan (SBN 284022)
     prashanth.chennakesavan@ltlattorneys.com
4  Heather F. Auyang (SBN 191776)
5    heather.auyang@ltlattorneys.com
6  Patice A. Gore (SBN 258776)
     patice.gore@ltlattorneys.com
7  300 South Grand Ave., 14th Floor
8  Los Angeles, CA 90071
   Tel:  (213) 612-8900
9  Fax:  (213) 612-3773

10
   Attorneys for Defendant and
11 Counterclaimant TP-Link USA Corporation

12              UNITED STATES DISTRICT COURT
13              CENTRAL DISTRICT OF CALIFORNIA

14                   WESTERN DIVISION

15
   THIMES SOLUTIONS INC.,              CASE NO.: 2:19-cv-10374-SB-E
16
17              Plaintiff,             **DISCOVERY MATTER**

18         v.                          **DECLARATION OF HEATHER F.
19                                     AUYANG IN SUPPORT OF TP-
   TP-LINK USA CORPORATION, and        LINK'S OPPOSITION TO
20 AUCTION BROTHERS, INC. d/b/a         THIMES'S MOTION TO COMPEL
21 AMAZZIA,                             FURTHER RESPONSES TO
                                        INTERROGATORY NOS. 1 AND 3**
22              Defendants.
23

24
   TP-LINK USA CORPORATION,
25
26              Counterclaimant,

27         v.
28

AUYANG DECLARATION ISO TP-LINK USA'S OPPOSITION TO MOTION TO COMPEL

1   THIMES SOLUTIONS INC.,

2           Counter-Defendant.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF HEATHER F. AUYANG

I, Heather F. Auyang, hereby declare and state as follows:

1.      I submit this Declaration in support of TP-Link's Opposition to Thimes's Motion to Compel Further Responses to Interrogatory Nos. 1 and 3. I am an attorney admitted to practice before this Court and am a partner with LTL Attorneys LLP, counsel of record for Defendant and Counterclaimant TP-Link USA Corporation in the above-captioned case. I submit this Declaration based upon my personal knowledge, and if called as a witness could and would testify to the matters set forth.

2.      Attached hereto as **Exhibit A** is a true and correct copy of Thimes's Second Amended Complaint (ECF No. 78).

3.      Attached hereto as **Exhibit B** is a true and correct copy of Thimes's Amended Fifth Amended Complaint (ECF No. 178).

4.      Attached hereto as **Exhibit C** are true and correct copies of Bates Nos. THIMES00744, THIMES00745, THIMES00747-748, THIMES01094, and THIMES01119-1120.

5.      Attached hereto as **Exhibit D** is a true and correct copy of Bates No. THIMES00311.

6.      Attached hereto as **Exhibit E** is a true and correct copy of Bates Nos. THIMES00596-597.

7.      Attached hereto as **Exhibit F** are true and correct copies of Bates Nos. THIMES00777 and THIMES01125-1126.

8.      Attached hereto as **Exhibit G** is a true and correct copy of Bates Nos. THIMES01130-1131.

9.      As discussed during the meet and confer process, TP-Link does not have copies of the complaints and Thimes has failed to produce any of the complaints made to Amazon.

10.      Attached hereto as **Exhibit H** is a true and correct copy of Amazzia's Amended Responses to Thimes's First Set of Requests for Admission.

11.     Attached hereto as **<u>Exhibit I</u>** is a true and correct copy of ECF No. 101-2 which is the Declaration of Amazzia's Chief Strategy Officer.

12.     Attached hereto as **<u>Exhibit J</u>** is a true and correct copy of Amazzia's Supplemental Responses to Thimes Requests for Production, Set One.

I declare under penalty of perjury that the foregoing is true and correct.  Executed August 9, 2022 in Mill Valley, California.

By:  */s/ Heather F. Auyang*

AUYANG DECLARATION ISO TP-LINK USA'S OPPOSITION TO MOTION TO COMPEL

# EXHIBIT A

Mark Schlachet (OSB 0009881) [Admitted PHV]
markschlachet@me.com
3515 Severn Road
Cleveland, Ohio 44118
Tel: (216)225-7559 Fax: (216)932-5390
*Attorney for Defendants*

Christopher J. Hammond (SBN 150024)
chammond@bizlawpro.com
21540 Prairie Street, Unit A Chatsworth, CA 91311
Tel: (866)625-2529 Fax: (866)463-9285
*Local Counsel for Defendants*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THIMES SOLUTIONS, INC. | Case No.: **CASE NO. CV 19-10374 PA** |
| Plaintiff, | |
| vs. | **SECOND AMENDED COMPLAINT** |
| TP-LINK USA CORPORATION, et al | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff Thimes Solutions, Inc. dba Universal Goods & Sales ("TSI"), alleges on knowledge as to itself, but otherwise on information and belief, as follows:

## I.    INTRODUCTION

1.    This case is about greed disguised as "brand protection."  With the advent of Amazon has come a fight for the right (or wrong) to display goods in the ecommerce space owned and controlled by Amazon, i.e. amazon.com.  A former Investigation Specialist for

Amazon's Seller Performance team, Chris McCabe, has written about the misuse of the Amazon rights reporting system. In his article, "Have you Noticed How Unpredictable Amazon's Notice Infringement teams are now?" https://www.ecommercechris.com/have-you-noticed-how-unpredictable-amazons-notice-infringement-teams-are-now/(February 21, 2019), Mr. McCabe observes (Exhibit 1):

- Amazon's Notice Claim of Infringement Teams exist in theory to process intellectual property violations on the Amazon Marketplace at amazon.com;
- In practice, trademark and other violations can come from anywhere, allege anything, and are rife with abuse;
- The work of the Notice teams, though attempting to combat rampant abuse, has backslided of late to the point where Amazon's response to contested Intellectual Property Complaints makes "little to no sense;"
- Amazon harshly enforces the brand owner complaints of counterfeiting by requiring at most that brand owners attest to having "test bought" the allegedly counterfeit product from the alleged counterfeiter;
- Suspensions and expulsions from the Marketplace follow "bizarre behavior" on Amazon's part, where the reasons for adverse actions are highly mercurial, restated repeatedly, and often have nothing to do with the reason for the suspension or expulsion; and
- Accused sellers—in particular those with a history of notice claims (as many sellers have)--are left in a virtual "twilight zone" where they are not told and cannot learn the true reasons for harsh—at times lethal—action taken against their businesses.

2. Unscrupulous brand owners, well aware of the above Notice Infringement landscape, take unilateral action and use "brand protection services" to assist them in "knocking off unwanted sellers." *Id.*

3. Plaintiff Thimes Solutions Inc. dba Universal Goods & Sales ("TSI") is a Suffern, New York business (specific jurisdictional allegations below) that operates within a market niche which serves as a valuable, efficient segment of the economy. Succinctly, the model is buying something cheaply from a down-stream distributor—typically a close out

purchaser or the like that purchased sealed product exactly as put into the stream of commerce by the manufacturer--and selling it at an enhanced price point online, but often at a cheaper price than other sellers are selling it for, thus benefiting customers, who get authentic product at a discount.  Manufacturers, their "authorized distributors," and their "brand protectors" often seek means—some unlawful-- to eliminate such niche market competition.[1]

4.      Plaintiff TSI ordinarily buys product in the manufacturer's original packaging and does not repackage, modify, or otherwise change the product for resale.

5.      TSI brings this suit following its commercial and financial ruination resulting from Defendants' libelous statements to Amazon and consequential tortious interference with Plaintiff's existing and prospective business relationship with Amazon Services LLC.

6.      TSI became a third-party seller on Amazon in 2016.  To become an Amazon seller TSI signed Amazon's standard Business Solutions Agreement that, among other things, allowed Amazon to terminate TSI as a seller for any reason or for no reason at all.

7.      TSI sold over 175,000 products to customers on Amazon with a 98% lifetime positive feedback rating.  Plaintiff reached $2 million in sales during the first six months of 2018. As of its expulsion from Amazon, TSI was selling around $400,000-500,000 per month on amazon.com. Net margins were roughly 20%.   Now . . . there is only ruin.

[1] A copyright or trademark holder enjoys a "distribution right" and may initially sell, or not sell, copies of a copyrighted or trademarked item to others on such terms as he or she sees fit. However, the IP holder's exclusive distribution right is limited to the first sale of the coyprighted or trademarked item. Under the "first sale" doctrine, codified at 17 U.S.C. § 109(a) "the distribution right may be exercised solely with respect to the initial disposition of copies of a work, not to prevent or restrict the resale or other further transfer of possession of such copies."  The Fair Use Doctrine, similar to the First Sale Doctrine, permits a seller to use a another's trademark to identify the former's goods, provided that no likelihood of confusion results as to the source of the product or the trademark holder's sponsorship or affiliation.  15 U.S.C. §115(b)(5)(A)-(C). The First Sale Doctrine [also] protects resellers of genuine trademarked goods from claims of infringement. *Davidoff & CIE, S.A. v. PLD Int'l. Corp.,* 263 F.3d 1297, 1301 (11th Cir. 2001); *Hidalgo Corp. v. J. Kugel Designs, Inc*., No. 05-20476-CIV-JORDAN/TORRES, 2006 U.S. Dist. LEXIS 96647, at *12 (S.D. Fla. 2006)

## II.    JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over the state law claims hereunder pursuant to 28 U.S.C. § 1332(a)(1) because the citizenship of the parties is diverse and the amount in controversy is in excess of $75,000, exclusive of costs and interest.  This Court also has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. 2201 to declare the legal relations of the parties hereto vis-a-viz Plaintiff's right to sell online goods with respect to which defendants or their privies hold trademarks and other intellectual properties.

9.      Thimes Solutions Inc. was duly incorporated in New York on November 21, 2016 and maintains its principal place of business at 3 Litman Lane, Suffern, New York.  TP-Link USA Corporation was duly incorporated in California on October 15, 2008 and maintains its principal place of business at 145 South College Blvd., Suite 400, in Brea, CA 92821. Auction Brothers, Inc. dba Amazzia was duly incorporated in California on May 31, 2005 and maintains its principal place of business at 19528 Ventura Blvd, #229, Tarzana, CA 91356.

10.     This Court has subject matter jurisdiction over plaintiff's antitrust claim pursuant to Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15(a) and 26, as well as 28 U.S.C. §§ 1331 and 1337(a).

11.     Defendant's activities were within the flow of, were intended to, and had a substantial effect on, interstate commerce because Plaintiff conducted significant business all over the United States.

12.     Venue is proper in this district pursuant to 15 U.S.C. §§ 15(a) and 22, as well as pursuant to 28 U.S.C. § 1391 (b), (c) and (d).  A substantial part of the events giving rise to the antitrust claim occurred in this district, and all defendants may be found in this district.  As to the

state law claims venue is proper because Amazzia and TP-Link are residents of this district and their challenged conduct was initiated in this district including, without limitation, the transmission of the false statements at issue.

## III.   FACTS

### A.  TP-LINK USA, TP-LINK NORTH AMERICA, TOM LEI AND AUCTION BROTHERS, INC. dba AMAZZIA

13.     TP-Link USA Corporation ("TP-Link" or "USA" at times), operates as an indirect subsidiary of TP-LINK Technologies Co., Ltd. ("TPC"), a Chinese parent company.  The parent TP-Link has lately been the world's number one provider of Wi-Fi products, shipping over 160 million products around the globe during 2016.

14.     USA was originally a subsidiary of TPC but is now a subsidiary of TP-Link UK Limited.  It manufactures and supplies networking products for home and small business, known as SOHO and SMB.  Examples are switches, routers, and components for wireless systems.

15.     TP-Link USA's products are available at substantially all major electronics retailers, online and in-store, throughout the country, including amazon.com, jet.com, Best Buy, COSTCO, Home Depot, Office Depot, Sam's Club, Sears, Staples, Target, and Walmart.[2]

16.     TP-Link North America ("TPN" or "North America" at times) functioned as an alter ego of USA and its business offices are located at the latter's principal address in Brea, CA, while it handles TP-Link warehousing a few miles away in Fontana, CA.  TPN merged into USA on November 26, 2019.  TPN was a fictitious name, duly registered under California law, at all relevant times..

---

[2] https://www.tp-link.com/us/where-to-buy

5
SECOND AMENDED COMPLAINT
CV 19-10374 PA

17.     TP-Link's Linkedin page has listed at least two (2) dual positions, believed to be at issue here, held under simultaneous employment by USA and TPN:

- Director of E-commerce at TP-Link North America, Inc.
  Greater Los Angeles Area
  Current: Senior Channel Strategy Manager, B2B at TP-Link USA Corporation[3]

- ChannelStrategy Manager, Ecom at TP-Link USA Corporation
  Hangzhou, Zhejiang, China
  Current: Channel Strategy Manager, Ecom at TP-Link North America, Inc.[4]

18.     USA and Amazzia published written complaints to Amazon, libelous per se, charging Plaintiff with at least 28 instances of infringing TP-Link intellectual property by listing or selling counterfeit goods (on 27 occasions) on amazon.com or otherwise infringing a trademark (on one occasion)  ("IP Complaints").[5]

19.     TP-Link's fraudulent IP Complaints directly caused Plaintiff's suspension from the Marketplace in May 2018 and also caused TSI's permanent expulsion as a seller on the Amazon website, effective on or about August 27, 2018.

20.     TP-Link had retained Amazzia, to monitor specific TP-Link products on the Amazon marketplace and do a "third-party seller clean up" of those selling TP-Link products outside TP-Link's authorized distribution channels.

---

[3] https://www.linkedin.com/company/tp-link/ at See all 78 employees on LinkedIn, Screen 1 (last visited on June 3, 2018)
[4] *Id.*  at Screen 8.
[5] Plaintiff is informed and believes that IP complaints are prepared with an online system that does not provide the complainant with a completed copy.  See https://www.amazon.com/gp/help/reports/infringement. Amazon provides the accused with an edited and redacted version of the allegations in an email from the Seller Support group of Amazon. The allegations of the emailed version include the word "counterfeit", or "infringement," the Amazon Stock Identification Number(s) ("ASINs") allegedly counterfeited or infringed, an Amazon complaint ID number, the complainant company name, and an email address to contact with a view to resolution.   The entire text of the allegations and the signature of the person or entity who filed the complaint are not disclosed.

21.     Amazzia describes itself as follows:

As your dedicated partner, we keep your brand safe from unauthorized agents, ensure Amazon compliant distribution and amazing growth through price protection, optimization and targeted marketing.

. . . .

*Removing Un-Authorized Sellers*

Effective and proven strategies to report and remove Un-Authorized Resellers from your listings

22.      Amazzia's primary focus is removing lawful Amazon offerings from the Marketplace:

| Unauthorized resellers corrupt the online marketplace with reckless, self-serving tactics, causing price erosion and negatively impacting your band's image. | Under these circumstances your legitimate brick & mortar retailers are unable to compete with online prices and may refuse to carry your brand. |

23.     Amazzia's Vice-President of Brand Protection William Samuel articulates his role quite simply:[6]

As the Vice President of Brand Protection at Amazzia, I ensure the protection of my clients' brands by identifying and eliminating unauthorized Amazon sellers. **The increasing number of MAP violators in the Amazon marketplace is astounding**! Rogue marketplace sellers can damage your brand and undercut your bottom line by selling products at extremely low discounted rates.  (emphasis added)

24.     Amazzia makes clear in publicly available promotions that the real problem with third-party sellers is that that they may *try* to compete on price:

Not all third-party sellers are ethical, and some may try to undercut you and misrepresent your brand. **The main risk involves companies deviating from your minimum advertised price.** This results in having your brand's value lowered. There's also the risk of bad brand representation if consumers experience poor customer service with any unauthorized third-

---

[6] https://www.linkedin.com/in/william-samuel-0825a071/

7

SECOND AMENDED COMPLAINT
CV 19-10374 PA

party sellers. As a result, customers associate those bad experiences with
your brand.

. . . .

**Amazzia can protect your brand by preventing MAP violations** . . .
(emphasis added)

25.     Amazzia entered into a TP-Link-Amazon Brand Protection Agreement under

which (i) Amazzia committed to an "Amazon cleanup," (ii) TP-Link provided Amazzia with

specific ASIN's to be watched, (iii) Amazzia promised to "report non-compliant sellers to

Amazon until they are removed by Amazon" (iv) Amazzia's commitment was to rid the

Marketplace of "resellers" as follows: "50% .of resellers to be removed in 60 days, 75% in 90

days, and 90% in 120 days," and (v) Amazzia promised TP-Link "full access to our team for any

questions regarding the cleanup project."  See Exhibit 9 at Exhibit A thereto.[7]

26.     Unable to eliminate TSI sales as "unauthorized" or "discounted"—all perfectly

lawful--Amazzia sent fraudulent IP complaints to Amazon charging Plaintiff with counterfeiting,

at all times acting in concert with and on behalf of TP-Link, and with the latter's actual authority

and instructions.

27.     Amazzia directly caused Plaintiff's May suspension and permanent expulsion

from the Amazon Marketplace.  The scheme was initiated as follows:

- On January 8, 2018 Plaintiff purchased 360 TP-Link AC5400 Routers from a
  reputable supplier with which Plaintiff has dealt extensively.  Plaintiff has
  possession of approximately 100 of these items to date, all of which are authentic
  and not counterfeit.  Amazon continues to hold a number of Plaintiff's TP-Link
  AC5400 Routers.

- One Tom Lei (Screen name "amazon91773"), a TP-Link  employee, operated out
  of TPN's warehouse facility in Fontana, CA, attempting through various means,

---

[7] Exhibit 9, the Declaration of Kevin Ryu was submitted by TP-Link in *Careful Shopper*.  Exhibit A thereto was
identified as "a true and correct copy of TP-Link's contract with Amazzia. *Careful Shopper LLC v. TP-Link USA
Corporation*, Case 1:18-cv-03019-RJD-RML Document 35-1 Filed 02/27/19.

8

SECOND AMENDED COMPLAINT
CV 19-10374 PA

some illegal, to kill off Amazon-related competition to USA from competitors that are not so-called Authorized Resellers.

- Mr. Lei's purchases of TP-Link products from TSI, in his own name (using USA funding or reimbursement) and without disclosure of TP-Link involvement, occurred on January 18, 2018 (2 AC5400 Routers)  and March 5, 2018 (6 AC1200 Routers in three (3) separate transactions).  Exhibit 2 hereto.  He received the items at Defendants' Fontana CA warehouse, examined the products, and knew from such examinations that the products were authentic and not counterfeit.   Notwithstanding this knowledge, Mr. Lei or those acting in concert with him libeled TSI *27 times* during January-June 2018 for selling counterfeit USA products and otherwise infringing TP-Link's intellectual property.

- Mr. Lei's initial purchase of two (2) AC 5400's establishes that TP-Link's sole intent *ab initio* was to eliminate Plaintiff's sales of TP-Link products from the competitive marketplace, as the circumstances of the initial  January 19th complaint alleging counterfeit goods proves:

    o The complaint addressed an ASIN: B01DXVK3KY, TP-Link AC5400 Wireless Wi-Fi MU-MIMO Tri-Band Router
    o Amazon's warning letter, which recites an earlier IP complaint from TP-Link, was received at 4:33 PM on 19 January 2018
    o Amazon lodged the Router with UPS for delivery to TP-Link on January 19, 2018 (Exhibit 3)
    o The Router was not delivered to Mr. Lei until January 22, 2018, three days *after* swearing to Amazon that the Router was test-purchased and found to be counterfeit (Exhibit 4).

TP-Link *targeted*  TSI for elimination and in its haste lodged its libelous IP complaint before receiving the Routers! [8]

28.     During 2018 TP-Link complained to Amazon on at least 28 separate occasions, all or substantially all of which alleged counterfeiting:

Jan 19th: us-compliance@tp-link.com
Jan 21st: us-compliance@tp-link.com
Jan 26th: us-compliance@tp-link.com

---

[8] After receiving the first TP-Link-instigated Notice from Amazon, Plaintiff researched its sales of the TP-Link AC 5400 Router and searched the purchaser's address on Google, thereby identifying TP-Link as the purchaser of two (2) AC5400 Routers.

9

SECOND AMENDED COMPLAINT
CV 19-10374 PA

Feb 14th: compliance-us@tp-link.com
Feb 21st: compliance-us@tp-link.com
Feb 28th: compliance-us@tp-link.com[9]
Mar 2nd: compliance-us@tp-link.com
Mar 3rd: compliance-us@tp-link.com
Mar 10th: compliance-us@tp-link.com
Mar 13th: compliance-us@tp-link.com
Mar 21st: compliance-us@tp-link.com
Mar 31st: compliance-usa@tp-link.com
Apr 2nd: compliance-us@tp-link.com
Apr 5th: compliance-usa@tp-link.com
Apr 6th: compliance-usa@tp-link.com
Apt 7th: compliance-usa@tp-link.com
Apr 9th: compliance-usa@tp-link.com
Apr 10th: compliance-usa@tp-link.com
Apr 11th: compliance-usa@tp-link.com
Apr 12th: compliance-usa@tp-link.com
Apr 24th: compliance-usa@tp-link.com
Apr 25th: compliance-usa@tp-link.com
Apr 26th: compliance-usa@tp-link.com
Apr 30th: compliance-usa@tp-link.com
May 28th: compliance-usa@tp-link.com
May 30th: compliance-usa@tp-link.com
Jun 7th: compliance-us@tp-link.com
June 21st: compliance.usa@tp-link.com

29.     TP-Link/Amazzia used four (4) different identities in complaining to Amazon, indicating a joint, coordinated action, to wit:  compliance-us@tp link.com, compliance-usa@tp-link.com, us-compliance@tp-link.com and compliance.usa@tp-link.com.[10]  On information and belief, the only email address available to Amazzia was compliance-usa@tp-link.com.

## B.  FALSE INFRINGEMENT CLAIMS AT AMAZON

30.     In the April 2018 article by Chris McCabe ("McCabe"), discussed *supra,* the renowned expert in Amazon Seller Performance issues, McCabe summarizes "[h]ow unethical

---

[9] On this instance alone, TP-Link claimed trademark infringement, but not counterfeiting.
[10] TP-Link has admitted in other litigation Amazzia's use of compliance-usa@tp-link.com. See Exhibit 9 hereto at ¶4.

Case 2:19-cv-10374-SBE   Document 205-3   Filed 03/10/22   Page 16 of 113   Page ID
Case 2:19-cv-10374-FPE   Document 78-5 Filed 01/13/20   Page 10 of 27   Page ID #:358
#:2974

1    sellers abuse the system with bogus IP, trademark, copyright and patent reports:"[11]

2         **Unfortunately, word is out among potential Notice claim abusers
3         that anyone can submit a form.** Amazon are not worried about
      additional vetting or verification processes. Investigators merely check
4         the form for completed content in all the right spaces, kill the listings and
      send off the notifications. They don't independently verify that any of
5         the information is actually correct, or valid. The rights owner makes a
      legally-binding declaration in the form, and signs it.
6

7         31.      TP-Link/TPN/Amazzia was the unethical seller in the instant case when it falsely

8    executed IP Complaints against TSI. Upon receiving the first complaint (1/19/18), plaintiff made

9    a sincere offer to Amazzia, thinking it was USA, that very day, to pursue the truth of the matter . . .

10   but Amazzia/TP-Link did not retract its evil report; in fact, it issued some two (2) dozen additional

     reports and hereby sealed TSI's doom.

11        32.      TP-Link/TPN/Amazzia acted maliciously and intentionally in reporting to

12   Amazon, unjustifiably,  that TSI was listing counterfeit products and, in fact, about two dozen

13   reports were issued in conscious disregard of the truth.  They knew better based on their test

14   purchases.

15                  **C.  THE ROLE OF TRADEMARK INFRINGEMENT IN THIS PICTURE**

16        33.      TP-Link sought in related litigation in this Court to justify its IP (counterfeit)

17   complaints with a trademark infringement theory based on a purported disclaimer of its

18   manufacturer's limited warranty as to Gray Market purchasers of its products, thus (as the theory

19   goes) making products sold by Gray Market purchasers "materially different."[12]  Even if this

20   theory can be said to be in good faith (which it was not), however, such a trademark

21   infringement claim did not justify reporting Plaintiff to Amazon as a counterfeiter.

22

23        34.      Counterfeiting is the 'hard core' or 'first degree' of trademark infringement that

24

25   _____
     [11] McCabe is a former Investigation Specialist for Amazon's Seller Performance team.  His article is "False
26   Infringement Claims are Rife on Amazon," at https://www.webretailer.com/lean-commerce/false-infringement-
     claims-amazon/.
27   [12] A "Gray market" refers to the trade of a commodity through distribution channels that are not authorized by the
     original manufacturer or trade mark proprietor.

28                                        11
                              SECOND AMENDED COMPLAINT
                                    CV 19-10374 PA

seeks to trick the consumer into believing he or she is getting the genuine article, rather than a 'colorable imitation.'" *Gucci Am., Inc. v. Guess?, Inc.*, 868 F. Supp. 2d 207, 242 (S.D.N.Y. 2012). Trademark infringement, on the other hand, is defined as the unauthorized use of a trademark or service mark, i.e. *the same product* bearing the mark without required permission.

35.     When TP-Link complained of trademark infringement, Amazon rejected the complaint. When TP-Link complained of "counterfeiting," Amazon expelled TSI with permanence. Amazzia is the Amazon expert and planned this conspiracy with expressed knowledge and intent to "remove" Gray Market sellers.

36.     For the reasons stated in the next three (3) paragraphs hereof, TP-Link's sole predicate for its wrongdoing, i.e. that its limited warranty did not convey to TSI purchasers (which would not justify a *counterfeit* IP complaint in any event), is a pretext , a mere illusion to justify some complaint--any complaint--with unauthorized below-MAP sellers.[13]

37.     TSI was not an "unauthorized seller" except in the commonly-understood sense that it was not specifically authorized under any distributorship agreement (or similar agreement) by TP-Link to purchase TP-Link products directly from TP-Link and thereafter resell such products. In all other respects, TSI was "authorized" by law to sell genuine TP-Link products.

38.     TSI was authorized under its agreement with Amazon to sell TP-Link products on amazon.com; *and TP-Link consented in its agreement with Amazon to abide by Amazon's policies which authorized Gray Market sellers to resell the trademarked goods of others without restraint on the Amazon Marketplace.*

---

[13] A MAP price is a minimum amount that resellers agree not to advertise below.

Case 2:19-cv-10374-SBE Document 205-3 Filed 03/10/22 Page 18 of 113 Page ID
Case 2:19-cv-10374-FBE Document 78 Filed 01/13/20 Page 18 of 27 Page ID#360
#:2976

39.     Under the First Sale Doctrine TSI was fully within its rights in lawfully acquiring

authentic TP-Link products, as it did in all instances of purchase of TP-link products, and listing

and selling such products on Amazon.

40.     Moreover, TSI sales of TP-Link products on Amazon *did* convey the

manufacturer's warranty (because under NYGBL 369-b any disclaimer was invalid); hence, such

products were *not* materially different than other genuine TP-Link products, because:

>   --TP-Link never enforced any such disclaimer against any of its Gray Market
>   customers prior to the advent of this litigation. Based on discovery received to
>   date in *Careful Shopper*, TP-Link did not require, from registered owners of TP-
>   Link products seeking warranty assistance, proof of purchase disclosing seller
>   identity until September 2019 at the earliest.
>
>   -- Purchasers of TP-Link products on Amazon designated (in the registration
>   template) their seller as Amazon. TP-Link had no way—and sought no way-- to
>   distinguish as between Amazon purchasers of TP-Link products sourced from
>   "authorized" and "unauthorized" sellers.
>
>   --Most significant, as a matter of law Section 369-b of New York's General
>   Business Law, invalidating any warranty limitation actuated because "such
>   merchandise is sold by a particular dealer," preserved the warranty for all TSI
>   customers.  *Careful Shopper LLC v. TP-Link USA Corporation*, Case 1:18-cv-
>   03019-RJD-RML Document 40 Filed 09/30/19 at p.7 ("Bel Canto addressed
>   whether out-of-state customers who made online purchases from a New York
>   seller should be protected by New York's consumer protection statute); *Bel Canto
>   Design, Ltd. v. MSS Hifi, Inc.*, 837 F. Supp.2d 208, 228 (S.D.N.Y. 2011); see also
>   *Technomarine SA v. Jacob Time, Inc.*, 2012 U.S. Dist. LEXIS 90261 n.3
>   (S.D.N.Y. 2012)

41.     Amazzia is generally malevolent toward the public, has conducted itself as above

described with respect to numerous innocent vendors, wantonly destroys businesses of others for

pay and, by reason of the foregoing, is (along with TP-Link) subject to punitive damages herein.

For example upon information and belief, Amazzia directly or indirectly sells products on

Amazon through multiple seller accounts, often buying them from the same brands they contract

with to provide "brand protection services", and subsequently files false counterfeit complaints against their competitors on Amazon.

42.        Immediately upon receipt of the first IP-complaint of January 19, 2018 Plaintiff emailed TP-Link at the designated address in an effort to satisfy TP-Link that TSI's product was authentic and not counterfeit (Exhibit 5):

> We received an email from Amazon today stating that TP-Link is asserting that items sold by us (under the storefront "Universal Good and Sales", merchant ID A1Q1VKNP5VVQEY, ASIN B01DXVK3KY, Complaint ID: 1359628881) are counterfeit. We take all reports of Intellectual Property Right Infringement seriously.
>
> These items were purchased from a reputable distributor and are not counterfeit.
>
> Please be aware that Amazon has stated that our account is under review as a result of the allegations. If we suffer damages as a result of your incorrect allegations, you may be liable.
>
> W respectfully request for a retraction to be sent to notice-dispute@amazon.com stating that the original allegations are correct, please provide us with all evidence you have obtained to support your claim of infringement. We are aware of one purchase byTP-Link of 2 of our units that we offered; as of the time of this email, Jan 19th, this has not been delivered and is currently in transit. Please advise if any other units have been purchase by TP-Link.

43.        TP-Link did not respond to Plaintiff's letter, Exhibit 5; nor did Amazzia.  During this litigation TSI has disclosed its sources of product to TP-Link.  TP-Link has not challenged the reputability of Plaintiff's sources of product, although it filed a Rule 26(f) Report since being so advised

44.        Plaintiff then engaged expert Amazon counsel who emailed a letter to TP-Link on February 1, 2018 (Exhibit 6):

> In accordance with Amazon policy, in order to report an item is
> counterfeit, a test buy must be performed in order to verify the claimed
> differences are present between the accused product and the rights
> owner's product. As such, we are writing to request the specific basis for
> your counterfeit claims, including the test buy purchase information
> provided to Amazon to support your claims.

TP-Link did not respond to counsel's letter.

45.     On May 7, 2018 Plaintiff was suspended (with appeal rights) from selling on

Amazon by reason of TP-Link's IP complaints (Exhibit 7):

> You have listings that infringe on the intellectual property rights of others.
> This is against our policies. The removed items can be seen on the
> Performance Notifications page in Seller Central. As a result, you may no
> longer sell on Amazon.com, and your listings have been removed from
> our site.

46.     Plaintiff appealed and got reinstated from the May 7th suspension, but TP-Link

continued its onslaught on May 28 and 30, and on June 14 and 21.  Exhibit 8.

47.     The record of TP-Link complaints, subject to Amazon's algorithmic surveil,

caused Plaintiff's permanent expulsion (without appeal rights) from the Amazon Marketplace on

August 27, 2018.  This result from Amazzia's IP reporting was predictable to Amazon experts

such as TP-Link.  *McCabe, supra.*

48.     All IP complaints filed by TP-Link and/or Amazzia alleging TSI's counterfeiting,

were filed under false attestation:[14]

> **Statements**
> "I have a good faith belief that the content(s) described above violate(s)
> my rights described above or those held by the rights owner, and that the
> use of such content(s) is contrary to law."

---

[14] https://www.amazon.com/gp/help/reports/infringement

"I declare, under penalty of perjury, that the information contained in this notification is correct and accurate and that I am the owner or agent of the owner of the rights described above."

49.     Conspirators TP-Link and Amazzia had ample opportunity and did in fact, albeit surreptitiously, test purchase many of TSI's TP-Link offerings to determine authenticity. Exhibit 1 hereto.  All were authentic and TP-Link has never stated to the contrary except, of course, as necessary to incite Amazon's punitive measures upon TSI. It chose to allege TSI's "counterfeiting operation" with no factual basis whatever and in the face of all contra-indications.  Such actions were malicious.

50.     TP-Link, having sought refuge in Noerr-Pennigton in *Careful-Shopper*, we will plead to the issue here.  The series of events pled within were a "sham" within Noerr Pennigton parlance, and satisfy Noerr-Pennigton's "sham exception" as follows:[15]

- TP-Links IP complaints sounding in counterfeiting were objectively baseless, and TP-Link knew they were objectively baseless.  Having made 4 test purchases through Mr. Lei, and having had opportunity to examine them, TP-Link knew of their authenticity.
- Upon information and belief, TP-Link filed IP complaints sounding in trademark infringement that were rejected by Amazon as non-actionable.
- Only by charging "counterfeiting" unendingly could TP-Link effect TSI's expulsion.
- Amazon has testified before Congress that that Rightsowners often "conflate" their IP rights with independent sellers' products' lacking authenticity; and Amazon disapproves of Rightowners so doing. [16]

---

[15] Under the Noerr-Pennington doctrine, a **sham** petition is one that is ostensibly directed toward influencing governmental action but that is a mere **sham** to cover an attempt to interfere directly with the business relationships of a competitor. *Tichinin v. City of Morgan Hill*, 177 Cal. App. 4th 1049, 1050, 99 Cal. Rptr. 3d 661, 666 (2009)
[16] http://docs.house.gov/meetings/JU/JU05/20190716/109793/HHRG-116-JU05-20190716-SD038.pdf
Amazon seeks to provide its customers with the widest possible selection of products at competitive prices. One way Amazon has sought to provide this selection is by making it easy for sellers of authentic products to open selling accounts and sell a wide variety of products directly to Amazon's customers in Amazon's store. Brands often conflate the question of whether goods are authentic (not counterfeit) with whether a particular seller is "authorized" (meaning they have a contract with the manufacturer). There are many legal sources of authentic supply in addition to resellers specifically authorized by the brand. These include liquidation or sale by authorized retailers, and supply from other wholesalers and distributors – who are sometimes also used by brands themselves to move merchandise. Amazon goes to great lengths to assure the authenticity of producgts, preventing bad actors from opening selling

- TP-Link found a "hired gun" in Amazzia and contracted to eliminate third party sellers as follows: "50% of resellers to be removed in 60 days, 75% in 90 days, and 90% in 120 days," without regard to whether such resellers' conduct was wrongful;  Exhibit 9 at Exhibit A.
- As per Amazzia's online promotional material, i.e. "Amazzia can protect your brand by preventing MAP violations," the foregoing conspiracy existed to eliminate price competition;
- Such a purpose and effect of collaborative action violates the Sherman Antitrust Act and the common law.
- IP complaints now defended by TP-Link serve to "conceal[] an attempt to interfere *directly* with the business relationships of a competitor," i.e. TSI.  *Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60, 113 S. Ct. 1920, 123 L. Ed. 2d 611 (1993) (*PRE*); see also *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 938 (9th Cir. 2006).
- "[N]o reasonable [Amazon seller] could realistically expect success on the merits" of the IP complaints, 508 U.S. at 60.  Indeed, TP-Link did not mention, let lone sue upon, "counterfeiting" in *Careful Shopper,* an omission that attests to the utter absurdity of doing so.
- The IP complaints sounding in counterfeiting were, therefore, not [" 'communications preparatory to or in anticipation of bringing an action or other official proceeding'  and are therefore unprotected by Noerr-Pennington.

## D.  ALLEGATIONS APPLICABLE TO ALL DEFENDANTS

51.      But for Defendants' IP complaints to Amazon TSI would not have been expelled from the Amazon Marketplace.

52.      Plaintiff exhausted all possible administrative options at Amazon, including appellate procedures.   Plaintiff was permanently expelled nonetheless.

53.      By reason of the expulsion Plaintiff was unable to sell its aging inventory (at least $1.1 million) or access its funds in Amazon's hands (about $80,000).  Plaintiff was forced to hire counsel at substantial expense.

---

accounts or selling counterfeit products in its store. But, we do not require that sellers have a direct contractual relationship with a product's manufacturer, as doing so could prevent sellers – many of whom are small and medium sized businesses – from legally selling these products in our store at competitive prices.

54.     There exists no alternate, comparable platform (to Amazon) whereby a third-party seller can earn a living, as approximately one-half of all online retail sales are made on amazon.com, and the other half of online retail sales are diffused amongst millions of websites.

55.     The above cascade of adversities drove Plaintiff to financial ruination, destroying a business producing, just prior to expulsion, profit of approximately $100,000 per month. Accordingly, Plaintiff has been damaged, as a direct result of Defendants' actions alleged above in the approximate amount of $7,785,270.  See ¶65 *infra*.

56.     Defendants actions and inactions, moreover, were calculated, willful, wanton, actually malicious and outrageous, so as to justify the imposition of punitive damages in an amount not less than $8,000,000, together with attorney fees to be determined by the Court.

## CLAIM I: INTERFERENCE WITH EXISTING AND PROSPECTIVE BUSINESS RELATIONSHIPS

57.     Plaintiff incorporates the allegations above as though the same were re-written at length.

58.     "The elements of tortious interference with prospective economic advantage are: "(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant."  *Korea Supply Co.*, 29 Cal. 4th at 1153.  *Fresno Motors, Ltd. Liab. Co. v. Mercedes-Benz USA, Ltd. Liab. Co.*, 852 F. Supp. 2d 1280, 1292 n.12 (E.D. Cal. 2012)

59.     As of the spring of 2018 Plaintiff was a third-party seller on Amazon and thriving.

Aside from a single imposter's complaint, the only IP complaints to Amazon alleging TSI's sale of counterfeit products were the work of TP-Link and Amazzia.

60.     Experts believe that Amazon third-party sellers who pass a threshold of <$1MM in annual sales, known as "Top Sellers" (such as TSI), have considerable longevity in their Amazon business relationship.  *See* https://www.marketplacepulse.com/articles/veteran-amazon-sellers-still-at-the-top  For TSI "the sky was the limit."

61.     Defendants' accusations of counterfeiting, wrongful *per se*, made directly to Amazon, were for the improper purpose of suppressing competition; and those actions interfered with Plaintiff's existing and prospective business relationship with Amazon.

62.     The accusations aforesaid proximately caused Plaintiff's expulsion.

63.     The statements were made maliciously and with ill will, as business entities do not lie dozens of times and turn a stone deaf ear to pleas for moderation absent a strong measure of ill will

64.     Amazon stated that it would act favorably if TP-Link/Amazzia would retract the accusations; but, despite TSI requesting a retraction and asking for evidence of TP-Link/Amazzia's claims, both directly and through counsel, TP-Link/Amazzia refused to retract the IP Complaints or even respond to TSI or counsel at all, and indeed continued to file dozens of new complaints afterwards.

65.     Defendants' acts destroyed Plaintiff's relationship with Amazon, thereby causing the destruction of Plaintiff's Amazon business. TSI's last six (6) months of unimpeded Amazon-related operations showed net profits of $368,000.  Using a 20% profit figure because our net profits ($368,000) derived from $1.819.  Assuming a 10-year income stream for TSI, constant

sales and static income of $900,000 per year, discounted at 3%, we calculate damages at a

Present Value of $7,785,270, after discounting by $1,214,730 total cash flows of $9,000,000.

## CLAIM II: TRADE LIBEL

66.     Plaintiff incorporates the above allegations as though the same were rewritten at

length.

67.     Under California law:

> The elements of a defamation claim are (1) a publication that is (2) false,
> (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure
> or causes special damage." *Jackson v. Mayweather*, 10 Cal. App. 5th
> 1240, 1259, 217 Cal. Rptr. 3d 234 (2017) (quoting *John Doe 2 v. Superior
> Court***,** 1 Cal. App. 5th 1300, 1312, 206 Cal. Rptr. 3d 60 (2016)**),** as
> modified (Apr. 19, 2017), review denied (June 28, 2017). "Libel is a form
> of defamation effected in writing." *John Doe 2*, 1 Cal. App. 5th at
> 1312. The writing must be "false and unprivileged" and "expose[]
> [plaintiff] to hatred, contempt, ridicule, or obloquy, or . . . cause[] him to
> be shunned or avoided, or . . . ha[ve] a tendency to injure him in his
> occupation." Cal. Civ. Code § 45.' *Schmidt v. Baldy*, No. CV 16-9368-
> DSF (AGRx), 2019 U.S. Dist. LEXIS 182826, at *18 (C.D. Cal. Oct. 19,
> 2019Defendants' libelous IP complaints to Amazon proximately caused
> Amazon to expel Plaintiff from the Marketplace on August 27, 2018 with
> no right of appeal, thereby destroying Plaintiff's enjoyment of its contract
> with Amazon, as identified in ¶7 *supra.*

68.     TP-Link /Amazzia's scheming accusations falsely charged TSI with a serious

crime or crimes.  Advertising falsely over the interstate wires may violate 18 U.S.C. 1343

because members of the public part with their money by reason of advertising. Moreover, this is

not the only instance of defendants' scheme, to wit: there is pending in this Court the case of *TP-*

*Link USA Corporation v. Careful Shopper*,[17] with counterclaims and third-party complaint

---

[17] CASE NO:  8:19-cv-00082-JLS-KES

Case 2:19-cv-10374-SBE   Document 205-3   Filed 03/10/22   Page 26 of 113   Page ID
Case 2:19-cv-10374-SBE   Document 78-5   Filed 01/13/20   Page 20 of 27   Page ID#:368
#:2984

premised on the same essential allegations as this case.

69.       The Amazzia promotional material and contract evidence a high probability that many more third-party sellers have fallen victim to this scheme but, as the conspirators calculated, those victims are unable to mount a lawsuit against the largest wi-fi manufacturer in the world, i.e. TP-Link.  Thus, on information and belief, plaintiff alleges that the conspiracy alleged herein was effected through a pattern of wrongful acts and conduct.

Defendants' accusations against Plaintiff to Amazon directly injured Plaintiff in its business and trade because, as they knew, Amazon will not tolerate repeat counterfeiters as Amazon sellers.[18]

Defendants' accusations against Plaintiff constitute trade libel *per se.*

70.       Although injury may be presumed due to libel *per se,* Plaintiff suffered above and beyond presumed damages, e.g. loss of profits.  See ¶7 *supra.*  Further, TSI lost good will specific to the TSI-Amazon relationship that cannot be recovered including, *inter alia,* Plaintiff's right to sell a broad range of products on amazon.com, much of which entitlement was grandfathered.[19]

## CLAIM III: PER SE VIOLATION OF THE ANTITRUST LAWS

71.       Plaintiff incorporates the above allegations as though the same were rewritten at length.

72.       Amazon now controls 47% of all e-commerce in the United States, capturing

---

[18] See  https://www.amazon.com/gp/help/customer/display.html?nodeId=201909000   ("We respond quickly to the concerns of rights owners about any alleged infringement, and we terminate repeat infringers in appropriate circumstances.)

[19] As an established third-party seller, Plaintiff was entitled to sell many products that a new seller would be precluded from selling based upon Amazon's "gating" and other restrictions.

nearly $1 of every $2 Americans spend shopping online.[20]

73.       Industry leaders have called Amazon a "monopoly hiding in plain sight.[21]  There exists no alternate, comparable platform (to Amazon) whereby a third-party seller can earn a living, as approximately one-half of all online retail sales are made on amazon.com, and the other half of online retail sales are diffused amongst hundreds of thousands of websites.

74.       Amazon has positioned itself at the center of e-commerce and now serves as essential infrastructure for third party sellers in the United States, virtually all of whom depend upon it.

75.       The relevant market of online retail sales (and narrower relevant markets contained therein) is recognized universally as a discrete area of competition, with no rivals to Amazon.[22]

76.       When Amazon grants or terminates Marketplace selling privileges to a seller, it impacts the nature of relevant market intra-brand and inter-brand competition in the products and category(ies) of products, as the case may be, that the seller seeks to offer in the Marketplace.

77.       Amazon is generally permitted to unilaterally restrict any seller from competing in the Marketplace and take such other unilateral actions as Amazon in its business judgment deems appropriate; but other market participants are *not* free to *combine and conspire* to restrict or exclude from competition another seller or such seller's relevant products.  Such concerted behavior, which is the subject of this action, is *per se* unlawful if done for the purpose of eliminating competition. restricting output or stabilizing anticompetitive pricing.

---

[20] https://www.emarketer.com/content/digital-investments-pay-off-for-walmart-in-ecommerce-race
[21] A. Gara, Why One Amazon Bull Thinks Jeff Bezos Is Building A $3 Trillion Company, Forbes (May 4, 2016), reprinted
[22] https://www.fool.com/investing/2016/09/26/how-amazon-is-crushing-ebay-and-wal-mart.aspx

22
SECOND AMENDED COMPLAINT
CV 19-10374 PA

78.     TSI's competition in the TP-Link space was eliminated and prices for TP-Link products have been stabilized at artificially high, i.e. anticompetitive levels.  Output has been restricted.  Consumers have thus been harmed.

79.     For example, Plaintiff's listing price for USA's AC5400 (it was accused of counterfeiting) was ordinarily lower than Amazon's prevailing price at the time.  Without listing at a lower price than the "Buy Box Price,"[23] TSI would not have induced sales of any kind as a mere "Other Seller" linked to the lower right quadrant of the Product Detail Page. In addition to lower prices TSI provided higher output, which becomes important when the Buy Box occupant or other seller is Out of Stock.

80.     Plaintiff sold the TP-Link AC5400 through Amazon at prices as low as $220. Typically, while Plaintiff was active on the Amazon listing for the TP-Link AC5400 ("AC5400 Listing"), Amazon would match Plaintiff's price. When Plaintiff was not active on the AC5400 Listing due to TP-Link complaints, Amazon would raise their price due to the lack of competition, sometimes significantly. Amazon has a known policy of matching the price of competitors both on and off Amazon.[24]

81.     Specifically, on May 30, 2018 Plaintiff sold 6 units through the pre-existing AC5400 listing on Amazon, all at $220. At that time, Amazon was listing the product for $220.01, i.e. one penny greater than Plaintiff's offer. Later that day, Amazon notified Plaintiff

---

[23] Amazon.com's Buy Box is the top right section on a product page where customers can directly add items to their shopping carts. When you win this placement, customers have a button to directly add your product to their carts, giving you an advantage over competing sellers.

[24] See Answer to question 3 in Amazon's response to Congress
https://docs.house.gov/meetings/JU/JU05/20190716/109793/HHRG-116-JU05-20190716-SD038.pdfJU05-20190716-SD038.pdf "To maintain trust with customers that they will find low prices in the Amazon store, Amazon sets the prices on its first party sales to match competitors across all channels of retail."

that TP-Link had complained about the AC5400 listing, asserting it was counterfeit, and that Plaintiff's offer on the listing had been removed. Once Plaintiff was removed from the AC5400 Listing, Amazon proceeded to raise their price to $279.85, and no other sellers were offering the product for cheaper than $279.85 through the AC5400 Listing.[25] Thus, TP-Link's complaints had the direct outcome of raising the price in the marketplace by over 27%, or $59.85, and customers were deprived of the opportunity to purchase authentic product at the cheaper price.

82.     TSI is the only efficient enforcer to address the TP-Link/Amazzia conspiracy and obtain the relief sought herein because (i) it alone was directly injured by the conspiracy, (ii) no other seller was injured by TSI's misfortune, (iii) no other party would enforce the rights sought to be enforced herein, and (iv) there is no other party entitled to any part of the damages sought to be recovered herein.

83.      The conduct of TP-Link and Amazzia as described herein constitutes a violation of Section 1 of the Sherman Act, 15 U.S.C. §§ 1, 15, which prohibits contracts, understandings and conspiracies in unreasonable restraint of trade.[26]

84.     Elimination of discounters and discounted products from access to the Marketplace by joint collaborative action, directly at issue here, is a *per se* violation of the Sherman Anti-Trust Act.  *United States v. Gen. Corp*., 384 U.S. 127, 129, 86 S. Ct. 1321, 1322 (1966) ;  *United States v. Apple, Inc.,* 791 F.3d 290, 322 (2d Cir. 2015); *Feminist Women's Health Ctr., Inc. v. Mohammad*, 415 F. Supp. 1258 (N.D. Fla. 1976).

---

[25]  https://keepa.com/#!product/1-B01DXVK3KY
[26] "Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal."

85.     As set forth above, TP-Link and Amazzia have, in concert, established definitive exclusionary methodologies to preclude TSI from competing or effectively competing in the Amazon Marketplace, thereby protecting MAP pricing, per Amazzia's promotional materials.

86.     The defendants "spread lies" about TSI to Amazon, as an essential aspect of the conspiracy.  Such wrongful conduct is the hallmark of an unlawful marketplace presence. Defendants lied on 28 occasions without any objective basis to believe the truth of their counterfeiting complaints.  Then, after January 19 2019 when (i) TSI sought to engage the conspirators to establish its bona fides, and (ii) TP-Link/Amazzia refused to engage with TSI, defendants lied to Amazon despite  TSI's offer of definitive refutation of the lies.  This court opined in judicial *dicta* that a false accusation of counterfeiting would satisfy the "wrongful act" element of a tortious interference claim. *Hand & Nail Harmony, Inc. v. ABC Nails & Spa Prods.*, No. SA CV 16-0969-DOC (JEMx), 2016 U.S. Dist. LEXIS 188902, at *13 (C.D. Cal. Dec. 9, 2016).

87.     All of the foregoing accounts of actual commercial activity plausibly evince a unity of purpose, a common design whereby competition is restrained via joint collaboration to serve conspirators' economic interests and not for any procompetitive reason.

**CLAIM IV: DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

88.     Plaintiff incorporates the allegations above as though the same were re-written at length.

89.     Claims of infringement and counterfeiting by the trademark owners, defendants herein, present a substantial controversy of sufficient immediacy and reality to warrant invocation of the Declaratory Judgment Act, 28 U.S.C. 2201.

90.     Plaintiff seeks to exercise its property rights and sell online products bearing trademarks belonging to Defendants and their privies, free of threat of harassment and harm from Defendants.

91.     Defendants have harmed Plaintiff as alleged above through claims to third parties of trademark infringement and counterfeiting when, in fact, there were no infringements or trading in counterfeit goods.

92.     This Court's declaration of Plaintiff's right to sell online and at wholesale Defendants' (and privies') trademarked goods online will clarify and settle legal relations between the parties, and terminate and afford relief from any uncertainty, insecurity or controversy.

## PRAYER

WHEREFORE, Plaintiff prays for relief against Defendants, jointly and severally, as follows:

A.     Compensatory damages of at least $7,785,270;

B.     Treble damages of $23,355,810;

C.     Punitive damages (absent trebling) of not less than $8,000,000;

D.     A declaration that Plaintiff did not infringe the trademark or other intellectual property rights of Defendants or their privies;

E.     Attorney fees and costs; and

F.     Such other and further relief as the Court may order.

## JURY DEMAND

Plaintiff demands a trial by jury as to all triable issues.

**LAW OFFICE OF MARK SCHLACHET**

/s/ *Mark Schlachet*
Mark Schlachet (admitted PHV)
3515 Severn Road
Cleveland, OH 44118
Telephone: (216) 225-7559
Facsimile: (216) 932-5390 Email:
markschlachet@me.com

*Attorney for Plaintiff Thimes Solutions Inc.*

**LA LAW GROUP, APLC**
/s/ *Christopher J. Hammond* Christopher J.
Hammond (SBN 150024) 21540 Prairie
Street, Unit A Chatsworth, CA 91311
Telephone: (866) 625-2529
Facsimile: (866) 463-9285
Email: chammond@bizlawpro.com

*Attorney for Plaintiff Thimes Solutions Inc.*

**CERTIFICATE OF SERVICE OF AMENDED COMPLAINT**

Undersigned  counsel to Plaintiff Thimes Solutions Inc. hereby certifies that on January

13, 2020 all parties entitled to service via the Court's ECF system were served accordingly.


/s/Mark Schlachet_____
Mark Schlachet

27
SECOND AMENDED COMPLAINT
CV 19-10374 PA

# EXHIBIT B

MARK POE (S.B. #223714)
 mpoe@gawpoe.com
RANDOLPH GAW (S.B. #223718)
 rgaw@gawpoe.com
VICTOR MENG (S.B. #254102)
 vmeng@gawpoe.com
GAW | POE LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

MARK SCHLACHET (*pro hac vice*)
 markschlachet@me.com
43 West 43d Street, Suite 220
New York, New York 10036
Telephone: (216) 225-7559
Facsimile: (216) 932-5390

FILED
CLERK, U.S. DISTRICT COURT

May 27, 2022

CENTRAL DISTRICT OF CALIFORNIA
BY: jgr          DEPUTY

Attorneys for Plaintiff
Thimes Solutions, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS, INC., | Case No. 2:19-CV-10374-SB-E |
| Plaintiff, | **AMENDED FIFTH AMENDED COMPLAINT** |
| v. | JURY TRIAL DEMANDED |
| TP-LINK USA CORPORATION and AUCTION BROTHERS, INC. d/b/a AMAZZIA | |
| Defendants. | |

Plaintiff Thimes Solutions, Inc. dba Universal Goods & Sales ("TSI"), alleges on knowledge as to itself, but otherwise on information and belief, as follows:

## INTRODUCTION

1.     This case is about greed disguised as "brand protection."  With the advent of Amazon has come a fight for the right (or wrong) to display goods in the ecommerce space owned and controlled by Amazon, i.e. amazon.com.  A former Investigation Specialist for Amazon's Seller Performance team, Chris McCabe, has written about the misuse of the Amazon rights reporting system.  In his article, "Have you noticed How Unpredictable Amazon's Notice Infringement teams are now?" https://www.ecommercechris.com/have-you-noticed-how-unpredictable-amazons-notice-infringement-teams-are-now/(February 21, 2019), Mr. McCabe observes (Exhibit 1):

- Amazon's Notice Claim of Infringement Teams exist in theory to process intellectual property violations on the Amazon Marketplace at amazon.com;

- In practice, trademark and other violations can come from anywhere, allege anything, and are rife with abuse;

- The work of the Notice teams, though attempting to combat rampant abuse, has backslided of late to the point where Amazon's response to contested Intellectual Property Complaints makes "little to no sense;"

- Amazon harshly enforces the brand owner complaints of counterfeiting by requiring at most that brand owners attest to having "test bought" the allegedly counterfeit product from the alleged counterfeiter;

- Suspensions and expulsions from the Marketplace follow "bizarre behavior" on Amazon's part, where the reasons for adverse actions are highly mercurial, *re*stated repeatedly, and often have nothing to do with the reason for the suspension or expulsion; and

- Accused sellers—in particular those with a history of notice claims (as many sellers have)--are left in a virtual "twilight zone" where they are not told and cannot learn the true reasons for harsh—at times lethal—action taken against their businesses.

AMENDED FIFTH AMENDED COMPLAINT
CASE NO. 2:19-CV-10374-SB-E

2.      Unscrupulous brand owners, well aware of the above Notice Infringement landscape, take unilateral action and use "brand protection services" to assist them in "knocking off unwanted sellers."  *Id.*

3.      Plaintiff Thimes Solutions Inc. dba Universal Goods & Sales ("TSI") is a  Suffern, New York business that operates within a market niche which serves as a valuable, efficient segment of the economy.   Succinctly, the model is buying something cheaply from a down-stream distributor—typically a close out purchaser or the like that purchased sealed product exactly as put into the stream of commerce by the manufacturer--and selling it at an enhanced price point online, but often at a cheaper price than other sellers are selling it for, thus benefiting customers, who get authentic product at a discount.  Manufacturers, their "authorized distributors," and their "brand protectors" often seek means—some unlawful-- to eliminate such niche market competition.[1]

4.      Plaintiff TSI ordinarily buys product in the manufacturer's original packaging and does not repackage, modify, or otherwise change the product for resale.

5.      TSI  brings this suit following its commercial and financial ruination resulting from Defendants' libelous statements to Amazon and consequential tortious

---

[1]A copyright or trademark holder enjoys a "distribution right" and may initially sell, or not sell, copies of a copyrighted or trademarked item to others on such terms as he or she sees fit. However, the IP holder's exclusive distribution right is limited to the first sale of the coyprighted or trademarked item. Under the "first sale" docrine, codified at 17 U.S.C. § 109(a) "the distribution right may be exercised solely with respect to the initial disposition of copies of a work, not to prevent or restrict the resale or other further transfer of possession of such copies."  The Fair Use Doctrine, similar to the First Sale Doctrine, permits a seller to use a another's trademark to identify the former's goods, provided that no likelihood of confusion results as to the source of the product or the trademark holder's sponsorship or affiliation.  15 U.S.C. §115(b)(5)(A)-(C).  The First Sale Doctrine [also] protects resellers of genuine trademarked goods from claims of infringement. *Davidoff & CIE, S.A. v. PLD Int'l. Corp.,* 263 F.3d 1297, 1301 (11th Cir. 2001); *Hidalgo Corp. v. J. Kugel Designs, Inc.,* No. 05-20476-CIV-JORDAN/TORRES, 2006 U.S. Dist. LEXIS 96647, at *12 (S.D. Fla. 2006)

AMENDED FIFTH AMENDED COMPLAINT
CASE NO. 2:19-CV-10374-SB-E

interference with Plaintiff's existing and prospective business relationship with Amazon Services LLC.

6.  TSI became a third-party seller on Amazon in 2016.  To become an Amazon seller TSI signed Amazon's standard Business Solutions Agreement that, among other things, allowed Amazon to terminate TSI as a seller for any reason or for no reason at all.

7.  TSI sold over 175,000 products to customers on Amazon with a 98% lifetime positive feedback rating.  Plaintiff reached $2 million in sales during the first six months of 2018. As of its expulsion from Amazon, TSI was selling around $400,000-500,000 per month on amazon.com. Net margins were roughly 20%.  Now . . . there is only ruin.

## JURISDICTION AND VENUE

8.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the citizenship of the parties is diverse and the amount in controversy is in excess of $75,000, exclusive of costs and interest.

9.  Thimes Solutions Inc. was duly incorporated in New York on November 21, 2016 and maintains its principal place of business at 3 Litman Lane, Suffern, New York.  TP-Link USA Corporation was duly incorporated in California on October 15, 2008 and maintains its principal place of business at 145 South College Blvd., Suite 400, in Brea, CA 92821.Auction Brothers, Inc. dba Amazzia was duly incorporated in California on May 31, 2005 and maintains its principal place of business at 19528 Ventura Blvd, #229, Tarzana, CA 91356.

10.  Defendant's activities were within the flow of, were intended to, and had a substantial effect on, interstate commerce because Plaintiff conducted business all over the country.

11.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b), (c) and (d).  A substantial part of the events giving rise to Plaintiff's claims occurred in this district, and Amazzia and TP-Link are residents of this district and their challenged

AMENDED FIFTH AMENDED COMPLAINT
CASE NO. 2:19-CV-10374-SB-E

conduct was initiated in this district including, without limitation, the transmission of the false statement at issue.

**FACTS**

**A.    TP-LINK USA, TP-LINK NORTH AMERICA, TOM LEI AND AUCTION BROTHERS, INC. dba AMAZZIA**

12.    TP-Link USA Corporation ("TP-Link" or "USA" at times), operates as an indirect subsidiary of TP-LINK Technologies Co., Ltd. ("TPC"), a Chinese parent company.  The parent TP-Link has lately been the world's number one provider of Wi-Fi products, shipping over 160 million products around the globe during 2016.

13.    USA was originally a subsidiary of TPC but is now a subsidiary of TP-Link UK Limited.  It manufactures and supplies networking products for home and small business, known as SOHO and SMB.  Examples are switches, routers, and components for wireless systems.

14.    TP-Link USA's products are available at substantially all major electronics retailers, online and in-store, throughout the country, including amazon.com, jet.com, Best Buy, COSTCO, Home Depot, Office Depot, Sam's Club, Sears, Staples, Target, and Walmart.[2]

15.    TP-Link North America ("TPN" or "North America" at times) functions as an alter ego of USA and its business offices are located at the latter's principal address in Brea, CA, while it handles TP-Link warehousing a few miles away in Fontana, CA.  TPN merged into USA on November 26, 2019.  TPN was a fictitious name, duly registered under California law, at all relevant times..

16.    TP-Link's LinkedIn page has listed at least two (2) dual positions, believed to be at issue here, held under simultaneous employment by USA and TPN:

- Director of E-commerce at TP-Link North America, Inc.
  Greater Los Angeles Area
  Current: Senior Channel Strategy Manager,B2B at **TP**

---

[2] https://www.tp-link.com/us/where-to-buy

AMENDED FIFTH AMENDED COMPLAINT
CASE NO. 2:19-CV-10374-SB-E

Link USA Corporation[3]

- Channel Strategy Manager, Ecom at TP-Link USA Corporation Hangzhou, Zhejiang, China
  Current: Channel Strategy Manager, Ecom at **TP-Link** North America, Inc.[4]

17. USA and Amazzia published written complaints to Amazon, libelous per se, charging Plaintiff with at least 28 instances of infringing TP-Link intellectual property by listing or selling counterfeit goods (on 27 occasions) on amazon.com or otherwise infringing a trademark (on one occasion) ("IP Complaints").[5]

18. TP-Link's fraudulent IP Complaints directly caused Plaintiff's suspension from the Marketplace in May 2018 and also caused TSI's permanent expulsion as a seller on the Amazon website, effective on or about August 27, 2018.

19. TP-Link retained Amazzia, to monitor specific TP-Link products on the Amazon marketplace and do a "third-party seller clean up" of those selling TP-Link products outside TP-Link's authorized distribution channels.

20. Amazzia describes itself as follows:

As your dedicated partner, we keep your brand safe from unauthorized agents, ensure Amazon compliant distribution and amazing growth through price protection, optimization and targeted marketing.

. . . .

**Removing Un-Authorized Sellers**
Effective and proven strategies to report and remove Un-Authorized Resellers from your listings

---

[3] https://www.linkedin.com/company/tp-link/ at **See all 78 employees on LinkedIn**, Screen 1 (last visited on June 3, 2018)
[4] *Id.* at Screen 8.
[5] Plaintiff is informed and believes that IP complaints are prepared with an online system that does not provide the complainant with a completed copy. See https://www.amazon.com/gp/help/reports/infringement  Amazon provides the accused with an edited and redacted version of the allegations in an email from the Seller Support group of Amazon. The allegations of the emailed version include the word "counterfeit," or "infringement," the Amazon Stock Identification Number(s) ("ASINs") allegedly counterfeited or infringed, an Amazon complaint ID number, the complainant company name, and an email address to contact with a view to resolution. The entire text of the allegations and the signature of the person or entity who filed the complaint are not disclosed.

AMENDED FIFTH AMENDED COMPLAINT
CASE NO. 2:19-CV-10374-SB-E

21.    Amazzia's primary focus is removing lawful Amazon offerings from the Marketplace:

> Unauthorized resellers corrupt the online marketplace with reckless, self-serving tactics, causing price erosion and negatively impacting your brand's image.

> Under these circumstances your legitimate brick & mortar retailers are unable to compete with online prices and may refuse to carry your brand.

22.    Amazzia's Vice-President of Brand Protection William Samuel articulates his role quite simply:[6]

> As the Vice President of Brand Protection at Amazzia, I ensure the protection of my clients' brands by identifying and eliminating unauthorized Amazon sellers. **The increasing number of MAP violators in the Amazon marketplace is astounding**! Rogue marketplace sellers can damage your brand and undercut your bottom line by selling products at extremely low discounted rates. (emphasis added)

23.    Amazzia makes clear in publicly available promotions that the real problem with third-party sellers is that that they may *try* to compete on price:

> Not all third-party sellers are ethical, and some may try to undercut you and misrepresent your brand. **The main risk involves companies deviating from your minimum advertised price.** This results in having your brand's value lowered. There's also the risk of bad brand representation if consumers experience poor customer service with any unauthorized third-party sellers. As a result, customers associate those bad experiences with your brand.                    . . . .
> **Amazzia can protect your brand by preventing MAP violations** . . . (emphasis added)

24.    Amazzia entered into a TP-Link-Amazon Brand Protection Agreement under which (i) Amazzia committed to an "Amazon cleanup," (ii) TP-Link provided Amazzia with specific ASIN's to be watched, (iii) Amazzia promised to "report non-compliant sellers to Amazon until they are removed by Amazon" (iv) Amazzia's commitment was to rid the Marketplace of "resellers" as follows: "50% .of resellers to be removed in 60 days, 75% in 90 days, and 90% in 120 days," and (v) Amazzia

---

[6] https://www.linkedin.com/in/william-samuel-0825a071/

AMENDED FIFTH AMENDED COMPLAINT
CASE NO. 2:19-CV-10374-SB-E

promised TP-Link "full access to our team for any questions regarding the cleanup project." See Exhibit 9 at Exhibit A thereto.[7]

25.     Unable to eliminate TSI sales as "unauthorized" or "discounted"—all perfectly lawful--Amazzia sent fraudulent IP complaints to Amazon charging Plaintiff with counterfeiting, at all times acting in concert with and on behalf of TP-Link, and with the latter's actual authority and instructions.

26.     Amazzia  directly caused Plaintiff's May suspension and permanent expulsion from the Amazon Marketplace  in coordination with the following scheme:

- On January 8, 2018 Plaintiff purchased 360 TP-Link AC5400 Routers from a reputable supplier with which Plaintiff has dealt extensively. Plaintiff has possession of approximately 100 of these items to date, all of which are authentic and not counterfeit.  Amazon continues to hold a number of Plaintiff's TP-Link AC5400 Routers.

- One Tom Lei (Screen name "amazon91773"), a TP-Link  employee, operated out of TPN's warehouse facility in Fontana, CA, attempting through various means, some illegal, to kill off Amazon-related competition to USA from competitors that are not so-called Authorized Resellers.

- Mr. Lei's purchases of TP-Link products from TSI, in his own name (using USA funding or reimbursement) and without disclosure of TP-Link involvement,  occurred on January 18, 2018 (2 AC5400 Routers) and March 5, 2018 (6 AC1200 Routers in three (3) separate transactions).  Exhibit 2 hereto.  He received the items at Defendants' Fontana CA warehouse, examined the products, and knew from such examinations that the products were authentic and not counterfeit. Notwithstanding this knowledge, Mr. Lei or those acting in concert with him libeled TSI *27 times* during January-June 2018 for selling counterfeit  USA  products  and  otherwise  infringing  TP-Link's intellectual property.

- Mr. Lei's initial purchase of two (2) AC 5400's establishes that TP-Link's sole intent *ab initio* was to eliminate Plaintiff's sales of TP-Link products from the competitive marketplace, as the circumstances of the initial  January 19th complaint alleging counterfeit goods proves:

   o     The  complaint  addressed  an  ASIN: B01DXVK3KY,  TP-Link

---

[7] Exhibit 9, the Declaration of Kevin Ryu was submitted by TP-Link in *Careful Shopper*.  Exhibit A thereto was identified as "a true and correct copy of TP-Link's contract with Amazzia. *Careful Shopper LLC v. TP-Link USA Corporation*, Case 1:18-cv-03019-RJD-RML Document 35-1 Filed 02/27/19.

AMENDED FIFTH AMENDED COMPLAINT
CASE NO. 2:19-CV-10374-SB-E

AC5400 Wireless Wi-Fi MU-MIMO Tri-Band Router

- o Amazon's warning letter, which recites an earlier IP complaint from TP-Link, was received at 4:33 PM on 19 January 2018

- o Amazon lodged the Router with UPS for delivery to TP-Link on January 19, 2018 (Exhibit 3)

- o The Router was not delivered to Mr. Lei until January 22, 2018, three days *after* swearing to Amazon that the Router was test-purchased and found to be counterfeit (Exhibit 4).

TP-Link *targeted* TSI for elimination and in its haste lodged its libelous IP complaint before receiving the Routers! [8]

27. During 2018 TP-Link complained to Amazon on at least 28 separate occasions, all or substantially all of which alleged counterfeiting:

- Jan 19th: us-compliance@tp-link.com
- Jan 21st: us-compliance@tp-link.com
- Jan 26th: us-compliance@tp-link.com
- Feb 14th: compliance-us@tp-link.com
- Feb 21st: compliance-us@tp-link.com
- Feb 28th: compliance-us@tp-link.com[9]
- Mar 2nd: compliance-us@tp-link.com
- Mar 3rd: compliance-us@tp-link.com
- Mar 10th: compliance-us@tp-link.com
- Mar 13th: compliance-us@tp-link.com
- Mar 21st: compliance-us@tp-link.com
- Mar 31st: compliance-usa@tp-link.com
- Apr 2nd: compliance-usa@tp-link.com
- Apr 5th: compliance-usa@tp-link.com
- Apr 6th: compliance-usa@tp-link.com
- Apt 7th: compliance-usa@tp-link.com

---

[8] After receiving the first TP-Link-instigated Notice from Amazon, Plaintiff researched its sales of the TP-Link AC 5400 Router and searched the purchaser's address on Google, thereby identifying TP-Link as the purchaser of two (2) AC5400 Routers.

[9] On this instance alone, TP-Link claimed trademark infringement, but not counterfeiting.

AMENDED FIFTH AMENDED COMPLAINT
CASE NO. 2:19-CV-10374-SB-E

- Apr 9th: compliance-usa@tp-link.com
- Apr 10th: compliance-usa@tp-link.com
- Apr 11th: compliance-usa@tp-link.com
- Apr 12th: compliance-usa@tp-link.com
- Apr 24th: compliance-usa@tp-link.com
- Apr 25th: compliance-usa@tp-link.com
- Apr 26th: compliance-usa@tp-link.com
- Apr 30th: compliance-usa@tp-link.com
- May 28th: compliance-usa@tp-link.com
- May 30th: compliance-usa@tp-link.com
- Jun 7th: compliance-us@tp-link.com
- June 21st: compliance.usa@tp-link.com

28.     TP-Link/Amazzia used four (4) different identities in complaining to Amazon, indicating a combination and conspiracy, to wit:   compliance-us@tp link.com,         compliance-usa@tp-link.com,         us-compliance@tp-link.com and   compliance.usa@tp-link.com[10]   On information and belief, the only email address available to Amazzia was compliance-usa@tp-link.com.

## FALSE INFRINGEMENT CLAIMS AT AMAZON

29.     In the April 2018 article by Chris McCabe ("McCabe"), discussed *supra,* the renowned expert in Amazon Seller Performance issues, McCabe summarizes "[h]ow unethical sellers abuse the system with bogus IP, trademark, copyright and patent reports:"[11]

> **Unfortunately, word is out among potential Notice claim abusers that anyone can submit a form.** Amazon are not worried about additional vetting or verification processes. Investigators merely check the form for completed content in all the right spaces, kill the listings and send off the notifications. They don't independently verify that any of the information is actually correct, or valid. The rights owner makes

---

[10] TP-Link has admitted in other litigation Amazzia's use of compliance-usa@tp-link.com. See Exhibit 9 hereto at ¶4.
[11] McCabe is a former Investigation Specialist for Amazon's Seller Performance team.  His article is "False Infringement Claims are Rife on Amazon," at https://www.webretailer.com/lean-commerce/false-infringement-claims-amazon/.

AMENDED FIFTH AMENDED COMPLAINT
CASE NO. 2:19-CV-10374-SB-E

a legally-binding declaration in the form, and signs it.

30.     TP-Link/TPN/Amazzia was the unethical seller in the instant case when it falsely executed IP Complaints against TSI and, even if it issued the first complaint (1/19/18) as an honest mistake (it did not), it received a sincere offer to pursue the truth that same day . . .  but did not retract its evil report; in fact, it issued some two (2) dozen additional reports and hereby sealed TSI's doom.

31.     TP-Link/TPN/Amazzia acted maliciously and intentionally in reporting to Amazon that TSI was listing counterfeit products and, in fact, about two dozen reports were issued in conscious disregard of the truth.

**THE ROLE OF TRADEMARK INFRINGEMENT IN THIS PICTURE**

32.     TP-Link sought in related litigation in this Court to justify its IP (counterfeit) complaints with a purported trademark infringement theory based on a purported disclaimer of its manufacturer's limited warranty as to Gray Market purchasers of its products, thus making products sold to Gray Market purchasers "materially different."[12]  Even if in good faith (which it was not), however, such a trademark infringement claim did not justify reporting Plaintiff to Amazon as a counterfeiter.

33.     Counterfeiting is the 'hard core' or 'first degree' of trademark infringement that seeks to trick the consumer into believing he or she is getting the genuine article, rather than a 'colorable imitation.'" *Gucci Am., Inc. v. Guess?, Inc.*, 868 F. Supp. 2d 207, 242 (S.D.N.Y. 2012).  Trademark infringement, on the other hand, is defined as the unauthorized use of a trademark or service mark, i.e. *the same product* bearing the mark without required permission.

34.     When TP-Link complained of trademark infringement, Amazon rejected the complaint.  When TP-Link complained of "counterfeiting," Amazon expelled TSI with permanence.  Amazzia is the Amazon expert and planned this

---

[12] A "Gray market" refers to the trade of a commodity through distribution channels that are not authorized by the original manufacturer or trademark proprietor.

AMENDED FIFTH AMENDED COMPLAINT
CASE NO. 2:19-CV-10374-SB-E

conspiracy with expressed knowledge and intent to "remove" Gray Market sellers.

35.     For the reasons stated in the next three (3) paragraphs hereof, TP-Link's sole predicate for its wrongdoing, i.e. that its limited warranty did not convey to TSI purchasers (which would not justify a *counterfeit* IP complaint in any event), is a pretext , a mere illusion to justify some complaint--any complaint--with unauthorized below-MAP sellers.[13]

36.     TSI was not an "unauthorized seller" except in the commonly-understood sense that it was not specifically authorized under any distributorship agreement (or similar agreement) by TP-Link to purchase TP-Link products directly from TP-Link and thereafter resell such products. In all other respects, TSI was "authorized" by law to sell genuine TP-Link products.

37.     TSI was authorized under its agreement with Amazon to sell TP-Link products on amazon.com; *and TP-Link consented in its agreement with Amazon to abide by Amazon's policies which authorized Gray Market sellers to resell the trademarked goods of others without restraint on the Amazon Marketplace.*

38.     Under the First Sale Doctrine TSI was fully within its rights in lawfully acquiring authentic TP-Link products, as it did in all instances of purchase of TP-link products, and listing and selling such products on Amazon.

39.     Moreover, TSI sales of TP-Link products on Amazon *did* convey the manufacturer's warranty (because under NYGBL §369-b any disclaimer was invalid); hence, such products were *not* materially different than other genuine TP-Link products, because:

- TP-Link never enforced any such disclaimer against any of its Gray Market customers prior to the advent of this litigation. Based on discovery received to date in *Careful Shopper*, TP-Link did not require, from registered owners of TP-Link products seeking warranty assistance, proof of purchase disclosing seller identity until September 2019 at the earliest.

---

[13] A **MAP price** is a minimum amount that resellers agree not to advertise below.

- Purchasers of TP-Link products on Amazon designated (in the registration temple) their seller as Amazon. TP-Link had no way—and sought no way-- to distinguish as between Amazon purchasers of TP-Link products sourced from "authorized" and "unauthorized" sellers.

- Most significant, as a matter of law Section 369-b of New York's General Business Law, invalidating any warranty limitation actuated because "such merchandise is sold by a particular dealer," preserved the warranty for all Careful Shopper customers. *Bel Canto Design, Ltd. v. MSS Hifi, Inc.*, 837 F. Supp.2d 208, 228 (S.D.N.Y. 2011); see also *Technomarine SA v. Jacob Time, Inc.*, 2012 U.S. Dist. LEXIS 90261 n.3 (S.D.N.Y. 2012)

40. Amazzia is generally malevolent toward the public, has conducted itself as above described with respect to numerous innocent vendors, wantonly destroys businesses of others for pay and, by reason of the foregoing, is (along with TP-Link) subject to punitive damages herein. For example upon information and belief, Amazzia directly or indirectly sells products on Amazon through multiple seller accounts, often buying them from the same brands they contract with to provide "brand protection services," and subsequently files false counterfeit complaints against their competitors on Amazon.

41. Immediately upon receipt of the first IP-complaint of January 19, 2018 Plaintiff emailed TP-Link at the designated address in an effort to satisfy TP-Link that TSI's product was authentic and not counterfeit (Exhibit 5):

1
2
3
4
5
6
7
8
9
10
11
12
13



Avi Eisenberg 1/19/2018
to us-compliance, notice-dispute

We received an email from Amazon today stating that TP-Link
is asserting that items sold by us (under the storefront
"Universal Goods and Sales", merchant ID A1Q1VKNP5VVQEY,
ASIN B01DXVK3KY, Complaint ID: 1359628881
) are counterfeit. We take all reports of Intellectual Property
Rights Infringement seriously.

These items were purchased from a reputable distributor and
are not counterfeit.

Please be aware that Amazon has stated that our account is
under review as a result of the allegations. If we suffer
damages as a result of your incorrect allegations, you may be
liable.

We respectfully request for a retraction to be sent to notice-
dispute@amazon.com stating that the original allegations
were made in error. If you believe the allegations are correct,
please provide us with all evidence you have obtained to
support your claim of infringement. We are aware of one
purchase by TP-link of 2 of our units that were offered; as of
the time of this email, Jan 19th, this has not been delivered
and is currently in transit. Please advise if any other units have
been purchased by TP-link.

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

42.    TP-Link did not respond to Plaintiff's letter, Exhibit 5; nor did Amazzia. During this litigation TSI has disclosed its sources of product to TP-Link.  TP-Link has not challenged the reputability of Plaintiff's sources of product, although it filed a Rule 26(f) Report since being so advised.

43.    Plaintiff then engaged expert Amazon counsel who emailed a letter to TP-Link on February 1, 2018 (Exhibit 6):

In accordance with Amazon policy, in order to report an item is counterfeit, a test buy must be performed in order to verify the claimed differences are present between the accused product and the rights owner's product. As such, we are writing to request the specific basis for your counterfeit claims, including the test buy purchase information provided to Amazon to support your claims.

TP-Link did not respond to counsel's letter.

44.    On May 7, 2018 Plaintiff was suspended (with appeal rights) from selling on Amazon by reason of TP-Link's IP complaints (Exhibit 7):

You have listings that infringe on the intellectual property rights of others. This is against our policies. The removed items can be seen on the Performance

AMENDED FIFTH AMENDED COMPLAINT
CASE NO. 2:19-CV-10374-SB-E

Notifications page in Seller Central. As a result, you may no longer sell on Amazon.com, and your listings have been removed from our site.

45.    Plaintiff appealed and got reinstated from the May 7th suspension, but TP-Link continued its onslaught on May 28 and 30, and on June 14 and 21.  Exhibit 8.

46.    The record of TP-Link complaints, subject to Amazon's algorithmic surveil, caused Plaintiff's permanent expulsion (without appeal rights) from the Amazon Marketplace on August 27, 2018.  This result from Amazzia's IP reporting was predictable to Amazon experts.  *McCabe, supra.*

47.    All IP complaints (i) filed by TP-Link and/or Amazzia, and (ii) alleging TSI's counterfeiting, were filed under false attestation:[14]

**Statements**

"I have a good faith belief that the content(s) described above violate(s) my rights described above or those held by the rights owner, and that the use of such content(s) is contrary to law."

"I declare, under penalty of perjury, that the information contained in this notification is correct and accurate and that I am the owner or agent of the owner of the rights described above."

48.    Conspirators TP-Link and Amazzia had ample opportunity and did in fact, albeit surreptitiously, test purchase many of TSI's TP-Link offerings to determine authenticity. Exhibit 1 hereto.  All were authentic and TP-Link has never stated to the contrary except, of course, as necessary to incite Amazon's punitive measures upon TSI. It chose to allege TSI's "counterfeiting operation" with no factual basis whatever and in the face of all contra-indications.  Such actions were malicious.

49.    TP-Link, having sought refuge in Noerr-Pennington in Careful-Shopper, we will plead to the issue here.  The series of events pled within were a "sham" within Noerr Pennington parlance, and satisfy Noerr-Pennington's "sham

---

[14] https://www.amazon.com/gp/help/reports/infringement

AMENDED FIFTH AMENDED COMPLAINT
CASE NO. 2:19-CV-10374-SB-E

exception" as follows:[15]

- TP-Links IP complaints sounding in counterfeiting were objectively baseless, and TP-Link knew they were objectively baseless. Having made 4 test purchases through Mr. Lei, and having had opportunity to examine them, TP-Link knew of their authenticity.

- Upon information and belief, TP-Link filed IP complaints sounding in trademark infringement that were rejected by Amazon as non-actionable.

- Only by charging "counterfeiting" unendingly could TP-Link effect TSI's expulsion.

- Amazon has testified before Congress that that Rightsowners often "conflate" their IP rights with independent sellers' products' lacking authenticity; and Amazon disapproves of Rightowners so doing.[16]

- TP-Link found a "hired gun" in Amazzia and contracted to eliminate third party sellers as follows: "50% of resellers to be removed in 60 days, 75% in 90 days, and 90% in 120 days," without regard to whether such resellers' conduct was wrongful; Exhibit 9 at Exhibit A.

- As per Amazzia's online promotional material, i.e. "Amazzia can protect your brand by preventing MAP violations," the foregoing conspiracy existed to eliminate price competition;

---

[15] Under the Noerr-Pennington doctrine, a **sham** petition is one that is ostensibly directed toward influencing governmental action but that is a mere **sham** to cover an attempt to interfere directly with the business relationships of a competitor. *Tichinin v. City of Morgan Hill*, 177 Cal. App. 4th 1049, 1050, 99 Cal. Rptr. 3d 661, 666 (2009)

[16] http://docs.house.gov/meetings/JU/JU05/20190716/109793/HHRG-116-JU05-20190716-SD038.pdf

Amazon seeks to provide its customers with the widest possible selection of products at competitive prices. One way Amazon has sought to provide this selection is by making it easy for sellers of authentic products to open selling accounts and sell a wide variety of products directly to Amazon's customers in Amazon's store. Brands often conflate the question of whether goods are authentic (not counterfeit) with whether a particular seller is "authorized" (meaning they have a contract with the manufacturer). There are many legal sources of authentic supply in addition to resellers specifically authorized by the brand. These include liquidation or sale by authorized retailers, and supply from other wholesalers and distributors—who are sometimes also used by brands themselves to move merchandise. Amazon goes to great lengths to assure the authenticity of products, preventing bad actors from opening selling accounts or selling counterfeit products in its store. But, we do not require that sellers have a direct contractual relationship with a product's manufacturer, as doing so could prevent sellers—many of whom are small and medium sized businesses—from legally selling these products in our store at competitive prices.

- Such a purpose and effect of collaborative action violates the common law.

- IP complaints now defended by TP-Link serve to "conceal[] an attempt to interfere *directly* with the business relationships of a competitor," i.e. TSI. *Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60, 113 S. Ct. 1920, 123 L. Ed. 2d 611 (1993) (*PRE*); see also *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 938 (9th Cir. 2006).

- "[N]o reasonable [Amazon seller] could realistically expect success on the merits" of the IP complaints, 508 U.S. at 60.

- The IP complaints sounding in counterfeiting were, therefore, not    ["'communications preparatory to or in anticipation of bringing an action or other official proceeding'  and are therefore unprotected by Noerr-Pennington.

### B.    ALLEGATIONS APPLICABLE TO ALL DEFENDANTS

50.    But for Defendants' IP complaints to Amazon TSI would not have been expelled from the Amazon Marketplace.

51.    Plaintiff exhausted all possible administrative options at Amazon, including appellate procedures.   Plaintiff was permanently expelled nonetheless.

52.    By reason of the expulsion Plaintiff was unable to sell its aging inventory (at least $1.1 million) or access its funds in Amazon's hands (about $80,000).  Plaintiff was forced to hire counsel at substantial expense.

53.    There exists no alternate, comparable platform (to Amazon) whereby a third-party seller can earn a living, as approximately one-half of all online retail sales are made on amazon.com, and the other half of online retail sales are diffused amongst millions of websites.

54.    The above cascade of adversities drove Plaintiff to financial ruination, destroying a business producing, just prior to expulsion, profit of approximately $100,000 per month.  Accordingly, Plaintiff has been damaged, as a direct result of Defendants' actions alleged above in the approximate amount of $5,000,000.

55.    Defendants' actions and inactions, moreover, were calculated, willful, wanton, actually malicious and outrageous, so as to justify the imposition of punitive damages in an amount not less than $5,000,000, together with attorney fees to be

determined by the Court.

## CLAIM I: INTERFERENCE WITH EXISTING AND PROSPECTIVE BUSINESS RELATIONSHIPS

56.    Plaintiff incorporates the allegations above as though the same were re-written at length.

57.    "The elements of tortious interference with prospective economic advantage are: "(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant." *Korea Supply Co.*, 29 Cal. 4th at 1153. *Fresno Motors, Ltd. Liab. Co. v. Mercedes-Benz USA, Ltd. Liab. Co.*, 852 F. Supp. 2d 1280, 1292 n.12 (E.D. Cal. 2012)

58.    As of the spring of 2018 Plaintiff was a third-party seller on Amazon and thriving. Aside from a single imposter's complaint, the only IP complaints alleging sale of counterfeit products received by TSI from Amazon were the work of TP-Link and Amazzia.

59.    Experts believe that Amazon third-party sellers who pass a threshold of <$1MM in annual sales, known as "Top Sellers" (such as TSI), have considerable longevity in their Amazon business relationship. *See* https://www.marketplacepulse.com/articles/veteran-amazon-sellers-still-at-the-top For TSI "the sky was the limit."

60.    Defendants' accusations of counterfeiting, wrongful *per se*, made directly to Amazon, were for the improper purpose of suppressing competition; and those actions interfered with Plaintiff's existing and prospective business relationship with Amazon.

61.    The accusations aforesaid proximately caused Plaintiff's expulsion.

62.     The statements were made maliciously and with ill will, as business entities do not lie dozens of times and turn a stone deaf ear to pleas for moderation absent a strong measure of ill will

63.     Amazon stated that it would act favorably if TP-Link/Amazzia would retract the accusations; but, despite TSI requesting a retraction and asking for evidence of TP-Link/Amazzia's claims, both directly and through counsel, TP-Link/Amazzia refused to retract the IP Complaints or even respond to TSI or counsel at all and indeed continued to file dozens of new complaints afterwards."

64.     Defendants' acts destroyed Plaintiff's relationship with Amazon, thereby causing the destruction of Plaintiff's Amazon business.  TSI's last six (6) months of unimpeded Amazon-related operations showed net profits of $368,000. Using a 20% profit figure because our net profits ($368,000) derived from $1.819. Assuming a 10-year income stream for TSI, constant sales and static income of $900,000 per year, discounted at 3%,  we calculate damages at a Present Value of $7,785,270, after discounting by $1,214,730 total cash flows of $9,000,000.

## CLAIM II:  TRADE LIBEL

65.     Plaintiff incorporates the above allegations as though the same were rewritten at length.

66.     Under California law:

The elements of a defamation claim are (1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage." *Jackson v. Mayweather*, 10 Cal. App. 5th 1240, 1259, 217 Cal. Rptr. 3d 234 (2017) (quoting *John Doe 2 v. Superior Court*, 1 Cal. App. 5th 1300, 1312, 206 Cal. Rptr. 3d 60 (2016)), as modified (Apr. 19, 2017), review denied (June 28, 2017). "Libel is a form of defamation effected in writing." *John Doe 2*, 1 Cal. App. 5th at 1312. The writing must be "false and unprivileged" and "expose[] [plaintiff] to hatred, contempt, ridicule, or obloquy, or . . . cause[] him to be shunned or avoided, or . . . ha[ve] a tendency

AMENDED FIFTH AMENDED COMPLAINT
CASE NO. 2:19-CV-10374-SB-E

to injure him in his occupation." <u>Cal. Civ. Code § 45.</u>' *Schmidt v. Baldy*, No. CV 16-9368-DSF (AGRx), <u>2019 U.S. Dist. LEXIS 182826, at *18</u> (C.D. Cal. Oct. 19, 2019Defendants' libelous IP complaints to Amazon proximately caused Amazon to expel_Plaintiff from the Marketplace on August 27, 2018 with no right of appeal, thereby destroying Plaintiff's enjoyment of its contract with Amazon, as identified in ¶7 *supra.*

67.    TP-Link /Amazzia's scheming accusations falsely charged TSI with a serious crime or crimes.  Advertising falsely over the interstate wires may violate 18 U.S.C. 1343 because members of the public part with their money by reason of advertising. Moreover, this is not the only instance of defendants' scheme, to wit: there is pending in this Court the case of *TP-Link USA Corporation v. Careful Shopper,*[17] with counterclaims and third-party complaint premised on the same essential allegations as this case.

68.    The Amazzia promotional material and contract evidence a high probability that many more third-party sellers have fallen victim to this scheme but, as the conspirators calculated, those victims are unable to mount a lawsuit against the largest wi-fi manufacturer in the world, i.e. TP-Link.  Thus, on information and belief, plaintiff alleges that the conspiracy alleged herein was effected through a pattern of wrongful acts and conduct.

69.    Defendants' accusations against Plaintiff to Amazon directly injured Plaintiff in its business and trade because, as they knew, Amazon will not tolerate repeat counterfeiters as Amazon sellers.

70.    Defendants' accusations against Plaintiff constitute trade libel *per se.*

71.    Although injury may be presumed due to libel *per se,* Plaintiff suffered above and beyond presumed damages, e.g. loss of profits.  See ¶7 *supra.*  Further, TSI lost good will specific to the TSI-Amazon relationship that cannot be recovered including, *inter alia,* Plaintiff's right to sell a broad range of products on

---

[17] CASE NO:  8:19-cv-00082-JLS-KES

AMENDED FIFTH AMENDED COMPLAINT
CASE NO. 2:19-CV-10374-SB-E

amazon.com, much of which entitlement was grandfathered.[18]

## **PRAYER**

**WHEREFORE**, Plaintiff prays for relief against Defendants, jointly and severally, as follows:

A.     Compensatory damages of at least $5,000,000;

B.     Treble damages of $15,000,000;

C.     Punitive damages of not less than $5,000,000;

D.     Attorney fees and costs; and

E.     Such other and further relief as the Court may order.

Dated: May 23, 2022         GAW | POE LLP

By: _____

Mark Poe

Attorneys for Plaintiff
Thimes Solutions, Inc.

---

[18] As an established third-party seller, Plaintiff was entitled to sell many products that a new seller would be precluded from selling based upon Amazon's "gating" and other restrictions.

- 20 -

1        Plaintiff Thimes Solutions, Inc. hereby demand a jury trial for its claims

2    against Defendants TP-Link USA Corporation and Auction Brothers, Inc. d/b/a

3    Amazzia.

4

5        Dated: May 23, 2022        GAW | POE LLP

6

7        By: _____

8        Mark Poe
    Attorneys for Plaintiff Thimes

9        Solutions, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED FIFTH AMENDED COMPLAINT
CASE NO. 2:19-CV-10374-SB-E

# EXHIBIT C

## Notice: Policy Warning

**Amazon** <notice@amazon.com>
To: avi@thimessolutions.com

Sat, May 5, 2018 at 8:08 AM

Hello,

We received a report from a rights owner that you are listing counterfeit products. Sellers on Amazon.in are not allowed to create listings or detail pages for counterfeit goods.

We removed the content listed at the end of this email.We may let you list this content again if we receive a retraction of the complaint from the rights owner. Their contact information can be found below.

--amzseller@drinkiconic.com

If the rights owner agrees to retract their complaint, they must send the retraction to us at notice-dispute@amazon.in.

If you believe that the reported content is not counterfeit, you may email notice-dispute@amazon.in with supporting information.

If the rights owner does not retract their complaint, or you do not provide supporting information, we may provide your contact information to the rights owner upon their request.

We consider allegations of counterfeit a serious matter and your account is under review. If we receive more complaints about your listings, we may not allow you to sell on Amazon.in.

To learn more about this policy, search for 'Intellectual Property Violations' in Seller Central Help.

ASIN(s): B06ZY4TL37
Title:  Iconic Grass-Fed Protein Drink 3 Flavor Sampler Bundle, (1) Each: Vanilla Bean, Chocolate Truffle, Cafe Au Lait, 11.5 fl oz
Complaint ID: 5027352461
Infringement type: Counterfeit

Sincerely,
Amazon.com

THIMES00744



## Notice: Policy Warning

**Amazon** <notice@amazon.com>                                      Fri, May 4, 2018 at 3:23 AM
To: avi@thimessolutions.com

Hello,

We received a report from a rights owner concerning the authenticity of the products listed at the end of this email. We removed this content, but we may let you list these product(s) again if we receive a retraction of the complaint from the rights owner:

enforcement@mm-bluetooth.com

If the rights owner agrees to retract their complaint, they must send the retraction to us at notice-dispute@amazon.com.

If you believe that the reported content is authentic, you may email notice-dispute@amazon.com with proof of authenticity. This includes, but is not limited to, an invoice or Order ID.

We consider allegations of intellectual property infringement a serious matter. If we receive more complaints about your listings, we may not allow you to sell on Amazon.com.

To learn more about this policy, search for &ldquo;Intellectual Property Violations&rdquo; in Seller Central Help (https://sellercentral.amazon.com/gp/help/external/201361070).

ASIN: B004LNXO28
B004LWZ9MC
B00652G4TS
B0096L2SJ0
B00BALK9CM
B00E0GRRR4
B00FOUVRY4
B00GNBHB8E
B00HHDLMEQ
B00LWULXDK
B00QSA84A4
B00RM5YVO2
B00SZ3R282
B00SZAJMCY
B00VTHL1TC
B00YA2UK54
B018A526US
B01991GXP6
B019JY0EAS
B01AU1CISK
B01ETZRJD2
B01HB6VA90
B01M8M4R7K
B01MEDHLXS
B075GHHG7V

Infringement type: Counterfeit
Trademark asserted: 2911905
Complaint ID: 5022988311

You can learn more about your account health in the Performance section of Seller Central (https://sellercentral.amazon.com/gp/seller-rating/pages/performance-summary.html).

Sincerely,

 Gmail

# Notice: Policy Warning

**Amazon** <notice@amazon.com>                                             Thu, May 3, 2018 at 10:35 PM
To: avi@thimessolutions.com

Hello,

We received a report from a rights owner concerning the authenticity of the products listed at the end of this email. We removed this content, but we may let you list these product(s) again if we receive a retraction of the complaint from the rights owner:

-- dr.seuss@ybrandprotection.com

If the rights owner agrees to retract their complaint, they must send the retraction to us at notice-dispute@amazon.com.

If you believe that the reported content is authentic, you may email notice-dispute@amazon.com with proof of authenticity. This includes, but is not limited to, an invoice or Order ID.

We consider allegations of intellectual property infringement a serious matter. If we receive more complaints about your listings, we may not allow you to sell on Amazon.com.

To learn more about this policy, search for &ldquo;Intellectual Property Violations&rdquo; in Seller Central Help (https://sellercentral.amazon.com/gp/help/external/201361070).

ASIN:B01KSWUV80
B01KXVMS6E
B01LX5Y7VH
B01N02KV65
B00WAFG5MK
B01KXVN5G6
B00WAFG20U
B076MKY59Z
B075CY7B87
B01KXVNY30
B019E6SZX4
B01LWYJUG4
B01KXVNQUQ
B019E6SZYI
B078FXYFMQ
B01KXVMT9K
B00WAFOHW0
B01KXVKQ2W
B01LYL7FG0
B078WFK5F7
B01KXVNP02
B01FTTMSDS
B0773VXBTK
B01BZNSAEI
B01DBGMD8G
B01LXXRZPA
B01D5XRYQ6
B00WAFGCSC
B019E6SZZC
B00WAFG92Q
B01KXVNK3E
B01KXVO07E
B01D8K33ES
B01KXVMZ9O
B019E6SZWU
B01FTTMSAQ
B01KXVMZTO
B01KSWR8BI
B01KXVMLY8
B06XG9GV6Y

B01BZNSBY2
B01KX3ZLMC
B01N8SUR64
B01KXVNMSC
B01LY9DMNR
B0773VR5ZY
B01KXVNJ9Y
B075WZBGZQ
B00WAFODYC
B01KXVNOHG

Infringement type: Counterfeit
Trademark asserted: 4121888
Complaint ID: 5022475581

Sincerely,
Amazon Services

THIMES00748

Avi Eisenberg <avi@thimessolutions.com>

---

## Your Amazon.com Seller Account

---

**notice@amazon.com** <notice@amazon.com>                                              Sat, May 5, 2018 at 1:07 PM
Reply-To: "notice-dispute@amazon.com" <notice-dispute@amazon.com>
To: "avi@thimessolutions.com" <avi@thimessolutions.com>

Hello,

We received a report from a rights owner concerning the authenticity of the products listed at the end of this email. We removed this content, but we may let you list these product(s) again if we receive a retraction of the complaint from the rights owner:

-- etudehouse.compliance@hellocos.com / etude.fourth@hellocos.com

If the rights owner agrees to retract their complaint, they must send the retraction to us at notice-dispute@amazon.com.

If you believe that the reported content is authentic, you may email notice-dispute@amazon.com with proof of authenticity. This includes, but is not limited to, an invoice or Order ID.

We consider allegations of intellectual property infringement a serious matter. If we receive more complaints about your listings, we may not allow you to sell on Amazon.com.

To learn more about this policy, search for "Intellectual Property Violations" in Seller Central Help (https://sellercentral.amazon.com/gp/help/external/201361070).

ASIN: B00819JNLE
Infringement type: Counterfeit
Trademark asserted: 4541928
Complaint ID: 5027326691

You can learn more about your account health in the Performance section of Seller Central (https://sellercentral.amazon.com/gp/seller-rating/pages/performance-summary.html).

Sincerely,

Seller Performance Team
Amazon.com
https://www.amazon.com

 Gmail

Avi Eisenberg <avi@thimessolutions.com>

## Your Amazon.com selling privileges have been removed

**Amazon** <notice@amazon.com>                                             Sat, May 5, 2018 at 1:41 PM
To: avi@thimessolutions.com

Hello,

We received a report from a rights owner concerning the authenticity of the products listed at the end of this email. We removed this content, but we may let you list these product(s) again if we receive a retraction of the complaint from the rights owner:

karin@yellowbp.com
dr.seuss@ybrandprotection.com

If the rights owner agrees to retract their complaint, they must send the retraction to us at notice-dispute@amazon.com.

If you believe that the reported content is authentic, you may email notice-dispute@amazon.com with proof of authenticity. This includes, but is not limited to, an invoice or Order ID.

We consider allegations of intellectual property infringement a serious matter. If we receive more complaints about your listings, we may not allow you to sell on Amazon.com.

To learn more about this policy, search for &ldquo;Intellectual Property Violations&rdquo; in Seller Central Help (https://sellercentral.amazon.com/gp/help/external/201361070).

ASIN: B01LYWSZK2
B01LYWSZK2
B0774H64GV
B0774H64GV
B0773YLPY8
B0773XP59Q
B0773YC5QJ
B0773XYKKQ
B0773ZL4X4
B0773Y2V2G
B0773ZZK39
B0773Y4HTR
B0773YYMCK
B0773YN9FV
B01D5XRYQ6
B075FF3T3M
B07585NZQB
B01KSWUV80
B019KMKUH6
B019KMKUH6
B01M16U38R
B01M16U38R
B019KMKUGM
B019KMKUGM
B01FAKO2US
B01FAKO2US
B01KSWR8D6
B01KSWR8BI
B01DBGMD8G
B01N8SUR64
B01N02KV65
B01LY9DMNR
B01LYL7FG0
B01LXXRZPA
B078FXYFMQ
B078FXYFMQ
B01LWYJUG4
B01HKM74Z4
B01FTTMSB0
B01FTTMSB0

THIMES01119

B01FTTMSAG
B01FTTMSAG
B01LX5Y7VH
B01KX3ZLMU
B01KX3ZLMU
B01KX3ZLMU
B01KX3ZLMU
B075CY9ZXC
B075CXWNX6
B075CWLC51
B075CXY249
B075CST3QH
B075CYBRL8
B075CXWGWS
B075CYLSRJ
B075CXLBTS
B075CSQ8NZ
B075CXY8FH
B075CXWL74
B075CSRWYD
B075CXQGY7

Infringement type: Counterfeit
Trademark asserted: 85406593
Complaint ID:5027462061

You can learn more about your account health in the Performance section of Seller Central (https://sellercentral.amazon.com/gp/seller-rating/pages/performance-summary.html).

Sincerely,
Seller Performance Team
Amazon.com

THIMES01120

# EXHIBIT D



Avi Eisenberg <avi@thimessolutions.com>

## Your Amazon.com Selling Privileges have been removed

**Amazon** <seller-evaluation@amazon.com>                                   Thu, Jun 28, 2018 at 8:07 PM
Reply-To: Amazon <seller-evaluation@amazon.com>
To: "avi@thimessolutions.com" <avi@thimessolutions.com>



Hello,

Your account has been closed due to violations of our Seller Policies. Your use of the Mobile App to extract dangerous goods (hazmat) information from our systems is prohibited by our policies. As stated on the Prohibited Seller Activities and Actions page in Seller Central (https://sellercentral.amazon.com/gp/help/G200386250), if you upload excessive amounts of data repeatedly, or otherwise use our services in an excessive or unreasonable way, Amazon may restrict or block your access to product feeds or any other functions that are being misused until you stop your misuse. In addition, as stated in our Conditions of Use (https://www.amazon.com/gp/help/customer/display.html?nodeId=508088), you are not authorized to use any Amazon service to collect product listings or descriptions or use data mining, robots, or similar data gathering and extraction tools. Any derivative use of any Amazon service or its contents is also prohibited.

Funds will not be transferred to you but will stay in your account while we work with you to address this issue. If you have any open orders, please ship them.

Because we have warned you about similar activities in the past, your account has been suspended and will not be reactivated unless you acknowledge that you understand our policies, reaffirm your commitment to adhere to them, and communicate your plan of action to avoid these activities (and any similar activities) in the future. To sell on Amazon.com, please send us a plan that explains how you will address this problem.

For help creating your plan, search for "Appeal the Removal of Selling Privileges" in Seller Central Help. When you are ready to send us your plan, click the Appeal button next to this message on the Performance Notifications page in Seller Central (https://sellercentral.amazon.com/gp/customer-experience/perf-notifications.html).

Once we receive your plan, we will review it and decide whether you may sell on Amazon.com again. If you do not send an acceptable plan within 17 days, or if we agree to reinstate your account and later detect you engaging in these activities (or similar activities), we may cancel your listings and hold any funds in your account for up to 90 days.

Have questions? We can help right away. Contact us (https://sellercentral.amazon.com/cu/contact-us/performance)

Sincerely,
Seller Performance Team
Amazon.com
http://www.amazon.com

THIMES00311

# EXHIBIT E

**From:** Avi Eisenberg
**To:** Amazon
**Subject:** Re: Review of Your amazon.com Selling Account
**Date:** Thursday, July 26, 2018 12:17:57 PM

Dear Team:

Here is our plan of action how we will prevent similar complaints going forward.

We have instituted the following practices and trained all our employees on them:

1. We now only purchase from authorized distributors that are trusted to sell only authentic products.

2. We now inspect every product we purchase and compare against the product detail page to confirm every aspect matches to ensure a positive customer experience. We also inspect the condition to ensure it is in full compliance with the Condition Guidelines.

3. We now only sell products in packaging against listings that specify the correct kind of packaging, in accordance with the Condition Guidelines. This ensures that customers will get the products in the same packaging as promised.

4. Prior to shipping all orders to Amazon or customers, we now do a second inspection to confirm the products match the detail page to prevent any negative customer experiences from receiving an incorrect product.

These steps will protect the buyer experience and ensure similar concerns are avoided in the future.

Thank you.

On Wed, Jul 25, 2018 at 4:05 AM, Amazon <seller-performance-policy@amazon.com> wrote:



```
Hello,

We still need more information about your plan to address Inauthenticity
complaints.

Please reply to this email with a plan that explains:

-- Details how you will prevent similar complaints

Here are a few things to consider as you work on resolving this:
--Sourcing: Are you sourcing the product from a trusted supplier?
```

THIMES00596

--Listing: Is the product accurately described on Amazon? Have you ensured that there is no ambiguity and the customer is well informed?
--Packaging: Is the product in its original packaging as listed on Amazon?
-- Shipping: Have you taken all appropriate steps and quality checks to ensure that the product is stored, packed, and shipped appropriately?

Please review your communications from buyers to better understand the issues. Be as specific as possible in your plan. Do not limit your plan to issues with specific orders.

Get help creating your plan in Seller Central Help:
(https://sellercentral.amazon.com/gp/help/200370560)

Learn more about our policies in Seller Central Help:
-- Prohibited Seller Activities and Actions
(https://sellercentral.amazon.com/gp/help/200386250)
-- Product Detail Page Rules (https://sellercentral.amazon.com/gp/help/200390640)
-- Condition Guidelines (https://sellercentral.amazon.com/gp/help/200339950)

Have questions? Let us call you right away (https://sellercentral.amazon.com/cu/contact-us/performance).

Sincerely,
Seller Performance Team
amazon.com
http://www.amazon.com

THIMES00597

# EXHIBIT F



# Please review your listings

---

**seller-performance-policy-auto@amazon.com** <seller-performance-policy-auto@amazon.com>               Mon, May 14, 2018 at 1:18 AM
Reply-To: "seller-performance-policy-auto@amazon.com" <seller-performance-policy-auto@amazon.com>
To: "avi@thimessolutions.com" <avi@thimessolutions.com>

Hello,

We have removed your listing because of a buyer complaint about the condition of an item they received from you.

Examples of these items are at the end of this email.

Your listings are still active, but please resolve the issues that caused the complaint.

Review your listings and make sure that

- The items exactly match the product description on the detail page.
- The items are listed according to our Condition Guidelines.

You can edit your listings in the Inventory section of Seller Central. If we receive more complaints about your listings, we may not allow you to sell on Amazon.com.

You can see the health of your account in the Performance section of Seller Central.

To learn more about our policies, search for these topics in Seller Central Help:

- Prohibited Seller Activities and Actions
- Product Detail Page Rules
- Condition Guidelines

To talk to someone about this email, ask our Seller Support team to contact you.
Contact us

*Seller Performance Team*

| Complaint Type | ASIN | Title | Additional Information |
|---|---|---|---|
| Inauthentic | B00OQLMJR6 | New Original Samsung Galaxy Note 4 IV Battery for BN910BB SM-N910 N910A N910T - Retail Packaging | |

M Gmail                                                              **Avi Eisenberg <avi@thimessolutions.com>**

---

## Your amazon.com selling privileges have been removed

---

**Amazon** <seller-performance-policy@amazon.com>                    Thu, Jun 28, 2018 at 12:57 AM
Reply-To: Amazon <seller-performance-policy@amazon.com>
To: "avi@thimessolutions.com" <avi@thimessolutions.com>



Hello,

We removed some of your listings because of buyer complaints about the
authenticity of an item they received from you. The listings we removed
are at the end of this email.

If you would like us to reinstate your listings, please send us a plan
with actions you took to resolve the issue and prevent similar complaints.
Send your plan to seller-performance-policy@amazon.com. Get help creating your
plan in Seller Central Help (https://sellercentral.amazon.com/gp/help/200370560).

Also include the following information for each ASIN:

-- Copies of invoices or receipts from your supplier issued in the last
365 days. These should reflect your sales volume during that time.
-- Contact information for your supplier, including name, phone number,
address, and website.

You can send .pdf, .jpg, .png, or .gif files. These documents must be
authentic and unaltered. We may call your supplier to verify the
documents. You may remove pricing information, but the rest of the
document must be visible. We will maintain the confidentiality of your
supplier contact information.

We will review your information and decide whether to reinstate your
listings. If we receive more complaints about your listings, we may not
allow you to sell on Amazon.com.

Learn more about our policies in Seller Central Help:

--Amazon Anti-Counterfeiting Policy (https://sellercentral.amazon.
com/gp/help/201165970)
--Policies and Agreements (https://sellercentral.amazon.com/gp/help/521)
--Prohibited Seller Activities and Actions (https://sellercentral.amazon.
com/gp/help/200386250)
--Product Detail Page Rules (https://sellercentral.amazon.com/gp/help/200390640)
--Condition Guidelines (https://sellercentral.amazon.com/gp/help/20033950)

You can see the health of your account in the Performance section of
Seller Central: https://sellercentral.amazon.com/gp/seller-rating/pages/performance-
summary.html

Have questions? We can help right away. Contact us (https://sellercentral.amazon.
com/hz/contact-us/performance).

--------------------------------------
Complaint type: Inauthentic Item
ASIN: B000QLMJR6
Title: New Original Samsung Galaxy Note 4 IV Battery for BN910BB SM-N910

N910A N910T - Retail Packaging

Sincerely,
Seller Performance Team
amazon.com
http://www.amazon.com

THIMES01126

# EXHIBIT G

| | |
|---|---|
| **From:** | Amazon |
| **To:** | avi@thimessolutions.com |
| **Subject:** | Your amazon.com selling privileges have been removed |
| **Date:** | Friday, August 3, 2018 8:23:28 AM |



Hello,

You may no longer sell on Amazon.com because of concerns about the authenticity of the items at the end of this email. Your listings have been removed from our site, and we are withholding any funds available in your account. If you have FBA inventory of the items causing "inauthentic" concerns, they are currently ineligible for removal.

If you do not appeal this decision within 90 days, we will permanently withhold any payments to you.

You can see your balance and settlement information in the Payments section of Seller Central. If you have questions about those, please write to payments-funds@amazon.com.

To appeal this decision, click the Appeal button next to this message on the Performance Notifications page in Seller Central (https://sellercentral.amazon.com/gp/customer-experience/perf-notifications.html).

Please include the following information for each ASIN reported:
-- Copies of invoices or receipts from your supplier issued in the last 365 days. These should reflect your sales volume during that time.
-- Contact information for your supplier, including name, phone number, address, and website.

You can send .pdf, .jpg, .png, or .gif files. These documents must be authentic and unaltered. We may call your supplier to verify the documents. You may remove pricing information, but the rest of the document must be visible. We will maintain the confidentiality of your supplier's contact information.

THIMES01130

The sale of counterfeit products on Amazon is strictly prohibited. If you cannot provide valid invoices or receipts for the items listed below, we will permanently hold funds equivalent to the amount you earned from the sale of these items in the last 180 days. If the equivalent amount is greater than the total amount available in your account, then the total amount will be held. If you have FBA inventory of these items, they will be destroyed at your expense.

Learn more about our policies in Seller Central Help:
--Amazon Anti-Counterfeiting Policy
(https://sellercentral.amazon.com/gp/help/201165970)
--Policies and Agreements (https://sellercentral.amazon.com/gp/help/521)

---------------------------------------
Concern type: Inauthentic
ASIN: B0097BEG1C, B073TLKQB9, B00OQLMJR6, B07DMSK4R9
---------------------------------------

Sincerely,
Seller Performance Team
amazon.com
http://www.amazon.com



THIMES01131

# EXHIBIT H

BURKHALTER KESSLER CLEMENT & GEORGE LLP
Alton G. Burkhalter, Esq., Bar No. 119594
Email Address: aburkhalter@bkcglaw.com
M. Michelle Rohani, Esq., Bar No. 198214
Email: mrohani@bkcglaw.com
Joshua A. Waldman, Esq., Bar No. 222859
Email Address: jwaldman@bkcglaw.com
2020 Main Street, Suite 600
Irvine, California 92614
Telephone: (949) 975-7500
Facsimile: (949) 975-7501

Attorneys for Defendant Auction Brothers, Inc. dba Amazzia

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS, INC., | CASE NO.: CV 19-10374 SB |
| Plaintiff, | |
| vs. | **DEFENDANT AUCTION BROTHERS, INC., DBA AMAZZIA'S AMENDED RESPONSES TO THIMES SOLUTIONS, INC.'s FIRST SET OF REQUESTS FOR ADMISSION** |
| TP-LINK USA CORPORATION, et al., | |
| Defendants. | Amended Complaint filed: May 23, 2022 Trial date: January 9, 2023 |

**DEFENDANT AUCTION BROTHERS, INC., DBA AMAZZIA'S AMENDED RESPONSE TO FIRST SET OF REQUEST FOR ADMISSION**

**RESPONDING PARTY:**    Defendant Auction Brothers dba Amazzia

**PROPOUNDING PARTY:**    Plaintiff Thimes Solutions, Inc.

**SET NO.:**  One

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Responding Party Defendant Auction Brothers dba Amazzia ("Responding Party") by and through its attorneys, hereby amends its prior response to Plaintiff Thimes Solutions, Inc. ("Propounding Party") First Set of Requests for Admission (the "Requests") as follows:

## **PRELIMINARY STATEMENT**

Although Responding Party has made a diligent and good faith effort to gather the information with which to respond to Propounding Party's Requests discovery in this matter is ongoing. Moreover, Responding Party has not yet completed its investigation of this matter. For those reasons, Responding Party's responses may be incomplete. Accordingly, all of the following responses are given without prejudice to and with the express reservation of Responding Party's right to supplement or modify its responses to the extent required by applicable law to incorporate later discovered information, and to rely upon any and all such information at trial or otherwise. Likewise, Responding Party shall not be prejudiced if any of its present responses are based on an incomplete knowledge or comprehension of the facts, events, or occurrences involved in this matter.

## **GENERAL OBJECTIONS**

The responses which are set forth below are submitted subject to the objections set forth herein, and are based upon the current knowledge of Responding Party, and upon such investigation which was reasonable for Responding Party to undertake under the circumstances of the case.   Responding Party interposes the following general objections to these requests.   These objections are made to each and

2

**DEFENDANT AUCTION BROTHERS, INC., DBA AMAZZIA'S  AMENDED RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION**

every individual request, and subpart thereof, and are incorporated by reference into each of the specific responses which are set forth below.

These responses are made solely for the purpose of this specific action. Each answer is subject to all appropriate objections including, but not limited to, objections concerning competency, relevancy, materiality, propriety and admissibility, which would require the exclusion of any statement contained herein if the question were asked of, or any statement contained herein were made by, a witness present and testifying in court. All such objections and grounds are reserved and may be interposed at the time of trial.

Furthermore, Responding Party has not completed its investigation of the facts relating to this case, has not completed discovery in this action, has not yet received all reports and/or opinions from its expert witnesses, and has not completed preparation for trial. All of the responses contained herein are based only upon such information and documents that are immediately available to and specifically known at this time to Responding Party. As discovery proceeds, information, facts and witnesses may be discovered that were not identified in response to these document requests, but which may have been responsive to requests.

Additionally, facts and evidence now known may be imperfectly understood, or the relevance or consequence of such facts and evidence may be imperfectly understood and, accordingly, such facts and evidence may, in good faith, not be identified in response to these requests.

It is also anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, as well as establish entire new factual conclusions and legal contentions, all of which may lead to substantial additions to or changes in these responses.

These responses are thus given without prejudice to Responding Party's right to later use or produce any such documents, facts or witnesses which Responding Party may later locate, recall or ascertain. Responding Party accordingly reserves the

3

**DEFENDANT AUCTION BROTHERS, INC., DBA AMAZZIA'S  AMENDED
RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION**

right to change any and all answers contained herein accordingly, if a proper request is made.

Responding Party assumes no obligation beyond those imposed by law to voluntarily supplement or amend these responses to reflect witnesses, facts and evidence following the service of these responses.  In addition, because some of these responses may have been ascertained by Responding Party's agents, attorneys and/or investigators, Responding Party may not have personal knowledge of the information from which these responses are derived.

## RESPONSES TO REQUESTS FOR ADMISSION

Subject to and without waiving the foregoing, and previously served, general objections to the Requests for Admission, each of which is incorporated herein by this reference into each of the responses set forth below, Responding Party responds as follows:

**REQUESTS FOR ADMISSION NO. 1:**

Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on January 19, 2018 from the email address us-compliance@tp-link.com.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 1:**

Admit a complaint was filed on this date. Cannot confirm the email address used.

**REQUESTS FOR ADMISSION NO. 2:**

Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on January 21, 2018 from the email address us-compliance@tp-link.com.

4

**DEFENDANT AUCTION BROTHERS, INC., DBA AMAZZIA'S  AMENDED RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION**

**RESPONSE TO REQUESTS FOR ADMISSION NO. 2:**

Admit a complaint was filed on this date. Cannot confirm the email address used.

**REQUESTS FOR ADMISSION NO. 3:**

Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on January 26, 2018 from the email address us-compliance@tp-link.com.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 3:**

Admit a complaint was filed on this date. Cannot confirm the email address used.

**REQUESTS FOR ADMISSION NO. 4:**

Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on February 14, 2018 from the email address compliance-us@tp-link.com.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 4:**

Admit a complaint was filed on this date. Cannot confirm the email address used.

**REQUESTS FOR ADMISSION NO. 5:**

Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on February 21, 2018 from the email address compliance-us@tp-link.com.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 5:**

Admit a complaint was filed on this date. Cannot confirm the email address used.

**DEFENDANT AUCTION BROTHERS, INC., DBA AMAZZIA'S  AMENDED RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION**

**REQUESTS FOR ADMISSION NO. 6:**

Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on February 28, 2018 from the email address compliance-us@tp-link.com.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 6:**

Deny.  No complaint was filed on this date.

**REQUESTS FOR ADMISSION NO. 7:**

Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on March 2, 2018 from the email address compliance-us@tp-link.com.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 7:**

Admit a complaint was filed on this date. Cannot confirm the email address used.

**REQUESTS FOR ADMISSION NO. 8:**

Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on March 3, 2018 from the email address compliance-us@tp-link.com.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 8:**

Admit a complaint was filed on this date. Cannot confirm the email address used.

**REQUESTS FOR ADMISSION NO. 9:**

Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on March 10, 2018 from the email address compliance-us@tp-link.com.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 9:**

Deny.  No complaint was filed on this date.

6

**DEFENDANT AUCTION BROTHERS, INC., DBA AMAZZIA'S  AMENDED RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION**

**REQUESTS FOR ADMISSION NO. 10:**

Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on March 13, 2018 from the email address compliance-us@tp-link.com.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 10:**

Deny.  No complaint was filed on this date.

**REQUESTS FOR ADMISSION NO. 11:**

Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on March 21, 2018 from the email address compliance-us@tp-link.com.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 11:**

Deny.  No complaint was filed on this date.

**REQUESTS FOR ADMISSION NO. 12:**

Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on March 31, 2018 from the email address compliance-usa@tp-link.com.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 12:**

Admit a complaint was filed on this date. Cannot confirm the email address used.

**REQUESTS FOR ADMISSION NO. 13:**

Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on April 2, 2018 from the email address compliance-usa@tp-link.com.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 13:**

Deny.  No complaint was filed on this date.

**DEFENDANT AUCTION BROTHERS, INC., DBA AMAZZIA'S  AMENDED RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION**

**REQUESTS FOR ADMISSION NO. 14:**

  Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on April 5, 2018 from the email address compliance-usa@tp-link.com.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 14:**

  Deny.  No complaint was filed on this date.

**REQUESTS FOR ADMISSION NO. 15:**

  Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on April 6, 2018 from the email address compliance-usa@tp-link.com.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 15:**

  Admit a complaint was filed on this date. Cannot confirm the email address used.

**REQUESTS FOR ADMISSION NO. 16:**

  Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on April 7, 2018 from the email address compliance-usa@tp-link.com.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 16:**

  Admit a complaint was filed on this date. Cannot confirm the email address used.

**REQUESTS FOR ADMISSION NO. 17:**

  Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on April 9, 2018 from the email address compliance-usa@tp-link.com.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 17:**

  Admit a complaint was filed on this date. Cannot confirm the email address used.

8

**DEFENDANT AUCTION BROTHERS, INC., DBA AMAZZIA'S  AMENDED RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION**

**REQUESTS FOR ADMISSION NO. 18:**

Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on April 10, 2018 from the email address compliance-usa@tp-link.com.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 18:**

Deny.  No complaint was filed on this date.

**REQUESTS FOR ADMISSION NO. 19:**

Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on April 11, 2018 from the email address compliance-usa@tp-link.com.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 19:**

Admit a complaint was filed on this date. Cannot confirm the email address used.

**REQUESTS FOR ADMISSION NO. 20:**

Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on April 12, 2018 from the email address compliance-usa@tp-link.com.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 20:**

Admit a complaint was filed on this date. Cannot confirm the email address used.

**REQUESTS FOR ADMISSION NO. 21:**

Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on April 24, 2018 from the email address compliance-usa@tp-link.com.

9

**RESPONSE TO REQUESTS FOR ADMISSION NO. 21:**

Deny.  No complaint was filed on this date.

**REQUESTS FOR ADMISSION NO. 22:**

Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on April 25, 2018 from the email address compliance-usa@tp-link.com.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 22:**

Deny.  No complaint was filed on this date.

**REQUESTS FOR ADMISSION NO. 23:**

Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on April 26, 2018 from the email address compliance-usa@tp-link.com.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 23:**

Deny.  No complaint was filed on this date.

**REQUESTS FOR ADMISSION NO. 24:**

Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on April 30, 2018 from the email address compliance-usa@tp-link.com.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 24:**

Deny.  No complaint was filed on this date.

**REQUESTS FOR ADMISSION NO. 25:**

Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on May 28, 2018 from the email address compliance-usa@tp-link.com.

10

**DEFENDANT AUCTION BROTHERS, INC., DBA AMAZZIA'S  AMENDED RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION**

**RESPONSE TO REQUESTS FOR ADMISSION NO. 25:**

Admit a complaint was filed on this date. Cannot confirm the email address used.

**REQUESTS FOR ADMISSION NO. 26:**

Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on May 30, 2018 from the email address compliance-usa@tp-link.com.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 26:**

Admit a complaint was filed on this date. Cannot confirm the email address used.

**REQUESTS FOR ADMISSION NO. 27:**

Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on June 7, 2018 from the email address compliance-us@tp-link.com.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 27:**

Admit a complaint was filed on this date. Cannot confirm the email address used.

**REQUESTS FOR ADMISSION NO. 28:**

Admit that YOU submitted a complaint concerning Thimes to Amazon on behalf of TP-Link on June 21, 2018 from the email address compliance-usa@tp-link.com.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 28:**

Deny.  No complaint was filed on this date.

**REQUESTS FOR ADMISSION NO. 29:**

Admit that TP-Link instructed YOU to submit each of the twenty eight (28) complaints YOU sent to Amazon concerning Thimes between January 19, 2018 and June 21, 2018.

11

**DEFENDANT AUCTION BROTHERS, INC., DBA AMAZZIA'S  AMENDED RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION**

**RESPONSE TO REQUESTS FOR ADMISSION NO. 29:**

Admit that TP-Link instructed to file complaints. Deny as to the number and time frame.

**REQUESTS FOR ADMISSION NO. 30:**

Admit that YOU did not have possession of any TP-Link branded wireless router products that Thimes offered for sale on the Amazon Marketplace before YOU submitted the complaint to Amazon on January 19, 2018.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 30:**

Admit.

**REQUESTS FOR ADMISSION NO. 31:**

Admit that TP-LINK did not have possession of any TP-Link branded wireless router products that Thimes offered for sale on the Amazon Marketplace before YOU submitted the complaint to Amazon on January 19, 2018.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 31:**

Unable to admit or deny what products TP-Link had or did not have in its possession.

**REQUESTS FOR ADMISSION NO. 32:**

Admit that TP-Link retained YOU to identify and remove unauthorized resellers of TP-Link branded networking products.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 32:**

Admit insofar as those authorized sellers were selling TP-Link goods on Amazon.

**AMENDED RESPONSE TO REQUESTS FOR ADMISSION NO. 32:**

Admit insofar as those listings by unauthorized resellers included selling TP-Link goods on Amazon.

12

**REQUESTS FOR ADMISSION NO. 33:**

Admit that TP-Link retained YOU to monitor certain TP-Link branded networking products based on the Amazon Standard Identification Number TP-Link provided to YOU.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 33:**

Admit that TP-Link provided the Amazon Standard Identification Number of TP-Link branded products to monitor.

**REQUESTS FOR ADMISSION NO. 34:**

Admit that the "TP-Link Amazon Brand Protection Agreement" YOU entered into with TP-Link, as alleged in paragraph 24 of the answer YOU filed on May 27, 2022 (ECF No. 174), requires YOU to send a complaint to Amazon every time YOU identify unauthorized resellers selling TP-Link branded networking products bearing the Amazon Standard Identification Number TP-Link provided to YOU.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 34:**

Deny.

**REQUESTS FOR ADMISSION NO. 35:**

Admit that the "TP-Link Amazon Brand Protection Agreement" YOU entered into with TP-Link, as alleged in paragraph 24 of the answer YOU filed on May 27, 2022 (ECF No. 174), requires YOU to report non-compliant sellers to Amazon until they are removed by Amazon.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 35:**

Deny.

DATED:  July 20, 2022      BURKHALTER KESSLER CLEMENT &  GEORGE LLP
By:      */s/ M. Michelle Rohani*
Alton G. Burkhalter, Esq.
M. Michelle Rohani, Esq.
Joshua A. Waldman, Esq.
Attorneys for Defendant,  Auction Brothers dba Amazzia

13

**DEFENDANT AUCTION BROTHERS, INC., DBA AMAZZIA'S  AMENDED RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION**

## VERIFICATION

**UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA- WESTERN DIVISION**

I have read the following document and know its contents:

**DEFENDANT AUCTION BROTHERS, INC., DBA AMAZZIA'S AMENDED RESPONSES TO THIMES SOLUTIONS, INC.'s FIRST SET OF REQUESTS FOR ADMISSION**

___ I am a party to this action.  The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

_X_ I am _X_ an authorized agent of Auction Brothers, Inc. dba Amazzia, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ____ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. _X_ The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

____ I am one of the attorneys for _____, a party to this action.  Such party is absent from the County aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason.  I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on this _19th_____, day of July, 2022, at _Tarzana___, California.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Auction Brothers, Inc. dba Amazzia

Mike Fikhman_____                    By: _Mike Fikhman_____
Type or Print Name                               Signature

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California.  I am over the age of 18 years and not a party to the within action; my business address is 2020 Main Street, Suite 600, Irvine, California 92614.

On **July 20, 2022** I caused the foregoing document described as **DEFENDANT AUCTION BROTHERS, INC., DBA AMAZZIA'S RESPONSES TO THIMES SOLUTIONS, INC.'s FIRST SET OF REQUESTS FOR ADMISSION** to be served on the interested parties in this action **[X]** by placing [ ] the original **[X]** a true copy thereof enclosed in a sealed envelope addressed as stated on the attached service list.

**[X]    BY ELECTRONIC TRANSMISSION**

**[X]**    I sent via electronic transmission on this date, originating from **afrljuckic@bkcglaw.com**, a copy of the above-referenced document to the addressee(s) at the e-mail address(es) indicated on the attached Service List.

**[X]    (Federal)**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **July 20**, **2022** at **Irvine, California**.

*/s/ Andrea Frljuckic*
ANDREA        FRLJUCKIC

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>SERVICE LIST</u>

MARK POE (S.B. #223714)
mpoe@gawpoe.com
RANDOLPH GAW (S.B. #223718)
rgaw@gawpoe.com
VICTOR MENG (S.B. #254102)
vmeng@gawpoe.com
GAW | POE LLP 4
Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

MARK SCHLACHET (pro hac vice)
markschlachet@me.com
3515 Severn Road
Cleveland, OH 44118
Telephone: (216) 225-7559
Facsimile: (216) 932-5390

CHRISTOPHER J. HAMMOND (S.B. #150024)
chammond@bizlawpro.com
21540 Prairie Street, Unit A
Chatsworth, CA 91311
Telephone: (866) 625-2529
Facsimile: (866) 463-9285

Attorneys for Plaintiff Thimes Solutions Inc.

2

# EXHIBIT I

BURKHALTER KESSLER CLEMENT & GEORGE LLP
Alton G. Burkhalter, Esq., SBN 119594
E-mail: aburkhalter@bkcglaw.com
Joshua A. Waldman, Esq., SBN 222859
E-mail: jwaldman@bkcglaw.com
2020 Main Street, Suite 600
Irvine, California 92614
Telephone: (949) 975-7500
Facsimile: (949) 975-7501

Attorneys for Defendant Auction Brothers, Inc. dba Amazzia

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS INC.<br><br>Plaintiff,<br><br>vs.<br><br>TP-LINK USA CORPORATION, MIKHAIL FIKHMAN DBA AMAZZIA, PREVAGEN, INC.<br><br>Defendants.<br><br>And<br><br>AUCTION BROTHERS, INC. DBA AMAZZIA<br>c/o MIKHAIL J. FINKHAM,<br>Registered Agent<br>19528 Ventura Blvd.<br>Tarzana, CA 91356-2917 | CASE NO. 2:19-cv-10374-PA-Ex<br><br>Assigned For All Purposes To:<br>Honorable Percy Anderson<br>Courtroom: 9A<br><br>**DECLARATION OF WILLIAM FIKHMAN IN SUPPORT OF DEFENDANT AUCTION BROTHERS, INC. dba AMAZZIA'S MOTION FOR SUMMARY JUDGMENT**<br><br>Fed. R. Civ. P. 56<br><br>Hearing Date:     TBD<br>Courtroom:     9A<br><br>Second Amended Complaint Filed:<br>January 13, 2020 |

## <u>DECLARATION OF WILLIAM FIKHMAN</u>

I, William Fikhman, declare as follows:

1.     I am the Chief Strategy Officer for Defendant Auction Brothers, Inc. dba Amazzia.  I have personal knowledge of the facts set forth in this Declaration, and if called as a witness, I could and would testify competently thereto.

2.     I have been employed by Auction Brothers, Inc. for approximately the past fifteen years, and I have worked in my current role as Chief Strategy Officer for approximately the past year.  My duties and responsibilities as Chief Strategy Officer generally include oversight of sales, management and Amazon strategy.  Prior to working in the role of Chief Strategy Officer, I worked as Vice President for approximately 14 years.  My duties and responsibilities as Vice President were generally the same as my duties and responsibilities as Chief Strategy Officer.

3.     Auction Brothers, Inc. dba Amazzia ("Amazzia") has been in the business of providing brand protection services for approximately four years. Amazzia's brand protection process generally consists of searching for its clients' products for sale on Amazon.com ("Amazon") in order to identify sellers who are not specifically authorized under a distribution agreement to purchase products directly from Amazzia's client(s) and thereafter sell such products (hereafter an "Unauthorized Reseller").  Once Amazzia identifies an Unauthorized Reseller that Amazzia knows is selling products to consumers that lack the same bundle of rights that a consumer would receive from an authorized seller, Amazzia generally notifies Amazon of the counterfeit products in the manner set forth below.

4.     One of Amazzia's clients was TP-Link USA Corporation ("TP-Link").  Amazzia has only provided brand protection services for TP-Link, and at no time has Amazzia (including any other dba or "alter ego" of Auction Brothers, Inc.) ever distributed TP-Link's products, nor does Amazzia have any intent to do so, nor

does Amazzia (including any other dba or "alter ego") currently have any plans to distribute any networking products. As part of its brand protection services, Amazzia discovered that a company identified on Amazon's website only as "Universal Goods and Sales" was selling TP-Link's 360 TP-Link AC5400 Routers (the "Routers") through Amazon. Universal Goods and Sales represented that the Routers it offered for sale on Amazon were "New" products, despite the fact that Amazzia understood that Universal Goods and Sales was not an authorized reseller of TP-Link's Router, and as such, Amazzia understood that Universal Goods and Sales could not provide to purchasers of the Routers the same bundle of rights (such as warranty and service) that an authorized reseller could. In its Amazon posting, Universal Goods and Sales did not indicate that it was not an authorized distributor of TP-Link products.

5.     Until Thimes Solutions, Inc. initiated this litigation, Amazzia only knew of this seller on Amazon as "Universal Goods and Sales" because that was the name that this seller used to identify itself on Amazon.   Amazzia was unaware of the true corporate name and location of Universal Goods and Sales until Amazzia came to learn through this litigation that Universal Goods and Sales is apparently a dba of Thimes Solutions, Inc.

6.     For several years, Amazon has maintained a "Report Infringement" online form that enables Amazon sellers or their agents to report complaints to Amazon regarding sellers who are violating intellectual property rights.   The form allows the complaining party to first identify whether the complaint relates to copyright concerns, patent concerns or trademark concerns.   If a complaining party identifies trademark concerns, then the form provides the complaining party with three options to choose from, which are: (1) "a product detail page is unlawfully using my trademark (e.g., in product title, product images, product description), (2) a product or packaging has my trademark in it, or (3) a product is counterfeit (the product or packaging has an unlawful reproduction of a registered trademark)."   A complaining

party must choose from one of the three options, as Amazon does not provide any alternative options. In addition to identifying one of the three available options, the form further allows the complaining party limited space to enter additional information regarding the more specific basis for the complaint. Amazon generally sends Amazzia an email through Amazon's internal e-mail communication system with sellers, confirming that a complaint had been received, but Amazon does not send a copy of the submission itself and Amazzia does not otherwise maintain any record of specific complaints made on Amazon's online system.

7.    Based on the limited information available to Amazzia from Amazon's online complaint system, and consistent with Amazzia's regular practice, Amazzia does not have, nor has it ever had, copies of the specific complaints it made to Amazon regarding Universal Goods and Sales. Moreover, as described above, Amazon did not provide Amazzia copies of the complaints.

8.    Although Amazzia does not have a copy of the complaint made to Amazon regarding Universal Goods and Sales, based on its general business pattern and practice in connection with brand protection services for reporting counterfeit sales to Amazon, Amazzia would have used the Amazon Report Infringement Form to inform Amazon that Universal Goods and Sales was selling "counterfeit" Routers by choosing the option (3) referenced above (i.e., "a product is counterfeit (the product or packaging has an unlawful reproduction of a registered trademark.") and Amazzia would also have provided additional comments to Amazon to the effect that: "The seller indicated herein is selling products that do not include the same bundle of rights that authentic products include. Desired Action: Immediate removal of the seller's offer of this counterfeit product."

9.    Amazzia selects the "counterfeit" option on Amazon's Report Infringement Form as its standard business practice because Amazzia understands that Amazon's "Condition Guidelines" specify that a product described as "New" must,

DECLARATION OF WILLIAM FIKHMAN

among other things, provide that the "Original manufacturer's warranty, if any, still applies, with warranty details included in the listing comments." Because Amazzia understands that the products that an Unauthorized Reseller like Universal Goods and Sales sells lacks the original manufacturer's warranty, Amazzia deems those products as counterfeit per Amazon's policies. Attached hereto as Exhibit "A" is a true and correct copy of Amazon's Condition Guidelines that I understand were in effect during the relevant time.

10. Amazzia has no reason to believe that its communications with Amazon regarding Universal Goods and Sales' sale of the unauthorized Routers were inconsistent with its above described standard business pattern and practice.

11. Once Amazzia submits a complaint to Amazon through its Report Infringement online form that a seller of goods on Amazon is an Unauthorized Reseller as described above, Amazzia has no further role in Amazon's determination regarding how it will respond to the complaint (if it responds at all) and whether Amazon ultimately elects to remove the Unauthorized Reseller's product from Amazon's site. Consistent with the above, Amazzia had no further role in any decisions Amazon may have made regarding Universal Goods and Sales' ability to sell Routers on Amazon after Amazzia notified Amazon that Universal Goods and Sales sold counterfeits goods as described above.

I declare, under penalty of perjury of the laws of the United States and the State of California, that the foregoing is true and correct. Executed on March ___27___, 2020 at ___Reseda___, California.

_____
WILLIAM FIKHMAN

---

5

**DECLARATION OF WILLIAM FIKHMAN**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DECLARATION OF WILLIAM FIKHMAN

# EXHIBIT J

BURKHALTER KESSLER CLEMENT & GEORGE LLP
Alton G. Burkhalter, Esq., Bar No. 119594
Email Address: aburkhalter@bkcglaw.com
M. Michelle Rohani, Esq., Bar No. 198214
Email Address: mrohani@bkcglaw.com
Joshua A. Waldman, Esq., Bar No. 222859
Email Address: jwaldman@bkcglaw.com
2020 Main Street, Suite 600
Irvine, California 92614
Telephone: (949) 975-7500
Facsimile: (949) 975-7501

Attorneys for Defendant Auction Brothers, Inc. dba Amazzia

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS, INC.,<br><br>        Plaintiff,<br><br>vs.<br><br>TP-LINK USA CORPORATION, et al.,<br><br>        Defendants. | CASE NO.:  2:19-CV-10374-SB-E<br>Assigned to: Hon. Stanley Blumenfeld, Jr.<br><br><br>**DEFENDANT AUCTION BROTHERS, INC., DBA AMAZZIA'S SUPPLEMENTAL RESPONSE TO THIMES SOLUTIONS, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**<br><br>Amended Complaint filed: May 23, 2022<br>Trial date: January 9, 2023 |

**DEFENDANT AUCTION BROTHERS, INC., DBA AMAZZIA'S SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

**RESPONDING PARTY:**    Defendant Auction Brothers dba Amazzia

**PROPOUNDING PARTY:**    Plaintiff Thimes Solutions, Inc.

**SET NO.:**  One

Defendant Auction Brothers dba Amazzia ("Responding Party") hereby provides supplemental responses to Plaintiff Thimes Solutions, Inc.'s ("Propounding Party") first set of Request for production of documents.

## PRELIMINARY STATEMENT

The following supplemental responses are based upon the facts and information presently known and available to Responding Party and upon the current operative complaint in this matter.  The supplemental responses refer only to those contentions which have been asserted to date by Responding Party based on the facts now known to it.  Discovery, investigation, research and analysis are still ongoing in this case and may disclose the existence of additional facts, variations, and changes to these responses.  Without obligation to do so, Responding Party reserves the right to change or supplement these responses as additional facts are discovered, revealed, recalled or otherwise ascertained, and as further analysis and research disclose additional facts, contentions or legal theories which may well apply.

## GENERAL OBJECTIONS

The supplemental responses which are set forth below are submitted subject to the objections set forth herein, and are based upon the current knowledge of Responding Party, and upon such investigation which was reasonable for Responding Party to undertake under the circumstances of the case.  Responding Party interposes the following general objections to these requests.  These objections are made to each and

2

**DEFENDANT AUCTION BROTHERS, INC., DBA AMMAZZIA'S SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

every individual request, and subpart thereof, and are incorporated by reference into each of the specific responses which are set forth below.

These supplemental responses are made solely for the purpose of this specific action and are limited to the relevant time period between January 1, 2018 through the date of the filing of the initial complaint in this matter.

Each answer is subject to all appropriate objections including, but not limited to, objections concerning competency, relevancy, materiality, propriety and admissibility, which would require the exclusion of any statement contained herein if the question were asked of, or any statement contained herein were made by, a witness present and testifying in court.   All such objections and grounds are reserved and may be interposed at the time of trial.

Furthermore, Responding Party has not completed its investigation of the facts relating to this case, has not completed discovery in this action, has not yet received all reports and/or opinions from its expert witnesses, and has not completed preparation for trial.  All of the responses contained herein are based only upon such information and documents that are immediately available to and specifically known at this time to Responding Party.  As discovery proceeds, information, facts and witnesses may be discovered that were not identified in response to these document requests, but which may have been responsive to requests.

Additionally, facts and evidence now known may be imperfectly understood, or the relevance or consequence of such facts and evidence may be imperfectly understood and, accordingly, such facts and evidence may, in good faith, not be identified in response to these requests.

It is also anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, as well as establish entire new factual conclusions and legal contentions, all of which may lead to substantial additions to or changes in these responses.

**DEFENDANT AUCTION BROTHERS, INC., DBA AMMAZZIA'S SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

These supplemental responses are thus given without prejudice to Responding Party's right to later use or produce any such documents, facts or witnesses which Responding Party may later locate, recall or ascertain. Responding Party accordingly reserves the right to change any and all answers contained herein accordingly, if a proper supplemental request is made.

Responding Party assumes no obligation beyond those imposed by law to voluntarily supplement or amend these responses to reflect witnesses, facts and evidence following the service of these responses. In addition, because some of these responses may have been ascertained by Responding Party's agents, attorneys and/or investigators, Responding Party may not have personal knowledge of the information from which these responses are derived.

## SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

Subject to and without waiving the foregoing, and previously served, general objections to the Requests for Production of Documents, each of which is incorporated herein by this reference into each of the responses set forth below, Responding Party responds as follows:

**REQUEST FOR PRODUCTION NO. 1:**

All COMMUNICATIONS between YOUR employees RELATING TO TSI's re-sales of TP-LINK's wireless router products.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Responding Party will comply with this request and, in a reasonable time of less than one month, produce communications between its employees regarding Propounding Party's re-sales of TP-Link wireless router products.

4

**DEFENDANT AUCTION BROTHERS, INC., DBA AMMAZZIA'S SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

**REQUEST FOR PRODUCTION NO. 2:**

All COMMUNICATIONS YOU sent to or received from TP-LINK RELATING TO TSI's re-sales of TP-LINK's wireless router products.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Responding Party will comply with this request and, in a reasonable time of less than one month, produce communications between it and TP-Link regarding Propounding Party's re-sales of TP-Link wireless router products.

**REQUEST FOR PRODUCTION NO. 3:**

All COMMUNICATIONS YOU sent to or received from Amazon.com, Inc. or Amazon Services LLC RELATING TO TSI's re-sales of TP-LINK's wireless router products.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Responding Party will comply with this request and, in a reasonable time of less than one month, produce communications between it and Amazon regarding Propounding Party's re-sales of TP-Link wireless router products.

**REQUEST FOR PRODUCTION NO. 4:**

All COMMUNICATIONS YOU sent to or received from TP-LINK RELATING TO "non-compliant sellers" of TP-LINK's wireless router products, as that term is used in the Amazon Brand Protection Agreement(s) between YOU and TP-LINK.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Responding Party objects to this request on the grounds that the documents sought are related to Propounding Party's dismissed anti-trust claims and not relevant to the current Amended Fifth Amended Complaint's two state law claims for interference with Propounding Party's existing and prospective business relationships and trade libel for accusations against Propounding Party.  Responding Party will comply with this

5

**DEFENDANT AUCTION BROTHERS, INC., DBA AMMAZZIA'S SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

request and, in a reasonable time of less than one month, produce communications between it and TP-Link referencing Propounding Party as a non-complaint seller.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS and COMMUNICATIONS authored by or transmitted between YOUR employees RELATING TO "non-compliant sellers," as that term is used in the Amazon Brand Protection Agreement(s) between YOU and TP-LINK.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Responding Party objects to this request on the grounds that the documents sought are related to Propounding Party's dismissed anti-trust claims and not relevant to the current Amended Fifth Amended Complaint's two state law claims for interference with Propounding Party's existing and prospective business relationships and trade libel for accusations against Propounding Party. Responding Party will comply with this request and, in a reasonable time of less than one month, produce communications between its employees referencing Propounding Party as a non-complaint seller.

**REQUEST FOR PRODUCTION NO. 6:**

All COMMUNICATIONS YOU sent to or received from TP-LINK RELATING TO "the cleanup project," as that term is used in the Amazon Brand Protection Agreement(s) between YOU and TP-LINK.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Responding Party objects to this request on the grounds that the documents sought are related to Propounding Party's dismissed anti-trust claims and not relevant to the current Amended Fifth Amended Complaint's two state law claims for interference with Propounding Party's existing and prospective business relationships and trade libel for accusations against Propounding Party. Responding Party will comply with this

**DEFENDANT AUCTION BROTHERS, INC., DBA AMMAZZIA'S SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

request and, in a reasonable time of less than one month, produce communications between its employees referencing Propounding Party in "the cleanup project."

**REQUEST FOR PRODUCTION NO. 7:**

All COMMUNICATIONS YOU sent to or received from TP-LINK RELATING TO re-sellers of TP-LINK's wireless router products on the Amazon Marketplace.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Responding Party will comply with this request and, in a reasonable time of less than one month, produce communications between it and TP-Link referencing Propounding Party as a reseller of TP-Link's wireless router products on Amazon.

**REQUEST FOR PRODUCTION NO. 8:**

All COMMUNICATIONS YOU sent to or received from Amazon.com, Inc. or Amazon Services LLC RELATING TO re-sellers of TP-LINK's wireless router products.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Responding Party will comply with this request and, in a reasonable time of less than one month, produce communications between it and Amazon referencing Propounding Party as a reseller of TP-Link's wireless router products.

**REQUEST FOR PRODUCTION NO. 9:**

All COMMUNICATIONS YOU sent to or received from TP-LINK RELATING TO TP-LINK's minimum advertised price for its wireless router products.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Responding Party objects to this request on the grounds that the documents sought are related to Propounding Party's dismissed anti-trust claims and not relevant to

7

**DEFENDANT AUCTION BROTHERS, INC., DBA AMMAZZIA'S SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

the current Amended Fifth Amended Complaint's two state law claims for interference with Propounding Party's existing and prospective business relationships and trade libel for accusations against Propounding Party.

**REQUEST FOR PRODUCTION NO. 10:**

All COMMUNICATIONS YOU sent to or received from Amazon.com, Inc. or Amazon Services LLC RELATING TO TP-LINK's minimum advertised price for its wireless router products.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Responding Party objects to this request on the grounds that the documents sought are related to Propounding Party's dismissed anti-trust claims and not relevant to the current Amended Fifth Amended Complaint's two state law claims for interference with Propounding Party's existing and prospective business relationships and trade libel for accusations against Propounding Party.

**REQUEST FOR PRODUCTION NO. 11:**

All COMMUNICATIONS YOU sent to or received from TP-LINK RELATING TO any price or brand protection services offered by YOU.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

This request is not relevant to or proportional to the current Amended Fifth Amended Complaint's two state law claims for interference with Propounding Party's existing and prospective business relationships and trade libel for accusations against Propounding Party.  Responding Party will comply with this request and, in a reasonable time of less than one month, produce communications between it and TP-Link regarding price or brand protection services offered by it relating to Propounding Party.

8

**DEFENDANT AUCTION BROTHERS, INC., DBA AMMAZZIA'S SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

**REQUEST FOR PRODUCTION NO. 12:**

All COMMUNICATIONS YOU sent to or received from TP-LINK RELATING TO complaints YOU filed to Amazon.com, Inc. or Amazon Services LLC RELATING TO TP-LINK's wireless router products.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

This request is not relevant to or proportional to the current Amended Fifth Amended Complaint's two state law claims for interference with Propounding Party's existing and prospective business relationships and trade libel for accusations against Propounding Party.  Responding Party will comply with this request and, in a reasonable time of less than one month, produce communications between it and TP-Link regarding complaints filed to Amazon referencing Propounding Party.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS and COMMUNICATIONS authored by or transmitted between YOUR employees RELATING TO YOUR policies or procedures for filing complaints to Amazon.com, Inc. or Amazon Services LLC.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

This request is objectionable to the extent it seeks discovery of confidential, proprietary and trade secret information not relevant to or proportional to the current Amended Fifth Amended Complaint's two state law claims for interference with Propounding Party's existing and prospective business relationships and trade libel for accusations against Propounding Party.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS and COMMUNICATIONS authored by or transmitted between YOUR employees RELATING TO Amazon.com, Inc. or Amazon Services

9

**DEFENDANT AUCTION BROTHERS, INC., DBA AMMAZZIA'S SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

LLC's resolution of intellectual property complaints filed by manufacturers against unauthorized re-sellers of those manufacturer's products.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Responding Party will comply with this request and, in a reasonable time of less than one month, produce internal documents between its employees relating to Amazon's resolution of intellectual property complaints referencing Propounding Party with regard to TP-Link.

**REQUEST FOR PRODUCTION NO. 15:**

All COMMUNICATIONS YOU sent to or received from TP-LINK RELATING TO Amazon.com, Inc. or Amazon Services LLC's resolution of intellectual property complaints filed by manufacturers against unauthorized resellers of those manufacturer's products.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Responding Party will comply with this request and, in a reasonable time of less than one month, produce internal documents between it and TP-Link relating to Amazon's resolution of intellectual property complaints referencing Propounding Party with regard to TP-Link.

**REQUEST FOR PRODUCTION NO. 16:**

All drafts of any Amazon Brand Protection Agreements between YOU and TP-LINK.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Responding Party will comply with this request and, in a reasonable time of less than one month, produce drafts of Amazon Brand Protection Agreements exchanged between it and TP-Link.

10

**DEFENDANT AUCTION BROTHERS, INC., DBA AMMAZZIA'S SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

**REQUEST FOR PRODUCTION NO. 17:**

All COMMUNICATIONS between YOUR employees RELATING TO YOUR negotiations with TP-LINK over Amazon Brand Protection Agreements.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

This request is not relevant to or proportional to the current Amended Fifth Amended Complaint's two state law claims for interference with Propounding Party's existing and prospective business relationships and trade libel for accusations against Propounding Party.

**REQUEST FOR PRODUCTION NO. 18:**

Withdrawn per counsel for Propounding Party.

**REQUEST FOR PRODUCTION NO. 19:**

Withdrawn per counsel for Propounding Party.

**REQUEST FOR PRODUCTION NO. 20:**

Withdrawn per counsel for Propounding Party.

**REQUEST FOR PRODUCTION NO. 21:**

Withdrawn per counsel for Propounding Party.

DATED:  June 9, 2022          BURKHALTER KESSLER CLEMENT & GEORGE LLP

By:     */s/ M. Michelle Rohani*
          Alton G. Burkhalter, Esq.
          Joshua A. Waldman, Esq.
          Attorneys for Defendant,
          Auction Brothers dba Amazzia

11

**DEFENDANT AUCTION BROTHERS, INC., DBA AMMAZZIA'S SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California.  I am over the age of 18 years and not a party to the within action; my business address is 2020 Main Street, Suite 600, Irvine, California 92614.

On **June 9, 2022** I caused the foregoing document described as **DDEFENDANT AUCTION BROTHERS, INC., DBA AMAZZIA'S SUPPLEMENTAL RESPONSE TO THIMES SOLUTIONS, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**    to be served on the interested parties in this action **[X]** by placing [  ] the original **[X]** a true copy thereof enclosed in a sealed envelope addressed as stated on the attached service list.

**[X]    BY ELECTRONIC TRANSMISSION**

**[X]**    I sent via electronic transmission on this date, originating from **afrljuckic@bkcglaw.com**, a copy of the above-referenced document to the addressee(s) at the e-mail address(es) indicated on the attached Service List.

**[X]    (Federal)**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **June 9, 2022** at **Irvine, California**.

_/s/ Andrea Frljuckic_

ANDREA FRLJUCKIC

1

2

## <u>SERVICE LIST</u>

3

4

MARK POE (S.B. #223714)

5
 mpoe@gawpoe.com
RANDOLPH GAW (S.B. #223718)

6
rgaw@gawpoe.com

7
VICTOR MENG (S.B. #254102)
vmeng@gawpoe.com

8
 GAW | POE LLP 4

9
Embarcadero Center, Suite 1400
San Francisco, CA 94111

10
Telephone: (415) 766-7451

11
Facsimile: (415) 737-0642

12
MARK SCHLACHET (pro hac vice)

13
 markschlachet@me.com
3515 Severn Road Cleveland, OH

14
44118 Telephone: (216) 225-7559

15
Facsimile: (216) 932-5390

16
CHRISTOPHER J. HAMMOND (S.B. #150024)

17
chammond@bizlawpro.com

18
21540 Prairie Street, Unit A Chatsworth, CA 91311
Telephone: (866) 625-2529

19
Facsimile: (866) 463-9285

20

21
Attorneys for Plaintiff Thimes Solutions Inc.

22

23

24

25

26

27

28

2