1  LTL ATTORNEYS LLP
2  Joe H. Tuffaha (SBN 253723)
     joe.tuffaha@ltlattorneys.com
3  Prashanth Chennakesavan (SBN 284022)
     prashanth.chennakesavan@ltlattorneys.com
4
   Heather F. Auyang (SBN 191776)
5    heather.auyang@ltlattorneys.com
6  Patice A. Gore (SBN 258776)
     patice.gore@ltlattorneys.com
7  300 South Grand Ave., 14th Floor
8  Los Angeles, CA 90071
   Tel:  (213) 612-8900
9  Fax:  (213) 612-3773

10
11  Attorneys for Defendant and
    Counterclaimant TP-Link USA Corporation
12
                    UNITED STATES DISTRICT COURT
13                  CENTRAL DISTRICT OF CALIFORNIA
14                        WESTERN DIVISION
15

16  THIMES SOLUTIONS INC.,                CASE NO.: 2:19-cv-10374-SB-E

17          Plaintiff,                    **DISCOVERY MATTER**

18      v.                                **TP-LINK USA'S SUPPLEMENTAL
19                                         MEMORANDUM IN SUPPORT OF
    TP-LINK USA CORPORATION, and          MOTION TO COMPEL
20  AUCTION BROTHERS, INC. d/b/a          DISCOVERY**
    AMAZZIA,
21
                                          Hearing Date:      Aug. 26, 2022
22          Defendants.                   Hearing Time:      9:30 a.m.
                                          Courtroom:         750, 7th Floor
23
24                                        Discovery Cut-Off:  Sept. 30, 2022
25                                        Pretrial Conference: Dec. 30, 2022
                                          Trial Date:        Jan. 9, 2023
26
27                                        Complaint Filed:    May 29, 2019
                                          Amended 5th Amended
28                                        Complaint Filed     May 27, 2022

                                                     No. 2:19-cv-10374-SB-E

1  TP-LINK USA CORPORATION,

2              Counterclaimant,

3

4      v.

5  THIMES SOLUTIONS INC.,

6              Counter-Defendant.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Thimes tries to avoid providing relevant information and documents to impair

2    TP-Link's efforts to litigate this case. As briefly mentioned in TP-Link's opposition to

3    Thimes's motion to compel further interrogatory responses (ECF No. 205, Page

4    ID#:2839-2842), Thimes comes to this Court with unclean hands. Even with Thimes's

5    deficient discovery responses and production, it has become clear that TP-Link was not

6    a substantial factor in causing Thimes's expulsion from the Amazon Marketplace.

7    Instead, far from a spotless record that Thimes represents to the Court, it was repeatedly

8    suspended and expelled for failures to follow Amazon's policies entirely unrelated to

9    TP-Link. Thimes's attempts to evade its discovery obligations should not be permitted.

10    **Interrogatory Nos. 1, 4, and 5 (ECF No. 201, Page ID#:2475-2481)**, Thimes's

11    response supports the very reason why it should be compelled to identify how

12    Defendants engaged in conduct that was wrongful by some legal measure other than

13    the fact of interference itself. Thimes's tortious interference claim must be a derivative

14    of its trade libel claim (the only other asserted claim), but it dodges stating this. Instead,

15    Thimes contends that the wrongful conduct is libel *per se* (*id*., Page ID#:2480). But

16    libel *per se* is not an asserted claim; rather, Thimes asserts a trade libel claim.

17    Declaration of Heather Auyang ("Auyang Decl."), Ex. A, ECF No. 178 (Fifth

18    Amended Complaint "5AC"), ¶¶ 65-71. Thimes should be compelled to provide further

19    responses consistent with its 5AC.

20    **Interrogatory No. 12 and Document Request Nos. 2, 10, and 11 (ECF No.**

21    **201, Page ID#:2481-2495)**: these requests seek information and documents about any

22    issues that could have negatively impacted Thimes's relationship with Amazon—

23    relevant to show that TP-Link was not a substantial factor in causing Thimes's

24    expulsion as required by its tortious interference claim. Thimes's supplemental

25    interrogatory response, which simply lists alleged TP-Link complaints and a few

26    others, is insufficient. Auyang Decl., Ex. B at 13-14. Missing from Thimes's response

27    is the approximately 100 other issues (just in 2018) unrelated to TP-Link found in

28    Thimes's July 28, 2022 supplemental production. Auyang Decl., ¶ 3. Thimes should

be compelled to identify and describe each negative account issue, *e.g.*, violations, suspensions, expulsions, complaints, and negative customer feedback, as well as identify any corresponding document.

Thimes's July 28 supplemental production does not come close to satisfying it discovery obligations. Thimes should be required to produce all responsive documents **from 2015 (when it started selling on Amazon) through the end of 2018 (stopped selling on Amazon)**. The emails are in Mr. Eisenberg's two Gmail accounts (613ike@gmail.com and avi@thimessolutions.com). Yet, Thimes has produced <u>no</u> emails from 2016 and only <u>four</u> emails from 2017, including a complaint about counterfeit pet products. Auyang Decl., Ex. C (emails dated Jan. 13, June 26, Oct. 2, and Oct. 19, 2017), ¶ 4. Given the volume of adverse issues with Amazon in 2018, there were surely more of the same in 2015, 2016, and 2017. On August 5, Thimes produced four additional emails from 2018, the earliest dated Feb. 8, 2018. Auyang Decl., ¶ 21. It is inconceivable that Thimes does not have responsive emails prior to 2018 and/or additional responsive emails from 2018.

TP-Link already identified a particularly egregious issue—violation of Amazon's Seller Policies for data scraping, which lead Amazon to close Thimes's account on June 28, 2018. *See* ECF No. 201, Page ID#:2488-2489. Thimes's July 28 supplemental production did *not* produce any additional documents about this issue, including Amazon's warnings about "similar activities in the past." Auyang Decl., ¶ 5.

Indeed, Thimes's July 28 supplement production simply brings to light the extent of its deficient production. Thimes's contends the last complaint about a TP-Link product was June 21, 2018. Auyang Decl. Ex. A, ¶ 27. Prior to and after this, Thimes had many other complaints and violations unrelated to TP-Link. As some examples, Thimes received complaints about counterfeit products (*see* Auyang Decl., Ex. D), removal of selling privileges (*see* Auyang Decl., Ex. E), negative customer feedback (*see* Auyang Decl., Ex. F), as well as a trademark complaint on August 22, 2018 for over two hundred products (*see* Auyang Decl., Ex. G). Thimes should not be permitted

to withhold responsive emails and documents pre-dating 2018 or additional responsive emails and documents from 2018.

**Interrogatory No. 3 and Document Request Nos. 12, 13, 17-20, and 26 (ECF No. 201, Page ID#:2495-2510)**: these requests seek information and documents about Thimes's damages claim for over $25 million dollars and TP-Link's counterclaim. Thimes's July 28 supplemental production remains deficient. Thimes has not produced: (i) detailed balance sheets (as of 12/31) for 2015, 2021, and as of June 30, 2022; (ii) cash flow statements (as of 12/31) for 2015 to 2021, and as of June 30, 2022; (iii) annual profit and loss statements for 2015, 2016, 2021, and as of June 30, 2022; (iv) monthly profit and loss statements for 2015, 2016, 2019-2021, and as of June 30, 2022;[1] (v) Thimes's tax returns for 2015 and 2021 (including supporting schedules and K-1s and 1099s); and (vi) Mr. Eisenberg's tax returns for 2015-2021 (including supporting schedules and K-1s and 1099s). TP-Link's Rebuttal Expert Report raises critical inconsistencies with the financial information produced by Thimes and relied upon by Thimes's Damages Expert. Auyang Decl., ¶ 19. Mr. Eisenberg's (as the sole proprietor of Thimes) financial information is relevant to whether he devoted all or split his time running Thimes. Amazon issued a 1099-K to Mr. Eisenberg personally (not Thimes) for 2017. Auyang Decl., ¶ 20. Thimes's damages expert does not take into account other business ventures (or any employee salaries), but projects lost profits through 2022 of $7.2 million using hypothetical "Lost Amazon Sales" totaling $36.4 million. Auyang Decl., Ex. H (Thimes's Damages Expert Report of Alan Goedde), Tab 2. TP-Link is entitled to thoroughly vet both Thimes and Mr. Eisenberg's financials.

**Interrogatory No. 2 (ECF No. 201, Page ID#:2510-2513)**: this request asks Thimes to identify the exact statement made to support its trade libel claim. Thimes's supplement response is deficient. Auyang Decl., Ex. B at 2-3. Tellingly, Thimes refuses

---

[1] The monthly P&L statements for 2015-2018 represented by Thimes as downloaded from InventoryLabs are specific to just Amazon sales. *See, e.g.,* Auyang Decl., Ex. I.

1    to recite what it identifies as the statements made for "All IP complaints" in ¶ 47 of the

2    5AC (ECF No. 178). *See* ECF No. 201, Page ID#:2511-2512. Thimes must amend its

3    response to provide the exact language of statements for which it is aware.

4         **Document Request No. 9**: requests documents sufficient to show the sourcing

5    of Thimes's products sold on Amazon. Thimes's indignation that "the authenticity of

6    **_non-_**TP-Link branded products does not have any consequence in determining

7    Thimes's claims or TP-Link's counterclaim" and that "TP-Link's inclusion of this

8    request is a waste of judicial and party resources" is surprising given what Thimes's

9    July 28 supplemental production reveals into its troubled business operations—from

10   counterfeit complaints about third-party products (*see, e.g.*, Auyang Decl., Ex. D) to

11   inauthentic products (*see, e.g.*, Auyang Decl., Ex. J (emails re: listing removals for

12   inauthentic products in retail packaging)). This request is relevant to show that Thimes

13   did not source from verifiable distributors.

14        In fact, on July 25, 2018 (more than month after the last complaint about TP-

15   Link products), Amazon sent a follow-up email to Thimes stating that Amazon "still

16   need[ed] more information about [Thimes's] plan to address **_Inauthenticity_**

17   complaints." Auyang Decl., Ex. K. On July 26, 2018, Mr. Eisenberg responded, in part,

18   that going forward: "We have instituted the following practices []: 1. We **_now_** only

19   purchase from authorized distributors that are trusted to sell only authentic products. []

20   We also inspect the condition to ensure it is in full compliance with the Condition

21   Guidelines." *Id*. (emphasis added). On August 3, 2018, Amazon again expelled

22   Thimes: "You may no longer sell on Amazon.com because of **_concerns about the_**

23   **_authenticity_** of the items at the end of this email. [] "The sale of counterfeit products

24   on Amazon is strictly prohibited." Auyang Decl., Ex. L. Thimes was then permanently

25   expelled by Amazon (without explanation) on August 27, 2018.  Auyang Decl., Ex. M.

26        **Document Request Nos. 1, 3, and 4 (ECF No. 201, Page ID#:2521-2527)**:

27   these requests seek documents and communications about TP-Link relevant to its

28   trademark counterclaim, *e.g.*, if Thimes did not inform customers that TP-Link's

1    original manufacturer's warranty did not convey or Thimes expressed knowledge about

2    TP-Link's trademarks. The Court should disregard Thimes's reference to a nonspecific

3    1,042 hit count for TP-Link in its email account—it is not clear if this includes

4    communications with its lawyers, court pleadings, or something else.

5          **Document Request No. 22 (ECF No. 201, Page ID#:2529-2531)**: Thimes

6    should be required to produce any agreements on the two platforms it sold products—

7    (1) Amazon (*see* Auyang Decl., Ex. A, ¶ 6 ("To become an Amazon seller [Thimes]

8    signed Amazon's standard Business Solutions Agreement that, among other things,

9    allowed Amazon to terminate [Thimes] as a seller for any reason or for no reason at

10   all."), and (2) Walmart. *See* ECF No. 201, Page ID#:2531.

11         **Thimes should produce ESI with load files and original metadata (ECF No.**

12   **201, Page ID#:2533-2534)**: Thimes has not produced ESI as it is kept in the usual

13   course of business. Instead, Thimes printed its ESI, resulting in (i) destroying original

14   metadata, (ii) creating email threads with combined unrelated subject matter, and (iii)

15   emails with missing attachments. Thimes's July 28 supplemental production does

16   nothing to resolve this issue and supports the necessity of TP-Link's request. The

17   Created and Modified metadata when printing an email is an improper alteration of

18   metadata. There are many more, but TP-Link provides the Court with two examples in

19   which Thimes printed out emails in combined unrelated threads. The first is an email

20   thread with three emails from April 18-19, 2018 concerning: (1) patent infringement

21   complaint for 9 products; (2) trademark infringement complaint for an Adobe product;

22   and (3) counterfeit complaint for two Harley Davidson products. *See* Auyang Decl.,

23   Ex. N. The second is an email thread with five emails from March 5-13, 2018

24   concerning: (1) a reimbursement request by Thimes for a returned <u>defective</u> TP-Link

25   product (Amazon rejected); (2) a negative feedback removal request for two defective

26   products (Amazon rejected); and (4) four other emails about negative feedback removal

27   requests by Thimes. *See* Auyang Decl., Ex. O.

28         Thimes is still missing attachments, including emails to Amazon about TP-Link

5                                      No. 2:19-cv-10374-SB-E

1  products. *See*, *e.g.*, Auyang Decl., Ex. P. Thimes has the responsibility to produce

2  attachments (which would automatically occur if Thimes did not just literally print each

3  email), and not burden TP-Link with identifying missing attachments.

4       Thimes should be required to produce ESI with load files and original metadata,

5  including its Gmail accounts' emails in .eml format (just as TP-Link did for its Gmail

6  account emails).

7

8  Date:  August 12, 2022              LTL ATTORNEYS LLP

9                  By:  */s/ Heather F. Auyang*

10                      Joe H. Tuffaha

11                      Prashanth Chennakesavan
                    Heather F. Auyang

12                      Patice A. Gore

13

14                      Counsel for Defendant and
                    Counterclaimant

15                      TP-Link USA Corporation

16

17

18

19

20

21

22

23

24

25

26

27

28

TP-LINK USA'S SUPPLEMENTAL MEMO RE: MOTION TO COMPEL