# EXHIBIT B

RANDOLPH GAW (S.B. #223718)
 rgaw@gawpoe.com
MARK POE (S.B. #223714)
 mpoe@gawpoe.com
VICTOR MENG (S.B. #254102)
 vmeng@gawpoe.com
GAW | POE LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

MARK SCHLACHET (*pro hac vice*)
 markschlachet@me.com
43 West 43d Street, Suite 220
New York, New York 10036
Telephone: (216) 225-7559
Facsimile: (216) 932-5390

Attorneys for Plaintiff
Thimes Solutions Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS INC.<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>TP-LINK USA CORPORATION, and AUCTION BROTHERS, INC. d/b/a AMAZZIA<br><br>　　　　　Defendant. | Case No. 2:19-cv-10374-SB-E<br><br>**THIMES SOLUTIONS INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT TP-LINK USA CORPORATION'S FIRST SET OF INTERROGATORIES** |

PROPOUNDING PARTY:   Defendant TP-Link USA Corporation

RESPONDING PARTY:    Plaintiff Thimes Solutions Inc.

SET NO.:             One

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Thimes Solutions Inc. hereby issues supplemental objections and responses to Defendant TP-Link USA Corporation's First Set of Interrogatories to Plaintiff, served on June 2, 2022.

**SUPPLEMENTAL RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

Describe in detail element-by-element all facts and circumstances that support or otherwise relate to YOUR claim for interference with existing and prospective business relationships.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff objects to this Interrogatory as overbroad and unduly burdensome because it requires the statement of "all" facts "that support or otherwise relate to" Plaintiff's claim. Plaintiff will construe this Interrogatory as requesting the statement of "all material facts" supporting the claim. Plaintiff also objects to this Interrogatory as premature because discovery only recently commenced. Plaintiff further objects to the definition of "YOUR" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objections, based on information reasonably available at this time, Plaintiff responds as follows: Plaintiff's Amended Fifth Amended Complaint (ECF No. 178) describes the factual basis for Plaintiff's claim for interference with existing and prospective business relationships. Thimes has had an established economic relationship with Amazon since 2016, sold over 175,000 products on the Amazon Marketplace with a 98% lifetime positive feedback rating, and had $2 million in sales during the first six months of 2018. TP-Link knew of Thimes's successful sales on the Amazon Marketplace, as evidenced by TP-Link's entering into the Amazon Brand Protection Agreement with Amazzia for the specific purpose of eliminating third-party resellers—like Thimes—of TP-Link branded products on the Amazon

1 Marketplace. Defendants submitted 28 complaints to Amazon alleging that
2 Thimes was selling counterfeit products for the specific purpose of disrupting and
3 stopping Thimes's sales on the Amazon Marketplace. Amazzia has admitted that it
4 submitted the 28 complaints to Amazon with the goal of "[i]mmediate removal of
5 the seller's offer of this counterfeit product." As a result of Defendants'
6 complaints, Amazon suspended and expelled Thimes from the Amazon
7 Marketplace. As a result of the expulsion, Thimes was unable to sell its aging
8 inventory, access its funds stored with Amazon, and continue its profitable sales
9 track record on the Amazon Marketplace.

10     Plaintiff will supplement this Interrogatory response as appropriate after
11 discovery is substantially complete.

12 **INTERROGATORY NO. 2:**
13     Describe in detail element-by-element all facts and circumstances that support
14 or otherwise relate to YOUR claim for trade libel.

15 **RESPONSE TO INTERROGATORY NO. 2:**
16     Plaintiff objects to this Interrogatory as overbroad and unduly burdensome
17 because it requires the statement of "all" facts "that support or otherwise relate to"
18 Plaintiff's claim. Plaintiff will construe this Interrogatory as requesting the
19 statement of "all material facts" supporting the claim. Plaintiff also objects to this
20 Interrogatory as premature because discovery only recently commenced. Plaintiff
21 further objects to the definition of "YOUR" as overbroad, and interprets it to mean
22 Thimes Solutions Inc. d/b/a Universal Goods & Sales.

23     Subject to and without waiving the foregoing objections, based on
24 information reasonably available at this time, Plaintiff responds as follows:
25 Plaintiff's Amended Fifth Amended Complaint (ECF No. 178) describes the
26 factual basis for Plaintiff's claim for trade libel. Each of the 28 complaints
27 Defendants submitted to Amazon alleging that Thimes was selling counterfeit
28 products constitutes a disparaging statement that was published to others in writing

and induced Amazon not to deal with Plaintiff. Each of Defendants' 28 complaints constitutes libel per se under California law.

In addition, each of the 28 complaints included a statement, submitted under penalty of perjury, that Defendants had a good-faith belief that the content of the complaint is correct and accurate. Defendants submitted the counterfeiting complaints to Amazon despite knowing the allegations were false. Thimes purchased the authentic, factory-sealed TP-Link AC5400 routers from The Surplus Company, a reputable supplier that Thimes had dealt with extensively, and TP-Link confirmed the authenticity of the products by purchasing eight of those routers itself. Furthermore, Defendants submitted the first complaint to Amazon on January 19, 2018, three days before the routers TP-Link purchased from Thimes on the Amazon Marketplace were even delivered to TP-Link. TP-Link then twice ignored Thimes's requests for the specific basis for TP-Link's counterfeit allegations.

Plaintiff will supplement this Interrogatory response as appropriate after discovery is substantially complete.

**INTERROGATORY NO. 3:**

Describe in detail all facts and circumstances that support or otherwise relate to YOUR claim for compensatory damages, including YOUR damages calculations.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff objects to this Interrogatory as overbroad and unduly burdensome because it requires the statement of "all" facts "that support or otherwise relate to" Plaintiff's claim. Plaintiff will construe this Interrogatory as requesting the statement of "all material facts" supporting the claim. Plaintiff also objects to this Interrogatory as premature because discovery only recently commenced. Plaintiff further objects to this Interrogatory as duplicative of Interrogatory Nos. 1 and 2. Plaintiff further objects to the definition of "YOUR" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

THIMES SUPP. RESPONSE TO
TP-LINK FIRST ROGS
CASE NO. 2:19-CV-10374-SB-E

1  Subject to and without waiving the foregoing objections, based on information reasonably available at this time, Plaintiff responds as follows: Plaintiff's Amended Fifth Amended Complaint (ECF No. 178) describes the factual basis for Plaintiff's claim for compensatory damages, based on information reasonably available at this time.  Specifically, TP-Link tortiously interfered with Thimes's economic relationship with Amazon by submitting to Amazon 28 complaints alleging that Thimes was selling counterfeit products, for the specific purpose of disrupting and stopping Thimes's sales on the Amazon Marketplace. Thimes had an established economic relationship with Amazon since 2016, sold over 175,000 products on the Amazon Marketplace with a 98% lifetime positive feedback rating, and had $2 million in sales during the first six months of 2018.  TP-Link knew of Thimes's successful sales on the Amazon Marketplace, and entered into the Amazon Brand Protection Agreement with Amazzia for the specific purpose of eliminating third-party resellers like Thimes of TP-Link branded products on the Amazon Marketplace.

TP-Link's conduct constitutes trade libel, as each of the 28 complaints Defendants submitted to Amazon alleging that Thimes was selling counterfeit products constitutes a disparaging statement that was published to others in writing and induced Amazon not to deal with Plaintiff, and is libel per se under California law.

As a result of TP-Link's complaints, Amazon suspended and expelled Thimes from the Amazon Marketplace.  Plaintiff has been damaged by TP-Link's tortious interference because Plaintiff had to sell much of its inventory at a loss, could not access its funds stored with Amazon, and could not continue its profitable sales track record on the Amazon Marketplace.

Plaintiff will supplement this Interrogatory response as appropriate after discovery is substantially complete.

**INTERROGATORY NO. 4:**

Describe in detail all facts and circumstances relating to the specific conduct by TP-LINK USA which YOU contend was wrongful in connection with YOUR claim for interference with existing and prospective business relationships.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff objects to this Interrogatory as overbroad and unduly burdensome because it requires the statement of "all" facts "relating to" Plaintiff's claim. Plaintiff will construe this Interrogatory as requesting the statement of "all material facts" supporting the claim. Plaintiff also objects to this Interrogatory as premature because discovery only recently commenced. Plaintiff further objects to this Interrogatory as duplicative of Interrogatory No. 1. Plaintiff further objects to the definition of "YOU" and "YOUR" as overbroad, and interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objections, based on information reasonably available at this time, Plaintiff responds as follows: Plaintiff's Amended Fifth Amended Complaint (ECF No. 178) describes the factual basis for Plaintiff's claim for interference with existing and prospective business relationships. Thimes has had an established economic relationship with Amazon since 2016, sold over 175,000 products on the Amazon Marketplace with a 98% lifetime positive feedback rating, and had $2 million in sales during the first six months of 2018. TP-Link knew of Thimes's successful sales on the Amazon Marketplace, as evidenced by TP-Link's entering into the Amazon Brand Protection Agreement with Amazzia for the specific purpose of eliminating third-party resellers—like Thimes—of TP-Link branded products on the Amazon Marketplace. TP-Link instructed Amazzia to submit 28 complaints to Amazon alleging that Thimes was selling counterfeit products for the specific purpose of disrupting and stopping Thimes's sales on the Amazon Marketplace. TP-Link had no reasonable basis for alleging to Amazon that Thimes sold counterfeit TP-Link

branded products, as TP-Link lodged such complaints before it ever received any orders of TP-Link products from Thimes. Furthermore, after TP-Link received orders of TP-Link products from Thimes and had an opportunity to inspect them, it knew that these products were still factory-sealed and thus unaltered in any way, yet it continued to knowingly or recklessly allege to Amazon that Thimes sold counterfeit TP-Link branded products. Actual disruption occurred, as Amazon suspended and expelled Thimes from the Amazon Marketplace. As a result of the expulsion, Thimes was unable to sell its aging inventory, access its funds stored with Amazon, and continue its profitable sales track record on the Amazon Marketplace.

Plaintiff will supplement this Interrogatory response as appropriate after discovery is substantially complete.

**INTERROGATORY NO. 5:**

Describe in detail all facts and circumstances relating to the specific conduct by AMAZZIA which YOU contend was wrongful in connection with YOUR claim for interference with existing and prospective business relationships.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff objects to this Interrogatory as overbroad and unduly burdensome because it requires the statement of "all" facts "relating to" Plaintiff's claim. Plaintiff will construe this Interrogatory as requesting the statement of "all material facts" supporting the claim. Plaintiff also objects to this Interrogatory as premature because discovery only recently commenced. Plaintiff further objects to this Interrogatory as duplicative of Interrogatory No. 1. Plaintiff further objects to the definition of "YOU" and "YOUR" as overbroad, and interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objections, based on information reasonably available at this time, Plaintiff responds as follows: Plaintiff's Amended Fifth Amended Complaint (ECF No. 178) describes the

factual basis for Plaintiff's claim for interference with existing and prospective business relationships. Thimes has had an established economic relationship with Amazon since 2016, sold over 175,000 products on the Amazon Marketplace with a 98% lifetime positive feedback rating, and had $2 million in sales during the first six months of 2018. Amazzia knew of Thimes's successful sales on the Amazon Marketplace, as evidenced by Amazzia's entering into the Amazon Brand Protection Agreement with TP-Link for the specific purpose of eliminating third-party resellers—like Thimes—of TP-Link branded products on the Amazon Marketplace. Amazzia submitted 28 complaints to Amazon, per instruction from TP-Link, alleging that Thimes was selling counterfeit products for the specific purpose of disrupting and stopping Thimes's sales on the Amazon Marketplace. Amazzia has admitted that it submitted the 28 complaints to Amazon with the goal of "[i]mmediate removal of the seller's offer of this counterfeit product." Amazzia had no reasonable basis for alleging to Amazon that Thimes sold counterfeit TP-Link branded products, as Amazzia lodged such complaints before it ever received any orders of TP-Link products from Thimes. Furthermore, after TP-Link received orders of TP-Link products from Thimes and had an opportunity to inspect them, it knew that these products were still factory-sealed and thus unaltered in any way, yet Amazzia continued to knowingly or recklessly allege to Amazon that Thimes sold counterfeit TP-Link branded products. Actual disruption occurred, as Amazon suspended and expelled Thimes from the Amazon Marketplace. As a result of the expulsion, Thimes was unable to sell its aging inventory, access its funds stored with Amazon, and continue its profitable sales track record on the Amazon Marketplace.

Plaintiff will supplement this Interrogatory response as appropriate after discovery is substantially complete.

**INTERROGATORY NO. 6:**

Identify each statement made by TP-LINK USA to customers (or entities

alleged to be customers) of THIMES (including, but not limited to, the date of the statement, the manner in which the statement was conveyed, and the speaker).

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff objects to this Interrogatory to the extent it seeks information solely in the possession of TP-Link or Amazzia. Plaintiff further objects to the term "customers (or entities alleged to be customers) of THIMES" as vague and ambiguous. Plaintiff further objects to this Interrogatory on grounds of relevance. Plaintiff also objects to this Interrogatory as premature because discovery only recently commenced. Plaintiff further objects to the definition of "THIMES" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales. Plaintiff also alleges that the Interrogatory is unduly burdensome and not proportional to the legitimate needs of discovery to the extent it seeks Plaintiff to describe "the manner in which" TP-Link made any statement to any "customer" of Thimes.

Subject to and without waiving the foregoing objections, based on information reasonably available at this time, Plaintiff responds as follows: Amazzia submitted complaints to Amazon on behalf of TP-Link via Amazon's Notice Infringement Process on the following dates: January 19, 2018, January 21, January 26, 2018, February 14, 2018, February 21, 2018, February 28, 2018, March 2, 2018, March 3, 2018, March 10, 2018, March 13, 2018, March 21, 2018, March 31, 2018, April 2, 2018, April 5, 2018, April 6, 2018, April 7, 2018, April 9, 2018, April 10, 2018, April 11, 2018, April 12, 2018, April 24, 2018, April 25, 2018, April 26, 2018, April 30, 2018, May 28, 2018, May 30, 2018, June 7, 2018, and June 21, 2018.

Plaintiff will supplement this Interrogatory response as appropriate after discovery is substantially complete.

**INTERROGATORY NO. 7:**

Identify each statement made by AMAZZIA to customers (or entities alleged

- 8 -

to be customers) of THIMES (including, but not limited to, the date of the statement, the manner in which the statement was conveyed, and the speaker).

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff objects to this Interrogatory to the extent it seeks information solely in the possession of Amazzia. Plaintiff further objects to the term "customers (or entities alleged to be customers) of THIMES" as vague and ambiguous. Plaintiff further objects to this Interrogatory on grounds of relevance. Plaintiff also objects to this Interrogatory as premature because discovery only recently commenced. Plaintiff further objects to the definition of "THIMES" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales. Plaintiff also alleges that the Interrogatory is unduly burdensome and not proportional to the legitimate needs of discovery to the extent it seeks Plaintiff to describe "the manner in which" Amazzia made any statement to any "customer" of Thimes.

Subject to and without waiving the foregoing objections, based on information reasonably available at this time, Plaintiff responds as follows: Amazzia submitted complaints to Amazon on behalf of TP-Link via Amazon's Notice Infringement Process on the following dates: January 19, 2018, January 21, January 26, 2018, February 14, 2018, February 21, 2018, February 28, 2018, March 2, 2018, March 3, 2018, March 10, 2018, March 13, 2018, March 21, 2018, March 31, 2018, April 2, 2018, April 5, 2018, April 6, 2018, April 7, 2018, April 9, 2018, April 10, 2018, April 11, 2018, April 12, 2018, April 24, 2018, April 25, 2018, April 26, 2018, April 30, 2018, May 28, 2018, May 30, 2018, June 7, 2018, and June 21, 2018.

Plaintiff will supplement this Interrogatory response as appropriate after discovery is substantially complete.

**INTERROGATORY NO. 8:**

Identify each customer that YOU contend did not do business with YOU due to a statement by AMAZZIA and the circumstances of that transaction.

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiff objects to this Interrogatory to the extent it seeks information solely in the possession of third parties. Plaintiff further objects to the term "circumstances of that transaction" as vague and ambiguous. Plaintiff further objects to the definition of "YOU" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Amazzia's submission of the 28 complaints on behalf of TP-Link to Amazon accusing Plaintiff of selling counterfeit goods induced Amazon to suspend and expel Plaintiff from the Amazon Marketplace, thereby depriving Plaintiff of the ability to market and transact on the Amazon Marketplace, the largest e-commerce platform in the world and where half of all online retail sales take place. Following Amazon's expulsion of Plaintiff from the Amazon Marketplace on August 27, 2018, each customer searching on the Amazon Marketplace for any product that Plaintiff had in stock in its inventory is a lost transaction.

Plaintiff will supplement this Interrogatory response as appropriate after discovery is substantially complete.

**INTERROGATORY NO. 9:**

Identify each customer that YOU contend did not do business with YOU due to a statement by TP-LINK USA and the circumstances of that transaction.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiff objects to this Interrogatory to the extent it seeks information solely in the possession of third parties. Plaintiff further objects to the term "circumstances of that transaction" as vague and ambiguous. Plaintiff further objects to the definition of "YOU" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: per TP-Link's instruction, Amazzia submitted 28 complaints to Amazon

accusing Plaintiff of selling counterfeit goods that induced Amazon to suspend and expel Plaintiff from the Amazon Marketplace, thereby depriving Plaintiff of the ability to market and transact on the Amazon Marketplace, the largest e-commerce platform in the world and where half of all online retail sales take place. Following Amazon's expulsion of Plaintiff from the Amazon Marketplace on August 27, 2018, each customer searching on the Amazon Marketplace for any product that Plaintiff had in stock in its inventory, or would have eventually purchased for re-sale on Amazon in the ordinary course of its business, is a lost transaction.

Plaintiff will supplement this Interrogatory response as appropriate after discovery is substantially complete.

**INTERROGATORY NO. 10:**

Identify each transaction (including sales) which YOU contend did not occur due to a statement by AMAZZIA and the circumstances of that transaction.

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff objects to this Interrogatory to the extent it seeks information concerning a "transaction" that "did not occur." Plaintiff further objects to the term "circumstances of that transaction" as vague and ambiguous. Plaintiff further objects to the definition of "YOU" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: per TP-Link's instruction, Amazzia submitted 28 complaints to Amazon accusing Plaintiff of selling counterfeit goods that induced Amazon to suspend and expel Plaintiff from the Amazon Marketplace, thereby depriving Plaintiff of the ability to market and transact on the Amazon Marketplace, the largest e-commerce platform in the world and where half of all online retail sales take place. Following Amazon's expulsion of Plaintiff from the Amazon Marketplace on August 27, 2018, each customer searching on the Amazon Marketplace for any product that Plaintiff had in stock in its inventory, or would have eventually purchased for re-sale on

THIMES SUPP. RESPONSE TO
TP-LINK FIRST ROGS
CASE NO. 2:19-CV-10374-SB-E

Amazon in the ordinary course of its business, is a lost transaction.

Plaintiff will supplement this Interrogatory response as appropriate after discovery is substantially complete.

**INTERROGATORY NO. 11:**

Identify each transaction (including sales) which YOU contend did not occur due to a statement made by TP-LINK USA and the circumstances of that transaction.

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff objects to this Interrogatory to the extent it seeks information concerning a "transaction" that "did not occur." Plaintiff further objects to the term "circumstances of that transaction" as vague and ambiguous. Plaintiff further objects to the definition of "YOU" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: per TP-Link's instruction, Amazzia submitted 28 complaints to Amazon accusing Plaintiff of selling counterfeit goods that induced Amazon to suspend and expel Plaintiff from the Amazon Marketplace, thereby depriving Plaintiff of the ability to market and transact on the Amazon Marketplace, the largest e-commerce platform in the world and where half of all online retail sales take place. Following Amazon's expulsion of Plaintiff from the Amazon Marketplace on August 27, 2018, each customer searching on the Amazon Marketplace for any product that Plaintiff had in stock in its inventory, or would have eventually purchased for re-sale on Amazon in the ordinary course of its business, is a lost transaction.

Plaintiff will supplement this Interrogatory response as appropriate after discovery is substantially complete.

**INTERROGATORY NO. 12:**

Describe in detail any concerns, claims, or complaints regarding THIMES or any account run by AVRAHAM EISENBERG, including, but not limited to,

1  intellectual property violations (trademark, patent or copyright), negative customer
2  feedback, account issues (e.g., inadequate product descriptions, insufficient security,
3  or performance evaluations), warnings (including the "Amazon's warning letter"
4  referred to in 5AC ¶ 26 and "single imposter's complaint" referred to in 5AC ¶ 58),
5  suspensions, removals, and expulsions.

6  **RESPONSE TO INTERROGATORY NO. 12:**

7  Plaintiff objects to this Interrogatory as compound. Plaintiff further objects to
8  the terms "concerns … regarding THIMES or account run by AVRAHAM
9  EISENBERG," "negative customer feedback," "account issues," and "warnings" as
10 vague and ambiguous. Plaintiff further objects to the Interrogatory to the extent it
11 seeks information solely in the possession of third parties. Plaintiff further objects
12 to this Interrogatory as overbroad and unduly burdensome because it requires a
13 description "in detail any concerns, claims or complaints" regarding Plaintiff.
14 Plaintiff will construe this Interrogatory as requesting Plaintiff to describe "claims,
15 or complaints" that Plaintiff is aware of. Plaintiff further objects to the definition of
16 "THIMES" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a
17 Universal Goods & Sales. Plaintiff further objects that any relevance of identifying
18 "each" communication it received from Amazon for "intellectual property violations
19 (trademark, patent or copyright), negative customer feedback, account issues (e.g.,
20 inadequate product descriptions, insufficient security, or performance evaluations),
21 warnings, suspensions, removals, and expulsions" is minimal, is greatly outweighed
22 by the burden of tracking down all such communications, and on that ground, is
23 disproportional to the needs of the case, considering the parties' resources, the
24 importance of the discovery in resolving the issues, and whether the burden or
25 expense of the proposed discovery outweighs its likely benefit. Plaintiff will only
26 identify the e-mails it received from Amazon containing warnings or complaints of
27 intellectual property infringement (such as trademark infringement or
28 counterfeiting), suspensions, removals, or expulsion.

    Subject to and without waiving the foregoing objections, based on information reasonably available at this time, Plaintiff responds as follows: Amazzia submitted complaints to Amazon on behalf of TP-Link via Amazon's Notice Infringement Process on the following dates: January 19, 2018, January 21, January 26, 2018, February 14, 2018, February 21, 2018, February 28, 2018, March 2, 2018, March 3, 2018, March 10, 2018, March 13, 2018, March 21, 2018, March 31, 2018, April 2, 2018, April 5, 2018, April 6, 2018, April 7, 2018, April 9, 2018, April 10, 2018, April 11, 2018, April 12, 2018, April 24, 2018, April 25, 2018, April 26, 2018, April 30, 2018, May 28, 2018, May 30, 2018, June 7, 2018, and June 21, 2018.

    Plaintiff also received an e-mail from Amazon on May 7, 2018 notifying Plaintiff about Amazon's suspension of Plaintiff for alleged infringement of intellectual property rights.

    Plaintiff also received an e-mail from Amazon on August 27, 2018 notifying Plaintiff that it had been permanently expelled from the Amazon marketplace.

    Plaintiff also received an e-mail from Amazon containing a Notice of Intellectual Property Rights Infringement from True Touch on January 13, 2017, and a subsequent e-mail on October 19, 2017 stating that Amazon had reinstated that content following Plaintiff's appeal.  Plaintiff also received e-mails from Amazon containing Notices of Intellectual Property Rights Infringement on June 26, 2017 from J&L and on May 11, 2018 from Apple.   Plaintiff additionally received e-mails from Amazon containing a notice of trademark infringement on the following dates: May 31, 2018; June 24, 2018, and August 22, 2018.  Plaintiff also received e-mails from Amazon regarding purported counterfeit Prevagen products on June 9, 2018, June 10, 2018, June 21, 2018, and June 23, 2018.  Pursuant to Rule 33(d), Plaintiff directs TP-Link to THIMES00268, THIMES00280, THIMES00287, THIMES00303, THIMES00316, THIMES00315, THIMES00318, THIMES00330, THIMES00333.

Dated: July 28, 2022

GAW | POE LLP

By: _____
Randolph Gaw
Attorneys for Plaintiff
Thimes Solutions Inc.

## VERIFICATION

I, Avraham Eisenberg, declare that I am authorized to make this verification on behalf of Plaintiff Thimes Solutions Inc.  I have read **THIMES SOLUTIONS INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT TP-LINK USA CORPORATION'S FIRST SET OF INTERROGATORIES**, know their contents, and certify that the same are true of my own knowledge, and as to those things of which I do now have personal knowledge, I am informed and believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and this verification was executed on July 28, 2022, at San Juan, Puerto Rico.

*Avraham Eisenberg*

# CERTIFICATE OF SERVICE

I am over 18 years of age and not a party to the action. I hereby certify that on July 28, 2022, I served the following document(s) on the parties in the above-entitled action:

**THIMES SOLUTIONS INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT TP-LINK USA CORPORATION'S FIRST SET OF INTERROGATORIES**

**Via E-mail:** The document(s) described above were transmitted by electronic mail to the addresses on record for the following parties and their counsel:

| | |
|---|---|
| Heather Auyang<br>Heather.Auyang@ltlattorneys.com<br>Prashanth Chennakesavan<br>Prashanth.Chennakesavan@ltlattorneys.com<br>Patice Gore<br>patice.gore@ltlattorneys.com<br><br>LTL Attorneys LLP<br>600 California St. \| 15th Floor<br>San Francisco, California 94108 | Chris Frost<br>chris@wgfcounsel.com<br>Ashley Morris<br>ashley@wgfcounsel.com<br><br><br><br>Weinberg Gonser Frost LLP<br>10866 Wilshire Blvd, Suite 1650<br>Los Angeles, California 90024 |
| Attorneys for Defendant<br>TP Link USA Corporation | Attorneys for Defendant<br>Auction Brothers, Inc. |

I declare under penalty of perjury that the foregoing is a true and correct statement.

Dated: July 28, 2022

Victor Meng