CHRISTOPHER FROST, SBN 200336
chris@wgfcounsel.com
ASHLEY MORRIS, SBN 225455
ashley@wgfcounsel.com
WEINBERG GONSER FROST LLP
10866 Wilshire Blvd., Suite 1650
Los Angeles, CA 90024
Telephone: (424) 239-2851
Facsimile: (424) 238-3060
Attorneys for Defendant,
AUCTION BROTHERS, INC.
dba AMAZZIA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>TP-LINK USA CORPORATION and AUCTION BROTHERS, INC. d/b/a AMAZZIA<br><br>Defendants. | Case No. 2:19-cv-10374-SB-E<br><br>**DEFENDANT AUCTION BROTHERS, INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS IN SUPPORT OF ITS MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT UNDER SEAL**<br><br>Complaint Filed: May 29, 2019<br>Am. 5th Am. Com. Filed: May 27, 2022 |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5(b)-(d), and the Stipulated Protective Order that was entered by the Court on November 6, 2020 (Dkt. 137), Defendant AUCTION BROTHERS, INC. d/b/a AMAZZIA ("Amazzia") files this administrative motion to seal documents submitted in connection with its Motion for Determination of Good Faith Settlement. Amazzia has identified the information that is sealable with particularity in the Declaration of Mikhail Fikhman (the "Fikhman Declaration"), filed herewith. As described in the Fikhman Declaration, Amazzia respectfully requests an order from the Court to authorize the filing under seal of the following:

(1)   The Profit & Loss Statement of Amazzia, attached as Exhibit A to the Declaration of Mikhail Fikhman in Support of Amazzia's Motion for Determination of Good Faith Settlement

Because good cause exists to permit filing this confidential information under seal, as is described with particularity in the Sokol Declaration, the Court should grant this motion.

## II. LEGAL STANDARD

Courts have historically recognized the public's "general right to inspect and copy public records and documents, including judicial records and documents," which is "premised on the interest of citizens in 'keep[ing] a watchful eye on the workings of public agencies.'" *Accenture LLP v. Sidhu*, No. C10-2977 TEH, 2011 U.S. Dist. LEXIS 140093, at *3 (N.D. Cal. Dec. 6, 2011) (quoting *Nixon v. Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978)). However, the Ninth Circuit has "carved out an exception to the presumption of access to judicial records . . . [that is] expressly limited to judicial records filed under seal when attached to a *non-dispositive motion*." *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litigation*, 686 F.3d 1115, 1119 (9th Cir. 2012) (per curiam) (internal quotation marks and citation omitted) (emphasis in original); *Real Action Paintball, Inc. v. Advanced Tactical Ordnance Sys., LLC*, No. 14-CV-02435-MEJ, 2015 WL 1534049, at *2 (N.D. Cal. Apr. 2, 2015) (the

presumption of public access to judicial documents in connection with dispositive motions "does not apply in the same way to non-dispositive motions").  If the documents at issue relate to a non-dispositive motion, they may be maintained under seal upon a showing of good cause. *See, e.g., Kamakana v. City of Honolulu,* 447 F.3d 1172, 1180 (9th Cir. 2006) ("[a] 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to nondispositive motions").

"Under the 'good cause' standard, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Real Action Paintball, Inc.*, 2015 WL 1534049, at *2; *see also Kamakana*, 447 F.3d at 1180.  A party shows good cause when, for example, public disclosure of the materials would put the party at a competitive disadvantage. *See*, *e.g.*, *Oracle USA, Inc. v. SAP AG*, No. 07-cv-01658 PJH, 2009 U.S. Dist. LEXIS 71365, at *4-5 (N.D. Cal. Aug. 12, 2009) (granting motion to seal where moving party "considered and treated the information contained in the subject documents as confidential, commercially sensitive and proprietary" and where "public disclosure of such information would create a risk of significant competitive injury and particularized harm and prejudice").

### III.   ARGUMENT

The Profit & Loss Statement of Amazzia (the "Amazzia P&L"), attached as Exhibit A to the Declaration of Mikhail Fikhman in Support of Amazzia's Motion for Determination of Good Faith Settlement, should be sealed because there is good cause to protect the confidential financial information of Amazzia.

"A Court may order the sealing of court records when they contain confidential or otherwise sensitive business information." *IMAX Corp. v. Cinematech, Inc.,* 152 F.3d 1161, 1168 (9th Cir. 1998) (noting that confidential and proprietary business information is "to be filed under seal.").  A demonstration that public disclosure of internal financial information will cause competitive harm to a party's business constitutes a compelling reason that justifies sealing. *See Rich v. Shrader*, No. 09cv652

AJB (BGS), 2013 WL 6028305, *4 (S.D. Cal. Nov. 13, 2013) (granting an application to seal business documents and financial projections, because such information could be utilized by business competitors seeking to gain an advantage); *Bauer Bros. LLC v. Nike, Inc.*, No. 09cv500–WQH–BGS, 2012 WL 1899838, *4 (S.D. Cal. May 24, 2012) (granting an application to seal financial documents containing Nike's non-public, highly confidential financial data, because it could be used for improper purposes by Nike's competitors); *see also Smith v. Keurig Green Mountain, Inc.*, No. 18-CV-06690-HSG, 2020 WL 5630051, at *11 (N.D. Cal. Sept. 21, 2020) (finding good cause to seal portions of documents that contained "confidential business and proprietary information" related to a party's operations). Profit and loss statements have been held to be the type of confidential business information for which there is good cause to seal. *See*, *e.g.*, *In re ConAgra Foods, Inc.*, No. CV 11-05379-MMM (AGRx), 2014 WL 12577132, at *4[1] (C.D. Cal. July 11, 2014)(granting motion to seal plaintiff's profit and loss statement).

The Fikhman Declaration identifies each piece of confidential information contained within the Amazzia P&L, and explains the specific harm that would come from its disclosure. As set forth in the Fikhman Declaration, good cause exists to grant this motion to seal because the information Amazzia moves to seal contains non-public, confidential, and proprietary financial information that is entitled to protection under

---

[1] Courts within other districts likewise have found profit and loss statements to be confidential and appropriately sealed. *See*, *e.g.*, *State Farm Mut. Auto. Ins. Co. v. Elite Health Ctrs., Inc.*, No. 2:16-cv-13040, 2018 WL 3649554, at *4-5, 2018 U.S. Dist. LEXIS 129168, at *12–13 (E.D. Mich. Aug. 1, 2018) (unpublished) (sealing profit and loss statement as disclosure could reveal sensitive and private information); *Feed.Ing BV v. Principle Sols. LLC*, No. 14-C-1241, 2015 WL 136402, at *4, 2015 U.S. Dist. LEXIS 2464, at *12 (E.D. Wis. Jan. 8, 2015) (unpublished) (summarizing cases confirming the confidential nature of profit and loss statements); *Bite Tech, Inc. v. X2 Biosystems, Inc.*, No. 12-1267-RSM, 2013 WL 1399349, at *3, 2013 U.S. Dist. LEXIS 49751, at *7-8 (W.D. Wash. Apr. 5, 2013) (unpublished) (finding good cause to seal confidential financial information like profit and loss statements); *SMD Software, Inc. v. EMove, Inc.*, No. 5:08-cv-403-FL, 2013 WL 1091054, at *2, 2013 U.S. Dist. LEXIS 35970, at *4–5 (E.D.N.C. Mar. 15, 2013) (unpublished) (ordering profit and loss statements sealed).

the law. (*See* Fikhman Declaration, ¶4.) The public does not at this time have a meaningful interest in obtaining such information, and public disclosure of this information would cause particularized harm to Amazzia by allowing its competitors to access sensitive information, which they could use to gain an unfair advantage against Amazzia. . (*See* Fikhman Declaration, ¶5.)

## IV. CONCLUSION

For the foregoing reasons, Amazzia respectfully requests that the Court grant its administrative motion to seal the aforementioned information from the public record.

DATED: August 19, 2022            **WEINBERG GONSER FROST LLP**

By:    */s/ Christopher Frost*
Christopher Frost
Ashley Morris
Attorneys for Defendant,
AUCTION BROTHERS, INC. dba
AMAZZIA

# CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2022, I caused a true and correct copy of the foregoing **DEFENDANT AUCTION BROTHERS, INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS IN SUPPORT OF ITS MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT UNDER SEAL** to be served via electronic mail on the following:

| | |
|---|---|
| Caleb H. Liang<br>Heather F. Auyang<br>Joedat H. Tuffaha<br>Patice A. Gore<br>Prashanth Chennakesavan<br>**LTL ATTORNEYS**<br>300 South Grand Ave, 14th Fl.<br>Los Angeles, CA 90071<br>caleb.liang@ltlattorneys.com<br>heather.auyang@ltlattorneys.com<br>joe.tuffaha@ltlattorneys.com<br>patice.gore@ltlattorneys.com<br>prashanth.chennakesavan@ltlattorneys.com | Randolph Gaw<br>Mark Poe<br>Victor Meng<br>**GAW \| POE LLP**<br>4 Embarcadero Center, Suite 1400<br>San Francisco, CA 9411<br>rgaw@gawpoe.com<br>mpoe@gawpoe.com<br>vmeng@gawpoe.com |
| | Mark Schlachet<br>**LAW OFFICE OF MARK SCHLACHET**<br>43 West 43rd Street, Suite 220<br>New York, NY 10036<br>markschlachet@me.com |

                      By:  */s/ Jenni Bain*
                            Jenni Bain
                            Paralegal