RANDOLPH GAW (S.B. #223718)
 rgaw@gawpoe.com
MARK POE (S.B. #223714)
 mpoe@gawpoe.com
VICTOR MENG (S.B. #254102)
 vmeng@gawpoe.com
GAW | POE LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

MARK SCHLACHET (*pro hac vice*)
 markschlachet@me.com
43 West 43d Street, Suite 220
New York, New York 10036
Telephone: (216) 225-7559
Facsimile: (216) 932-5390

Attorneys for Plaintiff
Thimes Solutions Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS INC.<br><br>Plaintiff,<br><br>v.<br><br>TP-LINK USA CORPORATION, and AUCTION BROTHERS, INC. d/b/a AMAZZIA<br><br>Defendant. | Case No. 2:19-cv-10374-SB-E<br><br>**<u>DISCOVERY MATTER</u>**<br><br>Date: September 16, 2022<br>Time: 9:30 am<br>Courtroom: 750, 7th Floor<br><br>**JOINT STIPULATION RE: THIMES SOLUTION INC.'S MOTION TO COMPEL DEFENDANT TP-LINK USA CORPORATION TO PRODUCE DOCUMENTS**<br><br>Discovery Cutoff:     Sept. 30, 2022<br>Pretrial Conference:  Dec. 30, 2022<br>Trial Date:              Jan. 9, 2023<br><br>Complaint Filed:  May 29, 2019<br>Am. 5th Am. Com. Filed:  May 27, 2022 |

# <u>TABLE OF CONTENTS</u>

THIMES'S POSITION........................................................................................... 1

TP-LINK'S POSITION ........................................................................................ 2

I.    THE COURT SHOULD COMPEL TP-LINK TO PRODUCE DOCUMENTS IN RESPONSE TO EACH DOCUMENT REQUEST. .................................................. 6

    A.    RFP No. 28 .......................................................................................... 6

        1.    Plaintiff's Request and TP-Link's Response ..................................... 6

        2.    Reasons Why the Court Should Compel Production. ...................... 6

        3.    TP-Link's Response .................................................................... 8

    B.    RFP No. 29 ........................................................................................ 11

        1.    Plaintiff's Request and TP-Link's Response ................................... 11

        2.    Reasons Why the Court Should Compel Production. ..................... 12

        3.    TP-Link's Response .................................................................. 13

    C.    RFP No. 30 ........................................................................................ 14

        1.    Plaintiff's Request and TP-Link's Response ................................... 14

        2.    Reasons Why the Court Should Compel Production. ..................... 17

        3.    TP-Link's Response .................................................................. 18

    D.    RFP No. 31 ........................................................................................ 20

        1.    Plaintiff's Request and TP-Link's Response ................................... 20

        2.    Reasons Why the Court Should Compel Production. ..................... 22

        3.    TP-Link's Response .................................................................. 24

    E.    RFP No. 32 ........................................................................................ 24

        1.    Plaintiff's Request and TP-Link's Response ................................... 24

        2.    Reasons Why the Court Should Compel Production. ..................... 27

        3.    TP-Link's Response .................................................................. 28

Pursuant to Local Rule 37-2.1, the parties submit this joint stipulation regarding plaintiff Thimes Solutions Inc.'s ("Thimes") motion to compel defendant TP-Link USA Corporation ("TP-Link") to produce documents responsive to Thimes's document request numbers 28-32.

## THIMES'S POSITION

Thimes sold TP-Link products below the manufacturer's advertised price as a third party reseller on the Amazon Marketplace. TP-Link retained Auction Brothers, Inc. ("Amazzia") to have Thimes (and other third party resellers) removed from the Amazon Marketplace because Thimes's low prices negatively impacted TP-Link's own sales. Meng Decl. ¶ 4, Ex. 2 (TP000102 ("While (sic) can I get prediction if it will be removed this week?  Cause now our promotion plan are all postponed or canceled because of the price."). Per instruction from TP-Link, Amazzia submitted complaints to Amazon alleging that Thimes was selling counterfeit TP-Link products (one complained of trademark infringement). *Id.* ¶ 5, Ex. 3 (TP-Link Answer) ¶¶ 17, 19. Thimes alleges that TP-Link and Amazzia complained of counterfeiting because Amazon rejects complaints of trademark infringement. *Id.* ¶ 6, Ex. 4 (Amended 5AC) ¶ 34. Thimes also alleges that TP-Link sought to justify its counterfeiting complaints by asserting that it is its policy to disclaim the warranty on TP-Link products sold by "unauthorized re-sellers." *Id.* ¶ 32. Thimes further alleges that TP-Link's assertion of this warranty policy is pretextual and that, even if such a policy exists, TP-Link never enforced it before May 29, 2019, when Thimes initiated this action. *Id.* ¶¶ 35, 39.

The requests at issue here seek documents concerning TP-Link's warranty policy in effect before May 29, 2019, and its communications with customers on the enforcement of that warranty policy. TP-Link stonewalled Thimes in its responses.

Request nos. 28 and 29 seek documents reflecting each instance before May 29, 2019 that TP-Link denied warranty coverage because the customer bought the TP-Link product from an unauthorized reseller. Rather than state whether it would

produce, or is withholding, responsive documents, as Rule 34 requires, TP-Link "directs" Thimes to "examples" from its production.  But none of those "examples" is a communication before May 29, 2019.  Meng Decl. ¶¶ 7-8, Ex. 5.

Request nos. 30-32 seek documents concerning TP-Link's quality control policies as of May 29, 2019, and instances where it denied warranty coverage for a seller's failure to comply with such quality control policies.  These documents are relevant because TP-Link may argue on summary judgment or at trial that, based on the "quality control" exception to the first sale doctrine announced in *Skullcandy, Inc. v. Filter USA, Inc.* and similar cases, Thimes infringed on TP-Link's mark by selling TP-Link products without following TP-Link's quality control procedures. No. 2:18-CV-00748-DAK, 2019 WL 2568010, at \*6 (D. Utah June 21, 2019).  That exception requires TP-Link to establish that it has and abides by "legitimate, substantial, and nonpretextual quality control procedures." *Id*.  Indeed, co-defendant Amazzia expressed its intent to rely on *Skullcandy* by seeking documents concerning how Thimes "stored" and "transported" TP-Link products and enforced "post-manufacturer quality control processes."  Meng Decl. ¶ 9, Ex. 6 (Amazzia 1st RFP to Thimes) at 10, 12.   TP-Link again does not state whether it would produce, or is withholding, responsive documents.  It instead referenced Thimes's objections to Amazzia's discovery requests.  Thimes is not aware of any authority permitting a responding party to shirk its discovery obligations by referencing responses given by other parties to the litigation.

Thimes respectfully requests that the Court compel TP-Link to provide Rule 34 compliant responses to request nos. 28-32 and produce responsive documents as requested.

### **TP-LINK'S POSITION**

Thimes's entire case hangs on its bare theory that the complaints about TP-Link products were submitted as trademark "counterfeit" because "Amazon rejects complaints of trademark infringement."  *See* above Thimes Position. Thimes

continues to push this theory *without any actual evidence*. Only Amazon has the "key" evidence to support this theory. Yet, while on the one-hand urging the Court to act on its prior motion to compel (filed June 15, 2022) "given the compressed discovery schedule" (ECF No. 185-1, ECF Page ID #:2159), Thimes inexplicably delayed serving a subpoena on Amazon until July 13, 2022[1] (Declaration of Heather Auyang ("Auyang Decl."), Ex. A). This was nearly two months after the Case Management Conference held on May 20, 2022 (*see* ECF No. 169). Notably Thimes did not join Amazon as a defendant in this case, even though Thimes alleges that "Suspensions and expulsions from the Marketplace follow 'bizarre behavior' on Amazon's part, where the reasons for adverse actions are highly mercurial, restated repeatedly, and often have nothing to do with the reason for the suspension or expulsion." Auyang Decl., Ex. D, ¶ 1.

In fact, Thimes admits that Amazon far from rejects trademark infringement complaints. Thimes's Original Complaint details a ***trademark*** infringement complaint from third-party (3PM Shield). Auyang Decl., Ex. B, ¶ 63. The trademark infringement complaint was for over 200 products (ASINs). Auyang Decl., Ex. C. Thimes represented that the 3PM Solutions' trademark infringement complaint "vigorously advanced" with Amazon and "was particularly harmful to [Thimes]." Auyang Decl., Ex. B, ¶ 68. Indeed, Thimes contends that the 3PM Solutions trademark infringement complaint "played a critical role in [Thimes's] final expulsion from the Amazon Marketplace. It was 'the straw that broke the camel's

---

[1] Even so, Thimes's subpoena to Amazon remains hyper focused in a vacuum on the impact of the alleged TP-Link complaints and fails to consider Thimes's numerous account issues unrelated to TP-Link. For example, Request No. 3 seeks: "All non-privileged documents and communications authored by your employees reflecting the application of your risk rating algorithms to Thimes Solutions, Inc. d/b/a Universal Goods & Sales *following your receipt of a Report Infringement form by TP-Link* alleging any form of intellectual property infringement by Thimes Solutions, Inc. d/b/a Universal Goods & Sales." (Auyang Decl., Ex. A).

back' just prior to Plaintiff's non-appealable expulsion on August 27, 2018." Auyang Decl., Ex. B, ¶ 70.

Regardless, an exam of what TP-Link has thus far uncovered in discovery highlights the entirely speculative nature of Thimes's contention. Thimes alleges that "[o]n May 7, 2018 Plaintiff was suspended (with appeal rights) from selling on Amazon by reason of TP-Link's IP complaints…." Auyang Decl., Ex. D, ¶ 44. First, Amazon's May 7, 2018 notice makes no reference to TP-Link: "Your Amazon.com selling privileges have been removed. You have listings that infringe on the intellectual property rights of others. This is against our policies." Auyang Decl., Ex. E.

Second, it is apparent what contributed to the suspension by looking at the prior two-week period in which Thimes had a litany of negative issues with Amazon unrelated to TP-Link.[2] On April 18, Thimes received notices of both trademark infringement and patent infringement complaints. Auyang Decl., Ex. F. On April 23, Thimes received five emails from Amazon rejecting Thimes's attempts to remove negative customer feedback. Auyang Decl., Ex. G. On April 24, Amazon rejected Thimes's attempts to remove negative customer feedback for a "defective item. Item arrived and didn't work, so item has functionality issue." Id. On April 27, Thimes received three emails from Amazon rejecting Thimes's attempts to remove negative customer feedback, including for another defective product. Auyang Decl., Ex. H. On April 28, Thimes received a notice from Amazon: "We received a complaint from a buyer about the condition of a product they ordered from you [] listed at the end of this email. [] Complaint type: Inauthentic item complaint." Auyang Decl., Ex. I.

On April 30, Thimes received two trademark infringement complaints.

---

[2] There are likely more of such issues. As the Court noted in its Order re: TP-Link's motion to compel: "the discovery thus far provided by [Thimes] in response to many of the subject discovery requests appears to have been seriously insufficient, as well as untimely." ECF No. 207 at 1.

JOINT STIP. RE: PLAINTIFF'S
MOTION TO COMPEL RE TP-LINK
CASE NO. 2:19-CV-10374-SB-E

Auyang Decl., Ex. J. <u>On May 2</u>, Thimes received two rejections from Amazon refusing to remove negative customer feedback. Auyang Decl., Ex. K. <u>On May 3</u>, Thimes received two emails from Amazon rejecting the removal of negative customer feedback, including for a "non functional" item (*id*.), and a patent infringement complaint (*id*., Ex. L).

On May 4, Thimes received another trademark infringement complaint, and an Amazon notice of buyer complaints about the condition of the item (used item sold as new). Auyang Decl., Ex. M. <u>On May 6</u>, Amazon refused to remove negative customer feedback in correspondence with Thimes starting on May 2. Auyang Decl., Ex. N.

All this (and likely more) surely contributed to Thimes's suspension on May 7. And as TP-Link pointed out in other filings, Thimes was suspended for data scraping Amazon's Application Program Interface (potentially impacting the accuracy of the platform) in violation of Amazon's policies and suspended on June 28, 2018. Auyang Decl., Ex. O. Amazon's June 28, 2018 suspension notice mentioned other prior violations leading to the suspension and required a plan from Thimes for reinstatement. *Id*.

Yet, Thimes continues with its unsubstantiated theory that Amazon treats trademark "counterfeit" complaints differently than other complaints and violations, *e.g*., trademark, patent, violations of Amazon's Marketplace platform, and customer feedback complaints. Speculative theories advocated by Thimes to gin up controversy should not open the door to fishing expeditions.

Respectfully, the Court should deny Thimes's motion.

**I.  THE COURT SHOULD COMPEL TP-LINK TO PRODUCE DOCUMENTS IN RESPONSE TO EACH DOCUMENT REQUEST.**

**A.  RFP No. 28**

1.  <u>Plaintiff's Request and TP-Link's Response</u>

**Request No. 28**:

DOCUMENTS sufficient to reflect each instance, prior to May 29, 2019, in which YOU denied warranty coverage to a United States-based consumer for one of YOUR wireless routers because the consumer purchased the product from an "unauthorized re-seller[]," as YOU use the term in paragraph 21 of YOUR counterclaim filed on May 27, 2022 (ECF No. 175).

**Objections and Response to Request No. 28:**

TP-Link incorporates its General Objections by reference. TP-Link further objects to this request on the grounds that it is vague, ambiguous, overly broad and not proportional to the needs of the case to request "DOCUMENTS sufficient to reflect each instance, prior to May 29, 2019, in which YOU denied warranty coverage to a United States-based consumer for one of YOUR wireless routers because the consumer purchased the product from an "unauthorized re-seller[]." TP-Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive. TP-Link responds to this Request on behalf of itself alone, and no other entity. TP-Link also specifically objects to this request to the extent that it seeks privileged and confidential information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or protection.

TP-Link directs Thimes to the following examples in which TP-Link denied warranty coverage for TP-Link products that were resold by unauthorized resellers: Bates Nos. TP000085-TP000094; TP000106-TP000115; TP000130-TP000139.

2.  <u>Reasons Why the Court Should Compel Production.</u>

**General Objections**:  TP-Link incorporates by reference a series of "General

1   Objections" to each of its responses.  "[G]eneral . . . objections . . . are not proper

2   objections," and fail to satisfy TP-Link's burden of "clarifying, explaining, and

3   supporting its objections."  *U.S. ex rel. O'Connell v. Chapman University*, 245

4   F.R.D. 646, 648-649 (C.D. Cal. 2007).  Courts decline to consider general

5   objections to requests for production.  *Clark v. City of Los Angeles*, No. 20-CV-

6   10768 CAS (PVC), 2021 WL 4731353, at *12 (C.D. Cal. Aug. 23, 2021)

7   ("boilerplate 'incorporation by reference' of general objections is entirely improper

8   in federal court.")  The Court should order TP-Link to remove the general

9   objections and supplement its responses and production accordingly.

10  **Relevance**:  TP-Link does not object on relevance, thus it is waived.

11  *Colonies Partners LP v. County of San Bernardino*, No. 5:18-CV-00420-JGB

12  (SHKx), 2019 WL 2895187, at *5 (C.D. Cal. May 1, 2019) (finding parties

13  "waived any relevancy argument" against Rule 34 discovery requests because they

14  "made no objection based on relevancy in their timely responses").

15  It is indisputable that these documents are relevant to Thimes's claims and

16  TP-Link's counterclaim.  TP-Link submitted complaints to Amazon that Thimes's

17  TP-Link products were counterfeit because, as an unauthorized re-seller, TP-Link

18  would not honor the warranty on those products.  Meng Decl. ¶ 10, Ex. 7 (TP-Link

19  Supp. Responses to 1st Rogs) at 8-9.  Thimes alleges that these complaints were

20  entirely pretextual because, prior to the filing of this lawsuit, TP-Link did not

21  disclaim its manufacturer's warranty to customers who purchased TP-Link products

22  from unauthorized resellers on Amazon.  *Id.* ¶ 6, Ex. 4 (Amended 5AC) at ¶ 35.

23  Thimes further alleges that, even if such a policy exists, TP-Link did not enact or

24  enforce it "until September 2019 at the earliest."  *Id.* at ¶ 39.  The falsity of TP-

25  Link's representation(s) to Amazon both establishes Thimes's state law claims for

26  trade libel and economic interference, and undermines TP-Link's trademark

27  infringement counterclaim.

28  **TP-Link's Response Fails to Comply with Rule 34**:  Rule 34 requires a

party responding to a document request to (1) state whether it will produce responsive documents as requested or (2) state its objections with specificity and whether it is withholding responsive material.  Fed. R. Civ. Proc. 34(b)(2)(B)-(C).  "A proper written response should also provide sufficient information for the requesting party, and the court, to be satisfied that the responding party conducted an adequate investigation for responsive materials."  *Bragel Int'l, Inc. v. Kohl's Dep't Stores*, No. 17-CV-7414 RGK (SSX), 2018 WL 7890682, at \*11 (C.D. Cal. Nov. 14, 2018).  TP-Link's response does none of the above.  Instead, it "directs Thimes to [25] examples in which TP-Link denied warranty coverage for TP-Link products that were resold by unauthorized resellers."  Meng Decl. ¶ 11, Ex. 8 (TP-Link Response to 2nd RFP) at 6-7.

TP-Link's response is also substantively misleading.  Each of the "examples" is a communication showing TP-Link denying warranty coverage to its customer, but none occurred "prior to May 29, 2019" as requested.  *Id.* ¶¶ 7-8, Ex. 5.  The earliest is dated October 2, 2019, making each "example" TP-Link points to nonresponsive.  *Id.*  If TP-Link does not have documents responsive to the request, its response should so state.  *Bragel Int'l, Inc.*, 2018 WL 7890682, at \*10 ("a responding party must serve a written response to each request either (1) stating that the materials requested will be produced, in whole or in part; (2) affirming that no responsive documents exist in the party's possession, custody or control, or (3) posing an objection to the request, including the reasons.").

Thimes respectfully requests the Court to compel TP-Link to provide a response that complies with Rule 34 and produce responsive documents, if any.

### 3.   TP-Link's Response

**General Objections**: Thimes never raised this issue in the parties' L.R. 37-1 meet and confer process. Auyang Decl., Ex. P, ¶ 17. Thimes's request should thus be disregarded.

**Relevance**: TP-Link does not deny that its warranty policy is relevant, but

Request No. 28 is not relevant or proportional to the needs of the case. This is simply a fishing expedition into another one of Thimes's theories about "pretextual" complaints. First, TP-Link's warranty policy with respect to unauthorized resellers has been consistent for years. TP-Link produced its warranty policy from different periods, including from February 1, 2016, which states: "The limited warranty stated above is only valid for products sold in the Continental U.S. by TP-LINK USA or its authorized resellers." Auyang Decl., Ex. Q. This language is the essentially the same today: "The limited warranty stated above is only valid for products sold in the U.S. by TP-Link USA or its authorized resellers." Auyang Decl., Ex. R.

Second, Thimes does not dispute that TP-Link's response to this Request identified specific examples from its production where TP-Link had rejected a customer's request for warranty coverage because the product was purchased from an unauthorized reseller: Bates Nos. TP000085-TP000094; TP000106-TP000115; TP000130-TP000139.

Thimes's request for "each instance" in a specific timeframe over three years ago (i.e., before the filing of this case) is not relevant or proportional to the needs of the case: "*each instance*, *prior to May 29, 2019*, in which YOU denied warranty coverage to a United States-based consumer for one of YOUR wireless routers because the consumer purchased the product from an "unauthorized re-seller[]." TP-Link's warranty policy and examples, even though not from "prior to May 29, 2019" should be sufficient to show that TP-Link indeed had a warranty policy concerning unauthorized resellers and enforced it.

Moreover, Thimes's Interrogatory No. 1 asked TP-Link to: "DESCRIBE all facts that YOU contemporaneously relied upon to support the complaint submitted either by YOU, or on YOUR behalf, to Amazon on January 19, 2018 alleging counterfeiting by Thimes." TP-Link responded with reference to its warranty policy:

> Thimes is not an authorized reseller of TP-Link products.
> TP-Link's policy is that it does not provide the original

manufacturer's warranty and service to customers who purchase from unauthorized sellers. As such, TP-Link had a good faith belief that Thimes's listings violated its intellectual property rights and that use of the Amazon marketplace listing for such unauthorized sales was contrary to law.

In advocating its "pretextual" theory, Thimes tries to focus away from its own wrongful conduct: that Thimes did not review TP-Link warranty policy before selling TP-Link products (Auyang Decl., Ex. S, RFA Nos. 9-10); that Thimes did not determine whether its customers were eligible to receive TP-Link's original manufacturer's warranty (*id.*, RFA Nos. 12-13); that Thimes did not inform its customers that it was not authorized by TP-Link to sell TP-Link products (*id.*, RFA No. 23); that Thimes did not inform its customers that they would not receive the benefit of TP-Link's original manufacturer's warranty (*id.*, RFA No. 19); and that Thimes sold a damaged TP-Link product returned by a customer (Auyang Decl. Ex. T).

To be sure, enforcement of the warranty policy harms TP-Link's reputation with customers who understandably become upset when warranty coverage is denied: "If you as a company will not stand by your product me as a consumer will not. After this experience I will not knowingly purchase any of your products again. [] Again it is unfortunate but unless we can find common ground I will no longer patronize TP Link products." Auyang Decl, Ex. U. This undermines Thimes's argument that enforcement of the warranty policy was "pretextual."

Furthermore, during the parties' Rule 37-1 conference, TP-Link's counsel asked Thimes's counsel what if TP-Link could find one example of denying warranty coverage prior to May 29, 2019, then how would this impact Thimes's pretextual theory. Auyang Decl., ¶ 23. Thimes's counsel responded to the effect that it would certainly poke a hole in its theory. *Id.* TP-Link's counsel then asked a rhetorical question to the effect of is one example enough to ruin this theory or would Thimes

1   then say well this is only one example, when would it be enough to end this theory.

2   *Id.*

3       Like Thimes's unsubstantiated theory of Amazon's supposed different

4   treatment of trademark counterfeit complaints versus trademark infringement (versus

5   other complaints and violations), TP-Link should not be required to go down the

6   rabbit hole of Thimes's "pretextual" theory.

7       Respectfully, the Court should deny Thimes's request to provide any further

8   response.

9       **B.    RFP No. 29**

10          1.    Plaintiff's Request and TP-Link's Response

11   **Request No. 29:**

12       DOCUMENTS sufficient to reflect each instance, prior to May 29, 2019, in

13   which YOU denied warranty coverage to a United States-based consumer for one of

14   YOUR wireless routers because the consumer purchased the product on the Amazon

15   Marketplace from an "unauthorized re-seller[]," as YOU use the term in paragraph

16   21 of YOUR counterclaim filed on May 27, 2022 (ECF No. 175).

17   **Objections and Response to Request No. 29:**

18       TP-Link incorporates its General Objections by reference. TP-Link further

19   objects to this request on the grounds that it is vague, ambiguous, overly broad and

20   not proportional to the needs of the case to request "DOCUMENTS sufficient to

21   reflect each instance, prior to May 29, 2019, in which YOU denied warranty coverage

22   to a United States-based consumer for one of YOUR wireless routers because the

23   consumer purchased the product on the Amazon Marketplace from an "unauthorized

24   re-seller[]." TP-Link objects to the definition of "YOU" as impermissibly vague,

25   ambiguous, and overbroad, and renders any related requests unduly burdensome,

26   unreasonable, and oppressive. TP-Link responds to this Request on behalf of itself

27   alone, and no other entity. TP-Link also specifically objects to this request to the

28   extent that it seeks privileged and confidential information protected from disclosure

- 11 -

by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or protection.

TP-Link directs Thimes to the following examples in which TP-Link denied warranty coverage for TP-Link products that were resold by unauthorized resellers: Bates Nos. TP000085-TP000094; TP000106-TP000115; TP000130-TP000139.

2.   <u>Reasons Why the Court Should Compel Production</u>.

**General Objections**:  TP-Link asserts a series of "General Objections" to each of its responses.  "[G]eneral . . . objections . . . are not proper objections," and fail to satisfy TP-Link's burden of "clarifying, explaining, and supporting its objections."  *U.S. ex rel. O'Connell*, 245 F.R.D. 648-649.  Courts decline to consider general objections to requests for production.  *Clark*, 2021 WL 4731353, at *12 ("boilerplate 'incorporation by reference' of general objections is entirely improper in federal court.")  The Court should order TP-Link to remove the general objections  and supplement its responses and production accordingly.

**Relevance**:  TP-Link waived any relevance objection by failing to state it. *Colonies Partners LP*, 2019 WL 2895187, at *5 (finding parties "waived any relevancy argument" against Rule 34 discovery requests because they "made no objection based on relevancy in their timely responses").

It is indisputable that these documents are relevant to Thimes's claims and TP-Link's counterclaim.  TP-Link submitted complaints to Amazon alleging that Thimes's TP-Link products were counterfeit because, as an unauthorized re-seller, TP-Link would not honor the warranty on those products.  Meng Decl. ¶ 10, Ex. 7 (TP-Link Supp. Responses to 1st Rogs) at 8-9.  Thimes alleges that these complaints were entirely pretextual because, prior to the filing of this lawsuit, TP-Link did not disclaim its manufacturer's warranty to customers who purchased TP-Link products from unauthorized resellers on Amazon.  *Id.* ¶ 6, Ex. 4 (Amended 5AC) at ¶ 35.  Thimes further alleges that, even if such a policy exists, TP-Link did not enact or enforce it "until September 2019 at the earliest." *Id.* at ¶ 39.  The

1   falsity of TP-Link's representation(s) to Amazon both establishes Thimes's state

2   law claims for trade libel and economic interference, and also undermines TP-

3   Link's trademark infringement counterclaim.

4   **TP-Link's Response Fails to Comply with Rule 34**:  Rule 34 requires a

5   party responding to a document request to (1) state whether it will produce

6   responsive documents as requested or (2) state its objections with specificity and

7   whether it is withholding responsive material.  Fed. R. Civ. Proc. 34(b)(2)(B)-(C).

8   "A proper written response should also provide sufficient information for the

9   requesting party, and the court, to be satisfied that the responding party conducted

10  an adequate investigation for responsive materials."  *Bragel Int'l, Inc.*, 2018 WL

11  7890682, at *11.  TP-Link's response does none of the above.  Instead, it "directs

12  Thimes to [25] examples in which TP-Link denied warranty coverage for TP-Link

13  products that were resold by unauthorized resellers."  Meng Decl. ¶ 11, Ex. 8

14  (Response to 2nd RFP) at 6-7.

15  TP-Link's response is also substantively misleading.  Each of the "examples"

16  is a communication showing TP-Link denying warranty coverage to its customer,

17  but none occurred "prior to May 29, 2019" as requested.  *Id.* ¶¶ 7-8, Ex. 5.  The

18  earliest is dated October 2, 2019, making each "example" TP-Link points to

19  nonresponsive.  *Id.*  If TP-Link does not have documents responsive to the request,

20  its response should so state.  *Bragel Int'l, Inc.*, 2018 WL 7890682, at *10 ("a

21  responding party must serve a written response to each request either (1) stating that

22  the materials requested will be produced, in whole or in part; (2) affirming that no

23  responsive documents exist in the party's possession, custody or control, or (3)

24  posing an objection to the request, including the reasons.").

25  Thimes respectfully requests the Court to compel TP-Link to provide a

26  response that complies with Rule 34 and produce responsive documents, if any.

27  3.   TP-Link's Response

28  **General Objections**: Thimes never raised this issue in the parties' L.R. 37-1

JOINT STIP. RE: PLAINTIFF'S
MOTION TO COMPEL RE TP-LINK
CASE NO. 2:19-CV-10374-SB-E

1  meet and confer process. Auyang Decl., Ex. P, ¶ 17. Thimes's request should thus be
2  disregarded.

3      **Relevance**: Thimes's reasons to compel are the same as for RFP No. 28. TP-
4  Link incorporates its Response to RFP No. 28.

5      Moreover, the issues with Request No. 29 are further compounded as this
6  Request adds the particular requirement of "each instance" warranty coverage was
7  denied to a consumer who "purchased the product **on the Amazon Marketplace**
8  from an 'unauthorized re-seller[]'" (emphasis added), making this request even more
9  problematic than RFP No. 28 and not proportional to the needs of the case.

10     Respectfully, the Court should deny Thimes's request to provide any further
11 response.

12     **C.    RFP No. 30**

13          1.    <u>Plaintiff's Request and TP-Link's Response</u>

14 **Request No. 30:**

15     A copy of YOUR quality control instructions, policies, procedures, or
16 guidelines (including, but not limited to, instructions regarding shipping and
17 handling, product inspection, handling defective or damaged products, storage, and
18 so forth) that were applicable, as of May 29, 2019, to YOUR authorized retailers,
19 distributors, or re-sellers.

20 **Objections and Response to Request No. 30:**

21     TP-Link incorporates its General Objections by reference. TP-Link further
22 objects to this request on the grounds that it is vague, ambiguous, overly broad and
23 not proportional to the needs of the case, including the phrases "YOUR quality
24 control instructions, policies, procedures, or guidelines (including, but not limited to,
25 instructions regarding shipping and handling, product inspection, handling defective
26 or damaged products, storage, and so forth)" and "applicable, as of May 29, 2019."
27 TP-Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and
28 overbroad, and renders any related requests unduly burdensome, unreasonable, and

JOINT STIP. RE: PLAINTIFF'S
MOTION TO COMPEL RE TP-LINK
CASE NO. 2:19-CV-10374-SB-E

1   oppressive. TP-Link responds to this Request on behalf of itself alone, and no other

2   entity. TP-Link also specifically objects to this request to the extent that it seeks

3   privileged and confidential information protected from disclosure by the attorney-

4   client privilege, the attorney work-product doctrine, and/or any other privilege or

5   protection.

6       TP-Link directs Thimes to the TP-Link website where products have

7   specification information listing specific environment requirements, including for the

8   Archer   C5400   (https://www.tp-link.com/us/home-networking/wifi-router/archer-

9   c5400/#specifications). This information is as equally available to Thimes.

10      Moreover, Thimes refused to respond to document requests propounded by co-

11   defendant Amazzia related to how Thimes stored, transported, or maintained quality

12   control of the TP-Link products it offered for sale on Amazon.

13      Amazzia propounded Document Request No. 12: "All DOCUMENTS and/or

14   ELECTRONIC DATA that REFER or RELATE to the manner in which YOU stored

15   TP-Link products that YOU offered for sale on Amazon." Thimes refused to search

16   for and produce responsive documents: "Plaintiff objects to the definition of "YOU"

17   as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods

18   & Sales. Plaintiff further objects to the term "the manner in which YOU stored" as

19   vague and ambiguous. Plaintiff further objects that any relevance of "all" documents

20   on the subject of the Request is minimal, is greatly outweighed by the burden of

21   tracking down all such documents and communications, and on that ground, is

22   disproportional to the needs of the case, considering the parties' resources, the

23   importance of the discovery in resolving the issues, and whether the burden or

24   expense of the proposed discovery outweighs its likely benefit. Plaintiff also objects

25   to this Request to the extent it calls for the production of information protected from

26   disclosure by the attorney-client privilege, the work product doctrine, or other

27   applicable protections and privileges."

28      Amazzia propounded Document Request No. 13: "All DOCUMENTS and/or

ELECTRONIC DATA that REFER or RELATE to the manner in which YOU transported TP-Link products that YOU offered for sale on Amazon." Thimes refused to search for and produce responsive documents: "Plaintiff objects to the definition of "YOU" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales. Plaintiff further objects to the term "the manner in which YOU transported" as vague and ambiguous. Plaintiff further objects that any relevance of "all" documents on the subject of the Request is minimal, is greatly outweighed by the burden of tracking down all such documents and communications, and on that ground, is disproportional to the needs of the case, considering the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff also objects to this Request to the extent it calls for the production of information protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable protections and privileges."

Amazzia propounded Document Request No. 24: "All DOCUMENTS and/or ELECTRONIC DATA REGARDING YOUR post-manufacturer quality control processes with regard to TP-Link products YOU sold or offered for sale on Amazon or elsewhere." Thimes refused to search for and produce responsive documents: "Plaintiff objects to the definition of "YOU" and "YOUR" as overbroad, and interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales. Plaintiff objects to the term "post-manufacturer quality control processes" as vague and ambiguous. Plaintiff also objects to this Request to the extent it calls for the production of information protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable protections and privileges."

Thimes also refused to respond to an Interrogatory about how Thimes stored and transported the TP-Link products that it sold. Amazzia propounded Interrogatory No. 23: "Please describe with specificity all steps YOU took to ensure that the TP-Link products that YOU attempted to sell on Amazon were stored and transported in

accordance with TP-Link's requirements for authorized resellers." Thimes refused to respond: "Plaintiff objects to this Interrogatory on grounds of relevance, as Plaintiff did not enter into any distributorship (or similar) agreement with TP-Link, nor are such purported requirements relevant to Plaintiff's claims. Plaintiff further objects the terms "stored and transported" and "TP-Link's requirements for authorized resellers" as vague and ambiguous. Plaintiff further objects to the definition of "YOU" as overbroad, and interprets it to mean Thimes Solutions Inc."

2.   <u>Reasons Why the Court Should Compel Production</u>.

**General Objections**:  TP-Link asserts a series of "General Objections" to each of its responses.  "[G]eneral . . . objections . . . are not proper objections," and fail to satisfy TP-Link's burden of "clarifying, explaining, and supporting its objections."  *U.S. ex rel. O'Connell*, 245 F.R.D. 648-649.  Courts decline to consider general objections to requests for production.  *Clark*, 2021 WL 4731353, at *12 ("boilerplate 'incorporation by reference' of general objections is entirely improper in federal court.")  The Court should order TP-Link to remove the general objections  and supplement its responses and production accordingly.

**Relevance**:  The request is relevant because TP-Link may argue on summary judgment or at trial that, based on the "quality control" exception to the first sale doctrine announced in *Skullcandy, Inc.* and similar cases, Thimes infringed on TP-Link's mark by selling TP-Link products without following TP-Link's quality control procedures.  2019 WL 2568010, at *6.  That exception requires TP-Link to establish that it has and abides by "legitimate, substantial, and nonpretextual quality control procedures."  *Id*.  Indeed, co-defendant Amazzia expressed its intent to rely on *Skullcandy* by seeking documents concerning how Thimes "stored" and "transported" TP-Link products and enforced "post-manufacturer quality control processes."  Meng Decl. ¶ 9, Ex. 6 (Amazzia 1st RFP to Thimes) at 10, 12.

In any event, TP-Link waived any relevance objection by failing to state it. *Colonies Partners LP*, 2019 WL 2895187, at *5 (finding parties "waived any

relevancy argument" against Rule 34 discovery requests because they "made no objection based on relevancy in their timely responses").

**TP-Link's Response Fails to Comply with Rule 34**: TP-Link directs Thimes to TP-Link's website that purportedly contains "specification information listing specific environment requirements" and states that the "information is as equally available to Thimes." Contrary to the requirements of Rule 34, TP-Link's response does not (1) state whether it will produce responsive documents as requested or (2) state objections with specificity and whether TP-Link is withholding responsive material. Fed. R. Civ. Proc. 34(b)(2)(B)-(C). TP-Link's response is substantively deficient.

TP-Link's response also asserts that "Thimes refused to respond to document requests propounded by co-defendant Amazzia related to how Thimes stored, transported, or maintained quality control of the TP-Link products it offered for sale on Amazon." But TP-Link cites no authority suggesting that a responding party may shirk its discovery obligations by referencing discovery responses given by other parties to the litigation, and Thimes is aware of none. In any event, Thimes gave a substantive discovery response by pointing out that it never entered into a distributor or re-seller agreement with TP-Link and therefore was not contractually obligated to abide by any TP-Link quality control requirements. Meng Decl. ¶ 12, Ex. 9 (Thimes Response to Amazzia 1st Rogs) at 19.

### 3.  TP-Link's Response

**General Objections**: Thimes never raised this issue in the parties' L.R. 37-1 meet and confer process. Auyang Decl., Ex. P, ¶ 17. Thimes's request should thus be disregarded.

**Relevance**: Thimes's bases its relevance arguments on more unsupported contentions: "The request is relevant because TP-Link *may* argue on summary judgment or at trial that, based on the "quality control" exception to the first sale doctrine announced in *Skullcandy, Inc*. and similar cases, Thimes infringed on TP-

Link's mark by selling TP-Link products without following TP-Link's quality control procedures." However, a "may" argument does not warrant compelling TP-Link to respond to this Request. In any case, during the parties' L.R. 37-1 conference, TP-Link's counsel stated that TP-Link did not intend to move on *Skullcandy* and had never raised *Skullcandy*, "quality control" issues, or propounded discovery about "quality control" issues. Auyang Decl. ¶ 24. In addition, on August 15 during the parties' meet and confer concerning TP-Link's impending motion for summary judgment, TP-Link's counsel once again confirmed that TP-Link would not be moving for summary judgment on "quality control" issues. Auyang Decl. ¶ 25.

Thimes's reliance on the argument that "Amazzia expressed its intent to rely on *Skullcandy* by seeking documents concerning how Thimes 'stored' and 'transported' TP-Link products and enforced 'post-manufacturer quality control processes'" should be disregarded. First, Amazzia informed the Court on August 2, 2022 (before Thimes served its portion of this joint stipulation on August 12), that it had settled out with Thimes and would be making a motion for determination of good faith settlement, and is no longer actively participating in this litigation. Auyang Decl., Ex. V (Amazzia's counsel's Declaration stating: "I am pleased to report that [Amazzia] has now negotiated a settlement with [Thimes] in this action. The settlement will be the subject of an anticipated motion for determination of good faith settlement and in that context, the details of the settlement will be made known to the Court. In short, the settlement provides for a single payment and dismissal of Amazzia, with mutual general releases."). On August 19, 2022, Amazzia filed it motion for determination of good faith settlement. ECF No. 208. Therefore, Thimes's argument about Amazzia's "intent to reply on *Skullcandy*" is moot.

Second, the point of why TP-Link's objection to this Request refers to Amazzia's discovery requests is that Thimes flatly refused to respond to Amazzia's requests about "quality control" (how Thimes stored and transported the TP-Link products that it sold) on the basis that "such purported requirements [are not] relevant

1  to [Thimes's] claims." Auyang Decl., Ex. W, Thimes's Response to Rog. No. 23.

2      Stripping away Thimes's unconvincing relevance arguments leaves a "may"

3  raise argument (but TP-Link has never raised "quality control" issues or propounded

4  discovery) and Thimes's position that issues about "quality control" are not relevant

5  to its claims. Both support denying Thimes's request for further responses.

6      **D.**    **RFP No. 31**

7          1.    <u>Plaintiff's Request and TP-Link's Response</u>

8  **Request No. 31:**

9      DOCUMENTS sufficient to reflect YOUR efforts, prior to May 29, 2019, to

10  enforce YOUR quality control instructions, policies, procedures, or guidelines

11  (including, but not limited to, instructions regarding shipping and handling, product

12  inspection, handling defective or damaged products, storage, and so forth) upon

13  YOUR authorized retailers, distributors, or re-sellers.

14  **Objections and Response to Request No. 31:**

15      TP-Link incorporates its General Objections by reference. TP-Link further

16  objects to this request on the grounds that it is vague, ambiguous, overly broad and

17  not proportional to the needs of the case, including the phrase "YOUR efforts, prior

18  to May 29, 2019, to enforce YOUR quality control instructions, policies,

19  procedures, or guidelines (including, but not limited to, instructions regarding

20  shipping and handling, product inspection, handling defective or damaged products,

21  storage, and so forth)." TP-Link objects to the definition of "YOU" as

22  impermissibly vague, ambiguous, and overbroad, and renders any related requests

23  unduly burdensome, unreasonable, and oppressive. TP-Link responds to this

24  Request on behalf of itself alone, and no other entity. TP-Link also specifically

25  objects to this request to the extent that it seeks privileged and confidential

26  information protected from disclosure by the attorney-client privilege, the attorney

27  work-product doctrine, and/or any other privilege or protection.

28      Moreover, Thimes refused to respond to document requests propounded by

JOINT STIP. RE: PLAINTIFF'S
MOTION TO COMPEL RE TP-LINK
CASE NO. 2:19-CV-10374-SB-E

co-defendant Amazzia related to how Thimes stored, transported, or maintained quality control of the TP-Link products it offered for sale on Amazon.

Amazzia propounded Document Request No. 12: "All DOCUMENTS and/or ELECTRONIC DATA that REFER or RELATE to the manner in which YOU stored TP-Link products that YOU offered for sale on Amazon." Thimes refused to search for and produce responsive documents: "Plaintiff objects to the definition of "YOU" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales. Plaintiff further objects to the term "the manner in which YOU stored" as vague and ambiguous. Plaintiff further objects that any relevance of "all" documents on the subject of the Request is minimal, is greatly outweighed by the burden of tracking down all such documents and communications, and on that ground, is disproportional to the needs of the case, considering the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff also objects to this Request to the extent it calls for the production of information protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable protections and privileges."

Amazzia propounded Document Request No. 13: "All DOCUMENTS and/or ELECTRONIC DATA that REFER or RELATE to the manner in which YOU transported TP-Link products that YOU offered for sale on Amazon." Thimes refused to search for and produce responsive documents: "Plaintiff objects to the definition of "YOU" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales. Plaintiff further objects to the term "the manner in which YOU transported" as vague and ambiguous. Plaintiff further objects that any relevance of "all" documents on the subject of the Request is minimal, is greatly outweighed by the burden of tracking down all such documents and communications, and on that ground, is disproportional to the needs of the case, considering the parties' resources, the importance of the discovery in resolving the

1  issues, and whether the burden or expense of the proposed discovery outweighs its

2  likely benefit. Plaintiff also objects to this Request to the extent it calls for the

3  production of information protected from disclosure by the attorney-client

4  privilege, the work product doctrine, or other applicable protections and privileges."

5      Amazzia propounded Document Request No. 24: "All DOCUMENTS and/or

6  ELECTRONIC DATA REGARDING YOUR post-manufacturer quality control

7  processes with regard to TP-Link products YOU sold or offered for sale on Amazon

8  or elsewhere." Thimes refused to search for and produce responsive documents:

9  "Plaintiff objects to the definition of "YOU" and "YOUR" as overbroad, and

10  interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

11  Plaintiff objects to the term "post-manufacturer quality control processes" as vague

12  and ambiguous. Plaintiff also objects to this Request to the extent it calls for the

13  production of information protected from disclosure by the attorney-client

14  privilege, the work product doctrine, or other applicable protections and privileges."

15      Thimes also refused to respond to an Interrogatory about how Thimes stored

16  and transported the TP-Link products that it sold. Amazzia propounded

17  Interrogatory No. 23: "Please describe with specificity all steps YOU took to ensure

18  that the TP-Link products that YOU attempted to sell on Amazon were stored and

19  transported in accordance with TP-Link's requirements for authorized resellers."

20  Thimes refused to respond: "Plaintiff objects to this Interrogatory on grounds of

21  relevance, as Plaintiff did not enter into any distributorship (or similar) agreement

22  with TP-Link, nor are such purported requirements relevant to Plaintiff's claims.

23  Plaintiff further objects the terms "stored and transported" and "TP-Link's

24  requirements for authorized resellers" as vague and ambiguous. Plaintiff further

25  objects to the definition of "YOU" as overbroad, and interprets it to mean Thimes

26  Solutions Inc."

27          2.    Reasons Why the Court Should Compel Production.

28  **General Objections**:  TP-Link asserts a series of "General Objections" to

- 22 -

each of its responses.  "[G]eneral . . . objections . . . are not proper objections," and fail to satisfy TP-Link's burden of "clarifying, explaining, and supporting its objections."  *U.S. ex rel. O'Connell*, 245 F.R.D. 648-649.  Courts decline to consider general objections to requests for production.  *Clark*, 2021 WL 4731353, at *12 ("boilerplate 'incorporation by reference' of general objections is entirely improper in federal court.")  The Court should order TP-Link to remove the general objections  and supplement its responses and production accordingly.

    **Relevance**:  This request is relevant because TP-Link may argue on summary judgment or at trial that, based on the "quality control" exception to the first sale doctrine announced in *Skullcandy, Inc.* and similar cases, Thimes infringed on TP-Link's mark by selling TP-Link products without following TP-Link's quality control procedures.  2019 WL 2568010, at *6.  That exception requires TP-Link to establish that it has and abides by "legitimate, substantial, and nonpretextual quality control procedures."  *Id*.  Indeed, co-defendant Amazzia expressed its intent to rely on *Skullcandy* by seeking documents concerning how Thimes "stored" and "transported" TP-Link products and enforced "post-manufacturer quality control processes."  Meng Decl. ¶ 9, Ex. 6 (Amazzia 1st RFP to Thimes) at 10, 12.

    In any event, TP-Link waived any relevance objection by failing to state it. *Colonies Partners LP*, 2019 WL 2895187, at *5 (finding parties "waived any relevancy argument" against Rule 34 discovery requests because they "made no objection based on relevancy in their timely responses").

    **TP-Link's Response Fails to Comply with Rule 34**:  Contrary to the requirements of Rule 34, TP-Link's response does not (1) state whether it will produce responsive documents as requested or (2) state objections with specificity and whether TP-Link is withholding responsive material.  Fed. R. Civ. Proc. 34(b)(2)(B)-(C).  Instead, its response asserts that "Thimes refused to respond to document requests propounded by co-defendant Amazzia related to how Thimes

stored, transported, or maintained quality control of the TP-Link products it offered for sale on Amazon."  But TP-Link cites no authority suggesting that a responding party may shirk its discovery obligations by referencing discovery responses given by other parties to the litigation, and Thimes is aware of none.  In any event, Thimes gave a substantive discovery response by pointing out that it never entered into a distributor or re-seller agreement with TP-Link and therefore was not contractually obligated to abide by any TP-Link quality control requirements.  Meng Decl. ¶ 12, Ex. 9 (Thimes Response to Amazzia 1st Rogs) at 19.

### 3. TP-Link's Response

**General Objections**: Thimes never raised this issue in the parties' L.R. 37-1 meet and confer process. Auyang Decl., Ex. P, ¶ 17. Thimes's request should thus be disregarded.

**Relevance**: Thimes's reasons to compel are the same for RFP No. 30. TP-Link incorporates its Response to RFP No. 30.

Respectfully, the Court should deny Thimes's request.

### E. RFP No. 32

#### 1. Plaintiff's Request and TP-Link's Response

**Request No. 32:**

DOCUMENTS sufficient to reflect each instance, prior to May 29, 2019, in which YOU denied warranty coverage to a United States-based consumer for one of YOUR wireless routers for the stated reason that the consumer purchased that product from a seller that did not comply with YOUR quality control instructions, policies, procedures, or guidelines (including, but not limited to, instructions regarding shipping and handling, product inspection, handling defective or damaged products, storage, and so forth).

**Objections and Response to Request No. 32:**

TP-Link incorporates its General Objections by reference. TP-Link further objects to this request on the grounds that it is vague, ambiguous, overly broad and

not proportional to the needs of the case, including the phrases "sufficient to reflect each instance," "YOU denied warranty coverage to a United States-based consumer for one of YOUR wireless routers for the stated reason that the consumer purchased that product from a seller that did not comply with YOUR quality control instructions, policies, procedures, or guidelines (including, but not limited to, instructions regarding shipping and handling, product inspection, handling defective or damaged products, storage, and so forth)," and "prior to May 29, 2019." TP-Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive. TP-Link responds to this Request on behalf of itself alone, and no other entity. TP-Link also specifically objects to this request to the extent that it seeks privileged and confidential information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or protection.

Moreover, Thimes refused to respond to document requests propounded by co-defendant Amazzia related to how Thimes stored, transported, or maintained quality control of the TP-Link products it offered for sale on Amazon.

Amazzia propounded Document Request No. 12: "All DOCUMENTS and/or ELECTRONIC DATA that REFER or RELATE to the manner in which YOU stored TP-Link products that YOU offered for sale on Amazon." Thimes refused to search for and produce responsive documents: "Plaintiff objects to the definition of "YOU" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales. Plaintiff further objects to the term "the manner in which YOU stored" as vague and ambiguous. Plaintiff further objects that any relevance of "all" documents on the subject of the Request is minimal, is greatly outweighed by the burden of tracking down all such documents and communications, and on that ground, is disproportional to the needs of the case, considering the parties' resources, the importance of the discovery in resolving the issues, and whether the

1  burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff

2  also objects to this Request to the extent it calls for the production of information

3  protected from disclosure by the attorney-client privilege, the work product

4  doctrine, or other applicable protections and privileges."

5        Amazzia propounded Document Request No. 13: "All DOCUMENTS and/or

6  ELECTRONIC DATA that REFER or RELATE to the manner in which YOU

7  transported TP-Link products that YOU offered for sale on Amazon." Thimes

8  refused to search for and produce responsive documents: "Plaintiff objects to the

9  definition of "YOU" as overbroad, and interprets it to mean Thimes Solutions Inc.

10  d/b/a Universal Goods & Sales. Plaintiff further objects to the term "the manner in

11  which YOU transported" as vague and ambiguous. Plaintiff further objects that any

12  relevance of "all" documents on the subject of the Request is minimal, is greatly

13  outweighed by the burden of tracking down all such documents and

14  communications, and on that ground, is disproportional to the needs of the case,

15  considering the parties' resources, the importance of the discovery in resolving the

16  issues, and whether the burden or expense of the proposed discovery outweighs its

17  likely benefit. Plaintiff also objects to this Request to the extent it calls for the

18  production of information protected from disclosure by the attorney-client

19  privilege, the work product doctrine, or other applicable protections and privileges."

20        Amazzia propounded Document Request No. 24: "All DOCUMENTS and/or

21  ELECTRONIC DATA REGARDING YOUR post-manufacturer quality control

22  processes with regard to TP-Link products YOU sold or offered for sale on Amazon

23  or elsewhere." Thimes refused to search for and produce responsive documents:

24  "Plaintiff objects to the definition of "YOU" and "YOUR" as overbroad, and

25  interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

26  Plaintiff objects to the term "post-manufacturer quality control processes" as vague

27  and ambiguous. Plaintiff also objects to this Request to the extent it calls for the

28  production of information protected from disclosure by the attorney-client

privilege, the work product doctrine, or other applicable protections and privileges."

Thimes also refused to respond to an Interrogatory about how Thimes stored and transported the TP-Link products that it sold. Amazzia propounded Interrogatory No. 23: "Please describe with specificity all steps YOU took to ensure that the TP-Link products that YOU attempted to sell on Amazon were stored and transported in accordance with TP-Link's requirements for authorized resellers." Thimes refused to respond: "Plaintiff objects to this Interrogatory on grounds of relevance, as Plaintiff did not enter into any distributorship (or similar) agreement with TP-Link, nor are such purported requirements relevant to Plaintiff's claims. Plaintiff further objects the terms "stored and transported" and "TP-Link's requirements for authorized resellers" as vague and ambiguous. Plaintiff further objects to the definition of "YOU" as overbroad, and interprets it to mean Thimes Solutions Inc."

> 2.   <u>Reasons Why the Court Should Compel Production</u>.

**General Objections**:  TP-Link asserts a series of "General Objections" to each of its responses.  "[G]eneral . . . objections . . . are not proper objections," and fail to satisfy TP-Link's burden of "clarifying, explaining, and supporting its objections."  *U.S. ex rel. O'Connell*, 245 F.R.D. 648-649.  Courts decline to consider general objections to requests for production.  *Clark*, 2021 WL 4731353, at *12 ("boilerplate 'incorporation by reference' of general objections is entirely improper in federal court.")  The Court should order TP-Link to remove the general objections  and supplement its responses and production accordingly.

**Relevance**:  This request is relevant because TP-Link may argue on summary judgment or at trial that, based on the "quality control" exception to the first sale doctrine announced in *Skullcandy, Inc.* and similar cases, Thimes infringed on TP-Link's mark by selling TP-Link products without following TP-Link's quality control procedures.  2019 WL 2568010, at *6.  That exception requires TP-Link to establish that it has and abides by "legitimate, substantial, and

nonpretextual quality control procedures." *Id*.  Indeed, co-defendant Amazzia expressed its intent to rely on *Skullcandy* by seeking documents concerning how Thimes "stored" and "transported" TP-Link products and enforced "post-manufacturer quality control processes."  Meng Decl. ¶ 9, Ex. 6 (Amazzia 1st RFP to Thimes) at 10, 12.

In any event, TP-Link waived any relevance objection by failing to state it. *Colonies Partners LP*, 2019 WL 2895187, at *5 (finding parties "waived any relevancy argument" against Rule 34 discovery requests because they "made no objection based on relevancy in their timely responses").

**TP-Link's Response Fails to Comply with Rule 34**:  Contrary to the requirements of Rule 34, TP-Link's response does not (1) state whether it will produce responsive documents as requested or (2) state objections with specificity and whether TP-Link is withholding responsive material.   Fed. R. Civ. Proc. 34(b)(2)(B)-(C).   Instead, its response asserts that "Thimes refused to respond to document requests propounded by co-defendant Amazzia related to how Thimes stored, transported, or maintained quality control of the TP-Link products it offered for sale on Amazon."  But TP-Link cites no authority suggesting that a responding party may shirk its discovery obligations by referencing discovery responses given by other parties to the litigation, and Thimes is aware of none.  In any event, Thimes gave a substantive discovery response by pointing out that it never entered into a distributor or re-seller agreement with TP-Link and therefore was not contractually obligated to abide by any TP-Link quality control requirements.  Meng Decl. ¶ 12, Ex. 9 (Thimes Response to Amazzia 1st Rogs) at 19.

### 3.    TP-Link's Response

**General Objections**: Thimes never raised this issue in the parties' L.R. 37-1 meet and confer process. Auyang Decl., Ex. P, ¶ 17. Thimes's request should thus be disregarded.

**Relevance**: RFP No. 32 is essentially a combination of RFP No. 28 and RFP

1    No. 30.

2          TP-Link incorporates its Response to RFP No. 28. Thimes's reasons to compel

3    are also the same for RFP No. 30, and as such TP-Link incorporates its Response to

4    RFP No. 30.

5          Respectfully, the Court should deny Thimes's request to compel further

6    responses.

7

8    Dated:  August 22, 2022          GAW | POE LLP

9                                     By:   _/s/ - Victor Meng_____

10

11                                         Victor Meng

12                                         Attorneys for Plaintiff
                                           Thimes Solutions Inc.

13

14

15   Dated:  August 22, 2022          LTL ATTORNEYS LLP

16                                     By:   _/s/ - Heather Auyang_____

17                                         Heather Auyang

18
                                           Attorneys for Defendant
19                                         TP-Link USA Corporation

20

21

22

23

24

25

26

27

28

JOINT STIP. RE: PLAINTIFF'S
MOTION TO COMPEL RE TP-LINK
CASE NO. 2:19-CV-10374-SB-E