RANDOLPH GAW (S.B. #223718)
 rgaw@gawpoe.com
MARK POE (S.B. #223714)
 mpoe@gawpoe.com
VICTOR MENG (S.B. #254102)
 vmeng@gawpoe.com
GAW | POE LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

MARK SCHLACHET (*pro hac vice*)
 markschlachet@me.com
43 West 43d Street, Suite 220
New York, New York 10036
Telephone: (216) 225-7559
Facsimile: (216) 932-5390

Attorneys for Plaintiff
Thimes Solutions Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS INC.<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>TP-LINK USA CORPORATION, and AUCTION BROTHERS, INC. d/b/a AMAZZIA<br><br>　　　　　Defendant. | Case No. 2:19-CV-10374-SB-E<br><br>**DISCOVERY MATTER**<br><br>**DECLARATION OF VICTOR MENG IN SUPPORT OF THIMES SOLUTION INC.'S MOTION TO COMPEL TP-LINK USA CORPORATION TO PRODUCE DOCUMENTS**<br><br>Date: September 16, 2022<br>Time: 9:30 am<br>Courtroom: 750, 7th Floor |

I, Victor Meng, declare as follows:

1.      I am a partner in the law firm of Gaw | Poe LLP, co-counsel for plaintiff Thimes Solutions Inc.  If called to testify at a hearing or trial, I could and would testify to the following, which is based on my personal knowledge.  I submit this declaration in support of Thimes's motion to compel defendant TP-Link USA Corporation to produce documents responsive to Thimes's second set of document requests.

2.      I met and conferred with TP-Link's counsel Heather Auyang on August 12, 2022 concerning the issues raised in this motion.

3.      Attached as **Exhibit 1** is a true and correct copy of the Scheduling Order for this matter, filed in this action on May 20, 2022 (ECF No. 170).

4.      Attached as **Exhibit 2** is a true and correct copy of a document produced by TP-Link in this action, bearing the Bates label TP000102.

5.      Attached as **Exhibit 3** is a true and correct copy of TP-Link's Answer and Counterclaim, filed in this action on May 27, 2022 (ECF No. 175).

6.      Attached as **Exhibit 4** is a true and correct copy of Thimes's Amended Fifth Amended Complaint, filed in this action on May 27, 2022 (ECF No. 178).

7.      TP-Link's responses to Thimes's RFP Nos. 28-29 direct Thimes to the following documents:  TP000085-TP000094; TP000106-TP000115; TP000130-TP000139, true and correct copies of which are attached as **Exhibit 5**.

8.      I have reviewed each of those documents identified in TP-Link's response to Thimes's RFP Nos. 28-29.  Each is a communication showing TP-Link denying warranty coverage to its customer, but none occurred "prior to May 29, 2019."  The earliest is dated October 2, 2019.

9.      Attached as **Exhibit 6** is a true and correct copy of defendant Auction Brothers, Inc. d/b/a Amazzia's first set of document requests to Thimes, served on June 7, 2022.

10.      Attached as **Exhibit 7** is a true and correct copy of TP-Link's

1  supplemental responses to Thimes's first set of interrogatories, served on July 29,

2  2022.

3       11.    Attached as **Exhibit 8** is a true and correct copy of TP-Link's

4  responses to Thimes second set of document requests, served on August 4, 2022.

5       12.    Attached as **Exhibit 9** is a true and correct copy of Thimes's response

6  to Amazzia's first set of interrogatories, served on July 7, 2022.

7

8       I declare under penalty of perjury under the laws of the United States that the

9  foregoing is true and correct.  Executed on August 12, 2022, at Alameda,

10 California.

11

12                                    _____

13                                    Victor Meng

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:19-cv-10374-SB-E | Date: | May 20, 2022 |
|---|---|---|---|

| Title: | *Thimes Solutions Inc. v. TP Link USA Corporation et al.* |
|---|---|

| Present: The Honorable | **STANLEY BLUMENFELD, JR., U.S. District Judge** |
|---|---|

| Jennifer Graciano | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   **[In Chambers] CASE MANAGEMENT ORDER**

This case was remanded to this Court from the Ninth Circuit on May 9, 2022; the Court held a status conference on May 20, 2022 and issues this case management order. The DOE defendants remaining after July 18, 2022 are dismissed by operation of this Order and without further notice. Defendants shall file any objection to private mediation **by no later than May 23, 2022**.

The Court has reviewed the Joint Rule 26(f) Report and sets the pretrial and trial dates noted in the table below based on an evaluation of the complexity of the case. A more complete description of these deadlines is contained in the Mandatory Scheduling Conference Order (MSC Order). The deadlines below will *not* be continued absent *a timely showing of good cause*. **Good cause** requires a specific, detailed, and non-conclusory showing of diligence from the outset of the case, describing: (i) all relevant work previously done (including when each item was completed), (ii) all relevant work that remains to be done, (iii) why the remaining work could not previously have been done (including efforts made to complete each remaining item), and (iv) why the amount of time requested is needed to complete the remaining work. *The **Attachment to this Order** describes the*

*requirements in more detail, and failure to comply with them will result in denial of the request with prejudice.*

| **Trial** ☐ Court ☒ Jury        (Mon., 8:30 a.m.) | January 9, 2023 |
|---|---|
| **Pretrial Conference**        (Fri., 10:00 a.m.)<br>(including hearing on motions in limine) | December 30, 2022 |
| **Motion to Amend Pleadings/Add Parties**<br>**(**Hearing Deadline) | July 18, 2022 |
| **Discovery Deadline – Nonexpert** | September 30, 2022 |
| **Discovery Deadline – Expert** | September 30, 2022 |
| Initial Expert Disclosure | August 1, 2022 |
| Rebuttal Expert Disclosure | August 8, 2022 |
| **Discovery Motion Hearing Deadline** | October 7, 2022 |
| **Non-Discovery Motion Hearing Deadline** | October 7, 2022 |
| **Early Mediation Deadline** | June 21, 2022 |
| **Settlement Conference Deadline**<br>☐ 1. Mag. J. ☐ 2. Panel ☒ 3. Private | October 21, 2022 |
| **Post-Settlement Status Conf.** (Fri., 8:30 a.m.): | November 4, 2022 |
| Status Report Due (7 court days before *by 9:00 a.m.*): | October 28, 2022 |
| **Trial Filings (First Set) Deadline** | December 9, 2022 |
| **Trial Filings (Second Set) Deadline** | December 16, 2022 |

All motion deadlines reflect *the last day when a motion may be heard*, and a hearing must be set on *an open hearing date*. Consult the Court's website before scheduling a hearing to determine availability. A party that waits until the last day to have a motion heard on a date that turns out to be unavailable risks having the motion stricken and not heard.

The parties should plan to complete discovery far enough in advance of the discovery deadline to allow for the filing of a discovery motion if necessary and complete the discovery allowed if relief is granted. Delaying discovery (e.g., a deposition) until receiving other discovery (e.g., written discovery)—or deciding not to conduct a deposition remotely—generally does not constitute good cause to

continue the discovery or other deadlines.  The parties should take this risk into account when deciding whether to engage in strategic ordering of discovery or to conduct in-person depositions.

**cc:  ADR**

## ATTACHMENT

The parties should prepare this case without expecting an extension of any pretrial or trial deadline, even if the extension request is by stipulation.  The Court applies the same standard of good cause for all requests (whether opposed or unopposed).

A continuance will be granted only for good cause as defined in the Order above. The showing shall be placed in a table in chronological order and shall include *all* discovery and significant procedural events from the outset of the case in the format illustrated below.

| Completed Work | | | |
|---|---|---|---|
| **Date** | **Pty** | **Event** | **Explanation** |
| __/__/__ | Π | Complaint | |
| __/__/__ | Δ | Answer | |
| __/__/__ | Π | Initial Disclosures | |
| __/__/__ | Δ | Initial Disclosures | |
| __/__/__ | Π | Interrog., RFPs, RFAs (Set #1)[1] | |
| __/__/__ | Δ | Interrog., RFPs, RFAs (Set #1) | |
| __/__/__ | Π | Smith Depo | |
| **Remaining Work[2]** | | | |
| __/__/__ | Π | Jones Depo | Detail:  (1) why it was not already done; (2) prior efforts to complete it; and (3) why the amount of time requested is necessary. |

The requesting party/parties also must submit a proposed order *in Word format* using the exact "CMO Continuance Order template" provided on the Court's website.

### *Failure to comply with the above requirements will result in the denial of the request with prejudice.*

---

[1] Each discovery item (e.g., RFAs) must be separately listed *unless* they all occurred on the same date.

[2] Each remaining discovery item must be listed separately with a proposed date for completion in the first column, the party taking the discovery in the second column, a description of the discovery in the third column, and an explanation in the fourth column of (1) why the discovery was not already done, (2) the prior efforts to complete it, and (3) why the amount of time requested is necessary.

# Exhibit 2

| | |
|---|---|
| **From:** | Antoine Liu |
| **Sent:** | Thursday, April 26, 2018 7:22 PM PDT |
| **To:** | Shane De La Cruz |
| **CC:** | Brand Protection |
| **Subject:** | RE: Market Place Report 0423 |

Hi Shane

It's glad to see that Universal was blocked finally. Thanks for your efforts.

Please help to add ▇▇▇▇ Nonresponsive ▇▇▇▇ into whitelist and retract the claims for the reseller.

Complaint ID: 5005125421

Best Regards

------------------------

**Antoine**



---

**From:** Antoine Liu
**Sent:** 2018年4月25日 14:19
**To:** 'Shane De La Cruz' <shane@amazzia.com>
**Cc:** 'Brand Protection' <brandprotection@amazzia.com>
**Subject:** RE: Market Place Report 0423

Good afternoon, Shane

I checked in the morning that Universal was not there but somehow it managed to come back with an even lower price. Just curious, do you have idea why it could come back after being blocked?

| | | | |
|---|---|---|---|
| **$229.94** ✓prime<br>& FREE Shipping Details | **New** | FULFILLMENT BY AMAZON ▾<br>• Want it delivered Friday, April 27? Order it in the next 8 hours and 1 minute, and choose Two-Day Shipping at checkout. See details<br>• Shipping rates and return policy. | **Universal Goods and Sales**<br>★★★★★ 98% positive over the past 12 months. (1,044 total ratings) |

Best Regards

------------------------

**Antoine**



CONFIDENTIAL

**From:** Antoine Liu
**Sent:** 2018年4月24日 17:18
**To:** Shane De La Cruz <shane@amazzia.com>
**Cc:** Brand Protection <brandprotection@amazzia.com>
**Subject:** RE: Market Place Report 0423

Good afternoon, Shane.

Well noted. Thanks for your efforts.

Best Regards
--------------------------
**Antoine**



**From:** Shane De La Cruz <shane@amazzia.com>
**Sent:** 2018年4月24日 17:17
**To:** Antoine Liu <antoine.liu@tp-link.com>
**Cc:** Brand Protection <brandprotection@amazzia.com>
**Subject:** RE: Market Place Report 0423

Good Afternoon Antoine,

Universal Goods and Sales were last removed on Friday, April 13th. But they were back on the listing since last Monday, April 16th. Since then they have been reported 5 times, and will be reported again tonight or tomorrow morning. We have also sent an individual report today against Universal Goods. I can ensure that Universal is being reported daily in effort to have them removed sooner than later.

Thank you,

**Shane De La Cruz** | Brand Ambassador
818.928.3844 | www.amazzia.com
*Your partner in brand protection, growth, and distribution.*



**From:** Antoine Liu <antoine.liu@tp-link.com>
**Sent:** Tuesday, April 24, 2018 9:31 AM
**To:** Shane De La Cruz <shane@amazzia.com>
**Cc:** Brand Protection <brandprotection@amazzia.com>
**Subject:** RE: Market Place Report 0423

Hi Shane

CONFIDENTIAL

Thanks for your response. While can I get prediction if it will be removed this week? Cause now our promotion plan are all postponed or canceled because of the price.

Best Regards
------------------------
**Antoine**



---

**From:** Shane De La Cruz <shane@amazzia.com>
**Sent:** 2018年4月23日 16:54
**To:** Antoine Liu <antoine.liu@tp-link.com>
**Cc:** Brand Protection <brandprotection@amazzia.com>
**Subject:** RE: Market Place Report 0423

Good Afternoon Antoine,

We will have [Nonresponsive] added to the whitelist and send out any necessary retractions.

As for Universal Goods and Sales, they were last reported earlier today. Since January 12th, they have been reported a total of 47 times and have been removed 5 times. Currently, they are only on 1 listing.

Thank you,

**Shane De La Cruz** | Brand Ambassador
818.928.3844 | www.amazzia.com
*Your partner in brand protection, growth, and distribution.*



---

**From:** Antoine Liu <antoine.liu@tp-link.com>
**Sent:** Monday, April 23, 2018 4:24 PM
**To:** Shane De La Cruz <shane@amazzia.com>
**Cc:** Brand Protection <brandprotection@amazzia.com>
**Subject:** Market Place Report 0423

Hi Shane

Good afternoon!

Please help to add one reseller [Nonresponsive] into whitelist and retract all the claims related.

And is there any update regarding Universal Goods and Sales? Thanks.

**ASIN: B01DXVK3KY**

とりあえず



TP-Link AC5400 Wireless Wi-Fi MU-MIMO Tri-Band Router – Powerful Wi–Fi for Gaming and 4K Streaming, Comprehensive Antivirus and Security, Wor IFTTT (Archer C5400)

by TP-Link

★★★☆☆ ˙ 478 customer reviews   |   Share ✉ 🅕 🅨

Compare:   **Offers for this product**   Offers for this product and similar products

| | Price + Shipping | Condition (Learn more) | Delivery | Seller Information |
|---|---|---|---|---|
| e by Clear all | **$237.39** ✓prime | **New** | • Free Two-Day Shipping: Get it Wednesday, April 25 ( order within 0hr 54min ). | amazon.com. |
| ping 'prime ree shipping | + $18.40 estimated tax | | • Shipping rates and return policy. | |
| dition lew used | **$237.39** ✓prime + $0.00 estimated tax | **New** | FULFILLMENT BY AMAZON ▾ • Free Two-Day Shipping: Get it Wednesday, April 25 ( order within | **Universal Goods and Sales** ★★★★★ 99% positive over the past |
| Like New Very Good | | | 0hr 54min ). • Shipping rates and return policy. | 12 months. (1,029 total ratings) |

Best Regards

------------------------

**Antoine**



# Exhibit 3

Case 2:19-cv-10374-SB-E   Document 210-2   Filed 08/22/22   Page 15 of 219   Page ID
#:3375
Case 2:19-cv-10374-SB-E   Document 175   Filed 05/27/22   Page 1 of 19   Page ID #:1867

LTL ATTORNEYS LLP
Joe H. Tuffaha (SBN 253723)
  joe.tuffaha@ltlattorneys.com
Prashanth Chennakesavan (SBN 284022)
  prashanth.chennakesavan@ltlattorneys.com
Heather F. Auyang (SBN 191776)
  heather.auyang@ltlattorneys.com
300 South Grand Ave., 14th Floor
Los Angeles, CA 90071
Tel:  (213) 612-8900
Fax:  (213) 612-3773

Attorneys for Defendant and
Counterclaimant TP-Link USA Corporation

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS INC.,<br><br>Plaintiff,<br><br>v.<br><br>TP-LINK USA CORPORATION, and AUCTION BROTHERS, INC. d/b/a AMAZZIA,<br><br>Defendants. | CASE NO.: 2:19-cv-10374-SB-E<br><br>**DEFENDANT TP-LINK USA'S ANSWER, DEFENSES, AND COUNTERCLAIM FOR VIOLATION OF THE LANHAM ACT**<br><br>**JURY TRIAL DEMANDED**<br><br>Judge:      Hon. Stanley Blumenfeld Jr.<br>Trial Date:   January 9, 2023 |
| TP-LINK USA CORPORATION,<br><br>Counterclaimant,<br><br>v.<br><br>THIMES SOLUTIONS INC.,<br><br>Counter-Defendant. | |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>ANSWER</u>**

Defendant TP-Link USA Corporation ("TP-Link USA" or "Defendant"), by and through its counsel, hereby answers each allegation of the <u>Amended</u> Fifth Amended Complaint ("5AC") (ECF No. 173-3) of Thimes Solution, Inc. ("Thimes" or "Plaintiff") as follows.

1.      Defendant states that this paragraph does not contain allegations to which a response is required, and on that basis it denies the allegations set forth in ¶ 1.

2.      Defendant states that this paragraph does not contain allegations to which a response is required, and on that basis it denies the allegations set forth in ¶ 2.

3.      Paragraph 3 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in ¶ 3.

4.      Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 4, except upon information and belief, Thimes did not purchase TP-Link products from an authorized distributor.

5.      Paragraph 5 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in ¶ 5.

6.      Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 6.

7.      Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 7.

8.      Defendant admits that ¶ 8 asserts jurisdiction is proper pursuant to 28 U.S.C. § 1332(a)(1).  Defendant denies the remaining allegations in ¶ 8.

9.      As to Thimes and Amazzia, Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 9.  Defendant admits that it is a California corporation, having its principal place of business located at 10

DEFENDANT TP-LINK USA'S ANSWER, DEFENSES, AND COUNTERCLAIM

Case 2:19-cv-10374-SB-E   Document 210-2   Filed 08/22/22   Page 17 of 219   Page ID
#:3377
Case 2:19-cv-10374-SB-E   Document 175   Filed 05/27/22   Page 3 of 19   Page ID #:1869

1 | Mauchly, Irvine, California, 92618.

2 |      10.    Paragraph 10 contains Thimes's characterizations of its claims, legal

3 | assertions, and/or conclusions to which no response is required.  To the extent a

4 | response is required, Defendant denies the allegations in ¶ 10.

5 |      11.    Defendant admits that ¶ 11 asserts venue is proper pursuant to 28 U.S.C.

6 | § 1391 (b), (c) and (d).  Defendant admits that it is a resident in this district.  Defendant

7 | denies the remaining allegations in ¶ 11.

8 |      12.    Paragraph 12 contains Thimes's characterizations of its claims, legal

9 | assertions, and/or conclusions to which no response is required.  To the extent a

10 | response is required, Defendant denies the allegations in ¶ 12.

11 |      13.    Defendant admits it is a subsidiary of TP-Link UK Limited.  Defendant

12 | admits that it markets and sells networking products.  Defendant denies the remaining

13 | allegations in ¶ 13.

14 |      14.    Defendant refers the Court to the referenced URL for its contents, and

15 | otherwise denies the allegations set forth in ¶ 14.

16 |      15.    Paragraph 15 contains Thimes's characterizations of its claims, legal

17 | assertions, and/or conclusions to which no response is required.  To the extent a

18 | response is required, Defendant denies the allegations in ¶ 15.

19 |      16.    Paragraph 16 contains Thimes's characterizations of its claims, legal

20 | assertions, and/or conclusions to which no response is required.  To the extent a

21 | response is required, Defendant denies the allegations in ¶ 16.

22 |      17.    Defendant admits that Amazzia submitted complaints to Amazon

23 | concerning Thimes.  Otherwise, ¶ 17 contains Thimes's characterizations of its claims,

24 | legal assertions, and/or conclusions to which no response is required.  To the extent a

25 | response is required, Defendant denies the allegations in ¶ 17.

26 |      18.    Paragraph 18 contains Thimes's characterizations of its claims, legal

27 | assertions, and/or conclusions to which no response is required.  To the extent a

28 |

response is required, Defendant denies the allegations in ¶ 18.

19.     Defendant admits it retained third-party Amazzia to monitor the sale of certain TP-Link products on Amazon.  Defendant denies the remaining allegations in ¶ 19.

20.     Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 20.

21.     Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 21.

22.     Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 22.

23.     Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 23.

24.     Defendant refers the Court to the referenced document for its contents, and otherwise denies the allegations set forth in ¶ 24.

25.     Defendant denies the allegations in ¶ 25, except Defendant admits it lacks control over Amazzia's business operations.

26.     Paragraph 26 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  Defendant refers the Court to the referenced documents for their contents.  To the extent a response is required, Defendant denies the allegations in ¶ 26.

27.     Paragraph 27 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in ¶ 27.

28.     Defendant admits that Thimes lists four email addresses using the tp-link.com domain, but otherwise denies the allegations set forth in ¶ 28.

29.     Defendant states that this paragraph does not contain allegations to which a response is required, and on that basis it denies the allegations set forth in ¶ 29.

30.     Paragraph 30 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in ¶ 30.

31.     Paragraph 31 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in ¶ 31.

32.     Paragraph 32 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in ¶ 32.

33.     Defendant states that the allegations set forth in ¶ 33 contain legal conclusions to which no response is required; otherwise, Defendant denies the allegations set forth therein.

34.     Paragraph 34 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in ¶ 34.

35.     Paragraph 35 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in ¶ 35.

36.     Paragraph 36 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in ¶ 36.

37.     Paragraph 37 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in ¶ 37.

38.     Defendant states that the allegations set forth in ¶ 38 contain legal conclusions to which no response is required; otherwise, Defendant denies the allegations set forth therein.

DEFENDANT TP-LINK USA'S ANSWER, DEFENSES, AND COUNTERCLAIM

39.     Paragraph 39 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations in ¶ 39.

40.     Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 40.   Defendant denies Thimes is entitled to any damages.

41.     Defendant refers the Court to the referenced document for its contents, and otherwise denies the allegations set forth in ¶ 41.

42.     Paragraph 42 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations in ¶ 42.

43.     Defendant refers the Court to the referenced document for its contents, and otherwise denies the allegations set forth in ¶ 43.

44.     Defendant refers the Court to the referenced document for its contents, and otherwise denies the allegations set forth in ¶ 44.

45.     Defendant refers the Court to the referenced document for its contents, and otherwise denies sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 45.

46.     Paragraph 46 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations in ¶ 46.

47.     Defendant refers the Court to the referenced URL for its contents, admits that Amazzia submitted complaints to Amazon concerning Thimes, and otherwise denies the allegations set forth in ¶ 47.

48.     Paragraph 48 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations in ¶ 48.

DEFENDANT TP-LINK USA'S ANSWER, DEFENSES, AND COUNTERCLAIM

49.     Paragraph 49 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations in ¶ 49.

50.     Paragraph 50 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations in ¶ 50.

51.     Paragraph 51 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations in ¶ 51.

52.     Defendant denies sufficient knowledge or information to form a belief as to the truth of the allegations in ¶ 52.

53.     Defendant states that this paragraph does not contain allegations to which a response is required, and on that basis it denies the allegations set forth in ¶ 53.

54.     Paragraph 54 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations in ¶ 54.

55.     Paragraph 55 contains Thimes's characterizations of its claims, legal assertions, and/or conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations in ¶ 55.

## CLAIM I: INTERFERENCE WITH EXISTING AND PROSPECTIVE BUSINESS RELATIONSHIPS

56.     Defendant incorporates its responses to each and every allegation, as set forth above.

57.     Defendant states that the allegations set forth in ¶ 57 contain legal conclusions to which no response is required; otherwise, Defendant denies the allegations set forth therein.

58.     Paragraph 58 contains Thimes's characterizations of its claims, legal

DEFENDANT TP-LINK USA'S ANSWER, DEFENSES, AND COUNTERCLAIM

1    assertions, and/or conclusions to which no response is required.  To the extent a
2    response is required, Defendant denies the allegations in ¶ 58.

3         59.     Paragraph 59 contains Thimes's characterizations of its claims, legal
4    assertions, and/or conclusions to which no response is required.  To the extent a
5    response is required, Defendant denies the allegations in ¶ 59.

6         60.     Paragraph 60 contains Thimes's characterizations of its claims, legal
7    assertions, and/or conclusions to which no response is required.  To the extent a
8    response is required, Defendant denies the allegations in ¶ 60.

9         61.     Paragraph 61 contains Thimes's characterizations of its claims, legal
10   assertions, and/or conclusions to which no response is required.  To the extent a
11   response is required, Defendant denies the allegations in ¶ 61.

12        62.     Paragraph 62 contains Thimes's characterizations of its claims, legal
13   assertions, and/or conclusions to which no response is required.  To the extent a
14   response is required, Defendant denies the allegations in ¶ 62.

15        63.     Paragraph 63 contains Thimes's characterizations of its claims, legal
16   assertions, and/or conclusions to which no response is required.  To the extent a
17   response is required, Defendant denies the allegations in ¶ 63.

18        64.     Paragraph 64 contains Thimes's characterizations of its claims, legal
19   assertions, and/or conclusions to which no response is required.  To the extent a
20   response is required, Defendant denies the allegations in ¶ 64.

21   **CLAIM II:  TRADE LIBEL**

22        65.     Defendant incorporates its responses to each and every allegation, as set
23   forth above.

24        66.     Paragraph 66 contains Thimes's characterizations of its claims, legal
25   assertions, and/or conclusions to which no response is required.  To the extent a
26   response is required, Defendant denies the allegations in ¶ 66.

27        67.     Paragraph 67 contains Thimes's characterizations of its claims, legal
28

1     assertions, and/or conclusions to which no response is required.  To the extent a

2     response is required, Defendant denies the allegations in ¶ 67.  Moreover, in *TP-Link*

3     *USA Corporation v. Careful Shopper*, the parties amicably resolved all differences.

4          68.     Paragraph 68 contains Thimes's characterizations of its claims, legal

5     assertions, and/or conclusions to which no response is required.  To the extent a

6     response is required, Defendant denies the allegations in ¶ 68.

7          69.     Paragraph 69 contains Thimes's characterizations of its claims, legal

8     assertions, and/or conclusions to which no response is required.  To the extent a

9     response is required, Defendant denies the allegations in ¶ 69.

10          70.     Defendant states that the allegations set forth in ¶ 70 contain legal

11     conclusions to which no response is required; otherwise, Defendant denies the

12     allegations set forth therein.

13          71.     Paragraph 71 contains Thimes's characterizations of its claims, legal

14     assertions, and/or conclusions to which no response is required.  To the extent a

15     response is required, Defendant denies the allegations in ¶ 71.

16     **PRAYER FOR RELIEF**

17          TP-Link USA denies that Thimes is entitled to any relief from TP-Link USA or

18     the Court.

19     **DEFENSES AND AFFIRMATIVE DEFENSES**

20          TP-Link USA asserts the following defenses and affirmative defenses

21     (collectively "defenses") as to each claim alleged in the 5AC without assuming the

22     burden of proof on such defenses that would otherwise fall on Thimes.  TP-Link USA

23     reserves the right to supplement and/or amend these defenses, including to assert new

24     defenses, as discovery is conducted.

25     **FIRST DEFENSE**

26          The 5AC fails to state a claim upon which relief can be granted.  For example,

27     Thimes's claims are barred in whole or in part because any statements, as alleged by

28

DEFENDANT TP-LINK USA'S ANSWER, DEFENSES, AND COUNTERCLAIM

1  Thimes, were not directed at consumers.

2  **SECOND DEFENSE**

3  Thimes is not entitled to relief because its violation of TP-Link's intellectual
4  property rights constitutes, in part, trademark infringement and trademark
5  counterfeiting. Thimes's claims are barred, in whole or in part, because TP-Link
6  USA's conduct and statements did not misrepresent the nature, characteristics or
7  qualities of Thimes's goods and/or commercial activities.

8  **THIRD DEFENSE**

9  Each of the purported claims set forth in the 5AC is barred by the doctrines of
10  waiver, acquiescence, and estoppel.

11  **FOURTH DEFENSE**

12  Thimes's claims are barred in whole or in part by laches, in that Thimes has
13  unreasonably delayed to enforce its rights, if any, despite its full awareness of TP-Link
14  USA's actions.

15  **FIFTH DEFENSE**

16  Thimes's claims are barred in whole or in part by the doctrine of unclean hands.

17  **SIXTH DEFENSE**

18  Thimes's claims are barred in whole or in part by the First Amendment to the
19  Constitution of the United States.

20  **SEVENTH DEFENSE**

21  Thimes's claims are barred in whole or in part because Thimes's injuries or
22  damages, if any, were directly and proximately caused and contributed to by Thimes's
23  own conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or
24  intentional misconduct.

25  **EIGHTH DEFENSE**

26  Thimes's claims are barred in whole or in part because TP-Link USA is not liable
27  for the acts of others over whom it has no control and/or agency relationship.

28

9

No. 2:19-cv-10374-SB-E

DEFENDANT TP-LINK USA'S ANSWER, DEFENSES, AND COUNTERCLAIM

Case 2:19-cv-10374-SB-E   Document 210-2   Filed 08/22/22   Page 25 of 219   Page ID
#:3385
Case 2:19-cv-10374-SB-E   Document 175   Filed 05/27/22   Page 11 of 19   Page ID #:1877

**NINTH DEFENSE**

Thimes's claims are barred in whole or in part by the applicable statute of limitations.

**TENTH DEFENSE**

Thimes seeks to recover lost profits or damages that are completely speculative in nature.

**ADDITIONAL DEFENSES**

TP-Link USA reserves the right to assert additional defenses.

WHEREFORE, TP-Link USA prays for judgment as follows:

1.    That Thimes takes nothing by way of its 5AC;

2.    That the 5AC, and each of its claims for relief, be dismissed with prejudice;

3.    That TP-Link USA be awarded its costs of suit incurred herein, including attorneys' fees and expenses; and

4.    For such other and further relief as the Court deems just and proper.

**COUNTERCLAIM**

For its counterclaim of violation of the Lanham Act, Defendant and Counterclaimant TP-Link USA Corporation ("TP-Link USA") complains and alleges as follows against Plaintiff and Counter-defendant Thimes Solution Inc. ("Thimes").

**PRELIMINARY STATEMENT**

1.    For more than 20 years, TP-Link has been engaged in the marketing and sale of high-quality computer networking products, including routers. TP-Link and its affiliates sell products throughout the United States and internationally, including in this district.

2.    To protect this brand recognition, TP-Link obtained numerous registered

1  trademarks in connection with computer networking products, including U.S.
2  Trademark Registration No. 3,175,495 ("TP-LINK® Mark").

3      3.    TP-Link USA is the exclusive licensee of the TP-LINK® Mark.  Pursuant
4  to the license agreement, TP-Link has the exclusive right to market, sell, distribute or
5  offer products and services in connection with the TP-LINK® Mark.  TP-Link also has
6  the right to sublicense or assign the use of the TP-LINK® Mark to any third-party for
7  use in the United States.

8      4.    TP-Link USA has the right to take all actions necessary to protect the
9  rights in the TP-LINK® Mark, including, without limitation, making demands and
10 claims and filing suit in connection with any alleged infringement and unfair
11 competition, including for past, present or future claims, and is entitled to retain all
12 damages, fees and any other amounts awarded.

13     5.    This action arises out of Thimes's unauthorized incorporation and
14 infringing use of the TP-LINK® Mark in connection with the sale and advertising of
15 networking products, including routers.

16     6.    In stark contrast to TP-Link's innovation and brand building, Thimes
17 admits it has built a business based on the unauthorized sales of third-party products.
18 On information and belief, this business model has resulted in Thimes being accused
19 of violating others' intellectual property rights, as well as resulted in issues with
20 Amazon and other marketplace platforms.

21     7.    Thimes has been on notice of its infringement of TP-Link's intellectual
22 property, including the TP-LINK® Mark, since at least January 2018, when it alleges
23 that it received notices from Amazon.  Thimes also alleges that it continued to receive
24 numerous notices from Amazon regarding violations of TP-Link's intellectual property
25 rights.  Despite receiving such notices, Thimes willfully continued to market and sell
26 TP-Link products.

27     8.    Upon information and belief, Thimes's conduct has created a likelihood
28

No. 2:19-cv-10374-SB-E
DEFENDANT TP-LINK USA'S ANSWER, DEFENSES, AND COUNTERCLAIM

Case 2:19-cv-10374-SB-E   Document 210-2   Filed 08/22/22   Page 27 of 219   Page ID
#:3387
Case 2:19-cv-10374-SB-E   Document 175   Filed 05/27/22   Page 13 of 19   Page ID #:1879

of substantial confusion among consumers as to the source or origin of TP-Link products and has deceived consumers into thinking that Thimes is affiliated with, sponsored by, or endorsed by TP-Link.  It is not.  TP-Link has not and does not consent to Thimes's use of its marks in the sale of products.  Thimes's actions harm consumers who mistakenly believe that its products convey the manufacturer's original warranty and service when it does not.

9.     Consistent with a pattern of violating the rights of others, upon information and belief, the founder and President of Thimes, Avraham "Avi" Eisenberg, is accused of defrauding at least $14 million from investors.

*See*     https://karlstack.substack.com/p/anatomy-of-an-alleged-dao-scam?s=r     which states:

> **Summary:** Avraham Mayer Eisenberg is a New York resident, who during the period of December 2021 to April 2022 defrauded ~6,000 FortressDAO (FORT) investors https://discord.gg/7xnFkU3PSN https://twitter.com/FortressDAO out of millions of dollars through the following actions. He conned $14M of investor treasury funds into his solely owned and controlled US-Dollar pegged cryptocurrency stablecoin project FUSD, and succeeded in keeping at least $7M of it for himself. He did this by pitching FortressDAO investors a stablecoin project FortressUSD (FUSD), without disclosing that this project would be solely controlled and owned by himself. After creation of FUSD, he converted the entire treasury into FUSD and thereby conned the community out of their funds. After the community raised hell on twitter about this, he decided to offer back as little of the funds as possible so that people would be satisfied. At the time of this writing (April 8 2022), he has distributed back approximately $6-7M and has kept at least $7M for himself. This document will outline some of the actions taken by Avraham that can hopefully serve as a basis for investigation.

*See also* "Another Fork Bites the Dust: The Looming Fall of Fortress DAO and the Perils of Off-Chain Governance" ("The problem is that the $14M isn't really in its treasury anyway.  It's in a separate project, one that was funded by the Fortress DAO treasury, but is now completely in control of its chief technical officer, Avraham Eisenberg, who has shown no interest in giving it back."), https://thedefiant.io/fall-fortress-dao-olympus-forking/ (attached hereto as **Exhibit 1**).

10.     Accordingly, by its Counterclaim, TP-Link USA seeks to recover against Thimes for its willful and intentional trademark infringement and trademark

Case 2:19-cv-10374-SB-E   Document 210-2   Filed 08/22/22   Page 28 of 219   Page ID
#:3388
Case 2:19-cv-10374-SB-E   Document 175   Filed 05/27/22   Page 14 of 19   Page ID #:1880

1  counterfeiting.   In doing so, TP-Link USA is standing by its commitment to its

2  customers that it will protect the value and quality of TP-Link products.  TP-Link USA

3  brings this action for infringement of the TP-LINK® Mark in violation of the Lanham

4  Act, 15 U.S.C. § 1051 *et seq.*

5                                        **THE PARTIES**

6          11.    Counterclaimant TP-Link USA Corporation is a California corporation,

7  having its principal place of business located at 10 Mauchly, Irvine, California, 92618.

8          12.    Upon information and belief, Counter-defendant Thimes Solutions Inc. is

9  a New York corporation having its principal place of business at 431 Audubon Avenue,

10  Suite 53, New York, New York, 10033.  Upon information and belief, Avraham "Avi"

11  Eisenberg (the Founder and President of Thimes), is the alter ego of Thimes, and has

12  willfully aided and abetted Thimes in the wrongful concerted action described herein,

13  or acted with or in furtherance of that action, or assisted in carrying out its purpose

14  alleged in this Counterclaim.

15                              **JURISDICTION AND VENUE**

16          13.    This is an action arising under the Trademark Act of 1946, 15 U.S.C.

17  § 1051, *et seq.* (the "Lanham Act").

18          14.    This Court has original jurisdiction over the subject matter of this action

19  pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b) and 15 U.S.C. § 1121.

20          15.    This Court has personal jurisdiction over Thimes because Thimes brought

21  this action in this Court and thereby consented to its jurisdiction.  Alternatively, this

22  Court has personal jurisdiction over Thimes because, upon information and belief,

23  Thimes, either directly or through its agents, transacts business in the State of

24  California and in this district, directed its activities to the State of California and this

25  district, committed the tort of infringement in this district, and/or expected or should

26  reasonably have expected its acts to have consequences in the State of California and

27  this district.

28

DEFENDANT TP-LINK USA'S ANSWER, DEFENSES, AND COUNTERCLAIM

16.     Venue is proper in this district because Thimes brought this action in this Court and thereby consented to venue.  Alternatively, venue is proper in this district under 28 U.S.C. § 1391 because this action arises out of wrongful acts, including advertising, offering for sale, and selling and distributing products, by Thimes within this judicial district, and/or a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTUAL ALLEGATIONS

### A.     TP-Link's Registered Trademarks

17.     TP-Link is the exclusive licensee with all rights to enforce U.S. Trademark Registration No. 3,175,495 (the "TP-LINK® Mark").  A copy of the TP-LINK® Mark is attached hereto as **Exhibit 2**.

18.     U.S. Trademark Registration No. 3,175,495 is the registration for "TP-LINK" in International Class 9 for goods including "routers."  On December 8, 2011, TP-Link filed a Combined Declaration of Use and Incontestability under Sections 8 & 15 with the United States Patent and Trademark Office for this mark.  Accordingly, the TP-LINK® Mark is valid, subsisting, and incontestable pursuant to 15 U.S.C. §§ 1065 and 1115(b).

19.     TP-Link USA has continuously used the TP-LINK® Mark in interstate commerce in connection with the sale, distribution, promotion, and advertising of its high-quality computer networking products, including routers and other computer accessories products since at least 2008.

## THIMES'S INFRINGING CONDUCT

20.     Upon information and belief since at least 2018, Thimes has been marketing and selling, and continues to market and sell, networking products bearing the infringing TP-LINK® Mark.

21.     Thimes is an unauthorized re-sellers of products bearing the TP-LINK® Mark.  Thimes's annual sales were, in part, gained by the unauthorized listing and

DEFENDANT TP-LINK USA'S ANSWER, DEFENSES, AND COUNTERCLAIM

selling of goods bearing the TP-LINK® Mark. Unauthorized sales of products bearing the TP-LINK® Mark do not convey the manufacturer's original warranty or service from TP-Link USA, and as such are materially different than genuine TP-Link products.

22. Upon information and belief, Thimes caused hundreds of products infringing the TP-LINK® Mark to enter into interstate commerce, including California and this judicial district.

23. Upon information and belief, Thimes's use and incorporation of the TP-LINK® Mark is likely to cause confusion, mistake or deception in the minds of consumers as to the source of Thimes's products, as to TP-Link's affiliation, connection, or association with Thimes, and/or as to TP-Link's approval or sponsorship of Thimes's products or commercial activities.

24. Upon information and belief, Thimes's infringing use of the TP-LINK® Mark has and will financially harm TP-Link by diminishing the value of the TP-LINK® Mark as an indicator of the source of TP-Link networking products.

25. Upon information and belief, Thimes's use and incorporation of the TP-LINK® Mark will and did increase the popularity and profitability of Thimes's sale of products and business.

26. Upon information and belief, Thimes has offered for sale, advertised, and sold products bearing the TP-LINK® Mark in connection with networking products with the intent to benefit from TP-Link's goodwill and reputation in the networking products market, to deceive the public as to the source or origin of Thimes's networking products, and to profit from the demand created by TP-Link's specialized, high-quality computer networking products.

27. Thimes is well-aware of TP-Link's rights in the TP-LINK® Mark. Indeed, Thimes claims it was sent numerous notices by Amazon that its use of the TP-LINK® Mark violates TP-Link's intellectual property rights.

DEFENDANT TP-LINK USA'S ANSWER, DEFENSES, AND COUNTERCLAIM

28.     Upon information and belief, Thimes has had issues with the unauthorized sales and violation of the intellectual property rights of third parties, as well as had numerous issues with Amazon not involving TP-Link products.

29.     Thimes's actions have been deliberate, willful, malicious and intentional and conducted with the intent of trading on the goodwill that inures to the TP-LINK® Mark and reputation of TP-Link.

30.     This is an exceptional case entitling TP-Link USA to treble damages and attorneys' fees as allowed for under the Lanham Act.

## CAUSE OF ACTION

## (Violation of the Lanham Act, 15 U.S.C. § 1051, *et seq*.)

31.     The foregoing allegations are incorporated as if re-alleged herein.

32.     The TP-LINK® Mark is incontestable.   The TP-LINK® Mark is nationally recognized as being affixed to goods of high quality and originating from TP-Link.   Purchasers associate the TP-LINK® Mark only with genuine TP-Link products that convey with the original manufacturer's warranty and service.

33.     Upon information and belief, Thimes's unauthorized use of TP-LINK® Mark is likely to lead to and result in confusion, mistake or deception, and is likely to cause the public to believe that TP-Link has sponsored, authorized, licensed or is otherwise connected or affiliated with the products bearing the TP-LINK® Mark sold by Thimes in violation of 15 U.S.C. § 1114, which at a minimum constitute trademark infringement and trademark counterfeiting.

34.     Upon information and belief, Thimes's ongoing acts of infringement and counterfeiting are willful and deliberate, and are intended to confuse the public as to the source of good bearing the TP-LINK® Mark and to injure TP-Link and reap the benefit of TP-Link's goodwill associated with the TP-LINK® Mark.

35.     As a direct and proximate result of Thimes's willful and unlawful conduct, TP-Link USA has been injured and will continue to suffer injury to its business and

DEFENDANT TP-LINK USA'S ANSWER, DEFENSES, AND COUNTERCLAIM

1 reputation unless Thimes is restrained by this Court from infringing the TP-LINK®
2 Mark.

3      36.    Thimes's foregoing acts are causing irreparable harm to TP-Link for
4 which there is no adequate remedy at law.

5      37.    In light of the foregoing, TP-Link USA is entitled to injunctive relief
6 prohibiting Thimes from using the TP-LINK® Mark, or any marks confusingly similar
7 thereto, for any purpose, and to recover from Thimes all damages that TP-Link USA
8 has sustained and will sustain as a result of such infringing acts, and all gains, profits
9 and advantages obtained by Thimes as a result thereof, in an amount to be determined,
10 as well as the costs of this action, attorneys' fees and treble damages, and/or statutory
11 damages pursuant to 15 U.S.C. § 1117.

12 <u>**PRAYER FOR RELIEF**</u>

13      WHEREFORE, TP-Link USA prays for judgment and relief against Thimes as
14 follows:

15      1.    Injunctive relief where appropriate;

16      2.    An accounting by Thimes of its profits for all infringement of the TP-
17           LINK® Mark;

18      3.    Actual damages in an amount to be proven at trial;

19      4.    Punitive or exemplary damages where appropriate;

20      5.    Reasonable costs and attorneys' fees pursuant to applicable law;

21      6.    Pre and post-judgment interest as applicable; and

22      7.    Any other relief the Court deems appropriate.

Case 2:19-cv-10374-SB-E   Document 210-2   Filed 08/22/22   Page 33 of 219   Page ID
#:3393
Case 2:19-cv-10374-SB-E   Document 175   Filed 05/27/22   Page 19 of 19   Page ID #:1885

1    **<u>DEMAND FOR A JURY TRIAL</u>**

2         Defendant and Counterclaimant TP-Link USA Corporation hereby demands a

3    jury trial of all issues raised in its Counterclaim which are triable by jury.

4

5

6    Dated: May 27, 2022

7                                                    LTL ATTORNEYS LLP

8                                          By:   *<u>/s/ Heather F. Auyang</u>*
                                                 Joedat H. Tuffaha
9                                                Prashanth Chennakesavan
10                                               Heather F. Auyang

11                                               *Attorneys for Defendant and*
12                                               *Counterclaimant TP-Link USA*
                                                 *Corp.*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT TP-LINK USA'S ANSWER, DEFENSES, AND COUNTERCLAIM

# Exhibit 4

MARK POE (S.B. #223714)
  mpoe@gawpoe.com
RANDOLPH GAW (S.B. #223718)
  rgaw@gawpoe.com
VICTOR MENG (S.B. #254102)
  vmeng@gawpoe.com
GAW | POE LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

MARK SCHLACHET (*pro hac vice*)
  markschlachet@me.com
43 West 43d Street, Suite 220
New York, New York 10036
Telephone: (216) 225-7559
Facsimile: (216) 932-5390

FILED
CLERK, U.S. DISTRICT COURT

May 27, 2022

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ igr _____ DEPUTY

Attorneys for Plaintiff
Thimes Solutions, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS, INC., | Case No. 2:19-CV-10374-SB-E |
| Plaintiff, | **AMENDED FIFTH AMENDED COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| TP-LINK USA CORPORATION and AUCTION BROTHERS, INC. d/b/a AMAZZIA | |
| Defendants. | |

1    Plaintiff Thimes Solutions, Inc. dba Universal Goods & Sales ("TSI"),

2    alleges on knowledge as to itself, but otherwise on information and belief, as

3    follows:

4                            **INTRODUCTION**

5        1.    This case is about greed disguised as "brand protection."  With the

6    advent of Amazon has come a fight for the right (or wrong) to display goods in the

7    ecommerce space owned and controlled by Amazon, i.e. amazon.com.  A former

8    Investigation Specialist for Amazon's Seller Performance team, Chris McCabe, has

9    written about the misuse of the Amazon rights reporting system.  In his article, "Have

10   you noticed How Unpredictable Amazon's Notice Infringement teams are now?"

11   https://www.ecommercechris.com/have-you-noticed-how-unpredictable-amazons-

12   notice-infringement-teams-are-now/(February 21, 2019), Mr. McCabe observes

13   (Exhibit 1):

14   • Amazon's Notice Claim of Infringement Teams exist in theory to
         process intellectual property violations on the Amazon Marketplace at
15       amazon.com;

16   • In practice, trademark and other violations can come from anywhere,
         allege anything, and are rife with abuse;

17   • The work of the Notice teams, though attempting to combat rampant
18       abuse, has backslided of late to the point where Amazon's response to
         contested Intellectual Property Complaints makes "little to no sense;"

19   • Amazon harshly enforces the brand owner complaints of counterfeiting
20       by requiring at most that brand owners attest to having "test bought" the
         allegedly counterfeit product from the alleged counterfeiter;

21   • Suspensions and expulsions from the Marketplace follow "bizarre
22       behavior" on Amazon's part, where the reasons for adverse actions are
         highly mercurial, *re*stated repeatedly, and often have nothing to do with
23       the reason for the suspension or expulsion; and

24   • Accused sellers—in particular those with a history of notice claims (as
         many sellers have)--are left in a virtual "twilight zone" where they are
25       not told and cannot learn the true reasons for harsh—at times lethal—
         action taken against their businesses.
26

27

28

AMENDED FIFTH AMENDED COMPLAINT
                                          CASE NO. 2:19-CV-10374-SB-E

2.    Unscrupulous brand owners, well aware of the above Notice Infringement landscape, take unilateral action and use "brand protection services" to assist them in "knocking off unwanted sellers." *Id.*

3.    Plaintiff Thimes Solutions Inc. dba Universal Goods & Sales ("TSI") is a Suffern, New York business that operates within a market niche which serves as a valuable, efficient segment of the economy.  Succinctly, the model is buying something cheaply from a down-stream distributor—typically a close out purchaser or the like that purchased sealed product exactly as put into the stream of commerce by the manufacturer--and selling it at an enhanced price point online, but often at a cheaper price than other sellers are selling it for, thus benefiting customers, who get authentic product at a discount.  Manufacturers, their "authorized distributors," and their "brand protectors" often seek means—some unlawful-- to eliminate such niche market competition.[1]

4.    Plaintiff TSI ordinarily buys product in the manufacturer's original packaging and does not repackage, modify, or otherwise change the product for resale.

5.    TSI  brings this suit following its commercial and financial ruination resulting from Defendants' libelous statements to Amazon and consequential tortious

---

[1]A copyright or trademark holder enjoys a "distribution right" and may initially sell, or not sell, copies of a copyrighted or trademarked item to others on such terms as he or she sees fit. However, the IP holder's exclusive distribution right is limited to the first sale of the coyprighted or trademarked item. Under the "first sale" docrine, codified at 17 U.S.C. § 109(a) "the distribution right may be exercised solely with respect to the initial disposition of copies of a work, not to prevent or restrict the resale or other further transfer of possession of such copies." The Fair Use Doctrine, similar to the First Sale Doctrine, permits a seller to use a another's trademark to identify the former's goods, provided that no likelihood of confusion results as to the source of the product or the trademark holder's sponsorship or affiliation. 15 U.S.C. §115(b)(5)(A)-(C). The First Sale Doctrine [also] protects resellers of genuine trademarked goods from claims of infringement. *Davidoff & CIE, S.A. v. PLD Int'l. Corp.,* 263 F.3d 1297, 1301 (11th Cir. 2001); *Hidalgo Corp. v. J. Kugel Designs, Inc.*, No. 05-20476-CIV-JORDAN/TORRES, 2006 U.S. Dist. LEXIS 96647, at *12 (S.D. Fla. 2006)

AMENDED FIFTH AMENDED COMPLAINT
CASE NO. 2:19-CV-10374-SB-E

1  interference with Plaintiff's existing and prospective business relationship with
2  Amazon Services LLC.

3       6.      TSI became a third-party seller on Amazon in 2016.  To become an
4  Amazon seller TSI signed Amazon's standard Business Solutions Agreement that,
5  among other things, allowed Amazon to terminate TSI as a seller for any reason or
6  for no reason at all.

7       7.      TSI sold over 175,000 products to customers on Amazon with a 98%
8  lifetime positive feedback rating.  Plaintiff reached $2 million in sales during the first
9  six months of 2018. As of its expulsion from Amazon, TSI was selling around
10 $400,000-500,000 per month on amazon.com. Net margins were roughly 20%.  Now
11 . . . there is only ruin.

12                      **JURISDICTION AND VENUE**

13      8.      This Court has subject matter jurisdiction over this action pursuant to 28
14 U.S.C. § 1332(a)(1) because the citizenship of the parties is diverse and the amount
15 in controversy is in excess of $75,000, exclusive of costs and interest.

16      9.      Thimes Solutions Inc. was duly incorporated in New York on November
17 21, 2016 and maintains its principal place of business at 3 Litman Lane, Suffern, New
18 York.  TP-Link USA Corporation was duly incorporated in California on October
19 15, 2008 and maintains its principal place of business at 145 South College Blvd.,
20 Suite 400, in Brea, CA 92821.Auction Brothers, Inc. dba Amazzia was duly
21 incorporated in California on May 31, 2005 and maintains its principal place of
22 business at 19528 Ventura Blvd, #229, Tarzana, CA 91356.

23      10.     Defendant's activities were within the flow of, were intended to, and
24 had a substantial effect on, interstate commerce because Plaintiff conducted business
25 all over the country.

26      11.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b), (c) and
27 (d).  A substantial part of the events giving rise to Plaintiff's claims occurred in this
28 district, and Amazzia and TP-Link are residents of this district and their challenged

- 3 -

AMENDED FIFTH AMENDED COMPLAINT
CASE NO. 2:19-CV-10374-SB-E

conduct was initiated in this district including, without limitation, the transmission of the false statement at issue.

## FACTS

### A.    TP-LINK USA, TP-LINK NORTH AMERICA, TOM LEI AND AUCTION BROTHERS, INC. dba AMAZZIA

12.    TP-Link USA Corporation ("TP-Link" or "USA" at times), operates as an indirect subsidiary of TP-LINK Technologies Co., Ltd. ("TPC"), a Chinese parent company.  The parent TP-Link has lately been the world's number one provider of Wi-Fi products, shipping over 160 million products around the globe during 2016.

13.    USA was originally a subsidiary of TPC but is now a subsidiary of TP-Link UK Limited.  It manufactures and supplies networking products for home and small business, known as SOHO and SMB.  Examples are switches, routers, and components for wireless systems.

14.    TP-Link USA's products are available at substantially all major electronics retailers, online and in-store, throughout the country, including amazon.com, jet.com, Best Buy, COSTCO, Home Depot, Office Depot, Sam's Club, Sears, Staples, Target, and Walmart.[2]

15.    TP-Link North America ("TPN" or "North America" at times) functions as an alter ego of USA and its business offices are located at the latter's principal address in Brea, CA, while it handles TP-Link warehousing a few miles away in Fontana, CA.  TPN merged into USA on November 26, 2019.  TPN was a fictitious name, duly registered under California law, at all relevant times..

16.    TP-Link's LinkedIn page has listed at least two (2) dual positions, believed to be at issue here, held under simultaneous employment by USA and TPN:

- Director of E-commerce at TP-Link North America, Inc.
  Greater Los Angeles Area
  Current: Senior Channel Strategy Manager,B2B at **TP**

---

[2] https://www.tp-link.com/us/where-to-buy

- 4 -

1    **Link USA** Corporation[3]

2    • Channel Strategy Manager, Ecom at TP-Link USA Corporation
3      Hangzhou, Zhejiang, China
     Current: Channel Strategy Manager, Ecom at **TP-Link** North
4    America, Inc.[4]

5
6    17.     USA and Amazzia published written complaints to Amazon, libelous

per se, charging Plaintiff with at least 28 instances of infringing TP-Link intellectual
7
property by listing or selling counterfeit goods (on 27 occasions) on amazon.com or
8
otherwise infringing a trademark (on one occasion)  ("IP Complaints").[5]
9
10    18.     TP-Link's fraudulent IP Complaints directly caused Plaintiff's

11   suspension from the Marketplace in May 2018 and also caused TSI's permanent

expulsion as a seller on the Amazon website, effective on or about August 27, 2018.
12
13    19.     TP-Link retained Amazzia, to monitor specific TP-Link products on the

14   Amazon marketplace and do a "third-party seller clean up" of those selling TP-Link

products outside TP-Link's authorized distribution channels.
15
16    20.     Amazzia describes itself as follows:

      As your dedicated partner, we keep your brand safe from unauthorized
17    agents, ensure Amazon compliant distribution and amazing growth
      through price protection, optimization and targeted marketing.
18                                    . . . .

19    **Removing Un-Authorized Sellers**
      Effective and proven strategies to report and remove Un-Authorized
20    Resellers from your listings

21   _____
     [3] https://www.linkedin.com/company/tp-link/ at **See all 78 employees on LinkedIn**,
22   Screen 1 (last visited on June 3, 2018)
     [4] *Id.*  at Screen 8.
23   [5] Plaintiff is informed and believes that IP complaints are prepared with an online
     system that does not provide the complainant with a completed copy.   See
24   https://www.amazon.com/gp/help/reports/infringement   Amazon provides the
     accused with an edited and redacted version of the allegations in an email from the
25   Seller Support group of Amazon. The allegations of the emailed version include the
     word "counterfeit," or "infringement," the Amazon Stock Identification Number(s)
26   ("ASINs") allegedly counterfeited or infringed, an Amazon complaint ID number,
     the complainant company name, and an email address to contact with a view to
27   resolution.   The entire text of the allegations and the signature of the person or entity
     who filed the complaint are not disclosed.
28

AMENDED FIFTH AMENDED COMPLAINT
                                   CASE NO. 2:19-CV-10374-SB-E

21.     Amazzia's primary focus is removing lawful Amazon offerings from the Marketplace:

| | |
|---|---|
| Unauthorized resellers corrupt the online marketplace with reckless, self-serving tactics, causing price erosion and negatively impacting your brand's image. | Under these circumstances your legitimate brick & mortar retailers are unable to compete with online prices and may refuse to carry your brand. |

22.     Amazzia's Vice-President of Brand Protection William Samuel articulates his role quite simply:[6]

> As the Vice President of Brand Protection at Amazzia, I ensure the protection of my clients' brands by identifying and eliminating unauthorized Amazon sellers. **The increasing number of MAP violators in the Amazon marketplace is astounding**! Rogue marketplace sellers can damage your brand and undercut your bottom line by selling products at extremely low discounted rates.  (emphasis added)

23.     Amazzia makes clear in publicly available promotions that the real problem with third-party sellers is that that they may *try* to compete on price:

> Not all third-party sellers are ethical, and some may try to undercut you and misrepresent your brand. **The main risk involves companies deviating from your minimum advertised price.** This results in having your brand's value lowered. There's also the risk of bad brand representation if consumers experience poor customer service with any unauthorized third-party sellers. As a result, customers associate those bad experiences with your brand.                    . . . .
> **Amazzia can protect your brand by preventing MAP violations** . . . (emphasis added)

24.     Amazzia entered into a TP-Link-Amazon Brand Protection Agreement under which (i) Amazzia committed to an "Amazon cleanup," (ii) TP-Link provided Amazzia with specific ASIN's to be watched, (iii) Amazzia promised to "report non-compliant sellers to Amazon until they are removed by Amazon" (iv) Amazzia's commitment was to rid the Marketplace of "resellers" as follows: "50% of resellers to be removed in 60 days, 75% in 90 days, and 90% in 120 days," and (v) Amazzia

---

[6] https://www.linkedin.com/in/william-samuel-0825a071/

AMENDED FIFTH AMENDED COMPLAINT
CASE NO. 2:19-CV-10374-SB-E

Case 2:19-cv-10374-SB-E   Document 210-2   Filed 08/22/22   Page 42 of 219   Page ID
#:3402
Case 2:19-cv-10374-SB-E   Document 178   Filed 05/27/22   Page 8 of 22   Page ID #:1908

1  promised TP-Link "full access to our team for any questions regarding the cleanup

2  project." See Exhibit 9 at Exhibit A thereto.[7]

3      25.   Unable to eliminate TSI sales as "unauthorized" or "discounted"—all

4  perfectly lawful--Amazzia sent fraudulent IP complaints to Amazon charging

5  Plaintiff with counterfeiting, at all times acting in concert with and on behalf of TP-

6  Link, and with the latter's actual authority and instructions.

7      26.   Amazzia  directly caused Plaintiff's May suspension and permanent

8  expulsion from the Amazon Marketplace  in coordination with the following scheme:

9  - On January 8, 2018 Plaintiff purchased 360 TP-Link AC5400 Routers
     from a reputable supplier with which Plaintiff has dealt extensively.
10    Plaintiff has possession of approximately 100 of these items to date, all
     of which are authentic and not counterfeit.  Amazon continues to hold a
11    number of Plaintiff's TP-Link AC5400 Routers.

12  - One Tom Lei (Screen name "amazon91773"), a TP-Link  employee,
     operated out of TPN's warehouse facility in Fontana, CA, attempting
13    through various means, some illegal, to kill off Amazon-related
     competition to USA from competitors that are not so-called Authorized
14    Resellers.

15  - Mr. Lei's purchases of TP-Link products from TSI, in his own name
     (using USA funding or reimbursement) and without disclosure of TP-
16    Link involvement,  occurred on January 18, 2018 (2 AC5400 Routers)
     and March 5, 2018 (6 AC1200 Routers in three (3) separate
17    transactions).  Exhibit 2 hereto.  He received the items at Defendants'
     Fontana CA warehouse, examined the products, and knew from such
18    examinations that the products were authentic and not counterfeit.
     Notwithstanding this knowledge, Mr. Lei or those acting in concert with
19    him libeled TSI *27 times* during January-June 2018 for selling
     counterfeit USA products  and  otherwise  infringing  TP-Link's
20    intellectual property.
21
22  - Mr. Lei's initial purchase of two (2) AC 5400's establishes that TP-
     Link's sole intent *ab initio* was to eliminate Plaintiff's sales of TP-Link
23    products from the competitive marketplace, as the circumstances of the
     initial  January 19th complaint alleging counterfeit goods proves:
24
25      o   The complaint addressed an ASIN: B01DXVK3KY, TP-Link

26  _____

[7] Exhibit 9, the Declaration of Kevin Ryu was submitted by TP-Link in *Careful
27  Shopper*.  Exhibit A thereto was identified as "a true and correct copy of TP-Link's
contract with Amazzia. *Careful Shopper LLC v. TP-Link USA Corporation*, Case
28  1:18-cv-03019-RJD-RML Document 35-1 Filed 02/27/19.

AMENDED FIFTH AMENDED COMPLAINT
CASE NO. 2:19-CV-10374-SB-E

Case 2:19-cv-10374-SB-E   Document 210-2   Filed 08/22/22   Page 43 of 219   Page ID
#:3403
Case 2:19-cv-10374-SB-E   Document 178   Filed 05/27/22   Page 9 of 22   Page ID #:1909

1                    AC5400 Wireless Wi-Fi MU-MIMO Tri-Band Router

2        o    Amazon's warning letter, which recites an earlier IP complaint from TP-Link, was received at 4:33 PM on 19 January 2018

3

4        o    Amazon lodged the Router with UPS for delivery to TP-Link on January 19, 2018 (Exhibit 3)

5        o    The Router was not delivered to Mr. Lei until January 22, 2018, three days *after* swearing to Amazon that the Router was test-purchased and found to be counterfeit (Exhibit 4).

6

7        TP-Link *targeted*  TSI for elimination and in its haste lodged its libelous IP

8 complaint before receiving the Routers![8]

9        27.    During 2018 TP-Link complained to Amazon on at least 28 separate

10 occasions, all or substantially all of which alleged counterfeiting:

11    •    Jan 19th: us-compliance@tp-link.com

12    •    Jan 21st: us-compliance@tp-link.com

13    •    Jan 26th: us-compliance@tp-link.com

14    •    Feb 14th: compliance-us@tp-link.com

15    •    Feb 21st: compliance-us@tp-link.com

      •    Feb 28th: compliance-us@tp-link.com[9]

16    •    Mar 2nd: compliance-us@tp-link.com

17    •    Mar 3rd: compliance-us@tp-link.com

18    •    Mar 10th: compliance-us@tp-link.com

      •    Mar 13th: compliance-us@tp-link.com

19    •    Mar 21st: compliance-us@tp-link.com

20    •    Mar 31st: compliance-usa@tp-link.com

21    •    Apr 2nd: compliance-usa@tp-link.com

22    •    Apr 5th: compliance-usa@tp-link.com

23    •    Apr 6th: compliance-usa@tp-link.com

      •    Apt 7th: compliance-usa@tp-link.com

24

25   [8] After receiving the first TP-Link-instigated Notice from Amazon, Plaintiff

26 researched its sales of the TP-Link AC 5400 Router and searched the purchaser's address on Google, thereby identifying TP-Link as the purchaser of two (2) AC5400

27 Routers.

   [9] On this instance alone, TP-Link claimed trademark infringement, but not

28 counterfeiting.

AMENDED FIFTH AMENDED COMPLAINT
CASE NO. 2:19-CV-10374-SB-E

- Apr 9th: compliance-usa@tp-link.com
- Apr 10th: compliance-usa@tp-link.com
- Apr 11th: compliance-usa@tp-link.com
- Apr 12th: compliance-usa@tp-link.com
- Apr 24th: compliance-usa@tp-link.com
- Apr 25th: compliance-usa@tp-link.com
- Apr 26th: compliance-usa@tp-link.com
- Apr 30th: compliance-usa@tp-link.com
- May 28th: compliance-usa@tp-link.com
- May 30th: compliance-usa@tp-link.com
- Jun 7th: compliance-us@tp-link.com
- June 21st: compliance.usa@tp-link.com

28.     TP-Link/Amazzia used four (4) different identities in complaining to Amazon, indicating a combination and conspiracy, to wit:   compliance-us@tp link.com,          compliance-usa@tp-link.com,          us-compliance@tp-link.com and   compliance.usa@tp-link.com[10]   On information and belief, the only email address available to Amazzia was compliance-usa@tp-link.com.

## FALSE INFRINGEMENT CLAIMS AT AMAZON

29.     In the April 2018 article by Chris McCabe ("McCabe"), discussed *supra,* the renowned expert in Amazon Seller Performance issues, McCabe summarizes "[h]ow unethical sellers abuse the system with bogus IP, trademark, copyright and patent reports:"[11]

> **Unfortunately, word is out among potential Notice claim abusers that anyone can submit a form.** Amazon are not worried about additional vetting or verification processes. Investigators merely check the form for completed content in all the right spaces, kill the listings and send off the notifications. They don't independently verify that any of the information is actually correct, or valid. The rights owner makes

---

[10] TP-Link has admitted in other litigation Amazzia's use of compliance-usa@tp-link.com. See Exhibit 9 hereto at ¶4.

[11] McCabe is a former Investigation Specialist for Amazon's Seller Performance team.  His article is "False Infringement Claims are Rife on Amazon," at https://www.webretailer.com/lean-commerce/false-infringement-claims-amazon/.

AMENDED FIFTH AMENDED COMPLAINT
CASE NO. 2:19-CV-10374-SB-E

1    a legally-binding declaration in the form, and signs it.

2    30.    TP-Link/TPN/Amazzia was the unethical seller in the instant case when

3    it falsely executed IP Complaints against TSI and, even if it issued the first complaint

4    (1/19/18) as an honest mistake (it did not), it received a sincere offer to pursue the

5    truth that same day . . .  but did not retract its evil report; in fact, it issued some two

6    (2) dozen additional reports and hereby sealed TSI's doom.

7    31.    TP-Link/TPN/Amazzia acted maliciously and intentionally in reporting

8    to Amazon that TSI was listing counterfeit products and, in fact, about two dozen

9    reports were issued in conscious disregard of the truth.

10   **THE ROLE OF TRADEMARK INFRINGEMENT IN THIS PICTURE**

11   32.    TP-Link sought in related litigation in this Court to justify its IP

12   (counterfeit) complaints with a purported trademark infringement theory based on a

13   purported disclaimer of its manufacturer's limited warranty as to Gray Market

14   purchasers of its products, thus making products sold to Gray Market purchasers

15   "materially different."[12]  Even if in good faith (which it was not), however, such a

16   trademark infringement claim did not justify reporting Plaintiff to Amazon as a

17   counterfeiter.

18   33.    Counterfeiting is the 'hard core' or 'first degree' of trademark

19   infringement that seeks to trick the consumer into believing he or she is getting the

20   genuine article, rather than a 'colorable imitation.'" *Gucci Am., Inc. v. Guess?, Inc.*,

21   868 F. Supp. 2d 207, 242 (S.D.N.Y. 2012).  Trademark infringement, on the other

22   hand, is defined as the unauthorized use of a trademark or service mark, i.e. *the same*

23   *product* bearing the mark without required permission.

24   34.    When TP-Link complained of trademark infringement, Amazon

25   rejected the complaint.  When TP-Link complained of "counterfeiting," Amazon

26   expelled TSI with permanence.  Amazzia is the Amazon expert and planned this

27

28   _____

     [12] A "Gray market" refers to the trade of a commodity through distribution channels
     that are not authorized by the original manufacturer or trademark proprietor.

                                    AMENDED FIFTH AMENDED COMPLAINT
                                    CASE NO. 2:19-CV-10374-SB-E

1   conspiracy with expressed knowledge and intent to "remove" Gray Market sellers.

2   35.   For the reasons stated in the next three (3) paragraphs hereof,  TP-Link's

3   sole predicate for its wrongdoing, i.e. that its limited warranty did not convey to TSI

4   purchasers (which would not justify a *counterfeit* IP complaint in any event), is a

5   pretext , a mere illusion to justify some complaint--any complaint--with unauthorized

6   below-MAP sellers.[13]

7   36.   TSI was not an "unauthorized seller" except in the commonly-

8   understood sense that it was not specifically authorized under any distributorship

9   agreement (or similar agreement) by TP-Link to purchase TP-Link products directly

10   from TP-Link and thereafter resell such products.  In all other respects, TSI was

11   "authorized" by law to sell genuine TP-Link products.

12   37.   TSI was authorized under its agreement with Amazon to sell TP-Link

13   products on amazon.com; *and TP-Link consented in its agreement with Amazon to*

14   *abide by Amazon's policies which authorized Gray Market sellers to resell the*

15   *trademarked goods of others without restraint on the Amazon Marketplace.*

16   38.   Under the First Sale Doctrine TSI was fully within its rights in lawfully

17   acquiring authentic TP-Link products, as it did in all instances of purchase of TP-link

18   products, and listing and selling such products on Amazon.

19   39.   Moreover, TSI sales of TP-Link products on Amazon *did* convey the

20   manufacturer's warranty (because under NYGBL §369-b any disclaimer was

21   invalid); hence, such products were *not* materially different than other genuine TP-

22   Link products, because:

23   • TP-Link never enforced any such disclaimer against any of its Gray
      Market customers prior to the advent of this litigation. Based on
24      discovery received to date in *Careful Shopper*, TP-Link did not require,
      from registered owners of TP-Link products seeking warranty
25      assistance, proof of purchase disclosing seller identity until September
      2019 at the earliest.
26

27   _____

28   [13] A **MAP price** is a minimum amount that resellers agree not to advertise below.

AMENDED FIFTH AMENDED COMPLAINT
CASE NO. 2:19-CV-10374-SB-E

- • Purchasers of TP-Link products on Amazon designated (in the registration temple) their seller as Amazon. TP-Link had no way—and sought no way-- to distinguish as between Amazon purchasers of TP-Link products sourced from "authorized" and "unauthorized" sellers.

- • Most significant, as a matter of law Section 369-b of New York's General Business Law, invalidating any warranty limitation actuated because "such merchandise is sold by a particular dealer," preserved the warranty for all Careful Shopper customers. *Bel Canto Design, Ltd. v. MSS Hifi, Inc.*, 837 F. Supp.2d 208, 228 (S.D.N.Y. 2011); see also *Technomarine SA v. Jacob Time, Inc.*, 2012 U.S. Dist. LEXIS 90261 n.3 (S.D.N.Y. 2012)

40. Amazzia is generally malevolent toward the public, has conducted itself as above described with respect to numerous innocent vendors, wantonly destroys businesses of others for pay and, by reason of the foregoing, is (along with        TP-Link) subject to punitive damages herein.  For example upon information and belief, Amazzia directly or indirectly sells products on Amazon through multiple seller accounts, often buying them from the same brands they contract with to provide "brand protection services," and subsequently files false counterfeit complaints against their competitors on Amazon.

41. Immediately upon receipt of the first IP-complaint of January 19, 2018 Plaintiff emailed TP-Link at the designated address in an effort to satisfy TP-Link that TSI's product was authentic and not counterfeit (Exhibit 5):

**A**  Avi Eisenberg 1/19/2018
to us-compliance, notice-dispute ⌄

We received an email from Amazon today stating that TP-Link is asserting that items sold by us (under the storefront "Universal Goods and Sales", merchant ID A1Q1VKNP5VVQEY, ASIN B01DXVK3KY, Complaint ID: 1359628881 ) are counterfeit. We take all reports of Intellectual Property Rights Infringement seriously.

These items were purchased from a reputable distributor and are not counterfeit.

Please be aware that Amazon has stated that our account is under review as a result of the allegations. If we suffer damages as a result of your incorrect allegations, you may be liable.

We respectfully request for a retraction to be sent to notice-dispute@amazon.com stating that the original allegations were made in error. If you believe the allegations are correct, please provide us with all evidence you have obtained to support your claim of infringement. We are aware of one purchase by TP-link of 2 of our units that were offered; as of the time of this email, Jan 19th, this has not been delivered and is currently in transit. Please advise if any other units have been purchased by TP-link.

42.     TP-Link did not respond to Plaintiff's letter, Exhibit 5; nor did Amazzia. During this litigation TSI has disclosed its sources of product to TP-Link. TP-Link has not challenged the reputability of Plaintiff's sources of product, although it filed a Rule 26(f) Report since being so advised.

43.     Plaintiff then engaged expert Amazon counsel who emailed a letter to TP-Link on February 1, 2018 (Exhibit 6):

> In accordance with Amazon policy, in order to report an item is counterfeit, a test buy must be performed in order to verify the claimed differences are present between the accused product and the rights owner's product. As such, we are writing to request the specific basis for your counterfeit claims, including the test buy purchase information provided to Amazon to support your claims.

> TP-Link did not respond to counsel's letter.

44.     On May 7, 2018 Plaintiff was suspended (with appeal rights) from selling on Amazon by reason of TP-Link's IP complaints (Exhibit 7):

> You have listings that infringe on the intellectual property rights of others. This is against our policies. The removed items can be seen on the Performance

AMENDED FIFTH AMENDED COMPLAINT
CASE NO. 2:19-CV-10374-SB-E

Notifications page in Seller Central. As a result, you may no longer sell on Amazon.com, and your listings have been removed from our site.

45.     Plaintiff appealed and got reinstated from the May 7th suspension, but TP-Link continued its onslaught on May 28 and 30, and on June 14 and 21.  Exhibit 8.

46.     The record of TP-Link complaints, subject to Amazon's algorithmic surveil, caused Plaintiff's permanent expulsion (without appeal rights) from the Amazon Marketplace on August 27, 2018.  This result from Amazzia's IP reporting was predictable to Amazon experts.  *McCabe, supra.*

47.     All IP complaints (i) filed by TP-Link and/or Amazzia, and (ii) alleging TSI's counterfeiting, were filed under false attestation:[14]

**Statements**

"I have a good faith belief that the content(s) described above violate(s) my rights described above or those held by the rights owner, and that the use of such content(s) is contrary to law."

"I declare, under penalty of perjury, that the information contained in this notification is correct and accurate and that I am the owner or agent of the owner of the rights described above."

48.     Conspirators TP-Link and Amazzia had ample opportunity and did in fact, albeit surreptitiously, test purchase many of TSI's TP-Link offerings to determine authenticity. Exhibit 1 hereto.  All were authentic and TP-Link has never stated to the contrary except, of course, as necessary to incite Amazon's punitive measures upon TSI. It chose to allege TSI's "counterfeiting operation" with no factual basis whatever and in the face of all contra-indications.  Such actions were malicious.

49.     TP-Link, having sought refuge in Noerr-Pennington in Careful-Shopper, we will plead to the issue here.  The series of events pled within were a "sham" within Noerr Pennington parlance, and satisfy Noerr-Pennington's "sham

---

[14] https://www.amazon.com/gp/help/reports/infringement

- 14 -

exception" as follows:[15]

- TP-Links IP complaints sounding in counterfeiting were objectively baseless, and TP-Link knew they were objectively baseless. Having made 4 test purchases through Mr. Lei, and having had opportunity to examine them, TP-Link knew of their authenticity.

- Upon information and belief, TP-Link filed IP complaints sounding in trademark infringement that were rejected by Amazon as non-actionable.

- Only by charging "counterfeiting" unendingly could TP-Link effect TSI's expulsion.

- Amazon has testified before Congress that that Rightsowners often "conflate" their IP rights with independent sellers' products' lacking authenticity; and Amazon disapproves of Rightowners so doing. [16]

- TP-Link found a "hired gun" in Amazzia and contracted to eliminate third party sellers as follows: "50% of resellers to be removed in 60 days, 75% in 90 days, and 90% in 120 days," without regard to whether such resellers' conduct was wrongful;  Exhibit 9 at Exhibit A.

- As per Amazzia's online promotional material, i.e. "Amazzia can protect your brand by preventing MAP violations," the foregoing conspiracy existed to eliminate price competition;

---

[15] Under the Noerr-Pennington doctrine, a **sham** petition is one that is ostensibly directed toward influencing governmental action but that is a mere **sham** to cover an attempt to interfere directly with the business relationships of a competitor. *Tichinin v. City of Morgan Hill*, 177 Cal. App. 4th 1049, 1050, 99 Cal. Rptr. 3d 661, 666 (2009)

[16] http://docs.house.gov/meetings/JU/JU05/20190716/109793/HHRG-116-JU05-20190716-SD038.pdf

Amazon seeks to provide its customers with the widest possible selection of products at competitive prices. One way Amazon has sought to provide this selection is by making it easy for sellers of authentic products to open selling accounts and sell a wide variety of products directly to Amazon's customers in Amazon's store. Brands often conflate the question of whether goods are authentic (not counterfeit) with whether a particular seller is "authorized" (meaning they have a contract with the manufacturer). There are many legal sources of authentic supply in addition to resellers specifically authorized by the brand. These include liquidation or sale by authorized retailers, and supply from other wholesalers and distributors—who are sometimes also used by brands themselves to move merchandise. Amazon goes to great lengths to assure the authenticity of products, preventing bad actors from opening selling accounts or selling counterfeit products in its store. But, we do not require that sellers have a direct contractual relationship with a product's manufacturer, as doing so could prevent sellers—many of whom are small and medium sized businesses—from legally selling these products in our store at competitive prices.

AMENDED FIFTH AMENDED COMPLAINT
CASE NO. 2:19-CV-10374-SB-E

- • Such a purpose and effect of collaborative action violates the common law.

- • IP complaints now defended by TP-Link serve to "conceal[] an attempt to interfere *directly* with the business relationships of a competitor," i.e. TSI.  *Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60, 113 S. Ct. 1920, 123 L. Ed. 2d 611 (1993) (*PRE*); see also *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 938 (9th Cir. 2006).

- • "[N]o reasonable [Amazon seller] could realistically expect success on the merits" of the IP complaints, 508 U.S. at 60.

- • The IP complaints sounding in counterfeiting were, therefore, not      [" 'communications preparatory to or in anticipation of bringing an action or other official proceeding'  and are therefore unprotected by Noerr-Pennington.

## B.   ALLEGATIONS APPLICABLE TO ALL DEFENDANTS

50.   But for Defendants' IP complaints to Amazon TSI would not have been expelled from the Amazon Marketplace.

51.   Plaintiff exhausted all possible administrative options at Amazon, including appellate procedures.   Plaintiff was permanently expelled nonetheless.

52.   By reason of the expulsion Plaintiff was unable to sell its aging inventory (at least $1.1 million) or access its funds in Amazon's hands (about $80,000).  Plaintiff was forced to hire counsel at substantial expense.

53.   There exists no alternate, comparable platform (to Amazon) whereby a third-party seller can earn a living, as approximately one-half of all online retail sales are made on amazon.com, and the other half of online retail sales are diffused amongst millions of websites.

54.   The above cascade of adversities drove Plaintiff to financial ruination, destroying a business producing, just prior to expulsion, profit of approximately $100,000 per month.  Accordingly, Plaintiff has been damaged, as a direct result of Defendants' actions alleged above in the approximate amount of $5,000,000.

55.   Defendants' actions and inactions, moreover, were calculated, willful, wanton, actually malicious and outrageous, so as to justify the imposition of punitive damages in an amount not less than $5,000,000, together with attorney fees to be

1    determined by the Court.

2    **CLAIM I: INTERFERENCE WITH EXISTING AND PROSPECTIVE BUSINESS RELATIONSHIPS**

3

4        56.    Plaintiff incorporates the allegations above as though the same were re-

5    written at length.

6        57.    "The elements of tortious interference with prospective economic

7    advantage are: "(1) an economic relationship between the plaintiff and some third

8    party, with the probability of future economic benefit to the plaintiff; (2) the

9    defendant's knowledge of the relationship; (3) intentional acts on the part of the

10   defendant designed to disrupt the relationship; (4) actual disruption of the

11   relationship; and (5) economic harm to the plaintiff proximately caused by the acts

12   of the defendant." *Korea Supply Co.*, 29 Cal. 4th at 1153. *Fresno Motors, Ltd. Liab.*

13   *Co. v. Mercedes-Benz USA, Ltd. Liab. Co.*, 852 F. Supp. 2d 1280, 1292 n.12 (E.D.

14   Cal. 2012)

15       58.    As of the spring of 2018 Plaintiff was a third-party seller on Amazon

16   and thriving. Aside from a single imposter's complaint, the only IP complaints

17   alleging sale of counterfeit products received by TSI from Amazon were the work of

18   TP-Link and Amazzia.

19       59.    Experts believe that Amazon third-party sellers who pass a threshold of

20   <$1MM in annual sales, known as "Top Sellers" (such as TSI), have considerable

21   longevity in their Amazon business relationship. *See*

22   https://www.marketplacepulse.com/articles/veteran-amazon-sellers-still-at-the-top

23   For TSI "the sky was the limit."

24       60.    Defendants' accusations of counterfeiting, wrongful *per se*, made

25   directly to Amazon, were for the improper purpose of suppressing competition; and

26   those actions interfered with Plaintiff's existing and prospective business relationship

27   with Amazon.

28       61.    The accusations aforesaid proximately caused Plaintiff's expulsion.

AMENDED FIFTH AMENDED COMPLAINT
CASE NO. 2:19-CV-10374-SB-E

62.   The statements were made maliciously and with ill will, as business entities do not lie dozens of times and turn a stone deaf ear to pleas for moderation absent a strong measure of ill will

63.   Amazon stated that it would act favorably if TP-Link/Amazzia would retract the accusations; but, despite TSI requesting a retraction and asking for evidence of TP-Link/Amazzia's claims, both directly and through counsel, TP-Link/Amazzia refused to retract the IP Complaints or even respond to TSI or counsel at all and indeed continued to file dozens of new complaints afterwards."

64.   Defendants' acts destroyed Plaintiff's relationship with Amazon, thereby causing the destruction of Plaintiff's Amazon business.  TSI's last six (6) months of unimpeded Amazon-related operations showed net profits of $368,000. Using a 20% profit figure because our net profits ($368,000) derived from $1.819. Assuming a 10-year income stream for TSI, constant sales and static income of $900,000 per year, discounted at 3%,  we calculate damages at a Present Value of $7,785,270, after discounting by $1,214,730 total cash flows of $9,000,000.

## CLAIM II:  TRADE LIBEL

65.   Plaintiff incorporates the above allegations as though the same were rewritten at length.

66.   Under California law:

The elements of a defamation claim are (1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage." *Jackson v. Mayweather*, 10 Cal. App. 5th 1240, 1259, 217 Cal. Rptr. 3d 234 (2017) (quoting *John Doe 2 v. Superior Court*, 1 Cal. App. 5th 1300, 1312, 206 Cal. Rptr. 3d 60 (2016)), as modified (Apr. 19, 2017), review denied (June 28, 2017). "Libel is a form of defamation effected in writing." *John Doe 2*, 1 Cal. App. 5th at 1312. The writing must be "false and unprivileged" and "expose[] [plaintiff] to hatred, contempt, ridicule, or obloquy, or . . . cause[] him to be shunned or avoided, or . . . ha[ve] a tendency

AMENDED FIFTH AMENDED COMPLAINT
CASE NO. 2:19-CV-10374-SB-E

1    to injure him in his occupation." <u>Cal. Civ. Code § 45.</u>' *Schmidt v. Baldy*, No.

2    CV 16-9368-DSF (AGRx), <u>2019 U.S. Dist. LEXIS 182826, at *18</u> (C.D. Cal.

3    Oct. 19, 2019Defendants' libelous IP complaints to Amazon proximately

4    caused Amazon to expel Plaintiff from the Marketplace on August 27, 2018

5    with no right of appeal, thereby destroying Plaintiff's enjoyment of its contract

6    with Amazon, as identified in ¶7 *supra.*

7         67.   TP-Link /Amazzia's scheming accusations falsely charged TSI with a

8    serious crime or crimes.  Advertising falsely over the interstate wires may violate 18

9    U.S.C. 1343 because members of the public part with their money by reason of

10   advertising. Moreover, this is not the only instance of defendants' scheme, to wit:

11   there is pending in this Court the case of *TP-Link USA Corporation v. Careful*

12   *Shopper*,[17]with counterclaims and third-party complaint premised on the same

13   essential allegations as this case.

14        68.    The Amazzia promotional material and contract evidence a high

15   probability that many more third-party sellers have fallen victim to this scheme but,

16   as the conspirators calculated, those victims are unable to mount a lawsuit against the

17   largest wi-fi manufacturer in the world, i.e. TP-Link.  Thus, on information and

18   belief, plaintiff alleges that the conspiracy alleged herein was effected through a

19   pattern of wrongful acts and conduct.

20        69.   Defendants' accusations against Plaintiff to Amazon directly injured

21   Plaintiff in its business and trade because, as they knew, Amazon will not tolerate

22   repeat counterfeiters as Amazon sellers.

23        70.   Defendants' accusations against Plaintiff constitute trade libel *per se.*

24        71.   Although injury may be presumed due to libel *per se,* Plaintiff suffered

25   above and beyond presumed damages, e.g. loss of profits.  See ¶7 *supra.*  Further,

26   TSI lost good will specific to the TSI-Amazon relationship that cannot be recovered

27   including, *inter alia,* Plaintiff's right to sell a broad range of products on

28   [17] CASE NO:  8:19-cv-00082-JLS-KES

AMENDED FIFTH AMENDED COMPLAINT
CASE NO. 2:19-CV-10374-SB-E

1    amazon.com, much of which entitlement was grandfathered.[18]

2                                    **PRAYER**

3         **WHEREFORE**, Plaintiff prays for relief against Defendants, jointly and

4    severally, as follows:

5         A.    Compensatory damages of at least $5,000,000;

6         B.    Treble damages of $15,000,000;

7         C.    Punitive damages of not less than $5,000,000;

8         D.    Attorney fees and costs; and

9         E.    Such other and further relief as the Court may order.

10        Dated:  May 23, 2022                GAW | POE LLP

11

12                                    By:    _____

                                            Mark Poe

13                                          Attorneys for Plaintiff
14                                          Thimes Solutions, Inc.

15

16

17

18

19

20

21

22

23

24

25

26

_____

27   [18] As an established third-party seller, Plaintiff was entitled to sell many products
     that a new seller would be precluded from selling based upon Amazon's "gating"
28   and other restrictions.

                                    - 20 -        AMENDED FIFTH AMENDED COMPLAINT
                                                  CASE NO. 2:19-CV-10374-SB-E

1       Plaintiff Thimes Solutions, Inc. hereby demand a jury trial for its claims
2   against Defendants TP-Link USA Corporation and Auction Brothers, Inc. d/b/a
3   Amazzia.

4

5       Dated:  May 23, 2022        GAW | POE LLP

6

7                      By:

8                      Mark Poe
                   Attorneys for Plaintiff Thimes
9                      Solutions, Inc.

- 21 -

AMENDED FIFTH AMENDED COMPLAINT
CASE NO. 2:19-CV-10374-SB-E

# Exhibit 5

# Fwd: Receipt from Dot Communications

Created: 02 October 2019 10:21 PM   Updated: 03 October 2019 06:00 PM

| DEPARTMENT | OWNER | TYPE | STATUS | PRIORITY |
|---|---|---|---|---|
| United States | Alisa Qiu | Issue | Closed | Normal |

Start typing to insert tags...

Page 1 of 1  View All                                                                                                                                    « Previous Ticket   Next Ticket »

---

**Alisa Qiu**
Staff

Posted on: 03 October 2019 06:00 PM

Dear Customer,
Thank you very much for requesting information about our product.

Sorry to inform you that a screenshot from Dot communications will not be accepted by us beause Dot communications is not our authorized retailers.

Please check our authorized retailer in this link: https://www.tp-link.com/us/where-to-buy/

Your understanding is appreciated by us.
Have a nice day.

> Will a screen shot from Dot communications work for the receipt?


Your feedback is very important to us, please feel free to contact me for further help.
Best Regards

-------------------------------------------
Alisa Qiu
TP-LINK Technical Support
Website: https://www.tp-link.com
Forum: https://community.tp-link.com
You may get answer quickly here: https://www.tp-link.com/support/faq/
Any feedback please contact our 24 hours livechat service: https://www.tp-link.com/support/contact-technical-support#LiveChat-Support

Email: alisa.qiu@tp-link.com                                                                                          IP address: 103.73.97.153

---

**Emmerson Troy**
User

Posted on: 02 October 2019 10:21 PM

Will a screen shot from Dot communications work for the receipt?

---------- Forwarded message ---------
From: Kathryn Roney <k1emma@hotmail.com>
Date: Tue, Oct 1, 2019 at 1:25 PM
Subject: Fwd: Receipt from Dot Communications
To: Troy Emmerson <temmerson@monarchwealth.ca>


From Kathryn,
Sent from my iPhone

Begin forwarded message:

"From:" Dot Communications via Square <receipts@messaging.squareup.com>
"Date:" October 1, 2019 at 11:34:00 EDT
"To:" "k1emma@hotmail.com" <k1emma@hotmail.com>
"Subject:" "Receipt from Dot Communications"
"Reply-To:" Dot Communications via Square <
CAESKBiAGhpoXz9peXRhbjJ4a216dWd1a2hpcmhkY29icyl0ZGlhbG9lndWUtMyl8Au4r2NM4BN5FluQb9eEYrCs75g8VaUmF7bbxmp1U@reply2.
squareup.com>

Receipt for $169.49 at Dot Communications on 05/04/2019, 19:15.
[image: gray]
[image: white]
Dot Communications

How was your experience?
[image: Positive]
<https://a.squareupmessaging.com/CL0/https:/account.squareup.com/responser/t07WS3CQGDN162/1/1/0101016d57f4eca4-eb6beacd-5fdb-4bb2-ae81-e59d910ed574-000000/KxTKuHjdw2gQuomG9HLP5ndr9EO2k4OdCD2zIJHXrrtlk=108>
[image: Negative]
<https://a.squareupmessaging.com/CL0/https:/account.squareup.com/responser/t07WS3CQGDN162/1/1/0101016d57f4eca4-eb6beacd-5fdb-4bb2-ae81-e59d910ed574-000000/xhKoCYj-_rEDwgLHGzsudZ_dJ3alTQJUwF51vb5eUU=108>

$169.49
TP Link AC1350
$149.99
Purchase Subtotal
$149.99
Sales Tax (13%)
$19.50
Total
$169.49
[image: Signature image]

Dot Communications
833-368-2666
<http://a.squareupmessaging.com/CL0/tel:833-368-2666/1/0101016d57f4eca4-eb6beacd-5fdb-4bb2-ae81-e59d910ed574-000000/YrwjuUR3TVhua-2i3cUPpL4-4_pkT0qKpfeqy6shxM=108>
[image: Website icon]
<http://a.squareupmessaging.com/CL0/http:/www.dot-communications.ca/1/0101016d57f4eca4-eb6beacd-5fdb-4bb2-ae81-e59d910ed574-000000/MmQ0ZUYADeHm7XSuYhUGT-zgpSUHSdjeWFG6Pw0NQtk=108>

Visa 1399 (Swipe)
TROY EMMERSON
05/04/2019, 19:15
#zOzQ
Auth code: 05301N
Run your own business?
Start using Square and process $1,000 in sales for free.

Get Started with Square
<http://a.squareupmessaging.com/CL0/https:/squareup.com/t/f_referrals/d_receipt?route=signup%3Fsignup_token%3DDOTCOMMUNI/1/0101016d57f4eca4-eb6beacd-5fdb-4bb2-ae81-e59d910ed574-000000/VtHazljcdK-UsAFcvWZuieKVkQB_wqIwQaGOQximrsM=108>
© 2019 Square, Inc.
Square Privacy Policy
<https://a.squareupmessaging.com/CL0/https:/squareup.com/ca/en/legal/privacy/1/0101016d57f4eca4-eb6beacd-5fdb-4bb2-ae81-e59d910ed574-000000/eUHudmw6STnnDw2uytsOWnSPDq0ttm4MaO7ihHgw9u8=108>
· Not your receipt?
<http://a.squareupmessaging.com/CL0/https:/account.squareup.com/not-l-your-receipt/t07WS3CQGDN162/1/0101016d57f4eca4-eb6beacd-5fdb-4bb2-ae81-e59d910ed574-000000/1t5jZwyZ7Zqfy HdnZg66lc2iKd15U5Etltnzk6mvue_I=108>
[image: Footer logo]
<https://a.squareupmessaging.com/CL0/https:/squareup.com/1/0101016d57f4eca4-eb6beacd-5fdb-4bb2-ae81-e59d910ed574-000000/Low_ixMk5fR_qweTRekd5847i_5qxh4PfZWLbPslwiBs=108>


--
Troy Emmerson CEA
74 Cedar Point Drive
Unit 1008, Barrie ON
L4N 5R7
P-705--796-2105
F-705-719-3091
temmerson@monarchwealth.ca


<http://www.avg.com/email-signature?utm_medium=email&utm_source=link&utm_campaign=sig-email&utm_content=webmail>
Virus-free.
www.avg.com
<http://www.avg.com/email-signature?utm_medium=email&utm_source=link&utm_campaign=sig-email&utm_content=webmail>
<#DAB4FAD8-2DD7-40BB-A1B6-4E2AA1F9FDF2>

--
This email, and any files transmitted, is confidential and may contain
privileged information. Any unauthorized dissemination or copying is
strictly prohibited. If you have received this email in error, please
delete it and notify the sender immediately. Any views or opinions
presented in this email are solely those of the author and do not
necessarily represent those of Monarch Wealth Corporation. This email is
intended for distribution only in those jurisdictions where Monarch Wealth
Corporation is registered as a dealer in GIC and or Mutual Funds. It is for
information purposes only and is not to be construed as an offer or
solicitation for the sale or purchase of any type of securities. This
footnote also confirms that this email message has been swept for the
presence of computer viruses.

Mutual Funds offered through Monarch Wealth
Corporation.

Email: temmerson@monarchwealth.ca

---

Page 1 of 1  View All                                                                                                                                    « Previous Ticket   Next Ticket »

CONFIDENTIAL                                                                                                                  TP000085

**daryl potueco**
Staff

Posted on: 16 October 2019 09:29 PM

Hi Rick,

Good day ! We reviewed your proof of purchase and it appears that it was purchased from an unauthorized retailer. With regrets we are unable to process your replacement request. Our recommendation would be to contact the retailer you purchased from to discuss processing a replacement item with them. For future reference you can use this link for a list of authorized TP-Link retailers. https://www.tp-link.com/us/where-to-buy/

Best Regards

-----------------------------------------------

Daryl Potueco

TP-LINK Technical Support

Website: https://www.tp-link.com

Forum: https://community.tp-link.com

You may get answers quickly here: https://www.tp-link.com/support/faq/

Any feedback please contact our 24 hours livechat service: https://www.tp-link.com/support/contact-technical-support/#LiveChat-Support

THIS EMAIL AND ANY ATTACHMENTS ARE CONFIDENTIAL AND INTENDED SOLELY FOR THE USE OF INDIVIDUAL TO WHO THEY ARE ADDRESSED. IF YOU ARE NOT THE ADDRESSEE, PLEASE DO NOT USE OR PUBLISH ITS CONTENTS, PLEASE NOTIFY THE SENDER IMMEDIATELY AND THEN DELETE THE EMAIL. IF YOU ARE THE INTENDED RECIPIENT OF THE EMAIL, UPON RECEIPT IT IS YOUR RESPONSIBILITY TO ENSURE THAT YOU COMPLY WITH DATA PROTECTION LAWS THAT GOVERN ITS PROCESSING AND TP-LINK LTD GROUP POLICY WHERE APPROPRIATE.

Email: daryl.potueco@tp-link.com

IP address: 122.53.179.226

---

**rmddbrown@yahoo.com**
User

Posted on: 16 October 2019 09:07 PM

Sent from my iPhone

> On Oct 15, 2019, at 4:19 PM, Support Usa <support.usa@tp-link.com> wrote:
>
> Hi Rick,
> Thank you very much for requesting information about our product.
>
> To begin the replacement process we must validate your product. Please provide an image of the receipt or purchase order along with a picture of the label at the bottom of the product.
>
> If you have any questions please feel free to ask.
>
> Have a nice day.
>
> Best Regards
>
> -----------------------------------------------
>
> Daryl Potueco
>
> TP-LINK Technical Support
>
> Website: https://www.tp-link.com
>
> Forum: https://community.tp-link.com
>
> You may get answers quickly here: https://www.tp-link.com/support/faq/
>
> Any feedback please contact our 24 hours livechat service: https://www.tp-link.com/support/contact-technical-support/#LiveChat-Support
>
>
> THIS EMAIL AND ANY ATTACHMENTS ARE CONFIDENTIAL AND INTENDED SOLELY FOR THE USE OF INDIVIDUAL TO WHO THEY ARE ADDRESSED. IF YOU ARE NOT THE ADDRESSEE, PLEASE DO NOT USE OR PUBLISH ITS CONTENTS, PLEASE NOTIFY THE SENDER IMMEDIATELY AND THEN DELETE THE EMAIL. IF YOU ARE THE INTENDED RECIPIENT OF THE EMAIL, UPON RECEIPT IT IS YOUR RESPONSIBILITY TO ENSURE THAT YOU COMPLY WITH DATA PROTECTION LAWS THAT GOVERN ITS PROCESSING AND TP-LINK LTD GROUP POLICY WHERE APPROPRIATE.
>

image1.jpeg (2.51 MB)
image3.png (215.29 KB)
image2.png (355.60 KB)

Email: rmddbrown@yahoo.com

---

**rmddbrown@yahoo.com**
User

Posted on: 16 October 2019 09:04 PM

> On Oct 15, 2019, at 4:19 PM, Support Usa <support.usa@tp-link.com> wrote:
>
> Hi Rick,
> Thank you very much for requesting information about our product.
>
> To begin the replacement process we must first validate your product. Please provide an image of the receipt or purchase order along with a picture of the label at the bottom of the product.
>
> If you have any questions please feel free to ask.
>
> Have a nice day.
>
> Best Regards
>
> -----------------------------------------------
>
> Daryl Potueco
>
> TP-LINK Technical Support
>
> Website: https://www.tp-link.com
>
> Forum: https://community.tp-link.com
>
> You may get answers quickly here: https://www.tp-link.com/support/faq/
>
> Any feedback please contact our 24 hours livechat service: https://www.tp-link.com/support/contact-technical-support/#LiveChat-Support
>
>
> THIS EMAIL AND ANY ATTACHMENTS ARE CONFIDENTIAL AND INTENDED SOLELY FOR THE USE OF INDIVIDUAL TO WHO THEY ARE ADDRESSED. IF YOU ARE NOT THE ADDRESSEE, PLEASE DO NOT USE OR PUBLISH ITS CONTENTS, PLEASE NOTIFY THE SENDER IMMEDIATELY AND THEN DELETE THE EMAIL. IF YOU ARE THE INTENDED RECIPIENT OF THE EMAIL, UPON RECEIPT IT IS YOUR RESPONSIBILITY TO ENSURE THAT YOU COMPLY WITH DATA PROTECTION LAWS THAT GOVERN ITS PROCESSING AND TP-LINK LTD GROUP POLICY WHERE APPROPRIATE.
>

image1.jpeg (2.43 MB)
image2.png (355.60 KB)
image3.png (355.60 KB)
image4.png (215.29 KB)

Email: rmddbrown@yahoo.com

---

**daryl potueco**
Staff

Posted on: 16 October 2019 04:19 AM

Hi Rick,
Thank you very much for requesting information about our product.

To begin the replacement process we must first validate your product. Please provide an image of the receipt or purchase order along with a picture of the label at the bottom of the product.

If you have any questions please feel free to ask.

Have a nice day
Best Regards

-----------------------------------------------

Daryl Potueco

TP-LINK Technical Support

Website: https://www.tp-link.com

Forum: https://community.tp-link.com

You may get answers quickly here: https://www.tp-link.com/support/faq/

Any feedback please contact our 24 hours livechat service: https://www.tp-link.com/support/contact-technical-support/#LiveChat-Support

THIS EMAIL AND ANY ATTACHMENTS ARE CONFIDENTIAL AND INTENDED SOLELY FOR THE USE OF INDIVIDUAL TO WHO THEY ARE ADDRESSED. IF YOU ARE NOT THE ADDRESSEE, PLEASE DO NOT USE OR PUBLISH ITS CONTENTS, PLEASE NOTIFY THE SENDER IMMEDIATELY AND THEN DELETE THE EMAIL. IF YOU ARE THE INTENDED RECIPIENT OF THE EMAIL, UPON RECEIPT IT IS YOUR RESPONSIBILITY TO ENSURE THAT YOU COMPLY WITH DATA PROTECTION LAWS THAT GOVERN ITS PROCESSING AND TP-LINK LTD GROUP POLICY WHERE APPROPRIATE.

Email to: rmddbrown@yahoo.com   Email: daryl.potueco@tp-link.com

IP address: 122.53.178.226

CONFIDENTIAL   TP000086

**Emelita Jacobo**
Staff

Posted on: 20 October 2019 06:59 AM

Dear Waking

Good day ! We reviewed our proof of purchase and it appears that it was purchased from an unauthorized retailer. With regrets we are unable to process your replacement request. Our recommendation would be to contact the retailer (EBAY) you purchased from to discuss processing a replacement item with them. For future reference you can use this link for a list of authorized TP-Link retailers. https://www.tp-link.com/us/where-to-buy/

Thank you. Have a good day.

Your feedback is very important to us, please feel free to contact us for further help.

Best Regards

----------------------------------------------

Emelita Jacobo

TP-LINK Technical Support

Website: https://www.tp-link.com

Forum: https://community.tp-link.com

You may get answers quickly here: https://www.tp-link.com/support/faq/

Any feedback please contact our 24 hours livechat service: https://www.tp-link.com/support/contact-technical-support/#LiveChat-Support

THIS EMAIL AND ANY ATTACHMENTS ARE CONFIDENTIAL AND INTENDED SOLELY FOR THE USE OF INDIVIDUAL TO WHO THEY ARE ADDRESSED. IF YOU ARE NOT THE ADDRESSEE, PLEASE DO NOT USE OR PUBLISH ITS CONTENTS, PLEASE NOTIFY THE SENDER IMMEDIATELY AND THEN DELETE THE EMAIL. IF YOU ARE THE INTENDED RECIPIENT OF THE EMAIL, UPON RECEIPT IT IS YOUR RESPONSIBILITY TO ENSURE THAT YOU COMPLY WITH DATA PROTECTION LAWS THAT GOVERN ITS PROCESSING AND TP-LINK LTD GROUP POLICY WHERE APPROPRIATE.

Email: emelita.jacobo@test.com                                    IP address: 122.53.178.226

---

**robin_of_kot@yahoo....**
User

Posted on: 19 October 2019 06:18 AM

This is the receipt from PayPal. They told me to contact you. Will this be acceptable?

On Fri, Oct 18, 2019 at 5:01 PM, Support Usa<support.usa@tp-link.com> wrote: Dear Waking ,

After exhausting all the troubleshooting we have identify that your devices seems faulty and needed a replacement.
TP-Link would very much like to assist you, however per the provided proof of purchase we cannot find your retailer name in our RMA system, so that our system cannot offer the replacement, we highly recommend contacting the seller for a replacement as they have their own way for RMA.

For more information of the TP-Link limited warranty and Authorized reseller/retailer please see the link below:
Warranty: https://www.tp-link.com/us/support/replacement-warranty
Where to Buy: https://www.tp-link.com/us/where-to-buy/

Hoping for your kind understanding and thank you very much for your cooperation and patience.

Your feedback is very important to us, please feel free to contact us for further help.

Best Regards

----------------------------------------------

Emelita Jacobo

TP-LINK Technical Support

Website: https://www.tp-link.com

Forum: https://community.tp-link.com

You may get answers quickly here: https://www.tp-link.com/support/faq/

Any feedback please contact our 24 hours livechat service: https://www.tp-link.com/support/contact-technical-support/#LiveChat-Support

THIS EMAIL AND ANY ATTACHMENTS ARE CONFIDENTIAL AND INTENDED SOLELY FOR THE USE OF INDIVIDUAL TO WHO THEY ARE ADDRESSED. IF YOU ARE NOT THE ADDRESSEE, PLEASE DO NOT USE OR PUBLISH ITS CONTENTS, PLEASE NOTIFY THE SENDER IMMEDIATELY AND THEN DELETE THE EMAIL. IF YOU ARE THE INTENDED RECIPIENT OF THE EMAIL, UPON RECEIPT IT IS YOUR RESPONSIBILITY TO ENSURE THAT YOU COMPLY WITH DATA PROTECTION LAWS THAT GOVERN ITS PROCESSING AND TP-LINK LTD GROUP POLICY WHERE APPROPRIATE.

Screenshot_20191018-170349_PayPal.jpg (134.51 KB)
Screenshot_20191018-171701_eBay.jpg (253.95 KB)

Email: robin_of_kot@yahoo.com

---

**Emelita Jacobo**
Staff

Posted on: 19 October 2019 06:01 AM

Dear Waking ,

After exhausting all the troubleshooting we have identify that your devices seems faulty and needed a replacement.
TP-Link would very much like to assist you, however per the provided proof of purchase we cannot find your retailer name in our RMA system, so that our system cannot offer the replacement, we highly recommend contacting the seller for a replacement as they have their own way for RMA.

For more information of the TP-Link limited warranty and Authorized reseller/retailer please see the link below:
Warranty: https://www.tp-link.com/us/support/replacement-warranty
Where to Buy: https://www.tp-link.com/us/where-to-buy/

Hoping for your kind understanding and thank you very much for your cooperation and patience.

Your feedback is very important to us, please feel free to contact us for further help.

Best Regards

----------------------------------------------

Emelita Jacobo

TP-LINK Technical Support

Website: https://www.tp-link.com

Forum: https://community.tp-link.com

You may get answers quickly here: https://www.tp-link.com/support/faq/

Any feedback please contact our 24 hours livechat service: https://www.tp-link.com/support/contact-technical-support/#LiveChat-Support

THIS EMAIL AND ANY ATTACHMENTS ARE CONFIDENTIAL AND INTENDED SOLELY FOR THE USE OF INDIVIDUAL TO WHO THEY ARE ADDRESSED. IF YOU ARE NOT THE ADDRESSEE, PLEASE DO NOT USE OR PUBLISH ITS CONTENTS, PLEASE NOTIFY THE SENDER IMMEDIATELY AND THEN DELETE THE EMAIL. IF YOU ARE THE INTENDED RECIPIENT OF THE EMAIL, UPON RECEIPT IT IS YOUR RESPONSIBILITY TO ENSURE THAT YOU COMPLY WITH DATA PROTECTION LAWS THAT GOVERN ITS PROCESSING AND TP-LINK LTD GROUP POLICY WHERE APPROPRIATE.

Email: emelita.jacobo@test.com                                    IP address: 122.53.178.226

**rosette agpaoa**
Staff

Dear Customer

Good day！We reviewed your proof of purchase and it appears that it was purchased from an unauthorized retailer. With regrets we are unable to process your replacement request.

Our recommendation would be to contact the retailer you purchased from to discuss processing a replacement item with them.

For future reference you can use this link for a list of authorized TP-Link retailers. https://www.tp-link.com/us/where-to-buy

Rosette Agpaoa
TP-LINK Technical Support
Website: https://www.tp-link.com
Forum: https://community.tp-link.com

You may get answers quickly here: https://www.tp-link.com/support/faq/

Any feedback please contact our 24 hours livechat service: https://www.tp-link.com/support/contact-technical-support/#LiveChat-Support

THIS EMAIL AND ANY ATTACHMENTS ARE CONFIDENTIAL AND INTENDED SOLELY FOR THE USE OF INDIVIDUAL TO WHO THEY ARE ADDRESSED. IF YOU ARE NOT THE ADDRESSEE, PLEASE DO NOT USE OR PUBLISH ITS CONTENTS, PLEASE NOTIFY THE SENDER IMMEDIATELY AND THEN DELETE THE EMAIL. IF YOU ARE THE INTENDED RECIPIENT OF THE EMAIL, UPON RECEIPT IT IS YOUR RESPONSIBILITY TO ENSURE THAT YOU COMPLY WITH DATA PROTECTION LAWS THAT GOVERN ITS PROCESSING AND TP-LINK LTD GROUP POLICY WHERE APPROPRIATE.

Email: rosette.agpaoa@tp-link.com                                                    IP address: 122.53.178.226

---

**cristenappraiser@ya...**
User

Attached is receipt showing I paid $65.00 for router
Thank you,Cristen
Cristen Martin 817-891-4540 cell

On Wednesday, November 13, 2019, 11:37:18 AM PST, Support Usa <support.usa@tp-link.com> wrote:

Hi Cristine,

Kindly also attach the proof of purchase of your router.

Thank you.

Rosette Agpaoa
TP-LINK Technical Support
Website: https://www.tp-link.com
Forum: https://community.tp-link.com

You may get answers quickly here: https://www.tp-link.com/support/faq/

Any feedback please contact our 24 hours livechat service: https://www.tp-link.com/support/contact-technical-support/#LiveChat-Support

THIS EMAIL AND ANY ATTACHMENTS ARE CONFIDENTIAL AND INTENDED SOLELY FOR THE USE OF INDIVIDUAL TO WHO THEY ARE ADDRESSED. IF YOU ARE NOT THE ADDRESSEE, PLEASE DO NOT USE OR PUBLISH ITS CONTENTS, PLEASE NOTIFY THE SENDER IMMEDIATELY AND THEN DELETE THE EMAIL. IF YOU ARE THE INTENDED RECIPIENT OF THE EMAIL, UPON RECEIPT IT IS YOUR RESPONSIBILITY TO ENSURE THAT YOU COMPLY WITH DATA PROTECTION LAWS THAT GOVERN ITS PROCESSING AND TP-LINK LTD GROUP POLICY WHERE APPROPRIATE.

📄 Billing Statement_2018-10-10_51246.pdf (17.24 KB)

Email: cristenappraiser@yahoo.com

---

**rosette agpaoa**
Staff

Hi Cristine,

Kindly also attach the proof of purchase of your router.

Thank you.

Rosette Agpaoa
TP-LINK Technical Support
Website: https://www.tp-link.com
Forum: https://community.tp-link.com

You may get answers quickly here: https://www.tp-link.com/support/faq/

Any feedback please contact our 24 hours livechat service: https://www.tp-link.com/support/contact-technical-support/#LiveChat-Support

THIS EMAIL AND ANY ATTACHMENTS ARE CONFIDENTIAL AND INTENDED SOLELY FOR THE USE OF INDIVIDUAL TO WHO THEY ARE ADDRESSED. IF YOU ARE NOT THE ADDRESSEE, PLEASE DO NOT USE OR PUBLISH ITS CONTENTS, PLEASE NOTIFY THE SENDER IMMEDIATELY AND THEN DELETE THE EMAIL. IF YOU ARE THE INTENDED RECIPIENT OF THE EMAIL, UPON RECEIPT IT IS YOUR RESPONSIBILITY TO ENSURE THAT YOU COMPLY WITH DATA PROTECTION LAWS THAT GOVERN ITS PROCESSING AND TP-LINK LTD GROUP POLICY WHERE APPROPRIATE.

Email: rosette.agpaoa@tp-link.com                                                    IP address: 122.53.178.226

**Glen Valdez**
Staff

Posted on: 28 October 2019 @ 23 AM

Dear Joseph,

Thank you much for your valued reply.

We do apologize. Upon checking, you bought the cable modem to unauthorized retailer on Amazon - Sold by Helpful Hippos. We suggest to contact Amazon directly for the replacement or refund of this item.

Thanks for your cooperation and patience.
Have a nice day.

Your feedback is very important to us, please feel free to contact me for further help.

Glen Valdez
TP-LINK Technical Support
------------------------------
Website: https://www.tp-link.com
Forum: https://community.tp-link.com
You may get answers quickly here: https://www.tp-link.com/support/faq/
Any feedback please contact our 24 hours livechat service. https://www.tp-link.com/support/contact-technical-support/#LiveChat-Support

Email: glen.valdez@tp-link.com

IP address: 112.53.170.228

---

**egozijoseph@gmail.c...**
User

Posted on: 28 October 2019 @ 23 AM

.

Joseph Egozi

305-710-9230

egozijoseph@email.com

On Oct 27, 2019, at 4:05 PM, Support Usa <support.usa@tp-link.com> wrote:

Dear Joseph,

Thank you very much for requesting information about our product.

Please send here the image or pdf file of the POP (Proof of Purchase) or receipt and take a picture at the label sticker from the bottom/back showing the Serial Number.

Have a nice day.

Your feedback is very important to us, please feel free to contact me for further help.

Glen Valdez

TP-LINK Technical Support
------------------------------
Website: https://www.tp-link.com

Forum: https://community.tp-link.com
You may get answers quickly here: https://www.tp-link.com/support/faq/
Any feedback please contact our 24 hours livechat service
https://www.tp-link.com/support/contact-technical-support/#LiveChat-Support

THIS EMAIL AND ANY ATTACHMENTS ARE CONFIDENTIAL AND INTENDED SOLELY FOR THE USE OF INDIVIDUAL TO WHO THEY ARE ADDRESSED. IF YOU ARE NOT THE ADDRESSEE, PLEASE DO NOT USE, OR PUBLISH ITS CONTENTS, PLEASE NOTIFY THE SENDER IMMEDIATELY AND THEN DELETE THE EMAIL. IF YOU ARE THE INTENDED RECIPIENT OF THE EMAIL, UPON RECEIPT IT IS YOUR RESPONSIBILITY TO ENSURE THAT YOU COMPLY WITH DATA PROTECTION LAWS THAT GOVERN ITS PROCESSING AND TP-LINK LTD GROUP POLICY WHERE APPROPRIATE.

📎 imagef.png 00.07 KB
📎 e8f7c0ca-4020-4924-a370-6479bddafca.pdf 21.44 KB

Email: egozijoseph@email.com

---

**Glen Valdez**
Staff

Posted on: 28 October 2019 @ 05:00 AM

Dear Joseph,

Thank you very much for requesting information about our product.

Please send here the image or pdf file of the POP (Proof of Purchase) or receipt and take a picture at the label sticker from the bottom/back showing the Serial Number.

Have a nice day.

Your feedback is very important to us, please feel free to contact me for further help.

Glen Valdez
TP-LINK Technical Support
------------------------------
Website: https://www.tp-link.com
Forum: https://community.tp-link.com
You may get answers quickly here: https://www.tp-link.com/support/faq/
Any feedback please contact our 24 hours livechat service. https://www.tp-link.com/support/contact-technical-support/#LiveChat-Support

THIS EMAIL AND ANY ATTACHMENTS ARE CONFIDENTIAL AND INTENDED SOLELY FOR THE USE OF INDIVIDUAL TO WHO THEY ARE ADDRESSED. IF YOU ARE NOT THE ADDRESSEE, PLEASE DO NOT USE, OR PUBLISH ITS CONTENTS, PLEASE NOTIFY THE SENDER IMMEDIATELY AND THEN DELETE THE EMAIL. IF YOU ARE THE INTENDED RECIPIENT OF THE EMAIL, UPON RECEIPT IT IS YOUR RESPONSIBILITY TO ENSURE THAT YOU COMPLY WITH DATA PROTECTION LAWS THAT GOVERN ITS PROCESSING AND TP-LINK LTD GROUP POLICY WHERE APPROPRIATE.

Email: glen.valdez@tp-link.com

IP address: 112.53.170.228

---

**egozijoseph@gmail.c...**
User

Posted on: 28 October 2019 @ 12:18 AM

Glenn ,

I'm back to the same issues as before. No Ethernet connection, and i was unable to get the router connection going either. Please advise.

Thank you,
Joe

Joseph Egozi
305-710-9230
egozijoseph@gmail.com

> On Oct 27, 2019, at 12:03 PM, Support Usa <support.usa@tp-link.com> wrote:
>
> Dear Joseph,
>
> Thank you very much for requesting information about our product.
>
> Please reply to this email and attach the details of modem connection status and system log information.
>
> Have a nice day.
>
>
> Your feedback is very important to us, please feel free to contact me for further help.
>
> Glen Valdez
> TP-LINK Technical Support
> ------------------------------
> Website: https://www.tp-link.com
> Forum: https://community.tp-link.com
> You may get answers quickly here: https://www.tp-link.com/support/faq/
> Any feedback please contact our 24 hours livechat service. https://www.tp-link.com/support/contact-technical-support/#LiveChat-Support
>
> THIS EMAIL AND ANY ATTACHMENTS ARE CONFIDENTIAL AND INTENDED SOLELY FOR THE USE OF INDIVIDUAL TO WHO THEY ARE ADDRESSED. IF YOU ARE NOT THE ADDRESSEE, PLEASE DO NOT USE, OR PUBLISH ITS CONTENTS, PLEASE NOTIFY THE SENDER IMMEDIATELY AND THEN DELETE THE EMAIL. IF YOU ARE THE INTENDED RECIPIENT OF THE EMAIL, UPON RECEIPT IT IS YOUR RESPONSIBILITY TO ENSURE THAT YOU COMPLY WITH DATA PROTECTION LAWS THAT GOVERN ITS PROCESSING AND TP-LINK LTD GROUP POLICY WHERE APPROPRIATE.

Email: egozijoseph@gmail.com

---

**Glen Valdez**
Staff

Posted on: 28 October 2019 @ 03:53 AM

Dear Joseph,

Thank you very much for requesting information about our product.

Please reply to this email and attach the details of modem connection status and system log information.

Have a nice day.

Your feedback is very important to us, please feel free to contact me for further help.

Glen Valdez
TP-LINK Technical Support
------------------------------
Website: https://www.tp-link.com
Forum: https://community.tp-link.com
You may get answers quickly here: https://www.tp-link.com/support/faq/
Any feedback please contact our 24 hours livechat service. https://www.tp-link.com/support/contact-technical-support/#LiveChat-Support

THIS EMAIL AND ANY ATTACHMENTS ARE CONFIDENTIAL AND INTENDED SOLELY FOR THE USE OF INDIVIDUAL TO WHO THEY ARE ADDRESSED. IF YOU ARE NOT THE ADDRESSEE, PLEASE DO NOT USE, OR PUBLISH ITS CONTENTS, PLEASE NOTIFY THE SENDER IMMEDIATELY AND THEN DELETE THE EMAIL. IF YOU ARE THE INTENDED RECIPIENT OF THE EMAIL, UPON RECEIPT IT IS YOUR RESPONSIBILITY TO ENSURE THAT YOU COMPLY WITH DATA PROTECTION LAWS THAT GOVERN ITS PROCESSING AND TP-LINK LTD GROUP POLICY WHERE APPROPRIATE.

Email: egozijoseph@gmail.com   Email: glen.valdez@tp-link.com

IP address: 112.53.170.228

CONFIDENTIAL                                                                                                                                                    TP000005

**Reymalyn Pineda**
Staff

Posted on: 13 December 2019 02:53 AM

Dear Charles,

Thanks so much for troubleshooting with us, your device is identified faulty.

The Deco M5 V1.0 (3pack) with serial numbers: 2174101A00649 , 2174101B00649, 2174101C00649 (2174101X00649), cannot detect the ethernet connection. We tried swapping deco's, switching cables, switching ports and still specific deco's wouldn't recognize the ethernet connection. We reviewed your proof of purchase and it appears that it was purchased from an unauthorized retailer. With regrets we are unable to process your replacement request. Our recommendation would be to contact the retailer you purchased from to discuss processing a replacement item with them. For future reference you can use this link for a list of authorized TP-Link retailers: https://www.tp-link.com/us/where-to-buy/.

Thank you.
Your feedback is very important to us, please feel free to contact me for further help.

Reymalyn.Pineda

TP-LINK Technical Support

-----------------------------------

Website: https://www.tp-link.com

Forum: https://community.tp-link.com

You may get answer quickly here: https://www.tp-link.com/support/faq/

Any feedback please contact our 24 hours livechat service: https://www.tp-link.com/support/contact-technical-support/#LiveChat-Support

THIS EMAIL AND ANY ATTACHMENTS ARE CONFIDENTIAL AND INTENDED SOLELY FOR THE USE OF INDIVIDUAL TO WHO THEY ARE ADDRESSED. IF YOU ARE NOT THE ADDRESSEE, PLEASE DO NOT USE OR PUBLISH ITS CONTENTS, PLEASE NOTIFY THE SENDER IMMEDIATELY AND THEN DELETE THE EMAIL. IF YOU ARE THE INTENDED RECIPIENT OF THE EMAIL, UPON RECEIPT IT IS YOUR RESPONSIBILITY TO ENSURE THAT YOU COMPLY WITH DATA PROTECTION LAWS THAT GOVERN ITS PROCESSING AND TP-LINK LTD GROUP POLICY WHERE APPROPRIATE.

Email to: textorwrite@gmail.com   Email: reymalyn.pineda@tp-link.com

IP address: 122.53.178.226

Page 1 of 1   View All

« Previous Ticket   Next Ticket »

CONFIDENTIAL

TP000090

# TL-WA855RE Can't register both extenders

Created: 29 October 2019 11:52 PM    Updated: 31 October 2019 11:33 AM

| DEPARTMENT | OWNER | TYPE | STATUS | PRIORITY | |
|---|---|---|---|---|---|
| United States | Ronald Mikkel Be... | Issue | Closed | Normal | ▼ |

🖉 Start typing to insert tags...

Page 1 of 1 | View All                                                                                     « Previous Ticket | Next Ticket »

---

**Ronald Mikkel Berbe...**
Staff

Posted on: 31 October 2019 11:33 AM

Dear William ,

Good day ! We reviewed your proof of purchase and it appears that it was purchased from an unauthorized retailer. With regrets we are unable to process the serial number to add to our warranty system.

Best Regards,
------------------------------------------------------------------------------------------------
De Jesus, Ronald Mikkel B.
TP-LINK Technical Support

Website: https://www.tp-link.com
Forum: https://community.tp-link.com
You may get answer quickly here: https://www.tp-link.com/support/faq/

Any feedback please contact our 24 hours livechat service: https://www.tp-link.com/support/contact-technical-support/#LiveChat-Support

Email: ronald.dejesus@tp-link.com                                                                                     IP address: 122.53.178.226

---

**wtharris@etcmail.co...**
User

Posted on: 31 October 2019 04:24 AM

📎 P1020014.JPG (4.43 MB)
📎 P1020012.JPG (4.29 MB)

Email: wtharris@etcmail.com

---

**Ronald Mikkel Berbe...**
Staff

Posted on: 30 October 2019 01:55 PM

Hi William ,

Could you please provide a picture of the serial number of your device and the proof of purchase so we can add it on our system.

Best Regards,
------------------------------------------------------------------------------------------------
De Jesus, Ronald Mikkel B.
TP-LINK Technical Support

Website: https://www.tp-link.com
Forum: https://community.tp-link.com
You may get answer quickly here: https://www.tp-link.com/support/faq/

Any feedback please contact our 24 hours livechat service: https://www.tp-link.com/support/contact-technical-support/#LiveChat-Support

Email: ronald.dejesus@tp-link.com                                                                                     IP address: 122.53.178.226

---

**wtharris@etcmail.co...**
User

Posted on: 29 October 2019 11:52 PM

Get help on TP-LINK product(after selling)

Product Category:
--

Model Number:
TL-WA855RE

Problem Category:
Other Issues

Hardware Version:
V4

Firmware Version:

Operating System:
null

Internet Service Provider(ISP):
null

Subject:
Can't register both extenders

Detailed Description of the Problem:

Case# 296430. I could not get the serial numbers to register for my two range extenders.

You helped me register my A7 router. You were supposed to make it possible for me to register my two range extenders. I still can't register them. HELP !! AGAIN !!

Also: There is no IP address on the extenders, There is a mac address: MAC BO-BE-76-CB-FB-B4

Thanks for your help registering the A7 router.

Extender SN 218A482013089

and SN 218A482013086

IP:
196.247.50.150, 64.252.128.149

Name:
William Harris

Location:

Email Address:
wtharris@etcmail.com

Sent Time:
2019-10-29 15:52:14

Email: wtharris@etcmail.com

---

Page 1 of 1 | View All                                                                                     « Previous Ticket | Next Ticket »

CONFIDENTIAL                                                                                     TP000091

| | |
|---|---|
| **From:** | US Support Team |
| **Sent:** | Monday, April 27, 2020 10:20 AM PDT |
| **To:** | 'piyupriyapatil@gmail.com' |
| **Subject:** | RE: Return request , not working TP-Link AC3150 Wireless Wi-Fi Gigabit Router |

Hi Priya

Product warranties only apply to products that are purchased new and from authorized sellers. Products sold used or from unauthorized sellers are not covered under our limited product warranty. For issues like your we would recommend contacting the seller directly.

Best Regards

TP-Link support

**From:** priya Patil <piyupriyapatil@gmail.com>
**Sent:** Friday, April 24, 2020 14:59
**To:** Sales Usa <sales.usa@tp-link.com>
**Subject:** Return request , not working TP-Link AC3150 Wireless Wi-Fi Gigabit Router

Hello,

I brought the

**TP-Link AC3150 Wireless Wi-Fi Gigabit Router**

( see attached order details). This is not working and buy it in Jan 2020. Unable to provide stable signal.

Is it possible to process the return and refund the price?

If not then is it possible to send me better router than the

**TP-Link AC3150 Wireless Wi-Fi Gigabit Router**

Please let me know.

Thank s


Priya S Patil

207 Olde Castle Loop,
Oxford, MS

Ph: (850) 339 2796
Email:piyupriyapatil@gmail.com

| | |
|---|---|
| From: | US Support Team |
| Sent: | Tuesday, August 11, 2020 3:35 PM PDT |
| To: | 'pjprobbins@msn.com' |
| Subject: | RE: Email_feedback_Deco M5 |

Hi Pj

Buying on Amazon does not mean buying from Amazon. Amazon maintains a marketplace like eBay where 3rd party resellers can re-sell their wares. If the reseller is not an authorized one then we are unable to confirm the sold status of the product or ensure proper quality assurance. Also if a product is being resold form an unauthorized party it then becomes a 2nd hand product. Product warranties do not transfer even if the seller is stating the product is new unopened. This would be why the RMA was denied.

Best Regards

**C.M. | Technical Support**

Support: 866-225-8139

https://community.tp-link.com/us

**TP-Link USA Corporation**

Customer Support

145 S State College Blvd, Suite 400

Brea, CA 92821

**From:** Cms_Admin <cms_admin@tp-link.com>

**Sent:** Saturday, August 8, 2020 4:43 PM

**To:** US Support Team <ussupportteam@tp-link.com>

**Subject:** Email_feedback_Deco M5

| Subject | Email_feedback_Deco M5 |
|---|---|
| User Email | pjprobbins@msn.com |
| Model Name | Deco M5 |
| Begin Star | 2 |
| End Star | 2 |
| Feedback | The day I received your product, one of the 3 devices included in the box, would not work. As we were installing your product we tried numerous outlets and tried the 3 different plugs, but the one device would not get any power to it. On the day I received the product, I went online and registered the product. I then tried calling your company, but was on hold for more than 45 minutes without speaking to anyone. I went online and did the live chat with someone from your company that resulted in an email that asked me for some further information and told me they were checking into the issue. One week later I had not heard from your company in response and I checked my registration page and there was nothing on the replacement page. I contacted your company again through email and again through the live online chat. The email I received back told me I did not buy through a reputable retailer so they were not going to replace the faulty device. I bought it from Amazon. |

CONFIDENTIAL

TP000093

| From: | US Support Team |
|---|---|
| Sent: | Tuesday, October 27, 2020 5:04 PM PDT |
| To: | 'perryf@adgorg.com' |
| Subject: | RE: Screenshot 2020-10-26 at 9.49.02 PM |

Hello Perry

Regrettably these products would not qualify for warranty replacements. 'Simple Life Innovations' is a unauthorized 3rd party seller. As such we cannot offer warranty services because these products are 2nd hand goods. We would be happy to troubleshoot with you to see if we can get them working but if not the only way to seek a replacement would be to contact the seller directly. If you would like to troubleshoot please let me know and I will assign an Agent to assist you.

Best Regards
**Carl Mertz**
**Technical Support Supervisor**
Office. 626-333-0234
Support: 866-225-8139
**TP-Link USA Corporation**
Customer Support
145 S State College Blvd, Suite 400
Brea, CA 92821
**Offical Website:** **tp-link.com**
**Community Forum:** **Community.tp-link.com**
Facebook | Twitter | Youtube | LinkedIn



This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you are not the intended recipient you are notified that disclosing, copying, distributing, or taking any action in reliance on the contents of this information is strictly prohibited.

**From:** Perry Finkelman <perryf@adgorg.com>
**Sent:** 2020年10月26日 18:59
**To:** Sales Usa <sales.usa@tp-link.com>
**Cc:** Alan Yousefzadeh <alanyou73@gmail.com>
**Subject:** Screenshot 2020-10-26 at 9.49.02 PM

I purchased 6 deco M9 units on July 2019. Three of these units have gone bad . They lose signal , won't update new firm ware even after we have done a factory reset . How do we exchange these under The Warrenty .
The three s/n are as follows
218c463a00131
218c463b00131
2193499b00072

CONFIDENTIAL

TP000095



# View order details

| | |
|---|---|
| Order date | Jul 15, 2019 |
| Order # | 114-0355852-3103438 |
| Order total | $292.20 (1 item) |

## Shipment details

One-Day Shipping

## Shipped
### Jul 19, 2019



**TP-Link Smart Hub & Whole Home WiFi Mesh System – PCMag Editor's...**

$269.00

Qty: 1

CONFIDENTIAL

TP000096



Perry M. Finkelman, CEO
American Development Group,LLC
Automotion Parking Systems, LLC
Willoughby Operating Company, LLC
Off 516.565.5600
Cell 516.770.9004
Overseas cell 929-243-9156
www.adgorg.com
www.automotionparking.com
www.willoughbyop.com

This message is intended only for the personal and confidential use of the designated recipients named above. If you are not the intended recipient of this message you are hereby notified that any review dissemination, distribution ,or copying of this message is strictly prohibited.
Sent from my iPhone
Please excuse creative spelling and words courtesy of Apple.

CONFIDENTIAL                                                                                                                 TP000098

| | |
|---|---|
| **From:** | US Support Team |
| **Sent:** | Friday, November 13, 2020 1:59 PM PST |
| **To:** | 'James Johnson' |
| **Subject:** | RE: Registering Product |

Hi James,

Yes I don't have SimpliSafe or San Diego Pro Tech on either my authorized retailer list or my B2B reseller list. Because of that we aren't able to add the device into our registration system. Also because of this we do not have a method of replacement for these products as we can't verify the condition the products were sold to you in. Technically if they are an unauthorized reseller regardless of what they stated the condition of the product was, it is a 2nd hand good with no warranty. Now if they are a customer of one of our distributors they can request a replacement through them. The distributor would then request a replacement through us. I hate having to say this but right now I'm not able to do more.

Best Regards

**C.M. | Technical Support**

Support: 866-225-8139

https://community.tp-link.com/us

**TP-Link USA Corporation**

Customer Support

145 S State College Blvd, Suite 400

Brea, CA 92821

---

**From:** James Johnson <netjay@me.com>
**Sent:** Friday, November 13, 2020 12:28 PM
**To:** US Support Team <ussupportteam@tp-link.com>
**Cc:** James K Johnson <netjay@me.com>
**Subject:** Re: Registering Product

Support Team,

Thank you for the info below. Yes, I will attach the invoice ( see at bottom ). I will demand the third one to be installed. So you can manually register my products though expect to get the third one also. Since I have seen on line all Deco M9 being sold in three I will reach out to this installer asking why he charged $299 for two when most M9 cost a lot less than but having three in a kit. My surprise is this installer was contracted by a Simplisafe to install products.Apparently this company is not on your Authorized list.

Company name is:

San Diego Pro Tech

Iliana Velez Zatarian

744 S 45th St

San Diego, Ca 92113

firelilly00033@gmail.com

sandiegoprotechs.com

Thank you again,

James Johnson

On Nov 13, 2020, at 11:51, US Support Team <ussupportteam@tp-link.com> wrote:
Hi James,

**CONFIDENTIAL**

Based on the serial number it should have been a 3-unit kit. But the deco m9 is sold in 1-packs up to 4-packs so without the proof of purchase or the box I would not be able to say. I also checked our system and I do not even see the kit serial there. This mean the unit was delivered to the retailer directly and did not ship from our US warehouse. In these cased the items are not in the system and have to be added manually. Can you provide a proof of purchase so I can see if the item can be added. The only reason it would not be able to is if the retailer is not on our authorized list.

Best Regards

**C.M. | Technical Support**

Support: 866-225-8139

https://community.tp-link.com/us

**TP-Link USA Corporation**

Customer Support

145 S State College Blvd, Suite 400

Brea, CA 92821

---

**From:** James Johnson <netjay@me.com>

**Sent:** Friday, November 13, 2020 11:47 AM

**To:** US Support Team <ussupportteam@tp-link.com>

**Subject:** Re: Registering Product

Support Team,

To be clear since we don't have the box ( installer took it ) we can use the Kit/Group seriel number 27071H7X00519 ? Plus one more question the Kit comes w/ three or two Deco M9 Plus products ? Thank you so much,

James Johnson


> On Nov 13, 2020, at 11:38, US Support Team <ussupportteam@tp-link.com> wrote:
>
> Hello James
>
> For the Deco you need to use the Kit/Group serial number that is found on the box. If you notice the serial numbers provided are the same except 1 letter. The Kit serial number for your set is 27071H7X00519
>
> Best Regards
>
> **C.M. | Technical Support**
>
> Support: 866-225-8139
>
> https://community.tp-link.com/us
>
> **TP-Link USA Corporation**
>
> Customer Support
>
> 145 S State College Blvd, Suite 400
>
> Brea, CA 92821

---

**From:** James Johnson <netjay@me.com>

**Sent:** Friday, November 13, 2020 11:08 AM

**To:** US Support Team <ussupportteam@tp-link.com>

**Subject:** Re: Registering Product

**C.M Technical Support,**

I have login in but when I attempt to register my two Deco / TP-Link Smart Home Mesh WiFi System Model Deco M9 Plus products and place in the S/N 's the system does not recognize these products. I brought them for a independent SimpliSafe installer who set them up in my home. The S/N for both products are 1) 27071H7A00519 2) 22071H7C00519. Can you check these products S/N and figure why the system does not recognize these products?

Thank you,
James K Johnson
EMail netjay@me.com

On Nov 10, 2020, at 12:13, US Support Team <ussupportteam@tp-link.com> wrote:
Hi James
If you are in the US you can register the product here: https://myproducts.tp-link.com/login?redirect=%2Fproduct
Best Regards
**C.M. | Technical Support**
Support: 866-225-8139
https://community.tp-link.com/us
**TP-Link USA Corporation**
Customer Support
145 S State College Blvd, Suite 400
Brea, CA 92821

**From:** James Johnson <netjay@me.com>
**Sent:** 2020年11月9日 4:43
**To:** Sales Usa <sales.usa@tp-link.com>
**Subject:** Registering Product
To whom it concerns,
I have been to your Website but cannot find how to registered for the Deco M9 Plus (2-Pack) I just brought, can you help me? I have tried your Chat and only went around in circles w/o chatting to someone.
Website ( https://www.tp-link.com/us/deco-mesh-wifi/ ) .
Thank you,
James Johnson

CONFIDENTIAL

| From: | US Support Team |
|---|---|
| Sent: | Monday, November 16, 2020 11:40 AM PST |
| To: | 't_moniquesmith@hotmail.com' |
| Subject: | RE: TP Link |

Hi Monique

My name is Carl and I am the local support supervisor. The reason we cannot provide replacement product is because you purchased your product from an unauthorized 3rd part reseller. This is the same as buying a product from a seller on eBay or other marketplace retailers. These reseller purchase from authorized sources and then resell them. This make them the original purchaser and our warranties only cover the original purchaser. Once they resell the product it because a 2nd hand good and no longer covered under warranty. This is actually to protect customer and our brand image. With these unauthorized sources we do not have a way to properly QA the products they sell. We cannot confirm the condition or if the product is genuine. I understand this is not the answer you seek and we certainly do not want to lose a valuable customer but also have to stay in with company mandated guidelines. Regrettably they is no RMA that can be provided, on top that the product you have the CR700 is out stock and end of life so even if we were you would still not get the same product and you would have to purchase a modem. Since you have a gateway and it cannot be replaced by TP-Link your best option would be to deal with the seller or Amazon directly.

Best Regards
**C.M. | Technical Support**
Support: 866-225-8139
https://community.tp-link.com/us
**TP-Link USA Corporation**
Customer Support
145 S State College Blvd, Suite 400
Brea, CA 92821

**From:** Bumble Bee <t_moniquesmith@hotmail.com>
**Sent:** 2020年11月14日 8:00
**To:** Sales Usa <sales.usa@tp-link.com>
**Subject:** TP Link

I have had my TP Link for four (4) months and it is not working. I purchased it through Amazon and they called your customer service department. The first representative I spoke with said changed some settings and said if it is still having problems to call back. I called back because it was still having problems. The second representative stated to send a picture of the label along with the invoice from Amazon and to allow two (2) weeks for the replacement to come. Then I get an email the combo is faulty and there is nothing they can do. If you as a company will not stand by your product me as a consumer will not. After this experience I will not knowingly purchase any of your products again. I am truly disappointed and with the need for reliable internet service right now this hits my household very hard. My son is doing school from home and I am working from home. Although your representatives were very polite they were very misleading giving false hope that they were going to resolve the issue and now I am out of the money and I have to purchase a new device.

Again it is unfortunate but unless we can find common ground I will no longer patronize TP Link products.

*Respectfully*
*Monique Smith*
*Phone: (404) 276-5884*

**CONFIDENTIAL**

| | |
|---|---|
| From: | US Support Team |
| Sent: | Monday, May 10, 2021 11:43 AM PDT |
| To: | 'Sean Freund' |
| Subject: | RE: Missing Power Adapter for New Router |

Hi Sean,

Okay that's what I thought. That is actually a 3rd party unauthorized reseller. Also that product would not carry a manufacture warranty. I can send you a power supply that's not a problem but my recommendation would be to return the product and get a refund then purchase the router from an authorized source, such as Costco: https://www.costco.com/TP-Link-Archer-ax11000-Tri-Band-Wi-Fi-6-Router.product.100519717.html. Normally we would not recommend this but since they are not an authorized seller and an item is already missing something there is not really a way to tell if something else is wrong with the product or not. But not having the security of the warranty may be a concern. If you don't mind not having the warranty let me know and I'll send you the power adapter.

Best Regards
**C.M. | Technical Support**
Support: 866-225-8139
https://community.tp-link.com/us
**TP-Link USA Corporation**
Customer Support
145 S State College Blvd, Suite 400
Brea, CA 92821

**From:** Sean Freund <seanrfreund@gmail.com>
**Sent:** Monday, May 10, 2021 10:20 AM
**To:** US Support Team <ussupportteam@tp-link.com>
**Subject:** Re: Missing Power Adapter for New Router
Here's a screenshot of the purchase confirmation. I can also attach pictures of the unit and the box itself, serial numbers, etc.
My address is 1018 W Leland Ave, Chicago, IL 60640
On Mon, May 10, 2021, 11:09 US Support Team <ussupportteam@tp-link.com> wrote:

Hello Sean,
Can you provide a copy of the proof of purchase that includes the sold by? We would like to make sure the seller was official. Also please provide your physical shipping address.
Best Regards
**C.M. | Technical Support**
Support: 866-225-8139
https://community.tp-link.com/us
**TP-Link USA Corporation**
Customer Support
145 S State College Blvd, Suite 400
Brea, CA 92821

**From:** Sean Freund <seanrfreund@gmail.com>
**Sent:** 2021年5月7日 17:11
**To:** Sales Usa <sales.usa@tp-link.com>
**Subject:** Missing Power Adapter for New Router

Hello my name is Sean and I just received my Archer AX11000 router and I'm super stoked to set it up, but it's missing the power adapter. It came with the power cable, but no adapter.
I bought the unit on Amazon and the packaging seemed secure. It was shrink wrapped.
My phone number is 847-271-9798 or you can email me if there's any information I can provide.
Thanks and have a nice weekend.

CONFIDENTIAL

| | |
|---|---|
| **From:** | US Support Team |
| **Sent:** | Monday, August 16, 2021 9:59 AM PDT |
| **To:** | Kristen Digwood |
| **Subject:** | RE: Your Message was sent to TWS SALES: Request Refund, 4842104444693 |

Hello Kristen,

Unfortunately, we have no assistance we can provide in dealing with a third-party seller such as TWS Sales.  In fact, these sellers are as with TWS typically unauthorized resellers and do not even carry a manufacture's warranty.  The reason for this is that we cannot confirm if the sold status is correct if the product is a damaged or refurbished item. Or even if its genuine.  We would still offer free technical support and do the best we can to correct any concerns, but beyond that there isn't much we can do, especially if you are searching for a refund as the email below states.

Best Regards

**C.M. | Technical Support**

Support: 866-225-8139
https://community.tp-link.com/us

**TP-Link USA Corporation**

Customer Support

145 S State College Blvd, Suite 400

Brea, CA 92821

---

**From:** Kristen Digwood <kristendigwood@yahoo.com>
**Sent:** Sunday, August 15, 2021 11:19 AM
**To:** US Support Team <ussupportteam@tp-link.com>
**Subject:** Fw: Your Message was sent to TWS SALES: Request Refund, 4842104444693

----- Forwarded Message -----
**From:** Walmart Customer Service <no-reply@relay.walmart.com>
**To:** kristen digwood <kristendigwood@yahoo.com>
**Sent:** Sunday, August 15, 2021, 02:17:16 PM EDT
**Subject:** Your Message was sent to TWS SALES: Request Refund, 4842104444693

Dear kristen digwood,

We've contacted TWS SALES on your behalf for the order below. Someone from their team will contact you within 48 hours.

**Customer Order Number**:  4842104444693
**Reason for Contact:**  Request Refund

CONFIDENTIAL

**Item name/number:**  TP-Link Archer C50 | AC1200 Wireless Dual Band Router | Up to 1200 Mbps Speeds/49218627

**Message sent to seller**:
Hello - I have written three times without response. I have not received this. While the tracking says it was in my mailbox it was not. Please advise. I will initiate a chargeback with the credit card next week if there is no response.


Thank you,
Walmart Customer Care Team

| From: | US Support Team |
|---|---|
| Sent: | Monday, November 22, 2021 9:21 AM PST |
| To: | oakpark709@yahoo.com |
| Subject: | Regarding TP-Link RMA Request |

Hello Pacelli,

I was contacted by our support agent who was assisting you.  Regarding your request to provide a replacement I apologize but it will not be possible.  This is for a few reasons.  Frist reason is as is stated in our warranty policy and the terms and conditions that all customers agree to when they register a product, for there to be a valid warranty there the product must be sold from an authorized retailer.  "The limited warranty does not apply to refurbished products or products that were resold by unauthorized resellers".  Go Ahead is not an authorized retailer.  Second reason is that your product's serial number is not in our system.  This can happen when products are shipped directly to retailers instead of through our office.  Unfortunately, as you were made aware serial numbers cannot be manually added if the POP shows an unauthorized vendor.  Now I can tell you too that even if it was purchased from an authorised source the CR700 is an end-of-life product, and we no longer have inventory.   Your best and really only option would be to reach out to the seller to see if they can provide an exchange, refund or replacement.  I know this is not the answer you were looking for when requesting your escalation, but it is how we must apply our policy.  In your situation the product was bought from an unauthorized 3rd party source and as such does not have a warranty with TP-Link.

Best Regards

**Carl Mertz | Technical Support Supervisor**

Support: 866-225-8139

**TP-Link USA Corporation**
Customer Support
145 S State College Blvd, Suite 400
Brea, CA 92821

**Offical Website: tp-link.com**
**Community Forum:  Community.tp-link.com**
Facebook | Twitter | Youtube | LinkedIn



This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed.  If you are not the intended recipient you are notified that disclosing, copying, distributing, or taking any action in reliance on the contents of this information is strictly prohibited.

2021-07-27 09:30:14-----Staff-----deanne.ragala-----support.usa@tp-link.com to lrsmdavidson@chartertn.net-----[TP-Link Support]-[TKID210726064]【TP-LINK My Products】help with product registration

Dear Larry,

Thank you for contacting TP-Link support.

As per the proof of purchase you provided, it seems that the product was sold from a reseller which was not affiliated to TP-Link and was not an official seller. The serial number of the device was not tracked in our product registration system that's why you could not register the product.

We do provide technical support for all of our products, so please feel free to contact us via https://www.tp-link.com/about-us/contact/ if you need any help. But for any warranty and replacement concerns, we highly recommend you contact the original seller for further help as they may have their own way for RMA. Remember to save a picture of the product serial number and the receipt.

For more information of the TP-Link limited warranty and Authorized reseller/retailer please see the link below:
Warranty: https://www.tp-link.com/us/support/replacement-warranty
Where to buy: https://www.tp-link.com/us/where-to-buy/
Hoping for your kind understanding and thank you very much for your cooperation and patience.

We look forward to hearing back from you. If you have additional information or feedback to provide, please feel free to let us know.
Please expect the email reply within 1 business day.  For urgent assistance please contact our Live Chat/Phone support with your ticket reference number.

https://www.tp-link.com/support/contact-technical-support/#LiveChat-Support

Ava Regala
TP-Link Technical Support
-----------------------------------------------
**Website:** https://www.tp-link.com/support/
**Feedback:** Report a suggestion/complaint on this email service by clicking here

Hello Warren,

While purchased from Amazon's website, the seller is a 3rd party re-seller. If this is for a replacement, we highly recommend contacting the seller, Shop J&W as they have their own way for RMA or contact Amazon customer service for further assistance.

**Items Ordered**
1 of: *TP-Link WiFi 6 AX3000 Smart WiFi Router (A*
*Gigabit Router, Dual Band, OFDMA, MU-MIMO, Pa*
*HomeCare, Works with Alexa*
Sold by: Shop J&W (seller profile)

Condition: New

We look forward to hearing back from you. If you have additional information or feedback to provide, please feel free to let us know.
Please expect the email reply within 1 business day.  For urgent assistance please contact our Live Chat/Phone support with your ticket reference number.

https://www.tp-link.com/support/contact-technical-support/#LiveChat-Support

Ava Regala
TP-Link Technical Support
--------------------------------------------
**Website:** https://www.tp-link.com/support/
**Feedback:** Report a suggestion/complaint on this email service by clicking here

THIS EMAIL AND ANY ATTACHMENTS ARE CONFIDENTIAL AND INTENDED SOLELY FOR THE USE OF INDIVIDUAL TO WHO THEY ARE ADDRESSED. IF YOU ARE NOT THE ADDRESSEE, PLEASE DO NOT USE OR PUBLISH ITS CONTENTS, PLEASE NOTIFY THE SENDER IMMEDIATELY AND THEN DELETE THE EMAIL. IF YOU ARE THE INTENDED RECIPIENT OF THE EMAIL, UPON RECEIPT IT IS YOUR RESPONSIBILITY TO ENSURE THAT YOU COMPLY WITH DATA PROTECTION LAWS THAT GOVERN ITS PROCESSING AND TP-LINK POLICY WHERE APPROPRIATE.

Dear Olu,

Many thanks for your valued reply.
This is Lyn.
As our warranty policy states clearly that "The limited warranty does not apply to refurbished products or products that were resold by unauthorized resellers. " According to your proof of purchase, it's sold by an individual reseller from Ebay. We have no choice but to follow our RMA policy, therefore we're not able to provide any replacement. You may negotiate with the reseller instead.

This ticket will be closed and again we hope you understand that we cannot go against our warranty policy.
Thanks for your cooperation and patience.
We look forward to hearing back from you. If you have additional information or feedback to provide, please feel free to let us know.
Please expect the email reply within 1 business day.  For urgent assistance please contact our Live Chat/Phone support with your ticket reference number.
https://www.tp-link.com/support/contact-technical-support/#LiveChat-Support

Lyn. Pineda
TP-Link Technical Support
----------------------------------------------
**Website:** https://www.tp-link.com/support/
**Feedback:** Report a suggestion/complaint on this email service by clicking here

THIS EMAIL AND ANY ATTACHMENTS ARE CONFIDENTIAL AND INTENDED SOLELY FOR THE USE OF INDIVIDUAL TO WHO THEY ARE ADDRESSED. IF YOU ARE NOT THE ADDRESSEE, PLEASE DO NOT USE OR PUBLISH ITS CONTENTS, PLEASE NOTIFY THE SENDER IMMEDIATELY AND THEN DELETE THE EMAIL. IF YOU ARE THE INTENDED RECIPIENT OF THE EMAIL, UPON RECEIPT IT IS YOUR RESPONSIBILITY TO ENSURE THAT YOU COMPLY WITH DATA PROTECTION LAWS THAT GOVERN ITS PROCESSING AND TP-LINK POLICY WHERE APPROPRIATE.

CONFIDENTIAL

The Merge :     [TKID211221079]EAP225-Outdoor V1 PoE adapter not working
               ,[TKID211221080]EAP225-Outdoor V1 PoE adapter not working
               ,[TKID211221082]EAP225-Outdoor V1 PoE adapter not working

2021-12-20 15:00:18-----Staff-----von.ibanez-----support.usa@tp-link.com to davidr46@gmail.com-----[TP-Link Support]-[TKID211221112]【TP-LINK My Products】Defective item registration

Dear Customer,

Thanks for contacting TP-Link support.

As per the proof of purchase you provided, it seems that the product was sold from a reseller which was not affiliated to TP-Link and was not an official seller. The serial number of the device was not tracked in our product registration system that's why you could not register the product.

We do provide technical support for all of our products, so please feel free to contact us via https://www.tp-link.com/about-us/contact/ if you need any technical support. But for any warranty and replacement concerns, we highly recommend you contact the original seller for further help as they may have their own way for RMA. Remeber to save a picture of the product serial number and the receipt.

For more information of the TP-Link limited warranty and Authorized reseller/retailer please see the link below:
Warranty: https://www.tp-link.com/us/support/replacement-warranty
Where to buy: https://www.tp-link.com/us/where-to-buy/

Hoping for your kind understanding and thank you very much for your cooperation and patience.

We look forward to hearing back from you. If you have additional information or feedback to provide, please feel free to let us know.
Please expect the email reply within 1 business day.  For urgent assistance please contact our Live Chat/Phone support with your ticket reference number.
https://www.tp-link.com/support/contact-technical-support/#LiveChat-Support

Von Jivan Ibanez
TP-Link Technical Support
------------------------------------------------
**Website:** https://www.tp-link.com/support/
**Feedback:** Report a suggestion/complaint on this email service by clicking here

2021-08-27 13:15:06-----Staff-----deanne.ragala-----support.usa@tp-link.com to navfleet@gmail.com-----[TP-Link Support]-[TKID210826386] 【TP-LINK My Products】Get help with product registration

Dear Customer,

TP-Link would very much like to assist you, however per the provided proof of purchase we cannot find your retailer name in our authorized retailer list, so that our system cannot find this product to be registered.

While purchased from Amazon's website, the seller is a 3rd party re-seller. If this is regarding replacement, we highly recommend contacting the seller Armor Tech as they have their own way for RMA or contact Amazon customer service for further assistance.

For more information of the TP-Link limited warranty and Authorized reseller/retailer please see the link below:

**Warranty:** https://www.tp-link.com/us/support/replacement-warranty

**Where to buy:** https://www.tp-link.com/us/where-to-buy/

Hoping for your kind understanding and thank you very much for your cooperation and patience.

We look forward to hearing back from you. If you have additional information or feedback to provide, please feel free to let us know.
Please expect the email reply within 1 business day.  For urgent assistance please contact our Live Chat/Phone support with your ticket reference number.

https://www.tp-link.com/support/contact-technical-support/#LiveChat-Support

Ava Regala
TP-Link Technical Support
-------------------------------------------------
**Website:** https://www.tp-link.com/support/
**Feedback:** Report a suggestion/complaint on this email service by clicking here

THIS EMAIL AND ANY ATTACHMENTS ARE CONFIDENTIAL AND INTENDED SOLELY FOR THE USE OF INDIVIDUAL TO WHO THEY ARE ADDRESSED. IF YOU ARE NOT THE ADDRESSEE, PLEASE DO NOT USE OR PUBLISH ITS CONTENTS, PLEASE NOTIFY THE SENDER IMMEDIATELY AND THEN DELETE THE EMAIL. IF YOU ARE THE INTENDED RECIPIENT OF THE

CONFIDENTIAL

TP000134

Dear Olu,

Many thanks for your valued reply.
This is Lyn.
As our warranty policy states clearly that "The limited warranty does not apply to refurbished products or products that were resold by unauthorized resellers. " According to your proof of purchase, it's sold by an individual reseller from Ebay. We have no choice but to follow our RMA policy, therefore we're not able to provide any replacement. You may negotiate with the reseller instead.

This ticket will be closed and again we hope you understand that we cannot go against our warranty policy.
Thanks for your cooperation and patience.
We look forward to hearing back from you. If you have additional information or feedback to provide, please feel free to let us know.
Please expect the email reply within 1 business day.  For urgent assistance please contact our Live Chat/Phone support with your ticket reference number.
https://www.tp-link.com/support/contact-technical-support/#LiveChat-Support

Lyn. Pineda
TP-Link Technical Support
---------------------------------------------
**Website:** https://www.tp-link.com/support/
**Feedback:** Report a suggestion/complaint on this email service by clicking here

THIS EMAIL AND ANY ATTACHMENTS ARE CONFIDENTIAL AND INTENDED SOLELY FOR THE USE OF INDIVIDUAL TO WHO THEY ARE ADDRESSED. IF YOU ARE NOT THE ADDRESSEE, PLEASE DO NOT USE OR PUBLISH ITS CONTENTS, PLEASE NOTIFY THE SENDER IMMEDIATELY AND THEN DELETE THE EMAIL. IF YOU ARE THE INTENDED RECIPIENT OF THE EMAIL, UPON RECEIPT IT IS YOUR RESPONSIBILITY TO ENSURE THAT YOU COMPLY WITH DATA PROTECTION LAWS THAT GOVERN ITS PROCESSING AND TP-LINK POLICY WHERE APPROPRIATE.

Hello Warren,

While purchased from Amazon's website, the seller is a 3rd party re-seller. If this is for a replacement, we highly recommend contacting the seller, Shop J&W as they have their own way for RMA or contact Amazon customer service for further assistance.

**Items Ordered**
1 of: *TP-Link WiFi 6 AX3000 Smart WiFi Router (A*
*Gigabit Router, Dual Band, OFDMA, MU-MIMO, Pa*
*HomeCare, Works with Alexa*
Sold by: Shop J&W (seller profile)

Condition: New

We look forward to hearing back from you. If you have additional information or feedback to provide, please feel free to let us know.
Please expect the email reply within 1 business day.  For urgent assistance please contact our Live Chat/Phone support with your ticket reference number.

https://www.tp-link.com/support/contact-technical-support/#LiveChat-Support

Ava Regala
TP-Link Technical Support
-------------------------------------------------
**Website:** https://www.tp-link.com/support/
**Feedback:** Report a suggestion/complaint on this email service by clicking here

THIS EMAIL AND ANY ATTACHMENTS ARE CONFIDENTIAL AND INTENDED SOLELY FOR THE USE OF INDIVIDUAL TO WHO THEY ARE ADDRESSED. IF YOU ARE NOT THE ADDRESSEE, PLEASE DO NOT USE OR PUBLISH ITS CONTENTS, PLEASE NOTIFY THE SENDER IMMEDIATELY AND THEN DELETE THE EMAIL. IF YOU ARE THE INTENDED RECIPIENT OF THE EMAIL, UPON RECEIPT IT IS YOUR RESPONSIBILITY TO ENSURE THAT YOU COMPLY WITH DATA PROTECTION LAWS THAT GOVERN ITS PROCESSING AND TP-LINK POLICY WHERE APPROPRIATE.

The Merge : [TKID211221079]EAP225-Outdoor V1 PoE adapter not working
,[TKID211221080]EAP225-Outdoor V1 PoE adapter not working
,[TKID211221082]EAP225-Outdoor V1 PoE adapter not working

Case 2:19-cv-10374-SB-E   Document 210-2   Filed 08/22/22   Page 89 of 219   Page ID #:3449

2021-12-20 15:00:18-----Staff-----von.ibanez-----support.usa@tp-link.com to davidr46@gmail.com-----[TP-Link Support]-[TKID211221112]  【TP-LINK My Products】Defective item registration

Dear Customer,

Thanks for contacting TP-Link support.

As per the proof of purchase you provided, it seems that the product was sold from a reseller which was not affiliated to TP-Link and was not an official seller. The serial number of the device was not tracked in our product registration system that's why you could not register the product.

We do provide technical support for all of our products, so please feel free to contact us via https://www.tp-link.com/about-us/contact/ if you need any technical support. But for any warranty and replacement concerns, we highly recommend you contact the original seller for further help as they may have their own way for RMA. Remeber to save a picture of the product serial number and the receipt.

For more information of the TP-Link limited warranty and Authorized reseller/retailer please see the link below:
Warranty: https://www.tp-link.com/us/support/replacement-warranty
Where to buy: https://www.tp-link.com/us/where-to-buy/

Hoping for your kind understanding and thank you very much for your cooperation and patience.

We look forward to hearing back from you. If you have additional information or feedback to provide, please feel free to let us know.
Please expect the email reply within 1 business day.  For urgent assistance please contact our Live Chat/Phone support with your ticket reference number.
https://www.tp-link.com/support/contact-technical-support/#LiveChat-Support

Von Jivan Ibanez
TP-Link Technical Support
------------------------------------------------
**Website:** https://www.tp-link.com/support/
**Feedback:** Report a suggestion/complaint on this email service by clicking here

2021-08-27 13:15:06-----Staff-----deanne.ragala-----support.usa@tp-link.com to navfleet@gmail.com-----[TP-Link Support]-[TKID210826386] 【TP-LINK My Products】Get help with product registration

Dear Customer,

TP-Link would very much like to assist you, however per the provided proof of purchase we cannot find your retailer name in our authorized retailer list, so that our system cannot find this product to be registered.

While purchased from Amazon's website, the seller is a 3rd party re-seller. If this is regarding replacement, we highly recommend contacting the seller Armor Tech as they have their own way for RMA or contact Amazon customer service for further assistance.

For more information of the TP-Link limited warranty and Authorized reseller/retailer please see the link below:

**Warranty:** https://www.tp-link.com/us/support/replacement-warranty

**Where to buy:** https://www.tp-link.com/us/where-to-buy/

Hoping for your kind understanding and thank you very much for your cooperation and patience.

We look forward to hearing back from you. If you have additional information or feedback to provide, please feel free to let us know.
Please expect the email reply within 1 business day.  For urgent assistance please contact our Live Chat/Phone support with your ticket reference number.

https://www.tp-link.com/support/contact-technical-support/#LiveChat-Support

Ava Regala
TP-Link Technical Support
-------------------------------------------------
**Website:** https://www.tp-link.com/support/
**Feedback:** Report a suggestion/complaint on this email service by clicking here

THIS EMAIL AND ANY ATTACHMENTS ARE CONFIDENTIAL AND INTENDED SOLELY FOR THE USE OF INDIVIDUAL TO WHO THEY ARE ADDRESSED. IF YOU ARE NOT THE ADDRESSEE, PLEASE DO NOT USE OR PUBLISH ITS CONTENTS, PLEASE NOTIFY THE SENDER IMMEDIATELY AND THEN DELETE THE EMAIL. IF YOU ARE THE INTENDED RECIPIENT OF THE

Dear Larry,

Thank you for contacting TP-Link support.

As per the proof of purchase you provided, it seems that the product was sold from a reseller which was not affiliated to TP-Link and was not an official seller. The serial number of the device was not tracked in our product registration system that's why you could not register the product.

We do provide technical support for all of our products, so please feel free to contact us via https://www.tp-link.com/about-us/contact/ if you need any help. But for any warranty and replacement concerns, we highly recommend you contact the original seller for further help as they may have their own way for RMA. Remember to save a picture of the product serial number and the receipt.

For more information of the TP-Link limited warranty and Authorized reseller/retailer please see the link below:
Warranty: https://www.tp-link.com/us/support/replacement-warranty
Where to buy: https://www.tp-link.com/us/where-to-buy/
Hoping for your kind understanding and thank you very much for your cooperation and patience.

We look forward to hearing back from you. If you have additional information or feedback to provide, please feel free to let us know.
Please expect the email reply within 1 business day.  For urgent assistance please contact our Live Chat/Phone support with your ticket reference number.

https://www.tp-link.com/support/contact-technical-support/#LiveChat-Support

Ava Regala
TP-Link Technical Support
--------------------------------------------------
**Website:** https://www.tp-link.com/support/
**Feedback:** Report a suggestion/complaint on this email service by clicking here

CONFIDENTIAL

# Exhibit 6

1  BURKHALTER KESSLER CLEMENT & GEORGE LLP
   Alton G. Burkhalter, Esq., Bar No. 119594
2  Email Address: aburkhalter@bkcglaw.com
   M. Michelle Rohani, Esq., Bar No. 198214
3  Email Address: mrohani@bkcglaw.com
   Joshua A. Waldman, Esq., Bar No. 222859
4  Email Address: jwaldman@bkcglaw.com
   2020 Main Street, Suite 600
5  Irvine, California 92614
   Telephone: (949) 975-7500
6  Facsimile: (949) 975-7501

7  Attorneys for Defendant Auction Brothers, Inc. dba Amazzia

8              UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10                  WESTERN DIVISION

11 | THIMES SOLUTIONS, INC.,              | CASE NO.: 2:19-CV-10374-SB-E

12 |                                      |
   |              Plaintiff,              | **DEFENDANT AUCTION BROTHERS,**
13 |                                      | **INC., DBA AMAZZIA'S REQUEST**
   | vs.                                  | **FOR PRODUCTION OF**
14 |                                      | **DOCUMENTS TO PLAINTIFF**
   | TP-LINK USA CORPORATION, et al.,     | **THIMES SOLUTION, INC., SET ONE**
15 |                                      |
16 |              Defendants.             | Amended Complaint filed: May 23, 2022
   |                                      | Trial date: January 9, 2023
17

18

19

20

21

22

23

24

25

26

27

28

---

**DEFENDANT AUCTION BROTHERS, INC., DBA AMAZZIAS REQUEST FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFF, SET ONE**

**PROPOUNDING PARTY:**     Defendant. Auction Brothers. Inc. dba Amazzia

**RESPONDING PARTY:**      Plaintiff, Thimes Solutions, Inc.

**SET NO.:**               One

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Auction Brothers, Inc. dba Amazzia ("Amazzia"), by and through its attorneys, requests that Plaintiff Thimes Solutions, Inc. ("Thimes") serve upon the undersigned attorneys at 2020 Main Street, Suite 600, Irvine, California 92614 answers under oath to each of the following requests for production of documents within thirty (30) days of service of these requests.

**<u>DEFINITIONS</u>**

1.      The term "DOCUMENT" shall mean all originals, copies, transcriptions and drafts of all written, recorded or graphic matters, however produced or reproduced.  This definition includes, but is not limited to, all of the following:  pleadings, deposition transcripts, appraisal reports, storage records, test results, technical reports whether final or in draft form, process descriptions, books, pamphlets, procedural descriptions, check lists, manifests, items showing the chain of custody of substances and materials, catalogues, advertising materials and brochures, records; notes, memoranda and summaries, schedules, contracts and agreements, photocopies, drawings, specifications and sketches, invoices, proposals, quotations, orders and acknowledgments, diaries, timesheets, time records, and desk, pocket, wall and other calendars, reports, projections and forecasts, appraisals, memoranda of telephone or in person conversations and meetings, letters, telegrams, telexes, cables and other written, typed or printed communications, tapes, transcripts and recordings, photographs, slides, negatives, pictures and films, financial statements, accounting records, tax returns and bank records, and any other graphic, recorded, written, printed or typed material of any nature whatsoever.

1

**DEFENDANT AUCTION BROTHERS, INC., DBA AMMAZZIA'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, SET ONE**

2.   The term "ELECTRONIC DATA" shall mean all information generated, recorded, preserved or maintained by electronic means, including, but not limited to, information generated, recorded, preserved or maintained on computer hard-drives, floppy disks, computer files, deleted computer files, back-up computer files, magnetic tapes, compact disks, computer archives, computer memory, e-mails, text messages, or any other form of computer readable storage media.

3.   The term "PERSON" includes a natural person as well as any other form of entity including but not limited to an association, organization, partnership, business, trust, corporation, limited liability company (LLC), limited liability partnership (LLP), or public entity.

4.   The terms "REFER", "REGARDING", "RELATE" or "RELATING" shall mean respecting, regarding, concerning, pertaining to, referring to, RELATING to, stating, describing, recording, noting, reflecting, supporting, contradicting, containing, embodying, REGARDING, memorializing, mentioning, studying, analyzing, discussing, commenting on, specifying, listing, summarizing, reviewing or identifying, either directly or indirectly.

5.   The terms "CONSTITUTE" or "CONSTITUTING" mean embodying, forming, making up, or comprising the described subject matter.

6.   The terms "COMMUNICATIONS" or "CORRESPONDENCE" shall refer to any and all means of communicating information from one Person to another, whether oral or in writing.

7.   The term "IDENTIFY" when referring to a PERSON, means to identify with sufficient particularity such that a subpoena, notice of deposition, or request for production of documents may be issued including, but not limited to, the name, home address, home telephone number, business address and business telephone number of the PERSON.  When referring to a DOCUMENT, the term "Identify" means to identify the DOCUMENT with sufficient particularity to support a request to produce, subpoena, motion to compel production of DOCUMENT, including, but not limited to, a description

2

**DEFENDANT AUCTION BROTHERS, INC., DBA AMMAZZIA'S REQUEST
FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, SET ONE**

of the DOCUMENT, the date on which the DOCUMENT was created, the author and recipient of the document, the location of the document, and the Person in possession of the DOCUMENT.

8.     The term "YOU", "YOUR", and "YOURS" shall mean and refer to Thimes, and any divisions, subsidiaries, divisions, storefronts, websites, affiliates, agents, attorneys, associates, employees, representatives or any other persons acting or purporting to act on Thimes' behalf.

9.     The term "COMPLAINT" means the operative Fifth Amended Complaint in the above-captioned action filed on May 23, 2022, Case No. 2:19-CV-10374-SB-E.

10.     The term "Amazzia" shall refer to Auction Brothers, Inc. dba Amazzia.

11.     The term "TP-Link" shall refer to TP-Link USA Corporation and any agents, attorneys, associates, employees, representatives or any other persons acting or purporting to act on TP-Link's behalf.

12.     The term "Amazon" means Amazon.com, Inc., and any of its e-commerce platforms, divisions, subsidiaries, websites, affiliates, agents, attorneys, associates, employees, representatives or any other persons acting or purporting to act on Amazon's behalf.

## **INSTRUCTIONS**

1.     All objections to the production of documents requested herein shall be made in writing and delivered to the office of Burkhalter Kessler Clement & George LLP on or before the date set for production.

2.     All documents to be produced as they are kept in the usual course of business including any labels, file markings, or similar identifying features, or shall be organized and labeled to correspond to the categories requested herein. If there are no documents in response to a particular request, or if you withhold any responsive documents or categories of documents based on any objections, Terumo shall state so in

3

writing.

3.    Electronically stored information (ESI) must be produced in its original native format including its accompanying metadata. Each responsive document produced should bear a party identifying prefix and consecutive numerical document number, and should be produced without password protection, with the accompanying load file(s) containing the text, metadata, and native file (if applicable) of each responsive document.  Acceptable load file formats include, but are not limited to, the following: (a) Concordance load file (i.e., ".dat" file with accompanying ".opt" file); or (b) Summation load file (i.e., ".dii" file).  Metadata fields in the load file should include, but are not limited to, the following:

| FIELD | DESCRIPTION |
|---|---|
| ATTACHMENTCOUNT | The number of attachments the e-mail has. |
| ATTACHMENTIDS | DOCIDS of attachment(s) to e-mail/edoc. This can also be provided in an attachment range field. |
| ATTACHMENTNAMES | Concatenated list of attachment names separated by semicolons (path optional). |
| AUTHORS | Name of person creating document. |
| STARTING BATES | Beginning Bates number of a document. |
| ENDING BATES | Ending Bates number of a document. |
| BCC | Names of persons blind copied on the message. |
| CC | Names of persons copied on the message. |
| CUSTODIAN | Name of person from whom the file was obtained. |
| DATEACCESSED | Date file was last accessed. |
| DATECREATED | Date document was created. |
| DATEMODIFIED | Date file was last modified. |
| DATE RECEIVED | Date e-mail was received. |
| DATESAVED | Date document was last saved. |

4

**DEFENDANT AUCTION BROTHERS, INC., DBA AMMAZZIA'S REQUEST
FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, SET ONE**

| FIELD | DESCRIPTION |
|---|---|
| DATESENT | Date e-mail was sent. |
| DOCEXT | Extension of native document. |
| DOCID | Unique number assigned to each file or first page. |
| DOCLINK | Full relative path to the current location of the native or near-native document, used to link metadata to native or near-native file. |
| FILEEXTENSION | Extension of the original file. |
| FILE NAME | Name of the original native file as it existed at the time of collection. |
| FILESIZE | Size of the original file in bytes. |
| FOLDER | File path/folder structure for the original native file as it existed at the time of collection. |
| FROM | Name of person sending the e-mail. |
| HASH | Identifying value of an electronic record (typically MD5 or SHA1). |
| HAS ATTACHMENTS | Whether or not the e-mail has attachments. |
| PARENTID | DOCID of the parent document. |
| RCRDTYPE | Indicates document type (*i.e.*, e-mail, attachment, edoc, scanned, etc.). |
| SUBJECT | The subject line of the e-mail. |
| THREADID | Also known as conversation ID.  A unique number assigned to groups of e-mails from the same e-mail thread. |
| TIMESENT | Time the message was sent. |
| TO | Recipient(s) of the message. |

**DEFENDANT AUCTION BROTHERS, INC., DBA AMMAZZIA'S REQUEST
FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, SET ONE**

4.     These requests call for the production of all responsive documents in YOUR possession, custody or control, or in the possession, custody or control of YOUR employees, predecessors, successors, parents, subsidiaries, divisions, affiliates, partners, joint venturers, brokers, accountants, financial advisors, representatives, and agents or other persons acting on YOUR behalf, without regard to the physical location of such documents.

5.     In responding to these requests, include documents obtained on your behalf by your counsel, employees, agents, or any other persons acting on your behalf. If your response is that the documents are not within YOUR possession or custody, describe in detail the unsuccessful efforts you made to locate each such document. If your response is that documents are not under YOUR control, identify who has control and the location of the documents.

6.     If any document was, but no longer is, in your possession, subject to YOUR control, or in existence, include a statement:

(a) identifying the document;

(b) describing where the document is now;

(c) identifying who has control of the document;

(d) describing how the document became lost or destroyed or was transferred; and

(e) identifying each of those persons responsible for or having knowledge of the loss, destruction, or transfer of the document from your possession, custody, or control.

7.     Each request contemplates production of all documents in their entirety. If only a portion of a document is responsive to one or more requests, the document shall be produced in its entirety.

8.     If any document is withheld in whole or in part for any reason including, without limitation, a claim of privilege or other protection from disclosure such as the work product doctrine or other business confidentiality or trade secret protection,

6

**DEFENDANT AUCTION BROTHERS, INC., DBA AMMAZZIA'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, SET ONE**

set out separately with respect to each withheld document:

(a) the ground of privilege or protection claimed;

(b) every basis for the privilege or protection claimed;

(c) the type of document;

(d) its general subject matter;

(e) the document's date; and

(f) other information sufficient to enable a full assessment of the applicability of the privilege or protection claims, as required by FRCP 26(b)(5), the court's local rules, and the judge's individual practice rules.

9.     If YOU object to any document request on any ground other than privilege, YOU must specify:

(a) the part of the request that is objectionable and respond and allow inspection of materials responsive to the remainder of the request; and

(b) whether any responsive materials are being withheld on the basis of an objection.

10.    To the extent YOU assert that a document contains information that should be protected from disclosure (based on the attorney-client privilege, work product doctrine, or another protection) and non-privileged information, the non-privileged portions of the document must be produced. For each such document, indicate the portion of the document withheld by stamping the words "MATERIAL REDACTED [AS [BASIS FOR PROTECTION]]" on the document in an appropriate location that does not obscure the remaining text.

11.    If there are no documents in response to any particular request, YOU shall state so in writing.

12.    Unless otherwise stated herein, all documents requested cover the period between January 1, 2017 through the date of YOUR responses.

13.    These requests are continuing, and YOUR response to these requests must be promptly supplemented when appropriate or necessary in accordance with

**DEFENDANT AUCTION BROTHERS, INC., DBA AMMAZZIA'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, SET ONE**

Federal Rule of Civil Procedure 26(e).

## **DOCUMENTS REQUESTED**

**DOCUMENT REQUEST NO.1:**

All DOCUMENTS and/or ELECTRONIC DATA to support YOUR contention that YOUR "permanent expulsion as a seller on the Amazon website, effective on or about August 27, 2018," as alleged by YOU in Paragraph 18 of the COMPLAINT, was caused by AMAZZIA.

**DOCUMENT REQUEST NO.2:**

All DOCUMENTS and/or ELECTRONIC DATA received by YOU in response to any document requests or subpoenas propounded by YOU in this case.

**DOCUMENT REQUEST NO. 3:**

All DOCUMENTS and/or ELECTRONIC DATA RELATING to any damages YOU are seeking in this case.

**DOCUMENT REQUEST NO. 4:**

All DOCUMENTS and/or ELECTRONIC DATA that IDENTIFY all seller(s), source(s) or supplier(s) from whom YOU purchased and/or obtained TP-Link products.

**DOCUMENT REQUEST NO. 5:**

All DOCUMENTS and/or ELECTRONIC DATA that IDENTIFY all on-line platforms or websites where YOU list TP-Link products for sale.

**DOCUMENT REQUEST NO. 6:**

All DOCUMENTS and/or ELECTRONIC DATA RELATING to or

8

referencing YOUR purchase of any and all TP-Link products that YOU purchased for resale on Amazon or elsewhere.

**DOCUMENT REQUEST NO. 7:**

All DOCUMENTS and/or ELECTRONIC DATA RELATING to or referencing the price at which YOU bought or ordered any and all TP-Link products.

**DOCUMENT REQUEST NO. 8:**

All DOCUMENTS and/or ELECTRONIC DATA RELATING to or referencing the sale of TP-Link products by YOU on Amazon or elsewhere.

**DOCUMENT REQUEST NO. 9:**

All DOCUMENTS and/or ELECTRONIC DATA REGARDING YOUR purchase or obtaining of TP-Link products from "a reputable supplier," as alleged by YOU in Paragraph 26 of the COMPLAINT.

**DOCUMENT REQUEST NO. 10:**

All DOCUMENTS and/or ELECTRONIC DATA REGARDING YOUR allegation that TP-Link products sold or offered for sale by YOU on Amazon were "authentic TP-Link products," as that term is used by YOU in Paragraph 38 of the COMPLAINT.

**DOCUMENT REQUEST NO. 11:**

All DOCUMENTS and/or ELECTRONIC DATA REGARDING YOUR allegation in Paragraph 38 of the COMPLAINT that TP-Link products sold or offered for sale by YOU on Amazon were "lawfully" acquired.

**DEFENDANT AUCTION BROTHERS, INC., DBA AMMAZZIA'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, SET ONE**

**DOCUMENT REQUEST NO. 12:**

All DOCUMENTS and/or ELECTRONIC DATA that REFER or RELATE to the manner in which YOU stored TP-Link products that YOU offered for sale on Amazon.

**DOCUMENT REQUEST NO. 13:**

All DOCUMENTS and/or ELECTRONIC DATA that REFER or RELATE to the manner in which YOU transported TP-Link products that YOU offered for sale on Amazon.

**DOCUMENT REQUEST NO. 14:**

All COMMUNICATIONS, DOCUMENTS and/or ELECTRONIC DATA from Amazon to YOU regarding or REFERENCING any complaint filed against YOU, YOUR Amazon storefront or YOUR listings on Amazon.

**DOCUMENT REQUEST NO. 15:**

All DOCUMENTS and/or ELECTRONIC DATA RELATING to or referencing YOUR inability to sell products on Amazon.

**DOCUMENT REQUEST NO. 16:**

All DOCUMENTS and/or ELECTRONIC DATA RELATING to or referencing any and all COMMICATIONS between YOU and any PERSON (other than YOUR attorneys) REGARDING TP-Link and/or Amazzia.

**DOCUMENT REQUEST NO. 17:**

All DOCUMENTS and/or ELECTRONIC DATA REGARDING YOUR contention that TP-Link products sold or offered for sale by YOU on Amazon "were *not* materially different than other genuine TP-Link products," as YOU used alleged in

10

Paragraphs 39 of the COMPLAINT.

**DOCUMENT REQUEST NO. 18:**

All DOCUMENTS and/or ELECTRONIC DATA RELATING to or referencing any attempt by YOU to provide Amazon with proof of authenticity for any TP-Link products that YOU sold or offered to sell on Amazon, including "appellate procedures," as YOU alleged in Paragraph 51 of the COMPLAINT.

**DOCUMENT REQUEST NO. 19:**

All DOCUMENTS and/or ELECTRONIC DATA REGARDING YOUR allegation that YOU "exhausted all possible administrative options at Amazon," as YOU alleged in Paragraph 51 of the COMPLAINT.

**DOCUMENT REQUEST NO. 20:**

All DOCUMENTS and/or ELECTRONIC DATA RELATING to or referencing any and all "loss of profits" and "lost good will" that YOU suffered, as alleged by YOU in Paragraph 71 of the COMPLAINT.

**DOCUMENT REQUEST NO. 21:**

All DOCUMENTS and/or ELECTRONIC DATA REGARDING YOUR contention that all sellers and/or suppliers from whom/which YOU bought TP-Link products were authorized to sell TP-Link products.

**DOCUMENT REQUEST NO. 22:**

All DOCUMENTS and/or ELECTRONIC DATA that support YOUR contention that the TP-Link products sold or offered for sale by YOU afforded the purchaser the same rights under the manufacturer's warranty as if the purchaser bought the TP-Link products from an authorized reseller.

**DEFENDANT AUCTION BROTHERS, INC., DBA AMMAZZIA'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, SET ONE**

**DOCUMENT REQUEST NO. 23:**

All DOCUMENTS and/or ELECTRONIC DATA REGARDING YOUR contention the TP-Link products sold or offered for sale by YOU are not different than TP-Link products sold or offered for sale by authorized TP-Link resellers.

**DOCUMENT REQUEST NO. 24:**

All DOCUMENTS and/or ELECTRONIC DATA REGARDING YOUR post-manufacturer quality control processes with regard to TP-Link products YOU sold or offered for sale on Amazon or elsewhere.

**DOCUMENT REQUEST NO. 25:**

All DOCUMENTS and/or ELECTRONIC DATA REGARDING any and all policy warnings sent to YOU by Amazon for products including, but not limited to, TP-Link products.

**DOCUMENT REQUEST NO. 26:**

All DOCUMENTS and/or ELECTRONIC DATA REGARDING any and all customer reviews YOU received on Amazon for products sold by YOU.

**DOCUMENT REQUEST NO. 27:**

All DOCUMENTS and/or ELECTRONIC DATA REGARDING any and all Amazon customer returns of products including, but not limited to, TP-Link products to YOU.

**DOCUMENT REQUEST NO. 28:**

All DOCUMENTS and/or ELECTRONIC DATA REGARDING any and all customer reviews YOU received on Amazon for products sold by YOU.

**DEFENDANT AUCTION BROTHERS, INC., DBA AMMAZZIA'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, SET ONE**

**DOCUMENT REQUEST NO. 29:**

All DOCUMENTS and/or ELECTRONIC DATA REGARDING any and all of YOUR sales receipts and reports.

**DOCUMENT REQUEST NO. 30:**

All DOCUMENTS and/or ELECTRONIC DATA REGARDING any and all of YOUR profit and loss statements and reports.

**DOCUMENT REQUEST NO. 31:**

All DOCUMENTS and/or ELECTRONIC DATA REGARDING any and all of YOUR purchase orders for TP-Link products.

**DOCUMENT REQUEST NO. 32:**

All DOCUMENTS and/or ELECTRONIC DATA REGARDING any and all of YOUR inventory sheets for TP-Link Products.

**DOCUMENT REQUEST NO. 33:**

All DOCUMENTS and/or ELECTRONIC DATA REGARDING any and all of YOUR Amazon store progress reports including, but not limited to, sessions reports.

**DOCUMENT REQUEST NO. 34:**

All DOCUMENTS and/or ELECTRONIC DATA RELATING to any complaints, reports, or COMMUNICATIONS YOU ever received from Amazon regarding YOUR Amazon storefront or its listings.

**DEFENDANT AUCTION BROTHERS, INC., DBA AMMAZZIA'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, SET ONE**

**DOCUMENT REQUEST NO. 35:**

        If YOU contend that YOU could not sell TP-Link products via an alternative platform other than Amazon, please produce all DOCUMENTS that support YOUR contention.

June 7, 2022                  BURKHALTER KESSLER CLEMENT &
                              GEORGE LLP

                          By:    */s/ M. Michelle Rohani*
                                Alton G. Burkhalter, Esq.
                                M. Michelle Rohani, Esq.
                                Joshua A. Waldman, Esq.
                                Attorneys for Defendant,
                                Auction Brothers dba Amazzia

**DEFENDANT AUCTION BROTHERS, INC., DBA AMMAZZIA'S REQUEST
FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, SET ONE**

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California.  I am over the age of 18 years and not a party to the within action; my business address is 2020 Main Street, Suite 600, Irvine, California 92614.

On **June 7, 2022** I caused the foregoing document described as **DEFENDANT AUCTION BROTHERS, INC., DBA AMAZZIA'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF THIMES SOLUTION, INC., SET ONE** to be served on the interested parties in this action **[X]** by placing [  ] the original **[X]** a true copy thereof enclosed in a sealed envelope addressed as stated on the attached service list.

**[X]    BY ELECTRONIC TRANSMISSION**

**[X]**    I sent via electronic transmission on this date, originating from **afrljuckic@bkcglaw.com**, a copy of the above-referenced document to the addressee(s) at the e-mail address(es) indicated on the attached Service List.

**[X]    (Federal)**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **June 7, 2022** at **Irvine, California**.


*/s/ Andrea Frljuckic*
ANDREA FRLJUCKIC

1

1

## SERVICE LIST

2

3    MARK POE (S.B. #223714)                       Stephen R. Smerek
4     mpoe@gawpoe.com                              Tiffany Kim Sung
     RANDOLPH GAW (S.B. #223718)                   Foley and Lardner LLP
5    rgaw@gawpoe.com                               555 South Flower Street Suite 3300
     VICTOR MENG (S.B. #254102)                    Los Angeles, CA 90071
6    vmeng@gawpoe.com                              213-972-4508
7     GAW | POE LLP 4                              213-486-0065 (fax)
     Embarcadero Center, Suite 1400                stephen.smerek@doj.ca.gov
8    San Francisco, CA 94111                       tsung@foley.com
     Telephone: (415) 766-7451
9    Facsimile: (415) 737-0642

10                                                 *Attorney for Defendant TP-Link USA*
     MARK SCHLACHET (pro hac vice)                 *Corporation*
11    markschlachet@me.com
     3515 Severn Road Cleveland, OH
12   44118 Telephone: (216) 225-7559
13   Facsimile: (216) 932-5390

14   CHRISTOPHER J. HAMMOND (S.B. #150024)
15   chammond@bizlawpro.com
     21540 Prairie Street, Unit A Chatsworth, CA 91311
16   Telephone: (866) 625-2529
     Facsimile: (866) 463-9285
17

18   *Attorneys for Plaintiff Thimes Solutions Inc.*

19   Patice A. Gore
     Heather Auyang
20   Prashanth Chennakesavan
     Caleb H Liang
21   LTL Attorneys LLP
     300 S. Grand Ave. Fl 14
22   Los Angeles, CA 90071
23   patice.gore@ltlattorneys.com
     heather.auyang@ltlattorneys.com
24   prashanth.chennakesavan@ltlattorneys.com
25   caleb.liang@ltlattorneys.com

26   *Attorney for Defendant TP-Link USA Corporation*

27

28

2

**PROOF OF SERVICE**

# Exhibit 7

1  LTL ATTORNEYS LLP
   Joe H. Tuffaha (SBN 253723)
2    joe.tuffaha@ltlattorneys.com
3  Prashanth Chennakesavan (SBN 284022)
     prashanth.chennakesavan@ltlattorneys.com
4  Heather F. Auyang (SBN 191776)
     heather.auyang@ltlattorneys.com
5  Patice A. Gore (SBN 258776)
6    patice.gore@ltlattorneys.com
   300 South Grand Ave., 14th Floor
7  Los Angeles, CA 90071
   Tel:  (213) 612-8900
8  Fax:  (213) 612-3773

9  Attorneys for Defendant and
10 Counterclaimant TP-Link USA Corporation

11              UNITED STATES DISTRICT COURT
12              CENTRAL DISTRICT OF CALIFORNIA

13                     WESTERN DIVISION

| | |
|---|---|
| 14  THIMES SOLUTIONS INC., | CASE NO.: 2:19-cv-10374-SB-E |
| 15 | |
| 16        Plaintiff, | **TP-LINK USA CORPORATION'S** |
| | <u>**SUPPLEMENTAL**</u> **RESPONSES TO** |
| 17      v. | **THIMES SOLUTIONS, INC.'S** |
| 18 | **FIRST SET OF** |
| 19  TP-LINK USA CORPORATION, and | **INTERROGATORIES (Nos. 1-25)** |
| AUCTION BROTHERS, INC. d/b/a | |
| 20  AMAZZIA, | |
| 21        Defendants. | |
| 22 | |
| 23  TP-LINK USA CORPORATION, | |
| 24 | |
| 25        Counterclaimant, | |
| 26      v. | |
| 27 | |
| 28  THIMES SOLUTIONS INC., | |

1         Counter-Defendant.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TP-LINK'S SUPPLEMENTAL RESPONSES TO THIMES'S FIRST SET OF INTERROGATORIES (NOS. 1-25)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant and Counterclaimant TP-LINK USA CORPORATION ("TP-Link") hereby submits the following supplemental objections and responses to Plaintiff THIMES SOLUTIONS INC.'s First Set of Interrogatories as follows:

## **GENERAL STATEMENT AND OBJECTIONS**

1.      Discovery is still continuing in this case. The following responses are based on discovery available as of the date of this response.  TP-Link has not completed its investigation of the facts and information relating to this case.  Further discovery, independent investigation and analysis may supply additional facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to additions, changes to, or variations from the information herein set forth.  Accordingly, TP-Link's responses to these Interrogatories are based only upon TP-Link's current knowledge and reasonable belief.  TP-Link expressly reserves the right to further modify and/or supplement any response, and to assert additional objections to these Interrogatories as necessary and/or appropriate.

2.      Nothing in these responses shall be deemed an admission by TP-Link regarding the existence of any information, the relevance or admissibility of any information, for any purpose, or the truth or accuracy of any statement or characterization contained in any Interrogatory.

3.      These responses are made solely for the purpose of discovery in this action.  Nothing herein is intended to waive TP-Link's objections, which are expressly reserved, including but not limited to the following: any objections as to competence, relevance, authenticity, propriety, materiality and admissibility of the subject matter of the discovery requests; any objections as to the use of any information provided in response to the Interrogatories; and any objections to the admissibility of any responses as evidence in any proceeding, including the trial of this action or any subsequent proceeding.  Moreover, by agreeing to provide information responsive to a particular

discovery request, TP-Link does not admit the relevance or admissibility of the information provided.  Nothing contained in any response herein shall be deemed an admission, concession, or waiver by TP-Link as to the relevance, materiality, or admissibility of any information provided in response to the Interrogatories.

4.    The following general objections apply to each of the Interrogatories and are hereby incorporated within each specific response set forth below.  No specific objection is intended to constitute, or should be construed as constituting, a waiver of any general objection.

5.    TP-Link objects to the Definitions and Instructions to the extent that they are vague and ambiguous and/or seek to impose any burdens inconsistent with, or in addition to, TP-Link's obligations under the applicable rules, including the Federal Rules of Civil Procedure, the Local Rules for the Central District of California, any order of this Court, or any stipulation or agreement between the parties.

6.    TP-Link objects to the Definitions and Instructions to the extent that they seek premature disclosure in light of the timetable for the disclosure of certain categories of information, as provided by the Federal Rules of Civil Procedure, the Local Rules for the Central District of California, any order of this Court, or any stipulation or agreement between the parties.

7.    TP-Link objects to the extent the Interrogatories seek information which is (a) not in TP-Link's possession, custody, or control; (b) in the possession, custody, or control of Thimes; (c) publicly available; or (d) equally available and/or as readily accessible to Thimes as it is to TP-Link.  The responses given herein are based upon information reasonably available to TP-Link and documents within TP-Link's possession, custody, or control that can be located after a reasonable inquiry.

8.    TP-Link objects generally to each Interrogatory to the extent that it seeks confidential information protected from disclosure by the attorney-client privilege, the work-product immunity doctrine, the common-interest privilege, and/or any other

applicable privilege or protection from disclosure afforded by law or regulation. Inadvertent production of such information shall not constitute the waiver of any applicable privilege, prohibition, limitation, doctrine, immunity, protection, or objection, including, but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, work-product, privilege, and/or admissibility as evidence. TP-Link therefore construes each Interrogatory to exclude information protected by attorney-client privilege, work-product doctrine, and any other applicable privilege or protection.

9.     TP-Link objects generally to each Interrogatory to the extent it is overly broad, unduly burdensome and/or oppressive, including without limitation to the extent that an Interrogatory is not limited to a timeframe relevant to this action. Subject to these general objections to the definitions and instructions, and all specific objections, TP-Link's response is limited to January 2018 through the filing of the original complaint in this action.

10.     TP-Link objects generally to each Interrogatory to the extent that it purports to require TP-Link to provide sensitive business or financial information, confidential research, trade secret information, development or commercial information, or confidential or private personal information. To the extent that such information is produced in this case, it shall be subject to a protective order entered by the Court.

11.     TP-Link objects to the extent the Interrogatories purport to define words or phrases to have a meaning different from their legal, contractual, or intended meaning, and to the extent that it is vague, unintelligible, and/or susceptible to various interpretations, such that TP-Link is unable to discern its meaning and/or respond. TP-Link also objects to the Interrogatories to the extent they purport to define words or phrases in a manner inconsistent with the normal usage and meaning of the terms to constitute an unreasonable expansion of the Interrogatories, cause confusion, or unduly

TP-LINK'S SUPPLEMENTAL RESPONSES TO THIMES'S FIRST SET OF INTERROGATORIES (NOS. 1-25)

burden TP-Link.

12.    TP-Link objects generally to each Interrogatory to the extent that it seeks information protected by the common law, constitutional and/or statutory rights of privacy.  Any inadvertent production of such information is not intended to be and should not be constructed as a waiver.

13.    TP-Link objects generally to each Interrogatory to the extent that it seeks information that is not relevant to Thimes's claims or defenses and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  By providing information responsive to a particular request, TP-Link does not admit to the relevance or admissibility of the information provided.

14.    TP-Link objects generally to each Interrogatory as premature to the extent it seeks information that is the subject of expert testimony.

15.    TP-Link objects to each and every Interrogatory to the extent it assumes disputed facts or legal conclusions in defining the information requested.  TP-Link denies any such disputed facts or legal conclusions.  Any information provided by TP-Link with respect to the Interrogatories is without prejudice to this objection.

16.    TP-Link objects to the extent each Interrogatory is compound and joins subparts that seek information about discrete subjects, and therefore constitutes two or more Interrogatories under Rule 33(a) of the Federal Rules of Civil Procedure.

17.    TP-Link objects to each Interrogatory to the extent it is duplicative or cumulative of another Interrogatory.  TP-Link specifically incorporates herein by reference the objections in TP-Link's responses and objections to Thimes's First Set of Requests for Production of Documents and Requests for Admission.

18.    TP-Link objects to the definition of "YOU" as "TP-Link USA

Corporation and all of its agents, brokers, employees, contractors, officers, directors and all persons or entities acting or purporting on its behalf or its their control" is impermissibly vague, ambiguous, and overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive.   TP-Link responds to these Requests on behalf of itself alone, and no other entity.

19.   TP-Link objects to Plaintiff's definition of "YOU" to the extent that Plaintiff seeks to compel TP-Link to collect or produce information, communications, or documents from parties from whom TP-Link has no right or obligation to collect information or documents.  TP-Link further objects to the definition of the term "YOU" as being vague, overbroad, and unduly burdensome to the extent that Plaintiff purports to impose discovery obligations on any person who is not a party to this litigation.

20.   TP-Link objects to Plaintiff's definition of "Amazzia" as being vague, overbroad, and unduly burdensome.

21.   TP-Link objects to Plaintiff's definition of "Thimes" as being vague, overbroad, and unduly burdensome.

Subject to the foregoing General Statement and Objections, TP-Link responds as follows:

## SPECIFIC OBJECTIONS AND RESPONSES

Without waving or restricting the General Statement and Objections previously set forth, TP-Link responds as follows:

**INTERROGATORY NO. 1:**

DESCRIBE all facts that YOU contemporaneously relied upon to support the complaint submitted either by YOU, or on YOUR behalf, to Amazon on January 19, 2018 alleging counterfeiting by Thimes.

**RESPONSE INTERROGATORY NO. 1:**

TP-Link incorporates by reference herein its General Statement and Objections stated above.  TP-Link objects to this Interrogatory as overbroad, unduly burdensome,

and seeking information irrelevant to the claims and defenses asserted in this case and/or are not proportional to the needs of the case.  TP-Link objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges or immunities.

TP-Link's response to this Interrogatory is based on information currently known to TP-Link through its reasonable investigation thus far, and is subject to amendment and/or supplementation.  By providing this response, TP-Link does not, and does not intend to, waive its right to rely on evidence or information that is subsequently discovered through TP-Link's continuing investigation and/or included in an amended or supplemental response.  TP-Link expressly reserves all rights to supplement, revise, and/or amend this response.

TP-Link further objects to this Interrogatory as vague, ambiguous, overbroad, and unduly burdensome, especially with regard to the phrases and terms "DESCRIBE all facts."  TP-Link objects to Plaintiff's definition of "YOU" to the extent that Plaintiff seeks to compel TP-Link to collect or produce information, communications, or documents from parties from whom TP-Link has no right or obligation to collect information or documents.  TP-Link further objects to the definition of the term "YOU" as being vague, overbroad, and unduly burdensome to the extent that Plaintiff purports to impose discovery obligations on any person who is not a party to this litigation.  TP-Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive.  TP-Link responds to this Interrogatory on behalf of itself alone, and no other entity.

Subject to the foregoing specific and General objections, TP-Link responds as follows:

TP-Link lacks sufficient knowledge or information as to whether a complaint

was submitted to Amazon on January 19, 2018 alleging counterfeiting by Thimes. However, Thimes is not an authorized reseller of TP-Link products.  TP-Link's policy is that it does not provide the original manufacturer's warranty and service to customers who purchase from unauthorized sellers.  As such, TP-Link had a good faith belief that Thimes's listings violated its intellectual property rights and that use of the Amazon marketplace listing for such unauthorized sales was contrary to law.

Thimes has never confirmed that it informed its customers that it was not authorized to sell TP-Link products and that the TP-Link products sold by Thimes did not convey with the same benefits as purchasing from an authorized reseller.

**INTERROGATORY NO. 2:**

IDENTIFY all DOCUMENTS that support YOUR response to Interrogatory No. 1.

**RESPONSE INTERROGATORY NO. 2:**

TP-Link incorporates by reference herein its General Statement and Objections stated above.  TP-Link objects to this Interrogatory as overbroad, unduly burdensome, and seeking information irrelevant to the claims and defenses asserted in this case and/or are not proportional to the needs of the case.   TP-Link objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges or immunities.

TP-Link further objects to this Interrogatory as vague, ambiguous, overbroad, and unduly burdensome, especially with regard to the phrases and terms "IDENTIFY all DOCUMENTS."  TP-Link also objects to this Interrogatory on the grounds that it seeks documents which are not currently in the possession, custody or control of TP-Link and are within the possession, custody or control of others, including Thimes and Amazon.   TP-Link objects to the definition of "YOU" as impermissibly vague,

ambiguous, and overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive.  TP-Link responds to this Interrogatory on behalf of itself alone, and no other entity.

Subject to the foregoing specific and General objections, TP-Link responds as follows:

TP-Link lacks sufficient knowledge or information as to whether a complaint was submitted to Amazon on January 19, 2018 alleging counterfeiting by Thimes. However, Thimes is not an authorized reseller of TP-Link products.  TP-Link's policy is that it does not provide the original manufacturer's warranty and service to customers who purchase from unauthorized sellers.  As such, TP-Link had a good faith belief that Thimes's listings violated its intellectual property rights and that use of the Amazon marketplace listing for such unauthorized sales was contrary to law.  Requiring a responding party to identify "all" documents is not proportional to the needs of the case, accordingly, TP-Link refers Thimes to the following examples: TP-Link's Warranty & RMA Policy (e.g., Bates Nos. TP000158-TP000307); Amazon website regarding policies and procedures, Amazon's anti-counterfeiting policy, TP-Link Mark, and Amazon "Condition guidelines."

**INTERROGATORY NO. 3:**

DESCRIBE all facts that YOU contemporaneously relied upon to support each of the submitted either by YOU, or on YOUR behalf to Amazon, between January 21, 2018 and June 21, 2018, alleging counterfeiting or trademark infringement by Thimes.

**RESPONSE INTERROGATORY NO. 3:**

TP-Link incorporates by reference herein its General Statement and Objections stated above.  TP-Link objects to this Interrogatory as overbroad, unduly burdensome, and seeking information irrelevant to the claims and defenses asserted in this case and/or are not proportional to the needs of the case.  TP-Link objects to this

Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges or immunities.

TP-Link's response to this Interrogatory is based on information currently known to TP-Link through its reasonable investigation thus far, and is subject to amendment and/or supplementation.  By providing this response, TP-Link does not, and does not intend to, waive its right to rely on evidence or information that is subsequently discovered through TP-Link's continuing investigation and/or included in an amended or supplemental response.  TP-Link expressly reserves all rights to supplement, revise, and/or amend this response.

TP-Link further objects to this Interrogatory as vague, ambiguous, overbroad, and unduly burdensome, especially with regard to the phrases and terms "DESCRIBE all facts" and the non-sensical phrase "relied upon to support each of the submitted either by YOU …."  TP-Link objects to Plaintiff's definition of "YOU" to the extent that Plaintiff seeks to compel TP-Link to collect or produce information, communications, or documents from parties from whom TP-Link has no right or obligation to collect information or documents.  TP-Link further objects to the definition of the term "YOU" as being vague, overbroad, and unduly burdensome to the extent that Plaintiff purports to impose discovery obligations on any person who is not a party to this litigation.  TP-Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive.   TP-Link responds to this Interrogatory on behalf of itself alone, and no other entity.

Subject to the foregoing specific and General objections, TP-Link responds as follows:

TP-Link lacks sufficient knowledge or information as to whether complaints were submitted to Amazon between January 21, 2018 and June 21, 2018 alleging

TP-LINK'S SUPPLEMENTAL RESPONSES TO THIMES'S FIRST SET OF INTERROGATORIES (NOS. 1-25)

counterfeiting or trademark infringement by Thimes. However, Thimes is not an authorized reseller of TP-Link products. TP-Link's policy is that it does not provide the original manufacturer's warranty and service to customers who purchase from unauthorized sellers. As such, TP-Link had a good faith belief that Thimes's listings violated its intellectual property rights and that use of the Amazon marketplace listing for such unauthorized sales was contrary to law.

Thimes has never confirmed that it informed its customers that it was not authorized to sell TP-Link products and that the TP-Link products sold by Thimes did not convey with the same benefits as purchasing from an authorized reseller.

**INTERROGATORY NO. 4:**

IDENTIFY all DOCUMENTS that support YOUR response to Interrogatory No. 3.

**RESPONSE INTERROGATORY NO. 4:**

TP-Link incorporates by reference herein its General Statement and Objections stated above. TP-Link objects to this Interrogatory as overbroad, unduly burdensome, and seeking information irrelevant to the claims and defenses asserted in this case and/or are not proportional to the needs of the case. TP-Link objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges or immunities.

TP-Link further objects to this Interrogatory as vague, ambiguous, overbroad, and unduly burdensome, especially with regard to the phrases and terms "IDENTIFY all DOCUMENTS." TP-Link also objects to this Interrogatory on the grounds that it seeks documents which are not currently in the possession, custody or control of TP-Link and are within the possession, custody or control of others, including Thimes and Amazon. TP-Link objects to the definition of "YOU" as impermissibly vague,

TP-LINK'S SUPPLEMENTAL RESPONSES TO THIMES'S FIRST SET OF INTERROGATORIES (NOS. 1-25)

ambiguous, and overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive.  TP-Link responds to this Interrogatory on behalf of itself alone, and no other entity.

Subject to the foregoing specific and General objections, TP-Link responds as follows:

TP-Link lacks sufficient knowledge or information as to whether complaints were submitted to Amazon between January 21, 2018 and June 21, 2018 alleging counterfeiting or trademark infringement by Thimes. However, Thimes is not an authorized reseller of TP-Link products.  TP-Link's policy is that it does not provide the original manufacturer's warranty and service to customers who purchase from unauthorized sellers.  As such, TP-Link had a good faith belief that Thimes's listings violated its intellectual property rights and that use of the Amazon marketplace listing for such unauthorized sales was contrary to law.  Requiring a responding party to identify "all" documents is not proportional to the needs of the case, accordingly, TP-Link refers Thimes to the following examples: TP-Link's Warranty & RMA Policy (e.g., Bates Nos. TP000158-TP000307); Amazon website regarding policies and procedures, Amazon's anti-counterfeiting policy, TP-Link Mark, and Amazon "Condition guidelines."

**INTERROGATORY NO. 5:**

If YOU contend that the submission of the complaints to Amazon by YOU, or on YOUR behalf, did not cause Amazon to expel Thimes from the Amazon Marketplace, then DESCRIBE all facts that support YOUR contention.

**RESPONSE INTERROGATORY NO. 5:**

TP-Link incorporates by reference herein its General Statement and Objections stated above.  TP-Link objects to this Interrogatory as overbroad, unduly burdensome, and seeking information irrelevant to the claims and defenses asserted in this case

1   and/or are not proportional to the needs of the case.   TP-Link objects to this

2   Interrogatory to the extent it seeks information protected from disclosure by the

3   attorney-client privilege, the attorney work product doctrine, and/or other applicable

4   privileges or immunities.

5      TP-Link's response to this Interrogatory is based on information currently

6   known to TP-Link through its reasonable investigation thus far, and is subject to

7   amendment and/or supplementation.   By providing this response, TP-Link does not,

8   and does not intend to, waive its right to rely on evidence or information that is

9   subsequently discovered through TP-Link's continuing investigation and/or included

10  in an amended or supplemental response.   TP-Link expressly reserves all rights to

11  supplement, revise, and/or amend this response.

12     TP-Link further objects to this Interrogatory as vague, ambiguous, overbroad,

13  and unduly burdensome, especially with regard to the phrases and terms "DESCRIBE

14  all facts." TP-Link objects to Plaintiff's definition of "YOU" to the extent that Plaintiff

15  seeks to compel TP-Link to collect or produce information, communications, or

16  documents from parties from whom TP-Link has no right or obligation to collect

17  information or documents.  TP-Link further objects to the definition of the term "YOU"

18  as being vague, overbroad, and unduly burdensome to the extent that Plaintiff purports

19  to impose discovery obligations on any person who is not a party to this litigation.   TP-

20  Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and

21  overbroad, and renders any related requests unduly burdensome, unreasonable, and

22  oppressive.   TP-Link responds to this Interrogatory on behalf of itself alone, and no

23  other entity.

24     TP-Link further objects to this contention Interrogatory as premature.   The

25  Advisory Committee Notes accompanying Rule 33(c) of the Federal Rules of Civil

26  Procedure recognize that contention interrogatories are often "best resolved after much

27  or all of the other discovery has been completed." Fed. R. Civ. P. 33(c) (subdivision

28

(b) of advisory committee note to 1970 amendment).  *Nestle Food Corp. v. Aetna
Casualty and Surety Co.*, 135 F.R.D. 101, 110-11 (D.N.J. 1990) (contention
interrogatories are more appropriate after a substantial amount of discovery has been
conducted).  Discovery is ongoing and, to date, a substantial amount of discovery has
not been conducted.

Subject to the foregoing specific and General objections, TP-Link responds as
follows:

Non-party Amazon is in the best position to respond to this Interrogatory, which
seeks the "cause" as to why "Amazon [] expel[led] Thimes from the Amazon
Marketplace."  Pursuant to the terms of Amazon's Business Solutions Agreement,
Amazon is authorized to terminate Thimes as a seller "any reason or for no reason at
all."  (Amended Fifth Amended Complaint, ¶ 6.)  Moreover, Amazon's Anti-
Counterfeiting Policy states, in part:

> Products offered for sale on Amazon must be authentic. The sale of
> counterfeit products is strictly prohibited. **Failure to abide by this
> policy may result in loss of selling privileges, funds being
> withheld, and disposal of inventory in our possession**.
>
> It is each seller's and supplier's responsibility to source, sell, and
> fulfill only authentic products. Prohibited products include bootlegs,
> fakes, or pirated copies of products or content; products that have
> been illegally replicated, reproduced, or manufactured; **and
> products that infringe another party's intellectual property
> rights**. **If you sell or supply inauthentic products, we may
> immediately suspend or terminate your Amazon selling account
> (and any related accounts) and dispose of any inauthentic
> products in our fulfillment centers at your expense**. In addition,
> we do not pay sellers until we are confident our customers have
> received the authentic products they ordered. We may withhold
> payments if we determine that an Amazon account has been used to
> sell inauthentic goods, commit fraud, or engage in other illegal
> activity.
>
> We work with manufacturers, rights holders, content owners,
> vendors, and sellers to improve the ways we detect and prevent

inauthentic products from reaching our customers. **As a result, we remove suspect listings based on our own review of products**.

\* \* \*

Amazon strives to ensure a trustworthy shopping experience for our customers. By selling on Amazon, you agree that:

- The sale of counterfeit products is strictly prohibited.

- You may not sell any products that are not legal for sale, such as products that have been illegally replicated, reproduced, or manufactured

- **You must provide records about the authenticity of your products if Amazon requests that documentation**

Failure to abide by this policy may result in loss of selling privileges, funds being withheld, destruction of inventory in our fulfillment centers, and other legal consequences.

More Information

- Sell Only Authentic and Legal Products. It is your responsibility to source, sell, and fulfill only authentic products that are legal for sale. Examples of prohibited products include: []

    o Products that infringe another party's intellectual property rights

- Maintain and Provide Inventory Records. Amazon may request that you provide documentation (such as invoices) showing the authenticity of your products or your authorization to list them for sale. You may remove pricing information from these documents, **but providing documents that have been edited in any other way or that are misleading is a violation of this policy and will lead to enforcement against your account**.

- Consequences of Selling Inauthentic Products. If you sell inauthentic products, we may immediately suspend or terminate your Amazon selling account (and any related

16

accounts), dispose of any inauthentic products in our fulfillment centers at your expense, and/or withhold payments to you.

        \*        \*        \*

- Reporting Inauthentic Products. We stand behind the products sold on our site with our A-to-z Guarantee, and we encourage rights owners who have product authenticity concerns to notify us. We will promptly investigate and take all appropriate actions to protect customers, sellers, and rights holders. You may view counterfeit complaints on the Account Health page in Seller Central.

Emphasis added. The link for "notify us" under Amazon's Anti-Counterfeiting Policy is for the "Report Infringement" webpage, which is the same webpage cited in Paragraph 47, n.14 of the 5AC for reporting trademark infringement and trademark counterfeiting complaints to Amazon.

In addition to the terms and conditions set forth by Amazon, Thimes itself has identified other intervening causes for its expulsion from the Amazon Marketplace. According to Thimes, it was "Amazon's algorithmic surveil [that] caused Plaintiff's permanent expulsion (without appeal rights) from the Amazon Marketplace on August 27, 2018." ECF No. 178, ¶ 47. In its Original Complaint, Thimes named Prevagen and 3PM Shield, LLC as defendants and alleged these entities lodged multiple complaints against Thimes. Furthermore, Thimes admits "3PM [Shield, LLC] played a critical role in [Thimes's] final expulsion from the Amazon Marketplace. [3PM Shield, LLC's August 22, 2018 complaint] was 'the straw that broke the camel's back' just prior to Plaintiff's non-appealable expulsion on August 27, 2018." ECF No. 1, ¶ 70.

Thimes also engaged in action which constitute violations of Amazon's policy warranting Thimes's immediate suspension or removal. Amazon's Anti-Counterfeiting Policy states:

By selling on Amazon, you agree that:

17

- The sale of counterfeit products is strictly prohibited.

…

- **You must provide records about the authenticity of your products if Amazon requests that documentation**

Failure to abide by this policy may result in loss of selling privileges, funds being withheld, destruction of inventory in our fulfillment centers, and other legal consequences.

Amazon requested Thimes provide, among other things, proof of authenticity which "must clearly prove that your products do not infringe on the intellectual property of the rights owner." In a January 20, 2018 email (Bates No. THIMES00070), Thimes responded to Amazon's query by reattaching a supposed invoice showing only the amount of product purchased and the amount paid, along with a terse response. The response and invoice provide no information to prove Thimes's products do not infringe on the IP rights of TP-Link. Additionally, despite Amazon's request for a plan of action to prevent the infringement of the intellectual property rights of others in the future, Thimes provided no further plan of action and stated that "no further POA is required."

Finally, TP-Link did not request that Amazon expel Thimes from the Amazon marketplace.

**INTERROGATORY NO. 6:**

If YOU contend that the TP-Link branded wireless router products sold by Thimes on the Amazon Marketplace were counterfeit, then DESCRIBE all facts that support YOUR contention.

**RESPONSE INTERROGATORY NO. 6:**

TP-Link incorporates by reference herein its General Statement and Objections stated above. TP-Link objects to this Interrogatory as overbroad, unduly burdensome, and seeking information irrelevant to the claims and defenses asserted in this case and/or are not proportional to the needs of the case. TP-Link objects to this Interrogatory to the extent it seeks information protected from disclosure by the

1  attorney-client privilege, the attorney work product doctrine, and/or other applicable

2  privileges or immunities.

3      TP-Link's response to this Interrogatory is based on information currently

4  known to TP-Link through its reasonable investigation thus far, and is subject to

5  amendment and/or supplementation.  By providing this response, TP-Link does not,

6  and does not intend to, waive its right to rely on evidence or information that is

7  subsequently discovered through TP-Link's continuing investigation and/or included

8  in an amended or supplemental response.  TP-Link expressly reserves all rights to

9  supplement, revise, and/or amend this response.

10     TP-Link further objects to this Interrogatory as vague, ambiguous, overbroad,

11 and unduly burdensome, especially with regard to the phrases and terms "DESCRIBE

12 all facts."  TP-Link objects to Plaintiff's definition of "YOU" to the extent that Plaintiff

13 seeks to compel TP-Link to collect or produce information, communications, or

14 documents from parties from whom TP-Link has no right or obligation to collect

15 information or documents.  TP-Link further objects to the definition of the term "YOU"

16 as being vague, overbroad, and unduly burdensome to the extent that Plaintiff purports

17 to impose discovery obligations on any person who is not a party to this litigation.  TP-

18 Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and

19 overbroad, and renders any related requests unduly burdensome, unreasonable, and

20 oppressive.  TP-Link responds to this Interrogatory on behalf of itself alone, and no

21 other entity.

22     TP-Link further objects to this contention Interrogatory as premature.  The

23 Advisory Committee Notes accompanying Rule 33(c) of the Federal Rules of Civil

24 Procedure recognize that contention interrogatories are often "best resolved after much

25 or all of the other discovery has been completed." Fed. R. Civ. P. 33(c) (subdivision

26 (b) of advisory committee note to 1970 amendment).  *Nestle Food Corp. v. Aetna*

27 *Casualty and Surety Co.*, 135 F.R.D. 101, 110-11 (D.N.J. 1990) (contention

28

interrogatories are more appropriate after a substantial amount of discovery has been conducted).  Discovery is ongoing and, to date, a substantial amount of discovery has not been conducted.

Subject to the foregoing specific and General objections, TP-Link responds as follows:

Thimes is not an authorized reseller of TP-Link products.  TP-Link's policy is that it does not provide the original manufacturer's warranty and service to customers who purchase from unauthorized sellers.  As such, TP-Link had a good faith belief that Thimes's listings violated its intellectual property rights and that use of the Amazon marketplace listing for such unauthorized sales was contrary to law.

Thimes has never confirmed that it informed its customers that it was not authorized to sell TP-Link products and that the TP-Link products sold by Thimes did not convey with the same benefits as purchasing from an authorized reseller.

Additionally, Thimes was selling TP-Link products on Amazon as "New."  This is in violation of Amazon's Seller's Condition Guidelines, which define a "New" product as follows: "Just like it sounds. A brand-new item.  **Original manufacturer's warranty**, if any, still applies, with warranty details included in the listing comments." (Emphasis added).

**INTERROGATORY NO. 7:**

IDENTIFY all DOCUMENTS that support YOUR response to Interrogatory No. 6.

**RESPONSE INTERROGATORY NO. 7:**

TP-Link incorporates by reference herein its General Statement and Objections stated above.  TP-Link objects to this Interrogatory as overbroad, unduly burdensome, and seeking information irrelevant to the claims and defenses asserted in this case and/or are not proportional to the needs of the case.  TP-Link objects to this

Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges or immunities.

TP-Link further objects to this Interrogatory as vague, ambiguous, overbroad, and unduly burdensome, especially with regard to the phrases and terms "IDENTIFY all DOCUMENTS." TP-Link also objects to this Interrogatory on the grounds that it seeks documents which are not currently in the possession, custody or control of TP-Link and are within the possession, custody or control of others, including Thimes and Amazon. TP-Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive. TP-Link responds to this Interrogatory on behalf of itself alone, and no other entity.

Subject to the foregoing specific and General objections, TP-Link responds as follows:

Thimes is not an authorized reseller of TP-Link products. TP-Link's policy is that it does not provide the original manufacturer's warranty and service to customers who purchase from unauthorized sellers. As such, TP-Link had a good faith belief that Thimes's listings violated its intellectual property rights and that use of the Amazon marketplace listing for such unauthorized sales was contrary to law.

Thimes has never confirmed that it informed its customers that it was not authorized to sell TP-Link products and that the TP-Link products sold by Thimes did not convey with the same benefits as purchasing from an authorized reseller.

Additionally, Thimes was selling TP-Link products on Amazon as "New." This is violation of Amazon's Seller's Condition Guidelines, which define a "New" product as follows: "Just like it sounds. A brand-new item. **Original manufacturer's warranty**, if any, still applies, with warranty details included in the listing comments." (Emphasis added). Requiring a responding party to identify "all" documents is not

proportional to the needs of the case, accordingly, TP-Link refers Thimes to the following examples: TP-Link's Warranty & RMA Policy (e.g., Bates Nos. TP000158-TP000307); Amazon website regarding policies and procedures, Amazon's anti-counterfeiting policy, TP-Link Mark, and Amazon "Condition guidelines."

**INTERROGATORY NO. 8:**

DESCRIBE each instance where consumers were confused about the warranty coverage when purchasing TP-Link branded wireless router products from Thimes on the Amazon Marketplace.

**RESPONSE INTERROGATORY NO. 8:**

TP-Link incorporates by reference herein its General Statement and Objections stated above.  TP-Link objects to this Interrogatory as overbroad, unduly burdensome, and seeking information irrelevant to the claims and defenses asserted in this case and/or are not proportional to the needs of the case.   TP-Link objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges or immunities.

TP-Link's response to this Interrogatory is based on information currently known to TP-Link through its reasonable investigation thus far, and is subject to amendment and/or supplementation.  By providing this response, TP-Link does not, and does not intend to, waive its right to rely on evidence or information that is subsequently discovered through TP-Link's continuing investigation and/or included in an amended or supplemental response.  TP-Link expressly reserves all rights to supplement, revise, and/or amend this response.

TP-Link further objects to this Interrogatory as vague, ambiguous, overbroad, and unduly burdensome, especially with regard to the phrases and terms "DESCRIBE each instance."

TP-LINK'S SUPPLEMENTAL RESPONSES TO THIMES'S FIRST SET OF INTERROGATORIES (NOS. 1-25)

1  Subject to the foregoing specific and General objections, TP-Link responds as
2  follows:

3  Thimes is not an authorized reseller of TP-Link products.  TP-Link's policy is
4  that it does not provide the original manufacturer's warranty and service to customers
5  who purchase from unauthorized sellers.  As such, consumers were confused about the
6  warranty coverage each time a customer purchased TP-Link products from Thimes on
7  the Amazon Marketplace.

8  Thimes has never confirmed that it informed its customers that it was not
9  authorized to sell TP-Link products and that the TP-Link products sold by Thimes did
10  not convey with the same benefits as purchasing from an authorized reseller.

11

12  **INTERROGATORY NO. 9:**

13  IDENTIFY all DOCUMENTS that support YOUR response to Interrogatory No.
14  8.

15  **RESPONSE INTERROGATORY NO. 9:**

16  TP-Link incorporates by reference herein its General Statement and Objections
17  stated above.  TP-Link objects to this Interrogatory as overbroad, unduly burdensome,
18  and seeking information irrelevant to the claims and defenses asserted in this case
19  and/or are not proportional to the needs of the case.   TP-Link objects to this
20  Interrogatory to the extent it seeks information protected from disclosure by the
21  attorney-client privilege, the attorney work product doctrine, and/or other applicable
22  privileges or immunities.

23  TP-Link further objects to this Interrogatory as vague, ambiguous, overbroad,
24  and unduly burdensome, especially with regard to the phrases and terms "IDENTIFY
25  all DOCUMENTS."  TP-Link also objects to this Interrogatory on the grounds that it
26  seeks documents which are not currently in the possession, custody or control of TP-
27  Link and are within the possession, custody or control of others, including Thimes and

28

Amazon.   TP-Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive.   TP-Link responds to this Interrogatory on behalf of itself alone, and no other entity.

Subject to the foregoing specific and General objections, TP-Link responds as follows:

Thimes is not an authorized reseller of TP-Link products.   TP-Link's policy is that it does not provide the original manufacturer's warranty and service to customers who purchase from unauthorized sellers.   As such, consumers were confused about the warranty coverage each time a customer purchased TP-Link products from Thimes on the Amazon Marketplace.

Thimes has never confirmed that it informed its customers that it was not authorized to sell TP-Link products and that the TP-Link products sold by Thimes did not convey with the same benefits as purchasing from an authorized reseller.   Requiring a responding party to identify "all" documents is not proportional to the needs of the case.   Moreover, each time Thimes sold a TP-Link product, it generated information and documents responsive to this request.   Thimes would be in possession, custody, or control of documents responsive to this request.

**INTERROGATORY NO. 10:**

DESCRIBE how YOU determined that the TP-Link branded wireless router products purchased by YOU, or on YOUR behalf, from Thimes on January 18, 2018 and March 5, 2018 were counterfeit.

**RESPONSE INTERROGATORY NO. 10:**

TP-Link incorporates by reference herein its General Statement and Objections stated above.   TP-Link objects to this Interrogatory as overbroad, unduly burdensome, and seeking information irrelevant to the claims and defenses asserted in this case

TP-LINK'S SUPPLEMENTAL RESPONSES TO THIMES'S FIRST SET OF INTERROGATORIES (NOS. 1-25)

and/or are not proportional to the needs of the case.  TP-Link objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges or immunities.

TP-Link's response to this Interrogatory is based on information currently known to TP-Link through its reasonable investigation thus far, and is subject to amendment and/or supplementation.  By providing this response, TP-Link does not, and does not intend to, waive its right to rely on evidence or information that is subsequently discovered through TP-Link's continuing investigation and/or included in an amended or supplemental response.  TP-Link expressly reserves all rights to supplement, revise, and/or amend this response.

TP-Link further objects to this Interrogatory as vague, ambiguous, overbroad, and unduly burdensome, especially with regard to the phrases and terms "DESCRIBE how you determined."  TP-Link objects to Plaintiff's definition of "YOU" to the extent that Plaintiff seeks to compel TP-Link to collect or produce information, communications, or documents from parties from whom TP-Link has no right or obligation to collect information or documents.  TP-Link further objects to the definition of the term "YOU" as being vague, overbroad, and unduly burdensome to the extent that Plaintiff purports to impose discovery obligations on any person who is not a party to this litigation.  TP-Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive.   TP-Link responds to this Interrogatory on behalf of itself alone, and no other entity.

Subject to the foregoing specific and General objections, TP-Link responds as follows:

Thimes is not an authorized reseller of TP-Link products.  TP-Link's policy is that it does not provide the original manufacturer's warranty and service to customers

TP-LINK'S SUPPLEMENTAL RESPONSES TO THIMES'S FIRST SET OF INTERROGATORIES (NOS. 1-25)

who purchase from unauthorized sellers.  As such, TP-Link had a good faith belief that Thimes's listings violated its intellectual property rights and that use of the Amazon marketplace listing for such unauthorized sales was contrary to law.

Thimes has never confirmed that it informed its customers that it was not authorized to sell TP-Link products and that the TP-Link products sold by Thimes did not convey with the same benefits as purchasing from an authorized reseller.

**INTERROGATORY NO. 11:**

If YOU contend that the original manufacturer's warranty YOU offer on YOUR wireless router products does not extend to the TP-Link branded wireless router products sold by Thimes on the Amazon Marketplace, then DESCRIBE all facts that support YOUR contention.

**RESPONSE INTERROGATORY NO. 11:**

TP-Link incorporates by reference herein its General Statement and Objections stated above.  TP-Link objects to this Interrogatory as overbroad, unduly burdensome, and seeking information irrelevant to the claims and defenses asserted in this case and/or are not proportional to the needs of the case.   TP-Link objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges or immunities.

TP-Link's response to this Interrogatory is based on information currently known to TP-Link through its reasonable investigation thus far, and is subject to amendment and/or supplementation.  By providing this response, TP-Link does not, and does not intend to, waive its right to rely on evidence or information that is subsequently discovered through TP-Link's continuing investigation and/or included in an amended or supplemental response.  TP-Link expressly reserves all rights to supplement, revise, and/or amend this response.

TP-LINK'S SUPPLEMENTAL RESPONSES TO THIMES'S FIRST SET OF INTERROGATORIES (NOS. 1-25)

1    TP-Link further objects to this Interrogatory as vague, ambiguous, overbroad,
2    and unduly burdensome, especially with regard to the phrases and terms "DESCRIBE
3    all facts." TP-Link objects to Plaintiff's definition of "YOU" to the extent that Plaintiff
4    seeks to compel TP-Link to collect or produce information, communications, or
5    documents from parties from whom TP-Link has no right or obligation to collect
6    information or documents. TP-Link further objects to the definition of the term "YOU"
7    as being vague, overbroad, and unduly burdensome to the extent that Plaintiff purports
8    to impose discovery obligations on any person who is not a party to this litigation. TP-
9    Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and
10   overbroad, and renders any related requests unduly burdensome, unreasonable, and
11   oppressive. TP-Link responds to this Interrogatory on behalf of itself alone, and no
12   other entity.

13   TP-Link further objects to this contention Interrogatory as premature. The
14   Advisory Committee Notes accompanying Rule 33(c) of the Federal Rules of Civil
15   Procedure recognize that contention interrogatories are often "best resolved after much
16   or all of the other discovery has been completed." Fed. R. Civ. P. 33(c) (subdivision
17   (b) of advisory committee note to 1970 amendment). *Nestle Food Corp. v. Aetna
18   Casualty and Surety Co*., 135 F.R.D. 101, 110-11 (D.N.J. 1990) (contention
19   interrogatories are more appropriate after a substantial amount of discovery has been
20   conducted). Discovery is ongoing and, to date, a substantial amount of discovery has
21   not been conducted.

22   Subject to the foregoing specific and General objections, TP-Link responds as
23   follows:

24   Thimes is not an authorized reseller of TP-Link products. TP-Link's policy is
25   that it does not provide the original manufacturer's warranty and service to customers
26   who purchase from unauthorized sellers. Even prior to 2018, TP-Link's policy
27   consistently stated that the original manufacturer's warranty is only valid for products

28

1  sold by TP-Link or its authorized resellers.

2      Pursuant to Federal Rule of Civil Procedure 33(d), documents from which
3  information responsive to this Interrogatory may be derived or ascertained may be
4  found in TP-Link's forthcoming document production.

5

6  **INTERROGATORY NO. 12:**

7      State every documented instance in which YOU refused to honor YOUR
8  warranty on one of YOUR products because that product had been purchased by the
9  customer on the Amazon Marketplace from someone other than one of YOUR
10  authorized re-sellers.

11  **RESPONSE INTERROGATORY NO. 12:**

12      TP-Link incorporates by reference herein its General Statement and Objections
13  stated above.  TP-Link objects to this Interrogatory as overbroad, unduly burdensome,
14  and seeking information irrelevant to the claims and defenses asserted in this case
15  and/or are not proportional to the needs of the case.  TP-Link objects to this
16  Interrogatory to the extent it seeks information protected from disclosure by the
17  attorney-client privilege, the attorney work product doctrine, and/or other applicable
18  privileges or immunities.

19      TP-Link's response to this Interrogatory is based on information currently
20  known to TP-Link through its reasonable investigation thus far, and is subject to
21  amendment and/or supplementation.  By providing this response, TP-Link does not,
22  and does not intend to, waive its right to rely on evidence or information that is
23  subsequently discovered through TP-Link's continuing investigation and/or included
24  in an amended or supplemental response.  TP-Link expressly reserves all rights to
25  supplement, revise, and/or amend this response.

26      TP-Link further objects to this Interrogatory as vague, ambiguous, overbroad,
27  and unduly burdensome, especially with regard to the phrases and terms "State every
28

documented instance" and "refused to honor." TP-Link objects to Plaintiff's definition of "YOU" to the extent that Plaintiff seeks to compel TP-Link to collect or produce information, communications, or documents from parties from whom TP-Link has no right or obligation to collect information or documents. TP-Link further objects to the definition of the term "YOU" as being vague, overbroad, and unduly burdensome to the extent that Plaintiff purports to impose discovery obligations on any person who is not a party to this litigation. TP-Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive. TP-Link responds to this Interrogatory on behalf of itself alone, and no other entity.

Subject to the foregoing specific and General objections, TP-Link responds as follows:

TP-Link's policy is that it does not provide the original manufacturer's warranty and service to customers who purchase from unauthorized sellers. Even prior to 2018, TP-Link's policy consistently stated that the original manufacturer's warranty is only valid for products sold by TP-Link or its authorized resellers.

Pursuant to Federal Rule of Civil Procedure 33(d), documents with examples from which information responsive to this Interrogatory may be derived or ascertained may be found in TP-Link's forthcoming document production.

**INTERROGATORY NO. 13:**

IDENTIFY all DOCUMENTS that constituted YOUR policies, procedures, or practices, if any, for responding to a COMMUNICATION from sellers on the Amazon Marketplace that are the subject of complaints lodged by YOU or on YOUR behalf with Amazon.

**RESPONSE INTERROGATORY NO. 13:**

TP-Link incorporates by reference herein its General Statement and Objections

stated above.  TP-Link objects to this Interrogatory as overbroad, unduly burdensome, and seeking information irrelevant to the claims and defenses asserted in this case and/or are not proportional to the needs of the case.  TP-Link objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges or immunities.

TP-Link's response to this Interrogatory is based on information currently known to TP-Link through its reasonable investigation thus far, and is subject to amendment and/or supplementation.  By providing this response, TP-Link does not, and does not intend to, waive its right to rely on evidence or information that is subsequently discovered through TP-Link's continuing investigation and/or included in an amended or supplemental response.  TP-Link expressly reserves all rights to supplement, revise, and/or amend this response.

TP-Link further objects to this Interrogatory as vague, ambiguous, overbroad, and unduly burdensome, especially with regard to the phrases and terms "IDENTIFY all DOCUMENTS."  TP-Link objects to Plaintiff's definition of "YOU" to the extent that Plaintiff seeks to compel TP-Link to collect or produce information, communications, or documents from parties from whom TP-Link has no right or obligation to collect information or documents.  TP-Link further objects to the definition of the term "YOU" as being vague, overbroad, and unduly burdensome to the extent that Plaintiff purports to impose discovery obligations on any person who is not a party to this litigation.  TP-Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive.  TP-Link responds to this Interrogatory on behalf of itself alone, and no other entity.

Subject to the foregoing specific and General objections, TP-Link responds as follows:  this request is outside the scope of discovery.  *See* Discovery Order (ECF No.

191).  TP-Link will not provide a response.

**INTERROGATORY NO. 14:**

IDENTIFY all DOCUMENTS that constituted YOUR policies, procedures, or practices, if any, concerning the resale of TP-Link branded wireless router products by sellers outside of YOUR authorized distribution channels.

**RESPONSE INTERROGATORY NO. 14:**

TP-Link incorporates by reference herein its General Statement and Objections stated above.  TP-Link objects to this Interrogatory as overbroad, unduly burdensome, and seeking information irrelevant to the claims and defenses asserted in this case and/or are not proportional to the needs of the case.   TP-Link objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges or immunities.

TP-Link's response to this Interrogatory is based on information currently known to TP-Link through its reasonable investigation thus far, and is subject to amendment and/or supplementation.  By providing this response, TP-Link does not, and does not intend to, waive its right to rely on evidence or information that is subsequently discovered through TP-Link's continuing investigation and/or included in an amended or supplemental response.  TP-Link expressly reserves all rights to supplement, revise, and/or amend this response.

TP-Link further objects to this Interrogatory as vague, ambiguous, overbroad, and unduly burdensome, especially with regard to the phrases and terms "IDENTIFY all DOCUMENTS" and "by sellers outside of YOUR authorized distribution channels."  TP-Link objects to Plaintiff's definition of "YOU" to the extent that Plaintiff seeks to compel TP-Link to collect or produce information, communications, or documents from parties from whom TP-Link has no right or obligation to collect

1    information or documents.  TP-Link further objects to the definition of the term "YOU"

2    as being vague, overbroad, and unduly burdensome to the extent that Plaintiff purports

3    to impose discovery obligations on any person who is not a party to this litigation.  TP-

4    Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and

5    overbroad, and renders any related requests unduly burdensome, unreasonable, and

6    oppressive.  TP-Link responds to this Interrogatory on behalf of itself alone, and no

7    other entity.

8           Subject to the foregoing specific and General objections, TP-Link responds as

9    follows:  this request is outside the scope of discovery.  *See* Discovery Order (ECF No.

10   191).  TP-Link will not provide a response.

11

12   **INTERROGATORY NO. 15:**

13          If YOU contend that YOU are not liable under Thimes's first cause of action,

14   then DESCRIBE all facts that support that contention.

15   **RESPONSE INTERROGATORY NO. 15:**

16          TP-Link incorporates by reference herein its General Statement and Objections

17   stated above.  TP-Link objects to this Interrogatory as overbroad, unduly burdensome,

18   and seeking information irrelevant to the claims and defenses asserted in this case

19   and/or are not proportional to the needs of the case.   TP-Link objects to this

20   Interrogatory to the extent it seeks information protected from disclosure by the

21   attorney-client privilege, the attorney work product doctrine, and/or other applicable

22   privileges or immunities.

23          TP-Link's response to this Interrogatory is based on information currently

24   known to TP-Link through its reasonable investigation thus far, and is subject to

25   amendment and/or supplementation.  By providing this response, TP-Link does not,

26   and does not intend to, waive its right to rely on evidence or information that is

27   subsequently discovered through TP-Link's continuing investigation and/or included

28

TP-LINK'S SUPPLEMENTAL RESPONSES TO THIMES'S FIRST SET OF INTERROGATORIES (NOS. 1-25)

1  in an amended or supplemental response. TP-Link expressly reserves all rights to
2  supplement, revise, and/or amend this response.

3      TP-Link further objects to this Interrogatory as vague, ambiguous, overbroad,
4  and unduly burdensome, especially with regard to the phrases and terms "DESCRIBE
5  all facts." TP-Link objects to Plaintiff's definition of "YOU" to the extent that Plaintiff
6  seeks to compel TP-Link to collect or produce information, communications, or
7  documents from parties from whom TP-Link has no right or obligation to collect
8  information or documents. TP-Link further objects to the definition of the term "YOU"
9  as being vague, overbroad, and unduly burdensome to the extent that Plaintiff purports
10 to impose discovery obligations on any person who is not a party to this litigation. TP-
11 Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and
12 overbroad, and renders any related requests unduly burdensome, unreasonable, and
13 oppressive. TP-Link responds to this Interrogatory on behalf of itself alone, and no
14 other entity.

15     TP-Link further objects to this contention Interrogatory as premature. The
16 Advisory Committee Notes accompanying Rule 33(c) of the Federal Rules of Civil
17 Procedure recognize that contention interrogatories are often "best resolved after much
18 or all of the other discovery has been completed." Fed. R. Civ. P. 33(c) (subdivision
19 (b) of advisory committee note to 1970 amendment). *Nestle Food Corp. v. Aetna*
20 *Casualty and Surety Co.*, 135 F.R.D. 101, 110-11 (D.N.J. 1990) (contention
21 interrogatories are more appropriate after a substantial amount of discovery has been
22 conducted). Discovery is ongoing and, to date, a substantial amount of discovery has
23 not been conducted.

24     TP-Link objects to this Interrogatory as premature to the extent is seeks expert
25 opinions before the appropriate deadlines or to the extent that it calls for a legal
26 conclusion.

27     Subject to the foregoing specific and General objections, TP-Link responds as
28

follows:

Thimes is not an authorized reseller of TP-Link products.  TP-Link's policy is that it does not provide the original manufacturer's warranty and service to customers who purchase from unauthorized sellers.  As such, TP-Link had a good faith belief that Thimes's listings violated its intellectual property rights and that use of the Amazon marketplace listing for such unauthorized sales was contrary to law.

Thimes has never confirmed that it informed its customers that it was not authorized to sell TP-Link products and that the TP-Link products sold by Thimes did not convey with the same benefits as purchasing from an authorized reseller.

Thimes states that "Amazon regards complaints as to sellers with high sales volumes as warranting heightened scrutiny and discipline."  ECF No. 1 (Thimes's Original Complaint), ¶ 68.

Prevagen and 3PM Shield, LLC (and likely others) also lodged numerous complaints against Thimes, including after any supposed complaints related to Thimes's sales of TP-Link's products.  *See, e.g.*, ECF No. 1, ¶ 95:

95.  The most recent of the subject accusations are as follows:

- TP-Link filed its 27th counterfeiting complaint on June 21, 2018;
- Prevagen filed its fourth counterfeiting complaint on June 23, 2018; and
- 3PM filed its complaint on August 22, 2018.

Thimes states that "3PM [Shield, LLC] played a critical role in Plaintiff's final expulsion from the Amazon Marketplace.  It was 'the straw that broke the camel's back' just prior to Plaintiff's non-appealable expulsion on August 27, 2018."  ECF No. 1, ¶ 70.  According to Thimes, it was "Amazon's algorithmic surveil [that] caused Plaintiff's permanent expulsion (without appeal rights) from the Amazon Marketplace on August 27, 2018."  ECF No. 178, ¶ 47.

**INTERROGATORY NO. 16:**

If YOU contend that YOU are not liable under Thimes's second cause of action, then DESCRIBE all facts that support that contention.

**RESPONSE INTERROGATORY NO. 16:**

TP-Link incorporates by reference herein its General Statement and Objections stated above.  TP-Link objects to this Interrogatory as overbroad, unduly burdensome, and seeking information irrelevant to the claims and defenses asserted in this case and/or are not proportional to the needs of the case.   TP-Link objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges or immunities.

TP-Link's response to this Interrogatory is based on information currently known to TP-Link through its reasonable investigation thus far, and is subject to amendment and/or supplementation.  By providing this response, TP-Link does not, and does not intend to, waive its right to rely on evidence or information that is subsequently discovered through TP-Link's continuing investigation and/or included in an amended or supplemental response.  TP-Link expressly reserves all rights to supplement, revise, and/or amend this response.

TP-Link further objects to this Interrogatory as vague, ambiguous, overbroad, and unduly burdensome, especially with regard to the phrases and terms "DESCRIBE all facts."  TP-Link objects to Plaintiff's definition of "YOU" to the extent that Plaintiff seeks to compel TP-Link to collect or produce information, communications, or documents from parties from whom TP-Link has no right or obligation to collect information or documents.  TP-Link further objects to the definition of the term "YOU" as being vague, overbroad, and unduly burdensome to the extent that Plaintiff purports to impose discovery obligations on any person who is not a party to this litigation.  TP-Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and

1  overbroad, and renders any related requests unduly burdensome, unreasonable, and

2  oppressive.  TP-Link responds to this Interrogatory on behalf of itself alone, and no

3  other entity.

4      TP-Link further objects to this contention Interrogatory as premature.  The

5  Advisory Committee Notes accompanying Rule 33(c) of the Federal Rules of Civil

6  Procedure recognize that contention interrogatories are often "best resolved after much

7  or all of the other discovery has been completed." Fed. R. Civ. P. 33(c) (subdivision

8  (b) of advisory committee note to 1970 amendment).  *Nestle Food Corp. v. Aetna*

9  *Casualty and Surety Co.*, 135 F.R.D. 101, 110-11 (D.N.J. 1990) (contention

10  interrogatories are more appropriate after a substantial amount of discovery has been

11  conducted).  Discovery is ongoing and, to date, a substantial amount of discovery has

12  not been conducted.

13      TP-Link objects to this Interrogatory as premature to the extent is seeks expert

14  opinions before the appropriate deadlines or to the extent that it calls for a legal

15  conclusion.

16      Subject to the foregoing specific and General objections, TP-Link responds as

17  follows:

18      Thimes is not an authorized reseller of TP-Link products.  TP-Link's policy is

19  that it does not provide the original manufacturer's warranty and service to customers

20  who purchase from unauthorized sellers.  As such, TP-Link had a good faith belief that

21  Thimes's listings violated its intellectual property rights and that use of the Amazon

22  marketplace listing for such unauthorized sales was contrary to law.

23      Thimes has never confirmed that it informed its customers that it was not

24  authorized to sell TP-Link products and that the TP-Link products sold by Thimes did

25  not convey with the same benefits as purchasing from an authorized reseller.

26      Thimes states that "Amazon regards complaints as to sellers with high sales

27  volumes as warranting heightened scrutiny and discipline."  ECF No. 1 (Thimes's

28

Original Complaint), ¶ 68.

Prevagen and 3PM Shield, LLC (and likely others) also lodged numerous complaints against Thimes, including after any supposed complaints related to Thimes's sales of TP-Link's products. *See, e.g.*, ECF No. 1, ¶ 95:

> 95.  The most recent of the subject accusations are as follows:
>
> - TP-Link filed its 27th counterfeiting complaint on June 21, 2018;
> - Prevagen filed its fourth counterfeiting complaint on June 23, 2018; and
> - 3PM filed its complaint on August 22, 2018.

Thimes states that "3PM [Shield, LLC] played a critical role in Plaintiff's final expulsion from the Amazon Marketplace.  It was 'the straw that broke the camel's back' just prior to Plaintiff's non-appealable expulsion on August 27, 2018." ECF No. 1, ¶ 70.  According to Thimes, it was "Amazon's algorithmic surveil [that] caused Plaintiff's permanent expulsion (without appeal rights) from the Amazon Marketplace on August 27, 2018." ECF No. 178, ¶ 47.

**INTERROGATORY NO. 17:**

DESCRIBE all facts that support each of the affirmative defenses listed in YOUR answer filed with the Court on May 27, 2022 (ECF No. 175).

**RESPONSE INTERROGATORY NO. 17:**

TP-Link incorporates by reference herein its General Statement and Objections stated above.  TP-Link objects to this Interrogatory as overbroad, unduly burdensome, and seeking information irrelevant to the claims and defenses asserted in this case and/or are not proportional to the needs of the case.  TP-Link objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges or immunities.

1    TP-Link's response to this Interrogatory is based on information currently
2    known to TP-Link through its reasonable investigation thus far, and is subject to
3    amendment and/or supplementation.  By providing this response, TP-Link does not,
4    and does not intend to, waive its right to rely on evidence or information that is
5    subsequently discovered through TP-Link's continuing investigation and/or included
6    in an amended or supplemental response.  TP-Link expressly reserves all rights to
7    supplement, revise, and/or amend this response.

8    TP-Link further objects to this Interrogatory as vague, ambiguous, overbroad,
9    and unduly burdensome, especially with regard to the phrases and terms "DESCRIBE
10   all facts."   TP-Link also objects to this Interrogatory on the grounds that it seeks
11   information which is not currently in the possession, custody or control of TP-Link and
12   is within the possession, custody or control of others, including Thimes and Amazon.
13   TP-Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and
14   overbroad, and renders any related requests unduly burdensome, unreasonable, and
15   oppressive.  TP-Link responds to this Interrogatory on behalf of itself alone, and no
16   other entity.

17   TP-Link further objects to this Interrogatory because it is compound and,
18   counting each discrete subpart, constitutes multiple Interrogatories.

19   TP-Link objects to this Interrogatory as premature to the extent is seeks expert
20   opinions before the appropriate deadlines or to the extent that it calls for a legal
21   conclusion.

22   Subject to the foregoing specific and General objections, TP-Link responds as
23   follows:

24   Discovery is ongoing.  As one example, the amended Fifth Amended Complaint
25   fails to state a claim upon which relief can be granted as Thimes's claims are barred in
26   whole or in part because any statements, as alleged by Thimes, were not directed at
27   consumers.

28

TP-LINK'S SUPPLEMENTAL RESPONSES TO THIMES'S FIRST SET OF INTERROGATORIES (NOS. 1-25)

1    As another example, Thimes is not an authorized reseller of TP-Link products.

2 TP-Link's policy is that it does not provide the original manufacturer's warranty and

3 service to customers who purchase from unauthorized sellers.  As such, TP-Link had a

4 good faith belief that Thimes's listings violated its intellectual property rights and that

5 use of the Amazon marketplace listing for such unauthorized sales was contrary to law.

6    Thimes has never confirmed that it informed its customers that it was not

7 authorized to sell TP-Link products and that the TP-Link products sold by Thimes did

8 not convey with the same benefits as purchasing from an authorized reseller.

9    Both Amazon and Thimes received numerous intellectual property complaints

10 from other non-parties concerning Thimes.  *See, e.g.*, ECF No. 1, ¶¶ 40-54 (detailing

11 Prevagen's complaints to both Amazon and Thimes that Thimes was selling counterfeit

12 products); *id*. at ¶¶ 55-72 (detailing 3PM Shield, LLC complaints to Amazon that

13 Thimes was selling products that infringed on other's intellectual property rights).

14 Thimes has unclean hands, is barred by estoppel, as well as Thimes's supposed injuries

15 or damages were directly and proximately caused and contributed to by Thimes's own

16 misconduct.

17 **INTERROGATORY NO. 18:**

18    DESCRIBE all facts that support the allegations in paragraph 5 of YOUR

19 counterclaim concerning "Thimes's unauthorized incorporation and infringing use of

20 the TP-LINK® Mark in connection with the sale and advertising of networking

21 products, including routers."

22 **RESPONSE INTERROGATORY NO. 18:**

23    TP-Link incorporates by reference herein its General Statement and Objections

24 stated above.  TP-Link objects to this Interrogatory as overbroad, unduly burdensome,

25 and seeking information irrelevant to the claims and defenses asserted in this case

26 and/or are not proportional to the needs of the case.   TP-Link objects to this

27 Interrogatory to the extent it seeks information protected from disclosure by the

28

TP-LINK'S SUPPLEMENTAL RESPONSES TO THIMES'S FIRST SET OF INTERROGATORIES (NOS. 1-25)

attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges or immunities.

TP-Link's response to this Interrogatory is based on information currently known to TP-Link through its reasonable investigation thus far, and is subject to amendment and/or supplementation.  By providing this response, TP-Link does not, and does not intend to, waive its right to rely on evidence or information that is subsequently discovered through TP-Link's continuing investigation and/or included in an amended or supplemental response.  TP-Link expressly reserves all rights to supplement, revise, and/or amend this response.

TP-Link further objects to this Interrogatory as vague, ambiguous, overbroad, and unduly burdensome, especially with regard to the phrases and terms "DESCRIBE all facts."  TP-Link also objects to this Interrogatory on the grounds that it seeks information which is not currently in the possession, custody or control of TP-Link and is within the possession, custody or control of others, including Thimes and Amazon. TP-Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive.  TP-Link responds to this Interrogatory on behalf of itself alone, and no other entity.

TP-Link objects to this Interrogatory as premature to the extent is seeks expert opinions before the appropriate deadlines or to the extent that it calls for a legal conclusion.

Subject to the foregoing specific and General objections, TP-Link responds as follows:

Thimes is not an authorized reseller of TP-Link products.  TP-Link's policy is that it does not provide the original manufacturer's warranty and service to customers who purchase from unauthorized sellers.  As such, TP-Link had a good faith belief that Thimes's listings violated its intellectual property rights and that use of the Amazon

1  marketplace listing for such unauthorized sales was contrary to law.

2       Thimes has never confirmed that it informed its customers that it was not
3  authorized to sell TP-Link products and that the TP-Link products sold by Thimes did
4  not convey with the same benefits as purchasing from an authorized reseller.

5       Additionally, Thimes was selling TP-Link products on Amazon as "New."  This
6  is violation of Amazon's Seller's Condition Guidelines, which define a "New" product
7  as follows: "Just like it sounds. A brand-new item.  **Original manufacturer's**
8  **warranty**, if any, still applies, with warranty details included in the listing comments."
9  (Emphasis added).

10      Thimes states that it "became a third-party seller on Amazon in 2016."  ECF No.
11 178, ¶ 6.  Thimes claims that "[o]n January 8, 2018 Plaintiff purchased 360 TP-Link
12 AC5400 Routers [].  Plaintiff has possession of approximately 100 of these items to
13 date. [] Amazon continues to hold a number of Plaintiff's TP-Link AC5400 Routers."
14 Amazon typically has one product listing page.  Thimes has never denied that it used
15 TP-Link's product page for the unauthorized listing and sales of the TP-Link AC5400
16 Routers.  Thimes has never confirmed that it informed its customers that it was not
17 authorized to sell TP-Link products and that the TP-Link products sold by Thimes did
18 not convey with the same benefits as purchasing from an authorized reseller.  Thimes
19 has never denied that it sold TP-Link AC5400 Routers to unsuspecting customers.

20      Moreover, Thimes sold at least nine different product models and over 400 units
21 of TP-Link products.  *See* Bates No. THIMES00001.   Thimes has never denied that it
22 used TP-Link's product pages (or similar) for the unauthorized listing and sales of TP-
23 Link products.

24

25 **INTERROGATORY NO. 19:**

26      DESCRIBE each instance where "Thimes's conduct has created a likelihood of
27 substantial confusion among consumers as to the source or origin of TP-Link products

28

1  and deceived consumers into thinking that Thimes is affiliated with, sponsored by, or

2  endorsed by TP-Link," as alleged in paragraph 8 of YOUR counterclaim.

3  **RESPONSE INTERROGATORY NO. 19:**

4      TP-Link incorporates by reference herein its General Statement and Objections

5  stated above.  TP-Link objects to this Interrogatory as overbroad, unduly burdensome,

6  and seeking information irrelevant to the claims and defenses asserted in this case

7  and/or are not proportional to the needs of the case.   TP-Link objects to this

8  Interrogatory to the extent it seeks information protected from disclosure by the

9  attorney-client privilege, the attorney work product doctrine, and/or other applicable

10  privileges or immunities.

11      TP-Link's response to this Interrogatory is based on information currently

12  known to TP-Link through its reasonable investigation thus far, and is subject to

13  amendment and/or supplementation.  By providing this response, TP-Link does not,

14  and does not intend to, waive its right to rely on evidence or information that is

15  subsequently discovered through TP-Link's continuing investigation and/or included

16  in an amended or supplemental response.  TP-Link expressly reserves all rights to

17  supplement, revise, and/or amend this response.

18      TP-Link further objects to this Interrogatory as vague, ambiguous, overbroad,

19  and unduly burdensome, especially with regard to the phrases and terms "DESCRIBE

20  each instance."  TP-Link also objects to this Interrogatory on the grounds that it seeks

21  information which is not currently in the possession, custody or control of TP-Link and

22  is within the possession, custody or control of others, including Thimes and Amazon.

23  TP-Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and

24  overbroad, and renders any related requests unduly burdensome, unreasonable, and

25  oppressive.  TP-Link responds to this Interrogatory on behalf of itself alone, and no

26  other entity.

27      TP-Link objects to this Interrogatory as premature to the extent is seeks expert

28

opinions before the appropriate deadlines or to the extent that it calls for a legal conclusion.

Subject to the foregoing specific and General objections, TP-Link responds as follows:

Thimes is not an authorized reseller of TP-Link products.  TP-Link's policy is that it does not provide the original manufacturer's warranty and service to customers who purchase from unauthorized sellers.  As such, TP-Link had a good faith belief that Thimes's listings violated its intellectual property rights and that use of the Amazon marketplace listing for such unauthorized sales was contrary to law.

Thimes has never confirmed that it informed its customers that it was not authorized to sell TP-Link products and that the TP-Link products sold by Thimes did not convey with the same benefits as purchasing from an authorized reseller.

Additionally, Thimes was selling TP-Link products on Amazon as "New."  This is violation of Amazon's Seller's Condition Guidelines, which define a "New" product as follows: "Just like it sounds. A brand-new item.  **Original manufacturer's warranty**, if any, still applies, with warranty details included in the listing comments." (Emphasis added).

Thimes states that it "became a third-party seller on Amazon in 2016."  ECF No. 178, ¶ 6.  Thimes claims that "[o]n January 8, 2018 Plaintiff purchased 360 TP-Link AC5400 Routers [].  Plaintiff has possession of approximately 100 of these items to date. [] Amazon continues to hold a number of Plaintiff's TP-Link AC5400 Routers." Amazon typically has one product listing page.  Thimes has never denied that it used TP-Link's product page for the unauthorized listing and sales of the TP-Link AC5400 Routers.  Thimes has never confirmed that it informed its customers that it was not authorized to sell TP-Link products and that the TP-Link products sold by Thimes did not convey with the same benefits as purchasing from an authorized reseller.  Thimes has never denied that it sold TP-Link AC5400 Routers to unsuspecting customers.

1   Moreover, Thimes sold at least nine different product models and over 400 units

2   of TP-Link products.  *See* Bates No. THIMES00001.   Thimes has never denied that it

3   used TP-Link's product pages (or similar) for the unauthorized listing and sales of TP-

4   Link products.

5

6   **INTERROGATORY NO. 20:**

7   DESCRIBE all facts that support the allegation in paragraph 8 of YOUR

8   counterclaim that "Thimes's actions harm consumers who mistakenly believe that its

9   products convey the manufacturer's original warranty and service when it does not."

10  **RESPONSE INTERROGATORY NO. 20:**

11  TP-Link incorporates by reference herein its General Statement and Objections

12  stated above.  TP-Link objects to this Interrogatory as overbroad, unduly burdensome,

13  and seeking information irrelevant to the claims and defenses asserted in this case

14  and/or are not proportional to the needs of the case.   TP-Link objects to this

15  Interrogatory to the extent it seeks information protected from disclosure by the

16  attorney-client privilege, the attorney work product doctrine, and/or other applicable

17  privileges or immunities.

18  TP-Link's response to this Interrogatory is based on information currently

19  known to TP-Link through its reasonable investigation thus far, and is subject to

20  amendment and/or supplementation.  By providing this response, TP-Link does not,

21  and does not intend to, waive its right to rely on evidence or information that is

22  subsequently discovered through TP-Link's continuing investigation and/or included

23  in an amended or supplemental response.  TP-Link expressly reserves all rights to

24  supplement, revise, and/or amend this response.

25  TP-Link further objects to this Interrogatory as vague, ambiguous, overbroad,

26  and unduly burdensome, especially with regard to the phrases and terms "DESCRIBE

27  all facts."  TP-Link also objects to this Interrogatory on the grounds that it seeks

28

TP-LINK'S SUPPLEMENTAL RESPONSES TO THIMES'S FIRST SET OF INTERROGATORIES (NOS. 1-25)

information which is not currently in the possession, custody or control of TP-Link and is within the possession, custody or control of others, including Thimes and Amazon. TP-Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive. TP-Link responds to this Interrogatory on behalf of itself alone, and no other entity.

TP-Link objects to this Interrogatory as premature to the extent is seeks expert opinions before the appropriate deadlines or to the extent that it calls for a legal conclusion.

Subject to the foregoing specific and General objections, TP-Link responds as follows:

Thimes is not an authorized reseller of TP-Link products. TP-Link's policy is that it does not provide the original manufacturer's warranty and service to customers who purchase from unauthorized sellers. As such, TP-Link had a good faith belief that Thimes's listings violated its intellectual property rights and that use of the Amazon marketplace listing for such unauthorized sales was contrary to law.

Thimes has never confirmed that it informed its customers that it was not authorized to sell TP-Link products and that the TP-Link products sold by Thimes did not convey with the same benefits as purchasing from an authorized reseller.

Additionally, Thimes was selling TP-Link products on Amazon as "New." This is in violation of Amazon's Seller's Condition Guidelines, which define a "New" product as follows: "Just like it sounds. A brand-new item. **Original manufacturer's warranty**, if any, still applies, with warranty details included in the listing comments." (Emphasis added).

Thimes states that it "became a third-party seller on Amazon in 2016." ECF No. 178, ¶ 6. Thimes claims that "[o]n January 8, 2018 Plaintiff purchased 360 TP-Link AC5400 Routers []. Plaintiff has possession of approximately 100 of these items to

date. [] Amazon continues to hold a number of Plaintiff's TP-Link AC5400 Routers." Amazon typically has one product listing page. Thimes has never denied that it used TP-Link's product page for the unauthorized listing and sales of the TP-Link AC5400 Routers. Thimes has never confirmed that it informed its customers that it was not authorized to sell TP-Link products and that the TP-Link products sold by Thimes did not convey with the same benefits as purchasing from an authorized reseller. Thimes has never denied that it sold TP-Link AC5400 Routers to unsuspecting customers.

Moreover, Thimes sold at least nine different product models and over 400 units of TP-Link products. *See* Bates No. THIMES00001. Thimes has never denied that it used TP-Link's product pages (or similar) for the unauthorized listing and sales of TP-Link products.

**INTERROGATORY NO. 21:**

DESCRIBE each fact concerning the accusations against Avraham "Avi" Eisenberg of "defrauding at least $14 million from investors," as alleged in paragraph 9 of YOUR counterclaim, that YOU contend would establish that Thimes violated the Lanham Act by selling TP-Link branded products.

**RESPONSE INTERROGATORY NO. 21:**

TP-Link incorporates by reference herein its General Statement and Objections stated above. TP-Link objects to this Interrogatory as overbroad, unduly burdensome, and seeking information irrelevant to the claims and defenses asserted in this case and/or are not proportional to the needs of the case. TP-Link objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges or immunities.

TP-Link's response to this Interrogatory is based on information currently known to TP-Link through its reasonable investigation thus far, and is subject to

amendment and/or supplementation.  By providing this response, TP-Link does not, and does not intend to, waive its right to rely on evidence or information that is subsequently discovered through TP-Link's continuing investigation and/or included in an amended or supplemental response.  TP-Link expressly reserves all rights to supplement, revise, and/or amend this response.

TP-Link further objects to this Interrogatory as vague, ambiguous, overbroad, and unduly burdensome, especially with regard to the phrases and terms "DESCRIBE each fact."  TP-Link also objects to this Interrogatory on the grounds that it seeks information which is not currently in the possession, custody or control of TP-Link and is within the possession, custody or control of others, including Thimes and Amazon. TP-Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive.  TP-Link responds to this Interrogatory on behalf of itself alone, and no other entity.

TP-Link further objects to this contention Interrogatory as premature.  The Advisory Committee Notes accompanying Rule 33(c) of the Federal Rules of Civil Procedure recognize that contention interrogatories are often "best resolved after much or all of the other discovery has been completed." Fed. R. Civ. P. 33(c) (subdivision (b) of advisory committee note to 1970 amendment).  *Nestle Food Corp. v. Aetna Casualty and Surety Co.*, 135 F.R.D. 101, 110-11 (D.N.J. 1990) (contention interrogatories are more appropriate after a substantial amount of discovery has been conducted).  Discovery is ongoing and, to date, a substantial amount of discovery has not been conducted.

Subject to the foregoing specific and General objections, TP-Link responds as follows:

The accusations against Avraham "Avi" Eisenberg of "defrauding at least $14 million from investors," as alleged in paragraph 9 of the counterclaim, are relevant to

1   TP-Link's potential damages sustained as a result of Thimes's trademark infringement.

2   The Ninth Circuit permits recovery of actual damages for trademark infringement,

3   including damages for injury to business reputation and loss of goodwill.  *Deckers*

4   *Outdoor Corporation v. Ego Shoes Ltd.*, No. CV 20-11351-MWF (Ex), 2021 WL

5   5933111, at *2 (C.D. Cal. November 19, 2021) (finding plaintiff was entitled to recover

6   damages for injury to its business reputation and loss of goodwill) (citing Model Civ.

7   Jury Instr. 9th Cir. 15.27 (2021) ("recognizing loss of profits and injury to reputation

8   and goodwill as actual damages in a trademark action")).

9       The accusations contained in Paragraph 9 directly relate to and reflect Mr.

10  Eisenberg's     reputation.     Mr.     Eisenberg's     LinkedIn     page

11  (https://www.linkedin.com/in/avraham-eisenberg-1a909b107) informs consumers that

12  he is the Founder and CEO of Thimes Solutions Inc.  Here, Mr. Eisenberg's negative

13  reputation as the Founder and President of Thimes is relevant to the harm to TP-Link's

14  business reputation and loss of goodwill, as Mr. Eisenberg and Thimes affiliated

15  themselves with TP-Link in order to sell TP-Link products.  Mr. Eisenberg's success

16  in absconding with investors' money—certainly issues for which TP-Link does not

17  want to be associated.

18

19  **INTERROGATORY NO. 22:**

20      DESCRIBE all facts that support the allegation in paragraph 21 of YOUR

21  counterclaim that Thimes's listing and selling of goods bearing the TP-LINK® Mark

22  is "unauthorized."

23  **RESPONSE INTERROGATORY NO. 22:**

24      TP-Link incorporates by reference herein its General Statement and Objections

25  stated above.  TP-Link objects to this Interrogatory as overbroad, unduly burdensome,

26  and seeking information irrelevant to the claims and defenses asserted in this case

27  and/or are not proportional to the needs of the case.  TP-Link objects to this

28

Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges or immunities.

TP-Link's response to this Interrogatory is based on information currently known to TP-Link through its reasonable investigation thus far, and is subject to amendment and/or supplementation.  By providing this response, TP-Link does not, and does not intend to, waive its right to rely on evidence or information that is subsequently discovered through TP-Link's continuing investigation and/or included in an amended or supplemental response.  TP-Link expressly reserves all rights to supplement, revise, and/or amend this response.

TP-Link further objects to this Interrogatory as vague, ambiguous, overbroad, and unduly burdensome, especially with regard to the phrases and terms "DESCRIBE all facts."  TP-Link objects to Plaintiff's definition of "YOU" to the extent that Plaintiff seeks to compel TP-Link to collect or produce information, communications, or documents from parties from whom TP-Link has no right or obligation to collect information or documents.  TP-Link further objects to the definition of the term "YOU" as being vague, overbroad, and unduly burdensome to the extent that Plaintiff purports to impose discovery obligations on any person who is not a party to this litigation.  TP-Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive.  TP-Link responds to this Interrogatory on behalf of itself alone, and no other entity.

Subject to the foregoing specific and General objections, TP-Link responds as follows:

Thimes is not an authorized reseller of TP-Link products.  TP-Link's policy is that it does not provide the original manufacturer's warranty and service to customers who purchase from unauthorized sellers.  As such, TP-Link had a good faith belief that

TP-LINK'S SUPPLEMENTAL RESPONSES TO THIMES'S FIRST SET OF INTERROGATORIES (NOS. 1-25)

1  Thimes's listings violated its intellectual property rights and that use of the Amazon
2  marketplace listing for such unauthorized sales was contrary to law.

3      Thimes has never confirmed that it informed its customers that it was not
4  authorized to sell TP-Link products and that the TP-Link products sold by Thimes did
5  not convey with the same benefits as purchasing from an authorized reseller.

6      Additionally, Thimes was selling TP-Link products on Amazon as "New." This
7  is violation of Amazon's Seller's Condition Guidelines, which define a "New" product
8  as follows: "Just like it sounds. A brand-new item.  **Original manufacturer's**
9  **warranty**, if any, still applies, with warranty details included in the listing comments."
10 (Emphasis added).

11 **INTERROGATORY NO. 23:**

12     DESCRIBE all facts that support the allegation in paragraph 23 of YOUR
13 counterclaim that "Thimes's use and incorporation of the TP-LINK® Mark is likely to
14 cause confusion, mistake or deception in the minds of consumers."

15 **RESPONSE INTERROGATORY NO. 23:**

16     TP-Link incorporates by reference herein its General Statement and Objections
17 stated above.  TP-Link objects to this Interrogatory as overbroad, unduly burdensome,
18 and seeking information irrelevant to the claims and defenses asserted in this case
19 and/or are not proportional to the needs of the case.  TP-Link objects to this
20 Interrogatory to the extent it seeks information protected from disclosure by the
21 attorney-client privilege, the attorney work product doctrine, and/or other applicable
22 privileges or immunities.

23     TP-Link's response to this Interrogatory is based on information currently
24 known to TP-Link through its reasonable investigation thus far, and is subject to
25 amendment and/or supplementation.  By providing this response, TP-Link does not,
26 and does not intend to, waive its right to rely on evidence or information that is
27 subsequently discovered through TP-Link's continuing investigation and/or included
28

in an amended or supplemental response.  TP-Link expressly reserves all rights to supplement, revise, and/or amend this response.

TP-Link further objects to this Interrogatory as vague, ambiguous, overbroad, and unduly burdensome, especially with regard to the phrases and terms "DESCRIBE all facts."  TP-Link also objects to this Interrogatory on the grounds that it seeks information which is not currently in the possession, custody or control of TP-Link and is within the possession, custody or control of others, including Thimes and Amazon. TP-Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive.  TP-Link responds to this Interrogatory on behalf of itself alone, and no other entity.

TP-Link objects to this Interrogatory as premature to the extent is seeks expert opinions before the appropriate deadlines or to the extent that it calls for a legal conclusion.

Subject to the foregoing specific and General objections, TP-Link responds as follows:

Thimes is not an authorized reseller of TP-Link products.  TP-Link's policy is that it does not provide the original manufacturer's warranty and service to customers who purchase from unauthorized sellers.  As such, TP-Link had a good faith belief that Thimes's listings violated its intellectual property rights and that use of the Amazon marketplace listing for such unauthorized sales was contrary to law.

Thimes has never confirmed that it informed its customers that it was not authorized to sell TP-Link products and that the TP-Link products sold by Thimes did not convey with the same benefits as purchasing from an authorized reseller.

Additionally, Thimes was selling TP-Link products on Amazon as "New." This is violation of Amazon's Seller's Condition Guidelines, which define a "New" product as follows: "Just like it sounds. A brand-new item. **Original manufacturer's**

**warranty**, if any, still applies, with warranty details included in the listing comments." (Emphasis added).

Thimes states that it "became a third-party seller on Amazon in 2016." ECF No. 178, ¶ 6. Thimes claims that "[o]n January 8, 2018 Plaintiff purchased 360 TP-Link AC5400 Routers []. Plaintiff has possession of approximately 100 of these items to date. [] Amazon continues to hold a number of Plaintiff's TP-Link AC5400 Routers." Amazon typically has one product listing page. Thimes has never denied that it used TP-Link's product page for the unauthorized listing and sales of the TP-Link AC5400 Routers. Thimes has never confirmed that it informed its customers that it was not authorized to sell TP-Link products and that the TP-Link products sold by Thimes did not convey with the same benefits as purchasing from an authorized reseller. Thimes has never denied that it sold TP-Link AC5400 Routers to unsuspecting customers.

Moreover, Thimes sold at least nine different product models and over 400 units of TP-Link products. *See* Bates No. THIMES00001. Thimes has never denied that it used TP-Link's product pages (or similar) for the unauthorized listing and sales of TP-Link products.

**INTERROGATORY NO. 24:**

If YOU contend that Thimes is liable under YOUR counterclaim, then DESCRIBE all facts that support that contention.

**RESPONSE INTERROGATORY NO. 24:**

TP-Link incorporates by reference herein its General Statement and Objections stated above. TP-Link objects to this Interrogatory as overbroad, unduly burdensome, and seeking information irrelevant to the claims and defenses asserted in this case and/or are not proportional to the needs of the case. TP-Link objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or other applicable

1   privileges or immunities.

2      TP-Link's response to this Interrogatory is based on information currently
3   known to TP-Link through its reasonable investigation thus far, and is subject to
4   amendment and/or supplementation.  By providing this response, TP-Link does not,
5   and does not intend to, waive its right to rely on evidence or information that is
6   subsequently discovered through TP-Link's continuing investigation and/or included
7   in an amended or supplemental response.  TP-Link expressly reserves all rights to
8   supplement, revise, and/or amend this response.

9      TP-Link further objects to this Interrogatory as vague, ambiguous, overbroad,
10  and unduly burdensome, especially with regard to the phrases and terms "DESCRIBE
11  all facts."  TP-Link also objects to this Interrogatory on the grounds that it seeks
12  information which is not currently in the possession, custody or control of TP-Link and
13  is within the possession, custody or control of others, including Thimes and Amazon.
14  TP-Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and
15  overbroad, and renders any related requests unduly burdensome, unreasonable, and
16  oppressive.  TP-Link responds to this Interrogatory on behalf of itself alone, and no
17  other entity.

18     TP-Link further objects to this contention Interrogatory as premature.  The
19  Advisory Committee Notes accompanying Rule 33(c) of the Federal Rules of Civil
20  Procedure recognize that contention interrogatories are often "best resolved after much
21  or all of the other discovery has been completed." Fed. R. Civ. P. 33(c) (subdivision
22  (b) of advisory committee note to 1970 amendment).  *Nestle Food Corp. v. Aetna
23  Casualty and Surety Co*., 135 F.R.D. 101, 110-11 (D.N.J. 1990) (contention
24  interrogatories are more appropriate after a substantial amount of discovery has been
25  conducted).  Discovery is ongoing and, to date, a substantial amount of discovery has
26  not been conducted.

27     TP-Link objects to this Interrogatory as premature to the extent is seeks expert
28

TP-LINK'S SUPPLEMENTAL RESPONSES TO THIMES'S FIRST SET OF INTERROGATORIES (NOS. 1-25)

opinions before the appropriate deadlines or to the extent that it calls for a legal conclusion.

Subject to the foregoing specific and General objections, TP-Link responds as follows:

Thimes is not an authorized reseller of TP-Link products.  TP-Link's policy is that it does not provide the original manufacturer's warranty and service to customers who purchase from unauthorized sellers.  As such, TP-Link had a good faith belief that Thimes's listings violated its intellectual property rights and that use of the Amazon marketplace listing for such unauthorized sales was contrary to law.

Thimes has never confirmed that it informed its customers that it was not authorized to sell TP-Link products and that the TP-Link products sold by Thimes did not convey with the same benefits as purchasing from an authorized reseller.

Additionally, Thimes was selling TP-Link products on Amazon as "New."  This is violation of Amazon's Seller's Condition Guidelines, which define a "New" product as follows: "Just like it sounds. A brand-new item.  **Original manufacturer's warranty**, if any, still applies, with warranty details included in the listing comments." (Emphasis added).


**INTERROGATORY NO. 25:**

If YOU contend that Thimes is liable under YOUR counterclaim, then DESCRIBE all facts that demonstrate or quantify the financial harm that YOU suffered from such trademark infringement.

**RESPONSE INTERROGATORY NO. 25:**

TP-Link incorporates by reference herein its General Statement and Objections stated above.  TP-Link objects to this Interrogatory as overbroad, unduly burdensome, and seeking information irrelevant to the claims and defenses asserted in this case and/or are not proportional to the needs of the case.  TP-Link objects to this

Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges or immunities.

TP-Link's response to this Interrogatory is based on information currently known to TP-Link through its reasonable investigation thus far, and is subject to amendment and/or supplementation.  By providing this response, TP-Link does not, and does not intend to, waive its right to rely on evidence or information that is subsequently discovered through TP-Link's continuing investigation and/or included in an amended or supplemental response.  TP-Link expressly reserves all rights to supplement, revise, and/or amend this response.

TP-Link further objects to this Interrogatory as vague, ambiguous, overbroad, and unduly burdensome, especially with regard to the phrases and terms "DESCRIBE all facts."  TP-Link also objects to this Interrogatory on the grounds that it seeks information which is not currently in the possession, custody or control of TP-Link and is within the possession, custody or control of others, including Thimes and Amazon. TP-Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive.  TP-Link responds to this Interrogatory on behalf of itself alone, and no other entity.

TP-Link further objects to this contention Interrogatory as premature.  The Advisory Committee Notes accompanying Rule 33(c) of the Federal Rules of Civil Procedure recognize that contention interrogatories are often "best resolved after much or all of the other discovery has been completed." Fed. R. Civ. P. 33(c) (subdivision (b) of advisory committee note to 1970 amendment).  *Nestle Food Corp. v. Aetna Casualty and Surety Co.*, 135 F.R.D. 101, 110-11 (D.N.J. 1990) (contention interrogatories are more appropriate after a substantial amount of discovery has been conducted).  Discovery is ongoing and, to date, a substantial amount of discovery has

1 | not been conducted.

2 |   TP-Link objects to this Interrogatory as premature to the extent is seeks expert
3 | opinions before the appropriate deadlines or to the extent that it calls for a legal
4 | conclusion.

5 |   Subject to the foregoing specific and General objections, TP-Link responds as
6 | follows:

7 |   Discovery is ongoing.  As an example, TP-Link is entitled to at least the
8 | disgorgement of Thimes's profits from any sales of TP-Link products or statutory
9 | damages for trademark counterfeiting, as well as treble damages and attorneys' fees
10 | for Thimes's intentional and willful infringement.

11 |

12 | Dated: July 29, 2022

           LTL ATTORNEYS LLP

      By: */s/ Heather F. Auyang*
         Joedat H. Tuffaha
         Prashanth Chennakesavan
         Heather F. Auyang
         Patice A. Gore

         *Attorneys for Defendant and*
         *Counterclaimant TP-Link USA*
         *Corp.*

## **<u>VERIFICATION</u>**

I, Antoine Liu, declare and affirm as follows:

1.      I am the Senior Product Strategy Manager of TP-Link USA Corporation ("TP-Link") and am duly authorized to verify TP-Link's Supplemental Responses to Thimes's First Set of Interrogatories ("TP-Link's Responses").

2.      I have read TP-Link's Responses and am aware of their contents.

3.      To the best of my knowledge, information, and belief, based on reasonable inquiry, the foregoing Responses are true and correct.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on July 29, 2022.


*Antoine Liu*
Antoine Liu (Jul 29, 2022 16:05 PDT)

1

<u>**PROOF OF SERVICE**</u>

2

I am employed in the County of Los Angeles State of California.  I am over

3

the age of eighteen years and not a party to this action.  My business address is 300

4

South Grand Ave., 14th Floor, Los Angeles, CA 90071.

5

On **July 29, 2022**, I served the following document(s) described as:

6

**TP-LINK USA CORPORATION'S SUPPLEMENTAL RESPONSES
TO THIMES SOLUTIONS, INC.'S FIRST SET OF INTERROGATORIES
(Nos. 1-25) AND VERIFICATION**

7

8

on the interested parties in this action.

| | |
|---|---|
| Randolph Gaw<br>Mark Poe<br>Victor Meng<br>**GAW \| POE LLP**<br>4 Embarcadero Center, Suite 1400<br>San Francisco, CA 94111<br>E-mail: rgaw@gawpoe.com<br>mpoe@gawpoe.com<br>vmeng@gawpoe.com | Attorneys for Plaintiff and Counter-Defendant Thimes Solutions Inc. |
| Mark Schlachet<br>**Law Offices of Mark Schlachet**<br>43 West 43d Street, Suite 220<br>New York, New York 10036<br>E-mail: markschlachet@me.com | |
| Joshua A. Waldman<br>M. Michelle Rohani,<br>**Burkhalter Kessler Clement & George LLP**<br>2020 Main Street, Suite 600<br>Irvine, CA 92614<br>E-mail: jwaldman@bkcglaw.com<br>mrohani@bkcglaw.com | Attorneys for Defendant<br>Auction Brothers, Inc d/b/a Amazzia |
| Chris Frost<br>Ashley Morris<br>**WEINBERG GONSER FROST LLP**<br>10866 Wilshire Boulevard, Suite 1650<br>Los Angeles, California 90024<br>E-Mail: chris@wgfcounsel.com<br>ashley@wgfcounsel.com | |

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

[ ]     **BY MAIL** I placed such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

   As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]     **BY ELECTRONIC MAIL** I transmitted the above-listed document(s) to the e-mail address(es) set forth above on this date.

Executed on **July 29, 2022**, at Los Angeles, California.

[X]     (Federal)     I declare under penalty of perjury under the laws of the United States that the above is true and correct.

| Erika Santoyo | |
| --- | --- |
| Print Name | Signature |

Exhibit 8

LTL ATTORNEYS LLP
Joe H. Tuffaha (SBN 253723)
  joe.tuffaha@ltlattorneys.com
Prashanth Chennakesavan (SBN 284022)
  prashanth.chennakesavan@ltlattorneys.com
Heather F. Auyang (SBN 191776)
  heather.auyang@ltlattorneys.com
Patice A. Gore (SBN 258776)
  patice.gore@ltlattorneys.com
300 South Grand Ave., 14th Floor
Los Angeles, CA 90071
Tel:  (213) 612-8900
Fax:  (213) 612-3773

Attorneys for Defendant and
Counterclaimant TP-Link USA Corporation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS INC., | CASE NO.: 2:19-cv-10374-SB-E |
| Plaintiff, | **DEFENDANT TP-LINK USA CORPORATION'S OBJECTIONS AND RESPONSES TO PLAINTIFF THIMES SOLUTIONS, INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO** |
| v. | |
| TP-LINK USA CORPORATION, and AUCTION BROTHERS, INC. d/b/a AMAZZIA, | |
| Defendants. | |
| TP-LINK USA CORPORATION, | |
| Counterclaimant, | |
| v. | |
| THIMES SOLUTIONS INC., | |

No. 2:19-cv-10374-SB-E

1

2          Counter-Defendant.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendant TP-Link USA Corporation ("TP-Link"), by and through and its undersigned counsel, hereby submits the following objections and responses to Plaintiff Thimes Solutions Inc.'s Requests for Production, Set Two ("RFP").

**Objections to Definitions and Instructions**

1.     TP-Link objects to the Definitions and Instructions to the extent that they seek to impose any burdens inconsistent with, or in addition to, TP-Link's obligations under the applicable rules, including the Federal Rules of Civil Procedure, the Local Rules for the Central District of California, any order of this Court, or any stipulation or agreement between the parties.

2.     TP-Link objects to the Definitions and Instructions to the extent that they seek premature disclosure in light of the timetable for the disclosure of certain categories of information, as provided by the Federal Rules of Civil Procedure, the Local Rules for the Central District of California, any order of this Court, or any stipulation or agreement between the parties.

3.     TP-Link objects to the Definitions and Instructions to the extent that they purport to require production of documents that is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

4.     TP-Link objects to the Definitions and Instructions to the extent that they call for production of documents, things, communications, or information not in TP-Link's possession, custody, or control, call for TP-Link to prepare documents or things that do not already exist, or call for documents, things, communications, or information that are not obtainable by means of a reasonably diligent search, including,  without limitation, documents, things, communications, or information that are not maintained by TP-Link in the normal course of business.

5.      TP-Link objects to the Definitions and Instructions to the extent that they seek documents, things, communications, or information that are protected from disclosure by the attorney-client privilege, the work-product immunity doctrine, the common-interest privilege, and/or any other applicable privilege or protection from disclosure afforded by law or regulation.  Inadvertent production of such information shall not constitute the waiver of any applicable privilege, prohibition, limitation, doctrine, immunity, protection, or objection, including, but not limited to, objections on the basis of competency, confidentiality, relevancy, materiality, work-product, privilege, and/or admissibility as evidence.

6.      TP-Link objects to the Definitions and Instructions to the extent that they seek production of documents, things, communications, or information that are trade secrets and/or confidential or proprietary business information of TP-Link or any third party.  Subject to these general objections to the definitions and instructions, and all specific objections, TP-Link shall produce responsive documents after the parties have executed, and the Court has approved and entered, a stipulated protective order governing production of documents in this action.

7.      TP-Link objects to the Definitions and Instructions on the grounds that they are overly broad and/or unduly burdensome to the extent that they are not limited to a timeframe relevant to this action.  Subject to these general objections to the definitions and instructions, and all specific objections, TP-Link shall produce responsive documents dated from January 2018 through the filing of the original complaint in this action.

8.      TP-Link objects to the definition of "YOU" as "TP-Link USA Corporation and all of its agents, brokers, employees, contractors, officers, directors and all persons or entities acting or purporting on its behalf or its their control" is impermissibly vague, ambiguous, and overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive. TP-Link responds to these

1   Requests on behalf of itself alone, and no other entity.

2         9.      TP-Link objects to Plaintiff's definition of "YOU" to the extent that

3   Plaintiff seeks to compel TP-Link to collect or produce information, communications,

4   or documents from parties from whom TP-Link has no right or obligation to collect

5   information or documents.  TP-Link further objects to the definitions of the term

6   "YOU" as being vague, overbroad, and unduly burdensome to the extent that Plaintiff

7   purports to impose discovery obligations on any person who is not a party to this

8   litigation.

9         10.     TP-Link objects to Plaintiff's definition of "RELATING TO" or

10  "RELATE TO" as vague, ambiguous, confusing, overly broad and unduly burdensome

11  as used.

12        11.     TP-Link objects to Plaintiff's definition of "Amazzia" as being vague,

13  overbroad, and unduly burdensome.

14        12.     TP-Link's investigation into the parties' claims and defenses is

15  continuing, and TP-Link's objections and responses to these requests for production

16  are based upon the information in its possession after diligent inquiry at the time of

17  preparation of these responses.  TP-Link reserves the right to amend, supplement,

18  modify, and/or correct its objections or responses based on developments in this

19  litigation and as additional information becomes available to TP-Link in the course of

20  its investigation.

21                    **Specific Objections and Responses**

22  **Request No. 28:**

23        DOCUMENTS sufficient to reflect each instance, prior to May 29, 2019, in

24  which YOU denied warranty coverage to a United States-based consumer for one of

25  YOUR wireless routers because the consumer purchased the product from an

26  "unauthorized re-seller[]," as YOU use the term in paragraph 21 of YOUR

27  counterclaim filed on May 27, 2022 (ECF No. 175).

28

**Objections and Response to Request No. 28:**

TP-Link incorporates its General Objections by reference.  TP-Link further objects to this request on the grounds that it is vague, ambiguous, overly broad and not proportional to the needs of the case to request "DOCUMENTS sufficient to reflect each instance, prior to May 29, 2019, in which YOU denied warranty coverage to a United States-based consumer for one of YOUR wireless routers because the consumer purchased the product from an "unauthorized re-seller[]."  TP-Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive.  TP-Link responds to this Request on behalf of itself alone, and no other entity.  TP-Link also specifically objects to this request to the extent that it seeks privileged and confidential information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or protection.

TP-Link directs Thimes to the following examples in which TP-Link denied warranty coverage for TP-Link products that were resold by unauthorized resellers: Bates Nos. TP000085-TP000094; TP000106-TP000115; TP000130-TP000139.

**Request No. 29:**

DOCUMENTS sufficient to reflect each instance, prior to May 29, 2019, in which YOU denied warranty coverage to a United States-based consumer for one of YOUR wireless routers because the consumer purchased the product on the Amazon Marketplace from an "unauthorized re-seller[]," as YOU use the term in paragraph 21 of YOUR counterclaim filed on May 27, 2022 (ECF No. 175).

**Objections and Response to Request No. 29:**

TP-Link incorporates its General Objections by reference.  TP-Link further objects to this request on the grounds that it is vague, ambiguous, overly broad and not proportional to the needs of the case to request "DOCUMENTS sufficient to reflect each instance, prior to May 29, 2019, in which YOU denied warranty coverage to a

United States-based consumer for one of YOUR wireless routers because the consumer purchased the product on the Amazon Marketplace from an "unauthorized re-seller[]." TP-Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive. TP-Link responds to this Request on behalf of itself alone, and no other entity. TP-Link also specifically objects to this request to the extent that it seeks privileged and confidential information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or protection.

TP-Link directs Thimes to the following examples in which TP-Link denied warranty coverage for TP-Link products that were resold by unauthorized resellers: Bates Nos. TP000085-TP000094; TP000106-TP000115; TP000130-TP000139.

**Request No. 30:**

A copy of YOUR quality control instructions, policies, procedures, or guidelines (including, but not limited to, instructions regarding shipping and handling, product inspection, handling defective or damaged products, storage, and so forth) that were applicable, as of May 29, 2019, to YOUR authorized retailers, distributors, or re-sellers.

**Objections and Response to Request No. 30:**

TP-Link incorporates its General Objections by reference. TP-Link further objects to this request on the grounds that it is vague, ambiguous, overly broad and not proportional to the needs of the case, including the phrases "YOUR quality control instructions, policies, procedures, or guidelines (including, but not limited to, instructions regarding shipping and handling, product inspection, handling defective or damaged products, storage, and so forth)" and "applicable, as of May 29, 2019." TP-Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive. TP-Link responds to this Request on behalf of itself alone, and no other

entity.  TP-Link also specifically objects to this request to the extent that it seeks privileged and confidential information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or protection.

TP-Link directs Thimes to the TP-Link website where products have specification information listing specific environment requirements, including for the Archer C5400 (https://www.tp-link.com/us/home-networking/wifi-router/archer-c5400/#specifications).  This information is as equally available to Thimes.

Moreover, Thimes refused to respond to document requests propounded by co-defendant Amazzia related to how Thimes stored, transported, or maintained quality control of the TP-Link products it offered for sale on Amazon.

Amazzia propounded Document Request No. 12: "All DOCUMENTS and/or ELECTRONIC DATA that REFER or RELATE to the manner in which YOU stored TP-Link products that YOU offered for sale on Amazon."  Thimes refused to search for and produce responsive documents: "Plaintiff objects to the definition of "YOU" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales. Plaintiff further objects to the term "the manner in which YOU stored" as vague and ambiguous. Plaintiff further objects that any relevance of "all" documents on the subject of the Request is minimal, is greatly outweighed by the burden of tracking down all such documents and communications, and on that ground, is disproportional to the needs of the case, considering the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff also objects to this Request to the extent it calls for the production of information protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable protections and privileges."

Amazzia propounded Document Request No. 13: "All DOCUMENTS and/or ELECTRONIC DATA that REFER or RELATE to the manner in which YOU transported TP-Link products that YOU offered for sale on Amazon."  Thimes refused

DEFENDANT TP-LINK USA'S OBJECTIONS AND RESPONSES TO THIMES REQUESTS FOR PRODUCTION, SET TWO

to search for and produce responsive documents: "Plaintiff objects to the definition of "YOU" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales. Plaintiff further objects to the term "the manner in which YOU transported" as vague and ambiguous. Plaintiff further objects that any relevance of "all" documents on the subject of the Request is minimal, is greatly outweighed by the burden of tracking down all such documents and communications, and on that ground, is disproportional to the needs of the case, considering the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff also objects to this Request to the extent it calls for the production of information protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable protections and privileges."

Amazzia propounded Document Request No. 24: "All DOCUMENTS and/or ELECTRONIC DATA REGARDING YOUR post-manufacturer quality control processes with regard to TP-Link products YOU sold or offered for sale on Amazon or elsewhere."  Thimes refused to search for and produce responsive documents: "Plaintiff objects to the definition of "YOU" and "YOUR" as overbroad, and interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales. Plaintiff objects to the term "post-manufacturer quality control processes" as vague and ambiguous. Plaintiff also objects to this Request to the extent it calls for the production of information protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable protections and privileges."

Thimes also refused to respond to an Interrogatory about how Thimes stored and transported the TP-Link products that it sold.  Amazzia propounded Interrogatory No. 23: "Please describe with specificity all steps YOU took to ensure that the TP-Link products that YOU attempted to sell on Amazon were stored and transported in accordance with TP-Link's requirements for authorized resellers."  Thimes refused to

respond: "Plaintiff objects to this Interrogatory on grounds of relevance, as Plaintiff did not enter into any distributorship (or similar) agreement with TP-Link, nor are such purported requirements relevant to Plaintiff's claims.  Plaintiff further objects the terms "stored and transported" and "TP-Link's requirements for authorized resellers" as vague and ambiguous.   Plaintiff further objects to the definition of "YOU" as overbroad, and interprets it to mean Thimes Solutions Inc."

**Request No. 31:**

DOCUMENTS sufficient to reflect YOUR efforts, prior to May 29, 2019, to enforce YOUR quality control instructions, policies, procedures, or guidelines (including, but not limited to, instructions regarding shipping and handling, product inspection, handling defective or damaged products, storage, and so forth) upon YOUR authorized retailers, distributors, or re-sellers.

**Objections and Response to Request No. 31:**

TP-Link incorporates its General Objections by reference.  TP-Link further objects to this request on the grounds that it is vague, ambiguous, overly broad and not proportional to the needs of the case, including the phrase "YOUR efforts, prior to May 29, 2019, to enforce YOUR quality control instructions, policies, procedures, or guidelines (including, but not limited to, instructions regarding shipping and handling, product inspection, handling defective or damaged products, storage, and so forth)." TP-Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive.  TP-Link responds to this Request on behalf of itself alone, and no other entity.  TP-Link also specifically objects to this request to the extent that it seeks privileged and confidential information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or protection.

Moreover, Thimes refused to respond to document requests propounded by co-defendant Amazzia related to how Thimes stored, transported, or maintained quality

1  control of the TP-Link products it offered for sale on Amazon.

2      Amazzia propounded Document Request No. 12: "All DOCUMENTS and/or
3  ELECTRONIC DATA that REFER or RELATE to the manner in which YOU stored
4  TP-Link products that YOU offered for sale on Amazon."  Thimes refused to search
5  for and produce responsive documents: "Plaintiff objects to the definition of "YOU"
6  as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods &
7  Sales. Plaintiff further objects to the term "the manner in which YOU stored" as vague
8  and ambiguous. Plaintiff further objects that any relevance of "all" documents on the
9  subject of the Request is minimal, is greatly outweighed by the burden of tracking down
10 all such documents and communications, and on that ground, is disproportional to the
11 needs of the case, considering the parties' resources, the importance of the discovery
12 in resolving the issues, and whether the burden or expense of the proposed discovery
13 outweighs its likely benefit. Plaintiff also objects to this Request to the extent it calls
14 for the production of information protected from disclosure by the attorney-client
15 privilege, the work product doctrine, or other applicable protections and privileges."

16     Amazzia propounded Document Request No. 13: "All DOCUMENTS and/or
17 ELECTRONIC DATA that REFER or RELATE to the manner in which YOU
18 transported TP-Link products that YOU offered for sale on Amazon."   Thimes refused
19 to search for and produce responsive documents: "Plaintiff objects to the definition of
20 "YOU" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal
21 Goods & Sales. Plaintiff further objects to the term "the manner in which YOU
22 transported" as vague and ambiguous. Plaintiff further objects that any relevance of
23 "all" documents on the subject of the Request is minimal, is greatly outweighed by the
24 burden of tracking down all such documents and communications, and on that ground,
25 is disproportional to the needs of the case, considering the parties' resources, the
26 importance of the discovery in resolving the issues, and whether the burden or expense
27 of the proposed discovery outweighs its likely benefit. Plaintiff also objects to this

28

1  Request to the extent it calls for the production of information protected from
2  disclosure by the attorney-client privilege, the work product doctrine, or other
3  applicable protections and privileges."

4      Amazzia propounded Document Request No. 24: "All DOCUMENTS and/or
5  ELECTRONIC DATA REGARDING YOUR post-manufacturer quality control
6  processes with regard to TP-Link products YOU sold or offered for sale on Amazon or
7  elsewhere."    Thimes refused to search for and produce responsive documents:
8  "Plaintiff objects to the definition of "YOU" and "YOUR" as overbroad, and interprets
9  them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales. Plaintiff objects
10  to the term "post-manufacturer quality control processes" as vague and ambiguous.
11  Plaintiff also objects to this Request to the extent it calls for the production of
12  information protected from disclosure by the attorney-client privilege, the work
13  product doctrine, or other applicable protections and privileges."

14      Thimes also refused to respond to an Interrogatory about how Thimes stored and
15  transported the TP-Link products that it sold.  Amazzia propounded Interrogatory No.
16  23: "Please describe with specificity all steps YOU took to ensure that the TP-Link
17  products that YOU attempted to sell on Amazon were stored and transported in
18  accordance with TP-Link's requirements for authorized resellers."  Thimes refused to
19  respond: "Plaintiff objects to this Interrogatory on grounds of relevance, as Plaintiff
20  did not enter into any distributorship (or similar) agreement with TP-Link, nor are such
21  purported requirements relevant to Plaintiff's claims.  Plaintiff further objects the terms
22  "stored and transported" and "TP-Link's requirements for authorized resellers" as
23  vague and ambiguous.   Plaintiff further objects to the definition of "YOU" as
24  overbroad, and interprets it to mean Thimes Solutions Inc."

25  **Request No. 32:**

26      DOCUMENTS sufficient to reflect each instance, prior to May 29, 2019, in
27  which YOU denied warranty coverage to a United States-based consumer for one of

28

1 YOUR wireless routers for the stated reason that the consumer purchased that product

2 from a seller that did not comply with YOUR quality control instructions, policies,

3 procedures, or guidelines (including, but not limited to, instructions regarding shipping

4 and handling, product inspection, handling defective or damaged products, storage, and

5 so forth).

6 **Objections and Response to Request No. 32:**

7 TP-Link incorporates its General Objections by reference.  TP-Link further

8 objects to this request on the grounds that it is vague, ambiguous, overly broad and not

9 proportional to the needs of the case, including the phrases "sufficient to reflect each

10 instance," "YOU denied warranty coverage to a United States-based consumer for one

11 of YOUR wireless routers for the stated reason that the consumer purchased that

12 product from a seller that did not comply with YOUR quality control instructions,

13 policies, procedures, or guidelines (including, but not limited to, instructions regarding

14 shipping and handling, product inspection, handling defective or damaged products,

15 storage, and so forth)," and "prior to May 29, 2019."  TP-Link objects to the definition

16 of "YOU" as impermissibly vague, ambiguous, and overbroad, and renders any related

17 requests unduly burdensome, unreasonable, and oppressive.  TP-Link responds to this

18 Request on behalf of itself alone, and no other entity.  TP-Link also specifically objects

19 to this request to the extent that it seeks privileged and confidential information

20 protected from disclosure by the attorney-client privilege, the attorney work-product

21 doctrine, and/or any other privilege or protection.

22 Moreover, Thimes refused to respond to document requests propounded by co-

23 defendant Amazzia related to how Thimes stored, transported, or maintained quality

24 control of the TP-Link products it offered for sale on Amazon.

25 Amazzia propounded Document Request No. 12: "All DOCUMENTS and/or

26 ELECTRONIC DATA that REFER or RELATE to the manner in which YOU stored

27 TP-Link products that YOU offered for sale on Amazon."  Thimes refused to search

28

for and produce responsive documents: "Plaintiff objects to the definition of "YOU" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales. Plaintiff further objects to the term "the manner in which YOU stored" as vague and ambiguous. Plaintiff further objects that any relevance of "all" documents on the subject of the Request is minimal, is greatly outweighed by the burden of tracking down all such documents and communications, and on that ground, is disproportional to the needs of the case, considering the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff also objects to this Request to the extent it calls for the production of information protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable protections and privileges."

Amazzia propounded Document Request No. 13: "All DOCUMENTS and/or ELECTRONIC DATA that REFER or RELATE to the manner in which YOU transported TP-Link products that YOU offered for sale on Amazon."   Thimes refused to search for and produce responsive documents: "Plaintiff objects to the definition of "YOU" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales. Plaintiff further objects to the term "the manner in which YOU transported" as vague and ambiguous. Plaintiff further objects that any relevance of "all" documents on the subject of the Request is minimal, is greatly outweighed by the burden of tracking down all such documents and communications, and on that ground, is disproportional to the needs of the case, considering the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff also objects to this Request to the extent it calls for the production of information protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable protections and privileges."

Amazzia propounded Document Request No. 24: "All DOCUMENTS and/or

ELECTRONIC DATA REGARDING YOUR post-manufacturer quality control processes with regard to TP-Link products YOU sold or offered for sale on Amazon or elsewhere."   Thimes refused to search for and produce responsive documents: "Plaintiff objects to the definition of "YOU" and "YOUR" as overbroad, and interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales. Plaintiff objects to the term "post-manufacturer quality control processes" as vague and ambiguous. Plaintiff also objects to this Request to the extent it calls for the production of information protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable protections and privileges."

Thimes also refused to respond to an Interrogatory about how Thimes stored and transported the TP-Link products that it sold.  Amazzia propounded Interrogatory No. 23: "Please describe with specificity all steps YOU took to ensure that the TP-Link products that YOU attempted to sell on Amazon were stored and transported in accordance with TP-Link's requirements for authorized resellers."  Thimes refused to respond: "Plaintiff objects to this Interrogatory on grounds of relevance, as Plaintiff did not enter into any distributorship (or similar) agreement with TP-Link, nor are such purported requirements relevant to Plaintiff's claims.  Plaintiff further objects the terms "stored and transported" and "TP-Link's requirements for authorized resellers" as vague and ambiguous.  Plaintiff further objects to the definition of "YOU" as overbroad, and interprets it to mean Thimes Solutions Inc."

**Request No. 33:**

All DOCUMENTS and COMMUNICATIONS YOU sent to or received from Amazon, prior to August 27, 2018, reflecting that Amazon had rejected, or otherwise refused to take any action upon, a complaint submitted by YOU (or on YOUR behalf) regarding products with Amazon Standard Identification Number B01DXVK3KY, B00NR2VMNC, B003CFATNI, B003BU0EKW, B00K11UIV4, B06WVCB862 B014PY9K5M, B01N8ROHLG, B01N4R01UJ, B00BUSDVBQ, B010S6SG3S,

B00TQEX7AQ, B074WJPPCZ, B06XZ3S6B8, B003Y5RYNY, B01N0XZ1TU, and B0178IC734.

**Objections and Response to Request No. 33:**

TP-Link incorporates its General Objections by reference. TP-Link further objects to this request on the grounds that it is vague, ambiguous, overly broad and not proportional to the needs of the case, including the phrases "All DOCUMENTS and COMMUNICATIONS," "prior to August 27, 2018," "reflecting that Amazon had rejected, or otherwise refused to take any action upon, a complaint submitted by YOU (or on YOUR behalf)," and for Amazon Standard Identification Number for products unrelated to Thimes. TP-Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive. TP-Link responds to this Request on behalf of itself alone, and no other entity. TP-Link also specifically objects to this request to the extent that it seeks privileged and confidential information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or protection.

This request is outside the scope of discovery. *See* Discovery Order (ECF No. 191).

**Request No. 34:**

DOCUMENTS sufficient to reflect YOUR annual profit and profit margin, on a per-unit basis, for each wireless router SKU (stock keeping unit) that YOU sold in the United States, for each year from 2018-2022.

**Objections and Response to Request No. 34:**

TP-Link incorporates its General Objections by reference. TP-Link further objects to this request on the grounds that it is vague, ambiguous, overly broad and not proportional to the needs of the case, including the phrases "YOUR annual profit and profit margin, on a per-unit basis, for each wireless router SKU (stock keeping unit)

that YOU sold in the United States, for each year from 2018-2022," and in particular because Thimes only sold two models of TP-Link routers.  Moreover, Thimes has refused to produce detailed balance sheets, any cash flow statements, QuickBooks files (not Excel extracts), InventoryLab files (not Excel extracts), and any financial information from 2021 to present, as well as Mr. Eisenberg's tax returns.  TP-Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive.  TP-Link responds to this Request on behalf of itself alone, and no other entity.  TP-Link also specifically objects to this request to the extent that it seeks privileged and confidential information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or protection.

TP-Link will seek disgorgement of Thimes's profits and/or statutory damages.  Thus, the scope of this request is not relevant or proportional to the needs of the case.

**Request No. 35:**

All DOCUMENTS and COMMUNICATIONS that support YOUR counterclaim.

**Objections and Response to Request No. 35:**

TP-Link incorporates its General Objections by reference.  TP-Link specifically objects to this request on the grounds that it seeks privileged and confidential information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, among other privileges and protections.  TP-Link further specifically objects to this request on the grounds that it fails to adequately describe the documents sought with reasonable particularity and seeks premature disclosure of documents and things outside any scheduling order entered in this litigation.  TP-Link responds that it will produce documents responsive to this request as discovery progresses.

**Request No. 36:**

No. 2:19-cv-10374-SB-E

DEFENDANT TP-LINK USA'S OBJECTIONS AND RESPONSES TO THIMES REQUESTS FOR PRODUCTION, SET TWO

All DOCUMENTS and COMMUNICATIONS exchanged between YOUR employees regarding the January 19, 2018 e-mail sent by Avi Eisenberg that has been filed with the Court as ECF No. 168-5.

**Objections and Response to Request No. 36:**

TP-Link incorporates its General Objections by reference.  TP-Link further objects to this request on the grounds that it is vague, ambiguous, overly broad and not proportional to the needs of the case, including the phrase "All DOCUMENTS and COMMUNICATIONS." TP-Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive.  TP-Link responds to this Request on behalf of itself alone, and no other entity.  TP-Link also specifically objects to this request to the extent that it seeks privileged and confidential information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or protection.

Subject to these Specific Objections, and all Objections to the Definitions and Instructions, TP-Link responds that it has performed a reasonable search and has no responsive documents in its possession, custody, or control.

**Request No. 37:**

All DOCUMENTS and COMMUNICATIONS exchanged between YOU and Amazzia regarding the January 19, 2018 e-mail sent by Avi Eisenberg that has been filed with the Court as ECF No. 168-5.

**Objections and Response to Request No. 37:**

TP-Link incorporates its General Objections by reference.  TP-Link further objects to this request on the grounds that it is vague, ambiguous, overly broad and not proportional to the needs of the case, including the phrase "All DOCUMENTS and COMMUNICATIONS." TP-Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and overbroad, and renders any related requests unduly

burdensome, unreasonable, and oppressive.  TP-Link responds to this Request on behalf of itself alone, and no other entity.  TP-Link also specifically objects to this request to the extent that it seeks privileged and confidential information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or protection.

Subject to these Specific Objections, and all Objections to the Definitions and Instructions, TP-Link responds that it has already produced documents responsive to this request. *See* Bates No. TP000072.

**Request No. 38:**

All DOCUMENTS and COMMUNICATIONS exchanged between YOUR employees regarding the February 1, 2018 letter by Anthony Famularo that has been filed with the Court as ECF No. 168-6.

**Objections and Response to Request No. 38:**

TP-Link incorporates its General Objections by reference.  TP-Link further objects to this request on the grounds that it is vague, ambiguous, overly broad and not proportional to the needs of the case, including the phrase "All DOCUMENTS and COMMUNICATIONS."  TP-Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive.  TP-Link responds to this Request on behalf of itself alone, and no other entity.  TP-Link also specifically objects to this request to the extent that it seeks privileged and confidential information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or protection.

Subject to these Specific Objections, and all Objections to the Definitions and Instructions, TP-Link responds that it has performed a reasonable search and has no responsive documents in its possession, custody, or control.

**Request No. 39:**

1   All DOCUMENTS and COMMUNICATIONS exchanged between YOU and
2   Amazzia regarding the February 1, 2018 letter by Anthony Famularo that has been filed
3   with the Court as ECF No. 168-6.

4   **Objections and Response to Request No. 39:**

5   TP-Link incorporates its General Objections by reference.  TP-Link further
6   objects to this request on the grounds that it is vague, ambiguous, overly broad and not
7   proportional to the needs of the case, including the phrase "All DOCUMENTS and
8   COMMUNICATIONS."  TP-Link objects to the definition of "YOU" as impermissibly
9   vague, ambiguous, and overbroad, and renders any related requests unduly
10  burdensome, unreasonable, and oppressive.  TP-Link responds to this Request on
11  behalf of itself alone, and no other entity.  TP-Link also specifically objects to this
12  request to the extent that it seeks privileged and confidential information protected
13  from disclosure by the attorney-client privilege, the attorney work-product doctrine,
14  and/or any other privilege or protection.

15  Subject to these Specific Objections, and all Objections to the Definitions and
16  Instructions, TP-Link responds that it has already produced documents responsive to
17  this request.  *See* Bates Nos. TP000069-TP000070.

18  **Request No. 40:**

19  All DOCUMENTS and COMMUNICATIONS provided by YOU to Amazon,
20  prior to May 29, 2019, regarding YOUR warranties, if any, for any TP-Link products
21  sold on Amazon (whether directly by you on Amazon or through a third-party seller on
22  the Amazon Marketplace).

23  **Objections and Response to Request No. 40:**

24  TP-Link incorporates its General Objections by reference.  TP-Link further
25  objects to this request on the grounds that it is vague, ambiguous, overly broad and not
26  proportional to the needs of the case, including the phrases "All DOCUMENTS and
27  COMMUNICATIONS," "prior to May 29, 2019," and "for any TP-Link products sold

28

on Amazon (whether directly by you on Amazon or through a third-party seller on the Amazon Marketplace)." TP-Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive. TP-Link responds to this Request on behalf of itself alone, and no other entity. TP-Link also specifically objects to this request to the extent that it seeks privileged and confidential information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or protection.

Subject to these Specific Objections, and all Objections to the Definitions and Instructions, TP-Link responds an example of TP-Link's Warranty page that was available on Amazon is located at ECF No. 101-1.

**Request No. 41:**

A copy of any contracts between YOU and Amazon, that were in effect prior to May 29, 2019, that have any terms concerning YOUR warranties, if any, for any TP-Link products sold on Amazon (whether directly by you on Amazon or through a third-party seller on the Amazon Marketplace).

**Objections and Response to Request No. 41:**

TP-Link incorporates its General Objections by reference. TP-Link further objects to this request on the grounds that it is vague, ambiguous, overly broad and not proportional to the needs of the case, including the phrases "A copy of any contracts between YOU and Amazon, that were in effect prior to May 29, 2019, that have any terms concerning YOUR warranties," and "for any TP-Link products sold on Amazon (whether directly by you on Amazon or through a third-party seller on the Amazon Marketplace)." TP-Link objects to the definition of "YOU" as impermissibly vague, ambiguous, and overbroad, and renders any related requests unduly burdensome, unreasonable, and oppressive. TP-Link responds to this Request on behalf of itself alone, and no other entity. TP-Link also specifically objects to this request to the extent

1   that it seeks privileged and confidential information protected from disclosure by the

2   attorney-client privilege, the attorney work-product doctrine, and/or any other privilege

3   or protection.

4   **Request No. 42:**

5        All DOCUMENTS and COMMUINICATIONS exchanged between YOU and

6   Amazon, prior to May 29, 2019, regarding any language regarding the enforcement or

7   non-enforcement of YOUR warranties, that would be displayed to any Amazon

8   consumer viewing any of YOUR products on Amazon.

9   **Objections and Response to Request No. 42:**

10       TP-Link incorporates its General Objections by reference. TP-Link further

11   objects to this request on the grounds that it is vague, ambiguous, overly broad and not

12   proportional to the needs of the case, including the phrases "All DOCUMENTS and

13   COMMUNICATIONS," "prior to May 29, 2019," and "any language regarding the

14   enforcement or non-enforcement of YOUR warranties, that would be displayed to any

15   Amazon consumer viewing any of YOUR products on Amazon." TP-Link objects to

16   the definition of "YOU" as impermissibly vague, ambiguous, and overbroad, and

17   renders any related requests unduly burdensome, unreasonable, and oppressive. TP-

18   Link responds to this Request on behalf of itself alone, and no other entity. TP-Link

19   also specifically objects to this request to the extent that it seeks privileged and

20   confidential information protected from disclosure by the attorney-client privilege, the

21   attorney work-product doctrine, and/or any other privilege or protection.

22       *See* Response to Request No. 40.

23

24

25   Dated: August 4, 2022

26                                 LTL ATTORNEYS LLP

27                         By:  */s/ Heather F. Auyang*

28                              Joedat H. Tuffaha

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Prashanth Chennakesavan
Heather F. Auyang
Patice A. Gore

*Attorneys for Defendant and
Counterclaimant TP-Link USA
Corp.*

DEFENDANT TP-LINK USA'S OBJECTIONS AND RESPONSES TO THIMES REQUESTS FOR PRODUCTION, SET TWO

1

## <u>PROOF OF SERVICE</u>

2

I am employed in the County of Los Angeles, State of California.  I am over
3
the age of eighteen years and not a party to this action.  My business address is: 300
S. Grand Ave, 14th Floor, Los Angeles, CA 90071.
4

5
On this date **August 4, 2022**, I served the foregoing document(s) described as

6
• **DEFENDANT TP-LINK USA CORPORATION'S OBJECTIONS AND
7      RESPONSES TO PLAINTIFF THIMES SOLUTIONS, INC.'S
       REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO**
8

9
on the Counsel for Thimes.

| | |
|---|---|
| Randolph Gaw<br>Mark Poe<br>Victor Meng<br>**GAW \| POE LLP**<br>4 Embarcadero Center, Suite 1400<br>San Francisco, CA 94111<br>E-mail: rgaw@gawpoe.com<br>        mpoe@gawpoe.com<br>        vmeng@gawpoe.com | Attorneys for Plaintiff and Counter-<br>Defendant Thimes Solutions Inc. |
| Mark Schlachet<br>**Law Offices of Mark Schlachet**<br>43 West 43d Street, Suite 220<br>New York, New York 10036<br>E-mail: markschlachet@me.com | |

[X]   **BY ELECTRONIC MAIL** I transmitted the above listed document(s) to the
       e-mail address set forth above on this date.

Executed on **August 4, 2022**, at Los Angeles, California.

[X]    (Federal) I declare under penalty of perjury under the laws of the United States
of America that the above is true and correct.

1
2

<u>     Erika Santoyo     </u>     
*Print Name*               *Signature*

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT TP-LINK USA'S OBJECTIONS AND RESPONSES TO THIMES REQUESTS FOR PRODUCTION, SET TWO

# Exhibit 9

RANDOLPH GAW (S.B. #223718)
rgaw@gawpoe.com
MARK POE (S.B. #223714)
mpoe@gawpoe.com
VICTOR MENG (S.B. #254102)
vmeng@gawpoe.com
GAW | POE LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

MARK SCHLACHET (*pro hac vice*)
markschlachet@me.com
43 West 43d Street, Suite 220
New York, New York 10036
Telephone: (216) 225-7559
Facsimile: (216) 932-5390

Attorneys for Plaintiff
Thimes Solutions Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

THIMES SOLUTIONS INC.

Plaintiffs,

v.

TP-LINK USA CORPORATION,
and AUCTION BROTHERS, INC.
d/b/a AMAZZIA

Defendant.

Case No. 2:19-cv-10374-SB-E

**THIMES SOLUTIONS INC.'S
OBJECTIONS AND RESPONSES TO
DEFENDANT AUCTION
BROTHERS, INC. d/b/a AMAZZIA'S
FIRST SET OF
INTERROGATORIES**

PROPOUNDING PARTY:     Defendant Auction Brothers, Inc. d/b/a Amazzia

RESPONDING PARTY:     Plaintiff Thimes Solutions Inc.

SET NO.:     One

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Thimes Solutions Inc. hereby objects and responds to Defendant Auction Brothers, Inc. d/b/a Amazzia's First Set of Interrogatories to Plaintiff, served on June 7, 2022.

### GENERAL OBJECTIONS

1.     Plaintiff objects to the Interrogatories and to each definition, instruction, and Interrogatory therein to the extent they purport to impose on Plaintiff obligations that differ from or exceed those of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District of California, or any order or ruling by the Court in this action.  Plaintiff will respond to the Interrogatories in conformity with applicable rules and orders and not necessarily in accordance with the instructions, definitions, or other statements in the Interrogatories.

2.     Plaintiff objects to the Interrogatories and to each Interrogatory therein to the extent they seek information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

3.     Plaintiff objects to the Interrogatories and to each Interrogatory therein to the extent they purport to call for information protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable protections and privileges.

4.     Plaintiff objects to the Interrogatories and to each Interrogatory therein to the extent they request information solely in the possession, custody, or control of Defendants TP-Link USA Corporation or Auction Brothers, Inc. d/b/a Amazzia or third parties.

5.     Plaintiff's responses are made without conceding the relevance of any information provided.  Plaintiff reserves the right to object on any ground to the admission of the Interrogatories or any information produced in response to the Interrogatories.

THIMES RESPONSE TO
AMAZZIA FIRST ROGS
CASE NO. 2:19-CV-10374-SB-E

6.     Plaintiff's responses are not intended to be, and should not be construed as agreement or concurrence with any characterization of the facts, circumstances, or legal arguments contained in the Interrogatories.  Plaintiff reserves the right to contest such characterizations.  Plaintiff also objects to the Interrogatories to the extent they contain express or implied assumptions of fact or law with respect to matters at issue in this litigation.  Any answer by Plaintiff is not an admission that any factual or legal predicate stated in the Interrogatories is accurate.

7.     These General Objections are incorporated into Plaintiff's response to each Interrogatory.  To the extent that Plaintiff responds to any Interrogatory covered by these General Objections and any specific objections, Plaintiff's response is without waiver of those objections.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

IDENTIFY all Amazon storefronts managed, owned and/or operated by YOU, in part or otherwise, since January 1, 2016.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff objects to this Interrogatory on grounds of relevance, as liability on Plaintiff's claims turns on TP-Link's conduct, and not the Amazon storefronts that Plaintiff "managed, owned and/or operated … in part or otherwise."  Plaintiff further objects to the term "in part or otherwise" as vague and ambiguous.  Plaintiff further objects to the definition of "YOU" as overbroad, and interprets it to mean Thimes Solutions Inc.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:  Plaintiff's Amazon storefront is "Universal Goods & Sales."

**INTERROGATORY NO. 2:**

IDENTIFY all Amazon storefronts managed, owned and/or operated by Avraham Eisenberg, in part or otherwise, since January 1, 2016.

1   **RESPONSE TO INTERROGATORY NO. 2:**

2          Plaintiff objects to this Interrogatory on grounds of relevance, as liability on

3   Plaintiff's claims turns on TP-Link's conduct, and not the Amazon storefronts that

4   Avraham Eisenberg "managed, owned and/or operated … in part or otherwise."  .

5   Plaintiff further objects to the term "in part or otherwise" as vague and ambiguous.

6          Subject to and without waiving the foregoing objections, Plaintiff responds as

7   follows:  Plaintiff's Amazon storefront is "Universal Goods & Sales."

8   **INTERROGATORY NO. 3:**

9          With respect to any Amazon storefront operated by YOU, IDENTIFY each

10  communication YOU received from Amazon since January 1, 2016, for

11  inadequate/inaccurate product descriptions, negative customer feedbacks, warnings,

12  complaints, suspensions, removals and/or expulsions.

13  **RESPONSE TO INTERROGATORY NO. 3:**

14         Plaintiff objects to the definition of "YOU" as overbroad, and interprets it to

15  mean Thimes Solutions Inc.  Plaintiff further objects to the terms

16  "inadequate/inaccurate product descriptions," "negative customer feedbacks,"

17  "warnings," and "complaints" as vague and ambiguous.  Plaintiff further objects to

18  this Interrogatory on grounds of relevance, to the extent it seeks information about

19  any Amazon storefront operated by Plaintiff that is not at issue in this case.  Plaintiff

20  further objects that any relevance of identifying "each" communication it received

21  from Amazon since January 1, 2016 for "inadequate/inaccurate product descriptions,

22  negative customer feedbacks, warnings, complaints, suspensions, removals and/or

23  expulsions" is minimal, is greatly outweighed by the burden of tracking down all

24  such communications, and on that ground, is disproportional to the needs of the

25  case, considering the parties' resources, the importance of the discovery in resolving

26  the issues, and whether the burden or expense of the proposed discovery outweighs

27  its likely benefit.  Plaintiff will only identify the e-mails it received from Amazon

28  containing warnings or complaints of intellectual property infringement (such as

- 3 -

THIMES RESPONSE TO
AMAZZIA FIRST ROGS
CASE NO. 2:19-CV-10374-SB-E

trademark infringement or counterfeiting), suspensions, removals, or expulsion.
Plaintiff further objects to the definition of "YOU" as overbroad, and interprets it to
mean Thimes Solutions Inc.

Subject to and without waiving the foregoing objections, Plaintiff responds as
follows:  Plaintiff received e-mails from Amazon on the following dates concerning
Defendants' accusation of Plaintiff selling counterfeit goods or engaging in
trademark infringement: January 19, 2018; January 21, 2018; February 28, 2018;
March 2, 2018; March 3, 2018; March 10, 2018; March 13, 2018; March 21, 2018;
March 31, 2018; April 2, 2018; April 5, 2018; April 6, 2018; April 7, 2018; April 9,
2018; April 10, 2018; April 11, 2018; April 12, 2018; April 24, 2018; April 25,
2018; April 26, 2018; April 30, 2018; May 28, 2018; May 30, 2018; June 7, 2018;
and June 21, 2018.

Plaintiff also received an e-mail from Amazon on May 7, 2018 notifying
Plaintiff about Amazon's suspension of Plaintiff for alleged infringement of
intellectual property rights.

Plaintiff also received an e-mail from Amazon on August 27, 2018 notifying
Plaintiff that it had been permanently expelled from the Amazon marketplace.

Plaintiff also received an e-mail from Amazon containing a Notice of
Intellectual Property Rights Infringement on January 13, 2017, and a subsequent e-
mail on October 19, 2017 stating that Amazon had reinstated that content following
Plaintiff's appeal.  Plaintiff also received e-mails from Amazon on June 26, 2017
and May 11, 2018 containing a Notice of Intellectual Property Rights Infringement.
Plaintiff additionally received e-mails from Amazon containing a notice of
trademark infringement on the following dates: May 31, 2018; June 24, 2018, and
August 22, 2018.  Plaintiff also received e-mails from Amazon regarding purported
counterfeit Prevagen products on June 9, 2018, June 10, 2018, June 21, 2018, and
June 23, 2018.

1   **INTERROGATORY NO. 4:**

2         With respect to any Amazon storefront operated by YOU, IDENTIFY each

3   complaint YOU received from Amazon since January 1, 2016, about authenticity of

4   products sold or offered for sale by YOU.

5   **RESPONSE TO INTERROGATORY NO. 4:**

6         Plaintiff objects to the definition of "YOU" as overbroad, and interprets it to

7   mean Thimes Solutions Inc.  Plaintiff further objects to this Interrogatory on

8   grounds of relevance, to the extent it seeks information about any Amazon storefront

9   operated by Plaintiff that is not at issue in this case.  Plaintiff will construe this

10  Interrogatory as requesting the identification of communications received from

11  Amazon concerning Thimes Solutions, Inc. dba Universal Goods & Sales.  Plaintiff

12  further objects to the definition of "YOU" as overbroad, and interprets it to mean

13  Thimes Solutions Inc.  Plaintiff also objects to the term "authenticity" as vague and

14  ambiguous and will interpret that term to refer to accusations of trademark

15  infringement or counterfeiting.

16        Subject to and without waiving the foregoing objections, Plaintiff responds as

17  follows:  Plaintiff received an e-mails from Amazon on the following dates

18  concerning Defendants' accusation of Plaintiff selling counterfeit goods or engaging

19  in trademark infringement: January 19, 2018; January 21, 2018; February 28, 2018;

20  March 2, 2018; March 3, 2018; March 10, 2018; March 13, 2018; March 21, 2018;

21  March 31, 2018; April 2, 2018; April 5, 2018; April 6, 2018; April 7, 2018; April 9,

22  2018; April 10, 2018; April 11, 2018; April 12, 2018; April 24, 2018; April 25,

23  2018; April 26, 2018; April 30, 2018; May 28, 2018; May 30, 2018; June 7, 2018;

24  and June 21, 2018.  Plaintiff also received an e-mail from Amazon on May 11, 2018

25  regarding the authenticity of a non-TP Link product that it was listing.  Plaintiff also

26  received e-mails from Amazon regarding purported counterfeit Prevagen products

27  on June 9, 2018, June 10, 2018, June 21, 2018, and June 23, 2018.

28

1     **INTERROGATORY NO. 5:**

2        IDENTIFY all seller(s) or supplier(s) from whom YOU purchased TP-Link

3 products since January 1, 2016.

4 **RESPONSE TO INTERROGATORY NO. 5:**

5        Plaintiff objects to the definition of "YOU" as overbroad, and interprets it to

6 mean Thimes Solutions Inc.

7        Subject to and without waiving the foregoing objection, Plaintiff responds as

8 follows:  Plaintiff purchased TP-Link branded products from The Surplus Company

9 and Imaginari Wholesale Products.

10 **INTERROGATORY NO. 6:**

11        With respect to any Amazon storefront operated by YOU, IDENTIFY each

12 complaint YOU received from Amazon since January 1, 2016, about intellectual

13 property violations, including but not limited to trademark/patent/copyright

14 infringement or counterfeit products.

15 **RESPONSE TO INTERROGATORY NO. 6:**

16        Plaintiff objects to the definition of "YOU" as overbroad, and interprets it to

17 mean Thimes Solutions Inc.  Plaintiff further objects to this Interrogatory on

18 grounds of relevance, to the extent it seeks information about any Amazon storefront

19 operated by Plaintiff that is not at issue in this case.  Plaintiff will construe this

20 Interrogatory as requesting the identification of communications received from

21 Amazon concerning Thimes Solutions, Inc. dba Universal Goods & Sales.

22        Subject to and without waiving the foregoing objections, Plaintiff responds as

23 follows:

24        Plaintiff received an e-mails from Amazon on the following dates concerning

25 Defendants' accusation of Plaintiff selling counterfeit goods or engaging in

26 trademark infringement: January 19, 2018; January 21, 2018; February 28, 2018;

27 March 2, 2018; March 3, 2018; March 10, 2018; March 13, 2018; March 21, 2018;

28 March 31, 2018; April 2, 2018; April 5, 2018; April 6, 2018; April 7, 2018; April 9,

THIMES RESPONSE TO AMAZZIA FIRST ROGS CASE NO. 2:19-CV-10374-SB-E

2018; April 10, 2018; April 11, 2018; April 12, 2018; April 24, 2018; April 25, 2018; April 26, 2018; April 30, 2018; May 28, 2018; May 30, 2018; June 7, 2018; and June 21, 2018.

Plaintiff also received an e-mail from Amazon on May 7, 2018 notifying Plaintiff about Amazon's suspension of Plaintiff for alleged infringement of intellectual property rights.

Plaintiff also received an e-mail from Amazon on August 27, 2018 notifying Plaintiff that it had been permanently expelled from the Amazon marketplace.

Plaintiff also received an e-mail from Amazon containing a Notice of Intellectual Property Rights Infringement on January 13, 2017, and a subsequent e-mail on October 19, 2017 stating that Amazon had reinstated that content following Plaintiff's appeal.  Plaintiff also received e-mails from Amazon on June 26, 2017 and May 11, 2018 containing a Notice of Intellectual Property Rights Infringement. Plaintiff additionally received e-mails from Amazon containing a notice of trademark infringement on the following dates: May 31, 2018; June 24, 2018, and August 22, 2018.  Plaintiff also received e-mails from Amazon regarding purported counterfeit Prevagen products on June 9, 2018, June 10, 2018, June 21, 2018, and June 23, 2018.

**INTERROGATORY NO. 7:**

With respect to any Amazon storefront operated by YOU, IDENTIFY all negative customer reviews from Amazon purchasers since January 1, 2016.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff objects to the definition of "YOU" as overbroad, and interprets it to mean Thimes Solutions Inc.  Plaintiff further objects to this Interrogatory to the extent it seeks information solely in the possession of third parties.  Plaintiff further objects that any relevance of identifying "each" "negative customer review" it received from Amazon since January 1, 2016 for any product (and regardless of the context of the review itself) is minimal, is greatly outweighed by the burden of

1   tracking down all such communications, and on that ground, is disproportional to the

2   needs of the case, considering the parties' resources, the importance of the discovery

3   in resolving the issues, and whether the burden or expense of the proposed discovery

4   outweighs its likely benefit.  Plaintiff also objects that as vague and ambiguous as to

5   what could constitute a "negative customer review."

6         Subject to and without waiving the foregoing objections, Plaintiff states that it

7   no longer has access to its Amazon Marketplace account and therefore is unable to

8   answer this Interrogatory.

9   **INTERROGATORY NO. 8:**

10        With respect to any Amazon storefront operated by YOU, IDENTIFY all

11   product returns from Amazon purchasers since January 1, 2016.

12   **RESPONSE TO INTERROGATORY NO. 8:**

13        Plaintiff objects to this Interrogatory on grounds of relevance, to the extent it

14   seeks information about products not at issue in this litigation.  Plaintiff will

15   construe this Interrogatory as requesting the identification of product returns from

16   customers who purchased TP-Link branded wireless router products from Plaintiff

17   on the Amazon Marketplace.  Plaintiff further objects to the definition of "YOU" as

18   overbroad, and interprets it to mean Thimes Solutions Inc.  Plaintiff further objects

19   to this Interrogatory to the extent it seeks information solely in the possession of

20   third parties.  Plaintiff further objects that any relevance of identifying "each"

21   product return it received from Amazon customers since January 1, 2016 for any

22   product (and regardless of the stated reason for the return) is minimal, is greatly

23   outweighed by the burden of tracking down all such communications, and on that

24   ground, is disproportional to the needs of the case, considering the parties'

25   resources, the importance of the discovery in resolving the issues, and whether the

26   burden or expense of the proposed discovery outweighs its likely benefit.

27        Subject to and without waiving the foregoing objections, Plaintiff states that it

28   no longer has access to its Amazon Marketplace account and therefore is unable to

- 8 -

1  answer this Interrogatory.

2  **INTERROGATORY NO. 9:**

3      IDENTIFY all facts RELATING to YOUR allegation that TP-Link products

4  sold or offered for sale by YOU on Amazon were "authentic TP-Link products," as

5  that term is used by YOU in Paragraph 38 of the COMPLAINT.

6  **RESPONSE TO INTERROGATORY NO. 9:**

7      Plaintiff objects to this Interrogatory as overbroad and unduly burdensome to

8  the extent it requires the identification of "all" facts relating to Plaintiff's allegation.

9  Plaintiff will construe this Interrogatory as requesting the identification of "all

10  material facts" supporting the allegation at issue.  Plaintiff further objects to the

11  definition of "YOUR" as overbroad, and interprets it to mean Thimes Solutions Inc.

12      Subject to and without waiving the foregoing objections, Plaintiff responds as

13  follows:  Plaintiff buys its TP-Link branded products in the manufacturer's original

14  packaging and does not repackage, modify, or otherwise change the product for

15  resale.  On January 8, 2018, Plaintiff purchased 360 TP-Link AC5400 Routers from

16  The Surplus Company, whom Plaintiff has dealt with extensively.  Plaintiff had in

17  its possession approximately 100 of those TP-Link routers, and confirmed that each

18  was sealed in the manufacturer's original packaging.

19  **INTERROGATORY NO. 10:**

20      IDENTIFY all facts RELATING to YOUR allegation in Paragraph 38 of the

21  COMPLAINT that TP-Link products sold or offered for sale by YOU on Amazon

22  were "lawfully" acquired.

23  **RESPONSE TO INTERROGATORY NO. 10:**

24      Plaintiff objects to this Interrogatory as overbroad and unduly burdensome to

25  the extent it requires the identification of "all" facts relating to Plaintiff's allegation.

26  Plaintiff will construe this Interrogatory as requesting the identification of "all

27  material facts" supporting the allegation at issue.  Plaintiff further objects to the

28  definition of "YOU" and "YOUR" as overbroad, and interprets them to mean

THIMES RESPONSE TO
AMAZZIA FIRST ROGS
CASE NO. 2:19-CV-10374-SB-E

1   Thimes Solutions Inc.

2       Subject to and without waiving the foregoing objections, Plaintiff responds as

3   follows:  Plaintiff buys its TP-Link branded products from resellers or distributors

4   who had lawfully acquired TP-Link branded products for re-sale.

5   **INTERROGATORY NO. 11:**

6       With respect to any Amazon storefront operated by YOU, IDENTIFY all

7   communications between YOU and Amazon regarding any complaints filed against

8   YOU for counterfeit product, inauthentic product, trademark infringement and/or

9   intellectual property infringement violation.

10  **RESPONSE TO INTERROGATORY NO. 11:**

11      Plaintiff objects to this Interrogatory as overbroad and unduly burdensome to

12  the extent it requires the identification of "all facts" relating to Plaintiff's allegation.

13  Plaintiff will construe this Interrogatory as requesting the identification of "all

14  material facts" supporting the allegation at issue.  Plaintiff further objects to the

15  definition of "YOU" as overbroad, and interprets it to mean Thimes Solutions Inc.

16      Subject to and without waiving the foregoing objections, Plaintiff responds as

17  follows:  Plaintiff received an e-mails from Amazon on the following dates

18  concerning Defendants' accusation of Plaintiff selling counterfeit goods or engaging

19  in trademark infringement: January 19, 2018; January 21, 2018; February 28, 2018;

20  March 2, 2018; March 3, 2018; March 10, 2018; March 13, 2018; March 21, 2018;

21  March 31, 2018; April 2, 2018; April 5, 2018; April 6, 2018; April 7, 2018; April 9,

22  2018; April 10, 2018; April 11, 2018; April 12, 2018; April 24, 2018; April 25,

23  2018; April 26, 2018; April 30, 2018; May 28, 2018; May 30, 2018; June 7, 2018;

24  and June 21, 2018.

25      Plaintiff also received an e-mail from Amazon on May 7, 2018 notifying

26  Plaintiff about Amazon's suspension of Plaintiff for alleged infringement of

27  intellectual property rights.

28      Plaintiff also received an e-mail from Amazon on August 27, 2018 notifying

- 10 -

1   Plaintiff that it had been permanently expelled from the Amazon marketplace.

2           Plaintiff also received an e-mail from Amazon containing a Notice of

3   Intellectual Property Rights Infringement on January 13, 2017, and a subsequent e-

4   mail on October 19, 2017 stating that Amazon had reinstated that content following

5   Plaintiff's appeal.  Plaintiff also received e-mails from Amazon on June 26, 2017

6   and May 11, 2018 containing a Notice of Intellectual Property Rights Infringement.

7   Plaintiff additionally received e-mails from Amazon containing a notice of

8   trademark infringement on the following dates: May 31, 2018; June 24, 2018, and

9   August 22, 2018.  Plaintiff also received e-mails from Amazon regarding purported

10  counterfeit Prevagen products on June 9, 2018, June 10, 2018, June 21, 2018, and

11  June 23, 2018.

12  **INTERROGATORY NO. 12:**

13          IDENTIFY all TP-Link products YOU had in YOUR possession on August

14  26, 2018.

15  **RESPONSE TO INTERROGATORY NO. 12:**

16          Plaintiff objects to the definition of "YOU" and "YOUR" as overbroad, and

17  interprets them to mean Thimes Solutions Inc.

18          Subject to and without waiving the foregoing objection, Plaintiff responds that

19  due to it no longer having access to its Amazon account, it is presently unable to

20  reconstruct its Amazon product inventory as of August 26, 2018 and therefore is

21  unable to answer this Interrogatory.

22  **INTERROGATORY NO. 13:**

23          IDENTIFY all products YOU had in YOUR possession for sale on Amazon

24  as of August 26, 2018.

25  **RESPONSE TO INTERROGATORY NO. 13:**

26          Plaintiff objects to this Interrogatory as overbroad and unduly burdensome

27  and on grounds of relevance, to the extent it seeks identification of products not at

28  issue in this litigation.  Plaintiff will construe this Interrogatory as requesting the

THIMES RESPONSE TO
AMAZZIA FIRST ROGS
CASE NO. 2:19-CV-10374-SB-E

1   identification of TP-Link branded wireless router products Plaintiff had in its

2   possession was offering for sale on the Amazon Marketplace as of August 26, 2018.

3   Plaintiff further objects to the definition of "YOU" and "YOUR" as overbroad, and

4   interprets them to mean Thimes Solutions Inc.

5        Subject to and without waiving the foregoing objection, Plaintiff responds that

6   due to it no longer having access to its Amazon account, it is presently unable to

7   reconstruct its Amazon product inventory as of August 26, 2018 and therefore is

8   unable to answer this Interrogatory.

9   **INTERROGATORY NO. 14:**

10       With regard to each TP-Link product YOU had in inventory to sell on

11  Amazon but could not because of YOUR "permanent expulsion as a seller on the

12  Amazon website, effective on or about August 27, 2018," as alleged by YOU in

13  Paragraph 18 of the COMPLAINT, IDENTIFY each and every effort YOU made to

14  sell those products since August 27, 2018.

15  **RESPONSE TO INTERROGATORY NO. 14:**

16       Plaintiff objects to the term "IDENTIFY each and every effort YOU made" as

17  vague and ambiguous.  Plaintiff further objects to the definition of "YOU" and

18  "YOUR" as overbroad, and interprets them to mean Thimes Solutions Inc.

19       Subject to and without waiving the foregoing objections, Plaintiff responds as

20  follows:  Plaintiff engaged in repeated efforts to liquidate all of its inventory from

21  August 27, 2018 onward, and engaged in various sales with various buyers of its

22  remaining inventory.  Plaintiff also states that the answer to this Interrogatory may

23  be determined by examining, auditing, compiling, abstracting, or summarizing

24  Plaintiff's business records and that the burden of deriving or ascertaining the

25  answer will be substantially the same for either party.  Accordingly, Plaintiff

26  exercises its right under FRCP 33(d) and directs Amazzia to the documents with the

27  bates number THIMES00086 – 126.

28

THIMES RESPONSE TO
AMAZZIA FIRST ROGS
CASE NO. 2:19-CV-10374-SB-E

**INTERROGATORY NO. 15:**

With regard to each product YOU had in inventory to sell on Amazon but could not because of YOUR "permanent expulsion as a seller on the Amazon website, effective on or about August 27, 2018," as alleged by YOU in Paragraph 18 of the COMPLAINT, IDENTIFY each and every effort YOU made to sell the same since August 27, 2018.

**RESPONSE TO INTERROGATORY NO. 15:**

Plaintiff objects to this Interrogatory as overbroad and unduly burdensome and on grounds of relevance, to the extent it seeks information concerning products not at issue in this litigation. Plaintiff further objects to the definition of "YOU" and "YOUR" as overbroad, and interprets them to mean Thimes Solutions Inc.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff engaged in repeated efforts to liquidate all of its inventory from August 27, 2018 onward, and engaged in various sales with various buyers of its remaining inventory. Plaintiff also states that the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Plaintiff's business records and that the burden of deriving or ascertaining the answer will be substantially the same for either party. Accordingly, Plaintiff exercises its right under FRCP 33(d) and directs Amazzia to the documents with the bates number THIMES00086 – 126.

**INTERROGATORY NO. 16:**

With regard to each product YOU had in inventory to sell on Amazon but could not because of YOUR "permanent expulsion as a seller on the Amazon website, effective on or about August 27, 2018," as alleged by YOU in Paragraph 18 of the COMPLAINT, IDENTIFY each such product YOU still have in YOUR possession.

**RESPONSE TO INTERROGATORY NO. 16:**

Plaintiff objects to this Interrogatory as overbroad and unduly burdensome

and on grounds of relevance, to the extent it seeks information concerning products not at issue in this litigation.  Plaintiff further objects to the definition of "YOU" and "YOUR" as overbroad, and interprets them to mean Thimes Solutions Inc.

Subject to and without waiving the foregoing objections, Plaintiff responds that the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Plaintiff's business records and that the burden of deriving or ascertaining the answer will be substantially the same for either party.  Accordingly, Plaintiff exercises its right under FRCP 33(d) and directs Amazzia to the document with the bates number THIMES000085.

**INTERROGATORY NO. 17:**

IDENTIFY all facts and circumstances supporting YOUR allegation that YOU "exhausted all possible administrative options at Amazon," as alleged by YOU in Paragraph 51 of the COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 17:**

Plaintiff objects to this Interrogatory as overbroad and unduly burdensome to the extent it requires the identification of "all facts" relating to Plaintiff's allegation. Plaintiff will construe this Interrogatory as requesting the identification of "all material facts" supporting the allegation at issue.  Plaintiff further objects to the definition of "YOU" and "YOUR" as overbroad, and interprets them to mean Thimes Solutions Inc.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:  Plaintiff followed all processes and procedures to appeal Amazon's decision to suspend Plaintiff's right to sell products on the Amazon Marketplace on May 7, 2018, and Amazon reinstated Plaintiff's account.

**INTERROGATORY NO. 18:**

IDENTIFY all facts and circumstances evidencing "loss of profits" and "lost good will" suffered by YOU, as alleged by YOU in Paragraph 71 of the COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 18:**

Plaintiff objects to this Interrogatory as overbroad and unduly burdensome to the extent it requires the identification of "all" facts relating to Plaintiff's allegations.  Plaintiff will construe this Interrogatory as requesting the identification of "all material facts" supporting the allegations at issue.  Plaintiff further objects to the definition of "YOU" as overbroad, and interprets it to mean Thimes Solutions Inc.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:  Plaintiff showed net profits of $368,000 in the six months preceding its expulsion from the Amazon Marketplace in August 2018.  As of the time of Amazon's expulsion of Plaintiff in August 2018, Plaintiff was generating $400,000 to $500,000 in monthly revenue, with an approximate 20% net margin, from its sales on the Amazon Marketplace.  In addition, as a result of its expulsion from the Amazon Marketplace, Thimes ultimately suffered between $250,000 to $500,000 in losses in having to liquidate its inventory below cost, and could not access its funds in Amazon's hands (about $80,000). In addition, Plaintiff's expulsion deprived Plaintiff of the right to market and transact a broad range of products on the Amazon Marketplace, including Plaintiff's entitlement to sell a range of products as an established third-party seller that is not available to less established sellers, based on Amazon's policies.

**INTERROGATORY NO. 19:**

IDENTIFY all facts and circumstances RELATING to YOUR allegation that YOU "appealed and got reinstated from the May 7th suspension," as alleged by YOU in Paragraph 44 of the COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 19:**

Plaintiff objects to this Interrogatory as overbroad and unduly burdensome to the extent it requires the identification of "all" facts relating to Plaintiff's allegation. Plaintiff will construe this Interrogatory as requesting the identification of "all

material facts" supporting the allegation at issue.  Plaintiff further objects to the definition of "YOU" and "YOUR" as overbroad, and interprets them to mean Thimes Solutions Inc.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:  Plaintiff followed all processes and procedures to appeal Amazon's decision to suspended Plaintiff's right to sell products on the Amazon Marketplace on May 7, 2018, and Amazon reinstated Plaintiff's account.

**INTERROGATORY NO. 20:**

If YOU contend that a purchaser of TP-Link products sold by YOU receives the same rights under the manufacturer's warranty that a purchaser who purchased a TP-Link product from an authorized reseller would receive, please state all facts that support YOUR contention.

**RESPONSE TO INTERROGATORY NO. 20:**

Plaintiff objects to this Interrogatory as overbroad and unduly burdensome to the extent it requires the statement of "all" facts supporting Plaintiff's contention. Plaintiff will construe this Interrogatory as requesting the statement of "all material facts" supporting the contention at issue.  Plaintiff further objects to the definition of "YOU" and "YOUR" as overbroad, and interprets them to mean Thimes Solutions Inc.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:  the TP-Link branded wireless router products Plaintiff offers for sale on the Amazon Marketplace convey the same manufacturer's warranty offered on products sold by TP-Link's authorized distributors and retailers, because section 369-b of New York's General Business Law "prevent[s] denial of manufacturer warranty service to customers ... because goods were sold by unauthorized dealers." *Bel Canto Design, Ltd. v. MSS Hifi, Inc.*, 837 F. Supp.2d 208, 228 (S.D.N.Y. 2011) ("Abuse may arise if the manufacturer seeks to avoid an express warranty because the 'wrong' dealer sold the goods ... this is the evil at which [GBL] 369-b is

aimed.").  All TP-Link branded wireless products sold by Plaintiff were purchased

by it, in a factory-sealed condition, from a distributor or reseller of TP-Link branded

wireless products who had lawfully acquired such products for re-sale, and were

then subsequently re-sold by Plaintiff in a factory-sealed condition.

Plaintiff will supplement this Interrogatory response as appropriate after

discovery is substantially complete.

**INTERROGATORY NO. 21:**

Please describe with specificity how YOU contend that YOU have been

damaged by the alleged unlawful acts and/or omissions of AMAZZIA as alleged in

YOUR COMPLAINT, including, but not limited to, how YOU calculate YOUR

damages.

**RESPONSE TO INTERROGATORY NO. 21:**

Plaintiff objects to the definition of "YOU" and "YOUR" as overbroad, and

interprets them to mean Thimes Solutions Inc.  Plaintiff further objects to this

Interrogatory as premature because Plaintiff has not yet completed discovery,

investigation, or consultation with experts in this matter.  Discovery is ongoing, and

Plaintiff will provide through its expert witness(es) detailed information regarding

its calculation of damages.

Subject to and without waiving the foregoing objections, Plaintiff responds

as follows:  Plaintiff's Amended Fifth Amended Complaint (ECF No. 178)

describes the factual basis for Plaintiff's claim for interference with existing and

prospective business relationships.  Thimes has had an established economic

relationship with Amazon since 2016, sold over 175,000 products on the Amazon

Marketplace with a 98% lifetime positive feedback rating, and had $2 million in

sales during the first six months of 2018.  Amazzia knew of Thimes's successful

sales on the Amazon Marketplace, as evidenced by Amazzia's entering into the

Amazon Brand Protection Agreement with TP-Link for the specific purpose of

eliminating third-party resellers—like Thimes—of TP-Link branded products on

THIMES RESPONSE TO
AMAZZIA FIRST ROGS
CASE NO. 2:19-CV-10374-SB-E

the Amazon Marketplace.  Amazzia submitted 28 complaints to Amazon, per

instruction from TP-Link, alleging that Thimes was selling counterfeit products for

the specific purpose of disrupting and stopping Thimes's sales on the Amazon

Marketplace.  Amazzia has admitted that it submitted the 28 complaints to Amazon

with the goal of "[i]mmediate removal of the seller's offer of this counterfeit

product."

Amazzia's conduct also constitutes trade libel, as each of the 28 complaints it

submitted to Amazon alleging that Thimes was selling counterfeit products

constitutes a disparaging statement that was published to others in writing and

induced Amazon not to deal with Plaintiff, and is libel per se under California law.

As a result of the complaints submitted by Amazia, Amazon suspended and

expelled Thimes from the Amazon Marketplace.  Plaintiff has been damaged by

Amazzia's conduct because Plaintiff has not been able to sell its aging inventory,

access its funds stored with Amazon, and continue its profitable sales track record

on the Amazon Marketplace.

Plaintiff will supplement this Interrogatory response as appropriate after

discovery is substantially complete.

**INTERROGATORY NO. 22:**

Please describe with specificity all actions YOU took and efforts YOU made

to sell TP-Link products via alternative methods after Amazon expelled YOU as a

seller on its website.

**RESPONSE TO INTERROGATORY NO. 22:**

Plaintiff objects to this Interrogatory as duplicative of Interrogatory No. 14.

Plaintiff further objects to the definition of "YOU" as overbroad, and interprets it to

mean Thimes Solutions Inc.

Subject to and without waiving the foregoing objections, Plaintiff responds as

follows:  Plaintiff engaged in repeated efforts to liquidate all of its inventory from

August 27, 2018 onward, and engaged in various sales with various buyers of its

THIMES RESPONSE TO
AMAZZIA FIRST ROGS
CASE NO. 2:19-CV-10374-SB-E

1  remaining inventory.  Plaintiff also states that the answer to this Interrogatory may

2  be determined by examining, auditing, compiling, abstracting, or summarizing

3  Plaintiff's business records and that the burden of deriving or ascertaining the

4  answer will be substantially the same for either party.  Accordingly, Plaintiff

5  exercises its right under FRCP 33(d) and directs Amazzia to the documents with the

6  bates number THIMES00086 – 126.

7  **INTERROGATORY NO. 23:**

8      Please describe with specificity all steps YOU took to ensure that the TP-Link

9  products that YOU attempted to sell on Amazon were stored and transported in

10  accordance with TP-Link's requirements for authorized resellers.

11  **RESPONSE TO INTERROGATORY NO. 23:**

12      Plaintiff objects to this Interrogatory on grounds of relevance, as Plaintiff did

13  not enter into any distributorship (or similar) agreement with TP-Link, nor are such

14  purported requirements relevant to Plaintiff's claims.  Plaintiff further objects the

15  terms "stored and transported" and "TP-Link's requirements for authorized

16  resellers" as vague and ambiguous.  Plaintiff further objects to the definition of

17  "YOU" as overbroad, and interprets it to mean Thimes Solutions Inc.

18  **INTERROGATORY NO. 24:**

19      If YOU contend that nothing but the "complaints" filed against YOU by

20  AMAZZIA or TP-LINK caused YOUR "permanent expulsion as a seller on the

21  Amazon website, effective on or about August 27, 2018," as alleged by YOU in

22  Paragraph 18 of the COMPLAINT, IDENTIFY each and every fact to support

23  YOUR contention.

24  **RESPONSE TO INTERROGATORY NO. 24:**

25      Plaintiff objects to this Interrogatory as overbroad and unduly burdensome to

26  the extent it requires the identification of "each and every fact" in support of

27  Plaintiff's contention.  Plaintiff will construe this Interrogatory as requesting the

28  identification of "all material facts" supporting the contention at issue.  Plaintiff also

THIMES RESPONSE TO
AMAZZIA FIRST ROGS
CASE NO. 2:19-CV-10374-SB-E

objects to this Interrogatory as premature because discovery only recently
commenced.  Plaintiff further objects to the term "nothing but the 'complaints' filed
against you" as vague and ambiguous.  Plaintiff further objects to the definition of
"YOU" and "YOUR" as overbroad, and interprets them to mean Thimes Solutions
Inc.


Dated:  July 7, 2022                    GAW | POE LLP

                                        By:
                                            Randolph Gaw
                                            Attorneys for Plaintiff
                                            Thimes Solutions Inc.

THIMES RESPONSE TO
AMAZZIA FIRST ROGS
CASE NO. 2:19-CV-10374-SB-E

1

## <u>VERIFICATION</u>

2        I, Avraham Eisenberg, declare that I am authorized to make this verification

3   on behalf of Plaintiff Thimes Solutions Inc.  I have read **THIMES SOLUTIONS**

4   **INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT AUCTION**

5   **BROTHERS, INC. d/b/a AMAZZIA'S FIRST SET OF**

6   **INTERROGATORIES**, know their contents, and certify that the same are true of

7   my own knowledge, and as to those things of which I do now have personal

8   knowledge, I am informed and believe them to be true.

9        I declare under penalty of perjury under the laws of the United States of

10  America that the foregoing is true and correct, and this verification was executed on

11  July 5, 2022, at Monsey, New York.

12

13                                                    *Avraham Eisenberg*

14  _____

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EISENBERG VERIFICATION
CASE NO. 2:19-CV-10374-SB-E

# CERTIFICATE OF SERVICE

I am over 18 years of age and not a party to the action.  I hereby certify that on July 7, 2022, I served the following document(s) on the parties in the above-entitled action:

**THIMES SOLUTIONS INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT AUCTION BROTHERS, INC. d/b/a AMAZZIA'S FIRST SET OF INTERROGATORIES**

**Via E-mail:**  The document(s) described above were transmitted by electronic mail to the addresses on record for the following parties and their counsel:

| | |
|---|---|
| Heather Auyang<br>Heather.Auyang@ltlattorneys.com<br>Prashanth Chennakesavan<br>Prashanth.Chennakesavan@ltlattorneys.com<br>Patice Gore<br>patice.gore@ltlattorneys.com | Joshua A. Waldman<br>jwaldman@bkcglaw.com<br>M. Michelle Rohani<br>mrohani@bkcglaw.com |
| LTL Attorneys LLP<br>600 California St. | 15th Floor<br>San Francisco, California 94108 | Burkhalter Kessler Clement & George LLP<br>2020 Main Street, Suite 600<br>Irvine, CA 92614 |
| Attorneys for Defendant<br>TP Link USA Corporation | Attorneys for Defendant<br>Auction Brothers, Inc. |

I declare under penalty of perjury that the foregoing is a true and correct statement.

Dated:  July 7, 2022

Randolph Gaw