LTL ATTORNEYS LLP
Joe H. Tuffaha (SBN 253723)
  joe.tuffaha@ltlattorneys.com
Prashanth Chennakesavan (SBN 284022)
  prashanth.chennakesavan@ltlattorneys.com
Heather F. Auyang (SBN 191776)
  heather.auyang@ltlattorneys.com
Patice A. Gore (SBN 258776)
  patice.gore@ltlattorneys.com
300 South Grand Ave., 14th Floor
Los Angeles, CA 90071
Tel:  (213) 612-8900
Fax:  (213) 612-3773

Attorneys for Defendant and
Counterclaimant TP-Link USA Corporation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS INC.,<br><br>Plaintiff,<br><br>v.<br><br>TP-LINK USA CORPORATION, and AUCTION BROTHERS, INC. d/b/a AMAZZIA,<br><br>Defendants.<br><br>_____<br><br>TP-LINK USA CORPORATION,<br><br>Counterclaimant,<br><br>v. | CASE NO.: 2:19-cv-10374-SB-E<br><br>**DISCOVERY MATTER**<br><br>**DECLARATION OF HEATHER F. AUYANG IN SUPPORT OF TP-LINK'S OPPOSITION TO THIMES'S MOTION TO COMPEL FURTHER RESPONSES TO DOCUMENT REQUEST NOS. 28-29 AND 30-32** |

1    THIMES SOLUTIONS INC.,

2              Counter-Defendant.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AUYANG DECLARATION ISO TP-LINK USA'S OPPOSITION TO MOTION TO COMPEL RFPS, SET TWO

## <u>DECLARATION OF HEATHER F. AUYANG</u>

I, Heather F. Auyang, hereby declare and state as follows:

1.      I submit this Declaration in support of TP-Link's Opposition to Thimes's Motion to Compel Further Responses to Document Request Nos. 28-29 and 30-32.  I am an attorney admitted to practice before this Court and am a partner with LTL Attorneys LLP, counsel of record for Defendant and Counterclaimant TP-Link USA Corporation in the above-captioned case. I submit this Declaration based upon my personal knowledge, and if called as a witness could and would testify to the matters set forth.

2.      Attached hereto as **<u>Exhibit A</u>** is a true and correct copy of the subpoena to Amazon served by Thimes on or around July 13, 2022.

3.      Attached hereto as **<u>Exhibit B</u>** is a true and correct copy of Thimes's Original Complaint (ECF No. 1).

4.      Attached hereto as **<u>Exhibit C</u>** is a true and correct copy of Bates Nos. THIMES00286-THIMES00287.

5.      Attached hereto as **<u>Exhibit D</u>** is a true and correct copy of Thimes's Amended Fifth Amended Complaint (ECF No. 178).

6.      Attached hereto as **<u>Exhibit E</u>** is a true and correct copy of Bates No. THIMES00310.

7.      Attached hereto as **<u>Exhibit F</u>** is a true and correct copy of Bates Nos. THIMES00773-THIMES00774.

8.      Attached hereto as **<u>Exhibit G</u>** is a true and correct copy of Bates Nos. THIMES00947-THIMES00955.

9.      Attached hereto as **<u>Exhibit H</u>** is a true and correct copy of Bates Nos. THIMES00963-THIMES00967.

10.     Attached hereto as **<u>Exhibit I</u>** is a true and correct copy of Bates No. THIMES01089.

11.     Attached hereto as **<u>Exhibit J</u>** are true and correct copies of Bates Nos.

THIMES00754 and THIMES00763-THIMES00764.

12.     Attached hereto as **Exhibit K** is a true and correct copy of Bates Nos. THIMES00973-THIMES00978.

13.     Attached hereto as **Exhibit L** is a true and correct copy of Bates No. THIMES00746.

14.     Attached hereto as **Exhibit M** are true and correct copies of Bates Nos. THIMES00758 and THIMES00779.

15.     Attached hereto as **Exhibit N** is a true and correct copy of Bates Nos. THIMES00981-THIMES00990.

16.     Attached hereto as **Exhibit O** is a true and correct copy of Bates No. THIMES00311.

17.     Attached hereto as **Exhibit P** is a true and correct copy of the email thread between counsel for TP-Link and Thimes concerning the parties' L.R. 37-1 pre-filing conference. During the parties' L.R. 37-1 meet and confer process, Thimes's counsel did not raise any objections to TP-Link's General Objections.

18.     Attached hereto as **Exhibit Q** is a true and correct copy of Bates Nos. TP000158-TP000164.

19.     Attached hereto as **Exhibit R** is a true and correct copy of TP-Link's warranty policy found at https://www.tp-link.com/us/support/replacement-warranty/. I viewed this URL on August 18, 2022.

20.     Attached hereto as **Exhibit S** is a true and correct copy of Thimes's Responses to TP-Link's First Set of Requests for Admission.

21.     Attached hereto as **Exhibit T** is a true and correct copy of Bates Nos. THIMES00856-THIMES00857. Amazon's email refers to Order ID: 112-8928132-7904207, which upon referencing Thimes's sales records ("THIMES00256 - All FBA Sales – CONFIDENTIAL") is an order for a TP-Link AC5400 router sold by Thimes on January 19, 2018.

22.     Attached hereto as **Exhibit U** is a true and correct copy of Bates Nos.

AUYANG DECLARATION ISO TP-LINK USA'S OPPOSITION TO MOTION TO COMPEL RFPS, SET TWO

TP000109-TP000110, with personal identifying information of the customer's email and phone number redacted.

23.     During the parties' Rule 37-1 conference, I asked Thimes's counsel what if TP-Link could find one example of denying warranty coverage prior to May 29, 2019, then how would this impact Thimes's pretextual theory. Thimes's counsel responded to the effect that it would certainly poke a hole in its theory. I then asked a rhetorical question to the effect of is one example enough to ruin this theory or would Thimes then say well this is only one example, when would it be enough to end this theory.

24.     During the parties' L.R. 37-1 conference, I stated that TP-Link did not intend to move on *Skullcandy* and had never raised *Skullcandy*, "quality control" issues, or propounded discovery about "quality control" issues.

25.     On August 15 during the parties' meet and confer concerning TP-Link's impending motion for summary judgment, I once again confirmed that TP-Link would not be moving for summary judgment on "quality control" issues.

26.     Attached hereto as **Exhibit V** is a true and correct copy of Amazzia's counsel's Declaration concerning settlement (ECF No. 200-2).

27.     Attached hereto as **Exhibit W** is a true and correct copy of Thimes's Responses to Amazzia's First Set of Interrogatories.

I declare under penalty of perjury that the foregoing is true and correct.  Executed August 19, 2022 in Mill Valley, California.

By:  */s/ Heather F. Auyang*

# EXHIBIT A

**Heather Auyang**

| | |
|---|---|
| **From:** | Randolph Gaw <rgaw@gawpoe.com> |
| **Sent:** | Wednesday, July 13, 2022 9:03 AM |
| **To:** | Heather Auyang; Prashanth Chennakesavan; jwaldman@bkcglaw.com; mrohani@bkcglaw.com |
| **Cc:** | Mark Poe; Victor Meng; Mark Schlachet |
| **Subject:** | Thimes v. TP-Link; Pltf's subpoena to Amazon |
| **Attachments:** | 2022.07.13 subpoena to Amazon.pdf |

---

**[EXTERNAL EMAIL]** This email originated from outside of the **LTL Attorneys** organization. **DO NOT CLICK** links or open attachments unless you recognize the sender and know the content is safe.

Counsel,

Attached is a document subpoena Plaintiff is serving upon Amazon.

Regards,
Randy

**Randolph Gaw**
Gaw | Poe LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Tel: 415.766.7451
Direct Dial: 415.766.9317
Fax: 415.737.0642
e-mail: rgaw@gawpoe.com

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

| | |
|---|---|
| Thimes Solutions Inc. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:19-CV-10374-SB-E |
| TP-Link USA Corp., et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Amazon.com Services LLC c/o CSC, 2710 Gateway Oaks Dr., Suite 150N, Sacramento, CA 95833

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Array | Date and Time: |
|---|---|
| 865 South Figueroa, Suite 103 Los Angeles, CA 90017 | 08/05/2022 9:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   07/13/2022

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | Randolph Gaw |
| | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiff
Thimes Solutions, Inc. _____, who issues or requests this subpoena, are:
Randolph Gaw, Gaw Poe LLP, 4 Embarcadero Ste.1400, San Francisco, CA 94111; rgaw@gawpoe.com; 415-766-9317

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:19-CV-10374-SB-E

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c)  Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d)  Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e)  Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g)  Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

**INSTRUCTIONS**

1.      If any document referred to in your responses to these Requests was, but is no longer, in your possession, custody, or control, identify the document and state what disposition was made of it and when.

2.      Each Request is intended to and does request that each and every particular part thereof be answered with the same force and effect as if each such part in particular was the subject of and was asked by a separate Request.

3.      Each paragraph and subparagraph herein should be construed independently and not by reference to any other paragraph or subparagraph of these Requests for purposes of limitation.

4.      If you object to any portion of any Request, please respond to any portion of the Request to which you do not object.

5.      If any document referred to in your responses to these Requests has been lost or destroyed, identify each lost or destroyed document and describe in detail the circumstances of such loss or destruction.

6.      With respect to each Request to which a claim of privilege is asserted, separately state the following:

(a)      The type of communication, information or document to which a claim of privilege is being asserted;

(b)      The basis of any claim of privilege;

(c)      If work-product immunity is being asserted, identify the proceeding for which the document was prepared;

(d)      With respect to each document or communication to which a claim of privilege is being asserted, state:

(i)      Its date;

(ii)      The name of the originator(s) or author(s);

(iii)      Each recipient of the communication and/or document;

              (iv)      The legal basis upon which the document or communication has been withheld;

              (v)      A general description of the subject of the communication or document.

## **REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:**

Documents sufficient to memorialize all transactions by Thimes Solutions, Inc. d/b/a Universal Goods & Sales on the Amazon Marketplace between January 1, 2015 and December 31, 2018.

**REQUEST NO. 2:**

All non-privileged documents and communications authored by your employees, at any time during the year 2018, regarding or in response to, your receipt of a Report Infringement form by TP-Link alleging any form of intellectual property infringement by Thimes Solutions, Inc. d/b/a Universal Goods & Sales.

**REQUEST NO. 3:**

All non-privileged documents and communications authored by your employees reflecting the application of your risk rating algorithms to Thimes Solutions, Inc. d/b/a Universal Goods & Sales following your receipt of a Report Infringement form by TP-Link alleging any form of intellectual property infringement by Thimes Solutions, Inc. d/b/a Universal Goods & Sales..

**REQUEST NO. 4:**

Documents reflecting your standard policies followed by your employees to suspend or expel a seller from the Amazon Marketplace in connection with your receipt of a Report Infringement form alleging any form of intellectual property infringement by that seller.

**REQUEST NO. 5:**

Documents reflecting your standard policies followed by your employees to assign or adjust risk ratings to sellers on the Amazon Marketplace your receipt of a Report Infringement form alleging any form of intellectual property infringement by that seller.

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

THIMES SOLUTIONS INC.     )
3 Litman Lane         )
Suffern, NY 10901       )
    Plaintiff,      ) CASE NO.
             )
    v.         ) JUDGE
             )
TP LINK USA CORPORATION   )
145 South State College Blvd., Suite 400 )
Brea, California 92821     )
             ) **COMPLAINT**
    and        )
             ) **DEMAND FOR JURY TRIAL**
MIKHAIL J FIKHMAN     )
dba AMAZZIA        )
19321 Califa St., Unit 301    )
Tarzana, CA 91356-3135     )
             )
Also serve:         )
Mikhail J. Fikhman      )
dba AMAZZIA        )
7040 Darby Avenue      )
Reseda, CA 91335       )
    and        )
             )
3PM SHIELD LLC      )
c/o Michael B. Gray, Registered Agent )
2 N LaSalle St., Ste 1700    )
Chicago, IL 60602-4000     )
             )
    and        )
             )
PREVAGEN, INC.       )
c/o CORPORATION SERVICE CO.  )
501 Louisiana Ave.       )
Baton Rouge, LA 70802-5921   )
             )
    Defendants.     )

Plaintiff Thimes Solutions, Inc. dba Universal Goods & Sales ("TSI"), alleges on knowledge as to itself, but otherwise on information and belief, as follows:

## INTRODUCTION

1. This case is about greed disguised as "brand protection." With the advent of Amazon has come a fight for the right (or wrong) to display goods in the ecommerce space owned and controlled by Amazon, i.e. amazon.com. A former Investigation Specialist for Amazon's Seller Performance team, Chris McCabe, has written about the misuse of the Amazon rights reporting system. In his article, "Have you noticed How Unpredictable Amazon's Notice Infringement teams are now?" https://www.ecommercechris.com/have-you-noticed-how-unpredictable-amazons-notice-infringement-teams-are-now/(February 21, 2019), Mr. McCabe observes (Exhibit 1):

   - Amazon's Notice Claim of Infringement Teams exist in theory to process intellectual property violations on the Amazon Marketplace at amazon.com;
   - In practice, trademark and other violations can come from anywhere, allege anything, and are rife with abuse;
   - The work of the Notice teams, though attempting to combat rampant abuse, has backslided of late to the point where Amazon's response to contested Intellectual Property Complaints makes "little to no sense;"
   - Amazon harshly enforces the brand owner complaints of counterfeiting by requiring at most that brand owners attest to having "test bought" the allegedly counterfeit product from the alleged counterfeiter;
   - Suspensions and expulsions from the Marketplace follow "bizarre behavior" on Amazon's part, where the reasons for adverse actions are highly mercurial, *re*stated repeatedly, and often have nothing to do with the reason for the suspension or expulsion; and

2

- Accused sellers—in particular those with a history of notice claims (as many sellers have)--are left in a virtual "twilight zone" where they are not told and cannot learn the true reasons for harsh—at times lethal—action taken against their businesses.

2. Unscrupulous brand owners, well aware of the above Notice Infringement landscape, take unilateral action and use "brand protection services" to assist them in "knocking off unwanted sellers." *Id.*

3. Plaintiff Thimes Solutions Inc. dba Universal Goods & Sales ("TSI") is a Suffern, New York business that operates within a market niche which serves as a valuable, efficient segment of the economy. Succinctly, the model is buying something cheaply from a down-stream distributor—typically a close out purchaser or the like that purchased sealed product exactly as put into the stream of commerce by the manufacturer--and selling it at an enhanced price point online, but often at a cheaper price than other sellers are selling it for, thus benefiting customers, who get authentic product at a discount. Manufacturers, their "authorized distributors," and their "brand protectors" often seek means— some unlawful-- to eliminate such niche market competition.[1]

---

[1] A copyright or trademark holder enjoys a "distribution right" and may initially sell, or not sell, copies of a copyrighted or trademarked item to others on such terms as he or she sees fit. However, the IP holder's exclusive distribution right is limited to the first sale of the coyprighted or trademarked item. Under the "first sale" docrine, codified at 17 U.S.C. § 109(a) "the distribution right may be exercised solely with respect to the initial disposition of copies of a work, not to prevent or restrict the resale or other further transfer of possession of such copies." The Fair Use Doctrine, similar to the First Sale Doctrine, permits a seller to use a another's trademark to identify the former's goods, provided that no likelihood of confusion results as to the source of the product or the trademark holder's sponsorship or affiliation. 15 U.S.C. §115(b)(5)(A)-(C). The First Sale Doctrine [also] protects resellers of genuine trademarked goods from claims of infringement. *Davidoff & CIE, S.A. v. PLD Int'l. Corp.,* 263 F.3d 1297, 1301 (11th Cir. 2001); *Hidalgo Corp. v. J. Kugel Designs, Inc.,* No. 05-20476-CIV-JORDAN/TORRES, 2006 U.S. Dist. LEXIS 96647, at *12 (S.D. Fla. 2006)

4. Plaintiff TSI ordinarily buys product in the manufacturer's original packaging and does not repackage, modify, or otherwise change the product for resale.

5. Occasionally TSI purchased product from wholesalers which did not purchase directly from a manufacturer or in retail packaging. For example, as regards the AKG product at issue here specifically, Plaintiff bought bulk, loose product. Plaintiff then packaged the product for individual sale and, concurrently, listed the product in the Marketplace *with clear and conspicuous disclosure to prospective purchasers that the product was being sold without retail packaging.* See ¶¶60-61, *infra.*

6. TSI  brings this suit following its commercial and financial ruination resulting from Defendants' libelous statements to Amazon and consequential tortious interference with Plaintiff's existing and prospective business relationship with Amazon Services LLC.

7. TSI became a third-party seller on Amazon in 2016.  To become an Amazon seller TSI signed Amazon's standard Business Solutions Agreement that, among other things, allowed Amazon to terminate TSI as a seller for any reason or for no reason at all.

8. TSI sold over 175,000 products to customers on Amazon with a 98% lifetime positive feedback rating.  Plaintiff reached $2 million in sales during the first six months of 2018. As of its expulsion from Amazon, TSI was selling around $4-500,000 per month on amazon.com. Net margins were roughly 20%.   Now . . . there is only ruin.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the citizenship of the parties is diverse and the amount in controversy is in excess of $75,000, exclusive of costs and interest. This Court also has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. 2201 to declare the legal relations of the parties hereto vis-a-viz Plaintiff's right to sell online goods with respect to which defendants or their privies hold trademarks and other intellectual properties.

10. The alleged acts of libel and tortious interference directed at TSI effected an "injury that would be felt by [the plaintiff] in the State in which []he lives and works, *Calder v. Jones*, 465 U.S. 783, 790, 104 S. Ct. 1482, 1487 (1984), and Defendants' "allegedly tortious actions were expressly aimed at" New York. *Lopez v. Shopify, Inc.,* 2017 U.S. Dist. LEXIS 77708, at *23 (SDNY 2017)

11. Personal jurisdiction by this Court over Defendants is also proper pursuant to CPLR § 302(a)(1) because Defendants all (i) transacted business or contracted to supply goods or services in New York, and (ii) such activities had a substantial relationship to, or an articulable nexus with, the claims asserted by TSI against each Defendant. The transaction of business by Defendants in New York supportive of personal jurisdiction is elaborated *infra* in ¶ 29 as to TP-Link, ¶49 as to Prevagen, and ¶65 as to 3PM. Further, each Defendant has a regular flow of sales into New York, i.e. minimum contacts.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the claims asserted herein occurred in

the Southern District of New York, namely, Plaintiff's listing of products on, receipt of notices, and permanent expulsion from amazon.com.

## FACTS

### A. TP-LINK USA, TP-LINK NORTH AMERICA, TOM LEI AND AMAZZIA

13. TP-Link USA, Inc. ("TP-Link" or "USA" at times), with its principal place of business at 145 South State College Blvd., Suite 400, Brea, California, 92821 operates as an indirect subsidiary of TP-LINK Technologies Co., Ltd. ("TPC"), a Chinese parent company. The parent TP-Link has lately been the world's number one provider of Wi-Fi products, shipping over 161 million products around the globe during 2016.

14. USA was originally a subsidiary of TPC but is now a subsidiary of TP-Link UK Limited. It was founded in 2008 and is based in Orange County, California. It manufactures and supplies networking products for home and small business, known as SOHO and SMB. Examples are switches, routers, and components for wireless systems.

15. TP-Link USA's products are available at substantially all major electronics retailers, online and in-store, in New York, including, amazon.com, jet.com, Best Buy, COSTCO, Home Depot, Office Depot, Sam's Club, Sears, Staples, Target, and Walmart.[2]

---

[2] https://www.tp-link.com/us/where-to-buy

16. TP-Link USA regularly ships its products to large purchasers in New York, e.g. Target Corporation, employs a sales agent in New York, contracts with three (3) New York distributors, and maintains personnel in California that conduct "test purchasing" in New York from downstream sellers of its TP-Link branded products, to determine—and in some cases fabricate-- whether such sellers are marketing counterfeit TP-Link products.

17. TP-Link North America ("TPN" or "North America" at times) functions as an alter ego of USA and its business offices are located at the latter's principal address in Brea, CA, while it handles TP-Link warehousing a few miles away in Fontana, CA.

18. USA has lately represented North America to be merely a fictitious name it uses. Fictitious name filings have been made in two California counties while TPN does in fact exist as a duly formed California corporation. In light of the foregoing, TPN will be an unnamed wrongdoer hereunder but not joined as of commencement.

19. TP-Link's Linkedin page has listed at least two (2) dual positions, believed to be at issue here, held under simultaneous employment by TPU and TPN:

- Director of E-commerce at TP-Link North America, Inc.
  Greater Los Angeles Area
  Current: Senior Channel Strategy Manager,B2B at **TP-Link USA** Corporation[3]

- ChannelStrategy Manager, Ecom at TP-Link USA Corporation
  Hangzhou, Zhejiang, China

---

[3] https://www.linkedin.com/company/tp-link/ at **See all 78 employees on LinkedIn**, Screen 1 (last visited on June 3, 2018)

Current: Channel Strategy Manager, Ecom at TP-Link North America, Inc.[4]

20. TPU and TPN (collectively "TP-Link") published written complaints to Amazon, libelous per se, charging Plaintiff with at least 28 instances of infringing TP-Link intellectual property by listing or selling counterfeit goods (on 27 occasions) on amazon.com or otherwise infringing a trademark (on one occasion)  ("IP Complaints").[5]

21. TP-Link's fraudulent IP Complaints directly caused Plaintiff's suspension from the Marketplace in May 2018 and also caused TSI's permanent expulsion as a seller on the Amazon website, effective on or about August 27, 2018.

22. Defendant Mikhail J. Fikhman, dba Amazzia (hereinafter referred to collectively as "Amazzia"), is engaged in the business of "Amazon brand protection."  TP-Link retained Amazzia, to monitor specific TP-Link products on the Amazon marketplace and do a "third-party seller clean up" of those selling TP-Link products outside TP-Link's authorized distribution channels.

---

[4] *Id.*  at Screen 8.

[5] Plaintiff is informed and believes that IP complaints are prepared with an online system that does not provide the complainant with a completed copy.  See https://www.amazon.com/gp/help/reports/infringement  Amazon provides the accused with an edited and redacted version of the allegations in an email from the Seller Support group of Amazon. The allegations of the emailed version include the word "counterfeit", or "infringement," the Amazon Stock Identification Number(s) ("ASINs") allegedly counterfeited or infringed, an Amazon complaint ID number, the complainant company name, and an email address to contact with a view to resolution.   The entire text of the allegations and the signature of the person or entity who filed the complaint are not disclosed.

23. Amazzia describes itself as follows:

> As your dedicated partner, we keep your brand safe from unauthorized
> agents, ensure Amazon compliant distribution and amazing growth
> through price protection, optimization and targeted marketing.
>
> . . . .
>
> *Removing Un-Authorized Sellers*
>
> Effective and proven strategies to report and remove Un-Authorized
> Resellers from your listings

24. Amazzia's primary focus is removing lawful Amazon offerings from the

Marketplace:

Unauthorized resellers corrupt the online marketplace with reckless, self-serving tactics, causing price erosion and negatively impacting your brand's image.

Under these circumstances your legitimate brick & mortar retailers are unable to compete with online prices and may refuse to carry your brand.

25. Amazzia's Vice-President of Brand Protection William Samuel articulates his role

quite simply:[6]

> As the Vice President of Brand Protection at Amazzia, I ensure the
> protection of my clients' brands by identifying and eliminating
> unauthorized Amazon sellers. **The increasing number of MAP violators
> in the Amazon marketplace is astounding**! Rogue marketplace sellers
> can damage your brand and undercut your bottom line by selling products
> at extremely low discounted rates.  (emphasis added)

26. Amazzia makes clear in publicly available promotions that the real problem with

third-party sellers is that that they may *try* to compete on price:

> Not all third-party sellers are ethical, and some may try to undercut you
> and misrepresent your brand. **The main risk involves companies
> deviating from your minimum advertised price.** This results in having
> your brand's value lowered. There's also the risk of bad brand
> representation if consumers experience poor customer service with any

---

[6] https://www.linkedin.com/in/william-samuel-0825a071/

9

unauthorized third-party sellers. As a result, customers associate those bad experiences with your brand.

. . . .

**Amazzia can protect your brand by preventing MAP violations** . . . (emphasis added)

27. Amazzia entered into a TP-Link-Amazon Brand Protection Agreement under which (i) Amazzia committed to an "Amazon cleanup," (ii) TP-Link provided Amazzia with specific ASIN's to be watched, (iii) Amazzia promised to "report non-compliant sellers to Amazon until they are removed by Amazon" (iv) Amazzia's commitment was to rid the Marketplace of "resellers" as follows: "50% .of resellers to be removed in 60 days, 75% in 90 days, and 90% in 120 days," and (v) Amazzia promised TP-Link "full access to our team for any questions regarding the cleanup project."

28. Unable to eliminate TSI sales as "unauthorized" or "discounted"—all perfectly lawful--Amazzia sent fraudulent IP complaints to Amazon charging Plaintiff with counterfeiting and, to a lesser extent, trademark infringement, at all times acting in concert with and on behalf of TP-Link, and with the latter's actual authority and instructions.

29. Amazzia directly caused Plaintiff's May suspension and permanent expulsion from the Amazon Marketplace in coordination with the following scheme:

- On January 8, 2018 Plaintiff purchased 360 TP-Link AC5400 Routers from a reputable supplier with which Plaintiff has dealt extensively. Plaintiff has possession of approximately 100 of these items to date, all of which are authentic and not counterfeit. Amazon continues to hold a number of Plaintiff's TP-Link AC5400 Routers.

- One Tom Lei (Screen name "amazon91773"), a TP-Link employee, operates out of TPN's warehouse facility in Fontana, CA, attempting

10

through various means, some illegal, to kill off Amazon-related competition to TPU from competitors that are not so-called Authorized Resellers.

- Mr. Lei's purchases of TP-Link products from TSI, in his own name (using USA funding or reimbursement) and without disclosure of TP-Link involvement,  was on January 18, 2018 (2 AC5400 Routers)  and March 5, 2018 (6 AC1200 Routers in three (3) separate transactions).  Exhibit 2 hereto.  He received the items at Defendants' Fontana CA warehouse, examined the products, and knew from such examinations that the products were authentic and not counterfeit.   Notwithstanding this knowledge, Mr. Lei or those acting in concert with him libeled TSI *27 times* during January-June 2018 for selling counterfeit TPU products and otherwise infringing TP-Link's intellectual property.

- Mr. Lei's initial purchase of two (2) AC 5400's establishes that TP-Link's sole intent *ab initio* was to eliminate Plaintiff's sales of TP-Link products from the competitive marketplace, as the circumstances of the initial January 19th complaint alleging counterfeit goods proves:

   o The complaint addressed a ASIN: B01DXVK3KY, TP-Link AC5400 Wireless Wi-Fi MU-MIMO Tri-Band Router
   o Amazon's warning letter, which recites an earlier IP complaint from TP-Link, was received at 4:33 PM on 19 January 2018
   o Amazon lodged the Router with UPS for delivery to TP-Link on January 19, 2018 (Exhibit 3)
   o The Router was not delivered to Mr. Lei until January 22, 2018, three days *after* swearing to Amazon that the Router was test-purchased and found to be counterfeit (Exhibit 4).

TP-Link *targeted*  TSI for elimination and in its haste lodged its libelous IP complaint before receiving the Routers! [7]

30.  During 2018 TP-Link complained to Amazon on at least 28 separate occasions, all or substantially all of which alleged counterfeiting:

Jan 19th: us-compliance@tp-link.com
Jan 21st: us-compliance@tp-link.com
Jan 26th: us-compliance@tp-link.com

[7] After receiving the first TP-Link-instigated Notice from Amazon, Plaintiff researched its sales of the TP-Link AC 5400 Router and searched the purchaser's address on Google, thereby identifying TP-Link as the purchaser of two (2) AC5400 Routers.

11

Feb 14th: compliance-us@tp-link.com
Feb 21st: compliance-us@tp-link.com
Feb 28th: compliance-us@tp-link.com[8]
Mar 2nd: compliance-us@tp-link.com
Mar 3rd: compliance-us@tp-link.com
Mar 10th: compliance-us@tp-link.com
Mar 13th: compliance-us@tp-link.com
Mar 21st: compliance-us@tp-link.com
Mar 31st: compliance-usa@tp-link.com
Apr 2nd: compliance-usa@tp-link.com
Apr 5th: compliance-usa@tp-link.com
Apr 6th: compliance-usa@tp-link.com
Apt 7th: compliance-usa@tp-link.com
Apr 9th: compliance-usa@tp-link.com
Apr 10th: compliance-usa@tp-link.com
Apr 11th: compliance-usa@tp-link.com
Apr 12th: compliance-usa@tp-link.com
Apr 24th: compliance-usa@tp-link.com
Apr 25th: compliance-usa@tp-link.com
Apr 26th: compliance-usa@tp-link.com
Apr 30th: compliance-usa@tp-link.com
May 28th: compliance-usa@tp-link.com
May 30th: compliance-usa@tp-link.com
Jun 7th: compliance-us@tp-link.com
June 21st: compliance.usa@tp-link.com

31. TP-Link used four (4) different identities in complaining to Amazon, indicating a coordinated assault by TP-Link, Amazzia and others, to wit: compliance-us@tp link.com, compliance-usa@tp-link.com, us-compliance@tp-link.com and compliance.usa@tp-link.com[9] The only email address available to Amazzia was compliance-usa@tp-link.com.

---

[8] On this instance alone, TP-Link claimed trademark infringement, but not counterfeiting.
[9] TP-Link has admitted in other litigation Amazzia's use of compliance-usa@tp-link.com.

32. Immediately upon receipt of the first IP-complaint of January 19, 2018 Plaintiff

emailed TP-Link at the designated address in an effort to satisfy TP-Link that

TSI's product was authentic and not counterfeit (Exhibit 5):



A   **Avi Eisenberg** 1/19/2018

to us-compliance, notice-dispute ⌄

We received an email from Amazon today stating that TP-Link
is asserting that items sold by us (under the storefront
"Universal Goods and Sales", merchant ID A1Q1VKNP5VVQEY,
ASIN B01DXVK3KY, Complaint ID: 1359628881
) are counterfeit. We take all reports of Intellectual Property
Rights Infringement seriously.

These items were purchased from a reputable distributor and
are not counterfeit.

Please be aware that Amazon has stated that our account is
under review as a result of the allegations. If we suffer
damages as a result of your incorrect allegations, you may be
liable.

We respectfully request for a retraction to be sent to notice-
dispute@amazon.com stating that the original allegations
were made in error. If you believe the allegations are correct,
please provide us with all evidence you have obtained to
support your claim of infringement. We are aware of one
purchase by TP-link of 2 of our units that were offered; as of
the time of this email, Jan 19th, this has not been delivered
and is currently in transit. Please advise if any other units have
been purchased by TP-link.

33. TP-Link did not respond to Plaintiff's letter, Exhibit 5; nor did Amazzia.

34. Plaintiff then engaged expert Amazon counsel who emailed a letter to TP-Link on

February 1, 2018 (Exhibit 6):

In accordance with Amazon policy, in order to report an item is counterfeit, a
test buy must be performed in order to verify the claimed differences are

present between the accused product and the rights owner's product. As such, we are writing to request the specific basis for your counterfeit claims, including the test buy purchase information provided to Amazon to support your claims.

TP-Link did not respond to counsel's letter.

35.  On May 7, 2018 Plaintiff was suspended (with appeal rights) from selling on

Amazon by reason of TP-Link's IP complaints (Exhibit 7):

> You have listings that infringe on the intellectual property rights of others. This is against our policies. The removed items can be seen on the Performance Notifications page in Seller Central. As a result, you may no longer sell on Amazon.com, and your listings have been removed from our site.

36.  Plaintiff appealed and got reinstated from the May 7th suspension, but TP-Link

continued its onslaught on May 28 and 30, and on June 14 and 21.  Exhibit 8.

37.  The record of TP-Link complaints, together with other and, to a lesser extent, IP

complaints of Defendants Prevagen and 3PM, caused Plaintiff's permanent

expulsion (without appeal rights) from the Amazon Marketplace on August 27,

2018.

38.  All IP complaints (i) filed by TP-Link and/or Amazzia, and (ii) alleging TSI's

counterfeiting, were filed under false attestation:

> **Statements**
> "I have a good faith belief that the content(s) described above violate(s) my rights described above or those held by the rights owner, and that the use of such content(s) is contrary to law."
>
> "I declare, under penalty of perjury, that the information contained in this notification is correct and accurate and that I am the owner or agent of the owner of the rights described above."

39. As the IP complaints were filed over interstate wires, their filing violated 18 U.S.C. 1343 and TP-Link thereby used criminal means to accomplish its goal of Plaintiff's elimination.

## B. PREVAGEN, INC.

40. Prevagen, Inc., dba Sugar River Supplements, is a Wisconsin corporation with its principal place of business at 726 Heartland Trl, Ste. 300, Madison, WI 53717.

41. Prevagen manufactures and markets a supplement known as "Prevagen" to improve memory function, particularly in aging adults. It comes in both capsules and chewable tablets.   See https://www.amazon.com/Prevagen-Extra-Strength-Chewables-Tablets/dp/B01M6CEO2G.

42. Prevagen, Inc. is a subsidiary of Quincy Bioscience Manufacturing, Inc.

43. According to the Attorney General of New York, Prevagen, Inc. "[a]t all times material . . .  acting alone or in concert with others, Prevagen, Inc. has advertised, marketed, promoted, distributed, or sold Prevagen to consumers throughout the United States, including New York."[10] _

44. On April 23, 2018 Plaintiff purchased 150 units each of Prevagen capusules and tablets, thereafter offering them on the Marketplace.

45. Prevagen initially complained to Amazon, alleging Plaintiff's listing and selling of counterfeit product as follows (Exhibit 9):

- 6/9/18 . . . ASIN: B01M6CEO2G Infringement type: Counterfeit Trademark asserted: 3349744 Complaint ID: 5124904881

---

[10]https://www.ftc.gov/system/files/documents/cases/quincy_bioscience_complaint-filed_version.pdf

- 6/10/18 . . .  ASIN: B00XQFE502  Infringement type: Counterfeit
  Trademark asserted: 3349744 Complaint ID: 5126722241

46. Per Amazon policy Prevagen would have had to state under oath that it test-purchased the product of which it complained, examined it and found it to be counterfeit.

47. In fact, Plaintiff's first sale of the said product was shipped on June 9th and, even assuming Prevagen or its test buyer  to have been the purchaser, Prevagen could not possibly have examined the product and found it counterfeit on or before June 9th because even overnight delivery would require until June 10th.   Thus Prevagen targeted Plaintiff solely because Plaintiff sold the supplements and for no other reason.

48. TSI supplied a valid purchase invoice to prove its innocence, Amazon agreed that the Prevagen IP complaints were without merit, and sent the following letters reinstating TSI's listings on June 14th:

- We reviewed your appeal and reinstated the following content  ASIN:
  B00XQFE50  Complaint ID: 5127492371
- We reviewed your appeal and reinstated the following content ASIN(s):
  B01M6CEO2 Complaint ID: 5126447921

49. On June 18, 2019 Prevagen sent an infringement letter directly to TSI, demanding to know, *immediately,* confidential business information as to TSI's source of product and threatening severe penalties through Amazon for failure of compliance (Exhibit 10):

> If you do not email or call us immediately at 608-827-8000 and identify your business name and legitimate source of our products, you will be subject to the appropriate penalties by Amazon's Seller Performance and legal/copyright team(s).

50. Prevagen then complained as to the same products, in two new (2) IP complaints, alleging same to be counterfeit (Exhibit 11):

- 6/21/18 ASIN: B01M6CEO2G B00XQFE502
  Infringement type: Counterfeit Trademark asserted: 3349744 Complaint ID: 5144410571
- 6/23/18  ASIN: B01M6CEO2G B00XQFE502
  Infringement type: Counterfeit Trademark asserted: 3349744 Complaint ID: 5150645091

51. Prevagen's second round of IP Complaints of June 21 and 23, 2018 were lodged with *knowledge* that Amazon had found TSI's evidence of authenticity adequate to relist the challenged product.

52. As foretold by Prevagen, Amazon penalized Plaintiff by expelling Plaintiff from the Marketplace on August 27, 2018 with no right of appeal.

53. All IP complaints (i) filed by Prevagen, and (ii) alleging TSI's counterfeiting, were filed under false attestation:

> **Statements**
> "I have a good faith belief that the content(s) described above violate(s) my rights described above or those held by the rights owner, and that the use of such content(s) is contrary to law."
>
> "I declare, under penalty of perjury, that the information contained in this notification is correct and accurate and that I am the owner or agent of the owner of the rights described above."

54. All Prevagen  IP complaints were filed over interstate wires, their filing violated 18 U.S.C. 1343 and Prevagen thereby used criminal means to accomplish its goal of Plaintiff's elimination.

## C.  3PM SHIELD, LLC

55. 3PM Shield, LLC, aka 3PM Solutions, is a Delaware corporation headquartered in Illinois, with principal place of business at 440 North Well St., Ste. 740, Chicago, Illinois 60654. 3PM operates nationwide and regularly supplies its services to New York brand owners and their privies, including cable and satellite network HBO.

56. "3PM" stands for "third-party marketing" and, hence, "3PM Solutions" stands for solving what greedy competitors see as a "3PM problem."

57. 3PM's mission is to protect so-called "authorized distribution" from third-party sellers such as TSI, who are perfectly free as a matter of law to sell branded items but whom, in 3PM's view, are not "authorized" by the brand owner and should not be exercising their rights to compete. In other words, 3PM essentially equates sales authorized under the First Sale and Fair Use Doctrines as infringements and counterfeit. Indeed, 3PM's mantra makes no distinction between infringement of a trademark and counterfeiting:

> Consumers use marketplaces to search and buy products online. Criminals use them to sell counterfeits. Marketplaces have no reason to change. They PROFIT from limited transparency and seller oversight. (https://3pm.ai)

It is with this "us against them" philosophy that TSI sustained its demise at 3PM's hands.

58. On May 7, 2018 TSI purchased 2,200 units of a certain Samsung AKG S8 Headset. The AKG brand is owned by Harman International Industries Incorporated, a Delaware corporation based in Northridge, California.

59. The product was new, OEM product, sold in bulk, i.e. not packaged.

60. Plaintiff had its supplier prepare the headsets for retail sale by packaging the loose

product in polybags, a type of container made of thin, flexible, plastic film, used

for containing and transporting all manner of goods.

61. Plaintiff listed the headsets on a pre-existing Amazon product detail page, the

base for dozens of sellers to sell their products, and containing the following

relevant text, **including clear and conspicuous notice that the product was**

**being offered without retail packaging**:

> Official Galaxy S8/S8+ In-Ear Headphones [EO- IG955BSEGWW],
> Fone-Stuff – Tuned by AKG, Remote + Mic Hands-free Earphones –
> Titanium Grey **(No Retail Packaging)**

62. Plaintiff sold approximately 1949 units of the headsets, and Amazon urged

Plaintiff to replenish his dwindling FBA inventory of the headsets.

63. On or about August 22, 2018 Plaintiff received an email from Amazon advising

that a third-party "brand protection" monitor, one 3PM SHIELD LLC dba 3PM

Solutions, had filed an Intellectual Property complaint with Amazon asserting that

the listing under which Plaintiff listed the headsets was infringing AKG's

intellectual property and, hence, sellers under the listing, including Plaintiff, were

wrongfully using the AKG intellectual property:

> We are contacting you because we received a report of trademark
> infringement from the rights owner listed below. Sellers on Amazon.com
> are not allowed to imply listings on product detail pages are trademarked
> when they are not. We removed the rights owner's trademark(s) from the
> detail page(s) for the content listed at the end of this email.

64. 3PM's complaint against the listing itself as opposed to any particular seller

thereunder evidences wonton and malicious behavior, as it is not reasonable that

dozens of sellers—**without exception--**were simultaneously infringing the AKG

mark.  Further and in light of the foregoing, 3PM's complaint reflects its

dedication to eliminating third-party seller competition based solely upon the

3PM's commitment to ridding the market of any online seller not specifically

authorized by his client to sell items bearing such client's trademark.

65.  Plaintiff immediately sought to communicate with 3PM and 3PM responded with

the following (Exhibit 12):

> Thank you for the email. Please submit your response by clicking on the
> link below:
>
> https://3pm.ai/sellerportal/login.php
>
> password:  **ufw80VlQ**
>
> We will review your submission once received.
>
> Regards,
>
> 3PM Enforcement Team

66.  Plaintiff responded to 3PM promptly, including seller ID, ASIN, and statements

assuring that the AKG headsets were purchased from a reputable source.

67.  3PM never responded to TSI's engagement of the process prescribed by 3PM for

resolution of its serious charges; nor did 3PM retract its IP complaint.

68.  In reviewing and evaluating third-party seller accounts against intellectual

property claims, Amazon regards complaints as to sellers with high sales volumes

as warranting heightened scrutiny and discipline.  3PM's August 22d complaint,

vigorously advanced while 3PM refused to engage with Plaintiff, was particularly

harmful to TSI in light of TSI's 1,949 unit sales of the ASIN at issue.

69. TPL and Prevagen had lodged IP complaints against Plaintiff antecedent to 3PM's

August 22, 2018 IP complaint on June 21, 2018 (TP-Link) and June 21and 23,

2018 (Prevagen), all of which stated as follows:

> **We consider allegations of intellectual property infringement a serious matter. If we receive more complaints about your listings, we may not allow you to sell on Amazon.com.**

70. 3PM played a critical role in Plaintiff's final expulsion from the Amazon

Marketplace.  It was "the straw that broke the camel's back" just prior to

Plaintiff's non-appealable expulsion on August 27, 2018.

71. 3PM's IP Complaint alleging TSI's infringements, were filed under false

attestation:

> **Statements**
> "I have a good faith belief that the content(s) described above violate(s) my rights described above or those held by the rights owner, and that the use of such content(s) is contrary to law."
>
> "I declare, under penalty of perjury, that the information contained in this notification is correct and accurate and that I am the owner or agent of the owner of the rights described above."

As the IP complaints were filed over interstate wires, their filing violated 18

U.S.C. 1343 and 3PM thereby used criminal means to accomplish its goal of

Plaintiff's elimination.

72.  The purpose and effect of 3 PM's IP Complaint to Amazon was to inhibit

competition and artificially raise prices. In fact, the following occurred:[11]

- The Official Galaxy S8/S8+ In-Ear Headphones sold for as low as $7.93 as of August 22nd;
- Immediately upon the august 22d IP Complaint, competitive offers vanished;

---

[11] https://keepa.com/#!product/1-B072J8XD3D

- It only began being consistently offered on Sept 29th, and at that point it was offered at $14.98-14.99; and
- Not until February 4th, 2019 did competitive offers in the $8.00 range reappear on Amazon - over 5 months of competition being inhibited leading to higher prices.

## D. ALLEGATIONS APPLICABLE TO ALL DEFENDANTS

73. But for Defendants' IP complaints to Amazon TSI would not have been expelled from the Amazon Marketplace.

74. Plaintiff exhausted all possible administrative options at Amazon, including appellate procedures.   Plaintiff was permanently expelled nonetheless.

75. By reason of the expulsion Plaintiff was unable to sell its aging inventory (at least $1.1 million) or access its funds in Amazon's hands (about $80,000).  Plaintiff was forced to hire counsel at substantial expense.

76. There exists no alternate, comparable platform (to Amazon) whereby a third-party seller can earn a living, as approximately one-half of all online retail sales are made on amazon.com, and the other half of online retail sales are diffused amongst millions of websites.

77. The above cascade of adversities drove Plaintiff to financial ruination, destroying a business producing profit of approximately $100,000 per month just prior to expulsion.  Accordingly, Plaintiff has been damaged, as a direct result of Defendants' actions alleged above in the approximate amount of $5,000,000.

78. Defendants actions and inactions, moreover, were calculated, willful, wanton, actually malicious and outrageous, so as to justify the imposition of punitive damages in an amount not less than $5,000,000, together with attorney fees to be determined by the Court.

## CLAIM I: INTERFERENCE WITH EXISTING AND PROSPECTIVE BUSINESS RELATIONSHIPS

79. Plaintiff incorporates the allegations above as though the same were re-written at length.

80. In order to state a claim for tortious interference with prospective economic advantage, plaintiff must plead facts sufficient to demonstrate that it had "(1)...business relations with a third party; (2) the defendant interfered with those business relations; (3) the defendant acted for a wrongful purpose or used dishonest, unfair, or improper means; and  (4) defendant's acts injured the relationship." *Catskill Development L.L.C. v Park Place Entertainment Corp.,* 547 F.3d 115, 132 (2d Cir. 2008); See also *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 114 (2d Cir. 2010).

81.  As of the spring of 2018 Plaintiff was a third-party seller on Amazon and thriving.

82. TP-Link's and Prevagen's accusations of counterfeiting, as well as 3PM's accusation of trademark infringement, wrongful *per se* and made more wrongful by the use of criminal means, made directly to Amazon, were for the improper purpose of suppressing competition; and those actions interfered with Plaintiff's business relationship with Amazon.

83. The accusations aforesaid proximately caused Plaintiff's expulsion.

84. Discovery is necessary to identify other improper purposes, if any, for the challenged conduct.

85. Defendants' accusations were false and Defendants knew they were false at

relevant times. The statements were made maliciously and with ill will, as

business entities do not lie about competitors absent a strong measure of ill will.

86.  Amazon stated in writing that it took Defendant's accusations very seriously,

threatened to terminate Plaintiff for repeated IP Complaints and, in fact, expelled

Plaintiff as an Amazon third-party seller after receiving repeated IP Complaints.

87.  Amazon stated that it would act favorably if Defendants' would retract their

accusations; but Defendants refused to engage any process calculated to lead to a

retraction and ignored Plaintiff's efforts to do so.

88.   Defendants' acts destroyed Plaintiff's relationship with Amazon, thereby causing

the destruction of Plaintiff's business.

### CLAIM II: TORTIOUS INTERFERNCE WITH CONTRACT

89.  Plaintiff incorporates the above allegations as though the same were rewritten at

length.

90.  In order "[t]o state a contract-interference claim under New York law, a plaintiff

must demonstrate the existence of a valid contract, the defendant's knowledge of

the contract's existence, that the defendant intentionally procured a contract

breach, and the resulting damages to the plaintiff. *Catskill Dev., L.L.C. v. Park

Place Entm't Corp.*, 547 F.3d 115, 124-25 (2d Cir. 2008)." *Innovative

Biodefense, Inc. v. VSP Techs*., 176 F. Supp. 3d 305, 328 (S.D.N.Y. 2016)

91.  Defendants' libelous IP complaints to Amazon proximately caused Amazon to

expel Plaintiff from the Marketplace on August 27, 2018 with no right of appeal,

thereby **destroying Plaintiff's enjoyment of its contract with Amazon, as

identified in ¶7 *supra*.**

## CLAIM III: LIBEL PER SE

92. Plaintiff incorporates the allegations above as though the same were re-written at length.

93. The elements of a cause of action for slander under New York law are (i) a defamatory statement of fact, (ii) that is false, (iii) published to a third party, (iv) "of and concerning" the plaintiff, (v) made with the applicable level of fault on the part of the speaker, (vi) either causing special harm or constituting slander per se, and (vii) not protected by privilege."  Under New York defamation law, the Courts have distinguished "a limited category of statements" that are considered "libelous *per se* which do not require pleading and proof of special damages." *Davis v. Ross*, 754 F.2d 80, 82 (2d Cir. 1985).

94. Defendants' scheming accusations against Plaintiff charged Plaintiff with a serious crime or crimes, to wit: counterfeiting, a form of fraud, undertaken by means of interstate wire services, itself a Federal felony.  18 U.S.C. §1343.

95. The most recent of the subject accusations are as follows:

   - TP-Link filed its 27th counterfeiting complaint on June 21, 2018;

   - Prevagen filed its fourth counterfeiting complaint on June 23, 2018; and

   - 3PM filed its complaint on August 22, 2018.

96. Defendants' accusations against Plaintiff to Amazon directly injured Plaintiff in its business and trade because, as they knew, Amazon will not tolerate repeated counterfeiters as Amazon sellers.

97. Defendants' accusations against Plaintiff caused Plaintiff reputational injury.

98. Defendants' accusations against Plaintiff constitute libel *per se.*

99. Although injury may be presumed due to libel *per se,* Plaintiff suffered above and beyond presumed damages, e.g. loss of enterprise value and income.  In particular, TSI lost good will specific to the TSI-Amazon relationship that cannot be recovered including, *inter alia,* Plaintiff's right to sell a broad range of products on amazon.com, much of which entitlement was grandfathered.[12]

### CLAIM IV: DECLARATORY JUDGMENT OF NON-INFRINGEMENT

100. Plaintiff incorporates the allegations above as though the same were re-written at length.

101. Claims of infringement and counterfeiting by the trademark owners, defendants herein, present a substantial controversy of sufficient immediacy and reality to warrant invocation of the Declaratory Judgment Act, 28 U.S.C. 2201.

102. Plaintiff seeks to exercise its property rights and sell online products bearing trademarks belonging to Defendants and their privies, free of threat of harassment and harm from Defendants.

103. Defendants have harmed Plaintiff as alleged above though claims to third parties of trademark infringement and counterfeiting when, in fact, there were no infringements or trading in counterfeit goods.

104. This Court's declaration of Plaintiff's right to sell Defendants' (and privies') trademarked goods online will clarify and settle legal relations between the

---

[12] As an established third-party seller, Plaintiff was entitled to sell many products that a new seller would be precluded from selling based upon Amazon's "gating" and other restrictions.

parties, terminate and afford relief from any uncertainty, insecurity or

controversy.

WHEREFORE, Plaintiff prays for relief against Defendants, jointly and severally, as

follows:

    A.      Compensatory damages of at least $5,000,000;

    B.      Punitive damages of not less than $5,000,000;

    C.      A declaration that Plaintiff did not infringe the trademark or other intellectual property rights of Defendants or their privies;

    D.      Attorney fees and costs; and

    E.      Such other and further relief as the Court may order.

### JURY DEMAND

Plaintiff demands a trial by jury as to all triable issues.

/s/Mark Schlachet_____
Mark Schlachet
Law Offices of Mark Schlachet
3515 Severn Road
Cleveland, Ohio 44118
Telephone: (216) 225-7559
Facsimile: (216) 932-5390
Email:markschlachet@me.com

Counsel to Plaintiff Thimes Solutions Inc.

# EXHIBIT C



Avi Eisenberg <avi@thimessolutions.com>

# Notice: Policy Warning

1 message

---

**Amazon** <notice@amazon.com>                                          Wed, Aug 22, 2018 at 7:56 PM
Reply-To: Amazon <notice-dispute@amazon.com>
To: "avi@thimessolutions.com" <avi@thimessolutions.com>



Hello,

We are contacting you because we received a report of trademark
infringement from the rights owner listed below. Sellers on Amazon.com are
not allowed to imply listings on product detail pages are trademarked when
they are not. We removed the rights owner's trademark(s) from the detail
page(s) for the content listed at the end of this email.

If a product you are listing is compatible with a brand-name product, the
product detail page(s) must clearly identify that the product is
compatible with the trademarked product.

If you believe this complaint was made in error, please respond directly
to this email and provide an invoice as confirmation.

If you believe that the reported content does not infringe the rights
owner's trademark, you may email notice-dispute@amazon.com with supporting
information.

We may restore this content if we receive a retraction from the rights
owner. Their contact information can be found below.

-- 3PM Solutions
-- rob@3pm.ai

If the rights owner agrees to retract their complaint, they must send the
retraction to us at notice-dispute@amazon.com.

We consider intellectual property infringements a serious matter. If we
receive more complaints about your listings, we may not allow you to sell
on Amazon.com.

To learn more about this policy, search for "Intellectual Property
Violations" in Seller Central Help.

ASIN: B00723ZXWI, B006K2SRPM, B009WU54AK, B00C7CUVYE, B00DS0BUQ2,
B00C7CV1TI, B00CTEL6IA, B00C7CUMP2, B00C7CUOSG, B00CHU7X1K, B00C7CTVUY,
B00AL9OUGA, B00A9COZH8, B00C7CU8RO, B00C7CUXMO, B07BGW4KKW, B01BNUXQM4,
B00TOLW2PM, B00TOLVYE2, B00TOLVYCO, B00IN0LE1I, B00C7CV40Y, B00C7CV256,
B00C7CU7BQ, B009RUDOH0, B001AVXZGE, B079VL5S2S, B00TOLW2TI, B00DUDSH9K,
B079VVHFP1, B000GHDQ04, B072J8XD3D, B00MYF6EBS, B074XN1SQX, B0722QXJG8,
B0776R1MWH, B074R3ZZQ9, B06WLGRYSF, B01N3CD6C5, B01N3CD2ER, B00ZW5WJH0,
B016UC7HT8, B0143LWYCS, B013CWSHWU, B07BB3HS98, B0769F1SJ7, B00Y39ZCAW,
B00N556MDQ, B00F6FM9TY, B004TB3OZE, B004TB3OOA, B003S9VW84, B002N7WJ7U,
B00115CW0O, B079D6SV1G, B01MQYBQV5, B002N7XQXG, B00N559512, B01I4SUC7U,
B06XG63X35, B06XGCM7VZ, B071Z6T1GM, B07288RM77, B00BL6NGVM, B07C84KKB8,
B071FTK8V8, B0716JXNNZ, B01HQKSA2Q, B01KTX7G0Y, B004LJ40TS, B000GKBMMO,
B0007U837A, B01AACPFY8, B075ZG8BFT, B07C7V3LYN, B07CJVWJPN, B07C7V9D2R,
B07C7QQGP9, B07B4NWB7J, B07B3ZFQRY, B079XSMKTC, B0777T8W6L, B07P5PX4Q,
B076F7P5T1, B076F4G9ZZ, B076F667B8, B0766257PN, B0758SVBKL, B0758NBNCT,

```
B06Y18QWZQ, B06XXLLB71, B01N0ANRU8, B01N14OPCV, B01KYGD5UQ, B003MQMEEO,
B016VMOY8E, B011OUWIXG, B07CP357XP, B07CJP1VCJ4, B07CKR7TX5, B07CKPL1FH,
B07CKHNG8H, B07CJYPPTP, B07CJWYTL7, B07CJVZV2D, B07CGK9JQC, B07CFWD1PS,
B07C7YL6DK, B07C7WV97K, B07C7FZV52, B07C5LH7XK, B07C5L7NKV, B07C5KP3CQ,
B07BK936NQ, B07BHTV7Y6, B07B67NXHW, B076F9FXLY, B076F98VJ4, B076F8M328,
B076F5Q9VX, B076F5193X, B076F48KYG, B076F44FYS, B076F41BH5, B076F29NJH,
B076F21348, B076DZP5YB, B01BT3DP62, B00SXHJZ94, B00Q62YWJ6, B00OLC5QJ8,
B00GMTSE7Y, B00FZZPNFM, B00FZZN4EO, B00FZZLXGA, B00FXI0892, B00EDOZCPM,
B00DRHJ59U, B00CLVD87S, B00CD84EVS, B00CD84DAA, B00BIFW5WW, B00A7WD1XO,
B008YOBKTY, B008YOBJWC, B008N9DLX8, B008IEFJNI, B00881CT4I, B005O0OOJO,
B003NEH8TG, B003MQMEEE, B00390GO3Q, B07B4M4L8M, B07B43LNJW, B07B3ZM3VB,
B07B3ZKX7S, B07B3ZDBCH, B079Y6G1XJ, B079XYXYV2, B079XVKDQG, B079XVK73S,
B079H5MR6X, B079H5FC24, B079H3SVYP, B074WWBZ2J, B07C7V4QYY, B0002MJCIM,
B001PYK1BS, B002B8B79W, B01MTKIY3R, B074VFBP85, B075KMQG1Q, B076F8Z93Q,
B079XRKKM6, B07C54DPBD, B07BZ6QS6M, B076TFD6W7, B079V23HR1, B07B42C3DM,
B07C7MT6Q4, B01KQ7DXJ6, B07816QFZX, B0766362FL, B07662P9R2, B07662C2YB,
B0766IQDLW, B07661PK74, B0758NWZ85, B0758J19PK, B0758HGYX3, B074XBSHSJ,
B074VGTVJ1, B074KHSC97, B074KGJHYH, B074KFG8PZ, B0741JGJ9M, B073JWNRNV,
B0722D3LJ6, B06Y2HT77C, B06Y1DFPX6, B06XY62D89, B06XXKJB15, B06XKLBJKQ,
B06XKC6X5B, B01NBWCF7L, B01N6SX7VU, B01N3WH9OB, B01N30KNXC, B01MZ8JJ4S,
B01MZ6GRH5, B01MYR6GER, B01MY6HSGU, B01MY4WKIT, B01MXE1DQO, B01MTCSOFD,
B01MRHDLWI, B01KYGD5TW, B01GKE6AA8
```
Title: n/a

Infringement type: Trademark
Complaint ID: 5304333291

Sincerely,
Seller Performance Team
Amazon.com
Http://www.amazon.com

THIMES00287

# EXHIBIT D

MARK POE (S.B. #223714)
  mpoe@gawpoe.com
RANDOLPH GAW (S.B. #223718)
  rgaw@gawpoe.com
VICTOR MENG (S.B. #254102)
  vmeng@gawpoe.com
GAW | POE LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

MARK SCHLACHET (*pro hac vice*)
  markschlachet@me.com
43 West 43d Street, Suite 220
New York, New York 10036
Telephone: (216) 225-7559
Facsimile: (216) 932-5390

FILED
CLERK, U.S. DISTRICT COURT

May 27, 2022

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ igr _____ DEPUTY

Attorneys for Plaintiff
Thimes Solutions, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS, INC., | Case No. 2:19-CV-10374-SB-E |
| Plaintiff, | **AMENDED FIFTH AMENDED COMPLAINT** |
| v. | JURY TRIAL DEMANDED |
| TP-LINK USA CORPORATION and AUCTION BROTHERS, INC. d/b/a AMAZZIA | |
| Defendants. | |

Plaintiff Thimes Solutions, Inc. dba Universal Goods & Sales ("TSI"), alleges on knowledge as to itself, but otherwise on information and belief, as follows:

### INTRODUCTION

1.    This case is about greed disguised as "brand protection."  With the advent of Amazon has come a fight for the right (or wrong) to display goods in the ecommerce space owned and controlled by Amazon, i.e. amazon.com.  A former Investigation Specialist for Amazon's Seller Performance team, Chris McCabe, has written about the misuse of the Amazon rights reporting system.  In his article, "Have you noticed How Unpredictable Amazon's Notice Infringement teams are now?" https://www.ecommercechris.com/have-you-noticed-how-unpredictable-amazons-notice-infringement-teams-are-now/(February 21, 2019), Mr. McCabe observes (Exhibit 1):

- Amazon's Notice Claim of Infringement Teams exist in theory to process intellectual property violations on the Amazon Marketplace at amazon.com;

- In practice, trademark and other violations can come from anywhere, allege anything, and are rife with abuse;

- The work of the Notice teams, though attempting to combat rampant abuse, has backslided of late to the point where Amazon's response to contested Intellectual Property Complaints makes "little to no sense;"

- Amazon harshly enforces the brand owner complaints of counterfeiting by requiring at most that brand owners attest to having "test bought" the allegedly counterfeit product from the alleged counterfeiter;

- Suspensions and expulsions from the Marketplace follow "bizarre behavior" on Amazon's part, where the reasons for adverse actions are highly mercurial, *re*stated repeatedly, and often have nothing to do with the reason for the suspension or expulsion; and

- Accused sellers—in particular those with a history of notice claims (as many sellers have)--are left in a virtual "twilight zone" where they are not told and cannot learn the true reasons for harsh—at times lethal—action taken against their businesses.

AMENDED FIFTH AMENDED COMPLAINT
CASE NO. 2:19-CV-10374-SB-E

2.    Unscrupulous brand owners, well aware of the above Notice Infringement landscape, take unilateral action and use "brand protection services" to assist them in "knocking off unwanted sellers." *Id.*

3.    Plaintiff Thimes Solutions Inc. dba Universal Goods & Sales ("TSI") is a Suffern, New York business that operates within a market niche which serves as a valuable, efficient segment of the economy.  Succinctly, the model is buying something cheaply from a down-stream distributor—typically a close out purchaser or the like that purchased sealed product exactly as put into the stream of commerce by the manufacturer--and selling it at an enhanced price point online, but often at a cheaper price than other sellers are selling it for, thus benefiting customers, who get authentic product at a discount.  Manufacturers, their "authorized distributors," and their "brand protectors" often seek means—some unlawful-- to eliminate such niche market competition.[1]

4.    Plaintiff TSI ordinarily buys product in the manufacturer's original packaging and does not repackage, modify, or otherwise change the product for resale.

5.    TSI  brings this suit following its commercial and financial ruination resulting from Defendants' libelous statements to Amazon and consequential tortious

---

[1]A copyright or trademark holder enjoys a "distribution right" and may initially sell, or not sell, copies of a copyrighted or trademarked item to others on such terms as he or she sees fit. However, the IP holder's exclusive distribution right is limited to the first sale of the coyprighted or trademarked item. Under the "first sale" docrine, codified at 17 U.S.C. § 109(a) "the distribution right may be exercised solely with respect to the initial disposition of copies of a work, not to prevent or restrict the resale or other further transfer of possession of such copies." The Fair Use Doctrine, similar to the First Sale Doctrine, permits a seller to use a another's trademark to identify the former's goods, provided that no likelihood of confusion results as to the source of the product or the trademark holder's sponsorship or affiliation. 15 U.S.C. §115(b)(5)(A)-(C). The First Sale Doctrine [also] protects resellers of genuine trademarked goods from claims of infringement. *Davidoff & CIE, S.A. v. PLD Int'l. Corp.,* 263 F.3d 1297, 1301 (11th Cir. 2001); *Hidalgo Corp. v. J. Kugel Designs, Inc.,* No. 05-20476-CIV-JORDAN/TORRES, 2006 U.S. Dist. LEXIS 96647, at *12 (S.D. Fla. 2006)

AMENDED FIFTH AMENDED COMPLAINT
CASE NO. 2:19-CV-10374-SB-E

1  interference with Plaintiff's existing and prospective business relationship with
2  Amazon Services LLC.

3       6.    TSI became a third-party seller on Amazon in 2016.  To become an
4  Amazon seller TSI signed Amazon's standard Business Solutions Agreement that,
5  among other things, allowed Amazon to terminate TSI as a seller for any reason or
6  for no reason at all.

7       7.    TSI sold over 175,000 products to customers on Amazon with a 98%
8  lifetime positive feedback rating.  Plaintiff reached $2 million in sales during the first
9  six months of 2018. As of its expulsion from Amazon, TSI was selling around
10  $400,000-500,000 per month on amazon.com. Net margins were roughly 20%.  Now
11  . . . there is only ruin.

12                    **JURISDICTION AND VENUE**

13       8.    This Court has subject matter jurisdiction over this action pursuant to 28
14  U.S.C. § 1332(a)(1) because the citizenship of the parties is diverse and the amount
15  in controversy is in excess of $75,000, exclusive of costs and interest.

16       9.    Thimes Solutions Inc. was duly incorporated in New York on November
17  21, 2016 and maintains its principal place of business at 3 Litman Lane, Suffern, New
18  York.  TP-Link USA Corporation was duly incorporated in California on October
19  15, 2008 and maintains its principal place of business at 145 South College Blvd.,
20  Suite 400, in Brea, CA 92821.Auction Brothers, Inc. dba Amazzia was duly
21  incorporated in California on May 31, 2005 and maintains its principal place of
22  business at 19528 Ventura Blvd, #229, Tarzana, CA 91356.

23       10.   Defendant's activities were within the flow of, were intended to, and
24  had a substantial effect on, interstate commerce because Plaintiff conducted business
25  all over the country.

26       11.   Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b), (c) and
27  (d).  A substantial part of the events giving rise to Plaintiff's claims occurred in this
28  district, and Amazzia and TP-Link are residents of this district and their challenged

- 3 -

AMENDED FIFTH AMENDED COMPLAINT
CASE NO. 2:19-CV-10374-SB-E

conduct was initiated in this district including, without limitation, the transmission of the false statement at issue.

## FACTS

### A.    TP-LINK USA, TP-LINK NORTH AMERICA, TOM LEI AND AUCTION BROTHERS, INC. dba AMAZZIA

12.     TP-Link USA Corporation ("TP-Link" or "USA" at times), operates as an indirect subsidiary of TP-LINK Technologies Co., Ltd. ("TPC"), a Chinese parent company.  The parent TP-Link has lately been the world's number one provider of Wi-Fi products, shipping over 160 million products around the globe during 2016.

13.     USA was originally a subsidiary of TPC but is now a subsidiary of TP-Link UK Limited.  It manufactures and supplies networking products for home and small business, known as SOHO and SMB.  Examples are switches, routers, and components for wireless systems.

14.     TP-Link USA's products are available at substantially all major electronics retailers, online and in-store, throughout the country, including amazon.com, jet.com, Best Buy, COSTCO, Home Depot, Office Depot, Sam's Club, Sears, Staples, Target, and Walmart.[2]

15.     TP-Link North America ("TPN" or "North America" at times) functions as an alter ego of USA and its business offices are located at the latter's principal address in Brea, CA, while it handles TP-Link warehousing a few miles away in Fontana, CA.  TPN merged into USA on November 26, 2019.  TPN was a fictitious name, duly registered under California law, at all relevant times..

16.     TP-Link's LinkedIn page has listed at least two (2) dual positions, believed to be at issue here, held under simultaneous employment by USA and TPN:

- Director of E-commerce at TP-Link North America, Inc.
  Greater Los Angeles Area
  Current: Senior Channel Strategy Manager,B2B at **TP**

---

[2] https://www.tp-link.com/us/where-to-buy

AMENDED FIFTH AMENDED COMPLAINT
CASE NO. 2:19-CV-10374-SB-E

**Link USA** Corporation[3]

- Channel Strategy Manager, Ecom at TP-Link USA Corporation
  Hangzhou, Zhejiang, China
  Current: Channel Strategy Manager, Ecom at **TP-Link** North
  America, Inc.[4]

17.    USA and Amazzia published written complaints to Amazon, libelous per se, charging Plaintiff with at least 28 instances of infringing TP-Link intellectual property by listing or selling counterfeit goods (on 27 occasions) on amazon.com or otherwise infringing a trademark (on one occasion)  ("IP Complaints").[5]

18.    TP-Link's fraudulent IP Complaints directly caused Plaintiff's suspension from the Marketplace in May 2018 and also caused TSI's permanent expulsion as a seller on the Amazon website, effective on or about August 27, 2018.

19.    TP-Link retained Amazzia, to monitor specific TP-Link products on the Amazon marketplace and do a "third-party seller clean up" of those selling TP-Link products outside TP-Link's authorized distribution channels.

20.    Amazzia describes itself as follows:

As your dedicated partner, we keep your brand safe from unauthorized agents, ensure Amazon compliant distribution and amazing growth through price protection, optimization and targeted marketing.

. . . .

**Removing Un-Authorized Sellers**
Effective and proven strategies to report and remove Un-Authorized Resellers from your listings

---

[3] https://www.linkedin.com/company/tp-link/ at **See all 78 employees on LinkedIn**, Screen 1 (last visited on June 3, 2018)
[4] *Id.*  at Screen 8.
[5] Plaintiff is informed and believes that IP complaints are prepared with an online system that does not provide the complainant with a completed copy.   See https://www.amazon.com/gp/help/reports/infringement    Amazon provides the accused with an edited and redacted version of the allegations in an email from the Seller Support group of Amazon. The allegations of the emailed version include the word "counterfeit," or "infringement," the Amazon Stock Identification Number(s) ("ASINs") allegedly counterfeited or infringed, an Amazon complaint ID number, the complainant company name, and an email address to contact with a view to resolution.   The entire text of the allegations and the signature of the person or entity who filed the complaint are not disclosed.

AMENDED FIFTH AMENDED COMPLAINT
CASE NO. 2:19-CV-10374-SB-E

21.     Amazzia's primary focus is removing lawful Amazon offerings from the Marketplace:

> Unauthorized resellers corrupt the online marketplace with reckless, self-serving tactics, causing price erosion and negatively impacting your brand's image.

> Under these circumstances your legitimate brick & mortar retailers are unable to compete with online prices and may refuse to carry your brand.

22.     Amazzia's Vice-President of Brand Protection William Samuel articulates his role quite simply:[6]

> As the Vice President of Brand Protection at Amazzia, I ensure the protection of my clients' brands by identifying and eliminating unauthorized Amazon sellers. **The increasing number of MAP violators in the Amazon marketplace is astounding**! Rogue marketplace sellers can damage your brand and undercut your bottom line by selling products at extremely low discounted rates.  (emphasis added)

23.     Amazzia makes clear in publicly available promotions that the real problem with third-party sellers is that that they may *try* to compete on price:

> Not all third-party sellers are ethical, and some may try to undercut you and misrepresent your brand. **The main risk involves companies deviating from your minimum advertised price.** This results in having your brand's value lowered. There's also the risk of bad brand representation if consumers experience poor customer service with any unauthorized third-party sellers. As a result, customers associate those bad experiences with your brand.                          . . . .
> **Amazzia can protect your brand by preventing MAP violations** . . . (emphasis added)

24.     Amazzia entered into a TP-Link-Amazon Brand Protection Agreement under which (i) Amazzia committed to an "Amazon cleanup," (ii) TP-Link provided Amazzia with specific ASIN's to be watched, (iii) Amazzia promised to "report non-compliant sellers to Amazon until they are removed by Amazon" (iv) Amazzia's commitment was to rid the Marketplace of "resellers" as follows: "50% .of resellers to be removed in 60 days, 75% in 90 days, and 90% in 120 days," and (v) Amazzia

---

[6] https://www.linkedin.com/in/william-samuel-0825a071/

promised TP-Link "full access to our team for any questions regarding the cleanup project." See Exhibit 9 at Exhibit A thereto.[7]

25. Unable to eliminate TSI sales as "unauthorized" or "discounted"—all perfectly lawful--Amazzia sent fraudulent IP complaints to Amazon charging Plaintiff with counterfeiting, at all times acting in concert with and on behalf of TP-Link, and with the latter's actual authority and instructions.

26. Amazzia directly caused Plaintiff's May suspension and permanent expulsion from the Amazon Marketplace in coordination with the following scheme:

- On January 8, 2018 Plaintiff purchased 360 TP-Link AC5400 Routers from a reputable supplier with which Plaintiff has dealt extensively. Plaintiff has possession of approximately 100 of these items to date, all of which are authentic and not counterfeit. Amazon continues to hold a number of Plaintiff's TP-Link AC5400 Routers.

- One Tom Lei (Screen name "amazon91773"), a TP-Link employee, operated out of TPN's warehouse facility in Fontana, CA, attempting through various means, some illegal, to kill off Amazon-related competition to USA from competitors that are not so-called Authorized Resellers.

- Mr. Lei's purchases of TP-Link products from TSI, in his own name (using USA funding or reimbursement) and without disclosure of TP-Link involvement, occurred on January 18, 2018 (2 AC5400 Routers) and March 5, 2018 (6 AC1200 Routers in three (3) separate transactions). Exhibit 2 hereto. He received the items at Defendants' Fontana CA warehouse, examined the products, and knew from such examinations that the products were authentic and not counterfeit. Notwithstanding this knowledge, Mr. Lei or those acting in concert with him libeled TSI *27 times* during January-June 2018 for selling counterfeit USA products and otherwise infringing TP-Link's intellectual property.

- Mr. Lei's initial purchase of two (2) AC 5400's establishes that TP-Link's sole intent *ab initio* was to eliminate Plaintiff's sales of TP-Link products from the competitive marketplace, as the circumstances of the initial January 19th complaint alleging counterfeit goods proves:

  o The complaint addressed an ASIN: B01DXVK3KY, TP-Link

---

[7] Exhibit 9, the Declaration of Kevin Ryu was submitted by TP-Link in *Careful Shopper*. Exhibit A thereto was identified as "a true and correct copy of TP-Link's contract with Amazzia. *Careful Shopper LLC v. TP-Link USA Corporation*, Case 1:18-cv-03019-RJD-RML Document 35-1 Filed 02/27/19.

AMENDED FIFTH AMENDED COMPLAINT
CASE NO. 2:19-CV-10374-SB-E

AC5400 Wireless Wi-Fi MU-MIMO Tri-Band Router

- o Amazon's warning letter, which recites an earlier IP complaint from TP-Link, was received at 4:33 PM on 19 January 2018
- o Amazon lodged the Router with UPS for delivery to TP-Link on January 19, 2018 (Exhibit 3)
- o The Router was not delivered to Mr. Lei until January 22, 2018, three days *after* swearing to Amazon that the Router was test-purchased and found to be counterfeit (Exhibit 4).

TP-Link *targeted* TSI for elimination and in its haste lodged its libelous IP complaint before receiving the Routers![8]

27. During 2018 TP-Link complained to Amazon on at least 28 separate occasions, all or substantially all of which alleged counterfeiting:

- Jan 19th: us-compliance@tp-link.com
- Jan 21st: us-compliance@tp-link.com
- Jan 26th: us-compliance@tp-link.com
- Feb 14th: compliance-us@tp-link.com
- Feb 21st: compliance-us@tp-link.com
- Feb 28th: compliance-us@tp-link.com[9]
- Mar 2nd: compliance-us@tp-link.com
- Mar 3rd: compliance-us@tp-link.com
- Mar 10th: compliance-us@tp-link.com
- Mar 13th: compliance-us@tp-link.com
- Mar 21st: compliance-us@tp-link.com
- Mar 31st: compliance-usa@tp-link.com
- Apr 2nd: compliance-usa@tp-link.com
- Apr 5th: compliance-usa@tp-link.com
- Apr 6th: compliance-usa@tp-link.com
- Apt 7th: compliance-usa@tp-link.com

---

[8] After receiving the first TP-Link-instigated Notice from Amazon, Plaintiff researched its sales of the TP-Link AC 5400 Router and searched the purchaser's address on Google, thereby identifying TP-Link as the purchaser of two (2) AC5400 Routers.

[9] On this instance alone, TP-Link claimed trademark infringement, but not counterfeiting.

AMENDED FIFTH AMENDED COMPLAINT
CASE NO. 2:19-CV-10374-SB-E

1  • Apr 9th: compliance-usa@tp-link.com

2  • Apr 10th: compliance-usa@tp-link.com

3  • Apr 11th: compliance-usa@tp-link.com

4  • Apr 12th: compliance-usa@tp-link.com

5  • Apr 24th: compliance-usa@tp-link.com

6  • Apr 25th: compliance-usa@tp-link.com

7  • Apr 26th: compliance-usa@tp-link.com

8  • Apr 30th: compliance-usa@tp-link.com

9  • May 28th: compliance-usa@tp-link.com

10  • May 30th: compliance-usa@tp-link.com

    • Jun 7th: compliance-us@tp-link.com

    • June 21st: compliance.usa@tp-link.com

11

12  28.  TP-Link/Amazzia used four (4) different identities in complaining to

13  Amazon, indicating a combination and conspiracy, to wit:  compliance-us@tp

14  link.com,  compliance-usa@tp-link.com,  us-compliance@tp-link.com

15  and  compliance.usa@tp-link.com[10]  On information and belief, the only email

16  address available to Amazzia was compliance-usa@tp-link.com.

**FALSE INFRINGEMENT CLAIMS AT AMAZON**

17  29.  In the April 2018 article by Chris McCabe ("McCabe"), discussed

18  *supra,* the renowned expert in Amazon Seller Performance issues, McCabe

19  summarizes "[h]ow unethical sellers abuse the system with bogus IP, trademark,

20  copyright and patent reports:"[11]

21  **Unfortunately, word is out among potential Notice claim abusers**
22  **that anyone can submit a form.** Amazon are not worried about
    additional vetting or verification processes. Investigators merely check
23  the form for completed content in all the right spaces, kill the listings
    and send off the notifications. They don't independently verify that any
24  of the information is actually correct, or valid. The rights owner makes

25

26  [10] TP-Link has admitted in other litigation Amazzia's use of compliance-usa@tp-link.com. See Exhibit 9 hereto at ¶4.

27  [11] McCabe is a former Investigation Specialist for Amazon's Seller Performance team.  His article is "False Infringement Claims are Rife on Amazon," at

28  https://www.webretailer.com/lean-commerce/false-infringement-claims-amazon/.

AMENDED FIFTH AMENDED COMPLAINT
CASE NO. 2:19-CV-10374-SB-E

a legally-binding declaration in the form, and signs it.

30.     TP-Link/TPN/Amazzia was the unethical seller in the instant case when it falsely executed IP Complaints against TSI and, even if it issued the first complaint (1/19/18) as an honest mistake (it did not), it received a sincere offer to pursue the truth that same day . . .  but did not retract its evil report; in fact, it issued some two (2) dozen additional reports and hereby sealed TSI's doom.

31.     TP-Link/TPN/Amazzia acted maliciously and intentionally in reporting to Amazon that TSI was listing counterfeit products and, in fact, about two dozen reports were issued in conscious disregard of the truth.

**THE ROLE OF TRADEMARK INFRINGEMENT IN THIS PICTURE**

32.     TP-Link sought in related litigation in this Court to justify its IP (counterfeit) complaints with a purported trademark infringement theory based on a purported disclaimer of its manufacturer's limited warranty as to Gray Market purchasers of its products, thus making products sold to Gray Market purchasers "materially different."[12]  Even if in good faith (which it was not), however, such a trademark infringement claim did not justify reporting Plaintiff to Amazon as a counterfeiter.

33.     Counterfeiting is the 'hard core' or 'first degree' of trademark infringement that seeks to trick the consumer into believing he or she is getting the genuine article, rather than a 'colorable imitation.'" *Gucci Am., Inc. v. Guess?, Inc.*, 868 F. Supp. 2d 207, 242 (S.D.N.Y. 2012).  Trademark infringement, on the other hand, is defined as the unauthorized use of a trademark or service mark, i.e. *the same product* bearing the mark without required permission.

34.     When TP-Link complained of trademark infringement, Amazon rejected the complaint.  When TP-Link complained of "counterfeiting," Amazon expelled TSI with permanence.  Amazzia is the Amazon expert and planned this

---

[12] A "Gray market" refers to the trade of a commodity through distribution channels that are not authorized by the original manufacturer or trademark proprietor.

AMENDED FIFTH AMENDED COMPLAINT
CASE NO. 2:19-CV-10374-SB-E

conspiracy with expressed knowledge and intent to "remove" Gray Market sellers.

35.     For the reasons stated in the next three (3) paragraphs hereof, TP-Link's sole predicate for its wrongdoing, i.e. that its limited warranty did not convey to TSI purchasers (which would not justify a *counterfeit* IP complaint in any event), is a pretext , a mere illusion to justify some complaint--any complaint--with unauthorized below-MAP sellers.[13]

36.     TSI was not an "unauthorized seller" except in the commonly-understood sense that it was not specifically authorized under any distributorship agreement (or similar agreement) by TP-Link to purchase TP-Link products directly from TP-Link and thereafter resell such products.  In all other respects, TSI was "authorized" by law to sell genuine TP-Link products.

37.     TSI was authorized under its agreement with Amazon to sell TP-Link products on amazon.com; *and TP-Link consented in its agreement with Amazon to abide by Amazon's policies which authorized Gray Market sellers to resell the trademarked goods of others without restraint on the Amazon Marketplace.*

38.     Under the First Sale Doctrine TSI was fully within its rights in lawfully acquiring authentic TP-Link products, as it did in all instances of purchase of TP-link products, and listing and selling such products on Amazon.

39.     Moreover, TSI sales of TP-Link products on Amazon *did* convey the manufacturer's warranty (because under NYGBL §369-b any disclaimer was invalid); hence, such products were *not* materially different than other genuine TP-Link products, because:

- TP-Link never enforced any such disclaimer against any of its Gray Market customers prior to the advent of this litigation. Based on discovery received to date in *Careful Shopper*, TP-Link did not require, from registered owners of TP-Link products seeking warranty assistance, proof of purchase disclosing seller identity until September 2019 at the earliest.

---

[13] A **MAP price** is a minimum amount that resellers agree not to advertise below.

AMENDED FIFTH AMENDED COMPLAINT
CASE NO. 2:19-CV-10374-SB-E

- • Purchasers of TP-Link products on Amazon designated (in the registration temple) their seller as Amazon. TP-Link had no way—and sought no way-- to distinguish as between Amazon purchasers of TP-Link products sourced from "authorized" and "unauthorized" sellers.

- • Most significant, as a matter of law Section 369-b of New York's General Business Law, invalidating any warranty limitation actuated because "such merchandise is sold by a particular dealer," preserved the warranty for all Careful Shopper customers. *Bel Canto Design, Ltd. v. MSS Hifi, Inc.*, 837 F. Supp.2d 208, 228 (S.D.N.Y. 2011); see also *Technomarine SA v. Jacob Time, Inc.*, 2012 U.S. Dist. LEXIS 90261 n.3 (S.D.N.Y. 2012)

40.    Amazzia is generally malevolent toward the public, has conducted itself as above described with respect to numerous innocent vendors, wantonly destroys businesses of others for pay and, by reason of the foregoing, is (along with        TP-Link) subject to punitive damages herein.  For example upon information and belief, Amazzia directly or indirectly sells products on Amazon through multiple seller accounts, often buying them from the same brands they contract with to provide "brand protection services," and subsequently files false counterfeit complaints against their competitors on Amazon.

41.    Immediately upon receipt of the first IP-complaint of January 19, 2018 Plaintiff emailed TP-Link at the designated address in an effort to satisfy TP-Link that TSI's product was authentic and not counterfeit (Exhibit 5):

42.     TP-Link did not respond to Plaintiff's letter, Exhibit 5; nor did Amazzia. During this litigation TSI has disclosed its sources of product to TP-Link.  TP-Link has not challenged the reputability of Plaintiff's sources of product, although it filed a Rule 26(f) Report since being so advised.

43.     Plaintiff then engaged expert Amazon counsel who emailed a letter to TP-Link on February 1, 2018 (Exhibit 6):

> In accordance with Amazon policy, in order to report an item is counterfeit, a test buy must be performed in order to verify the claimed differences are present between the accused product and the rights owner's product. As such, we are writing to request the specific basis for your counterfeit claims, including the test buy purchase information provided to Amazon to support your claims.

> TP-Link did not respond to counsel's letter.

44.     On May 7, 2018 Plaintiff was suspended (with appeal rights) from selling on Amazon by reason of TP-Link's IP complaints (Exhibit 7):

> You have listings that infringe on the intellectual property rights of others. This is against our policies. The removed items can be seen on the Performance

Notifications page in Seller Central. As a result, you may no longer sell on Amazon.com, and your listings have been removed from our site.

45. Plaintiff appealed and got reinstated from the May 7th suspension, but TP-Link continued its onslaught on May 28 and 30, and on June 14 and 21. Exhibit 8.

46. The record of TP-Link complaints, subject to Amazon's algorithmic surveil, caused Plaintiff's permanent expulsion (without appeal rights) from the Amazon Marketplace on August 27, 2018. This result from Amazzia's IP reporting was predictable to Amazon experts. *McCabe, supra.*

47. All IP complaints (i) filed by TP-Link and/or Amazzia, and (ii) alleging TSI's counterfeiting, were filed under false attestation:[14]

**Statements**

"I have a good faith belief that the content(s) described above violate(s) my rights described above or those held by the rights owner, and that the use of such content(s) is contrary to law."

"I declare, under penalty of perjury, that the information contained in this notification is correct and accurate and that I am the owner or agent of the owner of the rights described above."

48. Conspirators TP-Link and Amazzia had ample opportunity and did in fact, albeit surreptitiously, test purchase many of TSI's TP-Link offerings to determine authenticity. Exhibit 1 hereto. All were authentic and TP-Link has never stated to the contrary except, of course, as necessary to incite Amazon's punitive measures upon TSI. It chose to allege TSI's "counterfeiting operation" with no factual basis whatever and in the face of all contra-indications. Such actions were malicious.

49. TP-Link, having sought refuge in Noerr-Pennington in Careful-Shopper, we will plead to the issue here. The series of events pled within were a "sham" within Noerr Pennington parlance, and satisfy Noerr-Pennington's "sham

---

[14] https://www.amazon.com/gp/help/reports/infringement

AMENDED FIFTH AMENDED COMPLAINT
CASE NO. 2:19-CV-10374-SB-E

exception" as follows:[15]

- TP-Links IP complaints sounding in counterfeiting were objectively baseless, and TP-Link knew they were objectively baseless. Having made 4 test purchases through Mr. Lei, and having had opportunity to examine them, TP-Link knew of their authenticity.

- Upon information and belief, TP-Link filed IP complaints sounding in trademark infringement that were rejected by Amazon as non-actionable.

- Only by charging "counterfeiting" unendingly could TP-Link effect TSI's expulsion.

- Amazon has testified before Congress that that Rightsowners often "conflate" their IP rights with independent sellers' products' lacking authenticity; and Amazon disapproves of Rightowners so doing. [16]

- TP-Link found a "hired gun" in Amazzia and contracted to eliminate third party sellers as follows: "50% of resellers to be removed in 60 days, 75% in 90 days, and 90% in 120 days," without regard to whether such resellers' conduct was wrongful; Exhibit 9 at Exhibit A.

- As per Amazzia's online promotional material, i.e. "Amazzia can protect your brand by preventing MAP violations," the foregoing conspiracy existed to eliminate price competition;

---

[15] Under the Noerr-Pennington doctrine, a **sham** petition is one that is ostensibly directed toward influencing governmental action but that is a mere **sham** to cover an attempt to interfere directly with the business relationships of a competitor. *Tichinin v. City of Morgan Hill*, 177 Cal. App. 4th 1049, 1050, 99 Cal. Rptr. 3d 661, 666 (2009)

[16] http://docs.house.gov/meetings/JU/JU05/20190716/109793/HHRG-116-JU05-20190716-SD038.pdf

Amazon seeks to provide its customers with the widest possible selection of products at competitive prices. One way Amazon has sought to provide this selection is by making it easy for sellers of authentic products to open selling accounts and sell a wide variety of products directly to Amazon's customers in Amazon's store. Brands often conflate the question of whether goods are authentic (not counterfeit) with whether a particular seller is "authorized" (meaning they have a contract with the manufacturer). There are many legal sources of authentic supply in addition to resellers specifically authorized by the brand. These include liquidation or sale by authorized retailers, and supply from other wholesalers and distributors—who are sometimes also used by brands themselves to move merchandise. Amazon goes to great lengths to assure the authenticity of products, preventing bad actors from opening selling accounts or selling counterfeit products in its store. But, we do not require that sellers have a direct contractual relationship with a product's manufacturer, as doing so could prevent sellers—many of whom are small and medium sized businesses—from legally selling these products in our store at competitive prices.

AMENDED FIFTH AMENDED COMPLAINT
CASE NO. 2:19-CV-10374-SB-E

- Such a purpose and effect of collaborative action violates the common law.

- IP complaints now defended by TP-Link serve to "conceal[] an attempt to interfere *directly* with the business relationships of a competitor," i.e. TSI. *Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60, 113 S. Ct. 1920, 123 L. Ed. 2d 611 (1993) (*PRE*); see also *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 938 (9th Cir. 2006).

- "[N]o reasonable [Amazon seller] could realistically expect success on the merits" of the IP complaints, 508 U.S. at 60.

- The IP complaints sounding in counterfeiting were, therefore, not ["'communications preparatory to or in anticipation of bringing an action or other official proceeding'" and are therefore unprotected by Noerr-Pennington.

### B.   ALLEGATIONS APPLICABLE TO ALL DEFENDANTS

50.   But for Defendants' IP complaints to Amazon TSI would not have been expelled from the Amazon Marketplace.

51.   Plaintiff exhausted all possible administrative options at Amazon, including appellate procedures.  Plaintiff was permanently expelled nonetheless.

52.   By reason of the expulsion Plaintiff was unable to sell its aging inventory (at least $1.1 million) or access its funds in Amazon's hands (about $80,000).  Plaintiff was forced to hire counsel at substantial expense.

53.   There exists no alternate, comparable platform (to Amazon) whereby a third-party seller can earn a living, as approximately one-half of all online retail sales are made on amazon.com, and the other half of online retail sales are diffused amongst millions of websites.

54.   The above cascade of adversities drove Plaintiff to financial ruination, destroying a business producing, just prior to expulsion, profit of approximately $100,000 per month.  Accordingly, Plaintiff has been damaged, as a direct result of Defendants' actions alleged above in the approximate amount of $5,000,000.

55.   Defendants' actions and inactions, moreover, were calculated, willful, wanton, actually malicious and outrageous, so as to justify the imposition of punitive damages in an amount not less than $5,000,000, together with attorney fees to be

- 16 -

AMENDED FIFTH AMENDED COMPLAINT
CASE NO. 2:19-CV-10374-SB-E

determined by the Court.

## CLAIM I: INTERFERENCE WITH EXISTING AND PROSPECTIVE BUSINESS RELATIONSHIPS

56.    Plaintiff incorporates the allegations above as though the same were re-written at length.

57.    "The elements of tortious interference with prospective economic advantage are: "(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant." *Korea Supply Co.*, 29 Cal. 4th at 1153. *Fresno Motors, Ltd. Liab. Co. v. Mercedes-Benz USA, Ltd. Liab. Co.*, 852 F. Supp. 2d 1280, 1292 n.12 (E.D. Cal. 2012)

58.    As of the spring of 2018 Plaintiff was a third-party seller on Amazon and thriving. Aside from a single imposter's complaint, the only IP complaints alleging sale of counterfeit products received by TSI from Amazon were the work of TP-Link and Amazzia.

59.    Experts believe that Amazon third-party sellers who pass a threshold of <$1MM in annual sales, known as "Top Sellers" (such as TSI), have considerable longevity in their Amazon business relationship. *See* https://www.marketplacepulse.com/articles/veteran-amazon-sellers-still-at-the-top For TSI "the sky was the limit."

60.    Defendants' accusations of counterfeiting, wrongful *per se*, made directly to Amazon, were for the improper purpose of suppressing competition; and those actions interfered with Plaintiff's existing and prospective business relationship with Amazon.

61.    The accusations aforesaid proximately caused Plaintiff's expulsion.

62.    The statements were made maliciously and with ill will, as business entities do not lie dozens of times and turn a stone deaf ear to pleas for moderation absent a strong measure of ill will

63.    Amazon stated that it would act favorably if TP-Link/Amazzia would retract the accusations; but, despite TSI requesting a retraction and asking for evidence of TP-Link/Amazzia's claims, both directly and through counsel, TP-Link/Amazzia refused to retract the IP Complaints or even respond to TSI or counsel at all and indeed continued to file dozens of new complaints afterwards."

64.    Defendants' acts destroyed Plaintiff's relationship with Amazon, thereby causing the destruction of Plaintiff's Amazon business.  TSI's last six (6) months of unimpeded Amazon-related operations showed net profits of $368,000. Using a 20% profit figure because our net profits ($368,000) derived from $1.819. Assuming a 10-year income stream for TSI, constant sales and static income of $900,000 per year, discounted at 3%, we calculate damages at a Present Value of $7,785,270, after discounting by $1,214,730 total cash flows of $9,000,000.

## CLAIM II:  TRADE LIBEL

65.    Plaintiff incorporates the above allegations as though the same were rewritten at length.

66.    Under California law:

The elements of a defamation claim are (1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage." *Jackson v. Mayweather*, 10 Cal. App. 5th 1240, 1259, 217 Cal. Rptr. 3d 234 (2017) (quoting *John Doe 2 v. Superior Court*, 1 Cal. App. 5th 1300, 1312, 206 Cal. Rptr. 3d 60 (2016)), as modified (Apr. 19, 2017), review denied (June 28, 2017). "Libel is a form of defamation effected in writing." *John Doe 2*, 1 Cal. App. 5th at 1312. The writing must be "false and unprivileged" and "expose[] [plaintiff] to hatred, contempt, ridicule, or obloquy, or . . . cause[] him to be shunned or avoided, or . . . ha[ve] a tendency

to injure him in his occupation." <u>Cal. Civ. Code § 45</u>.' *Schmidt v. Baldy*, No. CV 16-9368-DSF (AGRx), <u>2019 U.S. Dist. LEXIS 182826, at *18</u> (C.D. Cal. Oct. 19, 2019Defendants' libelous IP complaints to Amazon proximately caused Amazon to expel Plaintiff from the Marketplace on August 27, 2018 with no right of appeal, thereby destroying Plaintiff's enjoyment of its contract with Amazon, as identified in ¶7 *supra*.

67.    TP-Link /Amazzia's scheming accusations falsely charged TSI with a serious crime or crimes.  Advertising falsely over the interstate wires may violate 18 U.S.C. 1343 because members of the public part with their money by reason of advertising. Moreover, this is not the only instance of defendants' scheme, to wit: there is pending in this Court the case of *TP-Link USA Corporation v. Careful Shopper*,[17] with counterclaims and third-party complaint premised on the same essential allegations as this case.

68.     The Amazzia promotional material and contract evidence a high probability that many more third-party sellers have fallen victim to this scheme but, as the conspirators calculated, those victims are unable to mount a lawsuit against the largest wi-fi manufacturer in the world, i.e. TP-Link.  Thus, on information and belief, plaintiff alleges that the conspiracy alleged herein was effected through a pattern of wrongful acts and conduct.

69.    Defendants' accusations against Plaintiff to Amazon directly injured Plaintiff in its business and trade because, as they knew, Amazon will not tolerate repeat counterfeiters as Amazon sellers.

70.    Defendants' accusations against Plaintiff constitute trade libel *per se*.

71.    Although injury may be presumed due to libel *per se,* Plaintiff suffered above and beyond presumed damages, e.g. loss of profits.  See ¶7 *supra*.  Further, TSI lost good will specific to the TSI-Amazon relationship that cannot be recovered including, *inter alia,* Plaintiff's right to sell a broad range of products on

---

[17] CASE NO:  8:19-cv-00082-JLS-KES

amazon.com, much of which entitlement was grandfathered.[18]

## **PRAYER**

**WHEREFORE**, Plaintiff prays for relief against Defendants, jointly and severally, as follows:

A.   Compensatory damages of at least $5,000,000;

B.   Treble damages of $15,000,000;

C.   Punitive damages of not less than $5,000,000;

D.   Attorney fees and costs; and

E.   Such other and further relief as the Court may order.

Dated:  May 23, 2022                  GAW | POE LLP

By:   _Mark Poe_

         Mark Poe

         Attorneys for Plaintiff
         Thimes Solutions, Inc.

---

[18] As an established third-party seller, Plaintiff was entitled to sell many products that a new seller would be precluded from selling based upon Amazon's "gating" and other restrictions.

AMENDED FIFTH AMENDED COMPLAINT
CASE NO. 2:19-CV-10374-SB-E

1    Plaintiff Thimes Solutions, Inc. hereby demand a jury trial for its claims
2    against Defendants TP-Link USA Corporation and Auction Brothers, Inc. d/b/a
3    Amazzia.
4
5    Dated: May 23, 2022           GAW | POE LLP
6
7                          By: _____
8                              Mark Poe
                             Attorneys for Plaintiff Thimes
9                            Solutions, Inc.

AMENDED FIFTH AMENDED COMPLAINT
CASE NO. 2:19-CV-10374-SB-E

# EXHIBIT E

Avi Eisenberg <avi@thimessolutions.com>

**Your Amazon.com selling privileges have been removed**

**notice-request-dispute@amazon.com** <notice-request-dispute@amazon.com>                    Mon, May 7, 2018 at 11:42 AM
Reply-To: "notice-request-dispute@amazon.com" <notice-request-dispute@amazon.com>
To: "avi@thimessolutions.com" <avi@thimessolutions.com>

Hello,

You have listings that infringe on the intellectual property rights of others. This is against our policies. The removed items can be seen on the Performance Notifications page in Seller Central. As a result, you may no longer sell on Amazon.com, and your listings have been removed from our site.

If you have funds in your account, they will be available after any amounts paid for A-to-z claims or chargebacks have been deducted. This usually takes about 90 days, but funds may be held longer.

You can see your balance and settlement information in the Payments section of Seller Central. If you have questions about those, please send an email to payments-funds@amazon.com.

If you want to appeal this decision, click the Appeal button next to this message on the Performance Notifications page in Seller Central (https://sellercentral.amazon.com/gp/customer-experience/perf-notifications.html).

Sincerely,

Seller Performance Team
Amazon.com
http://www.amazon.com

THIMES00310

# EXHIBIT F

M Gmail                                                                    Avi Eisenberg <avi@thimessolutions.com>

## Notice: Policy Warning
3 messages

**Amazon** <notice@amazon.com>                                           Wed, Apr 18, 2018 at 8:43 AM
To: avi@thimessolutions.com

Hello,

We received a report from a rights owner that believes the items at the end of this email infringe their patent: USD803558S

We may let you list this content again if we receive a retraction from the rights owner:
--Chris
-- gsource2012@163.com

If the rights owner agrees to retract their complaint, they must send the retraction to us at notice-dispute@amazon.com.

If you believe that the reported content does not infringe the rights owner's patent, you may email notice-dispute@amazon.com with supporting information.

We consider allegations of intellectual property infringement a serious matter. If we receive more complaints about your listings, we may not allow you to sell on Amazon.com.

To learn more about this policy, search for &quot;Intellectual Property Violations&quot; in Seller Central Help.

ASIN: B01FFVRXHQ, B01M592Z3Y, B01HNTME3Q, B01IAZSH1A, B01HNTM986, B01M3NO8L3, B01J5210C0, B01LZ4SGEC, B01KLHHSKQ
Infringement type: Patent
Patent Number: USD803558S
Complaint ID: 4999672081

You can learn more about your account health in the Performance section of Seller Central (https://sellercentral.amazon.com/gp/seller-rating/pages/performance-summary.html).

Sincerely,
Seller Performance Team
Amazon.com

**Amazon** <notice@amazon.com>                                           Wed, Apr 18, 2018 at 2:58 PM
To: avi@thimessolutions.com

Hello,

We received a report from a rights owner that claims the items at the end of this email infringe their trademark.

-- Trademark number 3111341

We removed the content listed at the end of this email. We may let you list this content again if we receive a retraction from the rights owner:

--Jonas Brueggemann
-- genuine@adobe.com

If the rights owner agrees to retract their complaint, they must send the retraction to us at notice-dispute@amazon.com.

If you believe that the reported content does not infringe the rights owner's trademark, please email notice-dispute@amazon.com with supporting information. This includes, but is not limited to, an invoice or Order ID.

We consider allegations of intellectual property infringement a serious matter. If we receive more complaints about your listings, we may not allow you to sell on Amazon.com.

To learn more about this policy, search for &quot;Intellectual Property Violations&quot; in Seller Central Help.

ASIN: B000NDICIQ                                                         THIMES00773

Infringement type: Trademark
Trademark number: 2115841
Complaint ID: 5000248861

You can learn more about your account health in the Performance section of Seller Central (https://sellercentral.amazon.com/gp/seller-rating/pages/performance-summary.html).

Sincerely,

Seller Performance Team
Amazon.com
http://www.amazon.com

---

**Amazon** <notice@amazon.com>                                    Thu, Apr 19, 2018 at 12:55 AM
To: avi@thimessolutions.com

Hello,

We received a report from a rights owner concerning the authenticity of the products listed at the end of this email. We removed this content, but we may let you list these product(s) again if we receive a retraction of the complaint from the rights owner:

-- AmazonBrandRegistry@harley-davidson.com

If the rights owner agrees to retract their complaint, they must send the retraction to us at notice-dispute@amazon.com.

If you believe that the reported content is authentic, you may email notice-dispute@amazon.com with proof of authenticity. This includes, but is not limited to, an invoice or Order ID.

We consider allegations of intellectual property infringement a serious matter. If we receive more complaints about your listings, we may not allow you to sell on Amazon.com.

To learn more about this policy, search for &quot;Intellectual Property Violations&quot; in Seller Central Help.

ASIN:  B00C6DAKJA   B00C6DAMWU
Infringement type: Counterfeit
Trademark asserted: 1660539
Complaint ID: 5000719841
[Quoted text hidden]

THIMES00774

# EXHIBIT G

# RE:[CASE 5012688521] Other account issues

6 messages

---

**Amazon Seller Support** <merch.service05@amazon.com>                                    Mon, Apr 23, 2018 at 7:10 PM
To: "avi@thimessolutions.com" <avi@thimessolutions.com>

Dear Seller,

Thank you for contacting Amazon Seller Support.

We have reviewed your request for feedback removal. In this case, the feedback you received does not meet the criteria for removal so we are unable to remove it.

For your reference, Amazon will remove feedback for these reasons:

* The feedback includes obscene language.

* The feedback includes seller-specific personally identifiable information.

* The entire feedback comment is a product review.

* The entire feedback comment is about fulfillment or customer service for an order fulfilled by Amazon.

You may, however, ask the buyer who left this feedback to remove it. We encourage you to contact the buyer to resolve any issues regarding the transaction. The buyer could then remove the feedback if they feel it is appropriate. Please keep in mind that buyer feedback is a direct reflection of their shopping experience on the Amazon marketplace. Do not pressurize buyers to remove feedback.

We have mentioned the instructions below for contacting the buyer to request to remove the rating, and information on how to respond to the feedback online if the buyer chooses not to remove the rating.

You can contact the buyer from the Orders tab in your seller account. Select Manage Orders and find the buyer's order, using the options in the Search box at the upper left. For more options, click the Advanced Search link. Click the buyer's name in the Contact Buyer section of the order to reach the web-based e-mail form.

Mentioned below are the set of instructions for contacting a buyer to request to remove a specific feedback. Please follow the steps:

1. In Feedback Manager, scroll down to View Current Feedback.

2. Find the comment/feedback you want to resolve and click the Resolve button.

3. You will be taken to the Resolving Negative Feedback page.

4. Click the yellow Contact Customer button.

5. From the drop-down menu, select a subject.

6. In the Message area, type your message.

7. Use the Add Attachment button for receipts, supporting documents, etc.

8. Click Send e-mail to send your message to the buyer.

Some buyers may not know how to remove their feedback. If you would like to provide the buyer with instructions for removing feedback, you can direct them to this Help page:

If the buyer does not remove the feedback, you may want to consider posting a response with your own account of the transaction in your feedback profile. To post a response, log in to your Seller Account then under the Reports heading, click Manage your Ratings and Feedback. This will display the most recent page of feedback ratings. Find the feedback in question and click the button to respond.

Thank you for your patience and understanding in these regards. Feel free to reach us, we will be more than happy to assist you.

Wish you Success. Happy Selling.

Have a great day.

Please let us know how we did.

Were you satisfied with the support provided?



Thank you!

To view your case details, or respond, please click http://sellercentral.amazon.com/gp/case-dashboard/view-case.html/ref=sc_cd_lobby_vc?caseID=5012688521

Please note: this e-mail was sent from an address that cannot accept incoming e-mail. If you require additional support please contact us https://sellercentral.amazon.com/hz/contact-us

Your Current Notifications
------------------------------------------
Based on your sales, you may run out of "Motorola MT350R FRS Weatherproof Two-Way - 35 Mile Radio Pack - Orange" soon.
Restock your inventory now so you continue selling without interruption.
View your low-stock ASIN (B0072LAAA0)
https://sellercentral.amazon.com/hz/productsearch?q=B0072LAAA0&iris_notification_id=e663d245a260d7ca2f939bf77e2f7e56
------------------------------------------

Thank you for selling with Amazon,

Uday J.
Amazon.com Seller Support
======================================
MORE WAYS TO GET HELP:
Visit our Seller Forums for help from other sellers: http://sellercentral.amazon.com/forums
Browse all Seller Help topics: http://sellercentral.amazon.com/gp/help

Please note: this e-mail was sent from a notification-only address that cannot accept incoming e-mail. Please do not reply to this message.

To contact us again about this issue, please use the Contact Us form using the following link:
https://sellercentral.amazon.com/gp/contact-us/contact-amazon-form.html?ie=UTF8&caseID=5012688521

---

**Amazon Seller Support** <merch.service05@amazon.com>                    Mon, Apr 23, 2018 at 7:20 PM
To: "avi@thimessolutions.com" <avi@thimessolutions.com>

THIMES00948

Dear Seller,

Thank you for contacting Amazon Seller Support.

We have reviewed your request for feedback removal. In this case, the feedback you received does not meet the criteria for removal so we are unable to remove it.

For your reference, Amazon will remove feedback for these reasons:

* The feedback includes obscene language.

* The feedback includes seller-specific personally identifiable information.

* The entire feedback comment is a product review.

* The entire feedback comment is about fulfillment or customer service for an order fulfilled by Amazon.

You may, however, ask the buyer who left this feedback to remove it. We encourage you to contact the buyer to resolve any issues regarding the transaction. The buyer could then remove the feedback if they feel it is appropriate. Please keep in mind that buyer feedback is a direct reflection of their shopping experience on the Amazon marketplace. Do not pressurize buyers to remove feedback.

We have mentioned the instructions below for contacting the buyer to request to remove the rating, and information on how to respond to the feedback online if the buyer chooses not to remove the rating.

You can contact the buyer from the Orders tab in your seller account. Select Manage Orders and find the buyer's order, using the options in the Search box at the upper left. For more options, click the Advanced Search link. Click the buyer's name in the Contact Buyer section of the order to reach the web-based e-mail form.

Mentioned below are the set of instructions for contacting a buyer to request to remove a specific feedback. Please follow the steps:

1. In Feedback Manager, scroll down to View Current Feedback.

2. Find the comment/feedback you want to resolve and click the Resolve button.

3. You will be taken to the Resolving Negative Feedback page.

4. Click the yellow Contact Customer button.

5. From the drop-down menu, select a subject.

6. In the Message area, type your message.

7. Use the Add Attachment button for receipts, supporting documents, etc.

8. Click Send e-mail to send your message to the buyer.

Some buyers may not know how to remove their feedback. If you would like to provide the buyer with instructions for removing feedback, you can direct them to this Help page:

http://www.amazon.com/gp/help/customer/display.html?nodeId=201125570&referral= A2768E21TB7N99_A1CB3R9OD8LB8R

If the buyer does not remove the feedback, you may want to consider posting a response with your own account of the transaction in your feedback profile. To post a response, log in to your Seller Account then under the Reports heading, click Manage your Ratings and Feedback. This will display the most recent page of feedback ratings. Find the feedback in question and click the button to respond.

Thank you for your patience and understanding in these regards. Feel free to reach us, we will be more than happy to assist you.

Wish you Success. Happy Selling.

THIMES00949

Have a great day.

Please let us know how we did.

Were you satisfied with the support provided?

| Yes | No |
|-----|-----|

Thank you!

To view your case details, or respond, please click http://sellercentral.amazon.com/gp/case-dashboard/view-case.html/ref=sc_cd_lobby_vc?caseID=5012688521

Please note: this e-mail was sent from an address that cannot accept incoming e-mail. If you require additional support please contact us https://sellercentral.amazon.com/hz/contact-us

Thank you for selling with Amazon,

Lavish K.
Amazon.com Seller Support
=====================================
MORE WAYS TO GET HELP:
Visit our Seller Forums for help from other sellers: http://sellercentral.amazon.com/forums
Browse all Seller Help topics: http://sellercentral.amazon.com/gp/help

Please note: this e-mail was sent from a notification-only address that cannot accept incoming e-mail. Please do not reply to this message.

To contact us again about this issue, please use the Contact Us form using the following link:
https://sellercentral.amazon.com/gp/contact-us/contact-amazon-form.html?ie=UTF8&caseID=5012688521

---

**Amazon Seller Support** <merch.service05@amazon.com>                                      Mon, Apr 23, 2018 at 7:25 PM
To: "avi@thimessolutions.com" <avi@thimessolutions.com>

Dear Seller,

Thank you for contacting Amazon Seller Support.

We have reviewed your request for feedback removal. In this case, the feedback you received does not meet the criteria for removal so we are unable to remove it.

For your reference, Amazon will remove feedback for these reasons:

* The feedback includes obscene language.
* The feedback includes seller-specific personally identifiable information.
* The entire feedback comment is a product review.
* The entire feedback comment is about fulfillment or customer service for an order fulfilled by Amazon.

You may, however, ask the buyer who left this feedback to remove it. We encourage you to contact the buyer to resolve any issues regarding the transaction. The buyer could then remove the feedback if they feel it is appropriate. Please keep in mind that buyer feedback is a direct reflection of their shopping experience on the Amazon marketplace. Do not pressurize buyers to remove feedback.

We've mentioned the instructions below for contacting the buyer to request to remove the rating, and information on how to respond to the feedback online if the buyer chooses not to remove the rating.

THIMES00950

You can contact the buyer to request the buyer to revise or remove the feedback. To
find the buyer's order, using the options in the Search box in the upper left. For more options, click
the 'Advanced Search' link. Click the buyer's name in the 'Contact Buyer' section of the order to
reach the web-based e-mail form.

Mentioned below are the set of instructions for contacting a buyer to request to remove a specific
feedback. Please follow the steps:

1. In Feedback Manager, scroll down to View Current Feedback.
2. Find the comment/feedback you want to resolve and click the Resolve button.
3. You will be taken to the Resolving Negative Feedback page.
4. Click the yellow Contact Customer button.
5. From the drop-down menu, select a subject.
6. In the Message area, type your message.
7. Use the Add Attachment button for receipts, supporting documents, etc.
8. Click Send e-mail to send your message to the buyer.

Some buyers may not know how to remove their feedback. If you would like to provide the buyer with
instructions for removing feedback, you can direct them to this Help page:

http://www.amazon.com/gp/help/customer/display.html?nodeId=201125570&referral=
AQSUH23RKB8HP_AQ7GZ8RMW9C1E&referral=A1V5AJSHWYTX0J_
AB20KP070RAW7&referral=A2768E21TB7N99_A7W93CS85R2F

If the buyer does not remove the feedback, you may want to consider posting a response with your
own account of the transaction in your feedback profile. To post a response, log in to your Seller
Account then under the Reports heading, click 'Manage your Ratings and Feedback.' This will
display the most recent page of feedback ratings. Find the feedback in question and click the button
to respond.

Thank you for your patience and understanding in these regards. Feel free to reach us, we will be
more than happy to assist you.

Wish you Success. Happy Selling.

Have a great day.

Please let us know how we did.

Were you satisfied with the support provided?

| Yes | No |
|-----|----|

Thank you!

To view your case details, or respond, please click http://sellercentral.amazon.com/gp/case-
dashboard/view-case.html/ref=sc_cd_lobby_vc?caseID=5012688521

Please note: this e-mail was sent from an address that cannot accept incoming e-mail. If you require
additional support please contact us https://sellercentral.amazon.com/hz/contact-us

Thank you for selling with Amazon,

Kapil C.
Amazon.com Seller Support
=====================================
MORE WAYS TO GET HELP:
Visit our Seller Forums for help from other sellers: http://sellercentral.amazon.com/forums
Browse all Seller Help topics: http://sellercentral.amazon.com/gp/help

Please note: this e-mail was sent from a notification-only address that cannot accept incoming e-
mail. Please do not reply to this message.

To contact us again about this issue, please use the Contact Us form using the following link:
https://sellercentral.amazon.com/gp/contact-us/contact-amazon-form.html?ie=UTF8&
caseID=5012688521

THIMES00951

**Amazon Seller Support** <merch.service05@amazon.com>                     Mon, Apr 23, 2018 at 7:42 PM
To: "avi@thimessolutions.com" <avi@thimessolutions.com>

Dear Seller,

Thank you for contacting Amazon Seller Support.

We have reviewed your request for feedback removal. In this case, the feedback you received does not meet the criteria for removal so we are unable to remove it.

For your reference, Amazon will remove feedback for these reasons:

* The feedback includes obscene language.
* The feedback includes seller-specific personally identifiable information.
* The entire feedback comment is a product review.
* The entire feedback comment is about fulfillment or customer service for an order fulfilled by Amazon.

You may, however, ask the buyer who left this feedback to remove it. We encourage you to contact the buyer to resolve any issues regarding the transaction. The buyer could then remove the feedback if they feel it is appropriate. Please keep in mind that buyer feedback is a direct reflection of their shopping experience on the Amazon marketplace. Do not pressurize buyers to remove feedback.

We've mentioned the instructions below for contacting the buyer to request to remove the rating, and information on how to respond to the feedback online if the buyer chooses not to remove the rating.

You can contact the buyer from the Orders tab in your seller account. Select 'Manage Orders' and find the buyer's order, using the options in the Search box at the upper left. For more options, click the 'Advanced Search' link. Click the buyer's name in the 'Contact Buyer' section of the order to reach the web-based e-mail form.

Mentioned below are the set of instructions for contacting a buyer to request to remove a specific feedback. Please follow the steps:

1. In Feedback Manager, scroll down to View Current Feedback.
2. Find the comment/feedback you want to resolve and click the Resolve button.
3. You will be taken to the Resolving Negative Feedback page.
4. Click the yellow Contact Customer button.
5. From the drop-down menu, select a subject.
6. In the Message area, type your message.
7. Use the Add Attachment button for receipts, supporting documents, etc.
8. Click Send e-mail to send your message to the buyer.

Some buyers may not know how to remove their feedback. If you would like to provide the buyer with instructions for removing feedback, you can direct them to this Help page:

http://www.amazon.com/gp/help/customer/display.html?nodeId=201125570&referral=
AQSUH23RKB8HP_AQ7GZ8RMW9C1E&referral=A1V5AJSHWYTX0J_
AB20KP070RAW7&referral=A2768E21TB7N99_A2465HEVI8P4OZ

If the buyer does not remove the feedback, you may want to consider posting a response with your own account of the transaction in your feedback profile. To post a response, log in to your Seller Account then under the Reports heading, click 'Manage your Ratings and Feedback.' This will display the most recent page of feedback ratings. Find the feedback in question and click the button to respond.

Thank you for your patience and understanding in these regards. Feel free to reach us, we will be more than happy to assist you.

Wish you Success. Happy Selling.

Have a great day.

Please let us know how we did.

Were you satisfied with the support provided?

| Yes | No |
| --- | --- |

Thank you!

To view your case details, or respond, please click http://sellercentral.amazon.com/gp/case-dashboard/view-case.html/ref=sc_cd_lobby_vc?caseID=5012688521

Please note: this e-mail was sent from an address that cannot accept incoming e-mail. If you require additional support please contact us https://sellercentral.amazon.com/hz/contact-us

Thank you for selling with Amazon,

Pankaj p.
Amazon.com Seller Support
====================================
MORE WAYS TO GET HELP:
Visit our Seller Forums for help from other sellers: http://sellercentral.amazon.com/forums
Browse all Seller Help topics: http://sellercentral.amazon.com/gp/help

Please note: this e-mail was sent from a notification-only address that cannot accept incoming e-mail. Please do not reply to this message.

To contact us again about this issue, please use the Contact Us form using the following link:
https://sellercentral.amazon.com/gp/contact-us/contact-amazon-form.html?ie=UTF8&caseID=5012688521

---

**Amazon Seller Support** <merch.service05@amazon.com>                    Mon, Apr 23, 2018 at 8:03 PM
To: "avi@thimessolutions.com" <avi@thimessolutions.com>

Greetings from Amazon Seller Support

Thank You for contacting us. I understand your concern that you want us to remove feedback for order ID 111-8197341-7160264 as a product review.

I confirm that this item was fulfilled by Amazon and is stickered with FNSKU X001OAZ7VD. These items are kept separately for all the sellers and we ensure that we send the same to the buyers in good condition. Also I will not deny from the fact that you as well as Amazon cannot open each and every unit and check its functionality. There could be various reasons which are out of your control that may have caused this for an example, manufacturing defect or buyer's awareness about its functioning.

You may get in touch with the buyer and check what you could do to convince them to remove the feedback. If the buyer is unable to remove the feedback as per the instructions provided or 60 days time line is crossed, educate them to contact Amazon customer support to show their willingness to remove feedback.

Link to be provided to buyer for instructions to remove feedback: http://www.amazon.com/gp/help/customer/display.html?nodeId=201125570&referral=A2768E21TB7N99_A2LKUZ40YD73HY

THIMES00953

If this option is not feasible or if it does not meet your expectation, you may consider posting a feedback below the buyer's feedback. This would benefit you as everyone who comes to know that you did everything you could to resolve the issue.

To post a response, log in to your seller account, then, under the Reports heading, click "View your Ratings and Feedback". This will display the most recent page of feedback ratings. Find the feedback in question and click the button to respond.

I appreciate your association with Amazon and wish you luck in getting in touch with the buyer at the earliest.

I hope this helps, have a nice day.

Please let us know how we did.

Were you satisfied with the support provided?

| Yes | No |
|-----|-----|

Thank you!

To view your case details, or respond, please click http://sellercentral.amazon.com/gp/case-dashboard/view-case.html/ref=sc_cd_lobby_vc?caseID=5012688521

Please note: this e-mail was sent from an address that cannot accept incoming e-mail. If you require additional support please contact us https://sellercentral.amazon.com/hz/contact-us

Thank you for selling with Amazon,

Aman S.
Amazon.com Seller Support
====================================
MORE WAYS TO GET HELP:
Visit our Seller Forums for help from other sellers: http://sellercentral.amazon.com/forums
Browse all Seller Help topics: http://sellercentral.amazon.com/gp/help

Please note: this e-mail was sent from a notification-only address that cannot accept incoming e-mail. Please do not reply to this message.

To contact us again about this issue, please use the Contact Us form using the following link: https://sellercentral.amazon.com/gp/contact-us/contact-amazon-form.html?ie=UTF8&caseID=5012688521

---

**Amazon Seller Support** <merch.service05@amazon.com>                    Tue, Apr 24, 2018 at 2:13 AM
To: "avi@thimessolutions.com" <avi@thimessolutions.com>

Dear Seller,

Thank you for contacting Amazon Seller Support.

We have reviewed your request for feedback removal for Order ID: 113-4457097-6413813, 111-8197341-7160264. I have investigated the case and noticed that buyer expressed dissatisfaction as he received defective item. Item arrived and didn't work, so item has functionality issue. I understand that you want us to remove the negative feedback, however, I would like to inform you that this is not considered as per the Amazon policies and we need buyer's written consent to remove the feedback because buyer faced inconvenience.

However you may, however, ask the buyer who left this feedback to remove it. We encourage you to

contact the buyer to resolve any issues regarding the transaction. The buyer could then remove the feedback if they feel it is appropriate. Please keep in mind that buyer feedback is a direct reflection of their shopping experience on the Amazon marketplace. Do not pressurize buyers to remove feedback.

You can contact the buyer from the Orders tab in your seller account.

Thank you for your patience and understanding in these regards. Feel free to reach us, we will be more than happy to assist you.

Wish you Success. Happy Selling.

Have a great day.

Please let us know how we did.

Were you satisfied with the support provided?

| Yes | No |
|-----|-----|

Thank you!

To view your case details, or respond, please click http://sellercentral.amazon.com/gp/case-dashboard/view-case.html/ref=sc_cd_lobby_vc?caseID=5012688521

Please note: this e-mail was sent from an address that cannot accept incoming e-mail. If you require additional support please contact us https://sellercentral.amazon.com/hz/contact-us

Thank you for selling with Amazon,

Chetna C.
Amazon.com Seller Support
=======================================
MORE WAYS TO GET HELP:
Visit our Seller Forums for help from other sellers: http://sellercentral.amazon.com/forums
Browse all Seller Help topics: http://sellercentral.amazon.com/gp/help

Please note: this e-mail was sent from a notification-only address that cannot accept incoming e-mail. Please do not reply to this message.

To contact us again about this issue, please use the Contact Us form using the following link:
https://sellercentral.amazon.com/gp/contact-us/contact-amazon-form.html?ie=UTF8&caseID=5012688521

THIMES00955

# EXHIBIT H


Avi Eisenberg <avi@thimessolutions.com>

## RE:[CASE 5021786851] Feedback Removal Request for OrderID 111-7086054-0883463
3 messages

**Amazon Seller Support** <merch.service05@amazon.com>                     Fri, Apr 27, 2018 at 9:42 AM
To: "avi@thimessolutions.com" <avi@thimessolutions.com>

Dear Seller,

Thank you for contacting Amazon Seller Support.

We have reviewed your request for feedback removal. In this case, the feedback you received does
not meet the criteria for removal so we are unable to remove it.

For your reference, Amazon will remove feedback for these reasons:

* The feedback includes obscene language.
* The feedback includes seller-specific personally identifiable information.
* The entire feedback comment is a product review.
* The entire feedback comment is about fulfillment or customer service for an order fulfilled by
Amazon.

You may, however, ask the buyer who left this feedback to remove it. We encourage you to contact
the buyer to resolve any issues regarding the transaction. The buyer could then remove the
feedback if they feel it is appropriate. Please keep in mind that buyer feedback is a direct reflection
of their shopping experience on the Amazon marketplace. Do not pressurize buyers to remove
feedback.

We've mentioned the instructions below for contacting the buyer to request to remove the rating, and
information on how to respond to the feedback online if the buyer chooses not to remove the rating.

You can contact the buyer from the Orders tab in your seller account. Select 'Manage Orders' and
find the buyer's order, using the options in the Search box at the upper left. For more options, click
the 'Advanced Search' link. Click the buyer's name in the 'Contact Buyer' section of the order to
reach the web-based e-mail form.

Mentioned below are the set of instructions for contacting a buyer to request to remove a specific
feedback. Please follow the steps:

1. In Feedback Manager, scroll down to View Current Feedback.
2. Find the comment/feedback you want to resolve and click the Resolve button.
3. You will be taken to the Resolving Negative Feedback page.
4. Click the yellow Contact Customer button.
5. From the drop-down menu, select a subject.
6. In the Message area, type your message.
7. Use the Add Attachment button for receipts, supporting documents, etc.
8. Click Send e-mail to send your message to the buyer.

Some buyers may not know how to remove their feedback. If you would like to provide the buyer with
instructions for removing feedback, you can direct them to this Help page:

http://www.amazon.com/gp/help/customer/display.html?nodeId=201125570&referral=
AQSUH23RKB8HP_AQ7GZ8RMW9C1E&referral=A1DXJ2EWT2KFBM_
A3DKIKP6P8W3Y4&referral=A38TWGJUS8QREZ_A3S8R49HG8OCI0

If the buyer does not remove the feedback, you may want to consider posting a response with your
own account of the transaction in your feedback profile. To post a response, log in to your Seller
Account then under the Reports heading, click 'Manage your Ratings and Feedback.' This will
display the most recent page of feedback ratings. Find the feedback in question and click the button
to respond.

Thank you for your patience and understanding in these regards. Feel free to reach us, we will be

THIMES00963

more than happy to assist you.

Wish you Success. Happy Selling.

Have a great day.

Please let us know how we did.

Were you satisfied with the support provided?

| Yes | No |
|-----|-----|

Thank you!

To view your case details, or respond, please click http://sellercentral.amazon.com/gp/case-dashboard/view-case.html?ref=sc_cd_lobby_vc?caseID=5021786851

Please note: this e-mail was sent from an address that cannot accept incoming e-mail. If you require additional support please contact us https://sellercentral.amazon.com/hz/contact-us

Your Current Notifications
----------------------------------------
"Samsung Notebook 9 Pro 15" - Intel Core i5 7200U - 2.5Ghz - 8GB RAM - 256GB - Titan Silver" is in high demand but currently has no offers.
Consider expanding your offering of "SAMSUNG" products by listing this item.
Create an offer for this ASIN (B0787FN2BS).
https://catalog.amazon.com/abis/Display/ItemSelected?asin=B0787FN2BS&iris_notification_id=1c9deefd405c9bd8aa08a88323a4f988
----------------------------------------

Thank you for selling with Amazon,

Kartikey K.
Amazon.com Seller Support
=====================================
MORE WAYS TO GET HELP:
Visit our Seller Forums for help from other sellers: http://sellercentral.amazon.com/forums
Browse all Seller Help topics: http://sellercentral.amazon.com/gp/help

To contact us again about this issue, please use the Contact Us form in Seller Central using the following link:

http://sellercentral.amazon.com/gp/contact-us/contact-amazon-form.html?caseID=5021786851

Please note: this e-mail was sent from a notification-only address that cannot accept incoming e-mail. Please do not reply to this message.

---

**Amazon Seller Support** <merch.service05@amazon.com>                    Fri, Apr 27, 2018 at 9:46 AM
To: "avi@thimessolutions.com" <avi@thimessolutions.com>

Dear Seller,

Thank you for contacting Amazon Seller Support.

We have reviewed your request for feedback removal. In this case, the feedback you received does not meet the criteria for removal so we are unable to remove it.

For your reference, Amazon will remove feedback for these reasons:

THIMES00964

* The feedback includes abusive language.
* The feedback includes seller-specific personally identifying information.
* The entire feedback comment is a product review.
* The entire feedback comment is about fulfillment or customer service for an order fulfilled by Amazon.

You may, however, ask the buyer who left this feedback to remove it. We encourage you to contact the buyer to resolve any issues regarding the transaction. The buyer could then remove the feedback if they feel it is appropriate. Please keep in mind that buyer feedback is a direct reflection of their shopping experience on the Amazon marketplace. Do not pressurize buyers to remove feedback.

We've mentioned the instructions below for contacting the buyer to request to remove the rating, and information on how to respond to the feedback online if the buyer chooses not to remove the rating.

You can contact the buyer from the Orders tab in your seller account. Select 'Manage Orders' and find the buyer's order, using the options in the Search box at the upper left. For more options, click the 'Advanced Search' link. Click the buyer's name in the 'Contact Buyer' section of the order to reach the web-based e-mail form.

Mentioned below are the set of instructions for contacting a buyer to request to remove a specific feedback. Please follow the steps:

1. In Feedback Manager, scroll down to View Current Feedback.
2. Find the comment/feedback you want to resolve and click the Resolve button.
3. You will be taken to the Resolving Negative Feedback page.
4. Click the yellow Contact Customer button.
5. From the drop-down menu, select a subject.
6. In the Message area, type your message.
7. Use the Add Attachment button for receipts, supporting documents, etc.
8. Click Send e-mail to send your message to the buyer.

Some buyers may not know how to remove their feedback. If you would like to provide the buyer with instructions for removing feedback, you can direct them to this Help page:

http://www.amazon.com/gp/help/customer/display.html?nodeId=201125570&referral=
AQSUH23RKB8HP_AQ7GZ8RMW9C1E&referral=A1DXJ2EWT2KFBM_
A3DKIKP6P8W3Y4&referral=A38TWGJUS8QREZ_A3S8R49HG8OCI0

If the buyer does not remove the feedback, you may want to consider posting a response with your own account of the transaction in your feedback profile. To post a response, log in to your Seller Account then under the Reports heading, click 'Manage your Ratings and Feedback.' This will display the most recent page of feedback ratings. Find the feedback in question and click the button to respond.

Thank you for your patience and understanding in these regards. Feel free to reach us, we will be more than happy to assist you.

Wish you Success. Happy Selling.

Have a great day.

Please let us know how we did.

Were you satisfied with the support provided?



Thank you!

To view your case details, or respond, please click http://sellercentral.amazon.com/gp/case-dashboard/view-case.html/ref=sc_cd_lobby_vc?caseID=5021786851

Please note: this e-mail was sent from an address that cannot accept incoming e-mail. If you require additional support please contact us https://sellercentral.amazon.com/hz/contact-us

Thank you for selling with Amazon,

THIMES00965

Amazon.com Seller Support
=======================================
MORE WAYS TO GET HELP:
Visit our Seller Forums for help from other sellers: http://sellercentral.amazon.com/forums
Browse all Seller Help topics: http://sellercentral.amazon.com/gp/help

To contact us again about this issue, please use the Contact Us form in Seller Central using the following link:

http://sellercentral.amazon.com/gp/contact-us/contact-amazon-form.html?caseID=5021786851

Please note: this e-mail was sent from a notification-only address that cannot accept incoming e-mail. Please do not reply to this message.

---

**merch.service05@amazon.com** <merch.service05@amazon.com>                    Fri, Apr 27, 2018 at 9:52 AM
To: "avi@thimessolutions.com" <avi@thimessolutions.com>

Dear Seller,

Thank you for contacting Amazon Seller Support.

With regards to the concern for feedback removal for Order ID: 112-8205495-4693807, i would like to tell you that as per buyer statement he received defective product. Since the product is functional product we cannot raise the Bin check as per Amazon's guidlines. Therefore, in this case we would need to go by what the buyer has stated in the feedback. Having said that, you have yet another option to get the feedback removed.

You may, however, ask the buyer who left this feedback to remove it. We encourage you to contact the buyer to resolve any issues regarding the transaction. The buyer could then remove the feedback if they feel it is appropriate. Please keep in mind that buyer feedback is a direct reflection of their shopping experience on the Amazon marketplace. Do not pressurize buyers to remove feedback.

I understand that this information may not have been the one that was expected by you but I would like you to understand that sometimes even we (Seller Support) are bound by policies and are not able to provide assistance over them.

Your understanding and cooperation are appreciated in such concerns.

If you have any further questions or any concerns, please feel free to write back to us.

Have a great day!

Please let us know how we did.

Were you satisfied with the support provided?

| Yes | | No |
|-----|-|----|

Thank you!

To view your case details, or respond, please click http://sellercentral.amazon.com/gp/case-dashboard/view-case.html/ref=sc_cd_lobby_vc?caseID=5021786851

Please note: this e-mail was sent from an address that cannot accept incoming e-mail. If you require

THIMES00966

additional support please contact us https://sellercentral.amazon.com/hz/contact-us

Thank you for selling with Amazon,

Kartikey K.
Amazon.com Seller Support
======================================
MORE WAYS TO GET HELP:
Visit our Seller Forums for help from other sellers: http://sellercentral.amazon.com/forums
Browse all Seller Help topics: http://sellercentral.amazon.com/gp/help

To contact us again about this issue, please use the Contact Us form in Seller Central using the following link:

http://sellercentral.amazon.com/gp/contact-us/contact-amazon-form.html?caseID=5021786851

Please note: this e-mail was sent from a notification-only address that cannot accept incoming e-mail. Please do not reply to this message.

THIMES00967

# EXHIBIT I



Avi Eisenberg <avi@thimessolutions.com>

**Your Amazon.com Seller Account**

**Amazon** <seller-performance-policy@amazon.com>                    Sat, Apr 28, 2018 at 4:28 AM
Reply-To: Amazon <seller-performance-policy@amazon.com>
To: "avi@thimessolutions.com" <avi@thimessolutions.com>



Hello,

We received a complaint from a buyer about the condition of a product they ordered from you, which is listed at the end of this email. Your listings are still active.

Please review your listings and make sure that
-- The items exactly match the product description on the detail page.
-- The items are listed according to our Condition Guidelines.

You can edit your listings in the Inventory section of Seller Central. If we receive more complaints about your listings, we may remove them.

Learn more about our policies in Seller Central Help:
-- Prohibited Seller Activities and Actions (https://sellercentral.amazon.com/gp/help/200386250)
-- Product Detail Page Rules (https://sellercentral.amazon.com/gp/help/200390640)
-- Condition Guidelines (https://sellercentral.amazon.com/gp/help/200339950)

To talk to someone about this email, ask our Seller Support team to contact you (https://sellercentral.amazon.com/hz/contact-us/performance).

----------------------------------------
Complaint type: Inauthentic item complaint
ASIN: B0097BEG1C
Title: Apple MD827LL/A EarPods with Remote and Mic - Standard Packaging - White
----------------------------------------


Regards,
Seller Performance Team
Amazon Payments
http://pay.amazon.com/us

# EXHIBIT J

Gmail                                                     Avi Eisenberg <avi@thimessolutions.com>

---

## Notice: Policy Warning

---

**Amazon** <notice@amazon.com>                           Mon, Apr 30, 2018 at 9:17 PM
To: avi@thimessolutions.com

Hello,

We received a report from a rights owner that claims the items at the end of this email infringe their trademark.

We removed the content listed at the end of this email. We may let you list this content again if we receive a retraction from the rights owner:

-- enforcement@mm-bluetooth.com

If the rights owner agrees to retract their complaint, they must send the retraction to us at notice-dispute@amazon.com.

If you believe that the reported content does not infringe the rights owner&rsquo;s trademark, please email notice-dispute@amazon.com with supporting information. This includes, but is not limited to, an invoice or Order ID.

We consider allegations of intellectual property infringement a serious matter. If we receive more complaints about your listings, we may not allow you to sell on Amazon.com.

To learn more about this policy, search for &ldquo;Intellectual Property Violations&rdquo; in Seller Central Help (https://sellercentral.amazon.com/gp/help/external/201361070).

ASIN:B01MDLGCDL B0172C6P1G B01AMR2VUC B00VVT8PEC B00VKSSWTC B075JNZQHN B075VCY4HB B013KV2VPW B01DFFCHUM B00KL80VK0 B0149IH1BY B00Q5K0JDW B00SGR9C8K B00USCI70U B00Q5K0JJ6 B00NX1LBJC B01N2KCDJQ B01LCNENI8 B01AIRDNIK B077SQGFZX B01A8AXMP6 B01M082DQY B01IUXM1PU B011596F12 B00NX1LBHO B01N0AI30J B01LCOZ53O B00VKSSVXE B00USCIBN8 B01CKLXZQC B00IS4INQS B014E4ECWO B01A9ETWRI B075B285PP B018SVYS2S B00J8BX8SS B00ZAJWUQS B01N44FM3I B00VKU0JNW B01AIR8GOQ B075JNV73T B0747Z2KJW B01LE7DP5O B00Q5K0JHI B00KW2R82Y B00SGR9CB2 B00S5J3I3Y

Infringement type: Trademark

Trademark number: 2911905

Complaint ID: 5012360861

You can learn more about your account health in the Performance section of Seller Central (https://sellercentral.amazon.com/gp/seller-rating/pages/performance-summary.html).

Sincerely,
Amazon

M Gmail

## Notice: Policy Warning

4 messages

**Amazon** <notice@amazon.com>                                                    Mon, Apr 30, 2018 at 4:46 PM
To: avi@thimessolutions.com

Hello,

We received a report from a rights owner that claims the items at the end of this email infringe their trademark.

-- Trademark number 2911905

We removed the content listed at the end of this email. We may let you list this content again if we receive a retraction from the rights owner:
-- Bluetooth Compliance
-- enforcement@mm-bluetooth.com

If the rights owner agrees to retract their complaint, they must send the retraction to us at notice-dispute@amazon.com.

If you believe that the reported content does not infringe the rights owner&rsquo;s trademark, please email notice-dispute@amazon.com with supporting information. This includes, but is not limited to, an invoice or Order ID.

We consider allegations of intellectual property infringement a serious matter. If we receive more complaints about your listings, we may not allow you to sell on Amazon.com.

To learn more about this policy, search for &ldquo;Intellectual Property Violations&rdquo; in Seller Central Help (https://sellercentral.amazon.com/gp/help/external/201361070).

ASIN:
[+] B016CWNH9K ( website )
[+] B01GA4NY4S ( website )
[+] B01LLVPTKC ( website )
[+] B01KSSDZ0A ( website )
[+] B01IK5F6UU ( website )
[+] B016D4UL2I ( website )
[+] B075WSV9P3 ( website )
[+] B075K6L77L ( website )
[+] B019QBABFM ( website )
[+] B07516CF21 ( website )
[+] B01LLU8TCI ( website )
[+] B012MJL2MG ( website )
[+] B07477J6D5 ( website )
[+] B016Q30BVW ( website )
[+] B073GXCZYN ( website )
[+] B012NN4NWC ( website )
[+] B012MZZUU0 ( website )
[+] B073S5VGSQ ( website )
[+] B01B1JXZNW ( website )
[+] B01COX47CC ( website )
[+] B012NOVHDE ( website )
[+] B01L742MDU ( website )
[+] B01A6GMKJ6 ( website )
[+] B019QAR9YY ( website )
[+] B0138ET7Q2 ( website )

[+] B016D4UM4U ( website )
[+] B01KSSDXJS ( website )
[+] B012RQ8NXK ( website )
[+] B075WR3QVW ( website )
[+] B00ZCHC7PW ( website )
[+] B00ZEMWD3G ( website )
[+] B012MJKA10 ( website )
[+] B01DU5CL44 ( website )

[+] B01CCM5QHU ( website )
[+] B017EHFU4A ( website )
[+] B0179DCL5C ( website )
[+] B018VJI5Q2 ( website )
[+] B01GA4NZ3S ( website )
[+] B0762D7MZ9 ( website )
[+] B012NOVH70 ( website )
[+] B01A6H8PQM ( website )
[+] B01M18E4VU ( website )
[+] B01KSSE162 ( website )
[+] B01COX484O ( website )
[+] B01N2JOWWF ( website )
[+] B01M4RTGJN ( website )
[+] B073S71FCX ( website )
[+] B073S1VM48 ( website )
[+] B01AUNWTYQ ( website )
[+] B07516C53K ( website )
Infringement type: Trademark (Product Packaging, Product Display Page, Word Mark, Logo &amp; Design)
omplaint ID: 5012419911

You can learn more about your account health in the Performance section of Seller Central ( https://sellercentral.amazon.com/gp/seller-rating/pages/performance-summary.html ).

Sincerely,

---

**Amazon** <notice@amazon.com>                                   Mon, Apr 30, 2018 at 5:03 PM
To: avi@thimessolutions.com

Hello,
 
We received a report from a rights owner that claims the items at the end of this email infringe their trademark.
 
-- Trademark number: 2911905
 
We removed the content listed at the end of this email. We may let you list this content again if we receive a retraction from the rights owner:

-- enforcement@mm-bluetooth.com

 
If the rights owner agrees to retract their complaint, they must send the retraction to us at notice-dispute@amazon.com.
 
If you believe that the reported content does not infringe the rights owner&rsquo;s trademark, please email notice-dispute@amazon.com with supporting information. This includes, but is not limited to, an invoice or Order ID.
 
We consider allegations of intellectual property infringement a serious matter. If we receive more complaints about your listings, we may not allow you to sell on Amazon.com.
 
To learn more about this policy, search for &ldquo;Intellectual Property Violations&rdquo; in Seller Central Help ( https://sellercentral.amazon.com/gp/help/external/201361070 ).

 
One or more of the following ASINs: B073JLDX4S B01N081QMW B01GZM838C B01GZM838C B01GZM838C B01GZM838C B06XR7WXFT B01MQMB2J7 B01MQMB2J7 B01M5H730O B01M5H730O B01M5H730O B01MRZ1ARS B01KTRLL4M B01KTRLL4M B01N4FKWYC B01MT0OJCA B01N0DYTCT B01N7HCTQJ B01N7HCTQJ B01N7HCTQJ B01MQV72AM B01MQV72AM B01MQV72AM B06XFKNPG5 B06XFPRLCK B06XFPRLCK B01M1RJ184 B01M1RJ184 B01M1RJ184 B06XGSCMC9 B06XGSCMC9 B01M5H6VW5 B01M72OLWB B01M72OLWB B01M72OLWB B06XJ9LBSK B01N1FYO85 B01N1FYO85 B06XJDJ99S B06XJDJ99S B06XJDJ99S B06XJDJ99S B01LSVIISK B01LSVIISK B01LSVIIMQ B01LSVIIMQ B01MU9NVBZ B01MU9NVBZ B01MU9NVBZ B01MU9NVBZ B073DSS88F B073DSS88F B073J8RBKJ B01NCMYFPR B01NCMYFPR B01NCMYFPR B01NCNGXFJ B01NCNGXFJ B01MU2B9C1 B06XFNDZWB B06XFNDZWB B01L99RWGU B01NBM8V2P B01NADC6PU B01NADC6PU B06XKNTJY3 B06XKNTJY3 B06XKNTJY3 B01M68H24G B01M68H24G B01M68H24G B07146WGLB B01M06HZ71 B01M06HZ71 B01M06HZ71 B0716D3MLW B0716D3MLW B0716D3MLW B071KW75XV B071KW75XV B071KW75XV B01M7TWB0V B01M7TWB0V B01M7TWB0V B06XJFTZ5D B01NBTJ3H7 B01NBTJ3H7 B01N376NAY B01N25LQYB B01N25LQYB B01NH5KF9 B01NH5KF9 B071NH5KF9 B075521DJZ B075521DJZ B06XD6H731 B01NBCCX5S B01NBCCX5S B01NBCCX5S B071J3YQD7 B071J3YQD7
Infringement type: Trademark (Product Packaging, Product Display Page, Word Mark, Logo &amp; Design)
Trademark number: 2911905
Complaint ID: 5012543101
 

THIMES00764

# EXHIBIT K

# RE:[CASE 5031143671] Other account issues - reimbursements in inventory issues

6 messages

---

**Amazon Seller Support** <merch.service05@amazon.com>                                    Wed, May 2, 2018 at 7:03 AM
To: "avi@thimessolutions.com" <avi@thimessolutions.com>

Dear Seller,

Thank you for contacting Amazon Seller Support.

We have reviewed your request for feedback removal for order ID:111-7086054-0883463,112-
3172040-9217032,111-8197341-7160264,111-4978463-8345808,113-0323636-0419426. In this
case, the feedback you received does not meet the criteria for removal as per amazon feedback
removal policy so we are unable to remove it.

For your reference, Amazon will remove feedback for these reasons:

* The feedback includes obscene language.
* The feedback includes seller-specific personally identifiable information.
* The entire feedback comment is a product review.
* The entire feedback comment is about fulfillment or customer service for an order fulfilled by
Amazon.

You may, however, ask the buyer who left this feedback to remove it. We encourage you to contact
the buyer to resolve any issues regarding the transaction. The buyer could then remove the
feedback if they feel it is appropriate. Please keep in mind that buyer feedback is a direct reflection
of their shopping experience on the Amazon marketplace. Do not pressurize buyers to remove
feedback.

We've mentioned the instructions below for contacting the buyer to request to remove the rating, and
information on how to respond to the feedback online if the buyer chooses not to remove the rating.

You can contact the buyer from the Orders tab in your seller account. Select 'Manage Orders' and
find the buyer's order, using the options in the Search box at the upper left. For more options, click
the 'Advanced Search' link. Click the buyer's name in the 'Contact Buyer' section of the order to
reach the web-based e-mail form.

Mentioned below are the set of instructions for contacting a buyer to request to remove a specific
feedback. Please follow the steps:

1. In Feedback Manager, scroll down to View Current Feedback.
2. Find the comment/feedback you want to resolve and click the Resolve button.
3. You will be taken to the Resolving Negative Feedback page.
4. Click the yellow Contact Customer button.
5. From the drop-down menu, select a subject.
6. In the Message area, type your message.
7. Use the Add Attachment button for receipts, supporting documents, etc.
8. Click Send e-mail to send your message to the buyer.

Some buyers may not know how to remove their feedback. If you would like to provide the buyer with
instructions for removing feedback, you can direct them to this Help page:

http://www.amazon.com/gp/help/customer/display.html?nodeId=201125570&referral=
A8MF1PS2NK0OT_A2V8O30K7ATZ41

If the buyer does not remove the feedback, you may want to consider posting a response with your
own account of the transaction in your feedback profile. To post a response, log in to your Seller
Account then under the Reports heading, click 'Manage your Ratings and Feedback.' This will
display the most recent page of feedback ratings. Find the feedback in question and click the button
to respond.

We have reviewed your request for feedback removal for order ID:113-9273711-5058608.
Regrettably, the feedback does not meet the criteria for removal as the feedback comment is no
specific comment, we are unsure whether the buyer was rating the product received, or the service
rendered. Please know that we strive to put in our best to help you make selling a better experience,
however there are situations where we have to express our inability to meet your requirements and
expectations wholeheartedly.

I understand your concern but I would like to inform you there are some policies and guidelines
which are set by the Amazon which we have to follow. I apologize for not removing this feedback. So
I would request you to contact the buyer and ask him for the removal of the feedback.If the buyer
agrees to remove the feedback, and is not able to do so, you can ask him to provide a written proof
in the buyer - seller communication. We will then remove the feedback for you.

Please do not consider this as a denial of your request for removal but rather as an opportunity to
educate and create a good relationship with our buyer, offer them options to improve their Amazon
experience.

Mentioned below are the set of instructions for contacting a buyer to request remove of a specific
feedback. Please follow the steps:

1. In Feedback Manager, scroll down to View Current Feedback.
2. Find the comment/feedback you want to resolve and click the Resolve button.
3. You will be taken to the Resolving Negative Feedback page.
4. Click the yellow Contact Customer button.
5. From the drop-down menu, select a subject.
6. In the Message area, type your message.
7. Use the Add Attachment button for receipts, supporting documents, etc.
8. Click Send e-mail to send your message to the buyer.

Note: Some buyers may not know how to remove their feedback. If you would like to provide the
buyer with instructions for removing feedback, you can direct them to this Help page:

http://www.amazon.com/gp/help/customer/display.html?nodeId=201125570&referral=
A1V5AJSHWYTX0J_AXALPNMZWA1R2&referral=A8MF1PS2NK0OT_A2V8O30K7ATZ41

A buyer may choose to not remove a feedback even if you request a removal. In such a scenario,
you may want to consider posting a response with your own account of the transaction in your
feedback profile.

To post a response, follow the steps below:
1. Log in to your Seller Account.
2. Under the "Performance" heading, click "Feedback." This will display the most recent page of
feedback ratings.
3. Find the feedback in question and click the "Respond" button to respond to the seller.

Thank you for your patience and understanding in these regards.Feel free to reach us, we will be
more than happy to assist you.

Wish you Success. Happy Selling.

Have a great day.


Please let us know how we did.

Were you satisfied with the support provided?



| Yes | No |

Thank you!

To view your case details, or respond, please click http://sellercentral.amazon.com/gp/case-
dashboard/view-case.html/ref=sc_cd_lobby_vc?caseID=5031143671

Please note: this e-mail was sent from an address that cannot accept incoming e-mail. If you require
additional support please contact us https://sellercentral.amazon.com/hz/contact-us

THIMES00974

Your Current Notifications
----------------------------------------
"Motorola Talkabout Radio MH230R" is on customer wish list but has few active offers.
Take advantage of this opportunity by offering this product to customers.
Create an offer for this ASIN (B001UE6MIO)
https://catalog.amazon.com/abis/Display/ItemSelected?asin=B001UE6MIO&iris_notification_id=
cb4517b6088bff4e93ac00580d8b471d
----------------------------------------

Thank you for selling with Amazon,

Nishant K.
Amazon.com Seller Support
=====================================
MORE WAYS TO GET HELP:
Visit our Seller Forums for help from other sellers: http://sellercentral.amazon.com/forums
Browse all Seller Help topics: http://sellercentral.amazon.com/gp/help

To contact us again about this issue, please use the Contact Us form in Seller Central using the
following link:

http://sellercentral.amazon.com/gp/contact-us/contact-amazon-form.html?caseID=5031143671

Please note: this e-mail was sent from a notification-only address that cannot accept incoming e-
mail. Please do not reply to this message.

---

**Amazon Seller Support** <merch.service05@amazon.com>                    Wed, May 2, 2018 at 5:43 PM
To: "avi@thimessolutions.com" <avi@thimessolutions.com>


    Dear Seller,

    Greetings from Amazon Seller Support.

    Thank you for contacting us about feedback removal request on order ID: 113-0323636-0419426.

    We have reviewed your request for feedback removal and the feedback you received does not meet the criteria for removal so we are
    unable to remove it.

    We understand that this item was fulfilled by Amazon and is stickered with FNSKU: X001OAZ7VD. These items are kept separately for
    all the sellers and we ensure that we send the same to the buyers. In cases like this, we do an investigation to find out if the item in our
    inventory matches the website description.

    We have researched our inventory for this ASIN: B073TLKQB9 and currently there are 0 units in your sell-able inventory. Amazon
    Fulfillment Center team requires at least 1 unit for checking and as there are none, they are unable to perform a physical check.
    Therefore, in this case we would need to go by what the buyer has stated in the feedback. Having said that, you have yet another
    option to get the feedback removed.

    Mentioned below are the set of instructions for contacting a buyer to request to remove a specific feedback. Please follow the steps:

     1. In Feedback Manager, scroll down to View Current Feedback.
     2. Find the comment/feedback you want to resolve and click the Resolve button.
     3. You will be taken to the Resolving Negative Feedback page.
     4. Click the yellow Contact Customer button.
     5. From the drop-down menu, select a subject.
     6. In the Message area, type your message.
     7. Use the Add Attachment button for receipts, supporting documents, etc.
     8. Click Send e-mail to send your message to the buyer.

    Some buyers may not know how to remove their feedback. If you would like to provide the buyer with instructions for removing
    feedback, you can direct them to this Help page:

THIMES00975

If the buyer does not remove the feedback, you may want to consider posting a response with your own account of the transaction in your feedback profile. To post a response, log in to your Seller Account then under the Reports heading, click to Manage your Ratings and Feedback. This will display the most recent page of feedback ratings. Find the feedback in question and click the button to respond.

Thank you for your patience and understanding in these regards. Feel free to reach us, we will be more than happy to assist you.

Wish you Success. Happy Selling.

Have a great day.

Thank you for selling with Amazon,

Ravi  S.

[Quoted text hidden]

---

**Amazon Seller Support** <merch.service05@amazon.com>                    Thu, May 3, 2018 at 4:18 AM
To: "avi@thimessolutions.com" <avi@thimessolutions.com>

Dear Seller,

Thank you for contacting Amazon Seller Support.

We have reviewed your request for feedback removal. In this case, the feedback you received does not meet the criteria for removal so we are unable to remove it.

For your reference, Amazon will remove feedback for these reasons:

* The feedback includes obscene language.
* The feedback includes seller-specific personally identifiable information.
* The entire feedback comment is a product review.
* The entire feedback comment is about fulfillment or customer service for an order fulfilled by Amazon.

You may, however, ask the buyer who left this feedback to remove it. We encourage you to contact the buyer to resolve any issues regarding the transaction. The buyer could then remove the feedback if they feel it is appropriate. Please keep in mind that buyer feedback is a direct reflection of their shopping experience on the Amazon marketplace. Do not pressurize buyers to remove feedback.

We've mentioned the instructions below for contacting the buyer to request to remove the rating, and information on how to respond to the feedback online if the buyer chooses not to remove the rating.

You can contact the buyer from the Orders tab in your seller account. Select 'Manage Orders' and find the buyer's order, using the options in the Search box at the upper left. For more options, click the 'Advanced Search' link. Click the buyer's name in the 'Contact Buyer' section of the order to reach the web-based e-mail form.

Mentioned below are the set of instructions for contacting a buyer to request to remove a specific feedback. Please follow the steps:

1. In Feedback Manager, scroll down to View Current Feedback.
2. Find the comment/feedback you want to resolve and click the Resolve button.
3. You will be taken to the Resolving Negative Feedback page.
4. Click the yellow Contact Customer button.
5. From the drop-down menu, select a subject.
6. In the Message area, type your message.
7. Use the Add Attachment button for receipts, supporting documents, etc.
8. Click Send e-mail to send your message to the buyer.

Some buyers may not know how to remove their feedback. If you would like to provide the buyer with instructions for removing feedback, you can direct them to this Help page:

http://www.amazon.com/gp/help/customer/display.html?nodeId=201125570&referral=

If the buyer does not remove the feedback, you may want to consider posting a response with your own account of the transaction in your feedback profile. To post a response, log in to your Seller Account then under the Reports heading, click 'Manage your Ratings and Feedback.' This will display the most recent page of feedback ratings. Find the feedback in question and click the button to respond.

Thank you for your patience and understanding in these regards. Feel free to reach us, we will be more than happy to assist you.

Wish you Success. Happy Selling.

Have a great day.

Please let us know how we did.

Were you satisfied with the support provided?

| Yes | No |
|-----|-----|

Thank you!

To view your case details, or respond, please click http://sellercentral.amazon.com/gp/case-dashboard/view-case.html/ref=sc_cd_lobby_vc?caseID=5031143671

Please note: this e-mail was sent from an address that cannot accept incoming e-mail. If you require additional support please contact us https://sellercentral.amazon.com/hz/contact-us

Thank you for selling with Amazon,

Sunil Kumar S.
Amazon.com Seller Support
=====================================
MORE WAYS TO GET HELP:
Visit our Seller Forums for help from other sellers: http://sellercentral.amazon.com/forums
Browse all Seller Help topics: http://sellercentral.amazon.com/gp/help

To contact us again about this issue, please use the Contact Us form in Seller Central using the following link:

http://sellercentral.amazon.com/gp/contact-us/contact-amazon-form.html?caseID=5031143671

Please note: this e-mail was sent from a notification-only address that cannot accept incoming e-mail. Please do not reply to this message.

---

**Amazon Seller Support** <merch.service05@amazon.com>                    Thu, May 3, 2018 at 2:30 PM
To: "avi@thimessolutions.com" <avi@thimessolutions.com>

Greetings from Amazon Seller Support,

Thank you for contacting us.

We are working on your issue, we will get back to you as soon as possible.

Have a great day ahead!

Thank you for selling with Amazon,

THIMES00977

---

**Amazon Seller Support** <merch.service05@amazon.com>                          Thu, May 3, 2018 at 4:37 PM
To: "avi@thimessolutions.com" <avi@thimessolutions.com>

Greetings from Amazon Seller Support,

Thank you for writing us back and I apologize for the frustration caused to you thus far.

I am Manoj from Leadership Team and your case has been delegated to me for further review.

I understand that you want us to remove feedback as the order was fulfilled by Amazon.

I have reviewed the details related to the order Id: 111-8197341-7160264, 112-3172040-9217032 &
111-7086054-0883463 and confirm that the order was fulfilled by Amazon, however as per the
buyer's feedback it shows that the item received was non functional, please be informed that even if
an order is fulfilled by Amazon, Amazon does not open the item and checks the functionality, same is
not possible for you as a seller, you can also not open the original packaging and check the
functionality, hence we can conclude that the buyer may be referring to some manufacturing defect
or may not be aware of the functioning of the item.

I apologize for the impact this may have caused you, however I have to take decision as per the
feedback, which describes dissatisfaction regarding non functionality of the item. So in this situation
we are unable to remove the feedback because only buyer can remove the feedback.

In this situation, I would suggest you may get in touch with buyer and check what you could do to
convince them to remove the feedback. If the buyer is unable to remove the feedback as per the
instruction provided or 60 days time line is crossed, educate them to contact Amazon customer
support to show their willingness to remove feedback.

NOTE- We can only handled maximum 3 order Id. I would request you to open a new case for each
order ID.

Link to be provided to buyer for instructions to remove feedback:
https://www.amazon.com/gp/help/customer/display.html?nodeId=201125570&referral=
A8MF1PS2NK0OT_A3NS799OUQR0BS

Have a nice day.

Please let us know how we did.

Were you satisfied with the support provided?

| **Yes** | | **No** |

Thank you!

To view your case details, or respond, please click http://sellercentral.amazon.com/gp/case-
dashboard/view-case.html/ref=sc_cd_lobby_vc?caseID=5031143671

Please note: this e-mail was sent from an address that cannot accept incoming e-mail. If you require
additional support please contact us https://sellercentral.amazon.com/hz/contact-us

Thank you for selling with Amazon,

Manoj S
Amazon.com Seller Support
=====================================
MORE WAYS TO GET HELP:
Visit our Seller Forums for help from other sellers: http://sellercentral.amazon.com/forums
Browse all Seller Help topics: http://sellercentral.amazon.com/gp/help

# EXHIBIT L

 
Avi Eisenberg <avi@thimessolutions.com>

---

**Notice: Policy Warning**

---

**Amazon** <notice@amazon.com>                                    Thu, May 3, 2018 at 10:28 PM
Reply-To: Amazon <notice-dispute@amazon.com>
To: "avi@thimessolutions.com" <avi@thimessolutions.com>



Hello,

We received a report from a rights owner that claims the items at the end
of this email infringe their utility patent rights. We consider
allegations of intellectual property infringement a serious matter. We
have provided the rights owner's contact information below:

-- NAME OF RIGHTS OWNER : Maha Khalaj
-- EMAIL ADDRESS OF RIGHTS OWNER : khalajm@ballardspahr.com
-- Patent number: 7152363

Please work directly with the rights owner to resolve this dispute. We
encourage you to resolve this dispute promptly. Failure to do so may
result in removal of your offers or your Amazon.com selling privileges.

ASIN:   B01NAHMM2R
Complaint ID: 5022479901

Sincerely,
Seller Performance Team,
Amazon.com.


Sincerely,
Seller Performance Team
Amazon.com
http://www.amazon.com

# EXHIBIT M



Avi Eisenberg <avi@thimessolutions.com>

---

# Notice: Policy Warning

---

**Amazon** <notice@amazon.com>                                                           Fri, May 4, 2018 at 7:21 AM
To: avi@thimessolutions.com

Hello,

We received a report from a rights owner that claims the items at the end of this email infringe their trademark.

  Trademark number : 4726737

We removed the content listed at the end of this email. We may let you list this content again if we receive a retraction from the rights owner:
--Apple Agent
---mrkt-apple@appdetex.com

If the rights owner agrees to retract their complaint, they must send the retraction to us at notice-dispute@amazon.in

If you believe that the reported content does not infringe the rights owner&rsquo;s trademark, please email notice-dispute@amazon.in with supporting information. This includes, but is not limited to, an invoice or Order ID.

We consider allegations of intellectual property infringement a serious matter. If we receive more complaints about your listings, we may not allow you to sell on Amazon.in

To learn more about this policy, search for &quot;Intellectual Property Violations&quot; in Seller Central Help.

ASIN: B0774DL2LP, B076Q6Y1BW, B078Z8Z39G, B076WRKFW4, B07B8PK58Z, B07B9GTJ3L, B077SYBDQ2, B076HF95RL, B072LYWT8Q, B07BJMDDJR, B074H9V95N, B0785X7RLJ, B0757WQKYK, B06XQKB6XK, B01N5I7KJI, B071X2SR7Y, B078HTF8WD, B07871MCY5, B07525PCKS, B079HQH1HM, B075Q7BJL3, B0767R3X9B, B076GWB23P, B0797Q43B8

Infringement type: Trademark
 Trademark number: 4726737
Complaint ID: 5025389951

Sincerely,
Amazon.com

THIMES00758

 Gmail

Avi Eisenberg <avi@thimessolutions.com>

## Please review your listings

**pq-policy@amazon.com** <pq-policy@amazon.com>                                                  Fri, May 4, 2018 at 1:20 PM
Reply-To: "pq-policy@amazon.com" <pq-policy@amazon.com>
To: "avi@thimessolutions.com" <avi@thimessolutions.com>

Hello,

We received buyer complaints about the condition of an item they received from you, which is listed at the end of this email. Your listings are still active.

We would like you to resolve these concerns in order to avoid additional complaints. Failure to resolve these concerns may result in the removal of your Amazon listings.

Please review your listings and make sure that:

- The items exactly match the product description on the detail page.
- The items are listed according to our Condition Guidelines.

You can edit your listings in the Inventory section of https://sellercentral.amazon.com/myi/search/OpenListingsSummary.

Learn more about our policies in Seller Central Help:

- Prohibited Seller Activities and Actions (https://sellercentral.amazon.com/gp/help/200386250)
- Product Detail Page Rules (https://sellercentral.amazon.com/gp/help/200390640)
- Condition Guidelines (https://sellercentral.amazon.com/gp/help/200339950)

| Complaint Type | ASIN | Title | Additional Information |
|---|---|---|---|
| Used Item Sold as New | B00IOBQPMO | RCA Bluetooth Plug In Outlet Speaker for Wireless Music Streaming (White) WPBT1 | |

THIMES00779

# EXHIBIT N

Avi Eisenberg <avi@thimessolutions.com>

---

# RE:[CASE 5033154031] Feedback Removal Request for OrderID 112-4783813-4136266

8 messages

---

**Amazon Seller Support** <merch.service05@amazon.com>                              Wed, May 2, 2018 at 10:13 PM
To: "avi@thimessolutions.com" <avi@thimessolutions.com>

Dear Seller,

Thank you for contacting Amazon Seller Support.

I completely understood that your concern was regarding Order ID: 112-4783813-4136266, for which you wanted to remove the feedback.

With regards to this concern, I would like to inform you that kindly give us some more time as I have raised this concern to our team. Once I will get an revert from my team, I will surely update you for the same.

Wish you success, happy selling.

Have a great day.

Thank you for selling with Amazon,

Manveer  S.
Amazon.com Seller Support
=====================================
MORE WAYS TO GET HELP:
Visit our Seller Forums for help from other sellers: http://sellercentral.amazon.com/forums
Browse all Seller Help topics: http://sellercentral.amazon.com/gp/help

To contact us again about this issue, please use the Contact Us form in Seller Central using the following link:

http://sellercentral.amazon.com/gp/contact-us/contact-amazon-form.html?caseID=5033154031

Please note: this e-mail was sent from a notification-only address that cannot accept incoming e-mail. Please do not reply to this message.

---

**Amazon Seller Support** <merch.service05@amazon.com>                              Sat, May 5, 2018 at 3:03 AM
To: "avi@thimessolutions.com" <avi@thimessolutions.com>

Dear Seller,

Thank you for contacting Amazon Seller Support.

I completely understood that your concern was regarding Order ID: 112-4783813-4136266, for which you wanted to remove the feedback.

With regards to this concern, I would like to inform you that kindly give us some more time as I have raised this concern to our team. Once I will get an revert from my team, I will surely update you for the same.

Wish you success, happy selling.

Have a great day.

Thank you for selling with Amazon,

Sunil Kumar  S.
Amazon.com Seller Support
=====================================
MORE WAYS TO GET HELP:
Visit our Seller Forums for help from other sellers: http://sellercentral.amazon.com/forums
Browse all Seller Help topics: http://sellercentral.amazon.com/gp/help

To contact us again about this issue, please use the Contact Us form in Seller Central using the following link: Page ID #:3687

Case 2:19-cv-10374-SB-E Document 210-3 Filed 08/22/22 Page 108 of 238

Page ID #:3687

http://sellercentral.amazon.com/gp/contact-us/contact-amazon-form.html?caseID=5033154031

Please note: this e-mail was sent from a notification-only address that cannot accept incoming e-mail. Please do not reply to this message.

---

**Amazon Seller Support** <merch.service05@amazon.com>
To: "avi@thimessolutions.com" <avi@thimessolutions.com>

Sun, May 6, 2018 at 3:21 AM

Dear Seller,

Thank you for contacting Amazon Seller Support.

We have reviewed your request for feedback removal. In this case, the feedback you received does not meet the criteria for removal as per amazon feedback removal policy so we are unable to remove it.

For your reference, Amazon will remove feedback for these reasons:

* The feedback includes obscene language.
* The feedback includes seller-specific personally identifiable information.
* The entire feedback comment is a product review.
* The entire feedback comment is about fulfillment or customer service for an order fulfilled by Amazon.

You may, however, ask the buyer who left this feedback to remove it. We encourage you to contact the buyer to resolve any issues regarding the transaction. The buyer could then remove the feedback if they feel it is appropriate. Please keep in mind that buyer feedback is a direct reflection of their shopping experience on the Amazon marketplace. Do not pressurize buyers to remove feedback.

We've mentioned the instructions below for contacting the buyer to request to remove the rating, and information on how to respond to the feedback online if the buyer chooses not to remove the rating.

You can contact the buyer from the Orders tab in your seller account. Select 'Manage Orders' and find the buyer's order, using the options in the Search box at the upper left. For more options, click the 'Advanced Search' link. Click the buyer's name in the 'Contact Buyer' section of the order to reach the web-based e-mail form.

Mentioned below are the set of instructions for contacting a buyer to request to remove a specific feedback. Please follow the steps:

1. In Feedback Manager, scroll down to View Current Feedback.
2. Find the comment/feedback you want to resolve and click the Resolve button.
3. You will be taken to the Resolving Negative Feedback page.
4. Click the yellow Contact Customer button.
5. From the drop-down menu, select a subject.
6. In the Message area, type your message.
7. Use the Add Attachment button for receipts, supporting documents, etc.
8. Click Send e-mail to send your message to the buyer.

Some buyers may not know how to remove their feedback. If you would like to provide the buyer with instructions for removing feedback, you can direct them to this Help page:

http://www.amazon.com/gp/help/customer/display.html?nodeId=201125570&referral=A1EUZ6LLHCJN00_A31JX7R7CSQ0FZ

If the buyer does not remove the feedback, you may want to consider posting a response with your own account of the transaction in your feedback profile. To post a response, log in to your Seller Account then under the Reports heading, click 'Manage your Ratings and Feedback.' This will display the most recent page of feedback ratings. Find the feedback in question and click the button to respond.

Thank you for your patience and understanding in these regards. Feel free to reach us, we will be

more than happy to assist you.

Wish you Success. Happy Selling.

Have a great day.

Please let us know how we did.

Were you satisfied with the support provided?

| Yes | No |
|-----|-----|

Thank you!

To view your case details, or respond, please click http://sellercentral.amazon.com/gp/case-dashboard/view-case.html?ref=sc_cd_lobby_vc?caseID=5033154031

Please note: this e-mail was sent from an address that cannot accept incoming e-mail. If you require additional support please contact us https://sellercentral.amazon.com/hz/contact-us

Thank you for selling with Amazon,

Sunil Kumar S.
Amazon.com Seller Support
=====================================
MORE WAYS TO GET HELP:
Visit our Seller Forums for help from other sellers: http://sellercentral.amazon.com/forums
Browse all Seller Help topics: http://sellercentral.amazon.com/gp/help

To contact us again about this issue, please use the Contact Us form in Seller Central using the following link:

http://sellercentral.amazon.com/gp/contact-us/contact-amazon-form.html?caseID=5033154031

Please note: this e-mail was sent from a notification-only address that cannot accept incoming e-mail. Please do not reply to this message.

---

**Amazon Seller Support** <merch.service05@amazon.com>
To: "avi@thimessolutions.com" <avi@thimessolutions.com>

Sun, May 6, 2018 at 3:25 AM

Dear Seller,

Thank you for contacting Amazon Seller Support.

We have reviewed your request for feedback removal. In this case, the feedback you received does not meet the criteria for removal as per amazon feedback removal policy so we are unable to remove it.

For your reference, Amazon will remove feedback for these reasons:

* The feedback includes obscene language.
* The feedback includes seller-specific personally identifiable information.
* The entire feedback comment is a product review.
* The entire feedback comment is about fulfillment or customer service for an order fulfilled by Amazon.

You may, however, ask the buyer who left this feedback to remove it. We encourage you to contact the buyer to resolve any issues regarding the transaction. The buyer could then remove the

THIMES00983

feedback if they feel it is appropriate. Please keep in mind that buyer feedback is a direct reflection of their shopping experience at the Amazon marketplace. Do not pressurize buyers to remove the feedback.

We've mentioned the instructions below for contacting the buyer to request to remove the rating, and information on how to respond to the feedback online if the buyer chooses not to remove the rating.

You can contact the buyer from the Orders tab in your seller account. Select 'Manage Orders' and find the buyer's order, using the options in the Search box at the upper left. For more options, click the 'Advanced Search' link. Click the buyer's name in the 'Contact Buyer' section of the order to reach the web-based e-mail form.

Mentioned below are the set of instructions for contacting a buyer to request to remove a specific feedback. Please follow the steps:

1. In Feedback Manager, scroll down to View Current Feedback.
2. Find the comment/feedback you want to resolve and click the Resolve button.
3. You will be taken to the Resolving Negative Feedback page.
4. Click the yellow Contact Customer button.
5. From the drop-down menu, select a subject.
6. In the Message area, type your message.
7. Use the Add Attachment button for receipts, supporting documents, etc.
8. Click Send e-mail to send your message to the buyer.

Some buyers may not know how to remove their feedback. If you would like to provide the buyer with instructions for removing feedback, you can direct them to this Help page:

http://www.amazon.com/gp/help/customer/display.html?nodeId=201125570&referral=A1EUZ6LLHCJN00_A31JX7R7CSQ0FZ

If the buyer does not remove the feedback, you may want to consider posting a response with your own account of the transaction in your feedback profile. To post a response, log in to your Seller Account then under the Reports heading, click 'Manage your Ratings and Feedback.' This will display the most recent page of feedback ratings. Find the feedback in question and click the button to respond.

Thank you for your patience and understanding in these regards. Feel free to reach us, we will be more than happy to assist you.

Wish you Success. Happy Selling.

Have a great day.

Please let us know how we did.

Were you satisfied with the support provided?



Thank you!

To view your case details, or respond, please click http://sellercentral.amazon.com/gp/case-dashboard/view-case.html/ref=sc_cd_lobby_vc?caseID=5033154031

Please note: this e-mail was sent from an address that cannot accept incoming e-mail. If you require additional support please contact us https://sellercentral.amazon.com/hz/contact-us

Thank you for selling with Amazon,

Sunil Kumar S.
Amazon.com Seller Support
====================================
MORE WAYS TO GET HELP:
Visit our Seller Forums for help from other sellers: http://sellercentral.amazon.com/forums
Browse all Seller Help topics: http://sellercentral.amazon.com/gp/help

To contact us again about this issue, please use the Contact Us form in Seller Central using the following link:

THIMES00984

Please note: this e-mail was sent from a notification-only address that cannot accept incoming e-mail. Please do not reply to this message.

---

**Amazon Seller Support** <merch.service05@amazon.com>                                    Sun, May 6, 2018 at 3:36 AM
To: "avi@thimessolutions.com" <avi@thimessolutions.com>

Dear Seller,

Thank you for contacting Amazon Seller Support.

We have reviewed your request for feedback removal. In this case, the feedback you received does not meet the criteria for removal as per amazon feedback removal policy so we are unable to remove it.

For your reference, Amazon will remove feedback for these reasons:

* The feedback includes obscene language.
* The feedback includes seller-specific personally identifiable information.
* The entire feedback comment is a product review.
* The entire feedback comment is about fulfillment or customer service for an order fulfilled by Amazon.

You may, however, ask the buyer who left this feedback to remove it. We encourage you to contact the buyer to resolve any issues regarding the transaction. The buyer could then remove the feedback if they feel it is appropriate. Please keep in mind that buyer feedback is a direct reflection of their shopping experience on the Amazon marketplace. Do not pressurize buyers to remove feedback.

We've mentioned the instructions below for contacting the buyer to request to remove the rating, and information on how to respond to the feedback online if the buyer chooses not to remove the rating.

You can contact the buyer from the Orders tab in your seller account. Select 'Manage Orders' and find the buyer's order, using the options in the Search box at the upper left. For more options, click the 'Advanced Search' link. Click the buyer's name in the 'Contact Buyer' section of the order to reach the web-based e-mail form.

Mentioned below are the set of instructions for contacting a buyer to request to remove a specific feedback. Please follow the steps:

1. In Feedback Manager, scroll down to View Current Feedback.
2. Find the comment/feedback you want to resolve and click the Resolve button.
3. You will be taken to the Resolving Negative Feedback page.
4. Click the yellow Contact Customer button.
5. From the drop-down menu, select a subject.
6. In the Message area, type your message.
7. Use the Add Attachment button for receipts, supporting documents, etc.
8. Click Send e-mail to send your message to the buyer.

Some buyers may not know how to remove their feedback. If you would like to provide the buyer with instructions for removing feedback, you can direct them to this Help page:

http://www.amazon.com/gp/help/customer/display.html?nodeId=201125570&referral=A1EUZ6LLHCJN00_A31JX7R7CSQ0FZ

If the buyer does not remove the feedback, you may want to consider posting a response with your own account of the transaction in your feedback profile. To post a response, log in to your Seller

THIMES00985

Account then under the Reports heading, click 'Manage your Ratings and Feedback.' This will display the rest of your feedback ratings. Find the feedback in question and click the button to respond.

Thank you for your patience and understanding in these regards. Feel free to reach us, we will be more than happy to assist you.

Wish you Success. Happy Selling.

Have a great day.

Please let us know how we did.

Were you satisfied with the support provided?

**Yes**    **No**

Thank you!

To view your case details, or respond, please click http://sellercentral.amazon.com/gp/case-dashboard/view-case.html/ref=sc_cd_lobby_vc?caseID=5033154031

Please note: this e-mail was sent from an address that cannot accept incoming e-mail. If you require additional support please contact us https://sellercentral.amazon.com/hz/contact-us

Thank you for selling with Amazon,

Sunil Kumar S.
Amazon.com Seller Support
=====================================
MORE WAYS TO GET HELP:
Visit our Seller Forums for help from other sellers: http://sellercentral.amazon.com/forums
Browse all Seller Help topics: http://sellercentral.amazon.com/gp/help

To contact us again about this issue, please use the Contact Us form in Seller Central using the following link:

http://sellercentral.amazon.com/gp/contact-us/contact-amazon-form.html?caseID=5033154031

Please note: this e-mail was sent from a notification-only address that cannot accept incoming e-mail. Please do not reply to this message.

---

**Amazon Seller Support** <merch.service05@amazon.com>
To: "avi@thimessolutions.com" <avi@thimessolutions.com>

Sun, May 6, 2018 at 3:58 AM

Dear Seller,

Thank you for contacting Amazon Seller Support.

We realize how important a seller's feedback rating is and applaud your dedication to great customer service.

In reviewing your feedback we found that [Universal Goods and Sales] has earned high feedback ratings from most buyers. We are confident that interested buyers will notice this positive feedback and take it into consideration when making ordering decisions.

The best way to deal with negative feedback is to resolve any transaction issues with the buyer. The buyer could then remove the feedback if they feel it is appropriate. Do not pressurize buyers to

THIMES00986

remove feedback.

If this does not work, however, you must consider the matter resolved; we will not be able to review the feedback for this order again.

Wish you Success. Happy Selling.

Have a great day.

Please let us know how we did.

Were you satisfied with the support provided?

[ **Yes** ]   [ **No** ]

Thank you!

To view your case details, or respond, please click http://sellercentral.amazon.com/gp/case-dashboard/view-case.html/ref=sc_cd_lobby_vc?caseID=5033154031

Please note: this e-mail was sent from an address that cannot accept incoming e-mail. If you require additional support please contact us https://sellercentral.amazon.com/hz/contact-us

Thank you for selling with Amazon,

Sunil Kumar S.
Amazon.com Seller Support
=====================================
MORE WAYS TO GET HELP:
Visit our Seller Forums for help from other sellers: http://sellercentral.amazon.com/forums
Browse all Seller Help topics: http://sellercentral.amazon.com/gp/help

To contact us again about this issue, please use the Contact Us form in Seller Central using the following link:

http://sellercentral.amazon.com/gp/contact-us/contact-amazon-form.html?caseID=5033154031

Please note: this e-mail was sent from a notification-only address that cannot accept incoming e-mail. Please do not reply to this message.

---

**Amazon Seller Support** <merch.service05@amazon.com>
To: "avi@thimessolutions.com" <avi@thimessolutions.com>

Sun, May 6, 2018 at 4:12 AM

Dear Seller,

Thank you for contacting Amazon Seller Support.

We realize how important a seller's feedback rating is and applaud your dedication to great customer service.

In reviewing your feedback we found that [Universal Goods and Sales] has earned high feedback ratings from most buyers. We are confident that interested buyers will notice this positive feedback and take it into consideration when making ordering decisions.

The best way to deal with negative feedback is to resolve any transaction issues with the buyer. The buyer could then remove the feedback if they feel it is appropriate. Do not pressurize buyers to remove feedback.

THIMES00987

If this does not work, however, you must consider the matter resolved; we will not be able to review the feedback for this order again.

Wish you Success. Happy Selling.

Have a great day.

Please let us know how we did.

Were you satisfied with the support provided?

**Yes**    **No**

Thank you!

To view your case details, or respond, please click http://sellercentral.amazon.com/gp/case-dashboard/view-case.html/ref=sc_cd_lobby_vc?caseID=5033154031

Please note: this e-mail was sent from an address that cannot accept incoming e-mail. If you require additional support please contact us https://sellercentral.amazon.com/hz/contact-us

Thank you for selling with Amazon,

Sunil Kumar S.
Amazon.com Seller Support
=====================================
MORE WAYS TO GET HELP:
Visit our Seller Forums for help from other sellers: http://sellercentral.amazon.com/forums
Browse all Seller Help topics: http://sellercentral.amazon.com/gp/help

To contact us again about this issue, please use the Contact Us form in Seller Central using the following link:

http://sellercentral.amazon.com/gp/contact-us/contact-amazon-form.html?caseID=5033154031

Please note: this e-mail was sent from a notification-only address that cannot accept incoming e-mail. Please do not reply to this message.

---

**merch.service05@amazon.com** <merch.service05@amazon.com>                    Sun, May 6, 2018 at 6:13 AM
To: "avi@thimessolutions.com" <avi@thimessolutions.com>

Dear Seller,

Greetings from Amazon Seller Support.

Thank you for contacting us about feedback removal request on order ID: 112-4783813-4136266.

We have reviewed your request for feedback removal and the feedback you received does not meet the criteria for removal so we are unable to remove it.

We understand that this item was fulfilled by Amazon and is stickered with FNSKU: X001R25KTH. These items are kept separately for all the sellers and we ensure that we send the same to the buyers. In cases like this, we do an investigation to find out if the item in our inventory matches the website description.

We have researched our inventory for this ASIN: B0097BEG1C and currently there are 0 units in your sell-able inventory. Amazon Fulfillment Center team requires at least 1 unit for checking and as

THIMES00988

there are none, they are unable to perform a physical check. Therefore, in this case we would need to go by what the buyer has stated in the feedback. Having said that, you have yet another option to get the feedback removed.

Mentioned below are the set of instructions for contacting a buyer to request to remove a specific feedback. Please follow the steps:

1. In Feedback Manager, scroll down to View Current Feedback.
2. Find the comment/feedback you want to resolve and click the Resolve button.
3. You will be taken to the Resolving Negative Feedback page.
4. Click the yellow Contact Customer button.
5. From the drop-down menu, select a subject.
6. In the Message area, type your message.
7. Use the Add Attachment button for receipts, supporting documents, etc.
8. Click Send e-mail to send your message to the buyer.

Some buyers may not know how to remove their feedback. If you would like to provide the buyer with instructions for removing feedback, you can direct them to this Help page:

http://www.amazon.com/gp/help/customer/display.html?nodeId=201125570&referral=A1EUZ6LLHCJN00_A31JX7R7CSQ0FZ

If the buyer does not remove the feedback, you may want to consider posting a response with your own account of the transaction in your feedback profile. To post a response, log in to your Seller Account then under the Reports heading, click 'Manage your Ratings and Feedback.' This will display the most recent page of feedback ratings. Find the feedback in question and click the button to respond.

Thank you for your patience and understanding in these regards. Feel free to reach us, we will be more than happy to assist you.

Wish you Success. Happy Selling.

Have a great day.

Please let us know how we did.

Were you satisfied with the support provided?



Thank you!

To view your case details, or respond, please click http://sellercentral.amazon.com/gp/case-dashboard/view-case.html?ref=sc_cd_lobby_vc?caseID=5033154031

Please note: this e-mail was sent from an address that cannot accept incoming e-mail. If you require additional support please contact us https://sellercentral.amazon.com/hz/contact-us

Your Current Notifications
----------------------------------------
Based on your sales, you may run out of "Panasonic ErgoFit In-Ear Earbuds Headphones with Mic/Controller RP-TCM125-P (Pink)" soon.
Restock your inventory now so you continue selling without interruption.
View your low-stock ASIN (B00E4LGU32)
https://sellercentral.amazon.com/hz/productsearch?q=B00E4LGU32&iris_notification_id=700b99375cbfce05467f490b750562b2
----------------------------------------

Thank you for selling with Amazon,

Sunil Kumar S.
Amazon.com Seller Support
=====================================
MORE WAYS TO GET HELP:
Visit our Seller Forums for help from other sellers: http://sellercentral.amazon.com/forums
Browse all Seller Help topics: http://sellercentral.amazon.com/gp/help

THIMES00989

To contact us again about this issue, please use the Contact Us form in Seller Central using the following link:

http://sellercentral.amazon.com/gp/contact-us/contact-amazon-form.html?caseID=5033154031

Please note: this e-mail was sent from a notification-only address that cannot accept incoming e-mail. Please do not reply to this message.

THIMES00990

# EXHIBIT O

Avi Eisenberg <avi@thimessolutions.com>

## Your Amazon.com Selling Privileges have been removed

**Amazon** <seller-evaluation@amazon.com>                                   Thu, Jun 28, 2018 at 8:07 PM
Reply-To: Amazon <seller-evaluation@amazon.com>
To: "avi@thimessolutions.com" <avi@thimessolutions.com>



Hello,

Your account has been closed due to violations of our Seller Policies.
Your use of the Mobile App to extract dangerous goods (hazmat) information
from our systems is prohibited by our policies. As stated on the
Prohibited Seller Activities and Actions page in Seller Central
(https://sellercentral.amazon.com/gp/help/G200386250), if you upload excessive
amounts of data repeatedly, or otherwise use our services in an excessive
or unreasonable way, Amazon may restrict or block your access to product
feeds or any other functions that are being misused until you stop your
misuse. In addition, as stated in our Conditions of Use
(https://www.amazon.com/gp/help/customer/display.html?nodeId=508088), you are not
authorized to use any Amazon service to collect product listings or
descriptions or use data mining, robots, or similar data gathering and
extraction tools. Any derivative use of any Amazon service or its contents
is also prohibited.

Funds will not be transferred to you but will stay in your account while
we work with you to address this issue. If you have any open orders,
please ship them.

Because we have warned you about similar activities in the past, your
account has been suspended and will not be reactivated unless you
acknowledge that you understand our policies, reaffirm your commitment to
adhere to them, and communicate your plan of action to avoid these
activities (and any similar activities) in the future. To sell on
Amazon.com, please send us a plan that explains how you will address this
problem.

For help creating your plan, search for "Appeal the Removal of Selling
Privileges" in Seller Central Help. When you are ready to send us your
plan, click the Appeal button next to this message on the Performance
Notifications page in Seller Central (https://sellercentral.amazon.com/gp/customer-
experience/perf-notifications.html).

Once we receive your plan, we will review it and decide whether you may
sell on Amazon.com again. If you do not send an acceptable plan within 17
days, or if we agree to reinstate your account and later detect you
engaging in these activities (or similar activities), we may cancel your
listings and hold any funds in your account for up to 90 days.

Have questions? We can help right away. Contact us (https://sellercentral.amazon.
com/cu/contact-us/performance)

Sincerely,
Seller Performance Team
Amazon.com
http://www.amazon.com

THIMES00311

# EXHIBIT P

**Heather Auyang**

| | |
|---|---|
| **From:** | Heather Auyang |
| **Sent:** | Friday, August 12, 2022 11:46 AM |
| **To:** | Victor Meng; Prashanth Chennakesavan; Patice Gore |
| **Cc:** | Randolph Gaw; Mark Schlachet; Mark Poe; Joe Tuffaha |
| **Subject:** | RE: Thimes Solutions Inc., v TP-Link USA Corporation, and Auction Brothers, Inc. d/b/a Amazzia |

Hi Victor,

Following up on our meet and confer call today.

For Thimes's RFP No. 33 to TP-Link, your understanding is that Mr. Eisenberg provided the list of 17 ASINs for TP-Link products that were sold by Thimes.  As discussed, please provide information about which platform these products were sold, dates of sales, quantities sold, sourcing invoices, and revenue/net revenue, as this is relevant to TP-Link's trademark infringement counterclaim and damages.  Thimes should also supplement its document production.

Thanks,
Heather

---

**From:** Heather Auyang <Heather.Auyang@ltlattorneys.com>
**Sent:** Wednesday, August 10, 2022 3:04 PM
**To:** Victor Meng <vmeng@gawpoe.com>; Prashanth Chennakesavan <Prashanth.Chennakesavan@ltlattorneys.com>; Patice Gore <patice.gore@ltlattorneys.com>
**Cc:** Randolph Gaw <rgaw@gawpoe.com>; Mark Schlachet <markschlachet@me.com>; Mark Poe <mpoe@gawpoe.com>; Joe Tuffaha <joe.tuffaha@ltlattorneys.com>
**Subject:** Re: Thimes Solutions Inc., v TP-Link USA Corporation, and Auction Brothers, Inc. d/b/a Amazzia

Hi Victor,

OK to Friday.

Let's do 4 pm PT on Monday 8/15 for TP-Link's MSJ meet and confer. I'll circulate a Zoom invite.

Thanks,
Heather

Get Outlook for Android

---

**From:** Victor Meng <vmeng@gawpoe.com>
**Sent:** Wednesday, August 10, 2022, 11:32 AM
**To:** Heather Auyang <Heather.Auyang@ltlattorneys.com>; Prashanth Chennakesavan <Prashanth.Chennakesavan@ltlattorneys.com>; Patice Gore <patice.gore@ltlattorneys.com>
**Cc:** Randolph Gaw <rgaw@gawpoe.com>; Mark Schlachet <markschlachet@me.com>; Mark Poe <mpoe@gawpoe.com>; Joe Tuffaha <joe.tuffaha@ltlattorneys.com>
**Subject:** RE: Thimes Solutions Inc., v TP-Link USA Corporation, and Auction Brothers, Inc. d/b/a Amazzia

**[EXTERNAL EMAIL]** This email originated from outside of the **LTL Attorneys** organization. **DO NOT CLICK** links or open attachments unless you recognize the sender and know the content is safe.

1

Hi Heather,

Let's do Friday, 8.12, at 11am for the M&C on Thimes's 2nd RFPs.  Please use this conference line: 415.754.9773.

I'm available Monday, 8.15, from 3-5pm to M&C on TP-Link's MSJ.  Please let me know what time is good for you.

Thanks,
Victor


Victor Meng
Gaw | Poe LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Direct: 415.895.0862
Main: 415.766.7451
Fax: 415.737.0642

**From:** Heather Auyang <Heather.Auyang@ltlattorneys.com>
**Sent:** Tuesday, August 9, 2022 4:39 PM
**To:** Victor Meng <vmeng@gawpoe.com>; Prashanth Chennakesavan <Prashanth.Chennakesavan@ltlattorneys.com>; Patice Gore <patice.gore@ltlattorneys.com>
**Cc:** Randolph Gaw <rgaw@gawpoe.com>; Mark Schlachet <markschlachet@me.com>; Mark Poe <mpoe@gawpoe.com>; Joe Tuffaha <joe.tuffaha@ltlattorneys.com>
**Subject:** RE: Thimes Solutions Inc., v TP-Link USA Corporation, and Auction Brothers, Inc. d/b/a Amazzia

Hi Victor,

I am available this Friday (8/12) anytime between 10-2 pm.  Please let me know if that works.

Also, TP-Link would like to schedule a meet and confer pursuant to the Court's Order re: Motions for Summary Judgment (Dkt. 172) for Monday (8/15).  Please let me know what time works.

Thanks,
Heather

**From:** Victor Meng <vmeng@gawpoe.com>
**Sent:** Thursday, August 4, 2022 9:52 PM
**To:** Heather Auyang <Heather.Auyang@ltlattorneys.com>; Prashanth Chennakesavan <Prashanth.Chennakesavan@ltlattorneys.com>; Patice Gore <patice.gore@ltlattorneys.com>; Chris Frost <chris@wgfcounsel.com>; ashley@wgfcounsel.com
**Cc:** Randolph Gaw <rgaw@gawpoe.com>; Mark Schlachet <markschlachet@me.com>; Mark Poe <mpoe@gawpoe.com>
**Subject:** RE: Thimes Solutions Inc., v TP-Link USA Corporation, and Auction Brothers, Inc. d/b/a Amazzia

**[EXTERNAL EMAIL]** This email originated from outside of the **LTL Attorneys** organization. **DO NOT CLICK** links or open attachments unless you recognize the sender and know the content is safe.

Hi Heather,

Thimes requests a Local Rule 37-1 conference concerning TP-Link's deficient responses to Thimes's second set of document requests.  Please let me know when you are available for a conference call next week.

Thimes intends to move to compel further responses and production as to the following requests:

Request Nos. 28 & 29:  these requests seek documents identifying each instance prior to May 29, 2019 where TP-Link denied warranty coverage to consumers because the consumer bought TP-Link routers from an unauthorized reseller.  TP-Link responded by directing Thimes to certain documents from its July 18 production.  But none of those 25 "examples" is a communication that occurred prior to May 29, 2019; the earliest instance is from October 2, 2019.  Please supplement TP-Link's response and produce all responsive documents by August 11.

Request Nos. 30-32:  these requests concern TP-Link's quality control instructions, policies, procedures, or guidelines, and are particularly relevant given TP-Link's expressed intent to move for summary judgment based on the *Skullcandy* case.   TP-Link objected on the basis that Thimes refused to respond to similar document requests propounded by co-defendant Amazzia.  Please send us authority permitting a responding party to refuse to respond to relevant requests based on another party's response, because we are aware of none.

Request No. 33:  TP-Link's response that this request is "outside the scope of discovery" lacks merit.  The request seeks documents reflecting that Amazon refused to take action on complaints TP-Link and/or Amazzia submitted concerning the ASINs of TP-Link products that Thimes sold on the Amazon Marketplace.  Please identify the specific portion of the Discovery Order establishing that this request is outside the scope of discovery.

Request Nos. 40-42:  these requests seek documents and communications TP-Link exchanged with Amazon concerning warranties prior to May 29, 2019.  TP-Link concedes that the requests are relevant by failing to object on that basis.  Yet it has refused to produce any responsive documents.

Please let me know what date and time works for you next week.

Thanks,
Victor

Victor Meng
Gaw | Poe LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Direct: 415.895.0862
Main: 415.766.7451
Fax: 415.737.0642

---

**From:** Erika Santoyo <Erika.Santoyo@ltlattorneys.com>
**Sent:** Thursday, August 4, 2022 5:10 PM
**To:** Randolph Gaw <rgaw@gawpoe.com>; Mark Poe <mpoe@gawpoe.com>; Victor Meng <vmeng@gawpoe.com>; markschlachet@me.com
**Cc:** Heather Auyang <Heather.Auyang@ltlattorneys.com>
**Subject:** Thimes Solutions Inc., v TP-Link USA Corporation, and Auction Brothers, Inc. d/b/a Amazzia

Dear Counsel,

Please, find attached Defendant TP-Link USA Corporation's Objections and Responses to Plaintiff Thimes Solutions, Inc.'s Request for Production of Documents, Set Two

**Erika Santoyo**
Paralegal



Los Angeles | San Francisco | New York | Orange County

**LTL ATTORNEYS** LLP
300 S. Grand Avenue | 14th Floor
Los Angeles, California 90071
tel:  213-612-8900  | fax: 213-612-3773
dir:  323-948-4747
erika.santoyo@ltlattorneys.com | www.ltlattorneys.com

**CONFIDENTIALITY NOTICE**
The information in this e-mail (including attachments, if any) is confidential information intended only for the use of the individual or entity to whom it is
addressed, and may be privileged. The information herein may also be protected by the Electronic Communications Privacy Act, 18 USC Sections 2510-
2521.  Any review, use, disclosure, distribution, or copying of this e-mail is prohibited except by or on behalf of the intended recipient. If you have
received this email in error, please notify the sender immediately by reply email, delete this email, and do not disclose its contents to anyone. Thank you.

# EXHIBIT Q



Home » Support » Replacement & Warranty





| | |
|---|---|
| Download ▶ | |
| FAQ ▶ | |
| TP-LINK Emulators ▶ | |
| Contact Technical Support ▶ | |
| Tech Support Forum ▶ | |
| Wireless Calculator ▶ | |
| GPL Code Center ▶ | |
| 3G/4G USB Modem Compatibility List ▶ | |
| Replacement & Warranty ▶ | |
| IPv6 Support ▶ | |
| Windows 8 Compatibility List ▶ | |

# Replacement & Warranty

**Dear Customers,**

Thank you very much for purchasing TP-LINK products. In order to protect your rights and interests, please read the following Warranty Policy carefully.

1. Limited Warranty
2. Warranty Period
3. Replacement Procedure
4. Appendix

## Limited Warranty

TP-LINK USA CORPORATION ("TP-LINK USA") provides a limited warranty on all eligible TP-LINK products purchased in the U.S. The limited warranty covers failures due to defects in material or workmanship on devices, antennas, and accessories*. Packaging, software products, and technical data are not covered under the limited warranty. The limited warranty is only applicable to the original purchaser of the product. Proof of purchase and a complete product serial number are required to receive any services guaranteed as part of the limited warranty. The maximum liability of TP-LINK USA is equal to, and no higher than, the product's purchased price.

The limited warranty does not apply to refurbished and reselling products.

TP-LINK USA does not provide refunds under the limited warranty in any conditions. If the returned product is discontinued, TP-LINK will replace it with a product of equivalent value and features.

Click here to view **"Conditions that Disqualify Product from Warranty"**

**\*Accessories: Please refer to TP-LINK Accessories in Warranty Period.**

## Warranty Period

For the warranty period of products purchased before January 1, 2016, please click on the link below.

| Product type | Warranty Period |
|---|---|
| TP-LINK SOHO Products | 2-Year |
| TP-LINK SMB Products | 5-Year |
| TP-LINK Other Products | 1-Year |

As of January 1, 2016, TP-LINK USA will provide a 2-Year warranty on our SOHO class products and a Limited Lifetime Warranty on our SMB class products.

| Product type | Warranty Period |
|---|---|
| TP-LINK SOHO Products | 2-Year |
| TP-LINK SMB Products | Limited Lifetime Warranty* |



| | |
|---|---|
| TP-LINK Other Products | 1-Year |

*Limited Lifetime Warranty:

1. Products with Limited Lifetime Warranty are covered as long as the original purchaser owns the product, and for discontinued products, the Limited Lifetime Warranty will be limited to five (5) years from the end of sale date.

2. TP-LINK USA will honor the Limited Lifetime Warranty for all SMB products purchased after January 1, 2016.

3. Internal fans and internal power supplies are covered under the Limited Lifetime Warranty. External power supplies, modules, and other accessories may be covered under a different warranty coverage than the host device. Please refer to TP-LINK Accessories for more information.

*1 or 2 Years: For the warranty period of specific accessories, please refer to the TP-LINK Accessories chart.

## Replacement Procedure

### Express Replacement

If you experience product defects within online/retail store warranty period (Please check with the specific retail/online stores for exchange policy), please **First** contact the online/retail store where you originally purchased the product(s) for replacement.

### Normal Replacement

If your product(s) no long qualify under the online/retail store's replacement policy, you may process it through TP-LINK USA's RMA program by following the steps below.



[Click here](#) to view detailed procedures for **Common Service**

[Click here](#) to view detailed procedures for **Advanced Service**

**Please Note:**

- TP-LINK USA may reject or return products without accessories or an assigned RMA number.

- If proof of purchase can't be provided, the purchase date shall be calculated three months from the product's manufacturing date and the product shall have the same warranty period.

- The three digits that make up the second to fourth digits of the Serial Number (SN) represent the manufacturing date (year and month). For example, a product with SN: 2151XXXXXXXX, "151" represents the year of 2015 (15) and month of January (1). "15A" represents the year of 2015 (15) and month of October (A). (B) represents the month of November and (C) represents the month of December. The warranty period ends on the last day of the corresponding month.
  Note: For products manufactured before 2014, the first three digits of the Serial Number (SN) represent the manufacturing date (year and month), for example SN: 14AXXXXXXXXX.

- Customers who apply for the Advanced Service will receive a free return label with the replacement to ship the defective product to TP-LINK USA Customer Service Center.
  Customers who use Common Service are responsible for the one-way shipping fee when sending a defective product or products to TP-LINK USA Customer Service Center.

- TP-LINK USA is not responsible for any damage occurred during shipping.

- TP-LINK USA has no obligation to replace any products that are no longer covered under warranty. If TP-LINK USA, in its sole and absolute discretion, chooses to replace your product that is not covered by warranty, TP-LINK USA may charge a

http://www.tp-link.us/support/rma/  Go

61 captures
16 Jan 2012 - 12 Jan 2018

NOV  FEB  MAR
◄ 01 ►
2014 2016 2017

▼ About this capture

Appendix:

1. The limited warranty stated above is only valid for products sold in the Continental U.S. by TP-LINK USA or its authorized resellers. Any additional warranty service agreed upon during purchase shall only be effective based on the contract signed by TP-LINK USA.

2. None of any warranty service made by a distributor is covered by this warranty policy, and TP-LINK USA shall not be held liable. In order to receive any benefits from the distributor's warranty and/or other policies, please keep any documents obtained during the purchase.

3. The limited warranty stated above does not apply to damage caused by normal wear and tear, accidents, misuse (including failure to follow product documentation), neglect, disassembly, alterations, servicing other than by TP-LINK USA authorized technicians, and external causes such as, but not limited to, water damage, extreme thermal or environmental conditions. TP-LINK USA shall not be responsible to any accusation put forward by a third party.

4. No employee or representative of TP-LINK USA or its affiliates or any third party is authorized to make any modification, extension, or addition to this warranty policy. If any term of this warranty policy is held to be illegal or unenforceable, the remaining terms of this warranty policy will remain in full force and effect.

5. TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, THE LIMITED WARRANTY WRITTEN ABOVE IS THE ONLY EXPRESS WARRANTY TP-LINK USA PROVIDES FOR THE APPLICABLE TP-LINK PRODUCTS, AND THE ABOVE REMEDY IS YOUR SOLE REMEDY. TP-LINK USA EXPRESSLY DISCLAIMS ALL OTHER WARRANTIES AND CONDITIONS OF ANY KIND, WHETHER STATUTORY OR IMPLIED, ARISING FROM COURSE OF CONDUCT OR OTHERWISE, REGARDING THE APPLICABLE TP-LINK PRODUCTS, EXCEPT THAT ANY IMPLIED WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, AND NON-INFRINGEMENT ARE LIMITED IN DURATION TO THE APPLICABLE WARRANTY PERIOD STATED ABOVE.

6. YOU EXPRESSLY UNDERSTAND AND AGREE THAT, TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, TP-LINK USA AND ITS SUBSIDIARIES AND AFFILIATES (COLLECTIVELY, " TP-LINK PARTIES") SHALL NOT BE LIABLE TO YOU UNDER ANY THEORY OF LIABILITY (WHETHER CONTRACT, TORT (INCLUDING NEGLIGENCE) OR FAILURE OF ANY WARRANTY OR OTHERWISE) FOR ANY INDIRECT, INCIDENTAL, SPECIAL, CONSEQUENTIAL, OR EXEMPLARY DAMAGES THAT MAY BE INCURRED BY YOU IN CONNECTION WITH ANY TP-LINK PRODUCTS OR THESE TERMS, INCLUDING ANY LOSS OF DATA, WHETHER OR NOT A TP-LINK USA PARTY OR ITS REPRESENTATIVES HAVE BEEN ADVISED OF OR SHOULD HAVE BEEN AWARE OF THE POSSIBILITY OF ANY SUCH LOSSES ARISING. YOU EXPRESSLY UNDERSTAND AND AGREE THAT, TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, THE TP-LINK USA PARTIES' TOTAL LIABILITY IN CONNECTION WITH THE APPLICABLE TP-LINK PRODUCTS OR THIS WARRANTY POLICY WILL NOT EXCEED THE AMOUNT YOU ACTUALLY PAID FOR THE PRODUCT.

**Remarks:** TP-LINK USA reserves all rights including, but not limited to, any interpretation and modification of and to this warranty policy.

About Us
Corporate Profile
Contact Us
Careers at TP-LINK
Privacy Policy

Press
News
Awards

Partners
BizCare Partner Program
Training Center

Follow Us
  

United States / English

Copyright © 2016 TP-LINK Technologies Co., Ltd. All rights reserved.

CONFIDENTIAL



http://www.tp-link.us/support/rma/ | Go | NOV | FEB | MAR

61 captures
16 Jan 2012 - 12 Jan 2018

2014 | 01 | 2017
2016



Home » Support » Replacement & Warranty



| Download | ▶ |
| FAQ | ▶ |
| TP-LINK Emulators | ▶ |
| Contact Technical Support | ▶ |
| Tech Support Forum | ▶ |
| Wireless Calculator | ▶ |
| GPL Code Center | ▶ |
| 3G/4G USB Modem Compatibility List | ▶ |
| Replacement & Warranty | ▶ |
| IPv6 Support | ▶ |
| Windows 8 Compatibility List | ▶ |

# Replacement & Warranty

**Dear Customers,**

Thank you very much for purchasing TP-LINK products. In order to protect your rights and interests, please read the following Warranty Policy carefully.

1. <u>Limited Warranty</u>
2. <u>Warranty Period</u>
3. <u>Replacement Procedure</u>
4. <u>Appendix</u>

## Limited Warranty

TP-LINK USA CORPORATION ("TP-LINK USA") provides a limited warranty on all eligible TP-LINK products purchased in the U.S. The limited warranty covers failures due to defects in material or workmanship on devices, antennas, and accessories*. Packaging, software products, and technical data are not covered under the limited warranty. The limited warranty is only applicable to the original purchaser of the product. Proof of purchase and a complete product serial number are required to receive any services guaranteed as part of the limited warranty. The maximum liability of TP-LINK USA is equal to, and no higher than, the product's purchased price.

The limited warranty does not apply to refurbished and reselling products.

TP-LINK USA does not provide refunds under the limited warranty in any conditions. If the returned product is discontinued, TP-LINK will replace it with a product of equivalent value and features.

<u>Click here</u> to view **"Conditions that Disqualify Product from Warranty"**

***Accessories:** Please refer to TP-LINK Accessories in Warranty Period.**

---

### Conditions that Disqualify Product from Warranty 

**Conditions that Disqualify Product from Warranty in the host machine include but not limited:**

- Any defect caused by misuse, improper installation or maintenance that is not required by TP-LINK USA CORPORATION instruction;
- Any defect caused by software, virus or improper use of self-made and non-public software;
- Any product beyond the limited free replacement and repair period;
- Any unauthorized obliteration or tearing up of the product bar code;
- Any product that the bar code or item type in the warranty card is different from the product itself;
- Any unauthorized modification to the supporting setting files, or any authorized disassembly and repair;
- Any defect caused by improper use in the working conditions beyond the stated ones by the instruction (for example: under abnormal temperature that is too high, low, wet or dry; high sea-level; instable electric current and voltage and so on)
- Any defect caused by personal disaster or improper maintenance, such as mechanical damage, serious oxidation and rusting, rat damage, permeating exertion and so on;

CONFIDENTIAL

http://www.tp-link.us/support/rma/    Go    NOV ◀ FEB 01 MAR ▶ 2014 2016 2017

61 captures
16 Jan 2012 - 12 Jan 2018



▼ About this capture

**Conditions that Disqualify Product from Warranty in the external power supply include:**

- The returned power supply has obvious hard object damage, fissure, broken legs, severe deformation;
- The returned power code is broken, has naked core and damages like this.

## Warranty Period

For the warranty period of products purchased before Jannary 1, 2016, please click on the link below.

| Product type | Warranty Period |
|---|---|
| TP-LINK SOHO Products | 2-Year |
| TP-LINK SMB Products | 5-Year |
| TP-LINK Other Products | 1-Year |

As of January 1, 2016, TP-LINK USA will provide a 2-Year warranty on our SOHO class products and a Limited Lifetime Warranty on our SMB class products.

| Product type | Warranty Period |
|---|---|
| TP-LINK SOHO Products | 2-Year |
| TP-LINK SMB Products | Limited Lifetime Warranty* |
| TP-LINK Accessories | 1 or 2 Years* |
| TP-LINK Other Products | 1-Year |

*Limited Lifetime Warranty:

1. Products with Limited Lifetime Warranty are covered as long as the original purchaser owns the product, and for discontinued products, the Limited Lifetime Warranty will be limited to five (5) years from the end of sale date.

2. TP-LINK USA will honor the Limited Lifetime Warranty for all SMB products purchased after January 1, 2016.

3. Internal fans and internal power supplies are covered under the Limited Lifetime Warranty. External power supplies, modules, and other accessories may be covered under a different warranty coverage than the host device. Please refer to TP-LINK Accessories for more information.

*1 or 2 Years: For the warranty period of specific accessories, please refer to the TP-LINK Accessories chart.

## Replacement Procedure

### Express Replacement
If you experience product defects within online/retail store warranty period (Please check with the specific retail/online stores for exchange policy), please **First** contact the online/retail store where you originally purchased the product(s) for replacement.

### Normal Replacement
If your product(s) no long qualify under the online/retail store's replacement policy, you may process it through TP-LINK USA's RMA program by following the steps below.

CONFIDENTIAL

TP000162



Click here to view detailed procedures for **Common Service**

Click here to view detailed procedures for **Advanced Service**

**Please Note:**

- TP-LINK USA may reject or return products without accessories or an assigned RMA number.

- If proof of purchase can't be provided, the purchase date shall be calculated three months from the product's manufacturing date and the product shall have the same warranty period.

- The three digits that make up the second to fourth digits of the Serial Number (SN) represent the manufacturing date (year and month). For example, a product with SN: 2151XXXXXXXX, "151" represents the year of 2015 (15) and month of January (1). "15A" represents the year of 2015 (15) and month of October (A). (B) represents the month of November and (C) represents the month of December. The warranty period ends on the last day of the corresponding month.
  Note: For products manufactured before 2014, the first three digits of the Serial Number (SN) represent the manufacturing date (year and month), for example SN: 14AXXXXXXXXX.

- Customers who apply for the Advanced Service will receive a free return label with the replacement to ship the defective product to TP-LINK USA Customer Service Center.
  Customers who use Common Service are responsible for the one-way shipping fee when sending a defective product or products to TP-LINK USA Customer Service Center.

- TP-LINK USA is not responsible for any damage occurred during shipping.

- TP-LINK USA has no obligation to replace any products that are no longer covered under warranty. If TP-LINK USA, in its sole and absolute discretion, chooses to replace your product that is not covered by warranty, TP-LINK USA may charge a service fee.

## Appendix:

1. The limited warranty stated above is only valid for products sold in the Continental U.S. by TP-LINK USA or its authorized resellers. Any additional warranty service agreed upon during purchase shall only be effective based on the contract signed by TP-LINK USA.

2. None of any warranty service made by a distributor is covered by this warranty policy, and TP-LINK USA shall not be held liable. In order to receive any benefits from the distributor's warranty and/or other policies, please keep any documents obtained during the purchase.

3. The limited warranty stated above does not apply to damage caused by normal wear and tear, accidents, misuse (including failure to follow product documentation), neglect, disassembly, alterations, servicing other than by TP-LINK USA authorized technicians, and external causes such as, but not limited to, water damage, extreme thermal or environmental conditions. TP-LINK USA shall not be responsible to any accusation put forward by a third party.

4. No employee or representative of TP-LINK USA or its affiliates or any third party is authorized to make any modification, extension, or addition to this warranty policy. If any term of this warranty policy is held to be illegal or unenforceable, the remaining terms of this warranty policy will remain in full force and effect.

5. TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, THE LIMITED WARRANTY WRITTEN ABOVE IS THE ONLY EXPRESS WARRANTY TP-LINK USA PROVIDES FOR THE APPLICABLE TP-LINK PRODUCTS, AND THE ABOVE REMEDY IS YOUR SOLE REMEDY. TP-LINK USA EXPRESSLY DISCLAIMS ALL OTHER WARRANTIES AND CONDITIONS OF ANY KIND, WHETHER STATUTORY OR IMPLIED, ARISING FROM COURSE OF CONDUCT OR OTHERWISE, REGARDING THE APPLICABLE TP-LINK PRODUCTS, EXCEPT THAT ANY IMPLIED WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, AND NON-INFRINGEMENT ARE LIMITED IN DURATION TO THE APPLICABLE WARRANTY PERIOD STATED ABOVE.

6. YOU EXPRESSLY UNDERSTAND AND AGREE THAT, TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, TP-LINK USA AND ITS SUBSIDIARIES AND AFFILIATES (COLLECTIVELY, " TP-LINK PARTIES") SHALL NOT

TP000163



NEGLIGENCE) OR FAILURE IF ANY WARRANTY OR OTHERWISE [FOR CIRCUMSTANTIAL] OR [INCIDENTAL, SPECIAL, CONSEQUENTIAL, OR EXEMPLARY DAMAGES THAT MAY BE INCURRED BY YOU IN CONNECTION WITH THE TP-LINK PRODUCTS OR THESE TERMS, INCLUDING ANY LOSS OF DATA, WHETHER OR NOT A TP-LINK USA PARTY OR ITS REPRESENTATIVES HAVE BEEN ADVISED OF OR SHOULD HAVE BEEN AWARE OF THE POSSIBILITY OF ANY SUCH LOSSES ARISING. YOU EXPRESSLY UNDERSTAND AND AGREE THAT, TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, THE TP-LINK USA PARTIES' TOTAL LIABILITY IN CONNECTION WITH THE APPLICABLE TP-LINK PRODUCTS OR THIS WARRANTY POLICY WILL NOT EXCEED THE AMOUNT YOU ACTUALLY PAID FOR THE PRODUCT.

**Remarks:** TP-LINK USA reserves all rights including, but not limited to, any interpretation and modification of and to this warranty policy.

| About Us | Press | Partners | | Follow Us |
|---|---|---|---|---|
| Corporate Profile | News | BizCare Partner Program | | |
| Contact Us | Awards | Training Center | | |
| Careers at TP-LINK | | | | |
| Privacy Policy | | | | |

United States / English

Copyright © 2016 TP-LINK Technologies Co., Ltd. All rights reserved.

EXHIBIT R



To provide a better experience, we use cookies and similar tracking technologies to analyze traffic, personalize content and ads. By continuing to browse this website, you agree to our use of cookies and such technologies. Learn more

Don't show again

# Warranty & RMA Policy

**Dear Customers:**

Thank you for purchasing TP-Link products. In order to protect your rights and interests, please read the following Warranty Policy carefully. <span style="color:red">**NOTE: THIS WARRANTY POLICY GIVES YOU SPECIFIC LEGAL RIGHTS, AND YOU MAY ALSO HAVE OTHER RIGHTS WHICH VARY FROM STATE TO STATE.**</span>

1. **Limited Warranty**
2. **Warranty Period**
3. **Replacement Procedure**
4. **Appendix**

Limited Warranty

TP-Link USA Corp. ("TP-Link USA") provides a limited warranty on all eligible TP-Link products purchased in the United States. The limited warranty covers failures due to defects in material or workmanship on devices, antennas and accessories*. Packaging, software products and technical data are not covered under the limited warranty. The limited warranty starts from the original data of purchase and is only applicable to the original purchaser of the product. Proof of purchase and a complete product serial number are required to receive any services guaranteed as part of the limited warranty.

The limited warranty does not apply to refurbished products or products that were resold by unauthorized resellers. For TP-Link Refurbished Product Warranty Policy, please visit http://www.tp-link.com/us/support/refurbished/

TP-Link USA's limited product warranty does not provide refunds, returns or exchanges under most conditions. Product(s) replaced under the limited warranty will be replaced with factory refurbished product(s). If the defective product(s) are discontinued, end of life, or out of stock, TP-Link will issue a replacement with product(s) of equivalent value or features. We will attempt equivalent features before equivalent value. Brand new product(s) may also be used as a replacement in some cases. Product warranty periods do not renew with replacement units. The original purchase date and warranty period will apply to replacement products



Chat Now

**\*Accessories: Please refer to TP-Link Home Accessories and TP-Link Business Accessories for Warranty Period.**

Warranty Period

As of January 1, 2016, Warranty periods for TP-Link products will be as follows:

| Products Category | Products in Category | Warranty Period |
|---|---|---|
| Home and Smart Home Class | Whole Home Wi-Fi/Mesh Wi-Fi /Deco Wi-Fi Router Adapters/USB Adapters Access Points Range Extenders Powerline Adapters Smart Plugs Smart Lighting Smart Switches Cameras and Doorbells | 2 years |
| Home and Smart Home Class With Energy Star Certified | LB210, KL130 V1, LB230 | 3 years |
| Home Class Accessories | USB Hubs/Port Hubs USB Converters/USB to Gigabit Ethernet Network Adapter | 2 years |
| | Charging/Power Bank | 1 year |
| Business Class | Omada SDN/Business Wireless/Business Wireless Access Points (Omada) (Except EAP-Outdoor device)/ Access Points Omada SDN/Omada Gigabit VPN Router/ Routers Omada SDN/Business Switches | Limited Life Time |
| Business Class Accessories | Splitters and Injectors Media Converters Transceivers SFP+ Cables Rackmount Chassis | 2 years |
| Outdoor Business Class | Outdoor APs(EAP-Outdoor device), Business Wireless/Pharos WISP Long Range Wireless/Outdoor CPE | 2 years |
| Discontinued Business Class | Check TP-Link Website | 5 years |

**\*Note:**

1. Only metal case network switch is a limited lifetime warranty, network switch with the plastic case is 2 years;

2. Only Indoor OMADA EAP is a limited lifetime warranty, Outdoor EAP is 2 years.

Click here to determine what category your product is in.

**\*Limited Lifetime Warranty:**



Chat Now

B:  Limited lifetime warranties only apply to the original purchaser and do not transfer.

C:  Warranties on products that are discontinued will be limited to a period of (5) years from the end of sale date.

D:  Only the product and its internal parts are covered under the limited lifetime warranty.  External parts such as external power supplies, modules and other accessories may be covered under separate warranties.  Please refer to TP-Link business-class accessories for more information.

## Replacement Procedure

If the product(s) are found to be defective and is still covered under the TP-Link replacement policy, the customer may have a replacement processed by following the steps listed below:

| register | • Register the product at https://myproducts.tp-link.com |
|---|---|
| contact us | • Contact TP-Link support; Home Products 866-225-8139, Business Products 844-287-4762<br>• TP-Link support will assist in troubleshooting the issues.<br>• If it is determined a replacement is needed and the product is within warranty, a RMA will be authorized. |
| Request and replacement | • Return to the TP-Link Warranty Portal to complete the RMA request form<br>• Customers will be able to choose Standard, Advanced Basic, Advanced 2-day, and Advanced Next-day shipping<br>• For any advanced shipping option, an additonal fee will be applied |
| Shipping and returns | • For Standard RMA, the customer is required to return the defective unit before TP-Link will ship the replacement<br>• For Advanced RMA, TP-Link will ship the replacement based on the chosen shipping method.  TP-Link will also provide a pre-paid return label for the customer to return the defective unit. |

Click here to view the detailed **TP-Link RMA Process**

**Please Note:**

- TP-Link USA may reject or return product(s) returned without accessories or an assigned case number.

- If proof of purchase can't be provided, a warranty period start date may be assigned by TP-Link.

- The three digits that make up the second to fourth digits of the Serial Number (SN) represent the manufacturing date (year and month). For example, a product with SN: 2171XXXXXXXXX, "171" represents the year of 2017 (17) and month of January (1). "17A" represents the year of 2017 (17) and month of October (A). (B) represents the month of November and (C) represents the month of December. The warranty period ends on the last day of the corresponding month. Note: For products manufactured before 2014, the first three digits of the Serial Number (SN) represent the manufacturing date (year and month), for example SN: 14AXXXXXXXXX.

- Customers who choose Advanced RMA will receive a pre-paid return label with the replacement to ship the defective product back to TP-Link USA Customer Service Center. Customers who choose Standard RMA are responsible for the shipping fee associated with returning of the defective product(s) to TP-Link USA Customer Service Center.


Chat Now

product has shipped.

- TP-Link USA is not responsible for any damages that may occur during shipping.

- TP-Link USA has no obligation to replace any products that are no longer covered under warranty. If TP-Link USA, in its sole and absolute discretion, chooses to replace your product that is not covered by warranty, TP-Link USA may charge a service fee.

Appendix:

1. The limited warranty stated above is only valid for products sold in the U.S. by TP-Link USA or its authorized resellers. Any additional warranty service agreed upon during purchase shall only be effective based on a contract signed by TP-Link USA. Advanced shipping options are only available in the contiguous 48 states.

2. None of any warranty service made by a distributor is covered by this warranty policy, and TP-Link USA shall not be held liable. In order to receive any benefits from the distributor's warranty and/or other policies, please keep any documents obtained during the purchase.

3. No employee or representative of TP-Link USA or its affiliates or any third party is authorized to make any modification, extension or addition to this warranty policy. If any term of this warranty policy is held to be illegal or unenforceable, the remaining terms of this warranty policy will remain in full force and effect.

4. TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, THE LIMITED WARRANTY WRITTEN ABOVE IS THE ONLY EXPRESS WARRANTY TP-LINK USA PROVIDES FOR THE APPLICABLE TP-LINK PRODUCTS, AND THE ABOVE REMEDY IS YOUR SOLE REMEDY. TP-LINK USA EXPRESSLY DISCLAIMS ALL OTHER WARRANTIES AND CONDITIONS OF ANY KIND, WHETHER STATUTORY OR IMPLIED, ARISING FROM COURSE OF CONDUCT OR OTHERWISE, REGARDING THE APPLICABLE TP-LINK PRODUCTS, EXCEPT THAT ANY IMPLIED WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, AND NON-INFRINGEMENT ARE LIMITED IN DURATION TO THE APPLICABLE WARRANTY PERIOD STATED ABOVE. CUSTOMER ASSUMES ALL RISK WHATSOEVER AS TO THE RESULT OF THE USE OF THE PRODUCTS PURCHASED, WHETHER USED SINGULARLY OR IN COMBINATION WITH ANY OTHER PRODUCTS OR SUBSTANCES.

5. YOU EXPRESSLY UNDERSTAND AND AGREE THAT, TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, TP-LINK USA AND ITS SUBSIDIARIES AND AFFILIATES (COLLECTIVELY, "TP-LINK PARTIES") SHALL NOT BE LIABLE TO YOU UNDER ANY THEORY OF LIABILITY (WHETHER CONTRACT, TORT (INCLUDING NEGLIGENCE) OR FAILURE OF ANY WARRANTY OR OTHERWISE) FOR ANY INDIRECT, INCIDENTAL, SPECIAL, CONSEQUENTIAL, OR EXEMPLARY DAMAGES THAT MAY BE INCURRED BY YOU IN CONNECTION WITH ANY TP-LINK PRODUCTS OR THESE TERMS, INCLUDING ANY LOSS OF DATA, WHETHER OR NOT A TP-LINK USA PARTY OR ITS REPRESENTATIVES HAVE BEEN ADVISED OF OR SHOULD HAVE BEEN AWARE OF THE POSSIBILITY OF ANY SUCH LOSSES ARISING.

6. SOME STATES DO NOT ALLOW LIMITATIONS ON HOW LONG AN IMPLIED WARRANTY LASTS, OR THE EXCLUSION OR LIMITATION OF INCIDENTAL OR CONSEQUENTIAL DAMAGES, SO THE ABOVE LIMITATION OR EXCLUSION MAY NOT APPLY TO YOU.

**Remarks:** TP-Link USA reserves the right, at its sole discretion, to interpret, modify and amend this warranty policy at any time.



Chat Now

TP-Link Product Support & Replacement and Warranty

# Subscribe ⓘ

Be The First To Get Exclusive Deals & News

| Email Address | Subscribe |

## Let's Connect

    

| About Us | Press | Partners | Learning Center | Promotions |
|---|---|---|---|---|
| Corporate Profile | News | Partner Program | | |
| Contact Us | Blog | Training & Certifications | | |
| Careers at TP-Link | Security Advisory | Deal Registration | | |
| Privacy Policy | Awards | | | |

🌐 United States / English

Copyright © 2022 TP-Link Corporation Limited. All rights reserved.



Chat Now

# EXHIBIT S

RANDOLPH GAW (S.B. #223718)
  rgaw@gawpoe.com
MARK POE (S.B. #223714)
  mpoe@gawpoe.com
VICTOR MENG (S.B. #254102)
  vmeng@gawpoe.com
GAW | POE LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

MARK SCHLACHET (*pro hac vice*)
  markschlachet@me.com
43 West 43d Street, Suite 220
New York, New York 10036
Telephone: (216) 225-7559
Facsimile: (216) 932-5390

Attorneys for Plaintiff
Thimes Solutions Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

THIMES SOLUTIONS INC.

                    Plaintiffs,

          v.

TP-LINK USA CORPORATION,
and AUCTION BROTHERS, INC.
d/b/a AMAZZIA

                    Defendant.

Case No. 2:19-cv-10374-SB-E

**THIMES SOLUTIONS INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT TP-LINK USA CORPORATION'S FIRST SET OF REQUESTS FOR ADMISSION**

PROPOUNDING PARTY:      Defendant TP-Link USA Corporation

RESPONDING PARTY:       Plaintiff Thimes Solutions Inc.

SET NO.:                One

Pursuant to Rules 36 and 34 of the Federal Rules of Civil Procedure, Thimes Solutions Inc. hereby objects and responds to TP-Link USA Corporation's Requests for Admission to Thimes Solutions Inc., Set One, served on June 27, 2022.

**PRELIMINARY STATEMENT**

1.  Plaintiff objects to the Requests and to each definition, instruction, and Request therein to the extent they purport to impose on Plaintiff obligations that differ from or exceed those of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District of California, or any order or ruling by the Court in this action. Plaintiff will respond to the Requests and produce documents in conformity with applicable rules and orders and not necessarily in accordance with the instructions, definitions, or other statements in the Requests.

2.  Plaintiff's responses are made without conceding the relevance of any information provided.  Plaintiff reserves the right to object on any ground to the admission of the Requests or any information produced in response to the Requests.

3.  Plaintiff's responses are not intended to be, and should not be construed as agreement or concurrence with any characterization of the facts, circumstances, or legal arguments contained in the Requests.  Plaintiff reserves the right to contest such characterizations.  Plaintiff also objects to the Requests to the extent they contain express or implied assumptions of fact or law with respect to matters at issue in this litigation.  Any answer by Plaintiff is not an admission that any factual or legal predicate stated in the Requests is accurate.

4.  These General Objections are incorporated into Plaintiff's response to each Request. To the extent that Plaintiff responds to any Request covered by these General Objections and any specific objections, Plaintiff's response is without waiver of those objections.

THIMES RESPONSE TO
TP-LINK FIRST RFA
CASE NO. 2:19-CV-10374-SB-E

## RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that THIMES has never been an "authorized distributor"—as that phrase is used in paragraph 3 of YOUR 5AC—of TP-LINK products.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Plaintiff objects to the definition of "YOUR" and "THIMES" as overbroad, and interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows:  Admit that Plaintiff did not enter into any agreements with TP-Link USA Corporation concerning distribution of TP-Link branded wireless router products. Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 2:**

Admit that TP-LINK never communicated to THIMES that it was an authorized distributor of TP-LINK products.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Plaintiff objects to the definition of "THIMES" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows:  Admit that Plaintiff did not enter into any agreements with TP-Link USA Corporation concerning distribution of TP-Link branded wireless router products. Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 3:**

Admit that TP-LINK never communicated to THIMES that it was authorized to sell TP-LINK products.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Plaintiff objects to the definition of "THIMES" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows:  Admit that Plaintiff did not enter into any agreements with TP-Link USA Corporation concerning distribution of TP-Link branded wireless router products. Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 4:**

Admit that before THIMES started selling TP-LINK products, THIMES was aware that it was not an "authorized distributor"—as that phrase is used in paragraph 3 of YOUR 5AC—of TP-LINK products.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Plaintiff objects to the definition of "YOUR" and "THIMES" as overbroad, and interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows:  Admit that Plaintiff did not enter into any agreements with TP-Link USA Corporation concerning distribution of TP-Link branded wireless router products. Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 5:**

Admit that before THIMES started selling TP-LINK products, THIMES was *not* aware that it was not an "authorized distributor"—as that phrase is used in paragraph 3 of YOUR 5AC—of TP-LINK products.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Plaintiff objects to the definition of "YOUR" and "THIMES" as overbroad, and interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales. Plaintiff further objects that Request's use of the double negative makes it ambiguous and unintelligible.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:  Admit that Plaintiff did not enter into any agreements with TP-Link USA Corporation concerning distribution of TP-Link branded wireless router products. Unless expressly admitted, Plaintiff denies this Request for Admission.

1    **REQUEST FOR ADMISSION NO. 6:**

2          Admit that THIMES was "not specifically authorized under any

3    distributorship agreement (or similar agreement) by TP-Link to purchase TP-Link

4    products directly from TP-Link and thereafter resell such products," as alleged in

5    paragraph 36 of YOUR 5AC.

6    **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

7          Plaintiff objects to the definition of "YOUR" and "THIMES" as overbroad,

8    and interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

9          Subject to and without waiving the foregoing objection, Plaintiff responds as

10   follows:  Admit that Plaintiff did not enter into any agreements with TP-Link USA

11   Corporation concerning distribution of TP-Link branded wireless router products.

12   Unless expressly admitted, Plaintiff denies this Request for Admission.

13   **REQUEST FOR ADMISSION NO. 7:**

14         Admit that THIMES has never had any agreement with TP-LINK.

15   **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

16         Plaintiff objects to the definition of "THIMES" as overbroad, and interprets it

17   to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.  Plaintiff further

18   objects to this Request to the extent it calls for a legal conclusion.

19         Subject to and without waiving the foregoing objections, Plaintiff responds as

20   follows:  Admit that Plaintiff did not enter into any agreements with TP-Link USA

21   Corporation concerning distribution of TP-Link branded wireless router products.

22   Unless expressly admitted, Plaintiff denies this Request for Admission.

23   **REQUEST FOR ADMISSION NO. 8:**

24         Admit that THIMES has never entered into any contract with TP-LINK.

25   **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

26         Plaintiff objects to the definition of "THIMES" as overbroad, and interprets it

27   to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.  Plaintiff further

28   objects to this Request to the extent it calls for a legal conclusion.

1    Subject to and without waiving the foregoing objections, Plaintiff responds as

2    follows:  Admit that Plaintiff did not enter into any agreements with TP-Link USA

3    Corporation concerning distribution of TP-Link branded wireless router products.

4    Unless expressly admitted, Plaintiff denies this Request for Admission.

5    **REQUEST FOR ADMISSION NO. 9:**

6    Admit that before THIMES started selling TP-LINK products, it reviewed

7    TP-LINK's "Warranty & RMA Policy."

8    **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

9    Plaintiff objects to the definition of "THIMES" as overbroad, and interprets it

10   to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.  Plaintiff further

11   objects to the term "TP-LINK's 'Warranty & RMA Policy'" as vague and

12   ambiguous.

13   Subject to and without waiving the foregoing objections, Plaintiff responds as

14   follows:  Deny.

15   **REQUEST FOR ADMISSION NO. 10:**

16   Admit that before THIMES started selling TP-LINK products, it *did not*

17   review TP-LINK's "Warranty & RMA Policy."

18   **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

19   Plaintiff objects to the definition of "THIMES" as overbroad, and interprets it

20   to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.  Plaintiff further

21   objects to the term "TP-LINK's 'Warranty & RMA Policy'" as vague and

22   ambiguous.

23   Subject to and without waiving the foregoing objections, Plaintiff responds as

24   follows:  Admit that Plaintiff did not review any document entitled "Warranty &

25   RMA Policy" before Plaintiff began selling TP Link branded wireless router

26   products on the Amazon Marketplace.  Unless expressly admitted, Plaintiff denies

27   this Request for Admission.

28

THIMES RESPONSE TO
TP-LINK FIRST RFA
CASE NO. 2:19-CV-10374-SB-E

1   **REQUEST FOR ADMISSION NO. 11:**

2       Admit that TP-LINK's "Warranty & RMA Policy," available at

3   https://www.tp-link.com/us/support/replacement-warranty/, states: "The limited

4   warranty does not apply to refurbished products or products that were resold by

5   unauthorized resellers."

6   **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

7       Subject to and without waiving the Preliminary Statement, Plaintiff responds

8   as follows:  Admit that the web page available at the URL listed in the request

9   contains the sentence quoted in the Request.  Unless expressly admitted, Plaintiff

10  denies this Request for Admission.

11  **REQUEST FOR ADMISSION NO. 12:**

12      Admit that for each TP-LINK product THIMES sold, THIMES determined

13  whether its customers were eligible for TP-LINK's warranty coverage.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

15      Plaintiff objects to the definition of "THIMES" as overbroad, and interprets it

16  to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.  Plaintiff further

17  objects to the Request to the extent it seeks a response on a disputed conclusion of

18  law.

19      Subject to and without waiving the foregoing objections, Plaintiff responds as

20  follows:  Deny.

21  **REQUEST FOR ADMISSION NO. 13:**

22      Admit that for each TP-LINK product THIMES sold, THIMES *did not*

23  determine whether its customers were eligible for TP-LINK's warranty coverage.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

25      Plaintiff objects to the definition of "THIMES" as overbroad, and interprets it

26  to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.  Plaintiff further

27  objects to the Request to the extent it seeks a response on a disputed conclusion of

28  law.

THIMES RESPONSE TO
TP-LINK FIRST RFA
CASE NO. 2:19-CV-10374-SB-E

1     Subject to and without waiving the foregoing objections, Plaintiff responds as

2   follows:  Admit that Plaintiff did not determine, on an individual transactional basis,

3   whether each customer that purchased TP-Link branded wireless router products

4   from Plaintiff on the Amazon Marketplace was "eligible for TP-Link's warranty

5   coverage."  Unless expressly admitted, Plaintiff denies this Request for Admission.

6   **REQUEST FOR ADMISSION NO. 14:**

7     Admit that for each TP-LINK product THIMES sold, THIMES reviewed all

8   written materials included in the packaging.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

10     Plaintiff objects to the definition of "THIMES" as overbroad, and interprets it

11   to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.  Plaintiff further

12   objects to the term "all written materials included in the packaging" as vague and

13   ambiguous.

14     Subject to and without waiving the foregoing objections, Plaintiff responds as

15   follows:  Deny.

16   **REQUEST FOR ADMISSION NO. 15:**

17     Admit that for each TP-LINK product THIMES sold, THIMES *did not*

18   review all written materials included in the packaging.

19   **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

20     Plaintiff objects to the definition of "THIMES" as overbroad, and interprets it

21   to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.  Plaintiff further

22   objects to the term "all written materials included in the packaging" as vague and

23   ambiguous.

24     Subject to and without waiving the foregoing objections, Plaintiff responds as

25   follows:  Admit that Plaintiff did not open the packaging of the TP-Link branded

26   wireless router products it offered for sale on the Amazon Marketplace.  Unless

27   expressly admitted, Plaintiff denies this Request for Admission.

28

**REQUEST FOR ADMISSION NO. 16:**

Admit that THIMES's agreement with Amazon does not mention TP-LINK.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Plaintiff objects to the definition of "THIMES" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.  Plaintiff further objects to the term "Thimes's agreement with Amazon" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:  Admit that Plaintiff's agreement with Amazon does not contain the term "TP-Link USA Corporation."  Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 17:**

Admit that THIMES's listings of TP-LINK products used the TP-LINK® MARK.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Plaintiff objects to the definition of "THIMES" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.  Plaintiff further objects to the term "listings … used the TP-Link mark" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:  Admit that Plaintiff only offered for sale on the Amazon Marketplace authentic TP-Link branded wireless router products in their unopened, original manufacturer's packaging.  Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 18:**

Admit that THIMES's listings of TP-LINK products *did not* use the TP-LINK® MARK.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Plaintiff objects to the definition of "THIMES" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.  Plaintiff further

1    objects to the term "listings … used the TP-Link mark" as vague and ambiguous.

2    Subject to and without waiving the foregoing objections, Plaintiff responds as

3    follows:  Admit that Plaintiff only offered for sale on the Amazon Marketplace

4    authentic TP-Link branded wireless router products in their unopened, original

5    manufacturer's packaging.  Unless expressly admitted, Plaintiff denies this Request

6    for Admission.

7    **REQUEST FOR ADMISSION NO. 19:**

8    Admit that THIMES's listings of TP-LINK products *did not* describe TP-

9    LINK's warranty policy.

10   **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

11   Plaintiff objects to the definition of "THIMES" as overbroad, and interprets it

12   to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.  Plaintiff further

13   objects to the terms "listings of TP-Link products" and "describe TP-Link's

14   warranty policy" as vague and ambiguous.

15   Subject to and without waiving the foregoing objections, Plaintiff responds as

16   follows:  Admit that Plaintiff offered for sale on the Amazon Marketplace authentic

17   TP-Link branded wireless router products in their unopened, original manufacturer's

18   packaging.  Unless expressly admitted, Plaintiff denies this Request for Admission.

19   **REQUEST FOR ADMISSION NO. 20:**

20   Admit that THIMES's listings of TP-LINK products described TP-LINK's

21   warranty policy.

22   **RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

23   Plaintiff objects to the definition of "THIMES" as overbroad, and interprets it

24   to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.  Plaintiff further

25   objects to the terms "listings of TP-Link products" and "described TP-Link's

26   warranty policy" as vague and ambiguous.

27   Subject to and without waiving the foregoing objections, Plaintiff responds as

28   follows:  Admit that Plaintiff offered for sale on the Amazon Marketplace authentic

THIMES RESPONSE TO
TP-LINK FIRST RFA
CASE NO. 2:19-CV-10374-SB-E

TP-Link branded wireless router products in their unopened, original manufacturer's packaging.  Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 21:**

Admit that THIMES never sent any of its customers a communication describing TP-LINK's warranty policy.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Plaintiff objects to the definition of "THIMES" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.  Plaintiff further objects to the term "a communication describing TP-Link's warranty policy" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:  Admit that Plaintiff offered for sale on the Amazon Marketplace authentic TP-Link branded wireless router products in their unopened, original manufacturer's packaging.  Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 22:**

Admit that THIMES was an "unauthorized seller" of TP-LINK products in "the commonly-understood sense," as alleged in paragraph 36 of YOUR 5AC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Plaintiff objects to the definition of "THIMES" and "YOUR" as overbroad, and interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows:  Admit that Plaintiff did not enter into any agreements with TP-Link USA Corporation concerning distribution of TP-Link branded wireless router products.  Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 23:**

Admit that THIMES did not communicate to its customers that THIMES was an "unauthorized seller" of TP-LINK products in "the commonly-understood sense."

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

2        Plaintiff objects to the definition of "THIMES" as overbroad, and interprets it

3    to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

4        Subject to and without waiving the foregoing objection, Plaintiff responds as

5    follows:  Admit that Plaintiff did not enter into any agreements with TP-Link USA

6    Corporation concerning distribution of TP-Link branded wireless router products.

7    Unless expressly admitted, Plaintiff denies this Request for Admission.

8    **REQUEST FOR ADMISSION NO. 24:**

9        Admit that THIMES did not communicate to its customers that THIMES

10   would provide any warranty independent of TP-LINK's manufacturer's warranty.

11   **RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

12       Plaintiff objects to the definition of "THIMES" as overbroad, and interprets it

13   to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.  Plaintiff further

14   objects to the term "warranty independent of TP-LINK's manufacturer's warranty"

15   as vague and ambiguous.

16       Subject to and without waiving the foregoing objections, Plaintiff responds as

17   follows:  Admit that Plaintiff offered for sale on the Amazon Marketplace authentic

18   TP-Link branded wireless router products in their unopened, original manufacturer's

19   packaging.  Unless expressly admitted, Plaintiff denies this Request for Admission.

20   **REQUEST FOR ADMISSION NO. 25:**

21       Admit that THIMES did not sell any products to Amazon.com Services

22   LLC.

23   **RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

24       Plaintiff objects to the definition of "THIMES" as overbroad, and interprets it

25   to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

26       Subject to and without waiving the foregoing objection, Plaintiff responds as

27   follows:  Admit.

28

THIMES RESPONSE TO
TP-LINK FIRST RFA
CASE NO. 2:19-CV-10374-SB-E

1    **REQUEST FOR ADMISSION NO. 26:**

2        Admit that THIMES did not sell any TP-LINK products to Amazon.com

3    Services LLC.

4    **RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

5        Plaintiff objects to the definition of "THIMES" as overbroad, and interprets it

6    to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

7        Subject to and without waiving the foregoing objection, Plaintiff responds as

8    follows:  Admit.

9    **REQUEST FOR ADMISSION NO. 27:**

10       Admit that THIMES does not have any document reflecting any sale by

11   THIMES in which Amazon.com Services LLC is identified as the purchaser.

12   **RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

13       Plaintiff objects to the definition of "THIMES" as overbroad, and interprets it

14   to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.  Plaintiff further

15   objects to the term "identified as the purchaser" as vague and ambiguous.

16       Subject to and without waiving the foregoing objection, Plaintiff responds as

17   follows:  Admit that Plaintiff did not sell any products to Amazon.com Services

18   LLC.  Unless expressly admitted, Plaintiff denies this Request for Admission.

19   **REQUEST FOR ADMISSION NO. 28:**

20       Admit that Amazon.com Services LLC is not THIMES's customer.

21   **RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

22       Plaintiff objects to the definition of "THIMES" as overbroad, and interprets it

23   to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.  Plaintiff further

24   objects to the term "is not Thimes's customer" as vague and ambiguous.

25       Subject to and without waiving the foregoing objection, Plaintiff responds as

26   follows:  Plaintiff has made a good faith, reasonable inquiry and that the information

27   it knows or can readily obtain is insufficient to enable it to admit or deny.

28

**REQUEST FOR ADMISSION NO. 29:**

Admit that THIMES did not sell any products to Amazon.com, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

Plaintiff objects to the definition of "THIMES" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows:  Plaintiff has made a good faith, reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

**REQUEST FOR ADMISSION NO. 30:**

Admit that THIMES did not sell any TP-LINK products to Amazon.com, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

Plaintiff objects to the definition of "THIMES" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows:  Admit.

**REQUEST FOR ADMISSION NO. 31:**

Admit that THIMES does not have any document reflecting any sale by THIMES in which Amazon.com, Inc. is identified as the purchaser.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

Plaintiff objects to the definition of "THIMES" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.  Plaintiff further objects to the term "identified as the purchaser" as vague and ambiguous.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows:  Plaintiff has made a good faith, reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

**REQUEST FOR ADMISSION NO. 32:**

Admit that Amazon.com, Inc. is not THIMES's customer.

1

**RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

2       Plaintiff objects to the definition of "THIMES" as overbroad, and interprets it

3  to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.  Plaintiff further

4  objects to the term "is not Thimes's customer" as vague and ambiguous.

5       Subject to and without waiving the foregoing objection, Plaintiff responds as

6  follows:  Plaintiff has made a good faith, reasonable inquiry and that the information

7  it knows or can readily obtain is insufficient to enable it to admit or deny.

8  **REQUEST FOR ADMISSION NO. 33:**

9       Admit that THIMES considered itself a "Gray Market seller[]"—as that

10  phrase is used in paragraph 37 of YOUR 5AC—of TP-LINK products.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

12       Plaintiff objects to the definition of "THIMES" and "YOUR" as overbroad,

13  and interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

14       Subject to and without waiving the foregoing objection, Plaintiff responds as

15  follows:  Admit that Plaintiff purchased authentic TP-Link branded wireless router

16  products for resale on the Amazon Marketplace.  Unless expressly admitted,

17  Plaintiff denies this Request for Admission.

18  **REQUEST FOR ADMISSION NO. 34:**

19       Admit that THIMES is not in possession of any "Amazon polic[y]" that

20  authorizes "Gray Market sellers," as those phrases are used in paragraph 37 of

21  YOUR 5AC.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

23       Plaintiff objects to the definition of "THIMES" and "YOUR" as overbroad,

24  and interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

25  Plaintiff further objects to the term "in possession of any 'Amazon polic[y]'" as

26  ambiguous and unintelligible.

27

28

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Admit that Plaintiff does not have paper copies of any Amazon policy. Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 35:**

Admit there is no "Amazon polic[y]" that authorizes "Gray Market sellers," as those phrases are used in paragraph 37 of YOUR 5AC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

Plaintiff objects to the definition of "THIMES" and "YOUR" as overbroad, and interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales. Plaintiff further objects to this Request to the extent is calls for a legal conclusion.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 36:**

Admit there is no "Amazon polic[y]" that authorizes "Gray Market sellers" to infringe intellectual property rights.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

Plaintiff objects to this Request to the extent it calls for a legal conclusion. Plaintiff further objects to the term "infringe intellectual property rights" as vague and ambiguous. Plaintiff further objects to this Request to the extent is calls for a legal conclusion.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Admit that Plaintiff is not aware of any Amazon policy that expressly permits sellers on the Amazon Marketplace "to infringe intellectual property rights." Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 37:**

Admit that Claim I of YOUR 5AC is not based on any statement to any of THIMES's customers.

**RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.  Plaintiff further objects to the term "any statement to any of Thimes's customers" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:  Plaintiff has made a good faith, reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

**REQUEST FOR ADMISSION NO. 38:**

Admit that Claim II of YOUR 5AC is not based on any statement to any of THIMES's customers.

**RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.  Plaintiff further objects to the term "any statement to any of Thimes's customers" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:  Plaintiff has made a good faith, reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

**REQUEST FOR ADMISSION NO. 39:**

Admit that each communication THIMES alleges is actionable in this case included the phrase: "I have a good faith belief that the content(s) described above violate(s) my rights described above or those held by the rights owner, and that use of such content(s) is contrary to law," as alleged in Paragraph 47 of YOUR 5AC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

Plaintiff objects to the definition of "THIMES" and "YOUR" as overbroad, and interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows:  Plaintiff has made a good-faith, reasonable inquiry and the information it knows or can readily obtain is insufficient to enable it to admit or deny.

1  **REQUEST FOR ADMISSION NO. 40:**

2      Admit that all intellectual property complaints in this case were submitted to

3  Amazon using the link found in footnote 14 of YOUR 5AC:

4  https://www.amazon.com/gp/help/reports/infringement.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

6      Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to

7  mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

8      Subject to and without waiving the foregoing objection, Plaintiff responds as

9  follows:  Plaintiff has made a good-faith, reasonable inquiry and the information it

10 knows or can readily obtain is insufficient to enable it to admit or deny.

11 **REQUEST FOR ADMISSION NO. 41:**

12     Admit that all intellectual property complaints in this case were *not*

13 submitted to Amazon using the link found in footnote 14 of YOUR 5AC:

14 https://www.amazon.com/gp/help/reports/infringement.

15 **RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

16     Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to

17 mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

18     Subject to and without waiving the foregoing objection, Plaintiff responds as

19 follows:  Plaintiff has made a good-faith, reasonable inquiry and the information it

20 knows or can readily obtain is insufficient to enable it to admit or deny.

21 **REQUEST FOR ADMISSION NO. 42:**

22     Admit that THIMES continued to sell products online after, as alleged,

23 "Plaintiff's permanent expulsion (without appeal rights) from the Amazon

24 Marketplace on August 27, 2018."

25 **RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

26     Plaintiff objects to the definition of "THIMES" as overbroad, and interprets it

27 to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

28

THIMES RESPONSE TO
TP-LINK FIRST RFA
CASE NO. 2:19-CV-10374-SB-E

Subject to and without waiving the foregoing objection, Plaintiff responds as follows:  Admit that Plaintiff continued attempting to sell products on online marketplaces after Amazon permanently expelled Plaintiff from the Amazon Marketplace as a result of TP-Link USA Corporation and Auction Brothers d/b/a Amazzia's repeated submissions of counterfeiting complaints to Amazon.  Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 43:**

Admit that "Amazon's algorithmic surveil" was a cause of THIMES's "permanent expulsion (without appeal rights) from the Amazon Marketplace on August 27, 2018," as alleged in Paragraph 46 of YOUR 5AC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

Plaintiff objects to the definition of "THIMES" and "YOUR" as overbroad, and interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales. Plaintiff further objects to this Request to the extent it calls for a legal conclusion.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 44:**

Admit THIMES does not know "Amazon's algorithmic surveil," as alleged in Paragraph 46 of YOUR 5AC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

Plaintiff objects to the definition of "THIMES" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.  Plaintiff further objects to the term "know 'Amazon's algorithmic surveil" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 45:**

Admit that the "reputable supplier" of the "360 TP-Link AC5400 Routers" referred to in Paragraph 26 of YOUR 5AC was not authorized by TP-LINK to sell

- 18 -

1    TP-Link products.

2    **RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

3         Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to

4    mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.  Plaintiff further objects

5    to this Request to the extent it calls for a legal conclusion.

6         Subject to and without waiving the foregoing objections, Plaintiff responds as

7    follows:  Plaintiff has made a good-faith, reasonable inquiry and the information it

8    knows or can readily obtain is insufficient to enable it to admit or deny.

9    **REQUEST FOR ADMISSION NO. 46:**

10        Admit that the "reputable supplier" of the "360 TP-Link AC5400 Routers"

11   referred to in Paragraph 26 of YOUR 5AC was an "unauthorized seller"—as that

12   phrase is used in Paragraph 36 of YOUR 5AC—of TP-LINK products.

13   **RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

14        Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to

15   mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.  Plaintiff further objects

16   to this Request to the extent it calls for a legal conclusion.

17        Subject to and without waiving the foregoing objections, Plaintiff responds as

18   follows:  Plaintiff has made a good-faith, reasonable inquiry and the information it

19   knows or can readily obtain is insufficient to enable it to admit or deny.

20   **REQUEST FOR ADMISSION NO. 47:**

21        Admit that THIMES never inquired with the "reputable supplier" of the "360

22   TP-Link AC5400 Routers," referred to in Paragraph 26 of YOUR 5AC, as to

23   whether this "reputable supplier" was an "unauthorized seller"—as that phrase is

24   used in Paragraph 36 of YOUR 5AC—of TP-LINK products.

25   **RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

26        Plaintiff objects to the definition of "THIMES" and "YOUR" as overbroad,

27   and interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

28   Plaintiff further objects to this Request to the extent it calls for a legal conclusion.

1    Subject to and without waiving the foregoing objections, Plaintiff responds as

2    follows:  Deny.

3    **REQUEST FOR ADMISSION NO. 48:**

4    Admit that THIMES does not know whether the "reputable supplier" of the

5    "360 TP-Link AC5400 Routers," referred to in Paragraph 26 of YOUR 5AC, was

6    an "unauthorized seller"—as that phrase is used in Paragraph 36 of YOUR FAC—

7    of TP-LINK products.

8    **RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

9    Plaintiff objects to the definition of "THIMES" and "YOUR" as overbroad,

10   and interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

11   Plaintiff further objects to this Request to the extent it calls for a legal conclusion.

12   Subject to and without waiving the foregoing objections, Plaintiff responds as

13   follows:  Admit that Plaintiff does not know whether The Surplus Company entered

14   into any agreements with TP-Link USA Corporation concerning distribution of TP-

15   Link branded wireless router products.  Unless expressly admitted, Plaintiff denies

16   this Request for Admission.

17   **REQUEST FOR ADMISSION NO. 49:**

18   Admit that THIMES used "Fulfillment by Amazon" for all its goods sold on

19   Amazon.com.

20   **RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

21   Plaintiff objects to the definition of "THIMES" and "YOUR" as overbroad,

22   and interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

23   Subject to and without waiving the foregoing objection, Plaintiff responds as

24   follows:  Admit that Plaintiff used "Fulfillment by Amazon" to fulfill orders placed

25   by customers that purchased goods from Plaintiff on the Amazon Marketplace.

26   Unless expressly admitted, Plaintiff denies this Request for Admission.

27   **REQUEST FOR ADMISSION NO. 50:**

28   Admit that THIMES used "Fulfillment by Amazon" for all TP-LINK

- 20 -

1    products that it sold on Amazon.com.

2    **RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

3         Plaintiff objects to the definition of "THIMES" and "YOUR" as overbroad,

4    and interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

5         Subject to and without waiving the foregoing objection, Plaintiff responds as

6    follows:  Admit that Plaintiff used "Fulfillment by Amazon" to fulfill orders placed

7    by customers that purchased TP-Link branded wireless router products from

8    Plaintiff on the Amazon Marketplace.  Unless expressly admitted, Plaintiff denies

9    this Request for Admission.

10   **REQUEST FOR ADMISSION NO. 51:**

11        Admit that THIMES did not provide notice to purchasers that the TP-LINK

12   products it sold would not convey with the original manufacturer's warranty.

13   **RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

14        Plaintiff objects to the definition of "THIMES" and "YOUR" as overbroad,

15   and interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

16   Plaintiff further objects to the term "notice to purchasers" as vague and ambiguous.

17   Plaintiff further objects to this Request to the extent it assumes a disputed

18   conclusion of law.

19        Subject to and without waiving the foregoing objections, Plaintiff responds as

20   follows:  Admit that Plaintiff did not inform its customers that the authentic, factory-

21   sealed TP-Link branded wireless router products the customers purchased from

22   Plaintiff on the Amazon Marketplace did not carry the original manufacturer's

23   warranty.  Unless expressly admitted, Plaintiff denies this Request for Admission.

24   **REQUEST FOR ADMISSION NO. 52:**

25        Admit that THIMES did not provide notice to potential purchasers that the

26   TP-LINK products it sold would not convey with the original manufacturer's

27   warranty.

28

**RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

Plaintiff objects to the definition of "THIMES" and "YOUR" as overbroad, and interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales. Plaintiff further objects to the term "notice to purchasers" as vague and ambiguous. Plaintiff further objects to this Request to the extent it assumes a disputed conclusion of law.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:  Admit that Plaintiff did not inform its customers that the authentic, factory-sealed TP-Link branded wireless router products the customers purchased from Plaintiff on the Amazon Marketplace did not carry the original manufacturer's warranty.  Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 53:**

Admit that there were more than 29 "complaints," as that term is used by YOU in Paragraph 58 of YOUR 5AC, as a third-party seller on AMAZON.

**RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

Plaintiff objects to the definition of "YOU" and "YOUR" as overbroad, and interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales. Plaintiff further objects to this Request as unintelligible.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:  Deny, on the basis that the Request is an incomplete sentence and unintelligible.

**REQUEST FOR ADMISSION NO. 54:**

Admit that Thimes has sold models of TP-LINK products other than the A5400 Routers identified in Paragraph 46 of YOUR 5AC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

1   Subject to and without waiving the foregoing objection, Plaintiff responds as
2   follows:  Admit.

3   **REQUEST FOR ADMISSION NO. 55:**

4   Admit that Thimes sold at least nine different ASINs of TP-LINK products.

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

6   Plaintiff objects to the term "ASIN" as vague and ambiguous, and interprets it
7   to mean Amazon Standard Identification Number.

8   Subject to and without waiving the foregoing objection, Plaintiff responds as
9   follows:  Admit.

10  **REQUEST FOR ADMISSION NO. 56:**

11  Admit that THIMES did not seek reinstatement of its Amazon.com Services
12  LLC account after August 27, 2018.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

14  Plaintiff objects to the definition of "THIMES" as overbroad, and interprets it
15  to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.  Plaintiff further
16  objects to the term "seek reinstatement" as vague and ambiguous.

17  Subject to and without waiving the foregoing objections, Plaintiff responds as
18  follows:  Deny.

19  **REQUEST FOR ADMISSION NO. 57:**

20  Admit that THIMES was not provided a reason for its expulsion from the
21  Amazon Marketplace on August 27, 2018.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

23  Plaintiff objects to the definition of "THIMES" as overbroad, and interprets it
24  to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

25  Subject to and without waiving the foregoing objection, Plaintiff responds as
26  follows:  Admit that the email Amazon sent to Plaintiff on August 27, 2018 at 11:22
27  am did not state why Amazon "decided that [Plaintiff] may no longer sell on

28

- 23 -

1  Amazon.com."  Unless expressly admitted, Plaintiff denies this Request for
2  Admission.
3  **REQUEST FOR ADMISSION NO. 58:**
4     Admit that THIMES sold products other than TP-LINK products on
5  Amazon.com.
6  **RESPONSE TO REQUEST FOR ADMISSION NO. 58:**
7     Plaintiff objects to the definition of "THIMES" as overbroad, and interprets it
8  to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.
9     Subject to and without waiving the foregoing objection, Plaintiff responds as
10 follows:  Admit that Plaintiff sold products manufactured by companies other than
11 TP-Link USA Corporation on the Amazon Marketplace.  Unless expressly admitted,
12 Plaintiff denies this Request for Admission.
13 **REQUEST FOR ADMISSION NO. 59:**
14    Admit that THIMES was an "unauthorized seller [] in the commonly-
15 understood sense" for non-TP-LINK products that it sold on Amazon.com.
16 **RESPONSE TO REQUEST FOR ADMISSION NO. 59:**
17    Plaintiff objects to the definition of "THIMES" as overbroad, and interprets it
18 to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.
19    Subject to and without waiving the foregoing objection, Plaintiff responds as
20 follows:  Denied.
21 **REQUEST FOR ADMISSION NO. 60:**
22    Admit that companies other than TP-LINK have complained to Amazon
23 about THIMES's sale of products without authorization.
24 **RESPONSE TO REQUEST FOR ADMISSION NO. 60:**
25    Plaintiff objects to the definition of "THIMES" as overbroad, and interprets it
26 to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.  Plaintiff further
27 objects to the terms "complained to Amazon" and "sale of products without
28 authorization" as vague and ambiguous.

- 24 -

1    Subject to and without waiving the foregoing objection, Plaintiff responds as

2    follows:  Deny.

3    **REQUEST FOR ADMISSION NO. 61:**

4    Admit that companies other than TP-LINK have complained to Amazon

5    about THIMES's sale of products.

6    **RESPONSE TO REQUEST FOR ADMISSION NO. 61:**

7    Plaintiff objects to the definition of "THIMES" as overbroad, and interprets it

8    to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.  Plaintiff further

9    objects to the terms "complained to Amazon" and "sale of products" as vague and

10   ambiguous.

11   Subject to and without waiving the foregoing objection, Plaintiff responds as

12   follows:  Admit that Plaintiff received emails from Amazon regarding complaints

13   from True Touch on January 13, 2017, J&L on June 26, 2017, Prevagen on June 21

14   and 23, 2018, and 3PM Solutions on August 22, 2018.  Unless expressly admitted,

15   Plaintiff denies this Request for Admission.

16   **REQUEST FOR ADMISSION NO. 62:**

17   Admit that the Amazon correspondence THIMES received concerning TP-

18   LINK products identified "Trademark asserted: 3175495."

19   **RESPONSE TO REQUEST FOR ADMISSION NO. 62:**

20   Plaintiff objects to the definition of "THIMES" as overbroad, and interprets it

21   to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

22   Subject to and without waiving the foregoing objection, Plaintiff responds as

23   follows:  Admit that Plaintiff received emails from Amazon on March 13, 2018,

24   March 18, 2018, April 5, 2018, April 11, 2018, April 24, 2018, April 25, 2018, April

25   26, 2018, May 28, 2018, May 30, 2018, June 7, 2018, and June 2, 2018, that stated,

26   among other things, "Trademark asserted: 3175495."  Unless expressly admitted,

27   Plaintiff denies this Request for Admission.

28

**REQUEST FOR ADMISSION NO. 63:**

Admit that the Amazon correspondence THIMES received concerning TP-LINK products identified U.S. Trademark Registration No. 3,175,495.

**RESPONSE TO REQUEST FOR ADMISSION NO. 63:**

Plaintiff objects to the definition of "THIMES" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows: Admit that Plaintiff received emails from Amazon on March 13, 2018, March 18, 2018, April 5, 2018, April 11, 2018, April 24, 2018, April 25, 2018, April 26, 2018, May 28, 2018, May 30, 2018, June 7, 2018, and June 2, 2018, that stated, among other things, "Trademark asserted: 3175495." Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 64:**

Admit that "Amazon's warning letter, which recites an earlier IP complaint from TP-Link, was received at 4:33 PM on 19 January 2018," stated in Paragraph 26 of YOUR 5AC, refers to Amazon Complaint ID: 1359628881.

**RESPONSE TO REQUEST FOR ADMISSION NO. 64:**

Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows: Admit that Plaintiff received an email from Amazon on January 19, 2018 that stated, among other things, "Complaint ID: 1359628881." Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 65:**

Admit that THIMES received "Amazon's warning letter" for Amazon Complaint ID: 1359628881.

1

**RESPONSE TO REQUEST FOR ADMISSION NO. 65:**

2

Plaintiff objects to the definition of "THIMES" as overbroad, and interprets it

3

to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

4

Subject to and without waiving the foregoing objection, Plaintiff responds as

5

follows:  Admit that Plaintiff received an email from Amazon on January 19, 2018

6

that stated, among other things, "Complaint ID: 1359628881."  Unless expressly

7

admitted, Plaintiff denies this Request for Admission.

8

**REQUEST FOR ADMISSION NO. 66:**

9

Admit that "Amazon's warning letter" for Complaint ID: 1359628881

10

identified: "Trademark asserted: 3175495."

11

**RESPONSE TO REQUEST FOR ADMISSION NO. 66:**

12

Admit that Plaintiff received an email from Amazon on January 19, 2018 that

13

stated, among other things, "Complaint ID: 1359628881."  Unless expressly

14

admitted, Plaintiff denies this Request for Admission.

15

**REQUEST FOR ADMISSION NO. 67:**

16

Admit that "Amazon's warning letter" for Complaint ID: 1359628881

17

identified U.S. Trademark Registration No. 3,175,495.

18

**RESPONSE TO REQUEST FOR ADMISSION NO. 67:**

19

Admit that Plaintiff received an email from Amazon on January 19, 2018 that

20

stated, among other things, "Complaint ID: 1359628881."  Unless expressly

21

admitted, Plaintiff denies this Request for Admission.

22

**REQUEST FOR ADMISSION NO. 68:**

23

Admit that THIMES received Amazon's "Notice: Policy Warning" for

24

Amazon Complaint ID: 5094926331, attached as Exhibit 8.1 to YOUR 5AC (ECF

25

No. 168-8).

26

**RESPONSE TO REQUEST FOR ADMISSION NO. 68:**

27

Plaintiff objects to the definition of "THIMES" as overbroad, and interprets it

28

to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

THIMES RESPONSE TO
TP-LINK FIRST RFA
CASE NO. 2:19-CV-10374-SB-E

Subject to and without waiving the foregoing objection, Plaintiff responds as follows:  Admit that Plaintiff received the email from Amazon dated May 28, 2018 that was filed in this action as ECF No. 168-8, at 2 of 5.  Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 69:**

Admit that Amazon's "Notice: Policy Warning" for Amazon Complaint ID: 5094926331 identified: "Trademark asserted: 3175495."

**RESPONSE TO REQUEST FOR ADMISSION NO. 69:**

Admit that the email from Amazon dated May 28, 2018 that was filed in this action as ECF No. 168-8, at 2 of 5, stated, among other things, "Trademark asserted: 3175495."  Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 70:**

Admit that THIMES received Amazon's "Notice: Policy Warning" for Amazon Complaint ID: 5100525271, attached as Exhibit 8.2 to the 5AC (ECF No. 168-8).

**RESPONSE TO REQUEST FOR ADMISSION NO. 70:**

Plaintiff objects to the definition of "THIMES" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows:  Admit that Plaintiff received the email from Amazon dated May 30, 2018 that was filed in this action as ECF No. 168-8, at 3 of 5.  Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 71:**

Admit that Amazon's "Notice: Policy Warning" for Amazon Complaint ID: 5100525271 identified: "Trademark asserted: 3175495."

**RESPONSE TO REQUEST FOR ADMISSION NO. 71:**

Admit that the email from Amazon dated May 30, 2018 that was filed in this action as ECF No. 168-8, at 3 of 5, stated, among other things, "Trademark asserted:

1   3175495." Unless expressly admitted, Plaintiff denies this Request for Admission.

2   **REQUEST FOR ADMISSION NO. 72:**

3   Admit that THIMES received Amazon's "Notice: Policy Warning" for

4   Amazon Complaint ID: 5121173591, attached as Exhibit 8.3 to the 5AC (ECF No.

5   168-8).

6   **RESPONSE TO REQUEST FOR ADMISSION NO. 72:**

7   Plaintiff objects to the definition of "THIMES" as overbroad, and interprets it

8   to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

9   Subject to and without waiving the foregoing objection, Plaintiff responds as

10  follows:  Admit that Plaintiff received the email from Amazon dated June 7, 2018

11  that was filed in this action as ECF No. 168-8, at 4 of 5.  Unless expressly admitted,

12  Plaintiff denies this Request for Admission.

13  **REQUEST FOR ADMISSION NO. 73:**

14  Admit that Amazon's "Notice: Policy Warning" for Amazon Complaint ID:

15  5121173591 identified: "Trademark asserted: 3175495."

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 73:**

17  Admit that the email from Amazon dated June 7, 2018 that was filed in this

18  action as ECF No. 168-8, at 4 of 5, stated, among other things, "Trademark asserted:

19  3175495." Unless expressly admitted, Plaintiff denies this Request for Admission.

20  **REQUEST FOR ADMISSION NO. 74:**

21  Admit that THIMES received Amazon's "Notice: Policy Warning" for

22  Amazon Complaint ID: 5145696941, attached as Exhibit 8.4 to the 5AC (ECF No.

23  168-8).

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 74:**

25  Plaintiff objects to the definition of "THIMES" as overbroad, and interprets it

26  to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

27  Subject to and without waiving the foregoing objection, Plaintiff responds as

28  follows:  Admit that Plaintiff received the email from Amazon dated June 21, 2018

1  that was filed in this action as ECF No. 168-8, at 5 of 5.  Unless expressly admitted,

2  Plaintiff denies this Request for Admission.

3  **REQUEST FOR ADMISSION NO. 75:**

4  Admit that Amazon's "Notice: Policy Warning" for Amazon Complaint ID:

5  5145696941 identified: "Trademark asserted: 3175495."

6  **RESPONSE TO REQUEST FOR ADMISSION NO. 75:**

7  Admit that the email from Amazon dated June 21, 2018 that was filed in this

8  action as ECF No. 168-8, at 5 of 5, stated, among other things, "Trademark asserted:

9  3175495."  Unless expressly admitted, Plaintiff denies this Request for Admission.

10  **REQUEST FOR ADMISSION NO. 76:**

11  Admit that THIMES received notice from Amazon regarding Amazon

12  Complaint ID: 5024504931, identified in Bates No. THIMES00069.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 76:**

14  Plaintiff objects to the definition of "THIMES" as overbroad, and interprets it

15  to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

16  Subject to and without waiving the foregoing objection, Plaintiff responds as

17  follows:  Admit that Plaintiff received the email from Amazon dated May 9, 2018

18  that Plaintiff Bates labeled THIMES00069 and produced in this action.  Unless

19  expressly admitted, Plaintiff denies this Request for Admission.

20  **REQUEST FOR ADMISSION NO. 77:**

21  Admit that Amazon's notice for Amazon Complaint ID: 5024504931

22  identified: "Trademark asserted: 3175495."

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 77:**

24  Admit that Plaintiff received the email from Amazon dated May 9, 2018 that

25  Plaintiff Bates labeled THIMES00069 and produced in this action.  Unless expressly

26  admitted, Plaintiff denies this Request for Admission.

27

28

1    **REQUEST FOR ADMISSION NO. 78:**

2         Admit that Amazon's notice for Amazon Complaint ID: 5024504931

3    identified U.S. Trademark Registration No. 3,175,495.

4    **RESPONSE TO REQUEST FOR ADMISSION NO. 78:**

5         Admit that Plaintiff received the email from Amazon dated May 9, 2018 that

6    Plaintiff Bates labeled THIMES00069 and produced in this action.  Unless expressly

7    admitted, Plaintiff denies this Request for Admission.

8    **REQUEST FOR ADMISSION NO. 79:**

9         Admit that THIMES received notice from Amazon regarding the alleged

10   "Jan 19th" complaint identified in Paragraph 27 of YOUR 5AC.

11   **RESPONSE TO REQUEST FOR ADMISSION NO. 79:**

12        Plaintiff objects to the definition of "THIMES" and "YOUR" as overbroad,

13   and interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

14        Subject to and without waiving the foregoing objection, Plaintiff responds as

15   follows:  Admit that Plaintiff received an email from Amazon on January 19, 2018

16   that stated, among other things, "Complaint ID: 1359628881."  Unless expressly

17   admitted, Plaintiff denies this Request for Admission.

18   **REQUEST FOR ADMISSION NO. 80:**

19        Admit that Amazon's notice for the alleged "Jan 19th" complaint identified

20   in Paragraph 27 of YOUR 5AC identified: "Trademark asserted: 3175495."

21   **RESPONSE TO REQUEST FOR ADMISSION NO. 80:**

22        Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to

23   mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

24        Subject to and without waiving the foregoing objection, Plaintiff responds as

25   follows:  Admit that Plaintiff received an email from Amazon on January 19, 2018

26   that stated, among other things, "Complaint ID: 1359628881."  Unless expressly

27   admitted, Plaintiff denies this Request for Admission.

28

1    **REQUEST FOR ADMISSION NO. 81:**

2         Admit that Amazon's notice for the alleged "Jan 19th" complaint identified

3    in Paragraph 27 of YOUR 5AC identified U.S. Trademark Registration No.

4    3,175,495.

5    **RESPONSE TO REQUEST FOR ADMISSION NO. 81:**

6         Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to

7    mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

8         Subject to and without waiving the foregoing objection, Plaintiff responds as

9    follows:  Admit that Plaintiff received an email from Amazon on January 19, 2018

10   that stated, among other things, "Complaint ID: 1359628881."  Unless expressly

11   admitted, Plaintiff denies this Request for Admission.

12   **REQUEST FOR ADMISSION NO. 82:**

13        Admit that THIMES received notice from Amazon regarding the alleged

14   "Jan 21st" complaint identified in Paragraph 27 of YOUR 5AC.

15   **RESPONSE TO REQUEST FOR ADMISSION NO. 82:**

16        Plaintiff objects to the definition of "THIMES" and "YOUR" as overbroad,

17   and interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

18        Subject to and without waiving the foregoing objection, Plaintiff responds as

19   follows:  Admit that Plaintiff received an email from Amazon on January 21, 2018

20   that stated, among other things, "Complaint ID: 1363959931."  Unless expressly

21   admitted, Plaintiff denies this Request for Admission.

22   **REQUEST FOR ADMISSION NO. 83:**

23        Admit that Amazon's notice for the alleged "Jan 21st" complaint identified

24   in Paragraph 27 of YOUR 5AC identified: "Trademark asserted: 3175495."

25   **RESPONSE TO REQUEST FOR ADMISSION NO. 83:**

26        Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to

27   mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

28

Subject to and without waiving the foregoing objection, Plaintiff responds as follows:  Admit that Plaintiff received an email from Amazon on January 21, 2018 that stated, among other things, "Complaint ID: 1363959931."  Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 84:**

Admit that Amazon's notice for the alleged "Jan 21st" complaint identified in Paragraph 27 of YOUR 5AC identified U.S. Trademark Registration No. 3,175,495.

**RESPONSE TO REQUEST FOR ADMISSION NO. 84:**

Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows:  Admit that Plaintiff received an email from Amazon on January 21, 2018 that stated, among other things, "Complaint ID: 1363959931."  Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 85:**

Admit that THIMES received notice from Amazon regarding the alleged "Jan 26th" complaint identified in Paragraph 27 of YOUR 5AC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 85:**

Plaintiff objects to the definition of "THIMES" and "YOUR" as overbroad, and interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows:  Admit that Plaintiff received an email from Amazon on January 26, 2018 that stated, among other things, "Complaint ID: 1380553801."  Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 86:**

Admit that Amazon's notice for the alleged "Jan 26th" complaint identified in Paragraph 27 of YOUR 5AC identified: "Trademark asserted: 3175495."

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 86:**

2    Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to

3    mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

4    Subject to and without waiving the foregoing objection, Plaintiff responds as

5    follows:  Admit that Plaintiff received an email from Amazon on January 26, 2018

6    that stated, among other things, "Complaint ID: 1380553801."  Unless expressly

7    admitted, Plaintiff denies this Request for Admission.

8    **REQUEST FOR ADMISSION NO. 87:**

9    Admit that Amazon's notice for the alleged "Jan 26th" complaint identified

10   in Paragraph 27 of YOUR 5AC identified U.S. Trademark Registration No.

11   3,175,495.

12   **RESPONSE TO REQUEST FOR ADMISSION NO. 87:**

13   Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to

14   mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

15   Subject to and without waiving the foregoing objection, Plaintiff responds as

16   follows:  Admit that Plaintiff received an email from Amazon on January 26, 2018

17   that stated, among other things, "Complaint ID: 1380553801."  Unless expressly

18   admitted, Plaintiff denies this Request for Admission.

19   **REQUEST FOR ADMISSION NO. 88:**

20   Admit that THIMES received notice from Amazon regarding the alleged

21   "Feb 14th" complaint identified in Paragraph 27 of YOUR 5AC.

22   **RESPONSE TO REQUEST FOR ADMISSION NO. 88:**

23   Plaintiff objects to the definition of "THIMES" and "YOUR" as overbroad,

24   and interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

25   Subject to and without waiving the foregoing objection, Plaintiff responds as

26   follows:  Admit that Plaintiff received an email from Amazon on February 14, 2018

27   that stated, among other things, "Complaint ID: 1439628811."  Unless expressly

28   admitted, Plaintiff denies this Request for Admission.

1   **REQUEST FOR ADMISSION NO. 89:**

2        Admit that Amazon's notice for the alleged "Feb 14th" complaint identified

3   in Paragraph 27 of YOUR 5AC identified: "Trademark asserted: 3175495."

4   **RESPONSE TO REQUEST FOR ADMISSION NO. 89:**

5        Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to

6   mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

7        Subject to and without waiving the foregoing objection, Plaintiff responds as

8   follows:  Admit that Plaintiff received an email from Amazon on February 14, 2018

9   that stated, among other things, "Complaint ID: 1439628811."  Unless expressly

10  admitted, Plaintiff denies this Request for Admission.

11  **REQUEST FOR ADMISSION NO. 90:**

12       Admit that Amazon's notice for the alleged "Feb 14th" complaint identified

13  in Paragraph 27 of YOUR 5AC identified U.S. Trademark Registration No.

14  3,175,495.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 90:**

16       Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to

17  mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

18       Subject to and without waiving the foregoing objection, Plaintiff responds as

19  follows:  Admit that Plaintiff received an email from Amazon on February 14, 2018

20  that stated, among other things, "Complaint ID: 1439628811."  Unless expressly

21  admitted, Plaintiff denies this Request for Admission.

22  **REQUEST FOR ADMISSION NO. 91:**

23       Admit that THIMES received notice from Amazon regarding the alleged

24  "Feb 21th" complaint identified in Paragraph 27 of YOUR 5AC.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 91:**

26       Plaintiff objects to the definition of "THIMES" and "YOUR" as overbroad,

27  and interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

28

Subject to and without waiving the foregoing objection, Plaintiff responds as follows:  Admit that Plaintiff received an email from Amazon on February 21, 2018 that stated, among other things, "Complaint ID: 1457717051."  Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 92:**

Admit that Amazon's notice for the alleged "Feb 21th" complaint identified in Paragraph 27 of YOUR 5AC identified: "Trademark asserted: 3175495."

**RESPONSE TO REQUEST FOR ADMISSION NO. 92:**

Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows:  Admit that Plaintiff received an email from Amazon on February 21, 2018 that stated, among other things, "Complaint ID: 1457717051."  Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 93:**

Admit that Amazon's notice for the alleged "Feb 21th" complaint identified in Paragraph 27 of YOUR 5AC identified U.S. Trademark Registration No. 3,175,495.

**RESPONSE TO REQUEST FOR ADMISSION NO. 93:**

Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows:  Admit that Plaintiff received an email from Amazon on February 21, 2018 that stated, among other things, "Complaint ID: 1457717051."  Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 94:**

Admit that THIMES received notice from Amazon regarding the alleged "Feb 28th" complaint identified in Paragraph 27 of YOUR 5AC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 94:**

Plaintiff objects to the definition of "THIMES" and "YOUR" as overbroad, and interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows:  Admit that Plaintiff received an email from Amazon on February 28, 2018 that stated, among other things, "Trademark number: 3175495."  Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 95:**

Admit that Amazon's notice for the alleged "Feb 28th" complaint identified in Paragraph 27 of YOUR 5AC identified: "Trademark asserted: 3175495."

**RESPONSE TO REQUEST FOR ADMISSION NO. 95:**

Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows:  Admit that Plaintiff received an email from Amazon on February 28, 2018 that stated, among other things, "Trademark number: 3175495."  Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 96:**

Admit that Amazon's notice for the alleged "Feb 28th" complaint identified in Paragraph 27 of YOUR 5AC identified U.S. Trademark Registration No. 3,175,495.

**RESPONSE TO REQUEST FOR ADMISSION NO. 96:**

Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows:  Admit that Plaintiff received an email from Amazon on February 28, 2018 that stated, among other things, "Trademark number: 3175495."  Unless expressly admitted, Plaintiff denies this Request for Admission.

1  **REQUEST FOR ADMISSION NO. 97:**

2      Admit that THIMES received notice from Amazon regarding the alleged

3  "Mar 2nd" complaint identified in Paragraph 27 of YOUR 5AC.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 97:**

5      Plaintiff objects to the definition of "THIMES" and "YOUR" as overbroad,

6  and interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

7      Subject to and without waiving the foregoing objection, Plaintiff responds as

8  follows:  Admit that Plaintiff received an email from Amazon on March 2, 2018 that

9  stated, among other things, "Complaint ID: 1485794361."  Unless expressly

10  admitted, Plaintiff denies this Request for Admission.

11  **REQUEST FOR ADMISSION NO. 98:**

12      Admit that Amazon's notice for the alleged "Mar 2nd" complaint identified

13  in Paragraph 27 of YOUR 5AC identified: "Trademark asserted: 3175495."

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 98:**

15      Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to

16  mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

17      Subject to and without waiving the foregoing objection, Plaintiff responds as

18  follows:  Admit that Plaintiff received an email from Amazon on March 2, 2018 that

19  stated, among other things, "Complaint ID: 1485794361."  Unless expressly

20  admitted, Plaintiff denies this Request for Admission.

21  **REQUEST FOR ADMISSION NO. 99:**

22      Admit that Amazon's notice for the alleged "Mar 2nd" complaint identified

23  in Paragraph 27 of YOUR 5AC identified U.S. Trademark Registration No.

24  3,175,495.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 99:**

26      Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to

27  mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

28

- 38 -

Subject to and without waiving the foregoing objection, Plaintiff responds as follows:  Admit that Plaintiff received an email from Amazon on March 2, 2018 that stated, among other things, "Complaint ID: 1485794361."  Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 100:**

Admit that THIMES received notice from Amazon regarding the alleged "Mar 3rd" complaint identified in Paragraph 27 of YOUR 5AC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 100:**

Plaintiff objects to the definition of "THIMES" and "YOUR" as overbroad, and interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows:  Admit that Plaintiff received an email from Amazon on March 3, 2018 that stated, among other things, "Complaint ID: 1488479451."  Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 101:**

Admit that Amazon's notice for the alleged "Mar 3rd" complaint identified in Paragraph 27 of YOUR 5AC identified: "Trademark asserted: 3175495."

**RESPONSE TO REQUEST FOR ADMISSION NO. 101:**

Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows:  Admit that Plaintiff received an email from Amazon on March 3, 2018 that stated, among other things, "Complaint ID: 1488479451."  Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 102:**

Admit that Amazon's notice for the alleged "Mar 3rd" complaint identified in Paragraph 27 of YOUR 5AC identified U.S. Trademark Registration No. 3,175,495.

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 102:**

2      Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to

3  mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

4      Subject to and without waiving the foregoing objection, Plaintiff responds as

5  follows:  Admit that Plaintiff received an email from Amazon on March 3, 2018 that

6  stated, among other things, "Complaint ID: 1488479451."  Unless expressly

7  admitted, Plaintiff denies this Request for Admission.

8  **REQUEST FOR ADMISSION NO. 103:**

9      Admit that THIMES received notice from Amazon regarding the alleged

10 "Mar 10th" complaint identified in Paragraph 27 of YOUR 5AC.

11 **RESPONSE TO REQUEST FOR ADMISSION NO. 103:**

12     Plaintiff objects to the definition of "THIMES" and "YOUR" as overbroad,

13 and interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

14     Subject to and without waiving the foregoing objection, Plaintiff responds as

15 follows:  Admit that Plaintiff received an email from Amazon on March 10, 2018

16 that stated, among other things, "Complaint ID: 1513841721."  Unless expressly

17 admitted, Plaintiff denies this Request for Admission.

18 **REQUEST FOR ADMISSION NO. 104:**

19     Admit that Amazon's notice for the alleged "Mar 10th" complaint identified

20 in Paragraph 27 of YOUR 5AC identified: "Trademark asserted: 3175495."

21 **RESPONSE TO REQUEST FOR ADMISSION NO. 104:**

22     Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to

23 mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

24     Subject to and without waiving the foregoing objection, Plaintiff responds as

25 follows:  Admit that Plaintiff received an email from Amazon on March 10, 2018

26 that stated, among other things, "Complaint ID: 1513841721."  Unless expressly

27 admitted, Plaintiff denies this Request for Admission.

28

THIMES RESPONSE TO
TP-LINK FIRST RFA
CASE NO. 2:19-CV-10374-SB-E

1  **REQUEST FOR ADMISSION NO. 105:**

2      Admit that Amazon's notice for the alleged "Mar 10th" complaint identified

3  in Paragraph 27 of YOUR 5AC identified U.S. Trademark Registration No.

4  3,175,495.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 105:**

6      Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to

7  mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

8      Subject to and without waiving the foregoing objection, Plaintiff responds as

9  follows:  Admit that Plaintiff received an email from Amazon on March 10, 2018

10  that stated, among other things, "Complaint ID: 1513841721."  Unless expressly

11  admitted, Plaintiff denies this Request for Admission.

12  **REQUEST FOR ADMISSION NO. 106:**

13      Admit that THIMES received notice from Amazon regarding the alleged

14  "Mar 13th" complaint identified in Paragraph 27 of YOUR 5AC.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 106:**

16      Plaintiff objects to the definition of "THIMES" and "YOUR" as overbroad,

17  and interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

18      Subject to and without waiving the foregoing objection, Plaintiff responds as

19  follows:  Admit that Plaintiff received an email from Amazon on March 13, 2018

20  that stated, among other things, "Complaint ID: 1521930421" and "Trademark

21  number: 3175495."  Unless expressly admitted, Plaintiff denies this Request for

22  Admission.

23  **REQUEST FOR ADMISSION NO. 107:**

24      Admit that Amazon's notice for the alleged "Mar 13th" complaint identified

25  in Paragraph 27 of YOUR 5AC identified: "Trademark asserted: 3175495."

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 107:**

27      Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to

28  mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows:  Admit that Plaintiff received an email from Amazon on March 13, 2018 that stated, among other things, "Complaint ID: 1521930421" and "Trademark number: 3175495."  Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 108:**

Admit that Amazon's notice for the alleged "Mar 13th" complaint identified in Paragraph 27 of YOUR 5AC identified U.S. Trademark Registration No. 3,175,495.

**RESPONSE TO REQUEST FOR ADMISSION NO. 108:**

Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows:  Admit that Plaintiff received an email from Amazon on March 13, 2018 that stated, among other things, "Complaint ID: 1521930421" and "Trademark number: 3175495."  Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 109:**

Admit that THIMES received notice from Amazon regarding the alleged "Mar 21st" complaint identified in Paragraph 27 of YOUR 5AC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 109:**

Plaintiff objects to the definition of "THIMES" and "YOUR" as overbroad, and interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows:  Admit that Plaintiff received an email from Amazon on March 21, 2018 that stated, among other things, "Complaint ID: 1534421271."  Unless expressly admitted, Plaintiff denies this Request for Admission.

1   **REQUEST FOR ADMISSION NO. 110:**

2       Admit that Amazon's notice for the alleged "Mar 21st" complaint identified

3   in Paragraph 27 of YOUR 5AC identified: "Trademark asserted: 3175495."

4   **RESPONSE TO REQUEST FOR ADMISSION NO. 110:**

5       Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to

6   mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

7       Subject to and without waiving the foregoing objection, Plaintiff responds as

8   follows:  Admit that Plaintiff received an email from Amazon on March 21, 2018

9   that stated, among other things, "Complaint ID: 1534421271."  Unless expressly

10  admitted, Plaintiff denies this Request for Admission.

11  **REQUEST FOR ADMISSION NO. 111:**

12      Admit that Amazon's notice for the alleged "Mar 21st" complaint identified

13  in Paragraph 27 of YOUR 5AC identified U.S. Trademark Registration No.

14  3,175,495.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 111:**

16      Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to

17  mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

18      Subject to and without waiving the foregoing objection, Plaintiff responds as

19  follows:  Admit that Plaintiff received an email from Amazon on March 21, 2018

20  that stated, among other things, "Complaint ID: 1534421271."  Unless expressly

21  admitted, Plaintiff denies this Request for Admission.

22  **REQUEST FOR ADMISSION NO. 112:**

23      Admit that THIMES received notice from Amazon regarding the alleged

24  "Mar 31st" complaint identified in Paragraph 27 of YOUR 5AC.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 112:**

26      Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to

27  mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

28

THIMES RESPONSE TO
TP-LINK FIRST RFA
CASE NO. 2:19-CV-10374-SB-E

1  Subject to and without waiving the foregoing objection, Plaintiff responds as

2  follows:  Admit that Plaintiff received an email from Amazon on March 31, 2018

3  that stated, among other things, "Complaint ID: 1574766741."  Unless expressly

4  admitted, Plaintiff denies this Request for Admission.

5  **REQUEST FOR ADMISSION NO. 113:**

6  Admit that Amazon's notice for the alleged "Mar 31st" complaint identified

7  in Paragraph 27 of YOUR 5AC identified: "Trademark asserted: 3175495."

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 113:**

9  Plaintiff objects to the definition of "THIMES" and "YOUR" as overbroad,

10 and interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

11 Subject to and without waiving the foregoing objection, Plaintiff responds as

12 follows:  Admit that Plaintiff received an email from Amazon on March 31, 2018

13 that stated, among other things, "Complaint ID: 1574766741."  Unless expressly

14 admitted, Plaintiff denies this Request for Admission.

15 **REQUEST FOR ADMISSION NO. 114:**

16 Admit that Amazon's notice for the alleged "Mar 31st" complaint identified

17 in Paragraph 27 of YOUR 5AC identified U.S. Trademark Registration No.

18 3,175,495.

19 **RESPONSE TO REQUEST FOR ADMISSION NO. 114:**

20 Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to

21 mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

22 Subject to and without waiving the foregoing objection, Plaintiff responds as

23 follows:  Admit that Plaintiff received an email from Amazon on March 31, 2018

24 that stated, among other things, "Complaint ID: 1574766741."  Unless expressly

25 admitted, Plaintiff denies this Request for Admission.

26 **REQUEST FOR ADMISSION NO. 115:**

27 Admit that THIMES received notice from Amazon regarding the alleged

28 "Apr 2nd" complaint identified in Paragraph 27 of YOUR 5AC.

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 115:**

2        Plaintiff objects to the definition of "THIMES" and "YOUR" as overbroad,

3    and interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

4        Subject to and without waiving the foregoing objection, Plaintiff responds as

5    follows:  Admit that Plaintiff received an email from Amazon on April 2, 2018 that

6    stated, among other things, "Complaint ID: 1579117881."  Unless expressly

7    admitted, Plaintiff denies this Request for Admission.

8    **REQUEST FOR ADMISSION NO. 116:**

9        Admit that Amazon's notice for the alleged "Apr 2nd" complaint identified

10   in Paragraph 27 of YOUR 5AC identified: "Trademark asserted: 3175495."

11   **RESPONSE TO REQUEST FOR ADMISSION NO. 116:**

12       Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to

13   mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

14       Subject to and without waiving the foregoing objection, Plaintiff responds as

15   follows:  Admit that Plaintiff received an email from Amazon on April 2, 2018 that

16   stated, among other things, "Complaint ID: 1579117881."  Unless expressly

17   admitted, Plaintiff denies this Request for Admission.

18   **REQUEST FOR ADMISSION NO. 117:**

19       Admit that Amazon's notice for the alleged "Apr 2nd" complaint identified

20   in Paragraph 27 of YOUR 5AC identified U.S. Trademark Registration No.

21   3,175,495.

22   **RESPONSE TO REQUEST FOR ADMISSION NO. 117:**

23       Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to

24   mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

25       Subject to and without waiving the foregoing objection, Plaintiff responds as

26   follows:  Admit that Plaintiff received an email from Amazon on April 2, 2018 that

27   stated, among other things, "Complaint ID: 1579117881."  Unless expressly

28   admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 118:**

Admit that THIMES received notice from Amazon regarding the alleged "Apr 5th" complaint identified in Paragraph 27 of YOUR 5AC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 118:**

Plaintiff objects to the definition of "THIMES" and "YOUR" as overbroad, and interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows:  Admit that Plaintiff received an email from Amazon on April 5, 2018 that stated, among other things, "Complaint ID: 1586591841" and "Trademark number: 3175495."  Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 119:**

Admit that Amazon's notice for the alleged "Apr 5th" complaint identified in Paragraph 27 of YOUR 5AC identified: "Trademark asserted: 3175495."

**RESPONSE TO REQUEST FOR ADMISSION NO. 119:**

Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows:  Admit that Plaintiff received an email from Amazon on April 5, 2018 that stated, among other things, "Complaint ID: 1586591841" and "Trademark number: 3175495."  Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 120:**

Admit that Amazon's notice for the alleged "Apr 5th" complaint identified in Paragraph 27 of YOUR 5AC identified U.S. Trademark Registration No. 3,175,495.

**RESPONSE TO REQUEST FOR ADMISSION NO. 120:**

Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

1    Subject to and without waiving the foregoing objection, Plaintiff responds as

2    follows:  Admit that Plaintiff received an email from Amazon on April 5, 2018 that

3    stated, among other things, "Complaint ID: 1586591841" and "Trademark number:

4    3175495."  Unless expressly admitted, Plaintiff denies this Request for Admission.

5    **REQUEST FOR ADMISSION NO. 121:**

6    Admit that THIMES received notice from Amazon regarding the alleged

7    "Apr 6th" complaint identified in Paragraph 27 of YOUR 5AC.

8    **RESPONSE TO REQUEST FOR ADMISSION NO. 121:**

9    Plaintiff objects to the definition of "THIMES" and "YOUR" as overbroad,

10   and interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

11   Subject to and without waiving the foregoing objection, Plaintiff responds as

12   follows:  Admit that Plaintiff received an email from Amazon on April 6, 2018 that

13   stated, among other things, "Complaint ID: 1588655481."  Unless expressly

14   admitted, Plaintiff denies this Request for Admission.

15   **REQUEST FOR ADMISSION NO. 122:**

16   Admit that Amazon's notice for the alleged "Apr 6th" complaint identified

17   in Paragraph 27 of YOUR 5AC identified: "Trademark asserted: 3175495."

18   **RESPONSE TO REQUEST FOR ADMISSION NO. 122:**

19   Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to

20   mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

21   Subject to and without waiving the foregoing objection, Plaintiff responds as

22   follows:  Admit that Plaintiff received an email from Amazon on April 6, 2018 that

23   stated, among other things, "Complaint ID: 1588655481."  Unless expressly

24   admitted, Plaintiff denies this Request for Admission.

25   **REQUEST FOR ADMISSION NO. 123:**

26   Admit that Amazon's notice for the alleged "Apr 6th" complaint identified

27   in Paragraph 27 of YOUR 5AC identified U.S. Trademark Registration No.

28   3,175,495.

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 123:**

2      Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to

3  mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

4      Subject to and without waiving the foregoing objection, Plaintiff responds as

5  follows:  Admit that Plaintiff received an email from Amazon on April 6, 2018 that

6  stated, among other things, "Complaint ID: 1588655481."  Unless expressly

7  admitted, Plaintiff denies this Request for Admission.

8  **REQUEST FOR ADMISSION NO. 124:**

9      Admit that THIMES received notice from Amazon regarding the alleged

10  "Apt 7th" complaint identified in Paragraph 27 of YOUR 5AC.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 124:**

12      Plaintiff objects to the definition of "THIMES" and "YOUR" as overbroad,

13  and interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

14      Subject to and without waiving the foregoing objection, Plaintiff responds as

15  follows:  Admit that Plaintiff received an email from Amazon on April 7, 2018 that

16  stated, among other things, "Complaint ID: 1591330031."  Unless expressly

17  admitted, Plaintiff denies this Request for Admission.

18  **REQUEST FOR ADMISSION NO. 125:**

19      Admit that Amazon's notice for the alleged "Apt 7th" complaint identified in

20  Paragraph 27 of YOUR 5AC identified: "Trademark asserted: 3175495."

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 125:**

22      Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to

23  mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

24      Subject to and without waiving the foregoing objection, Plaintiff responds as

25  follows:  Admit that Plaintiff received an email from Amazon on April 7, 2018 that

26  stated, among other things, "Complaint ID: 1591330031."  Unless expressly

27  admitted, Plaintiff denies this Request for Admission.

28

1

**REQUEST FOR ADMISSION NO. 126:**

2

Admit that Amazon's notice for the alleged "Apt 7th" complaint identified in

3

Paragraph 27 of YOUR 5AC identified U.S. Trademark Registration No.

4

3,175,495.

5

**RESPONSE TO REQUEST FOR ADMISSION NO. 126:**

6

Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to

7

mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

8

Subject to and without waiving the foregoing objection, Plaintiff responds as

9

follows:  Admit that Plaintiff received an email from Amazon on April 7, 2018 that

10

stated, among other things, "Complaint ID: 1591330031."  Unless expressly

11

admitted, Plaintiff denies this Request for Admission.

12

**REQUEST FOR ADMISSION NO. 127:**

13

Admit that THIMES received notice from Amazon regarding the alleged

14

"Apr 9th" complaint identified in Paragraph 27 of YOUR 5AC.

15

**RESPONSE TO REQUEST FOR ADMISSION NO. 127:**

16

Plaintiff objects to the definition of "THIMES" and "YOUR" as overbroad,

17

and interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

18

Subject to and without waiving the foregoing objection, Plaintiff responds as

19

follows:  Admit that Plaintiff received an email from Amazon on April 9, 2018 that

20

stated, among other things, "Complaint ID: 1594857261."  Unless expressly

21

admitted, Plaintiff denies this Request for Admission.

22

**REQUEST FOR ADMISSION NO. 128:**

23

Admit that Amazon's notice for the alleged "Apr 9th" complaint identified

24

in Paragraph 27 of YOUR 5AC identified: "Trademark asserted: 3175495."

25

**RESPONSE TO REQUEST FOR ADMISSION NO. 128:**

26

Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to

27

mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

28

Subject to and without waiving the foregoing objection, Plaintiff responds as follows:  Admit that Plaintiff received an email from Amazon on April 9, 2018 that stated, among other things, "Complaint ID: 1594857261."  Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 129:**

Admit that Amazon's notice for the alleged "Apr 9th" complaint identified in Paragraph 27 of YOUR 5AC identified U.S. Trademark Registration No. 3,175,495.

**RESPONSE TO REQUEST FOR ADMISSION NO. 129:**

Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows:  Admit that Plaintiff received an email from Amazon on April 9, 2018 that stated, among other things, "Complaint ID: 1594857261."  Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 130:**

Admit that THIMES received notice from Amazon regarding the alleged "Apr 10th" complaint identified in Paragraph 27 of YOUR 5AC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 130:**

Plaintiff objects to the definition of "THIMES" and "YOUR" as overbroad, and interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows:  Admit that Plaintiff received an email from Amazon on April 10, 2018 that stated, among other things, "Complaint ID: 1598597821."  Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 131:**

Admit that Amazon's notice for the alleged "Apr 10th" complaint identified in Paragraph 27 of YOUR 5AC identified: "Trademark asserted: 3175495."

**RESPONSE TO REQUEST FOR ADMISSION NO. 131:**

Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows: Admit that Plaintiff received an email from Amazon on April 10, 2018 that stated, among other things, "Complaint ID: 1598597821." Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 132:**

Admit that Amazon's notice for the alleged "Apr 10th" complaint identified in Paragraph 27 of YOUR 5AC identified U.S. Trademark Registration No. 3,175,495.

**RESPONSE TO REQUEST FOR ADMISSION NO. 132:**

Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows: Admit that Plaintiff received an email from Amazon on April 10, 2018 that stated, among other things, "Complaint ID: 1598597821." Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 133:**

Admit that THIMES received notice from Amazon regarding the alleged "Apr 11th" complaint identified in Paragraph 27 of YOUR 5AC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 133:**

Plaintiff objects to the definition of "THIMES" and "YOUR" as overbroad, and interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows: Admit that Plaintiff received an email from Amazon on April 11, 2018 that stated, among other things, "Complaint ID: 1600507771 1600507801 1600507661 1600507951 1600507691 1600507711 1600508011 1600507561 1600507621

1600507831 1600507891." Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 134:**

Admit that Amazon's notice for the alleged "Apr 11th" complaint identified in Paragraph 27 of YOUR 5AC identified: "Trademark asserted: 3175495."

**RESPONSE TO REQUEST FOR ADMISSION NO. 134:**

Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows:  Admit that Plaintiff received an email from Amazon on April 11, 2018 that stated, among other things, "Complaint ID: 1600507771 1600507801 1600507661 1600507951 1600507691 1600507711 1600508011 1600507561 1600507621 1600507831 1600507891." Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 135:**

Admit that Amazon's notice for the alleged "Apr 11th" complaint identified in Paragraph 27 of YOUR 5AC identified U.S. Trademark Registration No. 3,175,495.

**RESPONSE TO REQUEST FOR ADMISSION NO. 135:**

Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows:  Admit that Plaintiff received an email from Amazon on April 11, 2018 that stated, among other things, "Complaint ID: 1600507771 1600507801 1600507661 1600507951 1600507691 1600507711 1600508011 1600507561 1600507621 1600507831 1600507891." Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 136:**

Admit that THIMES received notice from Amazon regarding the alleged "Apr 12th" complaint identified in Paragraph 27 of YOUR 5AC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 136:**

Plaintiff objects to the definition of "THIMES" and "YOUR" as overbroad, and interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows: Admit that Plaintiff received an email from Amazon on April 12, 2018 that stated, among other things, "Complaint ID: 1602831721." Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 137:**

Admit that Amazon's notice for the alleged "Apr 12th" complaint identified in Paragraph 27 of YOUR 5AC identified: "Trademark asserted: 3175495."

**RESPONSE TO REQUEST FOR ADMISSION NO. 137:**

Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows: Admit that Plaintiff received an email from Amazon on April 12, 2018 that stated, among other things, "Complaint ID: 1602831721." Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 138:**

Admit that Amazon's notice for the alleged "Apr 12th" complaint identified in Paragraph 27 of YOUR 5AC identified U.S. Trademark Registration No. 3,175,495.

**RESPONSE TO REQUEST FOR ADMISSION NO. 138:**

Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

1    Subject to and without waiving the foregoing objection, Plaintiff responds as

2    follows:  Admit that Plaintiff received an email from Amazon on April 12, 2018 that

3    stated, among other things, "Complaint ID: 1602831721."  Unless expressly

4    admitted, Plaintiff denies this Request for Admission.

5    **REQUEST FOR ADMISSION NO. 139:**

6    Admit that THIMES received notice from Amazon regarding the alleged

7    "Apr 24th" complaint identified in Paragraph 27 of YOUR 5AC.

8    **RESPONSE TO REQUEST FOR ADMISSION NO. 139:**

9    Plaintiff objects to the definition of "THIMES" and "YOUR" as overbroad,

10   and interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

11   Subject to and without waiving the foregoing objection, Plaintiff responds as

12   follows:  Admit that Plaintiff received an email from Amazon on April 24, 2018 that

13   stated, among other things, "Complaint ID: 5005125421" and "Trademark asserted:

14   3175495."  Unless expressly admitted, Plaintiff denies this Request for Admission.

15   **REQUEST FOR ADMISSION NO. 140:**

16   Admit that Amazon's notice for the alleged "Apr 24th" complaint identified

17   in Paragraph 27 of YOUR 5AC identified: "Trademark asserted: 3175495."

18   **RESPONSE TO REQUEST FOR ADMISSION NO. 140:**

19   Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to

20   mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

21   Subject to and without waiving the foregoing objection, Plaintiff responds as

22   follows:  Admit that Plaintiff received an email from Amazon on April 24, 2018 that

23   stated, among other things, "Complaint ID: 5005125421" and "Trademark asserted:

24   3175495."  Unless expressly admitted, Plaintiff denies this Request for Admission.

25   **REQUEST FOR ADMISSION NO. 141:**

26   Admit that Amazon's notice for the alleged "Apr 24th" complaint identified

27   in Paragraph 27 of YOUR 5AC identified U.S. Trademark Registration No.

28   3,175,495.

1

**RESPONSE TO REQUEST FOR ADMISSION NO. 141:**

2       Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to

3   mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

4       Subject to and without waiving the foregoing objection, Plaintiff responds as

5   follows:  Admit that Plaintiff received an email from Amazon on April 24, 2018 that

6   stated, among other things, "Complaint ID: 5005125421" and "Trademark asserted:

7   3175495."  Unless expressly admitted, Plaintiff denies this Request for Admission.

8   **REQUEST FOR ADMISSION NO. 142:**

9       Admit that THIMES received notice from Amazon regarding the alleged

10   "Apr 25th" complaint identified in Paragraph 27 of YOUR 5AC.

11   **RESPONSE TO REQUEST FOR ADMISSION NO. 142:**

12       Plaintiff objects to the definition of "THIMES" and "YOUR" as overbroad,

13   and interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

14       Subject to and without waiving the foregoing objection, Plaintiff responds as

15   follows:  Admit that Plaintiff received an email from Amazon on April 25, 2018 that

16   stated, among other things, "Complaint ID: 5007509151" and "Trademark asserted:

17   3175495."  Unless expressly admitted, Plaintiff denies this Request for Admission.

18   **REQUEST FOR ADMISSION NO. 143:**

19       Admit that Amazon's notice for the alleged "Apr 25th" complaint identified

20   in Paragraph 27 of YOUR 5AC identified: "Trademark asserted: 3175495."

21   **RESPONSE TO REQUEST FOR ADMISSION NO. 143:**

22       Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to

23   mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

24       Subject to and without waiving the foregoing objection, Plaintiff responds as

25   follows:  Admit that Plaintiff received an email from Amazon on April 25, 2018 that

26   stated, among other things, "Complaint ID: 5007509151" and "Trademark asserted:

27   3175495."  Unless expressly admitted, Plaintiff denies this Request for Admission.

28

THIMES RESPONSE TO
TP-LINK FIRST RFA
CASE NO. 2:19-CV-10374-SB-E

1    **REQUEST FOR ADMISSION NO. 144:**

2         Admit that Amazon's notice for the alleged "Apr 25th" complaint identified

3    in Paragraph 27 of YOUR 5AC identified U.S. Trademark Registration No.

4    3,175,495.

5    **RESPONSE TO REQUEST FOR ADMISSION NO. 144:**

6         Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to

7    mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

8         Subject to and without waiving the foregoing objection, Plaintiff responds as

9    follows:  Admit that Plaintiff received an email from Amazon on April 25, 2018 that

10   stated, among other things, "Complaint ID: 5007509151" and "Trademark asserted:

11   3175495."  Unless expressly admitted, Plaintiff denies this Request for Admission.

12   **REQUEST FOR ADMISSION NO. 145:**

13        Admit that THIMES received notice from Amazon regarding the alleged

14   "Apr 26th" complaint identified in Paragraph 27 of YOUR 5AC.

15   **RESPONSE TO REQUEST FOR ADMISSION NO. 145:**

16        Plaintiff objects to the definition of "THIMES" and "YOUR" as overbroad,

17   and interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

18        Subject to and without waiving the foregoing objection, Plaintiff responds as

19   follows:  Admit that Plaintiff received an email from Amazon on April 26, 2018 that

20   stated, among other things, "Complaint ID: 5009101921" and "Trademark asserted:

21   3175495."  Unless expressly admitted, Plaintiff denies this Request for Admission.

22   **REQUEST FOR ADMISSION NO. 146:**

23        Admit that Amazon's notice for the alleged "Apr 26th" complaint identified

24   in Paragraph 27 of YOUR 5AC identified: "Trademark asserted: 3175495."

25   **RESPONSE TO REQUEST FOR ADMISSION NO. 146:**

26        Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to

27   mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

28

1  Subject to and without waiving the foregoing objection, Plaintiff responds as

2  follows:  Admit that Plaintiff received an email from Amazon on April 26, 2018 that

3  stated, among other things, "Complaint ID: 5009101921" and "Trademark asserted:

4  3175495."  Unless expressly admitted, Plaintiff denies this Request for Admission.

5  **REQUEST FOR ADMISSION NO. 147:**

6  Admit that Amazon's notice for the alleged "Apr 26th" complaint identified

7  in Paragraph 27 of YOUR 5AC identified U.S. Trademark Registration No.

8  3,175,495.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 147:**

10  Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to

11  mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

12  Subject to and without waiving the foregoing objection, Plaintiff responds as

13  follows:  Admit that Plaintiff received an email from Amazon on April 26, 2018 that

14  stated, among other things, "Complaint ID: 5009101921" and "Trademark asserted:

15  3175495."  Unless expressly admitted, Plaintiff denies this Request for Admission.

16  **REQUEST FOR ADMISSION NO. 148:**

17  Admit that THIMES received notice from Amazon regarding the alleged

18  "Apr 30th" complaint identified in Paragraph 27 of YOUR 5AC.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 148:**

20  Plaintiff objects to the definition of "THIMES" and "YOUR" as overbroad,

21  and interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

22  Subject to and without waiving the foregoing objection, Plaintiff responds as

23  follows:  Admit that Plaintiff received an email from Amazon on April 30, 2018 that

24  stated, among other things, "Complaint ID: 5014761221" and "Trademark asserted:

25  TP-LINK."  Unless expressly admitted, Plaintiff denies this Request for Admission.

26  **REQUEST FOR ADMISSION NO. 149:**

27  Admit that Amazon's notice for the alleged "Apr 30th" complaint identified

28  in Paragraph 27 of YOUR 5AC identified: "Trademark asserted: 3175495."

**RESPONSE TO REQUEST FOR ADMISSION NO. 149:**

Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows: Admit that Plaintiff received an email from Amazon on April 30, 2018 that stated, among other things, "Complaint ID: 5014761221" and "Trademark asserted: TP-LINK." Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 150:**

Admit that Amazon's notice for the alleged "Apr 30th" complaint identified in Paragraph 27 of YOUR 5AC identified U.S. Trademark Registration No. 3,175,495.

**RESPONSE TO REQUEST FOR ADMISSION NO. 150:**

Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows: Admit that Plaintiff received an email from Amazon on April 30, 2018 that stated, among other things, "Complaint ID: 5014761221" and "Trademark asserted: TP-LINK." Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 151:**

Admit that THIMES received notice from Amazon regarding the alleged "May 28th" complaint identified in Paragraph 27 of YOUR 5AC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 151:**

Plaintiff objects to the definition of "THIMES" and "YOUR" as overbroad, and interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows: Admit that Plaintiff received an email from Amazon on May 28, 2018 that stated, among other things, "Complaint ID: 5094926331" and "Trademark asserted: 3175495." Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 152:**

Admit that Amazon's notice for the alleged "May 28th" complaint identified in Paragraph 27 of YOUR 5AC identified: "Trademark asserted: 3175495."

**RESPONSE TO REQUEST FOR ADMISSION NO. 152:**

Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows:  Admit that Plaintiff received an email from Amazon on May 28, 2018 that stated, among other things, "Complaint ID: 5094926331" and "Trademark asserted: 3175495."  Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 153:**

Admit that Amazon's notice for the alleged "May 28th" complaint identified in Paragraph 27 of YOUR 5AC identified U.S. Trademark Registration No. 3,175,495.

**RESPONSE TO REQUEST FOR ADMISSION NO. 153:**

Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows:  Admit that Plaintiff received an email from Amazon on May 28, 2018 that stated, among other things, "Complaint ID: 5094926331" and "Trademark asserted: 3175495."  Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 154:**

Admit that THIMES received notice from Amazon regarding the alleged "May 30th" complaint identified in Paragraph 27 of YOUR 5AC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 154:**

Plaintiff objects to the definition of "THIMES" and "YOUR" as overbroad, and interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

THIMES RESPONSE TO
TP-LINK FIRST RFA
CASE NO. 2:19-CV-10374-SB-E

1    Subject to and without waiving the foregoing objection, Plaintiff responds as

2    follows:  Admit that Plaintiff received an email from Amazon on May 30, 2018 that

3    stated, among other things, "Complaint ID: 5100525271" and "Trademark asserted:

4    3175495."  Unless expressly admitted, Plaintiff denies this Request for Admission.

5    **REQUEST FOR ADMISSION NO. 155:**

6    Admit that Amazon's notice for the alleged "May 30th" complaint identified

7    in Paragraph 27 of YOUR 5AC identified: "Trademark asserted: 3175495."

8    **RESPONSE TO REQUEST FOR ADMISSION NO. 155:**

9    Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to

10   mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

11   Subject to and without waiving the foregoing objection, Plaintiff responds as

12   follows:  Admit that Plaintiff received an email from Amazon on May 30, 2018 that

13   stated, among other things, "Complaint ID: 5100525271" and "Trademark asserted:

14   3175495."  Unless expressly admitted, Plaintiff denies this Request for Admission.

15   **REQUEST FOR ADMISSION NO. 156:**

16   Admit that Amazon's notice for the alleged "May 30th" complaint identified

17   in Paragraph 27 of YOUR 5AC identified U.S. Trademark Registration No.

18   3,175,495.

19   **RESPONSE TO REQUEST FOR ADMISSION NO. 156:**

20   Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to

21   mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

22   Subject to and without waiving the foregoing objection, Plaintiff responds as

23   follows:  Admit that Plaintiff received an email from Amazon on May 30, 2018 that

24   stated, among other things, "Complaint ID: 5100525271" and "Trademark asserted:

25   3175495."  Unless expressly admitted, Plaintiff denies this Request for Admission.

26   **REQUEST FOR ADMISSION NO. 157:**

27   Admit that THIMES received notice from Amazon regarding the alleged

28   "Jun 7th" complaint identified in Paragraph 27 of YOUR 5AC.

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 157:**

2         Plaintiff objects to the definition of "THIMES" and "YOUR" as overbroad,

3    and interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

4         Subject to and without waiving the foregoing objection, Plaintiff responds as

5    follows:  Admit that Plaintiff received an email from Amazon on June 7, 2018 that

6    stated, among other things, "Complaint ID: 5121173591" and "Trademark asserted:

7    3175495."  Unless expressly admitted, Plaintiff denies this Request for Admission.

8    **REQUEST FOR ADMISSION NO. 158:**

9         Admit that Amazon's notice for the alleged "Jun 7th" complaint identified in

10   Paragraph 27 of YOUR 5AC identified: "Trademark asserted: 3175495."

11   **RESPONSE TO REQUEST FOR ADMISSION NO. 158:**

12        Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to

13   mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

14        Subject to and without waiving the foregoing objection, Plaintiff responds as

15   follows:  Admit that Plaintiff received an email from Amazon on June 7, 2018 that

16   stated, among other things, "Complaint ID: 5121173591" and "Trademark asserted:

17   3175495."  Unless expressly admitted, Plaintiff denies this Request for Admission.

18   **REQUEST FOR ADMISSION NO. 159:**

19        Admit that Amazon's notice for the alleged "Jun 7th" complaint identified in

20   Paragraph 27 of YOUR 5AC identified U.S. Trademark Registration No.

21   3,175,495.

22   **RESPONSE TO REQUEST FOR ADMISSION NO. 159:**

23        Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to

24   mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

25        Subject to and without waiving the foregoing objection, Plaintiff responds as

26   follows:  Admit that Plaintiff received an email from Amazon on June 7, 2018 that

27   stated, among other things, "Complaint ID: 5121173591" and "Trademark asserted:

28   3175495."  Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 160:**

Admit that THIMES received notice from Amazon regarding the alleged "June 21st" complaint identified in Paragraph 27 of YOUR 5AC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 160:**

Plaintiff objects to the definition of "THIMES" and "YOUR" as overbroad, and interprets them to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows:  Admit that Plaintiff received an email from Amazon on June 21, 2018 that stated, among other things, "Complaint ID: 5145696941" and "Trademark asserted: 3175495."  Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 161:**

Admit that Amazon's notice for the alleged "June 21st" complaint identified in Paragraph 27 of YOUR 5AC identified: "Trademark asserted: 3175495."

**RESPONSE TO REQUEST FOR ADMISSION NO. 161:**

Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows:  Admit that Plaintiff received an email from Amazon on June 21, 2018 that stated, among other things, "Complaint ID: 5145696941" and "Trademark asserted: 3175495."  Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 162:**

Admit that Amazon's notice for the alleged "June 21st" complaint identified in Paragraph 27 of YOUR 5AC identified U.S. Trademark Registration No. 3,175,495.

**RESPONSE TO REQUEST FOR ADMISSION NO. 162:**

Plaintiff objects to the definition of "YOUR" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows:  Admit that Plaintiff received an email from Amazon on June 21, 2018 that stated, among other things, "Complaint ID: 5145696941" and "Trademark asserted: 3175495."  Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 163:**

Admit that THIMES marketed TP-LINK products from January 14, 2018 to July 19, 2018.

**RESPONSE TO REQUEST FOR ADMISSION NO. 163:**

Plaintiff objects to the definition of "THIMES" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows:  Admit that Plaintiff offered TP-Link branded wireless router products for sale on the Amazon Marketplace between January and June 2018.  Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 164:**

Admit that THIMES sold TP-LINK products from January 14, 2018 to July 19, 2018.

**RESPONSE TO REQUEST FOR ADMISSION NO. 164:**

Plaintiff objects to the definition of "THIMES" as overbroad, and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows:  Admit that Plaintiff offered TP-Link branded wireless router products for sale on the Amazon Marketplace between January and June 2018.  Unless expressly admitted, Plaintiff denies this Request for Admission.

**REQUEST FOR ADMISSION NO. 165:**

Admit that THIMES marketed TP-LINK products from January 19, 2018 to June 21, 2018.

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 165:**

2       Plaintiff objects to the definition of "THIMES" as overbroad, and interprets it

3  to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

4       Subject to and without waiving the foregoing objection, Plaintiff responds as

5  follows:  Admit that Plaintiff offered TP-Link branded wireless router products for

6  sale on the Amazon Marketplace between January and June 2018.  Unless expressly

7  admitted, Plaintiff denies this Request for Admission.

8  **REQUEST FOR ADMISSION NO. 166:**

9       Admit that THIMES sold TP-LINK products from January 19, 2018 to June

10  21, 2018.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 166:**

12       Plaintiff objects to the definition of "THIMES" as overbroad, and interprets it

13  to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

14       Subject to and without waiving the foregoing objection, Plaintiff responds as

15  follows:  Admit that Plaintiff offered TP-Link branded wireless router products for

16  sale on the Amazon Marketplace between January and June 2018.  Unless expressly

17  admitted, Plaintiff denies this Request for Admission.

18  **REQUEST FOR ADMISSION NO. 167:**

19       Admit that the only invoices THIMES submitted to AMAZON concerning

20  its source of TP-LINK products are Bates Nos. THIMES00065 and

21  THIMES00068.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 167:**

23       Plaintiff objects to the definition of "THIMES" as overbroad, and interprets it

24  to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.  Plaintiff further

25  objects to the definition of "AMAZON" as overbroad, and interprets it to mean

26  Amazon.com Services LLC.

27       Subject to and without waiving the foregoing objection, Plaintiff responds as

28  follows:  Admit that Plaintiff submitted invoices from The Surplus Company, LLC,

as reflected in the documents Bates labelled THIMES00065 and THIMES00068, to

Amazon.  Unless expressly admitted, Plaintiff denies this Request for Admission.


Dated:  July 27, 2022                    GAW | POE LLP

                                         By:_____
                                            Randolph Gaw
                                            Attorneys for Plaintiff
                                            Thimes Solutions Inc.

# CERTIFICATE OF SERVICE

I am over 18 years of age and not a party to the action.  I hereby certify that on July 27, 2022, I served the following document(s) on the parties in the above-entitled action:

**THIMES SOLUTIONS INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT TP-LINK USA CORPORATION'S FIRST SET OF REQUESTS FOR ADMISSION**

**Via E-mail:**  The document(s) described above were transmitted by electronic mail to the addresses on record for the following parties and their counsel:

| | |
|---|---|
| Heather Auyang<br>Heather.Auyang@ltlattorneys.com<br>Prashanth Chennakesavan<br>Prashanth.Chennakesavan@ltlattorneys.com<br>Patice Gore<br>patice.gore@ltlattorneys.com | Chris Frost<br>chris@wgfcounsel.com<br>Ashley Morris<br>ashley@wgfcounsel.com |
| LTL Attorneys LLP<br>600 California St. \| 15th Floor<br>San Francisco, California 94108 | Weinberg Gonser Frost LLP<br>10866 Wilshire Blvd, Suite 1650<br>Los Angeles, California 90024 |
| Attorneys for Defendant<br>TP Link USA Corporation | Attorneys for Defendant<br>Auction Brothers, Inc. |

I declare under penalty of perjury that the foregoing is a true and correct statement.

Dated:  July 27, 2022

Victor Meng

# EXHIBIT T



# RE:[CASE 4893811871] Other account issues
6 messages

---

**Amazon Seller Support** <merch.service05@amazon.com>
To: "avi@thimessolutions.com" <avi@thimessolutions.com>

Mon, Mar 5, 2018 at 9:19 PM

---

Greetings from Amazon Seller Support,

I'm writing in followup of your email regarding reimbursement request for Order ID: 112-8928132-7904207.

Regarding the reimbursement request for the damaged unit, I've tried to raise the reimbursement for the unit but our credit operation team have denied the reimbursement and have informed the reimbursement will not be processed for the unsellable units. And this decision stands Final by our Operations Team. I apologize for the inconvenience caused

Since the product removed was in an unsellable condition, the unit is under Defective disposition. Kindly note that if the units were damaged at our fulfillment center, we take the responsibility and an automated reimbursement would have been initiated within 30 days time frame. However, in this case as the unit is returned under Defective disposition, we will not be able to reimburse you as it is not covered under our FBA lost and damaged inventory reimbursement policy.

A returned unit is considered unsellable when either of the following is true:
- It is not in the same condition as previously listed
- Product is defective, damaged, opened, lacking required labeling, prohibited by our policies, or is otherwise deemed unsuitable by Amazon, including units which may pose a health or safety risk to our associates or the next customer who purchases it (this may include, but is not restricted to consumables, personal care products and products with expiration dates).

You can check the return in the below link:
https://sellercentral.amazon.com/gp/ssof/reports/search.html#orderAscending=&recordType=CUSTOMER_RETURNS&
noResultType=&merchantSku=&fnSku=&FnSkuXORMSku=&reimbursementId=&orderId=&genericOrderId=112-8928132-
7904207&asin=&lpn=&shipmentId=&problemType=ALL_DEFECT_TYPES&hazmatStatus=&inventoryEventTransactionType=&
inventoryAdjustmentReasonGroup=&eventDateOption=365&fromDate=mm%2Fdd%2Fyyyy&toDate=mm%2Fdd%2Fyyyy&
startDate=&endDate=&fromMonth=1&fromYear=2018&toMonth=1&toYear=2018&startMonth=&startYear=&endMonth=&endYear=

Please note that, when a customer returns a product, the returned product will follow the standard Amazon returns policy. If the returned product is received in sellable condition, it will be returned to the original seller's inventory. If the returned product is received in a condition that the product cannot be resold, Amazon will determine who is at fault (Amazon or customer) and reimburse according to the FBA Lost and Damaged Inventory Reimbursement Policy.

Amazon policy restricts Seller Support to initiate the reimbursement to the seller. In this case, I request you to understand that Amazon takes responsibility in all the cases/disposition/return reasons except the "Customer damaged" and "Defective."

In those situations, as per our Reimbursement policy, if the fault is from customer's end such as the customer used the product or damages the product before returning, Amazon cannot take responsibility for the loss of the product and we are unable to request reimbursement from our credit ops team as per Amazon's policy.

For more information about Customer Returns for Orders Fulfilled by Amazon click the below link:
https://sellercentral.amazon.com/gp/help/help.html?itemID=200379860&referral=A1DFNOSSG2EEFO_ALU9G2GVOYIE6&
referral=A7XLNHSZ448UX_A11IZRUWN5VCTL&referral=A2691D9X4CWI7Q_A11IZRUWN5VCTL&referral=A2691D9X4CWI7Q_
A1T5QCF7AEZ1N1

Amazon Services Business Solutions Agreement:
https://sellercentral.amazon.com/gp/help/1791?referral=A1DFNOSSG2EEFO_ALU9G2GVOYIE6&referral=A7XLNHSZ448UX_
A11IZRUWN5VCTL&referral=A2691D9X4CWI7Q_A11IZRUWN5VCTL&referral=A2691D9X4CWI7Q_A1T5QCF7AEZ1N1

We request your patience and cooperation in this regard.

If you still have any further concern, please write back to us. We will assist you further.

We wish you to be successful on selling with Amazon.

Have a great day!
We are going to consider this investigation resolved, and will be marking this case as such. Future correspondence directed through this case may be resolved without response.

THIMES00856

Thank you for contacting Amazon, hope you have a good day.

Your Current Notifications
-----------------------------------------
Based on your sales, you may run out of "JVC HAFX102A XX Xtreme Bass Earbuds, Blue" soon.
Restock your inventory now so you continue selling without interruption.
View your low-stock ASIN (B00VU7ZROQ)
https://sellercentral.amazon.com/hz/productsearch?q=B00VU7ZROQ&iris_notification_id=e334c25458fad7a81dd7634241a5a7bd
-----------------------------------------

Thank you for selling with Amazon,

Arpita P.
Amazon.com Seller Support
=====================================
MORE WAYS TO GET HELP:
Visit our Seller Forums for help from other sellers: http://sellercentral.amazon.com/forums
Browse all Seller Help topics: http://sellercentral.amazon.com/gp/help

To contact us again about this issue, please use the Contact Us form in Seller Central using the following link:

http://sellercentral.amazon.com/gp/contact-us/contact-amazon-form.html?caseID=4893811871

Please note: this e-mail was sent from a notification-only address that cannot accept incoming e-mail. Please do not reply to this message.

---

**Amazon Seller Support** <merch.service05@amazon.com>                    Fri, Mar 9, 2018 at 4:04 PM
To: "avi@thimessolutions.com" <avi@thimessolutions.com>

Dear Seller,

Thank you for contacting Amazon Seller Support.

We have confirmed that the feedback on Order ID: 114-0100592-2234651 , which you have submitted for our review, was in violation of our feedback guidelines. Therefore, we have removed the inappropriate entry and we have removed the rating so it will not affect your performance.

For confirmation, please refer to the below mentioned page:

https://sellercentral.amazon.com/hz/orders/details?_encoding=UTF8&orderId=114-0100592-2234651&ref=xx_orddet_shel_home

or

We have reviewed your request for feedback removal. In this case, the feedback you received does not meet the criteria for removal so we are unable to remove it.

For your reference, Amazon will remove feedback for these reasons:

* The feedback includes obscene language.
* The feedback includes seller-specific personally identifiable information.
* The entire feedback comment is a product review.
* The entire feedback comment is about fulfillment or customer service for an order fulfilled by Amazon.

You may, however, ask the buyer who left this feedback to remove it. We encourage you to contact the buyer to resolve any issues regarding the transaction. The buyer could then remove the feedback if they feel it is appropriate. Please keep in mind that buyer feedback is a direct reflection of their shopping experience on the Amazon marketplace. Do not pressurize buyers to remove feedback.

We've mentioned the instructions below for contacting the buyer to request to remove the rating, and

THIMES00857

# EXHIBIT U

| From: | US Support Team |
| Sent: | Monday, November 16, 2020 11:40 AM PST |
| To: | █████████████████ |
| Subject: | RE: TP Link |

Hi Monique

My name is Carl and I am the local support supervisor. The reason we cannot provide replacement product is because you purchased your product from an unauthorized 3rd part reseller. This is the same as buying a product from a seller on eBay or other marketplace retailers. These reseller purchase from authorized sources and then resell them. This make them the original purchaser and our warranties only cover the original purchaser. Once they resell the product it because a 2nd hand good and no longer covered under warranty. This is actually to protect customer and our brand image. With these unauthorized sources we do not have a way to properly QA the products they sell. We cannot confirm the condition or if the product is genuine. I understand this is not the answer you seek and we certainly do not want to lose a valuable customer but also have to stay with in company mandated guidelines. Regrettably they is no RMA that can be provided, on top that the product you have the CR700 is out stock and end of life so even if we were you would still not get the same product and you would have to purchase a modem. Since you have a gateway and it cannot be replaced by TP-Link your best option would be to deal with the seller or Amazon directly.

Best Regards
**C.M. | Technical Support**
Support: 866-225-8139
https://community.tp-link.com/us
**TP-Link USA Corporation**
Customer Support
145 S State College Blvd, Suite 400
Brea, CA 92821

---

**From:** Bumble Bee <█████████████████>
**Sent:** 2020年11月14日 8:00
**To:** Sales Usa <sales.usa@tp-link.com>
**Subject:** TP Link

I have had my TP Link for four (4) months and it is not working. I purchased it through Amazon and they called your customer service department. The first representative I spoke with said changed some settings and said if it is still having problems to call back. I called back because it was still having problems. The second representative stated to send a picture of the label along with the invoice from Amazon and to allow two (2) weeks for the replacement to come. Then I get an email the combo is faulty and there is nothing they can do. If you as a company will not stand by your product me as a consumer will not. After this experience I will not knowingly purchase any of your products again. I am truly disappointed and with the need for reliable internet service right now this hits my household very hard. My son is doing school from home and I am working from home. Although your representatives were very polite they were very misleading giving false hope that they were going to resolve the issue and now I am out of the money and I have to purchase a new device.

Again it is unfortunate but unless we can find common ground I will no longer patronize TP Link products.

TP000109

*Respectfully*
*Monique* ███████
*Phone:* █████████

CONFIDENTIAL                                                          TP000110

# EXHIBIT V

CHRISTOPHER FROST, SBN 200336
chris@wgfcounsel.com
ASHLEY MORRIS, SBN 225455
ashley@wgfcounsel.com
WEINBERG GONSER FROST LLP
10866 Wilshire Blvd., Suite 1650
Los Angeles, CA 90024
Telephone: (424) 239-2851
Facsimile: (424) 238-3060

Attorneys for Defendant,
AUCTION BROTHERS, INC.
dba AMAZZIA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THIMES SOLUTIONS INC.,<br><br>               Plaintiff,<br><br>     vs.<br><br>TP-LINK USA CORPORATION, and AUCTION BROTHERS, INC. d/b/a AMAZZIA,<br><br>               Defendants.<br>_____<br>TP-LINK USA CORPORATION,<br><br>               Counterclaimant,<br><br>     vs.<br><br>THIMES SOLUTIONS INC.,<br><br>               Counter-Defendant. | **Case No.: 2:19-CV-10374-SB-E**<br><br><br>**DECLARATION OF CHRISTOPHER FROST IN SUPPORT OF SUBSTITUTION OF COUNSEL AND TO ADVISE OF CONDITIONAL SETTLEMENT** |

///
///
///
///

- 1 -

2:19-cv-10374-SB-E

**DECLARATION OF CHRISTOPHER FROST**

## DECLARATION OF CHRISTOPHER FROST

I, CHRISTOPHER FROST, hereby declare:

1.     I am the Chair of Litigation and Name Partner with Weinberg Gonser Frost, LLP ("WGF"), proposed substitute counsel of record in this action to defendant Auction Brothers, d/b/a Amazzia ("Amazzia"). The facts stated herein are of my own personal knowledge, and if called upon to do so, I could and would testify competently thereto.

2.     When WGF first submitted its substitution of counsel to this Court, the Court requested Amazzia submit a declaration evidencing that the substitution would not create any delays in the litigation. Far from creating delays, I am pleased to report that WGF has now negotiated a settlement with the plaintiff in this action. The settlement will be the subject of an anticipated motion for determination of good faith settlement and in that context, the details of the settlement will be made known to the Court. In short, the settlement provides for a single payment and dismissal of Amazzia, with mutual general releases.

3.     In light of the foregoing, Amazzia requests that its proposed substitution of counsel (resubmitted herewith) be approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: August 2, 2022          By: _____
                                                        Christopher Frost

# EXHIBIT W

RANDOLPH GAW (S.B. #223718)
 rgaw@gawpoe.com
MARK POE (S.B. #223714)
 mpoe@gawpoe.com
VICTOR MENG (S.B. #254102)
 vmeng@gawpoe.com
GAW | POE LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

MARK SCHLACHET (*pro hac vice*)
 markschlachet@me.com
43 West 43d Street, Suite 220
New York, New York 10036
Telephone: (216) 225-7559
Facsimile: (216) 932-5390

Attorneys for Plaintiff
Thimes Solutions Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

THIMES SOLUTIONS INC.

              Plaintiffs,

    v.

TP-LINK USA CORPORATION, and AUCTION BROTHERS, INC. d/b/a AMAZZIA

              Defendant.

Case No. 2:19-cv-10374-SB-E

**THIMES SOLUTIONS INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT AUCTION BROTHERS, INC. d/b/a AMAZZIA'S FIRST SET OF INTERROGATORIES**

PROPOUNDING PARTY:    Defendant Auction Brothers, Inc. d/b/a Amazzia

RESPONDING PARTY:    Plaintiff Thimes Solutions Inc.

SET NO.:    One

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Thimes Solutions Inc. hereby objects and responds to Defendant Auction Brothers, Inc. d/b/a Amazzia's First Set of Interrogatories to Plaintiff, served on June 7, 2022.

## **GENERAL OBJECTIONS**

1.      Plaintiff objects to the Interrogatories and to each definition, instruction, and Interrogatory therein to the extent they purport to impose on Plaintiff obligations that differ from or exceed those of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District of California, or any order or ruling by the Court in this action.  Plaintiff will respond to the Interrogatories in conformity with applicable rules and orders and not necessarily in accordance with the instructions, definitions, or other statements in the Interrogatories.

2.      Plaintiff objects to the Interrogatories and to each Interrogatory therein to the extent they seek information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiff objects to the Interrogatories and to each Interrogatory therein to the extent they purport to call for information protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable protections and privileges.

4.      Plaintiff objects to the Interrogatories and to each Interrogatory therein to the extent they request information solely in the possession, custody, or control of Defendants TP-Link USA Corporation or Auction Brothers, Inc. d/b/a Amazzia or third parties.

5.      Plaintiff's responses are made without conceding the relevance of any information provided.  Plaintiff reserves the right to object on any ground to the admission of the Interrogatories or any information produced in response to the Interrogatories.

THIMES RESPONSE TO
AMAZZIA FIRST ROGS
CASE NO. 2:19-CV-10374-SB-E

6.      Plaintiff's responses are not intended to be, and should not be construed as agreement or concurrence with any characterization of the facts, circumstances, or legal arguments contained in the Interrogatories.  Plaintiff reserves the right to contest such characterizations.  Plaintiff also objects to the Interrogatories to the extent they contain express or implied assumptions of fact or law with respect to matters at issue in this litigation.  Any answer by Plaintiff is not an admission that any factual or legal predicate stated in the Interrogatories is accurate.

7.      These General Objections are incorporated into Plaintiff's response to each Interrogatory.  To the extent that Plaintiff responds to any Interrogatory covered by these General Objections and any specific objections, Plaintiff's response is without waiver of those objections.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

IDENTIFY all Amazon storefronts managed, owned and/or operated by YOU, in part or otherwise, since January 1, 2016.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff objects to this Interrogatory on grounds of relevance, as liability on Plaintiff's claims turns on TP-Link's conduct, and not the Amazon storefronts that Plaintiff "managed, owned and/or operated … in part or otherwise."  Plaintiff further objects to the term "in part or otherwise" as vague and ambiguous.  Plaintiff further objects to the definition of "YOU" as overbroad, and interprets it to mean Thimes Solutions Inc.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:  Plaintiff's Amazon storefront is "Universal Goods & Sales."

**INTERROGATORY NO. 2:**

IDENTIFY all Amazon storefronts managed, owned and/or operated by Avraham Eisenberg, in part or otherwise, since January 1, 2016.

1   **RESPONSE TO INTERROGATORY NO. 2:**

2        Plaintiff objects to this Interrogatory on grounds of relevance, as liability on

3   Plaintiff's claims turns on TP-Link's conduct, and not the Amazon storefronts that

4   Avraham Eisenberg "managed, owned and/or operated … in part or otherwise."  .

5   Plaintiff further objects to the term "in part or otherwise" as vague and ambiguous.

6        Subject to and without waiving the foregoing objections, Plaintiff responds as

7   follows:  Plaintiff's Amazon storefront is "Universal Goods & Sales."

8   **INTERROGATORY NO. 3:**

9        With respect to any Amazon storefront operated by YOU, IDENTIFY each

10  communication YOU received from Amazon since January 1, 2016, for

11  inadequate/inaccurate product descriptions, negative customer feedbacks, warnings,

12  complaints, suspensions, removals and/or expulsions.

13  **RESPONSE TO INTERROGATORY NO. 3:**

14       Plaintiff objects to the definition of "YOU" as overbroad, and interprets it to

15  mean Thimes Solutions Inc.  Plaintiff further objects to the terms

16  "inadequate/inaccurate product descriptions," "negative customer feedbacks,"

17  "warnings," and "complaints" as vague and ambiguous.  Plaintiff further objects to

18  this Interrogatory on grounds of relevance, to the extent it seeks information about

19  any Amazon storefront operated by Plaintiff that is not at issue in this case.  Plaintiff

20  further objects that any relevance of identifying "each" communication it received

21  from Amazon since January 1, 2016 for "inadequate/inaccurate product descriptions,

22  negative customer feedbacks, warnings, complaints, suspensions, removals and/or

23  expulsions" is minimal, is greatly outweighed by the burden of tracking down all

24  such communications, and on that ground, is disproportional to the needs of the

25  case, considering the parties' resources, the importance of the discovery in resolving

26  the issues, and whether the burden or expense of the proposed discovery outweighs

27  its likely benefit.  Plaintiff will only identify the e-mails it received from Amazon

28  containing warnings or complaints of intellectual property infringement (such as

THIMES RESPONSE TO
AMAZZIA FIRST ROGS
CASE NO. 2:19-CV-10374-SB-E

1   trademark infringement or counterfeiting), suspensions, removals, or expulsion.

2   Plaintiff further objects to the definition of "YOU" as overbroad, and interprets it to

3   mean Thimes Solutions Inc.

4          Subject to and without waiving the foregoing objections, Plaintiff responds as

5   follows:  Plaintiff received e-mails from Amazon on the following dates concerning

6   Defendants' accusation of Plaintiff selling counterfeit goods or engaging in

7   trademark infringement: January 19, 2018; January 21, 2018; February 28, 2018;

8   March 2, 2018; March 3, 2018; March 10, 2018; March 13, 2018; March 21, 2018;

9   March 31, 2018; April 2, 2018; April 5, 2018; April 6, 2018; April 7, 2018; April 9,

10  2018; April 10, 2018; April 11, 2018; April 12, 2018; April 24, 2018; April 25,

11  2018; April 26, 2018; April 30, 2018; May 28, 2018; May 30, 2018; June 7, 2018;

12  and June 21, 2018.

13         Plaintiff also received an e-mail from Amazon on May 7, 2018 notifying

14  Plaintiff about Amazon's suspension of Plaintiff for alleged infringement of

15  intellectual property rights.

16         Plaintiff also received an e-mail from Amazon on August 27, 2018 notifying

17  Plaintiff that it had been permanently expelled from the Amazon marketplace.

18         Plaintiff also received an e-mail from Amazon containing a Notice of

19  Intellectual Property Rights Infringement on January 13, 2017, and a subsequent e-

20  mail on October 19, 2017 stating that Amazon had reinstated that content following

21  Plaintiff's appeal.  Plaintiff also received e-mails from Amazon on June 26, 2017

22  and May 11, 2018 containing a Notice of Intellectual Property Rights Infringement.

23  Plaintiff additionally received e-mails from Amazon containing a notice of

24  trademark infringement on the following dates: May 31, 2018; June 24, 2018, and

25  August 22, 2018.  Plaintiff also received e-mails from Amazon regarding purported

26  counterfeit Prevagen products on June 9, 2018, June 10, 2018, June 21, 2018, and

27  June 23, 2018.

28

**INTERROGATORY NO. 4:**

With respect to any Amazon storefront operated by YOU, IDENTIFY each complaint YOU received from Amazon since January 1, 2016, about authenticity of products sold or offered for sale by YOU.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff objects to the definition of "YOU" as overbroad, and interprets it to mean Thimes Solutions Inc.  Plaintiff further objects to this Interrogatory on grounds of relevance, to the extent it seeks information about any Amazon storefront operated by Plaintiff that is not at issue in this case.  Plaintiff will construe this Interrogatory as requesting the identification of communications received from Amazon concerning Thimes Solutions, Inc. dba Universal Goods & Sales.  Plaintiff further objects to the definition of "YOU" as overbroad, and interprets it to mean Thimes Solutions Inc.  Plaintiff also objects to the term "authenticity" as vague and ambiguous and will interpret that term to refer to accusations of trademark infringement or counterfeiting.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:  Plaintiff received an e-mails from Amazon on the following dates concerning Defendants' accusation of Plaintiff selling counterfeit goods or engaging in trademark infringement: January 19, 2018; January 21, 2018; February 28, 2018; March 2, 2018; March 3, 2018; March 10, 2018; March 13, 2018; March 21, 2018; March 31, 2018; April 2, 2018; April 5, 2018; April 6, 2018; April 7, 2018; April 9, 2018; April 10, 2018; April 11, 2018; April 12, 2018; April 24, 2018; April 25, 2018; April 26, 2018; April 30, 2018; May 28, 2018; May 30, 2018; June 7, 2018; and June 21, 2018.  Plaintiff also received an e-mail from Amazon on May 11, 2018 regarding the authenticity of a non-TP Link product that it was listing.  Plaintiff also received e-mails from Amazon regarding purported counterfeit Prevagen products on June 9, 2018, June 10, 2018, June 21, 2018, and June 23, 2018.

THIMES RESPONSE TO
AMAZZIA FIRST ROGS
CASE NO. 2:19-CV-10374-SB-E

**INTERROGATORY NO. 5:**

IDENTIFY all seller(s) or supplier(s) from whom YOU purchased TP-Link products since January 1, 2016.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff objects to the definition of "YOU" as overbroad, and interprets it to mean Thimes Solutions Inc.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows:  Plaintiff purchased TP-Link branded products from The Surplus Company and Imaginari Wholesale Products.

**INTERROGATORY NO. 6:**

With respect to any Amazon storefront operated by YOU, IDENTIFY each complaint YOU received from Amazon since January 1, 2016, about intellectual property violations, including but not limited to trademark/patent/copyright infringement or counterfeit products.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff objects to the definition of "YOU" as overbroad, and interprets it to mean Thimes Solutions Inc.  Plaintiff further objects to this Interrogatory on grounds of relevance, to the extent it seeks information about any Amazon storefront operated by Plaintiff that is not at issue in this case.  Plaintiff will construe this Interrogatory as requesting the identification of communications received from Amazon concerning Thimes Solutions, Inc. dba Universal Goods & Sales.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Plaintiff received an e-mails from Amazon on the following dates concerning Defendants' accusation of Plaintiff selling counterfeit goods or engaging in trademark infringement: January 19, 2018; January 21, 2018; February 28, 2018; March 2, 2018; March 3, 2018; March 10, 2018; March 13, 2018; March 21, 2018; March 31, 2018; April 2, 2018; April 5, 2018; April 6, 2018; April 7, 2018; April 9,

- 6 -

2018; April 10, 2018; April 11, 2018; April 12, 2018; April 24, 2018; April 25, 2018; April 26, 2018; April 30, 2018; May 28, 2018; May 30, 2018; June 7, 2018; and June 21, 2018.

Plaintiff also received an e-mail from Amazon on May 7, 2018 notifying Plaintiff about Amazon's suspension of Plaintiff for alleged infringement of intellectual property rights.

Plaintiff also received an e-mail from Amazon on August 27, 2018 notifying Plaintiff that it had been permanently expelled from the Amazon marketplace.

Plaintiff also received an e-mail from Amazon containing a Notice of Intellectual Property Rights Infringement on January 13, 2017, and a subsequent e-mail on October 19, 2017 stating that Amazon had reinstated that content following Plaintiff's appeal.  Plaintiff also received e-mails from Amazon on June 26, 2017 and May 11, 2018 containing a Notice of Intellectual Property Rights Infringement. Plaintiff additionally received e-mails from Amazon containing a notice of trademark infringement on the following dates: May 31, 2018; June 24, 2018, and August 22, 2018.  Plaintiff also received e-mails from Amazon regarding purported counterfeit Prevagen products on June 9, 2018, June 10, 2018, June 21, 2018, and June 23, 2018.

**INTERROGATORY NO. 7:**

With respect to any Amazon storefront operated by YOU, IDENTIFY all negative customer reviews from Amazon purchasers since January 1, 2016.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff objects to the definition of "YOU" as overbroad, and interprets it to mean Thimes Solutions Inc.  Plaintiff further objects to this Interrogatory to the extent it seeks information solely in the possession of third parties.  Plaintiff further objects that any relevance of identifying "each" "negative customer review" it received from Amazon since January 1, 2016 for any product (and regardless of the context of the review itself) is minimal, is greatly outweighed by the burden of

1  tracking down all such communications, and on that ground, is disproportional to the

2  needs of the case, considering the parties' resources, the importance of the discovery

3  in resolving the issues, and whether the burden or expense of the proposed discovery

4  outweighs its likely benefit.  Plaintiff also objects that as vague and ambiguous as to

5  what could constitute a "negative customer review."

6      Subject to and without waiving the foregoing objections, Plaintiff states that it

7  no longer has access to its Amazon Marketplace account and therefore is unable to

8  answer this Interrogatory.

9  **INTERROGATORY NO. 8:**

10      With respect to any Amazon storefront operated by YOU, IDENTIFY all

11  product returns from Amazon purchasers since January 1, 2016.

12  **RESPONSE TO INTERROGATORY NO. 8:**

13      Plaintiff objects to this Interrogatory on grounds of relevance, to the extent it

14  seeks information about products not at issue in this litigation.  Plaintiff will

15  construe this Interrogatory as requesting the identification of product returns from

16  customers who purchased TP-Link branded wireless router products from Plaintiff

17  on the Amazon Marketplace.  Plaintiff further objects to the definition of "YOU" as

18  overbroad, and interprets it to mean Thimes Solutions Inc.  Plaintiff further objects

19  to this Interrogatory to the extent it seeks information solely in the possession of

20  third parties.  Plaintiff further objects that any relevance of identifying "each"

21  product return it received from Amazon customers since January 1, 2016 for any

22  product (and regardless of the stated reason for the return) is minimal, is greatly

23  outweighed by the burden of tracking down all such communications, and on that

24  ground, is disproportional to the needs of the case, considering the parties'

25  resources, the importance of the discovery in resolving the issues, and whether the

26  burden or expense of the proposed discovery outweighs its likely benefit.

27      Subject to and without waiving the foregoing objections, Plaintiff states that it

28  no longer has access to its Amazon Marketplace account and therefore is unable to

THIMES RESPONSE TO
AMAZZIA FIRST ROGS
CASE NO. 2:19-CV-10374-SB-E

1  answer this Interrogatory.

2  **INTERROGATORY NO. 9:**

3       IDENTIFY all facts RELATING to YOUR allegation that TP-Link products

4  sold or offered for sale by YOU on Amazon were "authentic TP-Link products," as

5  that term is used by YOU in Paragraph 38 of the COMPLAINT.

6  **RESPONSE TO INTERROGATORY NO. 9:**

7       Plaintiff objects to this Interrogatory as overbroad and unduly burdensome to

8  the extent it requires the identification of "all" facts relating to Plaintiff's allegation.

9  Plaintiff will construe this Interrogatory as requesting the identification of "all

10  material facts" supporting the allegation at issue.  Plaintiff further objects to the

11  definition of "YOUR" as overbroad, and interprets it to mean Thimes Solutions Inc.

12       Subject to and without waiving the foregoing objections, Plaintiff responds as

13  follows:  Plaintiff buys its TP-Link branded products in the manufacturer's original

14  packaging and does not repackage, modify, or otherwise change the product for

15  resale.  On January 8, 2018, Plaintiff purchased 360 TP-Link AC5400 Routers from

16  The Surplus Company, whom Plaintiff has dealt with extensively.  Plaintiff had in

17  its possession approximately 100 of those TP-Link routers, and confirmed that each

18  was sealed in the manufacturer's original packaging.

19  **INTERROGATORY NO. 10:**

20       IDENTIFY all facts RELATING to YOUR allegation in Paragraph 38 of the

21  COMPLAINT that TP-Link products sold or offered for sale by YOU on Amazon

22  were "lawfully" acquired.

23  **RESPONSE TO INTERROGATORY NO. 10:**

24       Plaintiff objects to this Interrogatory as overbroad and unduly burdensome to

25  the extent it requires the identification of "all" facts relating to Plaintiff's allegation.

26  Plaintiff will construe this Interrogatory as requesting the identification of "all

27  material facts" supporting the allegation at issue.  Plaintiff further objects to the

28  definition of "YOU" and "YOUR" as overbroad, and interprets them to mean

THIMES RESPONSE TO
AMAZZIA FIRST ROGS
CASE NO. 2:19-CV-10374-SB-E

1  Thimes Solutions Inc.

2       Subject to and without waiving the foregoing objections, Plaintiff responds as

3  follows:  Plaintiff buys its TP-Link branded products from resellers or distributors

4  who had lawfully acquired TP-Link branded products for re-sale.

5  **INTERROGATORY NO. 11:**

6       With respect to any Amazon storefront operated by YOU, IDENTIFY all

7  communications between YOU and Amazon regarding any complaints filed against

8  YOU for counterfeit product, inauthentic product, trademark infringement and/or

9  intellectual property infringement violation.

10  **RESPONSE TO INTERROGATORY NO. 11:**

11      Plaintiff objects to this Interrogatory as overbroad and unduly burdensome to

12  the extent it requires the identification of "all facts" relating to Plaintiff's allegation.

13  Plaintiff will construe this Interrogatory as requesting the identification of "all

14  material facts" supporting the allegation at issue.  Plaintiff further objects to the

15  definition of "YOU" as overbroad, and interprets it to mean Thimes Solutions Inc.

16      Subject to and without waiving the foregoing objections, Plaintiff responds as

17  follows:  Plaintiff received an e-mails from Amazon on the following dates

18  concerning Defendants' accusation of Plaintiff selling counterfeit goods or engaging

19  in trademark infringement: January 19, 2018; January 21, 2018; February 28, 2018;

20  March 2, 2018; March 3, 2018; March 10, 2018; March 13, 2018; March 21, 2018;

21  March 31, 2018; April 2, 2018; April 5, 2018; April 6, 2018; April 7, 2018; April 9,

22  2018; April 10, 2018; April 11, 2018; April 12, 2018; April 24, 2018; April 25,

23  2018; April 26, 2018; April 30, 2018; May 28, 2018; May 30, 2018; June 7, 2018;

24  and June 21, 2018.

25      Plaintiff also received an e-mail from Amazon on May 7, 2018 notifying

26  Plaintiff about Amazon's suspension of Plaintiff for alleged infringement of

27  intellectual property rights.

28      Plaintiff also received an e-mail from Amazon on August 27, 2018 notifying

- 10 -

1  Plaintiff that it had been permanently expelled from the Amazon marketplace.

2      Plaintiff also received an e-mail from Amazon containing a Notice of

3  Intellectual Property Rights Infringement on January 13, 2017, and a subsequent e-

4  mail on October 19, 2017 stating that Amazon had reinstated that content following

5  Plaintiff's appeal.  Plaintiff also received e-mails from Amazon on June 26, 2017

6  and May 11, 2018 containing a Notice of Intellectual Property Rights Infringement.

7  Plaintiff additionally received e-mails from Amazon containing a notice of

8  trademark infringement on the following dates: May 31, 2018; June 24, 2018, and

9  August 22, 2018.  Plaintiff also received e-mails from Amazon regarding purported

10  counterfeit Prevagen products on June 9, 2018, June 10, 2018, June 21, 2018, and

11  June 23, 2018.

12  **INTERROGATORY NO. 12:**

13      IDENTIFY all TP-Link products YOU had in YOUR possession on August

14  26, 2018.

15  **RESPONSE TO INTERROGATORY NO. 12:**

16      Plaintiff objects to the definition of "YOU" and "YOUR" as overbroad, and

17  interprets them to mean Thimes Solutions Inc.

18      Subject to and without waiving the foregoing objection, Plaintiff responds that

19  due to it no longer having access to its Amazon account, it is presently unable to

20  reconstruct its Amazon product inventory as of August 26, 2018 and therefore is

21  unable to answer this Interrogatory.

22  **INTERROGATORY NO. 13:**

23      IDENTIFY all products YOU had in YOUR possession for sale on Amazon

24  as of August 26, 2018.

25  **RESPONSE TO INTERROGATORY NO. 13:**

26      Plaintiff objects to this Interrogatory as overbroad and unduly burdensome

27  and on grounds of relevance, to the extent it seeks identification of products not at

28  issue in this litigation.  Plaintiff will construe this Interrogatory as requesting the

- 11 -

1    identification of TP-Link branded wireless router products Plaintiff had in its

2    possession was offering for sale on the Amazon Marketplace as of August 26, 2018.

3    Plaintiff further objects to the definition of "YOU" and "YOUR" as overbroad, and

4    interprets them to mean Thimes Solutions Inc.

5         Subject to and without waiving the foregoing objection, Plaintiff responds that

6    due to it no longer having access to its Amazon account, it is presently unable to

7    reconstruct its Amazon product inventory as of August 26, 2018 and therefore is

8    unable to answer this Interrogatory.

9    **INTERROGATORY NO. 14:**

10         With regard to each TP-Link product YOU had in inventory to sell on

11    Amazon but could not because of YOUR "permanent expulsion as a seller on the

12    Amazon website, effective on or about August 27, 2018," as alleged by YOU in

13    Paragraph 18 of the COMPLAINT, IDENTIFY each and every effort YOU made to

14    sell those products since August 27, 2018.

15    **RESPONSE TO INTERROGATORY NO. 14:**

16         Plaintiff objects to the term "IDENTIFY each and every effort YOU made" as

17    vague and ambiguous.  Plaintiff further objects to the definition of "YOU" and

18    "YOUR" as overbroad, and interprets them to mean Thimes Solutions Inc.

19         Subject to and without waiving the foregoing objections, Plaintiff responds as

20    follows:  Plaintiff engaged in repeated efforts to liquidate all of its inventory from

21    August 27, 2018 onward, and engaged in various sales with various buyers of its

22    remaining inventory.  Plaintiff also states that the answer to this Interrogatory may

23    be determined by examining, auditing, compiling, abstracting, or summarizing

24    Plaintiff's business records and that the burden of deriving or ascertaining the

25    answer will be substantially the same for either party.  Accordingly, Plaintiff

26    exercises its right under FRCP 33(d) and directs Amazzia to the documents with the

27    bates number THIMES00086 – 126.

28

**INTERROGATORY NO. 15:**

With regard to each product YOU had in inventory to sell on Amazon but could not because of YOUR "permanent expulsion as a seller on the Amazon website, effective on or about August 27, 2018," as alleged by YOU in Paragraph 18 of the COMPLAINT, IDENTIFY each and every effort YOU made to sell the same since August 27, 2018.

**RESPONSE TO INTERROGATORY NO. 15:**

Plaintiff objects to this Interrogatory as overbroad and unduly burdensome and on grounds of relevance, to the extent it seeks information concerning products not at issue in this litigation. Plaintiff further objects to the definition of "YOU" and "YOUR" as overbroad, and interprets them to mean Thimes Solutions Inc.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff engaged in repeated efforts to liquidate all of its inventory from August 27, 2018 onward, and engaged in various sales with various buyers of its remaining inventory. Plaintiff also states that the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Plaintiff's business records and that the burden of deriving or ascertaining the answer will be substantially the same for either party. Accordingly, Plaintiff exercises its right under FRCP 33(d) and directs Amazzia to the documents with the bates number THIMES00086 – 126.

**INTERROGATORY NO. 16:**

With regard to each product YOU had in inventory to sell on Amazon but could not because of YOUR "permanent expulsion as a seller on the Amazon website, effective on or about August 27, 2018," as alleged by YOU in Paragraph 18 of the COMPLAINT, IDENTIFY each such product YOU still have in YOUR possession.

**RESPONSE TO INTERROGATORY NO. 16:**

Plaintiff objects to this Interrogatory as overbroad and unduly burdensome

and on grounds of relevance, to the extent it seeks information concerning products not at issue in this litigation.  Plaintiff further objects to the definition of "YOU" and "YOUR" as overbroad, and interprets them to mean Thimes Solutions Inc.

Subject to and without waiving the foregoing objections, Plaintiff responds that the answer to this Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Plaintiff's business records and that the burden of deriving or ascertaining the answer will be substantially the same for either party.  Accordingly, Plaintiff exercises its right under FRCP 33(d) and directs Amazzia to the document with the bates number THIMES000085.

**INTERROGATORY NO. 17:**

IDENTIFY all facts and circumstances supporting YOUR allegation that YOU "exhausted all possible administrative options at Amazon," as alleged by YOU in Paragraph 51 of the COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 17:**

Plaintiff objects to this Interrogatory as overbroad and unduly burdensome to the extent it requires the identification of "all facts" relating to Plaintiff's allegation. Plaintiff will construe this Interrogatory as requesting the identification of "all material facts" supporting the allegation at issue.  Plaintiff further objects to the definition of "YOU" and "YOUR" as overbroad, and interprets them to mean Thimes Solutions Inc.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:  Plaintiff followed all processes and procedures to appeal Amazon's decision to suspend Plaintiff's right to sell products on the Amazon Marketplace on May 7, 2018, and Amazon reinstated Plaintiff's account.

**INTERROGATORY NO. 18:**

IDENTIFY all facts and circumstances evidencing "loss of profits" and "lost good will" suffered by YOU, as alleged by YOU in Paragraph 71 of the COMPLAINT.

THIMES RESPONSE TO
AMAZZIA FIRST ROGS
CASE NO. 2:19-CV-10374-SB-E

**RESPONSE TO INTERROGATORY NO. 18:**

Plaintiff objects to this Interrogatory as overbroad and unduly burdensome to the extent it requires the identification of "all" facts relating to Plaintiff's allegations.  Plaintiff will construe this Interrogatory as requesting the identification of "all material facts" supporting the allegations at issue.  Plaintiff further objects to the definition of "YOU" as overbroad, and interprets it to mean Thimes Solutions Inc.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:  Plaintiff showed net profits of $368,000 in the six months preceding its expulsion from the Amazon Marketplace in August 2018.  As of the time of Amazon's expulsion of Plaintiff in August 2018, Plaintiff was generating $400,000 to $500,000 in monthly revenue, with an approximate 20% net margin, from its sales on the Amazon Marketplace.  In addition, as a result of its expulsion from the Amazon Marketplace, Thimes ultimately suffered between $250,000 to $500,000 in losses in having to liquidate its inventory below cost, and could not access its funds in Amazon's hands (about $80,000). In addition, Plaintiff's expulsion deprived Plaintiff of the right to market and transact a broad range of products on the Amazon Marketplace, including Plaintiff's entitlement to sell a range of products as an established third-party seller that is not available to less established sellers, based on Amazon's policies.

**INTERROGATORY NO. 19:**

IDENTIFY all facts and circumstances RELATING to YOUR allegation that YOU "appealed and got reinstated from the May 7th suspension," as alleged by YOU in Paragraph 44 of the COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 19:**

Plaintiff objects to this Interrogatory as overbroad and unduly burdensome to the extent it requires the identification of "all" facts relating to Plaintiff's allegation. Plaintiff will construe this Interrogatory as requesting the identification of "all

material facts" supporting the allegation at issue.  Plaintiff further objects to the

definition of "YOU" and "YOUR" as overbroad, and interprets them to mean

Thimes Solutions Inc.

Subject to and without waiving the foregoing objections, Plaintiff responds as

follows:  Plaintiff followed all processes and procedures to appeal Amazon's

decision to suspended Plaintiff's right to sell products on the Amazon Marketplace

on May 7, 2018, and Amazon reinstated Plaintiff's account.

**INTERROGATORY NO. 20:**

If YOU contend that a purchaser of TP-Link products sold by YOU receives

the same rights under the manufacturer's warranty that a purchaser who purchased a

TP-Link product from an authorized reseller would receive, please state all facts that

support YOUR contention.

**RESPONSE TO INTERROGATORY NO. 20:**

Plaintiff objects to this Interrogatory as overbroad and unduly burdensome to

the extent it requires the statement of "all" facts supporting Plaintiff's contention.

Plaintiff will construe this Interrogatory as requesting the statement of "all material

facts" supporting the contention at issue.  Plaintiff further objects to the definition of

"YOU" and "YOUR" as overbroad, and interprets them to mean Thimes Solutions

Inc.

Subject to and without waiving the foregoing objections, Plaintiff responds as

follows:  the TP-Link branded wireless router products Plaintiff offers for sale on

the Amazon Marketplace convey the same manufacturer's warranty offered on

products sold by TP-Link's authorized distributors and retailers, because section

369-b of New York's General Business Law "prevent[s] denial of manufacturer

warranty service to customers ... because goods were sold by unauthorized dealers."

*Bel Canto Design, Ltd. v. MSS Hifi, Inc.*, 837 F. Supp.2d 208, 228 (S.D.N.Y. 2011)

("Abuse may arise if the manufacturer seeks to avoid an express warranty because

the 'wrong' dealer sold the goods ... this is the evil at which [GBL] 369-b is

THIMES RESPONSE TO
AMAZZIA FIRST ROGS
CASE NO. 2:19-CV-10374-SB-E

aimed.").  All TP-Link branded wireless products sold by Plaintiff were purchased by it, in a factory-sealed condition, from a distributor or reseller of TP-Link branded wireless products who had lawfully acquired such products for re-sale, and were then subsequently re-sold by Plaintiff in a factory-sealed condition.

Plaintiff will supplement this Interrogatory response as appropriate after discovery is substantially complete.

**INTERROGATORY NO. 21:**

Please describe with specificity how YOU contend that YOU have been damaged by the alleged unlawful acts and/or omissions of AMAZZIA as alleged in YOUR COMPLAINT, including, but not limited to, how YOU calculate YOUR damages.

**RESPONSE TO INTERROGATORY NO. 21:**

Plaintiff objects to the definition of "YOU" and "YOUR" as overbroad, and interprets them to mean Thimes Solutions Inc.  Plaintiff further objects to this Interrogatory as premature because Plaintiff has not yet completed discovery, investigation, or consultation with experts in this matter.  Discovery is ongoing, and Plaintiff will provide through its expert witness(es) detailed information regarding its calculation of damages.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:  Plaintiff's Amended Fifth Amended Complaint (ECF No. 178) describes the factual basis for Plaintiff's claim for interference with existing and prospective business relationships.  Thimes has had an established economic relationship with Amazon since 2016, sold over 175,000 products on the Amazon Marketplace with a 98% lifetime positive feedback rating, and had $2 million in sales during the first six months of 2018.  Amazzia knew of Thimes's successful sales on the Amazon Marketplace, as evidenced by Amazzia's entering into the Amazon Brand Protection Agreement with TP-Link for the specific purpose of eliminating third-party resellers—like Thimes—of TP-Link branded products on

the Amazon Marketplace.  Amazzia submitted 28 complaints to Amazon, per instruction from TP-Link, alleging that Thimes was selling counterfeit products for the specific purpose of disrupting and stopping Thimes's sales on the Amazon Marketplace.  Amazzia has admitted that it submitted the 28 complaints to Amazon with the goal of "[i]mmediate removal of the seller's offer of this counterfeit product."

Amazzia's conduct also constitutes trade libel, as each of the 28 complaints it submitted to Amazon alleging that Thimes was selling counterfeit products constitutes a disparaging statement that was published to others in writing and induced Amazon not to deal with Plaintiff, and is libel per se under California law.

As a result of the complaints submitted by Amazia, Amazon suspended and expelled Thimes from the Amazon Marketplace.  Plaintiff has been damaged by Amazzia's conduct because Plaintiff has not been able to sell its aging inventory, access its funds stored with Amazon, and continue its profitable sales track record on the Amazon Marketplace.

Plaintiff will supplement this Interrogatory response as appropriate after discovery is substantially complete.

**INTERROGATORY NO. 22:**

Please describe with specificity all actions YOU took and efforts YOU made to sell TP-Link products via alternative methods after Amazon expelled YOU as a seller on its website.

**RESPONSE TO INTERROGATORY NO. 22:**

Plaintiff objects to this Interrogatory as duplicative of Interrogatory No. 14. Plaintiff further objects to the definition of "YOU" as overbroad, and interprets it to mean Thimes Solutions Inc.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:  Plaintiff engaged in repeated efforts to liquidate all of its inventory from August 27, 2018 onward, and engaged in various sales with various buyers of its

1  remaining inventory.  Plaintiff also states that the answer to this Interrogatory may

2  be determined by examining, auditing, compiling, abstracting, or summarizing

3  Plaintiff's business records and that the burden of deriving or ascertaining the

4  answer will be substantially the same for either party.  Accordingly, Plaintiff

5  exercises its right under FRCP 33(d) and directs Amazzia to the documents with the

6  bates number THIMES00086 – 126.

7  **INTERROGATORY NO. 23:**

8      Please describe with specificity all steps YOU took to ensure that the TP-Link

9  products that YOU attempted to sell on Amazon were stored and transported in

10  accordance with TP-Link's requirements for authorized resellers.

11  **RESPONSE TO INTERROGATORY NO. 23:**

12      Plaintiff objects to this Interrogatory on grounds of relevance, as Plaintiff did

13  not enter into any distributorship (or similar) agreement with TP-Link, nor are such

14  purported requirements relevant to Plaintiff's claims.  Plaintiff further objects the

15  terms "stored and transported" and "TP-Link's requirements for authorized

16  resellers" as vague and ambiguous.  Plaintiff further objects to the definition of

17  "YOU" as overbroad, and interprets it to mean Thimes Solutions Inc.

18  **INTERROGATORY NO. 24:**

19      If YOU contend that nothing but the "complaints" filed against YOU by

20  AMAZZIA or TP-LINK caused YOUR "permanent expulsion as a seller on the

21  Amazon website, effective on or about August 27, 2018," as alleged by YOU in

22  Paragraph 18 of the COMPLAINT, IDENTIFY each and every fact to support

23  YOUR contention.

24  **RESPONSE TO INTERROGATORY NO. 24:**

25      Plaintiff objects to this Interrogatory as overbroad and unduly burdensome to

26  the extent it requires the identification of "each and every fact" in support of

27  Plaintiff's contention.  Plaintiff will construe this Interrogatory as requesting the

28  identification of "all material facts" supporting the contention at issue.  Plaintiff also

1   objects to this Interrogatory as premature because discovery only recently

2   commenced.  Plaintiff further objects to the term "nothing but the 'complaints' filed

3   against you" as vague and ambiguous.  Plaintiff further objects to the definition of

4   "YOU" and "YOUR" as overbroad, and interprets them to mean Thimes Solutions

5   Inc.

6

7    Dated:  July 7, 2022                               GAW | POE LLP

8                                                       By:

9                                                            Randolph Gaw
                                                            Attorneys for Plaintiff
10                                                          Thimes Solutions Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THIMES RESPONSE TO
AMAZZIA FIRST ROGS
CASE NO. 2:19-CV-10374-SB-E

1

## <u>VERIFICATION</u>

2       I, Avraham Eisenberg, declare that I am authorized to make this verification

3   on behalf of Plaintiff Thimes Solutions Inc.  I have read **THIMES SOLUTIONS**

4   **INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT AUCTION**

5   **BROTHERS, INC. d/b/a AMAZZIA'S FIRST SET OF**

6   **INTERROGATORIES**, know their contents, and certify that the same are true of

7   my own knowledge, and as to those things of which I do now have personal

8   knowledge, I am informed and believe them to be true.

9       I declare under penalty of perjury under the laws of the United States of

10  America that the foregoing is true and correct, and this verification was executed on

11  July 5, 2022, at Monsey, New York.

12

13                                                          *Avraham Eisenberg*

14  _____

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EISENBERG VERIFICATION
CASE NO. 2:19-CV-10374-SB-E

# CERTIFICATE OF SERVICE

I am over 18 years of age and not a party to the action.  I hereby certify that on July 7, 2022, I served the following document(s) on the parties in the above-entitled action:

**THIMES SOLUTIONS INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT AUCTION BROTHERS, INC. d/b/a AMAZZIA'S FIRST SET OF INTERROGATORIES**

**Via E-mail:**  The document(s) described above were transmitted by electronic mail to the addresses on record for the following parties and their counsel:

| | |
|---|---|
| Heather Auyang<br>Heather.Auyang@ltlattorneys.com<br>Prashanth Chennakesavan<br>Prashanth.Chennakesavan@ltlattorneys.com<br>Patice Gore<br>patice.gore@ltlattorneys.com | Joshua A. Waldman<br>jwaldman@bkcglaw.com<br>M. Michelle Rohani<br>mrohani@bkcglaw.com |
| LTL Attorneys LLP<br>600 California St. \| 15th Floor<br>San Francisco, California 94108 | Burkhalter Kessler Clement &<br>George LLP<br>2020 Main Street, Suite 600<br>Irvine, CA 92614 |
| Attorneys for Defendant<br>TP Link USA Corporation | Attorneys for Defendant<br>Auction Brothers, Inc. |

I declare under penalty of perjury that the foregoing is a true and correct statement.

Dated:  July 7, 2022

Randolph Gaw

PROOF OF SERVICE
CASE NO. 2:19-CV-10374-SB-E