CHRISTOPHER FROST, SBN 200336
chris@wgfcounsel.com
ASHLEY MORRIS, SBN 225455
ashley@wgfcounsel.com
WEINBERG GONSER FROST LLP
10866 Wilshire Blvd., Suite 1650
Los Angeles, CA 90024
Telephone: (424) 239-2851
Facsimile: (424) 238-3060

Attorneys for Defendant,
AUCTION BROTHERS, INC.
dba AMAZZIA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THIMES SOLUTIONS INC., <br><br> Plaintiff, <br><br> vs. <br><br> TP-LINK USA CORPORATION, and AUCTION BROTHERS, INC. d/b/a AMAZZIA, <br><br> Defendants. | Case No.: 2:19-CV-10374-SB-E <br><br> **DEFENDANT AUCTION BROTHERS, INC. dba AMAZZIA'S REPLY TO OPPOSITION TO MOTION AND MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE §877.6** |
| TP-LINK USA CORPORATION, <br><br> Counterclaimant, <br><br> vs. <br><br> THIMES SOLUTIONS INC., <br><br> Counter-Defendant. | **[Filed concurrently with Amazzia's Objections to Evidence]** |

TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

Defendant AUCTION BROTHERS, INC. doing business as AMAZZIA (hereinafter referred to as "Amazzia") hereby replies to Co-Defendant TP-LINK USA CORP.'s (hereinafter referred to as "TP-Link") opposition to Amazzia's Motion for Good Faith Settlement Determination with Plaintiff THIMES SOLUTIONS, INC. as follows:

- 1 -

1

2

### A. TP-Link Has the Burden of <u>Proving</u> the Thimes-Amazzia Settlement Was Not in Good Faith

3

4

5

6

7

8

9

The party asserting the lack of good faith in a settlement has the burden of proof on that issue. (Code Civ. Proc., §877.6, subd. (d).) Specifically, a non-settling party must prove, **through admissible evidence**, that the settlement is not in "good faith" and is "so far 'out of the ballpark' in relation to [the Tech-Bilt]] factors as to be inconsistent with the equitable objectives of the statute." *North County Contractor's Assn. v. Touchstone Ins. Serv.* (1994) 27 Cal. App. 4th 1085, 1091 (citing *Tech-Bilt, Inc. v. Woodward-Clyde & Associates* 38 Cal. 3d 488, 499-500.)

10

11

12

13

14

15

16

17

As set forth in further detail below, TP-Link fails to satisfy its burden of proof. TP-Link relies predominantly on allegations made in Plaintiff's Complaint, which is not admissible evidence. Unverified complaints are hearsay. TP-Link then submits a hearsay document of an alleged "expert report" which, similarly, only relies on the allegations made in Plaintiff's Complaint. Furthermore, the alleged report is unauthenticated and admittedly incomplete. "Tab 1" – which purports to contain information regarding the alleged expert's qualifications – is conveniently missing such that this Court cannot evaluate the alleged "expert's" credentials to provide opinions stated therein.

18

19

20

21

22

23

24

25

26

Finally, the posturing of a proprietor in a text message to another third party is similarly not evidence of either party's liability. In fact, the text thread is more revealing of a party's settlement tactics then any substantive matter related to liability. The recent substitution of counsel – who was able to resolve this claim in one month's time – only speaks to the fact that any alleged "cooperation" with TP-Link was hindering resolution rather than facilitating resolution. Since encouraging settlements is an important policy of Section 877.6, and TP-Link has failed to submit any admissible evidence that Amazzia's settlement is "outside of the ballpark" (in light of all additional factors), Amazzia's motion should be granted.

27

28

**AMAZZIA'S REPLY TO OPPOSITION TO MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION**

**B. TP-Link Fails to Provide Admissible Evidence in Support of its Opposition**

To successfully oppose a motion for good faith settlement, a non-settling party must submit admissible evidence that the settlement is "outside of the ballpark" of potential liability, while also considering other interests of the parties including the desire to "avoid costs, delay, and uncertainty of litigation and a potential appeal." (*Bostick v. Flex Equipment Co., Inc.* (2007) 147 Cal. App. 4th 80, 123.) In this case, TP-Link provides no such admissible evidence.

   i.   <u>Allegations in Plaintiff's Complaint Are Not Evidence</u>

For a considerable amount of its opposition, TP-Link site to Plaintiff's allegations made in its Fifth Amended Complaint ("5AC") to establish the scope of potential liability. However, allegations of an unverified complaint may not be used as evidence against another party in the context of a contested motion, because "the complaint was unverified and therefore could not serve as an affidavit." (*Kern Pacific Corp. v. Second Generation Roofing Inc.* (2016) 247 Cal. App. 4th 117, 131 citing *Sheard v. Superior Court* (1974) 40 Cal. App. 3d 207, 212.) Thus, Plaintiff's allegations do nothing to support TP-Link's Opposition to the subject motion. That Plaintiff *prays* for millions in dollars of damage is not evidence that Plaintiff is *entitled to the recovery* of millions of dollars in damages. As such, the 5AC does nothing to establish the scope of liability or that the subject settlement was "outside the ballpark" of that potential liability.

   ii.   <u>A Third Party's Text Messages Are Irrelevant to Establishing Liability</u>

Next, TP-Link relies on the statements made by third parties to support an assertion that the potential exposure to liability is in the millions of dollars. Respectfully, TP-Link has failed to submit any evidence to suggest "Avraham Eisenberg (Thimes' sole

**AMAZZIA'S REPLY TO OPPOSITION TO MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION**

proprietor)" is doing anything more than posturing to a friend. Other than Mr. Eisenberg belief that he "[has] a really strong case", there is no admissible evidence submitted by TP-Link to show the defendants' *actual* liability.

Furthermore, the text thread reveals parties discussing settlement strategy, not exposure or liability, to which neither have revealed themselves as experts. The settlement strategy is described follows: "Basically you may get a headache for them to settle with you" and further strategy about the "headache" it is to "fight the mark abuse filing." Again, litigation strategy: "At some point, it who has enough money to take it farthest." The unrelated third party to this action concludes: "Wish I had a legitimate TP-link abuse or join in with 20K or so to help lawyers."

Ultimately, discussing aggressive litigation tactics to maximize settlement has nothing to do with the facts of any case. It is a known litigation strategy but has no bearing on whether the Thimes/Amazzia settlement is within the ballpark of Amazzia's potential liability. Therefore, under both federal and California evidentiary rules, it is irrelevant to this Court's analysis. "Relevant evidence" means "evidence…having any tendency in reason to prove or disprove **any disputed fact** that is of consequence to the determination of the action." (Cal. Evid. Code §210.) Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.

If the "fact" that purports to be supported by this text thread is that the potential liability to defendants is millions of dollars (which is a measure of damages, not evidence to support the other factors the claim), this text thread is not relevant to the *Tech-Bilt* factor. For purposes of this motion, we have no doubt that Plaintiff strongly believes in their case. However, in order to oppose this motion for good faith settlement determination, TP-Link must submit admissible evidence to establish the settlement is "outside the ballpark" of the potential *liability* — not just the potential scope of damages.

- 4 -

iii.    The Inadmissible "Expert Report" Does Not Establish Liability

TP-Link does not comply with either California or Federal rules of evidence in relation to the production of "expert report" that it neither generated by TP-Link, nor caused to be generated by its counsel. Furthermore, even if the report was properly authenticated, it does nothing more than provide an economic analysis of alleged financial losses based on the allegations in the complaint – which, as stated above, is not evidence. (In fact, TP-Link should be concerned that their argument relying on Plaintiff's report is tantamount to a judicial admission.)

Furthermore, the alleged "expert report" has been modified and makes it both untrustworthy and unreliable. At page 2 of the report, Dr. Goedde states: "my professional resume, which includes a summary of my testimony experience, is attached to this report under Tab 1." However, Tab 1 has been removed from the subject report leaving this Court with an inability to determine whether Dr. Goedde is appropriately qualified to render the opinions set forth within the report.[1]

Unauthenticated expert reports may only be submitted as evidence when the same evidence has been relied upon by the opposing party. (*AOP Ventures Inc. v. Steen Distribution LLC* 2016 EL 10586307, *4.) In this case, Amazzia has most certainly not relied upon, nor conceded, any opinion made by Dr. Goedde within his incomplete and unauthenticated report. Otherwise, TP-Link was required to obtain an affidavit of authenticating the subject report in order to be admitted as evidence in this matter. (*Estate of Nunez by and through Nunez v. County of San Diego* (2019) 381 F.Supp. 3d 1251, 1254-1255; see also Fed. Rules Evid. 901 and Fed. Rules. Civ. Proc. 56(e).)

Federal Rule of Evidence 802 provides that hearsay evidence is not admissible. Hearsay is offered "to prove the truth of the matter asserted." (Fed. Rule Evid. 801(c).)

---

[1] See also, Ammazia's concurrently filed Objections to Evidence.

**AMAZZIA'S REPLY TO OPPOSITION TO MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION**

1  TP-Link is utilizing the content of an unauthenticated report to prove the truth of the

2  matter asserted therein. It is the definition of hearsay and should be rejected by this Court.

3        Should the court consider the report at all, there is no information to allow this

4  Court to conclude that Dr. Goedde is a qualified expert as the report is devoid of his

5  curriculum vitae. Instead, the report provides conclusory statements that opinions are

6  based on the alleged expert's "own education, knowledge and experience." However, that

7  education, knowledge and experience is not described within the report.

8        Finally, the opinions made within the report only speak to the potential scope of

9  damages, but do not address all of the various factors that are required to be supported by

10  admissible evidence to establish state law interference and trade libel claims. Dr. Goedde

11  has neither been disclosed as an expert nor been deposed. His qualifications are unknown

12  and his opinions are unvetted. He has made no indication that the attached "expert report"

13  is full, complete and indicative of his final opinions. As such, it may not be relied upon

14  here as admissible evidence.

15

16  **C. TP-Link Submits No Evidence in Opposition to Amazzia's Substantive Facts**

17  **Regarding Liability**

18

19        TP-Link takes no issue with Amazzia's facts regarding a lack of liability, which

20  formulates the settling parties bases for resolving their dispute. As set forth in moving

21  papers, Amazzia asserts that it complied with Amazon's reporting policies when

22  providing contracted services on behalf of TP-Link. TP-Link does not dispute this

23  assertion. Instead, TP-Link uniquely requests that this Court modify Amazzia's motion

24  into a summary judgment motion for TP-Link's benefit. In short, if this Court believes

25  Amazzia's theory of a lack of liability, TP-Link to get the same consideration. However,

26  this Court is not required to make findings of fact conclusive on the parties. It is simply

27

28

- 6 -

reasonable to believe that a jury may conclude Amazzia's conduct was consistent with Amazon's policies and that it was neither wrongful nor libelous.

TP-Link has not submitted any admissible evidence that would compel this Court to find that – as a matter of law – Plaintiff *will* recover millions of dollars in damages for its claims. Pursuant to California Civil Jury Instruction (CACI) No. 2202, Plaintiff must prove that Amazzia's communications with Amazon was "wrongful". TP-Link does not assert that any conduct engaged in by TP-Link or Amazzia was "wrongful". Thus, TP-Link has not met its burden of proof in opposition to a motion for good faith settlement determination.

To support a claim for trade libel, Plaintiff will be required to establish (and TP-Link is required to submit admissible evidence of) a statement made that is "disparaging" of Plaintiff's products. Plaintiff/TP-Link are required to submit evidence that the statements made to Amazon were untrue and that Amazzia acted with "reckless disregard of the truth or falsity of the statement" and "knew or should have recognized that someone else might act in reliance upon the statement". (CACI No. 1731.) TP-Link has submitted no evidence to this Court to suggest that Amazzia engaged in any such conduct.

There is no dispute that Plaintiff was an unauthorized reseller of TP-Link products which did not carry the same warranty as products purchased through an authorized seller. There is no dispute that Plaintiff was selling TP-Link products as "new" despite the lack of warranty. There is no dispute that, under Amazon's policies, Plaintiff's advertising TP-Link products as "new" was inconsistent with Amazon policy.

There is no dispute that Amazon's "Anti-Counterfeiting Policy" prohibits products that infringe on another party's intellectual property rights which is inclusive of complaints of trademark infringement. These are described as "prohibited" products under Amazon's anti-counterfeiting policy. Amazzia has established that any reports made to Amazon were done consistent with Amazon's definitions, and how it defined inauthentic, prohibited or "counterfeit" products.

**AMAZZIA'S REPLY TO OPPOSITION TO MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION**

1  Whether Amazon's policies incorporate the legal definition of counterfeit is
2  irrelevant. Certainly, Amazzia's strict compliance with Amazon's policies and defined
3  terms does not give rise to "reckless disregard" of the truth.

4

5  **D. TP-Link Fails to Provide Any Evidence of "Collusion, fraud of tortious
6  conduct"**

7  Understandably, TP-Link is upset by a settlement between parties that it believed
8  was "working cooperatively" with Tp-Link.[2] However, the break with TP-Link to settle
9  the matter, which is also a public policy of Section 877.6, does not infer the presence of
10  collusion, fraud or tortious conduct. To suggest that it is "collusive" to have settlement
11  discussions outside of the presence of **all** parties to a lawsuit is not supported by any legal
12  authority whatsoever. In fact, "collusion" has only been considered when a settlement
13  agreement addresses settlement fund allocation. (See e.g., *Dillingham Const., N.A., Inc.*
14  *v. Nadel Partnership* (1998) 64 Cal. App. 4th 264, 286.)
15  Defendants settling around other non-settling defendants is routine and has been
16  dealt with extensively under the law regarding the availability of an offset. (See, e.g.,
17  *Turcon Construction, Inc. v. Norton-Villiers, Ltd.* (1983) 139 Cal. App. 3d 280, 282-283;
18  *Sanchez v. Bay General Hospital* (1981) 116 Cal. App. 3d 776, 796-797.)
19  As the court held in *Bostick, supra,* 147 Cal. App. 4th at 123, fn. 12:
20

21  Without even considering the possibility of retaining the benefit
22  of a high settlement, the plaintiff, in a multiple-dependent tort
23  case, may have **several substantial reasons to settle with**
24  **fewer than all of the defendants** in addition to incentives

25  ---
[2] To be clear, neither TP-Link nor Amazzia allege any formalized agreement that was violated. Rather,
26  as it is common with multiple defendants in a litigation, defendants acted – at times – based on their
common interests. However, as is also common with multiple defendants in the litigation, one party
27  "settled around" the other party. Parties were under no obligation – legal or otherwise – to globally settle
this matter and are well within their rights to have individual discussions with any plaintiff and to resolve
28  those claims at any time as it is within their client's best interests.

**AMAZZIA'S REPLY TO OPPOSITION TO MOTION FOR GOOD FAITH SETTLEMENT
DETERMINATION**

already mentioned. For example, and without suggesting that this a comprehensive list, such reasons might include: (1) the establishment of a "war chest" with which to prosecute the claim against the remaining defendants, (2) disposal of the claim as against the settling defendant who may have a lesser or questionable liability or limited financial resources, (3) obtaining the cooperation or assistance of the settling defendant with respect to discovery or evidentiary issues in the prosecution of the claim against the remaining defendants, and (4) receiving an immediate partial recovery on the claim without further risk, delay, or expense.

## E. TP-Link Cites Red Herrings to Distract This Court From TP-Link's Failure to Meet its Burden of Proof

In a last-ditch effort to oppose Amazzia's motion, TP-Link claims that the allowance of certain "discovery" should delay this Court's decision. As shown in TP-Link's Exhibit F (ECF 214-7), the requested discovery was served on August 3, 2022 and received full responses from Plaintiff on September 2, 2022 and, thereafter, on September 8, 2022 from Amazzia. Amazzia and Plaintiff produced all communications between the parties which showed no evidence of collusion or fraud. The fact that TP-Link relies on their unwillingness to engage in settlement communications as evidence of "collusion" defies the spirit of Section 877.6 which is meant to encourage settlements.

///
///
///
///
///
///
///

**AMAZZIA'S REPLY TO OPPOSITION TO MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION**

**F. TP-Link Has Not Been Prejudiced by Failure to Comply with Local Rule 7-3**

As was noted by this Court, Amazzia failed to submit a declaration noting that it had requested TP-Link to stipulate to the good faith nature of its settlement with Plaintiff. However, immediately after the Notice to Advise a Conditional Settlement was filed on August 2, 2022 (ECF 200-3), TP-Link served the discovery set forth in its opposition on the same date. The following day, TP-link filed an ex parte application for an order shortening time to compel discovery responses earlier than the statutory deadline. (ECF 202.) This Court denied TP-Link's request on August 4, 2022. (ECF 203.) Based on the actions of TP-Link, it was clear to Amazzia that TP-Link had no intention of allowing a good faith settlement determination to be the subject matter of the stipulation.

**G. TP-Link's Inflammatory Allegations and Back-Seat Managerial Opinions Regarding Amazzia's Financial Condition is Not Evidence**

Finally, TP-Link's assertions regarding the sealed records evidencing Amazzia's financial condition, including but not limited to allegations of "over-compensation", are absurd and without any direct knowledge or evidence. The machinations of what an attorney believes "makes little financial sense" is irrelevant, unfounded and inadmissible. It is an unfortunate symptom of a weak opposition that has no otherwise supportable evidence.

DATED: September 9, 2022             **WEINBERG GONSER FROST LLP**

                                     By:  _/s/ Christopher Frost_
                                          Christopher Frost
                                          Ashley Morris

                                          Attorneys for Defendant,
                                          AUCTION BROTHERS, INC. dba
                                          AMAZZIA

- 10 -

1

2

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on September 9, 2022, I caused a true and correct copy of the foregoing **DEFENDANT AUCTION BROTHERS, INC. dba AMAZZIA'S REPLY TO OPPOSITION TO MOTION AND MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE §877.6** to be served via electronic mail on the following:

Randolph Gaw
Mark Poe
Victor Meng
**GAW | POE LLP**
4 Embarcadero Center, Suite 1400
San Francisco, CA 9411
Email: rgaw@gawpoe.com
Email: mpoe@gawpoe.com
Email: vmeng@gawpoe.com


Mark Schlachet
**LAW OFFICE OF MARK SCHLACHET**
43 West 43rd Street, Suite 220
New York, NY 10036
Email: markschlachet@me.com


Caleb H. Liang
Heather F. Auyang
Joedat H. Tuffaha
Patice A. Gore
Prashanth Chennakesavan
**LTL ATTORNEYS**
300 South Grand Ave, 14th Fl.
Los Angeles, CA 90071
Email: caleb.liang@ltlattorneys.com
Email: heather.auyang@ltlattorneys.com
Email: joe.tuffaha@ltlattorneys.com
Email: patice.gore@ltlattorneys.com
Email: prashanth.chennakesavan@ltlattorneys.com

**AMAZZIA'S REPLY TO OPPOSITION TO MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION**

Joshua A. Waldman
Mahsa Michelle Rohani
Daniel Kessler
**BURKHALTER KESSLER CLEMENT & GEORGE LLP**
2020 Main Street, Suite 600
Irvine, CA 92614
Email: jwaldman@bkcglaw.com
Email: mrohani@bkcglaw.com
Email: dkessler@bkcglaw.com

By:   */s/ Jenni Bain*
        Jenni Bain
        Paralegal

AMAZZIA'S REPLY TO OPPOSITION TO MOTION FOR GOOD FAITH SETTLEMENT
DETERMINATION