LTL ATTORNEYS LLP
Joe H. Tuffaha (SBN 253723)
 joe.tuffaha@ltlattorneys.com
Prashanth Chennakesavan (SBN 284022)
 prashanth.chennakesavan@ltlattorneys.com
Heather F. Auyang (SBN 191776)
 heather.auyang@ltlattorneys.com
Patice A. Gore (SBN 258776)
 patice.gore@ltlattorneys.com
300 South Grand Ave., 14th Floor
Los Angeles, CA 90071
Tel: (213) 612-8900
Fax: (213) 612-3773

Attorneys for Defendant and
Counterclaimant TP-Link USA Corporation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS INC., <br><br> Plaintiff, <br><br> v. <br><br> TP-LINK USA CORPORATION, and AUCTION BROTHERS, INC. d/b/a AMAZZIA, <br><br> Defendants. | CASE NO.: 2:19-cv-10374-SB-E <br><br> **TP-LINK USA'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT** <br><br> Judge: Hon. Stanley Blumenfeld, Jr. <br><br> Date: Friday Oct. 7, 2022 <br> Time: 8:30 a.m. <br> Courtroom: 6C <br><br> Complaint Filed: May 29, 2019 <br> Amended 5th Amended <br> Complaint Filed: May 27, 2022 <br> Trial Date: Jan. 9, 2023 |

1  TP-LINK USA CORPORATION,
2
          Counterclaimant,
3
4     v.
5  THIMES SOLUTIONS INC.,
6
          Counter-Defendant.
7

No. 2:19-cv-10374-SB-E
TP-LINK USA'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that on October 7, 2022 at 8:30 a.m., or as soon thereafter as the parties may be heard, at the United States Courthouse located at 350 West 1st Street, Los Angeles, California 90012, Courtroom 6C, before the Honorable Stanley Blumenfeld Jr., Defendant and Counterclaimant TP-Link USA Corporation ("TP-Link") will and hereby does move this Court for summary judgment, or partial summary judgment, against Plaintiff Thimes Solutions, Inc. ("Thimes").

This Motion is made pursuant to Federal Rule of Civil Procedure 56 on the grounds that, based upon the uncontroverted material facts, TP-Link is entitled to judgment as a matter of law as to Thimes's causes of action for trade libel and intentional interference with an at-will contract and intentional interference with prospective business relationships.

This Motion is made on the grounds of four separate and independent noticed issues as follows:

**Noticed Issue No. 1 (Trade Libel)**:

TP-Link is entitled to judgment as a matter of law on Thimes's Count II for trade libel because there is no material dispute that Thimes cannot meet its burden to prove special damages. Specifically, Thimes fails to identify any specific customers who assigned the alleged at-issue complaints *made only to Amazon* as the reason for *not* making a purchase. Naming purported customers with conclusory statements that those customers would have continued to purchase products, but cannot because Thimes no longer has an Amazon account, fails to meet the requirement that the complaints made directly to Amazon had a material and substantial part in influencing these customers not to purchase products from Thimes.

**Noticed Issue No. 2 (Trade Libel):**

As a separate and independent ground for finding Thimes's Count II for trade libel fails, TP-Link is also entitled to judgment as a matter of law because any at-issue statements about Thimes's violations of TP-Link's intellectual property rights are not

statements of fact, but rather non-actionable statements of legal opinion about an issue not yet decided by a court. Statements of opinion cannot constitute trade libel.

**Noticed Issue No. 3 (Tortious Interference):**

TP-Link is entitled to judgment as a matter of law on Thimes's Count I for intentional interference with an existing *at-will* contract and prospective business relationships because these derivative tort claims rely on Count II (trade libel) for the requirement of an independently wrongful act, and therefore likewise fail.

**Noticed Issue No. 4 (Lost Profits):**

Thimes's claim for lost profits of either $2.17 million or $6.12 million dollars is entirely speculative and lacks evidence sufficient to show, with reasonable certainty, both *causation* and *extent* of the claimed lost profits. Thimes's case should be dismissed; otherwise, it "would invite the jury to engage in wholesale speculation as to the amount of damages." *Nixon-Egli Equip. Co. v. John A. Alexander Co.*, 949 F. Supp. 1435, 1446 (C.D. Cal. 1996).

This Motion is based on the following: this Notice of Motion, Joint Brief, Joint Appendix of Facts, Joint Appendix of Evidence, Joint Appendix of Objections, and Declaration of Heather Auyang, Request for Judicial Notice, and all other papers, documents or exhibits on file or to be filed in this action, the argument to be made at the hearing on the Motion, and any and all other matters this Court deems just and necessary.

**Compliance With L.R. 7-3 and ECF No. 172**

This Motion is made following the conference of counsel pursuant to L.R. 7-3 and the Court's May 23, 2022 Order re: Motions for Summary Judgment (ECF No. 172), which took place on August 15, 2022.

Date: September 9, 2022        LTL ATTORNEYS LLP

By: */s/ Heather F. Auyang*
Joe H. Tuffaha

Prashanth Chennakesavan
Heather F. Auyang
Patice A. Gore

Counsel for Defendant and Counterclaimant
TP-Link USA Corporation