LTL ATTORNEYS LLP
Joe H. Tuffaha (SBN 253723)
  joe.tuffaha@ltlattorneys.com
Prashanth Chennakesavan (SBN 284022)
  prashanth.chennakesavan@ltlattorneys.com
Heather F. Auyang (SBN 191776)
  heather.auyang@ltlattorneys.com
Patice A. Gore (SBN 258776)
  patice.gore@ltlattorneys.com
300 South Grand Ave., 14th Floor
Los Angeles, CA 90071
Tel: (213) 612-8900
Fax: (213) 612-3773

Attorneys for Defendant and
Counterclaimant TP-Link USA Corporation

(additional counsel listed on following page)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS INC., | CASE NO.: 2:19-cv-10374-SB-E |
| Plaintiff, | **JOINT APPENDIX OF FACTS REGARDING TP-LINK USA'S MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT** |
| v. | |
| TP-LINK USA CORPORATION, and AUCTION BROTHERS, INC. d/b/a AMAZZIA, | Judge: Hon. Stanley Blumenfeld, Jr. |
| Defendants. | Date:       Friday Oct. 7, 2022 <br> Time:       8:30 a.m. <br> Courtroom: 6C |
| | Complaint Filed:       May 29, 2019 <br> Amended 5th Amended |

1

2

3

4    TP-LINK USA CORPORATION,

5                    Counterclaimant,

6

7         v.

8    THIMES SOLUTIONS INC.,

9                    Counter-Defendant.

10

11

Complaint Filed:      May 27, 2022
Trial Date:           Jan. 9, 2023

12        Pursuant to the Court's May 23, 2022 Order Re: Motions for Summary Judgment

13   (ECF No. 172), Defendant TP-Link USA Corporation and Plaintiff Thimes Solutions,

14   Inc. hereby submit this Joint Appendix of Facts in connection with TP-Link's Motion

15   for Summary Judgment or Partial Summary Judgment.

16

17

18

19

20

21

22

23

24

25

26

27

28

RANDOLPH GAW (S.B. #223718)
 rgaw@gawpoe.com
MARK POE (S.B. #223714)
 mpoe@gawpoe.com
VICTOR MENG (S.B. #254102)
 vmeng@gawpoe.com
GAW | POE LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

MARK SCHLACHET (*pro hac vice*)
markschlachet@me.com
43 West 43d Street, Suite 220
New York, New York 10036
Telephone: (216) 225-7559
Facsimile: (216) 932-5390

Attorneys for Plaintiff
Thimes Solutions Inc.

# JOINT APPENDIX OF FACTS

| SUF No. | Fact | Supporting Evidence | Plaintiff's Response |
|---|---|---|---|
| **Issue No. 1.  Thimes's Count II for Trade Libel Claim Fails Because Thimes Cannot Identify Specific Customers Who Relied on Any of the At-Issue Statements in Deciding Not to Make a Purchase to Support the Requirement of Special Damages** | | | |
| 1. | TP-Link's Interrogatory No. 9 requested that Thimes: "Identify each customer that YOU contend did not do business with YOU due to a statement by TP-LINK USA and the circumstances of that transaction." | Auyang Decl., ¶ 2, Ex. 1, Rog No. 9. | Undisputed. |
| 2. | Thimes responded to TP-Link's Interrogatory No. 9: "Following Amazon's expulsion of Plaintiff from the Amazon Marketplace on August 27, 2018, each customer searching on the Amazon Marketplace for any product that Plaintiff had in stock in its inventory, or would have eventually purchased for re-sale on Amazon in the ordinary course of its business, is a lost transaction." | Auyang Decl., ¶ 2, Ex. 1, Rog No. 9. | Undisputed. |
| 3. | TP-Link's Interrogatory No. 8 requested: "Identify each customer that YOU contend did not do business with YOU due to a statement by AMAZZIA and the circumstances of that transaction." | Auyang Decl., ¶ 2, Ex. 1, Rog No. 8. | Undisputed. |
| 4. | Thimes responded to TP-Link's Interrogatory No. 8: "Following Amazon's | Auyang Decl., ¶ 2, Ex. 1, Rog No. 8. | Undisputed. |

| SUF No. | Fact | Supporting Evidence | Plaintiff's Response |
|---|---|---|---|
| | expulsion of Plaintiff from the Amazon Marketplace on August 27, 2018, each customer searching on the Amazon Marketplace for any product that Plaintiff had in stock in its inventory is a lost transaction." | | |
| 5. | TP-Link's Interrogatory No. 11 requested: "Identify each transaction (including sales) which YOU contend did not occur due to a statement made by TP-LINK USA and the circumstances of that transaction." | Auyang Decl., ¶ 2, Ex. 1, Rog No. 11. | Undisputed. |
| 6. | Thimes responded to TP-Link's Interrogatory No. 11: "Following Amazon's expulsion of Plaintiff from the Amazon Marketplace on August 27, 2018, each customer searching on the Amazon Marketplace for any product that Plaintiff had in stock in its inventory, or would have eventually purchased for re-sale on Amazon in the ordinary course of its business, is a lost transaction." | Auyang Decl., ¶ 2, Ex. 1, Rog No. 11. | Undisputed. |
| 7. | TP-Link's Interrogatory No. 10 requested: "Identify each transaction (including sales) which YOU contend did not occur due to a statement by AMAZZIA and the circumstances of that transaction." | Auyang Decl., ¶ 2, Ex. 1, Rog No. 10. | Undisputed. |

| SUF No. | Fact | Supporting Evidence | Plaintiff's Response |
|---------|------|---------------------|---------------------|
| 8. | Thimes responded to TP-Link's Interrogatory No. 10: "Following Amazon's expulsion of Plaintiff from the Amazon Marketplace on August 27, 2018, each customer searching on the Amazon Marketplace for any product that Plaintiff had in stock in its inventory, or would have eventually purchased for re-sale on Amazon in the ordinary course of its business, is a lost transaction." | Auyang Decl., ¶ 2, Ex. 1, Rog No. 10. | Undisputed. |
| 9. | On August 16, 2022, Magistrate Judge Eick issued an Order requiring Thimes to supplement its response to TP-Link's Interrogatory Nos. 8-11, including "if [Thimes] cannot identify any such customer [or transaction], [Thimes] may so state." | Auyang Decl., ¶ 3, Ex. 2, at 2. | Undisputed. |
| 10. | Thimes's Second Supplemental Response to TP-Link's Interrogatory No. 9 states: "[Thimes] contends that but for its expulsion from the Amazon Marketplace, these customers would have continued to make repeated purchases of various products from [Thimes]." | Auyang Decl., ¶ 4, Ex. 3, Rog. No. 9. | Undisputed, but TP-Link omits material information found in the response. *See* SUF 67-68, *infra*. |
| 11. | Thimes's Second Supplemental Response to TP-Link's Interrogatory No. | Auyang Decl., ¶ 4, Ex. 3, Rog. No. 8. | Undisputed, but TP-Link omits material information found in |

| SUF No. | Fact | Supporting Evidence | Plaintiff's Response |
|---|---|---|---|
| | 8 states: "[Thimes] contends that but for its expulsion from the Amazon Marketplace, these customers would have continued to make repeated purchases of various products from [Thimes]." | | the response. *See* SUF 67-68, *infra*. |
| 12. | Thimes's Second Supplemental Response to TP-Link's Interrogatory No. 10 states: "[Thimes] contends that but for its expulsion from the Amazon Marketplace, these customers would have continued to make repeated purchases of various products from [Thimes]." | Auyang Decl., ¶ 4, Ex. 3, Rog. No. 10. | Undisputed, but TP-Link omits material information found in the response. *See* SUF 69, *infra*. |
| 13. | Thimes's Second Supplemental Response to TP-Link's Interrogatory No. 11 states: "[Thimes] contends that but for its expulsion from the Amazon Marketplace, these customers would have continued to make repeated purchases of various products from [Thimes]." | Auyang Decl., ¶ 4, Ex. 3, Rog. No. 11. | Undisputed, but TP-Link omits material information found in the response. *See* SUF 69, *infra*. |
| 14. | Thimes's Second Supplemental Response to TP-Link's Interrogatory No. 9 states: "Since [Thimes] regularly qualified for the 'Buy Box,' every customer in North America searching on the Amazon Marketplace for any product that Plaintiff | Auyang Decl., ¶ 4, Ex. 3, Rog. No. 9. | Undisputed, but TP-Link omits material information found in the response. *See* SUF 69, *infra*. |

| SUF No. | Fact | Supporting Evidence | Plaintiff's Response |
|---|---|---|---|
| | had in stock in its inventory was effectively a customer of Plaintiff, and Plaintiff's expulsion from the Amazon Marketplace meant that it lost the opportunity to transact with those customers." | | |
| 15. | Thimes's Second Supplemental Response to TP-Link's Interrogatory No. 8 states: "Since [Thimes] regularly qualified for the 'Buy Box,' every customer in North America searching on the Amazon Marketplace for any product that Plaintiff had in stock in its inventory was effectively a customer of Plaintiff, and Plaintiff's expulsion from the Amazon Marketplace meant that it lost the opportunity to transact with those customers." | Auyang Decl., ¶ 4, Ex. 3, Rog. No. 8. | Undisputed, but TP-Link omits material information found in the response. *See* SUF 69, *infra.* |
| 16. | Thimes's Second Supplemental Response to TP-Link's Interrogatory No. 10 states: "Since [Thimes] regularly qualified for the 'Buy Box,' every customer in North America searching on the Amazon Marketplace for any product that Plaintiff had in stock in its inventory was effectively a customer of Plaintiff, and Plaintiff's expulsion from the Amazon Marketplace meant that it | Auyang Decl., ¶ 4, Ex. 3, Rog. No. 10. | Undisputed, but TP-Link omits material information found in the response. *See* SUF 69, *infra.* |

| SUF No. | Fact | Supporting Evidence | Plaintiff's Response |
|---|---|---|---|
| | lost the opportunity to transact with those customers." | | |
| 17. | Thimes's Second Supplemental Response to TP-Link's Interrogatory No. 11 states: "Since [Thimes] regularly qualified for the 'Buy Box,' every customer in North America searching on the Amazon Marketplace for any product that Plaintiff had in stock in its inventory was effectively a customer of Plaintiff, and Plaintiff's expulsion from the Amazon Marketplace meant that it lost the opportunity to transact with those customers." | Auyang Decl., ¶ 4, Ex. 3, Rog. No. 11. | Undisputed, but TP-Link omits material information found in the response.  *See* SUF 69, *infra*. |
| 18. | Thimes's Second Supplemental Response to TP-Link's Interrogatory No. 10 states: "Following its expulsion from the Amazon Marketplace, each purchase from an Amazon customer of any product that was formerly sold by Plaintiff is a lost transaction, since Plaintiff had qualified as a Buy Box seller on the majority of those products." | Auyang Decl., ¶ 4, Ex. 3, Rog. No. 10. | Undisputed, but TP-Link omits material information found in the response.  *See* SUF 69, *infra*. |
| 19. | Thimes's Second Supplemental Response to TP-Link's Interrogatory No. 11 states: "Following its expulsion from the Amazon Marketplace, each purchase | Auyang Decl., ¶ 4, Ex. 3, Rog. No. 11. | Undisputed, but TP-Link omits material information found in the response.  *See* SUF 69, *infra*. |

| SUF No. | Fact | Supporting Evidence | Plaintiff's Response |
|---|---|---|---|
| | from an Amazon customer of any product that was formerly sold by Plaintiff is a lost transaction, since Plaintiff had qualified as a Buy Box seller on the majority of those products." | | |
| 20. | Thimes has stated it has no knowledge whether Count I (tortious interference) is based on any statements made to any of Thimes's customers. | Auyang Decl., ¶ 5, Ex. 4, RFA No. 37. | Disputed.  The actual response states: "Plaintiff has made a good faith, reasonably inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Ayuang Decl., Ex. 4 at RFA No. 37. |
| 21. | Thimes has stated it has no knowledge whether Count II (trade libel) is based on any statements made to any of Thimes's customers. | Auyang Decl., ¶ 5, Ex. 4, RFA No. 38. | Disputed.  The actual response states: "Plaintiff has made a good faith, reasonably inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Ayuang Decl., Ex. 4 at RFA No. 38. |
| 22. | Thimes lacks proof that Amazon was a customer, including purchasing any products (including TP-Link products) directly from Thimes. | Auyang Decl., ¶ 5, Ex. 4, RFA No. 25; RFA No. 26; RFA No. 27; RFA No. 28; RFA No. 29; RFA No. 30; RFA No. 31; and RFA No. 32. | Disputed.  Thimes sold products directly to Amazon Vendor Express.  Eisenberg Decl. ¶ 4 & Ex. 39. |
| 23. | Ninth Circuit affirmed a ruling by this Court that | Auyang Decl., ¶ 6, Ex. 5, at 3 (ECF No. | Disputed.  The ruling in question was that |

| SUF No. | Fact | Supporting Evidence | Plaintiff's Response |
|---|---|---|---|
| | Amazon was not a purchaser of Thimes. | 155).<br><br>Auyang Decl., ¶ 7, Ex. 6, at ¶ 3 (ECF No. 125). | Amazon was not a purchaser of **TP-Link** products from Thimes, not all products. Auyang Decl., Ex. 5 at 3 & Ex. 6 at 3. |
| **Issue No. 2.** Thimes's Count II for Trade Libel Claim Fails Because Amazon IP Complaints are Not Statements of Fact, but Rather Non-Actionable Statements of Opinion | | | |
| 24. | In early 2018, Thimes started offering for sale TP-Link products on the Amazon Marketplace. | Auyang Decl., ¶ 5, Ex. 4, RFA No. 163; RFA No. 164; RFA No. 165; and RFA No. 166. | Undisputed. |
| 25. | Thimes was an unauthorized reseller of TP-Link products. | Auyang Decl., ¶ 8, Ex. 7, ¶ 36 (ECF No. 178).<br><br>Auyang Decl., ¶ 5, Ex. 4, RFA No. 1; RFA No. 2; RFA No. 3; RFA No. 4; RFA No. 7; and RFA No. 8. | Undisputed. |
| 26. | TP-Link obtained numerous registered trademarks in connection with computer networking products, including the incontestable U.S. Trademark Registration No. 3,175,495 ("TP-LINK® Mark"). | Auyang Decl., ¶ 9, Ex. 8.<br><br>*See* concurrently filed Request for Judicial Notice. | Undisputed. |
| 27. | Thimes received notices from Amazon ***about its violation*** of TP-Link's intellectual property rights from January 19, 2018 to June 21, 2018. | Auyang Decl., ¶ 8, Ex. 7, ¶ 27. | Disputed in part. The notices concerned "alleged counterfeiting" and not any actual violations of intellectual property |

| SUF No. | Fact | Supporting Evidence | Plaintiff's Response |
|---|---|---|---|
| | | | rights.  Auyang Ex. 7 ¶ 27. |
| 28. | On January 19, 2018, Thimes received a notice from Amazon about a TP-Link product with the subject line: "Warning: Notice of Intellectual Property Rights Infringement." | Auyang Decl., ¶ 5, Ex. 4, RFA No. 64.<br><br>Auyang Decl., ¶ 10, Ex. 9. | Undisputed. |
| 29. | Amazon's January 19, 2018 notice stated, in part: "We are contacting you because we received a report from a rights owner that you are listing counterfeit items. Examples of these items are listed below: [] We consider allegations of intellectual property infringement a serious matter and your account is under review." | Auyang Decl., ¶ 10, Ex. 9. | Undisputed. |
| 30. | Amazon also notified Thimes that TP-Link's complaints were based on the TP-LINK® Mark. | Auyang Decl., ¶ 5, Ex. 4, RFA No. 63. | Undisputed. |
| 31. | All the at-issue complaints were made using Amazon's online automated Report Infringement Form found here: https://www.amazon.com/gp/help/reports/infringement. | Auyang Decl., ¶ 8, Ex. 7, ¶ 47, n.14. | Undisputed. |
| 32. | Amazon's online automated Report Infringement Form contains this language:<br><br>**Statements**<br><br>I have a good faith belief | Auyang Decl., ¶ 8, Ex. 7, ¶ 47.<br><br>Auyang Decl., ¶ 11, Ex. 10, ¶ 38 (ECF No. 1). | Disputed in part. Thimes's interrogatory response stated only: "In addition, each of the 28 complaints included a statement, |

| SUF No. | Fact | Supporting Evidence | Plaintiff's Response |
|---|---|---|---|
| | *that the content(s) described above violate(s) my rights described above or those held by the rights owner, and that the use of such content(s) is contrary to law.*<br><br>*I declare, under penalty of perjury, that the information contained in this notification is correct and accurate and that I am the owner or agent of the owner of the rights described above.* | Auyang Decl., ¶ 22, Ex. 21.<br><br>Auyang Decl., ¶ 23, Ex. 22.<br><br>Auyang Decl., ¶ 24, Ex. 23.<br><br>Auyang Decl., ¶ 2, Ex. 1, Rog. No. 2. | submitted under penalty of perjury, that Defendants had a good-faith belief that the content of the complaint is correct and accurate." |
| 33. | The Amazon Report Infringement Form contains the heading "Allegation of Infringement." | Auyang Decl., ¶ 22, Ex. 21.<br><br>Auyang Decl., ¶ 23, Ex. 22.<br><br>Auyang Decl., ¶ 24, Ex. 23. | Undisputed. |
| 34. | There has been no ruling from a court (or otherwise) ascertaining whether Thimes's sales of TP-Link products on Amazon constitute trademark infringement or counterfeiting. | Auyang Decl., ¶ 25. | Undisputed. |
| **Issue No. 3. Thimes's Count I for Intentional Interference with an At-Will Contract and Prospective Business Relationships Fails Because Such Claims Dependent on its Failed Trade Libel Claim for the Element of an Independently Wrongful Act** | | | |
| 35. | "To become an Amazon seller [Thimes] signed | Auyang Decl., ¶ 8, Ex. 7, ¶ 6. | Undisputed. |

10                    No. 2:19-cv-10374-SB-E

JAF RE: TP-LINK USA'S MOTION FOR SUMMARY JUDGMENT

| SUF No. | Fact | Supporting Evidence | Plaintiff's Response |
|---|---|---|---|
| | Amazon's standard Business Solutions Agreement that, among other things, allowed Amazon to terminate [Thimes] as a seller for any reason or for no reason at all." | | |
| 36. | In response to TP-Link's Interrogatory No. 12 seeking "any concerns, claims, or complaints regarding" Thimes's Amazon account, Thimes identified over a hundred documents from its production. | Auyang Decl., ¶ 4, Ex. 3, Rog. No. 12. | Undisputed. |
| 37. | On May 5, 2018, Amazon notified Thimes: "Your Amazon.com selling privileges have been removed []. We received a report from a rights owner concerning the authenticity of the products listed at the end of this email. We removed this content, but we may let you list these product(s) again if we receive a retraction of the complaint from the rights owner: [] dr.seuss@ybrandprotection.com [list of over 40 products] Infringement type: Counterfeit …." | Auyang Decl., ¶ 12, Ex. 11.<br><br>Auyang Decl., ¶ 4, Ex. 3, Rog. No. 12. | Undisputed. |
| 38. | On May 7, 2018, Amazon notified Thimes: "Your Amazon.com selling | Auyang Decl., ¶ 8, Ex. 7, ¶ 44. | Undisputed. |

| SUF No. | Fact | Supporting Evidence | Plaintiff's Response |
|---------|------|---------------------|---------------------|
| | privileges have been removed. [] You have listings that infringe on the intellectual property rights of others. This is against our policies. [] As a result, you may no longer sell on Amazon.com, and your listings have been removed from our site." | Auyang Decl., ¶ 13, Ex. 12. | |
| 39. | Thimes received additional intellectual property complaints, including for counterfeit products. | Auyang Decl., ¶ 14, Ex. 13.<br><br>Auyang Decl., ¶ 4, Ex. 3, Rog. No. 12. | Undisputed. |
| 40. | On May 9, 2018, Amazon notified Thimes: "Notice: Policy Warning [] We reviewed your account and the information you provided, and we have decided that you may not sell on Amazon.com" | Auyang Decl., ¶ 15, Ex. 14.<br><br>Auyang Decl., ¶ 4, Ex. 3, Rog. No. 12. | Undisputed. |
| 41. | On May 10, 2018, Amazon notified Thimes: "We reviewed your account and decided that you may no longer sell on Amazon." | Auyang Decl., ¶ 16, Ex. 15. | Undisputed. |
| 42. | On June 28, 2018, Amazon notified Thimes: "Your account has been closed due to violations of our Seller Policies. Your use of the Mobile App to extract dangerous goods (hazmat) information from our systems is prohibited by our policies. As stated on the Prohibited Seller Activities | Auyang Decl., ¶ 17, Ex. 16. | Undisputed. |

| SUF No. | Fact | Supporting Evidence | Plaintiff's Response |
|---|---|---|---|
| | and Actions page in Seller Central [Amazon URL], if you upload excessive amounts of data repeatedly, or otherwise use our services in an excessive or unreasonable way, Amazon may restrict or block your access to product feeds or any other functions that are being misused until you stop your misuse. In addition, as stated in our Conditions of Use [Amazon URL], you are not authorized to use any Amazon service to collect product listings or descriptions or use data mining, robots, or similar data gathering and extraction tools. Any derivative use of any Amazon service or its contents is also prohibited." | | |
| 43. | On August 3, 2018, Amazon notified Thimes that "Your amazon.com selling privileges have been removed" based on "concerns about the authenticity of the items sold at the end of this email [] ASIN: B0097BEG1C, B073TLKQB9, B00OQLMJR6, B07DMSK4R9." | Auyang Decl., ¶ 18, Ex. 17.<br><br>Auyang Decl., ¶ 4, Ex. 3, Rog. No. 12. | Undisputed. |
| 44. | Amazon's August 3, 2018 notice stated "[t]he sale of | Auyang Decl., ¶ 18, Ex. 17. | Undisputed. |

| SUF No. | Fact | Supporting Evidence | Plaintiff's Response |
|---|---|---|---|
| | counterfeit products on Amazon is strictly prohibited." | Auyang Decl., ¶ 4, Ex. 3, Rog. No. 12. | |
| 45. | On August 22, 2018, Thimes received a notice from Amazon in which a third-party (3PM Solutions) lodged a trademark complaint for over 200 ASINs (products). | Auyang Decl., ¶ 19, Ex. 18.  Auyang Decl., ¶ 4, Ex. 3, Rog. No. 12. | Undisputed. |
| 46. | Prior to Thimes's permanent expulsion, 3PM had not retracted its violation of intellectual property rights complaint. | Auyang Decl., ¶ 11, Ex. 10, ¶ 67. | Undisputed. |
| 47. | According to Thimes, 3PM Solutions' August 22, 2018 trademark infringement complaint "vigorously advanced" with Amazon and "was particularly harmful to [Thimes]." | Auyang Decl., ¶ 11, Ex. 10, ¶ 68. | Undisputed. |
| 48. | The August 22, 2018 3PM Solutions trademark infringement complaint, "played a critical role in Plaintiff's final expulsion from the Amazon Marketplace. It was 'the straw that broke the camel's back' just prior to Plaintiff's non-appealable expulsion on August 27, 2018." | Auyang Decl., ¶ 11, Ex. 10, ¶ 70. | Undisputed. |
| 49. | Amazon's August 27, 2018 notice did not provide any reason for the permanent removal of selling privileges. | Auyang Decl., ¶ 20, Ex. 19.  Auyang Decl., ¶ 5, Ex. 4, RFA No. 57. | Undisputed. |
| 50. | "[Thimes] brings this suit | Auyang Decl., ¶ 8, | Undisputed. |

| SUF No. | Fact | Supporting Evidence | Plaintiff's Response |
|---|---|---|---|
| | following its commercial and financial ruination resulting from Defendants' libelous statements to Amazon and consequential tortious interference with Plaintiff's existing and prospective business relationship with Amazon Services LLC." | Ex. 7, ¶ 5. | |
| 51. | "Defendants' libelous IP complaints to Amazon proximately caused Amazon to expel Plaintiff from the Marketplace on August 27, 2018 with no right of appeal, thereby destroying Plaintiff's enjoyment of its contract with Amazon, as identified in ¶7 *supra*." | Auyang Decl., ¶ 8, Ex. 7, ¶ 66. | Undisputed. |
| 52. | "Defendants' accusations of counterfeiting, wrongful per se, made directly to Amazon, were for the improper purpose of suppressing competition; and those actions interfered with Plaintiff's existing and prospective business relationship with Amazon." | Auyang Decl., ¶ 8, Ex. 7, ¶ 60. | Undisputed. |
| 53. | "The accusations aforesaid proximately caused Plaintiff's expulsion." | Auyang Decl., ¶ 8, Ex. 7, ¶ 61. | Undisputed. |
| **Issue No. 4.  Thimes's Claim for Lost Profits is Entirely Speculative and Lacks Evidence Sufficient to Show, with Reasonable Certainty, Both Causation and Extent of the Claimed Lost Profits** | | | |
| 54. | Thimes represents its business model as buying goods "cheaply" and | Auyang Decl., ¶ 8, Ex. 7, ¶ 3. | Undisputed. |

| SUF No. | Fact | Supporting Evidence | Plaintiff's Response |
|---|---|---|---|
| | "selling it at an enhanced price point online." | | |
| 55. | Thimes "became a third-party seller on Amazon in 2016." | Auyang Decl., ¶ 8, Ex. 7, ¶ 6. | Undisputed. |
| 56. | Thimes's damages expert, Goedde, opines that Thimes would have grown its Amazon sales (from mid-2018 (when it was expelled) to 2022) and suffered "Lost Amazon Sales" of either $15.8 million to $36.4 million, depending on whether the rate of inflation or a growth factor is used. | Auyang Decl., ¶ 21, Ex. 20, Tab 2. | Undisputed. |
| 57. | Thimes's expert creates two models based, in part, on the growth of eCommerce sales and Amazon sales and indexed to inflation. | Auyang Decl., ¶ 21, Ex. 20, Tab 2. | Undisputed. |
| 58. | Goedde explains his opinion is based on Thimes's "business model" which "involves purchasing products at a discount from down-stream distributors, typically at close out, and then selling the products [] at a discounted price via online means such as Amazon." | Auyang Decl., ¶ 21, Ex. 20, ¶ 10. | Undisputed. |
| 59. | Goedde states that Thimes "became a third-party seller on Amazon in 2016" | Auyang Decl., ¶ 21, Ex. 20, ¶ 12. | Undisputed. |
| 60. | Goedde states that Thimes was permanently expelled on August 27, 2018. | Auyang Decl., ¶ 21, Ex. 20, ¶ 14. | Undisputed. |
| 61. | Goedde creates his damages | Auyang Decl., ¶ 21, | Undisputed. |

| SUF No. | Fact | Supporting Evidence | Plaintiff's Response |
|---|---|---|---|
| | models based on the "profit and loss statements provided by Amazon and reported in [Thimes's] accounting software (inventorylabs.com) through July 2018." | Ex. 20, ¶ 15. | |
| 62. | Goedde calculates Thimes's growth rate from 2016 to July 2018 as 679%. | Auyang Decl., ¶ 21, Ex. 20, ¶ 16. | Undisputed. |
| 63. | Goedde opines that "[c]onsidering the quantity of offers [Thimes] received to purchase products from many regular, continuing customers, it is reasonable to expect there to be sufficient supply of products for [Thimes] to continue strong retail sales growth had TP-Link not interfered." | Auyang Decl., ¶ 21, Ex. 20, ¶ 21. | Undisputed. |
| 64. | Goedde "decreased the [Thimes] sales growth by half in each successive year from 2019 to 2022 to be in the range of the Ecommerce and Amazon growth rates by 2022." | Auyang Decl., ¶ 21, Ex. 20, ¶¶ 22-24. | Undisputed. |
| 65. | Goedde concludes "Lost Amazon Sales" of either $15.8 million or $36.4 million dollars, depending on whether indexed to inflation or a growth factor is considered. | Auyang Decl., ¶ 21, Ex. 20, Tab 2. | Undisputed. |
| 66. | Goedde concludes that Thimes's "Lost Profits" is either $2.1 million or $6.1 | Auyang Decl., ¶ 21, Ex. 20, ¶¶ 25-26. | Undisputed. |

| SUF No. | Fact | Supporting Evidence | Plaintiff's Response |
|---|---|---|---|
|  | million dollars. |  |  |

Opposing Party Thimes also contends that the following other facts are material:

| SUF No. | Fact | Supporting Evidence | Defendant's Response |
|---|---|---|---|
| **Issue No. 1.  Thimes's Count II for Trade Libel Claim Fails Because Thimes Cannot Identify Specific Customers Who Relied on Any of the At-Issue Statements in Deciding Not to Make a Purchase to Support the Requirement of Special Damages** | | | |
| 67. | Thimes has identified Amazon as a lost customer because TP-Link's complaints "induced Amazon to terminate its business relationship with [Thimes] and "permanently depriv[ed] [Thimes] of the ability to do business with Amazon." | Auyang Decl., Ex. 3 at Rog. Nos. 8-11. | Disputed. Amazon was not a purchaser from Thimes during the period in 2018 when Thimes received notices for violations of intellectual property rights from Amazon about TP-Link products (January to June 2018) (Auyang Decl., Ex. 7, ¶ 27), or when Thimes was permanently expelled on August 27, 2018 (Auyang Decl., Ex. 7, ¶ 46). The documents identified by Thimes as purchase orders from Amazon were from the period of January 4, 2017 to March 6, 2017 (Eisenberg Decl., ¶ 4, Ex. 39). None of Amazon's expulsion notices mention TP-Link as the reason for expulsion. *See, e.g.*, SUF 38, 40, 41, 43-44. |

| SUF No. | Fact | Supporting Evidence | Defendant's Response |
|---|---|---|---|
| | | | On June 28, 2018, Amazon expelled Thimes for violations unrelated to TP-Link. *See* SUF 42.<br><br>Amazon's August 27, 2018 notice did not provide any reason for Thimes's permanent removal of selling privileges. *See* SUF 49. |
| 68. | Thimes has identified over 4,100 repeat customers that have bought products from it on the Amazon Marketplace. | Auyang Decl., Ex. 3 at Rog. Nos. 8-11; Eisenberg Decl. ¶¶ 11-12 & Exs. 40-44. | Undisputed. |
| 69. | Amazon's "Buy Box" option enables its customers to add products to their shopping cart via its "Add to Cart" button. | Auyang Decl., Ex. 3 at Rog Nos. 8-11; Eisenberg Decl. ¶¶ 5-8; Meng Decl. ¶ 3, Ex. 2 at 1. | Undisputed. |
| 70. | Amazon's sellers need to meet performance-based requirements in order to qualify for Buy Box eligibility. | Meng Decl. ¶¶ 2-3; Ex. 27 at 1, Ex. 28 at 1. | Undisputed. |
| 71. | Thimes regularly qualified for Amazon's Buy Box option when selling many of the different products it carried. | Eisenberg Decl. ¶ 9 | Undisputed. |
| 72. | Getting eligibility for Amazon's Buy Box option leads to | Meng Decl. ¶ 3, Ex. 28; Eisenberg Decl. ¶ 13. | Disputed. *See* JAO. |

| SUF No. | Fact | Supporting Evidence | Defendant's Response |
|---|---|---|---|
| | increased sales. | | |
| 73. | Many of Thimes's sales on the Amazon Marketplace occurred through the Buy Box option. | Eisenberg Decl. ¶ 9. | Undisputed. |
| 74. | Between 75-85% of all sales made on the Amazon Marketplace go through its Buy Box. | Eisenberg Decl. ¶ 13 | Disputed. *See* JAO. |
| **Issue No. 2.  Thimes's Count II for Trade Libel Claim Fails Because Amazon IP Complaints are Not Statements of Fact, but Rather Non-Actionable Statements of Opinion** | | | |
| 75. | Thimes only sold genuine TP-Link products on the Amazon marketplace. | Eisenberg Decl. ¶¶ 15-16. | Disputed. Thimes received 28 notices for violations of TP-Link's intellectual property rights for selling TP-Link products on Amazon, including for trademark infringement and trademark counterfeiting. Auyang Decl., Ex. 7, ¶ 27.

William Fikhman testified that a product infringing on another's intellectual property rights is not authentic. Meng Decl., Ex. 34, Fikhman Depo. 73:3-9.

William Fikhman testified that Amazon's policy categorizes inauthentic products as intellectual property violations. Meng Decl., |

| SUF No. | Fact | Supporting Evidence | Defendant's Response |
|---|---|---|---|
| | | | Ex. 34, Fikhman Depo. 57:2-20. |
| 76. | TP-Link made several test buys of Thimes's genuine TP-Link products. | Eisenberg Decl. ¶¶ 38-40 & Exs. 55-57. | Disputed. TP-Link ordered two TP-Link AC5400 routers from Thimes on January 18, 2018. Eisenberg Decl., Ex. 55. |
| | | | Thimes received 28 notices for violations of TP-Link's intellectual property rights for selling TP-Link products on Amazon, including for trademark infringement and trademark counterfeiting. Auyang Decl., Ex. 7, ¶ 27. |
| | | | William Fikhman testified that a product infringing on another's intellectual property rights is not authentic. Meng Decl., Ex. 34, Fikhman Depo. 73:3-9. |
| | | | William Fikhman testified that Amazon's policy categorizes inauthentic products as intellectual property violations. Meng Decl., Ex. 34, Fikhman Depo. 57:2-20. |
| 77. | Thimes did not complete delivery of | Eisenberg Decl. ¶¶ 38-40 & Exs. 55- | Disputed in Part. The complaints were |

| SUF No. | Fact | Supporting Evidence | Defendant's Response |
|---|---|---|---|
| | TP-Link's test buys *until after TP-Link had already submitted 2 complaints to Amazon* that Thimes was selling counterfeit TP-Link products. | 57. | submitted by Amazzia for TP-Link products (*see* Ex. 59, Mikhail Fikhman Declaration, ¶¶ 12-13). |
| 78. | In 1987, the Ninth Circuit published its opinion in *NEC Electronics v. CAL Circuit Abco*. | *NEC Electronics v. CAL Circuit Abco*, 810 F.2d 1506 (9th Cir. 1987) | Undisputed. |
| 79. | In 1995, the Ninth Circuit published its opinion in *Sebastian Int'l, Inc. v. Longs Drugs Stores Corp.* | *Sebastian Int'l, Inc. v. Longs Drugs Stores Corp.*, 53 F.3d 1073 (9th Cir. 1995) | Undisputed. |
| 80. | The complaints that Amazzia submitted to Amazon on behalf of TP-Link would have stated that Thimes was selling counterfeit product without using any qualified language. | Meng Decl., ¶¶ 10-11; Ex. 34 at 9:13-25, 11:3-22, , 85:7 – 88:11, Ex. 35; Fikhman Decl. ¶ 10, Ex. 61. | Disputed. William Fikhman testified that each brand defined their own enforcement rules differently, including the complaint submission. Meng Decl., Ex. 34, Fikhman Depo. 20:2-9; *see also* Meng Decl., Ex. 34, Fikhman Depo. 76:19-25.<br><br>All at-issue complaints contained qualified language. *See* SUF 31-32.<br><br>Amazon's Report Infringement Form contains qualified language. SUF 33. |

JAF RE: TP-LINK USA'S MOTION FOR SUMMARY JUDGMENT

| SUF No. | Fact | Supporting Evidence | Defendant's Response |
|---|---|---|---|
| | | | Amazon's violation notices sent to resellers contain qualified language. SUF 29.<br><br>*See* JAO. |
| 81. | TP-Link's correspondence with Amazzia regarding Thimes never indicated that it had any counterfeiting concerns about Thimes. | Meng Decl. ¶ 12, Ex. 36. | Disputed. The complaints were made by Amazzia for TP-Link products because Thimes was not identified by TP-Link as an authorized reseller (*see* Ex. 59, Mikhail Fikhman Declaration, ¶¶ 3, 7, 12-13); *see also* SUF 25.<br><br>Amazzia reported trademark infringement concerns to Amazon for unauthorized resellers as trademark counterfeiting. Fikhman Declaration, ¶¶ 8-9, 11. |
| 82. | Antoine Liu was the ***TP-Link executive*** that corresponded with Amazzia regarding its efforts to remove Thimes from the Amazon Marketplace. | Meng Decl. ¶ 12, Ex. 36. | Disputed in Part. Antoine Liu is not identified as a TP-Link executive. Meng Decl. ¶ 12, Ex. 36. |
| 83. | Thimes noticed the deposition of Antoine Liu to take place on August 19, 2022. | Meng Decl. ¶ 13, Ex. 37 at 1. | Disputed. Improper inclusion of procedural issues in the JAF. |
| 84. | On August 17, 2022, without prior warning, TP-Link's counsel | Meng Decl. ¶ 13, Ex. 37 at 1. | Disputed. Improper inclusion of procedural issues in the JAF. |

| SUF No. | Fact | Supporting Evidence | Defendant's Response |
|---|---|---|---|
| | announced that Antoine Liu was not available for his deposition. | | |
| 85. | As of September 5, 2022, TP-Link still has not offered dates for Antoine Liu's deposition. | Meng Decl. ¶ 14. | Disputed. Improper inclusion of procedural issues in the JAF. |
| **Issue No. 3.** Thimes's Count I for Intentional Interference with an At-Will Contract and Prospective Business Relationships Fails Because Such Claims Dependent on its Failed Trade Libel Claim for the Element of an Independently Wrongful Act | | | |
| 86. | TP-Link issued its counterfeiting complaints about Thimes to cause Amazon to de-list Thimes. | Fikhman Decl. ¶¶ 5-7 & Ex. 60 ("Unauthorized sellers reported to Amazon, until they are removed by Amazon"); Ex. 64 at 3 ("can I get prediction if it will be removed this week? Cause now our promotion plan are all postponed or canceled because of the price."); Ex. 65 at 1; Meng Decl. ¶ 12, Ex. 36 at 1. | Disputed. Amazzia files complaints to remove the listings of unauthorized resellers, and not to remove the reseller from the Amazon Marketplace. Fikhman Decl. ¶¶ 3, 7; Ex. 62 at 1 ("[Thimes] looks like they have been removed from the listing 4 times since then."); Ex. 63 at 3 ("[Thimes] has been kicked off the listing."); Ex. 64 at 3 ("if it will be removed" refers to the product listing, and not removal of Thimes from the Amazon marketplace.). Fikhman testified the requests Amazzia submits are to remove the seller from selling just the at-issue product and not to remove the |

| SUF No. | Fact | Supporting Evidence | Defendant's Response |
|---|---|---|---|
| | | | reseller from the Amazon marketplace. Meng Decl., Ex. 34, Fikhman Depo. 88:12-25. |
| 87. | In its second supplemental response to TP-Link's Interrogatory No. 4, Thimes stated that TP-Link's actions in submitting false counterfeiting complaints to Amazon constituted libel per se, fraud, and a violation of California's unfair competition law. | Meng Decl. ¶ 6, Ex. 30 at 2. | Undisputed. |
| **Issue No. 4.** **Thimes's Claim for Lost Profits is Entirely Speculative and Lacks Evidence Sufficient to Show, with Reasonable Certainty, Both Causation and Extent of the Claimed Lost Profits** | | | |
| 88. | Counsel for the parties conferred by videoconference regarding the MSJ on August 15, 2022. | Meng Decl. ¶ 6. | Undisputed. |
| 89. | TP-Link's counsel failed to raise their arguments about proximate causation during the conference of counsel. | Meng Decl. ¶ 6. | Disputed. TP-Link's counsel raised during the parties' meet and confer that Thimes's damages are entirely speculative. Joint Brief at 39:9-13. |
| 90. | On behalf of TP-Link, Amazzia submitted 73 complaints to Amazon *alleging that Thimes was selling counterfeit TP-Link products*. | Fikhman Decl. ¶ 13; Ex 66, Ex. 62 at 1 ("They have been reported 40 times since Jan. 12, 2018"); Ex. 64 at 4 ("they have been | Disputed in Part. Amazzia stated that it made 73 complaints, but there is no indication of what type. Amazzia's document does not indicate the type of |

| SUF No. | Fact | Supporting Evidence | Defendant's Response |
|---|---|---|---|
| | | reported a total of 47 times"). | complaint. Fikhman Decl. ¶ 13; Ex 66.<br><br>Fikhman Decl., ¶14, Ex. 62 at 1, does not state the type of complaint.<br><br>Fikhman Decl., ¶ 14, Ex. 64 at 4, does not state the type of complaint. |
| 91. | TP-Link had the expectation that its counterfeiting complaints about Thimes to cause Amazon to de-list Thimes. | Fikhman Decl. ¶¶ 5-7; Ex. 60 at 1 ("Unauthorized sellers reported to Amazon, until they are removed by Amazon"), Ex. 63 at 1-2 ("we are continuously working towards removal"), & Ex. 64 at 3 ("I can ensure that Universal is being reported daily in effort to have them removed sooner rather than later"); Meng Decl. ¶ 9, Ex. 33 at 1 ("If you sell or supply inauthentic products, we may immediately suspend or terminate your Amazon selling account"); Ex. 34 at 19:11-20:17. | Disputed. Amazzia files complaints to remove the listings of unauthorized resellers, and not to remove the reseller from the Amazon Marketplace. Fikhman Decl. ¶¶ 3, 7; Ex. 62 at 1 ("[Thimes] looks like they have been removed from the listing 4 times since then."); Ex. 63 at 3 ("[Thimes] has been kicked off the listing."); Ex. 64 at 3 ("if it will be removed" refers to the product listing, and not removal of Thimes from the Amazon marketplace.).<br><br>Amazzia reported trademark infringement concerns to Amazon for unauthorized resellers as trademark counterfeiting. Fikhman Declaration, ¶¶ 8-9, 11. |

| SUF No. | Fact | Supporting Evidence | Defendant's Response |
|---|---|---|---|
| | | | Complaints on the Amazon Report Infringement Form are submitted under trademark concerns as a product is counterfeit. *See* Auyang Decl., ¶ 24, Ex. 23.<br><br>*See* JAO. |
| 92. | The expulsion of an Amazon seller account is often related to how many intellectual property complaints are filed against that account. | Meng Decl. ¶ 10, Ex. 34 at 9:13-25, 11:3-22, 19:11-20:17; 60:4-23, 74:8 – 75:5; Eisenberg Decl. ¶¶ 23-26; Fikhman Decl. ¶ 15. | Disputed. "Aside from temporary suspensions, Thimes continuously sold on the Amazon Marketplace starting in 2016 until its expulsion on August 27, 2018." Ex. 38, Eisenberg Decl., ¶ 2.<br><br>Thimes identified over a hundred documents from its production related to "any concerns, claims, or complaints regarding" Thimes's Amazon account. *See* SUF 36. Thimes only received 28 notices from Amazon concerning violation of TP-Link's intellectual property rights. Auyang Decl., Ex. 7. ¶ 27.<br><br>William Fikhman testified there could be a multitude of policy violations that Amazon considers in shutting |

| SUF No. | Fact | Supporting Evidence | Defendant's Response |
|---|---|---|---|
| | | | down an established storefront. Meng Decl., Ex. 34, Fikhman Depo. 75:1-5.<br><br>Thimes states it had sold over 175,000 products. Eisenberg Decl., ¶ 9.<br><br>William Fikhman testified sellers are required to comply with the Code of Conduct issued by Amazon and selling a product as new without a warranty and a guarantee would be inaccurate information to customers. Meng Decl., Ex. 34, Fikhman Depo. 85:14-86:3.<br><br>*See* JAO. |
| 93. | Thimes did not list or sell any of the products identified by Amazon in its May 5, 2018 notice concerning Complaint ID 5027462061. | Eisenberg Decl. ¶ 27 & Exs. 45-46. | Undisputed. |
| 94. | Thimes contemporaneously notified Amazon that it had erroneously stated that Thimes sold goods that it never listed. | Eisenberg Decl. ¶ 28 & Ex. 47. | Undisputed. |
| 95. | Amazon has occasionally acknowledged that it has erroneously sent | Eisenberg Decl. ¶ 29 & Ex. 48. | Undisputed. |

| SUF No. | Fact | Supporting Evidence | Defendant's Response |
|---|---|---|---|
| | trademark violation notices to Thimes. | | |
| 96. | On May 9, 2018, Amazon identified TP-Link as the source of its May 7, 2018 complaint. | Eisenberg Dec. ¶ 30 & Ex. 49. | Disputed. Ex. 49 (THIMES00304) does not reference a May 7, 2018 complaint.<br><br>Ex. 49 does not identify TP-Link as the source of Thimes's May 7, 2018 complaint.<br><br>Amazzia did not submit a violation of intellectual property rights complaint about TP-Link products on May 7, 2018. Ex. 59, Fikhman Decl., Ex. 66.<br><br>The May 7, 2018 complaint does not mention TP-Link. *See* SUF 38.<br><br>On May 7, 2018, Thimes received a patent infringement complaint from Amazon for five products. *See* SUF 39 (THIMES00756). |
| 97. | Following its May 9, 2018 suspension notice, ***Amazon reinstated Thimes to the Amazon Marketplace on May 11, 2018***. | Eisenberg Decl. ¶ 31, Ex. 50. | Disputed in Part. Ex. 50 does not identify the specific suspension or expulsion.<br><br>On May 10, 2018 Thimes received another expulsion notice. *See* SUF 41. |

| SUF No. | Fact | Supporting Evidence | Defendant's Response |
|---|---|---|---|
| 98. | Thimes did not list or sell any of the products identified by Amazon in its notices concerning Complaint IDs 5032701841, 5035577421, 5039733671, 5041593911, 85900737, and 5028597371. | Eisenberg Decl. ¶ 32 & Exs. 45-46. | Undisputed. |
| 99. | After Thimes's reinstatement on May 11, 2018, it did not receive any further counterfeiting notices from Amazon for products Thimes did not sell. | Eisenberg Decl. ¶ 33. | Undisputed. |
| 100. | Amazon's June 28, 2018 notice informed Thimes that its Amazon account **_could be reactivated if it submitted a plan acknowledging that it understood Amazon's policies, reaffirmed its commitment to adhere to them, and present a plan of action to avoid policy-violating activities in the future_**. | Auyang Decl., Ex. 16. | Disputed in Part. The statement omits/modifies language. Ex. 16 states: "Because we have warned you about similar activities in the past, your account has been suspended and will not be reactivated unless you acknowledge that you understand our policies, reaffirm your commitment to adhere to them, and communicate your plan of action to avoid these activities (and any similar activities) in the future. To sell on Amazon.com, please send us a plan that explains how you will |

| SUF No. | Fact | Supporting Evidence | Defendant's Response |
|---|---|---|---|
| | | | address this problem." Auyang Decl., ¶ 17, Ex. 16. |
| 101. | Thimes appealed its June 28, 2018 suspension from the Amazon Marketplace for purported "data mining." | Eisenberg Decl. ¶ 34, Ex. 51. | Disputed. Eisenberg Decl. ¶ 34, Ex. 51 refers to a June 29, 2018 violation notice. |
| 102. | Amazon reinstated Thimes to the Amazon Marketplace on July 8, 2018. | Eisenberg Decl. ¶ 35, Ex. 52. | Undisputed. |
| 103. | In response to Amazon's August 3, 2018 notice, Thimes promptly responded to Amazon by providing copies of invoices and receipts from its supplier and contact information for its supplier. | Eisenberg Decl. ¶ 36, Ex. 53. | Undisputed. |
| 104. | In response to Amazon's August 3, 2018 notice, Thimes promptly responded to Amazon by providing Amazon with a "Plan of Action to prevent future authenticity concerns[.]" | Eisenberg Decl. ¶ 36, Ex. 53. | Undisputed. |
| 105. | 3PM Solutions retracted its intellectual property complaint against Thimes. | Eisenberg Decl. ¶ 37, Ex. 54. | Undisputed. |
| 106. | Amazon dominates online retail in the United States with | Meng Decl. ¶ 7, Ex. 31. | Disputed. *See* JAO. |

| SUF No. | Fact | Supporting Evidence | Defendant's Response |
|---|---|---|---|
| | 37.8% of the market share. | | |
| 107. | Amazon offers logistical services not offered by its competitors like Wal-Mart and eBay. | Eisenberg Decl. ¶¶ 16-18; Meng Decl. ¶ 4, Ex. 29. | Undisputed. |
| 108. | Without Amazon's "Fulfillment by Amazon" service, Thimes would have to maintain employees and warehousing to handle its logistics. | Eisenberg Decl. ¶ 18. | Undisputed. |
| 109. | If Thimes had to pay overhead costs for employees and warehousing, it would not be able to stay cost-competitive against sellers that have existing logistics departments. | Eisenberg Decl. ¶ 19. | Undisputed. |
| 110. | Thimes sold on the Amazon Marketplace *from 2015* until its expulsion on August 27, 2018. | Eisenberg Decl. ¶ 2. | Disputed in Part. Thimes states it "became a third-party seller on Amazon in 2016." Auyang Decl., ¶ 8, Ex. 7. |
| 111. | Thimes's net sales revenue on Amazon increased from $1,178,761 in 2017 to $1,966,639 in 2018. | Eisenberg Decl. ¶ 3; Auyang Decl., Ex. 20 at Tab 2. | Undisputed. |
| 112. | Thimes used Inventory Lab, a Amazon-endorsed software tool. | Eisenberg Decl. ¶ 20; Meng Decl. ¶ 8, & Ex. 32. | Undisputed. |
| 113. | InventoryLab *generates financial reports for sellers by pulling and syncing the seller's* | Eisenberg Decl. ¶ 21; Meng Decl. ¶ 8 & Ex. 32. | Disputed in part. The language recited for SUF 113 does not appear on https://inventorylab.com/ |

| SUF No. | Fact | Supporting Evidence | Defendant's Response |
|---|---|---|---|
| | *data from Amazon's Merchant Web Services Application Programming interface*. | | or Meng Decl. ¶ 8, Ex. 32. |
| 114. | Thimes had negligible business outside of the Amazon Marketplace prior to its expulsion from the Amazon Marketplace. | Eisenberg Decl. ¶ 22; Goedde Decl. ¶¶ 3-5. | Undisputed. |
| 115. | Due to Thimes's history in selling on the Amazon Marketplace, by 2018 it was repeatedly receiving bulk purchase offers of consumer products from *reputable wholesalers and liquidators*. | Eisenberg Decl. ¶ 17. | Disputed in Part. The invoices submitted by Thimes do not show reputable wholesalers and liquidators. Eisenberg Decl., Ex. 53. |
| 116. | Dr. Goedde reviewed multiple documents reflecting that Thimes was repeatedly getting offers from other sellers to buy large quantities of consumer goods. | Goedde Decl. ¶¶ 6-7. | Undisputed. |
| 117. | As the owner-operator of Thimes, Avi Eisenberg also has an opinion as to Thimes's damages. | Eisenberg Decl. ¶¶ 42-43, 60. | Undisputed. |
| 118. | At the time of Thimes's suspension in 2018, it was making approximately $100,000 in net monthly profits. | Eisenberg Decl. ¶ 44. | Undisputed. |
| 119. | During 2017 and 2018, Thimes was putting its | Eisenberg Decl. ¶ 45. | Undisputed. |

| SUF No. | Fact | Supporting Evidence | Defendant's Response |
|---|---|---|---|
| | profits into purchasing additional inventory. | | |
| 120. | Thimes always had adequate supplies of consumer products for it to spend its available capital on inventory. | Eisenberg Decl. ¶¶ 46-48. | Undisputed. |
| 121. | Mr. Eisenberg could run Thimes's operations without full-time employees. | Eisenberg Decl. ¶¶ 49-50. | Undisputed. |
| 122. | Thimes also had access to hundreds of thousands of dollars in financing. | Eisenberg Decl. ¶ 51. | Undisputed. |
| 123. | Mr. Eisenberg opines that Thimes would have had $100,000 in monthly net profits for each month in August 2018 – December 2018. | Eisenberg Decl. ¶ 52. | Disputed in Part. Undisputed that Mr. Eisenberg has an opinion regarding Thimes's monthly net profits. |
| 124. | Mr. Eisenberg opines that Thimes would have had $1.5 million in lost profits for 2019. | Eisenberg Decl. ¶ 54. | Disputed in Part. Undisputed that Mr. Eisenberg has an opinion regarding Thimes's lost profits. |
| 125. | Mr. Eisenberg opines that Thimes would have had $2 million in lost profits for 2020. | Eisenberg Decl. ¶ 55. | Disputed in Part. Undisputed that Mr. Eisenberg has an opinion regarding Thimes's lost profits. |
| 126. | Mr. Eisenberg opines that Thimes would have had $2.5 million in lost profits for 2021. | Eisenberg Decl. ¶¶ 56-57. | Disputed in Part. Undisputed that Mr. Eisenberg has an opinion regarding Thimes's lost profits. |
| 127. | Mr. Eisenberg opines that Thimes would have had $3 million in lost | Eisenberg Decl. ¶¶ 58-59. | Disputed in Part. Undisputed that Mr. Eisenberg has an opinion |

| SUF No. | Fact | Supporting Evidence | Defendant's Response |
|---|---|---|---|
| | profits for 2022. | | regarding Thimes's lost profits. |
| 128. | Mr. Eisenberg regularly received offers from his suppliers to buy large quantities of TP-Link products. | Eisenberg Decl. ¶¶ 61 & Ex. 58. | Undisputed. |
| 129. | Mr. Eisenberg would have also found additional suppliers for TP-Link products as Thimes's business expanded. | Eisenberg Decl. ¶ 62. | Undisputed. |
| 130. | Historically, Thimes sold out its inventory of TP-Link products within a month of acuquision. | Eisenberg Decl. ¶ 63. | Undisputed. |
| 131. | Thimes made a profit of $17,486 in selling TP-Link products in 2018 despite being repeatedly de-listed from Amazon. | Eisenberg Decl. ¶¶ 63-65. | Undisputed. |
| 132. | Mr. Eisenberg opines that without TP-Link's interference, during 2018, Thimes would have had $173,083 in net profit from just selling TP-Link products. | Eisenberg Decl. ¶ 66. | Disputed in part. Undisputed that Mr. Eisenberg has an opinion regarding Thimes's alleged net profits. |
| 133. | Mr. Eisenberg opines that Thimes lost $1,933,097 in lost profits from 2018-2022 just from not being able to sell TP-Link products. | Eisenberg Decl. ¶ 67. | Disputed in part. Undisputed that Mr. Eisenberg has an opinion regarding Thimes's alleged lost profits. |

1

2      Dated:  September 9, 2022       LTL ATTORNEYS LLP

3

4                                     By:   /s/ Heather F. Auyang

5                                           Joe H. Tuffaha (SBN 253723)
                                            joe.tuffaha@ltlattorneys.com
6                                           Prashanth Chennakesavan (SBN 284022)
                                            prashanth.chennakesavan@ltlattorneys.com
7                                           Heather F. Auyang (SBN 191776)
                                            heather.auyang@ltlattorneys.com
8                                           LTL ATTORNEYS LLP
9                                           300 South Grand Ave., 14th Floor
                                            Los Angeles, CA 90071
10                                          Telephone: (213) 612-8900
11                                          Facsimile: (213) 612-3773

12                                          Attorneys for Defendant TP-Link USA
13                                          Corporation

14

15     Dated:  September 5, 2022       GAW | POE LLP

16

17                                    By:   /s/ Randolph Gaw

18                                          Randolph Gaw (S.B. #223718)
                                             vmeng@gawpoe.com
19                                          GAW | POE LLP
                                            4 Embarcadero, Suite 1400
20                                          San Francisco, CA 94111
21                                          Telephone: (415) 766-7451
                                            Facsimile: (415) 737-0642
22
                                            Attorneys for Plaintiff Thimes Solutions
23

24

25

26

27

28

JAF RE: TP-LINK USA'S MOTION FOR SUMMARY JUDGMENT