# EXHIBIT 10

LTL ATTORNEYS LLP
Joe H. Tuffaha (SBN 253723)
  joe.tuffaha@ltlattorneys.com
Prashanth Chennakesavan (SBN 284022)
  prashanth.chennakesavan@ltlattorneys.com
Heather F. Auyang (SBN 191776)
  heather.auyang@ltlattorneys.com
Patice A. Gore (SBN 258776)
  patice.gore@ltlattorneys.com
300 South Grand Ave., 14th Floor
Los Angeles, CA 90071
Tel:  (213) 612-8900
Fax:  (213) 612-3773

Attorneys for Defendant and
Counterclaimant TP-Link USA Corporation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS INC., | CASE NO.: 2:19-cv-10374-SB-E |
| Plaintiff, | **TP-LINK USA'S REQUESTS FOR PRODUCTION TO THIMES SOLUTIONS INC., SET ONE** |
| v. | |
| TP-LINK USA CORPORATION, and AUCTION BROTHERS, INC. d/b/a AMAZZIA, | Judge:       Hon. Stanley Blumenfeld Jr. Trial Date:  January 9, 2023 |
| Defendants. | |
| TP-LINK USA CORPORATION, | |
| Counterclaimant, | |
| v. | |

No. 2:19-cv-10374-SB-E

PROOF OF SERVICE

THIMES SOLUTIONS INC.,

      Counter-Defendant.

No. 2:19-cv-10374-SB-E

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant and Counterclaimant TP-Link USA Corporation ("TP-Link USA") requests that Plaintiff and Counter-Defendant Thimes Solutions Inc. ("Thimes") produce for inspection and copying the documents and things requested herein, in accordance with all applicable Rules and the Definitions and Instructions set forth below, at the offices of LTL Attorneys LLP, 300 South Grand Avenue, 14th Floor, Los Angeles, CA 90071, within thirty days of service. These requests are continuing, and Thimes's response to these requests must be promptly supplemented when appropriate or necessary in accordance with Federal Rule of Civil Procedure 26(e).

## INSTRUCTIONS

1.    Pursuant to applicable Federal Rules, you are required to obtain and furnish all responsive documents and information available to you or in your possession, custody, or control, or available to or in the possession, custody or control of any of your employees, predecessors, successors, parents, subsidiaries, divisions, affiliates, partners, joint venturers, brokers, accountants, financial advisors, representatives, agents, attorneys, or other persons acting on your behalf, without regard to the physical location of the documents and information.

2.    Documents shall be produced with Bates numbering.

3.    If any document or request for information or definition or instruction is objected to in whole or in part, specify all grounds on which objection rests. Respond to all portions of each such request to which no objection is asserted. In addition, state whether any responsive information has been omitted from any response or whether and in what way the search for responsive information has been delimited or circumscribed on the basis of any such objection.

4.    All electronically stored information shall be produced in its original native format with its accompanying metadata.

5.    The documents produced in response to the request herein shall include all attachments and enclosures.

6.    If you believe that any of the requests herein calls for an assertion of a claim of privilege, answer so much of the request as is not objected to, state that part of each request to which you raise objection, and set forth the basis for your claim of privilege with respect to such information you refuse to give.

7.    For all documents for which a claim of privilege is raised as grounds for non-production, a privilege log must be provided listing:

  a.    The place, date and manner of preparing the document;

  b.    The name and title of the sender;

  c.    The identity of each person participating in the preparation of the document;

  d.    The identity and title of the person supplying the attorney with the information requested above;

  e.    The identity of each person to whom the contents of the document have summarization, the dates of said communication, and the employer and title of the person at the time of communication;

  f.    Type of document;

  g.    Subject matter (without revealing the relevant information for which privilege or statutory authority is claimed); and

  h.    Factual and legal basis for claim of privilege.

8.    Should the producing party seek to redact any document, the producing party shall supply a list of the documents for which a privilege is claimed, indicating:

  a.    The claimed grounds for the redaction;

  b.    The nature of the redacted material (e.g., "trade secret"); and

  c.    A description of the exact process used for redaction.

9.    If, for reasons other than a claim of privilege, you refuse to answer any request, please state the grounds upon which the refusal is based with sufficient specificity to permit determination of the propriety of such refusal.

10.    Each request calls for the production of the original document.   Each

request also includes a request for production of all preliminary drafts of documents that differ in any respect from the original or final draft or from each other (e.g., by reason of handwritten notes or comments added to one copy of a document).

11.    If any documents requested have been lost or destroyed, the documents lost or destroyed must be identified by author, date and subject matter.

12.    If any document was, but no longer is, in your possession, subject to your control, or in existence, include a statement:

      a.  Identifying the document;

      b.  Describing where the document is now;

      c.  Identifying who has control of the document;

      d.  Describing how the document became lost or destroyed or was transferred; and

      e.  Identifying each of those persons responsible for or having knowledge of the loss, destruction, or transfer of the document from your possession, custody or control.

13.    If you do not agree with any definition of the terms provided herein, you are instructed to provide a reasonable, alternative definition for that term, consistent with industry custom and usage.

14.    Each of the definitions and instructions herein shall be fully applicable to each request notwithstanding that a definition or instruction may, in whole or in part, be reiterated in a particular request and notwithstanding that a particular request may incorporate supplemental instructions or definitions.

15.    Unless otherwise indicated, each request is to be construed as encompassing all documents from the date the document (or thing) was first created, generated, or received and continues to the date of production.

## **DEFINITIONS**

1.    "YOU," "YOUR," and "THIMES" mean Plaintiff and Counter-Defendant THIMES SOLUTIONS INC. d/b/a Universal Goods & Sales, its subsidiaries,

divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, and each of its owners, managers, employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, and any individual or entity working on its behalf, including Avraham "Avi" Eisenberg and any PERSON who served in any of these capacities during any relevant time period.

2.   "TP-LINK USA" means Defendant and Counterclaimant TP-Link USA Corporation.

3.   "AMAZZIA" means Co-Defendant AUCTION BROTHERS, INC. d/b/a AMAZZIA.

4.   "TP-LINK® MARK" means the trademark identified in paragraphs 17-18 and Exhibit 2 of the Counterclaims in the above-captioned action.

5.   "AMAZON" means Amazon.com Services LLC, including, without limitation, all subsidiaries, divisions, predecessors, successors, affiliates, parents, agents, representatives, employees, consultants, and attorneys of AMAZON, and each person acting or purporting to act on behalf or under the control of AMAZON.

6.   "AVRAHAM EISENBERG" means Avraham "Avi" Eisenberg, the Founder and President of THIMES, including without limitation all agents, representatives, employees, consultants, and attorneys of AVRAHAM EISENBERG.

7.   "5AC" means the Fifth Amended Complaint filed in this action (ECF No. 178).

8.   "PERSON" includes the plural as well as the singular, and includes any natural person or any legal entity, including but not limited to, any firm, association, partnership, corporation, business, or government entity.

9.   The term "DOCUMENT," as used in these Requests has the broadest meaning accorded that term by Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, and includes, but is not limited to, any kind of written or graphic material, however produced or reproduced, of any kind or description, whether sent or received or neither, including originals, copies, drafts and

both sides thereof, and including, but not limited to: any papers, reports, binder, cover note, certificate, letter, correspondence, record, table, chart, analysis, graph, schedule, report, test, study memorandum, note, list, diary, log, calendar, telex, message (including, but not limited to, inter-office and intra-office communications), questionnaire, bill, purchase order, blogs, charts, data files, log files of computer access activity, shipping order, contract, memorandum of contract, agreement, assignment, license, certificate, permit, ledger, ledger entry, book of account, check, order, invoice, receipt, statement, financial data, acknowledgement, computer or data processing card, computer or data processing disk, computer- generated matter, photograph, photographic negative, phonograph recording, transcript or log of an such recording, projection, videotape, film, microfiche, and all other data compilations from which information can be obtained or translated, reports and/or summaries of investigations, drafts and revisions of drafts of any documents and original preliminary notes or sketches, and all of the records kept by electronic, photographic, optical, mechanical, magnetic means and things similar to any of the foregoing, including computer media, regardless of their author, no matter how produced or maintained, in your actual or constructive possession, custody or control, or the existence of which you have knowledge, and whether prepared, published or released by you or by any other person. If a document has been prepared in several copies, or additional copies have been made, or copies are not identical (or which by reason of subsequent modification of a copy by the addition of notations or other modifications, are no longer identical), each non-identical copy as a separate document.

10.    The terms "COMMUNICATION" or "COMMUNICATIONS" mean any manner or means of disclosure, transfer or exchange of information with any person (whether internal or external to an organization), including but not limited to by means of verbal conversation, letter, memoranda, message, note, telegram, telex, electronic mail, facsimile, text message, chat message, instant message, social media message, posting, or by any other DOCUMENTS.

11.    The term "CONCERNING" means embodying, referring to, relating to, summarizing, constituting, containing, analyzing, studying, explaining, mentioning, showing, discussing, supporting, refuting, reflecting, memorializing, describing, commenting upon, and/or connected in any way factually or logically with, the matter therein.

12.    As used herein, the masculine includes the feminine and neuter; the singular includes the plural and vice-versa; "each" includes and encompasses "every," and vice-versa; "any" includes and encompasses "all," and vice-versa; the terms "and" and "or" have both conjunctive and disjunctive meanings; so as to be inclusive of any documents.

13.    The use of any tense of any verb includes all other tenses of the verb.

14.    Words not specifically defined herein should be given their plain and ordinary meaning.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS and COMMUNICATIONS CONCERNING TP-LINK USA, including TP-Link products.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS and COMMUNICATIONS related to any concerns, claims, or complaints regarding THIMES or any account run by AVRAHAM EISENBERG, including, but not limited to, intellectual property violations (trademark, patent, or copyright), negative customer feedback, account issues (e.g., inadequate product descriptions, insufficient security, or performance evaluations), warnings (including the "Amazon's warning letter" referred to in 5AC ¶ 26 and "single imposter's complaint" referred to in 5AC ¶ 58), suspensions, removals, and expulsions.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS and COMMUNICATIONS between THIMES and any third-party (including, but not limited to, AMAZON and customers) CONCERNING

TP-LINK USA or any TP-Link product.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS and COMMUNICATIONS between AVRAHAM EISENBERG and any third-party (including, but not limited to, AMAZON and customers) CONCERNING TP-LINK USA or any TP-Link product.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS and COMMUNICATIONS showing that AMAZON purchased any products as a customer of THIMES, including invoices and purchase orders.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS and COMMUNICATIONS concerning statements made by TP-LINK USA to customers (or entities alleged to be customers) of THIMES.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS and COMMUNICATIONS concerning statements made by AMAZZIA to customers (or entities alleged to be customers) of THIMES.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS CONCERNING the sourcing of any TP-Link product, including the "360 TP-Link AC5400 Routers" cited in 5AC ¶ 26.

**REQUEST FOR PRODUCTION NO. 9:**

DOCUMENTS sufficient to show the sourcing of THIMES's products sold on AMAZON, including any TP-Link products.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS and COMMUNICATIONS with AMAZON CONCERNING THIMES's account, including, but not limited to, the signed Amazon's standard Business Solutions Agreement (referred to in ¶ 6 of the 5AC), "appeal" (referred to in ¶ 45 of the 5AC: "Plaintiff appealed and got reinstated from the May 7th suspension."), and "administrative options" (referred to in ¶ 51 of the 5AC: "Plaintiff exhausted all possible administrative options at Amazon, including appellate

1  procedures.").

2  **REQUEST FOR PRODUCTION NO. 11:**

3  All DOCUMENTS and COMMUNICATIONS with AMAZON
4  CONCERNING any account run by AVRAHAM EISENBERG (including under other
5  names or aliases).

6  **REQUEST FOR PRODUCTION NO. 12:**

7  DOCUMENTS sufficient to show THIMES business activities and source of
8  income since August 27, 2018.

9  **REQUEST FOR PRODUCTION NO. 13:**

10  DOCUMENTS sufficient to show AVRAHAM EISENBERG's business
11  activities and source of income since August 27, 2018.

12  **REQUEST FOR PRODUCTION NO. 14:**

13  All DOCUMENTS and COMMUNICATIONS about Fortress DAO
14  CONCERNING investors' contention that millions of dollars in investors' funds have
15  been improperly retained (*see* Counterclaims ¶ 9).

16  **REQUEST FOR PRODUCTION NO. 15:**

17  All DOCUMENTS supporting Thimes's allegation in ¶ 7 of the 5AC that it "sold
18  over 175,000 products to customers on Amazon with a 98% lifetime positive feedback
19  rating.  Plaintiff reached $2 million in sales during the first six months of 2018.  As of
20  its expulsion from Amazon, TSI was selling around $400,000-500,000 per month on
21  amazon.com.  Net margins were roughly 20%."

22  **REQUEST FOR PRODUCTION NO. 16:**

23  All DOCUMENTS supporting Thimes's allegation in ¶ 52 of the 5AC that "[b]y
24  reason of the expulsion Plaintiff was unable to sell its aging inventory (at least $1.1
25  million) or access its funds in Amazon's hands (about $80,000).  Plaintiff was forced
26  to hire counsel at substantial expense."

27  **REQUEST FOR PRODUCTION NO. 17:**

28  All DOCUMENTS CONCERNING YOUR assets, including, but not limited to,

funding and bank account balances, since formation.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS, such as ledgers, invoices, or merchant account summaries, since THIMES began selling products, evidencing purchases and sales of any products that YOU advertised, marketed, promoted, or listed for sale.

**REQUEST FOR PRODUCTION NO. 19:**

All financial statements for THIMES, including year-end and interim balance sheets, income statements, monthly profit and loss statements, and statements of cash flow.

**REQUEST FOR PRODUCTION NO. 20:**

DOCUMENTS sufficient to show financial information CONCERNING YOUR sales, on a monthly basis, by product description, units sold, month-end inventory details by product, total revenue collected, costs, gross profits, and net profits.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS and COMMUNICATIONS CONCERNING the TP-LINK® MARK, including any trademark search, clearance, or other inquiry conducted by or on behalf of YOU related to the TP-LINK® MARK.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS CONCERNING any advertising, marketing, promotion, or listing for sale of any TP-Link products by YOU on any platform (including without limitation on AMAZON), including any agreements between YOU and any platform.

**REQUEST FOR PRODUCTION NO. 23:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING warranties related to any TP-Link product that YOU advertised, marketed, promoted, or listed for sale.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS CONCERNING YOUR disclosures to end consumers about any limitations or restrictions for any TP-Link product purchased from YOU.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS CONCERNING any authorization YOU have to advertise, market, promote, or list for sale any product, including TP-Link products.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS CONCERNING YOUR formation and operation including, but not limited to, articles of organization, articles of incorporation, bylaws, operating agreements and amendments, statements of information, shareholder ledgers, stock certificates, members units, and minutes.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS identified in THIMES's Initial Disclosures.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS and COMMUNICATIONS YOU intend to rely on as part of YOUR claims and defenses in this action.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS reviewed, identified, or described in responding to TP-LINK USA's Interrogatories to THIMES, Set One.


Date:  June 2, 2022                    LTL ATTORNEYS LLP

                                       By:  */s/ Heather F. Auyang*
                                       Joe H. Tuffaha
                                       Prashanth Chennakesavan
                                       Heather F. Auyang
                                       Patice A. Gore

                                       Counsel for Defendant and
                                       Counterclaimant
                                       TP-Link USA Corporation

**PROOF OF SERVICE**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

  I, the undersigned declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; that I served the below-named person the following documents:

**TP-LINK USA'S REQUESTS FOR PRODUCTION TO THIMES SOLUTIONS INC., SET ONE**

  on the interested parties in this action.

| | |
|---|---|
| Randolph Gaw<br>Mark Poe<br>Victor Meng<br>**GAW \| POE LLP**<br>4 Embarcadero Center, Suite 1400<br>San Francisco, CA 94111<br>E-mail: rgaw@gawpoe.com<br>   mpoe@gawpoe.com<br>   vmeng@gawpoe.com | Attorney for Counter-Defendant<br>Thimes Solutions Inc. |
| Mark Schlachet<br>**Law Offices of Mark Schlachet**<br>43 West 43d Street, Suite 220<br>New York, New York 10036<br>E-mail: markschlachet@me.com | |

[ ] **BY MAIL** I placed such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

 As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]    **BY ELECTRONIC MAIL** I transmitted the above listed document(s) to the e-mail address(es) set forth above on this date.

Executed on **June 2, 2022**, at Los Angeles, California.

[X]    (Federal)    I declare under penalty of perjury under the laws of the United States that the above is true and correct.


| Erika Santoyo | |
| :---: | :---: |
| Print Name | Signature |

PROOF OF SERVICE

LTL ATTORNEYS LLP
Joe H. Tuffaha (SBN 253723)
  joe.tuffaha@ltlattorneys.com
Prashanth Chennakesavan (SBN 284022)
  prashanth.chennakesavan@ltlattorneys.com
Heather F. Auyang (SBN 191776)
  heather.auyang@ltlattorneys.com
Patice A. Gore (SBN 258776)
  patice.gore@ltlattorneys.com
300 South Grand Ave., 14th Floor
Los Angeles, CA 90071
Tel:  (213) 612-8900
Fax:  (213) 612-3773

Attorneys for Defendant and
Counterclaimant TP-Link USA Corporation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS INC., | CASE NO.: 2:19-cv-10374-SB-E |
| Plaintiff, | **TP-LINK USA'S INTERROGATORIES TO THIMES SOLUTIONS INC., SET ONE** |
| v. | |
| TP-LINK USA CORPORATION, and AUCTION BROTHERS, INC. d/b/a AMAZZIA, | Judge:      Hon. Stanley Blumenfeld Jr. Trial Date:  January 9, 2023 |
| Defendants. | |
| TP-LINK USA CORPORATION, | |
| Counterclaimant, | |
| v. | |
| THIMES SOLUTIONS INC., | |

No. 2:19-cv-10374-SB-E

Counter-Defendant.

TP-LINK USA'S INTERROGATORIES TO THIMES SOLUTIONS, SET ONE

Pursuant to Federal Rule of Civil Procedure 33, Defendant and Counterclaimant TP-Link USA Corporation ("TP-Link USA") requests that Plaintiff and Counter-Defendant Thimes Solutions Inc. ("Thimes") respond to the following interrogatories in writing and under oath, within thirty (30) days of service or at such other time as counsel for the parties may agree.  To the extent any of the responses to these interrogatories changes in light of new information, TP-Link USA directs Thimes to promptly serve supplemental responses reflecting the changes pursuant to Federal Rule of Civil Procedure 26(e).

## DEFINITIONS AND INSTRUCTIONS

1.     "YOU," "YOUR," and "THIMES" mean Plaintiff and Counter-Defendant THIMES SOLUTIONS INC. d/b/a Universal Goods & Sales, its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, and each of its owners, managers, employees, agents, officers, directors, representatives, consultants, accountants, attorneys, and any individual or entity working on its behalf, including Avraham "Avi" Eisenberg and any PERSON who served in any of these capacities during any relevant time period.

2.     "TP-LINK USA" means Defendant and Counterclaimant TP-Link USA Corporation.

3.     "AMAZZIA" means Co-Defendant AUCTION BROTHERS, INC. d/b/a AMAZZIA.

4.     "TP-LINK® MARK" means the trademark identified in paragraphs 17-18 and Exhibit 2 of the Counterclaims in the above-captioned action.

5.     "AMAZON" means Amazon.com Services LLC, including, without limitation, all subsidiaries, divisions, predecessors, successors, affiliates, parents, agents, representatives, employees, consultants, and attorneys of AMAZON, and each person acting or purporting to act on behalf or under the control of AMAZON.

6.     "AVRAHAM EISENBERG" means Avraham "Avi" Eisenberg, the Founder and President of THIMES, including without limitation all agents,

representatives, employees, consultants, and attorneys of AVRAHAM EISENBERG.

7.     "5AC" means the Fifth Amended Complaint filed in this action (ECF No. 178).

8.     "PERSON" includes the plural as well as the singular, and includes any natural person or any legal entity, including but not limited to, any firm, association, partnership, corporation, business, or government entity.

9.     The term "DOCUMENT," as used in these Requests has the broadest meaning accorded that term by Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, and includes, but is not limited to, any kind of written or graphic material, however produced or reproduced, of any kind or description, whether sent or received or neither, including originals, copies, drafts and both sides thereof, and including, but not limited to: any papers, reports, binder, cover note, certificate, letter, correspondence, record, table, chart, analysis, graph, schedule, report, test, study memorandum, note, list, diary, log, calendar, telex, message (including, but not limited to, inter-office and intra-office communications), questionnaire, bill, purchase order, blogs, charts, data files, log files of computer access activity, shipping order, contract, memorandum of contract, agreement, assignment, license, certificate, permit, ledger, ledger entry, book of account, check, order, invoice, receipt, statement, financial data, acknowledgement, computer or data processing card, computer or data processing disk, computer- generated matter, photograph, photographic negative, phonograph recording, transcript or log of an such recording, projection, videotape, film, microfiche, and all other data compilations from which information can be obtained or translated, reports and/or summaries of investigations, drafts and revisions of drafts of any documents and original preliminary notes or sketches, and all of the records kept by electronic, photographic, optical, mechanical, magnetic means and things similar to any of the foregoing, including computer media, regardless of their author, no matter how produced or maintained, in your actual or constructive possession, custody or control, or the existence of which you have

knowledge, and whether prepared, published or released by you or by any other person. If a document has been prepared in several copies, or additional copies have been made, or copies are not identical (or which by reason of subsequent modification of a copy by the addition of notations or other modifications, are no longer identical), each non-identical copy as a separate document.

10.     The terms "COMMUNICATION" or "COMMUNICATIONS" mean any manner or means of disclosure, transfer or exchange of information with any person (whether internal or external to an organization), including but not limited to by means of verbal conversation, letter, memoranda, message, note, telegram, telex, electronic mail, facsimile, text message, chat message, instant message, social media message, posting, or by any other DOCUMENTS.

11.     The term "CONCERNING" means embodying, referring to, relating to, summarizing, constituting, containing, analyzing, studying, explaining, mentioning, showing, discussing, supporting, refuting, reflecting, memorializing, describing, commenting upon, and/or connected in any way factually or logically with, the matter therein.

12.     As used herein, the masculine includes the feminine and neuter; the singular includes the plural and vice-versa; "each" includes and encompasses "every," and vice-versa; "any" includes and encompasses "all," and vice-versa; the terms "and" and "or" have both conjunctive and disjunctive meanings; so as to be inclusive of any documents.

13.     The use of any tense of any verb includes all other tenses of the verb.

14.     Words not specifically defined herein should be given their plain and ordinary meaning.

15.     If the answer to the interrogatory requires the identification of a person or entity, Thimes shall state the full name, address, title, telephone number, and relationship to Thimes of the persons or entities identified.

16.     If any information responsive to these interrogatories is withheld under a

claim of privilege or other immunity from discovery, or if an interrogatory is otherwise not answered in full, Thimes shall state the specific grounds for not answering in full, identify all information for which privilege or immunity is claimed, and answer the interrogatory to the extent to which there is no objection.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

Describe in detail element-by-element all facts and circumstances that support or otherwise relate to YOUR claim for interference with existing and prospective business relationships.

**INTERROGATORY NO. 2:**

Describe in detail element-by-element all facts and circumstances that support or otherwise relate to YOUR claim for trade libel.

**INTERROGATORY NO. 3:**

Describe in detail all facts and circumstances that support or otherwise relate to YOUR claim for compensatory damages, including YOUR damages calculations.

**INTERROGATORY NO. 4:**

Describe in detail all facts and circumstances relating to the specific conduct by TP-LINK USA which YOU contend was wrongful in connection with YOUR claim for interference with existing and prospective business relationships.

**INTERROGATORY NO. 5:**

Describe in detail all facts and circumstances relating to the specific conduct by AMAZZIA which YOU contend was wrongful in connection with YOUR claim for interference with existing and prospective business relationships.

**INTERROGATORY NO. 6:**

Identify each statement made by TP-LINK USA to customers (or entities alleged to be customers) of THIMES (including, but not limited to, the date of the statement, the manner in which the statement was conveyed, and the speaker).

**INTERROGATORY NO. 7:**

Identify each statement made by AMAZZIA to customers (or entities alleged to be customers) of THIMES (including, but not limited to, the date of the statement, the manner in which the statement was conveyed, and the speaker).

**INTERROGATORY NO. 8:**

Identify each customer that YOU contend did not do business with YOU due to a statement by AMAZZIA and the circumstances of that transaction.

**INTERROGATORY NO. 9:**

Identify each customer that YOU contend did not do business with YOU due to a statement by TP-LINK USA and the circumstances of that transaction.

**INTERROGATORY NO. 10:**

Identify each transaction (including sales) which YOU contend did not occur due to a statement by AMAZZIA and the circumstances of that transaction.

**INTERROGATORY NO. 11:**

Identify each transaction (including sales) which YOU contend did not occur due to a statement made by TP-LINK USA and the circumstances of that transaction.

**INTERROGATORY NO. 12:**

Describe in detail any concerns, claims, or complaints regarding THIMES or any account run by AVRAHAM EISENBERG, including, but not limited to, intellectual property violations (trademark, patent or copyright), negative customer feedback, account issues (e.g., inadequate product descriptions, insufficient security, or performance evaluations), warnings (including the "Amazon's warning letter" referred to in 5AC ¶ 26 and "single imposter's complaint" referred to in 5AC ¶ 58), suspensions, removals, and expulsions.

Date:  June 2, 2022                         LTL ATTORNEYS LLP

                                    By:  */s/ Heather F. Auyang*
                                         Joe H. Tuffaha

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Prashanth Chennakesavan
Heather F. Auyang
Patice A. Gore

Counsel for Defendant and
Counterclaimant
TP-Link USA Corporation

**PROOF OF SERVICE**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

I, the undersigned declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; that I served the below-named person the following documents:

**TP-LINK USA'S INTERROGATORIES TO THIMES SOLUTIONS INC., SET ONE**

on the interested parties in this action.

| | |
|---|---|
| Randolph Gaw<br>Mark Poe<br>Victor Meng<br>**GAW \| POE LLP**<br>4 Embarcadero Center, Suite 1400<br>San Francisco, CA 94111<br>E-mail: rgaw@gawpoe.com<br>    mpoe@gawpoe.com<br>    vmeng@gawpoe.com | Attorney for Counter-Defendant Thimes Solutions Inc. |
| Mark Schlachet<br>**Law Offices of Mark Schlachet**<br>43 West 43d Street, Suite 220<br>New York, New York 10036<br>E-mail: markschlachet@me.com | |

[ ]   **BY MAIL** I placed such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.

As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]   **BY ELECTRONIC MAIL** I transmitted the above listed document(s) to the e-mail address(es) set forth above on this date.

Executed on **June 2, 2022**, at Los Angeles, California.

[X]   (Federal)     I declare under penalty of perjury under the laws of the United States that the above is true and correct.

_____          _____
              Erika Santoyo                                    Signature
               Print Name

TP-LINK USA'S INTERROGATORIES TO THIMES SOLUTIONS, SET ONE