RANDOLPH GAW (S.B. #223718)
 rgaw@gawpoe.com
MARK POE (S.B. #223714)
 mpoe@gawpoe.com
VICTOR MENG (S.B. #254102)
 vmeng@gawpoe.com
GAW | POE LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

MARK SCHLACHET (*pro hac vice*)
 markschlachet@me.com
43 West 43d Street, Suite 220
New York, New York 10036
Telephone: (216) 225-7559
Facsimile: (216) 932-5390

Attorneys for Plaintiff Thimes Solutions Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS INC.<br><br>Plaintiffs,<br><br>v.<br><br>TP-LINK USA CORPORATION, and AUCTION BROTHERS, INC. d/b/a AMAZZIA<br><br>Defendant.<br><hr>TP-LINK USA CORP.<br><br>Counterclaimant,<br><br>v.<br><br>THIMES SOLUTIONS INC.<br><br>Counter-Defendant. | Case No. 2:19-CV-10374-SB-E<br><br>**DECLARATION OF RANDOLPH GAW IN OPPOSITION TO TP-LINK'S MOTION FOR SANCTIONS**<br><br>Date:     Friday Oct. 14, 2022<br>Time:     9:30 a.m.<br>Courtroom:  750 |

I, Randolph Gaw, declare as follows:

1.      I am a partner at the law firm of Gaw | Poe LLP, counsel of record to plaintiff Thimes Solutions Inc. ("Thimes").  If called to testify at a hearing or trial, I could and would testify to the following, which is based on my personal knowledge.  I submit this declaration in support of Thimes's opposition to defendant TP-Link USA Corporation's motion for terminating, or in the alternative issue sanctions, motion to compel responses to discovery, and request for monetary sanctions.

2.      Attached as Exhibit 25 are true and correct excerpts of Thimes's privilege log that was served to TP-Link on August 31, 2022.  Highlighting has been added by me for the benefit of the Court.

3.      Attached as Exhibit 26 are true and correct excerpts of Thimes Solutions Inc.'s Objections and Responses to Defendant TP-Link USA Corporation's First Set of Requests for Production.

4.      On August 15, 2022, my colleague Victor Meng had a conference of counsel with TP-Link's attorneys regarding TP-Link's intention to file a motion for summary judgment.

5.      Mr. Eisenberg sent me a draft of a privilege log that had been generated by the Goldfynch software program.  There were over 3,000 documents listed on that log.  The documents listed in the log were listed in whatever order the Goldfynch software presented them—it was impossible for me to sort those documents by date or by bates number without breaking the linkage between the e-mails listed in the log and their associated attachments.  It appeared to me this was because Goldfynch apparently did not process and bates stamp documents in their chronological order, and because the dates for the attachments were not always the same as the dates for the e-mails for which they are attached.

6.      I and another attorney for Thimes then reviewed every single e-mail that was listed on the draft privilege log to ensure that each listed e-mail was, in

1   fact, attorney-client privileged or was attorney work product.  We changed the

2   designations on several of the logged documents, including removing all

3   designations from several documents so that they would be produced.

4       7.      I made no effort to conceal anything on the privilege log and Mr.

5   Eisenberg was instructed to locate and produce responsive documents.  I noted that

6   in the privilege log, the attachments to e-mails were identified by their file names,

7   which typically revealed the general substance of those attachments.  Nevertheless,

8   I decided to leave the file names unaltered in any way, as I felt that would be the

9   best way to comply with the Court's order requiring Thimes to identify with

10  particularity documents that it was withholding on grounds of attorney-client

11  privilege or work product.  Similarly, in an abundance of caution, I decided not to

12  withhold any e-mails at all and de-list them from the privilege log on the grounds

13  that they were not responsive to any RFPs, even though I personally felt that many

14  of those e-mails were not responsive—for example, every e-mail exchanged

15  between my firm and Mr. Eisenberg is logged.

16      8.      I and counsel for TP-Link had a telephonic conference on September 6

17  to discuss this motion.  During the conference, I told TP-Link's counsel that to

18  avoid any claim that we had waived work product over Mr. Eisenberg's

19  communications with the REDACTED                                     I could not discuss any

20  of the contents of those communications with them.  I also said that I could not

21  even reference anything about an REDACTED      unless they showed me that the topic

22  had been disclosed in another document.  At that time, TP-Link's counsel gave me

23  the bates number of a document (which I no longer recall) and upon reviewing it, I

24  saw that Mr. Eisenberg was referencing Thimes's REDACTED               (though

25  not in a substantive way).  At that point, I told TP-Link's counsel that I could

26  discuss the fact of the REDACTED      with them.

27      9.      The privilege log that Thimes produced to TP-Link is fully text

28  searchable.  During the parties' September 6 conference of counsel for this motion,

1  I identified for TP-Link's attorneys the name of Thimes's REDACTED          as my

2  firm was not involved in any REDACTED    for Thimes in any way.  A simple

3  "Control-F" search on the privilege log for the name of Thimes's REDACTED

4  REDACTED would quickly reveal every e-mail and attachment they had exchanged with

5  Mr. Eisenberg.

6       10.    On August 31, 2022, Thimes produced over 200,000 additional

7  documents to comply with the Order.

8       11.    As Thimes was collecting and readying documents for production, my

9  colleagues and I were concurrently researching and drafting Thimes's 25-pages of

10 inserts for the combined brief on TP-Link's motion for summary judgment.  We

11 were also preparing declarations, inserts to a Joint Appendix of Evidence, inserts to

12 a Joint Appendix of Facts, and a Joint Appendix of Objections.  Due to all this

13 added work and the sheer volume of the document production, we were only able to

14 do a spot review of this document production and we have no inventory as to what

15 e-mails were produced.  We still have not been able to start anything of the sort

16 because, literally the day after we finished working on the summary judgment

17 motion, we had our conference of counsel on this motion and had to turn all of our

18 attention to it.

19      12.    With the exception of 17 documents being produced in connection

20 with Thimes's expert report, the entirety of Thimes's August 31 document

21 production stemmed from the collection that began shortly after the Court issued its

22 discovery order on August 16.

23      13.    TP-Link's counsel has not once stated that even a single document

24 produced by Thimes is non-responsive to their document requests.

25      14.    Attached as Exhibit 27 is a true and correct copy an e-mail sent to me

26 and others on September 13, 2022 by Heather Auyang, counsel for TP-Link.

27      15.    Attached as Exhibit 28 is a true and correct copy of TP-Link's Initial

28 Disclosures.

16.     Attached as Exhibit 29 is a true and correct copy of TP-Link's Notice of Subpoena to Testify at a Deposition and Produce Documents to Amazon.com Services LLC.

17.     Gaw | Poe LLP has billing software.  By checking that software, I can see that I have recorded slightly over 25 hours in preparing this opposition to TP-Link's motion for terminating sanctions.  I am a 2002 graduate of Stanford Law School and have been practicing law continuously since then.  My ordinary billing rate is $740 per hour and I am charging Thimes a discounted rate of $500 per hour. Thus, Thimes requests monetary sanctions in the amount of $12,500 against TP-Link in connection with the fees it incurred in the preparation of this opposition.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed on September 19, 2022, at San Francisco, California

_____
Randolph Gaw

GAW DECL. IN OPP.
TO TP-LINK'S MOT. FOR SANCTIONS
CASE NO. 2:19-CV-10374-SB-EX

# EXHIBIT 25

| Control number | Type | Sent | Subject Matter | From | To | Cc | Bcc | Privilege Claimed |
|---|---|---|---|---|---|---|---|---|
| THIMES202509 | E-mail | 2019-08-07 16:23:15 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Mark Schlachet" <markschlachet@me.com> | "Sean O'Brien" <sobrien@obrienllp.com> | "Avi Eisenberg" <avi@thimessolutions.com> | | AC |
| THIMES202511 | Attachment | | Final Blackline (00011964xC333A)(MS 4-13PM, 8-7).docx | | | | | AC |
| THIMES202507 | E-mail | 2019-08-07 16:20:29 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Sean O'Brien" <sobrien@obrienllp.com> | "Mark Schlachet" <markschlachet@me.com> | "Avi Eisenberg" <avi@thimessolutions.com> | | AC |
| THIMES202506 | E-mail | 2019-08-07 16:18:16 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Mark Schlachet" <markschlachet@me.com> | "Sean O'Brien" <sobrien@obrienllp.com> | "Avi Eisenberg" <avi@thimessolutions.com> | | AC |
| THIMES202502 | E-mail | 2019-08-07 14:48:30 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Sean O'Brien" <sobrien@obrienllp.com> | "Mark Schlachet" <markschlachet@me.com> | "Avi Eisenberg" <avi@thimessolutions.com> | | AC |
| THIMES202499 | E-mail | 2019-08-07 14:34:49 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Mark Schlachet" <markschlachet@me.com> | "Sean O'Brien" <sobrien@obrienllp.com> | "Avi Eisenberg" <avi@thimessolutions.com> | | AC |
| THIMES206298 | E-mail | 2020-05-05 12:55:30 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Avi Eisenberg" <avi@thimessolutions.com> | "Mark Berkowitz" <mberkowitz@arelaw.com> | | | AC |
| THIMES206295 | E-mail | 2020-05-05 12:50:02 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Mark Berkowitz" <mberkowitz@ARELAW.com> | "Avi Eisenberg" <avi@thimessolutions.com> | | | AC |
| THIMES206278 | E-mail | 2020-05-05 10:36:12 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Avi Eisenberg" <avi@thimessolutions.com> | "Mark Berkowitz" <mberkowitz@arelaw.com> | | | AC |
| THIMES206270 | E-mail | 2020-05-05 00:33:26 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Avi Eisenberg" <avi@thimessolutions.com> | "Mark Berkowitz" <mberkowitz@arelaw.com> | | | AC |
| THIMES206272 | Attachment | | damages calculation.pdf | | | | | AC; WP |
| THIMES206274 | Attachment | | inventory_with_values.xlsx | | | | | AC; WP |
| THIMES206267 | E-mail | 2020-05-04 23:49:03 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Avi Eisenberg" <avi@thimessolutions.com> | "Mark Berkowitz" <mberkowitz@arelaw.com> | | | AC |
| THIMES206269 | Attachment | | new asins.csv | | | | | AC; WP |
| THIMES206265 | E-mail | 2020-05-04 10:10:12 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Mark Berkowitz" <mberkowitz@ARELAW.com> | "Avi Eisenberg" <avi@thimessolutions.com> | | | AC |
| THIMES206263 | E-mail | 2020-05-04 10:08:09 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Avi Eisenberg" <avi@thimessolutions.com> | "Mark Berkowitz" <mberkowitz@arelaw.com> | | | AC |
| THIMES206250 | E-mail | 2020-05-04 09:42:38 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Mark Berkowitz" <mberkowitz@ARELAW.com> | avi@thimessolutions.com | | | AC |
| THIMES206252 | Attachment | | AAA Thimes v Amazon Scheduling Order No. 3  5-1-20.docx | | | | | AC |
| THIMES206253 | Attachment | | ATT00001.htm | | | | | AC |
| THIMES203702 | E-mail | 2019-12-10 13:51:44 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Mark Schlachet" <markschlachet@me.com> | "Avi Eisenberg" <avi@thimessolutions.com> | | | AC |

| Control number | Type | Sent | Subject Matter | From | To | Cc | Bcc | Privilege Claimed |
|---|---|---|---|---|---|---|---|---|
| THIMES203946 | Attachment | | Screenshot from 2020-01-14 11-09-22-1.png | | | | | AC |
| THIMES203947 | Attachment | | Screenshot from 2020-01-14 11-09-58-3.png | | | | | AC |
| THIMES203948 | Attachment | | Screenshot from 2020-01-14 11-10-23-2.png | | | | | AC |
| THIMES203949 | Attachment | | Screenshot from 2020-01-14 11-14-28.png | | | | | AC |
| THIMES203921 | E-mail | 2020-01-14 10:48:47 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Mark Berkowitz" <mberkowitz@ARELAW.com> | "Avi Eisenberg" <avi@thimessolutions.com> | | | AC |
| THIMES203923 | Attachment | | Claimant's Objections and Responses to Amazon's Discovery Requests.docx | | | | | AC; WP |
| THIMES203868 | E-mail | 2020-01-10 15:39:08 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Avi Eisenberg" <avi@thimessolutions.com> | "Mark Berkowitz <mberkowitz@arelaw.com> | | | AC |
| THIMES203870 | Attachment | | Thimes Solutions v. Amazon - Amazon's Discovery Requests draft.docx | | | | | AC; WP |
| THIMES203862 | E-mail | 2020-01-10 14:55:48 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Avi Eisenberg" <avi@thimessolutions.com> | "Mark Berkowitz <mberkowitz@arelaw.com> | | | AC |
| THIMES203864 | Attachment | | Thimes Solutions v. Amazon - Amazon's Discovery Requests draft.docx | | | | | AC; WP |
| THIMES203860 | E-mail | 2020-01-10 14:42:56 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Mark Berkowitz" <mberkowitz@ARELAW.com> | "Avi Eisenberg" <avi@thimessolutions.com> | | | AC |
| THIMES203859 | E-mail | 2020-01-10 14:39:09 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Avi Eisenberg" <avi@thimessolutions.com> | "Mark Berkowitz <mberkowitz@arelaw.com> | | | AC |
| THIMES203858 | E-mail | 2020-01-10 14:33:00 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Mark Berkowitz" <mberkowitz@ARELAW.com> | "Avi Eisenberg" <avi@thimessolutions.com> | | | AC |
| THIMES203854 | E-mail | 2020-01-10 14:29:49 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Avi Eisenberg" <avi@thimessolutions.com> | "Mark Berkowitz <mberkowitz@arelaw.com> | | | AC |
| THIMES203855 | Attachment | | All Suppliers CONFIDENTIAL.csv | | | | | AC; WP |
| THIMES203856 | Attachment | | Supplier contact info - CONFIDENTIAL.csv | | | | | AC; WP |
| THIMES202628 | E-mail | 2019-08-12 16:09:20 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Avi Eisenberg" <avi@thimessolutions.com> | "Mark Schlachet" <markschlachet@me.com> | | | AC |
| THIMES202587 | E-mail | 2019-08-08 11:28:32 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Mark Schlachet" <markschlachet@me.com> | "Sean O'Brien" <sobrien@obrienllp.com> | "Avi Eisenberg" <avi@thimessolutions.com> | | AC |
| THIMES202581 | E-mail | 2019-08-08 11:26:58 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Sean O'Brien" <sobrien@obrienllp.com> | "Mark Schlachet" <markschlachet@me.com> | "Avi Eisenberg" <avi@thimessolutions.com> | | AC |
| THIMES202574 | E-mail | 2019-08-08 11:25:38 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Mark Schlachet" <markschlachet@me.com> | "Sean O'Brien" <sobrien@obrienllp.com> | "Avi Eisenberg" <avi@thimessolutions.com> | | AC |
| THIMES202556 | E-mail | 2019-08-07 18:11:31 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Avi Eisenberg" <avi@thimessolutions.com> | "Mark Schlachet" <markschlachet@me.com> | | | AC |
| THIMES202562 | Attachment | | Final Settlement Agreement (00011965xC333A).pdf | | | | | AC |

| Control number | Type | Sent | Subject Matter | From | To | Cc | Bcc | Privilege Claimed |
|---|---|---|---|---|---|---|---|---|
| THIMES209175 | E-mail | 2020-08-03 19:59:44 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Avi Eisenberg" <avi@thimessolutions.com> | "Randolph Gaw" <rgaw@gawpoe.com> | "Mark Schlachet" <markschlachet@me.com>; "Mark Poe" <mpoe@gawpoe.com>; "Victor Meng" <vmeng@gawpoe.com> | | AC |
| THIMES209173 | E-mail | 2020-08-03 19:57:02 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Avi Eisenberg" <avi@thimessolutions.com> | "Randolph Gaw" <rgaw@gawpoe.com> | "Mark Schlachet" <markschlachet@me.com>; "Mark Poe" <mpoe@gawpoe.com>; "Victor Meng" <vmeng@gawpoe.com> | | AC |
| THIMES209140 | E-mail | 2020-08-03 18:41:44 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Randolph Gaw" <rgaw@gawpoe.com> | "Avi Eisenberg" <avi@thimessolutions.com>; markschlachet@me.com | "Mark Poe" <mpoe@gawpoe.com>; "Victor Meng" <vmeng@gawpoe.com> | | AC |
| THIMES209142 | Attachment | | 0119. (08-03-2020) MEMORANDUM in Opposition to NOTICE OF MOTION AND MOTION for Leave to file Fourth Amended Complaint [.pdf | | | | | AC |
| THIMES208994 | E-mail | 2020-07-13 10:31:02 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Avi Eisenberg" <avi@thimessolutions.com> | "Mark Berkowitz" <mberkowitz@arelaw.com> | | | AC |
| THIMES208982 | E-mail | 2020-07-13 10:22:40 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Mark Berkowitz" <mberkowitz@ARELAW.com> | avi@thimessolutions.com | | | AC |
| THIMES208983 | Attachment | | Outline for Eisenberg Direct.docx | | | | | AC; WP |
| THIMES203964 | E-mail | 2020-01-14 19:46:13 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Avi Eisenberg" <avi@thimessolutions.com> | "Mark Berkowitz" <mberkowitz@arelaw.com> | | | AC |
| THIMES203965 | Attachment | | FBA Inventory 1-28-19 15_47 - FBA Inventory 1-28-19 15_47.csv | | | | | AC |
| THIMES210418 | E-mail | 2021-03-02 23:50:42 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Randolph Gaw" <rgaw@gawpoe.com> | "Avi Eisenberg" <avi@thimessolutions.com> | "Mark Poe" <mpoe@gawpoe.com> | | AC |
| THIMES210419 | Attachment | | 2021.03.02 invoice to TSI - 976-00328.pdf | | | | | AC |
| THIMES202428 | E-mail | 2019-08-06 10:19:32 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Mark Schlachet" <markschlachet@me.com> | "Sean O'Brien" <sobrien@obrienllp.com> | | | AC |
| THIMES202317 | E-mail | 2019-08-01 15:25:57 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Mark Schlachet" <markschlachet@me.com> | "Avi Eisenberg" <avi@thimessolutions.com> | | | AC |
| THIMES202307 | E-mail | 2019-08-01 14:42:26 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Mark Schlachet" <markschlachet@me.com> | "Avi Eisenberg" <avi@thimessolutions.com> | | | AC |
| THIMES202313 | Attachment | | 2019.07.31 Proposed Declaration of Dakota Miller (CONFIDENTIAL)(MS markup).docx | | | | | AC; WP |
| THIMES202302 | E-mail | 2019-08-01 14:38:51 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Mark Schlachet" <markschlachet@me.com> | "Avi Eisenberg" <avi@thimessolutions.com> | | | AC |

| Control number | Type | Sent | Subject Matter | From | To | Cc | Bcc | Privilege Claimed |
|---|---|---|---|---|---|---|---|---|
| THIMES211332 | E-mail | 2022-04-18 20:29:39 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Randolph Gaw" <rgaw@gawpoe.com> | "Mark Poe" <mpoe@gawpoe.com>; "Victor Meng" <vmeng@gawpoe.com>; "Avi Eisenberg" <avi@thimessolutions.com>; "Mark Schlachet" <markschlachet@me.com> | | | AC |
| THIMES209570 | E-mail | 2020-09-25 16:19:17 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Mark Berkowitz" <mberkowitz@ARELAW.com> | "Avi Eisenberg" <avi@thimessolutions.com> | | | AC |
| THIMES209571 | Attachment | | 2019-08-15 .Thimes Solutions First Amended Arbitration Demand.pdf | | | | | AC |
| THIMES209581 | Attachment | | 2019-08-15 Thimes Solutions Ex. A - Amazon Services Business Solutions Agreement.pdf | | | | | AC |
| THIMES209626 | Attachment | | 2019-08-15 Thimes Solutions Ex. B - FBA Inventory.pdf | | | | | AC |
| THIMES209632 | Attachment | | 2019-08-15 Thimes Solutions Ex. C - Inbound Inventory.pdf | | | | | AC |
| THIMES209569 | E-mail | 2020-09-25 16:17:37 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Mark Berkowitz" <mberkowitz@ARELAW.com> | "Avi Eisenberg" <avi@thimessolutions.com> | | | AC |
| THIMES209568 | E-mail | 2020-09-25 16:10:41 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Avi Eisenberg" <avi@thimessolutions.com> | "Mark Berkowitz" <mberkowitz@arelaw.com> | | | AC |
| THIMES209567 | E-mail | 2020-09-25 16:02:31 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Avi Eisenberg" <avi@thimessolutions.com> | "Mark Berkowitz" <mberkowitz@arelaw.com> | | | AC |
| THIMES209566 | E-mail | 2020-09-25 13:28:11 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Mark Berkowitz" <mberkowitz@ARELAW.com> | avi@thimessolutions.com | | | AC |
| THIMES202944 | E-mail | 2019-08-19 11:58:50 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Mark Schlachet" <markschlachet@me.com> | "Avi Eisenberg" <avi@thimessolutions.com> | | | AC |
| THIMES202937 | E-mail | 2019-08-19 11:37:41 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Avi Eisenberg" <avi@thimessolutions.com> | "Mark Schlachet" <markschlachet@me.com> | | | AC |
| THIMES202929 | E-mail | 2019-08-19 11:27:53 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Mark Schlachet" <markschlachet@me.com> | "Avi Eisenberg" <avi@thimessolutions.com> | | | AC |
| THIMES202921 | E-mail | 2019-08-19 11:23:28 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Avi Eisenberg" <avi@thimessolutions.com> | "Mark Schlachet" <markschlachet@me.com> | | | AC |
| THIMES202913 | E-mail | 2019-08-18 18:28:47 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Mark Schlachet" <markschlachet@me.com> | "Avi Eisenberg" <avi@thimessolutions.com> | | | AC |
| THIMES202905 | E-mail | 2019-08-18 18:15:35 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Avi Eisenberg" <avi@thimessolutions.com> | "Mark Schlachet" <markschlachet@me.com> | | | AC |
| THIMES202897 | E-mail | 2019-08-18 18:12:13 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Mark Schlachet" <markschlachet@me.com> | "Avi Eisenberg" <avi@thimessolutions.com> | | | AC |
| THIMES202890 | E-mail | 2019-08-18 17:37:15 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Avi Eisenberg" <avi@thimessolutions.com> | "Mark Schlachet" <markschlachet@me.com> | | | AC |

| Control number | Type | Sent | Subject Matter | From | To | Cc | Bcc | Privilege Claimed |
|---|---|---|---|---|---|---|---|---|
| THIMES203414 | E-mail | 2019-10-18 15:43:43 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Mark Berkowitz" <mberkowitz@ARELAW.com> | "Avi Eisenberg" <avi@thimessolutions.com> | | | AC |
| THIMES203409 | E-mail | 2019-10-18 14:15:53 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Avi Eisenberg" <avi@thimessolutions.com> | "Mark Berkowitz" <mberkowitz@arelaw.com> | | | AC |
| THIMES203397 | E-mail | 2019-10-18 13:10:49 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Mark Berkowitz" <mberkowitz@ARELAW.com> | "Avi Eisenberg" <avi@thimessolutions.com> | | | AC |
| THIMES203388 | E-mail | 2019-10-18 13:00:46 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Avi Eisenberg" <avi@thimessolutions.com> | "Mark Berkowitz" <mberkowitz@arelaw.com> | | | AC |
| THIMES203380 | E-mail | 2019-10-18 12:24:47 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Mark Berkowitz" <mberkowitz@ARELAW.com> | "Avi Eisenberg" <avi@thimessolutions.com> | | | AC |
| THIMES203384 | Attachment | | Letter to Arbitrator Brown re Counterclaims.docx | | | | | AC; WP |
| THIMES203376 | E-mail | 2019-10-16 13:47:07 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Avi Eisenberg" <avi@thimessolutions.com> | "Mark Berkowitz" <mberkowitz@arelaw.com> | | | AC |
| THIMES203372 | E-mail | 2019-10-16 13:46:29 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Avi Eisenberg" <avi@thimessolutions.com> | "Mark Berkowitz" <mberkowitz@arelaw.com> | | | AC |
| THIMES203369 | E-mail | 2019-10-16 10:42:10 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Mark Berkowitz" <mberkowitz@ARELAW.com> | "Avi Eisenberg" <avi@thimessolutions.com> | | | AC |
| THIMES203365 | E-mail | 2019-10-16 10:41:14 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Avi Eisenberg" <avi@thimessolutions.com> | "Mark Berkowitz" <mberkowitz@arelaw.com> | | | AC |
| THIMES203362 | E-mail | 2019-10-16 10:39:36 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Mark Berkowitz" <mberkowitz@ARELAW.com> | "Avi Eisenberg" <avi@thimessolutions.com> | | | AC |
| THIMES203354 | E-mail | 2019-10-07 09:10:09 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Mark Berkowitz" <mberkowitz@ARELAW.com> | "Avi Eisenberg" <avi@thimessolutions.com> | | | AC |
| THIMES203351 | E-mail | 2019-10-06 16:07:32 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Avi Eisenberg" <avi@thimessolutions.com> | "Mark Berkowitz" <mberkowitz@arelaw.com> | | | AC |
| THIMES203349 | E-mail | 2019-10-04 17:41:20 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Avi Eisenberg" <avi@thimessolutions.com> | "Mark Berkowitz" <mberkowitz@arelaw.com> | | | AC |
| THIMES203341 | E-mail | 2019-10-04 17:08:08 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Mark Berkowitz" <mberkowitz@ARELAW.com> | avi@thimessolutions.com | | | AC |
| THIMES203342 | Attachment | | 2019.10.04 Amazon's Answer and Counterclaims.pdf | | | | | AC |
| THIMES205200 | E-mail | 2020-03-08 14:46:27 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Avi Eisenberg" <avi@thimessolutions.com> | "Mark Schlachet <markschlachet@me.com> | | | AC |
| THIMES205199 | E-mail | 2020-03-08 13:32:48 | Discussion of litigation strategy, case developments, and/or factual issues relating to litigation | "Mark Schlachet" <markschlachet@me.com> | "Avi Eisenberg" <avi@thimessolutions.com> | | | AC |

# EXHIBIT 26

RANDOLPH GAW (S.B. #223718)
rgaw@gawpoe.com
MARK POE (S.B. #223714)
mpoe@gawpoe.com
VICTOR MENG (S.B. #254102)
vmeng@gawpoe.com
GAW | POE LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

MARK SCHLACHET (*pro hac vice*)
markschlachet@me.com
43 West 43d Street, Suite 220
New York, New York 10036
Telephone: (216) 225-7559
Facsimile: (216) 932-5390

Attorneys for Plaintiff
Thimes Solutions Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

THIMES SOLUTIONS INC.

               Plaintiffs,

    v.

TP-LINK USA CORPORATION,
and AUCTION BROTHERS, INC.
d/b/a AMAZZIA

               Defendant.

Case No. 2:19-cv-10374-SB-E

**THIMES SOLUTIONS INC.'S
OBJECTIONS AND RESPONSES TO
DEFENDANT TP-LINK USA
CORPORATION'S FIRST SET OF
REQUESTS FOR PRODUCTION**

PROPOUNDING PARTY:    Defendant TP-Link USA Corporation

RESPONDING PARTY:    Plaintiff Thimes Solutions Inc.

SET NO.:    One

## RESPONSES TO INTERROGATORIES

**REQUEST NO. 1:**

All DOCUMENTS and COMMUNICATIONS CONCERNING TP-LINK USA, including TP-Link products.

**RESPONSE TO REQUEST NO. 1:**

Plaintiff objects to this Request as overbroad, unduly burdensome, and disproportional to the needs of the case insofar as it seeks "all" documents and communications concerning every TP-Link product Plaintiff has ever purchased or sold. Plaintiff also objects on grounds of relevance to the extent that this Request demands documents concerning Plaintiff's purchases of TP-Link products from sellers other than TP-Link, as liability on Plaintiff's claims turns on TP-Link's conduct, not Plaintiff's purchase of TP-Link products from other sellers. Plaintiff further objects that any relevance of "all" documents and communications is minimal, is greatly outweighed by the burden of tracking down all such documents and communications, and on that ground, is disproportional to the needs of the case, considering the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff also objects to this Request to the extent it calls for the production of information protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable protections and privileges.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff will produce all responsive, non-privileged documents in its possession, custody, or control that are located after a reasonably diligent search (1) reflecting Plaintiff's purchases of TP-Link products that it subsequently re-sold on Amazon or (2) reflecting Plaintiff's sales on Amazon of TP-Link products.

**REQUEST NO. 2:**

All DOCUMENTS and COMMUNICATIONS related to any concerns, claims, or complaints regarding THIMES or any account run by AVRAHAM

- 3 -

1   EISENBERG, including, but not limited to, intellectual property violations

2   (trademark, patent, or copyright), negative customer feedback, account issues (e.g.,

3   inadequate product descriptions, insufficient security, or performance evaluations),

4   warnings (including the "Amazon's warning letter" referred to in 5AC ¶ 26 and

5   "single imposter's complaint" referred to in 5AC ¶ 58), suspensions, removals, and

6   expulsions.

7   **RESPONSE TO REQUEST NO. 2:**

8           Plaintiff objects to the terms "concerns, claims, or complaints regarding

9   Thimes or any account run by AVRAHAM EISENBERG," "negative customer

10  feedback," "account issues," and "warnings" as vague and ambiguous.  Plaintiff

11  further objects that any relevance of "all" such documents and communications is

12  minimal, is greatly outweighed by the burden of tracking down those documents,

13  and on that ground, is disproportional to the needs of the case, considering the

14  parties' resources, the importance of the discovery in resolving the issues, and

15  whether the burden or expense of the proposed discovery outweighs its likely

16  benefit.  Plaintiff further objects to the definition of "THIMES" as overbroad, and

17  interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.  Plaintiff

18  also objects to this Request to the extent it calls for the production of information

19  protected from disclosure by the attorney-client privilege, the work product doctrine,

20  or other applicable protections and privileges.

21          Subject to and without waiving the foregoing objections, Plaintiff responds as

22  follows:  Plaintiff will produce all e-mails sent to it by Amazon regarding

23  complaints, policy warning notices, notices of intellectual property violations, or

24  negative feedback.

25  **REQUEST NO. 3:**

26          All DOCUMENTS and COMMUNICATIONS between THIMES and any

27  third-party (including, but not limited to, AMAZON and customers)

28  CONCERNING TP-LINK USA or any TP-Link product.

THIMES RESPONSE TO
TP-LINK FIRST RFP
CASE NO. 2:19-CV-10374-SB-E

1   on AMAZON, including any TP-Link products.

2   **RESPONSE TO REQUEST NO. 9:**

3       Plaintiff objects to this Request on grounds of relevance, as the source of non-

4   TP-Link branded products that Plaintiff sold on the Amazon Marketplace has no

5   bearing on any issue on Plaintiff's claims or TP-Link's counterclaim.  Plaintiff

6   further objects to the term "sourcing of Thimes's products" as vague and

7   ambiguous.  Plaintiff further objects to the definition of "THIMES" as overbroad,

8   and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

9   Plaintiff also objects to this Request to the extent it calls for the production of

10   information protected from disclosure by the attorney-client privilege, the work

11   product doctrine, or other applicable protections and privileges.

12       Subject to and without waiving the foregoing objections, Plaintiff responds as

13   follows:  Plaintiff will produce responsive, non-privileged documents in its

14   possession, custody, or control that are located after a reasonably diligent search

15   reflecting Plaintiff's purchases of TP-Link products.

16   **REQUEST NO. 10:**

17       All DOCUMENTS and COMMUNICATIONS with AMAZON

18   CONCERNING THIMES's account, including, but not limited to, the signed

19   Amazon's standard Business Solutions Agreement (referred to in ¶ 6 of the 5AC),

20   "appeal" (referred to in ¶ 45 of the 5AC: "Plaintiff appealed and got reinstated

21   from the May 7th suspension."), and "administrative options" (referred to in ¶ 51

22   of the 5AC: "Plaintiff exhausted all possible administrative options at Amazon,

23   including appellate procedures.").

24   **RESPONSE TO REQUEST NO. 10:**

25       Plaintiff objects to this Request as overbroad, unduly burdensome, and

26   disproportional to the needs of the case insofar as it seeks "all" documents and

27   communications concerning Thimes's account.  Plaintiff further objects that any

28   relevance of "all" such documents and communications is minimal, is greatly

1    outweighed by the burden of tracking down all such documents and

2    communications, and on that ground, is disproportional to the needs of the case,

3    considering the parties' resources, the importance of the discovery in resolving the

4    issues, and whether the burden or expense of the proposed discovery outweighs its

5    likely benefit.  Plaintiff further objects to the definition of "THIMES" as overbroad,

6    and interprets it to mean Thimes Solutions Inc. d/b/a Universal Goods & Sales.

7    Plaintiff also objects to this Request to the extent it calls for the production of

8    information protected from disclosure by the attorney-client privilege, the work

9    product doctrine, or other applicable protections and privileges.

10    Subject to and without waiving the foregoing objections, Plaintiff responds as

11    follows:  Plaintiff will produce all e-mails that it sent to, or received from, Amazon

12    concerning Amazon's standard Business Solutions Agreement, the appeal referred to

13    in paragraph 45 of the Amended Fifth Amended Complaint, and the administrative

14    options referred to in paragraph  51 of the Amended Fifth Amended Complaint.

15    **REQUEST NO. 11:**

16    All DOCUMENTS and COMMUNICATIONS with AMAZON

17    CONCERNING any account run by AVRAHAM EISENBERG (including under

18    other names or aliases).

19    **RESPONSE TO REQUEST NO. 11:**

20    Plaintiff objects to this Request on grounds of relevance, as liability on

21    Plaintiff's claims turns on TP-Link's conduct, not Mr. Eisenberg's, and any

22    relevance of the documents requested is minimal, is greatly outweighed by the

23    burden of tracking down all such documents and communications, and on that

24    ground, is disproportional to the needs of the case, considering the parties'

25    resources, the importance of the discovery in resolving the issues, and whether the

26    burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff

27    further objects to the definition of "AVRAHAM EISENBERG" as overbroad, and

28    interprets it to mean Avraham Eisenberg.  Plaintiff also objects to this Request to the

follows:  Plaintiff will produce all responsive, non-privileged documents in its

possession, custody, or control that are located after a reasonably diligent search.


 Dated:  July 5, 2022                          GAW │ POE LLP

                                               By: _____
                                                   Randolph Gaw
                                                   Attorneys for Plaintiff
                                                   Thimes Solutions Inc.

# EXHIBIT 27

**Randolph Gaw**

| | |
|---|---|
| **From:** | Heather Auyang <Heather.Auyang@ltlattorneys.com> on behalf of Heather Auyang |
| **Sent:** | Tuesday, September 13, 2022 12:35 PM |
| **To:** | Randolph Gaw; Joe Tuffaha; Patice Gore; Prashanth Chennakesavan |
| **Cc:** | Victor Meng; Mark Schlachet |
| **Subject:** | RE: Amazon document production |

Hi Randy,

Amazon produced one document in connection with TP-Link's subpoena for which Amazon made us pay $3,000.

TP-Link will agree to split the costs for the mutual exchange of documents.

We can send you our wire information so that Thimes can remit $500.

Please us know.

Thanks,
Heather

**From:** Randolph Gaw <rgaw@gawpoe.com>
**Sent:** Monday, September 12, 2022 8:35 AM
**To:** Joe Tuffaha <joe.tuffaha@ltlattorneys.com>; Heather Auyang <Heather.Auyang@ltlattorneys.com>; Patice Gore <patice.gore@ltlattorneys.com>; Prashanth Chennakesavan <Prashanth.Chennakesavan@ltlattorneys.com>
**Cc:** Victor Meng <vmeng@gawpoe.com>; Mark Schlachet <markschlachet@me.com>
**Subject:** Amazon document production

[EXTERNAL EMAIL] This email originated from outside of the **LTL Attorneys** organization. **DO NOT CLICK** links or open attachments unless you recognize the sender and know the content is safe.

Counsel,

Amazon has produced two documents to us in connection with our subpoena. Amazon made us, however, pay it $2,000 for its costs in retrieving these documents. We are prepared to turn over a copy of these documents, but first, pursuant to FRCP 26(c)(1)(B), we wish to receive TP-Link's agreement that it will equally split this $2,000 cost. Otherwise, please let us know when you are available for a telephonic meet and confer over this topic.

(If TP-Link does not wish to receive a copy, then there is no need to respond.)

Thank you,
Randy

**Randolph Gaw**
**Gaw | Poe LLP**
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Tel: 415.766.7451
Fax: 415.737.0642
E-mail: rgaw@gawpoe.com
www.gawpoe.com

1

# EXHIBIT 28

LTL ATTORNEYS LLP
Joe H. Tuffaha (SBN 253723)
  joe.tuffaha@ltlattorneys.com
Prashanth Chennakesavan (SBN 284022)
  prashanth.chennakesavan@ltlattorneys.com
Heather F. Auyang (SBN 191776)
  heather.auyang@ltlattorneys.com
Patice A. Gore (SBN 258776)
  patice.gore@ltlattorneys.com
300 South Grand Ave., 14th Floor
Los Angeles, CA 90071
Tel:  (213) 612-8900
Fax:  (213) 612-3773

Attorneys for Defendant and
Counterclaimant TP-Link USA Corporation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>TP-LINK USA CORPORATION, and<br>AUCTION BROTHERS, INC. d/b/a<br>AMAZZIA,<br><br>        Defendants.<br>―――――――――――――――<br>TP-LINK USA CORPORATION,<br><br>        Counterclaimant,<br><br>    v.<br><br>THIMES SOLUTIONS INC., | CASE NO.: 2:19-cv-10374-SB-E<br><br>**DEFENDANT AND<br>COUNTERCLAIMANT TP-LINK<br>USA'S RULE 26 INITIAL<br>DISCLOSURES**<br><br><br>Judge:      Hon. Stanley Blumenfeld, Jr.<br>Trial Date:  January 9, 2023 |

1      Counter-Defendant.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TP-LINK USA'S RULE 26 INITIAL DISCLOSURES

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendant and Counterclaimant TP-Link USA Corporation ("TP-Link USA") makes the following initial disclosures:

## I. INTRODUCTORY STATEMENT

These Initial Disclosures are based upon information that is currently available to TP-Link USA, without the benefit of discovery, and represent a good faith effort to identify information of which it is aware as of this date and which it reasonably believes may be used to support its defenses and counterclaims. TP-Link USA reserves the right to supplement, amend, or modify these disclosures as further information becomes available, as contemplated by Fed. R. Civ. P. 26(e). Specifically, TP-Link USA makes these disclosures without prejudice to its right to supplement its disclosures in the event additional responsive information is located or becomes available, to correct or modify any information set forth or referenced herein, and to use amended or supplemental information to support its claims during discovery, pretrial, trial and any supporting motions.

In addition to the disclosures expressly set forth below, TP-Link USA incorporates by reference herein the individuals, entities, documents and/or categories of documents identified in Plaintiff's and Counter-defendant's initial disclosures (including any supplementations) and reserves the right to use, rely upon, seek discovery from, or call as witnesses those individuals, entities, documents, and/or categories of documents as if they were expressly identified herein.

In making these disclosures, TP-Link USA reserves any and all objections to any subsequent discovery in this matter, including, without limitation, objections founded on any applicable privilege, the attorney work product doctrine, confidentiality, relevancy, burden, and oppression.

# INITIAL DISCLOSURES

## II.   INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION [FED. R. CIV. P. 26(a)(1)(A)(i)]

Based on information reasonably available to TP-Link USA at this time, TP-Link USA identifies the following individuals who may have discoverable information regarding its claims in this action.   The actual knowledge of persons identified may or may not exceed the scope of the subject matter identified below.  This list excludes individuals with information that may be used solely for impeachment.   TP-Link USA's investigation is ongoing and it has not yet identified all individuals with relevant knowledge.  TP-Link USA reserves the right to amend its disclosures as information becomes available to it.

| Name | Contact Information | Subject of Information |
|------|---------------------|------------------------|
| Antoine Liu | May be contacted through undersigned counsel. | Senior Product Strategy Manager<br><br>Mr. Liu may have knowledge regarding when and how TP-Link USA became aware of Plaintiff and Counter-Defendant's infringement. |
| Thimes Solutions Inc. | May be contacted through its counsel of record. | Thimes may have knowledge regarding its purchase and unauthorized resale of TP-Link's products, use of the TP-LINK® Mark, its profits related to its unauthorized marketing and sales of TP-Link products, and its infringement, Amazon account and violations of Amazon marketplace |

| Name | Contact Information | Subject of Information |
|---|---|---|
| | | rules. |
| Avraham "Avi" Eisenberg | May be contacted through his counsel of record. | Mr. Eisenberg may have knowledge regarding Plaintiff and Counter-Defendant's purchase and unauthorized resale of TP-Link's products, use of the TP-LINK® Mark, Plaintiff and Counter-Defendant's profits related to its unauthorized marketing and sales of TP-Link products, Plaintiff and Counter-Defendant's infringement, and Plaintiff and Counter-Defendant's violations of Amazon marketplace rules. |
| Amazon.com Services LLC | 410 Terry Avenue, North Seattle, WA 98109 | Representatives of Amazon may have knowledge regarding Amazon's marketplace policies and procedures, the facts and circumstances surrounding the expulsion or removal of Plaintiff and Counter-Defendant from its marketplace, including Amazon's reasons for the expulsion or removal, and Plaintiff and Counter-Defendant's violations of Amazon marketplace rules. |
| Auction Brothers Inc. | May be contacted through | Representatives of |

| Name | Contact Information | Subject of Information |
|------|---------------------|------------------------|
| d/b/a Amazzia | its counsel of record. | Amazzia may have knowledge regarding Plaintiff and Counter-Defendant's purchase and unauthorized resale of TP-Link products, Plaintiff and Counter-Defendant's infringement, and reports to Amazon of Plaintiff and Counter-Defendant's violations of Amazon marketplace rules. |
| Tom Lei | Contact information unknown. | Mr. Lei may have knowledge regarding Plaintiff and Counter-Defendant's unauthorized resale of TP-Link products and Plaintiff and Counter-Defendant's infringement. |

## III.   INITIAL DISCLOSURE OF SUPPORTING DOCUMENTS [FED. R. CIV. P. 26(a)(1)(A)(ii)]

Documents, electronically stored information, and tangible things that are in the possession, custody or control of TP-Link USA and that may be used to support any claim or defense include: (1) documents related to TP-Link products, including the marketing of its products; and (2) documents related to TP-Link USA's warranty policies.

Documents in each of these categories in TP-Link USA's possession, custody or control are currently located in TP-Link USA's offices in Irvine, California and/or the offices of its counsel.  In addition to the above, TP-Link USA may rely on documents

1  produced by the other parties to this action or third parties in support of its claims and

2  defenses.

3  **IV.    COMPUTATION OF DAMAGES [FED. R. CIV. P. 26(a)(1)(A)(iii)]**

4          In connection with its Counterclaim, TP-Link USA seeks disgorgement of

5  Plaintiff and Counter-Defendant's profits from its unauthorized and infringing sales of

6  TP-Link products or its actual damages suffered as a result of Plaintiff and Counter-

7  Defendant's conduct, as well as punitive damages.  TP-Link USA lacks sufficient

8  information to calculate its damages at this time as discovery is ongoing and the parties

9  have not yet produced relevant documents.  TP-Link USA also seeks an accounting,

10  injunctive relief, attorneys' fees, costs, as well as prejudgment and post-judgment

11  interest.

12  **V.    INSURANCE COVERAGE [FED. R. CIV. P. 26(a)(1)(A)(iv)]**

13          At this time, TP-Link USA is not aware of any insurance policy that applies to

14  the claims at issue in this litigation.

15

16   Dated: June 10, 2022

17                                              LTL ATTORNEYS LLP

18                                    By:    /s/ Heather F. Auyang
                                            _____
19                                          Joedat H. Tuffaha
                                            Prashanth Chennakesavan
20                                          Heather F. Auyang
                                            Patice A. Gore
21

22                                          *Attorneys for Defendant and*
                                            *Counterclaimant TP-Link USA*
23                                          *Corporation*

24

25

26

27

28

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to this action.  My business address is: 300 S. Grand Ave, 14th Floor, Los Angeles, CA 90071.

On this date **June 10, 2022**, I served the foregoing document(s) described as

- **DEFENDANT AND COUNTERCLAIMANT TP-LINK USA'S RULE 26 INITIAL DISCLOSURES**

on the interested parties in this action.

| | |
|---|---|
| Randolph Gaw<br>Mark Poe<br>Victor Meng<br>**GAW \| POE LLP**<br>4 Embarcadero Center, Suite 1400<br>San Francisco, CA 94111<br>E-mail: rgaw@gawpoe.com<br>        mpoe@gawpoe.com<br>        vmeng@gawpoe.com | Attorneys for Plaintiff and Counter-Defendant Thimes Solutions Inc. |
| Mark Schlachet<br>**Law Offices of Mark Schlachet**<br>43 West 43d Street, Suite 220<br>New York, New York 10036<br>E-mail: markschlachet@me.com | |
| Joshua A. Waldman<br>M. Michelle Rohani,<br>**Burkhalter Kessler Clement & George LLP**<br>2020 Main Street, Suite 600<br>Irvine, CA 92614<br>E-mail: jwaldman@bkcglaw.com<br>        mrohani@bkcglaw.com | Attorneys for Defendant<br>Auction Brothers, Inc d/b/a Amazzia |

[X]   **BY ELECTRONIC MAIL** I transmitted the above listed document(s) to the e-mail address set forth above on this date.

Executed on **June 10, 2022**, at Los Angeles, California.

1

2  [X]    (Federal) I declare under penalty of perjury under the laws of the United States
of America that the above is true and correct.

3

4

5

6   _____        _____
          Erika Santoyo                         /s/ Erika Santoyo
7           *Print Name*                          *Signature*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 29

1  LTL ATTORNEYS LLP
2  Joe H. Tuffaha (SBN 253723)
     joe.tuffaha@ltlattorneys.com
3  Prashanth Chennakesavan (SBN 284022)
     prashanth.chennakesavan@ltlattorneys.com
4  Heather F. Auyang (SBN 191776)
     heather.auyang@ltlattorneys.com
5  Patice A. Gore (SBN 258776)
     patice.gore@ltlattorneys.com
6  300 South Grand Ave., 14th Floor
7  Los Angeles, CA 90071
   Tel:  (213) 612-8900
8  Fax: (213) 612-3773
9
   Attorneys for Defendant and
10 Counterclaimant TP-Link USA Corporation

11                  UNITED STATES DISTRICT COURT

12                  CENTRAL DISTRICT OF CALIFORNIA

13  | THIMES SOLUTIONS INC.,                              | CASE NO.: 2:19-cv-10374-SB-E |
14  |                                                     |                              |
15  |              Plaintiff,                             | **TP-LINK USA'S NOTICE OF** |
    |                                                     | **SUBPOENA TO TESTIFY AT A** |
16  |       v.                                            | **DEPOSITION & PRODUCE** |
    |                                                     | **DOCUMENTS TO AMAZON.COM** |
17  |                                                     | **SERVICES LLC** |
18  | TP-LINK USA CORPORATION, and<br>AUCTION BROTHERS, INC. d/b/a |                     |
19  | AMAZZIA,                                            |                              |
    |                                                     | **DEPOSITION** |
20  |              Defendants.                            | Date:       July 1, 2022 |
    |                                                     | Time:       10:00 a.m. |
21  |-----------------------------------------------------| Location:   Veritext - Sacramento |
22  |                                                     |             1 Capitol Mall, Suite 240 |
    |                                                     |             Sacramento, CA 95814 |
23  | TP-LINK USA CORPORATION,                            |                              |
24  |                                                     |                              |
25  |              Counterclaimant,                       |                              |
26  |       v.                                            |                              |
27  | THIMES SOLUTIONS INC.,                              |                              |
28

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

Counter-Defendant.

NOTICE OF ISSUANCE OF SUBPOENA TO AMAZON

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant and Counterclaimant TP-Link USA Corporation ("TP-Link USA"), by and through its counsel, is issuing the attached subpoena duces tecum and subpoena to testify (jointly referred to as the "Subpoena") to Amazon.com Services LLC ("Amazon").  Amazon is instructed to produce and permit inspection and copying of the documents set forth in Attachment A to the Subpoena at the time and location specified in the subpoena, or at another mutually agreeable time and location.

Pursuant to Rule 30 of the Federal Rules of Civil Procedure, TP-Link USA shall take the deposition upon oral examination of Amazon under oath and before a duly authorized notary public or other person authorized by law to administer oaths.  The testimony shall address the topics set forth in Attachment A to the Subpoena and be recorded by stenographic and/or videographic means. Amazon is instructed to appear at the time and location specified in the Subpoena, or at another mutually agreeable time and location.

Date:  June 10, 2022                                    LTL ATTORNEYS, LLP


By:  */s/ Patice A. Gore*
Joe H. Tuffaha
Prashanth Chennakesavan
Heather F. Auyang
Patice A. Gore

Counsel for Defendant and Counterclaimant
TP-Link USA Corporation

NOTICE OF ISSUANCE OF SUBPOENA TO AMAZON

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| THIMES SOLUTIONS, INC. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  2:19-cv-10374-SB-E |
| TP-LINK USA CORPORATION, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Amazon.com Services LLC c/o CSC - LAWYERS INCORPORATING SERVICE
2710 GATEWAY OAKS DR. STE. 150N, SACRAMENTO, CA  95833

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See Attachment A (Topics")

| Place: Veritext - Sacramento<br>1 Capitol Mall, Suite 240<br>Sacramento, CA 95814 | Date and Time:<br>07/01/2022 10:00 am |
|---|---|

The deposition will be recorded by this method:  Stenographic and videographic methods

❏ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   06/10/2022

|  |  |
|---|---|
| *CLERK OF COURT* | OR |
| | /s/ Patice A. Gore |
| Signature of Clerk or Deputy Clerk | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  TP-LINK USA CORPORATION _____ , who issues or requests this subpoena, are:

Patice A. Gore, 300 S. Grand Ave., 14th Floor, Los Angeles, CA 90071; patice.gore@ltlattorneys.com; (323) 948-9790

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:19-cv-10374-SB-E

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) *Quashing or Modifying a Subpoena.***

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Central District of California

| | |
|---|---|
| THIMES SOLUTIONS, INC. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:19-cv-10374-SB-E |
| TP-LINK USA CORPORATION, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Amazon.com Services LLC c/o CSC - LAWYERS INCORPORATING SERVICE
            2710 GATEWAY OAKS DR. STE. 150N, SACRAMENTO, CA 95833
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A ("Requests")

| Place: ACE Attorney Services<br>901 F Street, Suite 150, Sacramento, CA 95814<br>Tel: (916) 447-4000 | Date and Time:<br><br>06/24/2022 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     06/10/2022

          *CLERK OF COURT*
                              OR

_____     /s/ Patice A. Gore
      *Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   TP-LINK USA CORPORATION _____ , who issues or requests this subpoena, are:

Patice A. Gore, 300 S. Grand Ave., 14th Floor, Los Angeles, CA 90071; patice.gore@ltlattorneys.com; (323) 948-9790

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:19-cv-10374-SB-E

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                                    *Server's signature*

                                                    _____
                                                                    *Printed name and title*

                                                    _____
                                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
 **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
 **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
 **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
 **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
 **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

### I.   DEFINITIONS APPLICABLE TO DEPOSITION TOPICS AND DOCUMENT REQUESTS

1.     "THIMES" means Plaintiff and Counter-Defendant THIMES SOLUTIONS INC. d/b/a Universal Goods & Sales (Merchant ID and/or Seller ID A1Q1VKNP5VVQEY), its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, and each of its owners, managers, employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, and any individual or entity working on its behalf, including Avraham "Avi" Eisenberg and any PERSON who served in any of these capacities during any relevant time period.

2.     "TP-LINK USA" means Defendant and Counterclaimant TP-Link USA Corporation.

3.     "AMAZZIA" means Co-Defendant AUCTION BROTHERS, INC. d/b/a AMAZZIA.

4.     "YOU," "YOUR," and "AMAZON" means Amazon.com Services LLC, including, without limitation, all subsidiaries, divisions, predecessors, successors, affiliates, parents, agents, representatives, employees, consultants, and attorneys of AMAZON, and each person acting or purporting to act on behalf or under the control of AMAZON.

5.     "AVRAHAM EISENBERG" means Avraham "Avi" Eisenberg, the Founder and President of THIMES, including without limitation all agents, representatives, employees, consultants, and attorneys of AVRAHAM EISENBERG.

6.     "PERSON" includes the plural as well as the singular, and includes any natural person or any legal entity, including but not limited to, any firm, association, partnership, corporation, business, or government entity.

7.     The term "DOCUMENT," as used in these Requests has the broadest

meaning accorded that term by Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, and includes, but is not limited to, any kind of written or graphic material, however produced or reproduced, of any kind or description, whether sent or received or neither, including originals, copies, drafts and both sides thereof, and including, but not limited to: any papers, reports, binder, cover note, certificate, letter, correspondence, record, table, chart, analysis, graph, schedule, report, test, study memorandum, note, list, diary, log, calendar, telex, message (including, but not limited to, inter-office and intra-office communications), questionnaire, bill, purchase order, blogs, charts, data files, log files of computer access activity, shipping order, contract, memorandum of contract, agreement, assignment, license, certificate, permit, ledger, ledger entry, book of account, check, order, invoice, receipt, statement, financial data, acknowledgement, computer or data processing card, computer or data processing disk, computer- generated matter, photograph, photographic negative, phonograph recording, transcript or log of an such recording, projection, videotape, film, microfiche, and all other data compilations from which information can be obtained or translated, reports and/or summaries of investigations, drafts and revisions of drafts of any documents and original preliminary notes or sketches, and all of the records kept by electronic, photographic, optical, mechanical, magnetic means and things similar to any of the foregoing, including computer media, regardless of their author, no matter how produced or maintained, in your actual or constructive possession, custody or control, or the existence of which you have knowledge, and whether prepared, published or released by you or by any other person. If a document has been prepared in several copies, or additional copies have been made, or copies are not identical (or which by reason of subsequent modification of a copy by the addition of notations or other modifications, are no longer identical), each non-identical copy as a separate document.

8.    The terms "COMMUNICATION" or "COMMUNICATIONS" mean any manner or means of disclosure, transfer or exchange of information with any person

(whether internal or external to an organization), including but not limited to by means of verbal conversation, letter, memoranda, message, note, telegram, telex, electronic mail, facsimile, text message, chat message, instant message, social media message, posting, or by any other DOCUMENTS.

9.     The term "CONCERNING" means embodying, referring to, relating to, summarizing, constituting, containing, analyzing, studying, explaining, mentioning, showing, discussing, supporting, refuting, reflecting, memorializing, describing, commenting upon, and/or connected in any way factually or logically with, the matter therein.

10.     As used herein, the masculine includes the feminine and neuter; the singular includes the plural and vice-versa; "each" includes and encompasses "every," and vice-versa; "any" includes and encompasses "all," and vice-versa; the terms "and" and "or" have both conjunctive and disjunctive meanings; so as to be inclusive of any documents.

11.     The use of any tense of any verb includes all other tenses of the verb. Words not specifically defined herein should be given their plain and ordinary meaning.

## II.     INSTRUCTIONS FOR DEPOSITION TOPICS

1.     One or more representatives may be produced at deposition for one or more topics.

2.     If in responding to these topics you claim any ambiguity in either a topic or a definition or instruction applicable thereto, identify in advance of the deposition the language you consider ambiguous and state the interpretation that YOU are using in preparing your witness(es) to testify.

## III.     <u>TOPICS</u>

<u>TOPIC NO. 1:</u>

DOCUMENTS produced in response to the subpoena to produce documents,

which was issued to AMAZON concurrently with this subpoena (*see* Attachment A), including the business record and/or authenticity foundation for any such DOCUMENTS.

**TOPIC NO. 2:**

AMAZON's policies and procedures regarding complaints against sellers using the AMAZON marketplace, including but not limited to the procedure for investigating and responding to complaints.

**TOPIC NO. 3:**

Any AMAZON account held by THIMES.

**TOPIC NO. 4:**

Any agreements between AMAZON and THIMES, including, but not limited to, AMAZON's standard Business Solutions Agreement.

**TOPIC NO. 5:**

Any account held by AVRAHAM EISENBERG.

**TOPIC NO. 6:**

Any agreements between AMAZON and AVRAHAM EISENBERG, including, but not limited to, AMAZON's standard Business Solutions Agreement.

**TOPIC NO. 7:**

Claims or complaints regarding THIMES, including, but not limited to, intellectual property violations (trademark, patent or copyright), negative customer feedback, account issues (e.g., inadequate product descriptions, insufficient security, or performance evaluations), warnings, suspensions, removals, and expulsions relating to, concerning, or involving THIMES.

**TOPIC NO. 8:**

Claims or complaints regarding AVRAHAM EISENBERG, including, but not limited to, intellectual property violations (trademark, patent or copyright), negative customer feedback, account issues (e.g., inadequate product descriptions, insufficient security, or performance evaluations), warnings, suspensions, removals, and

ATTACHMENT A TO SUBPOENA TO AMAZON

expulsions relating to, concerning, or involving AVRAHAM EISENBERG.

**TOPIC NO. 9:**

Claims or complaints sent or received from email addresses: avi@thimessolutions.com or 613ike@gmail.com, including, but not limited to, intellectual property violations (trademark, patent or copyright), negative customer feedback, account issues (e.g., inadequate product descriptions, insufficient security, or performance evaluations), warnings, suspensions, removals, and expulsions.

**TOPIC NO. 10:**

Any decision to suspend, remove (listings or account), or expel THIMES from the AMAZON marketplace, including the alleged suspension of THIMES on May 7, 2018 from selling on the AMAZON marketplace, THIMES's appeal(s), any reinstatement, and explusion(s).

## IV.   INSTRUCTIONS FOR DOCUMENT REQUESTS

The following instructions apply to the requests below and should be considered as part of each such Request.

1. Pursuant to applicable Federal Rules, you are required to obtain and furnish all responsive documents and information available to you or in your possession, custody, or control, or available to or in the possession, custody or control of any of your employees, predecessors, successors, parents, subsidiaries, divisions, affiliates, partners, joint venturers, brokers, accountants, financial advisors, representatives, agents, attorneys, or other persons acting on your behalf, without regard to the physical location of the documents and information.

2. Documents shall be produced with Bates numbering.

3. If any document or request for information or definition or instruction is objected to in whole or in part, specify all grounds on which objection rests. Respond to all portions of each such request to which no objection is asserted. In addition, state whether any responsive information has been omitted from any response or whether

1   and in what way the search for responsive information has been delimited or

2   circumscribed on the basis of any such objection.

3       4.      All electronically stored information shall be produced in its original

4   native format with its accompanying metadata.

5       5.      The documents produced in response to the request herein shall include

6   all attachments and enclosures.

7       6.      If you believe that any of the requests herein calls for an assertion of a

8   claim of privilege, answer so much of the request as is not objected to, state that part

9   of each request to which you raise objection, and set forth the basis for your claim of

10  privilege with respect to such information you refuse to give.

11      7.       For all documents for which a claim of privilege is raised as grounds for

12  non-production, a privilege log must be provided listing:

13          a.      The place, date and manner of preparing the document;

14          b.      The name and title of the sender;

15          c.      The identity of each person participating in the preparation of the

16                  document;

17          d.      The identity and title of the person supplying the attorney with the

18                  information requested above;

19          e.      The identity of each person to whom the contents of the document

20                  have summarization, the dates of said communication, and the

21                  employer and title of the person at the time of communication;

22          f.      Type of document;

23          g.      Subject matter (without revealing the relevant information for

24                  which privilege or statutory authority is claimed); and

25          h.      Factual and legal basis for claim of privilege.

26      8.      Should the producing party seek to redact any document, the producing

27  party shall supply a list of the documents for which a privilege is claimed, indicating:

28          a.      The claimed grounds for the redaction;

b.    The nature of the redacted material (e.g., "trade secret"); and

c.    A description of the exact process used for redaction.

9.    If, for reasons other than a claim of privilege, you refuse to answer any request, please state the grounds upon which the refusal is based with sufficient specificity to permit determination of the propriety of such refusal.

10.    Each request calls for the production of the original document.  Each request also includes a request for production of all preliminary drafts of documents that differ in any respect from the original or final draft or from each other (e.g., by reason of handwritten notes or comments added to one copy of a document).

11.    If any documents requested have been lost or destroyed, the documents lost or destroyed must be identified by author, date and subject matter.

12.    If any document was, but no longer is, in your possession, subject to your control, or in existence, include a statement:

a. Identifying the document;

b. Describing where the document is now;

c. Identifying who has control of the document;

d. Describing how the document became lost or destroyed or was transferred; and

e. Identifying each of those persons responsible for or having knowledge of the loss, destruction, or transfer of the document from your possession, custody or control.

13.    If you do not agree with any definition of the terms provided herein, you are instructed to provide a reasonable, alternative definition for that term, consistent with industry custom and usage.

14.    Each of the definitions and instructions herein shall be fully applicable to each request notwithstanding that a definition or instruction may, in whole or in part, be reiterated in a particular request and notwithstanding that a particular request may incorporate supplemental instructions or definitions.

15.    Unless otherwise indicated, each request is to be construed as encompassing all documents from the date the document (or thing) was first created, generated, or received and continues to the date of production.

## V.    REQUEST OF DOCUMENTS

### REQUEST NO. 1:

All DOCUMENTS and COMMUNICATIONS related to any concerns, claims, or complaints regarding THIMES, including, but not limited to, intellectual property violations (trademark, patent or copyright), negative customer feedback, account issues (e.g., inadequate product descriptions, insufficient security, or performance evaluations), warnings, suspensions, removals, and expulsions.

### REQUEST NO. 2:

All DOCUMENTS and COMMUNICATIONS related to any concerns, claims, or complaints regarding any account held by AVRAHAM EISENBERG, including, but not limited to, intellectual property violations (trademark, patent or copyright), negative customer feedback, account issues (e.g., inadequate product descriptions, insufficient security, or performance evaluations), warnings, suspensions, removals, and expulsions.

### REQUEST NO. 3:

All DOCUMENTS and COMMUNICATIONS related to any concerns, claims, or complaints sent or received from email addresses: avi@thimessolutions.com or 613ike@gmail.com, including, but not limited to, intellectual property violations (trademark, patent or copyright), negative customer feedback, account issues (e.g., inadequate product descriptions, insufficient security, or performance evaluations), warnings, suspensions, removals, and expulsions.

### REQUEST NO. 4:

All DOCUMENTS and COMMUNICATIONS CONCERNING any decision to suspend, remove (listings or account), or expel THIMES from the AMAZON marketplace, including the alleged suspension of THIMES on May 7, 2018 from selling

ATTACHMENT A TO SUBPOENA TO AMAZON

on the AMAZON marketplace, THIMES's appeal(s), any reinstatement, and explusion(s).

**REQUEST NO. 5:**

All DOCUMENTS associated with THIMES's seller's account, including the signed AMAZON standard Business Solutions Agreement and any products or funds held by AMAZON.

**REQUEST NO. 6:**

All DOCUMENTS associated with any account held by AVRAHAM EISENBERG, including any signed AMAZON standard Business Solutions Agreement and any products or funds held by AMAZON.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

THIMES SOLUTIONS INC.

                Plaintiff,

     v.

TP-LINK USA CORPORATION,
and AUCTION BROTHERS, INC.
d/b/a AMAZZIA

            Defendants.

Case No. 2:19-cv-10374-SB-E

**STIPULATED PROTECTIVE ORDER**

1.  A.  <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. The parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B.  <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

To expedite the flow of information, to facilitate the prompt resolution of

STIPULATED PROTECTIVE ORDER
CASE NO. 2:19-CV-10374-SB-E

disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.

It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.    DEFINITIONS

2.1    Action: this pending federal lawsuit, entitled *Thimes Solutions Inc. v. TP-Link USA Corporation, and Auction Brothers, Inc. d/b/a Amazzia*, No. 2:19-cv-10374, in the Central District of California.

2.2    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4    Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    Designating Party: a Party or Non-Party that designates information or items that     it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced

or generated in disclosures or responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

STIPULATED PROTECTIVE ORDER
CASE NO. 2:19-CV-10374-SB-E

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

1    Mass, indiscriminate, or routinized designations are prohibited. Designations

2    that are shown to be clearly unjustified or that have been made for an improper

3    purpose (*e.g.*, to unnecessarily encumber the case development process or to

4    impose unnecessary expenses and burdens on other parties) may expose the

5    Designating Party to sanctions.

6    If it comes to a Designating Party's attention that information or items that it

7    designated for protection do not qualify for protection, that Designating Party must

8    promptly notify all other Parties that it is withdrawing the inapplicable designation.

9    5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in

10   this Order (*see*, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise

11   stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

12   under this Order must be clearly so designated before the material is disclosed or

13   produced.

14   Designation in conformity with this Order requires:

15       (a)  for information in documentary form (e.g., paper or electronic

16   documents, but excluding transcripts of depositions or other pretrial or trial

17   proceedings), that the Producing Party affix at a minimum the legend

18   "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that

19   contains protected material. If only a portion or portions of the material on a page

20   qualifies for protection, the Producing Party also must clearly identify the protected

21   portion(s) (*e.g.*, by making appropriate markings in the margins). A Party or Non-

22   Party that makes original documents available for inspection need not designate

23   them for protection until after the inspecting Party has indicated which documents

24   it would like copied and produced. During the inspection and before the

25   designation, all of the material made available for inspection shall be deemed

26   "CONFIDENTIAL." After the inspecting Party has identified the documents it

27   wants copied and produced, the Producing Party must determine which documents,

28   or portions thereof, qualify for protection under this Order. Then, before producing

- 5 -

the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3     The burden of persuasion in any such challenge proceeding shall be

on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

    7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

        (a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

        (b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.  <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification

- 8 -

1   shall include a copy of the subpoena or court order;

2       (b) promptly notify in writing the party who caused the subpoena or order

3   to issue in the other litigation that some or all of the material covered by the

4   subpoena or order is subject to this Protective Order. Such notification shall

5   include a copy of this Stipulated Protective Order; and

6       (c) cooperate with respect to all reasonable procedures sought to be

7   pursued by the Designating Party whose Protected Material may be affected.

8       If the Designating Party timely seeks a protective order, the Party served

9   with the subpoena or court order shall not produce any information designated in

10   this action as "CONFIDENTIAL" before a determination by the court from which

11   the subpoena or order issued, unless the Party has obtained the Designating Party's

12   permission. The Designating Party shall bear the burden and expense of seeking

13   protection in that court of its confidential material and nothing in these provisions

14   should be construed as authorizing or encouraging a Receiving Party in this Action

15   to disobey a lawful directive from another court.

16

17   9.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE</u>

18   <u>PRODUCED IN THIS LITIGATION</u>

19       (a) terms of this Order are applicable to information produced by a Non-

20   Party in this Action and designated as "CONFIDENTIAL." Such information

21   produced by Non-Parties in connection with this litigation is protected by the

22   remedies and relief provided by this Order. Nothing in these provisions should be

23   construed as prohibiting a Non-Party from seeking additional protections.

24       (b) In the event that a Party is required, by a valid discovery request, to

25   produce a Non-Party's confidential information in its possession, and the Party is

26   subject to an agreement with the Non-Party not to produce the Non-Party's

27   confidential information, then the Party shall:

28       (1) promptly notify in writing the Requesting Party and the Non-Party

that some or all of the information requested is subject to a confidentiality

agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated

Protective Order in this Action, the relevant discovery request(s), and a reasonably

specific description of the information requested; and

(3) make the information requested available for inspection by the

Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within

14 days of receiving the notice and accompanying information, the Receiving Party

may produce the Non-Party's confidential information responsive to the discovery

request. If the Non-Party timely seeks a protective order, the Receiving Party shall

not produce any information in its possession or control that is subject to the

confidentiality agreement with the Non-Party before a determination by the court.

Absent a court order to the contrary, the Non-Party shall bear the burden and

expense of seeking protection in this court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has

disclosed Protected Material to any person or in any circumstance not authorized

under this Stipulated Protective Order, the Receiving Party must immediately

(a) notify in writing the Designating Party of the unauthorized disclosures, (b) use

its best efforts to retrieve all unauthorized copies of the Protected Material,

(c) inform the person or persons to whom unauthorized disclosures were made of

all the terms of this Order, and (d) request such person or persons to execute the

"Acknowledgment and Agreement to Be Bound" that is attached hereto as

Exhibit A.

STIPULATED PROTECTIVE ORDER
CASE NO. 2:19-CV-10374-SB-E

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
PROTECTED MATERIAL

      When a Producing Party gives notice to Receiving Parties that certain
inadvertently produced material is subject to a claim of privilege or other
protection, the obligations of the Receiving Parties are those set forth in <u>Federal
Rule of Civil Procedure 26(b)(5)(B)</u>. This provision is not intended to modify
whatever procedure may be established in an e-discovery order that provides for
production without prior privilege review. Pursuant to Federal Rule of Evidence
502(d) and (e), the parties agree, and this Court orders, that disclosure of a
communication or information covered by the attorney-client privilege or work
product protection in this Action shall not waive such privilege or protection in this
Action, or in any other federal or state proceeding, provided that this provision
shall not require the parties to produce any such privileged or protected
communication or information.

12.    MISCELLANEOUS

      12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any
person to seek its modification by the Court in the future.

      12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this
Protective Order no Party waives any right it otherwise would have to object to
disclosing or producing any information or item on any ground not addressed in
this Stipulated Protective Order. Similarly, no Party waives any right to object on
any ground to use in evidence of any of the material covered by this Protective
Order.

      12.3   <u>Filing Protected Material</u>. A Party that seeks to file under seal any
Protected Material must comply with Civil Local Rule 79-5. Protected Material
may only be filed under seal pursuant to a court order authorizing the sealing of the
specific Protected Material at issue. If a Party's request to file Protected Material

under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.   <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.

Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.   Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

Dated:  November 6, 2020

/s/ Randolph Gaw
Randolph Gaw
GAW | POE LLP

Attorneys for Plaintiff
Thimes Solutions Inc.

Dated:  November 6, 2020

/s/ Stephen R. Smerek
Stephen R. Smerek
FOLEY & LARDNER LLP

Attorneys for Defendant
TP-Link USA Corporation

Dated:  November 6, 2020

/s/ Josh A. Waldman
Josh A. Waldman
BURKHALTER KESSLER
CLEMENT & GEORGE LLP

Attorneys for Defendant
Auction Brothers, Inc.

**IT IS SO ORDERED.**

Dated:   11/6/20                          /S/ CHARLES F. EICK
                                                 Hon. Charles F. Eick
                                      United States District Court Judge

Pursuant to L.R. 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  November 6, 2020

*/s/ Randolph Gaw*
Randolph Gaw
GAW | POE LLP

STIPULATED PROTECTIVE ORDER
CASE NO. 2:19-CV-10374-SB-E

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Thimes Solutions Inc. v. TP-Link USA Corporation, and Auction Brothers, Inc. d/b/a Amazzia*, No. 2:19-cv-10374-SB-E. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint_____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER
CASE NO. 2:19-CV-10374-SB-E

## **PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to this action. My business address is: 300 S. Grand Ave, 14th Floor, Los Angeles, CA 90071.

On this date **June 10, 2022**, I served the foregoing document(s) described as

- **TP-LINK USA'S NOTICE OF SUBPOENA TO TESTIFY AT A DEPOSITION & PRODUCE DOCUMENTS TO AMAZON.COM SERVICES LLC**

on the interested parties in this action.

| | |
|---|---|
| Randolph Gaw<br>Mark Poe<br>Victor Meng<br>**GAW \| POE LLP**<br>4 Embarcadero Center, Suite 1400<br>San Francisco, CA 94111<br>E-mail: rgaw@gawpoe.com<br>      mpoe@gawpoe.com<br>      vmeng@gawpoe.com | Attorneys for Plaintiff and Counter-Defendant Thimes Solutions Inc. |
| Mark Schlachet<br>**Law Offices of Mark Schlachet**<br>43 West 43d Street, Suite 220<br>New York, New York 10036<br>E-mail: markschlachet@me.com | |
| Joshua A. Waldman<br>M. Michelle Rohani,<br>**Burkhalter Kessler Clement & George LLP**<br>2020 Main Street, Suite 600<br>Irvine, CA 92614<br>E-mail: jwaldman@bkcglaw.com<br>      mrohani@bkcglaw.com | Attorneys for Defendant Auction Brothers, Inc d/b/a Amazzia |

[X]    **BY ELECTRONIC MAIL** I transmitted the above listed document(s) to the

29

No. 2:19-cv-10374-SB-E

e-mail address set forth above on this date.

Executed on **June 10, 2022**, at Los Angeles, California.

[X]    (Federal) I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.


_____       _____
          Erika Santoyo                         */s/ Erika Santoyo*
          *Print Name*                           *Signature*

DEFENDANT TP-LINK USA'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO THIMES
REQUESTS FOR PRODUCTION, SET ONE