RANDOLPH GAW (S.B. #223718)
 rgaw@gawpoe.com
MARK POE (S.B. #223714)
 mpoe@gawpoe.com
VICTOR MENG (S.B. #254102)
 vmeng@gawpoe.com
GAW | POE LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

MARK SCHLACHET (*pro hac vice*)
 markschlachet@me.com
43 West 43d Street, Suite 220
New York, New York 10036
Telephone: (216) 225-7559
Facsimile: (216) 932-5390

Attorneys for Plaintiff Thimes Solutions Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS INC.<br><br>Plaintiffs,<br><br>v.<br><br>TP-LINK USA CORPORATION, and AUCTION BROTHERS, INC. d/b/a AMAZZIA<br><br>Defendant.<br><br>TP-LINK USA CORP.<br><br>Counterclaimant,<br><br>v.<br><br>THIMES SOLUTIONS INC.<br><br>Counter-Defendant. | Case No. 2:19-CV-10374-SB-E<br><br>**DECLARATION OF AVRAHAM EISENBERG IN OPPOSITION TO TP-LINK'S MOTION FOR SANCTIONS**<br><br>Date:  Friday Oct. 14, 2022<br>Time:  9:30 a.m.<br>Courtroom:  750 |

I, Avraham Eisenberg, declare as follows:

1. I am the founder and owner of plaintiff Thimes Solutions Inc. ("Thimes"). If called to testify at a hearing or trial, I could and would testify to the following, which is based on my personal knowledge. I submit this declaration in support of Thimes's opposition to defendant TP-Link USA Corporation's motion for terminating, or in the alternative issue sanctions, motion to compel responses to discovery, and request for monetary sanctions.

2. Thimes began selling products on the Amazon Marketplace in August 2015. Thimes was incorporated in November 2016. Aside from temporary suspensions, Thimes continuously sold on the Amazon Marketplace starting in 2016 until its expulsion on August 27, 2018. Thimes began selling TP-Link products on the Amazon Marketplace on or around January 13, 2018.

3. Thimes increased its business on Amazon each year. Thimes's sales revenue on Amazon increased from $1,178,761 in 2017 to $1,966,639 in 2018 (which, again, was cut short before the end of the third quarter that year). Thimes's net profit increased from $226,003.83 in 2017 to $376,356.56 in 2018.

4. Each sales transaction that Thimes achieved on Amazon would result in Thimes received multiple e-mails from Amazon. For example, there usually would be an e-mail to confirm the sale, an e-mail confirming shipping details, an e-mail confirming that the product had been shipped, and so forth.

5. After TP-Link's counterfeiting allegations led to Thimes's permanent suspension from the Amazon Marketplace around August 2018, I expressed my anger and frustration about this development to a number of other people, mostly other Amazon sellers. Some of my comments were made on social media. I also sought assistance from various lawyers and REDACTED in my attempts to get redress against TP-Link.

6. On August 16, 2022, I was given a copy of the Court's discovery order requiring Thimes to produce additional documents. I took over the responsibility of

collecting and producing documents to comply with the Court's order.

7. First, using the advanced search functionality provided by my Google e-mail accounts, I searched for all e-mails from or to amazon.com from my e-mail accounts called avi@thimessolutions.com and 613ike@gmail.com.

8. Using the same search functionality, I also searched for all e-mails from those accounts using the search term "tp-link."

9. I then exported all of the resulting e-mails yielded from these searches as .mbox files (to preserve metadata) and uploaded those .mbox files to an e-discovery vendor called Goldfynch.

10. I also separately searched my Facebook and Telegram accounts and collected all communications that I thought I was required to produce under the Court's order. I also looked through Thimes's financial records to locate and produce additional documents that Thimes had not yet already produced.

11. I screenshotted and then uploaded the Facebook messages that I had found onto Goldfynch for production.

12. Some of the Telegram messages that I found had embedded audio recordings. It was not possible to upload these messages to Goldfynch in a way that would maintain those audio recordings, so I provided the Telegram messages and audio recordings to Thimes's lawyers to be produced to TP-Link.

13. Using Goldfynch's functionality, I had it "tag" all of the collected e-mails that had been addressed to, or received from, Thimes's various lawyers or REDACTED s attorney-client privileged.

14. I then used Goldfynch to assign a bates number to every e-mail and attachment that had been tagged by me as attorney-client privileged.

15. Using Goldfynch's software, I then exported a privilege log listing all of the attorney-client privilege tagged e-mails and their attachments.

16. Next, I sent the privilege log to Thimes's counsel for their review and preparation.

1  17. After I sent the privilege log to Thimes's counsel, I resumed my efforts to locate and produce documents to comply with the Court's order. I realized that I had missed older e-mails, and also e-mails that had been forwarded from the avi@thimessolutions.com account to the 613like@gmail.com when Thimes temporarily used a non-Google hosting provider. Thus I had to spend considerable time in running new searches and collecting additional documents to upload to Goldfynch.

18. At the same time during this period, every day I was responding to multiple e-mails sent by Thimes's counsel regarding Thimes's opposition to TP-Link's motion for summary judgment. I was answering their questions as well as locating and sending documents and information to them.

19. When all of this was going on, I was also doing my own review of the documents that Thimes would be turning over. I saw that I had inadvertently forgotten to "tag" in Goldfynch my e-mail correspondence with a person named REDACTED

20. REDACTED

21. REDACTED

22. I proceeded to manually remove my e-mail correspondence with REDACTED that I had seen from the upcoming production. But with all of the ongoing flurry of activity and communications between me and Thimes's counsel, I forgot to inform them about my identification and removal of those e-mails. I also forgot that the privilege log that I had provided to them did not include those e-mails. This was all unintentional.

23. It is my understanding that TP-Link is claiming that Thimes has

- 3 -

EISENBERG DECL. IN OPP.
TO TP-LINK'S MOT. FOR SANCTIONS
CASE NO. 2:19-CV-10374-SB-EX

1 withheld documents or other information regarding a notice of "data mining"
2 violation that Amazon sent to Thimes on June 6, 2018.  I have turned over
3 everything that Thimes has ever received from Amazon or sent to Amazon about
4 that issue, and Thimes identified all such information in its most recent
5 supplemental response to TP-Link's Interrogatory No. 12.  The appeal over the
6 "data mining" issue that I sent was produced to TP-Link as THIMES00264-65.
7 Amazon went on to reinstate Thimes and it never sent any other e-mail to Thimes
8 about this subject.

9     24.

# REDACTED

13     I declare under penalty of perjury under the laws of the United States that the
14 foregoing is true and correct.  Executed on September 18, 2022, at San Juan, Puerto
15 Rico.

*Avraham Eisenberg*
Avraham Eisenberg

# EXHIBIT 24

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**
Case 2:19-cv-10374-SB-E   Document 228-6   Filed 09/21/22   Page 6 of 13   Page ID #:5452

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED