# EXHIBIT 16

RANDOLPH GAW (S.B. #223718)
 rgaw@gawpoe.com
MARK POE (S.B. #223714)
 mpoe@gawpoe.com
VICTOR MENG (S.B. #254102)
 vmeng@gawpoe.com
GAW | POE LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

MARK SCHLACHET (*pro hac vice*)
 markschlachet@me.com
43 West 43d Street, Suite 220
New York, New York 10036
Telephone: (216) 225-7559
Facsimile: (216) 932-5390

Attorneys for Plaintiff
Thimes Solutions Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

THIMES SOLUTIONS INC.

               Plaintiffs,

    v.

TP-LINK USA CORPORATION,
and AUCTION BROTHERS, INC.
d/b/a AMAZZIA

             Defendant.

Case No. 2:19-cv-10374-SB-E

**THIMES SOLUTIONS INC.'S SECOND SUPPLEMENTAL RESPONSES TO DEFENDANT TP-LINK USA CORPORATION'S FIRST SET OF INTERROGATORIES**

PROPOUNDING PARTY:    Defendant TP-Link USA Corporation

RESPONDING PARTY:    Plaintiff Thimes Solutions Inc.

SET NO.:    One

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Thimes Solutions Inc. hereby issues the following second supplemental responses to Defendant TP-Link USA Corporation's First Set of Interrogatories to Plaintiff, served on June 2, 2022.

**SECOND SUPPLEMENTAL RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 4:**

Describe in detail all facts and circumstances relating to the specific conduct by TP-LINK USA which YOU contend was wrongful in connection with YOUR claim for interference with existing and prospective business relationships.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:**

Thimes has had an established economic relationship with Amazon since 2016, sold over 175,000 products on the Amazon Marketplace with a 98% lifetime positive feedback rating, and had $2 million in sales during the first six months of 2018. TP-Link knew of Thimes's successful sales on the Amazon Marketplace, as evidenced by TP-Link's entering into the Amazon Brand Protection Agreement with Amazzia for the specific purpose of eliminating third-party resellers—like Thimes—of TP-Link branded products on the Amazon Marketplace. TP-Link instructed Amazzia to submit 28 complaints to Amazon alleging that Thimes was selling counterfeit products for the specific purpose of disrupting and stopping Thimes's sales on the Amazon Marketplace. TP-Link had no reasonable basis for alleging to Amazon that Thimes sold counterfeit TP-Link branded products, as TP-Link lodged such complaints before it ever received any orders of TP-Link products from Thimes. Furthermore, after TP-Link received orders of TP-Link products from Thimes and had an opportunity to inspect them, it knew that these products were still factory-sealed and thus unaltered in any way, yet it continued to knowingly or recklessly allege to Amazon that Thimes sold counterfeit TP-Link branded products. Actual disruption occurred, as Amazon suspended and expelled Thimes from the Amazon Marketplace. As a result of the expulsion, Thimes was

unable to sell its aging inventory, access its funds stored with Amazon, and continue its profitable sales track record on the Amazon Marketplace.

Each of the 28 complaints TP-Link instructed Amazzia to submit to Amazon accusing Plaintiff of selling counterfeit products constitutes libel per se, because each is a statement that defames Plaintiff by asserting that Plaintiff is guilty of an illegal act. TP-Link had no basis to have Amazzia assert that Plaintiff was selling counterfeit products since TP-Link made some of those statements without first performing a test buy of Plaintiff's TP-Link products. TP-Link also had no basis to have Amazzia assert that Plaintiff was selling counterfeit products because TP-Link's test buys of Plaintiff's TP-Link products showed they were all factory-sealed and unaltered.

Each complaint accusing Plaintiff of selling counterfeit products was also an intentional or negligent misrepresentation, as TP-Link knew the complaints were false, or had no reasonable basis for believing that Thimes was selling counterfeit products, when it instructed Amazzia to submit the complaint(s) to Amazon, and TP-Link intended for Amazon to rely on the complaints submitted to take down Plaintiff's listings of TP-Link products so that Plaintiff could not re-sell them on the Amazon Marketplace to consumers.

Additionally, TP-Link's instructing Amazzia to repeatedly submit complaints to Amazon falsely accusing Plaintiff of selling counterfeit TP-Link products is an example of both an "unfair" and a "fraudulent" business practice within the meaning of California's unfair competition law.

Plaintiff will supplement this Interrogatory response as appropriate after discovery is substantially complete.

**INTERROGATORY NO. 5:**

Describe in detail all facts and circumstances relating to the specific conduct by AMAZZIA which YOU contend was wrongful in connection with YOUR claim for interference with existing and prospective business relationships.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

Thimes has had an established economic relationship with Amazon since 2016, sold over 175,000 products on the Amazon Marketplace with a 98% lifetime positive feedback rating, and had $2 million in sales during the first six months of 2018. Amazzia knew of Thimes's successful sales on the Amazon Marketplace, as evidenced by Amazzia's entering into the Amazon Brand Protection Agreement with TP-Link for the specific purpose of eliminating third-party resellers—like Thimes—of TP-Link branded products on the Amazon Marketplace. Amazzia submitted 28 complaints to Amazon, per instruction from TP-Link, alleging that Thimes was selling counterfeit products for the specific purpose of disrupting and stopping Thimes's sales on the Amazon Marketplace. Amazzia has admitted that it submitted the 28 complaints to Amazon with the goal of "[i]mmediate removal of the seller's offer of this counterfeit product." Amazzia had no reasonable basis for alleging to Amazon that Thimes sold counterfeit TP-Link branded products, as Amazzia lodged such complaints before it ever received any orders of TP-Link products from Thimes. Furthermore, after TP-Link received orders of TP-Link products from Thimes and had an opportunity to inspect them, it knew that these products were still factory-sealed and thus unaltered in any way, yet Amazzia continued to knowingly or recklessly allege to Amazon that Thimes sold counterfeit TP-Link branded products. Actual disruption occurred, as Amazon suspended and expelled Thimes from the Amazon Marketplace. As a result of the expulsion, Thimes was unable to sell its aging inventory, access its funds stored with Amazon, and continue its profitable sales track record on the Amazon Marketplace.

Each of the 28 complaints Amazzia submitted to Amazon, per instruction from TP-Link, accusing Plaintiff of selling counterfeit products constitutes libel per se, because each is a statement that defames Plaintiff by asserting that Plaintiff is guilty of an illegal act. TP-Link had no basis to have Amazzia assert that Plaintiff

was selling counterfeit products since TP-Link made some of those statements without first performing a test buy of Plaintiff's TP-Link products.  TP-Link also had no basis to have Amazzia assert that Plaintiff was selling counterfeit products because TP-Link's test buys of Plaintiff's TP-Link products showed they were all factory-sealed and unaltered.

Each complaint accusing Plaintiff of selling counterfeit products was also an intentional or negligent misrepresentation, as TP-Link knew the complaints were false, or had no reasonable basis for believing that Thimes was selling counterfeit products, when it instructed Amazzia to submit the complaint(s) to Amazon, and TP-Link intended for Amazon to rely on the complaints submitted to take down Plaintiff's listings of TP-Link products so that Plaintiff could not re-sell them on the Amazon Marketplace to consumers.

Additionally, Amazzia's repeatedly submitting complaints to Amazon, per instruction from TP-Link, falsely accusing Plaintiff of selling counterfeit TP-Link products is an example of both an "unfair" and a "fraudulent" business practice within the meaning of California's unfair competition law.

Plaintiff will supplement this Interrogatory response as appropriate after discovery is substantially complete.

**INTERROGATORY NO. 8:**

Identify each customer that YOU contend did not do business with YOU due to a statement by AMAZZIA and the circumstances of that transaction.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:**

Amazzia's submission of the 28 complaints on behalf of TP-Link to Amazon accusing Plaintiff of selling counterfeit goods induced Amazon to terminate its business relationship with Plaintiff, thereby permanently depriving Plaintiff of the ability to do business with Amazon.

Amazon's termination of its business relationship also involved it suspending and expelling Plaintiff from the Amazon Marketplace, thereby depriving Plaintiff of

the ability to market and transact on the largest e-commerce platform in the world and where half of all online retail sales take place.  Following Amazon's expulsion of Plaintiff from the Amazon Marketplace on August 27, 2018, each customer searching on the Amazon Marketplace for any product that Plaintiff had in stock in its inventory is a lost transaction.  In reviewing its sales records, concurrently produced as THIMES001367, THIMES001368, THIMES001369, THIMES001370, THIMES001371, Plaintiff has identified the following customers as examples of repeat customers that had purchased various products from Plaintiff between 4 and 17 times: Daniel Robertson, Direct Ordering, Kim Allen, Debbie [last name unknown], Tara Bingham, Frances G. Baker, Timothy John Helland, Omg Procurement, Brankstore Ood, Phyllis Smith-Crossley, Nery Ramirez, Camille Hansen, Paula Tullos, Zeeshan Khan, Amy Overton, David Mcdonald, Sam [last name unknown], Meg Sakka, Kevin Crabtree, Melissa [last name unknown], H. Buehner, Sneha Kabaria, Rigoberto Flores, Jennifer A. Holme, Matthew Roos, Adriana Joyner, Hon C Wong, Steve Pipes, Bridget Estrada, Jon D Friedland, Lisa Hamlin, Nick Santos, Debbie Drobot, Ashley Chan, Kaori Johnson, Christina Ditore, Levi Varner, Guy Underwood, Susan A Floyd, Robert McCormick, Barbara Alesch, Hammad Malik, Lisa [last name unknown], Jessica Wilder, Herbert Hamilton, Randy Black, Cart2india Online, Michael G Argiro, Rick Desmarteau, Wireless Revolution, Zeke Rierson, Mark Zwicker, Jonathan Kirk, Michelle Jenkinson, Hartin, Inc, Yin Kin Yep, Emilia [last name unknown], Joanna Majewska, Katie Pfalz, Laura Simmons-Simon, Annette Marino, Cheryl Klase, Belinda Rivers, Deborah A. Burkholder, Donna F McCreary, Reagann Sweaks, William Valle, Christopher A. Schussler, Kin Yeung, John L Becker, Jennifer M Liebmann, Cynthia Ramey, Alen Boksan, Southwest Community Center, Vic [last name unknown], Igor Golden, Paula Gonzalez, Tamatha Johnson, David Munroe, Fahim Aziz, Nixon Nishimura, Linda [last name unknown], Christine Sato, Omid Davidyan, Katie P, David Chen.  Plaintiff contends that but for its expulsion from

- 5 -

the Amazon Marketplace, these customers would have continued to make repeated purchases of various products from Plaintiff.

In addition, in reviewing its sales records, Plaintiff has identified approximately 4,092 additional customers that had purchased various products from Plaintiff between two and three times.  As the burden of deriving or ascertaining the names of these specific customers from Plaintiff's sales records will be substantially the same for either party, pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff hereby directs TP-Link to those sales records: THIMES001367, THIMES001368, THIMES001369, THIMES001370, THIMES001371.

Additionally, many of Plaintiff's sales on Amazon came via the "Buy Box." The "Buy Box" is a purchasing option for Amazon customers to automatically add certain products to their shopping cart, and a seller that qualified for the Buy Box would have customers purchase products directly from them without the customer needing to first click on the seller's webpage.  Since Plaintiff regularly qualified for the "Buy Box," every customer in North America searching on the Amazon Marketplace for any product that Plaintiff had in stock in its inventory was effectively a customer of Plaintiff, and Plaintiff's expulsion from the Amazon Marketplace meant that it lost the opportunity to transact with those customers.

Plaintiff will supplement this Interrogatory response as appropriate after discovery is substantially complete.

**INTERROGATORY NO. 9:**

Identify each customer that YOU contend did not do business with YOU due to a statement by TP-LINK USA and the circumstances of that transaction.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9:**

Per TP-Link's instruction, Amazzia's submission of the 28 complaints to Amazon accusing Plaintiff of selling counterfeit goods induced Amazon to terminate its business relationship with Plaintiff, thereby permanently depriving Plaintiff of the ability to do business with Amazon.

Amazon's termination of its business relationship also involved it suspending and expelling Plaintiff from the Amazon Marketplace, thereby depriving Plaintiff of the ability to market and transact on the largest e-commerce platform in the world and where half of all online retail sales take place. Following Amazon's expulsion of Plaintiff from the Amazon Marketplace on August 27, 2018, each customer searching on the Amazon Marketplace for any product that Plaintiff had in stock in its inventory is a lost transaction. In reviewing its sales records, concurrently produced as THIMES001367, THIMES001368, THIMES001369, THIMES001370, THIMES001371, Plaintiff has identified the following customers as examples of repeat customers that had purchased various products from Plaintiff between 4 and 17 times: Daniel Robertson, Direct Ordering, Kim Allen, Debbie [last name unknown], Tara Bingham, Frances G. Baker, Timothy John Helland, Omg Procurement, Brankstore Ood, Phyllis Smith-Crossley, Nery Ramirez, Camille Hansen, Paula Tullos, Zeeshan Khan, Amy Overton, David Mcdonald, Sam [last name unknown], Meg Sakka, Kevin Crabtree, Melissa [last name unknown], H. Buehner, Sneha Kabaria, Rigoberto Flores, Jennifer A. Holme, Matthew Roos, Adriana Joyner, Hon C Wong, Steve Pipes, Bridget Estrada, Jon D Friedland, Lisa Hamlin, Nick Santos, Debbie Drobot, Ashley Chan, Kaori Johnson, Christina Ditore, Levi Varner, Guy Underwood, Susan A Floyd, Robert McCormick, Barbara Alesch, Hammad Malik, Lisa [last name unknown], Jessica Wilder, Herbert Hamilton, Randy Black, Cart2india Online, Michael G Argiro, Rick Desmarteau, Wireless Revolution, Zeke Rierson, Mark Zwicker, Jonathan Kirk, Michelle Jenkinson, Hartin, Inc, Yin Kin Yep, Emilia [last name unknown], Joanna Majewska, Katie Pfalz, Laura Simmons-Simon, Annette Marino, Cheryl Klase, Belinda Rivers, Deborah A. Burkholder, Donna F McCreary, Reagann Sweaks, William Valle, Christopher A. Schussler, Kin Yeung, John L Becker, Jennifer M Liebmann, Cynthia Ramey, Alen Boksan, Southwest Community Center, Vic [last name unknown], Igor Golden, Paula Gonzalez, Tamatha Johnson, David Munroe,

Fahim Aziz, Nixon Nishimura, Linda [last name unknown], Christine Sato, Omid Davidyan, Katie P, David Chen.  Plaintiff contends that but for its expulsion from the Amazon Marketplace, these customers would have continued to make repeated purchases of various products from Plaintiff.

In addition, in reviewing its sales records, Plaintiff has identified approximately 4,092 additional customers that had purchased various products from Plaintiff between two and three times.  As the burden of deriving or ascertaining the names of these specific customers from Plaintiff's sales records will be substantially the same for either party, pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff hereby directs TP-Link to those sales records: THIMES001367, THIMES001368, THIMES001369, THIMES001370, THIMES001371.  Plaintiff contends that but for its expulsion from the Amazon Marketplace, these customers would have continued to make repeated purchases of various products from Plaintiff.

Additionally, many of Plaintiff's sales on Amazon came via the "Buy Box." The "Buy Box" is a purchasing option for Amazon customers to automatically add certain products to their shopping cart, and a seller that qualified for the Buy Box would have customers purchase products directly from them without the customer needing to first click on the seller's webpage.  Since Plaintiff regularly qualified for the "Buy Box," every customer in North America searching on the Amazon Marketplace for any product that Plaintiff had in stock in its inventory was effectively a customer of Plaintiff, and Plaintiff's expulsion from the Amazon Marketplace meant that it lost the opportunity to transact with those customers.

Plaintiff will supplement this Interrogatory response as appropriate after discovery is substantially complete.

**INTERROGATORY NO. 10:**

Identify each transaction (including sales) which YOU contend did not occur due to a statement by AMAZZIA and the circumstances of that transaction.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10:**

Per TP-Link's instruction, Amazzia's submission of the 28 complaints to Amazon accusing Plaintiff of selling counterfeit goods induced Amazon to terminate its business relationship with Plaintiff, thereby permanently depriving Plaintiff of the ability to do business with Amazon.

Amazon's termination of its business relationship also involved it suspending and expelling Plaintiff from the Amazon Marketplace, thereby depriving Plaintiff of the ability to market and transact on the largest e-commerce platform in the world and where half of all online retail sales take place. Following Amazon's expulsion of Plaintiff from the Amazon Marketplace on August 27, 2018, each customer searching on the Amazon Marketplace for any product that Plaintiff had in stock in its inventory is a lost transaction. In reviewing its sales records, concurrently produced as THIMES001367, THIMES001368, THIMES001369, THIMES001370, THIMES001371, Plaintiff has identified the following customers as examples of repeat customers that had purchased various products from Plaintiff between 4 and 17 times: Daniel Robertson, Direct Ordering, Kim Allen, Debbie [last name unknown], Tara Bingham, Frances G. Baker, Timothy John Helland, Omg Procurement, Brankstore Ood, Phyllis Smith-Crossley, Nery Ramirez, Camille Hansen, Paula Tullos, Zeeshan Khan, Amy Overton, David Mcdonald, Sam [last name unknown], Meg Sakka, Kevin Crabtree, Melissa [last name unknown], H. Buehner, Sneha Kabaria, Rigoberto Flores, Jennifer A. Holme, Matthew Roos, Adriana Joyner, Hon C Wong, Steve Pipes, Bridget Estrada, Jon D Friedland, Lisa Hamlin, Nick Santos, Debbie Drobot, Ashley Chan, Kaori Johnson, Christina Ditore, Levi Varner, Guy Underwood, Susan A Floyd, Robert McCormick, Barbara Alesch, Hammad Malik, Lisa [last name unknown], Jessica Wilder, Herbert Hamilton, Randy Black, Cart2india Online, Michael G Argiro, Rick Desmarteau, Wireless Revolution, Zeke Rierson, Mark Zwicker, Jonathan Kirk, Michelle Jenkinson, Hartin, Inc, Yin Kin Yep, Emilia [last name unknown], Joanna

1  Majewska, Katie Pfalz, Laura Simmons-Simon, Annette Marino, Cheryl Klase,

2  Belinda Rivers, Deborah A. Burkholder, Donna F McCreary, Reagann Sweaks,

3  William Valle, Christopher A. Schussler, Kin Yeung, John L Becker, Jennifer M

4  Liebmann, Cynthia Ramey, Alen Boksan, Southwest Community Center, Vic [last

5  name unknown], Igor Golden, Paula Gonzalez, Tamatha Johnson, David Munroe,

6  Fahim Aziz, Nixon Nishimura, Linda [last name unknown], Christine Sato, Omid

7  Davidyan, Katie P, David Chen.  Plaintiff contends that but for its expulsion from

8  the Amazon Marketplace, these customers would have continued to make repeated

9  purchases of various products from Plaintiff.

10      In addition, in reviewing its sales records, Plaintiff has identified

11  approximately 4,092 additional customers that had purchased various products from

12  Plaintiff between two and three times.  As the burden of deriving or ascertaining the

13  names of these specific customers from Plaintiff's sales records will be substantially

14  the same for either party, pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff

15  hereby directs TP-Link to those sales records: THIMES001367, THIMES001368,

16  THIMES001369, THIMES001370, THIMES001371.  Plaintiff contends that but for

17  its expulsion from the Amazon Marketplace, these customers would have continued

18  to make repeated purchases of various products from Plaintiff.

19      Additionally, many of Plaintiff's sales on Amazon came via the "Buy Box."

20  The "Buy Box" is a purchasing option for Amazon customers to automatically add

21  certain products to their shopping cart, and a seller that qualified for the Buy Box

22  would have customers purchase products directly from them without the customer

23  needing to first click on the seller's webpage.  Since Plaintiff regularly qualified for

24  the "Buy Box," every customer in North America searching on the Amazon

25  Marketplace for any product that Plaintiff had in stock in its inventory was

26  effectively a customer of Plaintiff, and Plaintiff's expulsion from the Amazon

27  Marketplace meant that it lost the opportunity to transact with those customers.

28      Following its expulsion from the Amazon Marketplace, each purchase from

THIMES 2ND SUPP. RESPONSE TO
TP-LINK FIRST ROGS
CASE NO. 2:19-CV-10374-SB-E

an Amazon customer of any product that was formerly sold by Plaintiff is a lost

transaction, since Plaintiff had qualified as a Buy Box seller on the majority of those

products.  Examples of such products include, but are not limited to:   Apple

MD827LL/A EarPods with Remote and Mic; Samsung Fast Charger EP-TA20JBE

and USB Type C Cable EP-DG950CBE for Galaxy S8; VTech CS6719-2 DECT 6.0

Phone with Caller ID/Call Waiting, Silver/Black with 2 Cordless Handsets; VTech

DECT 6.0 Expandable Cordless Phone with Bluetooth Connect to Cell and

Answering System, Silver/Black with 3 Handsets and 1 Cordless Headset;

Panasonic EW3109W Portable Upper Arm Blood Pressure Monitor White/Grey;

Paw Patrol Figure Set 6 Piece; Apple Lightning to USB Cable (2 Pack); Apple

A1385 USB Cube Adapter 5W Wall Charger for iPod; iPad, iPhone 5/5c/5s/6/6s/7

Plus; Panasonic Wired Earphones - Wired , Red (RP-HJE125-R); Zootopia Judy's

Carrot Recorder And Badge.

Plaintiff will supplement this Interrogatory response as appropriate after

discovery is substantially complete.

**INTERROGATORY NO.11:**

Identify each transaction (including sales) which YOU contend did not occur

due to a statement made by TP-LINK USA and the circumstances of that

transaction.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11:**

Per TP-Link's instruction, Amazzia's submission of the 28 complaints to

Amazon accusing Plaintiff of selling counterfeit goods induced Amazon to terminate

its business relationship with Plaintiff, thereby permanently depriving Plaintiff of

the ability to do business with Amazon.

Amazon's termination of its business relationship also involved it suspending

and expelling Plaintiff from the Amazon Marketplace, thereby depriving Plaintiff of

the ability to market and transact on the largest e-commerce platform in the world

and where half of all online retail sales take place.  Following Amazon's expulsion

THIMES 2ND SUPP. RESPONSE TO
TP-LINK FIRST ROGS
CASE NO. 2:19-CV-10374-SB-E

of Plaintiff from the Amazon Marketplace on August 27, 2018, each customer searching on the Amazon Marketplace for any product that Plaintiff had in stock in its inventory is a lost transaction.  In reviewing its sales records, concurrently produced as THIMES001367, THIMES001368, THIMES001369, THIMES001370, THIMES001371, Plaintiff has identified the following customers as examples of repeat customers that had purchased various products from Plaintiff between 4 and 17 times: Daniel Robertson, Direct Ordering, Kim Allen, Debbie [last name unknown], Tara Bingham, Frances G. Baker, Timothy John Helland, Omg Procurement, Brankstore Ood, Phyllis Smith-Crossley, Nery Ramirez, Camille Hansen, Paula Tullos, Zeeshan Khan, Amy Overton, David Mcdonald, Sam [last name unknown], Meg Sakka, Kevin Crabtree, Melissa [last name unknown], H. Buehner, Sneha Kabaria, Rigoberto Flores, Jennifer A. Holme, Matthew Roos, Adriana Joyner, Hon C Wong, Steve Pipes, Bridget Estrada, Jon D Friedland, Lisa Hamlin, Nick Santos, Debbie Drobot, Ashley Chan, Kaori Johnson, Christina Ditore, Levi Varner, Guy Underwood, Susan A Floyd, Robert McCormick, Barbara Alesch, Hammad Malik, Lisa [last name unknown], Jessica Wilder, Herbert Hamilton, Randy Black, Cart2india Online, Michael G Argiro, Rick Desmarteau, Wireless Revolution, Zeke Rierson, Mark Zwicker, Jonathan Kirk, Michelle Jenkinson, Hartin, Inc, Yin Kin Yep, Emilia [last name unknown], Joanna Majewska, Katie Pfalz, Laura Simmons-Simon, Annette Marino, Cheryl Klase, Belinda Rivers, Deborah A. Burkholder, Donna F McCreary, Reagann Sweaks, William Valle, Christopher A. Schussler, Kin Yeung, John L Becker, Jennifer M Liebmann, Cynthia Ramey, Alen Boksan, Southwest Community Center, Vic [last name unknown], Igor Golden, Paula Gonzalez, Tamatha Johnson, David Munroe, Fahim Aziz, Nixon Nishimura, Linda [last name unknown], Christine Sato, Omid Davidyan, Katie P, David Chen.  Plaintiff contends that but for its expulsion from the Amazon Marketplace, these customers would have continued to make repeated purchases of various products from Plaintiff.

In addition, in reviewing its sales records, Plaintiff has identified approximately 4,092 additional customers that had purchased various products from Plaintiff between two and three times.  As the burden of deriving or ascertaining the names of these specific customers from Plaintiff's sales records will be substantially the same for either party, pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff hereby directs TP-Link to those sales records: THIMES001367, THIMES001368, THIMES001369, THIMES001370, THIMES001371.  Plaintiff contends that but for its expulsion from the Amazon Marketplace, these customers would have continued to make repeated purchases of various products from Plaintiff.

Additionally, many of Plaintiff's sales on Amazon came via the "Buy Box." The "Buy Box" is a purchasing option for Amazon customers to automatically add certain products to their shopping cart, and a seller that qualified for the Buy Box would have customers purchase products directly from them without the customer needing to first click on the seller's webpage.  Since Plaintiff regularly qualified for the "Buy Box," every customer in North America searching on the Amazon Marketplace for any product that Plaintiff had in stock in its inventory was effectively a customer of Plaintiff, and Plaintiff's expulsion from the Amazon Marketplace meant that it lost the opportunity to transact with those customers.

Following its expulsion from the Amazon Marketplace, each purchase from an Amazon customer of any product that was formerly sold by Plaintiff is a lost transaction, since Plaintiff had qualified as a Buy Box seller on the majority of those products.  Examples of such products include, but are not limited to:   Apple MD827LL/A EarPods with Remote and Mic; Samsung Fast Charger EP-TA20JBE and USB Type C Cable EP-DG950CBE for Galaxy S8; VTech CS6719-2 DECT 6.0 Phone with Caller ID/Call Waiting, Silver/Black with 2 Cordless Handsets; VTech DECT 6.0 Expandable Cordless Phone with Bluetooth Connect to Cell and Answering System, Silver/Black with 3 Handsets and 1 Cordless Headset; Panasonic EW3109W Portable Upper Arm Blood Pressure Monitor White/Grey;

Paw Patrol Figure Set 6 Piece; Apple Lightning to USB Cable (2 Pack); Apple
A1385 USB Cube Adapter 5W Wall Charger for iPod; iPad, iPhone 5/5c/5s/6/6s/7
Plus; Panasonic Wired Earphones - Wired , Red (RP-HJE125-R); Zootopia Judy's
Carrot Recorder And Badge.

Plaintiff will supplement this Interrogatory response as appropriate after
discovery is substantially complete.

**INTERROGATORY NO. 12:**

Describe in detail any concerns, claims, or complaints regarding THIMES or
any account run by AVRAHAM EISENBERG, including, but not limited to,
intellectual property violations (trademark, patent or copyright), negative customer
feedback, account issues (e.g., inadequate product descriptions, insufficient security,
or performance evaluations), warnings (including the "Amazon's warning letter"
referred to in 5AC ¶ 26 and "single imposter's complaint" referred to in 5AC ¶ 58),
suspensions, removals, and expulsions.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12:**

Amazzia submitted complaints to Amazon on behalf of TP-Link via
Amazon's Notice Infringement Process on the following dates: January 19, 2018,
January 21, January 26, 2018, February 14, 2018, February 21, 2018, February 28,
2018, March 2, 2018, March 3, 2018, March 10, 2018, March 13, 2018, March 21,
2018, March 31, 2018, April 2, 2018, April 5, 2018, April 6, 2018, April 7, 2018,
April 9, 2018, April 10, 2018, April 11, 2018, April 12, 2018, April 24, 2018, April
25, 2018, April 26, 2018, April 30, 2018, May 28, 2018, May 30, 2018, June 7,
2018, and June 21, 2018.

Plaintiff also received an e-mail from Amazon on May 7, 2018 notifying
Plaintiff about Amazon's suspension of Plaintiff for alleged infringement of
intellectual property rights.

Plaintiff also received an e-mail from Amazon on August 27, 2018 notifying
Plaintiff that it had been permanently expelled from the Amazon marketplace.

Plaintiff also received an e-mail from Amazon containing a Notice of Intellectual Property Rights Infringement from True Touch on January 13, 2017, and a subsequent e-mail on October 19, 2017 stating that Amazon had reinstated that content following Plaintiff's appeal.  Plaintiff also received e-mails from Amazon containing Notices of Intellectual Property Rights Infringement on June 26, 2017 from J&L and on May 11, 2018 from Apple.   Plaintiff additionally received e-mails from Amazon containing a notice of trademark infringement on the following dates: May 31, 2018; June 24, 2018, and August 22, 2018.  Plaintiff also received e-mails from Amazon regarding purported counterfeit Prevagen products on June 9, 2018, June 10, 2018, June 21, 2018, and June 23, 2018.

For all other "concerns, claims, or complaints" regarding Plaintiff, as the burden of deriving or ascertaining the answer to this Interrogatory will be substantially the same for either party, pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff hereby directs TP-Link to the following communications it received from Amazon: THIMES00268, THIMES00280, THIMES00286, THIMES00287, THIMES00303, THIMES00308, THIMES00315, THIMES00316, THIMES00318, THIMES00330, THIMES00333, THIMES00354, THIMES00379, THIMES00387, THIMES00388, THIMES00389, THIMES00396, THIMES00397, THIMES00398, THIMES00404, THIMES00405, THIMES00553, THIMES00561, THIMES00562, THIMES00567, THIMES00582, THIMES00584, THIMES00587, THIMES00590, THIMES00591, THIMES00594, THIMES00596, THIMES00598, THIMES00599, THIMES00602, THIMES00604, THIMES00625, THIMES00631, THIMES00635, THIMES00639, THIMES00642, THIMES00647, THIMES00654, THIMES00658, THIMES00660, THIMES00670, THIMES00685, THIMES00692, THIMES00698, THIMES00703, THIMES00714, THIMES00717, THIMES00726, THIMES00728, THIMES00729, THIMES00730, THIMES00731, THIMES00732, THIMES00733, THIMES00734, THIMES00736, THIMES00736, THIMES00737, THIMES00738, THIMES00839, THIMES00741, THIMES00742, THIMES00743, THIMES00744,

THIMES00745, THIMES00746, THIMES00747, THIMES00749, THIMES00750, THIMES00752, THIMES00754, THIMES00755, THIMES00756, THIMES00757, THIMES00758, THIMES00759, THIMES00762, THIMES00763, THIMES00768, THIMES00771, THIMES00772, THIMES00773, THIMES00775, THIMES00776, THIMES00777, THIMES00778, THIMES00779, THIMES00780, THIMES00781, THIMES00782, THIMES00783, THIMES00786, THIMES00791, THIMES00798, THIMES00801, THIMES00806, THIMES00815, THIMES00820, THIMES00824, THIMES00827, THIMES00829, THIMES00838, THIMES00840, THIMES00845, THIMES00851, THIMES00856, THIMES00865, THIMES00872, THIMES00876, THIMES00884, THIMES00887, THIMES00895, THIMES00897, THIMES00901, THIMES00905, THIMES00913, THIMES00915, THIMES00922, THIMES00929, THIMES00936, THIMES00941, THIMES00943, THIMES00945, THIMES00947, THIMES00956, THIMES00959, THIMES00963, THIMES00968, THIMES00973, THIMES00981, THIMES00991, THIMES01000, THIMES01007, THIMES01014, THIMES01023, THIMES01027, THIMES01033, THIMES01036, THIMES01038, THIMES01040, THIMES01044, THIMES01048, THIMES01051, THIMES01056, THIMES01060, THIMES01064, THIMES01067, THIMES01069, THIMES01071, THIMES01074, THIMES01075, THIMES01076, THIMES01077, THIMES01078, THIMES01079, THIMES01080, THIMES01081, THIMES01082, THIMES01083, THIMES01084, THIMES01085, THIMES01086, THIMES01087, THIMES01089, THIMES01090, THIMES01091, THIMES01092, THIMES01093, THIMES01094, THIMES01095, THIMES01096, THIMES01097, THIMES01098, THIMES01100, THIMES01111, THIMES01113, THIMES01114, THIMES01115, THIMES01117, THIMES01118, THIMES01119, THIMES01121, THIMES01124, THIMES01125, THIMES01127, THIMES01129, THIMES01130.

\\\

\\\

\\\

1         Plaintiff will supplement this Interrogatory response as appropriate after

2   discovery is substantially complete.

3

4    Dated:  August 19, 2022                    GAW | POE LLP

5                                                     By: _____

6                                                       Randolph Gaw
Attorneys for Plaintiff

7                                                       Thimes Solutions Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **<u>VERIFICATION</u>**

2      I, Avraham Eisenberg, declare that I am authorized to make this verification

3  on behalf of Plaintiff Thimes Solutions Inc. I have read **THIMES SOLUTIONS**

4  **INC.'S SECOND SUPPLEMENTAL RESPONSES TO DEFENDANT TP-**

5  **LINK USA CORPORATION'S FIRST SET OF INTERROGATORIES**, know

6  their contents, and certify that the same are true of my own knowledge, and as to

7  those things of which I do now have personal knowledge, I am informed and

8  believe them to be true.

9      I declare under penalty of perjury under the laws of the United States of

10  America that the foregoing is true and correct, and this verification was executed on

11  August 18, 2022, at San Juan, Puerto Rico.

12

13                                  *Avraham Eisenberg*

14                          _____

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I am over 18 years of age and not a party to the action.  I hereby certify that
on August 19, 2022, I served the following document(s) on the parties in the above-
entitled action:

**THIMES SOLUTIONS INC.'S SECOND SUPPLEMENTAL
RESPONSES TO DEFENDANT TP-LINK USA CORPORATION'S
FIRST SET OF INTERROGATORIES**

**Via E-mail:**  The document(s) described above were transmitted by electronic
mail to the addresses on record for the following parties and their counsel:

| | |
|---|---|
| Heather Auyang<br>Heather.Auyang@ltlattorneys.com<br>Prashanth Chennakesavan<br>Prashanth.Chennakesavan@ltlattorneys.com<br>Patice Gore<br>patice.gore@ltlattorneys.com | Chris Frost<br>chris@wgfcounsel.com<br>Ashley Morris<br>ashley@wgfcounsel.com<br>Debora Duran<br>debora@wgfcounsel.com |
| LTL Attorneys LLP<br>600 California St. | 15th Floor<br>San Francisco, California 94108 | Weinberg Gonser Frost LLP<br>10866 Wilshire Blvd, Suite 1650<br>Los Angeles, California 90024 |
| Attorneys for Defendant<br>TP Link USA Corporation | Attorneys for Defendant<br>Auction Brothers, Inc. |

I declare under penalty of perjury that the foregoing is a true and correct
statement.

Dated:  August 19, 2022

Victor Meng