# Heather Auyang

| | |
|---|---|
| **From:** | Heather Auyang |
| **Sent:** | Tuesday, September 6, 2022 2:53 PM |
| **To:** | Randolph Gaw; Victor Meng; Mark Schlachet; Mark Poe |
| **Cc:** | Prashanth Chennakesavan; Patice Gore |
| **Subject:** | RE: Thimes v. TP-Link - L.R.s 7.3 and 37-1 meet and confer request |

Hi Randy,

Disagree with your characterization.

Also, please see *Fulton v. Foley*, 2019 WL 6609298, at *4 (N.D. Ill. Dec. 5, 2019) (ordering plaintiff to produce "any statements provided by plaintiff directly, if any, that was provided to [the funder].")

Please use this dial-in for our 4 pm PT call today:

(213) 612-8911
Conference ID #: 426
Participant PIN: 254368

Thanks,
Heather

---

**From:** Randolph Gaw <rgaw@gawpoe.com>
**Sent:** Tuesday, September 6, 2022 1:36 PM
**To:** Heather Auyang <Heather.Auyang@ltlattorneys.com>; Victor Meng <vmeng@gawpoe.com>; Mark Schlachet <markschlachet@me.com>; Mark Poe <mpoe@gawpoe.com>
**Cc:** Prashanth Chennakesavan <Prashanth.Chennakesavan@ltlattorneys.com>; Patice Gore <patice.gore@ltlattorneys.com>
**Subject:** RE: Thimes v. TP-Link - L.R.s 7.3 and 37-1 meet and confer request

**[EXTERNAL EMAIL]** This email originated from outside of the **LTL Attorneys** organization. **DO NOT CLICK** links or open attachments unless you recognize the sender and know the content is safe.

Heather,

The record is what it is, despite your attempts to explain away TP-Link's non-compliance with the local rules.

- You sent an e-mail on 9/1 at 4:45 pm asking for a L.R. conference between 9:30 – 12 on 9/2 as to whether (1) Thimes had made a complete production regarding RFPs 2 & 10, RFP 19, and a missing THIMES001488.
- At 10:45 pm, you sent another e-mail reiterating the request for the meet and confer during a 2.5 hour window the day before Labor Day Weekend, and also asking for identification of certain documents that we have asserted work product protection over.

As for Thimes's supplemental responses to Interrogatory 12, you requested a meet and confer on August 29 over Thimes's alleged failure to comply with Magistrate Eick's order which set a deadline of **August 31**.  You also identified three supposed deficiencies with the second supplemental responses in your e-mail, all of which were remedied upon Thimes's third supplemental responses served on August 31.  And you still have not identified any deficiency with those responses.

1

One gets the sense that TP-Link was going to file a Rule 37 motion for terminating or evidentiary sanctions anyway, regardless of whatever Thimes did or did not do.

As for the "dump" of documents, we expressly objected to having to produce these documents because (i) they were of minimal relevance and unduly burdensome and disproportional to the needs of the case, and also (ii) because they were protected by various privileges. TP-Link moved to compel these documents anyway, so it cannot complain now that it got 200,000 documents when the court overruled the first objection. How many documents do you think gets generated by Amazon for a business that had sold several million dollars worth of product prior to its permanent suspension? Magistrate Eick also allowed us to withhold documents on grounds of attorney client privilege or work product subject to producing a privilege log, and we did just that. As for us not keeping an inventory of our production, what authority or rule requires us to do that? FRCP 26 is about proportionality, which has long been exceeded, especially in light of TP-Link's paltry and bad-faith production of a total of 307 **pages** of documents to date.

Now, in continued violation of FRCP 26(b)(5)(B), you continue to use and discuss the contents of a document that I have told you several times is work product. THIMES189245-THIMES189249 is part of the same overall e-mail thread – it is literally a continuation of THIMES189260. So not only do we object to any public filing of this document, but it may not be used, period, until the Court has resolved the issue of whether it is work product. (And to avoid any further repeats of this, all communications between Avi Eisenberg and Matt Reason are work product and must be clawed back.) I'm honestly baffled by your refusal to honor the clawback rules. There is plenty of authority holding that communications with litigation financiers are work product—the only reason one is discussing matters with them in the first place is in anticipation of litigation or trial. *See, e.g., Doe v. Soc'y of Missionaries of Sacred Heart*, No. 11-CV-02518, 2014 WL 1715376, at **3-4 (N.D. Ill. May 1, 2014); *Devon It, Inc. v. IBM Corp.*, No. CIV.A. 10-2899, 2012 WL 4748160, at *1 (E.D. Pa. Sept. 27, 2012).

As for a meet and confer today, I am available at 4 pm.

Randy

---

**From:** Heather Auyang <Heather.Auyang@ltlattorneys.com>
**Sent:** Tuesday, September 6, 2022 12:08 PM
**To:** Randolph Gaw <rgaw@gawpoe.com>; Victor Meng <vmeng@gawpoe.com>; Mark Schlachet <markschlachet@me.com>; Mark Poe <mpoe@gawpoe.com>
**Cc:** Prashanth Chennakesavan <Prashanth.Chennakesavan@ltlattorneys.com>; Patice Gore <patice.gore@ltlattorneys.com>
**Subject:** RE: Thimes v. TP-Link - L.R.s 7.3 and 37-1 meet and confer request

Hello Randy,

Your attempts to make it appear that TP-Link suddenly pushed Thimes for a meet and confer are not well taken in light of Thimes's continuing violation of the Court's Discovery Order and its belated dump of 200,000 documents improperly withheld for months and for which Thimes has not even "made an inventory of [its] production."

As mentioned, on Monday, Aug. 29, 2022, TP-Link sent an email requesting a L.R. 7-3 conference seeking sanctions pursuant to FRCP 37 concerning Thimes's failure to comply with Magistrate Judge Eick's Order, in particular with respect to Thimes's *second* supplemental response to Interrogatory No. 12 (served on August 19). TP-Link again pointed out the same repeat deficiencies. Although Magistrate Judge Eick's Order required Thimes to supplement by August 31, Thimes presumably served its *second* supplemental response early to try and obviate issues raised during the parties' August 15 meet and confer concerning TP-Link's impending motion for summary judgment.

Thimes did not respond until Aug. 31 when it served its *third* supplemental response to Interrogatory No. 12, stating: "As Judge Eick's order required Thimes to fully supplement its responses by August 31, we believe this moots TP-Link's request for a meet and confer regarding the second supplemental interrogatory responses."

On Sept. 1, TP-Link sent an email stating: "We are working on processing and reviewing Thimes's 8/31 production. In considering whether to conduct a L.R. 7-3 conference, please let us know the following: []." We did not agree that a meet and confer was not needed, but rather in the same email asked for Thimes's availability: "Please let us know today, otherwise, we are available for a L.R. 7-3 conference tomorrow (9/2) from 9:30 am – noon PT."

Later that evening, upon discovering that Thimes had egregiously and intentionally concealed that it we sent a follow-up email asking about these highly relevant documents. We again asked Thimes's "availability for a L.R. 7-3 conference tomorrow (9/2) concerning Thimes's document production."

Thimes's *third* supplemental response to Interrogatory No. 12 remains deficient for the same reasons identified. Thimes's document production (served on August 31) is also deficient—notably, Thimes has failed to produce any documents concerning Thimes's REDACTED Again, your work product contentions do not obviate the relevancy of the REDACTED

We are available for a meet and confer/pre-filing conference pursuant to Local Rules 7-3 and 37-1 today (except noon-2:30 pm). Please let us know.

We will discuss during the parties' meet and confer/pre-filing conference, pursuant to FRCP 37(b)(2), TP-Link's motion for terminating sanctions, or in the alternative issue sanctions as to causation and for Thimes to comply with the Court's August 16 Discovery Order, and fees. TP-Link will also challenge Thimes's work product designation with respect to the email communication between Mr. Eisenberg and a litigation funder (neither of which are lawyers). Such communication does not constitute work product because it is not a document or tangible thing prepared in anticipation of trial. And, in any case, the email is discoverable under FRCP 26(b)(3)(A).

Also, in support of its Motion for Terminating or in the Alternative Issue Sanctions, Motion to Compel Responses to Discovery, and Request for Monetary Sanctions, TP-Link intends to file as an exhibit the following document designated as CONFIDENTIAL under the Protective Order by Thimes:

- THIMES189245-THIMES189249

Pursuant to LR 79–5.2.2(b), please advise as soon as possible whether Thimes either (1) consents to TP-Link's filing this document not under seal, or (2) can propose redactions to the document to eliminate the need for TP-Link to file it under seal.

Thanks,
Heather

**From:** Randolph Gaw <rgaw@gawpoe.com>
**Sent:** Saturday, September 3, 2022 9:32 AM
**To:** Heather Auyang <Heather.Auyang@ltlattorneys.com>; Victor Meng <vmeng@gawpoe.com>; Mark Schlachet <markschlachet@me.com>; Mark Poe <mpoe@gawpoe.com>
**Cc:** Prashanth Chennakesavan <Prashanth.Chennakesavan@ltlattorneys.com>; Patice Gore <patice.gore@ltlattorneys.com>
**Subject:** RE: Thimes v. TP-Link - service

[EXTERNAL EMAIL] This email originated from outside of the **LTL Attorneys** organization. **DO NOT CLICK** links or open attachments unless you recognize the sender and know the content is safe.

Heather,

So if I understand you correctly, you plan to tell the Court that you've adequately requested a LR 7-3 meet and confer on August 29 concerning the inadequacy of a document production that did not take place until August 31, as well as the sufficiency of supplemental interrogatory responses that were not due until August 31.

And you further intend to tell the Court that we acted in bad faith because, in response to your 4:45 pm e-mail requesting a meet and confer during a 2.5 hour window the next morning (which also happens to be the day before the Labor Day weekend when many people are not around--indeed, I got an out-of-office message from Prashanth today), I told you that we are unavailable.

Plus, you're telling us that the response to Interrogatory No. 12 is still deficient, despite literally not saying a word as to how it is deficient.  You're also implicitly representing that you and your colleagues have apparently reviewed over 200,000 documents, as well as more than 3,000 entries on a privilege log, in less than 48 hours to tell us that certain documents were improperly withheld.   And you're apparently electing to use information found in a privileged document despite us providing you a clawback notice.

If you really want to have that be your record, then go ahead and "note [our] refusal to meet and confer."  Or you can propose times to talk next week.  I am available most of the day on Tuesday and also on Wednesday afternoon.

Randy

---

**From:** Heather Auyang <Heather.Auyang@ltlattorneys.com>
**Sent:** Friday, September 2, 2022 5:00 PM
**To:** Randolph Gaw <rgaw@gawpoe.com>; Victor Meng <vmeng@gawpoe.com>; Mark Schlachet <markschlachet@me.com>; Mark Poe <mpoe@gawpoe.com>
**Cc:** Prashanth Chennakesavan <Prashanth.Chennakesavan@ltlattorneys.com>; Patice Gore <patice.gore@ltlattorneys.com>
**Subject:** RE: Thimes v. TP-Link - service

Randy,

On August 29, 2022, TP-Link requested a Local Rule 7-3 conference seeking sanctions pursuant to FRCP 37 concerning Thimes's failure to comply with Magistrate Judge Eick's Order.  Thimes's third supplemental response to Interrogatory No. 12 (served on August 31) remains deficient.  Thimes's document production (served on August 31) is also deficient-- notably, Thimes has failed to produce any documents concerning Thimes's REDACTED                 Your contentions about privilege do not obviate the relevancy of REDACTED

We will note Thimes's refusal to meet and confer in our motion for sanctions.

Regards,
Heather

---

**From:** Randolph Gaw <rgaw@gawpoe.com>
**Sent:** Friday, September 2, 2022 11:58 AM
**To:** Heather Auyang <Heather.Auyang@ltlattorneys.com>; Victor Meng <vmeng@gawpoe.com>; Mark Schlachet <markschlachet@me.com>; Mark Poe <mpoe@gawpoe.com>
**Cc:** Prashanth Chennakesavan <Prashanth.Chennakesavan@ltlattorneys.com>; Patice Gore <patice.gore@ltlattorneys.com>
**Subject:** RE: Thimes v. TP-Link - service

[EXTERNAL EMAIL] This email originated from outside of the **LTL Attorneys** organization. **DO NOT CLICK** links or open attachments unless you recognize the sender and know the content is safe.

Heather,

As an initial matter, we are not free for a L.R. 7-3 conference today. For that matter, we don't even know what the basis you have for requesting a L.R. 7-3 conference in the first instance. You have not even identified what motion TP-Link is contemplating to file.

Regarding RFPs 2 and 10, Mr. Eisenberg has informed us that Thimes has made a complete production for those RFPs.

Regarding RFP 19 – Thimes has never generated any financial statements for 2021 or beyond. Thimes also has never generated any monthly profit and loss statements from 2019 on. Tax returns are not requested in RFP 19 and, in any event, Thimes does not have any tax returns for 2015 or 2021. The 2016 cash flow statements and annual profit and loss statement were both inadvertently omitted, and are attached to my e-mail here. The "Account QuickReport" is not called for in RFP 19, as it is not a financial statement. Nevertheless, to avoid wasting judicial resources on this issue, Mr. Eisenberg will produce the requested documents.

THIMES001488 does not exist. We accidentally skipped over it as we were assigning bates numbers.

Regarding THIMES189260, it looks like that was inadvertently produced. That document is covered by work product, as it is a communication with a litigation funder and was prepared in anticipation of trial. Therefore, pursuant to FRCP 26(b)(5), TP-Link is (i) to destroy all copies of THIMES189260, as well as any other e-mails that are part of that same e-mail thread, and (ii) must not use or disclose the information found in that document and in the other e-mails until the claim is resolved.

Your queries about the identification of specific documents appear to stem from THIMES189260, and so given that we are not waiving work product protection, we decline to answer those questions. But in general, as for whether we have produced any specific documents, due the volume of the production and the limited time we had to gather, process, and produce these documents in order to comply with the court order, we have not made an inventory of our production. We therefore are unable to tell you at this time as to the bates number of any specific document, should you make any additional document identification requests.

Regards,
Randy

---

**From:** Heather Auyang <Heather.Auyang@ltlattorneys.com>
**Sent:** Thursday, September 1, 2022 10:45 PM
**To:** Victor Meng <vmeng@gawpoe.com>; Randolph Gaw <rgaw@gawpoe.com>; Mark Schlachet <markschlachet@me.com>; Mark Poe <mpoe@gawpoe.com>
**Cc:** Prashanth Chennakesavan <Prashanth.Chennakesavan@ltlattorneys.com>; Patice Gore <patice.gore@ltlattorneys.com>
**Subject:** RE: Thimes v. TP-Link - service

Counsel,

Following-up on a response to my email below and your availability for a L.R. 7-3 conference tomorrow (9/2) concerning Thimes's document production.

Also, attached is THIMES189260-THIMES189263 in which Mr. Eisenberg refers to REDACTED

- Please identify the Bates Nos. in which Thimes produced the REDACTED and related documents.
- Please identify the Bates Nos. for the May 2018 suspension for which Mr. Eisenberg states: "TP-Link was responsible for my first suspension in May 2018 – I have an email from Amazon saying that."

Case 2:19-cv-10374-SB-E Document 230-21 Filed 09/21/22 Page 6 of 7 Page ID #:5826

# REDACTED

Thanks,
Heather

---

**From:** Heather Auyang
**Sent:** Thursday, September 1, 2022 4:45 PM
**To:** Victor Meng <vmeng@gawpoe.com>; Prashanth Chennakesavan <Prashanth.Chennakesavan@ltlattorneys.com>; Patice Gore <patice.gore@ltlattorneys.com>
**Cc:** Randolph Gaw <rgaw@gawpoe.com>; Mark Schlachet <markschlachet@me.com>; Mark Poe <mpoe@gawpoe.com>
**Subject:** RE: Thimes v. TP-Link - service

Hi Victor,

We are working on processing and reviewing Thimes's 8/31 production. In considering whether to conduct a L.R. 7-3 conference, please let us know the following:

1. **RFP Nos. 2 and 10**: confirm that Thimes has made a complete production of emails, documents, and communications for the years **2016** and **2017** related to its Amazon account, including any "concerns, claims or complaints regarding" Thimes. And if not, the reason a complete production was not made.

2. **RFP No. 19**—the following documents appear to be missing from Thimes's 8/31 production. If so, will Thimes agree to supplement its production?

    a. *Detailed Balance Sheets*: 2015 (Thimes was selling products on Amazon, even though it was not incorporated), 2021, and as of 6/30/2022;
    b. *Cash Flow Statements*: 2015, 2016, 2021, and as of 6/30/2022;
    c. *Annual Profit & Loss Statements*: 2015, 2016, 2021;
    d. *Monthly Profit & Loss Statements*: 2019, 2020, 2021, and as of 6/30/2022;
    e. *Tax Returns* (including supporting schedules and K-1s): 2015 and 2021; and
    f. *Account QuickReport*: 2016, 2017, 2019, 2020, and 2021.

3. **THIMES001488**—appears to be missing from the production.

Please let us know today, otherwise, we are available for a L.R. 7-3 conference tomorrow (9/2) from 9:30 am – noon PT.

Thanks,
Heather

**From:** Victor Meng <vmeng@gawpoe.com>
**Sent:** Wednesday, August 31, 2022 9:03 PM
**To:** Heather Auyang <Heather.Auyang@ltlattorneys.com>; Prashanth Chennakesavan <Prashanth.Chennakesavan@ltlattorneys.com>; Patice Gore <patice.gore@ltlattorneys.com>; Chris Frost <chris@wgfcounsel.com>; ashley@wgfcounsel.com; Debora Duran <debora@wgfcounsel.com>
**Cc:** Randolph Gaw <rgaw@gawpoe.com>; Mark Schlachet <markschlachet@me.com>; Mark Poe <mpoe@gawpoe.com>
**Subject:** Thimes v. TP-Link - service

[EXTERNAL EMAIL] This email originated from outside of the **LTL Attorneys** organization. **DO NOT CLICK** links or open attachments unless you recognize the sender and know the content is safe.

Counsel,

Attached please find Thimes's 3rd supplemental response to TP-Link's first set of interrogatories. As Judge Eick's order required Thimes to fully supplement its responses by August 31, we believe this moots TP-Link's request for a meet and confer regarding the second supplemental interrogatory responses.

Also, below is a Dropbox link to access Thimes's document production. The Dropbox folder contains documents in the following Bates ranges. Please let me know if you have any issues accessing the documents. We have also attached a privilege log as required by Judge Eick's order.

- THIMES01334-THIMES01366
- THIMES001372-THIMES001555
- THIMES100000-THIMES191208
- THIMES191209-THIMES191303
- THIMES250000-THIMES546761

Link: https://www.dropbox.com/sh/b0bdls12rsga1sx/AAAWN1pUlnqfPq6fKAzBBP_ea?dl=0
Password: thimes

Thanks,
Victor


Victor Meng
Gaw | Poe LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Direct: 415.895.0862
Main: 415.766.7451
Fax: 415.737.0642