LTL ATTORNEYS LLP
Joe H. Tuffaha (SBN 253723)
  joe.tuffaha@ltlattorneys.com
Prashanth Chennakesavan (SBN 284022)
  prashanth.chennakesavan@ltlattorneys.com
Heather F. Auyang (SBN 191776)
  heather.auyang@ltlattorneys.com
Patice A. Gore (SBN 258776)
  patice.gore@ltlattorneys.com
300 South Grand Ave., 14th Floor
Los Angeles, CA 90071
Tel: (213) 612-8900
Fax: (213) 612-3773

Attorneys for Defendant and
Counterclaimant TP-Link USA Corporation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS INC., <br><br> Plaintiff, <br><br> v. <br><br> TP-LINK USA CORPORATION, and AUCTION BROTHERS, INC. d/b/a AMAZZIA, <br><br> Defendants. | CASE NO.: 2:19-cv-10374-SB-E <br><br> **TP-LINK USA'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT** <br><br> Judge: Hon. Stanley Blumenfeld, Jr. <br><br> Date: Friday Oct. 7, 2022 <br> Time: 8:30 a.m. <br> Courtroom: 6C <br><br> Complaint Filed: May 29, 2019 <br> Amended 5th Amended <br> Complaint Filed: May 27, 2022 <br> Trial Date: Jan. 9, 2023 |

TP-LINK USA CORPORATION,

        Counterclaimant,

  v.

THIMES SOLUTIONS INC.,

        Counter-Defendant.

      Pursuant to the Court's May 23, 2022 Order re: Motions for Summary Judgment (ECF No. 172), Defendant TP-Link USA Corporation hereby submits this Reply Memorandum in support of its Motion for Summary Judgment or Partial Summary Judgment.

# TABLE OF CONTENTS

I. Introduction ..... 1

II. Argument ..... 2

A. Thimes Has Offered No Evidence from Any Customer Who Relied on Complaints Made Only to Amazon as the Reason for Ceasing Business with Thimes ..... 2

B. Thimes Has Not Raised a Genuine Dispute of Material Fact Disputing that Intellectual Property Complaints to Amazon Constitute Statements of Legal Opinion ..... 5

C. Thimes's Lack of Any Independently Wrongful Act for Its Tort Claims Cannot Be Saved by Its Newly Derived Claims ..... 7

D. Thimes's Claimed Damages Remain Unsupported and Speculative ..... 8

E. In the Event TP-Link's Motion is Denied, TP-Link Respectfully Requests that the Court Issue an Order to Show Cause as to Why Thimes Should Not be Sanctioned For Its Intentional Concealment of Highly Relevant Documents in Deliberate Violation of this Court's August 16 Discovery Order and Its Obligations Under FRCP 26 ..... 11

# **TABLE OF AUTHORITIES**

**Cases**

*Carreno v. 360 Painting, LLC*, No. 19-cv-2239-LAB-BGS,
  2021 WL 1087106 (S.D. Cal. March 19, 2021) .................................................. 7

*Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*,
  173 F.3d 725 (9th Cir. 1999) .......................................................................... 6, 7

*Erlich v. Etner*,
  224 Cal. App. 2d 69 (1964) ............................................................................ 3, 5

*HGCI, Inc. v. Luxx Lighting, Inc.*, No. EDCV 19-570-PSG (KKx),
  2020 WL 5913851 (C.D. Cal. Sept. 10, 2020) .................................................. 5

*Hokto Kinoko Co. v. Concord Farms, Inc.*,
  810 F. Supp. 2d 1013 (C.D. Cal. 2011) ............................................................. 6

*In re ConAgra Foods, Inc.*
  302 F.R.D. 537 (C.D. Cal. 2014) ...................................................................... 4

*Kids' Universe v. In2Labs*,
  95 Cal. App. 4th 870 (2002) ............................................................................ 10

*Muddy Waters, LLC v. Superior Court*,
  62 Cal. App. 5th 905 (2021) .......................................................................... 3, 5

*NEC Electronics v. CAL Circuit Abco*,
  810 F.2d 1506 (9th Cir. 1987) ........................................................................... 6

*Open Source Security, Inc. v. Perens*, No. 17-cv-04002-LB,
  2017 WL 6539874 (N.D. Cal. Dec. 21, 2017) .................................................. 7

*Royal Holdings Technologies Corp. v. IP Video Market Info Inc.*,
  Case No. 2:20-cv-04093-SB (PLAx),
  2020 WL 8225666 (C.D. Cal. Dec. 18, 2020) ................................................ 5, 7

*Sargon Enters., Inc. v. Univ. of S. Cal.*,
  55 Cal. 4th 747 (2012) ..................................................................................... 10

*Sebastian Int'l, Inc. v. Longs Drug Stores Corp.*,
  53 F.3d 1073 (9th Cir. 1995) ............................................................................. 6

ii                                                                                            No. 2:19-cv-10374-SB-E
TP-LINK'S REPLY MPA IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

*Tommy Bahama Grp., Inc. v. Sexton*, No. C07-06360 EDL,
  2009 WL 4673863 (N.D. Cal. Dec. 3, 2009) ............................................................. 6

## I. INTRODUCTION

Thimes fails to raise any genuine dispute of material facts and the applicable law mandates granting TP-Link's motion. Thimes's opposition fills the record with immaterial information to obfuscate and is premised on four main incorrect contentions. *First*, to satisfy the special damages requirement for a trade libel claim, Thimes argues that it need not present proof that customers refrained from making purchases because of the at-issue statements; rather, the court should just assume this result, and that historical sales to these past, repeat or hypothetical customers are future transactions of which Thimes has been deprived. This is not the law under *Erlich*, which requires more than mere conclusions unsupported by any evidence from customers.

*Second*, Thimes, without support, argues that the law on whether a statement is one of fact or opinion differs between trade libel and defamation. There is no such distinction—trade libel is disparagement of property instead of a person, and the law is clear that the complaints to Amazon are non-actionable statements of opinion. *Third*, Thimes newly spun attempts to meet the independently wrongful act requirement for its tort claims fail as a matter of law because each depend on statements of opinion or non-commercial speech. *Fourth*, Thimes's submission of the declarations of its damages expert and Mr. Eisenberg (attesting to his own damages) shows the weakness of its damages case (and expert report served on 8/1/2022) that cannot be remedied here. In any case, Thimes recently produced a 9/9/2018 email authored by Avraham Eisenberg (Thimes's sole proprietor) to Jeff Bezos documenting ***the*** reason Thimes was expelled from Amazon—not because of TP-Link—rather, Amazon finally caught on to Thimes's sale of over 47,000 <u>counterfeit</u> Apple and Samsung branded products (approx. 29% of Thimes's overall sales). Amazon did not accept Thimes's invoices from its purported reputable distributors and permanently expelled Thimes. There can be no genuine dispute that Thimes's damages cannot be attributable to TP-Link.

Finally, in the event the Court denies TP-Link's motion for summary judgment, TP-Link requests that the Court issue an order to show cause as to why Thimes should not be sanctioned for withholding and continuing to withhold critical discovery violating the Court's 8/16 Discovery Order. In ordering Thimes to comply with its discovery obligation, the Court found that "the discovery thus far provided by [Thimes] in response to many of the subject discovery requests appears to have been ***seriously insufficient***, ***as well as untimely***." ECF No. 207 at 1 (emphasis added). On 8/31/2022, Thimes produced over 200,000 documents. Given the volume, TP-Link has made its best efforts to review the production. However, belatedly dumping over 200,000 documents near the end of discovery and after TP-Link's portion of its motion is served does little to address "seriously insufficient" responses when critical documents are purposefully concealed. In particular, TP-Link recently discovered Thimes concealed and continues to withhold documents harmful to its case, including a **2020** decision (and related documents) for an arbitration filed by Thimes against Amazon under the guise that the arbitration is not responsive to TP-Link's discovery requests and protected by the work product doctrine, as detailed in TP-Link's motion for sanctions and to compel. *See* ECF No. 230. The Amazon arbitration and related documents are of course not subject to privilege or work product protection. Thimes's gamesmanship in hiding documents harmful to its case, and then resisting production when caught, should not be rewarded.

## II.  ARGUMENT

### A.  Thimes Has Offered No Evidence from Any Customer Who Relied on Complaints Made Only to Amazon as the Reason for Ceasing Business with Thimes

Thimes tries to avoid a big hole—that it is missing proof of causation—by misapplying the relevant legal authority. While the parties cite the same language from *Erlich* for the requirements to show special damages for trade libel, Thimes ignores its

application to these facts. *Erlich v. Etner*, 224 Cal. App. 2d 69, 73 (1964).[1] To establish special damages, a plaintiff must "identify the particular purchasers who have refrained from dealing with [it], and specify the transactions of which [it] claims to have been deprived." *Id*. In *Erlich*, the court dismissed the plaintiff's trade libel claim because he "did not testify that any customer *had ever assigned the* [at-issue statements] *as a reason* for ceasing to trade with him" or elicited the testimony of any purchasing agents of his commercial accounts "to give their own version of why they ceased dealing with plaintiff." *Id*. at 75. This is because the plaintiff "must still *prove* [causation] by something more than his own guess as to what had gone on his former customers' minds." *Id*. Thimes relies heavily on *Muddy Waters*, but as in *Erlich*, the court found the plaintiff had failed to establish special damages because it could not show "the existence of a specific customer or business entity that refrained from dealing with plaintiff *as a result of reliance* [on the statements]" as this "is an essential factual element of plaintiff's cause of action for trade libel." *Muddy Waters, LLC v. Superior Ct.*, 62 Cal. App. 5th 905, 925-926 (2021). As conceded by Thimes, this reliance requirement is spelled out in the California Judicial Council's verdict form—someone else had to act "in reliance on the statement." CACI VF-1721.

      Like the plaintiff in *Erlich*, Thimes makes a series of improper conclusory statements insufficient to establish special damages and raise a material dispute. First, Thimes concludes Amazon counts as a customer for the purpose of this analysis because Thimes sold "products directly to an Amazon entity called Amazon Vendor Express. (JAF 22)." What Thimes omits is that Amazon was not a customer during the relevant period (January to June 2018), when Thimes received notices from Amazon about violations of TP-Link's intellectual property rights (*see* JAF 27, 67) that it contends resulted in its permanent expulsion. Instead, Thimes submitted seven Amazon

---

[1] Thimes cites *Muddy Waters, LLC v. Superior Court*, 62 Cal. App. 5th 905, 925 (2021), which in turn cites *Erlich*, 224 Cal. App. 2d at 73.

"Vendor Express" purchase orders from January to March 2017 (JAF 22, Eisenberg Decl., Ex. 39), but no proof that Amazon was a customer in 2018. Thus, TP-Link's complaints could not be the reason Thimes was "permanently depriv[ed] [] of the ability to do business with Amazon.' (JAF 67.)" (Joint Br., 18:20-25) (emphasis added) when Thimes only sold products directly to Amazon for a limited period in 2017.

Although this is sufficient to debunk Thimes's attempts to create a dispute, Amazon, in fact, *stopped* accepting any purchase orders for its Vendor Express Program on 5/21/2018 (Supplemental Declaration of Heather Auyang ("Suppl. Auyang Decl."), Ex. A),[2] certainly not because of TP-Link and well before Thimes's permanent expulsion on 8/27/2018 (*see* JAF 49). Thimes's contention that it had an ongoing relationship selling products directly to Amazon is a sham. In any case, there is no statement (or testimony) from Amazon that it stopped purchasing products from Thimes *because of* the at-issue intellectual property complaints. (*See, e.g.*, JAF 38, 40-46, 49, 96.) This same lack of evidence applies to Thimes's argument about its historical and supposed repeat customers. Joint Br. at 20:4-21:5. Thimes has submitted no statement or direct testimony showing any reliance on the at-issue complaints from its "name individual businesses or customers," and it cannot do so because there is no dispute that the at-issue statements were made directly to Amazon and not to any end consumer.

---

[2] Thimes's 8/31/2022 dump of over 200,000 withheld documents in response to Magistrate Judge Eick's 8/16 Discovery Order (ECF No. 207), *after* TP-Link's portion of its summary judgment brief was served, was the first-time documents were produced about the Vendor Express program. Suppl. Auyang Decl., ¶¶ 9-10. Given the timing and relevant nature of certain document buried within this production, TP-Link respectfully requests that the Court consider such documents in support of TP-Link's motion as an exception to this Court's rule prohibiting supplementation of Joint Appendices. *See In re ConAgra Foods, Inc*. 302 F.R.D. 537, 559, fn. 87 (C.D. Cal. 2014) (finding evidence submitted in direct response to evidence raised in opposition "is not 'new'" and may be considered).

### B. Thimes Has Not Raised a Genuine Dispute of Material Fact Disputing that Intellectual Property Complaints to Amazon Constitute Statements of Legal Opinion

Thimes makes the nonsensical argument that defamation case law is inapplicable to a trade libel analysis. First, this Court's decision in *Royal Holdings Technologies Corp. v. IP Video Market Info Inc.*, No. 2:20-cv-04093-SB (PLAx), 2020 WL 8225666 (C.D. Cal. Dec. 18, 2020), holds otherwise. While the plaintiff in *Royal Holdings* asserted nine claims, including defamation and trade libel, this Court examined "only the defamation claim [in its anti-SLAPP analysis] here because all other causes of action derive from that claim." *Id.* at *5, n.1; *see also HGCI, Inc. v. Luxx Lighting, Inc.*, No. EDCV 19-570-PSG (KKx), 2020 WL 5913851, at *2, 4 (C.D. Cal. Sept. 10, 2020) (finding counter-defendant's statements about its "belief" that counter-claimant's products infringed its patents were statements of opinion *not* actionable as *trade* libel, even when there were *no facts* supporting this belief other than counter-defendant's own suspicions about the product's low sales price). *Second*, the "misguided" language Thimes's relies on from *Muddy Waters* is directed to this specific distinction between trade libel and traditional libel or other types of defamation claims: "While a cause of action for trade libel "'resembles that for defamation ... [it] differs from it materially in the greater burden of proof resting on the plaintiff, and the necessity for special damage in all cases…'" *Muddy Waters*, 62 Cal. App. 5th at 925 (quoting *Erlich*, 224 Cal. App. 2d at 73). *Muddy Waters* certainly does not repudiate defamation law as inapplicable to a trade libel analysis and indeed emphasizes the plaintiff's "greater burden of proof."

Thimes also contends that the Court cannot decide if the at-issue statements are opinion because the Court does not have the actual complaints in evidence, citing to a prior decision in this case regarding whether the complaints were "objectively baseless" under the sham exception to Noerr-Pennington. But this requirement and analysis are not relevant here. Rather, Thimes does not dispute that each complaint

submitted to Amazon used the language "I have a good faith belief" (*see* JAF 31, 32) and that there has been no ruling from a court (or otherwise) ascertaining whether Thimes's sales of TP-Link products on Amazon constitute trademark infringement or counterfeiting (JAF 34). This is all that is needed to establish that the complaints here were statements of opinion under *Coastal Abstract*. *See Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 731-32 (9th Cir. 1999). As for Thimes's argument the complaints here "can be 'provably false'" (Joint Br., 26:26-29:18), this misses the point because under *Tommy Bahama*—each complaint was submitted here with the language "good faith belief" and only as an "**Allegation** of Infringement" (*see* JAF 32-33) constitutes "a statement of opinion that is not actionable as defamation, **even if ultimately proven false**." *Tommy Bahama Grp., Inc. v. Sexton*, No. C07-06360 EDL, 2009 WL 4673863, at *14 (N.D. Cal. Dec. 3, 2009), *aff'd*, 476 F. App'x 122 (9th Cir. 2012).

Thimes's misplaced reliance on *NEC Electronics v. CAL Circuit Abco*, 810 F.2d 1506 (9th Cir. 1987) and *Sebastian Int'l, Inc. v. Longs Drug Stores Corp.*, 53 F.3d 1073 (9th Cir. 1995), ignores that gray market goods (or any other type of goods) are not genuine if they differ materially from the authorized version and trigger liability under the Lanham Act. *See, e.g., Hokto Kinoko Co. v. Concord Farms, Inc.*, 810 F. Supp. 2d 1013, 1024-28 (C.D. Cal. 2011) (distinguishing *NEC Electronics* and finding material differences existed as to imported mushrooms included warranty and customer support triggering liability under the Lanham Act), *aff'd*, 738 F.3d 1085 (9th Cir. 2013). Importantly, the "threshold of materiality is always quite low in gray goods cases." *Id*. at 1028. Thimes did not sell genuine goods (*see* JAF 75) and TP-Link has "alleged throughout this litigation that [it] had a good faith basis to believe [Thimes] was an unauthorized reseller of TP-Link products that lacked the original manufacturer's warranty" (ECF No. 125 at 4). Raising this legal debate only serves to make TP-Link's point that a layperson's intellectual property complaints are precisely the types of non-actionable statements of opinion recognized under *Coastal Abstract*. Finally, neither

Antoine Liu's nor any other deposition will change the calculus that the at-issue complaints constitute statements of opinion as a matter of law.

### C. Thimes's Lack of Any Independently Wrongful Act for Its Tort Claims Cannot Be Saved by Its Newly Derived Claims

Thimes attempts to scrape together an independently wrongful act to save its intentional interference claims, but such efforts fail. Joint Br. at 32-34. First, Thimes's libel *per se* claim fails because it cannot rely on non-actionable statements of opinion. *Coastal Abstract*, 173 F.3d at 731-32; *see Open Source Security, Inc. v. Perens*, No. 17-cv-04002-LB, 2017 WL 6539874, at *7-10 (N.D. Cal. Dec. 21, 2017) (relying on *Coastal Abstract* in holding statements about a disputed legal issue are not false assertions of fact, and thus not actionable libel.)

Second, Thimes's fraud claim fails because it does not rest on a representation of fact, but instead on legal opinions, which Thimes additionally has not shown Amazon justifiably relied upon TP-Link's **allegations** of intellectual property infringement (*see* JAF 32-33) to expel Thimes. *See, e.g.*, *Carreno v. 360 Painting, LLC*, No. 19-cv-2239-LAB-BGS, 2021 WL 1087106, at *3-4 (S.D. Cal. March 19, 2021) (dismissing negligent and intentional misrepresentation claims as requiring misrepresentation of material fact and justifiable reliance on that misrepresentation). There is no dispute that Amazon has never identified TP-Link as a substantial factor (or any factor) for Thimes's permanent expulsion. (*See* JAF 38, 40-46, 49, 96.) Instead, as detailed below, Thimes was expelled for selling counterfeit Apple and Samsung products.

Third, in addition to being based on an inadequate trade libel claim, and therefore subject to dismissal, Thimes's claim for unfair competition (Cal. Bus. & Prof. § 17200) fails because Thimes fundamentally misapplies this theory. A UCL claim does not apply here because there can be no dispute that TP-Link's complaints are not commercial, as they propose no commercial transaction. *See Royal Holdings*, 2020 WL 8225666, at *11-12 ("Commercial speech is "speech that does 'no more than propose

a commercial transaction.'") (citation omitted). Non-commercial speech is beyond the reach of California's unfair competition law. *Id.* (dismissing UCL claim because the statements did not constitute commercial speech).

### D. Thimes's Claimed Damages Remain Unsupported and Speculative

Thimes tries to dodge its utter lack of proof of causation with a wildly speculative and conclusory damages valuation. Even under Thimes's contention that the burden of proof is for TP-Link to demonstrate that its conduct played only a negligible role, TP-Link has met this burden by demonstrating there is no evidence (*i.e.*, a statement from Amazon) that TP-Link's actions played ***any*** role in Amazon's decision to expel Thimes.

As detailed in his 9/9/2018 email to Jeff Bezos, Eisenberg summarized precisely why Thimes was permanently expelled on 8/27/2018—because Amazon finally caught on to Thimes's sales of four different <u>inauthentic</u> Apple and Samsung branded products (Suppl. Auyang Decl., Ex. B), *after* Thimes has already sold over 47,000 units (approx. 29% of Thimes's total sales) of these counterfeit products (*see* Eisenberg Decl., Ex. 45; Suppl. Auyang Decl. ¶¶ 4-5). The salient points of Thimes's path to expulsion are as follows. As gleaned from Thimes's (deficient) production, it had been receiving notices (including removal of selling privileges) from Amazon and corresponding with Amazon about these four products, and on 8/3/2018, Amazon notified Thimes that "Your amazon.com selling privileges have been removed" based on "concerns about the authenticity of the items sold at the end of this email [] **ASIN**: B0097BEG1C [Apple EarPods], B073TLKQB9 [Samsung charging cable], B00OQLMJR6 [Samsung battery], B07DMSK4R9 [Apple EarPods]," emphasizing that "[t]he sale of counterfeit products on Amazon is strictly prohibited." (JAF 43-44). Thimes represented to customers that it was selling new original products in retail packaging. Suppl. Auyang Decl. ¶ 4. On 8/6/2018, Thimes submitted its "Plan Of Action to prevent future authenticity concerns" with copies of invoices and receipts from its suppliers for these

four products. (*See* JAF 103-104.) But Amazon was not persuaded and permanently expelled Thimes on 8/27/2018. (*See* JAF 49).

On 9/9/2018, Eisenberg sent an email to Jeff Bezos explaining that his account "was blocked and appeals not properly responded to or entirely ignored. We have previously sent invoices that covered the entire quantity of all ASINs in question, proving authenticity." Suppl. Auyang Decl., Ex. B. Eisenberg attached a spreadsheet listing three of the ASINs. *Id*. Eisenberg then proceeded with his list of demands, including an immediate payment of $1.1 million as "the bare minimum [Bezos is] legally required to release." *Id*. Eisenberg explained additional reasons warranting reinstatement, including: "*Multiple companies* have abused their reporting privileges and committed perjury while accusing us of counterfeiting – we have submitted evidence of TP-link, Prevagen, and others doing this on multiple occasions. As such, any complaints should have been looked into more carefully before taking action with this history of false complaints." *Id*. Eisenberg promised: "We have also ensured all our suppliers **going forward are authorized distributors**." *Id*. (emphasis added).

Eisenberg acknowledges that Amazon's focus was clearly on a dispute about selling thousands of counterfeit Apple and Samsung products, and not anything else. Indeed, Amazon has never identified TP-Link as playing any part in Thimes's expulsion. (*See* JAF 40-44, 49, 96.) Thimes filed an arbitration against Amazon, which it presumably lost as to issues relevant to this case.[3]

Thimes argues that "simple arithmetic" based on Thimes's *second* supplemental response to TP-Link's Interrogatory No. 12 (JAF 36) somehow shows that TP-Link played more than a "infinitesimal role" in causing Amazon to expel Thimes. What Thimes omits (consistent with its behavior throughout this litigation) is that after TP-

---

[3] Thimes has refused to produce the 2020 arbitration decision (and related communications and documents), even though such discovery is within the scope of TP-Link's discovery requests (Suppl. Auyang Decl., ¶¶ 6-8, 10, 13, 15-16) that the Court ordered Thimes to produce (*see* ECF No. 207 (RFP Nos. 2 and 10)).

Link served its portion of its motion, Thimes's served its (still deficient) *third* supplemental response to TP-Link's Interrogatory No. 12 that increased the number of "concerns, claims, or complaints regarding" Thimes's Amazon account to over 300. Suppl. Auyang Decl., ¶ 11, Ex. E. Thimes also criticizes TP-Link's examples of Thimes's issues with Amazon, but fails to mention that it withheld and continues to withhold key documents, forcing TP-Link to piece together what it could from what the Court described as Thimes's "seriously insufficient, as well as untimely" responses to discovery. ECF No. 207 at 1. Even so, TP-Link's evidence shows why Thimes was expelled from the Amazon Marketplace, and Thimes fails to raise a genuine dispute as to the fact that any TP-Link conduct played even a minimal role in Thimes's failure to reap untold millions from its relationship with Amazon. In reality, the evidence conclusively demonstrates that Amazon finally caught up with Thimes's sales of over 47,000 counterfeit goods, expelled it (Suppl. Auyang Decl., Ex. B; JAF 43, 49), rejected its appeal, and then Thimes filed an arbitration which it presumably lost with the same arguments because Thimes's refuses to produce any documents.

  Moreover, calculations based on historical financial statements for either an "established" or "unestablished" business do not make Thimes's damages theory any less speculative. Loss of prospective profits are only recoverable "where the evidence makes reasonably certain their occurrence and extent." *Kids' Universe v. In2Labs*, 95 Cal. App. 4th 870, 883 (2002) (citation omitted) (collecting cases). Even if Eisenberg or Goedde had used "some reasonable basis of computation of damages," *Sargon Enters., Inc. v. Univ. of S. Cal.*, 55 Cal. 4th 747, 774 (2012), Thimes does not and cannot argue that the vast ranges for its damages estimates are reasonably certain.

**E.   In the Event TP-Link's Motion is Denied, TP-Link Respectfully Requests that the Court Issue an Order to Show Cause as to Why Thimes Should Not be Sanctioned For Its Intentional Concealment of Highly Relevant Documents in Deliberate Violation of this Court's August 16 Discovery Order and Its Obligations Under FRCP 26**

As provided in detail in the concurrently filed Suppl. Auyang Decl., ¶¶ 6-16, Thimes should be sanctioned for its obstructionist behavior in hiding damaging documents and ordered to produce the Amazon arbitration decision and any related documents, such as written discovery and depo transcripts. TP-Link also respectfully requests that the Court consider the limited additional documents submitted in support of its motion, which were concealed and withheld by Thimes until the Court ordered production, and produced on 8/31, after TP-Link served its portion of its summary judgment motion on 8/22.

Dated:  September 23, 2022      LTL ATTORNEYS LLP

By:   */s/ Heather F. Auyang*

Joe H. Tuffaha (SBN 253723)
joe.tuffaha@ltlattorneys.com
Prashanth Chennakesavan (SBN 284022)
prashanth.chennakesavan@ltlattorneys.com
Heather F. Auyang (SBN 191776)
heather.auyang@ltlattorneys.com
LTL ATTORNEYS LLP
300 South Grand Ave., 14th Floor
Los Angeles, CA 90071
Telephone: (213) 612-8900
Facsimile: (213) 612-3773

Attorneys for Defendant TP-Link USA Corporation

# **CERTIFICATE OF SERVICE**

Counsel for all parties have appeared in this action. Pursuant to Local Rule 5-3.2, the foregoing document filed via CM/ECF will be served on counsel of record through the CM/ECF System.

By: */s/ Heather F. Auyang*