# EXHIBIT C

LTL ATTORNEYS LLP
Joe H. Tuffaha (SBN 253723)
  joe.tuffaha@ltlattorneys.com
Prashanth Chennakesavan (SBN 284022)
  prashanth.chennakesavan@ltlattorneys.com
Heather F. Auyang (SBN 191776)
  heather.auyang@ltlattorneys.com
Patice A. Gore (SBN 258776)
  patice.gore@ltlattorneys.com
300 South Grand Ave., 14th Floor
Los Angeles, CA 90071
Tel:  (213) 612-8900
Fax:  (213) 612-3773

Attorneys for Defendant and
Counterclaimant TP-Link USA Corporation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS INC., | CASE NO.: 2:19-cv-10374-SB-E |
| Plaintiff, | **TP-LINK USA'S INTERROGATORIES TO THIMES SOLUTIONS INC., SET ONE** |
| v. | |
| TP-LINK USA CORPORATION, and AUCTION BROTHERS, INC. d/b/a AMAZZIA, | Judge:      Hon. Stanley Blumenfeld Jr.<br>Trial Date:  January 9, 2023 |
| Defendants. | |
| TP-LINK USA CORPORATION, | |
| Counterclaimant, | |
| v. | |
| THIMES SOLUTIONS INC., | |

No. 2:19-cv-10374-SB-E

Counter-Defendant.

**INTERROGATORY NO. 7:**

Identify each statement made by AMAZZIA to customers (or entities alleged to be customers) of THIMES (including, but not limited to, the date of the statement, the manner in which the statement was conveyed, and the speaker).

**INTERROGATORY NO. 8:**

Identify each customer that YOU contend did not do business with YOU due to a statement by AMAZZIA and the circumstances of that transaction.

**INTERROGATORY NO. 9:**

Identify each customer that YOU contend did not do business with YOU due to a statement by TP-LINK USA and the circumstances of that transaction.

**INTERROGATORY NO. 10:**

Identify each transaction (including sales) which YOU contend did not occur due to a statement by AMAZZIA and the circumstances of that transaction.

**INTERROGATORY NO. 11:**

Identify each transaction (including sales) which YOU contend did not occur due to a statement made by TP-LINK USA and the circumstances of that transaction.

**INTERROGATORY NO. 12:**

Describe in detail any concerns, claims, or complaints regarding THIMES or any account run by AVRAHAM EISENBERG, including, but not limited to, intellectual property violations (trademark, patent or copyright), negative customer feedback, account issues (e.g., inadequate product descriptions, insufficient security, or performance evaluations), warnings (including the "Amazon's warning letter" referred to in 5AC ¶ 26 and "single imposter's complaint" referred to in 5AC ¶ 58), suspensions, removals, and expulsions.

Date:  June 2, 2022                    LTL ATTORNEYS LLP

                                       By:  */s/ Heather F. Auyang*
                                       Joe H. Tuffaha

LTL ATTORNEYS LLP
Joe H. Tuffaha (SBN 253723)
  joe.tuffaha@ltlattorneys.com
Prashanth Chennakesavan (SBN 284022)
  prashanth.chennakesavan@ltlattorneys.com
Heather F. Auyang (SBN 191776)
  heather.auyang@ltlattorneys.com
Patice A. Gore (SBN 258776)
  patice.gore@ltlattorneys.com
300 South Grand Ave., 14th Floor
Los Angeles, CA 90071
Tel:  (213) 612-8900
Fax:  (213) 612-3773

Attorneys for Defendant and
Counterclaimant TP-Link USA Corporation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS INC., | CASE NO.: 2:19-cv-10374-SB-E |
| Plaintiff, | **TP-LINK USA'S REQUESTS FOR PRODUCTION TO THIMES SOLUTIONS INC., SET ONE** |
| v. | |
| TP-LINK USA CORPORATION, and AUCTION BROTHERS, INC. d/b/a AMAZZIA, | Judge:      Hon. Stanley Blumenfeld Jr. Trial Date:  January 9, 2023 |
| Defendants. | |
| TP-LINK USA CORPORATION, | |
| Counterclaimant, | |
| v. | |

THIMES SOLUTIONS INC.,

Counter-Defendant.

PROOF OF SERVICE

11.     The term "CONCERNING" means embodying, referring to, relating to, summarizing, constituting, containing, analyzing, studying, explaining, mentioning, showing, discussing, supporting, refuting, reflecting, memorializing, describing, commenting upon, and/or connected in any way factually or logically with, the matter therein.

12.     As used herein, the masculine includes the feminine and neuter; the singular includes the plural and vice-versa; "each" includes and encompasses "every," and vice-versa; "any" includes and encompasses "all," and vice-versa; the terms "and" and "or" have both conjunctive and disjunctive meanings; so as to be inclusive of any documents.

13.     The use of any tense of any verb includes all other tenses of the verb.

14.     Words not specifically defined herein should be given their plain and ordinary meaning.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS and COMMUNICATIONS CONCERNING TP-LINK USA, including TP-Link products.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS and COMMUNICATIONS related to any concerns, claims, or complaints regarding THIMES or any account run by AVRAHAM EISENBERG, including, but not limited to, intellectual property violations (trademark, patent, or copyright), negative customer feedback, account issues (e.g., inadequate product descriptions, insufficient security, or performance evaluations), warnings (including the "Amazon's warning letter" referred to in 5AC ¶ 26 and "single imposter's complaint" referred to in 5AC ¶ 58), suspensions, removals, and expulsions.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS and COMMUNICATIONS between THIMES and any third-party (including, but not limited to, AMAZON and customers) CONCERNING

TP-LINK USA or any TP-Link product.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS and COMMUNICATIONS between AVRAHAM EISENBERG and any third-party (including, but not limited to, AMAZON and customers) CONCERNING TP-LINK USA or any TP-Link product.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS and COMMUNICATIONS showing that AMAZON purchased any products as a customer of THIMES, including invoices and purchase orders.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS and COMMUNICATIONS concerning statements made by TP-LINK USA to customers (or entities alleged to be customers) of THIMES.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS and COMMUNICATIONS concerning statements made by AMAZZIA to customers (or entities alleged to be customers) of THIMES.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS CONCERNING the sourcing of any TP-Link product, including the "360 TP-Link AC5400 Routers" cited in 5AC ¶ 26.

**REQUEST FOR PRODUCTION NO. 9:**

DOCUMENTS sufficient to show the sourcing of THIMES's products sold on AMAZON, including any TP-Link products.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS and COMMUNICATIONS with AMAZON CONCERNING THIMES's account, including, but not limited to, the signed Amazon's standard Business Solutions Agreement (referred to in ¶ 6 of the 5AC), "appeal" (referred to in ¶ 45 of the 5AC: "Plaintiff appealed and got reinstated from the May 7th suspension."), and "administrative options" (referred to in ¶ 51 of the 5AC: "Plaintiff exhausted all possible administrative options at Amazon, including appellate

1  procedures.").

2  **REQUEST FOR PRODUCTION NO. 11:**

3  All DOCUMENTS and COMMUNICATIONS with AMAZON
4  CONCERNING any account run by AVRAHAM EISENBERG (including under other
5  names or aliases).

6  **REQUEST FOR PRODUCTION NO. 12:**

7  DOCUMENTS sufficient to show THIMES business activities and source of
8  income since August 27, 2018.

9  **REQUEST FOR PRODUCTION NO. 13:**

10  DOCUMENTS sufficient to show AVRAHAM EISENBERG's business
11  activities and source of income since August 27, 2018.

12  **REQUEST FOR PRODUCTION NO. 14:**

13  All DOCUMENTS and COMMUNICATIONS about Fortress DAO
14  CONCERNING investors' contention that millions of dollars in investors' funds have
15  been improperly retained (*see* Counterclaims ¶ 9).

16  **REQUEST FOR PRODUCTION NO. 15:**

17  All DOCUMENTS supporting Thimes's allegation in ¶ 7 of the 5AC that it "sold
18  over 175,000 products to customers on Amazon with a 98% lifetime positive feedback
19  rating.  Plaintiff reached $2 million in sales during the first six months of 2018.  As of
20  its expulsion from Amazon, TSI was selling around $400,000-500,000 per month on
21  amazon.com.  Net margins were roughly 20%."

22  **REQUEST FOR PRODUCTION NO. 16:**

23  All DOCUMENTS supporting Thimes's allegation in ¶ 52 of the 5AC that "[b]y
24  reason of the expulsion Plaintiff was unable to sell its aging inventory (at least $1.1
25  million) or access its funds in Amazon's hands (about $80,000).  Plaintiff was forced
26  to hire counsel at substantial expense."

27  **REQUEST FOR PRODUCTION NO. 17:**

28  All DOCUMENTS CONCERNING YOUR assets, including, but not limited to,