# EXHIBIT D

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 19-10374-SB(Ex) | Date | August 16, 2022 |
|---|---|---|---|
| Title | THIMES SOLUTIONS, INC. V. TP-LINK USA CORPORATION, ET AL. | | |

| Present: The Honorable | Charles F. Eick, United States Magistrate Judge | |
|---|---|---|
| Valencia Munroe | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| **Attorneys Present for Plaintiffs:** | | **Attorneys Present for Defendants:** |
| None | | None |

**Proceedings:** (IN CHAMBERS)

The Magistrate Judge has read and considered all papers filed in support of and in opposition to "TP-Link USA's Motion to Compel Discovery" ("the Motion") filed August 3, 2022. The August 26, 2022 hearing is vacated. The Magistrate Judge has taken the Motion under submission without oral argument.

In opposing the Motion, Plaintiff argues, inter alia, that Defendant TP-Link USA ("Defendant") has failed to comply timely with its own discovery obligations. Such argument presents a non sequitur in the context of the present Motion. See, e.g., Harrison v. Comm'r Gary Lanigan, 2016 WL 3626524, at *2 (D. N.J. July 1, 2016) ("there is no place for 'tit-for-tat' in a court of law. One party's failure to comply with certain rules and procedures is not an excuse for another party to do the same"); Genentech, Inc. v. Trustees of University of Pennsylvania, 2011 WL 7074208, at *1 (N.D. Cal. June 10, 2011) ("A party may not excuse its failure to comply with discovery obligations by claiming that its opposing party is similarly delinquent. Nor may a party condition its compliance with discovery obligations on receiving discovery from its opponent.") (citations and quotations omitted).

The Magistrate Judge observes that neither party's positions in the present dispute are entirely reasonable. For example, some of the subject discovery requests seek, without limitation, "all facts and circumstances that . . . relate to [Plaintiff's] claim . . ." (Interrogatories Nos. 1 and 2) and "all documents concerning [Plaintiff's] . . . operation . . ." (Document Request No. 26). Such discovery requests are unreasonably overbroad and disproportionate. See Fed. R. Civ. P. 26(b)(1); Gondola v. USMD PPM, LLC, 223 F. Supp. 3d 575, 589-91 (N.D. Tex. 2016); Yeager v. Fort Knox Security Products, Inc., 2012 WL 1898876, at *3 (D. Utah May 23, 2012). Even so, the discovery thus far provided by Plaintiff in response to many of the subject discovery requests appears to have been seriously insufficient, as well as untimely.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 19-10374-SB(Ex) | Date | August 16, 2022 |
|---|---|---|---|
| Title | THIMES SOLUTIONS, INC. V. TP-LINK USA CORPORATION, ET AL. | | |

The Motion is granted in part and denied in part as follows:

Interrogatory No. 1: Denied as not proportional.

Interrogatory No. 2: Denied as not proportional.

Interrogatory No. 3: Denied as not proportional.

Interrogatory No. 4: Granted.

Interrogatory No. 5: Granted.

Interrogatory No. 8: Granted, although, if Plaintiff cannot identify any such customer, Plaintiff may so state.

Interrogatory No. 9: Granted, although, if Plaintiff cannot identify any such customer, Plaintiff may so state.

Interrogatory No. 10: Granted, although, if Plaintiff cannot identify any such transaction, Plaintiff may so state.

Interrogatory No. 11: Granted, although, if Plaintiff cannot identify any such transaction, Plaintiff may so state.

Interrogatory No. 12: Granted, limited to "concerns, claims or complaints regarding" Plaintiff.

Document Request No. 1: Granted.

Document Request No. 2: Granted, limited to "concerns, claims or complaints regarding" Plaintiff.

Document Request No. 3: Granted.

Document Request No. 4: Granted.

Document Request No. 5: Granted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 19-10374-SB(Ex) | Date | August 16, 2022 |
|---|---|---|---|
| Title | THIMES SOLUTIONS, INC. V. TP-LINK USA CORPORATION, ET AL. | | |

Document Request No. 9: Granted as to "TP-Link products," but otherwise denied as not proportional.

Document Request No. 10: Granted.

Document Request No. 11: Denied as not proportional.

Document Request No. 12: Granted as to the request for documents sufficient to show Plaintiff's source of income, but otherwise denied as vague and ambiguous.

Document Request No. 13: Denied as vague, ambiguous and not proportional.

Document Request No. 14: Denied as not proportional.

Document Request No. 17: Denied as not proportional.

Document Request No. 18: Denied as not proportional.

Document Request No. 19: Granted.

Document Request No. 20: Granted.

Document Request No. 22: Granted.

Document Request No. 25: Denied as not proportional.

Document Request No. 26: Denied as not proportional.

To the extent the Motion is granted, on or before August 31, 2022, Defendant must serve supplemental responses and produce all responsive documents other than those documents withheld under claim of the attorney-client privilege or the work product doctrine. Such withheld documents must be identified with particularity on a privilege log served on or before August 31, 2022.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 19-10374-SB(Ex) | Date | August 16, 2022 |
|---|---|---|---|
| Title | THIMES SOLUTIONS, INC. V. TP-LINK USA CORPORATION, ET AL. | | |

On or before August 31, 2022, Plaintiff also shall produce the original metadata for previously produced and currently produced electronically stored information. See, e.g., Nova Measuring Instruments Ltd. v. Nanometrics, Inc., 417 F. Supp. 2d 1121, 1122 (N.D. Cal. 2006); Williams v. Sprint/United Management Co., 230 F.R.D. 640, 652-56 (D. Kan. 2005).

On or before August 31, 2022, Plaintiff also shall do that which Plaintiff previously promised to do with respect to the subject discovery requests, to the extent Plaintiff has not done so before now.

Except as expressly stated herein, the Motion is denied.

cc: Judge Blumenfeld
All Counsel of Record

Initials of Deputy Clerk   VMUN