LTL ATTORNEYS LLP
Joe H. Tuffaha (SBN 253723)
  joe.tuffaha@ltlattorneys.com
Prashanth Chennakesavan (SBN 284022)
  prashanth.chennakesavan@ltlattorneys.com
Heather F. Auyang (SBN 191776)
  heather.auyang@ltlattorneys.com
Patice A. Gore (SBN 258776)
  patice.gore@ltlattorneys.com
300 South Grand Ave., 14th Floor
Los Angeles, CA 90071
Tel: (213) 612-8900
Fax: (213) 612-3773

Attorneys for Defendant and
Counterclaimant TP-Link USA Corporation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS INC., <br><br> Plaintiff, <br><br> v. <br><br> TP-LINK USA CORPORATION, and AUCTION BROTHERS, INC. d/b/a AMAZZIA, <br><br> Defendants. | CASE NO.: 2:19-cv-10374-SB-E <br><br> **DISCOVERY MATTER** <br><br> **TP-LINK USA'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION FOR TERMINATING, OR IN THE ALTERNATIVE ISSUE SANCTIONS, MOTION TO COMPEL RESPONSES TO DISCOVERY, AND REQUEST FOR MONETARY SANCTIONS** <br><br> Date:         Oct. 14, 2022 <br> Time:         9:30 a.m. <br> Courtroom: 750, 7th Floor <br><br> Discovery Cutoff:      Sept. 30, 2022 <br> Pretrial Conference:  Dec. 30, 2022 |

| | |
|---|---|
| | Trial Date:           Jan. 9, 2023 |
| | Complaint Filed:     May 29, 2019 |
| | Am. 5th Am. Com. Filed: May 27, 2022 |

TP-LINK USA CORPORATION,

    Counterclaimant,

  v.

THIMES SOLUTIONS INC.,

    Counter-Defendant.

Thimes's opposition digs itself deeper into willful misconduct proving the very reason why this case should be terminated.[1] Thimes complains that in meeting its discovery obligations under FRCP 26, it undertook the task of producing over 200,000 withheld documents that the Court deemed relevant and proportional, and now contends that TP-Link is dissatisfied.[2] But TP-Link's issue is not with the volume of the production, rather that Thimes's purposefully concealed highly relevant discovery relating to the REDACTED, which should have been produced at the latest in July 2022. Thimes contends TP-Link could have learned of the REDACTED by "[a] simple 'Control-F'" (Joint Stip. at 30:5-7) to search its 195-page privilege log, but a few entries buried in this log and a few documents buried in an over 200,000 document production do not excuse Thimes's failures. The REDACTED goes to the core of why Thimes was expelled and is clearly relevant to TP-Link's defense. Thimes's opposition should be disregarded for a number of reasons, as detailed below.

*First*, Thimes's counsel appears to be placing blame on their client, Avraham Eisenberg, who essentially collected and ran his own document production (Joint Stip. at 27-30), to feign ignorance (and argues inadmissibility when that is not the standard under FRCP 26) of the REDACTED since it was not REDACTED REDACTED. This is not credible. As Thimes's privilege log shows, Thimes's litigation counsel was in communication with REDACTED. Supplemental Decl. of Heather Auyang ("Sup. Auyang Decl."), ¶¶ 2-4, Ex. A. Indeed, on **11/19/2020**, Eisenberg sent the REDACTED to his litigation counsel—Gaw, Poe, Meng and Schlatchet. *Id*. These two privilege log entries

---

[1] Given the timing of Thimes's 8/31 production and the case schedule (ECF No. 170), TP-Link respectfully requests that the Court consider this motion even though it is scheduled to be heard 7-days outside the time permitted for hearing motions.

[2] Thimes represented to the Court that it "does not anticipate any issues completing its document production" by 8/31/2022. ECF No. 201-1 at 65-66.

are *conspicuously missing* from Thimes's opposition to downplay counsel's knowledge of the REDACTED and impact on this case. The very fact that Thimes concealed and is resisting any discovery on this topic is telling.

*Second*, Thimes takes the position that the REDACTED is not responsive to TP-Link's discovery requests by attempting an artful distinction that RFP No. 10 is limited to documents and communications <u>with</u> Amazon, which does not include REDACTED. Joint Stip. at 38. But even if this were a passable argument, Thimes's cites privilege log entries showing communications <u>with</u> Amazon, *e.g.*,

REDACTED. *See* Joint Stip., at 29:14-30:2; *see also* Suppl. Auyang Decl. ¶¶ 2-4.

Thimes avoids that Eisenberg maintained copies of these responsive REDACTED by arguing any such documents were sent to him by his counsel attached to otherwise privileged emails,[3] but the fact that the emails themselves might be privileged does not necessarily mean that all attachments thereto were also privileged. *See O'Connor v. Boeing North Am.*, 185 F.R.D. 272, 280 (C.D. Cal. 1999) ("[N]ot all attachments to, or enclosures with, [privileged] documents are necessarily protected by the privilege."); *see also Al Otro Lado, Inc. v. Wolf*, No. 3:17-CV-2366-BAS-KSC, 2020 WL 6449152, at *3 (S.D. Cal., Nov. 2, 2020). Instead, the party asserting the privilege "must prove that each attachment is protected by privilege." *Our Children's Earth Found. v. Nat'l Marine Fisheries Svc.*, 85 F. Supp. 3d 1074, 1088 (N.D. Cal. 2015) (citations omitted); *see also Bruno v. Equifax Info. Svcs.*, No. 2:17-cv-327-WBS-EFB, 2019 WL 633454, at *8 (E.D. Cal. Feb. 14, 2019). Here, Thimes cannot reasonably argue that documents sent to REDACTED are independently protected by privilege and "mere transmittal of documents to a lawyer is insufficient to bring documents under

---

[3] In fact, Eisenberg produced over 50 filings in this case. Suppl. Auyang Decl., ¶ 5.

1  the umbrella of the attorney-client privilege." *See Clavo v. Zarrabian*, 8:03CV00864-
2  CJC-RCx, 2003 WL 24272641, at *2 (C.D. Cal. Sept. 24, 2003).

3       Thimes's also argues that RFP No. 2 is just too broad, so how could the
4  REDACTED fall within its scope. This is not only illogical, but this Court
5  determined RFP No. 2 to be relevant and proportional. Thimes also faults TP-Link for
6  not obtaining documents from Amazon about an REDACTED that it *just learned about*—
7  but *Thimes* is a *party* to *this* case and as it well knows the burden on third parties should
8  be minimized. Amazon served objections to the subpoena making this very point.
9  Suppl. Auyang Decl., Ex. B (Amazon's Objections, served on June 21, 2022).

10      *Third*, Thimes tries to distract from the fact that it should have produced all the
11 responsive REDACTED by arguing that TP-Link misused purported work
12 product to discover the existence of the REDACTED This does not, however, excuse its
13 discovery misconduct, warrant disqualification of TP-Link's counsel, or sanctions
14 against TP-Link. Thimes cannot avoid the fact that it willfully withheld highly relevant
15 discovery responsive to TP-Link's discovery requests, which Thimes had an obligation
16 to produce irrespective of when/how TP-Link learned about the REDACTED (which was
17 also referenced in several entries in Thimes's privilege log).

18      Thimes cannot plausibly argue that it has not had these REDACTED in
19 its possession for several years, and therefore could have produced them at any time.
20 Under FRCP 26, Thimes is obligated to provide documents within its possession,
21 custody or control, which would include documents in the possession of
22 REDACTED While Thimes's briefing details its document collection
23 efforts, it consisted solely of Eisenberg searching his own email, and made no mention
24 of any effort to obtain documents from other sources under its custody/control.

25      Thimes has also failed to meet its burden to establish that the email which it
26 claims TP-Link misused is protected by the work product doctrine. This doctrine is
27 intended to protect attorneys' mental impressions, and to prevent attorneys from acting
28 "on wits borrowed from the adversary." *Hickman v. Taylor*, 329 U.S. 495, 511 (1947)

(Jackson, J., concurring); *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 576 (9th Cir. 1992). And "[t]he party claiming work product immunity has the burden of proving the applicability of the doctrine." *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 192 (C.D. Cal. 2006). Thimes fails to establish the relevant email exchange between REDACTED reveals attorney mental impressions, or was created because of the prospect of litigation/trial.

Thimes first argues, without any evidence, that the email exchange is protected because it is "Mr. Eisenberg's mental impressions about the mental impressions and conclusions made by others regarding an ongoing litigation." Joint Stip. at 41. But Mr. Eisenberg is not an attorney and his mental impressions are not protected; and there is no evidence that he was relaying the impressions of any attorney—a vague reference to "made by others" does not satisfy this burden. These emails therefore do not fall within the scope of what the doctrine is intended to protect. Further, Thimes cannot meet its burden to establish the relevant communications were created because of the prospect of litigation.

REDACTED Eisenberg Decl., Ex. 24 at 4. At a minimum, the exchange is only entitled to qualified protection as factual work product and discoverable under FRCP 26(b)(3)(A)(i) and (ii). *See* Joint Stip. at 22:16-27:23:7. The Court should require Thimes to produce this and all similar communications.

*Fourth*, terminating sanctions are warranted as the prejudice to TP-Link is great given the brash behavior of opposing counsel and Eisenberg in violating this Court's 8/16 Discovery Order. Thimes talks out of both sides of its mouth—on the one hand Thimes argues that TP-Link's "motion reflects the dire straits it faces before a jury trial starting January 9, 2023," while on the other hand flippantly stating that terminating sanctions are not warranted for violating this Court's Order as there is no prejudice because the Court "can simply order" the production of relevant documents "months ahead of the trial date." This obviously misses the point that critical milestones have

past, including the filing of TP-Link's motion for summary judgment that raises causation issues and for which the REDACTED is certainly relevant.[4]

*Fifth*, to deflect from its own flagrant acts, Thimes argues that TP-Link is not allowed to mention the email it designated as work product. However, TP-Link is entitled to discuss the relevance and contents of the email in order to challenge Thimes's designation, as it has done in communications to Thimes's counsel and its motion (under seal). Moreover, TP-Link's motion does not depend on any work product, instead it is based wholly on Thimes's failure to comply with its discovery obligations by not disclosing the REDACTED based on its distorted reading of TP-Link's discovery requests to hide harmful documents. Thimes relies on cases that are inapplicable here, *e.g.*, *U.S. ex rel. Hartpence v. Kinetic Concepts, Inc.*, which involved repeated use of privileged (not work product) materials in pleadings, not filed under seal and unredacted, and the disqualified counsel never consulted the court about privilege issues. No. CV 08-1885-GHK AGRX, 2013 WL 2278122, at *2-3 (C.D. Cal. May 20, 2013). This is not the situation here where the only communications about the at-issue work product were made to Thimes's counsel, filed under seal, and TP-Link seeks the Court's determination whether the work product doctrine applies. Thimes's argument of its "severe prejudice" makes little sense—as it downplays the significance of the REDACTED as basically irrelevant.

Finally, for Interrogatory No. 12, Thimes ignores that the documents cited to invoke the benefit of FRCP 33(d) have literally nothing to do with data mining issues— *e.g.*, inauthentic *Apple charging USB cables*. *See* Joint Stip., 14-15. Thimes has always tried to steer away from this data mining issue and narrow the scope to just a single instance where it appealed a suspension, and has repeatedly refused to provide any

---

[4] Thimes mentions that 3PM Solutions "subsequently recanted" its trademark complaint against Thimes for 200 products (Joint Stip. at 35:23-25) but does not dispute that 3PM Solutions did not retract its complaint (likely under litigation pressure) *prior to* Thimes's permanent expulsion. *See* ECF No. 217-2 (JAF 45-46).

TP-LINK USA'S SUPPLEMENTAL MEMO RE: MOTION FOR SANCTIONS

information about Amazon's warnings of "similar activities in the past" (mentioned in the suspension notice) or how Thimes worked with Amazon to resolve those prior violations. *See* Joint Stip., 13. Even if Thimes had no documents, it has an obligation to provide a fulsome narrative about the data mining and related issues, such as the "similar activities in the past."[5]

Date: September 27, 2022

LTL ATTORNEYS LLP

By: */s/ Heather F. Auyang*
Joe H. Tuffaha
Prashanth Chennakesavan
Heather F. Auyang
Patice A. Gore

Counsel for Defendant and Counterclaimant
TP-Link USA Corporation

---

[5] Thimes cites THIMES00739 (Joint Stip., 31:3-5), but as with the other cited documents, this is unrelated to data mining; it is a suspension related a complaint for over 40 products (ASINs). *See* Suppl. Auyang Decl., Ex. C.