1  RANDOLPH GAW (S.B. #223718)   MARK SCHLACHET (*pro hac vice*)
    rgaw@gawpoe.com                markschlachet@me.com
2  MARK POE (S.B. #223714)        43 West 43d Street, Suite 220
    mpoe@gawpoe.com                New York, New York 10036
3  VICTOR MENG (S.B. #254102)     Telephone: (216) 225-7559
    vmeng@gawpoe.com               Facsimile: (216) 932-5390
4  GAW | POE LLP
   4 Embarcadero Center, Suite 1400
5  San Francisco, CA 94111
   Telephone: (415) 766-7451
6  Facsimile: (415) 737-0642

Attorneys for Plaintiff Thimes Solutions Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| THIMES SOLUTIONS INC.<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>TP-LINK USA CORPORATION, and AUCTION BROTHERS, INC. d/b/a AMAZZIA<br><br>　　　　　Defendant.<br><hr>TP-LINK USA CORP.<br><br>　　　　　Counterclaimant,<br><br>　v.<br><br>THIMES SOLUTIONS INC.<br><br>　　　　　Counter-Defendant. | Case No. 2:19-CV-10374-SB-E<br><br>**SUPPLEMENTAL DECLARATION OF RANDOLPH GAW IN OPPOSITION TO TP-LINK'S MOTION FOR SANCTIONS**<br><br>Date:　　　　Friday Oct. 14, 2022<br>Time:　　　　9:30 a.m.<br>Courtroom:　750 |

I, Randolph Gaw, declare as follows:

1. I am a partner at the law firm of Gaw | Poe LLP, counsel of record to plaintiff Thimes Solutions Inc. ("Thimes"). If called to testify at a hearing or trial, I could and would testify to the following, which is based on my personal knowledge. I submit this supplemental declaration in support of Thimes's opposition to defendant TP-Link USA Corporation's motion for terminating, or in the alternative issue sanctions, motion to compel responses to discovery, and request for monetary sanctions.

2. Neither I, nor anyone at Gaw | Poe LLP, has had any involvement whatsoever for any matter concerning Thimes except for this lawsuit.

3. I have never spoken with, met, or discussed anything with any other lawyer for Thimes other than the counsel of record in this action.

4. With respect to Thimes's privilege log entry showing that there were two e-mails that included both me and Mr. Berkowitz, the first e-mail (THIMES209081) was a July 21, 2020 communication sent by Mr. Eisenberg to me where he cc-ed Mr. Berkowitz. The second e-mail (THIMES209082) is a "reply-all" communication from me where I solely addressed Mr. Eisenberg, and I cc-ed my partners at Gaw | Poe LLP to keep them in the loop. I have no other e-mails on which Mr. Berkowitz is copied.

5. I also wish to point out that as seen in the Court docket (e.g., ECF No. 110), Gaw | Poe became counsel of record on July 8, 2020. At that time, we were solely focused on getting the Court to allow Thimes to file a Fourth Amended Complaint bringing various federal claims for relief. As the state law claims had been dismissed with prejudice at that time, we were not thinking about proximate causation or any other issues relating to those state law claims in any way.

6. To be completely candid, I had entirely forgotten about Mr. Berkowitz until around August 26, 2022, when I saw and reviewed Mr. Eisenberg's e-mails to him in connection with preparing Thimes's privilege log.

7. To date, Gaw | Poe LLP has not received a copy of any of the arbitration pleadings, discovery requests and responses. Nor have we received a copy of any documents that were produced in the arbitration.

8. With respect to Ms. Auyang's accusation that I was being disingenuous during the September 6 conference of counsel, at no point did I ever state that I was not sure if there was a final award. What I stated was that to my knowledge, there was an award but that I did not know the final result of the arbitration or whether the award was confirmed. (In fact, to this day, I don't know how the arbitration concluded but apparently the award was never confirmed.)

9. Attached as Exhibit 30 is a true and correct copy of an e-mail sent to me by my partner Victor Meng on September 7, 2022. Blue highlighting has been added by me for the benefit of the Court. As seen on pages 1-2 of Exhibit 30, Mr. Meng was contemporaneously taking notes during the conference of counsel and my recollection of the discussion during that conference comports with the notes.

10. In checking Gaw | Poe LLP's billing software, I can see that I have recorded slightly over 5 hours in preparing this supplemental memorandum in opposition to TP-Link's motion for terminating sanctions. At my discounted rate of $500 per hour, that is an additional $2,500 that Gaw | Poe LLP will charge to Thimes in connection with that motion.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on September 30, 2022, at Berlin, Germany.

_____
Randolph Gaw