UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10374-SB(Ex) | Date | October 6, 2022 |
|---|---|---|---|
| Title | THIMES SOLUTIONS, INC. V. TP-LINK USA CORPORATION, ET AL. | | |

| Present: The Honorable | Charles F. Eick, United States Magistrate Judge | |
|---|---|---|
| Valencia Munroe | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| **Attorneys Present for Plaintiffs:** | **Attorneys Present for Defendants:** |
|---|---|
| None | None |

**Proceedings:**        (IN CHAMBERS)

   The Magistrate Judge has read and considered all papers filed in connection with "TP-Link USA's Motion for Terminating, or in the Alternative Issue Sanctions, Motion to Compel Responses to Discovery and Request for Monetary Sanctions" ("the Motion"), filed September 21, 2022. The previously noticed October 14, 2022 hearing is vacated. The Magistrate Judge has taken the Motion under submission without oral argument.

   Within seven (7) days of the date of this Order, Plaintiff shall produce to Defendant TP-Link USA Corp. ("TP-Link") the following documents from Plaintiff's arbitration with Amazon, to the full extent that these documents are within the possession, custody or control of Plaintiff (including, for this purpose, Plaintiff's attorneys, past and present): (1) the arbitration award; (2) all documents served or filed in the arbitration by Plaintiff or by Amazon; and (3) all communications between Plaintiff and Amazon relating to the arbitration. These documents are responsive to Requests for Production Nos. 2 and/or 10, and therefore should have been produced by Plaintiff no later than August 31, 2022. See Minute Order, filed August 16, 2022. The Magistrate Judge has rejected Plaintiff's invitation to deny the Motion as untimely, given the fact that the timing of the Motion was largely the product of Plaintiff's dilatoriness in producing documents.

   Plaintiff need not produce the communications between Mr. Eisenberg and the "litigation funders" because those communications are protected by the work product doctrine under the circumstances presented, see, e.g., Hoist Fitness Systems, Inc. v. Tuffstuff Fitness Int'l Inc., 2018 WL 8193374, at *8 (C.D. Cal. May 14, 2018); Lambeth Magnetic Structures, LLC v. Seagate Technology (US) Holdings, Inc., 2018 WL 466045, at *5 (W.D. Pa. Jan. 18, 2018), and TP-Link has failed to demonstrate "that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." See Fed. R. Civ. P. 26(b)(3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 19-10374-SB(Ex) | Date | October 6, 2022 |
| Title | THIMES SOLUTIONS, INC. V. TP-LINK USA CORPORATION, ET AL. | | |

Except as expressly stated herein, the Motion is denied.

In particular, TP-Link's request for terminating sanctions (or issue/evidentiary sanctions that would be tantamount to terminating sanctions) is denied because: (1) TP-Link has failed to demonstrate the requisite "willfulness, bad faith, or fault" of Plaintiff.  See Commodity Futures Trading Comm. v. Noble Metals, Int'l, Inc., 67 F.3d 766, 771 (9th Cir. 1995), cert. denied, 519 U.S. 815 (1996) (to justify the imposition of such sanctions, a court must find that the discovery violations were "due to willfulness, bad faith, or the fault of the party") (citations and quotations omitted); and (2) the balance of the five factors that must be considered by the Court when asked to impose such sanctions ultimately do not weigh in favor of the sanctions.  See Toth v. Transworld Airlines, Inc., 862 F.2d 1381, 1385 (9th Cir. 1988) (reciting the five factors as: "the public's interest in the expeditious resolution of litigation"; "the court's need to manage its docket"; "the risk of prejudice [to the party seeking terminating sanctions]"; "the public policy favoring disposition of cases on their merits"; and "the availability of less drastic sanctions").  Most telling here is the lack of any persuasive demonstration of significant prejudice to TP-Link resulting from Plaintiff's delay in producing documents.

Plaintiff's request for an OSC is denied as procedurally improper and unsupported by a sufficient showing of substantive merit.

Both parties' requests for monetary sanctions are denied because neither party's argued positions are entirely  reasonable.  See Fed. R. Civ. P. 37(a)(5).


cc:     Judge Blumenfeld
         All Counsel of Record

Initials of Deputy Clerk   VMUN