UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THIMES SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TP-LINK USA CORPORATION and AUCTION BROTHERS, INC. d/b/a AMAZZIA, <br><br> Defendants. | Case No. 2:19-cv-10374-SB-E <br><br> ORDER GRANTING DEFENDANT AUCTION BROTHERS, INC. dba AMAZZIA'S MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION [DKT. NO. 208] |

  Plaintiff Thimes Solutions, Inc. (Thimes) is an unauthorized reseller of wireless internet products manufactured by Defendant TP-Link USA Corporation (TP-Link). Thimes listed TP-Link products for sale on Amazon.com (Amazon) and described them as "new," even though TP-Link's manufacturer's warranty did not cover products sold through unauthorized resellers. Dkt. No. 208-1, Ex. 2. According to Amazon's Condition Guidelines, which govern the labels sellers on Amazon's site can use to describe the condition of their goods, any good sold as "new" has to include any original manufacturer's warranty. *Id*., Ex. 3. TP-Link and Defendant Auction Brothers, Inc. d/b/a Amazzia (Amazzia) reported Thimes's purportedly "counterfeit" activity to Amazon, after which Amazon terminated Thimes's selling privileges. Dkt. No. 178 ¶¶ 25–28, 34 (Amended 5AC). Thimes seeks to recover from Defendants, jointly and severally, compensatory damages of at least $5 million plus treble damages ($15 million), at least $5 million in punitive damages, and attorney's fees on trade libel and tortious interference theories.

  Thimes and Amazzia have now agreed to settle their dispute for $40,000 and seek a judicial determination that their settlement is in good faith under Cal. Code Civ. P. § 877.6(a). Dkt. No. 208. TP-Link opposed on the grounds that (1) Thimes seeks millions in damages, and so a $40,000 settlement is inequitable given Amazzia's potential share of liability; (2) Amazzia has not demonstrated financial distress; and (3) there is evidence of collusion. Dkt. No. 214. At oral argument,

TP-Link conceded that if the Court were "inclined to grant TP-Link's motion for summary judgment . . . it should grant [this motion] in that instance." In light of the Court's granting of TP-Link's motion for summary judgment, Dkt. No. 217, the Court construes this concession as a withdrawal of TP-Link's opposition to this motion. For the following reasons, Amazzia's request for a judicial finding that its settlement with Thimes was in good faith is granted.

In a lawsuit with multiple defendants who are alleged joint tortfeasors, a plaintiff can settle with some but not all of the defendants. In that instance, Cal. Code. Civ. P. § 877.6(a) allows any party to move for a hearing on whether the settlement is in "good faith." If a court finds the settlement to be in good faith, the settlement extinguishes any contribution claim that a non-settling defendant may have against a settling defendant. *Id*. § 877.6(c). The liability of any non-settling defendants is reduced by the amount of the settlement. *Id*. § 877(a). In evaluating whether a settlement is in good faith, the California Supreme Court instructs courts to evaluate several factors, including the approximate value of the plaintiff's potential recovery and the settling defendant's proportionate liability, the amount paid in settlement, that a settling defendant should pay less in settlement than it would be liable for after losing at trial, the settling defendant's financial condition and insurance policy limits, and the existence of any collusion, fraud, or tortious conduct meant to injure the interests of non-settling defendants. *Tech-Bilt Inc. v. Woodward-Clyde & Associates*, 38 Cal. 3d 488, 499 (1985).

Applying these factors, Amazzia has shown that its settlement with Thimes is in good faith (as conceded by TP-Link). First, the value of Thimes's potential recovery and the amount paid in settlement favor approving the settlement because the Court has determined that Defendants are entitled to summary judgment on Thimes's claims. In light of that ruling, the settlement amount is reasonable. For similar reasons, the next factor—that a settling defendant should pay less in settlement than if found liable after trial—favors granting the motion. There is no evidence of collusion. At oral argument, the Court inquired about the basis for the $40,000 settlement figure and the negotiation process. The Court is satisfied that there was an arm's-length negotiation between Thimes and Amazzia that led to the settlement. Finally, Amazzia's finances support a finding of good faith. Amazzia has filed under seal a profit-and-loss sheet that provides some evidence of financial insolvency, Dkt. No. 208-5, and its counsel represented at the hearing that Amazzia will be forced to file for bankruptcy if this lawsuit proceeds against it. Amazzia further represents that it lacks insurance coverage for Thimes's claims. Dkt. No. 208 at 14 n.1.

In conclusion, since the *Tech-Bilt* factors favor settlement approval as conceded by TP-Link, the Court finds the settlement to have been made in good faith. Amazzia's motion at Dkt. No. 208 is GRANTED. The Court will enter judgment seven days from the date of this Order.

IT IS SO ORDERED.

Date: November 3, 2022

Stanley Blumenfeld, Jr.
United States District Judge