LTL ATTORNEYS LLP
Joe H. Tuffaha (SBN 253723)
 joe.tuffaha@ltlattorneys.com
Prashanth Chennakesavan (SBN 284022)
 prashanth.chennakesavan@ltlattorneys.com
David W. Ammons (SBN 187168)
 david.ammons@ltlattorneys.com
Heather F. Auyang (SBN 191776)
 heather.auyang@ltlattorneys.com
Kevin B. Kelly (SBN 274145)
 kevin.kelly@ltlattorneys.com
300 South Grand Ave., Suite 3950
Los Angeles, CA 90071
Tel: (213) 612-8900
Fax: (213) 612-3773

Attorneys for Defendant and
Counterclaimant TP-Link USA Corporation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| THIMES SOLUTIONS INC., | CASE NO.: 2:19-cv-10374-SB-E |
| Plaintiff, | **DEFENDANT AND COUNTERCLAIMANT TP-LINK USA'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW [L.R. 16-4]** |
| v. | |
| TP-LINK USA CORPORATION, and AUCTION BROTHERS, INC. d/b/a AMAZZIA, | Judge: Hon. Stanley Blumenfeld, Jr. |
| Defendants. | Trial Date:  January 9, 2023 Time:  8:30 a.m. Courtroom:  6C |
| | Pretrial Conference:  January 3, 2023 |

1
2
3
4    TP-LINK USA CORPORATION,
5              Counterclaimant,
6
7         v.
8    THIMES SOLUTIONS INC.,
9              Counter-Defendant.
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF CONTENTS**

I.     INTRODUCTION .................................................................................... 1

II.    CLAIMS AND DEFENSES [L.R. 16-4.1]..............................................2

    A.     Summary Statement of TP-Link's Claims (L.R. 16-4.1(a)) ....................2

    B.     Elements Required to Establish TP-Link's Claims (L.R. 16-4.1(b)) .......2

        1.     Claim 1: Trademark Counterfeiting. ..................................................2

        2.     Claim 2: Trademark Infringement.......................................................7

    C.     Key Evidence in Support of TP-Link's Claims 1 and 2 (L.R. 16-4.1(c)) ..............................................................................................9

    D.     Summary Statement of Thimes's Affirmative Defenses [L.R. 16-4.1(d)]..............................................................................................10

    E.     Elements Required to Establish Thimes's Affirmative Defenses [L.R. 16-4.1(e)] ............................................................................10

        1.     Thimes Affirmative Defense No. 1: First Sale Doctrine............10

        2.     Thimes Affirmative Defense No. 2: Unclean Hands .................11

    F.     Description of Key Evidence in Opposition to Thimes's Affirmative Defenses [L.R. 16-4.1(f)]....................................................11

    G.     Similar Statement for All Third Parties [L.R. 16-4.1(g)] ......................12

    H.     Identification of Any Anticipated Evidentiary Issues [L.R. 16-4.1(h)]..............................................................................................12

    I.     Issues of Law Germane to the Case .......................................................14

III.   BIFURCATION OF ISSUES [L.R. 16-4.3] ..........................................14

IV.    JURY TRIAL [L.R. 16-4.4] ...................................................................14

V.     ATTORNEYS' FEES [L.R. 16-4.5] .......................................................15

VI.    ABANDONMENT OF ISSUES [L.R. 16-4.6]......................................15

# TABLE OF AUTHORITIES

**Cases**

*AK Futures LLC v. Boyd Street Distro LLC, et al.*, No. 8:21-cv-01027-JVS-ADSx,
2021 WL 4860513 (C.D. Cal. Sept. 15, 2021)............................................................5

*AK Futures LLC v. Green Buddha LLC*, No. 8:21-cv-01028-JVS-ADSx,
2021 WL 4352811 (C.D. Cal. Aug. 4, 2021)............................................................5

*AMF Inc. v. Sleekcraft Boats*,
599 F.2d 341 (9th Cir. 1979)............................................................8

*Anhing Corp. v. Thuan Phong Company Ltd.*, No. CV 13–05167-BRO (MANx),
2015 WL 4517846 (C.D. Cal. July 24, 2015)................................................7, 9, 11

*Arcona, Inc. v. Farmacy Beauty, LLC*,
976 F.3d 1074 (9th Cir. 2020)............................................................6

*Brookfield Communications, Inc. v. West Coast Entertainment Corp.*,
174 F.3d 1036 (9th Cir. 1999)............................................................3

*Chloe SAS v. Sawabeh Information Services Co.*, No. CV 11-04147-GAF (MANx),
2014 WL 4402218 (C.D. Cal. Sept. 5, 2014)............................................................8

*Dollar Sys. Inc. v. Avcar Leasing Sys., Inc.*,
890 F.2d 165 (9th Cir. 1989)............................................................11

*E. & J. Gallo Winery v. Consorzio del Gallo Nero*,
782 F. Supp. 472 (N.D. Cal. 1992)............................................................7

*eBay, Inc. v. MercExchange, LLC*,
547 U.S. 388 (2006)............................................................9

*Harman Int'l Indus. Inc. v. Pro Sounds Gear, Inc.*, No. 17-cv-06650-ODW (FFMx),
2018 WL 1989518 (C.D. Cal. Apr. 24, 2018)............................................................4, 5

*Herbalife International of America, Inc. v. Healthy1 Inc.*, No. 2:18-cv-6378-JFW-JC,
2019 WL 7169795 (C.D. Cal. July 8, 2019)............................................................4

*Herman Miller, Inc. v. Alphaville Design, Inc.*, No. C 08-03437 WHA,
2009 WL 3429739 (N.D. Cal. Oct. 22, 2009)............................................................6

*HM Elecs., Inc. v. R.F. Techs., Inc.*, No. 12-cv-2884-MMA-WMC,
2013 WL 12074966 (S.D. Cal. Oct. 3, 2013) .................................................... 4

*Hokto Kinoko Co. v. Concord Farms, Inc.*,
810 F. Supp. 2d 1013 (C.D. Cal. 2011) .......................................................... 5

*Hokto Kinoko Co. v. Concord Farms, Inc.*,
738 F.3d 1085 (9th Cir. 2013) ...................................................................... 5

*Idaho Potato Comm'n v. G & T Terminal Packaging, Inc.*,
425 F.3d 708 (9th Cir. 2005) ........................................................................ 4

*JUUL Labs, Inc. v. Chou*,
557 F. Supp. 3d 1041 (C.D. Cal. 2021) ...................................................... 5, 6

*Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*,
658 F.3d 936 (9th Cir. 2011) ........................................................................ 4

*Marketquest Grp., Inc. v. BIC Corp.*,
316 F. Supp. 3d 1234 (S.D. Cal. 2018) ......................................................... 11

*Microsoft Corporation v. Buy More, Inc.*,
136 F. Supp. 3d 1148 (C.D. Cal. 2015) .......................................................... 5

*Mithra Medical Supplies, Inc. v. Zhou*, No. CV 10-4268 GAF,
2010 WL 11601311 (C.D. Cal. Sept. 30, 2010) ............................................. 5

*Patagonia, Inc. v. McHugh*, No. LA CV19-07666 JAK (AFMx),
2020 WL 4258818 (C.D. Cal. April 21, 2020) ............................................... 8

*Peer Int'l Corp. v. Pausa Recs., Inc.*,
909 F.2d 1332 (9th Cir. 1990) ...................................................................... 7

*Philip Morris USA, Inc. v. Liu*,
489 F. Supp. 2d 1119 (C.D. Cal. 2007) ...................................................... 6, 7

*Phillip Morris USA Inc. v. Shalabi*,
352 F. Supp. 2d 1067 (C.D. Cal. 2004) .......................................................... 5

*Reflex Media, Inc. v. Chan*, No. 16-cv795-JFW,
2021 WL 5936912 (C.D. Cal. Jun. 4, 2021) ................................................... 4

*Stone Creek, Inc. v. Omnia Italian Design, Inc.*,

875 F.3d 426 (9th Cir. 2017)......................................................5

*Upper Deck Company v. Flores*,
569 F. Supp. 3d 1050 (S.D. Cal. 2021) ....................................6

*Westgate MFG, Inc. v. Norco Wholesale Electric Supply Inc*., No. 5:21-cv-02059-JWH-SPx,
2022 WL 3101766 (C.D. Cal Aug. 3, 2022) .............................5

**Statutes**

15 U.S.C. § 1057.........................................................................3

15 U.S.C. § 1065.......................................................................4, 9

15 U.S.C. § 1111.........................................................................6

15 U.S.C. § 1114...................................................................3, 4, 15

15 U.S.C. § 1115.........................................................................3

15 U.S.C. § 1116.........................................................................4

15 U.S.C. § 1117...................................................................8, 9, 15

15 U.S.C. § 1127.........................................................................4

**Other Authorities**

Ninth Circuit Manual of Model Jury Instructions ......................3, 6, 8, 11

**Rules**

Fed. R. Civ. P.  401..................................................................13

Fed. R. Civ. P.  402..................................................................13

Fed. R. Civ. P.  403..................................................................13

Fed. R. Civ. P.  611..................................................................13

**MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

In accordance with L.R. 16-4, the Court's Scheduling and Case Management Order (Dkt. 170), and Pretrial and Trial Order (Dkt. 171), Counterclaimant TP-Link USA Corporation (TP-Link") respectfully submits the following Memorandum of Contentions of Fact and Law.

## I.   INTRODUCTION

On Nov. 3, 2022, the Court dismissed on summary judgment all of Counter-defendant Thimes Solutions, Inc.'s ("Thimes") claims related to TP-Link's complaints to Amazon concerning Thimes's violations of TP-Link's trademark rights. ECF No. 244. All that remains are TP-Link's counterclaims for trademark infringement and trademark counterfeiting. ECF No. 175.

Despite receiving numerous notices from Amazon of TP-Link's trademark rights, Thimes continued its unauthorized sales of TP-Link products bearing the TP-LINK® Mark on the Amazon marketplace. An important issue at trial is whether Thimes's unauthorized sales of TP-Link products are materially different than genuine TP-Link products, including because customers who buy from Thimes, an unauthorized retailer, do not receive TP-Link's original manufacturer's warranty. TP-Link contends that Thimes's sales are likely to cause confusion (which is presumed here for counterfeit marks used on identical goods) because it sold non-genuine TP-Link products (bearing a non-genuine TP-Link mark). Purchasers associate the TP-LINK® Mark with only genuine TP-Link products that convey all the benefits of a product purchased from an authorized reseller.

Thimes's conduct is willful and intentional, as evidenced by its continued sales of TP-Link products after receiving its first notice (and subsequent 27 notices) from Amazon about its alleged violations of TP-Link's trademark rights and its violation of other companies' intellectual property rights. Thimes sold other non-genuine products on Amazon and was expelled from Amazon for this very reason. After it was permanently expelled, Thimes demanded an arbitration against Amazon. Thimes

admits Amazon's basis for its permanent expulsion was Thimes's sales of non-genuine Apple EarPods[1]. The Arbitrator found Amazon acted within its rights to permanently suspend Thimes based on its "dishonest and deceptive" behavior. Thimes was therefore well-aware of a trademark holder's rights.

Thimes's absence of mistake and knowledge it was selling non-genuine products demonstrates its willfulness with respect to its unauthorized sales of non-genuine TP-Link products. Thimes is subject to heightened damages and attorneys' fees.

## II.   CLAIMS AND DEFENSES [L.R. 16-4.1]

### A.   Summary Statement of TP-Link's Claims (L.R. 16-4.1(a))

TP-Link will pursue two claims at trial (ECF No. 175):

**TP-Link Claim 1**: Trademark counterfeiting of the TP-LINK® Mark (15 U.S.C. §§ 1114 *et seq*.); and

**TP-Link Claim 2**: Trademark infringement of the TP-LINK® Mark (15 U.S.C. §§ 1114 *et seq*.).

### B.   Elements Required to Establish TP-Link's Claims (L.R. 16-4.1(b))

    1.   <u>Claim 1: Trademark Counterfeiting.</u>

<u>Summary</u>: Thimes willfully infringed and counterfeited the TP-LINK® Mark by selling, offering for sale, and distributing non-genuine TP-Link products bearing the TP-LINK® Mark.

<u>Elements</u>: TP-Link will have the burden of proving by a preponderance of the evidence:

    1.   the TP-LINK® Mark is registered on the principal register of the United States Patent and Trademark Office (USPTO);

---

[1] In response to Amazon's interrogatory to "[i]dentify [] date of any closure, suspension, or termination, and the basis provided by Amazon for such action," Thimes responded "approximately July 20, 2018, 'You currently may not sell on Amazon.com because of concerns about the authenticity of the item listed at the end of this email. … ASIN: B0097BEG1C [Apple EarPods]….'"

2. Thimes intentionally used in commerce the TP-LINK® Mark, without TP-Link's consent, in connection with the sale, offering for sale, distribution, and/or advertising of goods for which the TP-LINK® Mark is registered;

3. Thimes's sales of non-genuine TP-Link products bearing the TP-LINK® Mark is likely to cause confusion,[2] or to cause mistake, or to deceive in that they are identical with genuine TP-Link products bearing the TP-LINK® Mark;

    a. The resale of materially different products constitutes trademark infringement because the product is not genuine and is likely to cause confusion regarding the product's source; and

4. Thimes had actual or constructive notice of the TP-LINK® Mark.

Source: *See* Ninth Circuit Manual of Model Jury Instructions 15.8 (Sept. 2021) (registration of TP-LINK conclusively proves the trademark is valid and protectable); *see, e.g.*, *Brookfield Communications, Inc. v. West Coast Entertainment Corp*., 174 F.3d 1036, 1047 (9th Cir. 1999) ("[Plaintiff's] registration of the mark on the Principal Register in the Patent and Trademark Office constitutes prima facie evidence of the validity of the registered mark and of [Plaintiff's] exclusive right to use the mark on the goods and services specified in the registration." (citing 15 U.S.C. §§ 1057(b)); 1115(a)); 15 U.S.C. § 1057(b) ("A certificate of registration of a mark . . . shall be prima facie evidence of the validity of the registered mark, of the owner's ownership of the mark, and of the owner's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the certificate. . . ."); 15 U.S.C. § 1115(a) (federal registration "shall be admissible in evidence and shall be prima facie evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right

---

[2] Likelihood of confusion is presumed for counterfeit marks.

1  to use the registered mark in commerce on or in connection with the goods or services
2  specified in the registration…"); 15 U.S.C. 1065 (incontestability of right to use mark).
3      15 U.S.C. § 1114(a)(1); 15 U.S.C. § 1116(d)(1)(B)(i); 15 U.S.C. § 1127 ("a
4  spurious mark which is identical with, or substantially indistinguishable from, a
5  registered mark"); *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936,
6  945–46 (9th Cir. 2011) ("Section 1116(d) requires that the mark in question be (1) a
7  non-genuine mark identical to the registered, genuine mark of another, where (2) the
8  genuine mark was registered for use on the same goods to which the infringer applied
9  the mark.") (citing *Idaho Potato Comm'n v. G & T Terminal Packaging, Inc.,* 425 F.3d
10  708, 721 (9th Cir. 2005)); *Reflex Media, Inc. v. Chan*, No. 16-cv795-JFW, 2021 WL
11  5936912, at *8 (C.D. Cal. Jun. 4, 2021) (legal standard for trademark counterfeiting);
12  *Harman Int'l Indus. Inc. v. Pro Sounds Gear, Inc.*, No. 17-cv-06650-ODW (FFMx),
13  2018 WL 1989518, at *4 (C.D. Cal. Apr. 24, 2018) ("Because the distinction between
14  using a duplication verses using an original has no relevance, where, as here, there is
15  deceptive practices so as to create consumer confusion, the product itself becomes a
16  counterfeit.") (internal quotation marks and alteration omitted).
17      *Herbalife International of America, Inc. v. Healthy1 Inc.*, No. 2:18-cv-6378-
18  JFW-JC, 2019 WL 7169795, at *4 ("When a defendant is reselling products the
19  plaintiff manufactured that bear the plaintiff's actual marks, the defendant's sales are
20  likely to cause confusion if the products it sells: (1) are materially different from
21  products sold by the plaintiff…"); *Harman Int'l*, 2018 WL 1989518 at *3-4 (finding
22  the first sale doctrine inapplicable because, in part, defendant sold Harman products
23  without Harman's customer warranty constituted a material difference; "[t]he resale of
24  a materially different product constitutes trademark infringement because the product
25  is not genuine and may cause confusion regarding the product's source, quality, or
26  sponsorship."); *HM Elecs., Inc. v. R.F. Techs., Inc.*, No. 12-cv-2884-MMA-WMC,
27  2013 WL 12074966, at *2-3 (S.D. Cal. Oct. 3, 2013) (finding material difference
28  because differences in warranties accompanying a trademarked product is likely to

confuse consumers and failure of defendant to disclose a lack of warranty "may exacerbate the potential for customer confusion"); *Mithra Medical Supplies, Inc. v. Zhou*, No. CV 10-4268 GAF, 2010 WL 11601311, at *11 (C.D. Cal. Sept. 30, 2010) (citing 2nd Cir. cases and finding warranty differences alone constitute a material difference); *Hokto Kinoko Co. v. Concord Farms, Inc*., 810 F. Supp. 2d 1013, 1024-28 (C.D. Cal. 2011) (distinguishing *NEC Electronics* and finding material differences existed as to imported mushrooms included warranty and customer support triggering liability under the Lanham Act), *aff'd*, 738 F.3d 1085 (9th Cir. 2013); *Hokto Kinoko Co. v. Concord Farms, Inc*., 738 F.3d 1085, 1093 (9th Cir. 2013) ("the threshold for determining a material difference is low").

JUUL *Labs, Inc. v. Chou*, 557 F. Supp. 3d 1041, 1052-53 (C.D. Cal. 2021) ("Although likelihood of confusion is ordinarily a factual determination made using an eight factor test, in cases involving counterfeit marks, it is unnecessary to perform the step-by-step examination ... because counterfeit marks are inherently confusing") (citation omitted); *Westgate MFG, Inc. v. Norco Wholesale Electric Supply Inc*., No. 5:21-cv-02059-JWH-SPx, 2022 WL 3101766, at *3-4 (C.D. Cal Aug. 3, 2022) (finding trademark counterfeiting because "the Court assumes a likelihood of confusion when the offending mark is counterfeit or virtually identical to a protected mark and is used on an identical product or service."); *AK Futures LLC v. Boyd Street Distro LLC, et al*., No. 8:21-cv-01027-JVS-ADSx, 2021 WL 4860513, at *4  (C.D. Cal. Sept. 15, 2021) (finding counterfeiting of another's trademark establishes a presumption of likelihood of confusion); *AK Futures LLC v. Green Buddha LLC*, No. 8:21-cv-01028-JVS-ADSx, 2021 WL 4352811, at * 4 (C.D. Cal. Aug. 4, 2021) (same); *Microsoft Corporation v. Buy More, Inc*., 136 F. Supp. 3d 1148, 1157 (C.D. Cal. 2015) ("[T]he analysis of the *Sleekcraft* factors here is not mandatory 'because counterfeit marks are inherently confusing.'") (quoting *Phillip Morris USA Inc. v. Shalabi*, 352 F. Supp. 2d 1067, 1073 (C.D. Cal. 2004)); *Stone Creek, Inc. v. Omnia Italian Design, Inc.*, 875 F.3d 426, 432 (9th Cir. 2017) (explaining that "identical marks paired with identical

goods can be case-dispositive .[] As McCarthy, a leading trademark scholar, has observed, cases involving identical marks on competitive goods are rare and 'hardly ever find their way into the appellate reports' because liability is 'open and shut.'") (citations omitted); *Upper Deck Company v. Flores*, 569 F. Supp. 3d 1050, 1062 (S.D. Cal. 2021) ("Where the goods the defendant sold are identical or similar to the trademark owner's goods, there is a presumption of a likelihood of confusion.") (citing *Arcona, Inc. v. Farmacy Beauty, LLC*, 976 F.3d 1074, 1080 (9th Cir. 2020); 15 U.S.C. § 1111; Ninth Circuit Manual of Model Jury Instructions 15.26 (2017).

<u>Elements for Willfulness</u>: TP-Link can establish Thimes's willfulness by showing that:

i.      Defendant intentionally used the mark in commerce, and

ii.     Defendant

     a.  knew the mark was counterfeit, or

     b.  should reasonably have known the mark was counterfeit, or

     c.  was "willfully blind" in that:

          i.  Defendant knew of a high probability of illegal conduct and

          ii.  Defendant purposefully contrived to avoid learning of it.

<u>Source</u>: *Herman Miller, Inc. v. Alphaville Design, Inc.*, No. C 08-03437 WHA, 2009 WL 3429739, at *9 (N.D. Cal. Oct. 22, 2009) ("Willful infringement occurs when the defendant knowingly and intentionally infringes on a trademark,"); *Philip Morris USA, Inc. v. Liu*, 489 F. Supp. 2d 1119, 1123 (C.D. Cal. 2007) ("Willfulness can be established by evidence of knowing conduct or by evidence that the defendant acted with 'an aura of indifference to plaintiff's rights' – in other words, that the defendant willfully blinded himself to facts that would put him on notice that he was infringing another's trademarks, having cause to suspect it"); *JUUL Labs, Inc. v. Chou*, 557 F. Supp. 3d 1041, 1055 (C.D. Cal. 2021) (Willfulness need not be proven directly but may be inferred from the defendant's conduct); *id*. ("'To refute evidence of willful infringement, [a defendant] must not only establish its good faith belief in the

innocence of its conduct, it must also show that it was reasonable in holding such a belief.'") (*citing Peer Int'l Corp. v. Pausa Recs., Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990)); *Anhing Corp. v. Thuan Phong Company Ltd.*, No. CV 13–05167-BRO (MANx), 2015 WL 4517846, at *19 (C.D. Cal. July 24, 2015) (finding defendant's continued sales of infringing products "knowing its conduct could constitute infringement and without consulting legal counsel as to the propriety of its actions, is inconsistent with Defendant's claim to good faith and supports a finding of willfulness") (citing *E. & J. Gallo Winery v. Consorzio del Gallo Nero*, 782 F. Supp. 472, 475-76 (N.D. Cal. 1992) (finding willful infringement where the defendant had notice of its potential infringement, conducted only an "in-house" investigation into the matter, and failed to consult legal counsel)).

### 2. Claim 2: Trademark Infringement.

<u>Summary</u>: TP-Link alleges violation under the Lanham Act due to Thimes's unauthorized sales, offers to sell, and distribution of non-genuine TP-Link products bearing the TP-LINK® Mark.

<u>Elements</u>: TP-Link will have the burden of proving by a preponderance of the evidence:

1. the TP-LINK® Mark is valid and protectable;

2. TP-Link is a licensee of the TP-LINK® Mark; and

3. Thimes used the TP-LINK® Mark without the consent of TP-Link in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods.

In order to show there is a likelihood of confusion resulting from Thimes's use of the TP-LINK® Mark, TP-Link has the burden of proving by a preponderance of the evidence that the following factors applicable here collectively weigh in its favor:

1      1)     Thimes's Use of the Mark (relatedness of goods);

2      2)     Similarity of TP-Link's and Thimes's Marks;

3      3)     Actual Confusion;

4      4)     Thimes's Intent; and

5      5)     Marketing/Advertising Channels.

6      <u>Source</u>: Ninth Circuit Manual of Model Jury Instructions 15.6 (Dec. 2020), 15.8 (Sept. 2021), 15.16 (2017), 15.18 (Sept. 2021); *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979); *Chloe SAS v. Sawabeh Information Services Co*., No. CV 11-04147-GAF (MANx), 2014 WL 4402218, at *6-7 (C.D. Cal. Sept. 5, 2014) (trademark counterfeiting claim requires proof of substantially the same elements as a trademark infringement claim).

*Patagonia, Inc. v. McHugh*, No. LA CV19-07666 JAK (AFMx), 2020 WL 4258818, at *3-4 (C.D. Cal. April 21, 2020) ("A material difference is one that consumers consider, on average, relevant to a decision about whether to purchase a product. The lack of a warranty on a product due to the nature of resale can constitute a material difference in certain circumstances.") (citations and internal quotation omitted).  *See also* Elements for Claim 1.

18      3.   <u>Prayer for Relief</u>:

Under 15 U.S.C. § 1117(a), TP-Link seeks (1) disgorgement of Thimes's profits, (2) enhanced damages, and (3) attorneys' fees and costs incurred in this action.

Under 15 U.S.C. § 1117(b)(1), TP-Link also seeks (1) treble damages for intentional use of a counterfeit mark, and (2) attorneys' fees and costs incurred in this action.

Under 15 U.S.C. § 1117(c), TP-Link seeks statutory damages under either (c)(1) or (c)(2) depending on a finding of willfulness. A determination of willfulness by the jury also informs the decision of whether this case is "exceptional" for the purposes of

the Lanham Act and whether the Court should award TP-Link its attorneys' fees and costs under 15 U.S.C. § 1117(a).

TP-Link seeks injunctive relief: "A party seeking permanent injunctive relief in a trademark action must satisfy the following four-factor test set forth by the United States Supreme Court in *eBay, Inc. v. MercExchange, LLC,* 547 U.S. 388, 391 (2006): (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Anhing Corp. v. Thuan Phong Company Ltd*., No. CV 13–05167-BRO (MANx), 2015 WL 4517846, at *5 (C.D. Cal. July 24, 2015).

### C. Key Evidence in Support of TP-Link's Claims 1 and 2 (L.R. 16-4.1(c))

The elements required for trademark counterfeiting and trademark infringement substantially overlap and thus the evidence listed below supports both claims.

1. TP-Link's Registration and License of the TP-LINK® Mark;

2. USPTO's Notice of Acknowledgment Under Section 15 (15 U.S.C. §1065), showing the incontestable status of the TP-LINK® Mark;

3. Testimony of Avraham Eisenberg concerning Thimes's notice of the TP-LINK® Mark and TP-Link's trademark rights, Thimes was not an authorized reseller of TP-Link products, Thimes's continued sales of non-genuine TP-Link products bearing the TP-LINK® Mark on Amazon even after receiving 28 notices from Amazon that Thimes was alleged to be infringing on TP-Link's trademark rights, Thimes's failure to provide any notice to customers that they were purchasing non-genuine TP-Link products, and Thimes falsely informing its customers that the TP-Link warranty policy applied;

4. 28 Notices from Amazon to Thimes of its alleged infringement of TP-Link's trademark rights, of which 16 of such notices listed the TP-LINK® Mark;

5.    Excel spreadsheet showing Thimes's profits for the sale of TP-Link products (routers, switches, access points, and range extenders);

6.    Thimes's infringement of the intellectual property rights of others, including Amazon's correspondence, and Amazon's expulsion of Thimes's due to such violations and for fraud, including deposition and hearing transcripts, exhibits, and discovery responses from the arbitration that Thimes filed against Amazon;

7.    Testimony of Antoine Liu concerning TP-Link's warranty policy and sales of TP-Link products, and Thimes was not an authorized reseller of TP-Link products; and

8.    TP-Link will introduce documents and evidence to prove that Thimes did not take reasonable steps that an honest, prudent purchaser of such goods would normally take the ensure that it was purchasing genuine TP-Link products, and that Thimes also conducted itself in a similar manner for other products it sold showing intent and lack of mistake.

**D.    Summary Statement of Thimes's Affirmative Defenses [L.R. 16-4.1(d)]**

Thimes filed an answer to TP-Link's counterclaims, alleging numerous affirmative defenses. ECF No. 195. TP-Link understands that Thimes only intends to pursue the following two affirmative defenses.

<u>Thimes Affirmative Defense No. 1</u>: First Sale Doctrine

<u>Thimes Affirmative Defense No. 2</u>: Unclean Hands

**E.    Elements Required to Establish Thimes's Affirmative Defenses [L.R. 16-4.1(e)]**

1.    <u>Thimes Affirmative Defense No. 1: First Sale Doctrine.</u>

In order to prevail on its affirmative defense under the first sale doctrine, Thimes must prove that there was a previously authorized sales of the TP-Link products.  The first sale doctrine does not apply, however, when an alleged infringer sells trademarked goods that are materially different than those sold by the trademark owner.

**Source**: *See* Ninth Circuit Manual of Model Jury Instructions 15.25A (June 2022); *see* TP-Link's Claim 1 concerning the law about material difference.

### 2. Thimes Affirmative Defense No. 2: Unclean Hands

Thimes must show, by "clear, convincing evidence," that TP-Link's conduct (1) is inequitable and (2) relates to the subject matter of its claims. *Marketquest Grp., Inc. v. BIC Corp.*, 316 F. Supp. 3d 1234, 1295 (S.D. Cal. 2018) (dismissing defendants' affirmative defense of unclean hands because the court already granted summary judgment to plaintiff on the only allegedly inequitable conduct identified by defendants); *see also Dollar Sys. Inc. v. Avcar Leasing Sys., Inc.,* 890 F.2d 165, 173 (9th Cir. 1989) ("It is fundamental to [the] operation of the doctrine that the alleged misconduct by the plaintiff relate directly to the transaction concerning which the complaint is made."); *Anhing Corp. v. Thuan Phong Company Ltd.*, No. CV 13–05167-BRO (MANx), 2015 WL 4517846, at *12 (C.D. Cal. July 24, 2015) (given the jury's finding of defendant's willfulness, the public interest weighs against a finding of unclean hands).

### F. Description of Key Evidence in Opposition to Thimes's Affirmative Defenses [L.R. 16-4.1(f)]

#### 1. Evidence in Opposition to Thimes's Affirmative Defense that the First Sale Doctrine Applies

TP-Link's evidence in opposition to Thimes's affirmative defense of the first sale doctrine is the same evidence TP-Link will offer in support of its trademark counterfeiting and trademark infringement claims as discussed in Section II.C. above, namely that Thimes was selling non-genuine TP-Link products due to the material differences with genuine TP-Link products, and thus the first sale doctrine does not apply.

#### 2. Evidence in Opposition to Thimes's Affirmative Defense of Unclean Hands

During the parties' Rule 16 conference, Thimes's stated that it intends to raise

in support of its affirmative defense of unclean hands that TP-Link made false statements to Amazon about Thimes's sale of counterfeit products and engaged in inequitable conduct. To the extent Thimes maintains this affirmative defense, the Court already ruled on whether TP-Link falsely submitted intellectual property complaints to Amazon and found that Thimes has no legally viable claims. *See* ECF No. 244 (Order Granting TP-Link's Motion for Summary Judgment as to all of Thimes's claims).  TP-Link seeks to exclude Thimes's evidence and argument related to the issues already resolved on summary judgment. *See* Section II.H. below, TP-Link's Motion *in Limine* No. 1.

**G.     Similar Statement for All Third Parties [L.R. 16-4.1(g)]**

To TP-Link's knowledge, there are no third parties to which L.R. 16-4.1(g) would apply.

**H.     Identification of Any Anticipated Evidentiary Issues [L.R. 16-4.1(h)]**

Both parties plan to bring numerous motions *in limine*, as follows:

1.     TP-Link's Motions *in Limine*

      a.     <u>TP-Link Motion *in Limine* No. 1</u> to Exclude Evidence, Testimony, Argument, Or Reference Regarding Claims and Issues Already Decided by The Court.  TP-Link seeks to exclude evidence, testimony, argument, or reference to claims and issues already decided by the Court on summary judgment, including, but not limited to, regarding (1) Thimes's contention that TP-Link submitted false counterfeit complaints to Amazon (including as a result Thimes was expelled from Amazon), (2) Amazzia or any representative of Amazzia (including the submission of any intellectual property complaints to Amazon), and (3) any of TP-Link's actions with respect to submitting intellectual property complaints to Amazon, because the Court already determined that TP-Link's conduct was not unlawful

with respect to the intellectual property complaints submitted to Amazon and any such evidence has no relation to TP-Link's counterclaims for trademark counterfeiting or trademark infringement, and as such are irrelevant, lacks probative value, is prejudicial to TP-Link, would confuse and mislead the jury, and waste time, under Federal Rules of Civil Procedure 401, 402, 403, and 611.

b. TP-Link Motion *in Limine* No. 2 to Exclude Evidence and Argument Related to the Following Cases: *Careful Shopper, LLC v. TP-Link USA Corporation*, Case No. 1:18-cv-03019-RJD (E.D.N.Y.) and *TP-Link USA Corporation v. Careful Shopper LLC et al.*, Case No. 8:19-cv-00082-JLS (C.D. Cal.), except with respect to any court orders in the two cases. Thimes stated during the parties' meet and confer regarding motions *in limine* that it does not oppose this motion.

c. TP-Link Motion *in Limine* No. 3 to preclude Thimes from disparaging TP-Link's national origin, including referring to it as a Chinese company, foreign company, "big bad Chinese company," or similar. Thimes stated during the parties' meet and confer regarding motions *in limine* that it does not oppose this motion.

d. TP-Link Motion *in Limine* No. 4 to Exclude Evidence and Argument Related to TP-Link's Wealth, Financial Resources, and Profit Information, including, but not limited to, its size, sales, and net worth. TP-Link's wealth, financial resources, and profits are not relevant to any issue in this case. TP-Link's damages model does not depend in any way on TP-Link's profits or revenues. Thimes stated during the parties' meet and confer regarding motions *in limine* that it does not oppose this motion.

e. TP-Link Motion *in Limine* No. 5 to Exclude the Testimony of Fitz Spiegel (CEO of The Surplus Company, LLC) because Thimes disclosed this witness for the first time in its trial witness list served on 11/21/2022, after

the close of discovery, and Thimes cannot meet its burden of proving that its failure to disclose was either substantially justified or is harmless.

2.    Thimes's Motions *in Limine*

  a.  <u>Thimes Motion *in Limine* No. 1</u> to Exclude Any Evidence or Argument That Exceeds TP-Link's Interrogatory Responses concerning Thimes's sale of counterfeit TP-Link products on the Amazon Marketplace.

  b.  <u>Thimes Motion *in Limine* No. 2</u> to Exclude Any Evidence Of, or Reference To, Allegations That Avraham Eisenberg (Thimes's Sole Proprietor) Purportedly Defrauded Investors in a Cryptocurrency Scheme.

## I.   Issues of Law Germane to the Case

Other than as set forth in other sections of this Memo, TP-Link does not currently see any issues of law, such as the proper interpretation of a governing statute.

## III.  BIFURCATION OF ISSUES [L.R. 16-4.3]

TP-Link does not request any bifurcation of issues.

## IV.  JURY TRIAL [L.R. 16-4.4]

1.    **Issues for the Jury**.  A timely demand for a jury trial has been made.  The following issues are triable to the jury:

  a)  Whether Thimes's use of the TP-LINK® Mark constitutes trademark counterfeiting in violation of 15 U.S.C. § 1114;

  b)  Whether Thimes's use of the TP-LINK® Mark constitutes trademark infringement in violation of 15 U.S.C. § 1114; and

  c)  Whether Thimes's use of the TP-LINK® Mark was willful.

2.    **Issues for the Court**.  The following issues are triable to the Court:

  a)  TP-Link entitlement to an award of enhanced damages under the Lanham Act and, if so, the amount of enhanced damages to be awarded;

| | b) | Whether this case is exceptional and, if so, the amount of reasonable attorneys' fees to be awarded; |

b)    Whether this case is exceptional and, if so, the amount of reasonable attorneys' fees to be awarded;

c)    Whether TP-Link is entitled to recover the costs incurred in this action under 15 U.S.C. § 1117;

d)    Appropriate award of statutory damages under 15 U.S.C. § 1117;

e)    TP-Link's request for a permanent injunction;

f)    Thimes's equitable defense of the first sale doctrine, including whether the non-genuine TP-Link products it sold are materially different from products sold by TP-Link; and

g)    Thimes's equitable defense of unclean hands.

## V.    ATTORNEYS' FEES [L.R. 16-4.5]

TP-Link may be entitled to recovery of reasonable attorneys' fees and costs as provided under 15 U.S.C. § 1117(a) or 15 U.S.C. § 1117(b)(1), in the event that the jury determines that Thimes's sales of non-genuine TP-Link products was willful.  In such a case, the award of attorneys' fees is the exclusive province of the Court.

## VI.    ABANDONMENT OF ISSUES [L.R. 16-4.6]

### A.    Issues Abandoned by TP-Link

TP-Link has not abandoned any claims.

### B.    Issues Abandoned by Thimes

Thimes has abandoned all its defenses and affirmative defenses aside from the first sale doctrine and unclean hands.  *See* ECF No. 195.

1   Dated:  December 9, 2022       LTL ATTORNEYS LLP

2

3                                   By:    /s/ Heather F. Auyang

4                                          Joe H. Tuffaha (SBN 253723)
                                           joe.tuffaha@ltlattorneys.com
5                                          Prashanth Chennakesavan (SBN 284022)
                                           prashanth.chennakesavan@ltlattorneys.com
6                                          David W. Ammons (SBN 187168)
                                           david.ammons@ltlattorneys.com
7                                          Heather F. Auyang (SBN 191776)
                                            heather.auyang@ltlattorneys.com
8                                          Kevin B. Kelly (SBN 274145)
                                            kevin.kelly@ltlattorneys.com
9

10                                         LTL ATTORNEYS LLP

11                                         300 South Grand Ave., Suite 3950
                                           Los Angeles, CA 90071
12                                         Telephone: (213) 612-8900
                                           Facsimile: (213) 612-3773
13

14                                         Attorneys for Defendant and
                                           Counterclaimant TP-Link USA Corporation
15

16

17

18

19

20

21

22

23

24

25

26

27

28

TP-LINK USA'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW